1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17

| | |
|---|---|
| UNIVERSAL CABLE PRODUCTIONS, LLC, et al.,<br><br>                    Plaintiff,<br><br>          v.<br><br>ATLANTIC SPECIALTY INSURANCE COMPANY,<br><br>                    Defendant. | Case No. CV16-4435 PA (MRWx)<br><br>STANDING ORDER |

18
19

**READ THIS ORDER CAREFULLY.  IT CONTROLS THE CASE
AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES**.

20      This action has been assigned to the calendar of Judge Percy Anderson.  Both the

21  Court and the attorneys bear responsibility for the progress of litigation in the Federal

22  Courts.  To secure the just, speedy, and inexpensive determination of every action, Fed. R.

23  Civ. P. 1, all counsel are ordered to familiarize themselves with the Federal Rules of Civil

24  Procedure and the Local Rules of the Central District of California.

25      IT IS HEREBY ORDERED:

26      1.      **Service of the Complaint:**  The Plaintiff shall promptly serve the Complaint

27  in accordance with Fed. R. Civ. P. 4 and file the proofs of service pursuant to Local Rule

28  5-3.1.

2.   **Presence of Lead Counsel:**  Lead trial counsel shall attend all proceedings before this Court, including all status and settlement conferences.

3.   **Discovery:**

(a)     All discovery matters have been referred to a United States Magistrate Judge, who will hear all discovery disputes. (The Magistrate Judge's initials follow the Judge's initials next to the case number.)  All discovery documents must include the words "DISCOVERY MATTER" in the caption to ensure proper routing. Counsel are directed to contact the Magistrate Judge's Courtroom Deputy Clerk to schedule matters for hearing. Please do not deliver courtesy copies of these documents to this Court.

The decision of the Magistrate Judge shall be final, subject to modification by the District Court only where it has been shown that the Magistrate Judge's Order is clearly erroneous or contrary to law.  Any party may file and serve a motion for review and reconsideration before this Court.  The moving party must file and serve the motion within ten (10) days of service of a written ruling or within ten (10) days of an oral ruling that the Magistrate Judge states will not be followed by a written ruling.  The motion must specify which portions of the ruling are clearly erroneous or contrary to law and support the contention with points and authorities. Counsel shall deliver a conformed copy of the moving papers and responses to the Magistrate Judge's clerk at the time of filing.

(b)     Unless there is a likelihood that upon motion by a party the Court would order that any or all discovery is premature, it is advisable for counsel to begin to conduct discovery actively before the Scheduling Conference.  At the very least, the parties shall comply fully with the letter and spirit of Fed. R. Civ. P. 26(a) and thereby obtain and produce most of what would be produced in the early stage of discovery, because at the Scheduling Conference the Court will impose tight deadlines to complete discovery.

(c)     If expert witnesses are to be called at trial, the parties shall designate experts to be called at trial and provide reports required by Fed. R. Civ. P. 26(a)(2)(B), not later than eight weeks prior to the discovery cutoff date.  Rebuttal expert witnesses shall be

1   designated and reports provided as required by Fed. R. Civ. P. 26(a)(2)(B), not later than

2   five weeks prior to the discovery cutoff date.  Failure to timely comply with this deadline

3   may result in the expert being excluded at trial as a witness.

4        **4.   Electronic Filing**:

5        Pursuant to Local Rule 5-4, the United States District Court for the Central District of

6   California requires electronic filing of documents.  Information about the Court's Electronic

7   Case Filing system ("ECF") is available in Local Rule 5-4 and on the Court's website at

8   www.cacd.uscourts.gov/cmecf.

9        All manually filed documents (those documents excused from the electronic filing

10  requirements by Local Rule 5-4.2) shall be served on the person as otherwise required by the

11  Federal Rules of Civil Procedure or the Local Rules.

12       **5.   Courtesy Copies**:

13       Counsel are ordered to serve courtesy copies of all electronically filed documents,

14  and conformed courtesy copies of all manually filed documents, to the courtesy box next to

15  the entrance to chambers on the Spring Street level of the U.S. Courthouse, 312 North

16  Spring Street, by 12:00 noon of the business day following filing.  Courtesy copies may be

17  delivered to chambers by either personally delivering them to the courtesy box or sending

18  them by guaranteed overnight delivery.  If a courtesy copy is sent to chambers by guaranteed

19  overnight delivery, the sender shall notify the delivery service that the signature of the

20  recipient is not required.

