1  LUCIA E. COYOCA (SBN 128314)
     lec@msk.com
2  VALENTINE A. SHALAMITSKI (SBN 236061)
     vas@msk.com
3  MITCHELL SILBERBERG & KNUPP LLP
   11377 West Olympic Boulevard
4  Los Angeles, CA 90064-1683
   Telephone: (310) 312-2000
5  Facsimile: (310) 312-3100

6  Attorneys for Plaintiffs
   Universal Cable Productions LLC and
7  Northern Entertainment Productions LLC

8  MARC J. SHRAKE (SBN 219331)
     mjs@amclaw.com
9  ANDERSON, MCPHARLIN & CONNERS LLP
   707 Wilshire Boulevard, Suite 4000
10 Los Angeles, California 90017-3623
   Telephone: (213) 236-1691
11 Facsimile: (213) 622-7594

12 MICHAEL KEELEY (*Pro Hac Vice*)
     michael.keeley@strasburger.com
13 JOHN R. RIDDLE (*Pro Hac Vice*)
     john.riddle@strasburger.com
14 CARLA C. CRAPSTER (*Pro Hac Vice*)
     carla.crapster@strasburger.com
15 STRASBURGER & PRICE, LLP
   901 Main Street, Suite 4400
16 Dallas, Texas 75202
   Telephone: (214) 651-4300
17 Facsimile: (214) 651-4330

18 Attorneys for Defendant
   Atlantic Specialty Insurance Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNIVERSAL CABLE PRODUCTIONS LLC, et al., | CASE NO. 2:16-cv-4435-PA-MRW |
| Plaintiffs, | The Honorable Percy Anderson |
| v. | **JOINT RULE 26(F) REPORT** |
| ATLANTIC SPECIALTY INSURANCE COMPANY, | Scheduling Conf.: September 19, 2016<br>Time:                    10:30 a.m. |
| Defendant. | |

JOINT RULE 26(F) REPORT

Pursuant to the Court's August 8, 2016 Order re Scheduling Meeting of Counsel and Scheduling Conference (ECF No. 22), Rule 26(f) of the Federal Rule of Civil Procedure ("Rules"), and Central District of California Local Rule ("LR") 26-1, Plaintiffs Universal Cable Productions LLC ("UCP") and Northern Entertainment Productions LLC ("Northern Entertainment") (UCP and Northern Entertainment, collectively, "Plaintiffs") and Defendant Atlantic Specialty Insurance Company ("Defendant"), by and through their respective counsel of record (collectively, the "parties"), having met and conferred on August 29, 2016, hereby submit the following Joint Rule 26(f) Report.

## I. A Short Synopsis Of The Principal Issues In The Case

This is an insurance coverage action by Plaintiffs against their insurer-Defendant, alleging two claims: (1) breach of insurance contract; and (2) breach of the implied covenant of good faith and fair dealing, arising out of Defendant's denial of coverage for extra expenses Plaintiffs incurred in connection with the production of a television show.

Specifically, Plaintiffs allege they incurred an estimated $6.9 million in extra expenses when they were required to move the production of the television show "*Dig*" out of Israel in the summer of 2014, due to the conflict between Hamas and Israel. Plaintiffs contend their expenses associated with the move are covered under Defendant's Motion Picture/Television Producers Portfolio Policy No. MP00163-04 (the "Policy"). Defendant denied coverage, and has raised various defenses to coverage, including, but not limited to, exclusions in the Policy for loss caused directly or indirectly by war (including undeclared war), warlike action, and any weapon of war. Plaintiffs also claim that Defendant denied coverage in bad faith and in breach of the implied covenant of good faith and fair dealing. Defendant denies Plaintiffs' bad faith claim and denies that it has acted other than in the utmost of good faith.

## II. A Statement Of Whether Pleadings Are Likely To Be Amended

At this time, the parties do not anticipate amending their pleadings.

## III. A Statement As To Issues Which Any Party Believes May Be Determined By Motion

The parties believe that the question of coverage under the Policy and Plaintiffs' bad faith claim may be determined by motions for summary judgment or partial summary judgment.

## IV. Rule 26(f) Discovery Plan

Attached hereto as **Exhibit A** is a proposed schedule of pretrial dates, including the proposed discovery cut off dates discussed below.

### A. Rule 26(f)(3)(A)—Initial Disclosures Per Rule 26(a)(1)

The parties agreed to serve their initial disclosures by September 16, 2016. The parties do not otherwise propose any changes in the timing, form, or requirement for disclosures under Rule 26(a).

### B. Rule 26(f)(3)(B)—Subjects Of Discovery And Discovery Cut-Off

The parties believe the subjects of discovery will encompass all claims and defenses alleged in the pleadings. The parties anticipate serving requests for production of documents, interrogatories, and requests for admission. The parties also anticipate taking both percipient and expert witness depositions.

