LUCIA E. COYOCA (SBN 128314)
   lec@msk.com
VALENTINE A. SHALAMITSKI (SBN 236061)
   vas@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, CA 90064-1683
Telephone:  (310) 312-2000
Facsimile:  (310) 312-3100

Attorneys for Plaintiffs
Universal Cable Productions LLC and
Northern Entertainment Productions LLC

MARC J. SHRAKE (SBN 219331)
   mjs@amclaw.com
ANDERSON, MCPHARLIN & CONNERS LLP
707 Wilshire Boulevard, Suite 4000
Los Angeles, CA 90017-3623
Telephone:  (213) 236-1691
Facsimile:  (213) 622-7594

MICHAEL KEELEY (*Admitted Pro Hac Vice*)
   michael.keeley@strasburger.com
JOHN R. RIDDLE (*Admitted Pro Hac Vice*)
   john.riddle@strasburger.com
CARLA C. CRAPSTER (*Admitted Pro Hac Vice*)
   carla.crapster@strasburger.com
STRASBURGER & PRICE, LLP
901 Main Street, Suite 4400
Dallas, TX 75202
Telephone:  (214) 651-4300
Facsimile:  (214) 651-4330

Attorneys for Defendant
Atlantic Specialty Insurance Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| UNIVERSAL CABLE PRODUCTIONS LLC, *et al.*, | CASE NO. 2:16-cv-4435-PA-MRW |
|---|---|
| Plaintiffs, | Honorable Percy Anderson |
| v. | **JOINT STIPULATION AND APPLICATION TO MODIFY CASE SCHEDULE** |
| ATLANTIC SPECIALTY INSURANCE COMPANY, | Complaint Filed:         June 20, 2016 |
| Defendant. | |

Pursuant to Local Rules 7-1 and 16-14 and the Court's Scheduling Order, Plaintiffs Universal Cable Productions LLC and Northern Entertainment Productions LLC ("Plaintiffs") and Defendant Atlantic Specialty Insurance Company ("Defendant," and together with Plaintiffs, "the parties"), jointly and respectfully request the Court to modify, for good cause, the case schedule by allowing a two-month extension of time for all pre-trial and trial dates.

There have been no prior requests to the Court for any extensions of time.

The parties have been diligently and amicably working on discovery and preparing this matter for trial which is currently scheduled to begin on May 23, 2017. For the following reasons, the parties jointly agree and respectfully submit that good cause exists for a relatively short two-month extension of time, which will promote efficiency, conserve resources, and allow the parties time to orderly prepare this matter for trial:

1. Plaintiffs filed this insurance coverage action on June 20, 2016. This action arises out of Defendant's denial of coverage for extra expenses Plaintiffs allege they incurred in the delay and moving of the production of *Dig*, a television show that Plaintiffs were filming in Israel during the summer of 2014. Plaintiffs contend that they moved production of the show as a result of deteriorating safety and security conditions in the area and that Defendant's insurance policy covers such extra expenses. Defendant contends that these expenses are not covered, however, because the insurance policy at issue includes four exclusions that bar coverage for loss resulting from: (1) war, including undeclared or civil war; (2) warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; (3) insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these and (4) any weapon of war.

2. This is a high-dollar case as Plaintiffs seek, among other relief, approximately $7.2 million which they contend is covered under Defendant's policy as extra expenses. (*See* ECF No. 1.)

3. On July 7, 2016, Plaintiffs filed a First Amended Complaint. (ECF No. 10.) On August 5, 2016, Defendant filed an Answer to the First Amended Complaint. (ECF No. 14.)

4. On August 8, 2016, the Court issued an Order re Scheduling Meeting of Counsel and setting the Scheduling Conference for September 19, 2016. (ECF No. 22.)

5. On September 5, 2016, after extensive conferencing regarding discovery planning and the sequencing of this litigation, the parties filed a Joint Rule 26(f) Report, with the joint proposed schedule to set trial for the week of November 13, 2017, and a discovery cut-off of June 16, 2017. (ECF No. 23.)

6. On September 14, 2016, the Court vacated the Scheduling Conference. (ECF No. 26.) On September 15, 2016, the Court issued its Scheduling Order, setting the following dates:

- Discovery Cut-off:  March 13, 2017
- Motion Cut-off:  March 20, 2017
- Final Pretrial Conference:  April 21, 2017, at 1:30 p.m.
- Jury Trial:  May 23, 2017, at 9:00 a.m.

(ECF No. 28.)

