1  MARC J. SHRAKE (SBN 219331)
     mjs@amclaw.com
2  ANDERSON, MCPHARLIN & CONNERS LLP
   707 Wilshire Boulevard, Suite 4000
3  Los Angeles, California 90017-3623
   Telephone: (213) 236-1691
4  Facsimile: (213) 622-7594

5  MICHAEL KEELEY (*Pro Hac Vice*)
     michael.keeley@strasburger.com
6  TONI SCOTT REED (*Pro Hac Vice*)
     toni.reed@strasburger.com
7  CARLA C. CRAPSTER (*Pro Hac Vice*)
     carla.crapster@strasburger.com
8  STRASBURGER & PRICE, LLP
   901 Main Street, Suite 6000
9  Dallas, Texas 75202
   Telephone: (214) 651-4300
10 Facsimile: (214) 651-4330

11 Attorneys for Defendant
   Atlantic Specialty Insurance Company

12

13              UNITED STATES DISTRICT COURT

14              CENTRAL DISTRICT OF CALIFORNIA

15                    WESTERN DIVISION

16

17 UNIVERSAL CABLE                    Case No. 2:16-cv-04435-PA-MRW
   PRODUCTIONS LLC, a Delaware
18 limited liability company, and     **DEFENDANT ATLANTIC**
   NORTHERN ENTERTAINMENT            **SPECIALTY INSURANCE**
19 PRODUCTIONS LLC, a Delaware        **COMPANY'S AMENDED NOTICE**
   limited liability company,         **OF AND MEMORANDUM IN**
20                                     **SUPPORT OF EX PARTE**
                Plaintiffs,            **APPLICATION FOR ORDER**
21                                     **CONTINUING TRIAL DATE AND**
         vs.                           **ALL DEADLINES FOR 60 DAYS**
22
   ATLANTIC SPECIALTY
23 INSURANCE COMPANY, a New
   York insurance company,
24
                Defendant.
25

26

27

28

# TABLE OF CONTENTS

**Page**

I. EX PARTE NATURE OF THE MOTION ........................................................ 2

II. INTRODUCTION ................................................................................ 3

III. STATEMENT OF RELEVANT FACTS ...................................................... 5

IV. ARGUMENT ...................................................................................... 6

    A. The Extreme Delay in Providing a Complete Privilege Log ................ 6

    B. The Plaintiffs' Slow Production of Documents and the Effect on Deposition Scheduling ................................................................. 10

    C. Plaintiffs Now State that Key Depositions Cannot Occur Before the Deadline to File Dispositive Motions ......................................... 12

    D. The Delay in Producing Damages Documents .................................. 15

    E. The Plaintiffs Have Not Yet Produced Documents Responsive to Atlantic's Second Set of Requests for Production .............................. 16

    F. The Parties' Dispute over Plaintiffs' Withholding of Documents on the Basis of Privilege ............................................................... 16

    G. The Parties' Dispute over Plaintiffs' Withholding of Documents on the Basis of the Work-Product Doctrine ...................................... 17

V. CONCLUSION ................................................................................ 17

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623

ATLANTIC SPECIALTY INSURANCE COMPANY'S AMENDED
EX PARTE APPLICATION FOR CONTINUANCE

**TABLE OF AUTHORITIES**

<u>**Case**</u>                                                                                    <u>**Page**</u>

*Marine Grp., LLC v. Marine Trvelift, Inc.* ................................................................ 6

 No. 10cv846-BTM (KSD), 2012 U.S. Dist. LEXIS 49064, at *11

 (S.D. Cal. Apr. 6, 2012)

<u>**Rules**</u>

Local Rule 79-5 ................................................................................................ 14, 15

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623

ii

MARC J. SHRAKE (SBN 219331)
  mjs@amclaw.com
ANDERSON, MCPHARLIN & CONNERS LLP
707 Wilshire Boulevard, Suite 4000
Los Angeles, California 90017-3623
Telephone: (213) 236-1691
Facsimile: (213) 622-7594

MICHAEL KEELEY *(Pro Hac Vice)*
  michael.keeley@strasburger.com
TONI SCOTT REED *(Pro Hac Vice)*
  toni.reed@strasburger.com
CARLA C. CRAPSTER *(Pro Hac Vice)*
  carla.crapster@strasburger.com
STRASBURGER & PRICE, LLP
901 Main Street, Suite 6000
Dallas, Texas 75202
Telephone: (214) 651-4300
Facsimile: (214) 651-4330

Attorneys for Defendant
Atlantic Specialty Insurance Company

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNIVERSAL CABLE PRODUCTIONS LLC, a Delaware limited liability company, and NORTHERN ENTERTAINMENT PRODUCTIONS LLC, a Delaware limited liability company,<br><br>      Plaintiffs,<br><br>   vs.<br><br>ATLANTIC SPECIALTY INSURANCE COMPANY, a New York insurance company,<br><br>      Defendant. | Case No. 2:16-cv-04435-PA-MRW<br><br>**DEFENDANT ATLANTIC SPECIALTY INSURANCE COMPANY'S NOTICE OF AND MEMORANDUM IN SUPPORT OF EX PARTE APPLICATION FOR ORDER CONTINUING TRIAL DATE AND ALL DEADLINES FOR 60 DAYS** |

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623

1

ANDERSON, MCPHARLIN & CONNERS LLP

LAWYERS

707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623

## I.    EX PARTE NATURE OF THE MOTION

Atlantic filed this as an ex parte application in light of: (1) the upcoming deadlines to file rebuttal expert reports (April 7) and dispositive motions (April 24) and (2) the fact that the situation has unfolded in such a way that Atlantic was, until recently still hopeful that the parties could resolve various issues in enough time for Atlantic to comply with the current scheduling order. (Declaration of Carla C. Crapster, filed herewith and incorporated herein by reference.) As discussed more thoroughly below, the plaintiffs' delays in producing documents and a complete privilege log associated with the production have been far longer than the plaintiffs represented they would be. And the plaintiffs have now made clear that they cannot offer key fact witnesses for deposition until after the deadline to file dispositive motions has passed. (Declaration at ¶¶ 23-24.) Incredibly, Atlantic received another production of 13,000 pages of documents from Plaintiffs only last night, March 29, at 9:37 p.m. Central Time. (Declaration at ¶ 39.) These documents relate to damages that Atlantic's rebuttal expert needs to review before finalizing his rebuttal report—currently due next Friday (April 7). This is obviously impossible. Atlantic also only received the plaintiffs' supplemental privilege log on March 28, which has hundreds of new entries Atlantic had never seen before, seeking to protect many documents on the basis of the attorney client privilege even though in over 50 of them a lawyer was not even included on the communication. Atlantic notified the plaintiffs in a letter dated March 17, 2017, that due to the plaintiffs' extensive delays, Atlantic believed a continuance was necessary. (*Id.* at ¶ 4.) It was not until March 28 that plaintiffs notified Atlantic of their opposition. (*Id.*) This delay in the plaintiffs' providing their position on a continuance, as well as the many other delays, are what have caused Atlantic to present these issues to the Court now, at a date when these issues require urgent attention. (*Id.*) These delays are addressed more thoroughly below.

