LUCIA E. COYOCA (SBN 128314)
  lec@msk.com
VALENTINE A. SHALAMITSKI (SBN 236061)
  vas@msk.com
DANIEL M. HAYES (SBN 240250)
  dmh@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, CA 90064-1683
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Plaintiffs
Universal Cable Productions LLC and
Northern Entertainment Productions LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNIVERSAL CABLE PRODUCTIONS LLC, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ATLANTIC SPECIALTY INSURANCE COMPANY,<br><br>Defendant. | CASE NO. 2:16-cv-4435-PA-MRW<br><br>**DECLARATION OF VALENTINE A. SHALAMITSKI IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION FOR ORDER CONTINUING TRIAL DATE AND ALL DEADLINES FOR 60 DAYS**<br><br>Judge:   Hon. Percy Anderson<br><br>File Date:   June 20, 2016<br>Discovery Cutoff:   May 12, 2017<br>Pre-Trial Conf.:   June 16, 2017<br>Trial Date :   July 25, 2017 |

Mitchell Silberberg & Knupp LLP

8759036.2

**SHALAMITSKI DECLARATION ISO PLTFS' OPP TO DEF'S EX PARTE APPLICATION FOR ORDER CONTINUING TRIAL DATE AND ALL DEADLINES**

## DECLARATION OF VALENTINE A. SHALAMITSKI

I, Valentine A. Shalamitski, declare:

1. I am an attorney duly licensed to practice law in the State of California and before this Court. I am of counsel in the law firm of Mitchell Silberberg & Knupp LLP, attorneys of record for Plaintiffs Universal Cable Productions LLC ("UCP") and Northern Entertainment Productions LLC ("Plaintiffs") in the above-captioned matter. I make this declaration in support of Plaintiffs' Opposition to Defendant's Ex Parte Application for Order Continuing Trial Date and All Deadlines for 60 Days. Unless otherwise indicated, I have personal knowledge of the following facts and, if called and sworn as a witness, could and would competently testify thereto.

**Written Discovery**

2. Plaintiffs served their initial disclosures on September 16, 2016, a true and correct copy of which is attached hereto as Exhibit 23.

3. Plaintiffs served their First Set of Interrogatories and First Set of Requests for Production of Documents on October 5, 2016.

4. On October 26, 2016, Plaintiffs produced a detailed Excel spreadsheet containing tens of thousands of rows of financial data evidencing individual extra expenses that were incurred as a result of the relocation of the *Dig* production from Israel to Croatia and New Mexico.

5. Defendant Atlantic Specialty Insurance Company ("Atlantic") served its First Set of Interrogatories and First Set of Requests for Production of Documents on November 17, 2016.

6. On February 2, 2017, UCP served its Second Set of Interrogatories, Second Set of Requests for Production of Documents, and First Set of Requests for Admission.

7. On February 15, 2017, Atlantic served its Second Set of Requests for Production of Documents. All of the requests were for documents that Atlantic

Mitchell Silberberg & Knupp LLP

1

**SHALAMITSKI DECLARATION ISO PLTFS' OPP TO DEF'S EX PARTE APPLICATION FOR ORDER CONTINUING TRIAL DATE AND ALL DEADLINES**

could have sought when it served its First Set of requests. Plaintiffs are in the process of reviewing and preparing the documents they agreed to produce in response to Atlantic's Second Set of requests. They anticipate this production will be minimal, and will be completed in the next two weeks.

8. On February 16, 2017, Atlantic served its Second Set of Interrogatories.

9. On March 6, 2017, UCP served its Third Set of Requests for Production of Documents and Second Set of Requests for Admission.

10. On March 7, 2017, Plaintiffs noticed the depositions of Sean Duffy, Wanda Phillips, Dennis Crosby, and Rule 30(b)(6) corporate designee witness of Atlantic.

11. On March 17, 2017, the parties exchanged expert witness disclosures and those experts' reports.

**Document Production and Privilege Logs**

12. Plaintiffs collected hundreds of thousands of document for potential review and production in response to Atlantic's requests for production of documents and otherwise. Due to the voluminous nature of documents, Plaintiffs arranged for a team of 12 lawyers for document review. Plaintiffs made their document productions on rolling basis, starting in October 2016, and to date, Plaintiffs have produced more than 3,300 documents for a total page count of about 32,749.

