1  LUCIA E. COYOCA (SBN 128314)
     lec@msk.com
2  VALENTINE A. SHALAMITSKI (SBN 236061)
     vas@msk.com
3  DANIEL M. HAYES (SBN 240250)
     dmh@msk.com
4  MITCHELL SILBERBERG & KNUPP LLP
   11377 West Olympic Boulevard
5  Los Angeles, CA 90064-1683
   Telephone:  (310) 312-2000
6  Facsimile:  (310) 312-3100

7  Attorneys for Attorneys for Plaintiffs
   Universal Cable Productions LLC and
8  Northern Entertainment Productions LLC

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11                  WESTERN DIVISION

12  UNIVERSAL CABLE                    CASE NO. 2:16-cv-4435-PA-MRW
    PRODUCTIONS LLC, a Delaware
13  limited liability company, and     **APPENDIX OF EXHIBITS IN**
    NORTHERN ENTERTAINMENT             **SUPPORT OF PLAINTIFFS'**
14  PRODUCTIONS LLC, a Delaware        **OPPOSITION TO DEFENDANT'S**
    limited liability company,         **EX PARTE APPLICATION FOR**
15                                     **ORDER CONTINUING TRIAL**
              Plaintiffs,              **DATE AND ALL DEADLINES**
16                                     **FOR 60 DAYS**
         v.
17                                     File Date:         June 20, 2016
    ATLANTIC SPECIALTY                 Discovery Cutoff:  May 12, 2017
18  INSURANCE COMPANY, a New           Pre-Trial Conf.:   June 16, 2017
    York insurance company,            Trial Date :       July 25, 2017
19
              Defendant.
20

21

22                          **PART 2**

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

8760186.1                    **APPENDIX OF EXHIBITS**

# EXHIBIT 10

| From: | Crapster, Carla |
| --- | --- |
| To: | Hayes, Daniel |
| Cc: | Keeley, Michael; Reed, Toni; Coyoca, Lucia; Shalamitski, Valentine |
| Subject: | UCP v. Atlantic - Follow-Up to This Afternoon"s Call |
| Date: | Thursday, March 23, 2017 3:51:17 PM |

Dan,

As a follow-up to our phone call this afternoon, this confirms in writing your statement that a privilege log is still not ready. You will now no longer give us an estimated date of completion of the privilege log. As we stated on the call, the extreme tardiness of this log has prejudiced our client, and that prejudice increases with each passing day.

As we discussed, given the continuing delays on the privilege log and in producing documents, we have no choice but to seek a continuance from the court. We appreciate your statement that you will discuss this with your client. As we stated, we ask that you confer with your client very quickly.

We believe that a continuance of all deadlines of approximately 60 days is necessary. We intend to move for a continuance even if the motion is opposed.

We have now provided you with all the deposition dates you asked for (including for Dennis Crosby, who, as you know, we think should not be deposed at all). Those dates are:

>      Sean Duffy: Week of April 3, or April 13 or 14
>      Wanda Phillips: April 4 or 5, or week of April 17
>      Corporate Rep: Week of April 10 (We stated on the phone that April 7 would
>  potentially work but have now confirmed that it will not).
>      Dennis Crosby: Week of April 17 (subject to our objection)

We have received one deposition date in return: Stephen Smith on April 25, which, as we explained, is not acceptable to us because it is after the summary judgment deadline. Please provide us deposition dates on the other individuals we have named by the close of business on Monday. (As we discussed, we need dates well ahead of the deadline to file motions for summary judgment.)  Otherwise, we will have no choice but to simply notice the depositions.

Thank you,
Carla

**Carla Crapster** • Strasburger & Price, LLP
901 Main Street, Suite 6000, Dallas, TX 75202
214.651.2034 • Fax 214.659.4060 • Strasburger.com

*This email message and any attachments are confidential and may be privileged. If you are not the intended recipient, please notify Strasburger & Price, LLP immediately -- by replying*

*to this message or by sending an email to postmaster@strasburger.com -- and destroy all copies of this message and any attachments. Thank you.*

# EXHIBIT 11

| From: | Hayes, Daniel |
|---|---|
| To: | "Toni.Reed@strasburger.com"; "Michael.Keeley@strasburger.com"; "Carla.Crapster@strasburger.com" |
| Cc: | Coyoca, Lucia; Shalamitski, Valentine |
| Subject: | UCP, et al. v. Atlantic - depositions |
| Date: | Friday, March 24, 2017 4:45:20 PM |
| Attachments: | image001.gif |

Toni,

We have confirmed with our client that Tom McCarthy is available for deposition in our New York office on Friday, April 7, 2017.  We are willing to proceed on that date provided that the deposition of Wanda Phillips is confirmed for Wednesday, April 5, 2017, also in New York City.

Andrea Garber is available for deposition on April 13 or 14, in our Los Angeles office.

Randi Richmond is available for deposition on April 27, in our Los Angeles office.

Kurt Ford is available for deposition on May 5, 2017, in our Los Angeles office.

Jeff Wachtel is available for deposition on May 12, in our Los Angeles office.

Your proposed dates for Sean Duffy, Dennis Crosby and Atlantic's corporate representative would require us to travel to Minnesota three separate times in three separate consecutive weeks.  We do not think that is reasonable, and request that you provide dates that are more closely clustered so that we can avoid unnecessary travel.  For example, we would be willing to proceed with the deposition of Sean Duffy on April 3, 2017, if you can make Atlantic's corporate designee available on April 5 and 6.  Alternatively, Duffy on April 18 if Atlantic's corporate designee is available on April 20 and 21.  Please let us know.

We would like to take the deposition of Dennis Crosby on April 20, 2017.

Please confirm the dates for Wanda Phillips, Tom McCarthy, Andrea Garber, Randi Richmond, Kurt Ford, Dennis Crosby, Jeff Wachtel, Sean Duffy, and Atlantic's corporate designee.

As to the deposition of Stephen Smith, as I said in our call, Mr. Smith can be available on April 25 in Los Angeles.  We can also offer Mr. Smith in Los Angeles on April 18.  Therefore, your complaint that we are not making Mr. Smith available prior to the summary judgment filing deadline is moot.  And recall that it was your decision to delay even the scheduling of depositions of Plaintiffs' witnesses for several months.  If April 18 or 25 do not work for some reason, we will make inquiries to see if Mr. Smith could make himself available in London on a date prior to the summary judgment motion cut-off date if you agree to a video deposition or travel to London.

We are working on obtaining dates for the deposition of Mark Binke.  We will also attempt to procure a date for Susan Weiss, but as you know, she is employed by Aon, not NBCUniversal, and we do not control the scheduling of her deposition.  As to Malika Adams, as we previously have advised, Ms. Adams is no longer employed by Comcast.  Also, it is our understanding that she no longer resides in the United States.  We will reach out to her to see if she is willing to travel to the

United States to be deposed, but we do not control Ms. Adams' schedule.

Please promptly provide dates on which Pamela Johnson may be deposed. As you know, we had hoped to defer taking Ms. Johnson's deposition until after resolution of the attorney-client privilege issue as to Leon Gladstone's coverage opinion, but given Atlantic's stonewalling on the issue, it does not appear that we can wait any longer to schedule her deposition.

Dan



**Daniel M. Hayes** | **Partner, through his professional corporation**
T: 310.312.3216 | dmh@msk.com
**Mitchell Silberberg & Knupp** LLP | **www.msk.com**
11377 W. Olympic Blvd., Los Angeles, CA 90064

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT AN INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.

# EXHIBIT 12



**Strasburger**

ATTORNEYS AT LAW

March 27, 2017

TONI SCOTT REED
(214) 651-4345
Direct Fax (214) 659-4091
Toni.Reed@strasburger.com

**Via Email**

Mr. Daniel M. Hayes
Mitchell Silberberg Knupp LLP
11377 W. Olympic Boulevard
Los Angeles, CA 90064

Re:   *Universal Cable Productions LLC and Northern Entertainment Productions
      LLC v. Atlantic Specialty Insurance Company*; Case No. 2:16-cv-04435-PA-
      MRW, pending in the United States District Court for the Central District of
      California, Western Division

Dear Daniel:

We have received the email from Plaintiffs' counsel this afternoon, stating that the
privilege log will be provided to Atlantic by tomorrow, March 28, 2017.  In light of
that firm promise, we have not yet sent a submission to the Magistrate Judge today.
If we do not receive the privilege log by tomorrow, we will proceed with the outlined
communication, including of course the statements Plaintiffs have provided in
today's email.

