UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-4435 PA (MRWx) | Date | April 5, 2017 |
|---|---|---|---|
| Title | Universal Cable Productions LLC, et al. v. Atlantic Specialty Insurance Company | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| V.R. Vallery | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

Before the Court is an Amended Ex Parte Application for an Order Continuing Trial Date and All Deadlines for 60 Days ("Ex Parte Application") filed by defendant Atlantic Specialty Insurance Company ("Atlantic"). (Docket No. 39.) Plaintiffs Universal Cable Productions LLC and Northern Entertainment Productions LLC (collectively, "Plaintiffs") have filed an Opposition to the Ex Parte Application. (Docket No. 40.) Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.

This is an insurance coverage dispute over approximately $7 million in expenses incurred by Plaintiffs when they relocated filming of the television show "Dig," from Israel to Croatia and New Mexico, due to hostilities between Israel and Palestine in the summer of 2014. Plaintiffs contend that expenses related to the relocation are a covered loss under the Motion Picture/Television Producers Portfolio Policy issued by Atlantic, while Atlantic disclaims coverage based on the policy's exclusion for losses caused by war or warlike action.

Plaintiffs filed this action on June 20, 2016, asserting claims for breach of contract and breach of the implied covenant of good faith and fair dealing. On September 15, 2016, the Court issued a Scheduling Order setting March 13, 2017, as the discovery cut-off date; March 20, 2017, as the motion cut-off date; and May 23, 2017 as the trial date. On January 18, 2017, the parties filed a Joint Stipulation and Application to Modify Case Schedule (Docket No. 33) which requested a two-month extension of the pre-trial and trial dates previously set by the Court. The Court granted the stipulation and continued the discovery cut-off to May 12, 2017, the motion cut-off to May 22, 2017, and the trial to July 25, 2017.

Atlantic filed the instant Ex Parte Application on March 31, 2017. The Ex Parte Application requests a second two-month continuance of the pre-trial and trial dates in this matter. Atlantic represents that this continuance is necessary because Plaintiffs' allegedly dilatory discovery tactics have prevented Atlantic from marshaling evidence necessary to support a motion for summary judgment. Absent a continuance, Atlantic avers that it will neither receive all outstanding discovery nor have an opportunity to depose key witnesses before the current motion cut-off.

Under Federal Rule of Civil Procedure 16(b), "[a] schedule may be modified only for good cause and with the judge's consent." "Rule 16(b)'s 'good cause' standard primarily considers the diligence of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-4435 PA (MRWx) | Date | April 5, 2017 |
|---|---|---|---|
| Title | Universal Cable Productions LLC, et al. v. Atlantic Specialty Insurance Company | | |

the party seeking the amendment." Johnson v. Mammoth Recreations, 975 F.2d 604, 609 (9th Cir. 1992). Good cause may be established by showing that the pretrial schedule "cannot reasonably be met despite the diligence of the party seeking the extension." Id. Although a court may consider other factors, such as whether amending the scheduling order would prejudice the opposing party, "the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." Id. (citation omitted). The party seeking to modify the scheduling order bears the burden of showing good cause exists. Id. at 608.

Furthermore, to justify ex parte relief, "the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures." Mission Power Eng'g Co. v. Continental Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995). Additionally, "it must be established that the moving party is without fault in creating the crisis that requires ex parte relief." Id.

The Court finds that Atlantic has not been diligent and has made an insufficient showing to justify the relief it seeks on an ex parte basis. As an initial matter, Atlantic waited more than two months after the Court issued its Scheduling Order to propound its initial request for production of documents. (See Declaration of Carla C. Crapster, ¶ 5.) Then, in January 2017, once Atlantic received a responsive production of documents that it felt was incomplete, it failed to take steps to compel a satisfactory production of documents. (See id. ¶¶ 5-6.) Around this time, the parties were granted a two month extension of time to complete discovery, which Atlantic has largely squandered without seeking the intervention of a judicial officer to compel Plaintiffs' production of documents. See Reuber v. United States, 787 F.2d 599, 601 (D.C. Cir. 1986) ("[I]t was incumbent upon Reuber to move to compel further discovery responses with reasonable dispatch.") On the record before it, the Court cannot conclude that Atlantic acted diligently, and therefore finds that Atlantic has failed to satisfy its burden of demonstrating that good cause exists to modify the Court's Scheduling Order.

Nor can the Court conclude that Atlantic would be irreparably prejudiced if a motion for a continuance was heard according to regularly noticed procedures – a motion filed on the same day as the Ex Parte Application could have been noticed for hearing before the discovery and motion cut-off dates – or that Atlantic is without fault in creating the crisis that requires ex parte relief – it has known of the allegedly incomplete and delayed discovery since at least January 2017, but failed to take corrective action. (See id. ¶ 5.) As such, Atlantic has failed to demonstrate an entitlement to relief on an ex parte basis. See Mission Power, 883 F. Supp. at 492.

Moreover, the parties previously represented to the Court that they were contemplating "filing motions for summary judgment and/or partial summary judgment on the issue(s) of coverage under the Policy, [Atlantic's] liability on the breach of contract claim, and/or Plaintiffs' bad faith claim." (Docket No. 26 at 5.) The Ex Parte Application identifies two general categories of information as to which Atlantic seeks additional discovery: (1) the amount of Plaintiffs' alleged damages; and (2) whether, at the time that the relocation decision was made, Plaintiffs believed there would be insurance coverage for the relocation expenses. (See Ex Part Application at 13-16.) However, as Plaintiffs point out, the Ex Parte Application fails to explain how this outstanding discovery would be relevant to the coverage issues which are likely to be raised in, or resolvable though, a motion for summary judgment. See

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-4435 PA (MRWx) | Date | April 5, 2017 |
|---|---|---|---|
| Title | Universal Cable Productions LLC, et al. v. Atlantic Specialty Insurance Company | | |

<u>United States v. Honeywell Int'l, Inc.</u>, 542 F. Supp. 2d 1188, 1201 (E.D. Cal. 2008) ("The calculation of damages is not ordinarily amenable to resolution at the summary judgment stage."); <u>Waller v. Truck Ins. Exch., Inc.</u>, 900 P.2d 619, 627 (Cal. 1995) ("[I]nterpretation of an insurance policy is a question of law."). The Court therefore denies the balance of the Ex Parte Application.

  However, the Court exercises its discretion to continue the discovery cutoff to June 2, 2017. Pursuant to the Court's Scheduling Order, this date is the "last date to complete discovery, including expert discovery, and the resolution of any discovery motions before the magistrate judge." (Docket No. 29, ¶ 1.) Given the volume of discovery disputes presented in the briefing for this Ex Parte Application, and the rapidly approaching trial date, the Court urges the parties to work diligently to resolve their discovery disputes and seek judicial intervention where required. The Court has now continued this matter twice, and will not grant any further continuances absent a showing of good cause.

  Accordingly, based on the foregoing, Atlantic's Ex Parte Application is granted in part and denied in part. Specifically, the Court continues the discovery cut-off to June 2, 2017. All other relief requested in the Ex Parte Application is denied. With the exception of the discovery cut-off, all other dates established in the Court's January 19, 2017 Order remain in effect, and will not be continued absent a showing of good cause.

  IT IS SO ORDERED.