LUCIA E. COYOCA (SBN 128314)
 lec@msk.com
VALENTINE A. SHALAMITSKI (SBN 236061)
 vas@msk.com
DANIEL M. HAYES (SBN 240250)
 dmh@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, CA 90064-1683
Telephone:  (310) 312-2000
Facsimile:  (310) 312-3100

Attorneys for Plaintiffs
Universal Cable Productions LLC and
Northern Entertainment Productions LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| UNIVERSAL CABLE PRODUCTIONS LLC, *et al.*,<br><br>                     Plaintiffs,<br><br>          v.<br><br>ATLANTIC SPECIALTY INSURANCE COMPANY,<br><br>                     Defendant. | CASE NO. 2:16-cv-4435-PA-MRW<br><br>**NOTICE OF PLAINTIFFS' *EX PARTE* APPLICATION AND *EX PARTE* APPLICATION FOR PROTECTIVE ORDER RE: DEPOSITIONS OF RANDI RICHMOND, MARK BINKE, AND PLAINTIFFS' RULE 30(B)(6) CORPORATE DESIGNEES; AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[L.R. 7-19]<br><br>**[DECLARATIONS OF RANDI RICHMOND, MARK BINKE, AND DANIEL HAYES FILED AND [PROPOSED] ORDER LODGED CONCURRENTLY HEREWITH]**<br><br>[Discovery Referred to Magistrate Judge Michael R. Wilner]<br><br>File Date:             June 20, 2016<br>Discovery Cutoff:      June 2, 2017<br>Pre-Trial Conf.:       June 16, 2017<br>Trial Date:            July 25, 2017 |

**PLAINTIFFS' *EX PARTE* APPLICATION FOR PROTECTIVE ORDER RE: DEPOSITIONS OF RANDI RICHMOND, MARK BINKE, AND PLAINTIFFS' RULE 30(B)(6) CORPORATE DESIGNEES**

8779191.2

# *EX PARTE* APPLICATION

PLEASE TAKE NOTICE that, Plaintiffs Universal Cable Productions LLC ("UCP") and Northern Entertainment Productions LLC (collectively "Plaintiffs") hereby make this *ex parte* application ("Application") to the Honorable Michael R. Wilner, pursuant to Federal Rule of Civil Procedure 26(d) and Local Rule 7-19, for a protective order regarding the depositions of UCP production executives, Randi Richmond and Mark Binke, and Plaintiffs' Rule 30(b)(6) corporate designees as to two topics, for which Ms. Richmond and Mr. Binke will be Plaintiffs' corporate designees (hereafter, the "Production Depositions").

Good cause exists to grant the protective order and relief sought in this Application based on the following, as further detailed in the accompanying Memorandum of Points and Authorities and Declarations:

(1)  Defendant Atlantic Specialty Insurance Company ("Atlantic") unilaterally noticed the depositions on dates on which the Production Deposition witnesses are not available, because Atlantic contends it needs the Production Depositions prior to the April 24, 2017 summary judgment filing deadline ("MSJ Deadline").

(2)  In ruling on April 5, 2017, on Atlantic's Amended *Ex Parte* Application for an Order Continuing Trial Date and All Deadlines for 60 Days, the District Court found Atlantic had not been diligent in pursuing discovery, and rejected Atlantic's argument that it needed to take depositions prior to the MSJ Deadline, because Atlantic could not explain how the "outstanding discovery would be relevant to the coverage issues which are likely to be raised in, or resolvable though, a motion for summary judgment."  (ECF No. 42)

(3)  Despite Plaintiffs' multiple requests for an explanation as to why Atlantic must take the Production Depositions before the MSJ Deadline, Atlantic

**PLAINTIFFS' *EX PARTE* APPLICATION FOR PROTECTIVE ORDER RE: DEPOSITIONS OF RANDI RICHMOND, MARK BINKE, AND PLAINTIFFS' RULE 30(B)(6) CORPORATE DESIGNEES**

8779191.2

failed to provide any legitimate explanation.  Rather, Atlantic already has or will have the facts it claims it needs for its MSJ, *without* the Production Depositions.

(4)  Plaintiffs previously provided multiple dates for the Production Depositions in February 2017, but Atlantic refused to proceed with the depositions.

(5)  Plaintiffs have offered dates for the Production Deposition deponents after the MSJ Deadline that are well within the discovery cut-off date.

(6)  Atlantic's demand that these executives forgo their production responsibilities during this incredibly busy period and on very short notice unfairly prejudices the deponents and Plaintiffs, and is unwarranted given Atlantic's dilatory conduct in failing to pursue these depositions at an earlier time.

(7)  Despite Plaintiffs' attempts to resolve the dispute, including after the telephonic conference with Judge Wilner on April 10, 2017, Atlantic refused to cooperate in a reasonable manner.

Plaintiffs have given oral and written notices of the substance and date of this *ex parte* application to counsel for Atlantic.  Counsel for Atlantic opposes the application.

Counsel for Atlantic may be reached as follows:

Marc J. Shrake
mjs@maclaw.com
Anderson, McPharlin & Conners LLP
707 Wilshire Boulevard, Suite 4000
Los Angeles, California 90017-3623
Telephone: (213) 236-1691
Facsimile: (213) 622-7594

 - and -

Michael Keeley
michael.keeley@strasburger.com
Toni Scott Reed
toni.reed@strasburger.com
Carla C. Crapster
carla.crapster@strasburger.com
Strasburg & Price, LLP
901 Main Street, Suite 6000
9 Dallas, Texas 75202
Telephone: (214) 651-4300

PLAINTIFFS' OPPOSITION TO EX PARTE APPLICATION FOR
ORDER CONTINUING TRIAL DATE AND ALL DEADLINES

1   Facsimile: (214) 651-4330

2   This Application is based upon this Notice of Application and Application,

3   the attached Memorandum of Points and Authorities, the accompanying supporting

4   Declarations of Randi Richmond, Mark Binke, and Daniel M. Hayes and all

5   exhibits thereto, all filings in this action, and such other and further oral or

6   documentary evidence and legal memoranda as may be presented at or before any

7   hearing on this application.

