LUCIA E. COYOCA (SBN 128314)
  lec@msk.com
VALENTINE A. SHALAMITSKI (SBN 236061)
  vas@msk.com
DANIEL M. HAYES (SBN 240250)
  dmh@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, CA 90064-1683
Telephone:  (310) 312-2000
Facsimile:  (310) 312-3100

Attorneys for Attorneys for Plaintiffs
Universal Cable Productions LLC and
Northern Entertainment Productions LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| UNIVERSAL CABLE PRODUCTIONS LLC, a Delaware limited liability company, and NORTHERN ENTERTAINMENT PRODUCTIONS LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>ATLANTIC SPECIALTY INSURANCE COMPANY, a New York insurance company,<br><br>Defendant. | CASE NO. 2:16-cv-4435-PA-MRW<br><br>Honorable Percy Anderson<br><br>**PLAINTIFFS' APPLICATION TO FILE DOCUMENTS UNDER SEAL**<br><br>[Declaration in Support and [Proposed] Order Filed Concurrently Herewith]<br><br>Time:   1:30 p.m.<br>Date:   May 22, 2017<br>Ctrm.:  9A, First St Courthouse<br><br>File Date:          June 20, 2016<br>Discovery Cutoff:  May 12, 2017<br>Pre-Trial Conf.:    June 16, 2017<br>Trial Date :        July 25, 2017 |

Mitchell
Silberberg &
Knupp LLP

8798199.1

**PLAINTIFFS' APPLICATION TO FILE UNDER SEAL**

Pursuant to Local Rule 79-5 and the Protective Order entered by Judge Percy Anderson in this action on September 14, 2016 (the "Protective Order"), Plaintiffs Universal Cable Productions LLC and Northern Entertainment Productions LLC (jointly, "Plaintiffs") hereby respectfully request that the Court order the following documents to be filed under seal.  Pursuant to Local Rule 79-5.2.2(a), this Application is based on the facts and argument herein and on the concurrently filed Declaration of Lucia E. Coyoca in Support of Plaintiffs' Application to File Documents Under Seal (the "Coyoca Sealing Decl.").  Counsel for Defendant Atlantic Specialty Insurance Company has informed counsel for Plaintiffs that this application will not be opposed.

## I.     THE LEGAL STANDARD.

In the Ninth Circuit, "compelling reasons" must be shown to seal judicial records related to a dispositive motion. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (internal quotations omitted).  "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.*

Thus, "trade secrets" are subject to sealing in connection with a summary judgment motion, as are documents which "[could] be[] used 'as sources of business information that might harm a litigant's competitive standing.'" *Dobrosky v. Arthur J. Gallagher Serv. Co., LLC*, 2015 U.S. Dist. LEXIS 68252, at *10-11 (C.D. Cal. May 18, 2015).

In the Central District of California, the burden of demonstrating "compelling reasons" to seal is governed by Civil Local Rule 79-5, which requires that the party designating the information as confidential establish by declaration that "good cause or [] compelling reasons why the strong presumption of public

access in civil cases should be overcome, with citations to the applicable legal standard . . . ." L.R. 79-5.2.2(a)(i).

## II. THE REQUESTED DOCUMENTS SHOULD BE SEALED.

As set forth herein and in the supporting Declaration of Lucia E. Coyoca, compelling reasons exist to seal the following documents.

1. **Exhibit 13 to the Declaration of Randi Richmond (UCP002227-002237).**
2. **Exhibit 15 to the Declaration of Randi Richmond (UCP001013-001014).**
3. **Exhibit 16 to the Declaration of Randi Richmond (UCP002521-002523).**

These documents comprise NBCUniversal's / Universal's confidential internal communications and reference and reflect confidential analyses of security issue and procedures taken by Universal to avoid injury or harm to its employees in the event of a crisis (such as the terrorist attack at issue in this litigation), disclosure to the public could put Universal employees and others working on Universal productions at risk of harm or injury. *See Casas-Montejano v. Holder*, 2011 U.S. Dist. LEXIS 82512, at *3 (E.D. Cal. July 28, 2011) (finding compelling reasons to seal where "there is sensitive information contained in the petition and attached documents that may jeopardize the safety of certain individuals."). Coyoca Sealing Decl., ¶ 6.

