LUCIA E. COYOCA (SBN 128314)
  lec@msk.com
VALENTINE A. SHALAMITSKI (SBN 236061)
  vas@msk.com
DANIEL M. HAYES (SBN 240250)
  dmh@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, CA 90064-1683
Telephone:  (310) 312-2000
Facsimile:  (310) 312-3100

Attorneys for Plaintiffs
Universal Cable Productions LLC and
Northern Entertainment Productions LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| UNIVERSAL CABLE PRODUCTIONS LLC and NORTHERN ENTERTAINMENT PRODUCTIONS LLC,<br><br>Plaintiffs,<br><br>v.<br><br>ATLANTIC SPECIALTY INSURANCE COMPANY,<br><br>Defendant. | CASE NO. 2:16-cv-4435-PA-MRW<br><br>The Honorable Percy Anderson<br><br>**NOTICE OF MOTION AND MOTION OF PLAINTIFFS UNIVERSAL CABLE PRODUCTIONS LLC AND NORTHERN ENTERTAINMENT PRODUCTIONS LLC FOR PARTIAL SUMMARY JUDGMENT**<br><br>[Memorandum of Points and Authorities; Notice of Lodging Statement of Uncontroverted Facts and Conclusions of Law; Statement of Uncontroverted Facts and Conclusions of Law; Table of Contents of Evidence; Declarations of Andrea Garber, Kurt Ford, Randi Richmond, Matthew Levitt, Dennis Ross, Harold Koh, Ty Sagalow, and Lucia Coyoca; and Request for Judicial Notice filed / lodged and [Proposed] Order lodged concurrently herewith]<br><br>Date:  May 22, 2017<br>Time:  1:30 pm<br>Ctrm.:  9A, First Street Courthouse |

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT**

8812751.2

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT, on May 22, 2017, at 1:30 p.m., or as soon as the matter may be heard in the Courtroom of the Honorable Percy Anderson, First Street Courthouse, 350 W. 1st Street, Courtroom 9A, 9th Floor, Los Angeles, California 90012, Plaintiff Universal Cable Productions LLC and Northern Entertainment Productions LLC (collectively, "Universal") will and hereby does move pursuant to Fed. R. Civ. P. 56 for partial summary judgment against defendant Atlantic Specialty Insurance Company ("Atlantic").

This motion is made on the following grounds, about which there are no material facts in dispute, as more fully detailed in the accompanying motion papers:

1. Atlantic breached the production insurance policy ("the Policy") as a matter of law, by denying coverage for the extra expenses incurred by Universal in postponing and relocating the production of the television show *Dig* out of Israel during the summer of 2014, based on inapplicable exclusions in the Policy (*i.e.*, Exclusions 1, 2, 3, and 4 of the Policy, General Conditions, § III).

2. In the alternative, Universal seeks an order finding that each of the following affirmative defenses which Atlantic asserted in this action lacks merit and fails as a matter of law:

- Second Affirmative Defense, labeled "Exclusion 1, General Conditions" ("War, including undeclared or civil war"): This exclusion does not apply because it can only be invoked with respect to a conflict between two sovereign or quasi-sovereign entities, which Atlantic cannot establish because as a matter of law Hamas is neither a sovereign nor a quasi-sovereign entity.

- Third Affirmative Defense, labeled "Exclusion 2, General Conditions" ("Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any

1
**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT**

government, sovereign or other authority using military personnel or other agents"): This exclusion does not apply because it can only be invoked with respect to a conflict between two sovereign or quasi-sovereign entities, which Atlantic cannot establish because as a matter of law Hamas is neither a sovereign nor a quasi-sovereign entity.

- Fourth Affirmative Defense, labeled "Exclusion 3, General Conditions" ("Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss."): This exclusion does not apply because it requires that Hamas was acting with the specific purpose and intent of overthrowing Israel's government and seizing its powers, which requirement Atlantic cannot establish as a matter of law.

- Fifth Affirmative Defense, labeled "Exclusion 4, General Conditions" ("Any weapon of war including atomic fission or radioactive force, whether in time of peace or war"): This exclusion does not apply because it excludes only those losses caused by a weapon using atomic fission or radioactive force, and, as a matter of law, Atlantic cannot establish either that such a weapon was used, or that Hamas' use of "weapons" meets the definition of a "weapon of war" as used in Exclusion 4.

3. In the alternative, Universal seeks an order requiring that each of Exclusions 1, 2, 3, and 4 in the Policy be interpreted based on their technical and special meaning established by longstanding case authority, international law, and industry custom and practice.

This Motion is based on this Notice of Motion and Motion; the accompanying Memorandum of Points and Authorities; Separate Statement of Uncontroverted Facts and Conclusions of Law; the supporting declarations of Andrea Garber, Kurt Ford, Randi Richmond, Matthew Levitt, Dennis Ross, Harold

Mitchell Silberberg & Knupp LLP

2

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT**

Koh, Ty Sagalow, and Lucia Coyoca; the concurrently-filed Request for Judicial Notice; any oral argument heard on this motion; and all pleadings and documents on file in this action.

This Motion is made following a conference between Universal's and Atlantic's counsel, which took place on April 17, 2017.

Respectfully submitted,

DATED:  APRIL 24, 2017                    MITCHELL SILBERBERG & KNUPP LLP

By: /S/Lucia E. Coyoca
    Lucia E. Coyoca
    Attorneys for Plaintiffs
    Universal Cable Productions LLC and
    Northern Entertainment Productions LLC