1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| UNIVERSAL CABLE PRODUCTIONS LLC and NORTHERN ENTERTAINMENT PRODUCTIONS LLC,<br><br>Plaintiffs,<br><br>v.<br><br>ATLANTIC SPECIALTY INSURANCE COMPANY,<br><br>Defendant. | CASE NO. 2:16-cv-4435-PA-MRW<br><br>Honorable Percy Anderson<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS UNIVERSAL CABLE PRODUCTIONS LLC AND NORTHERN ENTERTAINMENT PRODUCTIONS LLC'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Time: 1:30 p.m.<br>Date: May 22, 2017<br>Ctrm.: 9A, First Street Courthouse<br><br>File Date: June 20, 2016<br>Trial Date : July 25, 2017 |
|---|---|

The Motion for Partial Summary Judgment (the "PSJ Motion") of Plaintiff Universal Cable Productions LLC and Northern Entertainment Productions LLC (collectively, "Universal") came on regularly for hearing on May 22, 2017, in Courtroom 9A of this Court, the Honorable Percy Anderson presiding.

After full consideration of the evidence, the moving, opposition, and reply papers, and the argument of counsel, the Court finds there is no genuine issue of any material fact as to the issues raised in the PSJ motion, that Universal is entitled to partial summary judgment as a matter of law, and good cause appearing therefor,

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED as follows:

1. Defendant Atlantic Specialty Insurance Company ("Atlantic") breached the production insurance policy ("the Policy") as a matter of law, by denying coverage for the extra expenses incurred by Universal in postponing and relocating the production of the television show *Dig* out of Israel during the summer of 2014, based on inapplicable exclusions in the Policy (*i.e.*, Exclusions 1, 2, 3, and 4 of the Policy, General Conditions, § III).

2. Universal's PSJ Motion is GRANTED in Universal's favor and against Atlantic.

**[OR]**

1. Defendant Atlantic Specialty Insurance Company's ("Atlantic") Second Affirmative Defense, labeled "Exclusion 1, General Conditions" ("War, including undeclared or civil war"), asserted in its Answer to First Amended Complaint (ECF No. 14) lacks merit and fails as a matter of law.

2. Atlantic's Third Affirmative Defense, labeled "Exclusion 2, General Conditions" ("Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents"), in its Answer to First

Amended Complaint lacks merit and fails as a matter of law.

3. Atlantic's Fourth Affirmative Defense, labeled "Exclusion 3, General Conditions" ("Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these"), asserted in its Answer to First Amended Complaint lacks merit and fails as a matter of law.

4. Atlantic's Fifth Affirmative Defense, labeled "Exclusion 4, General Conditions" ("Any weapon of war including atomic fission or radioactive force, whether in time of peace or war"), asserted in its Answer to First Amended Complaint lacks merit and fails as a matter of law.

**[OR]**

1. Exclusions 1, 2, 3, and 4 in Defendant Atlantic Specialty Insurance Company' Policy, General Conditions, § III shall be interpreted based on the meanings advanced by Universal herein. Specifically:

    A. In order for Exclusions 1 and 2 to apply, the hostilities must have been between sovereign or quasi-sovereign entities.

    B. In order for Exclusion 3 to apply, Hamas must have intended to and acted for the specific purpose of overthrowing the government of Israel so that Hamas could become the controlling government of Israel.

    C. In order for Exclusion 4 to apply, Hamas must have used a weapon that used atomic fission or radioactive force.

IT IS SO ORDERED.

DATED: _____, 2017

                                              The Honorable Percy Anderson
                                              United States District Judge