MARC J. SHRAKE (SBN 219331)
  mjs@amclaw.com
ANDERSON, MCPHARLIN & CONNERS LLP
707 Wilshire Boulevard, Suite 4000
Los Angeles, California 90017-3623
Telephone: (213) 236-1691
Facsimile: (213) 622-7594

MICHAEL KEELEY *(Pro Hac Vice)*
  michael.keeley@strasburger.com
TONI SCOTT REED *(Pro Hac Vice)*
  toni.reed@strasburger.com
CARLA C. CRAPSTER *(Pro Hac Vice)*
  carla.crapster@strasburger.com
STRASBURGER & PRICE, LLP
901 Main Street, Suite 6000
Dallas, Texas 75202
Telephone: (214) 651-4300
Facsimile: (214) 651-4330

Attorneys for Defendant
Atlantic Specialty Insurance Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNIVERSAL CABLE PRODUCTIONS LLC, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ATLANTIC SPECIALTY INSURANCE COMPANY,<br><br>Defendant. | CASE NO. 2:16-cv-4435-PA-MRW<br><br>**ATLANTIC SPECIALTY INSURANCE COMPANY'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY**<br><br>Time:    9:30 a.m.<br>Date:    April 26, 2017<br>Judge:  Hon. Michael R. Wilner<br><br>File Date:          June 20, 2016<br>Discovery Cutoff:  May 12, 2017<br>Pre-Trial Conf.:     June 16, 2017<br>Trial Date :         July 25, 2017 |

1

Pursuant to Local Rule 37-2.3, Defendant Atlantic Specialty Insurance Company ("Atlantic"), hereby submits this Supplemental Memorandum in Support of its Opposition to Plaintiffs' Motion to Compel Discovery.

After extensive conferences between the parties, one discovery dispute remains from the plaintiffs' motion to compel: whether Atlantic waived the attorney-client privilege on the coverage opinion it obtained before denying the *Dig* Claim.

According to the deposition testimony of Susan Weiss, plaintiffs' insurance broker, she saw Peter Williams of Atlantic on July 16, 2014, at an "industry event" the two were attending. He approached her to give her a "heads-up" that Atlantic was considering denying plaintiffs' claim based upon the war exclusions of Atlantic's policy. (Depo. of Susan Weiss at 170-71). Ms. Weiss told Mr. Williams that she strongly disagreed, and further stated that he had better have a legal opinion to support Atlantic's view. (*Id.*). The next day Atlantic retained coverage counsel to provide it with an opinion on whether the war exclusions of the policy applied. Atlantic has made it clear that it is not relying upon the advice-of-counsel defense in defending against plaintiff's claims. Nor has Atlantic otherwise relied upon that opinion in this lawsuit.

The plaintiffs have argued that Atlantic put the legal opinion they obtained "at issue" by referencing its existence. Plaintiffs are mistaken. In response to questions in his deposition, Williams (formerly of Atlantic) testified that Atlantic did seek a coverage opinion from counsel. But he did not testify that Atlantic was relying upon that advice in denying plaintiffs' claims. (Depo. of Peter Williams at 218-219).

California law is clear that the hallowed attorney-client privilege is not waived in an insurance coverage lawsuit like this one unless the insurer pleads the defense of advice of counsel. *Aetna Cas. & Sur. Co. v. Superior Court*, 200 Cal.

Rptr. 471, 475 (Cal. Ct. App. 1984) (no waiver of the privilege as to a coverage opinion because "Aetna claims it acted as it did not because it was advised to do so, but *because the advice was, in its view, correct*; and it is prepared to defend itself on the basis of that asserted correctness rather than the mere fact of the advice. Such a defense does not waive the attorney-client privilege."); *Rockwell Int'l Corp. v. Superior Court*, 32 Cal. Rptr. 2d 153, 161 (Cal. Ct. App. 1994) ("[T]he doctrine [of waiver] has no application in a coverage action between an insured and its carrier where the issues turn on the underlying facts and the insured is not relying on the advice of counsel for any purpose."). Atlantic has not asserted that defense here and has made *explicitly* clear that it never will. The plaintiffs nonetheless complain that it is not fair to let the jury even hear that Atlantic obtained a coverage opinion because it might allow the jury to infer that Atlantic acted in good faith by obtaining that opinion—which, they contend, can be combatted only by allowing the jury to see the whole opinion. This is simply not the law. There is no case, in California or anywhere, stating that an insurance company being sued for bad faith cannot *mention* that it obtained a coverage opinion without waiving the privilege. The fact that Atlantic obtained the opinion is nothing more than that—a fact. Juries are always free to infer conclusions from facts. What the jury infers is irrelevant. What matters is that the *existence* of a coverage opinion is simply the recitation of a fact that does not place the *content* of the opinion "into issue." *S. Cal. Gas Co. v. Pub. Utils. Com*, 784 P.2d 1373, 1375 (Cal. 1990) (a privileged document is not put "in issue" unless the litigant "intends to rely on its attorneys' advice or state of mind to demonstrate that it acted reasonably" and when the litigant has "expressly stated otherwise" there is no implied waiver). For that reason, Atlantic continues to believe that it could mention the opinion at trial without waiving the privilege.

