MARC J. SHRAKE (SBN 219331)
 mjs@amclaw.com
ANDERSON, MCPHARLIN & CONNERS LLP
707 Wilshire Boulevard, Suite 4000
Los Angeles, California 90017-3623
Telephone: (213) 236-1691
Facsimile: (213) 622-7594

MICHAEL KEELEY *(Pro Hac Vice)*
 michael.keeley@strasburger.com
TONI SCOTT REED *(Pro Hac Vice)*
 toni.reed@strasburger.com
CARLA C. CRAPSTER *(Pro Hac Vice)*
 carla.crapster@strasburger.com
STRASBURGER & PRICE, LLP
901 Main Street, Suite 6000
Dallas, Texas 75202
Telephone: (214) 651-4300
Facsimile: (214) 651-4330

Attorneys for Defendant
Atlantic Specialty Insurance Company

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| UNIVERSAL CABLE PRODUCTIONS LLC, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ATLANTIC SPECIALTY INSURANCE COMPANY,<br><br>Defendant. | CASE NO. 2:16-cv-4435-PA-MRW<br><br>**DECLARATION OF<br>CARLA C. CRAPSTER** |

## DECLARATION OF CARLA C. CRAPSTER

1.   My name is Carla C. Crapster. I am over the age of twenty-one years, of sound mind, legally competent to render this Declaration, and suffer no mental

---

**DECLARATION OF CARLA C. CRAPSTER**

1. disabilities. The facts stated in this Declaration are within my personal knowledge and are true and correct.

2. I am a partner with Strasburger & Price, LLP in Dallas, Texas and counsel for Atlantic Specialty Insurance Company ("Atlantic") in this lawsuit.

3. After the phone call with the Court on April 10, 2017, during which Atlantic offered not to mention the fact that it obtained the coverage opinion at trial, counsel for plaintiffs and counsel for Atlantic engaged in multiple telephone calls to attempt to draft a stipulation resolving this issue. The parties exchanged several drafts of proposed stipulations.

4. During a phone conference with plaintiffs' counsel on April 26, 2017, plaintiffs' counsel explained that it felt strongly about a proposed stipulation that would bar Atlantic from mentioning the coverage opinion at trial but that would give plaintiffs the option to mention it at trial and—if they chose to exercise that option—would require the Court to take this issue up again at a later date. Atlantic did not agree to this proposal as it would not have truly resolved the issue but only postponed it.

5. The most recent offer by the plaintiffs was to stipulate that neither of the parties would mention the issue at trial, but that if the fact of Atlantic's obtaining the coverage opinion were somehow revealed, the plaintiffs would be free to argue to the jury that they should draw an adverse inference from the fact that Atlantic obtained the opinion but did not produce it. Atlantic's position is that such an argument would be contrary to the law, and Atlantic refused to agree to this proposal.

6. A true and correct copy of the excerpt of the deposition of Peter Williams that is referenced in Atlantic's Supplemental Brief in Support of its Response to Plaintiffs' Motion to Compel is attached hereto as Exhibit A.

1  7. A true and correct copy of the excerpt of the deposition of Susan Weiss
2 that is referenced in Atlantic's Supplemental Brief in Support of its Response to
3 Plaintiffs' Motion to Compel is attached hereto as Exhibit B.
4  I declare under penalty of perjury under the laws of the United States of
5 America and the State of California that the foregoing is true and correct.

*[signature]*

Carla C. Crapster

**DECLARATION OF CARLA C. CRAPSTER**