# Exhibit A

```
 1              UNITED STATES DISTRICT COURT

 2            CENTRAL DISTRICT OF CALIFORNIA

 3                    WESTERN DIVISION

 4  _____
                                   )
 5  UNIVERSAL CABLE PRODUCTIONS    )
    LLC, a Delaware limited        )
 6  liability company; and         )
    NORTHERN ENTERTAINMENT         )
 7  PRODUCTIONS LLC, a Delaware    )
    limited liability company,     )
 8                                 )
              Plaintiffs,          )
 9                                 )
         vs.                       )Case No.
10                                 )2:16-cv-04435-PA-MRW
    ATLANTIC SPECIALITY INSURANCE  )
11  COMPANY, a New York insurance  )
    company,                       )
12                                 )
              Defendant.           )
13  _____)
    _____
14

15

16        VIDEOTAPED DEPOSITION OF SUSAN WEISS

17             Los Angeles, California

18             Tuesday, April 18, 2017

19                     Volume I

20

21  Reported by:
    LORI SCINTA, RPR
22  CSR No. 4811

23

24

25  Job No. CS2590363
```

```
 1              UNITED STATES DISTRICT COURT
 2            CENTRAL DISTRICT OF CALIFORNIA
 3                    WESTERN DIVISION
 4  _____
                                    )
 5  UNIVERSAL CABLE PRODUCTIONS     )
    LLC, a Delaware limited         )
 6  liability company; and          )
    NORTHERN ENTERTAINMENT          )
 7  PRODUCTIONS LLC, a Delaware     )
    limited liability company,      )
 8                                  )
              Plaintiffs,           )
 9                                  )
         vs.                        ) Case No.
10                                  ) 2:16-cv-04435-PA-MRW
    ATLANTIC SPECIALITY INSURANCE   )
11  COMPANY, a New York insurance   )
    company,                        )
12                                  )
              Defendant.            )
13  _____)
14
15
16         Videotaped deposition of SUSAN WEISS,
17  Volume I, taken on behalf of Defendant, at
18  555 South Flower Street, Suite 3500, Los Angeles,
19  California, beginning at 10:06 A.M. and ending at
20  6:05 P.M. on Tuesday, April 18, 2017, before
21  LORI SCINTA, RPR, Certified Shorthand Reporter
22  No. 4811.
23
24
25
```

```
 1  APPEARANCES:
 2
 3  For Plaintiffs:
 4       MITCHELL SILBERBERG & KNUPP LLP
 5       BY:  LUCIA E. COYOCA
 6       Attorney at Law
 7       11377 West Olympic Boulevard
 8       6th Floor
 9       Los Angeles, California 90064
10       310.312.3250
11       Email:  lec@msk.com
12
13  For Defendant:
14       STRASBURGER & PRICE, LLP
15       BY:  MICHAEL KEELEY
16       Attorney at Law
17       901 Main Street
18       Suite 6000
19       Dallas, Texas 75202-3794
20       214.651.4718
21       Email:  michael.keeley@strasburger.com
22
23
24
25
```

```
 1  APPEARANCES (Continued):
 2
 3  For AON/Albert G. Ruben and the witness:
 4       FOLEY & LARDNER LLP
 5       BY:  JOHN R. LANDIS
 6       Attorney at Law
 7       321 North Clark Street
 8       Suite 2800
 9       Chicago, Illinois 60654-5313
10       312,832,4539
11       Email:  jrlandis@foley.com
12           -- and --
13       FOLEY & LARDNER LLP
14       BY:  JOHN J. ATALLAH
15       Attorney at Law
16       555 South Flower Street
17       Suite 3500
18       Los Angeles, California 90071-2411
19       213.972.4500
20       Email:  jatallah@foley.com
21
22  Also Present:
23       YAKUB HAZZARD, Vice President, Legal
24       for NBCUniversal
25
```

```
                                                        5
 1  APPEARANCES (Continued):

 2

 3  Videographer:

 4       JULIAN SHINE

 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

170

1      A   I had run into Peter Williams the evening
2  before at some sort of industry event.  And he took
3  me aside and said, "Things are -- things are looking
4  like -- I need to give you a heads-up.  It's looking
5  like this is going to -- the war exclusion is going
6  to be invoked."
7      Q   What was the industry event you --
8      A   I don't recall.
9      Q   Was it in Los Angeles?
10     A   Yes.
11     Q   Do you recall anything else he said to you?
12     A   No.  It was a quick, brief discussion.  And
13 he, I felt, was giving me a courtesy heads-up that
14 they were going to invoke the war exclusion.
15     Q   Do you recall him telling you anything else
16 other than, "It's looking like we're going to invoke
17 the war exclusion"?
18     A   It was a brief conversation.  I -- I do
19 remember saying something to him about I strongly
20 disagree, and that if OneBeacon was going to take
21 that position, they better have some expert
22 opinions.
23         And he said, "I have requested an opinion
24 letter from legal counsel."
25         And that was the gist of the conversation.

171

1  Q  Are you certain he said, "I have requested
2 an opinion" as opposed to, "I will request an
3 opinion"?
4  A  No, I can't be certain.
5  Q  Okay.
6  A  One of the two.
7  Q  And before he said that, your comment to
8 him was, "I strongly disagree.  And if OneBeacon is
9 going to take that position, they better have an
10 expert opinion"?
11  A  Yes, something to that effect.
12  Q  Do you know whether you said, "They better
13 have a legal opinion"?
14  A  I do not recall.
15  Q  You could have.  You just don't know one
16 way or the other?
17  A  I don't recall.
18  Q  What else do you recall discussing with
19 Mr. Williams that evening, if anything?
20  A  I don't recall anything else.
21  Q  Do you recall him saying anything else?
22  A  No.
23  Q  Did you relay that conversation with anyone
24 else -- excuse me.
25     Did you relay that conversation with

256

1          I, the undersigned, a Certified Shorthand
2    Reporter of the State of California, do hereby
3    certify:
4          That the foregoing proceedings were taken
5    before me at the time and place herein set forth;
6    that any witnesses in the foregoing proceedings,
7    prior to testifying, were duly sworn; that a record
8    of the proceedings was made by me using machine
9    shorthand which was thereafter transcribed under my
10   direction; that the foregoing transcript is a true
11   record of the testimony given.
12         Further, that if the foregoing pertains to
13   the original transcript of a deposition in a Federal
14   Case, before completion of the proceedings, review
15   of the transcript [  ] was [ ] was not requested.
16         I further certify I am neither financially
17   interested in the action nor a relative or employee
18   of any attorney or party to this action.
19         IN WITNESS WHEREOF, I have this date
20   subscribed my name.
21   Dated:
22
23                    <%signature%>
                      LORI SCINTA, RPR
24                    CSR No. 4811
25