LUCIA E. COYOCA (SBN 128314)
  lec@msk.com
VALENTINE A. SHALAMITSKI (SBN 236061)
  vas@msk.com
DANIEL M. HAYES (SBN 240250)
  dmh@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, CA 90064-1683
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Plaintiffs
Universal Cable Productions LLC and
Northern Entertainment Productions LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| UNIVERSAL CABLE PRODUCTIONS LLC, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ATLANTIC SPECIALTY INSURANCE COMPANY,<br><br>Defendant. | CASE NO. 2:16-cv-4435-PA-MRW<br><br>**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY**<br><br>Time: 9:30 a.m.<br>Date: May 3, 2017<br>Judge: Hon. Michael R. Wilner<br><br>File Date: June 20, 2016<br>Discovery Cutoff: June 2, 2017<br>Pre-Trial Conf.: June 16, 2017<br>Trial Date: July 25, 2017 |

Plaintiffs Universal Cable Productions LLC and Northern Entertainment Productions LLC ("Plaintiffs") present the following supplemental memorandum in support of their April 5, 2017 discovery motion (the "Discovery Motion").

## I. INTRODUCTION

In its portion of the Joint Stipulation, Atlantic confirms what it intends to argue to the jury: By soliciting the Coverage Opinion and acting in accordance with it, Atlantic exhibited good faith in the investigation and denial of the *Dig* Claim. Plaintiffs cannot adequately dispute that assertion without the Coverage Opinion itself and related correspondence, all of which Atlantic refuses to disclose on attorney-client privilege grounds.

Atlantic's tactical decision to put the Coverage Opinion at issue constitutes implied waiver of the attorney-client privilege, and fairness dictates that the Court order Atlantic to produce the Coverage Opinion and all related correspondence.[1]

## II. UNDER THE APPLICABLE LEGAL STANDARD, ATLANTIC HAS WAIVED THE ATTORNEY-CLIENT PRIVILEGE

A party impliedly waives the attorney-client privilege when: (1) it puts the "otherwise privileged communication directly at issue;" and (2) "disclosure is essential for a fair adjudication of the action." *S. Cal. Gas Co. v. Pub. Utils. Com*, 50 Cal. 3d 31, 40 (Cal. 1990).

Atlantic completely ignores this legal standard, relying instead on the straw-man argument that it "has never and will never rely on the advice-of-counsel defense in this case." Joint Stip., 29:25-26. Atlantic's assertion is immaterial because "a party need not invoke the 'magic words "advice of counsel"' when it is otherwise relying on privileged information to trigger waiver." *Spin Master, Ltd.*

---

[1] The Discovery Motion addressed four disputed issues. The parties have informally resolved three of them – Disputed Issue Nos. 2-4. In this supplemental memorandum, Plaintiffs address the last remaining issue in dispute, No. 1: Discovery of the Coverage Opinion Atlantic procured in connection with the *Dig* Claim, and related correspondence.

*v. Zobmondo Entm't, LLC*, 2012 U.S. Dist. LEXIS 188149, at *7 (C.D. Cal. Mar. 9, 2012) (citations omitted); *see* Joint Stip., 19:8-20.  Here, under the test articulated in *S. Cal. Gas Co.* and applied in the numerous federal cases that Plaintiffs cited in the Joint Stipulation, Atlantic has triggered waiver.

### A. Atlantic Has Put The Coverage Opinion At Issue

The best evidence of Atlantic's waiver is now its own contentions and points and authorities in the Joint Stipulation, wherein Atlantic brazenly previews how it will use the Coverage Opinion at trial:

> The Court or jury can be the judge of **what to infer from Atlantic's obtaining a coverage opinion** at NBCU's suggestion[2], but the plaintiffs, no doubt realizing that **the jury might infer that it demonstrates Atlantic was thorough and accommodating**, are seeking to invade the attorney-client privilege … .

Joint Stip., 21:18-22 (emphasis added).

This is not the only inference Atlantic will attempt to sow with the jury. Atlantic goes on to characterize Gooley's testimony – that she believed "the opinion consistent with everything else supported our position" and "had we found we were diametrically opposed, we may have changed our opinion" (Ex. 15: Gooley Depo, 186:10-18) – as stating "facts that are obvious … : Atlantic considered the opinion **and saw nothing in the opinion that changed Atlantic's mind**." Joint Stip., 24:22-25 (emphasis added).  Summarizing the import of, *inter*

---

[2] Atlantic submitted a declaration from Pamela Johnson in which Ms. Johnson implies that Plaintiffs' representatives requested that Atlantic obtain the Coverage Opinion. Johnson Decl. ¶ 8.  This factual characterization is nowhere to be found in any of Atlantic's discovery responses, contemporaneous correspondence, claim file, or in any of its witnesses' deposition testimony.  In fact, Peters Williams, Johnson's superior, indicated that procuring the Coverage Opinion was his idea. *See* Ex. 17: Williams Depo, 220:8-13 (*Page #1657*).  In any event, it is completely irrelevant for purposes of resolving this discovery motion.

*alia*, this testimony and Clark's expert opinion that Atlantic exhibited good faith by relying on "legal advice" from Gladstone, Atlantic argues:

> In short, none of these statements go beyond reciting the fact that **Atlantic obtained the opinion, carefully considered it, and then – as is obvious from the fact that Atlantic went on to deny coverage – did not see anything in the opinion that caused Atlantic to believe that the war exclusions did not apply**.

Joint Stip., 25:1-4 (emphasis added).

Of course, the "obvious" implication for the jury is that *Gladstone* determined the *Dig* Claim was excluded from coverage – just as Atlantic did. This attempt to bolster Atlantic's otherwise anemic investigation puts the *content* of Gladstone's Coverage Opinion directly at issue.

### B. Disclosure Is Essential For A Fair Adjudication Of The Action

After its candid summary, Atlantic states the following counterfactual: "No matter what the opinion says, it will not contradict these basic facts, and these are the *only* facts that Atlantic has put into evidence." Joint Stip., 25:4-6 (italics in original). This is simply not true. Using Gooley's testimony and Clark's expert opinion, Atlantic has overtly implied that Gladstone reached the same coverage determination it did – that the Policy's war exclusion precluded coverage. *See, e.g.,* Joint Stip., *supra*, 24:22-25; 25:1-4. And Atlantic's intent to argue this point to the jury is clear. Joint Stip., 21:18-19.

Setting aside Atlantic's transparent attempt to muddle the analysis, the appropriate inquiry on this discovery motion is whether Plaintiffs can adequately dispute Atlantic's Coverage Opinion-based claims without access to the Coverage Opinion itself. *See, e.g., Bittaker v. Woodford*, 331 F.3d 715, 718-19 (9th Cir. 2003) (superseded by statute on other grounds). Atlantic skips this inquiry entirely, because the result is clear: The *only* way to confirm whether Gladstone

and Atlantic actually reached the same conclusion – *i.e.*, that the Policy's war exclusion precluded coverage – *is to review the Coverage Opinion itself.* Therefore, fairness requires that Atlantic disclose the Coverage Opinion *now*, before Plaintiffs depose Pamela Johnson on May 8, 2017.  *See, e.g., United States v. Amlani*, 169 F.3d 1189, 1195-96 (9th Cir. 1999) ("Amlani 'cannot invoke the attorney-client privilege to deny [the government] … access to the very information that [the government] … must refute …'.") (brackets in original, quoting *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1163 (9th Cir. 1992)); *In re Kidder Peabody Sec. Litig.*, 168 F.R.D. 459, 472 (S.D.N.Y. 1996) (where party "in effect" made representations as to the substance of certain undisclosed statements, it could not "invoke a privilege to bar disclosure of those documents or portions of documents that would reveal the substance of the statements."); *Apple Inc. v. Samsung Elecs. Co.*, 306 F.R.D. 234, 241-43 (N.D. Cal. 2015).

In each of the foregoing cases, the court found that the party claiming the privilege impliedly waived it, because that party made an assertion that his opponent could not adequately dispute without access to the privileged material at issue.  That is exactly what Atlantic has done in this action, on multiple occasions, and with full appreciation of the potential consequences.

### C.     The Cases Cited By Atlantic Are Inapposite

All of the cases cited by Atlantic are factually distinguishable because none involved an assertion which could not be adequately disputed without access to privileged material.  In *S. Cal. Gas Co.* (harmonized by *Amlani*, 169 F.3d at 1196, n.5, *supra*), the Court found that "SoCalGas has done **nothing** in the present proceedings to place in issue its privileged communications." *S. Cal. Gas Co.*, 50 Cal. 3d at 42 (emphasis added).  Similarly, in *Rockwell Internat. Corp. v. Superior Court*, 26 Cal. App. 4th 1255 (Cal. App. Ct. 1994), the Court found "*nothing* in the record before us to suggest that Rockwell has tendered any privileged communication or any issue which cannot be proved or disproved by other, more

1  direct evidence." *Rockwell Internat. Corp.*, 26 Cal. App. 4th at 1268 (italics in
2  original).  There is no mention of a claim that could not be adequately disputed
3  without access to privileged communications in Atlantic's unpublished *Fed Ins.*
4  *Co. v. Superior Court*, 2013 Cal. App. LEXIS 1092 (Cal. App. Ct. 2013), either.
5  And in *Aetna Casualty & Surety Co. v. Superior Court*, 153 Cal. App. 3d 467 (Cal.
6  App. Ct. 1984), the Court held "that Aetna had not impliedly waived its attorney-
7  client privilege since it was not relying on advice of counsel to show that it acted
8  reasonably, but **<u>instead</u> sought to show that its conduct was reasonable based**
9  **on the underlying facts**." *S. Cal. Gas Co.*, 50 Cal. 3d at 41 (emphasis added).  In
10 stark contrast, Atlantic has repeatedly shown that it is unwilling to rely solely on
11 the underlying facts of its scant investigation for purposes of establishing its good
12 faith.

13       Plaintiffs respectfully request that the Court order Atlantic to produce the
14 Coverage Opinion and related correspondence (*see* Ex. 2) within five days of said
15 order.[3]

16 DATED: April 27, 2017         LUCIA E. COYOCA
                                  VALENTINE A. SHALAMITSKI
17                                DANIEL M. HAYES
                                  MITCHELL SILBERBERG & KNUPP LLP
18

19
                                  By:  */s/ Daniel M. Hayes*
20                                     Daniel M. Hayes
                                       Attorneys for Plaintiffs
21

---

[3] Atlantic filed an attorney declaration and exhibits with its supplemental memorandum, in violation of Local Rule 37-2.3.  *See* O'Connell & Stevenson, RUTTER GROUP PRAC. GUIDE: FEDERAL CIV. PRO. BEFORE TRIAL at 11:2372 (The Rutter Group 2017) ("Each party may (optional) submit a supplemental memorandum of law, no more than five pages in length and no later than 14 days before the hearing date.  **Nothing else may be filed in connection with the motion.**") (emphasis added).  In addition, Atlantic's attorney declaration mischaracterizes the parties' meet-and-confer efforts, which ultimately broke down because the parties could not devise an order surgically removing the Coverage Opinion from the case, given the extent to which it is now intertwined with other facts and issues.  Plaintiffs will be prepared to discuss the full substance of the parties' meet-and-confers at the May 3, 2017 hearing, if the Court so requests.