MARC J. SHRAKE (SBN 219331)
mjs@amclaw.com
ANDERSON, MCPHARLIN & CONNERS LLP
707 Wilshire Boulevard, Suite 4000
Los Angeles, California 90017-3623
Telephone: (213) 236-1691
Facsimile: (213) 622-7594

MICHAEL KEELEY *(Pro Hac Vice)*
michael.keeley@strasburger.com
TONI SCOTT REED *(Pro Hac Vice)*
toni.reed@strasburger.com
CARLA C. CRAPSTER *(Pro Hac Vice)*
carla.crapster@strasburger.com
STRASBURGER & PRICE, LLP
901 Main Street, Suite 6000
Dallas, Texas 75202
Telephone: (214) 651-4300
Facsimile: (214) 651-4330

Attorneys for Defendant
Atlantic Specialty Insurance Company

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

UNIVERSAL CABLE PRODUCTIONS LLC, a Delaware limited liability company, and NORTHERN ENTERTAINMENT PRODUCTIONS LLC, a Delaware limited liability company,

Plaintiffs,

vs.

ATLANTIC SPECIALTY INSURANCE COMPANY, a New York insurance company,

Defendant.

Case No. 2:16-cv-04435-PA-MRW

**ATLANTIC SPECIALTY INSURANCE COMPANY'S OBJECTIONS TO EVIDENCE SUBMITTED BY PLAINTIFFS IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

[*Filed Concurrently with [Proposed] Order and Opposition to Plaintiffs' Motion for Partial Summary Judgment; Declarations of Peter D. Williams; Declarations of Frank G. Lowenstein; Declaration of Aaron T. Stone; Declaration of Carla C. Crapster; and [Proposed] Order; Statement of Genuine Disputes; Request for Judicial Notice; Volume of Evidence; Motion to Strike Plaintiffs' Evidence and [Proposed] Order]*

Date: May 22, 2017
Time: 1:30 p.m.
Place: Courtroom 9A
Judge: Honorable Percy Anderson
Discovery Cutoff: June 2, 2017
Pretrial Conference: June 16, 2017
Trial: July 25, 2017

Atlantic Specialty Insurance Company files the following Separate Statements of its Objections to Evidence, in support of the Objections stated as a part of its Statement of Genuine Disputes of Material Facts.

**Separate Statement Paragraph 10:** Objection to the statement on the grounds that it is incomplete and therefore misstates the evidence and is misleading. The Policy is more specific regarding what it covers and the circumstances under which such expenses are covered than the statement indicates. Policy, Section III – Extra Expenses § I attached as Ex. 43 to Coyoca Decl.

**Separate Statement Paragraph 13:** Objection to the statement on the grounds that it is vague and misleading. Although the Policy does not include an exclusion that has the word terrorism in it, this does not mean that some loss caused by acts of terror will not be excluded. In particular, Atlantic contends the exclusions for war can encompass some acts of terrorism.

**Separate Statement Paragraph 19:** Objection to the statement on the grounds that the plaintiffs' designated expert, Matthew Levitt, lacks personal knowledge necessary to make this assertion. He also fails to offer any foundation for this assertion. It is a conclusion without any facts offered to support that conclusion.

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

Fed. R. Evid. 602; *Guidroz-Brault v. Mo. Pac. R.R.Co.*, 254 F.3d 825, 830-31 (9th Cir. 2001) (Expert affidavit excluded where the expert's opinion was based on a factual assumption that was not sufficiently founded on facts). (*Cleveland v. Groceryworks.com, LLC*, 200 F. Supp. 3d 924, 940 (N.D. Cal. 2016) (where there is insufficient factual matter to support an inference grounded in observation or first-hand personal experience, the affidavit in its entirety, or portions not reflecting the affiant's personal knowledge, will be stricken if challenged); *Bradlow v. Castano Group*, No. C06-05344-MJJ, 2008 U.S. Dist. LEXIS 119924, at *43 (N.D. Cal. Apr. 3, 2008) (witness's conclusory testimony lacked foundation and was inadmissible speculation as to the contents of the minds of others, and his declaration failed to set forth any facts that would lay a foundation for his conclusion).

**Separate Statement Paragraph 28:** Objection to the statement on the grounds that the portion stating that the plaintiff "understood" that *Dig* was insured against acts of terrorism in Israel, including by terrorist groups, is impermissible extrinsic or parol evidence.

*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962) ("When the terms or provisions of an instrument are clear and certain, extrinsic evidence to explain or interpret them is not admissible.").

**Separate Statement Paragraph 36:** Objection to the statement on the grounds that the statement misleadingly suggests, particularly when read together with separate statement paragraph 35, that rocket fire from Hamas did not begin until late June or early July. This is incorrect, as the documents produced by the plaintiffs demonstrate. *See* UCP002524-2526, E-mail from Max Security Intelligence to Stephen Smith, Head

of Security, Europe, NBCU (June 15, 2014 5:03 PST). Ex. 11 to Atlantic's Evid. p. 483-85; Smith Deposition at p. 215-19, Ex. 119 to Atlantic's Evid. P. 1426-27.

**Separate Statement Paragraph 50:** Objection to the statement on the grounds that it is incomplete and therefore misleading. The fact suggests that only Danny Gutterman and Pamela Johnson considered and evaluated the *Dig* claim. But Atlantic employees Theresa Gooley and Peter Williams were also involved in the evaluation of coverage for the Claim. *See generally* Deposition of Theresa Gooley Wolf, attached as Exhibit 45 to Coyoca Declaration; Peter Williams Deposition, attached as Exhibit 45 to Coyoca Declaration, at pp 408-422 of Ex. 45.

**Separate Statement Paragraph 53:** Objection to the statement on the grounds that it is incomplete, misleading, and misstates the evidence. The plaintiffs cite part of the denial letter that Atlantic letter issued to NBCU, but only a small part. The denial letter, in another part, quotes all four war exclusions that are at issue in this case. *See* Denial Letter, Garber Decl. ¶ 18, Ex. 12, p. 86.

**Separate Statement Paragraph 54:** Objection to the statement on the grounds that it is incomplete, misleading, and misstates the evidence. The denial letter that Atlantic issued to NBCU quotes all four war exclusions that are at issue in this case. *See* Denial Letter, Garber Decl. ¶ 18, Ex. 12, p. 86.

**Separate Statement Paragraph 55:** Objection to the statement on the grounds that it is incomplete, misleading, and misstates the evidence. The plaintiffs cite part of the denial letter that Atlantic letter issued to NBCU, but only a small part. The denial letter, in another part, quotes all four war exclusions that are at issue in this case. *See* Denial Letter, Garber Decl. ¶ 18, Ex. 12, p. 86.

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

**Separate Statement Paragraph 56:** Objection to the statement on the grounds that it is incomplete and misleading. The excerpt is incomplete. The entirety of Mr. Williams' e-mail stated: "Why is it not a covered claim they have immanent [sic] peril. Unless you are going to invoke the war exclusion. I am available between 1 and 3 my time. Williams Depo Ex. 11, p. 253 [attached as Ex. 34 to Coyoca Decl.].

**Separate Statement Paragraph 62**: Objection to the statement on the grounds that the plaintiffs' designated expert, Sagalow, lacks personal knowledge necessary to make this assertion. He also fails to offer any foundation for this assertion. It is a conclusion without any facts offered to support that conclusion, and is thus not only conclusory but also speculative. Further, Sagalow's statement is evidence of how other coverage disputes were handled, which is improper parol or extrinsic evidence.

Fed. R. Evid. 602; *Guidroz-Brault v. Mo. Pac. R.R.Co.*, 254 F.3d 825, 830-31 (9th Cir. 2001) (Expert affidavit excluded where the expert's opinion was based on a factual assumption that was not sufficiently founded on facts). (*Cleveland v. Groceryworks.com, LLC*, 200 F. Supp. 3d 924, 940 (N.D. Cal. 2016) (where there is insufficient factual matter to support an inference grounded in observation or first-hand personal experience, the affidavit in its entirety, or portions not reflecting the affiant's personal knowledge, will be stricken if challenged); *Bradlow v. Castano Group*, No. C06-05344-MJJ, 2008 U.S. Dist. LEXIS 119924, at *43 (N.D. Cal. Apr. 3, 2008) (witness's conclusory testimony lacked foundation and was inadmissible speculation as to the contents of the minds of others, and his declaration failed to set forth any facts that would lay a foundation for his conclusion); *Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962) ("When the terms or provisions of an instrument are clear and certain, extrinsic evidence to explain or interpret them is not admissible.").

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

**Separate Statement Paragraph 63:** Objection to the statement on the grounds that the plaintiffs' designated expert, Sagalow, lacks personal knowledge necessary to make this assertion. He also fails to offer any foundation for this assertion. It is a conclusion without any facts offered to support that conclusion, and is therefore not only conclusory but speculative. Sagalow's statement is also a *legal* conclusion, which is not proper summary judgment evidence. Further, Sagalow's statement is evidence of language contained in other insurance policies, which is improper parol or extrinsic evidence.

Fed. R. Evid. 602; *Guidroz-Brault v. Mo. Pac. R.R.Co.*, 254 F.3d 825, 830-31 (9th Cir. 2001) (Expert affidavit excluded where the expert's opinion was based on a factual assumption that was not sufficiently founded on facts). (*Cleveland v. Groceryworks.com, LLC*, 200 F. Supp. 3d 924, 940 (N.D. Cal. 2016) (where there is insufficient factual matter to support an inference grounded in observation or first-hand personal experience, the affidavit in its entirety, or portions not reflecting the affiant's personal knowledge, will be stricken if challenged); *Bradlow v. Castano Group*, No. C06-05344-MJJ, 2008 U.S. Dist. LEXIS 119924, at *43 (N.D. Cal. Apr. 3, 2008) (witness's conclusory testimony lacked foundation and was inadmissible speculation as to the contents of the minds of others, and his declaration failed to set forth any facts that would lay a foundation for his conclusion); *Meador v. Hammer*, No. 2:11-cv-03342-KJM-AC-P, 2015 U.S. Dist. LEXIS 32062, *9-10 (E.D. Cal. Mar. 16, 2015) ("Statements in affidavits that are legal conclusions, speculative assertions, or statements of hearsay evidence do not satisfy the standards of personal knowledge, admissibility, and competence required by 56(c)(4)."); *Orellana v. Cnty. of L.A.*, No. CV 12-01944 MMM (CWx), 2013 U.S. Dist. LEXIS 198186, at *63 n.94 (C.D. Cal. Apr. 29, 2013) ("An expert's conclusory legal 'opinions,' untethered to facts, are inadmissible.") (citing 29 Charles Alan Wright & Victor James Gold, Federal Practice and Procedure: Evidence § 6264, at 217-213

(1997)); *Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962) ("When the terms or provisions of an instrument are clear and certain, extrinsic evidence to explain or interpret them is not admissible.").

**Separate Statement Paragraph 65:** Objection to the statement on the grounds that the plaintiffs' designated expert, Sagalow, lacks personal knowledge necessary to make this assertion. He also fails to offer any foundation for this assertion. It is a conclusion without any facts offered to support that conclusion and is therefore not only conclusory but speculative. Sagalow's statement is also a *legal* conclusion, which is not proper summary judgment evidence. Further, Sagalow's statement is evidence of language contained in other insurance policies, which is improper parol or extrinsic evidence.

Fed. R. Evid. 602; *Guidroz-Brault v. Mo. Pac. R.R.Co.*, 254 F.3d 825, 830-31 (9th Cir. 2001) (Expert affidavit excluded where the expert's opinion was based on a factual assumption that was not sufficiently founded on facts). (*Cleveland v. Groceryworks.com, LLC*, 200 F. Supp. 3d 924, 940 (N.D. Cal. 2016) (where there is insufficient factual matter to support an inference grounded in observation or first-hand personal experience, the affidavit in its entirety, or portions not reflecting the affiant's personal knowledge, will be stricken if challenged); *Bradlow v. Castano Group*, No. C06-05344-MJJ, 2008 U.S. Dist. LEXIS 119924, at *43 (N.D. Cal. Apr. 3, 2008) (witness's conclusory testimony lacked foundation and was inadmissible speculation as to the contents of the minds of others, and his declaration failed to set forth any facts that would lay a foundation for his conclusion); *Meador v. Hammer*, No. 2:11-cv-03342-KJM-AC-P, 2015 U.S. Dist. LEXIS 32062, *9-10 (E.D. Cal. Mar. 16, 2015) ("Statements in affidavits that are legal conclusions, speculative assertions, or statements of hearsay evidence do not satisfy the standards of personal knowledge, admissibility, and competence required by

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

56(c)(4)."); *Orellana v. Cnty. of L.A.*, No. CV 12-01944 MMM (CWx), 2013 U.S. Dist. LEXIS 198186, at *63 n.94 (C.D. Cal. Apr. 29, 2013) ("An expert's conclusory legal 'opinions,' untethered to facts, are inadmissible.") (citing 29 Charles Alan Wright & Victor James Gold, Federal Practice and Procedure: Evidence § 6264, at 217-213 (1997)); *Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962) ("When the terms or provisions of an instrument are clear and certain, extrinsic evidence to explain or interpret them is not admissible.").

**Separate Statement Paragraph 66:** Objection to the statement on the grounds that the plaintiffs' expert, Sagalow, lacks personal knowledge necessary to make this assertion. He also fails to offer any foundation for this assertion. It is a conclusion without any facts offered to support that conclusion, and is thus not only conclusory but also speculative. Further, Sagalow's statement is evidence of what other insureds might expect, which is improper parol or extrinsic evidence.

Fed. R. Evid. 602; *Guidroz-Brault v. Mo. Pac. R.R.Co.*, 254 F.3d 825, 830-31 (9th Cir. 2001) (Expert affidavit excluded where the expert's opinion was based on a factual assumption that was not sufficiently founded on facts). (*Cleveland v. Groceryworks.com, LLC*, 200 F. Supp. 3d 924, 940 (N.D. Cal. 2016) (where there is insufficient factual matter to support an inference grounded in observation or first-hand personal experience, the affidavit in its entirety, or portions not reflecting the affiant's personal knowledge, will be stricken if challenged); *Bradlow v. Castano Group*, No. C06-05344-MJJ, 2008 U.S. Dist. LEXIS 119924, at *43 (N.D. Cal. Apr. 3, 2008) (witness's conclusory testimony lacked foundation and was inadmissible speculation as to the contents of the minds of others, and his declaration failed to set forth any facts that would lay a foundation for his conclusion); *Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App.

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

1962) ("When the terms or provisions of an instrument are clear and certain, extrinsic evidence to explain or interpret them is not admissible.").

**Separate Statement Paragraph 67:** Objection to the statement on the grounds that the plaintiffs' designated experts, Levitt, Ross, and Koh, lack personal knowledge necessary to make this assertion. They also fail to offer any foundation for this assertion. It is a conclusion without any facts offered to support that conclusion, and is thus improperly conclusory. It is also misleading in that the plaintiffs suggest that the U.S. government might recognize Hamas or any group as a quasi-sovereign. The plaintiffs do not cite, and Atlantic is not aware of any evidence suggesting, that the U.S. government ever recognizes any entity or group as a "quasi-sovereign." To the extent Dr. Koh relies upon the U.S. State Department's listing of Foreign Terrorist Organizations and listing of Independent States of the World in forming his opinion; he improperly assumes that because the U.S. government lists Hamas as a terrorist organization and not an independent state, the U.S. government therefore does not recognize Hamas as a quasi-sovereign (de facto government). The plaintiffs offer no evidence supporting the logical leap from the conclusion that a terrorist organization cannot also be a quasi-sovereign or de facto government other than Dr. Koh's unsupported conclusory statement.

Fed. R. Evid. 602; Fed. R. Civ. Proc. 56(c)(4); *Guidroz-Brault v. Mo. Pac. R.R.Co.*, 254 F.3d 825, 830-31 (9th Cir. 2001) (Expert affidavit excluded where the expert's opinion was based on a factual assumption that was not sufficiently founded on facts). (*Cleveland v. Groceryworks.com, LLC*, 200 F. Supp. 3d 924, 940 (N.D. Cal. 2016) (where there is insufficient factual matter to support an inference grounded in observation or first-hand personal experience, the affidavit in its entirety, or portions not reflecting the affiant's personal knowledge, will be stricken if challenged); *Bradlow v. Castano Group*,

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

No. C06-05344-MJJ, 2008 U.S. Dist. LEXIS 119924, at *43 (N.D. Cal. Apr. 3, 2008) (witness's conclusory testimony lacked foundation and was inadmissible speculation as to the contents of the minds of others, and his declaration failed to set forth any facts that would lay a foundation for his conclusion); *Meador v. Hammer*, No. 2:11-cv-03342-KJM-AC-P, 2015 U.S. Dist. LEXIS 32062, *9-10 (E.D. Cal. Mar. 16, 2015) ("Statements in affidavits that are legal conclusions, speculative assertions, or statements of hearsay evidence do not satisfy the standards of personal knowledge, admissibility, and competence required by 56(c)(4)."); *GE v. Joiner*, 522 U.S. 136, 146 (1997) ("[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert. A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered.").

**Separate Statement Paragraph 70:** Objection to the statement on the grounds that the plaintiffs' designated expert, Ross, lacks personal knowledge necessary to make this assertion. He also fails to offer any foundation for this assertion. It is a conclusion without any facts offered to support that conclusion, and is thus improperly conclusory.

Fed. R. Evid. 602; Fed. R. Civ. Proc. 56(c)(4); *Guidroz-Brault v. Mo. Pac. R.R.Co.*, 254 F.3d 825, 830-31 (9th Cir. 2001) (Expert affidavit excluded where the expert's opinion was based on a factual assumption that was not sufficiently founded on facts). (*Cleveland v. Groceryworks.com, LLC*, 200 F. Supp. 3d 924, 940 (N.D. Cal. 2016) (where there is insufficient factual matter to support an inference grounded in observation or first-hand personal experience, the affidavit in its entirety, or portions not reflecting the affiant's personal knowledge, will be stricken if challenged); *Bradlow v. Castano Group*, No. C06-05344-MJJ, 2008 U.S. Dist. LEXIS 119924, at *43 (N.D. Cal. Apr. 3, 2008)



ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

(witness's conclusory testimony lacked foundation and was inadmissible speculation as to the contents of the minds of others, and his declaration failed to set forth any facts that would lay a foundation for his conclusion); *Meador v. Hammer*, No. 2:11-cv-03342-KJM-AC-P, 2015 U.S. Dist. LEXIS 32062, *9-10 (E.D. Cal. Mar. 16, 2015) ("Statements in affidavits that are legal conclusions, speculative assertions, or statements of hearsay evidence do not satisfy the standards of personal knowledge, admissibility, and competence required by 56(c)(4)."); *GE v. Joiner*, 522 U.S. 136, 146 (1997) ("[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert. A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered.").

**Separate Statement Paragraph 71:** Objection to the statement on the grounds that the plaintiffs' designated expert, Ross, lacks personal knowledge necessary to make this assertion. He also fails to offer any foundation for this assertion. It is a conclusion without any facts offered to support that conclusion, and is thus improperly conclusory.

Fed. R. Evid. 602; Fed. R. Civ. Proc. 56(c)(4); *Guidroz-Brault v. Mo. Pac. R.R.Co.*, 254 F.3d 825, 830-31 (9th Cir. 2001) (Expert affidavit excluded where the expert's opinion was based on a factual assumption that was not sufficiently founded on facts). (*Cleveland v. Groceryworks.com, LLC*, 200 F. Supp. 3d 924, 940 (N.D. Cal. 2016) (where there is insufficient factual matter to support an inference grounded in observation or first-hand personal experience, the affidavit in its entirety, or portions not reflecting the affiant's personal knowledge, will be stricken if challenged); *Bradlow v. Castano Group*, No. C06-05344-MJJ, 2008 U.S. Dist. LEXIS 119924, at *43 (N.D. Cal. Apr. 3, 2008) (witness's conclusory testimony lacked foundation and was inadmissible speculation as

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

to the contents of the minds of others, and his declaration failed to set forth any facts that would lay a foundation for his conclusion); *Meador v. Hammer*, No. 2:11-cv-03342-KJM-AC-P, 2015 U.S. Dist. LEXIS 32062, *9-10 (E.D. Cal. Mar. 16, 2015) ("Statements in affidavits that are legal conclusions, speculative assertions, or statements of hearsay evidence do not satisfy the standards of personal knowledge, admissibility, and competence required by 56(c)(4)."); *GE v. Joiner*, 522 U.S. 136, 146 (1997) ("[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert. A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered.").

**Separate Statement Paragraph 72:** Objection to the statement on the grounds that the plaintiffs' designated expert, Ross, lacks personal knowledge necessary to make this assertion. He also fails to offer any foundation for this assertion. It is a conclusion without any facts offered to support that conclusion, and is thus improperly conclusory.

Fed. R. Evid. 602; Fed. R. Civ. Proc. 56(c)(4); *Guidroz-Brault v. Mo. Pac. R.R.Co.*, 254 F.3d 825, 830-31 (9th Cir. 2001) (Expert affidavit excluded where the expert's opinion was based on a factual assumption that was not sufficiently founded on facts). (*Cleveland v. Groceryworks.com, LLC*, 200 F. Supp. 3d 924, 940 (N.D. Cal. 2016) (where there is insufficient factual matter to support an inference grounded in observation or first-hand personal experience, the affidavit in its entirety, or portions not reflecting the affiant's personal knowledge, will be stricken if challenged); *Bradlow v. Castano Group*, No. C06-05344-MJJ, 2008 U.S. Dist. LEXIS 119924, at *43 (N.D. Cal. Apr. 3, 2008) (witness's conclusory testimony lacked foundation and was inadmissible speculation as to the contents of the minds of others, and his declaration failed to set forth any facts

that would lay a foundation for his conclusion); *Meador v. Hammer*, No. 2:11-cv-03342-KJM-AC-P, 2015 U.S. Dist. LEXIS 32062, *9-10 (E.D. Cal. Mar. 16, 2015) ("Statements in affidavits that are legal conclusions, speculative assertions, or statements of hearsay evidence do not satisfy the standards of personal knowledge, admissibility, and competence required by 56(c)(4)."); *GE v. Joiner*, 522 U.S. 136, 146 (1997) ("[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert. A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered.").

**Separate Statement Paragraph 73:** Objection to the statement on the grounds that the plaintiffs' designated expert, Ross, lacks personal knowledge necessary to make this assertion. He also fails to offer any foundation for this assertion. It is a conclusion without any facts offered to support that conclusion, and is thus improperly conclusory. This statement is also phrased in terms of what "U.S. Policy" "will" do. The expert does not explain what or who "U.S. Policy" is. Moreover, the statement is phrased in the future tense. It is therefore pure speculation and an unfounded prediction.

Fed. R. Evid. 602; Fed. R. Civ. Proc. 56(c)(4); *Guidroz-Brault v. Mo. Pac. R.R.Co.*, 254 F.3d 825, 830-31 (9th Cir. 2001) (Expert affidavit excluded where the expert's opinion was based on a factual assumption that was not sufficiently founded on facts). (*Cleveland v. Groceryworks.com, LLC*, 200 F. Supp. 3d 924, 940 (N.D. Cal. 2016) (where there is insufficient factual matter to support an inference grounded in observation or first-hand personal experience, the affidavit in its entirety, or portions not reflecting the affiant's personal knowledge, will be stricken if challenged); *Bradlow v. Castano Group*, No. C06-05344-MJJ, 2008 U.S. Dist. LEXIS 119924, at *43 (N.D. Cal. Apr. 3, 2008)

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

(witness's conclusory testimony lacked foundation and was inadmissible speculation as to the contents of the minds of others, and his declaration failed to set forth any facts that would lay a foundation for his conclusion); *Meador v. Hammer*, No. 2:11-cv-03342-KJM-AC-P, 2015 U.S. Dist. LEXIS 32062, *9-10 (E.D. Cal. Mar. 16, 2015) ("Statements in affidavits that are legal conclusions, speculative assertions, or statements of hearsay evidence do not satisfy the standards of personal knowledge, admissibility, and competence required by 56(c)(4)."); *GE v. Joiner*, 522 U.S. 136, 146 (1997) ("[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert. A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered.").

**Separate Statement Paragraph 75:** Objection to the statement on the grounds that the plaintiffs' designated experts, Ross and Levitt, lack personal knowledge necessary to make this assertion. They also fail to offer any foundation for this assertion. It is a conclusion without any facts offered to support that conclusion and is thus improperly conclusory.

Fed. R. Evid. 602; Fed. R. Civ. Proc. 56(c)(4); *Guidroz-Brault v. Mo. Pac. R.R.Co.*, 254 F.3d 825, 830-31 (9th Cir. 2001) (Expert affidavit excluded where the expert's opinion was based on a factual assumption that was not sufficiently founded on facts). (*Cleveland v. Groceryworks.com, LLC*, 200 F. Supp. 3d 924, 940 (N.D. Cal. 2016) (where there is insufficient factual matter to support an inference grounded in observation or first-hand personal experience, the affidavit in its entirety, or portions not reflecting the affiant's personal knowledge, will be stricken if challenged); *Bradlow v. Castano Group*, No. C06-05344-MJJ, 2008 U.S. Dist. LEXIS 119924, at *43 (N.D. Cal. Apr. 3, 2008) (witness's conclusory testimony lacked foundation and was inadmissible speculation as

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

to the contents of the minds of others, and his declaration failed to set forth any facts that would lay a foundation for his conclusion); *Meador v. Hammer*, No. 2:11-cv-03342-KJM-AC-P, 2015 U.S. Dist. LEXIS 32062, *9-10 (E.D. Cal. Mar. 16, 2015) ("Statements in affidavits that are legal conclusions, speculative assertions, or statements of hearsay evidence do not satisfy the standards of personal knowledge, admissibility, and competence required by 56(c)(4)."); *GE v. Joiner*, 522 U.S. 136, 146 (1997) ("[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert. A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered.").

**Separate Statement Paragraph 76:** Objection to the statement on the grounds that the plaintiffs' designated expert, Ross, lacks personal knowledge necessary to make this assertion. He also fails to offer any foundation for this assertion. It is a conclusion without any facts offered to support that conclusion and is thus improperly conclusory. This statement is also speculative as it applies broadly to what "the United States" does without specifying exactly what branch of the U.S. government the plaintiffs are referring to, or even that it is referring to the U.S. *government*. The statement is also misleading in light of this lack of specificity. It is further misleading because it suggests that the U.S. government might recognize Hamas as a quasi-sovereign, and the plaintiffs have no support for the assertion (and Atlantic is nota ware of any evidence) that the U.S. government ever recognizes any entity as a "quasi-sovereign."

Fed. R. Evid. 602; Fed. R. Civ. Proc. 56(c)(4); *Guidroz-Brault v. Mo. Pac. R.R.Co.*, 254 F.3d 825, 830-31 (9th Cir. 2001) (Expert affidavit excluded where the expert's opinion was based on a factual assumption that was not sufficiently founded on facts). (*Cleveland v. Groceryworks.com, LLC*, 200 F. Supp. 3d 924, 940 (N.D. Cal. 2016) (where there is

insufficient factual matter to support an inference grounded in observation or first-hand personal experience, the affidavit in its entirety, or portions not reflecting the affiant's personal knowledge, will be stricken if challenged); *Bradlow v. Castano Group*, No. C06-05344-MJJ, 2008 U.S. Dist. LEXIS 119924, at *43 (N.D. Cal. Apr. 3, 2008) (witness's conclusory testimony lacked foundation and was inadmissible speculation as to the contents of the minds of others, and his declaration failed to set forth any facts that would lay a foundation for his conclusion); *Meador v. Hammer*, No. 2:11-cv-03342-KJM-AC-P, 2015 U.S. Dist. LEXIS 32062, *9-10 (E.D. Cal. Mar. 16, 2015) ("Statements in affidavits that are legal conclusions, speculative assertions, or statements of hearsay evidence do not satisfy the standards of personal knowledge, admissibility, and competence required by 56(c)(4)."); *GE v. Joiner*, 522 U.S. 136, 146 (1997) ("[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert. A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered.").

**Separate Statement Paragraph 78:** Objection to the statement on the grounds that the plaintiffs' designated experts, Levitt and Ross, lack personal knowledge necessary to make this assertion. They also fail to offer any foundation for this assertion. It is a conclusion without any facts offered to support that conclusion and is thus improperly conclusory.

Fed. R. Evid. 602; Fed. R. Civ. Proc. 56(c)(4); *Guidroz-Brault v. Mo. Pac. R.R.Co.*, 254 F.3d 825, 830-31 (9th Cir. 2001) (Expert affidavit excluded where the expert's opinion was based on a factual assumption that was not sufficiently founded on facts). (*Cleveland v. Groceryworks.com, LLC*, 200 F. Supp. 3d 924, 940 (N.D. Cal. 2016) (where there is insufficient factual matter to support an inference grounded in observation or first-

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

hand personal experience, the affidavit in its entirety, or portions not reflecting the affiant's personal knowledge, will be stricken if challenged); *Bradlow v. Castano Group*, No. C06-05344-MJJ, 2008 U.S. Dist. LEXIS 119924, at *43 (N.D. Cal. Apr. 3, 2008) (witness's conclusory testimony lacked foundation and was inadmissible speculation as to the contents of the minds of others, and his declaration failed to set forth any facts that would lay a foundation for his conclusion); *Meador v. Hammer*, No. 2:11-cv-03342-KJM-AC-P, 2015 U.S. Dist. LEXIS 32062, *9-10 (E.D. Cal. Mar. 16, 2015) ("Statements in affidavits that are legal conclusions, speculative assertions, or statements of hearsay evidence do not satisfy the standards of personal knowledge, admissibility, and competence required by 56(c)(4)."); *GE v. Joiner*, 522 U.S. 136, 146 (1997) ("[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert. A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered.").

**Separate Statement Paragraph 82.** Objection to the statement on the grounds that the plaintiffs' designated expert, Levitt, lacks personal knowledge necessary to make this assertion. He also fails to offer any foundation for this assertion. It is a conclusion without any facts offered to support that conclusion and is thus improperly conclusory. None of the plaintiffs' experts could have personal knowledge of Hamas's purpose other than what Hamas has publicly stated. And yet they do not rely on any such statements by Hamas. Atlantic further objects on the grounds that the fact is a misleading characterization of the evidence. The support (footnote 95 in his report) for Levitt's statement that the purpose of the rocket attacks was retaliation for the allegation of kidnapping Israeli teenagers is an entire book with no pinpoint cite. Atlantic cannot confirm this allegation. Levitt's support (footnote 100 in his report) for the statement regarding the purpose of spreading terror is a brief U.N. report that

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

summarizes detailed findings of the U.N. Human Rights Council. The actual detailed report, attached as Ex. 6 to Atlantic's Evidence, states only that the Human Rights Commission could not "exclude the possibility" that Hamas's intent was to spread terror because many of its rockets did not have targeting capabilities. Ex. 6 to Atlantic's Evid. at p. 238. This is obviously a far cry from stating that it *was* Hamas's intent to spread terror.

Fed. R. Evid. 602; Fed. R. Civ. Proc. 56(c)(4); *Guidroz-Brault v. Mo. Pac. R.R.Co.*, 254 F.3d 825, 830-31 (9th Cir. 2001) (Expert affidavit excluded where the expert's opinion was based on a factual assumption that was not sufficiently founded on facts). (*Cleveland v. Groceryworks.com, LLC*, 200 F. Supp. 3d 924, 940 (N.D. Cal. 2016) (where there is insufficient factual matter to support an inference grounded in observation or first-hand personal experience, the affidavit in its entirety, or portions not reflecting the affiant's personal knowledge, will be stricken if challenged); *Bradlow v. Castano Group*, No. C06-05344-MJJ, 2008 U.S. Dist. LEXIS 119924, at *43 (N.D. Cal. Apr. 3, 2008) (witness's conclusory testimony lacked foundation and was inadmissible speculation as to the contents of the minds of others, and his declaration failed to set forth any facts that would lay a foundation for his conclusion); *Meador v. Hammer*, No. 2:11-cv-03342-KJM-AC-P, 2015 U.S. Dist. LEXIS 32062, *9-10 (E.D. Cal. Mar. 16, 2015) ("Statements in affidavits that are legal conclusions, speculative assertions, or statements of hearsay evidence do not satisfy the standards of personal knowledge, admissibility, and competence required by 56(c)(4)."); *GE v. Joiner*, 522 U.S. 136, 146 (1997) ("[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert. A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered.").

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

**Separate Statement Paragraph 86:** Objection to the statement on the grounds that Andrea Garber's testimony on the meaning of the Policy is improper parol or extrinsic evidence.

*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962) ("When the terms or provisions of an instrument are clear and certain, extrinsic evidence to explain or interpret them is not admissible.").

**Separate Statement Paragraph 87:** Objection to the statement on the grounds that it is incomplete and misleading. The statement quoted from Atlantic's denial letter was in the context of an explanation and discussion of facts associated with war. The letter does not suggest in any way that the fighting at issue was anything other than war.

**Separate Statement Paragraph 88.** Objection to the statement on the grounds that the plaintiffs' experts, Levitt and Koh, lack personal knowledge necessary to make this assertion. They also fail to offer any foundation for this assertion. It is a conclusion without any facts offered to support that conclusion and is thus improperly conclusory. It also assumes facts not in evidence (the allegedly indiscriminate firings of rockets that lack directional controls to ensure they are hitting military targets). The statement is also therefore speculative and misleading.

Fed. R. Evid. 602; Fed. R. Civ. Proc. 56(c)(4); *Guidroz-Brault v. Mo. Pac. R.R.Co.*, 254 F.3d 825, 830-31 (9th Cir. 2001) (Expert affidavit excluded where the expert's opinion was based on a factual assumption that was not sufficiently founded on facts). (*Cleveland v. Groceryworks.com, LLC*, 200 F. Supp. 3d 924, 940 (N.D. Cal. 2016) (where there is insufficient factual matter to support an inference grounded in observation or first-hand personal experience, the affidavit in its entirety, or portions not reflecting the

affiant's personal knowledge, will be stricken if challenged); *Bradlow v. Castano Group*, No. C06-05344-MJJ, 2008 U.S. Dist. LEXIS 119924, at *43 (N.D. Cal. Apr. 3, 2008) (witness's conclusory testimony lacked foundation and was inadmissible speculation as to the contents of the minds of others, and his declaration failed to set forth any facts that would lay a foundation for his conclusion); *Meador v. Hammer*, No. 2:11-cv-03342-KJM-AC-P, 2015 U.S. Dist. LEXIS 32062, *9-10 (E.D. Cal. Mar. 16, 2015) ("Statements in affidavits that are legal conclusions, speculative assertions, or statements of hearsay evidence do not satisfy the standards of personal knowledge, admissibility, and competence required by 56(c)(4)."); *GE v. Joiner*, 522 U.S. 136, 146 (1997) ("[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert. A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered.").

DATED: MAY 1, 2017

MARC J. SHRAKE, ESQ.
ANDERSON, MCPHARLIN & CONNERS LLP

MICHAEL KEELEY, ESQ.
CARLA C. CRAPSTER, ESQ.
STRASBURGER & PRICE, LLP

By: */s/ Michael Keeley*
Michael Keeley
Attorneys for Defendant
Atlantic Specialty Insurance Company

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594