# EXHIBIT 148

```
 1              UNITED STATES DISTRICT COURT
 2              CENTRAL DISTRICT OF CALIFORNIA
 3                     WESTERN DIVISION
 4    _____
                                         )
 5    UNIVERSAL CABLE PRODUCTIONS        )
      LLC, a Delaware limited            )
 6    liability company; and             )
      NORTHERN ENTERTAINMENT             )
 7    PRODUCTIONS LLC, a Delaware        )
      limited liability company,         )
 8                                       )
              Plaintiffs,                )
 9                                       )
          vs.                            )Case No.
10                                       )2:16-cv-04435-PA-MRW
      ATLANTIC SPECIALITY INSURANCE      )
11    COMPANY, a New York insurance      )
      company,                           )
12                                       )
              Defendant.                 )
13    _____)
14
15
16         VIDEOTAPED DEPOSITION OF SUSAN WEISS
17                Los Angeles, California
18                Tuesday, April 18, 2017
19                        Volume I
20
21    Reported by:
      LORI SCINTA, RPR
22    CSR No. 4811
23
24
25    Job No. CS2590363
```

Veritext Legal Solutions
800-567-8658                                        973-410-4040

```
                                                                    2
 1                 UNITED STATES DISTRICT COURT

 2                CENTRAL DISTRICT OF CALIFORNIA

 3                       WESTERN DIVISION

 4     _____
                                      )
 5     UNIVERSAL CABLE PRODUCTIONS    )
       LLC, a Delaware limited        )
 6     liability company; and         )
       NORTHERN ENTERTAINMENT         )
 7     PRODUCTIONS LLC, a Delaware    )
       limited liability company,     )
 8                                    )
                 Plaintiffs,          )
 9                                    )
            vs.                       )Case No.
10                                    )2:16-cv-04435-PA-MRW
       ATLANTIC SPECIALITY INSURANCE  )
11     COMPANY, a New York insurance  )
       company,                       )
12                                    )
                 Defendant.           )
13     _____)

14     _____

15

16         Videotaped deposition of SUSAN WEISS,

17     Volume I, taken on behalf of Defendant, at

18     555 South Flower Street, Suite 3500, Los Angeles,

19     California, beginning at 10:06 A.M. and ending at

20     6:05 P.M. on Tuesday, April 18, 2017, before

21     LORI SCINTA, RPR, Certified Shorthand Reporter

22     No. 4811.

23

24

25
```

```
                                                            14
 1   please state them at the time of your appearance.
 2   And we will begin with appearances on the noticing
 3   attorney.
 4            MR. KEELEY:  Michael Keeley from
 5   Strasburger & Price on behalf of the defendant,
 6   Atlantic Specialty Insurance Company.
 7            MS. COYOCA:  Lucia Coyoca, Mitchell
 8   Silberberg & Knupp, on behalf of Plaintiffs Northern
 9   Entertainment Productions and UCP.
10            MR. LANDIS:  John Landis on behalf of the
11   witness and Aon/Albert G. Ruben.
12            MR. HAZZARD:  Yakub Hazzard, in-house
13   counsel, NBCUniversal.
14            MR. ATALLAH:  John Atallah, Foley &
15   Lardner, for the witness and AON.
16            THE VIDEOGRAPHER:  Thank you.
17            The witness will be sworn in, and counsel
18   may begin the deposition.
19
20                 SUSAN WEISS,
21   having been administered an oath, was examined and
22   testified as follows:
23
24   ///
25   ///
```

```
                                                              15
 1                    EXAMINATION
 2   BY MR. KEELEY:
 3        Q    State your name for the record, please.
 4        A    Susan Mindy Weiss.
 5        Q    Ms. Weiss, my name is Mike Keeley.  As I
 6   think you know, I represent the defendant in this
 7   lawsuit, Atlantic Specialty Insurance Company.
 8             Have you ever had your deposition taken
 9   before?
10        A    Yes.
11        Q    How many times?
12        A    Once.
13        Q    How long ago was that?
14        A    A number of years ago.
15        Q    What type of matter did it involve,
16   generally?
17        A    An insurance claim.
18        Q    All right.  Tell me a little bit about the
19   claim, if you would, please.
20        A    My client had a certificate issued, and it
21   involved language within a certificate.
22        Q    Okay.  And was the certificate somehow
23   involved in the lawsuit and the claim in the
24   lawsuit?
25        A    I believe so.
```

```
                                                              31
 1      Q   Did you and Mr. Walden and others at Aon
 2  get together to discuss the type of language you
 3  would like to see make its way into a policy form
 4  for NBC?
 5      A   I don't remember us getting together.
 6      Q   Do you remember having telephone
 7  conversations along those lines?
 8      A   I imagine we did, but I couldn't give you
 9  specifics.
10      Q   Do you recall any discussions with anyone
11  at Atlantic about the imminent peril provision of
12  the policy?
13          And time period-wise, this would be before
14  the DIG claim was submitted by NBCUniversal.
15      A   No.
16      Q   Before the DIG claim arose, do you recall
17  any discussions with Atlantic about the war
18  exclusions of the policy?
19      A   No.
20      Q   Do you know whether there -- anyone on
21  behalf of Aon had discussions with Atlantic about
22  the war exclusions of the policy before the DIG
23  claim arose?
24      A   No.
25      Q   Before the DIG claim arose, do you know
```

32

1 whether anyone, on behalf of Aon, had discussions
2 with anyone at Atlantic about whether loss caused by
3 terrorism would be covered by the Atlantic policy?
4     A   No.
5     Q   Do you know whether the war exclusions for
6 the policy that Atlantic issued to NBC originated
7 with the language that Aon submitted to Atlantic for
8 consideration?
9         MS. COYOCA: Objection. Vague and
10 ambiguous.
11         MR. LANDIS: Join.
12         THE WITNESS: I'm not sure.
13 BY MR. KEELEY:
14     Q   You don't know where the war exclusions
15 came from, or you don't understand my question?
16     A   I don't know where they came from.
17     Q   Before the DIG claim arose, had you ever
18 had any involvement in discussions over the war
19 exclusion or war-related exclusions of an insurance
20 policy?
21     A   No.
22     Q   Had you ever been involved in a claim in
23 which the war exclusion arose?
24     A   No.
25     Q   Based upon your experience, is it rare for

```
                                                              39
 1   speculation, vague and ambiguous.
 2   BY MR. KEELEY:
 3       Q    You don't -- you don't think that had
 4   anything to do with NBC's decision?
 5       A    No.
 6       Q    Okay.  You say in the third sentence in
 7   that first paragraph, "It is a manuscripted policy
 8   form that is the property at Aon, so I ask that you
 9   keep this confidential."
10            Do you see that?
11       A    Yes.
12       Q    Was that statement accurate when you made
13   it?
14       A    Yes.
15       Q    What do you mean it was a "manuscripted
16   form"?
17       A    It wasn't anyone's standard policy form.
18       Q    It was a form that was created as a result
19   of significant negotiations between NBCUniversal and
20   Atlantic; is that accurate?
21       A    Yes.
22       Q    You say that, "the form is the property of
23   Aon," what do you mean by that?
24       A    It was a form that was created for a
25   specific client addressing a specific client's
```

```
                                                                    40
 1   needs.  Aon had already gone through all the
 2   negotiations with Atlantic Mutual.  And we didn't
 3   want random carriers copying a form that belonged to
 4   Aon and a carrier and -- without permission.
 5       Q   But your letter does not say it's the
 6   property of Aon and a carrier.  It says it's the
 7   property of Aon, correct?
 8       A   Yes.
 9       Q   And that's what you meant when you wrote
10   this letter, that it was the property of Aon,
11   correct?
12           MS. COYOCA:  Objection.  Relevance,
13   opinion, document speaks for itself.
14           THE WITNESS:  It's common language that we
15   might say it belongs to Aon because it's a
16   negotiation that took place on behalf of our client.
17           So, yes, I would say this form should not
18   be used by Atlantic Mutual for another one of
19   Atlantic's clients.
20   BY MR. KEELEY:
21       Q   Because, in your view, it's proprietary to
22   Aon?
23       A   And to the client.
24       Q   And to NBCUniversal?
25       A   Correct.
```

```
                                                              255
 1
 2
 3
 4
 5
 6
 7
 8        I, SUSAN WEISS, do hereby declare under
 9   penalty of perjury that I have read the foregoing
10   transcript; that I have made any corrections as
11   appear noted, in ink, initialed by me, or attached
12   hereto; that my testimony as contained herein, as
13   corrected, is true and correct.
14
15        EXECUTED this _____ day of _____,
16   20____, at _____, _____.
                          (City)              (State)
17
18
19
              _____
20            SUSAN WEISS
              Volume I
21
22
23
24
25
```

```
                                                                256
 1          I, the undersigned, a Certified Shorthand
 2  Reporter of the State of California, do hereby
 3  certify:
 4          That the foregoing proceedings were taken
 5  before me at the time and place herein set forth;
 6  that any witnesses in the foregoing proceedings,
 7  prior to testifying, were duly sworn; that a record
 8  of the proceedings was made by me using machine
 9  shorthand which was thereafter transcribed under my
10  direction; that the foregoing transcript is a true
11  record of the testimony given.
12          Further, that if the foregoing pertains to
13  the original transcript of a deposition in a Federal
14  Case, before completion of the proceedings, review
15  of the transcript [ ] was [ ] was not requested.
16          I further certify I am neither financially
17  interested in the action nor a relative or employee
18  of any attorney or party to this action.
19          IN WITNESS WHEREOF, I have this date
20  subscribed my name.
21  Dated:
22
23                      <%signature%>
                        LORI SCINTA, RPR
24                      CSR No. 4811
25
```

Veritext Legal Solutions
800-567-8658                                     973-410-4040

Veritext Legal Solutions
290 W. Mt. Pleasant Ave. - Suite 2260
Livingston, New Jersey 07039
Toll Free: 800-567-8658  Fax: 973-629-1287


_____, 2017

To:   John J. Atallah, Esq.

Case Name: Universal Cable Productions  v. Atlantic Specialty
          Insurance Company

Veritext Reference Number: 2590363

Witness:  Susan Weiss   Deposition Date:  4/18/2017


Dear Sir/Madam:

Enclosed is the original transcript with signature page and errata sheet.

Please have the witness read and sign the enclosed transcript per the instructions at the deposition.

Should you need any assistance, please contact our office.


Sincerely,

Production Department

Encl.
cc: Michael Keeley, Esq.

      Lucia E. Coyoca, Esq.

```
CASE NAME: Universal Cable Productions  v. Atlantic
                Specialty Insurance Company
ASSIGNMENT NO.: 2590363
ASSIGNMENT DATE: 4/18/2017
```

INSTRUCTIONS FOR READING/CORRECTING YOUR DEPOSITION

To assist you in making corrections to your deposition testimony, please follow the directions below. If additional pages are necessary, please furnish them and attach the pages to the back of the errata sheet.

This is the final version of your deposition transcript.

Please read it carefully. If you find any errors or changes you wish to make, insert the corrections on the errata sheet beside the page and line numbers.

Do NOT make any changes directly on the transcript.

Do NOT change any of the questions.

After completing your review, please sign the last page of the errata sheet, above the designated "Signature" line.

```
 1                     ERRATA SHEET
                VERITEXT CORPORATE SERVICES
 2                      800-567-8658
       ASSIGNMENT NO. 2590363
 3     CASE NAME: Universal Cable Productions  v. Atlantic
                  Specialty Insurance Company
       DATE OF DEPOSITION: 4/18/2017
 4     WITNESS' NAME: Susan Weiss

 5     PAGE/LINE(S)/     CHANGE              REASON

 6     ____/_____/_____/_____

 7     ____/_____/_____/_____

 8     ____/_____/_____/_____

 9     ____/_____/_____/_____

10     ____/_____/_____/_____

11     ____/_____/_____/_____

12     ____/_____/_____/_____

13     ____/_____/_____/_____

14     ____/_____/_____/_____

15     ____/_____/_____/_____

16     ____/_____/_____/_____

17     ____/_____/_____/_____

18     ____/_____/_____/_____

19     ____/_____/_____/_____

20     ____/_____/_____/_____

21
           _____   Subject to the above changes, I certify
22     that the transcript is true and correct

23         _____   No changes have been made. I certify
       that the transcript is true and correct
24
       _____     _____
25     Signature                  Date
```

Veritext Legal Solutions
800-567-8658                                                 973-410-4040