MARC J. SHRAKE (SBN 219331)
  mjs@amclaw.com
ANDERSON, MCPHARLIN & CONNERS LLP
707 Wilshire Boulevard, Suite 4000
Los Angeles, California 90017-3623
Telephone: (213) 236-1691
Facsimile:  (213) 622-7594

MICHAEL KEELEY *(Pro Hac Vice)*
  michael.keeley@strasburger.com
TONI SCOTT REED *(Pro Hac Vice)*
  toni.reed@strasburger.com
CARLA C. CRAPSTER *(Pro Hac Vice)*
  carla.crapster@strasburger.com
STRASBURGER & PRICE, LLP
901 Main Street, Suite 6000
Dallas, Texas 75202
Telephone: (214) 651-4300
Facsimile:  (214) 651-4330

Attorneys for Defendant
Atlantic Specialty Insurance Company

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| UNIVERSAL CABLE PRODUCTIONS LLC, a Delaware limited liability company, and NORTHERN ENTERTAINMENT PRODUCTIONS LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>ATLANTIC SPECIALTY INSURANCE COMPANY, a New York insurance company,<br><br>Defendant. | Case No. 2:16-cv-04435-PA-MRW<br><br>**ATLANTIC SPECIALTY INSURANCE COMPANY'S MOTION TO STRIKE PLAINTIFFS' EVIDENCE IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**<br><br>[*Filed Concurrently with [Proposed] Order and Opposition to Plaintiffs' Motion for Partial Summary Judgment; Declarations of Peter D. Williams; Declarations of Frank G. Lowenstein; Declaration of Aaron T. Stone; Declaration of Carla C. Crapster; and [Proposed] Order; Statement of Genuine Disputes; Request for Judicial Notice; Volume* |

1615598.1 05608-052

**ATLANTIC SPECIALTY INSURANCE COMPANY'S MOTION TO STRIKE PLAINTIFFS' EVIDENCE IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

*of Evidence; Objections to Plaintiffs' Evidence and [Proposed] Order]*

Date: May 22, 2017
Time: 1:30 p.m.
Place: Courtroom 9A
Judge: Honorable Percy Anderson
Discovery Cutoff: June 2, 2017
Pretrial Conference: June 16, 2017
Trial: July 25, 2017

## I. INTRODUCTION

The plaintiffs filed with their motion for summary judgment four declarations that attach full-length expert reports, in the complete form that they were previously served upon Atlantic in this case as a part of expert witness designations, as follows:

1. Declaration of Matthew Levitt, with full copy of expert report attached;
2. Declaration of Dennis Ross, with full copy of expert report attached;
3. Declaration of Harold Koh, with full copy of expert report attached; and
4. Declaration of Ty Sagalow, with full copy of expert report attached.

Each of the Declarations does nothing more than set forth a statement of each individual that a true and correct copy of his report is attached. None of the Declarations purport to provide actual factual testimony of the individuals. Rather, plaintiffs purport to rely on the opinion reports tendered by designated experts in the case as the summary-judgment evidence for various of their assertions that uncontroverted facts exist.

Atlantic moves to strike these four Declarations and attached exhibits (reports) from the record in their entirety. The plaintiffs submitted the entire reports but rely on them for only a few narrow points, the vast majority of which are objectionable conclusory statements or legal conclusions that are not proper summary judgment evidence at all. The inclusion of the entire reports is merely an effort to put before the Court additional advocacy pieces prepared for the plaintiffs, which by their very nature

1615598.1 05608-052

2

**ATLANTIC SPECIALTY INSURANCE COMPANY'S MOTION TO STRIKE PLAINTIFFS' EVIDENCE IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

are opinions and therefore not proper summary judgment evidence. The overall purpose of the inclusion of the expert reports is an attempt by the plaintiffs to introduce conclusory opinions and assertions by these designated experts.

## II. ARGUMENT AND AUTHORITIES

### A. The Expert Reports are Subject to Extensive Evidentiary Objections, and are, of Themselves, Not Admissible or Proper Summary Judgment Evidence

The reports of the plaintiffs' designated expert witnesses, Matthew Levitt, Dennis Ross, Harold Koh, and Ty Sagalow, are not proper summary judgment evidence, as offered in this case, as more fully set out below.

#### 1. The Reports are Subject to Objections in Regard to the Specific Statements upon which Plaintiffs Rely

Atlantic has set forth the details of the objectionable nature of these four reports (to the extent they are actually relied upon by reference to specific statements in the reports) in its Objections to Plaintiffs' Statement of Uncontroverted Facts. As set forth at length in the Objections, the plaintiffs rely on these reports to offer improper extrinsic evidence. Plaintiffs rely on the reports for points on which these individuals have no personal knowledge, and about which they make conclusory statements that are unsupported by any evidence. Plaintiffs rely on the reports for ultimate conclusions and legal conclusions, which are not proper evidence from an expert witness. Atlantic does not repeat the details of all those specific objections here, but the plaintiffs' expert reports are inadmissible for all points about which Atlantic asserted Objections, and about which Atlantic provided further explanation in its Objections to Evidence Submitted by Plaintiffs in Support of Plaintiffs' Motion for Partial Summary Judgment.

#### 2. The Reports Themselves are Not Competent Summary Judgment Evidence

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

Federal Rule of Civil Procedure 56(c)(4) states: "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Courts applying this rule have stated that "[s]tatements in affidavits that are legal conclusions or speculative assertions, or statements of hearsay evidence do not satisfy the standards of personal knowledge, admissibility and competence required by 56(c)(4)." *Meador v. Hammer*, No. 2:11-cv-03342-KJM-AC-P, 2015 U.S. Dist. LEXIS 32062, *9-10 (E.D. Cal. Mar. 16, 2015); *see also Guidroz-Brault v. Mo. Pac. R.R.Co.*, 254 F.3d 825, 830-31 (9th Cir. 2001) (Expert affidavit excluded where the expert's opinion was based on a factual assumption that was not sufficiently founded on facts). (*Cleveland v. Groceryworks.com, LLC*, 200 F. Supp. 3d 924, 940 (N.D. Cal. 2016) (where there is insufficient factual matter to support an inference grounded in observation or first-hand personal experience, the affidavit in its entirety, or portions not reflecting the affiant's personal knowledge, will be stricken if challenged); *Bradlow v. Castano Group*, No. C06-05344-MJJ, 2008 U.S. Dist. LEXIS 119924, at *43 (N.D. Cal. Apr. 3, 2008) (witness's conclusory testimony lacked foundation and was inadmissible speculation as to the contents of the minds of others, and his declaration failed to set forth any facts that would lay a foundation for his conclusion);

Here, as set forth in all of Atlantic's Objections to the Plaintiffs' Statement of Uncontroverted Facts ("SUF"), the plaintiffs have relied repeatedly on their expert reports for points on which the experts do not make clear that they have personal knowledge and on which they are not competent to testify. These statements are conclusory statements that have no factual support and many are speculative. They are inadmissible summary-judgment evidence for this reason.

It is also improper to offer a legal conclusion as summary judgment evidence. Courts are particularly vigilant about experts offering legal opinions or conclusions into evidence. *Orellana v. Cnty. of L.A.*, No. CV 12-01944 MMM (CWx), 2013 U.S. Dist.

4

LEXIS 198186, at *63 n.94 (C.D. Cal. Apr. 29, 2013) ("An expert's conclusory legal 'opinions,' untethered to facts, are inadmissible.") (citing 29 Charles Alan Wright & Victor James Gold, Federal Practice and Procedure: Evidence § 6264, at 217-213 (1997)). "[A]n expert witness cannot give an opinion as to her legal conclusion." *Sanders v. Douglas*, 565 F. Supp. 78, 80 (C.D. Cal. 1983) ("legal conclusions are totally ineffectual and not to be given any consideration or weight whatsoever."). The plaintiffs' offer of legal conclusions and opinions by their experts are inadmissible.

The plaintiffs' experts also offer evidence that is meant to change the meaning of the insurance policy at issue, but that is not within the four corners of the policy. This type of parol evidence is improper. *Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962) ("When the terms or provisions of an instrument are clear and certain, extrinsic evidence to explain or interpret them is not admissible."). Extrinsic evidence is admissible only where a contract is facially ambiguous. *Wolf v. Superior Court*, 114 Cal. App. 4th 1343, 1351, (Cal. Ct. App. 2004). A court may also provisionally consider (without admitting) extrinsic evidence to determine whether it reveals a latent ambiguity. *Id.* But here, the plaintiffs do not argue that there is a latent ambiguity. Instead, they merely offer of statements regarding what other policies state and how other claims (involving different insurers and different claims) have been handled, which is pure extrinsic evidence that has no relevance to this dispute.

The reports, to the extent they are filed solely for these impermissible purposes, are objectionable and should be stricken from the record for that reason, as more fully set forth in Atlantic's Objections to Evidence Submitted by Plaintiffs in Support of Plaintiffs' Motion for Partial Summary Judgment.

### B. Sagalow's Declaration and Report Should Be Stricken

Sagalow's report is cited *only* for inadmissible statements of opinion and conclusions of law. Atlantic has objected to every one of the SUFs for which the

1615598.1 05608-05

5

**ATLANTIC SPECIALTY INSURANCE COMPANY'S MOTION TO STRIKE PLAINTIFFS' EVIDENCE IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

plaintiffs cite Sagalow (SUF Nos. 62, 63, 65, and 66). Sagalow's report therefore provides no admissible evidence to this Court and should be stricken from the record entirely.

Moreover, Plaintiffs have attached a 41-page report by Sagalow, out of which they purport to rely upon four assertions/conclusions. Inclusion of the full report violates the court's own procedures for summary judgment evidence. The Court's order in this case dated September 16, 2016 (Doc. 28), states:

> No party should submit any evidence other than the specific items of evidence or testimony necessary to support or controvert a proposed statement of undisputed fact. Thus, for example, the entire transcript of a deposition, entire sets of interrogatory responses, and documents that do not specifically support or controvert material in the separate statements, should not be submitted in support or opposition to a motion for summary judgment.

The report should therefore be stricken.

### C. Koh's Declaration and Report Should Be Stricken

Atlantic has objected to all but one of the SUFs for which the plaintiffs cite Koh. (Atlantic objects to SUF Nos. 67 and 88, for which the plaintiffs cite Koh). The only SUF for which the plaintiffs cite Koh that Atlantic does not object to is SUF No. 20, which states that the U.S. has listed Hamas as a terrorist organization since 1997. Plaintiffs support this asserted fact with a document from the U.S. Government's website listing Hamas as a terrorist organization, to which Atlantic has not objected. Accordingly, using Koh as further evidence on this point is purely duplicative and unnecessary. Koh's report is therefore objectionable in its entirety, but for one conceded fact on which it is duplicative. The report should therefore be stricken from the record.

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

1615598.1 05608-05

6

**ATLANTIC SPECIALTY INSURANCE COMPANY'S MOTION TO STRIKE PLAINTIFFS' EVIDENCE IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

Moreover, Plaintiffs have attached a 15-page report by Koh, out of which they purport to rely on for three points. Inclusion of the full report violates the court's own procedures for summary judgment evidence, and the report should be stricken.

**D. Levitt's Declaration and Report Should be Stricken**

Atlantic has objected to many of the SUFs on which Levitt is cited as an authority (SUF Nos. 19, 36, 67, 75, 78, 82, and 88). Atlantic has not objected to Levitt's support on SUF Nos. 18, 20, 31, 69, 74, 77, 80, and 81. Atlantic concedes these points, and there is thus no need for Levitt's report. His report is not necessary, to the extent it is cited as the sources for undisputed facts. On all other subjects, his report is inadmissible because it offers conclusory and unsupported statements, legal opinions, and statements for which he lacks personal knowledge, as Atlantic notes in its objections.

Moreover, the plaintiffs do not cite to the vast majority of Levitt's report at all. Including the entirety of the report as summary-judgment evidence was therefore improper. And after taking out the irrelevant portions that the plaintiffs do not cite at all, the objectionable portions, and the points that Atlantic concedes, there is nothing left. Levitt's report therefore serves no purpose and should be stricken from the record.

**E. Ross's Declaration and Report Should Be Stricken**

As to Ross's report, just like Levitt's, the plaintiffs do not rely on the vast majority of it. Atlantic objects to many of the SUFs for which the plaintiffs cite Ross (SUF Nos. 67, 70, 71, 72, 73, 75, 76, and 78). And the only portions of the report the plaintiffs cite to which Atlantic has not objected support only those facts that Atlantic concedes (SUF Nos. 20, 69, 74, 77, 79, 80, 81). Ross's report therefore serves no purpose in this case and should be stricken from the record.

### III. CONCLUSION

**ATLANTIC SPECIALTY INSURANCE COMPANY'S MOTION TO STRIKE PLAINTIFFS' EVIDENCE IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

1615598.1 05608-053

For the reasons explained above, Atlantic respectfully requests that the Court strike from the summary judgment record the Declarations and attached reports of the four plaintiffs' designated experts.

DATED: MAY 1, 2017

MARC J. SHRAKE, ESQ.
ANDERSON, MCPHARLIN & CONNERS LLP

MICHAEL KEELEY, ESQ.
CARLA C. CRAPSTER, ESQ.
STRASBURGER & PRICE, LLP

By: */s/ Michael Keeley*
Michael Keeley
Attorneys for Defendant
Atlantic Specialty Insurance Company

1615598.1 05608-05

8

**ATLANTIC SPECIALTY INSURANCE COMPANY'S MOTION TO STRIKE PLAINTIFFS' EVIDENCE IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

8915545.4/SP/15247/0131/050117