ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| UNIVERSAL CABLE PRODUCTIONS, LLC, a Delaware limited liability company, and NORTHERN ENTERTAINMENT PRODUCTIONS LLC, a Delaware limited liability company,<br><br>        Plaintiffs,<br><br>    vs.<br><br>ATLANTIC SPECIALTY INSURANCE COMPANY, a New York insurance company,<br><br>        Defendant. | Case No. 2:16-cv-04435-PA-MRW<br><br>**[PROPOSED] ORDER GRANTING ATLANTIC SPECIALTY INSURANCE COMPANY'S MOTION TO STRIKE EXHIBITS TO AND PORTIONS OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND SEPARATE STATEMENT** |

Plaintiffs' Motion for Partial Summary Judgment, Atlantic Specialty Insurance Company's Motion for Summary Judgment, or Alternatively Partial Summary Judgment, and Atlantic Specialty Insurance Company's Motion to Strike against Plaintiffs came on for a scheduled hearing before the Honorable Percy Anderson, Judge Presiding, for the United States District Court, Central District of California on May 22, 2017.  Counsel of record for the parties appeared.

1615702.1 05608-054

ORDER ON DEFENDANT'S MOTION TO STRIKE PORTIONS OF PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT

1    After full consideration of the evidence, authorities submitted by both parties,

2    and the oral arguments of counsel, the Court finds that Atlantic Specialty Insurance

3    Company's Motion to Strike should be and is hereby GRANTED.

4    IT IS, THEREFORE, ORDERED as follows:

5    1.    The Declaration of Matthew Levitt [Document 61-3], the Declaration

6    of Dennis Ross [Document 61-4], the Declaration of Harold Koh [Document 61-5],

7    and the Declaration of Ty Sagalow [Document 61-6], and all of their respective

8    exhibits, shall be stricken in their entirety from the record and from the Court's file.

9    2.    The following sections of Statement of Uncontroverted Facts and

10   Conclusions of Law in Support of Plaintiffs' Motion for Partial Summary Judgment

11   [Document 63-1] shall be stricken in their entirety from the record and the Court's

12   file:

13        a.    The "Uncontroverted Facts" and the "Supporting Evidence"

14   listed in Paragraph No. 19, at p.5. In recent decades, a Palestinian group

15   known as Hamas has conducted numerous terrorist attacks against Israel,

16   "including shootings, suicide bombings, and standoff mortar-and-rocket

17   attacks against civilian and military targets."

18        b.    The "Uncontroverted Facts" and the "Supporting Evidence"

19   listed in Paragraph No. 62, at p. 14. The insurance industry did not exclude

20   9/11 losses based on application of any war exclusions.

21        c.    The "Uncontroverted Facts" and the "Supporting Evidence"

22   listed in Paragraph No. 63, at p. 14. After 9/11, the insurance industry

23   standard was for policies to have both a terrorism exclusion and a war

24   exclusion, or at a minimum to address with specificity whether "terrorism" is

25   covered by the policy.

26        d.    The "Uncontroverted Facts" and the "Supporting Evidence"

27   listed in Paragraph No. 65, at p. 15. In the insurance industry, war and

28   terrorism are two separate concepts. "[A]n underwriter cannot merge the two

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

1   concepts and say that 'an act of terrorism' can be also an 'act of war.'"

2       e.      The "Uncontroverted Facts" and the "Supporting Evidence"

3   listed in Paragraph No. 66, at p. 15. After the events of 9/11, insureds

4   reasonably expect that terrorism and war are two separate risks, which will be

5   underwritten and evaluated by an insurance company separately.

6       f.      The "Uncontroverted Facts" and the "Supporting Evidence" listed

7   in Paragraph No. 67, at p. 15. The U.S. government has never recognized

8   Hamas as either a sovereign or quasi-sovereign.

9       g.      The "Uncontroverted Facts" and the "Supporting Evidence"

10  listed in Paragraph No. 70, at pp. 15-16. The U.S. government considers

11  Hamas to be a Palestinian non-state actor.

12      h.      The "Uncontroverted Facts" and the "Supporting Evidence"

13  listed in Paragraph No. 71, at p. 16. The U.S. government has not considered

14  adding Hamas to the list of state sponsors of terrorism at any point since

15  1987.

16      i.      The "Uncontroverted Facts" and the "Supporting Evidence"

17  listed in Paragraph No. 72, at p. 16. "[S]ince designating Hamas a Foreign

18  Terrorist Organization in the 1990's, it has been the policy of every American

19  administration not to engage in meetings or dialogue with officials of Hamas,

20  let alone any formal diplomatic relations[,]" because of Hamas' use of

21  violence and terrorism and rejectionist position with regard to Israel's right to

22  exist.

23      j.      The "Uncontroverted Facts" and the "Supporting Evidence"

24  listed in Paragraph No. 73, at p. 16. "U.S. Policy will not recognize Gaza as a

25  sovereign or quasi-sovereign territory.  And it will not recognize Hamas as

26  being a legitimate authority in Gaza."

27      k.      The "Uncontroverted Facts" and the "Supporting Evidence"

28  listed in Paragraph No. 75, at pp. 16-17. Hamas does not control the borders,

1615702.1 05608-054

3

ports, or airspace of Gaza.

l.     The "Uncontroverted Facts" and the "Supporting Evidence" listed in Paragraph No. 76, at p. 17. The United States refuses to recognize Hamas as anything other than a terrorist group, and does not engage in any meetings or dialogue with Hamas.

m.     The "Uncontroverted Facts" and the "Supporting Evidence" listed in Paragraph No. 78, at p. 17. Hamas is part of:  (i) the larger Muslim Brotherhood movement, whose goal is to have all Muslims governed exclusively by Sharia law and live under the banner of Allah; and, (ii) the overarching Palestinian Authority, who recognized the State of Israel and thus does not seek to overthrow the government of Israel.

n.     The "Uncontroverted Facts" and the "Supporting Evidence" listed in Paragraph No. 82, at p. 18. The purpose of Hamas' rocket attacks in July 2014 was to (i) retaliate for the Israeli allegations that Hamas was responsible for the kidnapping/murder of the three Israeli teens earlier in the summer, and (ii) spread terror among the civilian population of Israel.

o.     The "Uncontroverted Facts" and the "Supporting Evidence" listed in Paragraph No. 88, at p. 19. Hamas' indiscriminate firings of rockets that lack directional controls to ensure they are hitting military (and not civilian) targets constitute acts of terrorism and are not for any military advantage.

3. The following sections of Plaintiffs' Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Partial Summary Judgment [Document 61-1] shall be stricken in their entirety from the record and the Court's file:

a.  Page 13:15-16 (beginning with "But the insurance" and ending with "SUF ¶ 62").

b.  Page 15:16-19 (beginning with "Universal's expectation of

4

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

coverage" and ending with "*Id.* ¶ 63.").

c. Page 15:19-22 (beginning with "In the world of insurance," and ending with "*Id.* ¶ 65.").

d. Page 15:23-25 (beginning with "In the post 9/11 world," and ending with "*Id.* ¶ 66.").

e. Page 15:25-26 (beginning with "To conflate the two," and ending with "by the war exclusions."). Though the plaintiffs do not cite an SUF for this point, the text is plainly still reliant on SUF 66.

f. Page 15:27-16:1 (beginning with "Atlantic should not," and ending with "of the Claim."). Though the plaintiffs do not cite an SUF for this point, the text is plainly still reliant on SUF 66.

g. Page 16:2-4 (beginning with "In short," and ending with "of the insured."). Though the plaintiffs do not cite an SUF for this point, the text is plainly still reliant on SUF 66.

h. Page 16:18 (the phrase "or quasi-sovereign"). Though the plaintiffs do not cite an SUF for this point, the text is plainly reliant on SUF 67.

i. Page 17:15-16 (beginning with "Here, the Court," and ending with "SUF ¶ 67.").

j. Page 20:2-4 (beginning with "because they are not" and ending with "SUF ¶¶ 67-70,73.").

k. Page 17:25 (the phrase "or quasi-sovereign government"). Though the plaintiffs do not cite an SUF for this point, the text is plainly reliant on SUF 67.

l. Page 4:17 (the phrase "or quasi-sovereign").

m. Page 17:21-23 (beginning "Rather, from the standpoint," and ending with "*Id.* ¶ 70.").

1615702.1 05608-054

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

n.  Page 17:19-21 (beginning with "At no point," and ending with "*Id.* ¶ 71.").

o.  Page 17:26-18:3 (beginning with "[S]ince designating Hamas," and ending with "*Id.* ¶ 72.").

p.  Page 19:3-8 (beginning with "The United States," and ending with "authority in Gaza.)").

q.  Page 19:14-16 (beginning with "It is undisputed," and ending with "SUF ¶ 75.").

r.  Page 19:20-21 (beginning with "And Hamas also," and ending with "*See id.*").

s.  Page 19:11-12 (the phrase "which Hamas does not possess."). Though the plaintiffs do not cite an SUF for this point, the text is plainly still reliant on SUF 75.

t.  Page 21:28-22:1 (beginning with "thus does," and ending with "government of Israel").

u.  Page 6:1-3 (beginning with "After allegations," and ending with "*Id.* ¶ 36.").

v.  Page 21:19-23 (beginning with "the purpose of," and ending with "*See* SUF ¶82.").

w.  Page 25:3-6 (beginning with "Hamas' indiscriminate firings," and ending with "*See id.* ¶ 88.").

SO ORDERED.

DATED:_____    _____

The Honorable Percy Anderson
Judge of the United States District Court