1   LUCIA E. COYOCA (SBN 128314)
        lec@msk.com
2   VALENTINE A. SHALAMITSKI (SBN 236061)
        vas@msk.com
3   DANIEL M. HAYES (SBN 240250)
        dmh@msk.com
4   MITCHELL SILBERBERG & KNUPP LLP
    11377 West Olympic Boulevard
5   Los Angeles, CA 90064-1683
    Telephone:  (310) 312-2000
6   Facsimile:  (310) 312-3100

7   Attorneys for Plaintiffs
    Universal Cable Productions LLC and
8   Northern Entertainment Productions LLC

9                    UNITED STATES DISTRICT COURT

10         CENTRAL DISTRICT OF CALIFORNIA -- WESTERN DIVISION

11

12  UNIVERSAL CABLE                    CASE NO. 2:16-cv-4435-PA-MRW
    PRODUCTIONS LLC and
13  NORTHERN ENTERTAINMENT             The Honorable Percy Anderson
    PRODUCTIONS LLC,
14                                     **PLAINTIFFS' EVIDENTIARY
                Plaintiffs,            OBJECTIONS TO DEFENDANT'S
15                                     EVIDENCE IN SUPPORT OF
           v.                          MOTION FOR SUMMARY
16                                     JUDGMENT**
    ATLANTIC SPECIALTY
17  INSURANCE COMPANY,                 [Opposition Memorandum; Notice of
                                       Lodging Statement of Genuine Issues and
18              Defendant.             Additional Material Facts; Statement of
                                       Genuine Issues and Additional Material
19                                     Facts; Evidentiary Objections; Table of
                                       Contents of Evidence; Declarations of
20                                     George Walden, Matthew Levitt, Dennis
                                       Ross, Harold Koh, Ty Sagalow, and
21                                     Lucia Coyoca Filed / Lodged
                                       Concurrently Herewith]
22
                                       Date:      May 22, 2017
23                                     Time:      1:30 p.m.
                                       Ctrm.:     9A, First St Courthouse
24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

---

1        Plaintiffs Universal Cable Productions LLC ("UCP") and Northern

2   Entertainment Productions LLC ("NEP") (collectively referred to herein as

3   "Universal"), submit the following objections to the evidence submitted by

4   Atlantic Specialty Insurance Company ("Atlantic") in support of its Motion for

5   Summary Judgment.

6

7   **Atlantic's Separate Statement Paragraph 4:**  Objection to the purported fact on

8   the grounds that it is irrelevant.  Fed. R. Evid. 402.

9

10  **Atlantic's Separate Statement Paragraph 5:**  Objection to the purported fact on

11  the grounds that it is irrelevant.  Fed. R. Evid. 402.  Objection to the supporting

12  statements from the article authored by Jim Zanotti (the "Zanotti Article")

13  (Atlantic's Ex. 4) on the grounds that:  (1) they constitute inadmissible hearsay and

14  no exception is applicable (Fed. R. Evid. 801, 802); and (2) there is no evidence

15  sufficient to support a finding that Mr. Zanotti has personal knowledge of the

16  factual matter stated (Fed. R. Evid. 602).

17

18  **Atlantic's Separate Statement Paragraph 6:**  Objection to the purported fact on

19  the grounds that the "… who had styled themselves as Palestinian protectors" part

20  is irrelevant.  Fed. R. Evid. 402.

21

22  **Atlantic's Separate Statement Paragraph 9:**  Objection to the supporting

23  statements from the Zanotti Articles (Atlantic's Exs. 4 and 8) on the grounds that:

24  (1) they constitute inadmissible hearsay and no exception is applicable (Fed. R.

25  Evid. 801, 802); and (2) there is no evidence sufficient to support a finding that

26  Mr. Zanotti has personal knowledge of the factual matter stated (Fed. R. Evid.

27  602).

28

Mitchell
Silberberg &
Knupp LLP

1

8838018.3

**Atlantic's Separate Statement Paragraph 12:**  Objection to the supporting statements from the Human Rights Council report (Atlantic Ex. 6) on the grounds that they constitute inadmissible hearsay and no exception is applicable.  Fed. R. Evid. 801, 802.  Objection to the supporting statements of Paragraph A of the Declaration of Frank G. Lowenstein ("Lowenstein Declaration") (Atlantic's Ex. 1) on the grounds that:  (1) there is no evidence sufficient to support a finding that Mr. Lowenstein has personal knowledge of Israel "leaving control to the Palestinian National Authority"; and (2) to the extent characterized expert opinion, there has been no showing that his statements are based on sufficient facts or data or that they are the product of reliable principles and methods.  Fed. R. Evid. 702, 703.

**Atlantic's Separate Statement Paragraph 13:**  Objection to the purported fact on the grounds that it is irrelevant.  Fed. R. Evid. 402.  Objection to the supporting statements from the Zanotti Articles (Atlantic's Exs. 4 and 8) on the grounds that: (1) they constitute inadmissible hearsay and no exception is applicable (Fed. R. Evid. 801, 802); and (2) there is no evidence sufficient to support a finding that Mr. Zanotti has personal knowledge of the factual matter stated (Fed. R. Evid. 602).  Objection to the supporting statements from the Country Report on Human Rights Practices for Israel and the Occupied Territories (Atlantic's Ex. 5) on the grounds that they: (1) constitute inadmissible hearsay and no exception is applicable (Fed. R. Evid. 801, 802); and (2) there is no evidence sufficient to support a finding that the author has personal knowledge of the factual matter stated (Fed. R. Evid. 602).  In addition, judicial notice cannot be taken of Atlantic's characterization of Hamas as "the governing authority over Gaza," because it is not an indisputable fact that is generally known or that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.  Fed. R. Evid. 201.

Mitchell Silberberg & Knupp LLP

8838018.3

1

2 **Atlantic's Separate Statement Paragraph 14:**  Objection to the purported fact on

3 the grounds that it is irrelevant.  Fed. R. Evid. 402.  Objection to the supporting

4 statements from the Country Report on Human Rights Practices for Israel and the

5 Occupied Territories (Atlantic's Ex. 5) on the grounds that they: (1) constitute

6 inadmissible hearsay and no exception is applicable (Fed. R. Evid. 801, 802); and

7 (2) there is no evidence sufficient to support a finding that the author has personal

8 knowledge of the factual matter stated (Fed. R. Evid. 602).  Objection to the

9 supporting statements of Paragraph B of the Lowenstein Declaration (Atlantic's

10 Ex. 1) on the grounds that:  (1) there is no evidence sufficient to support a finding

11 that Mr. Lowenstein has personal knowledge of Hamas having "consolidated

12 control over the Gaza Strip"; and (2) to the extent characterized expert opinion,

13 there has been no showing that his statements are based on sufficient facts or data

14 or that they are the product of reliable principles and methods.  Fed. R. Evid. 702,

15 703.  In addition, judicial notice cannot be taken of Atlantic's characterization of

16 Hamas having "consolidated control over the Gaza Strip," because it is not an

17 indisputable fact that is generally known or that can be accurately and readily

18 determined from sources whose accuracy cannot reasonably be questioned.  Fed.

19 R. Evid. 201.

20

21 **Atlantic's Separate Statement Paragraph 15:**  Objection to the supporting

22 statements from the Country Report on Human Rights Practices for Israel and the

23 Occupied Territories (Atlantic's Ex. 5) on the grounds that they: (1) constitute

24 inadmissible hearsay and no exception is applicable (Fed. R. Evid. 801, 802); and

25 (2) there is no evidence sufficient to support a finding that the author has personal

26 knowledge of the factual matter stated (Fed. R. Evid. 602).  Objection to the

27 supporting statements of Paragraph C of the Lowenstein Declaration (Atlantic's

28 Ex. 1) on the grounds that:  (1) there is no evidence sufficient to support a finding

1   that Mr. Lowenstein has personal knowledge of Hamas being the "ruling authority

2   in the Gaza Strip, where it currently governs"; and (2) to the extent characterized

3   expert opinion, there has been no showing that his statements are based on

4   sufficient facts or data or that they are the product of reliable principles and

5   methods.  Fed. R. Evid. 702, 703.

6

7   **Atlantic's Separate Statement Paragraph 16:**  Objection to the purported fact on

8   the grounds that it is irrelevant.  Fed. R. Evid. 402.  Objection to the supporting

9   statements from the Zanotti Article (Atlantic's Ex. 8) on the grounds that:  (1) they

10   constitute inadmissible hearsay and no exception is applicable (Fed. R. Evid. 801,

11   802); and (2) there is no evidence sufficient to support a finding that Mr. Zanotti

12   has personal knowledge of the factual matter stated (Fed. R. Evid. 602).  Objection

13   to supporting statements of Paragraph G of the Lowenstein Declaration (Atlantic's

14   Ex. 1) on the grounds that:  (1) there is no evidence sufficient to support a finding

15   that Mr. Lowenstein has personal knowledge of the factual statements made

16   therein; and (2) to the extent characterized expert opinion, there has been no

17   showing that his statements are based on sufficient facts or data or that they are the

18   product of reliable principles and methods.  Fed. R. Evid. 702, 703.

19

20   **Atlantic's Separate Statement Paragraph 17:**  Objection to the purported fact on

21   the grounds that it is irrelevant.  Fed. R. Evid. 402.  Objection to the supporting

22   statements from the Zanotti Article (Atlantic's Ex. 4) on the grounds that:  (1) they

23   constitute inadmissible hearsay and no exception is applicable (Fed. R. Evid. 801,

24   802); and (2) there is no evidence sufficient to support a finding that Mr. Zanotti

25   has personal knowledge of the factual matter stated (Fed. R. Evid. 602).  Objection

26   to the supporting statements from the Country Report on Human Rights Practices

27   for Israel and the Occupied Territories (Atlantic's Ex. 5) on the grounds that they:

28   (1) constitute inadmissible hearsay and no exception is applicable (Fed. R. Evid.

801, 802); and (2) there is no evidence sufficient to support a finding that the author has personal knowledge of the factual matter stated (Fed. R. Evid. 602). Objection to supporting statements of Paragraph H of the Lowenstein Declaration (Atlantic's Ex. 1) on the grounds that:  (1) there is no evidence sufficient to support a finding that Mr. Lowenstein has personal knowledge that the "IDF struck more than 1,000 sites in the Gaza Strip and hundreds of Gazans died or were wounded during this operation"; and (2) to the extent characterized expert opinion, there has been no showing that his statements are based on sufficient facts or data or that they are the product of reliable principles and methods.  Fed. R. Evid. 702, 703.  In addition, judicial notice cannot be taken of Atlantic's purported statistics because they are not indisputable facts that are generally known or that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.  Fed. R. Evid. 201.

**Atlantic's Separate Statement Paragraph 18:**  Objection to the supporting statements from the Zanotti Article (Atlantic's Ex. 4) on the grounds that:  (1) they constitute inadmissible hearsay and no exception is applicable (Fed. R. Evid. 801, 802); and (2) there is no evidence sufficient to support a finding that Mr. Zanotti has personal knowledge of the factual matter stated (Fed. R. Evid. 602).  Objection to supporting statements of Paragraph E of the Lowenstein Declaration (Atlantic's Ex. 1) on the grounds that there has been no showing that the "Government of National Consensus" characterization is based on sufficient facts or data or that it is the product of reliable principles and methods.  Fed. R. Evid. 702.  Objection to the supporting statements of the May 1, 2014 email from Stephen Smith (Atlantic's Ex. 117) on the grounds that there is no evidence sufficient to support a finding that Mr. Smith had personal knowledge of the purported "new agreement" referenced in the email.  Fed. R. Evid. 602.  Objection to the supporting statements of the June 15, 2014 email from Max Security (Atlantic's Ex. 11) on the grounds

that:  (1) they constitute inadmissible hearsay and no exception is applicable (Fed. R. Evid. 801, 802); and (2) there is no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (Fed. R. Evid. 602).  Objection to the supporting statements of the June 14, 2014 email from Randi Richmond (Atlantic's Ex. 118) on the grounds that they constitute inadmissible double hearsay (Benjamin Netanyahu's alleged statements, and a newspaper's characterization of the same).  Fed. R. Evid. 801, 802.  In addition, judicial notice cannot be taken of Atlantic's characterizations of Hamas as a "political group" or of any "'consensus' or 'unity' PA government" because they are not indisputable facts that are generally known or that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.  Fed. R. Evid. 201.

**Atlantic's Separate Statement Paragraph 19:**  Objection to supporting statements of Paragraph E of the Lowenstein Declaration (Atlantic's Ex. 1) on the grounds that there has been no showing that the "Government of National Consensus" characterization is based on sufficient facts or data or that it is the product of reliable principles and methods.  Fed. R. Evid. 702.  Objection to the supporting statements of the May 1, 2014 email from Stephen Smith (Atlantic's Ex. 117) on the grounds that there is no evidence sufficient to support a finding that Mr. Smith had personal knowledge of the purported "new agreement" referenced in the email.  Fed. R. Evid. 602.

**Atlantic's Separate Statement Paragraph 20:**  Objection to the purported fact on the grounds that it is irrelevant.  Fed. R. Evid. 402.  Objection to the supporting statements from the Zanotti Article (Atlantic's Ex. 4) on the grounds that:  (1) they constitute inadmissible hearsay and no exception is applicable (Fed. R. Evid. 801, 802); and (2) there is no evidence sufficient to support a finding that Mr. Zanotti

1  has personal knowledge of the factual matter stated (Fed. R. Evid. 602).  In

2  addition, judicial notice cannot be taken of any of Atlantic's self-serving

3  characterizations of the "PA," because they are not indisputable facts that are

4  generally known or that can be accurately and readily determined from sources

5  whose accuracy cannot reasonably be questioned.  Fed. R. Evid. 201.

6

7  **Atlantic's Separate Statement Paragraph 21:**  Objection to supporting

8  statements of Paragraph C of the Lowenstein Declaration (Atlantic's Ex. 1) on the

9  grounds that:  (1) there is no evidence sufficient to support a finding that Mr.

10  Lowenstein has personal knowledge of the purported facts set forth therein; and (2)

11  to the extent characterized expert opinion, there has been no showing that his

12  statements are based on sufficient facts or data or that they are the product of

13  reliable principles and methods.  Fed. R. Evid. 702, 703.

14

15  **Atlantic's Separate Statement Paragraph 22:**  Objection to supporting

16  statements of Paragraph C of the Lowenstein Declaration (Atlantic's Ex. 1) on the

17  grounds that:  (1) there is no evidence sufficient to support a finding that Mr.

18  Lowenstein has personal knowledge of that Hamas "runs an ad hoc judicial

19  system"; and (2) to the extent characterized expert opinion, there has been no

20  showing that his statements are based on sufficient facts or data or that they are the

21  product of reliable principles and methods.  Fed. R. Evid. 702, 703.

22

23  **Atlantic's Separate Statement Paragraph 23:**  Objection to the supporting

24  statements from the Zanotti Article (Atlantic's Ex. 8) on the grounds that:  (1) they

25  constitute inadmissible hearsay and no exception is applicable (Fed. R. Evid. 801,

26  802); and (2) there is no evidence sufficient to support a finding that Mr. Zanotti

27  has personal knowledge of the factual matter stated (Fed. R. Evid. 602).  Objection

28  to supporting statements of Paragraph C of the Lowenstein Declaration (Atlantic's

Ex. 1) on the grounds that: (1) there is no evidence sufficient to support a finding that Mr. Lowenstein has personal knowledge of the purported facts set forth therein; and (2) to the extent characterized expert opinion, there has been no showing that his statements are based on sufficient facts or data or that they are the product of reliable principles and methods. Fed. R. Evid. 702, 703.

**Atlantic's Separate Statement Paragraph 24:** Objection to supporting statements of Paragraph D of the Lowenstein Declaration (Atlantic's Ex. 1) on the grounds that: (1) there is no evidence sufficient to support a finding that Mr. Lowenstein has personal knowledge of the purported facts set forth therein; and (2) to the extent it is expert opinion, there has been no showing that his "military force" characterization is based on sufficient facts or data or that it is the product of reliable principles and methods. Fed. R. Evid. 702, 703.

**Atlantic's Separate Statement Paragraph 25:** Objection to the supporting statements from the Zanotti Article (Atlantic's Ex. 4) on the grounds that: (1) they constitute inadmissible hearsay and no exception is applicable (Fed. R. Evid. 801, 802); and (2) there is no evidence sufficient to support a finding that Mr. Zanotti has personal knowledge of the factual matter stated (Fed. R. Evid. 602). In addition, judicial notice cannot be taken of any of Atlantic's characterization of the United Nations' position because it is not an indisputable fact that is generally known or that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201.

**Atlantic's Separate Statement Paragraphs 43-46:** Here, Atlantic merely contends that certain statements were made. To the extent Atlantic were to contend that the supporting evidence establishes the content of the statements (which Atlantic does not), such evidence would be objectionable on the grounds

that it:  (1) is irrelevant (Fed. R. Evid. 402); (2) is an improper lay opinion (Fed. R. Evid. 701); and (3) lacks foundation (Fed. R. Evid. 602).

**Atlantic's Separate Statement Paragraph 47:**  Objection to the supporting testimony from the deposition of Stephen Smith ("Smith Deposition") (Atlantic's Ex. 119) on the grounds that:  (1) there is no evidence sufficient to support a finding that Mr. Smith has personal knowledge of the nature of the activity at issue as "offensive strikes" or "offensive action," or that Palestine and Gaza "took offensive action against Israel" (Fed. R. Evid. 602); (2) any arguable adoption by Mr. Smith of Atlantic's counsel's vague characterizations would constitute improper and inadmissible lay opinion (Fed. R. Evid. 701).

**Atlantic's Separate Statement Paragraph 50:**  Objection to the supporting statements of Paragraph R of the Lowenstein Declaration (Atlantic's Ex. 1) on the grounds that:  (1) there is no evidence sufficient to support a finding that Mr. Lowenstein has personal knowledge of the factual statements made therein; and (2) to the extent characterized expert opinion, there has been no showing that his statements are based on sufficient facts or data or that they are the product of reliable principles and methods.  Fed. R. Evid. 702, 703.  In addition, Atlantic's supporting evidence is objectionable on the grounds that it:  (1) is irrelevant (Fed. R. Evid. 402); (2) is an improper lay opinion (Fed. R. Evid. 701); and (3) lacks foundation (Fed. R. Evid. 602).

**Atlantic's Separate Statement Paragraph 51:**  Objection to the purported fact on the grounds that it is irrelevant.  Fed. R. Evid. 402.  Objection to the supporting statements of Paragraph R of the Lowenstein Declaration (Atlantic's Ex. 1) on the grounds that:  (1) there is no evidence sufficient to support a finding that Mr. Lowenstein has personal knowledge of the factual statements made therein; and

(2) to the extent characterized expert opinion, there has been no showing that his statements are based on sufficient facts or data or that they are the product of reliable principles and methods.  Fed. R. Evid. 702, 703.  Objection to the supporting statements from Human Rights Situation in Palestine and other Occupied Arab Territories (Atlantic's Ex. 6) on the grounds that they: (1) constitute inadmissible hearsay and no exception is applicable (Fed. R. Evid. 801, 802); and (2) there is no evidence sufficient to support a finding that the author has personal knowledge of the factual matter stated (Fed. R. Evid. 602).

**Atlantic's Separate Statement Paragraph 52:**  Here, Atlantic merely contends that certain statements were "noted" in emails from "Max Security Intelligence." To the extent Atlantic were to contend that the supporting evidence establishes the content of the statements (which Atlantic does not), such evidence would be objectionable on the grounds that it:  (1) is irrelevant (Fed. R. Evid. 402); (2) is an improper lay opinion (Fed. R. Evid. 701); (3) lacks foundation (Fed. R. Evid. 602); and (4) constitutes inadmissible hearsay and no exception is applicable (Fed. R. Evid. 801, 802).

**Atlantic's Separate Statement Paragraph 58:**  Objection to the purported fact on the grounds that it is irrelevant.  Fed. R. Evid. 402.

**Atlantic's Separate Statement Paragraph 59:**  Here, Atlantic merely contends that certain statements were made.  To the extent Atlantic were to contend that the supporting evidence establishes the content of the statements (which Atlantic does not), such evidence would be objectionable on the grounds that it:  (1) is irrelevant (Fed. R. Evid. 402); (2) is an improper lay opinion (Fed. R. Evid. 701); (3) lacks foundation, given that Atlantic has not established that Mr. Biggs authored the text of the email, especially in light of Mr. Smith's deposition testimony regarding Mr.

Biggs' practice of copying and pasting information from third-party sources (*see* Atlantic Ex. 119:  Smith Depo, 315:2-316:21; 321:15-17) (Fed. R. Evid. 602); and (4) constitutes inadmissible hearsay and no exception is applicable for the same reason – Atlantic has not established that Mr. Biggs' is the original declarant (Fed. R. Evid. 801, 802).

**Atlantic's Separate Statement Paragraph 62:**  Here, the supporting statements in all of the emails are objectionable on the grounds that they are:  (1) is irrelevant (Fed. R. Evid. 402); (2) improper lay opinion (Fed. R. Evid. 701); and (3) lack foundation (Fed. R. Evid. 602).  The supporting statements in the email from Mr. Biggs specifically lack foundation given that Atlantic has not established that Mr. Biggs authored the text of the email, especially in light of Mr. Smith's deposition testimony regarding Mr. Biggs' practice of copying and pasting information from third-party sources.  *See* Atlantic Ex. 119:  Smith Depo, 315:2-316:21; 321:15-17; Fed. R. Evid. 602.  These statements constitute inadmissible hearsay and no exception is applicable for the same reason – Atlantic has not established that Mr. Biggs' is the original declarant.  Fed. R. Evid. 801, 802.  The supporting statements in the emails from third-party Max Security Intelligence also constitute inadmissible hearsay and no exception is applicable (Fed. R. Evid. 801, 802).

**Atlantic's Separate Statement Paragraph 64:**  Here, Atlantic merely contends that certain statements were made by a third-party.  To the extent Atlantic were to contend that the supporting evidence establishes the content of the statements (which Atlantic does not), such evidence would be objectionable on the grounds that it:  (1) is irrelevant (Fed. R. Evid. 402); (2) is an improper lay opinion (Fed. R. Evid. 701); (3) lacks foundation (Fed. R. Evid. 602); and (4) constitutes inadmissible hearsay and no exception is applicable (Fed. R. Evid. 801, 802).

1

2   **Atlantic's Separate Statement Paragraph 65:**  Here, Atlantic merely contends

3   that certain statements were made by a third-party.  To the extent Atlantic were to

4   contend that the supporting evidence establishes the content of the statements

5   (which Atlantic does not), such evidence would be objectionable on the grounds

6   that it:  (1) is irrelevant (Fed. R. Evid. 402); (2) is an improper lay opinion (Fed. R.

7   Evid. 701); (3) lacks foundation (Fed. R. Evid. 602); and (4) constitutes

8   inadmissible hearsay and no exception is applicable (Fed. R. Evid. 801, 802).

9

10   **Atlantic's Separate Statement Paragraph 66:**  Here, Atlantic merely contends

11   that certain statements were made by a third-party.  To the extent Atlantic were to

12   contend that the supporting evidence establishes the content of the statements

13   (which Atlantic does not), such evidence would be objectionable on the grounds

14   that it: (1) is irrelevant (Fed. R. Evid. 402); (2) is an improper lay opinion (Fed. R.

15   Evid. 701); (3) lacks foundation (Fed. R. Evid. 602); and (4) constitutes

16   inadmissible hearsay and no exception is applicable (Fed. R. Evid. 801, 802).

17

18   **Atlantic's Separate Statement Paragraph 69:**  Objection to the supporting

19   statements from Human Rights Situation in Palestine and other Occupied Arab

20   Territories (Atlantic's Ex. 6) on the grounds that they: (1) constitute inadmissible

21   hearsay and no exception is applicable (Fed. R. Evid. 801, 802); and (2) there is no

22   evidence sufficient to support a finding that the author has personal knowledge of

23   the factual matter stated (Fed. R. Evid. 602).  Objection to supporting statements of

24   Paragraph M of the Lowenstein Declaration (Atlantic's Ex. 1) on the grounds that:

25   (1) there is no evidence sufficient to support a finding that Mr. Lowenstein has

26   personal knowledge that Hamas "launched an Unmanned Aerial Vehicle believed

27   to possibly be carrying explosives at Israel on July 14th"; and (2) to the extent

28   characterized expert opinion, there has been no showing that his statements are

Mitchell
Silberberg &
Knupp LLP

8838018.3

PLAINTIFFS' EVIDENTIARY OBJECTIONS

1  based on sufficient facts or data or that they are the product of reliable principles

2  and methods.  Fed. R. Evid. 702, 703.

3

4  **Atlantic's Separate Statement Paragraph 70:**  Objection to the supporting

5  statements in the July 9, 2014 email from Stephen Smith (Atlantic's Ex. 133) on

6  the grounds that there is no evidence sufficient to support a finding that Mr. Smith

7  had personal knowledge of any of the factual matter referenced in the email, and

8  the text of the email itself shows that the information was not within his personal

9  knowledge (*e.g.*, "Reports indicate … .").  Fed. R. Evid. 602.  Indeed, Atlantic has

10  not even established that Mr. Smith authored the text of the email, especially in

11  light of Mr. Smith's deposition testimony regarding his and his colleague's

12  practice of copying and pasting information from third-party sources. *See* Atlantic

13  Ex. 119:  Smith Depo, 315:2-316:21; 321:15-17.  Objection to supporting

14  statements of Paragraphs K-N of the Lowenstein Declaration (Atlantic's Ex. 1) on

15  the grounds that:  (1) there is no evidence sufficient to support a finding that Mr.

16  Lowenstein has personal knowledge of the purported facts set forth therein; and (2)

17  to the extent characterized expert opinion, there has been no showing that his

18  statements are based on sufficient facts or data or that they are the product of

19  reliable principles and methods.  Fed. R. Evid. 702, 703.

20

21  **Atlantic's Separate Statement Paragraph 74:**  Objection to the supporting

22  statements from the Country Report on Human Rights Practices for Israel and the

23  Occupied Territories (Atlantic's Ex. 5) on the grounds that they: (1) constitute

24  inadmissible hearsay and no exception is applicable (Fed. R. Evid. 801, 802); and

25  (2) there is no evidence sufficient to support a finding that the author has personal

26  knowledge of the factual matter stated (Fed. R. Evid. 602).  Objection to the

27  supporting statements from Human Rights Situation in Palestine and other

28  Occupied Arab Territories (Atlantic's Ex. 6) on the grounds that they: (1)

constitute inadmissible hearsay and no exception is applicable (Fed. R. Evid. 801, 802); and (2) there is no evidence sufficient to support a finding that the author has personal knowledge of the factual matter stated (Fed. R. Evid. 602).  Objection to supporting statements of Paragraph O of the Lowenstein Declaration (Atlantic's Ex. 1) on the grounds that:  (1) there is no evidence sufficient to support a finding that Mr. Lowenstein has personal knowledge of the purported facts set forth therein; and (2) to the extent characterized expert opinion, there has been no showing that his statements are based on sufficient facts or data or that they are the product of reliable principles and methods.  Fed. R. Evid. 702, 703.

**Atlantic's Separate Statement Paragraph 75:**  Objection to the purported fact on the grounds that it is irrelevant.  Fed. R. Evid. 402.

**Atlantic's Separate Statement Paragraph 76:**  Objection to the supporting statements in the August 1, 2014 email from Chris Biggs (Atlantic's Ex. 33) on the grounds that there is no evidence sufficient to support a finding that Mr. Biggs had personal knowledge of any of the matter referenced in the email, or that Mr. Biggs even authored the text of the email given Mr. Smith's deposition testimony regarding Mr. Biggs' practice of copying and pasting information from third-party sources.  *See* Atlantic Ex. 119:  Smith Depo, 315:2-316:21; Fed. R. Evid. 602.  Objection to the supporting statements from the Country Report on Human Rights Practices for Israel and the Occupied Territories (Atlantic's Ex. 5) on the grounds that they: (1) constitute inadmissible hearsay and no exception is applicable (Fed. R. Evid. 801, 802); and (2) there is no evidence sufficient to support a finding that the author has personal knowledge of the factual matter stated (Fed. R. Evid. 602).  Objection to the supporting statements from Human Rights Situation in Palestine and other Occupied Arab Territories (Atlantic's Ex. 6) on the grounds that they: (1) constitute inadmissible hearsay and no exception is applicable (Fed. R. Evid. 801,

802); and (2) there is no evidence sufficient to support a finding that the author has personal knowledge of the factual matter stated (Fed. R. Evid. 602).

**Atlantic's Separate Statement Paragraph 77:**  Objection to the purported fact on the grounds that it is irrelevant.  Fed. R. Evid. 402.

**Atlantic's Separate Statement Paragraph 78:**  Objection to the supporting statements of the July 11, 2014 email from Max Security (Atlantic's Ex. 22) on the grounds that:  (1) they constitute inadmissible hearsay and no exception is applicable (Fed. R. Evid. 801, 802); and (2) there is no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (Fed. R. Evid. 602).  Objection to the supporting statements in the July 17, 2014 email from Stephen Smith (Atlantic's Ex. 35) and the August 1, 2014 email from Chris Biggs (Atlantic's Ex. 34) on the grounds that there is no evidence sufficient to support a finding that the authors of these emails had personal knowledge of any of the factual matters referenced in them, or that Mr. Biggs and Mr. Smith even authored the text of their respective emails, especially in light of Mr. Smith's deposition testimony regarding his and his colleague's practice of copying and pasting information from third-party sources.  *See* Atlantic Ex. 119:  Smith Depo, 315:2-316:21; 321:15-17.

**Atlantic's Separate Statement Paragraph 79:**  Objection to the supporting statements from the Country Report on Human Rights Practices for Israel and the Occupied Territories (Atlantic's Ex. 5) on the grounds that they: (1) constitute inadmissible hearsay and no exception is applicable (Fed. R. Evid. 801, 802); and (2) there is no evidence sufficient to support a finding that the author has personal knowledge of the factual matter stated (Fed. R. Evid. 602).  Objection to the supporting statements from Human Rights Situation in Palestine and other

Occupied Arab Territories (Atlantic's Ex. 6) on the grounds that they: (1) constitute inadmissible hearsay and no exception is applicable (Fed. R. Evid. 801, 802); and (2) there is no evidence sufficient to support a finding that the author has personal knowledge of the factual matter stated (Fed. R. Evid. 602). Objection to the supporting statements from Fragmented Lives Humanitarian Overview (Atlantic's Ex. 36) on the grounds that they: (1) constitute inadmissible hearsay and no exception is applicable (Fed. R. Evid. 801, 802); and (2) there is no evidence sufficient to support a finding that the author has personal knowledge of the factual matter stated (Fed. R. Evid. 602). In addition, judicial notice cannot be taken of Atlantic's self-serving characterization of the conflict as a "war," because it was not a war, and it goes without saying that it therefore is not an indisputable fact that is generally known or that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201.

**Atlantic's Separate Statement Paragraph 80:** Objection to the purported fact on the grounds that it is irrelevant. Fed. R. Evid. 402.

**Atlantic's Separate Statement Paragraph 81:** Objection to the purported fact on the grounds that it is irrelevant. Fed. R. Evid. 402.

**Atlantic's Separate Statement Paragraph 82:** Objection to the supporting statements of the July 20, 2014 and July 21, 2014 emails from Max Security (Atlantic's Exs. 37 and 38) on the grounds that: (1) they constitute inadmissible hearsay and no exception is applicable (Fed. R. Evid. 801, 802); and (2) there is no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (Fed. R. Evid. 602).

1   **Atlantic's Separate Statement Paragraphs 83-88:**  For each of these paragraphs,

2   objection to the purported fact on the grounds that it is irrelevant.  Fed. R. Evid.

3   402.

4

5   **Atlantic's Separate Statement Paragraphs 98-100:**  Here, Atlantic merely

6   contends that certain statements were made.  To the extent Atlantic were to

7   contend that the supporting evidence establishes the content of the statements

8   (which Atlantic does not), such evidence would be objectionable on the grounds

9   that it:  (1) is irrelevant (Fed. R. Evid. 402); (2) is an improper lay opinion (Fed. R.

10  Evid. 701); and (3) lacks foundation (Fed. R. Evid. 602).

11

12  **Atlantic's Separate Statement Paragraph 105:**  Here, Atlantic merely contends

13  that the "populace at large" referred to the fighting between Israel and Hamas as a

14  "war."  As a threshold matter, this is not a "fact" at all, and is not established by

15  Atlantic's evidence.  In any event, to the extent Atlantic were to contend that the

16  supporting evidence establishes that the fighting constituted a "war" (which

17  Atlantic does not), such evidence would be objectionable on the grounds that it:

18  (1) is irrelevant (Fed. R. Evid. 402); (2) is an improper lay opinion (Fed. R. Evid.

19  701); (3) lacks foundation (Fed. R. Evid. 602); and (4) constitutes inadmissible

20  hearsay and no exception is applicable (Fed. R. Evid. 801, 802).

21

22  **Atlantic's Separate Statement Paragraphs 106-111, 113-137:**  Here, Atlantic

23  merely contends that various news publications were "titled" as set forth in the

24  respective paragraphs.  To the extent Atlantic were to contend that the supporting

25  evidence establishes the content of such titles (which Atlantic does not), such

26  evidence would be objectionable on the grounds that it:  (1) is irrelevant (Fed. R.

27  Evid. 402); (2) is an improper lay opinion (Fed. R. Evid. 701); (3) lacks foundation

28

Mitchell
Silberberg &
Knupp LLP
8838018.3

17

(Fed. R. Evid. 602); and (4) constitutes inadmissible hearsay and no exception is applicable (Fed. R. Evid. 801, 802).

**Atlantic's Separate Statement Paragraph 138:**  Here, Atlantic merely contends that certain statements were "note[d]" in emails from "Max Security Intelligence." To the extent Atlantic were to contend that the supporting evidence establishes the content of the statements (which Atlantic does not), such evidence would be objectionable on the grounds that it:  (1) is irrelevant (Fed. R. Evid. 402); (2) is an improper lay opinion (Fed. R. Evid. 701); (3) lacks foundation (Fed. R. Evid. 602); and (4) constitutes inadmissible hearsay and no exception is applicable (Fed. R. Evid. 801, 802).

**Atlantic's Separate Statement Paragraph 139:**  Here, Atlantic merely contends that certain statements were made.  To the extent Atlantic were to contend that the supporting evidence establishes the content of the statements (which Atlantic does not), such evidence would be objectionable on the grounds that it:  (1) is irrelevant (Fed. R. Evid. 402); (2) is an improper lay opinion (Fed. R. Evid. 701); and (3) lacks foundation (Fed. R. Evid. 602).

**Atlantic's Separate Statement Paragraphs 141, 143-146, 148, 150:**  Here, Atlantic merely contends that certain statements were made by third-parties.  To the extent Atlantic were to contend that the supporting evidence establishes the content of the statements (which Atlantic does not), such evidence would be objectionable on the grounds that it:  (1) is irrelevant (Fed. R. Evid. 402); (2) is an improper lay opinion (Fed. R. Evid. 701); (3) lacks foundation (Fed. R. Evid. 602); and (4) constitutes inadmissible hearsay and no exception is applicable (Fed. R. Evid. 801, 802).

**Atlantic's Separate Statement Paragraph 142:**  Here, Atlantic merely contends that certain statements were made by third-parties.  To the extent Atlantic were to contend that the supporting evidence establishes the content of the statement that Hamas' actions in Gaza were those of "militants" (which Atlantic does not), such evidence would be objectionable on the ground that it is irrelevant (Fed. R. Evid. 402).

**Atlantic's Separate Statement Paragraph 151:**  Here, Atlantic merely contends that certain statements were made.  To the extent Atlantic were to contend that the supporting evidence establishes the content of the statements (which Atlantic does not), such evidence would be objectionable on the grounds that it:  (1) is irrelevant (Fed. R. Evid. 402); (2) is an improper lay opinion (Fed. R. Evid. 701); (3) lacks foundation, given that Atlantic has not established that Mr. Smith authored the text of the email, especially in light of Mr. Smith's deposition testimony regarding his and Mr. Biggs' practice of copying and pasting information from third-party sources (*see* Atlantic Ex. 119:  Smith Depo, 315:2-316:21; 321:15-17) (Fed. R. Evid. 602); and (4) constitutes inadmissible hearsay and no exception is applicable for the same reason – Atlantic has not established that Mr. Smith is the original declarant (Fed. R. Evid. 801, 802).

**Atlantic's Separate Statement Paragraph 152:**  Here, Atlantic merely contends that certain statements were made by a third-party.  To the extent Atlantic were to contend that the supporting evidence establishes the content of the statements (which Atlantic does not), such evidence would be objectionable on the grounds that it:  (1) is irrelevant (Fed. R. Evid. 402); (2) is an improper lay opinion (Fed. R. Evid. 701); (3) lacks foundation (Fed. R. Evid. 602); and (4) constitutes inadmissible hearsay and no exception is applicable (Fed. R. Evid. 801, 802).

1    **Atlantic's Separate Statement Paragraph 153:**  Here, Atlantic merely contends

2    that certain statements were made in emails from "Max Security Intelligence."  To

3    the extent Atlantic were to contend that the supporting evidence establishes the

4    content of the statements (which Atlantic does not), such evidence would be

5    objectionable on the grounds that it:  (1) is irrelevant (Fed. R. Evid. 402); (2) is an

6    improper lay opinion (Fed. R. Evid. 701); (3) lacks foundation (Fed. R. Evid. 602);

7    and (4) constitutes inadmissible hearsay and no exception is applicable –

8    notwithstanding Atlantic's totally unsupported reference to the declarant(s) as

9    "Plaintiffs' representatives" (Fed. R. Evid. 801, 802).

10

11                                 Respectfully submitted,

12   DATED:  May 1, 2017            MITCHELL SILBERBERG & KNUPP LLP

13

14                                 By: _ */s/ Lucia E. Coyoca*_____
15                                        Lucia E. Coyoca
                                          Attorneys for Plaintiffs
16                                        Universal Cable Productions LLC and
                                          Northern Entertainment Productions LLC

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' EVIDENTIARY OBJECTIONS