UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-4435 PA (MRWx) | Date | May 5, 2017 |
|---|---|---|---|
| Title | Universal Cable v. Atlantic Specialty Ins. | | |

Present: The Honorable   Michael R. Wilner

| Veronica Piper | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff / Petitioner: | Attorneys Present for Defendant / Respondent: |
|---|---|
| None present | None present |

**Proceedings:**          ORDER RE: MOTION TO COMPEL

1.      Plaintiffs originally moved to compel discovery from Defendant Atlantic on a variety of disputed issues.  (Docket # 44.)  After a series of informal telephone conferences with the Court and extended meetings among the lawyers, the scope of the dispute narrowed considerably.  (Docket # 45, 46, 51, 52, 65, 69.)

2.      The sole remaining issue in Plaintiffs' motion to compel discovery is whether Defendant Atlantic waived its attorney-client privilege regarding an insurance coverage opinion it obtained in this matter, thereby allowing Plaintiffs to conduct discovery regarding the substance of that advice.  (Docket # 68, 70.)  For the reasons stated at the hearing on the motion, the Court DENIES the motion.  This minute order memorializes aspects of that decision.

3.      The key facts are not in dispute.  Plaintiffs submitted a claim for insurance coverage regarding the interruption of a television production in Israel.  The insurer denied the claim.  In the coverage denial letter, Defendant stated that the denial was based, in part, on "consultation with counsel."  (Docket # 44 at 3.)

4.      However, Defendant declined to produce the substance of that lawyer's opinion in discovery.  When Plaintiffs asked Defendant's representatives about the opinion and surrounding communications, Defendant invoked the attorney-client privilege regarding those issues.

5.       Additionally, Defendant disavowed any advice-of-counsel defense in the federal action.  (Id. at 31 ("Atlantic has never and will never rely on the advice-of-counsel defense in this case.").)  Defendant initially suggested that the act of seeking an outside legal opinion might be relevant to its defense of Plaintiffs' claim of bad-faith denial of coverage.  (Id. at 23 ("The Court or jury can be the judge of what to infer from Atlantic's obtaining a coverage opinion").)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-4435 PA (MRWx) | Date | May 5, 2017 |
|---|---|---|---|
| Title | Universal Cable v. Atlantic Specialty Ins. | | |

But in its most recent submission to the Court – and as confirmed at the motion hearing and on a conference call with Judge Wilner – Defendant affirmatively stated that it "did agree not to mention the opinion at trial" or the circumstances leading to the inquiry of its lawyers.  (Docket # 68 at 4.)

* * *

6.      A litigant is entitled to conduct pretrial discovery regarding "any nonprivileged matter that is relevant to a party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  As a foundational matter, then, the Court must determine whether the Atlantic lawyer's opinion is relevant to the case at hand.  If not, discovery is prohibited.  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1069 (9th Cir. 2004) (affirming protective order regarding discovery on irrelevant issues). The resolution of a dispute regarding the relevance of discovery typically involves the exercise of judicial discretion.  Gibson Brands Inc. v. John Hornby Skewes & Co., No. CV 14-609 DDP (SSx), 2015 WL 12681376 (C.D. Cal.) ("The district court enjoys broad discretion when resolving discovery disputes.").  Review is for abuse of discretion.  Cal. Dep't of Soc. Servs. v. Leavitt, 523 F.3d 1025, 1031 (9th Cir. 2008) (denial of discovery motion "ordinarily reviewed for abuse of discretion").

7.      If the requested discovery is relevant, then the Court must evaluate whether the communications remain privileged or if a waiver occurred.  The privilege issue is a question of state law in this diversity action.  Fed. R. Evid. 501; In re Cal. Pub. Utils. Comm'n v. Westinghouse Elec. Corp., 892 F.2d 778, 781 (9th Cir. 1989) ("In diversity actions, questions of privilege are controlled by state law.").

8.      The Court concludes that Defendant Atlantic easily wins on both issues.  The parties have had significant difficulties in communicating with each other about what will and will not be litigated at trial.  Yet, Defendant made clear throughout the dispute that it never intended to offer the substance of the lawyer's advice (which likely addressed the merits of the coverage claim) as a defense to liability here.  And, after considerable prodding from the Court, Defendant disavowed any plan to argue that the act of asking for legal advice established the reasonableness of its conduct or could assist its defense of the bad faith denial of coverage claim.

9.      Bottom line: the company's discussions with its lawyer are out of the case.  The issue therefore is irrelevant to the issues to be presented at trial.  The Court exercises its discretion to conclude that discovery is not permissible under Rule 26.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-4435 PA (MRWx) | Date | May 5, 2017 |
|---|---|---|---|
| Title | Universal Cable v. Atlantic Specialty Ins. | | |

10.    But, even if the attorney-client communications were somehow germane to the parties' claims or defenses, Defendant has not waived its legitimate privilege merely by telling Plaintiffs and their lawyers about their existence.  An insurer may defend its denial of coverage "because the facts indicated that no valid claim existed."  Even if the insurer consults with an attorney who concurs in that conclusion, it may defend itself "on the basis of [the] asserted correctness [of the of coverage decision] rather than the mere fact of the advice.  Such a defense does not waive the attorney-client privilege."  Aetna Cas. & Sur. Co. v. Superior Court, 153 Cal. App. 3d 467, 475 (1984).  Further, ample state law establishes that, in the absence of a client's reliance on a lawyer's advice, there is no waiver of the privilege.  Southern Cal. Gas Co. v. PUC, 50 Cal. 3d 31, 42 ("SoCalGas has done nothing in the present proceedings to place in issue its privileged communications[.]   Because its attorneys' advice or state of mind is not in issue, it has not impliedly waived its attorney-client privilege.").

11.    Plaintiffs' remaining arguments to compel discovery of the lawyer's opinion and ancillary communications are rejected.  Defendant in no way "put the coverage opinion at issue" by referencing it in its denial letter or in responding to questions at depositions.  (Docket # 70 at 3.)  The defense walked back its hinted plan of offering proof that it consulted with its lawyers.  There's not enough proof for the Court to conclude that Atlantic inadvertently or deliberately waived its privilege.  Moreover, Plaintiffs' continued reliance on Bittaker v. Woodford, 331 F.3d 715 (9th Cir. 2003) (Docket # 70 at 4) – a criminal case involving an affirmative claim of ineffective assistance of counsel and malpractice by a party's lawyer – has virtually no persuasive value given the facts of the current case.

12.    The Court recognizes that the parties continue to have legitimate disputes about other evidence involving Atlantic's diligence in denying coverage.  The parties alluded to arguments that Plaintiffs may pursue at trial as to whether the insurer adequately consulted with subject area experts in evaluating the insurance claim.  But those are issues regarding the admissibility of evidence at trial that the parties must present to the district judge.  They do not relate to the discoverability of privileged information that the privilege holder does not intend to present at trial.  The motion to compel production of that information is DENIED.

* * *

13.    The Court informed the parties that it must consider whether to award expenses under Rule 37(a)(5).  Under that rule, if a court denies a motion for an order compelling discovery, the court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay party or deponent who opposed the motion its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-4435 PA (MRWx) | Date | May 5, 2017 |
|---|---|---|---|
| Title | Universal Cable v. Atlantic Specialty Ins. | | |

reasonable expenses incurred in opposing the motion, including attorney's fees." However, a court must not order such payment if the motion was "substantially justified" or if "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B).

14. The Court cannot state at present whether the parties' conduct in litigating the privilege issue to its endgame requires such an award. If Defendant wishes to pursue a limited reimbursement of expenses associated with this motion, it will file a statement (not to exceed five pages plus exhibits) setting forth its request for expenses and why the award is warranted under the rule. Defendant's submission will be due by May 15. Plaintiff will have until May 26 to respond (not to exceed ten pages plus exhibits). After that, the Court will take the matter under submission pursuant to Local Rule.