21       **6.   Motions**:[1/]

22       (a)   <u>Time for Filing and Hearing Motions:</u>  Motions shall be filed in

23  accordance with Local Rule 7.  This Court hears motions on **Mondays, commencing at**

24  **1:30 p.m.  No supplemental brief shall be filed without prior leave of Court**.  No motion

25

---

26  [1/]   Among other things, Local Rule 7-3 requires counsel to engage in a pre-filing
conference "to discuss thoroughly . . . the substance of the contemplated motion and any

27  potential resolution." Counsel should discuss the issues sufficiently so that if a motion is still
necessary, the briefing may be directed to those substantive issues requiring resolution by

28  the Court. Counsel should resolve minor procedural or other nonsubstantive matters during
the conference.

revised 12/1/2015

1  shall be noticed for hearing for more than thirty-five (35) days after service of the motion

2  unless otherwise ordered by the Court.

3       Many motions to dismiss or to strike could be avoided if the parties confer in good

4  faith (as they are required to do under L.R. 7-3), especially for perceived defects in a

5  complaint, answer or counterclaim which could be corrected by amendment. See Chang v.

6  Chen, 80 F.3d 1293, 1296 (9th Cir. 1996) (where a motion to dismiss is granted, a district

7  court should provide leave to amend unless it is clear that the complaint could not be saved

8  by *any* amendment).  Moreover, a party has the right to amend his complaint "once as a

9  matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a).

10  A 12(b)(6) motion is not a responsive pleading and therefore plaintiff might have a right to

11  amend.  See Nolen v. Fitzharris, 450 F.2d 958, 958-59 (9th Cir. 1971); St. Michael's

12  Convalescent Hospital v. California, 643 F.2d 1369, 1374 (9th Cir. 1981).  And even where

13  a party has amended his Complaint once or a responsive pleading has been served, the

14  Federal Rules provide that leave to amend should be "freely given when justice so requires."

15  F.R.Civ.P. 15(a).  The Ninth Circuit requires that this policy favoring amendment be applied

16  with "extreme liberality."  Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079

17  (9th Cir. 1990).       These principles require that counsel for the plaintiff should carefully

18  evaluate the defendant's contentions as to the deficiencies in the complaint and in many

19  instances, the moving party should agree to any amendment that would cure a curable

20  defect.

21       In the unlikely event that motions under Fed. R. Civ. P. 12 challenging pleadings are

22  filed after the Rule 16 Scheduling Conference, the moving party shall attach a copy of the

23  challenged pleading to the Memorandum of Points and Authorities in support of the motion.

24  The foregoing provisions apply as well to motions to dismiss a counterclaim, answer or

25  affirmative defense, which a plaintiff might file.

26       **(b)       Length and Format of Motion Papers:  Memoranda of Points and**

27  **Authorities in support of or in opposition to motions shall not exceed 25 pages. Replies**

28

**shall not exceed 12 pages.** Only in rare instances and for good cause shown will the Court grant an application to extend these page limitations.

**Typeface shall comply with Local Rule 11-3.1.1. NOTE: If Times Roman font is used, the size must be no less than 14; if Courier is used, the size must be no less than 12.** Footnotes shall be in typeface no more than one size smaller than text size and shall be used sparingly.

Filings which do not conform to the Local Rules and this Order will not be considered.

**(c)** **Citations to Case Law:** Citations to case law **must** identify not only the case being cited, but the specific page being referenced. Certain kinds of authority are considered more useful – or authoritative – than others. If more than one authority is cited in support of a proposition, these supporting authorities are to be listed such that the more authoritative ones appear first.

**(d)** **Citations to Other Sources:** Counsel are reminded that the basic purpose of a legal citation is to allow the reader to locate a cited source accurately and efficiently. Accordingly, statutory references should identify, with specificity, which sections and subsections are being referenced (e.g., Jurisdiction over this cause of action may appropriately be found in 47 U.S.C. § 33, which grants the district courts jurisdiction over all offenses of the Submarine Cable Act, whether the infraction occurred within the territorial waters of the United States or on board a vessel of the United States outside said waters). Statutory references which do not indicate specifically which section and subsection are being referred to (e.g., Plaintiffs allege conduct in violation of the Federal Electronic Communication Privacy Act, 18 U.S.C. § 2511, et seq.) are to be **avoided**. Citations to treatises, manuals, and other materials should similarly include the volume and the section being referenced.

**7.** **Proposed Orders:** Each party filing or opposing a motion or seeking the determination of any matter shall serve and lodge a Proposed Order setting forth the relief or action sought and a brief statement of the rationale for the decision with appropriate

revised 12/1/2015

citations. If the Proposed Order exceeds two pages, the proposing party shall also submit a copy of the Proposed Order to the Court's ECF e-mail address, in WordPerfect format (X6 or earlier versions) or Microsoft Word (Word 2010 or earlier versions).

**8.** **Ex Parte Applications:** Counsel are reminded ex parte applications are solely for extraordinary relief. See Mission Power Engineering Co. v. Continental Casualty Co., 883 F. Supp. 488 (C.D. Cal. 1995). Applications which fail to conform with Local Rules 7-19 and 7-19.1, **including a statement of opposing counsel's position,** will not be considered. Any opposition must be filed not later than 24 hours after service. If counsel do not intend to oppose the ex parte application, counsel must inform the court clerk by telephone. The Court considers ex parte applications on the papers and usually does not set these matters for hearing. Counsel shall deliver a courtesy copy of moving, opposition, or notice of non-opposition papers to the courtesy box outside the entrance to chambers on the Spring Street level of the U.S. Courthouse, 312 North Spring Street. The Courtroom Deputy Clerk will notify counsel of the Court's ruling or a hearing date and time, if the Court determines a hearing is necessary.

**9.** **Under Seal Filings:** Parties shall make every effort to limit the number and volume of under seal filings. In most circumstances, parties should seek to file under seal only the specific exhibits or documents for which there is a valid basis for filing under seal.

Pursuant to Local Rule 79-5.2.2, except in sealed civil cases, "no document may be filed under seal without prior approval by the Court." When seeking the Court's approval for an under seal filing, the submitting party shall comply with the procedures established in Local Rule 79-5.2.2(a). Because documents filed under seal are only visible on CM/ECF or Pacer to Court personnel and the party that filed the document, a party electronically filing a document under seal may not rely on the Court's CM/ECF System to effect service as provided in Local Rule 5-3.2.1. Therefore, documents filed electronically under seal must be served in accordance with Federal Rule of Civil Procedure 5. Additionally, at the time of filing, the documents filed electronically under seal must be accompanied either by a Proof

revised 12/1/2015

1  of Service in the form required by Local Rule 5-3.1.2 or a declaration explaining why
2  service is not required.

3       Unless otherwise ordered by the Court, the submitting party shall deliver a
4  Mandatory Chambers Copy of the <u>Ex Parte</u> Application, proposed Order, Declaration in
5  Support of <u>Ex Parte</u> Application, and the document(s) and/or exhibit(s) the party seeks to
6  file under seal to the Court's courtesy copy box located outside chambers no later than 12:00
7  p.m. on the following business day.

8       The submission of documents for <u>in camera</u> review is governed by Local Rule 79-6.

9       **10.**    **<u>Applications or Stipulations to Extend the Time to File any Required</u>**
10 **<u>Document or to Continue any Pretrial or Trial Date</u>:** No stipulations extending
11 scheduling requirements or modifying applicable rules are effective until and unless the
12 Court approves them.  Both applications and stipulations must be filed in advance of the date
13 due and set forth:

14      (a)    the existing due date or hearing date as well as the discovery cutoff
15 date, the last date for hearing motions, the pre-trial conference date and the trial date;

16      (b)    specific, concrete reasons supporting good cause for granting the
17 extension.  In this regard, a statement that an extension "will promote settlement" is
18 insufficient.  The requesting party or parties must indicate the status of ongoing negotiations:
19 (<u>i.e.</u>, have written proposals been exchanged?  Is counsel in the process of reviewing a draft
20 settlement agreement?  Has a mediator been selected?);

21      (c)    whether there have been prior requests for extensions, and whether
22 these were granted or denied by the Court.

23      **11.**    **<u>TROs and Injunctions</u>**: Parties seeking emergency or provisional relief shall
24 comply with Fed. R. Civ. P. 65 and Local Rule 65.  The Court will not rule on any
25 application for such relief for at least 24 hours after the party subject to the requested order
26 has been served; such party may file opposing or responding papers in the interim.  The
27 parties shall lodge a courtesy copy, conformed to reflect that it has been filed, of all papers
28 relating to  TROs and injunctions.  The courtesy copy shall be placed in the courtesy box

-7-

revised 12/1/2015

outside the entrance to chambers.  All such papers shall be filed "loose" – *i.e.,* not inside envelopes.

**12.    Cases Removed From State Court:**  All documents filed in state court, including documents appended to the complaint, answers and motions, must be refiled in this Court as a supplement to the Notice of Removal, if not already included.  See 28 U.S.C. § 1447(a)(b).  If the defendant has not yet responded, the answer or responsive pleading filed in this Court must comply with the Federal Rules of Civil Procedure and the Local Rules of the Central District.  If a motion was pending in state court before the case was removed, it must be re-noticed in accordance with Local Rule 7.

**13.    ERISA Cases**:  Absent an agreed upon statement of facts, the court will not hear motions for summary judgment, but will hear motions to determine the standard of review and the scope of the administrative record.  See Kearney v. Standard Ins. Co., 175 F.3d 1084 (9th Cir. 1999).  There will be a court trial (usually confined to oral argument) on the administrative record.

**14.    Consent to Magistrate Judge:**  The parties may consent to have a United States Magistrate Judge preside over the entire case, including trial.  The parties are free to select from amongst all the magistrate judges available for this purpose, not just the magistrate judge assigned to this case.  (Please consult the court's website for the list of the available magistrate judges.)

**15.    Status of Fictitiously Named Defendants:**  This Court intends to adhere to the following procedures where a matter is removed to this Court on diversity grounds with fictitiously named defendants referred to in the complaint.  See 28 U.S.C. §§ 1441(a), 1447.

(a)    Plaintiff is normally expected to ascertain the identity of and serve any fictitiously named defendants within 90 days of the removal of the action to this Court.

(b)    If plaintiff believes (by reason of the necessity for discovery or otherwise) that fictitiously named defendants cannot be fully identified within the 90-day period, an ex parte application requesting permission to extend that period to effectuate

revised 12/1/2015

service may be filed with this Court. Such application shall state the reasons therefor, and may be granted upon a showing of good cause.  The ex parte application shall be served upon all appearing parties, and shall state that appearing parties may comment within seven (7) days of the filing of the ex parte application.

(c)     If plaintiff desires to substitute a named defendant for one of the fictitiously named parties, plaintiff first shall seek to obtain consent from counsel for the previously-identified defendants (and counsel for the fictitiously named party, if that party has separate counsel). If consent is withheld or denied, plaintiff may apply ex parte requesting such amendment, with notice to all appearing parties.  Each party shall have seven calendar days to respond.  The ex parte application and any response should comment not only on the substitution of the named party for a fictitiously named defendant, but on the question of whether the matter should thereafter be remanded to the Superior Court if diversity of citizenship is destroyed by the addition of the new substituted party.  See 28 U.S.C. § 1447(c)(d).

**16.    Bankruptcy Appeals:**  Counsel shall comply with the Notice Regarding Appeal from Bankruptcy Court issued at the time the appeal is filed in the District Court. The matter is considered submitted upon the filing of the appellant's reply brief.  No oral argument is held unless otherwise ordered by this Court.

**17.    Communications with Chambers:**  Counsel shall not attempt to contact the Court or its chambers staff by telephone or by any other ex parte means, although counsel may contact the Courtroom Deputy, at (213) 894-1795, with appropriate inquiries.  To facilitate communication with the Courtroom Deputy, counsel should list their facsimile transmission numbers along with their telephone numbers and e-mail addresses on all papers.

revised 12/1/2015

1    **18.    <u>Notice of this Order</u>:** Counsel for plaintiff shall immediately serve this Order

2    on all parties, including any new parties to the action.  If this case came to the Court by

3    noticed removal, defendant shall serve this Order on all other parties.

4         IT IS SO ORDERED.

5     Dated: June 23, 2016

6

7                                                                    Percy Anderson
                                                          UNITED STATES DISTRICT JUDGE
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28