Specifically, at this time, and subject to further discovery, Plaintiffs anticipate taking at least the following percipient witness depositions: Peter Williams, Theresa Gooley, Pamela Johnson, and Daniel Gutterman (and other yet-to-be-identified agents, representatives, and/or employees of Defendant) regarding, *inter alia*, Defendant's coverage determination and denial of coverage for the extra expense claim in issue. Plaintiffs believe these witnesses currently are/or previously were Defendant's agents, representatives, and/or employees, or alternatively, agents, representatives and/or employees of Defendant's agents and/or representatives during the relevant time period. Plaintiffs also anticipate

taking Rule 30(b)(6) depositions of Defendant, OneBeacon Entertainment LLC, and/or OneBeacon Insurance Group, Ltd. on issues relating to, among other things, the coverage determination as to this claim, Defendant's claims handling practices generally, and the construction, interpretation, and applicability of the exclusions in issue here, to other claims for coverage tendered to Defendant.

At this time, and subject to further discovery, Defendant may take the following lay witness depositions:  1)  Andrea Garber (originally employed by Aon/Albert G. Ruben Insurance Services ("Aon")); 2) representatives of Plaintiffs, the identity of whom are currently unknown to Defendant but presumably known by Plaintiffs, involved in the following:  a) the acquisition of the Policy and earlier policies issued by Defendant; b)  the decision to move the production of Dig out of Israel and to New Mexico; c)  the move of the production of Dig out of Israel and to New Mexico; d) the claim for coverage under the Policy, including, but not limited to, Andrea Garber; e) analysis of the safety and reasonableness of producing Dig in Israel, including members of the NBCU Security Team Keshet; 3)  the following representatives of Aon believed to be involved in the purchase of the Policy and any earlier policies, and also to the extent they were involved in the Plaintiffs' claim: George Walden, Juan Robledo, Val Beckles, Susan Weiss, Toni Pete, Deobrah Kizner, Isaac Ruvalcaba, Henry Darr; and 4) the following representatives of Plaintiffs, NBCUniversal Media, LLC, or related entities, believed to be involved in the acquisition of the policy, the claim or the decision to move the production of Dig from Israel:  Viki Aguilar, Kurt Ford, Curt Williams, Stephen Smith, Randi Richmond, Mark Binke, and Tania Hoff.

The parties anticipate that expert witness testimony may be required on various topics, including but not limited to, issues relating to coverage under the Policy, the exclusions raised by Defendants, and Defendant's claims handling practices.  They anticipate designating experts and rebuttal experts pursuant to the schedule set forth in Exhibit A.

The parties propose June 16, 2017 as the discovery cut-off date. *See* Exhibit A.

### C.     Rule 26(f)(3)(C)—Electronically Stored Information

The parties have discussed discovery of electronically stored information ("ESI"), and do not currently anticipate issues regarding the identification, preservation, and production of electronically stored information.

The parties agreed to establish an ESI protocol.

### D.     Rule 26(f)(3)(D)—Privilege And Work Product Protection Issues

The parties have discussed issues regarding privilege and work product protection. While issues may arise based on, *inter alia*, the nature of this case, the parties believe it is premature to raise any specific issues at this time. The parties reserve all rights in contention therewith.

The parties agreed that provision should be made to address inadvertent disclosure of privileged materials or trial preparation materials, and a return and non-waiver of inadvertently produced documents provision will be included in the proposed protective order discussed in Section IV.F *infra*.

### E.     Rule 26(f)(3)(E)—Limitations Or Changes To Discovery

The parties do not propose any changes in the limitations on discovery imposed by the Federal Rules of Civil Procedure or by Local Rule at this time.

### F.     Rule 26(f)(3)(F)—Other Orders

Plaintiffs believe there is a need for the entry of a protective order with respect to information that may be produced in discovery in this action, which would permit, subject to Court approval, the designation of what Plaintiffs believe will be confidential and highly confidential documents and the filing under seal of genuinely confidential documents. Defendant is willing to agree to such a protective order. As a result, the parties have agreed to work together on a proposed protective order for submission to the Court for approval and entry, using

as a starting point the stipulated protective order template provided by Magistrate Judge Wilner on his webpage.

## V. Local Rule 26-1 Matters

### A. LR 26-1(a)—Treatment As Complex Litigation

The parties do not believe the case should be deemed to be complex, and the procedures in the Manual for Complex Litigation should not be utilized.

### B. LR 26-1(b)—Contemplated Motions And Dispositive Motion Schedule

At this time, the parties do not anticipate filing motions to sever or bifurcate any issues for trial. The parties contemplate filing motions for summary judgment and/or partial summary judgment on the issue(s) of coverage under the Policy, Defendant's liability on the breach of contract claim, and/or Plaintiffs' bad faith claim.

The parties propose July 13, 2017 as the cut-off date for filing dispositive motions. *See* Exhibit A.

The parties conferred and reached an agreement to adhere, to the full extent possible, to the Court's expectation "that more than the minimum notice will be provided to counsel opposing motions for summary judgment" stated in the Court's form Order Following Scheduling Conference.

### C. LR 26-1(c)—Prospects For Settlement

Prior to filing this lawsuit, the parties engaged in settlement discussions during the fall of 2014 which were not successful.

This Court is participating in the Court's ADR program, and the Request: ADR Procedure Selection form is filed concurrently herewith. The parties have discussed and mutually agreed to select ADR Procedure No. 3: The parties shall participate in a private dispute resolution proceeding (Local Rule 16-15.4(3)).

The parties understand that pursuant to LR 16-15.2, the default deadline to conduct the settlement conference would be 45 days before the Final Pretrial

Conference. However, the parties are discussing whether to conduct the settlement conference earlier, keeping in mind the Court's direction that "the Court strongly encourages counsel and the parties to pursue settlement earlier" than the default timing.

### D. LR 26-1(d)—Estimated Length Of Trial

Plaintiffs have demanded a jury trial, and the parties estimate the trial will last approximately 6-8 days.

### E. LR 26-1(e)—Additional Parties

At this time, the parties do not anticipate adding any further parties.

### F. LR 26-1(f)—Expert Witnesses

The parties propose the following scheduling of expert disclosures and discovery. *See* Exhibit A.

| | |
|---|---|
| Discovery cut off | June 16, 2017 |
| Rebuttal expert reports | May 12, 2017 |
| Opening expert reports | April 21, 2017 |

## VI. Rule 16 Matters

The parties believe that the Rule 16 matters which could have been discussed at this time in conjunction with this Joint Rule 26(f) Report were discussed, and the parties' counsel will be available and prepared to discuss any further issues at the Court Scheduling Conference.

DATED: September 5, 2016         LUCIA E. COYOCA
                                 VALENTINE A. SHALAMITSKI
                                 MITCHELL SILBERBERG & KNUPP LLP


                                 By: /s/Lucia E. Coyoca
                                     Lucia E. Coyoca
                                     Attorneys for Plaintiffs
                                     Universal Cable Productions LLC and
                                     Northern Entertainment Productions LLC

Mitchell Silberberg & Knupp LLP

6

JOINT RULE 26(F) REPORT

DATED:  September 5, 2016

MARC J. SHRAKE
ANDERSON, MCPHARLIN & CONNERS LLP

-and-

MICHAEL KEELEY
*Pro Hac Vice* Application Pending
JOHN R. RIDDLE
*Pro Hac Vice* Application Pending
CARLA C. CRAPSTER
*Pro Hac Vice* Application Pending
STRASBURGER & PRICE, LLP


By: /s/Marc J. Shrake
    Marc J. Shrake
    Attorneys for Defendant
    Atlantic Specialty Insurance Company

## Attestation Regarding Signatures

Pursuant to Civil Local Rule 5-4.3.4(a)(2)(i), I, Lucia E. Coyoca, attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

By: /s/Lucia E. Coyoca
    Lucia E. Coyoca

# EXHIBIT A

| Event | Proposed Date |
|---|---|
| Trial | Week of November 13, 2017 |
| Final Pretrial Conference (and hearing on motions *in limine*; last date to submit joint proposed statement of the case and proposed voir dire) | October 10, 2017 |
| Last day to file and lodge: Proposed Pretrial Conference Order; Memoranda of Contentions of Fact and Law; Exhibit Lists; Witness Lists; Joint and/or Disputed Jury Instructs and Verdict Forms | September 25, 2017 |
| Last day to file motions *in limine* | September 18, 2017 |
| Last day to meet and confer before Final Pretrial Conference | August 30, 2017 |
| Last day to conduct settlement conference | August 25, 2017 [this is ***default*** timing per LR 16-15.2; per Judge Anderson's order, "the Court strongly encourages counsel and the parties to pursue settlement earlier" than the default timing, and the parties are amenable to doing so] |
| Last day to hear dispositive motions (including MSJ/partial MSJ) | August 21, 2017 |
| Last day to file dispositive motions (including MSJ/partial MSJ) | July 13, 2017 |
| Discovery cut off | June 16, 2017 |
| Last day to file discovery motions | May 19, 2017 |
| Rebuttal expert reports | May 12, 2017 |
| Opening expert reports | April 21, 2017 |