7. The parties exchanged initial disclosures, and have been diligently pursuing discovery and preparation of this case for trial, including as follows:

    a) The parties began serving written discovery in October 2016, and both sides have served, responded to, and met and conferred on multiple interrogatories (currently 57) and requests for production (currently 62).

3
**JOINT STIPULATION AND APPLICATION TO MODIFY CASE SCHEDULE**
8545383.2

b) The parties began producing documents in October 2016, and tens of thousands of pages of documents have been reviewed, produced, or logged as privileged.

c) Because of the high volume of documents that were potentially responsive to the parties' requests, both parties have needed more than thirty days to review and produce documents responsive to requests for production (even though dedicated review teams of several attorneys were assigned to review potentially responsive documents). The parties have been cooperative and understanding of these issues and thus far have not felt it necessary to file a motion to compel. But the parties are still working to resolve certain discovery disputes, and in light of these disputes and the unavoidable delays, the parties need more time to allow for a careful review of all documents produced in response to written discovery, both to prepare for upcoming depositions and draft dispositive motions.

d) In addition, a third-party subpoena for the production of documents was served in this case in November 2016. After conferring with the subpoenaed party and due to, among other things, intervening holidays, those documents were just recently produced.

e) The parties have noticed and are in the process of setting and confirming depositions, with the depositions starting the first week of February. Depositions have not been taken yet as a result of ongoing written and document discovery, but the parties are preparing to take numerous depositions in the next two months. These depositions cannot be taken back-to-back as they

will occur in Los Angeles, Minnesota, and potentially New York and London.

8. The parties have engaged in extensive discovery and, while pursuing discovery as described above, the parties also recently conducted a full-day mediation session with the Hon. Charles "Tim" McCoy (Ret.) on January 6, 2017, but the case was not resolved.

9. Despite their diligent efforts, given the scope and complexity of the issues in dispute in the case, the parties believe that a two-month extension is necessary to orderly conduct and complete discovery, and permit efficient but thorough preparation of this case for trial. Specifically:

   a) The parties' discovery involves both domestic and international locations.

   b) While a substantial number of documents have already been produced, the document production is ongoing. At this time, Plaintiffs believe that rolling document productions will occur into early February.

   c) Multiple percipient witness depositions of both party and third party witnesses are currently being tightly scheduled up to the current discovery cut-off date. However, it is anticipated additional depositions may be necessary.

   d) Moreover, given the complex issues in dispute, the parties anticipate there will be numerous expert witness depositions to be completed in a relatively short time frame.

10. The parties further believe that a relatively short two-month extension will facilitate judicial efficiency because they anticipate filing potentially dispositive motions as to certain issues, claims, or defenses in the case, and the motions will be most effectively presented after discovery is substantially completed. The current case schedule, however, does not provide sufficient time for the parties to complete

discovery and prepare potentially dispositive motions incorporating all discovery results, with the current motion cut-off date of March 20, 2017.

Based on the foregoing, the parties respectfully request the Court modify the Scheduling Order as follows (with the associated dates triggered by the dates below adjusted accordingly), or to other dates convenient for the Court:

| Event | Current Date | Proposed Date |
| --- | --- | --- |
| Discovery Cut-off | March 13, 2017 | May 12, 2017 |
| Motion Cut-off | March 20, 2017 | May 22, 2017 |
| Final Pretrial Conference | April 21, 2017, at 1:30 p.m. | June 23, 2017, at 1:30 p.m. |
| Jury Trial | May 23, 2017, at 9 a.m. | July 25, 2017, at 9 a.m. |

Respectfully submitted,

DATED: January 18, 2017
LUCIA E. COYOCA
VALENTINE A. SHALAMITSKI
MITCHELL SILBERBERG & KNUPP LLP

By: */s/ Lucia E. Coyoca*
Lucia E. Coyoca
Attorneys for Plaintiffs
Universal Cable Productions LLC and Northern Entertainment Productions LLC

1 | DATED: January 18, 2017

MARC J. SHRAKE
ANDERSON, MCPHARLIN & CONNERS LLP

-and-

MICHAEL KEELEY
JOHN R. RIDDLE
CARLA C. CRAPSTER
STRASBURGER & PRICE, LLP

By: */s/ Michael Keeley*
Michael Keeley
Attorneys for Defendant
Atlantic Specialty Insurance Company

**Attestation Regarding Signatures**

I, Lucia E. Coyoca, attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

By: */s/ Lucia E. Coyoca*
Lucia E. Coyoca

**JOINT STIPULATION AND APPLICATION TO MODIFY CASE SCHEDULE**

8545383.2