2

Pursuant to L.R. 7-19, the contact information for counsel for the plaintiffs is:

Lucia E. Coyoca, lec@msk.com
Valentine A. Shalamitski, vas@msk.com
Daniel M. Hayes, dmh@msk.com

Mitchell Silberberg & Knupp LLP
11377 West Olympic Boulevard
Los Angeles, CA 90064-1683
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

## II.   INTRODUCTION

This is an insurance coverage dispute filed by plaintiffs, Universal Cable Productions LLC and Northern Entertainment Productions LLC, against their insurer, Atlantic Specialty Insurance Company ("Atlantic"), over $7 million in expenses allegedly incurred to move the filming of a television show called *Dig* out of Israel and into Croatia and New Mexico. Filming was moved in the summer of 2014 during prolonged hostilities between Israel and Palestine, referred to world-wide, including by politicians, media and historians, as the 50-Day War, which began while plaintiffs were in Israel for the production of the television series *Dig*. Atlantic contends that several common war or war-related exclusions in the policy preclude coverage. The plaintiffs contend there was no war.

Atlantic's discovery efforts have been stymied by the plaintiffs' *significant* delays. They have been producing documents in a slow, piecemeal fashion since late January (they were originally due December 27, 2016, after Atlantic granted the plaintiffs an extension). The most recent production came last night—March 29, 2017, consisting of nearly 13,000 pages in documents. Atlantic understands from plaintiffs that they intend to produce even more documents, though plaintiffs have not said when. These recently produced documents and the documents the plaintiffs promise to produce at some indefinite time in the future relate to damages, an issue on which Atlantic has many questions. Atlantic needs its damages expert to be able

3

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623

ANDERSON, McPHARLIN & CONNERS LLP

*LAWYERS*

707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623

1    to review these documents thoroughly and include them in the analysis that will

2    appear in his rebuttal expert report—but that report is due next Friday.

3         The plaintiffs also produced a supplemental privilege log with hundreds of

4    new entries on just Tuesday of this week (March 28), even though it was due in

5    December, and even though the plaintiffs promised repeatedly that the log would be

6    produced far sooner. This new log raises *many* new questions about whether dozens

7    of documents have been improperly withheld, and Atlantic is now out of time to

8    resolve these disputes and still be able to put any documents that have been

9    improperly withheld to use in either depositions or a dispositive motion (the

10   deadline to file motions for summary judgment is April 24).

11        Both the tardiness of the privilege log and the extremely tardy production of

12   documents have prevented Atlantic from taking depositions in the timely fashion it

13   had initially scheduled. Now, the plaintiffs are telling Atlantic that they cannot

14   schedule the depositions that Atlantic desires until after the deadline to file motions

15   for summary judgment has passed, almost one month from now.

16        As a result of these delays, Atlantic needs more time.  Plaintiffs do not agree

17   to this request for an extension, but it is not reasonable for them to refuse under the

18   circumstances.  It is the plaintiffs' delays that have put Atlantic in the position of

19   needing more time, and Atlantic will be substantially prejudiced if it is not allowed

20   sufficient time to: (1) receive and process overdue discovery from plaintiffs, (2)

21   resolve discovery disputes, including both those on which there have been lengthy

22   meet-and-confers and brand new discovery disputes raised by a privilege log that

23   Atlantic received less than 48 hours ago, (3) have its expert analyze the 13,000

24   damages-related documents produced at 9:37 p.m. Central Time last night, before he

25   finalizes his rebuttal expert report, which is currently due next Friday, (4)

26   thoroughly depose necessary fact witnesses, which the plaintiffs now state cannot

27   occur before the deadline to move for summary judgment (due to the plaintiffs'

28

4

delays in both scheduling those depositions and producing documents), and (5) incorporate improperly withheld documents and deposition testimony based on all the documents into its motion for summary judgment.

For all these reasons and those discussed more thoroughly below, Atlantic respectfully requests a 60-day extension of the remaining deadlines in this case as a result of all these issues, which is the only way to ensure that Atlantic is not irreversibly prejudiced.

### III.   <u>STATEMENT OF RELEVANT FACTS</u>

The current deadlines in this case are:

- Rebuttal Expert Reports Due: April 7, 2017
- Motion Deadline: April 24, 2017
- Discovery Cut-off: May 12, 2017
- Motion Hearing Cut-off: May 22, 2017
- Final Pretrial Conference: June 16, 2017, at 1:30 p.m.
- Jury Trial: July 25, 2017, at 9:00 a.m.

As noted below, the parties have already filed one joint stipulation for a continuance, which the Court granted (Doc. 34).

The following issues necessitate an extension of the pre-trial deadlines for the case, and will also necessitate an extension of the trial date:

A.   Receipt of plaintiffs' privilege log on March 28 (three months late);

B.   The ongoing production of documents by plaintiffs in response to Atlantic's first set of discovery (including a set of nearly 13,000 pages of documents received at 9:37 p.m. Central Time on March 29);

C.   The lack of production of any documents by plaintiffs in response to Atlantic's second set of requests;

D.   Inability to complete fact witness depositions prior to the summary judgment deadline;

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623

E.      Ongoing disputes on claims of privilege and other discovery issues;

F.      Redactions and withholding of documents by plaintiffs;

G.      Ongoing production of documents to support plaintiffs' damage claims, and unresolved disputes on the scope of production.

As discussed below, each of these points need to be resolved and completed so that Atlantic can pursue the necessary discovery in the case without being prejudiced in its position. Atlantic informed the plaintiffs weeks ago that it intends to seek the Magistrate Judge's relief on several of the above points. Atlantic's counsel and the plaintiffs' counsel have had many hours-long telephone calls discussing these discovery issues in an effort to attempt to resolve them, most without any success. More specifically, Atlantic has conferred with the plaintiffs on the above issues in meet-and-confer calls, most of them lasting hours each, on January 25, February 23, February 24, March 6, March 23, and March 28.

## IV.    ARGUMENT

Counsel for Atlantic understands that the Court grants continuances only for good cause. The standard is whether Atlantic cannot reasonably meet the current deadlines despite its diligence. *Marine Grp., LLC v. Marine Trvelift, Inc.*, No. 10cv846-BTM (KSC), 2012 U.S. Dist. LEXIS 49064, at *11 (S.D. Cal. Apr. 6, 2012) (noting that a court should decide whether to continue existing deadlines based on "whether existing scheduling deadlines cannot be reasonably met despite the diligence of the party seeking an extension"). Good cause exists here despite Atlantic's diligence for all the reasons discussed below.

### A.    The Extreme Delay in Providing a Complete Privilege Log

The plaintiffs produced a very brief privilege log on January 26, 2017, with only nine entries. (*Id.* at ¶ 6.) This was dramatically shorter than Atlantic's privilege log, which was over 28 pages long (and which Atlantic produced on December 22, 2016, after a Herculean effort to complete it as quickly as possible by amassing a

6

small army of lawyers to review documents.). (*Id.*at ¶ 7.) The plaintiffs made clear that a longer privilege log was coming, but despite repeated assurance from the plaintiffs' counsel that a supplemental log was shortly forthcoming, Atlantic did not receive it until March 28, 2017, at 5 p.m., only after Atlantic made clear that it could wait no longer and had no choice but to immediately eek court intervention if the plaintiffs did not produce the log without further delay. Amazingly, the log was produced forthwith.. (*Id.* at ¶ 8.)

Counsel for Atlantic reminded counsel for the plaintiffs that it needed a complete privilege log in numerous telephone calls as well as in e-mails on February 17, February 23, and March 2, and in letters sent on March 10 and March 17. (*Id.* at ¶ 16.)[1] In response to this correspondence, counsel for the plaintiffs continually promised an updated and complete log during phone calls with counsel for Atlantic, but they fell through on these promises.  (*Id.* at ¶ 14.) In a phone call that occurred at 4 p.m. Central Time on March 6, 2017, the plaintiffs stated that their privilege log was taking a long time to prepare because of the great volume of documents involved, but that they would produce it "early next week," meaning approximately March 13 or 14. (*Id.*) Atlantic did not receive a privilege log during the week of March 13th. (*Id.*) In response to complaints by Atlantic's counsel, plaintiffs stated in a letter dated March 14, 2017, that they "anticipated" and "estimated" that they would provide the log on Monday, March 20, 2017. (*Id.*) But Atlantic did not receive a privilege log on that date. (*Id.*) During a phone conference on March 23, 2017, counsel for the plaintiffs said that the log was not yet complete but refused to provide a date on which the log would be provided. (*Id.* at ¶ 15.) The clear implication from this refusal to provide an estimated date was that counsel did not want to break yet another promise to provide the log by a date certain. (*Id.*)

---

[1] True and correct copies of these e-mails and letters are attached as Exhibits 2 through 6 to the Declaration of Carla C. Crapster.

ANDERSON, McPHARLIN & CONNERS LLP
*LAWYERS*
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623

In response, counsel for Atlantic informed counsel for the plaintiffs via an e-mail dated March 24, 2017, that if the plaintiffs had not provided a privilege log by Monday March 27, at 2 p.m. Pacific Time, Atlantic would have no choice but to send an e-mail to the Magistrate Judge assigned to this case, the Honorable Michael Wilner, in accordance with his Civil Procedure No. 2, asking him to compel production of the privilege log. (*Id.* at ¶ 17.) The plaintiffs responded that they would provide the privilege log on March 28, 2017. (*Id.*), which they did finally do, three months late, clearly only because of Atlantic's threat to go to the Magistrate if they did not. (*Id.*) That log indicates that the plaintiffs are withholding hundreds of documents based upon either the attorney-client privilege or the work-product doctrine. (*Id.* at ¶ 18.)

It is clear from that log that many documents are being withheld improperly. For example, the plaintiffs have logged numerous entries noting that documents are withheld on the basis that the correspondence contains "legal advice re security concerns in Israel." (*Id.* at ¶ 25.) It is difficult to imagine what type of *legal* advice the plaintiffs could have been receiving regarding the security situation in Israel. Lawyers are not in the business of providing security advice.

As another example, Atlantic has identified 52 documents created during the critical time period when the plaintiffs were considering whether to move production of *Dig* out of Israel that are withheld as attorney-client privileged documents. But, none of the withheld the correspondence was sent to, received from, or copied to a lawyer. (*Id.* at ¶ 26.) There are another 29 e-mails designated as privileged on which an attorney was merely carbon copied, and which appear, based upon the context of other related documents, to include plaintiffs reasons for moving out of Israel, as well as their views on the nature of the conflict between Israel and Hamas (*Id.*) There are, in short, many new questions raised by this recently produced privilege log that Atlantic is only now able to begin to assess..

**ATLANTIC SPECIALTY INSURANCE COMPANY'S AMENDED
EX PARTE APPLICATION FOR CONTINUANCE**

ANDERSON, MCPHARLIN & CONNERS LLP

LAWYERS

707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623

1    Atlantic was also surprised by how short the log is relative to the time it took

2    the plaintiffs to complete it. Atlantic's privilege log was only slightly shorter than

3    the plaintiffs', but Atlantic was able to serve its log by December 22, 2016. (*Id.* at ¶

4    7.) Atlantic suspects that the plaintiffs may have been attempting to merely run out

5    the clock on these issues and prevent Atlantic from having enough time to obtain the

6    documents it needs before the summary judgment deadline. Atlantic takes this

7    accusation seriously and would not level if it were not warranted.

8    Until Atlantic received this latest complete log, Atlantic could not determine

9    whether the plaintiffs were withholding documents on an improper basis. And

10   Atlantic no longer has sufficient time to do so and obtain any relevant documents in

11   time to put those documents to use in the case. Atlantic still must: (1) complete its

12   review of the log, (2) confer with plaintiffs' counsel regarding whether they will

13   provide improperly withheld documents, (3) move to compel production of any

14   documents that have been improperly withheld, and (4) receive and review any such

15   documents from the plaintiff. Atlantic cannot complete all these steps before the

16   April 24, 2017 deadline to file motions for summary judgment and before Atlantic

17   takes depositions (which must occur, at the latest, by the May 12 discovery

18   deadline). (*Id.* at ¶ 28.)

19   The tardiness of the privilege log bears on other discovery disputes the parties

20   are having, including the explanation for large redactions that are made in the

21   documents the plaintiffs previously produced. (*Id.* at ¶ 29.) Atlantic has inquired

22   about these redactions multiple times, and the plaintiffs have stated that the

23   redactions are based on the attorney-client privilege. (*Id.*) Atlantic has stated to

24   plaintiffs' counsel repeatedly that it was urgent for Atlantic to receive the complete

25   privilege log so it could evaluate these redactions. (*Id.*) Atlantic can only just now

26   begin the process of analyzing the basis of these redactions by reviewing the

27   privilege log produced on March 28. (*Id.*)

28

**ATLANTIC SPECIALTY INSURANCE COMPANY'S AMENDED
EX PARTE APPLICATION FOR CONTINUANCE**

1    The plaintiffs took the position, in an e-mail from Lucia Coyoca dated
2 November 15, 2016, that they were being prejudiced by the lateness of Atlantic's
3 delay in producing documents and providing a privilege log when Atlantic was a
4 mere *four days* late with its production of documents and the accompanying
5 privilege log. (*Id.*at ¶ 30.)[2] The plaintiffs now seem hypocritically bewildered by
6 Atlantic's contention that the extreme three-month tardiness of their privilege log
7 and their delays in producing documents have prejudiced Atlantic, and have refused
8 to agree to the requested extension as a result, maintaining that Atlantic has not been
9 prejudiced by any delays. (*Id.*)

10    Atlantic will be, just as the plaintiffs argued they would have been, severely
11 prejudiced if it is not able, due to the plaintiffs' delay in providing a privilege log, to
12 receive and use in this case documents that it should have received long ago.
13 Atlantic needs the opportunity to attempt to recover the documents the plaintiffs
14 have improperly withheld and then use those documents to depose witnesses and to
15 support a dispositive motion. This is the precise opportunity that Atlantic would
16 have had if the plaintiffs had timely provided the privilege log. Atlantic should not
17 lose this opportunity as a result of the plaintiffs' delay.

18    **B.    The Plaintiffs' Slow Production of Documents and the Effect on**
19         **Deposition Scheduling**

20    Atlantic served its first sets of written interrogatories and requests for
21 production of documents on November 17, 2016. (Declaration of Carla C. Crapster
22 at ¶ 5). Atlantic agreed to the plaintiffs' request for an extension of time to respond
23 until December 27, 2016. (*Id.*) The plaintiffs served objections and responses to the
24 written discovery on that date, but it did not produce documents for the first time
25 until January 27, 2017, when a small set of documents were produced (*Id.*) After

26
27 [2] A true and correct copy of this e-mail is attached as Exhibit 10 to the Declaration
28 of Carla C. Crapster.

ATLANTIC SPECIALTY INSURANCE COMPANY'S AMENDED
EX PARTE APPLICATION FOR CONTINUANCE

ANDERSON, MCPHARLIN & CONNERS LLP
*LAWYERS*
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623

Atlantic raised concerns with the plaintiffs about the tardy and small production, the plaintiffs produced additional documents over approximately sixty days, including on: January 27, February 2, February 7, February 15, February 18, February 24, March 8, March 9, March 10, March 13, March 14, March 17, March 28, and March 29. (*Id.*) Atlantic has continually objected to plaintiffs' actions and repeatedly requested confirmation of when plaintiffs' document production will be fully completed, but it still has no assurance on this point.

On January 6, 2017, Atlantic originally noticed ten depositions in this case to take place in late January and early February. (*Id.* at ¶ 10.) But by the time those depositions were upcoming, Atlantic had received so few documents from plaintiffs, without any assurance when plaintiffs' production would be complete that it had no choice but to postpone the depositions because it had received so few documents from the plaintiffs, and Atlantic had no assurance as to when the plaintiffs would complete their production. (*Id.*) One purpose of these depositions was to examine the witnesses about important documents that existed. But, it was clear to Atlantic from the few documents produced that critical documents that the witnesses would have knowledge of had not yet been produced. Atlantic therefore would have been prejudiced if it had gone forward with its depositions while plaintiffs were still slowly (and with no confirmed end in sight) dragging out the production process. (*Id.*) Atlantic therefore postponed the depositions it had scheduled. This decision was also made as part of the parties' joint decision to seek a continuance in this case, which the court granted (Doc. 34). (*Id.* at ¶ 11.) The parties realized in early January that an additional extension of time was necessary based on a number of factors. (Joint Stipulation Doc. 33). One of those factors was that the plaintiffs informed Atlantic that it expected their production of documents to proceed into **early February** (plaintiffs underestimated by almost two months how long document production would take). (*See* Doc. 33 at ¶9(c)). Based on this

11

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623

understanding that the plaintiffs would produce all their documents by early February, Atlantic postponed the depositions, expecting to reschedule them for late February once the plaintiffs had produced all the documents and Atlantic had been able to review them.

The plaintiffs have, however, still not completed their production of documents. (*Id.* at ¶ 13.) And the slow, trickling pace at which the plaintiffs' have produced documents has made it impossible for Atlantic to predict when the document production would cease (and the plaintiffs have not, despite repeated requests, offered a final date on which they would conclude production), and therefore when Atlantic could safely move forward with scheduling depositions. (*Id.* at ¶ 10.) And, as noted above, plaintiffs' counsel have now informed Atlantic that plaintiffs intend to produce even more documents, but they have refused to say when, or how many.

**C.     Plaintiffs Now State that Key Depositions Cannot Occur Before the Deadline to File Dispositive Motions**

As noted above, Atlantic had to postpone the depositions it had originally noticed for the last week of January and the first week of February. (*Id.* at ¶ 10.) In a letter dated March 10, 2017, Atlantic informed the plaintiffs that it wanted to begin rescheduling the depositions that had been postponed, in the hopes that plaintiffs would finally complete their production and provide Atlantic the long-promised privilege log. (*Id.* at ¶ 20.)[3] Atlantic began this rescheduling process not because it was certain it had all the information it needed to take thorough depositions but simply because time was running short. Plaintiffs did not respond to Atlantic's request for deposition dates, and so it repeated its request to reschedule depositions in an e-mail dated March 16, 2017, and again in a letter dated March 21, 2017. (*Id.*

---

[3] A true and correct copy of this letter is attached as Exhibit 7 to the Declaration of Carla C. Crapster.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S AMENDED
EX PARTE APPLICATION FOR CONTINUANCE**

ANDERSON, McPHARLIN & CONNERS LLP
*LAWYERS*
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623

ANDERSON, McPHARLIN & CONNERS LLP

LAWYERS

707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623

1   at ¶ 20.)[4] The plaintiffs provided a deposition date for one witness during a phone

2   call on March 23, 2017. (*Id.* at ¶ 19.) That deposition was of Stephen Smith, the

3   Head of Security, Europe International Security, and Crisis Management for

4   NBCUniversal. Mr. Smith is a crucial witness as he is the person who received

5   security updates from an outside security company and conveyed those updates to

6   plaintiffs. He will also serve as a corporate representative for the plaintiffs. The

7   plaintiffs' proposed date for this critical deposition was April 25, the day *after*

8   motions for summary judgment are due. (*Id.*) Atlantic explained that this was not

9   workable and that it needed the deposition well ahead of the deadline to file

10  dispositive motions.( *Id.*) Plaintiffs have now offered to produce Mr. Smith on April

11  18, six days before the summary judgment deadline. (*Id.* at ¶ 22.) Also, the plaintiffs

12  have provided deposition dates for only a handful of other witnesses with most of

13  the proposed dates being after the deadline to file motions for summary judgment.

14  (*Id.* at ¶ 23.) In a phone call on March 28, 2017, the plaintiffs stated that they could

15  not guarantee that all Atlantic's requested depositions could take place before the

16  April 24, 2017 deadline to file motions for summary judgment. (*Id.* at ¶ 24.)

17      The other depositions that Atlantic intends to take, besides Mr. Smith's, and

18  which it contends must be carried out before the deadline to file dispositive motions

19  are of at least the following individuals:

20      • The plaintiffs' corporate representatives;

21      • Susan Weiss, who worked for Aon/Albert G. Ruben Insurance

22          Services, Inc., the insurance broker involved, who was involved in

23          issuance of Atlantic's policy and in critical e-mails the plaintiffs have

24          produced regarding the decision to leave Israel and whether there

25          would be insurance coverage for that decision;

27  [4] True and correct copies of this e-mail and letter are attached as Exhibits 8 and 9 to

28  the Declaration of Carla C. Crapster.

13

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623

- Andrea Garber, the Senior Director of Risk Management for NBCUniversal, who was also involved in issuance of the policy and in critical e-mails regarding the decision to leave Israel and whether there would be insurance coverage for that decision;

- Mark Binke, the Executive Vice President of Production for NBCUniversal who was receiving regular updates regarding the security situation in Israel and apparently involved in the decision of whether to move the production of *Dig* out of Israel;

- Randi Richmond, the Senior Vice President of Production for NBCUniversal, who was also receiving regular updates regarding the security situation in Israel and was apparently involved in the decision of whether to move the production of *Dig* out of Israel; and

- Malika Adams, an employee of Comcast (which acquired NBCUniversal in 2013), and who sent critical e-mails relating to her review on whether the plaintiffs would have coverage for any costs incurred if they moved production out of Israel.

Yet another problem caused by the delay in scheduling these depositions is that the plaintiffs may well designate part of these depositions as confidential. If they do, and Atlantic decides to include the confidential portion in its motion for summary judgment, this could cause an eleven-day delay. According to the Court's Protective Order (Doc. 25), confidential deposition testimony cannot be included in a motion for summary judgment unless the party seeking to include that testimony files an application in accordance with Local Rule 79-5. Under Local Rule 79-5.2.2(b), if Atlantic seeks to file part of a deposition with its motion for summary judgment, it must confer with the plaintiffs' counsel three days before it files its motion. If the plaintiffs maintain, after that three days, that Atlantic must file the confidential portion under seal, Atlantic must file an application to file the documents under seal

14

1    and give the plaintiffs four days to file a declaration explaining why the information
2    should be filed under seal. The Court must then rule on whether the deposition
3    testimony may be filed under seal or not. If the Court denies the application, then
4    Atlantic will be able to publicly file the summary judgment motion with the
5    deposition testimony included, but only after a four-day waiting period, under Local
6    Rule 79-5.2.2(b)(ii).  These delays, which could total eleven days, are problematic,
7    given that the plaintiffs are scheduling depositions for less than eleven days before
8    the deadline to file motions for summary judgment.

9               **D.      The Delay in Producing Damages Documents**

10          The parties have discussed at length the documents the plaintiffs have
11   produced proving their alleged damages. (*Id.* at ¶ 34.) Atlantic still has many
12   questions about damages that it expected the documents to answer, and the parties
13   have engaged in lengthy discussions about whether the type of documents that
14   Atlantic expected to see existed and whether they would be produced. (*Id.*) Most
15   recently, the plaintiffs stated during a telephone conference on March 28, and in a
16   letter received on March 29 at 12:59 a.m. Central Time that they are not yet through
17   producing documents relating to the damages. (*Id.*)[5] One batch of documents (nearly
18   *13,000* pages long) was produced at 9:37 p.m. on March 29 (last night), and another
19   batch of documents is to be produced at an indefinite time in the future. (*Id.* at ¶ 39.)
20   The plaintiffs' letter paints a picture of having bent over backwards to provide the
21   damages documents that Atlantic has requested, and suggests that Atlantic has been
22   unreasonable in its requests and that none of the documents recently produced are
23   "necessary to resolve Plaintiffs' damage claim." Respectfully, Atlantic must be the
24   judge of whether it has obtained the documents that it needs to thoroughly analyze
25   and substantiate the plaintiffs' *significant* damage claims. Atlantic and its damages

26

27   [5] A true and correct copy of the letter that plaintiffs' counsel sent on March 29 is
28   attached as Exhibit 11 to the Declaration of Carla C. Crapster.

ANDERSON, McPHARLIN & CONNERS LLP

*LAWYERS*

707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623

expert should have the opportunity to review the 13,000 documents produced last night and whatever other damages documents are forthcoming, which are apparently responsive to the First Set of Requests for Production served on November 17, 2016, before it has to file a motion for summary judgment, produce an expert's rebuttal report on damages, and before it deposes the plaintiffs' damages expert. The deadline to serve rebuttal expert reports is next Friday, April 7, 2017. Atlantic intends to designate a rebuttal expert on the issue of damages. (*Id.* at ¶ 35.) It is simply not humanly possible for Atlantic's damages expert to review 13,000 pages of new documents received late last night before next Friday. This fact alone merits a continuance.

### E.     The Plaintiffs Have Not Yet Produced Documents Responsive to Atlantic's Second Set of Requests for Production

Atlantic served a second set of requests for production on February 15, 2017. The plaintiffs' responsive documents were due on March 20, 2017. (*Id.* at ¶ 36.) Atlantic has not seen them yet. (*Id.*) During a telephone conference that took place on March 28, 2017, the plaintiffs stated that they were working on producing these documents but did not have an estimated time frame for their production. (*Id.*) Atlantic needs to see these documents in order to prepare a motion for summary judgment that is as thorough as possible and to take thorough depositions.

### F.     The Parties' Dispute over Plaintiffs' Withholding of Documents on the Basis of Privilege

Atlantic has been conferring with counsel for the plaintiffs over the course of approximately the last 30 days over whether the plaintiffs would produce documents being improperly withheld on the basis of the attorney-client privilege. (*Id.* at ¶ 37.) Atlantic contends that the plaintiffs have improperly withheld communications on which an attorney was merely carbon copied, and based on this supplemental privilege log, documents in which a lawyer was not even involved. (*Id.*) After

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017–3623

16

1  extensive meet-and-confers on this point, Atlantic intends to move the Court, via

2  Judge Wilner's Civil Procedure No. 2, to order production of these documents. But

3  until Atlantic has those documents, any dispositive motion will be incomplete, and

4  its depositions will not be as effective as they should be without an opportunity to

5  question the witnesses on all the relevant documents that have been improperly

6  withheld. (*Id.*)

7       **G.      The Parties' Dispute over Plaintiffs' Withholding of Documents on**

8            **the Basis of the Work-Product Doctrine**

9       The plaintiffs claim to have anticipated litigation on July 17, 2017, only two

10  days after they provided written notice of their claim, and before Atlantic had even

11  denied coverage. (*Id.* at ¶ 38.) Atlantic contends that the plaintiffs could not possibly

12  have anticipated litigation before it even conveyed its claim decision. (*Id.*) The

13  documents that Atlantic can identify that the plaintiffs are withholding on this basis

14  appear critical, since July 17 is the day the plaintiffs decided to move their

15  production out of Israel and the day that Israel's ground invasion into Gaza began.

16  (*Id.*) It seems clear that the plaintiffs decided to move production based on the

17  escalation of hostilities. But the plaintiffs are withholding e-mail communications

18  between their decision makers from this critical time frame. This is another issue on

19  which, after extensive meet-and-confers, Atlantic intends to move to compel using

20  Judge Wilner's Civil Procedure No. 2. Atlantic needs to resolve this issue before

21  taking depositions and preparing its motion for summary judgment.

22            **V.      <u>CONCLUSION</u>**

23       Based on the foregoing, Atlantic respectfully requests the Court modify the

24  Scheduling Order as follows (with the associated dates triggered by the dates below

25   adjusted accordingly), or to other nearby dates convenient for the Court:

26

27

28

ANDERSON, MCPHARLIN & CONNERS LLP
*LAWYERS*
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623

17

| Event | Current Date | Proposed Date |
|---|---|---|
| Deadline for Atlantic to Designate Rebuttal Expert Witnesses and Provide Rebuttal Expert Witness Reports | April 7, 2017 | June 6, 2017 |
| Discovery Cut-Off | May 12, 2017 | July 11, 2017 |
| Motion Cut-Off | May 22, 2017 | July 24, 2017 |
| Final pretrial Conference | June 23, 2017, at 1:30 p.m. | August 22, 2017, at 1:30 p.m. |
| Jury Trial | July 25, 2017 at 9:00 a.m. | September 25, 2017 at 9:00 a.m. |

DATED: March 31, 2017

MARC J. SHRAKE
ANDERSON, McPHARLIN & CONNERS LLP

-and-

MICHAEL KEELEY *(Pro Hac Vice)*
TONI SCOTT REED *(Pro Hac Vice)*
CARLA C. CRAPSTER *(Pro Hac Vice)*
STRASBURGER & PRICE, LLP

By:    */s/ Michael Keeley*
     Michael Keeley
Attorneys for Defendant ATLANTIC
SPECIALTY INSURANCE COMPANY

18

ATLANTIC SPECIALTY INSURANCE COMPANY'S AMENDED
EX PARTE APPLICATION FOR CONTINUANCE

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623

1

## **CERTIFICATE OF CONFERENCE**

2   I, Carla C. Crapster, counsel for Atlantic in this case, hereby certify that we

3   conferred with counsel for plaintiffs on March 28, 2017, by telephone, regarding a

4   motion for continuance.  Counsel for the plaintiff represented that they would not

5   agree to a continuance on March 28, 2017.  I certify that we conferred further with

6   counsel for plaintiffs on March 31, 2017, by telephone regarding whether they

7   would agree to an ex parte application on the subject of the motion for continuance.

8   Counsel for plaintiffs represented that they would not agree to an ex parte

9   application or a continuance.

10                                             */s/ Carla C. Crapster*_____
                                              Carla C. Crapster

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                          19

28

**ANDERSON, MCPHARLIN & CONNERS LLP**
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623

**PROOF OF SERVICE**

I am employed in the County of Dallas, State of Texas. I am over the age of eighteen years and not a party to the within action; my business address is 901 Main Street, Suite 6000, Dallas, Texas 75202.

On March 31, 2017, I served the following document(s) described as **DEFENDANT ATLANTIC SPECIALTY INSURANCE COMPANY'S AMENDED NOTICE OF AND MEMORANDUM IN SUPPORT OF EX PARTE APPLICATION FOR ORDER CONTINUING TRIAL DATE AND ALL DEADLINES FOR 60 DAYS** on the interested parties via the Court's CM/ECF System as follows:

Lucia E. Coyoca, Esq.                          Attorneys for Plaintiffs
Valentine A. Shalamitski, Esq.
Daniel M. Hayes, Esq.
Mitchell Silberberg & Knupp LLP
11377 West Olympic Boulevard
Los Angeles, CA 90064-1683
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made. Executed on March 31, 2017, at Dallas, Texas.

_Marianna Green_
Marianna Green

ATLANTIC SPECIALTY INSURANCE COMPANY'S AMENDED
EX PARTE APPLICATION FOR CONTINUANCE

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623

**1**

ANDERSON, McPHARLIN & CONNERS LLP

LAWYERS

707 WILSHIRE BOULEVARD, SUITE 4000

LOS ANGELES, CALIFORNIA 90017-3623

## DECLARATION OF CARLA C. CRAPSTER

Before me, the undersigned notary public in and for the State of Texas, on this day personally appeared Carla Crapster, known to me to be the person whose name is subscribed hereto, and who after being duly sworn by me, did upon her oath state as follows:

1.     My name is Carla C. Crapster. I am over twenty-one years of age, have never been convicted of a felony or crime of moral turpitude, and am otherwise competent to make this declaration.

2.     I am a partner with Strasburger & Price, LLP, in Dallas, Texas. I am counsel for Atlantic Specialty Insurance Company ("Atlantic") in this case. I have personal knowledge of the matters stated herein. If called upon, I could and would competently testify to the following facts based on my personal knowledge.

3.     Atlantic filed this as an emergency or ex parte motion in light of: (1) the upcoming deadlines to file rebuttal expert reports (April 7) and dispositive (April 24) and (2) the situation has unfolded in such a way that Atlantic was, until approximately March 17, still hopeful that the parties could resolve various issues in enough time for Atlantic to comply with the current scheduling order.

4.     Atlantic stated in a letter dated March 17, 2017, that due to the plaintiffs' extensive delays, Atlantic believed a continuance was necessary. Atlantic did not receive the plaintiffs' statement that they were opposed to this relief until the afternoon of March 28, 2017. This delay in the plaintiffs' providing their position on a continuance, as well as the many other delays discussed in this declaration, are what have caused Atlantic to present these issues to the Court now.

5.     Atlantic served its first set of written discovery on November 17, 2016. Atlantic agreed to the plaintiffs' request for an extension of time to respond to these requests until December 27, 2016. The plaintiffs served objections and responses to

21

**DECLARATION OF CARLA C. CRAPSTER**

1  the written discovery on that date, but it did not produce documents for the first time
2  until January 27, 2017.

3      6.      The plaintiffs produced a privilege log on January 26, 2017, with only
4  nine entries. Counsel for the plaintiffs stated in various telephone conferences that
5  they were planning to produce a lengthier privilege log.

6      7.      Atlantic produced its privilege log on December 22, 2016, which was
7  over 28 pages long.

8      8.      Atlantic received the plaintiff's ostensibly complete privilege log on
9  March 28, 2017, at 5 p.m. A true and correct copy of the supplemental privilege log
10  that Atlantic received on March 28, 2017 is filed herewith as Exhibit 1 and
11  incorporated herein by reference.

12      9.      The plaintiffs' first production of documents was on January 27, 2016.
13  Since then, the plaintiffs have produced documents on: February 2, February 7,
14  February 15, February 18, February 24, March 8, March 9, March 10, March 13,
15  March 14, March 17, and last night, March 28.

16      10.     On January 6, 2017, Atlantic noticed ten depositions in this case to take
17  place in late January and early February. Atlantic had to postpone these depositions,
18  however, because it had received so few documents from the plaintiffs by the dates
19  these depositions were set to begin. And the plaintiffs did not provide Atlantic with
20  a firm date by which they would complete their production. Atlantic did not feel that
21  its depositions would be productive or purposeful without having had an opportunity
22  to review the many documents that it knew had to be forthcoming from the plaintiffs
23  (including correspondence relating to the decision to move the production of *Dig* out
24  of Israel). Atlantic felt it would have been prejudiced if it had to go forward with its
25  depositions while plaintiffs were still slowly (and with no confirmed end in sight)
26  producing documents. Atlantic therefore postponed the depositions it had scheduled,

27

28

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623

22

**DECLARATION OF CARLA C. CRAPSTER**

1    based upon the plaintiffs' representations that they were working as diligently as
2    possible to complete their document production and provide Atlantic a complete
3    privilege log.

4          11.    The decision to postpone depositions was also part of the parties' joint
5    decision to seek a continuance in this case, which the court granted.

6          12.    In the joint stipulation for a continuance, the plaintiffs stated that they
7    expected their production of documents to proceed into early February. (*See* Doc. 33
8    at ¶9(c)). Atlantic took this into consideration in postponing the depositions it had
9    scheduled for late January and early February.

10         13.    The plaintiffs have still not completed their production of documents.

11         14.    Atlantic has conferred with the plaintiffs repeatedly, on both the
12   tardiness of documents and the privilege log and other discovery issues. Meet-and-
13   confer calls, most of them lasting hours each, were conducted on January 25,
14   February 23, February 24, March 6, March 23, and March 28. In these calls, Atlantic
15   asked repeatedly when the plaintiffs would provide a complete privilege log and
16   when they would complete their document production. The plaintiffs stated in the
17   call that took place on March 6, 2017 that they would provide a complete privilege
18   log "early next week." Atlantic did not receive a privilege log at any point during
19   the following week of March 13th. The plaintiffs stated in a letter dated March 14,
20   2017, that they "estimated" and "anticipated" having the privilege log to Atlantic on
21   March 20, 2017. Atlantic did not receive a privilege log on that date.

22         15.    In a phone conference that took place at 2 p.m. Central Time on March
23   23, 2017, plaintiffs' counsel stated that the privilege log was taking longer than
24   anticipated, due in part to the illness of the attorneys who had been preparing the
25   log. Atlantic asked when it could expect to receive the log. Plaintiffs' counsel stated
26   that he would not provide an estimated date of completion. I understood from this

27

28

ANDERSON, McPHARLIN & CONNERS LLP
*Lawyers*
707 Wilshire Boulevard, Suite 4000
Los Angeles, California 90017-3623

23

**DECLARATION OF CARLA C. CRAPSTER**

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623

1   statement that the plaintiffs did not want to break yet another promise to provide the

2   privilege log by a date certain.

3       16.     Either I or my colleagues also reminded counsel for the plaintiffs that

4   Atlantic needed a complete privilege log in e-mails on February 17, February 23,

5   and March 2, and again in letters sent on March 10 and March 17. A true and correct

6   copy of the February 17 e-mail is filed herewith as Exhibit 2 and incorporated herein

7   by reference. A true and correct copy of the February 23 e-mail is filed herewith as

8   Exhibit 3 and incorporated herein by reference. A true and correct copy of the

9   March 2 e-mail is filed herewith as Exhibit 4 and incorporated herein by reference.

10  A true and correct copy of the March 10 letter is filed herewith as Exhibit 5 and

11  incorporated herein by reference. A true and correct copy of the March 17 letter is

12  filed herewith as Exhibit 6 and incorporated herein by reference.

13      17.     After not receiving the privilege log as promised on March 20, and

14  after plaintiffs' counsel refused to name a date on which it would provide the log,

15  counsel for Atlantic informed counsel for the plaintiffs via an e-mail dated March

16  24, 2017, that if the plaintiffs had not provided a privilege log by Monday March 27,

17  at 2 p.m. Pacific Time, Atlantic would have no choice but to send an e-mail to the

18  Magistrate Judge assigned to this case, the Honorable Michael Wilner, in

19  accordance with his Civil Procedure No. 2, asking him to compel production of the

20  privilege log. The plaintiffs responded that they would provide the privilege log on

21  March 28, 2017. The plaintiffs did produce a privilege log on March 28, 2017,

22  which is three months after it was due on December 27, 2016.

23      18.     The plaintiffs' privilege log sent last night indicates that the plaintiffs

24  are withholding hundreds of documents based upon either the attorney-client

25  privilege or the work-product doctrine.

26

27                                         24

28

19.    Atlantic feels that it no longer has the time to review the entries on the latest privilege log, confer with counsel regarding the propriety of those entries, move to compel them if necessary, and ultimately review any documents it receives. This is particularly true in light of the upcoming deadline to file motions for summary judgment, which is set for April 24, 2017.

20.    Atlantic asked the plaintiffs to begin moving forward with the scheduling of the depositions that Atlantic intends to take in a letter dated March 10, 2017, in an e-mail dated March 16, 2017, and in a letter dated March 21, 2017. A true and correct copy of the letter dated March 10, 2017 is filed herewith as Exhibit 7 and incorporated herein by reference. A true and correct copy of the e-mail dated March 16 is filed herewith as Exhibit 8 and incorporated herein by reference. A true and correct copy of the letter dated March 21 is filed herewith as Exhibit 9 and incorporated herein by reference.

21.    The plaintiffs proposed a deposition date for one witness that Atlantic intends to depose, Stephen Smith during a phone call on March 23, 2017. The deposition of Mr. Smith is critical—he was the head of security for NBCUniversal and was behind the security reports that presumably prompted the plaintiffs to move production of *Dig* out of Israel. Atlantic also understands that Mr. Smith will serve as a corporate representative for the plaintiffs in depositions. The date that the plaintiffs proposed for this key deposition was April 25, the day *after* motions for summary judgment are due. Atlantic expressed that this was not workable and that it needed the deposition before the deadline to file dispositive motions. Counsel for the plaintiffs demanded an explanation as to why, which Atlantic would not provide as its analysis of what to include in any dispositive motion is protected attorney work product.

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623

25

**DECLARATION OF CARLA C. CRAPSTER**

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623

22.    The parties were able to resolve this one dispute, and that key deposition is now set for April 18.

23.    The plaintiffs have provided deposition dates for only five of the other witnesses Atlantic intends to depose (leaving four with no proposed dates at all), and three of those proposed dates are after the deadline to file motions for summary judgment has passed.

24.    In a phone call that took place on March 28, 2017, the plaintiffs stated that they could not guarantee that all Atlantic's requested depositions will take place before the April 24, 2017 deadline to file motions for summary judgment.

25.    The privilege log that the plaintiffs produced last night raises many more issues, based on the review Atlantic has been able to complete today. The plaintiffs have logged numerous entries noting that documents are withheld on the basis that the correspondence contains "legal advice re security concerns in Israel." Because Atlantic does not understand how legal advice could relate to security concerns, Atlantic intends to raise this issue with opposing counsel.

26.    Atlantic has also identified from the recently produced privilege log 52 e-mails sent during the critical time frame during which NBCUniversal was deciding whether to move production of *Dig* out of Israel, that are withheld on the basis of the attorney-client privilege, but that were neither sent to a lawyer or received from a lawyer. Atlantic needs to probe this issue much more carefully to be sure the withheld documents actually do contain privileged communications. Atlantic has also identified 29 e-mails sent during the same critical time frame that are withheld on the basis of attorney-client privilege, on which an attorney is merely carbon copied.

27.    Counsel for plaintiffs told counsel for Atlantic that the plaintiffs needed significant time to prepare the log because of the volume of documents involved.

26

ANDERSON, McPHARLIN & CONNERS LLP

*LAWYERS*

707 WILSHIRE BOULEVARD, SUITE 4000

LOS ANGELES, CALIFORNIA 90017-3623

28.     Until Atlantic received this latest complete log last night, Atlantic could not determine whether any documents were being withheld on an improper basis. Now that it has received the log, Atlantic still must: (1) review the log, (2) confer with plaintiffs' counsel regarding whether they will provide the documents, (3) move to compel production of any documents that have been improperly withheld, and (4) receive and review any such documents from the plaintiff. Atlantic cannot complete all these steps before the April 24, 2017 deadline to file motions for summary judgment and before Atlantic takes depositions (which must occur, at the latest, by the May 12 discovery deadline).

29.     The plaintiffs' documents produced to date have large redactions. Atlantic has inquired about these redactions multiple times, and the plaintiffs have stated that the redactions are based on the attorney-client privilege. Atlantic has stated to plaintiffs' counsel repeatedly that it was urgent for Atlantic to receive the complete privilege log so it could evaluate these redactions. Atlantic can only just now begin the process of analyzing the basis of these redactions by reviewing the privilege log produced last night.

30.     The plaintiffs took the position, in an e-mail from Lucia Coyoca dated November 15, 2016, that they were being prejudiced by the lateness of Atlantic's delay in producing documents and providing a privilege log. On November 15, 2016, when Ms. Coyoca sent this e-mail, Atlantic was four days late with its production of documents and the accompanying privilege log. Atlantic's responses and objections to the requests for production were due on November 11, 2016. Ms. Coyoca wrote in her e-mail sent five days later, on November 15, 2016: "We reiterate that in light of, inter alia, the tight time deadlines in this case, including the upcoming mediation in early January, the March 13 discovery cut-off, and the May 23, 2017 trial date, any further delay in Atlantic's production of documents and the

27

privilege log will prejudice Plaintiffs. Thus, Plaintiffs reserve all rights in connection with Atlantic's failure to produce responsive documents and its privilege log on a timely basis." A true and correct copy of Ms. Coyoca's e-mail is filed herewith as Exhibit 10 and incorporated herein by reference.

31.     In the call that took place on March 28, 2017, counsel for the plaintiffs seemed bewildered by Atlantic's contention that the tardiness of their privilege log and their delays in producing documents have prejudiced Atlantic, and have refused to agree to the requested extension as a result, maintaining that Atlantic has not been prejudiced by any delays.

32.     Atlantic was receiving documents responsive to its First Set of Requests for Production (served on November 17, 2016) as recently as last night (March 29, 2017).

33.     The plaintiffs have not, despite repeated requests, offered a final date on which they would conclude production.

34.     The parties have discussed at length the documents the plaintiffs have produced proving their alleged damages. The plaintiffs have been producing documents that relate to costs incurred in filming *Dig*. But Atlantic still has many questions about damages that it expected the documents to answer, and the parties have engaged in lengthy discussions about whether the type of documents that Atlantic expected to see existed and whether would be produced. Most recently, the plaintiffs stated during a telephone conference on March 28 and in a letter received on March 29 at 12:59 a.m. Central Time that they are not yet through producing documents relating to the damages. The letter stated that one batch of documents would be produced on March 29 (the nearly 13,000 pages that Atlantic received last night) and that another batch of documents would be produced at an indefinite time

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623

28

**DECLARATION OF CARLA C. CRAPSTER**

1  in the future. A true and correct copy of this letter is filed herewith as Exhibit 11 and

2  incorporated herein by reference.

3         35.    Atlantic intends to designate a rebuttal expert on the issue of damages.

4  Atlantic's expert will have almost no time to consider and include in his report the

5  analysis of additional documents the plaintiffs produce on damages. He may have

6  no time at all depending on when the plaintiffs produce the final damages

7  documents.

8         36.    Atlantic served a second set of requests for production on February 15,

9  2017. The plaintiffs' responsive documents were due on March 20, 2017. To date,

10  the plaintiffs have produced no responsive documents. During a telephone

11  conference that took place on March 28, 2017, the plaintiffs stated that they were

12  working on producing these documents but did not have an estimated time frame for

13  their production.

14         37.    Atlantic has been conferring with counsel for the plaintiffs over the

15  course of approximately the last 30 days over whether the plaintiffs would produce

16  documents being improperly withheld on the basis of the attorney-client privilege.

17  Atlantic contends that the plaintiffs have improperly withheld communications on

18  which an attorney was merely carbon copied. Atlantic intends to move the Court,

19  via Judge Wilner's Civil Procedure No. 2, to order production of these documents.

20         38.    The plaintiffs claim to have anticipated litigation on July 17, 2017,

21  which is two days after the plaintiffs provided written notice of their claim. This is

22  also, based on the best information available to counsel for Atlantic, before Atlantic

23  had denied coverage. The parties dispute whether Atlantic could have reasonably

24  anticipated coverage by that date. Atlantic intends to move the Court via Judge

25  Wilner's Civil Procedure No. 2, to order production of these documents.

26

27                                              29

28                         **DECLARATION OF CARLA C. CRAPSTER**

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623

39.     The plaintiffs produced on March 29 (yesterday) at 9:37 p.m. a production of documents relating to their alleged damages that is 12,686 pages long. Atlantic feels strongly that its rebuttal damages expert needs to see and review these documents before finalizing his expert report, which is currently due next Friday, April 7.

40.     I hereby confirm that I conferred with counsel for the plaintiffs regarding the relief requested in this Ex Parte Application for Continuance on March 28, 2017, and again on March 31, 2017 regarding whether the plaintiffs opposed the filing of the precise Ex Parte Application that is above. The plaintiffs represented both that they opposed the relief requested herein and opposed the filing of an ex parte application. Atlantic originally filed this ex parte application last night, but on request of counsel that we confer about filing this request for relief as an ex parte application, Atlantic has withdrawn the previous Ex Parte Application filed yesterday and filed the attached Amended Ex Parte Application.

41.     I declare under penalty of perjury under the laws of State of California that the foregoing is true and correct.

DATED: March 31, 2017

_____
Carla Crapster

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623

30

**DECLARATION OF CARLA C. CRAPSTER**