13. Atlantic has produced only about 614 documents for a total page count of about 4,548.

14. Atlantic produced its original privilege log (containing 12 entries) on December 5, 2016, more than two weeks after serving responses to Plaintiffs' requests for production on November 17, 2016 (following a one-week extension of time). Atlantic produced a larger supplemental log on December 22, 2016. The supplemental log did not include any legend of names.

SHALAMITSKI DECLARATION ISO PLTFS' OPP TO DEF'S EX PARTE APPLICATION FOR ORDER
CONTINUING TRIAL DATE AND ALL DEADLINES

15. Plaintiffs produced their original privilege log on January 26, 2017, about a month after serving responses to Atlantic's requests for production on December 27, 2016 (following a one-week extension of time). Additionally, a third-party privilege log on behalf of Aon was produced on January 26, 2017 in response to Atlantic's subpoena to Aon.

16. Plaintiffs had substantially completed production of the key documents that relate to the coverage issues in dispute by February 24, 2017. Since that time, Plaintiffs have continued to produce documents, but they are in large part responsive to a single category only – accounting records reflecting the extra expenses Plaintiffs incurred in the relocation of the *Dig* production.

17. On January 25, 2017, during the telephonic meet-and-confer, Atlantic requested four categories of information it said it needed to evaluate Plaintiffs' extra expenses claim:

1. Documentation showing the tax credits provided by the Croatia and New Mexico taxing authorities and the accounting reports or documents submitted to the taxing authorities to substantiate the credits;
2. Documents showing a further breakdown of the extra expenses (as reflected in the [Expense Bible] by categories or synopsis, whether in Excel form or some type of a narrative;
3. A list of abbreviations used in the [Expense Bible]; and
4. Documents provided to Plaintiffs' damages expert and relied upon by the expert to support Plaintiffs' damages calculation. *See also* Exhibit 24.

Plaintiffs complied with each of Atlantic's requests. Plaintiffs produced the documents in Categories 1-3 on (and in some cases, before) February 25, 2017. With respect to Category 4, as is common in any civil case, Plaintiffs worked with their damages expert to identify the documents he needed to prepare his report on

3

the extra expense claim (Category 4). To the extent those documents had not already been produced (many had), Plaintiffs produced them to Atlantic on a rolling basis as they were identified, prior to the March 17, 2017 delivery of Plaintiffs' expert reports.

18. Notwithstanding Plaintiffs' voluminous productions, Atlantic would not drop the backup documentation issue. Therefore, and even though Atlantic never responded to Plaintiffs' offer to search for invoice documents at Atlantic's expense, Plaintiffs continued to try to find alternative reasonable ways to accommodate as much of Atlantic's request for backup documentation as possible. Accordingly, on March 28, 2017, Plaintiffs told Atlantic that it would produce a subset of backup documentation regarding the New Mexico and Croatia portions of the *Dig* production. *See* Exhibit 25. On March 29, Plaintiffs produced the New Mexico backup documentation, which totaled over 13,000 pages. Plaintiffs are still waiting to receive the Croatia backup documentation from a third-party production company in Croatia which Plaintiffs do not control.

19. Plaintiffs produced their supplemental privilege log on March 28, 2017, along with the accompanying legend of names listed on the log, a true and correct copy of which is attached hereto as Exhibit 26.

**Depositions**

20. On December 13, 2016, Plaintiffs noticed depositions of Pamela Johnson, Teresa Gooley, Daniel Gutterman, and Peter Williams.

21. In January, 2016, counsel for Atlantic approached Plaintiffs' counsel requesting that they stipulate to continue the trial, and all corresponding pre-trial dates in this matter. Plaintiffs agreed, and this Court granted the continuance on the parties' joint stipulation on January 19, 2017.

22. On January 6, 2017, Defendants noticed the depositions of Andrea Garber, Kurt Ford, Susan Weiss, Randi Richmond, Mark Binke, Stephen Smith, Thomas McCarthy, Jeff Wachtel, and Rule 30(b)(6) corporate designee witnesses

4

of UCP and NEP.  In January and late February, Plaintiffs offered several dates for the depositions of these witnesses.  Atlantic never confirmed the dates, and after the trial continuance was granted, on February 3, 2017, unilaterally removed all of these depositions from the calendar.  *See, e.g.*, Exhibit 27 attached hereto.

23.     Atlantic did not seek to reschedule these depositions until *after* Plaintiffs told Atlantic that it wanted to take the depositions of three additional Atlantic witnesses (Sean Duffy, Wanda Phillips, and Dennis Crosby).  Despite the prior scheduling problems, Plaintiffs once again acted in good faith and secured dates for several of these witnesses (including dates for high level executives who have limited availability) on short term notice, providing these new dates on March 24, 2017.  *See* Ex. 11 to Hayes Declaration.  However, despite Plaintiffs' multiple attempts to schedule the depositions of Atlantic's Rule 30(b)(6) corporate designee, Sean Duffy, Wanda Phillips, and Dennis Crosby, Atlantic declined to provide mutually-acceptable dates which work with the current case schedule.

24.     On March 29, 2017, Defendants noticed the deposition of Malika Adams, and also served amended deposition notices of Andrea Garber, Kurt Ford, Susan Weiss, Randi Richmond, Mark Binke, Stephen Smith, and Rule 30(b)(6) corporate designee witnesses of UCP and NEP.  These notices set dates in the first two weeks of April, without having discussed these dates with Plaintiffs and even though Plaintiffs already had provided multiple alternatives that worked for the deponents' schedules.  These witnesses range in responsibilities from production executives who were involved in the Dig production, to security personnel who assessed the security risks in Israel, to Plaintiffs' risk management personnel (and their broker) who were involved in the administration of the policy and submission of the *Dig* claim.

25.     As to two of the witnesses noticed by Atlantic – Susan Weiss and Malika Adams – Plaintiffs do not control these witnesses.  Ms. Weiss is employed by Aon, Plaintiffs' insurance broker.  Plaintiffs have worked diligently with Aon's

1 counsel to procure dates for Ms. Weiss' deposition, but after Atlantic failed to
2 proceed with her deposition during the initial round of scheduling, Ms. Weiss is
3 understandably reluctant to upend her schedule to accommodate Atlantic at the last
4 minute, given its dilatory conduct.  Ms. Adams is a former employee of Plaintiffs'
5 ultimate parent, Comcast.  She now lives outside of the United States, and while
6 Plaintiffs have worked to determine whether she will voluntarily submit to be
7 deposed, she is no longer within Comcast's control and is outside the jurisdiction
8 of the Court.

9      26.    On February 1, 2017, Plaintiffs took the deposition of Peter Williams.
10 Because not all relevant documents had been produced by Atlantic before the
11 deposition, Plaintiffs' counsel confirmed on the record that there were relevant
12 documents outstanding.

13      27.    On February 3, 2017, Plaintiffs took the deposition of Daniel
14 Gutterman.  Because not all relevant documents had been produced by Atlantic
15 before the deposition, Plaintiffs' counsel confirmed on the record that there were
16 relevant documents outstanding.

17      28.    On February 7, 2017, Plaintiffs took the deposition of Theresa
18 Gooley, in Minneapolis, Minnesota.  Because not all relevant documents had been
19 produced by Atlantic before the deposition, Plaintiffs' counsel confirmed on the
20 record that there were relevant documents outstanding.

21      29.    Atlantic has not taken any depositions in this matter.

22      30.    Attached hereto as Exhibit 28 is a true and correct copy of Plaintiffs'
23 January 23, 2027 letter to Atlantic (without the attachment).

24      I declare under penalty of perjury under the laws of the United States of
25 America that the foregoing is true and correct.

26      Executed April 3, 2017, at Los Angeles, California.

27                                                   */s/ Valentine A. Shalamitski*
28                                                      Valentine A. Shalamitski

**SHALAMITSKI DECLARATION ISO PLTFS' OPP TO DEF'S EX PARTE APPLICATION FOR ORDER
CONTINUING TRIAL DATE AND ALL DEADLINES**