Out of professional courtesy to you, we will agree that the time for the final meet-
and-confer on all of Atlantic's outstanding issues raised in discovery will be on
Tuesday, March 28, at 11:00 a.m. Pacific time (a time you selected).  At that time,
we will conduct the final meet-and-confer on the following:

1.  All items in our letter of March 17, 2017;
2.  All items in our letter of March 21, 2017.

We have asked the Plaintiffs to state today their position in regard to Atlantic's
planned motion for continuance.  We spoke about that issue at length during our
call last week.  We again kindly ask that we have the position of Plaintiffs today, so
that we can reflect whether they oppose the request for a 60 day extension of all
deadlines on the current schedule.  We need to finally conclude our discussion on
this point, and will expect to do so in the call tomorrow if we do not receive the
Plaintiffs' position today.

**Strasburger & Price, LLP**

901 Main Street, Suite 6000 | Dallas, Texas 75202.3794 | 214.651.4300 tel | 214.651.4330 fax | www.strasburger.com
Austin | Collin County | Dallas | Houston | San Antonio | New York, N.Y. | Washington, D.C. | Mexico City - Strasburger & Price, SC



Mr. Daniel M. Hayes
March 27, 2017
Page 2


Please see the separate correspondence to you today regarding the planning for deposition dates. There are a number of witnesses we have asked to schedule, and you provided some dates on Friday evening. Just as we discussed in regard to scheduling Mr. Smith, there are a number of others for whom we need to complete testimony prior to the summary judgment motion deadline, and I'll detail those for you.

We will look forward to concluding our conference on the various pending discovery items we have previously outlined in writing.

Very truly yours,

Toni Scott Reed

cc:     Mr. Michael Keeley
        Ms. Carla Crapster

# EXHIBIT 13



March 27, 2017

TONI SCOTT REED
(214) 651-4345
Direct Fax (214) 659-4091
Toni.Reed@strasburger.com

**<u>Via Email</u>**

Mr. Daniel M. Hayes
Mitchell Silberberg Knupp LLP
11377 W. Olympic Boulevard
Los Angeles, CA 90064

Re:   *Universal Cable Productions LLC and Northern Entertainment Productions LLC v. Atlantic Specialty Insurance Company*; Case No. 2:16-cv-04435-PA-MRW, pending in the United States District Court for the Central District of California, Western Division

Dear Daniel:

We are following up regarding the ongoing efforts to schedule fact witness depositions. We will certainly work with you to plan Minneapolis dates that are more closely spaced in time, so that you can make fewer trips to Minnesota for depositions. We'll follow up with the witnesses, including Ms. Johnson, and get back with you on a suggested further proposed schedule that attempts to group the dates together for travel purposes.

Concurrently, we'd like your cooperation in ensuring that Atlantic can complete a number of fact witness depositions prior to the date the summary judgment motions are due. I mentioned Mr. Smith to you as an example of a person in that category last week, when his was the only suggested date you provided. We definitely need Mr. Smith to be presented before the summary judgment motions are due. We note your April 18 date you have mentioned for Mr. Smith, and request that you please hold that date for his deposition. We also need the following to be presented at least seven (7) days before the summary judgment deadline:

a. Susan Weiss;

b. Andrea Garber (please hold the suggested April 13 and 14 dates for her as we finalize who can be available in Los Angeles together as well);

**Strasburger & Price, LLP**

901 Main Street, Suite 6000 | Dallas, Texas 75202.3794 | 214.651.4300 tel | 214.651.4330 fax | www.strasburger.com
Austin | Collin County | Dallas | Houston | San Antonio | New York, N.Y. | Washington, D.C. | Mexico City - Strasburger & Price, SC



Mr. Daniel M. Hayes
March 27, 2017
Page 2

  c. Malika Adams;

  d. Mark Binke;

  e. Randi Richmond; and

  f. 30(b)(6) representative on Topics 1 (excluding LOSS), 4, 5, 7, 11, 12, 13, 14, 15, 20, 25, 30, 37, 38, 39, 40, 41, 42, 43, and 45.

To the extent you have lodged objections to providing the factual basis for your various contentions in this case, including with regard to the exclusions, Atlantic's position is that the designations of those topics is appropriate, and that the Plaintiffs must present a witness on their positions and contentions.

You have asked that we schedule non-employees and former employees through your firm, so we are continuing our efforts to do so.  If you are not able to or no longer take the position that you will present Ms. Weiss and Ms. Adams, we need to know that immediately, and we need to obtain their contact information from you.

As you know, we have been waiting for the completion of the production of documents and the provision of the privilege log so that we can proceed with depositions in an orderly fashion.  At this point, we are still waiting, but see no option but to also work on scheduling for depositions at the same time.  If we believe it necessary, we will issue notices for the depositions, subject of course to our pending discovery rights.  The issue of being afforded the opportunity to take the necessary fact witness depositions prior to summary judgment practice will also be mentioned as a part of the anticipated motion for continuance.

We'll look forward to your cooperation on the scheduling for these witnesses.

We renew the request to complete the scheduling for the remaining witnesses on the Atlantic list provided to you as well, although we do not require that those depositions be completed before the date summary judgment motions are due.



Mr. Daniel M. Hayes
March 27, 2017
Page 3

We will respond to you further regarding the later deposition dates you have proposed, but will also ask that you work with us to cluster dates for the witnesses who will appear in Los Angeles.

Very truly yours,

Toni Scott Reed

cc:    Mr. Michael Keeley
       Ms. Carla Crapster

# EXHIBIT 14

| | |
|---|---|
| **From:** | Hayes, Daniel |
| **To:** | "Reed, Toni"; Crapster, Carla |
| **Cc:** | Shalamitski, Valentine |
| **Subject:** | RE: Call today |
| **Date:** | Tuesday, March 28, 2017 10:23:14 AM |
| **Attachments:** | image001.gif |

OK, please call us at my office line at 11.



**Daniel M. Hayes** | **Partner, through his professional corporation**
T: 310.312.3216 | dmh@msk.com
**Mitchell Silberberg & Knupp LLP** | **www.msk.com**
11377 W. Olympic Blvd., Los Angeles, CA 90064

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT AN INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.

**From:** Reed, Toni [mailto:Toni.Reed@strasburger.com]
**Sent:** Tuesday, March 28, 2017 9:10 AM
**To:** Hayes, Daniel; Crapster, Carla
**Cc:** Shalamitski, Valentine
**Subject:** RE: Call today

Counsel,

The only opening I have in my schedule today is from 11 to 1 Pacific. I was going to let you
know that I do have a hard cutoff time, due to another scheduled meeting I must attend.

Best regards,
Toni Scott Reed

Toni Scott Reed • Strasburger & Price, LLP
901 Main Street, Suite 6000, Dallas, TX 75202
214.651.4345 • Fax 214.659-4091 • Strasburger.com


-----Original Message-----
From: Hayes, Daniel [mailto:dmh@msk.com]
Sent: Tuesday, March 28, 2017 10:57 AM
To: Reed, Toni; Crapster, Carla
Cc: Shalamitski, Valentine
Subject: Call today

Is it possible to move it to 2 Pacific? If not I will try to make 11 work, just please let me know.
Thanks

This email message and any attachments are confidential and may be privileged. If you are not the intended recipient, please notify Strasburger & Price, LLP immediately -- by replying to this message or by sending an email to postmaster@strasburger.com -- and destroy all copies of this message and any attachments. Thank you.

———————————————————

# EXHIBIT 15



**MITCHELL SILBERBERG & KNUPP LLP**
A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

Daniel M. Hayes
Partner
(310) 312-3216 Phone
(310) 231-8436 Fax
dmh@msk.com

March 28, 2017

VIA E-MAIL ONLY [TONI.REED@STRASBURGER.COM]

Toni Scott Reed
Strasburger & Price, LLP
901 Main Street, Suite 6000
Dallas, Texas 75202-3794

Re:   <u>Universal Cable Productions LLC, et al. v. Atlantic Specialty Insurance Company</u>

Dear Toni:

Over the past five months, Plaintiffs have provided an abundant amount of financial information supporting their damage claim.  Notwithstanding that voluminous production, during the ongoing meet and confer process, you have continued to request additional documents, and your position is constantly shifting as to what it is that you contend Atlantic needs in order to analyze Plaintiffs' damage claim.  Moreover, you persist in requesting documents that already have been produced, and it appears you have not taken the time to analyze what already has been produced. Indeed, today, you again asked for documents that, as I had told you previously, were already produced on February 17, 2017.  This letter summarizes our substantial efforts to provide you and your client with all of the information you might need to evaluate Plaintiffs' damage claim – and much more – and sets forth what additional efforts we will make.  Upon completion of those additional efforts, the matter of Plaintiffs' financial document production will be closed.

**I.     Brief History**

On October 26, 2016, Plaintiffs produced the Extra Expense production bible which, as you know, contains an enormous amount of detailed financial data supporting Plaintiffs' extra expense claim.  Following that production, Atlantic requested the underlying invoices for tens of thousands of entries in the production bible.  As we explained in our January 23, 2017 letter, producing every single invoice is unreasonable (because, *inter alia*, it is wholly unnecessary) and would be unduly burdensome.  That said, in the same letter, we told you that to the extent you continued to demand back up invoices, "we believe that the onus is on Atlantic to pay for all of the expenses associated with such a production" and asked that you "please confirm that Atlantic will pay the costs associated therewith and we will send you an anticipated budget."  **You never responded to this request.**

Instead, during a meet-and-confer call on January 25, 2017, your office requested other information to help it evaluate Plaintiffs' claim.  Specifically, Atlantic requested four additional categories of information:

8741929.1/ 46250-00001

11377 West Olympic Boulevard, Los Angeles, California 90064-1683
Phone: (310) 312-2000  Fax: (310) 312-3100  Website: WWW.MSK.COM



**Toni Scott Reed**
March 28, 2017
Page 2

1. Documentation showing the tax credits provided by the Croatia and New Mexico taxing authorities and the accounting reports or documents submitted to the taxing authorities to substantiate the credits;

2. Documents showing a further breakdown of the extra expenses (as reflected in the Extra Expense production bible) by categories or synopsis, whether in Excel form or some type of a narrative;

3. A list of abbreviations used in the Extra Expense production bible; and

4. Documents provided to Plaintiffs' damages expert and relied upon by the expert to support Plaintiffs' damages calculation.

Plaintiffs produced the documents in Categories 1-3 on (or in some cases, before) February 25, 2017. As we discussed today, the documents in Category 4 have been produced as well, all prior to the delivery of Robert Wunderlich's expert report on March 17, 2017.

On February 23, 2017, you requested a new vague category of financial documents, which you later would describe in a March 10, 2017 letter to me, as follows: "Existing Documents (in either Excel or narrative form) that discuss the differences between the initial budget for DIG and the final incurred total costs and expenses for the DIG series, including but not limited to those that discuss why there were differences in total costs and what made up the differences." The next day, February 24, 2017, I noted in our telephone call that Plaintiffs produced documents labeled UCP004076-UCP018002 on February 17, 2017 which contain, among other information, numerous budgets and cost reports related to the *Dig* Production. I asked that you review the document production and let me know whether those documents satisfied your new request. I followed our conversation with an email that same date, confirming what I had told you.

On March 6, 2017, in another telephone conversation, without any prompting from me, you said that you did *not* want to have to review thousands of invoices, and then made your new request for documents that show the variance between budgeted and actual costs *again*, without confirming whether you had actually reviewed our production as I previously requested.

On March 10, 2017, you reversed your position on the "invoice" issue from a few days earlier. In an effort to justify your new request for documents that show the variance between budgeted and actual costs, you made the following assertion: "Plaintiffs have lodged objections to producing all invoices that are the backup for the damages claimed in the case."

On March 14, 2017, I responded to your March 10 letter, to set the record straight, and told you, in pertinent part, the following information:

First, I told you that I had checked our February 17, 2014 production and confirmed that we did indeed produce documents that show the variance between budgeted and actual costs, with explanation, on that date.



Toni Scott Reed
March 28, 2017
Page 3

Second, I explained that your assertion that "Plaintiffs have lodged objections to producing all invoices that are the backup for the damages claimed in the case" was inaccurate, incomplete, and that it mischaracterized the history of our meet-and-confer on this issue (summarized above). I explained, once again, that we had told you repeatedly that the search for and retrieval of each and every invoice would be an expensive and burdensome process, but that to the extent you continued to demand back up invoices, we asked you confirm that Atlantic would pay the costs associated with collecting the invoices.  Again, **you never responded to our offer.**

With respect to your request for documents that show the variance between budgeted and actual costs, despite the numerous exchanges on this issue summarized above, you *again* raised your request in your March 17, 2017 letter, and asked for the Bates number of a specific document that we thought met your description.  We gave that to you today when we spoke – UCP015288-15309.  We told you that document was merely exemplary, and there were many more like it in our February 17 production.  Of course, it is your burden to analyze the documents that have been produced, and we are not required to do your work for you.

## II.    Final Efforts To Resolve Any Remaining Disputes Over The Production Of Financial Information

We stand by our objection that there is no reason Atlantic would need the underlying cost backup documentation.  The extensive and substantial financial data that Plaintiffs have already produced, together with Mr. Wunderlich's report, is more than enough for Atlantic to evaluate Plaintiffs' damage claim.  Nonetheless, and even though you have never responded to our offer to search for documents at Atlantic's expense, in order to put an end to the "invoice" debate, we have continued to try to find alternative reasonable ways to accommodate as much of your requests for additional documents as possible, and have located two sources of at least a substantial portion of the same:

1.  We collected certain information stored in an electronic database maintained by a third-party vendor called "Optimis."  The documents that we were able to collect consist of invoices and other backup documentation that were coded to the New Mexico and Croatia portions of the *Dig* production.  To be clear: this is a subset of the backup – it is not each and every invoice that was submitted in connection with the New Mexico and Croatia portions of the *Dig* production.  Archived hard copies – which may be more complete – are kept in storage and are not reasonably accessible.  Moreover, the information does not relate solely to extra expenses, because to cull those documents out from the entire database would be, as we have previously advised, too time consuming and burdensome to undertake if Atlantic is not going to pay for it.  (This is particularly true in light of the fact that Atlantic does not even need these invoices to evaluate the extra expenses.)

    We are preparing these documents for production to Atlantic tomorrow.

2.  We are (and have been) in contact with the Croatian production company involved in the Croatia portion of the *Dig* production – who we do not control – and have requested they search for and collect any *Dig* related invoices and other cost backup they have in their



Toni Scott Reed
March 28, 2017
Page 4

possession that is reasonably accessible, **at Plaintiffs' cost**, and deliver that documentation to us.  When we receive that documentation, we will review it and produce it to Atlantic as quickly as possible (subject, of course, to our identification of any that must be withheld on the basis of an objection).

\*\*\*

None of the documents we intend to produce in the above two categories are necessary to resolve Plaintiffs' damage claim, considering the substantial detailed financial reports and other data Plaintiffs have already produced.  On the contrary, we are producing these two additional categories of documents to eliminate the need to discuss Plaintiffs' production of financial documents any further.  After a limited production today (containing mostly duplicative information), the only documents that remain to be produced in response to the First Set of Requests for Production are the two categories of financial documents, described above.  If you think you require additional information concerning the documents Plaintiffs have produced, you are free to explore the same in your depositions.

We now consider the issue of Plaintiffs' production of financial information closed.

Regards,

Daniel M. Hayes
Partner of
MITCHELL SILBERBERG & KNUPP LLP

# EXHIBIT 16



# Strasburger
## ATTORNEYS AT LAW

March 29, 2017

CARLA C. CRAPSTER
(214) 651-2034
Direct Fax (214) 659-4060
Carla.Crapster@strasburger.com

**VIA E-MAIL AND U.S. MAIL**

Lucia E. Coyoca, Esq.
Valentine A. Shalamitski, Esq.
Daniel M. Hayes, Esq.
Mitchell Silberberg & Knupp
11377 West Olympic Boulevard
Los Angeles, California 90064-1683

Re:  *Universal Cable Productions LLC and Northern Entertainment Productions
LLC v. Atlantic Specialty Insurance Company*; No. 2:16-cv-04435-PA-MRW,
pending in the United States District Court for the Central District of
California, Western Division

Counselors:

Please find attached the following deposition notices:

  (1)    Notice of Deposition of Malika Adams;
  (2)    First Amended 30(b)(6) Notice of Deposition of Universal Cable
         Productions, LLC;
  (3)    First Amended 30(b)(6) Notice of Deposition of Northern
         Entertainment Productions, LLC;
  (4)    First Amended Notice of Deposition of Susan Weiss;
  (5)    First Amended Notice of Deposition of Andrea Garber;
  (6)    First Amended Notice of Deposition of Mark Binke;
  (7)    First Amended Notice of Deposition of Randi Richmond;
  (8)    First Amended Notice of Deposition of Stephen Smith; and
  (9)    First Amended Notice of Deposition of Kurt Ford.

It remains our preference to schedule these depositions during mutually convenient
dates if we can agree to do so well ahead of the Motion for Summary Judgment
deadline, or if the court grants our Motion for Continuance. But, given that we have
not been able to agree upon dates yet, and given the looming deadlines, we felt we
had no choice but to formally notice the depositions. We look forward to hopefully

**Strasburger & Price, LLP**

901 Main Street, Suite 6000  |  Dallas, Texas 75202.3794  |  214.651.4300 tel  |  214.651.4330 fax  |  www.strasburger.com
Austin  |  Collin County  |  Dallas  |  Houston  |  New York  |  San Antonio  |  Washington, D.C.  |  Mexico City - Strasburger & Price, SC



Counselors
March 29, 2017
Page 2

resolving this and all remaining discovery disputes in what hopefully will be a final meet-and-confer call tomorrow.

Sincerely,

Carla C. Crapster
CCC:mg
Enclosures

cc:   Mr. Michael Keeley
      Ms. Toni Scott Reed

# EXHIBIT 17



**MITCHELL SILBERBERG & KNUPP LLP**
A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

Daniel M. Hayes
Partner
(310) 312-3216 Phone
(310) 231-8436 Fax
dmh@msk.com

March 29, 2017

**VIA E-MAIL ONLY**

Toni Scott Reed, Esq.                    Carla C. Crapster, Esq.
Strasburger & Price, LLP                 Strasburger & Price, LLP
901 Main Street                          901 Main Street
Suite 6000                               Suite 6000
Dallas, TX 75202                         Dallas, TX 75202

Re:    **Universal Cable Productions vs. Atlantic Specialty**

Dear Toni and Carla:

We wanted to briefly memorialize where the parties stand on the six points set forth in your
March 17, 2017 letter, following our meet-and-confer yesterday, March 28, and certain
statements made in your letters sent today, so that there are no misunderstandings if and when
these issues are presented to the Magistrate Judge.

1. <u>Privilege Log.</u>  Yesterday, we produced Plaintiffs' supplemental privilege log and the
   accompanying legend of names.  (As we previously explained, we had anticipated
   completing the supplemental log sooner (during the week of March 13 or 20), but due to
   unavoidable intervening circumstances (e.g., one of the attorneys primarily working on
   the privilege log was ill during most of the weeks of March 13 and 20), required
   additional time to complete the log.)  With respect to the legend, to alleviate Atlantic's
   concern in connection with the use of the word "related" in the definition of
   "NBCUniversal" on the original log (which we still believe is proper), the description has
   been revised to eliminate the word "related" as follows:  "For purposes of this privilege
   log, the term "NBCUniversal" means and refers to NBCUniversal Media, LLC, Universal
   Cable Productions LLC, and all of their parent, subsidiary, or affiliated entities."

   We categorically disagree with Atlantic's unsupported position, as expressed during the
   meet-and-confer, that if one of the participants in an otherwise privilege communication
   is employed by, for example, a subsidiary of NBCUniversal, that alone is sufficient to
   destroy the privilege as to that communication.  Atlantic's position is contrary to the plain
   language of California's statutory privilege, and the law which sensibly recognizes that
   communications between attorneys and employees of parent, subsidiary, or affiliate of a
   client in connection with legal representation and advice are within the scope of privilege.

   Moreover, none of the cases cited in your March 17, 2017 letter are on point or stand for
   the proposition that all individuals involved in a communication must be employed by
   Plaintiffs in order for privilege to apply.  Rather, the law is to the contrary.  *See, e.g.,* Cal.
   Evid. Code § 952 (defining privilege to encompass clients and other persons and entities



in confidential communications "to further the interest of the client" or "those to whom disclosure is reasonably necessary for the transmission of the information or the accomplishment of the purpose for which the lawyer is consulted"); *Zurich Am. Ins. Co. v. Super. Ct.*, 155 Cal. App. 4th 1485, 1501 (2007) (California's statutory attorney-client privilege is broad: in a corporate setting, it extends to communications involving all levels of employment, from high to middle, to low); *Ins. Co. of N. Am. v. Super. Ct.*, 108 Cal. App. 3d 758, 765, 767-70 (1980) (confidential communications among parent and directly or indirectly wholly-owned subsidiary or affiliate entities are privileged: "the fact that the communications are among formally different corporate entities which are under common ownership or control leads this court to treat such inter-related-corporate communications in the same manner as intracorporate communications [*i.e.*, privileged]"). If you have any additional or different authority, please provide it and we will consider it.

We maintain that the foregoing information is sufficient to enable Atlantic to assess the claim of privilege, without the need to "specifically identify the exact employer of each person listed on [the] privilege log" as Atlantic requests. However, as we said during the call, if after reviewing the supplemental log Atlantic has questions about any particular row, we are happy to address such issues if and when they arise.

2. <u>Redactions.</u>  As we discussed at length, there are two components to this issue:

    a.  *Redactions on the basis of privilege:*  Plaintiffs have logged redactions made on the basis of privilege on the supplemental privilege log. If Atlantic has further questions about a particular redaction, please let us know and we will address those. You stated that you are not sure whether Atlantic logged redactions based on privilege on its privilege log. In your letter we received today, you state that Atlantic logged redactions based on privilege, and provide us with three "examples" of said entries: "dated 11/18/14, 1/06/15, and 4/07/15." Please provide an amended log which lists all redactions with the corresponding bates numbers for each of the redactions. We cannot ascertain this information from Atlantic's log or your explanation because among other things, there are multiple entries on the log dated 11/18/14 and 4/07/15 and there is no entry dated 1/06/15. We have provided bates numbers for redacted documents on Plaintiffs' supplemental log. Please let us know when you will provide the amended log.

    b.  *Redactions on a basis other than privilege:*  In your March 17, 2017 letter, you stated: "We are willing to agree to log Atlantic's redactions of information that was withheld for confidentiality reasons in exchange for your agreement to do the same." Yesterday, we said we are willing to agree to this reciprocal arrangement for logging redactions made on grounds other than privilege, and that our respective logs would be modeled on Atlantic's "Second Supplemental Privilege Log," which you prepared, and in which you describe redactions made to the Publicis Claim File and Middle East Claim file. Surprisingly, you said that you



Toni Scott Reed, Esq.
Carla C. Crapster, Esq.
March 29, 2017
Page 3

needed to check with your client to determine whether it is still willing to agree to log the redactions it made based on grounds other than privilege. In your letter today, you state: "In my letter of March 17, 2017, the offer was made to schedule redactions based upon confidentiality on a privilege log, in exchange for Plaintiffs doing the same. You have seen an example of our method of noting such redactions in the Second Supplemental Privilege log. You indicated yesterday a willingness of the Plaintiffs to enter into such a reciprocal arrangement. I am confirming my client also agrees, and that we will provide a Third Supplemental Privilege Log to reflect the confidentiality redactions made on the documents you have already received, as soon as possible. I estimate that you will have the Third Supplemental in one week or less." Plaintiffs will reciprocally log their redactions within the same time estimate.

3. <u>Plaintiffs' claim that Work Product protection attached July 17, 2014.</u> I reiterated the fact that Theresa Gooley testified, under oath, that the decision that the *Dig* Claim was going to be denied was conveyed to Plaintiffs on July 17, 2014. Gooley Depo, 184:18-25. But as I said, even if Pamela Johnson said "we're seriously considering" denial in the July 17, 2014 phone call, as you say she did, Plaintiffs anticipated litigation after that July 17 phone call, and Plaintiffs were reasonable in doing so. I asked that you (i) provide us with your position regarding why Plaintiffs were not entitled to anticipate litigation as of that moment, (ii) identify when you contend Plaintiffs' anticipation of litigation accrued, and (iii) provide any authority that supports your position(s). You did not respond to (i). With respect to (ii), you stated that Plaintiffs could not have reasonably anticipated litigation until they decided to object to Atlantic's formal written denial letter. I asked you for any exemplary legal authority that supported this proposition (not *all* legal authority, just one or two cases). You flatly refused to provide *any* legal authority. If you present this issue to the Magistrate Judge, we expect you will not cite any legal authority for your position.

4. <u>Damages documents.</u> We said we would send you a letter addressing this issue yesterday. We did.

5. <u>Privilege claims where attorneys are "merely" "cc's."</u> As we explained, your argument and case authority are inapposite. The presence of an attorney on the "to," "from," or "cc" line is never dispositive, but is evidence supporting the assertion of privilege. The question is whether a communication is a "confidential communication" within the meaning of California Evidence Code section 952. We pointed out that, with respect to each of the nine documents that you reference in your letter, the descriptions of those documents provided in the log further substantiated our privilege claim. You did not inquire further after we pointed that out. We do not understand your position to be that any email sent to an attorney as a cc *cannot* be privileged. If you do maintain that position, please let us know. Otherwise, as we said during the call, we are happy to meet-and-confer regarding any particular row on our privilege log that you feel it is necessary to discuss.



Toni Scott Reed, Esq.
Carla C. Crapster, Esq.
March 29, 2017
Page 4

6. <u>Limiting the Deposition of Sean Duffy and Barring the Deposition of Dennis Crosby.</u>  As
we stated during the call yesterday, your position here is unjustified and unsupportable.
Plaintiffs do not agree to forego taking Mr. Crosby's deposition or to limit Mr. Duffy's
deposition to less than what is permitted by statute.

As to both Mr. Crosby and Mr. Duffy, we are not seeking either of their depositions
because they are purportedly at "the pinnacle of [Atlantic's] corporate structure," as you
argue, but because they are percipient witnesses with relevant knowledge.  Indeed, the
discussion in your March 17, 2017 letter proves they were directly involved in the denial
of the *Dig* claim.  You indicated:  "Mr. Duffy had only fleeting involvement with the Dig
claim.  As you know from the correspondence we produced, he stated in a one-sentence
email that he agreed with the analysis ***in the denial letter***.  This was the extent of his
involvement.  Mr. Crosby had even less involvement with the Dig claim.  He was
forwarded the denial letter at one point and then proceeded to forward it on to Peter
Williams (who already knew of the Dig claim) and in that forwarding e-mail said only:
'FYI.'  This is the total of his involvement in the Dig claim."  (Emphasis added.)  First,
that statement is incorrect.  The attachment to the email chain to which you refer
indicates that the attachment was:  "Opn Ltr to Pamela Johnson."  It does not indicate it
was a draft of the denial letter.  The attachment appears to reference the opinion letter
authored by Leon Gladstone which Ms. Gooley testified was received by Atlantic on July
21, 2014.  Ms. Gooley's email to Mr. Duffy which begins this chain, is dated July 22,
2014, and the denial letter was not sent until July 28, 2014.  At the very least Plaintiffs
are entitled to question the two witnesses as to what was attached, and are not required to
take your word for it.

Based on the documents produced, it appears both of Mr. Duffy and Mr. Crosby had the
opportunity to review, consider, and approve the coverage opinion from Leon Gladstone.
*See* ATL001829-31 (title of the attachment:  "Opn Ltr to Pamela Johnson" received, etc.
by, among others, Duffy and Crosby), ATL001832-34 (continuing email chain).  And in
your discovery responses, Atlantic identified Mr. Duffy in responses to Interrogatory
Nos. 1 and 2 as a person who was "responsible for the decision to deny the *Dig* Claim"
and who was involved in "evaluating and considering the *Dig* Claim."  Plaintiffs are
entitled to depose both of these witnesses as to the extent of their consideration of the
denial, based on the presentation of the issue to them by Ms. Gooley.

Moreover, Atlantic's own insurance expert, Anthony Clark, relied on the fact that the
decision to deny the Dig Claim was approved by various supervisors up the chain of
command, as evidence of Atlantic's good faith investigation and claim handling.  In
addition to Ms. Gooley, Mr. Duffy and Mr. Crosby were the up-the-chain Atlantic
employees that would have given the referenced supervisory approval to which Mr. Clark
referred.  To state the obvious, Atlantic and its insurance expert are relying on the
decisions by "supervisory personnel" (including Mr. Duffy and Mr. Crosby), who in turn,
appear to have relied on Mr. Gladstone's opinion in reaching their "supervisory"
decision.  Perhaps they relied on more than Gladstone's opinion; Plaintiffs do not know,



Toni Scott Reed, Esq.
Carla C. Crapster, Esq.
March 29, 2017
Page 5

but they are entitled to discover this critical information.  Either way, even without Atlantic's expert's statements, it cannot be reasonably disputed that both Duffy and Crosby have unique personal knowledge relevant to the case, including information about the consideration of and denial of the *Dig* claim from a supervisory perspective and otherwise.

Further, even assuming for purposes of argument only that either witness is at the "apex" of Atlantic's corporate structure, Atlantic will not satisfy the requirements of an otherwise protected "apex" deposition here because Plaintiffs are not seeking to depose these witnesses "automatically" as you claim.  Rather, Plaintiffs have engaged in extensive written and document discovery, deposed and are in the process of deposing four lower-level Atlantic's employees who handled the *Dig* claim (Mr. Gutterman, Ms. Johnson, Ms. Gooley, and Mr. Williams), but are still lacking information about, for example, consideration and denial of the *Dig* claim by Atlantic's supervisory personnel.

Finally, as I said during our call, if these witnesses have no or very little pertinent information, these will be short depositions.  But we will not, under any circumstances, agree to preemptively limit the time or scope of either deposition, especially given that in all three depositions of Atlantic witnesses to date, unexpected and highly relevant documents were revealed.

I asked that you provide us with an answer today to the question whether you intend to stand on your objections to these depositions.  You said the "final decision-maker" needed to make the call, so you did not know whether you would have an answer today. Given the need to get these depositions set and taken, if the issue is not resolved during tomorrow's meet and confer, we will bring this issue to the Magistrate Judge.

7.  <u>Deposition Scheduling.</u>  We received your letter today with notices for the depositions of Plaintiffs' witnesses.  Your unilateral setting of dates for these depositions is unacceptable, particularly in light of the numerous dates that we previously provided on which Plaintiffs witnesses may be deposed.  During the call tomorrow please be prepared to discuss deposition scheduling.  Based on your letter of today indicating your unwillingness to proceed with the depositions of Wanda Phillips and Tom McCarthy next week, we have informed Mr. McCarthy that his deposition will not be proceeding next week.  However, we simply cannot continue to proffer dates for Plaintiffs' witnesses to be deposed, and then have Atlantic fail to proceed with scheduling the depositions or unilaterally attempt to impose different dates.  You are complaining that you need a trial continuance in part because you have not deposed Plaintiffs' witnesses, and yet you stalled for months in the setting of any depositions.  You unilaterally took all of the previously offered dates off calendar in late February, and currently are refusing to confirm the deposition dates that we have offered.

Specifically, we proposed several dates on Friday, March 24, and you simply ignored the dates we offered as to the majority of the witnesses.  As to Stephen Smith, we previously



Toni Scott Reed, Esq.
Carla C. Crapster, Esq.
March 29, 2017
Page 6

offered April 18 for Mr. Smith to be deposed.  As you are well aware, Mr. Smith needs to travel from London, England for his deposition.  In your March 27, 2017 letter, you indicated that you want us to "hold that date for his deposition" but you did not confirm that you would take his deposition on that date until your notice today.  As to Ms. Weiss and Ms. Adams, we will be prepared to discuss those depositions tomorrow.  As to the other witnesses, in some instances, we offered dates, but you unilaterally noticed these depositions for different dates than the ones offered.  You previously asked us to keep dates reserved (or multiple dates reserved), but failed to confirm the dates on which you will be proceeding.  This is simply unacceptable.  Atlantic is seeking to depose several high level executives with limited availability.  As time passes, the dates we previously proposed for our witnesses are starting to become unavailable.

Finally, we need confirmed dates for Ms. Phillips, Mr. Duffy, Mr. Crosby and Atlantic's Rule 30 (b) (6) designee, *immediately,* so that travel plans can be arranged.  It is imperative that you be prepared to set deposition dates for these witnesses tomorrow.

The above is not intended to be a full recitation of the parties' meet-and-confer.  All rights are reserved.

As to your email concerning scheduling another meet and confer, we are not available tomorrow, March 30, 2017 at 9 a.m.  We could do the call at noon tomorrow.  Please confirm your availability.

Sincerely,

Daniel M. Hayes
Partner of
MITCHELL SILBERBERG & KNUPP LLP

DMH/mxb

8745538.1/46250-00001

# EXHIBIT 18



March 29, 2017

TONI SCOTT REED
(214) 651-4345
Direct Fax (214) 659-4091
Toni.Reed@strasburger.com

**<u>Via Email</u>**

Mr. Daniel M. Hayes
Mitchell Silberberg Knupp LLP
11377 W. Olympic Boulevard
Los Angeles, CA 90064

Re:   *Universal Cable Productions LLC and Northern Entertainment Productions
      LLC v. Atlantic Specialty Insurance Company*; Case No. 2:16-cv-04435-PA-
      MRW, pending in the United States District Court for the Central District of
      California, Western Division

Dear Daniel:

This is further to my letter of March 27, 2017.

We are not able to be in New York for an April 7 deposition date, as you suggested
for Mr. McCarthy.  We would like to see the New York depositions occur close in
time, as you had suggested.  Therefore, we need to see McCarthy, as well as Wanda
Phillips, set in later weeks during April.

Please confirm immediately whether you are presenting Ms. Weiss and Ms. Adams
for depositions, and taking the position that the scheduling must be coordinated
through you, as we need to proceed to contact them directly if that is not the case.

We will look forward to resolving the objections you have lodged to the 30(b)(6)
notice tomorrow.  As I mentioned in my last letter, to the extent Plaintiffs have
lodged objections to providing the factual basis for your various contentions in this
case, including with regard to the exclusions, Atlantic's position is that the
designations of those topics is appropriate, and that the Plaintiffs must present a
witness on their positions and contentions.

We will continue to work on Minnesota dates, but we do not have those established
yet.

**Strasburger & Price, LLP**

901 Main Street, Suite 6000 | Dallas, Texas 75202.3794 | 214.651.4300 tel | 214.651.4330 fax | www.strasburger.com
Austin | Collin County | Dallas | Houston | San Antonio | New York, N.Y. | Washington, D.C. | Mexico City · Strasburger & Price, SC



Mr. Daniel M. Hayes
March 29, 2017
Page 2

I'll look forward to your cooperation and assistance.

Very truly yours,

Toni Scott Reed

cc:    Mr. Michael Keeley
       Ms. Carla Crapster

# EXHIBIT 19

| | |
|---|---|
| **From:** | Hayes, Daniel |
| **To:** | "Reed, Toni"; Shalamitski, Valentine; Coyoca, Lucia |
| **Cc:** | Keeley, Michael; Crapster, Carla |
| **Subject:** | RE: Plaintiffs" Second Set of Discovery Responses/Deposition Objections - Meet and Confer |
| **Date:** | Thursday, March 30, 2017 10:01:11 AM |
| **Attachments:** | image001.gif |
| **Importance:** | High |

Toni,

We are available to talk anytime today from 10:30 Pacific on.  Please let us know what works for you.  In any event, we absolutely need to talk today about deposition scheduling.  Please confirm that you can speak for at least 30 minutes on that subject at 10:30 Pacific.

Dan



**Daniel M. Hayes** | Partner, through his professional corporation

T: 310.312.3216 | dmh@msk.com

**Mitchell Silberberg & Knupp LLP | www.msk.com**

11377 W. Olympic Blvd., Los Angeles, CA 90064

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT AN INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.

**From:** Reed, Toni [mailto:Toni.Reed@strasburger.com]
**Sent:** Thursday, March 30, 2017 9:53 AM
**To:** Hayes, Daniel; Shalamitski, Valentine; Coyoca, Lucia
**Cc:** Keeley, Michael; Crapster, Carla
**Subject:** RE: Plaintiffs' Second Set of Discovery Responses/Deposition Objections - Meet and Confer

Dan,

I have seen your indication that you are not available for the suggested time for today.  I am not able to clear my conflicts this afternoon for the time you suggested.

I am now suggesting Friday, March 31, at 2:00 central/12:00 noon Pacific.  I am available for 1.5 hours in that slot but must conclude at 3:30 my time.

Best regards,
Toni Scott Reed

**Toni Scott Reed** • Strasburger & Price, LLP
901 Main Street, Suite 6000, Dallas, TX 75202
214.651.4345 • Fax 214.659-4091 • Strasburger.com

**From:** Reed, Toni
**Sent:** Wednesday, March 29, 2017 2:35 PM
**To:** 'Hayes, Daniel'; Shalamitski, Valentine; Coyoca, Lucia
**Cc:** Keeley, Michael; Crapster, Carla
**Subject:** RE: Plaintiffs' Second Set of Discovery Responses/Deposition Objections - Meet and Confer

Dan,

Unfortunately, I cannot start as late as 2:00 p.m. Pacific/4:00 p.m. Central time today.  I am completely booked from 3:30 Central until late into this evening.

I suggest that my requested call go forward on Thursday, March 30, to address my first-made request noted below, on the items we have previously set out, including in correspondence.  I suggest 9:00 a.m. Pacific.  Please confirm.

In regard to the logged redactions on privilege and the issue of logging other objections, I'll get a letter to you today, setting out those issues.  We will also send a response in writing on document numbers.

Regarding the discovery sets you mention below, again, please set out your specific positions/requests in a letter, so that we can discuss with our client and attend a conference with (a) knowledge of your requests; and (b) ability to respond.

On the issue of our disputes regarding the depositions for Crosby and Duffy, I mentioned yesterday that I could not guarantee that I would have a client answer today, and I do not.  I'll keep working on that.

I'll look forward to speaking tomorrow.  Please look for my separate letters.

Best regards,
Toni Scott Reed

**Toni Scott Reed** • Strasburger & Price, LLP
901 Main Street, Suite 6000, Dallas, TX 75202
214.651.4345 • Fax 214.659-4091 • Strasburger.com

**From:** Hayes, Daniel [mailto:dmh@msk.com]
**Sent:** Tuesday, March 28, 2017 11:40 PM
**To:** Reed, Toni; Shalamitski, Valentine; Coyoca, Lucia
**Cc:** Keeley, Michael; Crapster, Carla
**Subject:** RE: Plaintiffs' Second Set of Discovery Responses/Deposition Objections - Meet and Confer

Toni,

As we discussed today during our call, please be prepared to address the following issues during our

meet-and-confer tomorrow (Wednesday):

- Atlantic's objections and responses to Plaintiffs' Second Sets of Requests for Production and Interrogatories, and First Set of Requests for Admissions.  We will endeavor to send you a letter, as you requested, in advance of the call.  But given Atlantic's wholesale refusal to produce documents in response to most of the RFPs, there is no reason we cannot discuss the RFP responses tomorrow without a pre-call letter.
- Whether Atlantic has logged redactions based on privilege and, assuming it has not, when it will do so.
- Atlantic's objections to the individual depositions of Mr. Duffy and Mr. Crosby.  As we discussed during the call earlier today, we need an answer tomorrow (Wednesday) to the question whether Atlantic intends to stand on its objections.

Please also identify the production numbers for the emails involving Mr. Duffy and Mr. Crosby that you referenced at the bottom of Page 8 of your March 17 letter to me, in advance of our call.

We propose **2:00 p.m. Pacific** for the call.  Please let us know whether that works.

Dan



**Daniel M. Hayes** | **Partner, through his professional corporation**
T: 310.312.3216 | dmh@msk.com
**Mitchell Silberberg & Knupp LLP** | **www.msk.com**
11377 W. Olympic Blvd., Los Angeles, CA 90064

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT AN INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.

**From:** Reed, Toni [mailto:Toni.Reed@strasburger.com]
**Sent:** Tuesday, March 28, 2017 9:16 AM
**To:** Hayes, Daniel; Shalamitski, Valentine; Coyoca, Lucia
**Cc:** Keeley, Michael; Crapster, Carla
**Subject:** Plaintiffs' Second Set of Discovery Responses/Deposition Objections - Meet and Confer

Counsel,

We need to complete a meet-and-confer on the following:

1. Plaintiffs' objections to designating a witness on specific topics, served in response to the 30(b)(6) notice to Plaintiffs (and Plaintiffs' final position on designating a witness to testify on contention topics);

2. Plaintiffs' objections and responses to second sets of written discovery (issues set out in our prior letter of March 24);

3. Atlantic's objections to the 30(b)(6) notice of deposition served on it.

We need to complete this conference on **Wednesday, March 29**.  We suggest 9:00 a.m. Pacific time.  If that time does not work, please name a specific time tomorrow that will work.

Best regards,
Toni Scott Reed

**Toni Scott Reed** • Strasburger & Price, LLP
901 Main Street, Suite 6000, Dallas, TX 75202
214.651.4345 • Fax 214.659-4091 • Strasburger.com

*This email message and any attachments are confidential and may be privileged. If you are not the intended recipient, please notify Strasburger & Price, LLP immediately -- by replying to this message or by sending an email to postmaster@strasburger.com -- and destroy all copies of this message and any attachments. Thank you.*

# EXHIBIT 20

| | |
|---|---|
| **From:** | Hayes, Daniel |
| **To:** | "Reed, Toni"; Shalamitski, Valentine; Coyoca, Lucia |
| **Cc:** | "Keeley, Michael"; "Crapster, Carla" |
| **Subject:** | RE: Plaintiffs" Second Set of Discovery Responses/Deposition Objections - Meet and Confer |
| **Date:** | Friday, March 31, 2017 8:39:09 AM |
| **Attachments:** | image001.gif |
| | 3-31-2017 letter Hayes to Reed (8751673).pdf |

Toni,

We made ourselves available starting at 10:30 a.m. yesterday, and told you we could talk any time after that. I said, if nothing else, we absolutely needed to take 30 minutes to discuss deposition scheduling. You did not even bother to respond to my email. And needless to say, you never called. Instead, you filed a surprise *ex parte* application based in part, ironically, on Atlantic's purported inability to schedule depositions.

Attached is Plaintiffs' meet-and-confer letter addressing Atlantic's objections and responses to Plaintiffs' Second Sets of Requests for Production and Interrogatories, and First Set of Requests for Admissions. Please be prepared to meet-and-confer on the issues set forth in this letter today when we speak.

Let's address deposition scheduling first when we talk at 12:00 Pacific. Please be prepared to put names on the calendar. We will call you.

Dan



**Daniel M. Hayes | Partner, through his professional corporation**
T: 310.312.3216 | dmh@msk.com
**Mitchell Silberberg & Knupp LLP | www.msk.com**
11377 W. Olympic Blvd., Los Angeles, CA 90064

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT AN INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.

**From:** Reed, Toni [mailto:Toni.Reed@strasburger.com]
**Sent:** Friday, March 31, 2017 6:29 AM
**To:** Hayes, Daniel; Shalamitski, Valentine; Coyoca, Lucia
**Cc:** Keeley, Michael; Crapster, Carla
**Subject:** RE: Plaintiffs' Second Set of Discovery Responses/Deposition Objections - Meet and Confer

Hi Dan,

This week has been extremely booked for me, so I did suggest the block of time I had for yesterday. Apparently, it did not work in your schedule.

I'm still available today for the suggested time (2 pm central/12 pm pacific).

Also, if we need some additional time to discuss depositions, on top of the afternoon slot, I'm available from 10:30 a.m. to 11:00 a.m. (my time) – 8:30 a.m. pacific.  To save time, you can certainly email me the substance you want to address on depositions, and we can go from there.

Looking forward to making progress, and thanks in advance,
Toni Scott Reed

**Toni Scott Reed** • Strasburger & Price, LLP
901 Main Street, Suite 6000, Dallas, TX 75202
214.651.4345 • Fax 214.659-4091 • Strasburger.com

---

**From:** Hayes, Daniel [mailto:dmh@msk.com]
**Sent:** Thursday, March 30, 2017 12:01 PM
**To:** Reed, Toni; Shalamitski, Valentine; Coyoca, Lucia
**Cc:** Keeley, Michael; Crapster, Carla
**Subject:** RE: Plaintiffs' Second Set of Discovery Responses/Deposition Objections - Meet and Confer
**Importance:** High

Toni,

We are available to talk anytime today from 10:30 Pacific on.  Please let us know what works for you.  In any event, we absolutely need to talk today about deposition scheduling.  Please confirm that you can speak for at least 30 minutes on that subject at 10:30 Pacific.

Dan



**Daniel M. Hayes** | **Partner, through his professional corporation**
T: 310.312.3216 | dmh@msk.com
**Mitchell Silberberg & Knupp LLP | www.msk.com**
11377 W. Olympic Blvd., Los Angeles, CA 90064

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT AN INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.

---

**From:** Reed, Toni [mailto:Toni.Reed@strasburger.com]
**Sent:** Thursday, March 30, 2017 9:53 AM
**To:** Hayes, Daniel; Shalamitski, Valentine; Coyoca, Lucia
**Cc:** Keeley, Michael; Crapster, Carla
**Subject:** RE: Plaintiffs' Second Set of Discovery Responses/Deposition Objections - Meet and Confer

Dan,

I have seen your indication that you are not available for the suggested time for today.  I am not able to clear my conflicts this afternoon for the time you suggested.

I am now suggesting Friday, March 31, at 2:00 central/12:00 noon Pacific.  I am available for 1.5 hours in that slot but must conclude at 3:30 my time.

Best regards,
Toni Scott Reed

**Toni Scott Reed** • Strasburger & Price, LLP
901 Main Street, Suite 6000, Dallas, TX 75202
214.651.4345 • Fax 214.659-4091 • Strasburger.com

---

**From:** Reed, Toni
**Sent:** Wednesday, March 29, 2017 2:35 PM
**To:** 'Hayes, Daniel'; Shalamitski, Valentine; Coyoca, Lucia
**Cc:** Keeley, Michael; Crapster, Carla
**Subject:** RE: Plaintiffs' Second Set of Discovery Responses/Deposition Objections - Meet and Confer

Dan,

Unfortunately, I cannot start as late as 2:00 p.m. Pacific/4:00 p.m. Central time today.  I am completely booked from 3:30 Central until late into this evening.

I suggest that my requested call go forward on Thursday, March 30, to address my first-made request noted below, on the items we have previously set out, including in correspondence.  I suggest 9:00 a.m. Pacific.  Please confirm.

In regard to the logged redactions on privilege and the issue of logging other objections, I'll get a letter to you today, setting out those issues.  We will also send a response in writing on document numbers.

Regarding the discovery sets you mention below, again, please set out your specific positions/requests in a letter, so that we can discuss with our client and attend a conference with (a) knowledge of your requests; and (b) ability to respond.

On the issue of our disputes regarding the depositions for Crosby and Duffy, I mentioned yesterday that I could not guarantee that I would have a client answer today, and I do not.  I'll keep working on that.

I'll look forward to speaking tomorrow.  Please look for my separate letters.

Best regards,
Toni Scott Reed

**Toni Scott Reed** • Strasburger & Price, LLP
901 Main Street, Suite 6000, Dallas, TX 75202
214.651.4345 • Fax 214.659-4091 • Strasburger.com

---

**From:** Hayes, Daniel [mailto:dmh@msk.com]
**Sent:** Tuesday, March 28, 2017 11:40 PM
**To:** Reed, Toni; Shalamitski, Valentine; Coyoca, Lucia
**Cc:** Keeley, Michael; Crapster, Carla
**Subject:** RE: Plaintiffs' Second Set of Discovery Responses/Deposition Objections - Meet and Confer

Toni,

As we discussed today during our call, please be prepared to address the following issues during our meet-and-confer tomorrow (Wednesday):

- Atlantic's objections and responses to Plaintiffs' Second Sets of Requests for Production and Interrogatories, and First Set of Requests for Admissions. We will endeavor to send you a letter, as you requested, in advance of the call. But given Atlantic's wholesale refusal to produce documents in response to most of the RFPs, there is no reason we cannot discuss the RFP responses tomorrow without a pre-call letter.
- Whether Atlantic has logged redactions based on privilege and, assuming it has not, when it will do so.
- Atlantic's objections to the individual depositions of Mr. Duffy and Mr. Crosby. As we discussed during the call earlier today, we need an answer tomorrow (Wednesday) to the question whether Atlantic intends to stand on its objections.

Please also identify the production numbers for the emails involving Mr. Duffy and Mr. Crosby that you referenced at the bottom of Page 8 of your March 17 letter to me, in advance of our call.

We propose **2:00 p.m. Pacific** for the call. Please let us know whether that works.

Dan



**Daniel M. Hayes** | **Partner, through his professional corporation**
T: 310.312.3216 | dmh@msk.com
**Mitchell Silberberg & Knupp LLP** | **www.msk.com**
11377 W. Olympic Blvd., Los Angeles, CA 90064

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT AN INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY

REPLY E-MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.

**From:** Reed, Toni [mailto:Toni.Reed@strasburger.com]
**Sent:** Tuesday, March 28, 2017 9:16 AM
**To:** Hayes, Daniel; Shalamitski, Valentine; Coyoca, Lucia
**Cc:** Keeley, Michael; Crapster, Carla
**Subject:** Plaintiffs' Second Set of Discovery Responses/Deposition Objections - Meet and Confer

Counsel,

We need to complete a meet-and-confer on the following:

1. Plaintiffs' objections to designating a witness on specific topics, served in response to the 30(b)(6) notice to Plaintiffs (and Plaintiffs' final position on designating a witness to testify on contention topics);
2. Plaintiffs' objections and responses to second sets of written discovery (issues set out in our prior letter of March 24);
3. Atlantic's objections to the 30(b)(6) notice of deposition served on it.

We need to complete this conference on **Wednesday, March 29**.  We suggest 9:00 a.m. Pacific time.  If that time does not work, please name a specific time tomorrow that will work.

Best regards,
Toni Scott Reed

**Toni Scott Reed** • Strasburger & Price, LLP
901 Main Street, Suite 6000, Dallas, TX 75202
214.651.4345 • Fax 214.659-4091 • Strasburger.com

*This email message and any attachments are confidential and may be privileged. If you are not the intended recipient, please notify Strasburger & Price, LLP immediately -- by replying to this message or by sending an email to postmaster@strasburger.com -- and destroy all copies of this message and any attachments. Thank you.*

# EXHIBIT 21

| From: | Hayes, Daniel |
|---|---|
| To: | Toni.Reed@strasburger.com; Carla.Crapster@strasburger.com; Michael.Keeley@strasburger.com |
| Cc: | Coyoca, Lucia; Shalamitski, Valentine |
| Subject: | UCP, et al. v. Atlantic |
| Date: | Monday, April 03, 2017 7:33:25 AM |
| Attachments: | image001.gif |
| | 4-3-2017 letter Hayes to Reed (8758186).pdf |

Toni,

Please see attached letter regarding our meet-and-confer call this past Friday, and our call scheduled for today.

Dan



**Daniel M. Hayes** | **Partner, through his professional corporation**

T: 310.312.3216 | dmh@msk.com

**Mitchell Silberberg & Knupp LLP** | **www.msk.com**

11377 W. Olympic Blvd., Los Angeles, CA 90064

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT AN INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.



**MITCHELL SILBERBERG & KNUPP LLP**
A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

Daniel M. Hayes
Partner
(310) 312-3216 Phone
(310) 231-8436 Fax
dmh@msk.com

April 3, 2017

**VIA E-MAIL**

Toni Scott Reed
Strasburger & Price, LLP
901 Main Street
Suite 6000
Dallas, TX 75202

Re:     **Universal Cable Productions LLC, et al. v. Atlantic Specialty Insurance Company**

Dear Toni:

This email confirms our meet-and-confer telephone call Friday afternoon.

1.  Notice of Withdrawal of *Ex Parte* Application.  You confirmed that you would file a notice of withdrawal of the *ex parte* application filed Thursday.  We received the same via ECF Friday afternoon.  With respect to Atlantic's *ex parte* application filed Friday afternoon, we confirmed that Plaintiffs oppose Atlantic's request for a trial continuance, and also contend that Atlantic's request for *ex parte* relief is itself inappropriate.

2.  Deposition Scheduling.

    a.  You confirmed that Atlantic has withdrawn its objections to the deposition of Sean Duffy and will produce him in Minneapolis without the time or scope restrictions you had originally demanded.  You proposed May 8, 2017 as the date of his deposition.  We asked you to provide earlier dates.  You said you needed to go back and check with Mr. Duffy.

    b.  You stated that you were not yet in a position to confirm that Atlantic would withdraw its objections to the deposition of Dennis Crosby and produce him without restriction.  You stated that you needed one more person to approve producing Mr. Crosby.  I asked that you secure that approval before we speak again on Monday at 12:00 p.m. Pacific.  You indicated that you would try, but could not guarantee you would be able to.  As I flagged for you during our call, given the case schedule, in the event we do not have your confirmation today that Mr. Crosby will be produced without restriction, we intend to bring this issue to the Magistrate Judge immediately.

    c.  We confirmed that the deposition of Stephen Smith will proceed on April 18, 2017 at MSK in Los Angeles.



**Toni Scott Reed**
April 3, 2017
Page 2

d. Since you did not have available dates for Wanda Phillips, Pamela Johnson, Atlantic's Rule 30(b)(6) designee(s), April dates for Mr. Duffy, or confirmation that Atlantic would voluntarily produce Mr. Crosby, we were unable to schedule any Atlantic witness depositions.   We were prepared to work with you on Friday to mutually schedule depositions, but that was not possible because you did not know Atlantic's witnesses' availability.  We agreed to talk again today at 12:00 p.m. Pacific regarding deposition scheduling and other issues, addressed below.  I asked that you be prepared today at 12:00 p.m., with Atlantic's witnesses' availability, so that we can schedule the remaining depositions in a fair and coordinated fashion.

e. Please note that if Atlantic is not prepared to schedule the depositions of its witnesses today in good faith, we will have no choice but to bring the matter to the Magistrate Judge immediately.  And as I noted during our call, an Atlantic proposal that would involve scheduling all of the witnesses Plaintiffs seek to depose for the last two weeks of the discovery period does not constitute good faith.  Please come prepared with **all** available dates – between April 10 and May 12 – for each of Atlantic's witnesses.  (You asked which depositions were most important to complete first, from Plaintiffs' perspective.  Plaintiffs would like the deposition of Wanda Phillips to proceed first and ASAP.  Please check whether Ms. Phillips is available for her deposition on **April 10** in New York City.)

Plaintiffs have been attempting to confirm the overall deposition schedule for weeks now.  On March 24, I sent you a comprehensive email which proposed dates for **ten** witnesses.  The only deposition out of that group that has been confirmed is one of ours, Stephen Smith on April 18.  We have made no progress in setting any of the others, even though Plaintiffs were ready, willing, and able to discuss a comprehensive schedule during the meet-and-confers this week.  I emphasized the importance of setting the deposition schedule in my Wednesday, March 29 letter to you.  I made myself available virtually the entire day on Thursday, March 30 to discuss deposition scheduling, but you never called.  When we finally spoke Friday, March 31, you weren't ready to have a comprehensive discussion; you only had one date for one of your witnesses, Sean Duffy.  And as I told you on Friday, that date (May 8 – four days before the discovery cutoff) was not acceptable.  It goes without saying that Atlantic cannot be heard to complain that it needs a trial continuance because it cannot take the depositions it needs early enough, while Atlantic continues to stall the process of setting depositions.

f. I understand that the dates Atlantic prefers for the depositions it wishes to take are the ones set forth in the deposition notices it recently served.  We will do our best to accommodate those dates where possible, but you will need to be flexible in our scheduling discussion on Monday, as it is not going to be possible to accommodate all of the dates Atlantic unilaterally chose in its notices.



Toni Scott Reed
April 3, 2017
Page 3

3. <u>Plaintiffs' objections to Atlantic's Rule 30(b)(6) deposition notice.</u>  We discussed five categories of topics that Plaintiffs objected to:

   a. *Topics which Plaintiffs contend would require the designee to apply law to fact or render legal conclusions.*  This category is comprised of Topic Nos. 4, 8, 11, 13, 14, 28, 42, 44, and 49.  Thank you for discussing what you believed were permissible types of questions in this category.  Having considered our discussion, Plaintiffs maintain that questions which would require a percipient witness to apply law to fact or reach a legal conclusion are inappropriate.  And the impropriety of such questions is not cured by asking, for example, for the "facts that support" a legal contention.  Those types of questions require the application of law to fact.  Therefore, Plaintiffs intend to stand on the objections asserted.  We are willing to discuss this position further with you when we speak today, if you would like to.

   b. *Topics relating to attorneys' fees incurred by Plaintiffs in the lawsuit and the compensation arrangement with MSK.  (Nos. 21 and 22).*  We understand that Atlantic contends it is entitled to a designee on these topics as a result of Plaintiffs' request for an award of attorneys' fees in connection with its second claim for bad faith.  We are still considering Atlantic's position.

   c. *"Who at UCP was responsible for identifying the documents responsive to the requests for production served in this case."  (No. 26).*  After considering our conversation Friday afternoon, we intend to stand on our objections.  The decision whether a particular document was responsive to a request for production was made, as in most cases, by attorneys, and it is therefore not the appropriate subject of a Rule 30(b)(6) deposition.

   d. *"The basis for Your withholding of documents in the Lawsuit on the basis of privilege, protection, or exemption from discovery."  (No. 27).*  As I said during our call, this topic clearly calls for a witness to engage in legal analysis.  Debates over whether a particular document is privileged can be resolved as they always are – through challenges to privilege log entries.  If the parties cannot resolve such challenges informally, we can bring them to the Magistrate Judge.  Plaintiffs intend to stand on their objections.

   e. *The relationship between Plaintiffs and various other entities.  (Nos. 38-41).*  I asked what the relevance of these topics was to the lawsuit.  You said that Atlantic needed to explore the relationship between entities in order to resolve our privilege log claims.  I noted that was not a sufficient ground to require a deposition – disputes over privilege objections should be handled as set forth above.  You also asserted that Atlantic needed to explore the relationship between the parties identified in these topics because the jury might be confused by the fact that the Plaintiffs were not listed as insureds, and NBCUniversal was.  I frankly did not understand this point, and said that, in any event, it sounded like an issue that could be dealt with in pretrial submissions or stipulations.  Further,



**Toni Scott Reed**
April 3, 2017
Page 4

the corporate structure relating to Plaintiffs, NBCUniversal, and the fact that Plaintiffs are Named Insureds are detailed in the operative complaint. There is no need for a Rule 30(b)(6) deposition on these topics. Based on our discussion Friday afternoon, Plaintiffs intend to stand on their objections in connection with these topics.

4. <u>MSJ filing date.</u> We tentatively agreed that the parties would file their respective motions for summary judgment on April 24, but that we would confirm the same when we talk today. Please be prepared to do so.

5. <u>Agenda for today.</u> In addition to the above items already discussed (resumption of deposition scheduling discussion, any remaining discussion over Plaintiffs' objections to Atlantic's Rule 30(b)(6) notice, and confirmation of MSJ filing date), we agreed to address the following today at 12:00 p.m.:

   a. Atlantic's objections to Plaintiffs' Rule 30(b)(6) notice.

   b. Plaintiffs' objections and responses to Atlantic's second set of interrogatories and requests for production.

   c. Atlantic's objections and responses to Plaintiffs' second sets of interrogatories and requests for production, and first set of requests for admission. Here, you stated that you would do your best to be in a position to meet-and-confer over all of the issues in out March 31 letter, sent at 8:39 a.m. on Friday, but could not guarantee that you would be able to discuss all issues. I confirmed that if any issues regarding Atlantic's objections and responses to this discovery remain after our call today, we intend to bring those issues to the Magistrate Judge immediately, whether or not you assert you are prepared to discuss them. There is simply not enough time to let discovery disputes languish, and the Magistrate Judge's informal procedure is designed, we believe, to facilitate quick resolution. We should avail ourselves of that procedure where we cannot reach agreement informally.

I look forward to continuing our discussion today at 12:00 p.m. Pacific.

Sincerely,

Daniel M. Hayes
Partner of
MITCHELL SILBERBERG & KNUPP LLP