8

9   DATED:  April 13, 2017         LUCIA E. COYOCA
                                    VALENTINE A. SHALAMITSKI
10                                  DANIEL M. HAYES
                                    MITCHELL SILBERBERG & KNUPP LLP
11

12

13                                  By:   /s/Lucia E. Coyoca
                                          Lucia E. Coyoca
14                                        Attorneys for Plaintiffs
                                          Universal Cable Productions LLC and
15                                        Northern Entertainment
                                          Productions LLC
16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

8779191.2

4
**PLAINTIFFS' OPPOSITION TO EX PARTE APPLICATION FOR
ORDER CONTINUING TRIAL DATE AND ALL DEADLINES**

# TABLE OF CONTENTS

I.     INTRODUCTION ............................................................................................. 1

II.    PROCEDURAL HISTORY AND STATEMENT OF FACTS ......................... 4

     A.   This Case And The Production Deposition Witnesses ............................... 5

     B.   Initial Scheduling Of Depositions ............................................................. 6

     C.   Atlantic Unilaterally Takes Depositions Off Calendar .............................. 8

     D.   Deposition Scheduling Discussions Resume In March .............................. 8

     E.   Atlantic Unilaterally Notices Its Depositions And Refuses To
          Compromise ............................................................................................. 10

     F.   The District Court Rules Against Atlantic's Argument That It Needs
          Discovery For Its MSJ .............................................................................. 12

     G.   Judge Wilner Directs The Parties To Work Out An Alternative To
          Taking The Production Depositions Prior To The MSJ Deadline, But
          Atlantic Refuses ....................................................................................... 12

III.   A PROTECTIVE ORDER IS NECESSARY .............................................. 13

     A.   *Ex Parte* Relief Is Warranted ................................................................... 13

     B.   The Production Depositions Should Not Go Forward On Atlantic's
          Unilaterally Noticed Dates ....................................................................... 15

         1.   Atlantic Created This Issue Through Its Own Delay And Failure To
            Proceed With Depositions On A Timely Basis ......................................... 16

         2.   Atlantic Does Not Need To Take The Production Depositions Prior
            To The MSJ Deadline ............................................................................... 18

         3.   Atlantic Already Has The Information It Purportedly Needs To File
            Its MSJ ...................................................................................................... 20

IV.    CONCLUSION ............................................................................................. 22

Mitchell
Silberberg &
Knupp LLP

8779191.2

i

# TABLE OF AUTHORITIES

## CASES

*Blackie v. Barrack,*
    524 F.2d 891 (9th Cir. 1975) ................................................................. 15

*Cornwell v. Electra Cent. Credit Union,*
    439 F.3d 1018 (9th Cir. 2006) ......................................................... 15, 18

*Indus. Sys. & Fabrication v. W. Nat'l Assur. Co.,*
    2014 U.S. Dist. LEXIS 154021 (E.D. Wash. Oct. 30, 2014) ...................... 15, 16

*Mission Power Eng'g Co. v. Continental Cas. Co.,*
    883 F. Supp. 488 (C.D. Cal. 1995) ........................................................ 13

*Souphasith v. ITT Hartford Life,*
    2016 U.S. Dist. LEXIS 97562 (E.D. Cal. July 26, 2016) ............................ 13

## STATUTES

28 U.S.C. § 1927 ....................................................................................... 21

Fed. R. Civ. P.
    Rule 26(b)(1) ..................................................................................... 15
    Rule 26(c) ......................................................................................... 15

## OTHER AUTHORITIES

Local Rule 7-3 ................................................................................... 11, 18

i

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

## I.    INTRODUCTION

After working in good faith for months with Defendant Atlantic Specialty Insurance Company ("Atlantic") to schedule depositions of multiple witnesses, Plaintiffs Universal Cable Productions LLC ("UCP") and Northern Entertainment Productions LLC (collectively "Plaintiffs") are forced to bring this *Ex Parte* Application ("Application") for a protective order regarding the depositions of key UCP production executives, Randi Richmond and Mark Binke, and Plaintiffs' Rule 30(b)(6) corporate designees as to two topics[1] (hereafter, the "Production Depositions").  Ignoring the parties' ongoing efforts to mutually agree on a workable deposition schedule, Atlantic unilaterally noticed nine depositions (including the Production Depositions), some with less than fourteen days-notice, for dates on which many of the witnesses (including the Production Deposition deponents) are not available.  These notices were served in violation of the local Civility and Professionalism Guideline No. 2, as Plaintiffs had offered alternative dates well before the discovery cut-off that worked for both the witnesses and counsel for the Production Deposition deponents, and the parties were in the process of consulting about scheduling conflicts.

Atlantic insists that the Production Depositions must go forward on the dates noticed because it purportedly realized for the first time on March 23, 2017, that it needs the deposition testimony of these witnesses before the April 24, 2017 summary judgment filing deadline (the "MSJ deadline").  Specifically, Atlantic

---

[1] Atlantic's Notice of Rule (30)(b)(6) Deposition to Plaintiffs identified 49 separate topics.  After extensive and prolonged negotiations, Atlantic agreed that it would only insist on deposing Plaintiffs' corporate designees as to topic nos. 15 (the decision to move the production out of Israel) and 45 (when the decision to leave Israel was made) before Atlantic's manufactured deadline as detailed below.  Ms. Richmond and Mr. Binke are Plaintiffs' designees on these topics.  Thus, this Application focuses on the scheduling of Ms. Richmond's and Mr. Binke's depositions, which will also serve as the Rule 30(b)(6) depositions on topics no. 15 and 45.  Hayes Decl., ¶ 27 and Ex. 17.

**PLAINTIFFS' *EX PARTE* APPLICATION FOR PROTECTIVE ORDER RE: DEPOSITIONS OF RANDI RICHMOND, MARK BINKE, AND PLAINTIFFS' RULE 30(B)(6) CORPORATE DESIGNEES**

1   claims that it needs the testimony of these two witnesses in order to establish

2   "exactly why and when plaintiffs decided to leave Israel."  There are, however,

3   two significant flaws in Atlantic's stated position:

4          First, the District Court has already considered and rejected Atlantic's

5   argument when it denied (for the most part) Atlantic's recent Amended Ex Parte

6   Application for an Order Continuing Trial Date and All Deadlines for 60 Days.

7   ((ECF No. 42 (hereafter the "Order")).  Specifically, in declining to move the trial

8   date or the summary judgment filing deadline based on Atlantic's purported need

9   for discovery, the Court found: (1) Atlantic has not been diligent in its discovery

10  efforts in this case; and (2) Atlantic's purported need for discovery prior to the

11  MSJ filing deadline is not a legitimate one.  The Court expressly rejected

12  Atlantic's argument that it needed to take multiple depositions prior to its MSJ

13  filing, noting that Atlantic had failed to explain how the "outstanding discovery

14  would be relevant to the coverage issues which are likely to be raised in, or

15  resolvable though, a motion for summary judgment."  *Id.*, p. 2.

16         Notwithstanding the ruling, Atlantic persists in seeking to take the

17  Production Depositions prior to the MSJ deadline.  Atlantic still has not articulated

18  why it needs this testimony, since the information it purportedly seeks clearly is

19  not relevant to the legal determination of coverage.  As the Court has already

20  determined, whether or not there is coverage for the expenses Plaintiffs incurred in

21  moving the *Dig* production is a question of law, and thus factual discovery is

22  unnecessary before any MSJ determination.

23         Second, even assuming, *arguendo*, that the facts Atlantic purports to seek

24  are relevant to Atlantic's MSJ, Atlantic either already has this information, or can

25  obtain it before its MSJ deadline, from interrogatory responses, public documents

26  and news reports, and an already scheduled deposition, *without* the Production

27  Depositions.

28

Mitchell
Silberberg &
Knupp LLP

8779191.2

**PLAINTIFFS' *EX PARTE* APPLICATION FOR PROTECTIVE ORDER RE: DEPOSITIONS OF RANDI
RICHMOND, MARK BINKE, AND PLAINTIFFS' RULE 30(B)(6) CORPORATE DESIGNEES**

In contrast to Atlantic, which has no good reason for insisting on the unilaterally scheduled Production Depositions dates, Plaintiffs now seek *ex parte* relief because allowing the depositions to proceed on these dates will cause Plaintiffs substantial and irreparable harm.  Atlantic unilaterally scheduled the Production Depositions during the onset of one of the busiest times of the cable television production season.  The shooting of several UCP shows is scheduled to begin over the next three weeks (including the hit series "*Mr. Robot*"), with additional shows in the production queue pending final greenlight.  Ms. Richmond is a senior vice president of production for UCP, and Mr. Binke, an executive vice president, is the head of production overall for the company.  Both Mr. Binke and Ms. Richmond are integrally involved during the intense period when shooting first begins.  Both bear tremendous responsibilities to ensure the efficient and smooth production of shows during those initial weeks. Moreover, their responsibilities will likely intensify if the looming threat of a writers' strike materializes.  (The WGA strike authorization voting is set to begin April 18.)

To state the obvious, successful shows are essential to UCP and its business of producing high quality cable television shows.  Mr. Binke and Ms. Richmond are critical components to achieve that success.  Atlantic's demand that these executives forgo their production responsibilities during this period unfairly prejudices the deponents and Plaintiffs.  Moreover, it is utterly inappropriate given Atlantic's dilatory conduct in scheduling the depositions in the first instance and its strawman argument as to why these depositions must occur before the MSJ filing.

This Application comes at the end of a long history during which Plaintiffs were eminently reasonable and offered multiple deposition dates for the witnesses Atlantic indicated it wants to depose.  Atlantic has repeatedly stalled, abruptly refusing to proceed with calendared depositions, failing to confirm proposed dates—including for the Production Depositions in February—and rejecting attempts to cooperate in good faith to schedule both parties' depositions in the

1   remaining discovery period.  Atlantic's eleventh-hour insistence on taking the

2   Production Depositions prior to the MSJ filing deadline is unreasonable and

3   unsupportable.  Thus, Plaintiffs respectfully request that this Court issue a

4   protective order (1) staying the Production Depositions, and (2) ordering Atlantic

5   to negotiate with Plaintiffs in good faith to schedule the depositions at a mutually

6   acceptable time.

7   ## II.       PROCEDURAL HISTORY AND STATEMENT OF FACTS

8          Plaintiffs filed this insurance coverage action on June 20, 2016.  Initially,

9   discovery was scheduled to end March 13, 2017, with a jury trial beginning May

10  23, 2017.  (ECF No. 28.)  On January 18, 2017, the parties filed a Joint Stipulation

11  Re: Pre-Trial and Trial Dates, with both sides stipulating to a sixty day continuance

12  of the trial and all pretrial dates.  (ECF No. 33.)  On January 19, 2017, the Court

13  granted this request, setting the following new dates:

14              • Discovery Cut-off:  May 12, 2017

15              • Motion Cut-off: May 22, 2017

16              • Final Pretrial Conference: June 16, 2017, at 1:30 p.m.

17              • Jury Trial: July 25, 2017, at 9 a.m.

18  (ECF No. 34.)

19          Pursuant to this scheduling order, summary judgment motions must be filed

20  by April 24, 2017 in order to be heard by the motion cut-off of May 22, 2017.

21          On March 31, 2017, Atlantic moved, *ex parte*, for an order continuing the

22  trial date and all pre-trial dates by two months, arguing, *inter alia*, that it needed to

23  take the depositions of certain witnesses prior to the MSJ deadline.  (ECF No. 39.)

24  Plaintiffs opposed the continuance request.  (ECF No. 40.)  On April 5, 2017, the

25  District Court issued its Order denying for the most part Atlantic's *ex parte*

26  application, noting both Atlantic's lack of diligence in pursuing discovery, and its

27  inability to articulate how the discovery it seeks would be relevant to the coverage

28  issues to be determined on a summary judgment motion.  (Order, p. 2.)  The Court

Mitchell
Silberberg &
Knupp LLP

8779191.2

4

did grant a three week continuance of the discovery cut-off, moving it from May 12 to June 2, 2017, but significantly, the Court did *not* continue the summary judgment deadline or any other dates.  *Id.*

## A.   <u>This Case And The Production Deposition Witnesses</u>

This insurance coverage action arises out of Atlantic's refusal to pay for the extra expenses that Plaintiffs incurred when they were required to move the production of the television show *Dig* out of Israel in the summer of 2014, due to the attacks by the terrorist group Hamas against Israel.  *See generally* First Amended Complaint (ECF No. 10).  The Production Deposition deponents are Randi Richmond and Mark Binke.  Ms. Richmond was the production executive responsible for *Dig,* and Mr. Binke is and was the head of production overall for UCP.  Declaration of Mark Binke ("Binke Decl."), ¶ 1; Declaration of Randi Richmond ("Richmond Decl."), ¶ 2.

On March 29, 2017, Atlantic unilaterally noticed Ms. Richmond's deposition for April 17, 2017.  Declaration of Daniel M. Hayes ("Hayes Decl."), Exs. 15 and 16.  On that same date, Atlantic unilaterally noticed Mr. Binke's deposition for April 14, 2017.  *Id.*  Ms. Richmond and Mr. Binke will be the Rule 30(b)(6) corporate designees on topics Nos. 15 ("The decision to move filming *DIG* out of Israel") and 45 ("When the decision was made to move filming *DIG* out of Israel").  *Id.*, ¶ 27 and Ex. 17.

Ms. Richmond and Mr. Binke are both unavailable for deposition on the dates unilaterally noticed by Atlantic.  Binke Decl., ¶ 7; Richmond Decl., ¶ 6.  As previously discussed, the timing could not be worse for these Production Depositions to go forward.  Several television productions are scheduled to begin shooting over the next three weeks, including the hit series "*Mr. Robot*," and there are additional shows in production queue waiting for final approval.  Binke Decl., ¶ 3; Richmond Decl., ¶¶ 2-3.  The Production Deposition witnesses are key production executives who are extensively involved in the intense and timing

Mitchell
Silberberg &
Knupp LLP

8779191.2

5

**PLAINTIFFS' *EX PARTE* APPLICATION FOR PROTECTIVE ORDER RE: DEPOSITIONS OF RANDI RICHMOND, MARK BINKE, AND PLAINTIFFS' RULE 30(B)(6) CORPORATE DESIGNEES**

consuming work that occurs when shooting begins on a production.  Binke Decl., ¶¶ 3-4; Richmond Decl., ¶¶ 3-5.  And, the possibility of a potential writers strike, with the WGA strike authorization vote scheduled for April 18, has caused even more turmoil.  Binke Decl., ¶ 6; Richmond Decl., ¶ 4.  The television industry is engrossed in strike contingency planning and other efforts to work around a threatened writers' strike.[2]

Moreover, the parties already have agreed that the deposition of Andrea Garber (another witness Atlantic demanded be produced before the MSJ deadline) will be taken on April 14, 2017.  Hayes Decl., ¶ 29.  Double tracking depositions on April 14 (the date Atlantic unilaterally selected for Mr. Binke's deposition) does not work for Plaintiffs' counsel, as one of the two partners on the case has a longstanding commitment on that date which simply cannot be moved.  *Id.*

### B.   <u>Initial Scheduling Of Depositions</u>

There is an extensive history behind Plaintiffs' attempts to have deposition discovery proceed in this case.  Atlantic did not serve any deposition notices in this case until Friday, January 6, 2017 when it served ten Notices of Deposition, including the Production Depositions.  Hayes Decl., ¶ 3 and Ex. 2.  Plaintiffs promptly provided proposed dates for Atlantic's noticed depositions on January 11, three business days after Atlantic served its Notices.  Hayes Decl., Ex. 4.[3]  Among the dates provided for several witnesses, Plaintiffs offered Randi Richmond on February 15 and Mark Binke on February 24, 2017.[4]  *Id.*  In the email providing these dates, Plaintiffs' counsel pointed out, "[t]hese dates are *currently* available,

---

[2] *See, e.g.*:  http://deadline.com/2017/04/wga-strike-threat-timeline-1202064493/; http://variety.com/2017/tv/news/writers-guild-strike-vote-changing-business-shorter-seasons-fewer-episodes-1202021923/
[3] In contrast, Plaintiffs served their deposition notices on December 13, 2016, and Atlantic did not provide any potential dates for more than two weeks.  Hayes Decl. Ex. 6.
[4] Plaintiffs also offered Andrea Garber on February 21, 2017, and Jeff Wachtel (UCP's President) on February 28, 2017.  *Id.*, Ex. 4.

1  let me know if they are acceptable.  I'd like to confirm them as soon as possible as

2  their schedules book up pretty quickly."  *Id.* (emphasis in original).  Rather than

3  accepting the proffered dates, on January 13, 2017, Atlantic refused them,

4  demanding that Plaintiffs provide dates earlier in February even though those two

5  weeks were already booked with depositions of Atlantic's witnesses, and required

6  out of town travel.  (Atlantic also demanded that Plaintiffs produce all witnesses on

7  consecutive dates.)  Hayes Decl., Ex. 5.

8       When the Court continued the trial date and corresponding discovery cut-off

9  date pursuant to the revised Scheduling Order on January 19, 2017, the pressure to

10  schedule depositions in early February was somewhat diminished.  Thus, on

11  January 23, 2017, Plaintiffs asked Atlantic to reconsider its earlier refusal of the

12  dates that Plaintiffs had offered.  Hayes Decl., Ex. 6.  Atlantic again delayed in

13  responding, and by the time Atlantic finally confirmed that it would take the

14  depositions on the previously offered dates, the witnesses were no longer available

15  in the order previously offered.  Hayes Decl., Ex. 7.  Thus, Plaintiffs provided a

16  revised deposition schedule that slotted different witnesses into the previously

17  offered dates (on which dates Atlantic's counsel had previously confirmed they

18  were available).  *Id.*  Specifically, as of January 31, 2017, Plaintiffs offered Randi

19  Richmond on February 21 and Mark Binke on February 24, 2017.  *Id.*

20       Given the prior scheduling difficulties, Plaintiffs directed the witnesses to

21  hold these dates in their calendars for the anticipated depositions.  This was no

22  small task, particularly given the packed daily schedules of the witnesses Atlantic

23  sought to depose.  Hayes Decl., ¶ 9 and Ex. 8; Binke Decl., ¶ 7; Richmond Decl., ¶

24  6.  Once again, Atlantic did not promptly respond to confirm these dates, and

25  Plaintiffs once again sent a follow-up email (on February 2, 2017) requesting

26  confirmation of the dates.  Hayes Decl., Ex. 7.

27

28

Mitchell
Silberberg &
Knupp LLP

8779191.2

7

C.    **Atlantic Unilaterally Takes Depositions Off Calendar**

Rather than confirming any of the deposition dates that had been offered, on February 3, 2017, Atlantic sent an email refusing to confirm *any* dates for the depositions it had requested or proceed with *any* depositions at that time. *Id.*, Ex. 8. Atlantic's refusal was purportedly tied to Plaintiffs' production of documents. Atlantic refused even to discuss deposition scheduling until after Plaintiffs had produced all documents that Atlantic had demanded be produced. *Id.* Atlantic's position was both unreasonable and unwarranted. Plaintiffs' counsel cautioned the witnesses' schedules were tight and subsequent scheduling would be difficult, as explained in a February 4, 2017 email sent to Atlantic's counsel:

> "UCP/NEP went to great lengths to reserve dates with these witnesses during a very busy production season, when they had limited availability. Your failure to confirm dates as they are offered may very well jeopardize the parties' ability to complete discovery before the cut-off date. We have advised the witnesses that their depositions will not be proceeding on the dates Atlantic previously confirmed or the dates UCP/NEP previously offered, but we make no guarantees as to the witnesses' future availability."

*Id.*

D.    **Deposition Scheduling Discussions Resume In March**

Unlike Atlantic, Plaintiffs did proceed with deposition discovery, taking three depositions in February (including one out of state). Hayes Decl., ¶ 11. On March 7, 2017, Plaintiffs served deposition notices for three additional Atlantic witnesses, again noting that they would work with Atlantic on scheduling mutually agreeable dates. Hayes Decl., ¶ 12, Exs. 10 and 11. Atlantic did not respond or offer any dates for the requested witnesses.

Mitchell Silberberg & Knupp LLP

8779191.2

**PLAINTIFFS' *EX PARTE* APPLICATION FOR PROTECTIVE ORDER RE: DEPOSITIONS OF RANDI RICHMOND, MARK BINKE, AND PLAINTIFFS' RULE 30(B)(6) CORPORATE DESIGNEES**

1    Instead, on March 10, 2017, Atlantic re-opened the scheduling of the

2    depositions of Plaintiffs' witnesses that it had unilaterally placed on hold a month

3    earlier, announcing: "[I]n the context of discussing scheduling overall, we also

4    need to move forward with the scheduling of the depositions that Atlantic will

5    take. …We intend to take a 30(b)(6) deposition.  We also intend to depose the

6    following individuals:  Susan Weiss, Thomas McCarthy, Stephen Smith, Randi

7    Richmond, Mark Binke, Kurt Ford, Jeff Wachtel, Andrea Garber, and Malika

8    Adams."  Hayes Decl., Ex. 9.  Atlantic did not specifically request dates for these

9    individuals at that time.  Nearly a week later, in a March 16, 2017 email, it asked

10   for dates for the first time in this scheduling round.  Significantly, Atlantic did not

11   mention anything about scheduling the depositions prior to the MSJ deadline in

12   that email.  Hayes Decl., Ex. 11.

13   On March 23, 2017, the parties had a phone call regarding deposition

14   scheduling.  During that March 23 call (one month and a day prior to the MSJ

15   filing deadline), Atlantic for the first time indicated that it wanted certain witnesses

16   to be produced prior to the MSJ deadline.  Atlantic was particularly focused on

17   deposing Stephen Smith, who was head of NBCUniversal's European security

18   operations at the time of the relocation, and was responsible for security on the *Dig*

19   production.  Hayes Decl., ¶ 16 and Exs. 13 and 14.  Plaintiffs' counsel asked

20   Atlantic's counsel why Atlantic needed the depositions it sought before the MSJ

21   deadline, and Atlantic's counsel responded with the unsatisfactory explanation that

22   the witnesses have knowledge of facts that are relevant to the legal issues Atlantic

23   intends to present in its MSJ.  *Id.*, ¶ 16.

24   On March 24, 2017, Plaintiffs offered April 27 as an available date on which

25   Randi Richmond could be deposed, explained that they were still working on

26   obtaining availability for Mark Binke, and offered available dates for nearly all of

27   the remaining requested witnesses.  Hayes Decl., Ex. 14.  Notably, Plaintiffs

28

Mitchell
Silberberg &
Knupp LLP

8779191.2

9

**PLAINTIFFS' *EX PARTE* APPLICATION FOR PROTECTIVE ORDER RE: DEPOSITIONS OF RANDI
RICHMOND, MARK BINKE, AND PLAINTIFFS' RULE 30(B)(6) CORPORATE DESIGNEES**

1 offered to make Stephen Smith, who lives and works in London, England,

2 available on April 18, *before* the MSJ deadline, in Los Angeles.  *Id.*

3      On March 27, 2017, Atlantic rejected the majority of dates that had been

4 offered, insisting instead that *all* of the witnesses it wanted to depose had to be

5 made available for deposition at least seven days prior to the MSJ deadline, by

6 April 17, without explaining why this was necessary.  Hayes Decl., Ex. 15.

7      **E.**    **<u>Atlantic Unilaterally Notices Its Depositions And Refuses To</u>**

8          **<u>Compromise</u>**

9      Two days later, on March 29, 2017, Atlantic abruptly served Amended

10 Deposition Notices, for dates between April 11 and April 19, 2017, without any

11 prior notice, and while the parties were still negotiating dates.  Hayes Decl., Ex.

12 16.  Atlantic claimed it preferred "to schedule these depositions during mutually

13 convenient dates," but only if those dates were "well ahead of the Motion for

14 Summary Judgment deadline or if the court grants our Motion for Continuance."

15 *Id.* (Of course, the Court has since *denied* Atlantic's request to continue the MSJ

16 deadline).  It is difficult to see how Atlantic could believe it would be able to

17 depose these witnesses "well ahead" of the MSJ deadline, since Atlantic did not

18 serve these notices until March 29, and the MSJ filing deadline is April 24.

19      Plaintiffs' counsel immediately responded to the notices, noting the

20 witnesses' limited availability, and requested that Atlantic come to the planned

21 meet-and-confer call the next day (March 30) prepared to discuss deposition

22 scheduling.  *Id.*, Ex. 19.  When Atlantic's counsel claimed unavailability on March

23 30 to discuss depositions, Plaintiffs' counsel reiterated, "we absolutely need to talk

24 <u>today</u> about deposition scheduling" and offered to talk at any time after 10:30 a.m.

25 Pacific.  *Id.*, Ex. 80 (emphasis in original).  Atlantic's counsel never called.  *Id.*,

26 ¶ 24.

27      When counsel for the parties finally spoke on Friday, March 31, 2017,

28 Plaintiffs' counsel came prepared to discuss a comprehensive schedule for

Mitchell
Silberberg &
Knupp LLP

8779191.2

1   depositions of both parties' witnesses.  However, Atlantic provided only one date

2   for one of its witnesses (Sean Duffy on May 8 – four days before the (then)

3   discovery cutoff and well after the MSJ deadline).  Hayes Decl., Ex. 20.  But,

4   despite the fact Atlantic was offering only one date for one witness out of the five

5   Plaintiffs had been asking for, Atlantic continued to insist on early April dates for

6   eight of the depositions it was seeking to take.  *Id.*

7        Counsel reconvened on Monday, April 3, 2017 to continue the deposition

8   scheduling conversation.  Plaintiffs' counsel asked what issues in the anticipated

9   MSJ Atlantic needed these witnesses to address, but counsel for Atlantic would not

10  say.  Instead, they repeated their earlier statement that the witnesses  have

11  knowledge of facts relevant to the legal issues Atlantic intends to present in its

12  MSJ.  Hayes Decl., ¶ 26.  Atlantic's counsel refused to identify the grounds on

13  which Atlantic intended to move for summary judgment, even when reminded that

14  Local Rule 7-3 *requires* that the parties meet and confer about the substance of

15  their motions prior to filing.  *Id.*  Instead, Atlantic insisted the dates in their March

16  29, 2017 unilateral notices would stand, and refused to reschedule on dates the

17  witnesses were available, unless those dates happened to be before Atlantic's

18  artificial deadline.  *Id.*

19       Thus, on Tuesday, April 4, 2017, Plaintiffs informed Atlantic that they

20  intended to move *ex parte* for a protective order.  Hayes Decl., Ex. 21.  In an effort

21  to avoid the need for this Application, the parties reconvened for further scheduling

22  discussions on April 4 and April 5, 2017.  During those discussions, Plaintiffs

23  confirmed three of the eight requested deponents Atlantic had requested prior to

24  the MSJ deadline, but could not offer pre-MSJ deadline dates for the Production

25  Deposition witnesses.  *Id.*, ¶ 30.  Despite Plaintiffs' willingness to compromise,

26  Atlantic continued to insist the Production Depositions had to occur before the

27  MSJ deadline.  *Id.*

28

F.   **The District Court Rules Against Atlantic's Argument That It Needs Discovery For Its MSJ**

On April 5, 2017, the District Court denied Atlantic's *ex parte* application for a continuance as to all trial and pre-trial dates, with the exception of the discovery deadline, which the Court continued for 21 days, from May 12 to June 2, 2017.  (Order, p. 3.)  Specifically, the Court found Atlantic had not been diligent in pursuing discovery or explain how its outstanding discovery would be relevant to a motion for summary judgment.  *Id.*, p. 2.  The Court noted the two categories of information as to which Atlantic was seeking additional discovery:  (1) the amount of Plaintiffs' damages; and, (2) whether Plaintiffs believed there would be insurance coverage for the relocation expenses when the decision to relocate was made.  Pointing out that issues as to calculation of damages are not usually resolved on summary judgment, and that interpretation of an insurance policy is a question of law, the Court denied the balance of Atlantic's ex parte application.  *Id.*, pp. 2-3.

In light of the ruling, on April 6, Plaintiffs' counsel again requested that Atlantic reconsider its stance on pre-MSJ depositions, and offered to defer this Application so the parties could further negotiate.  Hayes Decl., Ex. 22.  Atlantic accepted a few of the deposition dates Plaintiffs had previously offered, and agreed to defer two of the depositions it had previously insisted be taken prior to the MSJ deadline.  However, Atlantic's counsel doubled down on its position that the Production Depositions had to go forward prior to April 21, 2017.  *Id.*, Ex. 23.

G.   **Judge Wilner Directs The Parties To Work Out An Alternative To Taking The Production Depositions Prior To The MSJ Deadline, But Atlantic Refuses**

On April 10, 2017, Magistrate Judge Wilner held a telephonic hearing regarding Plaintiffs' Motion to Compel Regarding UCP's First Set of Discovery.  During this phone call, the issue of the Production Depositions was also raised.

Mitchell
Silberberg &
Knupp LLP

8779191.2

12

Judge Wilner directed the parties to try to work out an alternative way of getting the information Atlantic purportedly needs prior to the MSJ Deadline.  On April 11, 2017, Plaintiffs' counsel sent Atlantic's counsel an email outlining a proposed solution.  Hayes Decl., Ex. 27.

On April 12, 2017, Atlantic's counsel responded with its own proposed solution, which was unworkable for several reasons, including because it inappropriately tied the deposition scheduling issue to an unrelated issue regarding confidentiality of Plaintiffs' documents that Atlantic wishes to file publicly with its MSJ.  *Id.*, Ex. 28.  Later that day, the parties again discussed deposition scheduling, and Atlantic's counsel raised the possibility of stipulating that the April 14, 2017 date for deposition of Mr. Binke be deemed April 19, 2017, in order to give the parties additional time to work out a solution.  *Id.*, ¶ 40.  A few hours later, Atlantic's counsel emailed Plaintiffs' counsel indicating that they were not authorized to make this change to the deposition scheduling, and the depositions would go forward on the dates in the amended notices.  *Id.*, Ex. 29.  Shortly thereafter, Atlantic again emailed Plaintiffs' counsel stating, "counsel will head to the airport by 11:00 a.m. central/9:00 a.m. pacific time tomorrow morning" for the deposition of Mark Binke.  *Id.*, Ex. 30.  Plaintiffs' counsel immediately called and emailed Atlantic's counsel to notify them that Plaintiffs would, of necessity, be filing this *ex parte* application tonight.  *Id.*, ¶ 43 and Ex. 31.

## III.   A PROTECTIVE ORDER IS NECESSARY

### A.   *Ex Parte* Relief Is Warranted

To be entitled to *ex parte* relief, the moving party must show that (1) its "cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures," and (2) "the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect."  *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995); *Souphasith v. ITT Hartford Life*, 2016 U.S. Dist.

LEXIS 97562, at *12, 19 (E.D. Cal. July 26, 2016) (granting *ex parte* application for protective order when there was not time to use regular noticed motion procedures).  Here, Plaintiffs satisfy both of these requirements.

First, if this Application is heard on a regularly noticed motion, there would be insufficient time to have the motion resolved before the currently noticed deposition dates.  Atlantic first indicated that it was standing firm on these deposition dates on Monday, April 3.  Hayes Decl., ¶ 26.  Even if Plaintiffs had filed a motion that same date, it would not have been heard until April 26, 2017, after Atlantic's unilaterally-set dates of April 14 for Mr. Binke's deposition and April 17 for Ms. Richmond's deposition.

Second, Plaintiffs are "without fault in creating the crisis."  As detailed above, Plaintiffs were eminently reasonable and responsive in connection with deposition scheduling, offering dates on multiple occasions, and compromising in offering some dates prior to the MSJ cut-off.  Atlantic was not.  Atlantic ignored the parties' ongoing efforts to set a mutually agreeable schedule and issued its unilateral notices on March 29, 2017.  Moreover, after serving its March 29 notices, Atlantic delayed in meeting and conferring with Plaintiffs, simply failing to call Plaintiffs' counsel at scheduled times, and despite Plaintiffs' counsel's request for a call at *any* time during the entire day.  Hayes Decl., ¶ 24 and Ex. 19.  Plaintiffs were not aware that Atlantic was insisting on proceeding with the depositions on dates it had unilaterally selected until April 3, 2017.  *Id.*, ¶ 26.  Thereafter, Plaintiffs made every effort to avoid the need for this Application by meeting and conferring with Atlantic.  Hayes Decl., ¶¶ 26-46 and Exs. 19-33.  However, on Wednesday, April 12, when Atlantic doubled down on its position as to the Production Depositions and insisted its counsel was getting on a plane the next day in order to take Mr. Binke's deposition on April 14, 2017, it was clear this application could not be avoided.  Hayes Decl., Exs. 30-33.

1    In sum, Plaintiffs did not create this crisis but, rather, attempted to resolve

2    the crisis created by Atlantic.  Atlantic's purported need for and inability to take

3    the Production Depositions on the dates it unilaterally selected is a crisis of its own

4    making.  Among other things, Atlantic **refused** to take these depositions earlier, in

5    February or March.  Hayes Decl., Ex. 8.  Atlantic's own lack of diligence created

6    this issue and the need for *ex parte* relief on this Application.

### B.    The Production Depositions Should Not Go Forward On Atlantic's Unilaterally Noticed Dates

9    A court may "issue an order to protect a party or person from annoyance,

10   embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. Pro. 26(c).

11   The moving party must make a good faith attempt to confer, and then establish

12   good cause for the protective order.  *Id.*  Discovery must be "proportional to the

13   needs of the case, considering the importance of the issues at stake in the action,

14   the amount in controversy, the parties' relative access to relevant information, the

15   parties' resources, the importance of the discovery in resolving the issues and

16   whether the burden or expense of the proposed discovery outweighs its likely

17   benefit."  Fed. R. Civ. P. 26(b)(1).  The court "may reasonably control discovery to

18   keep the suit within manageable bounds," as well as to prevent gamesmanship

19   between the parties.  *Blackie v. Barrack*, 524 F.2d 891, 906 n.22 (9th Cir. 1975).

20   *See also Indus. Sys. & Fabrication v. W. Nat'l Assur. Co.*, 2014 U.S. Dist. LEXIS

21   154021, at *13-15 (E.D. Wash. Oct. 30, 2014) (granting motion of protective order

22   stopping unilaterally noticed depositions); *Cornwell v. Electra Cent. Credit Union*,

23   439 F.3d 1018, 1027 (9th Cir. 2006).

24   For example, in *Industry Systems & Fabrication,* the parties had "quarreled

25   vigorously over the scheduling of depositions" *Id.* at *13.  After a tentative

26   agreement on dates, the defendant's counsel wrote they were unavailable during

27   the week scheduled for the depositions they were taking, and requested to

28   reschedule at an earlier date.  Plaintiff was unable to accommodate this request, so

Mitchell
Silberberg &
Knupp LLP

8779191.2

15

**PLAINTIFFS' *EX PARTE* APPLICATION FOR PROTECTIVE ORDER RE: DEPOSITIONS OF RANDI RICHMOND, MARK BINKE, AND PLAINTIFFS' RULE 30(B)(6) CORPORATE DESIGNEES**

1   defendant, arguing it could not delay depositions of plaintiff's witnesses, issued

2   notices of depositions for a specific date, without plaintiff's consent. *Id.* at *14.

3   Plaintiff's counsel was unavailable on the date noticed. *Id.* The court found

4   plaintiff had "established good cause for a protective order sparing it from

5   complying with a deposition deadline that Defendant unilaterally set." *Id.*

6          Here, similarly to *Industry Systems & Fabrication*, a protective order should

7   issue. The parties have been "quarrelling" regarding deposition scheduling.

8   Plaintiffs have, several times, proposed dates for the Production Depositions,

9   which Atlantic has rejected. Now, Atlantic insists on proceeding with the

10  Production Depositions pursuant to its unilateral deposition notices. Moreover,

11  Atlantic's position as to why it needs to take the Production Depositions before the

12  MSJ filing deadline has no merit and has been rejected by the District Court.

13  Therefore, good cause exists to stay Atlantic's unilateral notices for the Production

14  Depositions.

### 1.   Atlantic Created This Issue Through Its Own Delay And Failure To Proceed With Depositions On A Timely Basis

15

16         To date, Atlantic has failed to take a single deposition, even though the case

17  was filed in June 2016. Hayes Decl., ¶ 11. As detailed above in Section II.B-E,

18  since January 2017, Plaintiffs have offered multiples dates for multiple witnesses

19  that Atlantic claims it wants to depose, and Atlantic could have deposed the

20  Production Depositions deponents in February. Plaintiffs previously offered Ms.

21  Richmond for deposition on February 15 and then February 21, and Mr. Binke on

22  February 24, 2017. Hayes Decl., Ex. 7. Or, Atlantic could have inquired earlier

23  about taking these depositions in March.

24         Plaintiffs went to great lengths to arrange for the scheduling of depositions

25  in February, and were entirely reasonable and responsive to Atlantic's requests for

26  deposition dates. In response, Atlantic refused to confirm dates or proceed with

27  calendared depositions. Hayes Decl., Exs. 4, 6, 7, 8. When Atlantic took the

28

Mitchell
Silberberg &
Knupp LLP

8779191.2

**PLAINTIFFS' *EX PARTE* APPLICATION FOR PROTECTIVE ORDER RE: DEPOSITIONS OF RANDI RICHMOND, MARK BINKE, AND PLAINTIFFS' RULE 30(B)(6) CORPORATE DESIGNEES**

depositions off calendar, Plaintiffs cautioned Atlantic that subsequent scheduling would be difficult, and alternative dates might not be available during Atlantic's chosen time frame. *Id.*, Ex. 8.

Notwithstanding the admonition, Atlantic flatly refused to proceed with the depositions. *Id.* Atlantic did not seek to reschedule depositions, including the Production Depositions, until March, and only after Plaintiffs told Atlantic that they wanted to take the depositions of three additional Atlantic witnesses. *Id.*, Ex. 11. Despite the prior scheduling problems, Plaintiffs once again acted in good faith and secured dates for several witnesses on short notice (including for Ms. Richmond), providing these new dates to Atlantic on March 24, 2017. *Id.*, Ex. 14.

Atlantic rejected the majority of dates Plaintiffs had offered. Rather than continuing to meet and confer, it instead served deposition notices for nine witnesses (seven individuals and two Rule 30(b)(6) depositions), unilaterally scheduling these depositions to take place between April 11 and 19. Atlantic served the notices even though Plaintiffs had provided multiple alternative dates that were well within the then discovery cut-off date. Hayes Decl., ¶ 16 and Ex. 14. Despite this bad faith conduct, Plaintiffs continued to meet and confer with Atlantic, proposing multiple dates, and ultimately agreeing to produce three witnesses prior to the summary judgment deadline. Hayes Decl., ¶¶ 24-25, 30-32 and Exs. 20-24. As a result, three depositions which Atlantic insisted must be taken prior to the MSJ deadline have been scheduled as follows: Andrea Garber (April 14), Stephen Smith (April 18), and Susan Weiss (April 18).

However, Plaintiffs simply cannot accommodate Atlantic's request that the Production Depositions take place prior to the MSJ deadline. Hayes Decl., ¶ 30. Atlantic can hardly claim to be surprised by the fact that the witnesses are not available on Atlantic's unilateral and unreasonable timetable. In fact, Plaintiffs specifically warned Atlantic of this possibility in February, when Atlantic refused to go forward with the previously scheduled depositions. Hayes Decl., Ex. 8.

Mitchell
Silberberg &
Knupp LLP

8779191.2

17

PLAINTIFFS' *EX PARTE* APPLICATION FOR PROTECTIVE ORDER RE: DEPOSITIONS OF RANDI
RICHMOND, MARK BINKE, AND PLAINTIFFS' RULE 30(B)(6) CORPORATE DESIGNEES

1       Judge Anderson found, in his Order last week, that Atlantic has not been

2  diligent in pursuing its discovery.  Order, p. 2.  Atlantic delayed during the initial

3  discovery period and has "largely squandered" the additional two months of

4  discovery granted in January.  *Id.*  When the prior efforts of a party requesting

5  discovery were not diligent, it is squarely within the Court's discretion to maintain

6  the established schedule of a case, even if not all depositions are heard before

7  summary judgment motions are decided.  *Cornwell*, 439 F.3d at 1027.  Here,

8  Atlantic has not been diligent, and seeks to impose an *earlier* deadline than that set

9  by the Court for completing depositions, because it purports to need the

10  depositions prior to the MSJ deadline.  As in *Cornwell*, this Court may decline to

11  adjust the schedule to Atlantic's purported needs that were caused by its own lack

12  of diligence.

### 2.    Atlantic Does Not Need To Take The Production Depositions Prior To The MSJ Deadline

14       There are several problems with Atlantic's argument that it needs to take the

15  Production Depositions before the MSJ filing deadline of April 24. The primary

16  one is that the Court has already decided the argument is unavailing, because

17  Atlantic has not, and cannot, explain how this discovery would relate to an issue

18  resolvable by summary judgment.  (Order, p. 2.)

19       Plaintiffs have repeatedly asked why the Production Depositions must go

20  forward prior to the MSJ filing, but Atlantic has no credible explanation.  When

21  Plaintiffs first asked, Atlantic provided an insufficient response.  Hayes Decl., ¶ 16.

22  Even when reminded of its obligations under L.R. 7-3, Atlantic refused to be

23  specific, instead repeating its oblique statement that the Production Depositions are

24  relevant to facts for legal determinations as a matter of law on an MSJ.  *Id.*, ¶ 26.

25  After the Court's April 5 Order, in which the Court noted Atlantic's lack of

26  explanation, Plaintiffs again requested that Atlantic explain its grounds.  *Id.*, ¶ 32.

Mitchell
Silberberg &
Knupp LLP

8779191.2

**PLAINTIFFS' *EX PARTE* APPLICATION FOR PROTECTIVE ORDER RE: DEPOSITIONS OF RANDI RICHMOND, MARK BINKE, AND PLAINTIFFS' RULE 30(B)(6) CORPORATE DESIGNEES**

On April 6, 2017, Atlantic's counsel said they needed the Production Depositions because they need to know the "date, facts, and grounds" for UCP's decision to move the *Dig* production out of Israel. *Id.*[5] On April 7, Atlantic provided the same opaque explanation:

> "Exactly why and when the plaintiffs decided to leave
> Israel are critical facts for purposes of the legal disputes
> in this case, and are needed in summary judgment facts."

*Id.*, Ex. 24.

Atlantic' claim that it needs to know "why" Plaintiffs decided to leave Israel is completely implausible because Atlantic's July 28, 2014 denial of coverage letter expressly conceded that the reason provided by Plaintiffs for the relocation – i.e., the threat of rockets or mortars hitting a production location – did in fact fall within the scope of insurance coverage because the situation constituted "imminent peril." *Id.* Ex. 34.

Atlantic has not explained how the question of "when" Plaintiffs decided to leave Israel is relevant to its anticipated summary judgment motion.  Again, as set forth in Atlantic's own July 28 denial of coverage letter, on Thursday, July 17, Plaintiffs informed Atlantic that "NBCU had decided to move the production due to the ongoing hostilities which were creating dangerous conditions in Tel Aviv and Jerusalem." *Id.*, p. 3.  Moreover, Plaintiffs have provided supplemental interrogatory responses which specifically identify the date when Plaintiffs decided to leave Israel.  *Id.*, Ex. 17.

Given Atlantic's admission in its denial letter, that the circumstances constituted "imminent peril," the only issue that is susceptible for summary

---

[5] Atlantic's statement that it needs the "facts and grounds" behind UCP's decision to relocate is particularly implausible as Atlantic's July 28, 2014 denial of coverage letter expressly conceded that the reason for the relocation – the threat of rockets or mortars hitting a production location -- did in fact fall within the scope of coverage because the situation constituted "imminent peril." *Id.*, Ex. 34.

**PLAINTIFFS' *EX PARTE* APPLICATION FOR PROTECTIVE ORDER RE: DEPOSITIONS OF RANDI RICHMOND, MARK BINKE, AND PLAINTIFFS' RULE 30(B)(6) CORPORATE DESIGNEES**

judgment is the application and interpretation of the "war" exclusions in the policy. And of course, contract interpretation as to these exclusions is a question of law, not fact.  (Order, p. 3.)  As the District Court noted, the coverage issues to be determined in any summary judgment motion will likely turn on interpretation of the insurance policy, which is a question of law.  *Id.* (*citing Waller v. Truck Ins. Exch., Inc.*, 900 P.2d 619, 627 (Cal. 1995)).

Here, Ms. Richmond and Mr. Binke, production executives, are not expected to testify regarding interpretation of the policy language.  Their knowledge with regard to the *Dig* production and the decision to move out of Israel is inherently factual.  Even if Atlantic could conjure some argument as to why this information is relevant to a legal issue, there is no dispute as to why the *Dig* production left Israel or when it left.

### 3.    Atlantic Already Has The Information It Purportedly Needs To File Its MSJ.

Even assuming, *arguendo*, that "[e]xactly why and when the plaintiffs decided to leave Israel are critical facts for purposes of Atlantic's MSJ, Atlantic already has this information.  Other discovery in the case and publicly reported information establishes the "why and when" facts, and Atlantic does not need the Production Depositions to obtain this information.

Specifically, among other things:

- On April 18, Atlantic will be deposing Stephen Smith, head of NBCUniversal's European security operations who, among others, was responsible for security on the *Dig* production.  Hayes Decl., ¶¶ 16 and 30.  To the extent Atlantic needs additional background facts for its MSJ, Atlantic can certainly ask Mr. Smith about the safety situation in Israel in the summer of 2014 which lead to the relocation of the *Dig* production.

- Plaintiffs produced numerous documents in discovery, including with respect to the "why and when" facts, as even Atlantic conceded by arguing that "from all available documentation, Atlantic believes [Ms. Richmond and Mr. Binke] were involved in the decision to leave." Hayes Decl., Exs. 1 and 17.

- Plaintiffs already have provided extensive interrogatory responses as to the "why and when" facts, and provided supplemental responses this week that specifically identify the date "when the plaintiffs decided to leave Israel" and the reasons why the *Dig* production was moved (*e.g.*, Interrogatory Nos. 3 ("State all facts that support [Plaintiffs'] position that it was necessary to move the production of DIG from Israel[.]"), 15 (providing similar information), and 25 ("IDENTIFY the date upon which YOU decided to move production out of Israel[.]")). *Id.*

- Hamas' terrorist attacks against Israel during the summer of 2014 were well documented, as Atlantic repeatedly points out, and any need for further information as to the reason "why" the production was relocated, are easily satisfied by reviewing news reports of the situation which occurred as events were unfolding, and which are cited in Atlantic's own denial letter. Hayes Decl., Ex. 34.

In sum, Atlantic's continued insistence on the Production Depositions prior to the MSJ filing is unreasonable and unsupported.

Pursuant to 28 U.S.C. § 1927 and the Court's inherent powers, Plaintiffs reserve the right to seek sanctions in an amount to be determined by the Court, on further briefing, if the Court deems it necessary. As established above, Atlantic's conduct is in bad faith, as there is no substantial justification for Atlantic and its counsel failing to cooperate in deposition scheduling, unilaterally noticing depositions, and insisting on the Production Depositions prior to the MSJ filing

Mitchell
Silberberg &
Knupp LLP

8779191.2

21

**PLAINTIFFS' *EX PARTE* APPLICATION FOR PROTECTIVE ORDER RE: DEPOSITIONS OF RANDI RICHMOND, MARK BINKE, AND PLAINTIFFS' RULE 30(B)(6) CORPORATE DESIGNEES**

1    deadline despite Judge Anderson's Order and lack of reasonable grounds for doing

2    so.

3    **IV.    CONCLUSION**

4           For all of the above reasons, Plaintiffs respectfully request that the Court

5    grant this Application and stay the Production Depositions until dates which are

6    mutually agreed on by the parties have been established.

7                                    Respectfully submitted,

8    DATED:  April 13, 2017          LUCIA E. COYOCA
                                     VALENTINE A. SHALAMITSKI
9                                    DANIEL M. HAYES
                                     MITCHELL SILBERBERG & KNUPP LLP
10

11

12                                   By:   /s/Lucia E. Coyoca
                                          Lucia E. Coyoca
13                                        Attorneys for Plaintiffs
                                          Universal Cable Productions LLC and
14                                        Northern Entertainment
                                          Productions LLC
15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

8779191.2

22

**PLAINTIFFS' *EX PARTE* APPLICATION FOR PROTECTIVE ORDER RE: DEPOSITIONS OF RANDI
RICHMOND, MARK BINKE, AND PLAINTIFFS' RULE 30(B)(6) CORPORATE DESIGNEES**