In addition, these documents constitute sensitive business discussions and information relating to the operation of NBCUniversal's / Universal's business, which is confidential and non-public. *See Transperfect Glob., Inc. v. Motionpoint Corp.*, 2013 U.S. Dist. LEXIS 7419, at *4 (N.D. Cal. Jan. 17, 2013) (finding compelling reasons to seal where document comprised "proprietary information

about [Plaintiff's] business operations and technology"). Coyoca Sealing Decl., ¶ 6.

In addition, **Exhibit 13** to the Richmond Declaration (UCP002227-002237) incorporates a highly-confidential "Crisis and Security Assessment" document, which reflects sensitive and confidential risk and crisis management procedures employed by Universal. Disclosure of these documents to the public could result in competitive injury. *See Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 598 (1978) (holding access to court records has been denied when it includes "sources of business information that might harm a litigant's competitive standing"). Coyoca Sealing Decl., ¶ 6.[1]

## III. CONCLUSION.

For the foregoing reasons, Plaintiffs' Application to Seal Documents should be granted.

DATED: April 24, 2017

LUCIA E. COYOCA
VALENTINE A. SHALAMITSKI
DANIEL M. HAYES
MITCHELL SILBERBERG & KNUPP LLP

By: /S/Lucia E. Coyoca
Lucia E. Coyoca
Attorneys for Attorneys for Plaintiffs
Universal Cable Productions LLC and
Northern Entertainment Productions LLC

---

[1] In addition, Universal has made minor redactions to certain documents filed alongside its Motion for Partial Summary Judgment. The information redacted is limited to personal contact information (*i.e.* email addresses and cell phone numbers) and financial information (*i.e.* specific, confidential financial terms). Because Universal does not rely on those portions of documents (they are not relevant to Universal's Motion), Universal does not request that those document be filed under seal, and thus has not included those documents in its Application for Leave to File Under Seal, and has not lodged unredacted versions of those documents. Universal will lodge unredacted versions of those documents or present them for *in camera* review should the Court so request. Coyoca Sealing Decl., ¶ 7.

# **PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

     I am employed in the County of Los Angeles, State of California, I am over the age of eighteen years and am not a party to this action; my business address is Mitchell Silberberg & Knupp LLP, 11377 West Olympic Boulevard, Los Angeles, CA 90064-1683, and my business email address is lec@msk.com.

     On April 24, 2017, I served a copy of the foregoing document(s) described as **PLAINTIFFS' APPLICATION TO FILE DOCUMENTS UNDER SEAL; DECLARATION OF LUCIA COYOCA IN SUPPORT THEREOF; AND [PROPOSED] ORDER THEREON** on the interested parties in this action at their last known address as set forth below by taking the action described below:

Michael Keeley, Esq.                   *Attorneys for Defendant Atlantic*
Toni Scott Reed                      *Specialty Insurance Company*
Carla C. Crapster, Esq.
STRASBURGER & PRICE, LLP
901 Main Street, Suite 6000
Dallas, TX 75202
Tel: (214) 651-4300
Fax: (214) 651-4330
Email: michael.keeley@strasburger.com;
toni.Reed@strasburger.com;
carla.crapster@strasburger.com

☑ **BY ELECTRONIC MAIL**: I served the above-mentioned document electronically before 5:00 p.m. on the parties listed at the email addresses above and, to the best of my knowledge, the transmission was complete and without error in that I did not receive an electronic notification to the contrary.

☑ **BY MAIL**: I placed the above-mentioned document(s) in sealed envelope(s) addressed as set forth above, and deposited each envelope in the mail at Los Angeles, California. Each envelope was mailed with postage thereon fully prepaid.

     I declare under penalty of perjury under the laws of the United States that the above is true and correct.

     Executed on April 24, 2017, at Los Angeles, California.

                                    /S/Lucia E. Coyoca

Mitchell Silberberg & Knupp LLP

**PROOF OF SERVICE OF PLAINTIFFS' APPLICATION TO FILE DOCUMENTS UNDER SEAL**