3
**ATLANTIC'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
ITS OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY**

Nonetheless, Atlantic *did* agree not to mention the opinion at trial unless asked about it. Atlantic stated as much to the Court during the phone conference on April 10, and it has repeated the same offer to the plaintiffs' counsel over and over since then. After numerous meet-and-confers on this issue, the plaintiffs' final offer is that they will agree that neither party may mention the coverage opinion at trial only if the plaintiffs reserve the right to argue—if a witness accidentally mentions the opinion—that the jury should infer from Atlantic's decision not to produce the opinion that it is harmful to Atlantic's position. Such an argument would be contrary to the law. *See, e.g,, Nabisco, Inc. v. PF Brands, Inc.*, 191 F.3d 208, 226 (2d Cir. 1999) (holding it was improper to impose a sanction of an adverse inference for the decision not to disclose legal advice because "[t]he law affording the attorney-client privilege was designed to encourage Nabisco to opt in favor of seeking legal advice"); *Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1265 (9th Cir. 2000) (citing *Nabisco* with approval and noting that "the policy behind the attorney-client privilege was paramount and trumped the questioner's right to acquire information"); *see also Knorr-Bremse Sys. Fuer Nutzfahrzeuge GMBH v. Dana Corp.*, 383 F.3d 1337, 1344 (Fed. Cir. 2004) ("no adverse inference shall arise from invocation of the attorney-client and/or work product privilege"); *Parker v. Prudential Ins. Co.*, 900 F.2d 772, 775 (4th Cir.1990) (no negative inference permitted from assertion of attorney-client privilege); *In re Tudor Assocs. Ltd. III*, 20 F.3d 115, 120 (4th Cir. 1994) ("A negative inference should not be drawn from the proper invocation of the attorney-client privilege."). Atlantic cannot agree to let the plaintiffs make an argument that Atlantic would have to argue is improper the minute the plaintiffs made it. As a result, the parties are at impasse and request the Court to rule on the issue presented.

4

ATLANTIC'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
ITS OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY

1   In sum, Atlantic continues to believe it has the right to mention the coverage
2   opinion at trial, and the case law discussed above certainly supports this. The
3   plaintiffs, on the other hand, have not pointed to a single opinion to support their
4   argument that the privilege is waived by acknowledging the opinion's existence.
5   All their cases are easily distinguishable, as Atlantic argued in the Joint
6   Stipulation. Atlantic therefore asks that the Court deny the plaintiffs' motion to
7   compel on this issue. There is simply no support for forcing Atlantic to produce its
8   privileged opinion from legal counsel. And as Atlantic argued in the Joint
9   Stipulation, a holding that insurers waive the attorney-client privilege that protects
10  coverage opinions merely by mentioning them will have a chilling effect on
11  insurers' willingness to obtain those opinions. This is contrary to a central purpose
12  of the privilege: to *encourage* obtaining legal advice. If revealing that any advice
13  was sought were to become tantamount to waiving the privilege, everyone
14  considering consulting an attorney would pause, wondering what might be
15  revealed if it somehow came out that they had consulted a lawyer. This is not, and
16  should not be, the law.

DATED: APRIL 27, 2017

MARC J. SHRAKE, ESQ.
ANDERSON, MCPHARLIN & CONNERS LLP

MICHAEL KEELEY, ESQ.
CARLA C. CRAPSTER, ESQ.
STRASBURGER & PRICE, LLP


By: */s/ Michael Keeley*
Michael Keeley
Attorneys for Defendant
Atlantic Specialty Insurance Company

5

**ATLANTIC'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
ITS OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY**