MARC J. SHRAKE (SBN 219331)
 mjs@amclaw.com
ANDERSON, MCPHARLIN & CONNERS LLP
707 Wilshire Boulevard, Suite 4000
Los Angeles, California 90017-3623
Telephone: (213) 236-1691
Facsimile: (213) 622-7594

MICHAEL KEELEY *(Pro Hac Vice)*
 michael.keeley@strasburger.com
TONI SCOTT REED *(Pro Hac Vice)*
 toni.reed@strasburger.com
CARLA C. CRAPSTER *(Pro Hac Vice)*
 carla.crapster@strasburger.com
STRASBURGER & PRICE, LLP
901 Main Street, Suite 6000
Dallas, Texas 75202
Telephone: (214) 651-4300
Facsimile: (214) 651-4330

Attorneys for Defendant
Atlantic Specialty Insurance Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

|  |  |
|---|---|
| UNIVERSAL CABLE PRODUCTIONS LLC and NORTHERN ENTERTAINMENT PRODUCTIONS LLC,<br><br>        Plaintiffs,<br><br>        v.<br><br>ATLANTIC SPECIALTY INSURANCE COMPANY,<br><br>        Defendant. | CASE NO. 2:16-cv-4435-PA-MRW<br><br>**ATLANTIC SPECIALTY INSURANCE COMPANY'S REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE IN SUPPORT OF ITS REPLY**<br><br>*[Filed concurrently with Reply in Support of Summary Judgment; Declaration of Carla C. Crapster; Reply to Plaintiffs' Objections to Atlantic's Evidence; Objections to Plaintiffs' Opposition Evidence; Request for Judicial Notice; and Volume of Evidence]*<br><br>Date:     May 22, 2017<br>Time:     1:30 pm<br>Ctrm.:    9A, First St. Courthouse<br>Judge:   Honorable Percy Anderson |

1619706.1

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| 1. The Palestinian political identity emerged between 1923 and 1948. | Undisputed. |
| 2. In 1947, the United Nations intended to create two states in what are now Israel and Palestine: one Jewish and one Arab. But for reasons that are still disputed, it ultimately founded only the Jewish state: Israel. | Undisputed. |
| 3. In 1947 and 1948, there was an "Arab-Israeli war," in which Israel defeated Arab nations and declared its independence. | Undisputed. |
| 4. Almost 700,000 Palestinians were driven or fled from their homes as a result of the 1947 and 1948 "Arab-Israeli war." | Undisputed, but irrelevant.  Fed. R. Evid. 402. **Atlantic's Reply:** Plaintiffs' objection addressed in the Reply to Plaintiffs' Objections to Evidence. |
| 5. The Palestinians who remained in the West Bank and Gaza following the "Arab-Israeli war" were subject to either Egyptian, Jordanian, or Israeli rule. | **Disputed** as to the "or Israeli rule" part. Otherwise undisputed, assuming the referenced time period is pre-1967. Also irrelevant (Fed. R. Evid. 402), hearsay (Fed. R. Evid. 801, 802); no personal knowledge (Fed. R. Evid. 602). Jim Zanotti, Cong. Research Serv., |

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
|  | RL34074, The Palestinians: Background and U.S. Relations 2-3 (2015). Ex. 4 to Atlantic's Evid., p. 45-46. **Controverting evidence**:  The referenced source does not support the "or Israeli rule" portion of this "fact"; the references source states:  "Palestinians remaining in Israel became Israeli citizens.  Those who were in the West Bank (including East Jerusalem) and Gaza were subject to Jordanian and Egyptian administration, respectively." **Atlantic's Reply:** Atlantic's statement refers to the fact that certain Palestinians who remained in Israel were subject to Israeli rule. And in later years, as the below statements of fact make clear, Palestinians in the West Bank and Gaza became subject to Israeli rule. |
| 6.     In June of 1967, the Six-Day War occurred, in which Israel defeated the Arab states who had styled themselves as Palestinians' protectors. | The "…who had styled themselves as Palestinians' protectors" part is irrelevant.  Fed. R. Evid. 402. Otherwise undisputed. |

1619706.1

2

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | **Atlantic's Reply:** Objection addressed in the Reply to Plaintiffs' Objections to Evidence. |
| 7.     As a result of the 1967 Six-Day War, Israel gained control over the entire area that constituted Palestine. | Undisputed, assuming the reference is to the area that constituted Palestine under the British Mandate, as the cited source indicates. |
| 8.     Israel effectively annexed East Jerusalem and the Golan Heights, leaving the West Bank and Gaza under military occupation, but not truly incorporated into Israel. | The "…but not truly incorporated into Israel" part is not supported by any of the cited sources, and argumentative.  Fed. R. Evid. 403. Otherwise undisputed, assuming the referenced time period is about after 1967. Jim Zanotti, Cong. Research Serv., RL34074, The Palestinians: Background and U.S. Relations 3 (2015). Ex. 4 to Atlantic's Evid., p. 46. U.S. Department of State, Bureau of Democracy, Human Rights and Labor, Country Report on Human Rights Practices for Israel and the Occupied Territories for 2014 52 (2015), *available at* |

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | https://www.state.gov/documents/organization/236814.pdf . Ex. 5 to Atlantic's Evid., p. 141. Lowenstein Aff. at 4. Ex. 1 to Atlantic's Evid., p. 5 ¶A-B. **Atlantic's Reply:** The first cited source does support the statement that Israel exercised some control over the West Bank and Gaza but did not incorporate them. Ex. 4 to Atlantic's Evidence at p. 46 ("Ultimately Israel only effectively annexed East Jerusalem (as well as the Golan Heights), leaving the West Bank and Gaza under military occupation. However, both territories became increasingly economically interdependent with Israel. Furthermore, Israel presided over the settlement of thousands of Jewish civilians in both territories (although many more in the West Bank than Gaza)—officially initiating some of these projects and assuming security responsibility for all of them."). |

1619706.1

4

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| 9.     There are two competing Palestinian political parties or organizations. Fatah is the largest faction of the confederated multi-party Palestinian Liberation Organization, and is currently led by Yasser Arafat's successor, Mahmoud Abbas. Hamas is a Palestinian Islamic military and socio-political movement that formed in 1987. It has maintained its primary base of political support and military command in the Gaza Strip. | **Disputed** as to the characterization of Hamas as a "political party" or anything other than a terrorist organization. Otherwise undisputed. Jim Zanotti, Cong. Research Serv., RL34074, The Palestinians: Background and U.S. Relations 5 (2015). Ex. 4 to Atlantic's Evid., p. 48. Jim Zanotti, Cong. Research Serv., R41514, Hamas: Background and Issue for Congress 1-3 (2010). Ex. 8 to Atlantic's Evid., p. 404-06. Controverting evidence: Defendant's own sources:  "The United States, Israel, the European Union, and Canada consider Hamas a terrorist organization."  Ex. 8 to Atlantic's Evid., p. 404-06. Universal's evidence (filed in support of Universal's Motion for Partial Summary Judgment ("MSJ")):  Declaration of Dr. Matthew Levitt ("Levitt Decl.") Ex. A (Expert Report of Dr. Levitt), p. 11 [ECF No. 61-3]; Declaration of Ambassador |

5

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | Dennis Ross ("Ross Decl.") Ex. B (Expert Report of Amb. Ross), ¶¶ 10, 23 [ECF No. 61-4]; Declaration of Harold Koh ("Koh Decl.") Ex. C (Expert Report of Harold Koh), p. 16 [ECF No. 61-5]; Coyoca Decl. ¶¶ 5, 6, Exs. 21, 22 [ECF No. 61-10; 61-11; 61-12]; RJN pp. 1-2 [ECF No. 62]. **Atlantic's Reply:** Atlantic disputes that characterizing Hamas as a terrorist organization is inconsistent with its also being a political party or government. **Atlantic's Objections to Plaintiffs' Purported Controverting Evidence:** As to the plaintiffs' experts' evidence, lack of foundation, lack of personal knowledge, [FRE 602] conclusory, [FRCP 56(c)(4)] improper legal conclusion [FRE 702]. |
| 10.    Hamas's charter, created in 1988, "commits the group to the destruction of Israel and the establishment of an Islamic state in all of historic Palestine, comprised of present-day Israel, the | Undisputed. |

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| West Bank, and Gaza." The charter states: "Israel will exist and will continue to exist until Islam will obliterate it, just as it obliterated others before it." | |
| 11.    In the mid-1990s, the Palestinian Authority (PA) was granted limited rule (under supervening Israeli occupational authority) in the Gaza Strip and parts of the West Bank. | Undisputed, assuming the referenced "limited rule" is further subject to the Oslo Accords, as the cited source indicates. Jim Zanotti, Cong. Research Serv., RL34074, The Palestinians: Background and U.S. Relations 26 (2015). Ex. 4 to Atlantic's Evid., p. 69. **Atlantic's Reply:** Atlantic does not disagree that the "limited rule" referenced is the Oslo Accords, but notes that Hamas does not agree with the Oslo Accords because it believes it granted too limited authority to Palestinians. *See* Jim Zanotti, Cong. Research Serv., R41514, Hamas: Background and Issue for Congress 1-3 (2010) Ex. 8 to Atlantic's Evid., at p. 444, 451. |
| 12.    In 2005, Israel unilaterally | **Disputed** to the extent "leaving control |

1619706.1

7

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| withdrew its military forces and all of its civilians from Gaza, leaving control to the PA. | to the PA" fails to take into account the Oslo Accords, as the cited source indicates (e.g., Ex. 6 to Atlantic's Evid., p. 217: "According to the Interim agreement on the West Bank and the Gaza Strip, Israel maintains the control of Gaza's airspace and maritime areas"); *see also* Levitt Decl. Ex. A (Expert Report of Dr. Levitt), pp. 8, 10 [ECF No. 61-3]; Ross Decl. Ex. B (Expert Report of Amb. Ross), ¶¶ 10-13, 23 [ECF No. 61-4]. Otherwise undisputed. Objection based on hearsay (Fed. R. Evid. 801, 802), no personal knowledge (Fed. R. Evid. 602), improper expert opinion (Fed. R. Evid. 702, 703). **Atlantic's Reply:** Hamas does not agree with the Oslo Accords because it believes it granted too limited authority to Palestinians. *See*  Jim Zanotti, Cong. Research Serv., R41514, Hamas: Background and Issue for Congress 1-3 (2010) Ex. 8 to Atlantic's Evid., at p. |

8

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | 444, 451. Plaintiffs' objections addressed in the Reply to Plaintiffs' Objections to Evidence. **Atlantic's Objections to Plaintiffs' Purported Controverting Evidence:** As to the plaintiffs' experts' evidence, lack of foundation, lack of personal knowledge, [FRE 602] conclusory, [FRCP 56(c)(4)] improper legal conclusion [FRE 702]. |
| 13.     In 2006, Hamas was elected to a majority of the seats in the Palestinian Legislative Council (the legislative branch of the PA) and became the governing authority over Gaza. | **Disputed** as to the characterization of Hamas as a "governing authority" (which is also unsupported by the sources Atlantic cites) or anything other than a terrorist organization. Otherwise undisputed, but irrelevant as to time, misleading (Fed. R. Evid. 402, 403), hearsay (Fed. R. Evid. 801, 802), no personal knowledge (Fed. R. Evid. 602), not a proper subject of a judicial notice (Fed. R. Evid. 201). Lowenstein Aff. at 4. Ex. 1 to Atlantic's Evid., p. 5 ¶B. |

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | Jim Zanotti, Cong. Research Serv., RL34074, The Palestinians: Background and U.S. Relations 3, 29 (2015). Ex. 4 to Atlantic's Evid., p. 46, 72.<br><br>Jim Zanotti, Cong. Research Serv., R41514, Hamas: Background and Issue for Congress 3 (2010). Ex. 8 to Atlantic's Evid., p. 406.<br><br>U.S. Department of State, Bureau of Democracy, Human Rights and Labor, Country Report on Human Rights Practices for Israel and the Occupied Territories for 2014 52 (2015), *available at* https://www.state.gov/documents/organization/236814.pdf. Ex. 5 to Atlantic's Evid., p. 141.<br><br>**Controverting evidence:**<br><br>Defendant's own sources: "In the 2006 Palestinian Legislative Council (PLC) elections, candidates backed by Hamas won…; however, the PLC has not functioned since 2007." Ex. 5 to Atlantic's Evid., p. 141. |

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | Levitt Decl. Ex. A (Expert Report of Dr. Levitt) pp. 7-29 (Hamas in the Gaza Strip is not recognized as a legitimate entity, but is a terrorist group, similarly to Boko Haram in Nigeria, al Qaeda in the Arabian Peninsula (AQAP) in Yemen, and the Islamic State (ISIL) in Syria, Iraq, Libya, and Egypt (among others)); [ECF No. 61-3]; Ross Decl. Ex. B (Expert Report of Amb. Ross) ¶¶ 8-24 (Hamas is an illegitimate actor) [ECF No. 61-4]; Koh Decl. Ex. C (Expert Report of Harold Koh) ¶¶ 4-17 (Hamas is not a legitimate actor) [ECF No. 61-5]; Coyoca Decl. ¶¶ 5, 6, Exs. 21, 22 [ECF No. 61-10; 61-11; 61-12]; RJN pp. 1-2 [ECF No. 62].<br><br>**Atlantic's Reply:** Atlantic's sources *do* support that Hamas is the "governing authority" in Gaza and in fact refer to it as Gaza's de facto government:<br><br>•     U.S. Department of State, Bureau of Democracy, Human Rights and Labor, Country Report on Human Rights |

1619706.1

11

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | Practices for Israel and the Occupied Territories for 2014, 52, 56, 88, 91, 114 (2015), available at https://www.state.gov/documents/organization/236814.pdf. Ex. 5 to Atlantic's Evid., p. 141, 145, 177, 180, 203. |
| | • Jim Zanotti, Cong. Research Serv., RL34074, The Palestinians: Background and U.S. Relations 29, 35 (2015). Ex. 4 to Atlantic's Evid., p. 72, 78. |
| | • Jim Zanotti, Cong. Research Serv., R41514, Hamas: Background and Issue for Congress 17, 18 (2010). Ex. 8 to Atlantic's Evid., p. 420, 421. |
| | Plaintiffs' objections addressed in the Reply to Plaintiffs' Objections to Evidence. |
| | **Atlantic's Objections to Plaintiffs' Purported Controverting Evidence:** |
| | As to the plaintiffs' experts' evidence, lack of foundation, lack of personal knowledge, [FRE 602] conclusory, [FRCP 56(c)(4)] improper legal conclusion [FRE 702]. |

12

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| 14.    In 2007, Hamas's armed forces in Gaza defeated forces loyal to PA President Mahmoud Abbas and consolidated control over the Gaza Strip. | **Disputed** as to the characterization of the events, "control," and Hamas as anything other than a terrorist organization. Otherwise undisputed, but irrelevant and misleading (Fed. R. Evid. 402, 403), hearsay (Fed. R. Evid. 801, 802), no personal knowledge (Fed. R. Evid. 602), improper expert opinion (Fed. R. Evid. 702, 703), not a proper subject of a judicial notice (Fed. R. Evid. 201). U.S. Department of State, Bureau of Democracy, Human Rights and Labor, Country Report on Human Rights Practices for Israel and the Occupied Territories for 2014 52 (2015), *available at* https://www.state.gov/documents/organization/236814.pdf. Ex. 5 to Atlantic's Evid., p. 141. Lowenstein Aff. at 4. Ex. 1 to Atlantic's Evid., p. 5 ¶B. **Controverting evidence:** Defendant's own sources:  "Hamas political and military leaders in the West |

1619706.1

13

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | Bank and Gaza gained greater power, and then consolidated this power in Gaza—while losing it in the West Bank—through violent struggle with Fatah in June 2007." Ex. 4 to Atlantic's Evid., p. 75. "In 2007 Hamas staged a violent takeover of PA government installations[.]" Ex. 5 at p. 141. "In 2007, Hamas took over the Gaza Strip by force of arms and violence when it turned its guns on its fellow Palestinians from the Fatah party[.]" Levitt Decl. Ex. A, p. 10 [ECF No. 61-3]. Levitt Decl. Ex. A (Expert Report of Dr. Levitt) pp. 7-29 (Hamas in the Gaza Strip is not recognized as a legitimate entity, but is a terrorist group, similarly to Boko Haram in Nigeria, al Qaeda in the Arabian Peninsula (AQAP) in Yemen, and the Islamic State (ISIL) in Syria, Iraq, Libya, and Egypt (among others)); [ECF No. 61-3]; Ross Decl. Ex. B (Expert Report of Amb. Ross) ¶¶ 8-24 |

1619706.1

14

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | (Hamas is an illegitimate actor. "[T]he West Bank and Gaza are a 'single territorial unit.'") [ECF No. 61-4]; Koh Decl. Ex. C (Expert Report of Harold Koh) ¶¶ 4-17 (Hamas is not a legitimate actor) [ECF No. 61-5]; Coyoca Decl. ¶¶ 5, 6, Exs. 21, 22 [ECF No. 61-10; 61-11; 61-12]; RJN pp. 1-2 [ECF No. 62]. **Atlantic's Reply:** The excerpts from Atlantic's sources that the plaintiffs cite as controverting evidence further prove that Hamas does have control over Gaza. Atlantic disputes that an entity listed as a terrorist organization by certain countries cannot control a territory. Plaintiffs' objections addressed in the Reply to Plaintiffs' Objections to Evidence. **Atlantic's Objections to Plaintiffs' Purported Controverting Evidence:** As to the plaintiffs' experts' evidence, lack of foundation, lack of personal knowledge, [FRE 602] conclusory, [FRCP 56(c)(4)] improper legal |

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | conclusion [FRE 702]. |
| 15.    Since 2007, Hamas has been the de facto ruling authority in the Gaza Strip, where it currently governs like any other government with "political, military and social welfare activities." | **Disputed.** Also hearsay (Fed. R. Evid. 801, 802), no personal knowledge (Fed. R. Evid. 602), improper expert opinion (Fed. R. Evid. 702, 703), improper legal conclusion or opinion (Fed. R. Evid. 701, 702). Lowenstein Aff. at 4. Ex. 1 to Atlantic's Evid., p. 5¶C. U.S. Department of State, Bureau of Democracy, Human Rights and Labor, Country Report on Human Rights Practices for Israel and the Occupied Territories for 2014 52 (2015), *available at* https://www.state.gov/documents/organization/236814.pdf. Ex. 5 to Atlantic's Evid., p. 141. **Controverting evidence:** Defendant's own sources:  "Hamas's security forces have maintained power in Gaza ever since, even after its de facto *government publicly relinquished* |

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | *responsibility in June 2014 to a PA government formed with Hamas's approval*." . Ex. 4 to Atlantic's Evid., p. 72 (emphasis added). Levitt Decl. Ex. A (Expert Report of Dr. Levitt) pp. 7-29 ("[T]he Hamas' *da'wa*—its proselytizing and social and charitable activities—model is that funds supporting any part of Hamas free up existing monies to support its terrorist activities[.]" Hamas in the Gaza Strip is not recognized as a legitimate entity, but is a terrorist group, similarly to Boko Haram in Nigeria, al Qaeda in the Arabian Peninsula (AQAP) in Yemen, and the Islamic State (ISIL) in Syria, Iraq, Libya, and Egypt (among others)); [ECF No. 61-3]; Ross Decl. Ex. B (Expert Report of Amb. Ross) ¶¶ 8-24 (Hamas is an illegitimate actor; it is not a legitimate political organization or government) [ECF No. 61-4]; Koh Decl. Ex. C (Expert Report of Harold Koh) ¶¶ 4-17 (Hamas is not a legitimate actor or |

**ATLANTIC SPECIALTY INSURANCE COMPANY'S REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE**

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | government) [ECF No. 61-5]; Coyoca Decl. ¶¶ 5, 6, Exs. 21, 22 [ECF No. 61-10; 61-11-61-12]; RJN pp. 1-2 [ECF No. 62]. |
| | **Atlantic's Reply:** The plaintiffs' evidence of a unity or consensus government formed between Hamas and Fatah in June 2014 is no evidence that Hamas did not have control over Gaza at the relevant time. The government was formed with Hamas's consent and was a unity government between Hamas and Fatah, making clear that Hamas continued to wield power. Moreover, although "[o]n 2 June 2014, President Abbas declared the formation of a Government of national consensus[,] [t]he Government had yet to assume its full responsibilities in Gaza when active hostilities broke out in the Strip in July 2014, thereby leaving Hamas exercising government-like functions, as had been the case since June 2007." Human Rights Council, Human Rights Situation in |

1619706.1

**ATLANTIC SPECIALTY INSURANCE COMPANY'S REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE**

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | Palestine and other Occupied Arab Territories, 18, U.N. Doc. A/HRC/29/CRP.4 (June 24, 2015). Ex. 6 to Atlantic's Evid., p. 227. Plaintiffs' objections addressed in the Reply to Plaintiffs' Objections to Evidence. **Atlantic's Objections to Plaintiffs' Purported Controverting Evidence:** As to the plaintiffs' experts' evidence, lack of foundation, lack of personal knowledge, [FRE 602] conclusory, [FRCP 56(c)(4)] improper legal conclusion [FRE 702]. |
| 16.    In December 2008, the Israeli Defense Forces ("IDF") launched Operation Cast Lead, which began with an intensive aerial bombardment targeting Hamas forces and infrastructure, followed by a ground invasion on January 3, 2009. A ceasefire was entered on January 21, 2009. | **Disputed** in its characterization and support. Also irrelevant (Fed. R. Evid. 401, 402), hearsay (Fed. R. Evid. 801, 802), no personal knowledge (Fed. R. Evid. 602), improper expert opinion (Fed. R. Evid. 702, 703). Lowenstein Aff. at P. 5. Ex. 1 to Atlantic's Evid., p. 6 ¶G. Jim Zanotti, Cong. Research Serv., |

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | R41514, Hamas: Background and Issue for Congress 3-4 (2010) Ex. 8 to Atlantic's Evid., p. 406-07. **Controverting evidence:** Defendant's own sources: "Operation Cast Lead … was launched by Israel in response to repeated rocket attacks by Hamas and other Palestinian militants[.]" Ex. 8 to Atlantic's Evid., p. 407. **Atlantic's Reply:** The plaintiffs do not actually dispute the evidence, only its "characterization." The facts speak for themselves and Atlantic has not "characterized" them. That Operation Cast Lead was a response to rocket attacks does not change the facts or their "character." Plaintiffs' objections addressed in the Reply to Plaintiffs' Objections to Evidence. |
| 17.    In November 14, 2012, Israel declared Operation Pillar of Defense, in which the IDF struck more than 1,000 sites in the Gaza Strip. Over a hundred | **Disputed** in its characterization and support. Also irrelevant (Fed. R. Evid. 401, 402), hearsay (Fed. R. Evid. 801, 802), no |

1619706.1

20

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| Gazans died and over a hundred were wounded. | personal knowledge (Fed. R. Evid. 602), improper expert opinion (Fed. R. Evid. 702, 703), not a proper subject to a judicial notice (Fed. R. Evid. 201). Lowenstein Aff. at p. 5. Ex. 1 to Atlantic's Evid., p. 6 ¶H. Human Rights Council, *Human Rights Situation in Palestine and other Occupied Arab Territories*, 18, U.N. Doc. A/HRC/29/CRP.4 (June 24, 2015). Ex. 6 to Atlantic's Evid., p. 227. Jim Zanotti, Cong. Research Serv., RL34074, The Palestinians: Background and U.S. Relations 9 (2015). Ex. 4 to Atlantic's Evid., p. 52. **Controverting evidence:** Defendant's own sources:  Operation Pillar of Defense—"Palestinian projectiles of greater range and variety, Israeli airstrikes, prominent role for Israel's Iron Dome anti-rocket system…. Fatalities: More than 100 Palestinians, six Israelis (four civilians)."  Ex. 4 to Atlantic's Evid., p. 52. |

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | "Hamas's security forces have maintained power in Gaza ever since, even after its de facto government publicly relinquished responsibility in June 2014 to a PA government formed with Hamas's approval." . Ex. 4 to Atlantic's Evid., p. 72. **Atlantic's Reply:** The plaintiffs do not actually dispute the evidence, only its "characterization." The facts speak for themselves and Atlantic has not "characterized" them. The plaintiffs' proposed "controverting evidence" does not alter the recited fact. Plaintiffs' objections addressed in the Reply to Plaintiffs' Objections to Evidence. |
| 18.   In June 2014, Hamas reached an agreement with Fatah, the other powerful political group in Gaza, to establish a "consensus" or "unity" PA government. | **Disputed** in its characterization and support, and to the extent it characterizes Hamas as a "political group" or anything other than a terrorist organization. Also hearsay (Fed. R. Evid. 801, 802), no personal knowledge (Fed. R. Evid. 602), improper expert opinion (Fed. R. |

1619706.1

22

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | Evid. 702, 703), not a proper subject to a judicial notice (Fed. R. Evid. 201). Jim Zanotti, Cong. Research Serv., RL34074, The Palestinians: Background and U.S. Relations 1 (2015). Ex. 4 to Atlantic's Evid., p. 44. Lowenstein Aff. at p. 5. Ex. 1 to Atlantic's Evid., p. 6 ¶E. UCP03562 E-mail from Stephen Smith, Head of Security, Europe, NBCU, to Randi Richmond, Vice President, Production, Universal Cable Productions LLC ("UCP") (May 01, 2014, 03:15 PST)  (referencing the "new agreement" between Fatah and Hamas). Ex. 117 to Atlantic's Evid., p. 1381. UCP002524 E-mail from Max Security Intelligence to Stephen Smith, Head of Security, Europe, NBCU  (June 15, 2014 05:03 PST)  (discussing unity government). Ex. 11 to Atlantic's Evid., p. 483-86. UCP001873 E-mail from Randi Richmond, Vice President, Production |

1619706.1

23

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | UCP to Stephen Smith, Head of Security, Europe, NBCU (June 14, 2015 05:16 PST)  (quoting news article discussing the unity government). Ex. 118 to Atlantic's Evid., p. 1386-88. **Controverting evidence:** Defendant's own sources:  "[A] new PA government was formed in June 2014 as a result of an agreement between Fatah (the faction that has traditionally dominated the PA) and Hamas. Although Hamas agreed to the government's formation, no Hamas members serve as government ministers[.]"  Ex. 4 to Atlantic's Evid., p. 44. Levitt Decl. Ex. A (Expert Report of Dr. Levitt) pp. 7-29 (Hamas in the Gaza Strip is not recognized as a legitimate entity, but is a terrorist group, similarly to Boko Haram in Nigeria, al Qaeda in the Arabian Peninsula (AQAP) in Yemen, and the Islamic State (ISIL) in Syria, Iraq, Libya, and Egypt (among |

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | others)); [ECF No. 61-3]; Ross Decl. Ex. B (Expert Report of Amb. Ross) ¶¶ 8-24 (Hamas is an illegitimate actor) [ECF No. 61-4]; Koh Decl. Ex. C (Expert Report of Harold Koh) ¶¶ 4-17 (Hamas is not a legitimate actor) [ECF No. 61-5]; Coyoca Decl. ¶¶ 5, 6, Exs. 21, 22 [ECF No. 61-10; 61-11; 61-12]; RJN pp. 1-2 [ECF No. 62]. **Atlantic's Reply:** The plaintiffs do not actually dispute the evidence, only its "characterization." The facts speak for themselves and Atlantic has not "characterized" them. The plaintiffs' proposed "controverting evidence" does not alter the recited fact. As to whether Hamas continued to exercise control over Gaza after formation of the unity government, it clearly did, as the fact the plaintiffs themselves highlighted in controverting Fact No. 17 demonstrates: "Hamas's security forces have maintained power in Gaza ever since, even after its de facto government |

1619706.1

25

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | publicly relinquished responsibility in June 2014 to a PA government formed with Hamas's approval."  Ex. 4 to Atlantic's Evid., p. 72. *See also* Human Rights Council, Human Rights Situation in Palestine and other Occupied Arab Territories, 18, U.N. Doc. A/HRC/29/CRP.4 (June 24, 2015). Ex. 6 to Atlantic's Evid., p. 227 ("noting that although "[o]n 2 June 2014, President Abbas declared the formation of a Government of national consensus[,] [t]he Government had yet to assume its full responsibilities in Gaza when active hostilities broke out in the Strip in July 2014, thereby leaving Hamas exercising government-like functions, as had been the case since June 2007."). Plaintiffs' objections addressed in the Reply to Plaintiffs' Objections to Evidence. **Atlantic's Objections to Plaintiffs' Purported Controverting Evidence:** As to the plaintiffs' experts' evidence, |

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | lack of foundation, lack of personal knowledge, [FRE 602] conclusory, [FRCP 56(c)(4)] improper legal conclusion [FRE 702]. |
| 19.    The United States does not engage with Hamas or any of its members, but determined that it was able to engage with the Government of National Consensus agreed to between Hamas and Fatah. Israel did not like the agreement to form a unity government because it considers Hamas a terrorist organization that it will not engage with. | **Disputed** in its characterization and support, and to the extent it characterizes Hamas as anything other than a terrorist organization. Also irrelevant (Fed. R. Evid. 402), no personal knowledge (Fed. R. Evid. 602), improper expert opinion (Fed. R. Evid. 702, 703). Lowenstein Aff. at p. 5. Ex. 1 to Atlantic's Evid., p. 6 ¶E. UCP03562 E-mail from Stephen Smith, Head of Security, Europe, NBCU, to Randi Richmond, Vice President, Production, UCP (May 01, 2014, 03:15 PST)  (referencing the "new agreement" between Fatah and Hamas). Ex. 117 to Atlantic's Evid., p. 1381-82. **Controverting evidence:** Defendant's sources provide no support for the "Israel did not like the agreement |

1619706.1

27

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | to form a unity government" statement. Defendant's own sources:  "Hamas's security forces have maintained power in Gaza ever since, even after its de facto government publicly relinquished responsibility in June 2014 to a PA government formed with Hamas's approval."  . Ex. 4 to Atlantic's Evid., p. 72. Defendant's own sources:  "[A] new PA government was formed in June 2014 as a result of an agreement between Fatah (the faction that has traditionally dominated the PA) and Hamas. Although Hamas agreed to the government's formation, no Hamas members serve as government ministers[.]"  Ex. 4 to Atlantic's Evid., p. 44. Ross Decl. Ex. B (Expert Report of Amb. Ross) ¶ 10 ("since designating Hamas a Foreign Terrorist Organization in the 1990's, it has been the policy of every American administration not to |

1619706.1

28

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | engage in meetings or dialogue with officials of Hamas, let alone any formal diplomatic relations") [ECF No. 61-4]; Levitt Decl. Ex. A (Expert Report of Dr. Levitt) pp. 10-11 ("Hamas in the Gaza Strip is not recognized as a legitimate government by the United Nations, other multilateral organizations, or the vast majority of countries around the world, including the United States.  Most countries around the world do not engage in formal diplomatic relations with Hamas.") [ECF No. 61-3]. **Atlantic's Reply:** The plaintiffs do not actually dispute the evidence, only its "characterization." The facts speak for themselves and Atlantic has not "characterized" them. The plaintiffs' proposed "controverting evidence" does not alter the recited fact. Atlantic's sources do support that Israel was unhappy with the formation of the unity government. This is clear from Ex. 117 to Atlantic's Evid., p. 1381-82, which |

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | notes that the unity government agreement was increasing the threat level and decreasing the likelihood of a comprehensive peace accord. Plaintiffs' objections addressed in the Reply to Plaintiffs' Objections to Evidence. **Atlantic's Objections to Plaintiffs' Purported Controverting Evidence:** As to the plaintiffs' experts' evidence, lack of foundation, lack of personal knowledge, [FRE 602] conclusory, [FRCP 56(c)(4)] improper legal conclusion [FRE 702]. |
| 20.     The PA is organized like a state—complete with democratic mechanisms; security forces; and executive, legislative, and judicial organs of governance. The executive branch has both a president and a prime minister-led cabinet, the Palestinian Legislative Council (PLC) is its legislature, and the judicial branch has separate high courts to decide substantive disputes and to | **Disputed** in its characterization and support, and to the extent it purports to characterize Hamas as anything other than a terrorist organization. Also irrelevant (Fed. R. Evid. 402) hearsay (Fed. R. Evid. 801, 802), no personal knowledge (Fed. R. Evid. 602), not a proper subject to a judicial notice (Fed. R. Evid. 201). Jim Zanotti, Cong. Research Serv., |

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| settle controversies, as well as a High Judicial Council. | RL34074, The Palestinians: Background and U.S. Relations 26 (2015). Ex. 4 to Atlantic's Evid., p. 69.<br><br>**Controverting evidence:**<br>Defendant's own sources:  The PA is "not a state[.]"  Ex. 4 to Atlantic's Evid., p. 69.<br>Defendant's own sources:  "[T]he PLC has not functioned since 2007."  Ex. 5 to Atlantic's Evid., p. 141.<br>**Atlantic's Reply:** The plaintiffs do not actually dispute the evidence, only its "characterization." The facts speak for themselves and Atlantic has not "characterized" them. The plaintiffs' proposed "controverting evidence" does not alter the recited fact. That the U.S. Congressional Research Service state that the PA is not a state does not undermine its other statements that it is "organized like one."<br>Plaintiffs' objections addressed in the Reply to Plaintiffs' Objections to |

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | Evidence. |
| 21.    The Hamas government in Gaza employs civil service employees in various ministries, including health and education. | **Disputed.** Also no personal knowledge (Fed. R. Evid. 602), improper expert opinion (Fed. R. Evid. 702, 703). <ul><li>Lowenstein Aff. at p. 4-5. Ex. 1 to Atlantic's Evid., p. 5-6 ¶C.</li></ul> **Controverting evidence:** Defendant's own sources:  "Hamas's security forces have maintained power in Gaza ever since, even after its de facto government publicly relinquished responsibility in June 2014 to a PA government formed with Hamas's approval."  . Ex. 4 to Atlantic's Evid., p. 72. Levitt Decl. Ex. A (Expert Report of Dr. Levitt) pp. 17, 20 ("Militancy and terrorism is central to the Hamas leadership in the Gaza Strip.  In May 2014, Gaza's Finance Ministry indicated that Hamas' security services include approximately 25,000 employees, "and most of them belong to the Qassam |

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | Brigades," the group's elite terrorist wing.  According to one account, two-thirds of Hamas policemen were serving as police officers by day and Qassam Brigade operatives by night as early as 2010."  "Inside the Palestinian territories, the battery of mosques, schools, orphanages, medical clinics, sports leagues, and summer camps are integral components of an overarching apparatus Hamas created and manipulated to incite, recruit, and provide logistical and operational support for weapons smuggling, reconnaissance, and suicide bombings."); [ECF No. 61-3]; Ross Decl. Ex. B (Expert Report of Amb. Ross) ¶¶ 8-24 (Hamas is an illegitimate actor; it is not a legitimate political organization or government) [ECF No. 61-4]; Koh Decl. Ex. C (Expert Report of Harold Koh) ¶¶ 4-17 (Hamas is not a legitimate actor or government) [ECF No. 61-5]; Coyoca Decl. ¶¶ 5, 6, Exs. 21, 22 [ECF No. 61-10; 61-11; 61-12]; RJN |

1619706.1

33

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | pp. 1-2 [ECF No. 62]. |
| | **Atlantic's Reply:** The plaintiffs proposed "controverting evidence" does not alter the recited fact. |
| | Plaintiffs' objections addressed in the Reply to Plaintiffs' Objections to Evidence. |
| | **Atlantic's Objections to Plaintiffs' Purported Controverting Evidence:** As to the plaintiffs' experts' evidence, lack of foundation, lack of personal knowledge, [FRE 602] conclusory, [FRCP 56(c)(4)] improper legal conclusion [FRE 702]. |
| 22.    Hamas runs an ad hoc judicial system. | **Disputed** as improperly supported and to the extent it purports to characterize Hamas as anything other than a terrorist organization. Also no personal knowledge (Fed. R. Evid. 602), improper expert opinion (Fed. R. Evid. 702, 703). Lowenstein Aff. at p. 5. Ex. 1 to Atlantic's Evid., p. 6 ¶C. Controverting evidence: |

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | *See* evidence cited in response to ¶¶ 19 and 21 above. **Atlantic's Reply:** The plaintiffs do not actually dispute the evidence, only its "characterization." The facts speak for themselves and Atlantic has not "characterized" them. The plaintiffs proposed "controverting evidence" does not alter the recited fact. Plaintiffs' objections addressed in the Reply to Plaintiffs' Objections to Evidence. **Atlantic's Objections to Plaintiffs' Purported Controverting Evidence:** As to the plaintiffs' experts' evidence, lack of foundation, lack of personal knowledge, [FRE 602] conclusory, [FRCP 56(c)(4)] improper legal conclusion [FRE 702]. |
| 23.    Hamas collects revenue from the people of Gaza in various ways, including licensing fees and taxes, and it receives assistance from foreign governments. | **Disputed** as improperly supported and to the extent it purports to characterize Hamas as anything other than a terrorist organization. Also hearsay (Fed. R. Evid. 801, 802), |

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
| --- | --- |
| | no personal knowledge (Fed. R. Evid. 602), improper expert opinion (Fed. R. Evid. 702, 703). |
| | Lowenstein Aff. at p. 4. Ex. 1 to Atlantic's Evid., p. 5 ¶C. |
| | Jim Zanotti, Cong. Research Serv., R41514, Hamas: Background and Issue for Congress 19 (2010). |
| | Ex. 8 to Atlantic's Evid., p. 422. |
| | **Controverting evidence:** |
| | *See* evidence cited in response to ¶¶ 19 and 21 above, and, *e.g.*, Levitt Decl. Ex. A (Expert Report of Dr. Levitt) p. 29 ("Hamas uses its position in Gaza to further its expressly militant and terrorist objectives.  Hamas remains an internationally recognized terrorist group and is so designated (in whole or in part) by the United States, European Union, Canada Australia, Israel and more. [Hamas is] … no more a legitimate entity than other terrorist groups that control territory they took over by force, including Boko Haram in Nigeria, al |

1619706.1

36

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | Qaeda in the Arabian Peninsula (AQAP) in Yemen, and the Islamic State (ISIL) in Syria, Iraq, Libya, and Egypt (among others).") [ECF No. 61-3]. **Atlantic's Reply:** The plaintiffs do not actually dispute the evidence, only its "characterization." The facts speak for themselves and Atlantic has not "characterized" them. The plaintiffs proposed "controverting evidence" does not alter the recited fact. Plaintiffs' objections addressed in the Reply to Plaintiffs' Objections to Evidence. **Atlantic's Objections to Plaintiffs' Purported Controverting Evidence:** As to the plaintiffs' experts' evidence, lack of foundation, lack of personal knowledge, [FRE 602] conclusory, [FRCP 56(c)(4)] improper legal conclusion [FRE 702]. |
| 24.   Hamas has a military force, known as the lzz ad-Din al-Qassam Brigades ("Qassam Brigades"). The Qassam | **Disputed.** Also no personal knowledge (Fed. R. Evid. 602), improper expert opinion |

1619706.1

37

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| Brigades were under Hamas command in the summer of 2014. | (Fed. R. Evid. 702, 703). Lowenstein Aff. at. p. 5. Ex. 1 to Atlantic's Evid., p. 6 ¶D. **Controverting evidence:** Levitt Decl. Ex. A (Expert Report of Dr. Levitt) p. 9 ("Hamas' military wing, the Izz al-Din al-Qassam Brigades, continued to engage in terrorist activities.") [ECF No. 61-3]. *Weiss v. Arab Bank, PLC*, 2007 U.S. Dist. LEXIS 94029, at *14-20 (E.D.N.Y. Dec. 21, 2007) (Hamas is a terrorist group and cannot constitute a "military force of any origin"). **Atlantic's Reply:** The plaintiffs proposed "controverting evidence" does not alter the recited fact. The plaintiffs' inclusion of a case to combat a fact is also improper. Plaintiffs' objections addressed in the Reply to Plaintiffs' Objections to Evidence. **Atlantic's Objections to Plaintiffs' Purported Controverting Evidence:** |

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | As to the plaintiffs' experts' evidence, lack of foundation, lack of personal knowledge, [FRE 602] conclusory, [FRCP 56(c)(4)] improper legal conclusion [FRE 702]. |
| 25.  The United Nations recognizes Palestine as a non-member state. | **Disputed** in its characterization relating to the U.S. position.  Also irrelevant and misleading.  Fed. R. Evid. 401, 402, 403. Jim Zanotti, Cong. Research Serv., RL34074, The Palestinians: Background and U.S. Relations 10-11 (2015) (citing U.N. G.A. Res. 67/19 in which the U.N. recognized Palestine as a non-member state). Ex. 4 to Atlantic's Evid., p. 53-54. G.A. Res. 67/19, at 2, U.N. Doc. A/RES/67/19 (Nov. 29, 2012). Ex. 7 to Atlantic's Evid., p. 395-98. **Controverting evidence:** Rebuttal Declaration of Ambassador Dennis Ross ("Rebuttal Ross Decl.") Ex. B (Expert Rebuttal Report of Amb. Ross) ¶¶ 10-11 (U.S. "strongly resisted the PLO's effort to gain UN Security Council support for Palestine to become |

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | a member of the United Nations and its efforts to be recognized at least as a non-member state of the United Nations."). **Atlantic's Reply:** The plaintiffs do not actually dispute the evidence, only its "characterization." The facts speak for themselves and Atlantic has not "characterized" them. The plaintiffs proposed "controverting evidence" does not alter the recited fact. Plaintiffs' objections addressed in the Reply to Plaintiffs' Objections to Evidence. **Atlantic's Objections to Plaintiffs' Purported Controverting Evidence:** As to the plaintiffs' experts' evidence, lack of foundation, lack of personal knowledge, [FRE 602] conclusory, [FRCP 56(c)(4)] improper legal conclusion [FRE 702]. |
| 26.    The plaintiffs are indirect subsidiaries of NBCUniversal Media, LLC ("NBCU"). | Undisputed. |
| 27.    The plaintiffs were filming the | Undisputed. |

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| television show called *Dig* in Israel in June 2014. | |
| 28.    Stephen Smith, as head of security Europe for NBCU, was in charge of providing security for NBC News and MSNBC. He was also in charge of providing security advice to the plaintiffs regarding the filming of *Dig* in Israel. | Misrepresents the testimony (Mr. Smith testified that in 2014, his position was Head of security, Europe, his role was security risk management, and he provided security support for, among other things, the *Dig* production), but otherwise undisputed as reflected in the testimony. Smith Depo., at p. 31-32, 38-41, 73-74. Ex. 119 To Atlantic's Evid., p. 1395, 1397, 1403-04. **Atlantic's Reply:** The plaintiffs do not identify what about the statement is a misrepresentation of Mr. Smith's testimony. Mr. Smith stated "I provide security crisis management support to personnel, assets across international." He went on to answer "Yes" to the question: "Does the international security and crisis management group provide security support for the news organizations?" He also stated that those |

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | news organizations included NBC News and MSNBC. Smith Depo, at p. 73-74, Ex. 119 to Atlantic's Evid., p. 1403-04. |
| 29.   In early 2014, there was very little recent history of Hamas rocket fire into Israel, and NBCU's security team thought it "highly unlikely" that there would be any threats of rocket fire into Israel. | **Disputed** because the "[i]n early 2014, there was very little recent history of Hamas rocket fire into Israel" part is vague and unsupported, and the remainder is mischaracterized. UCP003562 E-mail from Stephen Smith, Head of Security, Europe, NBCU to Randi Richmond, Vice President, Production, UCP (May 01, 2014 03:15 PST). Ex. 117 to Atlantic's Evid., p. 1381-82. UCP001877 (and attachment) E-mail from Stephen Smith, Head of Security, Europe, NBCU to Stephen Smith, Head of Security, Europe, NBCU (May 22, 2014 09:09 PST). Ex. 144 to Atlantic's Evid., p. 1588-98. ***Controverting evidence***:  What the cited evidence provides is that, among other things, as of May 2014, "Terrorism is a concern.  Threats come from several |

1619706.1

42

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | sources, including; Palestinian extremists. Most frequently we see extremists from the Gaza Strip firing rockets into Israel. These typically only hit in southern Israel, but we saw in late 2012, that they do have the capability to reach as far north as Tel Aviv and Jerusalem, but with very limited accuracy (which resulted in a minimal threat against life)," etc. and that "It is highly unlikely that we will be affected by any of this activity."  Ex. 144 to Atlantic's Evid., pp. 1589-90. **Atlantic's Reply:** The plaintiffs' proffered "controverting evidence" does not alter the stated fact. |
| 30.    Stephen Smith concluded as part of his security review prior to the production of *Dig*, that it was safe to proceed with the production in the proposed locations in Israel. | Undisputed. |
| 31.    NBCU hired Max Security to provide security for the production of *Dig* while in Israel. Randi Richmond, a | Undisputed. |

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| UCP producer, described Max Security as the "go to for bigger needs" to provide security for Dig in Israel. | |
| 32.     NBCU hired Max Security to prepare detailed reports on the daily security situation in Israel. | Mischaracterizes the testimony (Max Security was not providing reports on daily basis:  Smith Depo. at p. 108), but otherwise undisputed as reflected in the testimony.<br><br>Smith Depo., at p. 108-12.  Ex. 119 To Atlantic's Evid., p. 1411-12.<br><br>**Atlantic's Reply:** Atlantic's fact does not state that reports were provided on a daily basis but that they reported on the "daily security situation." |
| 33.     Stephen Smith regularly received the Max Security Reports detailing security conditions and hostilities pertaining to Israel and surrounding areas, throughout the time he was providing security advice to the plaintiffs regarding *Dig*. | Mischaracterizes the testimony (Max Security was providing reports on regular basis, i.e., "it wasn't hourly or daily. Whenever there was information to report, they would report it."  Smith Depo. at p. 108), but otherwise undisputed as reflected in the testimony.  Smith Depo., at p. 122. Ex. 119 to Atlantic's Evid., p. 1415.<br><br>**Atlantic's Reply:** Atlantic does not |

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | dispute that the reports were not on a specific schedule, but the reports provided to this Court as evidence demonstrate that there were many reports generated during the relevant time frame. |
| 34.    Stephen Smith received, reviewed, and relied upon Max Security Reports in carrying out his work in assessing the security situation for the production of *Dig*. | Undisputed that Mr. Smith received and reviewed the Max Security Reports he was sent. **Disputed** as to the balance, including based on mischaracterization of testimony and relevancy (Fed. R. Evid. 402) to the extent said reports were issued after Universal decided to move the *Dig* production. Smith Depo., at p. 122.  Ex. 119 to Atlantic's Evid., p. 1415. ***Controverting evidence***:  What Mr. Smith testified is that he relied on certain Max Security Intelligence reports as one of the sources that he used to carry out his work for NBCUniversal on Dig (p. 122) and that the "contents of … report[]s is neither written nor controlled by me.  I'm interested in what it's actually telling me about specific events, |

**ATLANTIC SPECIALTY INSURANCE COMPANY'S REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE**

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | not their interpretation" (pp. 178-89). **Atlantic's Reply:** The plaintiffs' attempts to recharacterize Mr. Smith's testimony fails. Mr. Smith was asked, "Can you confirm for the Court that you did rely upon Max Security Intelligence Reports as one of the sources that you used to carry out your work for NBCUniversal on Dig?" Mr. Smith responded, "Yes." That Mr. Smith may have relied on other sources does not change that he testified he relied on these reports. Plaintiffs' objections addressed in the Reply to Plaintiffs' Objections to Evidence. |
| 35.     Tension between Hamas and Israel first began to escalate on June 12, 2014, when three Israeli teenagers were kidnapped. | Undisputed. |
| 36.     Three Israeli teenagers were killed on approximately June 12, 2014, reportedly by Hamas militants. | Undisputed. |
| 37.     Israel, in response to the | Undisputed. |

1619706.1

46

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| kidnapping of the Israeli teenagers, launched an extensive search and arrest operation. | |
| 38.    After the kidnapping of the three Israeli teenagers, which caused Israel to deploy soldiers into Palestinian territory, NBCU's security team opined that there was a risk for a "broader escalation of hostilities." | Mischaracterizes the evidence (the referenced document, Ex. 12, is by Max Security, not NBCU's security team), but otherwise undisputed as reflected in evidence. UCP002524-2526 E-mail from Max Security Intelligence to Stephen Smith, Head of Security, Europe, NBCU (June 15, 2014 05:03 PST). Ex. 11 to Atlantic's Evid., p. 483-85. **Atlantic's Reply:** Because NBCU hired Max Security to assist with security and in particular to prepare these reports (See Facts 31 and 32 above), Max Security was part of "NBCU's security team." |
| 39.    NBCU's security team advised that Israeli measures "may alter the status quo, increasing the potential for related retaliatory attacks on military operations." | Mischaracterizes and misquotes the evidence (the referenced document, Ex. 12, stating that "the Israeli measures against Hamas or other militant-group personnel, may alter the prevailing [omitted by Atlantic] status quo, |

1619706.1

47

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | increasing the potential for related retaliatory attacks or military operations" is by Max Security, not NBCU's security team), but otherwise undisputed as reflected in evidence. UCP002337-2338 E-mail from Max Security Intelligence to Stephen Smith, Head of Security, Europe, NBCU (June 16, 2014 11:20 PST). Ex. 12 to Atlantic's Evid., p. 490-91. **Atlantic's Reply:** Because NBCU hired Max Security to assist with security and in particular to prepare these reports (See Facts 31 and 32 above), Max Security was part of "NBCU's security team." |
| 40.    Smith, as head of security sent an e-mail on June 15, 2014, summing up the building tension and Israel's steps responding to the death of the teenagers. | Mischaracterizes the evidence (the referenced document, Ex. 125, provides, among other things, information about "the current security situation is Israel" and that the "current advise from MAX security, which has come in overnight and as a result of a further deterioration of security, is to avoid all activity in the Old City"), but otherwise undisputed as |

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | reflected in evidence. UCP000349 E-mail from Stephen Smith, Head of Security, Europe, NBCU to Randi Richmond, Vice President, Production, UCP (June 15, 2014 09:36 PST). Ex. 125 to Atlantic's Evid., p. 1501. **Atlantic's Reply:** The plaintiffs do not explain what about Atlantic's statement mischaracterizes the evidence, but merely offer additional evidence about what was included in the referenced e-mail. |
| 41.   NBCU's June 15, 2014 security e-mail stated: "In the past 48 hours, the extent of Israeli military operations in Hebron and its environs have significantly increased, highlighted by the deployment of over 2,500 IDF soldiers to the area. While at this time operations remain limited to searches and intelligence gathering, Israeli military build ups, deployment of Iron Dome missile batteries, and limited | Undisputed that the document speaks for itself; not as to any conclusion, etc. therefrom. |

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| activation of military reserves, suggest that the IDF is prepared for broader altercations, including armed confrontations with militants, civil unrest in Palestinian urban centers, or a more significant military offensive." | |
| 42.    On July 2, 2014, Israelis abducted and killed Palestinian teenager Muhammad Abu Khdeir, burning him alive, in what appeared to be an act of revenge for the murdered Israeli teenagers. | The "in what appeared to be an act of revenge for the murdered Israeli teenagers" part is unsupported by evidence, speculative and argumentative. Fed. R. Evid. 602.  The balance is undisputed. UCP002422 E-mail from Max Security Intelligence to Stephen Smith, Head of Security, Europe, NBCU, (July 07, 2014 01:57 PST). Ex. 17 to Atlantic's Evid., p. 600. U.S. Dep't of State, Bureau of Democracy, Human Rights and Labor, Country Report on Human Rights Practices for 2014, 55 (2015), *available at* https://www.state.gov/documents/organization/236814.pdf. Ex. 5 to Atlantic's |

1619706.1

50

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | Evid., p. 144.<br><br>**Atlantic's Reply:** This is a direct quote from Ex. 5 to Atlantic's Evidence at p. 227: "On 2 July, a 16-year-old Palestinian teenager from East Jerusalem was viciously murdered by being burned alive and his body discovered in West Jerusalem in what appeared to be an act of revenge for the murdered Israeli teenagers."<br><br>Plaintiffs' objections addressed in the Reply to Plaintiffs' Objections to Evidence. |
| 43.   An employee of NBCU's security team, Chris Biggs, sent an analysis of the situation on July 2, 2014, and stated three times that there was a serious risk of "war" occurring soon. He used the word "war" three times in this e-mail. | Mischaracterizes the evidence (the referenced document, Ex. 79, does not refer to "serious risk" and the references to "war" is by a third party, IHS, not Mr. Biggs (*see* Ex. 119 to Atlantic's Evid., p. 1449)), but otherwise undisputed that the document speaks for itself; not as to any conclusion, etc. therefrom.<br><br>Also, in the context of this case and policy at issue, irrelevant (Fed. R. Evid. 402); improper lay opinion (Fed. R. |

1619706.1

51

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | Evid. 701), lacks foundation (Fed. R. Evid. 602). UCP002618 Email from Chris Biggs, Security & Intelligence Analyst, NBCU International, to Stephen Smith, Head of Security, Europe, NBCU (July 02, 2014 10:00 PST). Ex. 79 to Atlantic's Evid., p. 1046. **Atlantic's Reply:** The words in the e-mail do not appear to be copied and pasted from any other source and the plaintiffs offer no evidence that they are not Mr. Biggs' words, only the speculation by Mr. Smith as to what another employee wrote. At the very least, they are words that Mr. Biggs relied on, as evidenced by the fact that he sent them to his superior, Stephen Smith, the Head of Security, Europe, for NBCUniversal. *See* SUF 251. Plaintiffs' objections addressed in the Reply to Plaintiffs' Objections to Evidence. |
| 44.    In the July 2, 2014 e-mail, Chris | Mischaracterizes the evidence (the |

1619706.1

52

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| Biggs wrote:<br><br>"Killing of Israeli abductees increases pressure on Israeli government to retaliate militarily, raising war and unrest risks."<br><br>"A broader Gaza war would become more likely if Hamas or other Gaza-based militants responded with several dozen rockets per day into southern Israel over a sustained period. A broader war would result in a much higher likelihood of Hamas using Fajr-5 rockets, capable of reaching Tel Aviv." | referenced quotations are by a third party, IHS, not Mr. Biggs (*see* Ex. 119 to Atlantic's Evid., p. 1449)), but otherwise undisputed that the document speaks for itself; not as to any conclusion, etc. therefrom.<br><br>Also, in the context of this case and policy at issue, irrelevant (Fed. R. Evid. 402); improper lay opinion (Fed. R. Evid. 701), lacks foundation (Fed. R. Evid. 602).<br><br>UCP002618 Email from Chris Biggs, Security & Intelligence Analyst, NBCU International, to Stephen Smith, Head of Security, Europe, NBCU (July 02, 2014 10:00 PST). Ex. 79 to Atlantic's Evid., p. 1046.<br><br>**Atlantic's Reply:** The words in the e-mail do not appear to be copied and pasted from any other source and the plaintiffs offer no direct evidence that they are not Mr. Biggs' words, only the speculation by Mr. Smith as to what another employee wrote. At the very |

53

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | least, they are words that Mr. Biggs relied on, as evidenced by the fact that he sent them to his superior, Stephen Smith, the Head of Security, Europe, for NBCUniversal. *See* SUF 251. Plaintiffs' objections addressed in the Reply to Plaintiffs' Objections to Evidence. |
| 45.    Later on July 2, 2014, NBCU's head of security for Europe, Smith, adopted Biggs' words in the above-quoted e-mail as his own, sending them in an e-mail to UCP producers. | **Disputed.** Also, in the context of this case and policy at issue, irrelevant (Fed. R. Evid. 402); improper lay opinion (Fed. R. Evid. 701), lacks foundation (Fed. R. Evid. 602). UCP001037 E-mail from Stephen Smith, Head of Security, Europe, NBCU, to Mark Binke, Executive Vice President, Production, UCP (July 02, 2014 02:21 PST). Ex. 142 to Atlantic's Evid., p. 1578. ***Controverting evidence***:  Atlantic's "fact" is contrary to the evidence:  (1) only one of the "above-quoted" two quotes from Ex. 79 is in Ex. 142; (2) the |

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | referenced quotes are by a third party, IHS, not Mr. Biggs or Mr. Smith (*see* Ex. 119 to Atlantic's Evid., p. 1449); and (3) Mr. Smith testified (Ex. 119 at 321:16-17) that he did not adopt Mr. Biggs' or IHS' words, but that "I've put in information that I believe has been taken from the HIS report, one -- in Exhibit 135." **Atlantic's Reply:** Atlantic does not dispute that the phrase beginning "Killing of Israeli abductees …" does not appear in Mr. Smith's e-mail, but as the plaintiffs concede the remaining quoted phrase beginning "A broader Gaza war …" does. The plaintiffs offer no evidence that these words were not originally written by Mr. Biggs, and can obviously offer no evidence that they were not adopted by Mr. Smith as he sent them to representatives of the plaintiffs with no indication that they were not his words. Plaintiffs' objections addressed in the |

1619706.1

55

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | Reply to Plaintiffs' Objections to Evidence. |
| 46.    Smith shared the above information regarding the risks of a broader Gaza war with the production team because he believed it was information that needed to be shared. | **Disputed.** Also, in the context of this case and policy at issue, irrelevant (Fed. R. Evid. 402); improper lay opinion (Fed. R. Evid. 701), lacks foundation (Fed. R. Evid. 602). Smith Depo., at p. 320-22.  Ex. 119 to Atlantic's Evid., p. 1450-51. UCP001037 E-mail from Stephen Smith, Head of Security, Europe, NBCU, to Mark Binke, Executive Vice President, Production, UCP (July 02, 2014 02:21 PST). Ex. 142 to Atlantic's Evid., p. 1578. ***Controverting evidence***:  *See* controverting evidence and explanation above in response to ¶¶ 44, 45. **Atlantic's Reply:** The plaintiffs offer no evidence that these words were not originally written by Mr. Biggs, and can obviously offer no evidence that they were not adopted by Mr. Smith as he |

56

1619706.1

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | sent them to representatives of the plaintiffs with no indication that they were not his words. The plaintiffs' evidence does not dispute Mr. Smith's statement, given in his deposition, that he shared this information because he believed "it needed to be shared." Smith Depo., at p. 320-22.  Ex. 119 to Atlantic's Evid., p. 1450-51. Plaintiffs' objections addressed in the Reply to Plaintiffs' Objections to Evidence. |
| 47.     During the summer of 2014, Israel was taking offensive strikes against Palestine or Gaza, and Palestine and Gaza took offensive action against Israel, and there was a continuing escalation of that activity. | **Disputed** because of mischaracterization of testimony. Also no personal knowledge (Fed. R. Evid. 602), improper lay opinion (Fed. R. Evid. 701). Smith Depo., at p. 215-19.  Ex. 119 To Atlantic's Evid., p. 1426-27. ***Controverting evidence***:  What Mr. Smith testified to is that Israel and Palestine and/or Gaza "took offensive action" but that is "not [his] area of expertise."  Ex. 119 To Atlantic's Evid., |

**ATLANTIC SPECIALTY INSURANCE COMPANY'S REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE**

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | p. 1426.<br><br>**Atlantic's Reply:** The plaintiffs' controverting evidence does not alter the recited fact. |
| 48.    There was an escalation and uptick of activity that was aimed from Gaza to Israel and out of Israel back toward Gaza during July 2014. | Undisputed. |
| 49.    Beginning in mid-June 2014, and continuing throughout July and August, Palestinians launched rockets into Israel. | **Disputed**, including as to characterization.  Undisputed that Hamas indiscriminately launched rockets into Israel during June-July 2014.  The sources cited by Atlantic do not support rocket launching in August 2014.  Lowenstein Aff. at p. 6. Ex. 1 to Atlantic's Evid., p. 7 ¶I-L.  Smith Depo., at p. 170-71, 212-13, 342-43.  Ex. 119 to Atlantic's Evid., p. 1419, 1425, 1456.  UCP003591-92 E-mail from Penelope Kennedy, Production Supervisor, NBCU to Randi Richmond, Vice President, Production, UCP (July 03, 2014 23:22 PST) ("Increase in rocket attacks on |

1619706.1

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | southern Israel emanating from Gaza; general increase in security and military activity…; danger facing Israel is from missile or rocket attacks, which at present are largely confined to areas in south Israel, closest to Gaza). Ex. 126 to Atlantic's Evid., p. 1503-04. UCP002149-54 E-mail from Max Security Intelligence to Stephen Smith, Head of Security, Europe, NBCU (July 05, 2014 03:16 PST)  (Max Security report regarding rocket fire and Israel's retaliatory airstrikes). Ex. 18 to Atlantic's Evid., p. 606-11. UCP000485 E-mail from Erin Noordeloos, Director of International Security and Crisis Mgmt., NBCU, to Mark Binke, Executive Vice President, Production, UCP (July 08, 2014 09:23 PST) (noting rockets over Tel Aviv on July 8 and sirens warning of them). Ex. 127 to Atlantic's Evid., p. 1506. UCP002181-2188 Israel Dig Update, Security in Confidence: NBCU Int'l. |

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | Security Briefing (NBCU, New York, N.Y.) July 01, 2014 (discussing rocket attacks and retaliatory airstrikes). Ex. 19 to Atlantic's Evid., p. 613-20. UCP002683-2684 E-mail from Country Risk Forecast and Travel Security Online to Stephen Smith, Head of Security, Europe, NBCU (July 09, 2014, 05:16 PST) (Raising security risk rating for Israel from low to medium; deployment of long-range rockets against cities is main factor behind increased rating). Ex. 20 to Atlantic's Evid., p. 622-23. UCP002468-2470 E-mail from Chris Biggs, Security & Intelligence Analyst, International Security, NBCU, to Erin Noordeloos, Director of International Security and Crisis Mgmt., NBCU, and to Stephen Smith, Head of Security, Europe, NBCU (July 10, 2014 02:40 PST) (noting increase rocket attacks from Palestine seemed to be an attempt to draw Israel into a ground invasion into Gaza). Ex. 128 to Atlantic's Evid., p. |

1619706.1

60

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | 1508-10. UCP003798-3804 E-mail from Max Security Intelligence to Stephen Smith, Head of Security, Europe, NBCU (July 10, 2014 07:32 PST) (noting dozens of rockets fired into Israel from Palestine and retaliatory airstrikes by the Israeli Air Force). Ex. 21 to Atlantic's Evid., p. 625-31. UCP002288-2292 E-mail from Max Security Intelligence to Stephen Smith, Head of Security, Europe, NBCU (July 11, 2014 02:06 PST) ("548 rockets have been fired into Israel since start of Operations Protective Edge; 118 have been intercepted by iron Dome"). Ex. 22 to Atlantic's Evid., p. 633-37. UCP002514-2517 E-mail from Max Security Intelligence to Stephen Smith, Head of Security, Europe, NBCU (July 12, 2014 03:33 PST) (referencing a "barrage of rockets" and retaliatory airstrikes). Ex. 23 to Atlantic's Evid., p. 639-41. |

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | UCP002712-2716 E-mail from Max Security Intelligence to Stephen Smith, Head of Security, NBCU (July 14, 2014 12:30 PST) (referencing missile attacks). Ex. 24 to Atlantic's Evid., p. 644-48. UCP002809-2812 E-mail from Max Security Intelligence to Stephen Smith, Head of Security, Europe, NBCU (July 15, 2014 12:39 PST)  (referencing rocket and missile fire and retaliatory strikes and possibility of a ground offensive). Ex. 25 to Atlantic's Evid., p. 650-53. UCP002332-2336 E-mail from Max Security Intelligence to Stephen Smith, Head of Security, Europe, NBCU (July 16, 2014 12:53 PST) (referencing rocket fire from Gaza and retaliatory strikes and increasing possibility of ground invasion by Israel). Ex. 26 to Atlantic's Evid., p. 655-59. UCP002282-2285 E-mail from Max Security Intelligence to Stephen Smith, Head of Security, Europe, NBCU (July 16, 2014 12:40 PST) (discussing rocket |

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | strikes from Gaza and retaliatory strikes by Israel and increasing likelihood of a "ground campaign" by Israel). Ex. 10 to Atlantic's Evid., p. 478-81. UCP000940 E-mail from Stephen Smith, Head of Security, Europe, NBCU to Mark Binke, Executive Vice President, Production, UCP (July 10, 2014 8:09). Ex. 129 to Atlantic's Evid., p. 1512. ***Controverting evidence***:  Levitt Decl. Ex. A (Expert Report of Dr. Levitt) p. 22-26 (Hamas' terrorist activities during the summer 2014 conflict and its indiscriminate launching of rockets lacking ) [ECF No. 61-3]. **Atlantic's Reply:** Atlantic's evidence does support that rocket fire continued through August. Lowenstein Aff. at p. 6. Ex. 1 to Atlantic's Evid., p. 7 ¶R. **Atlantic's Objections to Plaintiffs' Purported Controverting Evidence:** As to the plaintiffs' experts' evidence, lack of foundation, lack of personal knowledge, [FRE 602] conclusory, |

1619706.1

63

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | [FRCP 56(c)(4)] improper legal conclusion [FRE 702]. |
| 50.    In particular, the Palestinians were firing "anti-craft missiles," "long-range missiles," "rockets," and "mortars." | **Disputed**, including as to characterization.  Undisputed that Hamas indiscriminately launched rockets into Israel during June-July 2014. Also irrelevant (Fed. R. Evid. 402, 403) to the extent Atlantic relies on facts after Universal decided to move the *Dig* production, lacks foundation (Fed. R. Evid. 602), improper opinion (Fed. R. Evid. 701, 702, 703). Lowenstein Aff. at p. 7. Ex. 1 to Atlantic's Evid., p. 8 ¶R. UCP000664-665 *Israel Dig Update*, Security in Confidence: NBCU International Security Briefing (NBCU, New York, N.Y.), July 09, 2014 (referencing anti-aircraft missiles, long-range missiles, and rockets). Ex. 114 to Atlantic's Evid., p. 1370-71 UCP000661 *Israel Dig Update*, Security in Confidence: NBCU International Security Briefing (NBCU, New York, |

**ATLANTIC SPECIALTY INSURANCE COMPANY'S REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE**

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
|  | N.Y.), July 09, 2014  (referencing Palestinian mortar fire). Ex. 114 to Atlantic's Evid., p. 1367. UCP002507 E-mail from Chris Biggs, Security & Intelligence Analyst, NBCU International, to Stephen Smith, Head of Security, Europe, NBCU (July 11, 2014 03:58 PST)  ("Two IDF soldiers were injured by a mortar round fired by Gaza militants …"). Ex. 27 to Atlantic's Evid., p. 661. UCP002710 E-mail from Stephen Smith, Head of Security, Europe, NBCU to Randi Richmond, Vice President, Production, UCP (July 08, 2014 12:41 PST)  ("Israeli government reportedly instructed the IDF to steadily intensify attacks in the Gaza Strip to counter rocket and mortar fire"). Ex. 130 to Atlantic's Evid., p. 1514. ***Controverting evidence***:  Levitt Decl. Ex. A (Expert Report of Dr. Levitt) p. 22-26 (Hamas' indiscriminate launching of rockets:  "Hamas admittedly launched |

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | rocket and mortar barrages towards populated areas, though the group often defended its actions by claiming to have been targeting Israeli military forces. Nevertheless, most of the projectiles fired by Hamas were rockets or mortars that lacked guidance systems and thus could not have been directed at specific military objectives.  All the rockets used by Hamas were unguided projectiles, and not even well-trained militants have the accuracy to hit a specific target with mortar rounds.") [ECF No. 61-3]. **Atlantic's Reply:** The plaintiffs do not actually dispute the evidence, only its "characterization." The facts speak for themselves and Atlantic has not "characterized" them. The plaintiffs' proffered controverting evidence does not alter the recited fact. Plaintiffs' objections addressed in the Reply to Plaintiffs' Objections to Evidence. **Atlantic's Objections to Plaintiffs'** |

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
|  | **Purported Controverting Evidence:** As to the plaintiffs' experts' evidence, lack of foundation, lack of personal knowledge, [FRE 602] conclusory, [FRCP 56(c)(4)] improper legal conclusion [FRE 702]. |
| 51.   In response to the Palestinians' launching of rockets, Israel deployed its Air Force to retaliate with airstrikes on a regular basis that persisted until the war ended on August 26, 2014. | **Disputed.** Also, in the context of this case and policy at issue, improper legal conclusion or opinion (Fed. R. Evid. 701, 702), lacks foundation (Fed. R. Evid. 602), irrelevant (Fed. R. Evid. 402, 403) to the extent Atlantic relies on facts after Universal decided to move the *Dig* production, no personal knowledge, improper opinion (Fed. R. Evid. 701, 702, 703), hearsay (Fed. R. Evid. 801, 802), lacks foundation (Fed. R. Evid. 602). Lowenstein Aff. at p. 8. Ex. 1 to Atlantic's Evid., p. 9 ¶T. UCP002149-54 E-mail from Max Security Intelligence to Stephen Smith, Head of Security, Europe, NBCU (July |

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | 05, 2014 03:16 PST) (Max Security report regarding rocket fire and Israel's retaliatory airstrikes). Ex. 18 to Atlantic's Evid., p. 606-09. U.S. Dep't of State, Bureau of Democracy, Human Rights and Labor, Country Report on Human Rights Practices for 2014, 1 (2015), *available at* https://www.state.gov/documents/organization/236814.pdf. Ex. 5 to Atlantic's Evid., p. 90. This document is self-authenticating under Rule 902(5). Human Rights Council, *Human Rights Situation in Palestine and other Occupied Arab Territories*, 18, U.N. Doc. A/HRC/29/CRP.4 (June 24, 2015). Ex. 6 to Atlantic's Evid., p. 227. This document is self-authenticating under Rule 902(5). UCP002524 E-mail from Max Security Intelligence to Stephen Smith, Head of Security, Europe, NBCU (June 15, 2014 05:03 PST). Ex. 11 to Atlantic's Evid., p. |

1619706.1

68

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | 483. UCP002337 E-mail from Max Security Intelligence to Stephen Smith, Head of Security, Europe, NBCU (June 16, 2014 11:20 PST). Ex. 12 to Atlantic's Evid., p. 490. UCP002704 E-mail from Max Security Intelligence to Stephen Smith, Head of Security, NBCU (June 29, 2014 11:01 PST). Ex. 28 to Atlantic's Evid., p. 665. UCP002790 E-mail (and attachment thereto) from Chris Biggs, Security & Intelligence Analyst, International Security, NBCU to Stephen Smith, Head of Security, Europe, NBCU (July 01, 2014 02:12 PST). Ex. 131 to Atlantic's Evid., p. 1517. ***Controverting evidence***:  Levitt Decl. Ex. A (Expert Report of Dr. Levitt) p. 23 ("In June 2014, Hamas responded to the allegations by Israeli Prime Minister Netanyahu that the group kidnapped Israeli teenagers by launching an onslaught of indiscriminate rocket and |

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | mortar attacks into Israel.") [ECF No. 61-3]; Coyoca Decl. ¶¶ 12, 32, 33, Ex. 28, pp. 175, 177, and Ex. 48, p. 482, and Ex. 49, p. 485 (Israel began to take affirmative action to protect its civilian citizens and to stop Hamas' attacks) [ECF No. 61-10; 61-11; 61-12]; RJN p. 2 [ECF No. 62]. |
| | **Atlantic's Reply:** The plaintiffs do not actually dispute the evidence, only its "characterization." The facts speak for themselves and Atlantic has not "characterized" them. The plaintiffs' proffered controverting evidence does not alter the recited fact. |
| | Plaintiffs' objections addressed in the Reply to Plaintiffs' Objections to Evidence. |
| | **Atlantic's Objections to Plaintiffs' Purported Controverting Evidence:** As to the plaintiffs' experts' evidence, lack of foundation, lack of personal knowledge, [FRE 602] conclusory, [FRCP 56(c)(4)] improper legal |

1619706.1

70

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | conclusion [FRE 702]. |
| 52.   The Max Security Reports noted a pattern of "tit-for-tat exchanges between the Israeli military and Gaza based militants." | Undisputed that the documents speak for themselves; not as to any conclusion, etc. therefrom. Also improper lay opinion (Fed. R. Evid. 701), lacks foundation (Fed. R. Evid. 602), hearsay (Fed. R. Evid. 801, 802), irrelevant (Fed. R. Evid. 402, 403) to the extent Atlantic relies on facts after Universal decided to move the *Dig* production. **Atlantic's Reply:** Plaintiffs' objections addressed in the Reply to Plaintiffs' Objections to Evidence. |
| 53.   By July 1, 2014, NBCU's security team no longer viewed Israel as safe, as it had just a few months earlier—it began advising no travel to Israel. | Undisputed that the document speaks for itself; not as to any conclusion, etc. therefrom. |
| 54.   In an e-mail dated July 2, 2014, Smith, NBCU's head of security who was sending regular updates to the production team about the dangers stated: "The primary danger facing Israel | Undisputed that the document speaks for itself; not as to any conclusion, etc. therefrom. |

1619706.1

71

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| is from missile or rocket attack." | |
| 55.    In a July 8th e-mail from Stephen Smith to Randi Richmond, Smith stated: "Summarizing the info below, there is a significant risk of an escalation as conditions for a ceasefire are unlikely to be acceptable." "Cross-border fire between the Israeli Defense Forces (IDF) and Gaza-based militants escalated during the evening hours of July 7, as the Israeli Government reportedly instructed the IDF to steadily intensify attacks in the Gaza Strip to counter rocket and mortar fire." "As a consequence of the increasing rate and range of Palestinian rocket and mortar fire, along with Israel's reported decision to intensify retaliatory airstrikes, that there is an increased threat of rocket attacks against Israel towns and cities located at a greater distance from Gaza." | Undisputed that the document speaks for itself; not as to any conclusion, etc. therefrom. |
| 56.    On July 8, 2014, Israel launched | Undisputed. |

1619706.1

72

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| Operation Protective Edge. | |
| 57.    On July 9, 2014, Smith sent an e-mail that contained a detailed timeline of the events of that day:<br>• Gaza death toll between 25-35, with at least 300 injured<br>• Iron Dome defense system deployed near Jerusalem, following large amounts of long range missiles fired from Gaza<br>• Public bomb shelters opened in Tel Aviv and Jerusalem<br>• Hamas claims responsibility for firing of four rockets on Jerusalem, four on Tel Aviv, twelve on Ashdod and one on Haifa<br>• Five rockets fired toward Tel Aviv, four intercepted successfully, one landed in the sea, no injuries. Rockets aimed at Ben Gurion Airport.<br>• Rocket fired towards Jerusalem hit a residents building in Jerusalem, | Undisputed that the document speaks for itself; not as to any conclusion, etc. therefrom. |

73

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| no injuries reported.<br>• Due to rocket attacks, U.S. Embassy in Tel Aviv to operate in minimal staffing<br>• The European hospital in Gaza has been hit by Israel fighter jets, casualties reported<br>• Rocket landed in Hadera area, city between Tel Aviv and Haifa, 60 miles from Gaza<br>• Gunmen from Hamas landed on the shore near Zikim adjacent to the Gaza border, where a kibbutz and a military base are located. Four gunmen were killed. | |
| 58.    Hamas and Israel carried out seaborne attacks against each other in July and August of 2014. | Undisputed that the documents speak for themselves; not as to any conclusion, etc. therefrom.<br>Also lacks foundation (Fed. R. Evid. 602), irrelevant (Fed. R. Evid. 402, 403) to the extent Atlantic relies on facts after Universal decided to move the *Dig* production.<br>**Atlantic's Reply:** |

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | Plaintiffs' objections addressed in the Reply to Plaintiffs' Objections to Evidence. |
| 59.    Chris Biggs of NBCU wrote the following e-mail to Smith on July 10, 2014: "Hamas' military wing … sent a seaborne unit to attack an Israeli position in Ashkalon, southern Israel; and fired rockets against Tel Aviv's Ben Gurion Airport and Jerusalem," while Israel "authorized the Israeli Defense Forces (IDF) to call up to 40,000 reservists, and conducted hundreds of air raids on Gaza." | Undisputed that the document speaks for itself; not as to any conclusion, etc. therefrom. Also irrelevant (Fed. R. Evid. 402); improper lay opinion (Fed. R. Evid. 701), lacks foundation (Fed. R. Evid. 602), hearsay (Fed. R. Evid. 801, 802). **Atlantic's Reply:** Plaintiffs' objections addressed in the Reply to Plaintiffs' Objections to Evidence. |
| 60.    On July 10, 2014, Stephen Smith wrote in an e-mail to Mark Binke, the Executive Vice President of Production for UCP that he could no longer guarantee the safety and security of the crew. | Undisputed. |
| 61.    In an e-mail from Chris Biggs to Erin Noordeloos and Stephen Smith, Biggs stated: "Israeli ground operation in Gaza increasingly likely, risking | Undisputed that the document speaks for itself; not as to any conclusion, etc. therefrom. |

1619706.1

75

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| unintended escalation involving Syria and Hizbullah." "Hamas's military wing, the Ezz Eddine al-Qassam Brigades, yesterday (8 July) sent a seaborne unit to attack an Israeli position in Askhalon, southern Israel; and fire rockets against Tel Aviv's Ben Gurion Airport and against Jerusalem . . . ." "For its part, Israel on yesterday authorized the Israeli Defense Forces (IDF) to call up to 40,000 reservists, and conducted hundreds of air raids on Gaza." | |
| 62.    As of July 10, 2014, it had become clear, including to plaintiffs, that Israel was planning a ground invasion. | **Disputed**, including because of mischaracterization of evidence (the referenced documents support the fact that a ground invasion was likely or possible, not knowledge of planning). Also irrelevant (Fed. R. Evid. 402), improper opinion (Fed. R. Evid. 701) lacks foundation (Fed. R. Evid. 602), hearsay (Fed. R. Evid. 801, 802).\ UCP002468-70 E-mail from Chris |

1619706.1

76

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | Biggs, Security & Intelligence Analyst, NBCU International, to Erin Noordeloos, Director of International Security and Crisis Management, NBCU, and to Stephen Smith, Head of Security, Europe, NBCU (July 10, 2014 02:40 PST) ("ground operation in Gaza increasingly likely"). Ex. 128 to Atlantic's Evid., p. 1508-10. UCP001851 E-mail from Max Security Intelligence to Stephen Smith, Head of Security, Europe, NBCU (July 11, 2014 12:26 PST)  (July 11 Max Security Report quoting Netanyahu stating Israel was considering ground invasion). Ex. 32 to Atlantic's Evid., p. 686. UCP002712 E-mail from Max Security Intelligence to Stephen Smith, Head of Security, Europe, NBCU (July 14, 2014 12:30 PST) ("Israeli Cabinet's authorization of 42,000 reservists to be called up further suggests the possibility of a ground invasion over the coming days."). Ex. 24 to Atlantic's Evid., p. |

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | 644. |
| | **Atlantic's Reply:** The plaintiffs do not appear to actually dispute this fact, as evidenced by the fact that they offer no controverting evidence. The plaintiffs' argument that they knew a ground invasion was likely but not that any planning for a ground invasion was underway is based on a distinction without a difference. Obviously, if the plaintiffs understood that such an invasion was likely, they understood that steps were being taken to carry out such an invasion. In addition, Ex. 24 to Atlantic's Evid., p. 644, recites that 40,000 reservists were being called up to further the possibility of a ground invasion, which is obviously a preparation for a ground invasion. |
| | Plaintiffs' objections addressed in the Reply to Plaintiffs' Objections to Evidence. |
| 63.    In an e-mail from Smith dated July | Undisputed that the document speaks for |

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| 10, 2014, Smith recommended that personnel leave Israel, and stated: "We have looked at the magnitude and range, of current rocket attacks (which appear to target locations to be used in forthcoming filming)." | itself; not as to any conclusion, etc. therefrom. |
| 64.    The lawyer for one of the cast members of Dig also used the word war to describe the events of 2014. | Undisputed that the document speaks for itself; not as to any conclusion, etc. therefrom.<br><br>Also, in the context of this case and policy at issue, irrelevant (Fed. R. Evid. 402), improper lay opinion (Fed. R. Evid. 701), lacks foundation (Fed. R. Evid. 602), hearsay (Fed. R. Evid. 801, 802).<br><br>**Atlantic's Reply:**<br>Plaintiffs' objections addressed in the Reply to Plaintiffs' Objections to Evidence. |
| 65.    The lawyer wrote an e-mail to several NBCU employees, stating: "We can't imagine the production will continue in a war zone under continuing air raid sirens." | Undisputed that the document speaks for itself; not as to any conclusion, etc. therefrom.<br><br>Also, in the context of this case and policy at issue, irrelevant (Fed. R. Evid. |

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| After receiving no response, he wrote: "Not the sort of e-mails I expected to be met with silence. Can you guys please let us know what is going on? Would you send your child into a war zone?" | 402), improper lay opinion (Fed. R. Evid. 701), lacks foundation (Fed. R. Evid. 602), hearsay (Fed. R. Evid. 801, 802). **Atlantic's Reply:** Plaintiffs' objections addressed in the Reply to Plaintiffs' Objections to Evidence. |
| 66.    The lawyer later wrote that waiting for a decision was "nerve-wracking for the individuals who could literally be on the front lines;" and that "the area," referring to Israel and Palestine, "is quite literally a war zone." | Undisputed that the document speaks for itself; not as to any conclusion, etc. therefrom. Also, in the context of this case and policy at issue, irrelevant (Fed. R. Evid. 402), improper lay opinion (Fed. R. Evid. 701), lacks foundation (Fed. R. Evid. 602), hearsay (Fed. R. Evid. 801, 802). **Atlantic's Reply:** Plaintiffs' objections addressed in the Reply to Plaintiffs' Objections to Evidence. |
| 67.    The plaintiffs had finished filming the pilot episode of *Dig* on June 26, 2014, and were on a scheduled hiatus | Undisputed. |

1619706.1

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| until July 19, 2014. | |
| 68.   On July 11, given the escalation of the fighting, the plaintiffs decided to temporarily postpone the production that was scheduled to resume on July 19, 2014. | **Disputed** that the production was scheduled to resume on July 19 (it was July 20), 2014 as reflected in the referenced evidence (and *see* ¶ 67 above).  Otherwise undisputed.  **Atlantics Reply:** Atlantic agrees that the scheduled hiatus was through July 19, and that production would resume on July 20. |
| 69.   Hamas launched an unmanned aerial vehicle believed to possibly be carrying explosives at Israel on July 14, 2014. | **Disputed** including because it is unsupported by the referenced sources.  Also hearsay (Fed. R. Evid. 801, 802), no personal knowledge (Fed. R. Evid. 602), improper expert opinion (Fed. R. Evid. 702, 703).  Lowenstein Aff. at p. 6. Ex. 1 to Atlantic's Evid., p. 7 ¶M.  Human Rights Council, *Human Rights Situation in Palestine and other Occupied Arab Territories*, 18, U.N. Doc. A/HRC/29/CRP.4 (June 24, 2015). Ex. 6 to Atlantic's Evid., p. 227.  **Atlantic's Reply:** This is a direct quote |

81

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | from the Declaration of Frank Lowenstein, Ex. 1 to Atlantic's Evid. p. 7 ¶M. The correct pinpoint cite within Ex. 6 to Atlantic's Evidence is to page 278, which does support this fact. Plaintiffs' objections addressed in the Reply to Plaintiffs' Objections to Evidence. |
| 70.    Between July 8 and July 17, 2014, fighting between Israel and Hamas engaged in consistent and ongoing fighting, with Hamas primarily firing rockets and missiles into Israel, and Israel responding with airstrikes. | **Disputed** as to characterization and incomprehensible as phrased. Also no personal knowledge (Fed. R. Evid. 602), improper expert opinion (Fed. R. Evid. 702, 703). Lowenstein Aff. at p. 6-7. Ex. 1 to Atlantic's Evid., p. 7-8 ¶K-N. UCP000888 E-mail from Stephen Smith, Head of Security, Europe, NBCU to Randi Richmond, Vice President, Production, UCP (July 09, 2014 06:16 PST). Ex. 133 to Atlantic's Evid., p. 1532. ***Controverting evidence***:  *see* response to ¶¶ 50, 51 above. **Atlantic's Reply:** Atlantic's statement |

1619706.1

82

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
|  | refers to the fact that between July 8 and July 17, 2014, Israel and Hamas engaged in consistent and ongoing fighting, with Hamas primarily firing rockets and missiles into Israel, and Israel responding with airstrikes. The plaintiffs do not seem to dispute this fact, only its "characterization." The fact speaks for itself and Atlantic has not "characterized it. The plaintiffs' proffered controverting evidence does not alter the recited fact. Plaintiffs' objections addressed in the Reply to Plaintiffs' Objections to Evidence. |
| 71.    Because of the magnitude and range of rocket attacks, the plaintiffs decided to abandon filming in Israel altogether on July 16, 2014. | **Disputed**, including as to characterization and as phrased. UCP000993 E-mail from Stephen Smith, Head of Security, Europe, NBCU, to Mark Binke, Executive Vice President, Production, UCP (July 10, 2014 07:52 PST). Ex. 138 to Atlantic's Evid., p. 1551. UCP000940 E-mail from Stephen Smith, Head of Security, Europe, NBCU to |

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | Mark Binke, Executive Vice President, Production, UCP (July 10, 2014 8:09). Ex. 129 to Atlantic's Evid., p. 1512. UCP001286 E-mail from Stephen Smith, Head of Security, Europe, NBCU to Mark Binke, Executive Vice President, Production, UCP (July 16, 2014 12:16). Ex. 121 to Atlantic's Evid., p. 1474. UCP000736 E-mail from Stephen Smith, Head of Security, Europe, NBCU to Mark Binke, Executive Vice President, Production, UCP (July 17, 2014 6:47). Ex. 111 to Atlantic's Evid., p. 1285. Plaintiffs' Supplemental Response to Interrogatory No. 25. Ex. 40 to Atlantic's Evid., p. 745-47. ***Controverting evidence***:  Plaintiffs' Supplemental Response to Interrogatory No. 25. Ex. 40 to Atlantic's Evid., p. 745-47 ("Plaintiffs finalized their decision to move the *Dig* production out of Israel on July 16, 2014, and promptly communicated that decision to Atlantic on July 17, 2014."); First Amended |

84

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | Complaint ¶ 1, Ex. 14 to Atlantic's Evid., p. 500 ("For the safety of cast and crew, UCP decided initially to postpone, and subsequently move the *Dig* production out of Israel."). **Atlantic's Reply:** The plaintiffs do not seem to dispute this fact, only its "characterization." The fact speaks for itself and Atlantic has not "characterized it. The plaintiffs' proffered controverting evidence does not alter the recited fact. |
| 72.    Filming of *Dig* was completed partly in New Mexico and partly in Croatia. | Undisputed. |
| 73.    On July 17, Israel's ground forces invaded Gaza. | Undisputed, other than characterization of events as "invasion," offensive, etc., as to which the documents speak for themselves; not as to any conclusion, etc. therefrom. **Atlantic's Reply:** The plaintiffs do not seem to dispute this fact, only its "characterization." The fact speaks for itself and Atlantic has not "characterized |

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | it. |
| 74.    The IDF ground invasion involved thousands of IDF troops, including infantry, armored and engineering corps, artillery and intelligence forces, combined with aerial and naval support and accompanied by tanks and helicopter gunships. | **Disputed** as to characterization and as phrased, and unsupported by anything other than the Lowenstein Decl. Also hearsay (Fed. R. Evid. 801, 802), no personal knowledge (Fed. R. Evid. 602), improper expert opinion (Fed. R. Evid. 702, 703), irrelevant, (Fed. R. Evid. 402, 403) to the extent Atlantic relies on facts after Universal decided to move the *Dig* production. Lowenstein Aff. at p. 7. Ex. 1 to Atlantic's Evid., p. 8 ¶O. U.S. Dep't of State, Bureau of Democracy, Human Rights and Labor, Country Report on Human Rights Practices for 2014, 59 (2015), available at https://www.state.gov/documents/organization/236814.pdf. Ex. 5 to Atlantic's Evid., p. 148. Human Rights Council, *Human Rights Situation in Palestine and other Occupied Arab Territories*, 3, U.N. Doc. |

1619706.1

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | A/HRC/29/CRP.4 (June 24, 2015). Ex. 6 to Atlantic's Evid., p. 212.<br><br>**Controverting evidence**:  Plaintiffs' Supplemental Response to Interrogatory No. 25. Ex. 40 to Atlantic's Evid., p. 745-47 ("Plaintiffs finalized their decision to move the *Dig* production out of Israel on July 16, 2014, and promptly communicated that decision to Atlantic on July 17, 2014."); *and see* response to ¶ 73 above re "On July 17, Israel's ground forces invaded Gaza."<br><br>**Atlantic's Reply:** The plaintiffs do not seem to dispute this fact, only its "characterization." The fact speaks for itself and Atlantic has not "characterized it. The plaintiffs' proffered controverting evidence does not alter the recited fact. Plaintiffs' objections addressed in the Reply to Plaintiffs' Objections to Evidence. |
| 75.    Early in the morning of July 18, 2014, NBCU's head of security, Stephen Smith, sent an e-mail to Mark Binke with | Undisputed that the document speaks for itself; not as to any conclusion, etc. therefrom. |

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| a "quick summary of events." It stated, in part:<br><br>"Over 100 targets, including rocket launching sites and underground tunnels, were targeted throughout Gaza during the overnight hours of July 17-18 as more Israeli troops and armor advanced into Gaza. Fourteen Hamas militants were reportedly killed in Israeli attacks, while the Israel Defense Forces (IDF) sustained its first fatality after a soldier was killed by light arms fire.<br><br>Rockets meanwhile continued to be fired into southern Israeli towns within a 40 km range of the Gaza Strip since the beginning of Israel's ground offensive.<br><br>At this time there has been no de-escalation in the conflict and the threat to personnel resulting in serious injury or loss of life remains considerable…<br><br>The Israeli military said it would be | Also irrelevant (Fed. R. Evid. 402, 403) to the extent Atlantic relies on facts after Universal decided to move the *Dig* production.<br><br>**Atlantic's Reply:** Plaintiffs' objections addressed in the Reply to Plaintiffs' Objections to Evidence. |

1619706.1

**ATLANTIC SPECIALTY INSURANCE COMPANY'S REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE**

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| calling up an additional 18,000 reservists to support ongoing operations in the Gaza Strip.<br><br>The launch of Israel's ground campaign underscores the likelihood that IDF operations will continue to escalate in both scope and size over the coming hours and days.<br><br>Although P.M. Natanjahu [sic] has stated that Israel's objective on the ground is to neutralize Hamas tunnels, we assess that Israel's ground campaign is likely to additionally target other militant infrastructure, especially rocket launching sites in Gaza periphery and the extensive underground networks that support them.<br><br>No realistic timeframe for any reduction in hostilities can be established at present." | |
| 76.    As the fighting continued, Israel | Undisputed that the documents speak for |

1619706.1

89

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| conducted more and more airstrikes and attacked with tanks and soldiers on the ground. | themselves; not as to any conclusion, etc. therefrom.<br><br>Also hearsay (Fed. R. Evid. 801, 802), no personal knowledge (Fed. R. Evid. 602), irrelevant (Fed. R. Evid. 402, 403) to the extent Atlantic relies on facts after Universal decided to move the *Dig* production.<br><br>**Atlantic's Reply:** Plaintiffs' objections addressed in the Reply to Plaintiffs' Objections to Evidence. |
| 77.    By August 1st, NBCU's security team reported that "1,460 Palestinians, mostly civilians, have died in the conflict…sixty-three Israelis, mostly soldiers, have died." | Undisputed that the document speaks for itself; not as to any conclusion, etc. therefrom.<br><br>Also irrelevant (Fed. R. Evid. 402, 403) to the extent Atlantic relies on facts after Universal decided to move the *Dig* production.<br><br>**Atlantic's Reply:** Plaintiffs' objections addressed in the Reply to Plaintiffs' Objections to Evidence. |
| 78.    Although there were several attempts to broker a ceasefire while Israel's Operation Protective Edge was | **Disputed** because the cited sources only reference the time period of July 11 through August 1, 2014.  Otherwise |

1619706.1

90

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| in effect (July 8 through August 26), all were unsuccessful and any ceasefires they could agree to were short-lived. | undisputed that the documents speak for themselves; not as to any conclusion, etc. therefrom. Also hearsay (Fed. R. Evid. 801, 802), no personal knowledge (Fed. R. Evid. 602), irrelevant (Fed. R. Evid. 402, 403) to the extent Atlantic relies on facts after Universal decided to move the *Dig* production. UCP003777 E-mail from Chris Biggs, Security & Intelligence Analyst, NBCU International to Stephen Smith, Head of Security, Europe, NBCU (Aug. 01, 2014 02:34 PST)  (E-mail referencing a brief ceasefire). Ex. 34 to Atlantic's Evid., p. 695. UCP002288-2292 E-mail from Max Security Intelligence to Stephen Smith, Head of Security, Europe, NBCU (July 11, 2014 02:06 PST)  (E-mail stating "Palestinian Authority President said his efforts to mediate ceasefire had failed and an Israeli ground operation into Gaza Strip would commence soon"). Ex. 22 to |

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | Atlantic's Evid., p. 633-37. UCP003612 E-mail from Stephen Smith, Head of Security, Europe, NBCU, to Mark Binke, Executive Vice President, Production, UCP (July 17, 2014 01:29 PST)  (E-mail from NBCU's head of security noting that a brief humanitarian ceasefire requested by the United Nations was in effect). Ex. 35 to Atlantic's Evid., p. 697. **Atlantic's Reply:** Atlantic's evidence supports precisely that there were attempts to broker ceasefires during the period of the 50-Day War. |
| 79.    On August 26, 2014, both sides agreed to an indefinite ceasefire, drawing the war to a close. | **Disputed.** Also hearsay (Fed. R. Evid. 801, 802), not a proper subject to a judicial notice (Fed. R. Evid. 201), impermissible legal conclusion, improper opinion (Fed. R. Evid. 701, 702), irrelevant (Fed. R. Evid. 402, 403) to the extent Atlantic relies on facts after Universal decided to move the *Dig* production. U.S. Dep't of State, Bureau of |

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | Democracy, Human Rights and Labor, Country Report on Human Rights Practices for 2014 1, 59 (2015), *available at* https://www.state.gov/documents/organization/236814.pdf. Ex. 5 to Atlantic's Evid., p. 90, 148. Human Rights Council, *Human Rights Situation in Palestine and other Occupied Arab Territories*, 18, U.N. Doc. A/HRC/29/CRP.4 (June 24, 2015). Ex. 6 to Atlantic's Evid., p. 227. U.N. Office for the Coordination of Humanitarian Affairs, Fragmented Lives Humanitarian Overview 2014, 5-6 (2015), https://www.ochaopt.org/documents/annual_humanitarian_overview_2014_english_final.pdf.  Ex. 36 to Atlantic's Evid., p. 703-04. ***Controverting evidence***:  Defendant's own sources:  "cease-fire ended Operation Protective Edge" not "war." Ex. 5 to Atlantic's Evid., p. 90, 148. |

1619706.1

93

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | **Atlantic's Reply:** Whether the word "war" applies is obviously one of the key disputes in this case. The plaintiffs' proffered controverting evidence does not address this issue at all, which is a legal one addressed in the parties' respective briefs that the Court need not address here.<br><br>Plaintiffs' objections addressed in the Reply to Plaintiffs' Objections to Evidence. |
| 80.    Israel continued Operation Protective Edge from July 8 to August 26, 2014, nearly 50 days. | Undisputed that the cited documents speak for themselves; not as to any conclusion, etc. therefrom.<br><br>Also irrelevant (Fed. R. Evid. 402, 403) to the extent Atlantic relies on facts after Universal decided to move the *Dig* production.<br><br>**Atlantic's Reply:** Plaintiffs' objections addressed in the Reply to Plaintiffs' Objections to Evidence. |
| 81.    During July 8 to August 26, 2014, Hamas and other militant groups fired 4,465 rockets and mortar shells into | Undisputed that the cited documents speak for themselves; not as to any conclusion, etc. therefrom. |

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| Israel, while the Israeli government conducted 5,242 airstrikes within Gaza and a 20-day military ground operation in Gaza. | Also irrelevant (Fed. R. Evid. 402, 403) to the extent Atlantic relies on facts after Universal decided to move the *Dig* production. **Atlantic's Reply:** Plaintiffs' objections addressed in the Reply to Plaintiffs' Objections to Evidence. |
| 82.     The 50 days of intense fighting left both Israel and Palestine ravaged—but Palestine was hit particularly hard due to Israel's access to much more high-powered weaponry (primarily fighter jets and tanks) and its possession of what is known as the Iron Dome: a missile-defense system that intercepts rockets and missiles before they land in Israel. | **Disputed**, including as to mischaracterization of evidence (the referenced documents relate to events over the period of less than 14 days). Also hearsay (Fed. R. Evid. 801, 802), no personal knowledge (Fed. R. Evid. 602), irrelevant (Fed. R. Evid. 402, 403) to the extent Atlantic relies on facts after Universal decided to move the *Dig* production. UCP002054 E-mail from Max Security Intelligence to Stephen Smith, Head of Security, Europe, NBCU (July 20, 2014 01:43 PST). Ex. 37 to Atlantic's Evid., p. 724. UCP002136 E-mail from Max Security Intelligence to Stephen Smith, Head of |

**ATLANTIC SPECIALTY INSURANCE COMPANY'S**
**REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL**
**FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE**

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | Security, Europe, NBCU (July 21, 2014 07:00 PST). Ex. 38 to Atlantic's Evid., p. 730. **Atlantic's Reply:** Atlantic's evidence supports the existence of the Iron Dome and Israel's access to high-powered weapons. Plaintiffs' objections addressed in the Reply to Plaintiffs' Objections to Evidence. |
| 83.    Palestinian fatalities totaled approximately 2,220, at least half of whom were civilians. | **Disputed**, including as to mischaracterization of evidence (neither of the cited documents support the facts as stated).  Also irrelevant (Fed. R. Evid. 402, 403) to the extent Atlantic relies on facts after Universal decided to move the *Dig* production. U.S. Dep't of State, Bureau of Democracy, Human Rights and Labor, Country Report on Human Rights Practices for 2014, 1 (2015), *available at* https://www.state.gov/documents/organization/236814.pdf. Ex. 5 to Atlantic's Evid., p. 90. |

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | Jim Zanotti, Cong. Research Serv., RL34074, The Palestinians: Background and U.S. Relations 9 (2015). Ex. 4 to Atlantic's Evid., p. 52. **Atlantic's Reply:** Atlantic's evidence does support this statement. Ex. 4 to Atlantic's Evidence, p. 52, states that the fatalities from Operation Protective Edge totaled "[m]ore than 2,100 Palestinians." And Ex. 5 to Atlantic's Evidence, p. 90, states "[T]he operation killed 2,205 Palestinians. The Israeli government estimated that half of those killed were civilians and half were combatants …." Plaintiffs' objections addressed in the Reply to Plaintiffs' Objections to Evidence. |
| 84.    Approximately 11,000 Palestinians were wounded. | Undisputed that the cited document speaks for itself; not as to any conclusion, etc. therefrom. Also irrelevant (Fed. R. Evid. 402, 403) to the extent Atlantic relies on facts after Universal decided to move the *Dig* |

1619706.1

97

**ATLANTIC SPECIALTY INSURANCE COMPANY'S REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE**

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | production. U.N. Office for the Coordination of Humanitarian Affairs, Fragmented Lives Humanitarian Overview 2014, 5-6 (2015), https://www.ochaopt.org/documents/annual_humanitarian_overview_2014_english_final.pdf.  Ex. 36 to Atlantic's Evid., p. 703-04. **Atlantic's Reply:** Plaintiffs' objections addressed in the Reply to Plaintiffs' Objections to Evidence. |
| 85.    The Israeli Defense Force lost 67 soldiers, and 6 Israeli citizens and one citizen of Thailand were killed. | Undisputed that the cited documents speak for themselves; not as to any conclusion, etc. therefrom. Also irrelevant (Fed. R. Evid. 402, 403) to the extent Atlantic relies on facts after Universal decided to move the *Dig* production. U.S. Dep't of State, Bureau of Democracy, Human Rights and Labor, Country Report on Human Rights Practices for 2014, 1 (2015), *available at* https://www.state.gov/documents/organi |

**ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE**

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | zation/236814.pdf. Ex. 5 to Atlantic's Evid., p. 90. Jim Zanotti, Cong. Research Serv., RL34074, The Palestinians: Background and U.S. Relations 9 (2015) (listing slightly different numbers of Israeli deaths—71 as opposed to 74). Ex. 4 to Atlantic's Evid., p. 52. **Atlantic's Reply:** Plaintiffs' objections addressed in the Reply to Plaintiffs' Objections to Evidence. |
| 86.   Hostilities during Operation Protective Edge internally displaced approximately 520,000 persons in Gaza, and approximately 10,000 Israelis. | Undisputed that the cited documents speak for themselves; not as to any conclusion, etc. therefrom. Also irrelevant (Fed. R. Evid. 402, 403) to the extent Atlantic relies on facts after Universal decided to move the *Dig* production. U.S. Dep't of State, Bureau of Democracy, Human Rights and Labor, Country Report on Human Rights Practices for 2014, 1, 96 (2015), *available at* https://www.state.gov/documents/organi |

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | zation/236814.pdf. Ex. 5 to Atlantic's Evid., p. 90, 185. Human Rights Council, *Human Rights Situation in Palestine and other Occupied Arab Territories*, 18, U.N. Doc. A/HRC/29/CRP.4 (June 24, 2015). Ex. 6 to Atlantic's Evid., p. 227. U.N. Office for the Coordination of Humanitarian Affairs, Fragmented Lives Humanitarian Overview 2014, 10 (2015), https://www.ochaopt.org/documents/annual_humanitarian_overview_2014_english_final.pdf. Ex. 36 to Atlantic's Evid., p. 708. **Atlantic's Reply:** Plaintiffs' objections addressed in the Reply to Plaintiffs' Objections to Evidence. |
| 87.    The damage to infrastructure was also severe during the 50 days of fighting. During Operation Protective Edge, Israeli armed forces destroyed electrical, water, and other public infrastructure. | Undisputed that the cited documents speak for themselves; not as to any conclusion, etc. therefrom. Also irrelevant (Fed. R. Evid. 402, 403) to the extent Atlantic relies on facts after Universal decided to move the *Dig* production. |

1619706.1

100

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | U.S. Dep't of State, Bureau of Democracy, Human Rights and Labor, Country Report on Human Rights Practices for 2014, 99 (2015), *available at* https://www.state.gov/documents/organization/236814.pdf. Ex. 5 to Atlantic's Evid., p. 188. Human Rights Council, *Human Rights Situation in Palestine and other Occupied Arab Territories*, 18, U.N. Doc. A/HRC/29/CRP.4 (June 24, 2015). Ex. 6 to Atlantic's Evid., p. 227. **Atlantic's Reply:** Plaintiffs' objections addressed in the Reply to Plaintiffs' Objections to Evidence. |
| 88.     Estimates of the cost to repair the damage to infrastructure ranged from 15.6 billion to as high as 31.2 billion Israeli new shekels ($4-$8 billion). | Undisputed that the cited document speaks for itself; not as to any conclusion, etc. therefrom. Also irrelevant (Fed. R. Evid. 402, 403) to the extent Atlantic relies on facts after Universal decided to move the *Dig* production. U.S. Dep't of State, Bureau of |

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | Democracy, Human Rights and Labor, Country Report on Human Rights Practices for 2014, 99 (2015), *available at* https://www.state.gov/documents/organization/236814.pdf. Ex. 5 to Atlantic's Evid., p. 188. **Atlantic's Reply:** Plaintiffs' objections addressed in the Reply to Plaintiffs' Objections to Evidence. |
| 89.    In late 2009, Aon/Albert G. Ruben Insurance Services, Inc. ("Aon"), the purported leading global provider of risk management, insurance and reinsurance services, contacted Atlantic to see if it was interested in underwriting many of NBCU's risks. | **Disputed** as to characterization of evidence (which states, among other things, "We [Aon] have already approached Chubb, One Beacon, Fireman's Fund, Houston Casualty & Berkley"), otherwise undisputed that the cited document speaks for itself; not as to any conclusion, etc. therefrom. AONNBCU000916 E-mail from Susan Weiss, Vice President, AON/Albert G. Ruben Insurance Services, Inc., to Kurt Ford, Senior Vice President, Production Services, NBCU (Nov. 24, 2009 20:00 PST). Ex. 42 to Atlantic's Evid., p. 761. |

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
|  | **Atlantic's Reply:** The plaintiffs do not seem to actually dispute the evidence, only its "characterization." The facts speak for themselves and Atlantic has not "characterized" them. The plaintiffs proffered evidence does not alter the recited facts. |
| 90.    AON touts itself as "the leading global provider of risk management, insurance and reinsurance brokerage." | Undisputed that the cited document speaks for itself; not as to Atlantic's characterization. |
| 91.    The "starting point" for the terms of the policy was a manuscripted policy submitted to Atlantic for consideration by AON, which had been retained to represent NBCU and the plaintiffs in obtaining a new insurance policy. | **Disputed** as to characterization. AONNBCU000916 E-mail from Susan Weiss, Vice President, AON/Albert G. Ruben Insurance Services, Inc., to Kurt Ford, Senior Vice President, Production Services, NBCU (Nov. 24, 2009 20:00 PST). Ex. 42 to Atlantic's Evid., p. 761. *Controverting evidence*:  Ex. 42 to Atlantic's Evid., p. 761 (Aon was representing NBCU and its subsidiaries, not necessarily "the plaintiffs" specifically); *and see* additional material facts below, ¶¶ 157-172 (the war exclusions in the "starting point" form |

1619706.1

103

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | are standard per the insurance industry custom and practice). **Atlantic's Reply:** The plaintiffs do not actually dispute the evidence, only its "characterization." The facts speak for themselves and Atlantic has not "characterized" them. The plaintiffs proffered evidence does not alter the recited fact. **Atlantic's Objections to Plaintiffs' Purported Controverting Evidence:** Atlantic objects to the plaintiffs' controverting "additional material facts" as improper parol or extrinsic evidence. |
| 92.    Following extensive negotiations concerning various terms of the Policy, Atlantic agreed to issue the Policy to NBCU in 2010. | Undisputed that "The January 1, 2010 policy was issued after extensive negotiations" based on other evidence (*see* Universal's SUF ¶ 3 [ECF No. 63]), but the source cited by Atlantic does not provide support for its statement. First Amended Compl. ¶ 17. Ex. 14 to Atlantic's Evid., p. 509-10. |
| 93.    The parties continued to renew coverage after that first policy. | Undisputed (the policy at issue was a renewal of policies which NBCUniversal |

**ATLANTIC SPECIALTY INSURANCE COMPANY'S**
**REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL**
**FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE**

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | obtained from Atlantic since Policy No. MP00163-00 (effective from January 1, 2010, to January 1, 2011)). |
| 94.     The Policy currently at issue in this case is Policy No. MP00163-04, which was effective from January 1, 2014 through June 30, 2015. | Undisputed. |
| 95.     The relevant insuring agreement in the Policy states: "We agree to pay you such loss (as defined in Paragraph VII) not including loss of earnings or profit, as you sustain by reason of such extra expense you necessarily incur as a result of the interruption, postponement, cancellation, relocation, curtailment or abandonment of an Insured Production due to the following: 1.     The loss must be a direct result of an unexpected, sudden or accidental occurrence entirely beyond your control to include: … (g) Imminent peril, defined as certain, | Undisputed. |

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| immediate and impending danger of such probability and severity to persons or property that it would be unreasonable or unconscionable to ignore." | |
| 96.    The Policy also includes exclusions "applicable to all sections of this policy." The exclusions relevant here are: "This policy does not insure against loss or damage caused directly or indirectly by: (1) War, including undeclared or civil war; or (2)Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or (3) Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these. Such loss or damage is excluded regardless of any | **Disputed**.  The policy does not contain "; or" at the end of part (3).  Rather, part (3) ends with a period.  Further, part (4) ends with a semicolon, not a period, leading to Exclusion 5 which relates to Exclusion 4, as follows: "This policy does not insure against loss or damage caused directly or indirectly by: (1) War, including undeclared or civil war; or (2)Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or (3) Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or |

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| other cause or event that contributes concurrently or in any sequence to the loss; or<br><br>(4) Any weapon of war including atomic fission or radioactive force, whether in time of peace or war[.]" | defending against any of these. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.<br><br>(4) Any weapon of war including atomic fission or radioactive force, whether in time of peace or war;<br><br>(5) Nuclear reaction or radiation, or radioactive contamination from any other cause.  But if nuclear reaction or radiation, or radioactive contamination results in fire, we will pay for the direct loss or damage caused by that fire if the fire would be covered under this policy."<br>Atlantic Policy No. MP00163-04 at p.6 of 7. Ex. 44 to Atlantic's Evid., p. 778.<br>**Atlantic's Reply:** Atlantic does not dispute these minor corrections. |
| 97.    As soon as it became clear that NBCU was considering moving the filming of *Dig* out of Israel, there was a flurry of e-mails over whether there would be insurance coverage for the | Undisputed that the cited documents speak for themselves; not as to Atlantic's characterization or any conclusion, etc. therefrom. |

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| move. | |
| 98.    NBCU employees consulted Malika Adams, an employee of Comcast, which now owns NBCU, for her opinion on whether coverage would apply. Ms. Adams wrote that NBCU would "have to be cautious because there is a war exclusion on the policy." | Undisputed that the cited document speaks for itself; not as to Atlantic's characterization or any conclusion, etc. therefrom. Also irrelevant (Fed. R. Evid. 402), improper lay opinion (Fed. R. Evid. 701), lacks foundation (Fed. R. Evid. 602). UCP000870 E-mail from Malika Adams, CPCU, Supervisor, Risk Management, Comcast Corporation, to Kurt Ford, Senior Vice President, Production Services, NBCU (July 03, 2014 10:58 PST). Ex. 140 to Atlantic's Evid., p. 1560. **Atlantic's Reply:** Plaintiffs' objections addressed in the Reply to Plaintiffs' Objections to Evidence. |
| 99.    In another follow up e-mail on the same issue, Ms. Adams wrote again to Randi Richmond, an employee of the Plaintiffs in the case: "[W]e may have some recourse but even that I would say | Undisputed that the cited document speaks for itself; not as to Atlantic's characterization or any conclusion, etc. therefrom. Also irrelevant (Fed. R. Evid. 402), |

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| with caution since there is a war exclusion on the policy that may come into play." | improper lay opinion (Fed. R. Evid. 701), lacks foundation (Fed. R. Evid. 602). UCP000422 E-mail from Malika Adams, CPCU, Supervisor, Risk Management, Comcast Corporated, to Randi Richmond, Vice President, Production, UCP (July 07, 2014 20:11 PST). Ex. 141 to Atlantic's Evid., p. 1569. **Atlantic's Reply:** Plaintiffs' objections addressed in the Reply to Plaintiffs' Objections to Evidence. |
| 100.   NBCU's own employee, Andrea Garber, wrote an e-mail noting that the exclusion for acts of war was "broad." | Undisputed that the cited document speaks for itself; not as to Atlantic's characterization or any conclusion, etc. therefrom. Also irrelevant (Fed. R. Evid. 402), improper lay opinion (Fed. R. Evid. 701), lacks foundation (Fed. R. Evid. 602). UCP000442 E-mail from Andrea Garber, Senior Director, Risk Management, to Mark Binke, Executive Vice President, Production, UCP and Randi Richmond, |

1619706.1

109

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | Vice President, Production, UCP (July 14, 2014 10:03 PST). Ex. 113 to Atlantic's Evid., p. 1361. **Atlantic's Reply:** Plaintiffs' objections addressed in the Reply to Plaintiffs' Objections to Evidence. |
| 101.   The plaintiffs submitted a claim for coverage of "extra expenses" in moving the production of Dig out of Israel on July 15, 2014 | Undisputed that:  "On July 15, 2014, Aon submitted to Atlantic a formal notice of the *Dig* claim for the extra expenses incurred in connection with the delay and subsequent relocation of the production [], on behalf of NBCUniversal and UCP."  Universal's SUF ¶ 49 [ECF No. 63]. First Amended Compl. at ¶ 29. Ex. 14 to Atlantic's Evid., p. 514. **Atlantic's Reply:** The plaintiffs' response adds nothing. Atlantic assumes the plaintiffs do not dispute the fact recited. |
| 102.   In 2015, NBCU began shopping around for a new carrier, and Aon, on its behalf, submitted the actual Policy to other insurers, explaining: "It is a | Undisputed that the cited document speaks for itself; not as to Atlantic's characterization or any conclusion, etc. therefrom.  *See also* response to ¶ 91 |

110

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| manuscripted policy that is the property of Aon . . . . They are looking to keep this same form at renewal." | above.<br><br>**Atlantic's Reply:** Atlantic incorporates its response to ¶ 91 above. |
| 103.   The policy that Susan Weiss of Aon sent to other insurers was marked in bold on each and every page as follows: CONFIDENTIAL PROPERTY OF AON." | Undisputed as to the policy sent to Allianz based on the cited sources; not as to Atlantic's characterization or any conclusion, etc. therefrom.  *See also* response to ¶ 91 above.<br><br>E-mail (and attachment thereto) from Susan Weiss, Vice President, AON/Albert G. Ruben Insurance Services, Inc., to Wendy Diaz, Allianz Global Risk U.S. Insurance Company (Mar. 23, 2015 16:39 PST). Ex. 112 to Atlantic's Evid., p. 1287-1359.<br><br>**Atlantic's Reply:** Atlantic incorporates its response to ¶ 91 above. |
| 104.   In response to an interrogatory that asked the Plaintiffs to explain why they contended their loss did not result from "weapons of war," they stated that the loss was not caused by the weapons of war but instead "by the atmosphere of terror created by Hamas' random and | Undisputed that the cited document speaks for itself; not as to Atlantic's characterization or any conclusion, etc. therefrom.  *See also* Universal's MSJ, pp. 22-25 [ECF No. 61-1] and the opposition brief filed concurrently herewith, pp. 19-21. |

1619706.1

111

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| indiscriminate firing of mortars and rockets and the potential threat of other attacks which could be used by Hamas, such as suicide bombers." | |
| 105.   The populace at large (including news outlets) referred to the fighting between Israel and Hamas as a "war." For example, NBC News titled a news article *Gaza cease-fire holds between Hamas and Israel after 50-day war*. | **Disputed.** The "populace at large" reference is unsupported and, in the context of this case and policy at issue, this purported fact is irrelevant (Fed. R. Evid. 402), improper lay opinion (Fed. R. Evid. 701), lacks foundation (Fed. R. Evid. 602), hearsay (Fed. R. Evid. 801, 802). ATL005260 *Gaza cease-fire holds between Hamas and Israel after 50-day war*, NBC News, Aug. 27, 2014, http://www.nbcnews.com/storyline/middle-east-unrest/gaza-cease-fire-holds-between-hamas-israel-after-50-day-n189821. Ex. 45 to Atlantic's Evid., p. 824. **Controverting evidence:** Declaration of Ty R. Sagalow ("Sagalow Decl."), Ex. D (Expert Report of Sagalow), ¶¶ 83-90 (detailing insurance |

1619706.1

112

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | industry custom and practice, *e.g.*, ¶ 89: "even though the same word (e.g., 'war') may have another colloquial meaning, when the insurer is considering coverage pursuant to the terms of an insurance policy, the custom and practice is for the insurer to use the insurance industry meaning of such words used in the policy, not their colloquial meaning or the broad use such words may have in the press or by politicians.") [ECF No. 61-6]. Rebuttal Declaration of Ty R. Sagalow ("Rebuttal Sagalow Decl."), Ex. A (Rebuttal Expert Report of Sagalow), ¶¶ 58-90 (detailing insurance industry custom and practice interpretation of the policies, as opposed to colloquial or "ordinary" meaning of words). Rebuttal Declaration of Dr. Matthew Levitt ("Rebuttal Dr. Levitt Decl."), Ex. D (Rebuttal Expert Report of Dr. Levitt), ¶ 15 (American or Israeli official authorities do not use the term "war" to |

1619706.1

113

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | refer to the Hamas/Israel conflict in 2014.  Moreover, the New York Times chronology of the conflict counts it as lasting 29 days, and does not call it a "50 day war."). There is a legion of news reports that do not describe the Hamas/Israel conflict in the summer 2014 as a "50 day war" or any "war."  *E.g., IDF announces major operation in Gaza as rocket fire escalates in south*, The Jerusalem Post, July 7, 2014 ("Barrage of Gaza rockets fired at southern Israel as IDF prepares for escalation; Iron Dome intercepts 12 projectiles; sirens sound in Ashdod, Ashkelon, Beit Shemesh and Rehovot."), Declaration of Lucia Coyoca in support of Opposition to Defendant's Motion for Summary Judgment ("Opp. Coyoca Decl."), Ex. 76, Request for Judicial Notice ("RJN") in support of Opposition to Defendant's Motion for Summary Judgment, Ex. 76; *Gaza's marvels of engineering; Hamas gunmen can live in* |

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | *tunnels for weeks*, The Financial Post, August 9, 2014 (Hamas' tunnels "lead 'from mosque to mosque; mosque to house; house to hospital; kindergarten to house ... Lest there be any doubt about the tunnels' purpose, the IDF found weapons, army uniforms and motorcycles, along with chloroform and handcuffs - a macabre 'kidnapping kit.'"), Opp. Coyoca Decl. Ex. 75, RJN, Ex. 75; *Take Away Their Guns -- Then We'll Talk*, Foreign Policy, August 28, 2014 ("For more than 50 days this summer, Israeli population centers were terrorized by rockets, mortars, cross-border infiltration into Israel by sea, and repeated attempts by Hamas and the other terrorist factions to murder and kidnap Israelis through the use of tunnels."), Opp. Coyoca Decl. Ex. 74; RJN, Ex. 74. *Holiday Inns Inc. v. Aetna Ins. Co.*, 571 F. Supp. 1460, 1464 (S.D.N.Y. 1983) ("In commercial litigation arising out of |

115

1619706.1

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | insurance policies, words and phrases are construed 'for insurance purposes' – a context quite different from those of politics or journalism."). |
| | **Atlantic's Reply:** Atlantic's evidence does support that many people used the word "war" to describe the 2014 conflict, as the many news articles, videos, and quotes from politicians that Atlantic has provided to the Court demonstrate. Atlantic disputes the plaintiffs' argument that there is a "legion" of news articles supporting their position when they cite only three news articles. Plaintiffs' objections addressed in the Reply to Plaintiffs' Objections to Evidence. |
| | **Atlantic's Objections to Plaintiffs' Purported Controverting Evidence:** As to the plaintiffs' experts' evidence, lack of foundation, lack of personal knowledge, [FRE 602] conclusory, [FRCP 56(c)(4)] improper legal conclusion [FRE 702]. Atlantic objects |

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | to the inclusion of case law, for a legal point, in the context of this document, which relates only to the assertion of, disputes over, and controverting of facts, not their legal import. |
| 106.   NBC News titled an article *How technology is intensifying Gaza War between Israel and Hamas*. | Undisputed that the cited document speaks for itself; not as to any conclusion, etc. therefrom.  **Disputed** in the context of this case and policy at issue as irrelevant (Fed. R. Evid. 402), improper lay opinion (Fed. R. Evid. 701), lacks foundation (Fed. R. Evid. 602), hearsay (Fed. R. Evid. 801, 802). ATL00004726-004729 Alastair Jamieson, *How technology is intensifying Gaza War between Israel and Hamas*, NBC News, July 30, 2014, http://www.nbcnews.com/storyline/middle-east-unrest/how-technology-intensifying-gaza-war-between-israel-hamas-n158536. Ex. 46 to Atlantic's Evid., p. 826-29. **Controverting evidence:** Sagalow Decl., Ex. D (Expert Report of |

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | Sagalow), ¶¶ 83-90 (detailing insurance industry custom and practice, *e.g.*, ¶ 89: "even though the same word (e.g., 'war') may have another colloquial meaning, when the insurer is considering coverage pursuant to the terms of an insurance policy, the custom and practice is for the insurer to use the insurance industry meaning of such words used in the policy, not their colloquial meaning or the broad use such words may have in the press or by politicians.") [ECF No. 61-6]. Rebuttal Sagalow Decl., Ex. A (Rebuttal Expert Report of Sagalow), ¶¶ 58-90 (detailing insurance industry custom and practice interpretation of the policies, as opposed to colloquial or "ordinary" meaning of words). Rebuttal Dr. Levitt Decl., Ex. D (Rebuttal Expert Report of Dr. Levitt), ¶ 15 (American or Israeli official authorities do not use the term "war" to refer to the Hamas/Israel conflict in |

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
|  | 2014.  Moreover, the New York Times chronology of the conflict counts it as lasting 29 days, and does not call it a "50 day war."). There is a legion of news reports that do not describe the Hamas/Israel conflict in the summer 2014 as a "50 day war" or any "war."  *E.g., IDF announces major operation in Gaza as rocket fire escalates in south*, The Jerusalem Post, July 7, 2014 ("Barrage of Gaza rockets fired at southern Israel as IDF prepares for escalation; Iron Dome intercepts 12 projectiles; sirens sound in Ashdod, Ashkelon, Beit Shemesh and Rehovot."), Opp. Coyoca Decl., Ex. 76, RJN, Ex. 76; *Gaza's marvels of engineering; Hamas gunmen can live in tunnels for weeks*, The Financial Post, August 9, 2014 (Hamas' tunnels "lead 'from mosque to mosque; mosque to house; house to hospital; kindergarten to house ... Lest there be any doubt about the tunnels' purpose, the IDF found weapons, army |

1619706.1

**ATLANTIC SPECIALTY INSURANCE COMPANY'S REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE**

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | uniforms and motorcycles, along with chloroform and handcuffs - a macabre 'kidnapping kit.'"), Opp. Coyoca Decl. Ex. 75, RJN, Ex. 75; *Take Away Their Guns -- Then We'll Talk*, Foreign Policy, August 28, 2014 ("For more than 50 days this summer, Israeli population centers were terrorized by rockets, mortars, cross-border infiltration into Israel by sea, and repeated attempts by Hamas and the other terrorist factions to murder and kidnap Israelis through the use of tunnels."), Opp. Coyoca Decl. Ex. 74; RJN, Ex. 74. *Holiday Inns*, 571 F. Supp. at 1464 ("In commercial litigation arising out of insurance policies, words and phrases are construed 'for insurance purposes' – a context quite different from those of politics or journalism."). **Atlantic's Reply:** The plaintiffs do not dispute this fact, only its legal import, and this document is not the correct place for that assertion. Atlantic disputes |

1619706.1

120

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | the plaintiffs' argument that there is a "legion" of news articles supporting their position when they cite only three news articles. Plaintiffs' objections addressed in the Reply to Plaintiffs' Objections to Evidence. **Atlantic's Objections to Plaintiffs' Purported Controverting Evidence:** As to the plaintiffs' experts' evidence, lack of foundation, lack of personal knowledge, [FRE 602] conclusory, [FRCP 56(c)(4)] improper legal conclusion [FRE 702].Atlantic objects to the inclusion of case law, for a legal point, in the context of this document, which relates only to the assertion of, disputes over, and controverting of facts, not their legal import. |
| 107.   NBC News titled an article *Israel and Hamas* exchange *missile fire as Gaza War looms*, in which it stated: "Israelis ran for cover late on Tuesday as air-raid sirens sounded in the business | Undisputed that the cited document speaks for itself; not as to any conclusion, etc. therefrom.  **Disputed** in the context of this case and policy at issue as irrelevant (Fed. R. Evid. 402), |

1619706.1

121

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| capital Tel Aviv and the holy city of Jerusalem, both of which were hit in the Gaza war of November 2012." | improper lay opinion (Fed. R. Evid. 701), lacks foundation (Fed. R. Evid. 602), hearsay (Fed. R. Evid. 801, 802). ATL004732 *Israel and Hamas exchange missile fire as Gaza War looms*, NBC News, July 8, 2014, http://www.nbcnews.com/news/world/isr ael-hamas-exchange-missile-fire-gaza- war-looms-n151111  Ex. 47 to Atlantic's Evid., p. 831. ***Controverting evidence***:  *see* evidence cited in response to ¶ 106. **Atlantic's Reply:** The plaintiffs do not dispute this fact, only its legal import, and this document is not the correct place for that assertion. Plaintiffs' objections addressed in the Reply to Plaintiffs' Objections to Evidence. **Atlantic's Objections to Plaintiffs' Purported Controverting Evidence:** As to the plaintiffs' experts' evidence, lack of foundation, lack of personal knowledge, [FRE 602] conclusory, |

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | [FRCP 56(c)(4)] improper legal conclusion [FRE 702]. Atlantic objects to the inclusion of case law, for a legal point, in the context of this document, which relates only to the assertion of, disputes over, and controverting of facts, not their legal import. |
| 108.   NBC News titled an article *Public support for Israel shifting amid Gaza War, Britain warns*. | Undisputed that the cited document speaks for itself; not as to any conclusion, etc. therefrom.  **Disputed** in the context of this case and policy at issue as irrelevant (Fed. R. Evid. 402), improper lay opinion (Fed. R. Evid. 701), lacks foundation (Fed. R. Evid. 602), hearsay (Fed. R. Evid. 801, 802). ATL004736-004738 Cassandra Vinograd, *Public support for Israel shifting amid Gaza War, Britain warns*, NBC News, July 30, 2014, http://www.nbcnews.com/storyline/middle-east-unrest/public-support-israel-shifting-amid-gaza-war-britain-warns-n168366. Ex. 48 to Atlantic's Evid., p. 833-35. |

1619706.1

123

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | *Controverting evidence*:  *see* evidence cited in response to ¶ 106. **Atlantic's Reply:** The plaintiffs do not dispute this fact, only its legal import, and this document is not the correct place for that assertion. Plaintiffs' objections addressed in the Reply to Plaintiffs' Objections to Evidence. **Atlantic's Objections to Plaintiffs' Purported Controverting Evidence:** As to the plaintiffs' experts' evidence, lack of foundation, lack of personal knowledge, [FRE 602] conclusory, [FRCP 56(c)(4)] improper legal conclusion [FRE 702]. Atlantic objects to the inclusion of case law, for a legal point, in the context of this document, which relates only to the assertion of, disputes over, and controverting of facts, not their legal import. |
| 109.    NBC News titled an article *Gaza death toll nears 1,500 as 72-hour truce with Israel begins*, in which it states: | Undisputed that the cited document speaks for itself; not as to any conclusion, etc. therefrom.  **Disputed** in |

1619706.1

124

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| "The death toll now surpasses the about 1,400 Palestinians killed during the Gaza war of 2008-2009." | the context of this case and policy at issue as irrelevant (Fed. R. Evid. 402), improper lay opinion (Fed. R. Evid. 701), lacks foundation (Fed. R. Evid. 602), hearsay (Fed. R. Evid. 801, 802). ATL004741 *Gaza death toll nears 1,500 as 72-hour truce with Israel begins*, NBC News, Aug. 01, 2014, http://www.nbcnews.com/storyline/middle-east-unrest/gaza-death-toll-nears-1-500-72-hour-truce-israel-n170236. Ex. 49 to Atlantic's Evid., p. 837. ***Controverting evidence***:  *see* evidence cited in response to ¶ 106. **Atlantic's Reply:** The plaintiffs do not dispute this fact, only its legal import, and this document is not the correct place for that assertion. Plaintiffs' objections addressed in the Reply to Plaintiffs' Objections to Evidence. **Atlantic's Objections to Plaintiffs'** |

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | **Purported Controverting Evidence:** As to the plaintiffs' experts' evidence, lack of foundation, lack of personal knowledge, [FRE 602] conclusory, [FRCP 56(c)(4)] improper legal conclusion [FRE 702]. Atlantic objects to the inclusion of case law, for a legal point, in the context of this document, which relates only to the assertion of, disputes over, and controverting of facts, not their legal import. |
| 110.   MSNBC titled an article *Scenes of war and heartbreak as Israel-Hamas conflict intensifies*. | Undisputed that the cited document speaks for itself; not as to any conclusion, etc. therefrom.  **Disputed** in the context of this case and policy at issue as irrelevant (Fed. R. Evid. 402), improper lay opinion (Fed. R. Evid. 701), lacks foundation (Fed. R. Evid. 602), hearsay (Fed. R. Evid. 801, 802). ATL004588-004597 Benjamin Landy & Maria Lokke, *Scenes of war and heartbreak as Israel-Hams conflict intensifies*, MSNBC, July 18, 2014, http://www.msnbc.com/msnbc/scenes- |

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | war-and-heartbreak-israel-hamas-conflict-intensifies. Ex. 50 to Atlantic's Evid., p. 839-48. **Controverting evidence**:  *see* evidence cited in response to ¶ 106. **Atlantic's Reply:** The plaintiffs do not dispute this fact, only its legal import, and this document is not the correct place for that assertion. Plaintiffs' objections addressed in the Reply to Plaintiffs' Objections to Evidence. **Atlantic's Objections to Plaintiffs' Purported Controverting Evidence:** As to the plaintiffs' experts' evidence, lack of foundation, lack of personal knowledge, [FRE 602] conclusory, [FRCP 56(c)(4)] improper legal conclusion [FRE 702]. Atlantic objects to the inclusion of case law, for a legal point, in the context of this document, which relates only to the assertion of, disputes over, and controverting of facts, not their legal import. |

1619706.1

127

| | DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|---|
| | 111.   MSNBC titled an article *In Israel and Palestine, children imagine a world without war*. | Undisputed that the cited document speaks for itself; not as to any conclusion, etc. therefrom.  **Disputed** in the context of this case and policy at issue as irrelevant (Fed. R. Evid. 402), improper lay opinion (Fed. R. Evid. 701), lacks foundation (Fed. R. Evid. 602), hearsay (Fed. R. Evid. 801, 802). ATL004598-004602 Donna Stefano, *In Israel and Palestine, children imagine a world without war*, MSNBC, July 06, 2014, http://www.msnbc.com/msnbc/israel-and-palestine-children-imagine-world-without-war. Ex. 51 to Atlantic's Evid., p. 850-54. ***Controverting evidence***:  *see* evidence cited in response to ¶ 106. **Atlantic's Reply:** The plaintiffs do not dispute this fact, only its legal import, and this document is not the correct place for that assertion. Plaintiffs' objections addressed in the Reply to Plaintiffs' Objections to |

1619706.1

128

**ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE**

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | Evidence.<br><br>**Atlantic's Objections to Plaintiffs' Purported Controverting Evidence:** As to the plaintiffs' experts' evidence, lack of foundation, lack of personal knowledge, [FRE 602] conclusory, [FRCP 56(c)(4)] improper legal conclusion [FRE 702]. Atlantic objects to the inclusion of case law, for a legal point, in the context of this document, which relates only to the assertion of, disputes over, and controverting of facts, not their legal import. |
| 112.   MSNBC and NBC News are affiliated with NBCU.  The same security personnel who provided security for *Dig*, including Smith, provided security for the NBC News bureau in Israel. | **Disputed** as to Atlantic's characterization of Mr. Smith's testimony (Mr. Smith testified that in 2014, he provided security support for, among other things, the *Dig* production and that he provided support to the NBC news bureau based in Israel and exchanged information regarding the security situation in Israel at some point), but otherwise undisputed as reflected in |

1619706.1

129

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | the testimony. Smith Depo., at p. 73-75.  Ex. 119 To Atlantic's Evid., p. 1403-04. **Atlantic's Reply:** Mr. Smith stated "I provide security crisis management support to personnel, assets across international." He went on to answer "Yes" to the question: "Does the international security and crisis management group provide security support for the news organizations?" He also stated that those news organizations included NBC News and MSNBC. Smith Depo, at p. 73-74, Ex. 119 to Atlantic's Evid., p. 1403-04. |
| 113.   The Wall Street Journal titled an article *Israel, Hamas set out demands on Gaza*, in which it stated: "Politically, the war offered Hamas a chance to burnish its anti-Israel credentials and bolster its flagging stature among Gazans and Muslims elsewhere in the Arab world…" | Undisputed that the cited document speaks for itself; not as to any conclusion, etc. therefrom.  **Disputed** in the context of this case and policy at issue as irrelevant (Fed. R. Evid. 402), improper lay opinion (Fed. R. Evid. 701), lacks foundation (Fed. R. Evid. 602), hearsay (Fed. R. Evid. 801, 802). ATL005261-005267 Nicholas Casey, |

1619706.1

130

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | Joshua Mitnick & Nicholas Casey, *Israel, Hamas set out demands on Gaza*, The Wall Street Journal, Oct. 23, 2014, https://www.wsj.com/articles/israel-pulls-forces-from-gaza-as-cease-fire-begins-1407231543. Ex. 54 to Atlantic's Evid., p. 860-66. **Controverting evidence:** Sagalow Decl., Ex. D (Expert Report of Sagalow), ¶¶ 83-90 (detailing insurance industry custom and practice, *e.g.*, ¶ 89: "even though the same word (e.g., 'war') may have another colloquial meaning, when the insurer is considering coverage pursuant to the terms of an insurance policy, the custom and practice is for the insurer to use the insurance industry meaning of such words used in the policy, not their colloquial meaning or the broad use such words may have in the press or by politicians.") [ECF No. 61-6]. Rebuttal Sagalow Decl., Ex. A (Rebuttal Expert Report of Sagalow), ¶¶ 58-90 |

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | (detailing insurance industry custom and practice interpretation of the policies, as opposed to colloquial or "ordinary" meaning of words). Rebuttal Dr. Levitt Decl., Ex. D (Rebuttal Expert Report of Dr. Levitt), ¶ 15 (American or Israeli official authorities do not use the term "war" to refer to the Hamas/Israel conflict in 2014.  Moreover, the New York Times chronology of the conflict counts it as lasting 29 days, and does not call it a "50 day war."). There is a legion of news reports that do not describe the Hamas/Israel conflict in the summer 2014 as a "50 day war" or any "war."  *E.g.*, *IDF announces major operation in Gaza as rocket fire escalates in south*, The Jerusalem Post, July 7, 2014 ("Barrage of Gaza rockets fired at southern Israel as IDF prepares for escalation; Iron Dome intercepts 12 projectiles; sirens sound in Ashdod, Ashkelon, Beit Shemesh and Rehovot."), |

1619706.1

132

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | Opp. Coyoca Decl., Ex. 76, RJN, Ex. 76; *Gaza's marvels of engineering; Hamas gunmen can live in tunnels for weeks*, The Financial Post, August 9, 2014 (Hamas' tunnels "lead 'from mosque to mosque; mosque to house; house to hospital; kindergarten to house ... Lest there be any doubt about the tunnels' purpose, the IDF found weapons, army uniforms and motorcycles, along with chloroform and handcuffs - a macabre 'kidnapping kit.'"), Opp. Coyoca Decl. Ex. 75, RJN, Ex. 75; *Take Away Their Guns -- Then We'll Talk*, Foreign Policy, August 28, 2014 ("For more than 50 days this summer, Israeli population centers were terrorized by rockets, mortars, cross-border infiltration into Israel by sea, and repeated attempts by Hamas and the other terrorist factions to murder and kidnap Israelis through the use of tunnels."), Opp. Coyoca Decl. Ex. 74; RJN, Ex. 74. *Holiday Inns*, 571 F. Supp. at 1464 ("In |

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | commercial litigation arising out of insurance policies, words and phrases are construed 'for insurance purposes' – a context quite different from those of politics or journalism."). **Atlantic's Reply:** The plaintiffs do not dispute this fact, only its legal import, and this document is not the correct place for that assertion. Atlantic disputes the plaintiffs' argument that there is a "legion" of news articles supporting their position when they cite only three news articles. Plaintiffs' objections addressed in the Reply to Plaintiffs' Objections to Evidence. **Atlantic's Objections to Plaintiffs' Purported Controverting Evidence:** As to the plaintiffs' experts' evidence, lack of foundation, lack of personal knowledge, [FRE 602] conclusory, [FRCP 56(c)(4)] improper legal conclusion [FRE 702]. Atlantic objects to the inclusion of case law, for a legal |

1619706.1

134

**ATLANTIC SPECIALTY INSURANCE COMPANY'S REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE**

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | point, in the context of this document, which relates only to the assertion of, disputes over, and controverting of facts, not their legal import. |
| 114.   The New York Times titled an article *Israel clears troops in airstrike near school in 2014 Gaza War*, which stated: "The case was one of seven investigations into possible military misconduct during the 50-day war between Israel and Gaza's rocket firing militant groups…" | Undisputed that the cited document speaks for itself; not as to any conclusion, etc. therefrom.  **Disputed** in the context of this case and policy at issue as irrelevant (Fed. R. Evid. 402), improper lay opinion (Fed. R. Evid. 701), lacks foundation (Fed. R. Evid. 602), hearsay (Fed. R. Evid. 801, 802). ATL004603-004605 Isabel Kershner, *Israel clears troops in airstrike near school in 2014 Gaza War*, N.Y. Times, Aug. 24, 2016, https://www.nytimes.com/2016/08/25/world/middleeast/israel-gaza-war.html?_r=0. Ex. 55 to Atlantic's Evid., p. 868-70. ***Controverting evidence***:  *see* evidence cited in response to ¶ 113. **Atlantic's Reply:** The plaintiffs do not dispute this fact, only its legal import, |

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | and this document is not the correct place for that assertion. Atlantic disputes the plaintiffs' argument that there is a "legion" of news articles supporting their position when they cite only three news articles. Plaintiffs' objections addressed in the Reply to Plaintiffs' Objections to Evidence. **Atlantic's Objections to Plaintiffs' Purported Controverting Evidence:** As to the plaintiffs' experts' evidence, lack of foundation, lack of personal knowledge, [FRE 602] conclusory, [FRCP 56(c)(4)] improper legal conclusion [FRE 702].Atlantic objects to the inclusion of case law, for a legal point, in the context of this document, which relates only to the assertion of, disputes over, and controverting of facts, not their legal import. |
| 115.   Time Magazine titled an article *Israel seeks to gain advantage by reversing course in Gaza*, in which the | Undisputed that the cited document speaks for itself; not as to any conclusion, etc. therefrom.  **Disputed** in |

1619706.1

136

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| article stated: "The war continues and there is no victor, but Israel is gradually pulling most of its troops out of the Gaza Strip in a sign that in the course of a weekend, it decided to take a completely different tack in its war with Hamas." | the context of this case and policy at issue as irrelevant (Fed. R. Evid. 402), improper lay opinion (Fed. R. Evid. 701), lacks foundation (Fed. R. Evid. 602), hearsay (Fed. R. Evid. 801, 802). ATL004771-004774 Ilene Prusher, *Israel seeks to gain advantage by reversing course in Gaza*, Time Magazine, Aug. 03, 2014, http://time.com/3076594/israel-gaza-cease-fire-hamas-netanyahu/. Ex. 56 to Atlantic's Evid., p. 872-75. **Controverting evidence**:  *see* evidence cited in response to ¶ 113. **Atlantic's Reply:** The plaintiffs do not dispute this fact, only its legal import, and this document is not the correct place for that assertion. Atlantic disputes the plaintiffs' argument that there is a "legion" of news articles supporting their position when they cite only three news articles. Plaintiffs' objections addressed in the Reply to Plaintiffs' Objections to |

137

1619706.1

**ATLANTIC SPECIALTY INSURANCE COMPANY'S REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE**

| | DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|---|
| | | Evidence. |
| | | **Atlantic's Objections to Plaintiffs' Purported Controverting Evidence:** |
| | | As to the plaintiffs' experts' evidence, lack of foundation, lack of personal knowledge, [FRE 602] conclusory, [FRCP 56(c)(4)] improper legal conclusion [FRE 702]. Atlantic objects to the inclusion of case law, for a legal point, in the context of this document, which relates only to the assertion of, disputes over, and controverting of facts, not their legal import. |
| | 116. The Washington Post titled an article *Here's what really happened in the Gaza war (according to the Israelis)*. | Undisputed that the cited document speaks for itself; not as to any conclusion, etc. therefrom. **Disputed** in the context of this case and policy at issue as irrelevant (Fed. R. Evid. 402), improper lay opinion (Fed. R. Evid. 701), lacks foundation (Fed. R. Evid. 602), hearsay (Fed. R. Evid. 801, 802). ATL004776-004779 William Booth, *Here's what really happened in the Gaza war (according to the Israelis)*, The |

1619706.1

138

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | Washington Post, Sept. 03, 2014, https://www.washingtonpost.com/news/worldviews/wp/2014/09/03/heres-what-really-happened-in-the-gaza-war-according-to-the-israelis/?utm_term=.18ba9ee8a00. Ex. 57 to Atlantic's Evid., p. 877-80. *Controverting evidence*: *see* evidence cited in response to ¶ 113. **Atlantic's Reply:** The plaintiffs do not dispute this fact, only its legal import, and this document is not the correct place for that assertion. Atlantic disputes the plaintiffs' argument that there is a "legion" of news articles supporting their position when they cite only three news articles. Plaintiffs' objections addressed in the Reply to Plaintiffs' Objections to Evidence. **Atlantic's Objections to Plaintiffs' Purported Controverting Evidence:** As to the plaintiffs' experts' evidence, lack of foundation, lack of personal |

1619706.1

139

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | knowledge, [FRE 602] conclusory, [FRCP 56(c)(4)] improper legal conclusion [FRE 702]. Atlantic objects to the inclusion of case law, for a legal point, in the context of this document, which relates only to the assertion of, disputes over, and controverting of facts, not their legal import. |
| 117.   CNN titled an article *Gaza War: The terrifying truth*. | Undisputed that the cited document speaks for itself; not as to any conclusion, etc. therefrom. **Disputed** in the context of this case and policy at issue as irrelevant (Fed. R. Evid. 402), improper lay opinion (Fed. R. Evid. 701), lacks foundation (Fed. R. Evid. 602), hearsay (Fed. R. Evid. 801, 802). ATL004606-004610 Aaron D. Miller, *Gaza war: The terrifying truth*, CNN, Aug. 03, 2014, http://www.cnn.com/2014/08/01/opinion /miller-gaza-hamas-israel-cease-fire- obstacles/. Ex. 58 to Atlantic's Evid., p. 882-86. ***Controverting evidence***: *see* evidence |

1619706.1

140

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
|  | cited in response to ¶ 113. **Atlantic's Reply:** The plaintiffs do not dispute this fact, only its legal import, and this document is not the correct place for that assertion. Plaintiffs' objections addressed in the Reply to Plaintiffs' Objections to Evidence. **Atlantic's Objections to Plaintiffs' Purported Controverting Evidence:** As to the plaintiffs' experts' evidence, lack of foundation, lack of personal knowledge, [FRE 602] conclusory, [FRCP 56(c)(4)] improper legal conclusion [FRE 702]. Atlantic objects to the inclusion of case law, for a legal point, in the context of this document, which relates only to the assertion of, disputes over, and controverting of facts, not their legal import.  Atlantic disputes the plaintiffs' argument that there is a "legion" of news articles supporting their position when they cite only three news articles. |

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| 118.   U.S. News and World Report titled an article *Israel clears forces in several deadly 2014 Gaza war cases*, in which it stated: "The Israeli military on Wednesday cleared its forces of wrongdoing in three deadly incidents that took place during the 2014 Gaza war—including an airstrike that killed 15 members of a single family." | Undisputed that the cited document speaks for itself; not as to any conclusion, etc. therefrom.  **Disputed** in the context of this case and policy at issue as irrelevant (Fed. R. Evid. 402), improper lay opinion (Fed. R. Evid. 701), lacks foundation (Fed. R. Evid. 602), hearsay (Fed. R. Evid. 801, 802). ATL004611-004630 Josef Federman, *Israel clears forces in several deadly 2014 Gaza war cases*, U.S. News and World Report, Associated Press, Aug. 24, 2016, https://www.usnews.com/news/world/articles/2016-08-24/israel-clears-forces-in-several-deadly-2014-gaza-war-cases. Ex. 59 to Atlantic's Evid., p. 888-907. ***Controverting evidence***:  *see* evidence cited in response to ¶ 113. **Atlantic's Reply:** The plaintiffs do not dispute this fact, only its legal import, and this document is not the correct place for that assertion. Atlantic disputes the plaintiffs' argument that there is a |

1619706.1

142

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | "legion" of news articles supporting their position when they cite only three news articles. Plaintiffs' objections addressed in the Reply to Plaintiffs' Objections to Evidence. **Atlantic's Objections to Plaintiffs' Purported Controverting Evidence:** As to the plaintiffs' experts' evidence, lack of foundation, lack of personal knowledge, [FRE 602] conclusory, [FRCP 56(c)(4)] improper legal conclusion [FRE 702]. Atlantic objects to the inclusion of case law, for a legal point, in the context of this document, which relates only to the assertion of, disputes over, and controverting of facts, not their legal import. |
| 119.   The Independent titled an article *Israel-Gaza conflict: 50-day war by numbers*, which stated: "As discussions for a long-term truce between Israel and Hamas continue in Cairo, Gaza is picking up the pieces of a | Undisputed that the cited document speaks for itself; not as to any conclusion, etc. therefrom.  **Disputed** in the context of this case and policy at issue as irrelevant (Fed. R. Evid. 402), improper lay opinion (Fed. R. Evid. |

1619706.1                143
ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| 50-day war that left more than 2,200 people dead." | 701), lacks foundation (Fed. R. Evid. 602), hearsay (Fed. R. Evid. 801, 802). ATL004755-004758 Lizzie Dearden, *Israel-Gaza conflict: 50-day war by numbers*, The Independent, Aug. 27, 2014, http://www.independent.co.uk/news/worl d/middle-east/israel-gaza-conflict-50-day-war-by-numbers-9693310.html. Ex. 60 to Atlantic's Evid., p. 909-12. ***Controverting evidence***:  *see* evidence cited in response to ¶ 113. **Atlantic's Reply:** The plaintiffs do not dispute this fact, only its legal import, and this document is not the correct place for that assertion. Atlantic disputes the plaintiffs' argument that there is a "legion" of news articles supporting their position when they cite only three news articles. Plaintiffs' objections addressed in the Reply to Plaintiffs' Objections to Evidence. **Atlantic's Objections to Plaintiffs'** |

1619706.1

144

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | **Purported Controverting Evidence:** As to the plaintiffs' experts' evidence, lack of foundation, lack of personal knowledge, [FRE 602] conclusory, [FRCP 56(c)(4)] improper legal conclusion [FRE 702]. Atlantic objects to the inclusion of case law, for a legal point, in the context of this document, which relates only to the assertion of, disputes over, and controverting of facts, not their legal import. |
| 120.   The Los Angeles Times titled an article *Israel and Hamas may have committed* war *crimes in Gaza, U.N. report says*, in which it states: "A long-awaited report by a United Nations special investigative panel concluded that both Israel and the Palestinian militant group Hamas may have been guilty of war crimes during last summer's Gaza war." | Undisputed that the cited document speaks for itself; not as to any conclusion, etc. therefrom.  **Disputed** in the context of this case and policy at issue as irrelevant (Fed. R. Evid. 402), improper lay opinion (Fed. R. Evid. 701), lacks foundation (Fed. R. Evid. 602), hearsay (Fed. R. Evid. 801, 802). ATL004631-004634 Batsheva Sobelman, *Israel and Hamas may have committed war crimes in Gaza, U.N. report says*, The Los Angeles Times, June 22, 2015, |

1619706.1

145

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | http://www.latimes.com/world/middleeast/la-fg-un-report-gaza-war-20150622-story.html. Ex. 61 to Atlantic's Evid., p. 914-17. |
| | *Controverting evidence*: *see* evidence cited in response to ¶ 113. |
| | **Atlantic's Reply:** The plaintiffs do not dispute this fact, only its legal import, and this document is not the correct place for that assertion. Atlantic disputes the plaintiffs' argument that there is a "legion" of news articles supporting their position when they cite only three news articles. |
| | Plaintiffs' objections addressed in the Reply to Plaintiffs' Objections to Evidence. |
| | **Atlantic's Objections to Plaintiffs' Purported Controverting Evidence:** As to the plaintiffs' experts' evidence, lack of foundation, lack of personal knowledge, [FRE 602] conclusory, [FRCP 56(c)(4)] improper legal conclusion [FRE 702]. Atlantic objects |

1619706.1

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | to the inclusion of case law, for a legal point, in the context of this document, which relates only to the assertion of, disputes over, and controverting of facts, not their legal import. |
| 121.   BBC News titled an article *Israeli 2014 Gaza war actions lawful, report says*. | Undisputed that the cited document speaks for itself; not as to any conclusion, etc. therefrom.  **Disputed** in the context of this case and policy at issue as irrelevant (Fed. R. Evid. 402), improper lay opinion (Fed. R. Evid. 701), lacks foundation (Fed. R. Evid. 602), hearsay (Fed. R. Evid. 801, 802). ATL004635-004647 *Israeli 2014 Gaza war actions lawful, report says*, BBC News, June 14, 2015, http://www.bbc.com/news/world-middle-east-33128955. Ex. 62 to Atlantic's Evid., p. 919-31. ***Controverting evidence***:  *see* evidence cited in response to ¶ 113. **Atlantic's Reply:** The plaintiffs do not dispute this fact, only its legal import, and this document is not the correct |

1619706.1

147

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | place for that assertion. Atlantic disputes the plaintiffs' argument that there is a "legion" of news articles supporting their position when they cite only three news articles. Plaintiffs' objections addressed in the Reply to Plaintiffs' Objections to Evidence. **Atlantic's Objections to Plaintiffs' Purported Controverting Evidence:** As to the plaintiffs' experts' evidence, lack of foundation, lack of personal knowledge, [FRE 602] conclusory, [FRCP 56(c)(4)] improper legal conclusion [FRE 702]. Atlantic objects to the inclusion of case law, for a legal point, in the context of this document, which relates only to the assertion of, disputes over, and controverting of facts, not their legal import. |
| 122.   The Haaretz News titled an article After *seven weeks of Gaza War, Hamas 1, Israel 0*. | Undisputed that the cited document speaks for itself; not as to any conclusion, etc. therefrom.  **Disputed** in the context of this case and policy at |

1619706.1

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | issue as irrelevant (Fed. R. Evid. 402), improper lay opinion (Fed. R. Evid. 701), lacks foundation (Fed. R. Evid. 602), hearsay (Fed. R. Evid. 801, 802). ATL004648-004651 Amir Oren, *After seven weeks of Gaza War, Hamas 1, Israel 0*, Haaretz News, Aug. 26, 2014, http://www.haaretz.com/israel-news/.premium-1.612437. Ex. 63 to Atlantic's Evid., p. 933-36. ***Controverting evidence***:  *see* evidence cited in response to ¶ 113. **Atlantic's Reply:** The plaintiffs do not dispute this fact, only its legal import, and this document is not the correct place for that assertion. Atlantic disputes the plaintiffs' argument that there is a "legion" of news articles supporting their position when they cite only three news articles. Plaintiffs' objections addressed in the Reply to Plaintiffs' Objections to Evidence. **Atlantic's Objections to Plaintiffs'** |

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | **Purported Controverting Evidence:** As to the plaintiffs' experts' evidence, lack of foundation, lack of personal knowledge, [FRE 602] conclusory, [FRCP 56(c)(4)] improper legal conclusion [FRE 702]. Atlantic objects to the inclusion of case law, for a legal point, in the context of this document, which relates only to the assertion of, disputes over, and controverting of facts, not their legal import. |
| 123.   The Atlantic titled an article *The one place where Israel and Hamas are communicating*, in which it stated: "Even for a war that has played out in the bravado of hashtag campaigns…" | Undisputed that the cited document speaks for itself; not as to any conclusion, etc. therefrom.  **Disputed** in the context of this case and policy at issue as irrelevant (Fed. R. Evid. 402), improper lay opinion (Fed. R. Evid. 701), lacks foundation (Fed. R. Evid. 602), hearsay (Fed. R. Evid. 801, 802). ATL004748-004754 Debra Kamin, *The one place where Israel and Hamas are communicating*, The Atlantic, Aug. 05, 2014, https://www.theatlantic.com/internationa |

1619706.1

150

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| | DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|---|
| | | l/archive/2014/08/the-one-place-where-israel-and-hamas-are-communicating/375589/. Ex. 64 to Atlantic's Evid., p. 938-44. |
| | | ***Controverting evidence***: *see* evidence cited in response to ¶ 113. |
| | | **Atlantic's Reply:** The plaintiffs do not dispute this fact, only its legal import, and this document is not the correct place for that assertion. Atlantic disputes the plaintiffs' argument that there is a "legion" of news articles supporting their position when they cite only three news articles. |
| | | Plaintiffs' objections addressed in the Reply to Plaintiffs' Objections to Evidence. |
| | | **Atlantic's Objections to Plaintiffs' Purported Controverting Evidence:** As to the plaintiffs' experts' evidence, lack of foundation, lack of personal knowledge, [FRE 602] conclusory, [FRCP 56(c)(4)] improper legal conclusion [FRE 702]. Atlantic objects |

**ATLANTIC SPECIALTY INSURANCE COMPANY'S**
**REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL**
**FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE**

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | to the inclusion of case law, for a legal point, in the context of this document, which relates only to the assertion of, disputes over, and controverting of facts, not their legal import. |
| 124.   USA Today titled an article *13,000 families in Gaza still displaced two years* after *war with Israel*, which stated: "Their house was destroyed during the 50-day war with Israel…" | Undisputed that the cited document speaks for itself; not as to any conclusion, etc. therefrom.  **Disputed** in the context of this case and policy at issue as irrelevant (Fed. R. Evid. 402), improper lay opinion (Fed. R. Evid. 701), lacks foundation (Fed. R. Evid. 602), hearsay (Fed. R. Evid. 801, 802). ATL004652-004654 Abeer Ayyoub, *13,000 families in Gaza still displaced two years after war with Israel*, USA Today, Aug. 10, 2016, https://www.usatoday.com/story/news/world/2016/08/10/gaza-city-families-displaced-war-israel/88002220/. Ex. 65 to Atlantic's Evid., p. 946-48. ***Controverting evidence***:  *see* evidence cited in response to ¶ 113. **Atlantic's Reply:** The plaintiffs do not |

1619706.1

152

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | dispute this fact, only its legal import, and this document is not the correct place for that assertion. Atlantic disputes the plaintiffs' argument that there is a "legion" of news articles supporting their position when they cite only three news articles. Plaintiffs' objections addressed in the Reply to Plaintiffs' Objections to Evidence. **Atlantic's Objections to Plaintiffs' Purported Controverting Evidence:** As to the plaintiffs' experts' evidence, lack of foundation, lack of personal knowledge, [FRE 602] conclusory, [FRCP 56(c)(4)] improper legal conclusion [FRE 702]. Atlantic objects to the inclusion of case law, for a legal point, in the context of this document, which relates only to the assertion of, disputes over, and controverting of facts, not their legal import. |
| 125.   The Chicago Tribune titled an article *Children suffer and die in Gaza*. | Undisputed that the cited document speaks for itself; not as to any |

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| *Who Notices?*, in which its states: "Even the lives of "privileged" families—those whose houses weren't damaged or destroyed in the recent war and who have some money to pay inflated prices and middlemen—are affected." | conclusion, etc. therefrom.  **Disputed** in the context of this case and policy at issue as irrelevant (Fed. R. Evid. 402), improper lay opinion (Fed. R. Evid. 701), lacks foundation (Fed. R. Evid. 602), hearsay (Fed. R. Evid. 801, 802). ATL004655-004657 Najla Shawa, *Children suffer and die in Gaza. Who Notices?*, The Chicago Tribune, Jan. 29, 2015, http://www.chicagotribune.com/news/opinion/commentary/ct-deaths-babies-gaza-war-palestinians-perspec-0129-20150128-story.html. Ex. 66 to Atlantic's Evid., p. 950-52. ***Controverting evidence***:  *see* evidence cited in response to ¶ 113. **Atlantic's Reply:** The plaintiffs do not dispute this fact, only its legal import, and this document is not the correct place for that assertion. Atlantic disputes the plaintiffs' argument that there is a "legion" of news articles supporting their position when they cite only three news |

1619706.1

154

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | articles. Plaintiffs' objections addressed in the Reply to Plaintiffs' Objections to Evidence. **Atlantic's Objections to Plaintiffs' Purported Controverting Evidence:** As to the plaintiffs' experts' evidence, lack of foundation, lack of personal knowledge, [FRE 602] conclusory, [FRCP 56(c)(4)] improper legal conclusion [FRE 702]. Atlantic objects to the inclusion of case law, for a legal point, in the context of this document, which relates only to the assertion of, disputes over, and controverting of facts, not their legal import. |
| 126.   The Chicago Sun Times titled an article Decimated *Hamas makes ludicrous claims*, in which it states: "More than 2,100 Palestinians died in the 50-day war against Israel…" | Undisputed that the cited document speaks for itself; not as to any conclusion, etc. therefrom.  **Disputed** in the context of this case and policy at issue as irrelevant (Fed. R. Evid. 402), improper lay opinion (Fed. R. Evid. 701), lacks foundation (Fed. R. Evid. 602), hearsay (Fed. R. Evid. 801, 802). |

1619706.1

155

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | ATL004658 Sarahtr, *Decimated Hamas makes ludicrous claims*, The Chicago Sun Times, Sept. 05, 2014, http://chicago.suntimes.com/politics/decimated-hamas-makes-ludicrous-claims/. Ex. 67 to Atlantic's Evid., p. 954. **Controverting evidence**:  *see* evidence cited in response to ¶ 113. **Atlantic's Reply:** The plaintiffs do not dispute this fact, only its legal import, and this document is not the correct place for that assertion. Atlantic disputes the plaintiffs' argument that there is a "legion" of news articles supporting their position when they cite only three news articles. Plaintiffs' objections addressed in the Reply to Plaintiffs' Objections to Evidence. **Atlantic's Objections to Plaintiffs' Purported Controverting Evidence:** As to the plaintiffs' experts' evidence, lack of foundation, lack of personal knowledge, [FRE 602] conclusory, |

156

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | [FRCP 56(c)(4)] improper legal conclusion [FRE 702]. Atlantic objects to the inclusion of case law, for a legal point, in the context of this document, which relates only to the assertion of, disputes over, and controverting of facts, not their legal import. |
| 127.   The Denver Post titled an article *Israel and Hamas reach an uneasy cease-fire in 50-day Gaza war*, in which it stated:<br>"Hamas declared victory, even though it has little to show for a 50-day war that killed more than 2,100 Palestinians…" | Undisputed that the cited document speaks for itself; not as any conclusion, etc. therefrom.  **Disputed** in the context of this case and policy at issue as irrelevant (Fed. R. Evid. 402), improper lay opinion (Fed. R. Evid. 701), lacks foundation (Fed. R. Evid. 602), hearsay (Fed. R. Evid. 801, 802). ATL004659-004661 The Associated Press, *Israel and Hamas reach an uneasy cease-fire in 50-day Gaza war*, The Denver Post, Aug. 26, 2014, http://www.denverpost.com/2014/08/26/israel-and-hamas-reach-an-uneasy-cease-fire-in-50-day-gaza-war/. Ex. 68 to Atlantic's Evid., p. 956-58. ***Controverting evidence***:  *see* evidence |

1619706.1

157

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | cited in response to ¶ 113. |
| | **Atlantic's Reply:** The plaintiffs do not dispute this fact, only its legal import, and this document is not the correct place for that assertion. Atlantic disputes the plaintiffs' argument that there is a "legion" of news articles supporting their position when they cite only three news articles. |
| | Plaintiffs' objections addressed in the Reply to Plaintiffs' Objections to Evidence. |
| | **Atlantic's Objections to Plaintiffs' Purported Controverting Evidence:** As to the plaintiffs' experts' evidence, lack of foundation, lack of personal knowledge, [FRE 602] conclusory, [FRCP 56(c)(4)] improper legal conclusion [FRE 702]. Atlantic objects to the inclusion of case law, for a legal point, in the context of this document, which relates only to the assertion of, disputes over, and controverting of facts, not their legal import. |

1619706.1

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| 128.   The Dallas Morning News titled an article *Gaza* cease-*fire reached after 50-day war that killed 2,200 and settled little.* | Undisputed that the cited document speaks for itself; not as to any conclusion, etc. therefrom.  **Disputed** in the context of this case and policy at issue as irrelevant (Fed. R. Evid. 402), improper lay opinion (Fed. R. Evid. 701), lacks foundation (Fed. R. Evid. 602), hearsay (Fed. R. Evid. 801, 802). ATL004662-004665 *Gaza cease-fire reached after 50-day war that killed 2,200 and settled little*, Dallas Morning News, Aug. 2014, https://www.dallasnews.com/news/news/2014/08/26/gaza-cease-fire-reached-after-50-day-war-that-killed-2200-and-settled-little. Ex. 69 to Atlantic's Evid., p. 960-63. ***Controverting evidence***:  *see* evidence cited in response to ¶ 113. **Atlantic's Reply:** The plaintiffs do not dispute this fact, only its legal import, and this document is not the correct place for that assertion. Atlantic disputes the plaintiffs' argument that there is a |

1619706.1

159

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | "legion" of news articles supporting their position when they cite only three news articles<br><br>Plaintiffs' objections addressed in the Reply to Plaintiffs' Objections to Evidence.<br><br><br>**Atlantic's Objections to Plaintiffs' Purported Controverting Evidence:**<br>As to the plaintiffs' experts' evidence, lack of foundation, lack of personal knowledge, [FRE 602] conclusory, [FRCP 56(c)(4)] improper legal conclusion [FRE 702]. Atlantic objects to the inclusion of case law, for a legal point, in the context of this document, which relates only to the assertion of, disputes over, and controverting of facts, not their legal import. . |
| 129.   Newsday titled an article *Israeli, Palestinian leaders air differences at United* Nations, in which it stated: "Gaza is controlled by Hamas, a | **Disputed**, in the context of this case and policy at issue, as irrelevant (Fed. R. Evid. 402), improper lay opinion (Fed. R. Evid. 701), lacks foundation (Fed. R. |

1619706.1

160

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| Palestinian political faction that has differed sharply with the wishes of Abbas' administration of the [PA] and has, indeed, launched rockets into Israel, most notably during a 50-day war with Israel in 2014." | Evid. 602), hearsay (Fed. R. Evid. 801, 802). ATL004666-004668 Zachary R. Dowdy, *Israeli, Palestinian leaders air differences at United Nations*, Newsday, Sept. 22, 2016, http://www.newsday.com/news/world/at-un-israeli-and-palestinian-leaders-air-differences-1.12354379. Ex. 70 to Atlantic's Evid., p. 965-67. ***Controverting evidence***: *see* evidence cited in response to ¶¶ 14, 15, 113. **Atlantic's Reply:** The plaintiffs do not dispute this fact, only its legal import, and this document is not the correct place for that assertion. Atlantic incorporates its responses to ¶¶ 14 and 15 herein. Atlantic disputes the plaintiffs' argument that there is a "legion" of news articles supporting their position when they cite only three news articles. Plaintiffs' objections addressed in the Reply to Plaintiffs' Objections to |

1619706.1

161

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | Evidence.<br><br>**Atlantic's Objections to Plaintiffs' Purported Controverting Evidence:**<br>As to the plaintiffs' experts' evidence, lack of foundation, lack of personal knowledge, [FRE 602] conclusory, [FRCP 56(c)(4)] improper legal conclusion [FRE 702]. Atlantic objects to the inclusion of case law, for a legal point, in the context of this document, which relates only to the assertion of, disputes over, and controverting of facts, not their legal import. |
| 130.   The Houston Chronicle titled an article Israeli *house strikes killed mostly civilians*, in which it stated: "They were among at least 844 Palestinians killed as a result of airstrikes on Gaza homes during Israel's summer war with the Islamic militant group, Hamas." | Undisputed that the cited document speaks for itself; not as to any conclusion, etc. therefrom.  **Disputed** in the context of this case and policy at issue as irrelevant (Fed. R. Evid. 402), improper lay opinion (Fed. R. Evid. 701), lacks foundation (Fed. R. Evid. 602), hearsay (Fed. R. Evid. 801, 802). ATL004669-004673 Fares Akram, Mohammed Daraghmeh & Karin Laub, *Israeli house strikes killed mostly* |

1619706.1

162

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | *civilians*, The Houston Chronicle, Feb. 13, 2015, http://www.houstonchronicle.com/news/ nation-world/world/article/Israeli-house-strikes-killed-mostly-civilians-6080436.php. Ex. 71 to Atlantic's Evid., p. 969-73. |
| | ***Controverting evidence***:  *see* evidence cited in response to ¶ 113. |
| | **Atlantic's Reply:** The plaintiffs do not dispute this fact, only its legal import, and this document is not the correct place for that assertion. Atlantic disputes the plaintiffs' argument that there is a "legion" of news articles supporting their position when they cite only three news articles. |
| | Plaintiffs' objections addressed in the Reply to Plaintiffs' Objections to Evidence. |
| | **Atlantic's Objections to Plaintiffs' Purported Controverting Evidence:** As to the plaintiffs' experts' evidence, lack of foundation, lack of personal |

1619706.1

163

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | knowledge, [FRE 602] conclusory, [FRCP 56(c)(4)] improper legal conclusion [FRE 702]. Atlantic objects to the inclusion of case law, for a legal point, in the context of this document, which relates only to the assertion of, disputes over, and controverting of facts, not their legal import. |
| 131.   The Guardian titled an article *Gaza ceasefire: Israel and Palestinians agree to halt weeks of fighting*, in which it stated: "The war in Gaza ended on Tuesday after Israel and the Palestinians agreed to halt fighting indefinitely…" | Undisputed that the cited document speaks for itself; not as to any conclusion, etc. therefrom.  **Disputed** in the context of this case and policy at issue as irrelevant (Fed. R. Evid. 402), improper lay opinion (Fed. R. Evid. 701), lacks foundation (Fed. R. Evid. 602), hearsay (Fed. R. Evid. 801, 802). ATL004674-004677 Hazem Balousha & Harriet Sherwood, *Gaza ceasefire: Israel and Palestinians agree to halt weeks of fighting*, The Guardian, Aug. 27, 2014, https://www.theguardian.com/world/2014/aug/26/gaza-ceasefire-israel-palestinians-halt-fighting. Ex. 72 to Atlantic's Evid., p. 975-78. |

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | *Controverting evidence*:  *see* evidence cited in response to ¶ 113. |
| | **Atlantic's Reply:** The plaintiffs do not dispute this fact, only its legal import, and this document is not the correct place for that assertion. Atlantic disputes the plaintiffs' argument that there is a "legion" of news articles supporting their position when they cite only three news articles. |
| | Plaintiffs' objections addressed in the Reply to Plaintiffs' Objections to Evidence. |
| | **Atlantic's Objections to Plaintiffs' Purported Controverting Evidence:** As to the plaintiffs' experts' evidence, lack of foundation, lack of personal knowledge, [FRE 602] conclusory, [FRCP 56(c)(4)] improper legal conclusion [FRE 702]. Atlantic objects to the inclusion of case law, for a legal point, in the context of this document, which relates only to the assertion of, disputes over, and controverting of facts, |

1619706.1

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | not their legal import. |
| 132. The Times of India titled an article *Israel*-Gaza *conflict: 50-day war by numbers*, in which it stated: "As discussion for a long-term truce between Israel and Hamas continue in Cairo, Gaza is picking up the pieces of a 50-day war that left more than 2,200 people dead." | Undisputed that the cited document speaks for itself; not as to any conclusion, etc. therefrom.  **Disputed** in the context of this case and policy at issue as irrelevant (Fed. R. Evid. 402), improper lay opinion (Fed. R. Evid. 701), lacks foundation (Fed. R. Evid. 602), hearsay (Fed. R. Evid. 801, 802). ATL004763-004769 Lizzie Dearden, *Israel Conflict: 50-day war by numbers*, The Times of India, Aug. 27, 2014, http://timesofindia.indiatimes.com/world/middle-east/Israel-Gaza-conflict-50-day-war-by-numbers/articleshow/41000781.cms.  Ex. 73 to Atlantic's Evid., p. 980-86. ***Controverting evidence***:  *see* evidence cited in response to ¶ 113. **Atlantic's Reply:** The plaintiffs do not dispute this fact, only its legal import, and this document is not the correct place for that assertion. Atlantic disputes the plaintiffs' argument that there is a |

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | "legion" of news articles supporting their position when they cite only three news articles. Plaintiffs' objections addressed in the Reply to Plaintiffs' Objections to Evidence. **Atlantic's Objections to Plaintiffs' Purported Controverting Evidence:** As to the plaintiffs' experts' evidence, lack of foundation, lack of personal knowledge, [FRE 602] conclusory, [FRCP 56(c)(4)] improper legal conclusion [FRE 702]. Atlantic objects to the inclusion of case law, for a legal point, in the context of this document, which relates only to the assertion of, disputes over, and controverting of facts, not their legal import. |
| 133.   The Sydney Morning Herald titled an article *Why Israel lost the war in Gaza*. | Undisputed that the cited document speaks for itself; not as to any conclusion, etc. therefrom.  **Disputed** in the context of this case and policy at issue as irrelevant (Fed. R. Evid. 402), improper lay opinion (Fed. R. Evid. |

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
|  | 701), lacks foundation (Fed. R. Evid. 602), hearsay (Fed. R. Evid. 801, 802). ATL004678-004679 David Rothkopf, *Why Israel lost the war in Gaza*, The Sydney Morning Herald, Aug. 11, 2014, http://www.smh.com.au/comment/why-israel-lost-the-war-in-gaza-20140808-101ruh.html. Ex. 74 to Atlantic's Evid., p. 988-89. ***Controverting evidence***:  *see* evidence cited in response to ¶ 113. **Atlantic's Reply:** The plaintiffs do not dispute this fact, only its legal import, and this document is not the correct place for that assertion. Atlantic disputes the plaintiffs' argument that there is a "legion" of news articles supporting their position when they cite only three news articles. Plaintiffs' objections addressed in the Reply to Plaintiffs' Objections to Evidence. **Atlantic's Objections to Plaintiffs' Purported Controverting Evidence:** |

1619706.1

168

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
|  | As to the plaintiffs' experts' evidence, lack of foundation, lack of personal knowledge, [FRE 602] conclusory, [FRCP 56(c)(4)] improper legal conclusion [FRE 702]. Atlantic objects to the inclusion of case law, for a legal point, in the context of this document, which relates only to the assertion of, disputes over, and controverting of facts, not their legal import. |
| 134.   The China Daily titled an article *In photos: Gaza healing from war after ceasefire*. | Undisputed that the cited document speaks for itself; not as to any conclusion, etc. therefrom.  **Disputed** in the context of this case and policy at issue as irrelevant (Fed. R. Evid. 402), improper lay opinion (Fed. R. Evid. 701), lacks foundation (Fed. R. Evid. 602), hearsay (Fed. R. Evid. 801, 802). ATL004680-004699 In photos: Gaza healing from war after ceasefire, China Daily, Aug. 28, 2014, http://www.chinadaily.com.cn/world/2014-08/28/content_18500736.htm. Ex. 75 to Atlantic's Evid., p. 991-1010. |

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | *Controverting evidence*:  *see* evidence cited in response to ¶ 113. **Atlantic's Reply:** The plaintiffs do not dispute this fact, only its legal import, and this document is not the correct place for that assertion. Atlantic disputes the plaintiffs' argument that there is a "legion" of news articles supporting their position when they cite only three news articles. Plaintiffs' objections addressed in the Reply to Plaintiffs' Objections to Evidence. **Atlantic's Objections to Plaintiffs' Purported Controverting Evidence:** As to the plaintiffs' experts' evidence, lack of foundation, lack of personal knowledge, [FRE 602] conclusory, [FRCP 56(c)(4)] improper legal conclusion [FRE 702]. Atlantic objects to the inclusion of case law, for a legal point, in the context of this document, which relates only to the assertion of, disputes over, and controverting of facts, |

**ATLANTIC SPECIALTY INSURANCE COMPANY'S REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE**

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
|  | not their legal import. |
| 135.   The Daily Mail titled an article *Inside* bombed-*out Gaza: One week on from end of 50-day war and the true scale of devastation is revealed*. | Undisputed that the cited document speaks for itself; not as to any conclusion, etc. therefrom.  **Disputed** in the context of this case and policy at issue as irrelevant (Fed. R. Evid. 402), improper lay opinion (Fed. R. Evid. 701), lacks foundation (Fed. R. Evid. 602), hearsay (Fed. R. Evid. 801, 802). ATL004700-004714 James Rush, *Inside bombed-out Gaza: One week on from end of 50-day war and the true scale of devastation is revealed*, The Daily Mail, Sept. 02 2014, http://www.dailymail.co.uk/news/article-2740643/Inside-bombed-Gaza-One-week-end-50-day-war-true-scale-devastation-revealed.html. Ex. 76 to Atlantic's Evid., p. 1012-26. ***Controverting evidence***:  *see* evidence cited in response to ¶ 113. **Atlantic's Reply:** The plaintiffs do not dispute this fact, only its legal import, and this document is not the correct |

1619706.1

171

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | place for that assertion. Atlantic disputes the plaintiffs' argument that there is a "legion" of news articles supporting their position when they cite only three news articles. Plaintiffs' objections addressed in the Reply to Plaintiffs' Objections to Evidence. **Atlantic's Objections to Plaintiffs' Purported Controverting Evidence:** As to the plaintiffs' experts' evidence, lack of foundation, lack of personal knowledge, [FRE 602] conclusory, [FRCP 56(c)(4)] improper legal conclusion [FRE 702]. Atlantic objects to the inclusion of case law, for a legal point, in the context of this document, which relates only to the assertion of, disputes over, and controverting of facts, not their legal import. |
| 136.   Salon titled an article *74% of Gaza homes destroyed by Israel in summer 2014 war have not been rebuilt, as violent repression escalates*. | Undisputed that the cited document speaks for itself; not as to any conclusion, etc. therefrom.  **Disputed** in the context of this case and policy at |

1619706.1

172

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | issue as irrelevant (Fed. R. Evid. 402), improper lay opinion (Fed. R. Evid. 701), lacks foundation (Fed. R. Evid. 602), hearsay (Fed. R. Evid. 801, 802). ATL004715-004724 Ben Norton, *74% of Gaza homes destroyed by Israel in summer 2014 war have not been rebuilt, as violent repression escalates*, Salon, Feb. 09, 2016, http://www.salon.com/2016/02/09/74_of_gaza_homes_destroyed_by_israel_in_summer_2014_war_have_not_been_rebuilt_as_violent_repression_escalates/. Ex. 77 to Atlantic's Evid., p. 1028-37. ***Controverting evidence***:  *see* evidence cited in response to ¶ 113. **Atlantic's Reply:** The plaintiffs do not dispute this fact, only its legal import, and this document is not the correct place for that assertion. Atlantic disputes the plaintiffs' argument that there is a "legion" of news articles supporting their position when they cite only three news articles. |

1619706.1

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | Plaintiffs' objections addressed in the Reply to Plaintiffs' Objections to Evidence. **Atlantic's Objections to Plaintiffs' Purported Controverting Evidence:** As to the plaintiffs' experts' evidence, lack of foundation, lack of personal knowledge, [FRE 602] conclusory, [FRCP 56(c)(4)] improper legal conclusion [FRE 702]. Atlantic objects to the inclusion of case law, for a legal point, in the context of this document, which relates only to the assertion of, disputes over, and controverting of facts, not their legal import. |
| 137.   CBS News titled an article *Rocket fired* from *Gaza hits southern Israel, military says*, which stated: "Israel fought a 50-day war this summer with Hamas, the Palestinian militant group that controls Gaza." | Undisputed that the cited document speaks for itself; not as to any conclusion, etc. therefrom.  **Disputed** in the context of this case and policy at issue as irrelevant (Fed. R. Evid. 402), improper lay opinion (Fed. R. Evid. 701), lacks foundation (Fed. R. Evid. 602), hearsay (Fed. R. Evid. 801, 802). ATL005256-005259 *Rocket fired from* |

1619706.1

174

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | *Gaza hits southern Israel, military says*, CBS News, Dec. 19, 2014, http://www.cbsnews.com/news/rocket-fired-from-gaza-hits-southern-israel-military-says/. Ex. 78 to Atlantic's Evid., p. 1039-42. |
| | **Controverting evidence**: *see* evidence cited in response to ¶ 113. |
| | **Atlantic's Reply:** The plaintiffs do not dispute this fact, only its legal import, and this document is not the correct place for that assertion. Atlantic disputes the plaintiffs' argument that there is a "legion" of news articles supporting their position when they cite only three news articles. |
| | Plaintiffs' objections addressed in the Reply to Plaintiffs' Objections to Evidence. |
| | **Atlantic's Objections to Plaintiffs' Purported Controverting Evidence:** As to the plaintiffs' experts' evidence, lack of foundation, lack of personal knowledge, [FRE 602] conclusory, |

1619706.1

**ATLANTIC SPECIALTY INSURANCE COMPANY'S REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE**

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
|  | [FRCP 56(c)(4)] improper legal conclusion [FRE 702]. Atlantic objects to the inclusion of case law, for a legal point, in the context of this document, which relates only to the assertion of, disputes over, and controverting of facts, not their legal import. |
| 138.  The Max security reports that NBCU received and relied upon in deciding to leave Israel also note that in Israel, while the 2014 conflict was underway, there were anti-war protests. | **Disputed**, and mischaracterizes evidence.<br><br>Also improper lay opinion (Fed. R. Evid. 701), lacks foundation (Fed. R. Evid. 602), hearsay (Fed. R. Evid. 801, 802), and irrelevant (Fed. R. Evid. 402, 403), particularly to the extent Atlantic relies on sources after Universal made the decision to move the *Dig* production. UCP002496 E-mail from Max Security Intelligence to Stephen Smith, Head of Security, Europe, NBCU (July 26, 2014 09:54 PST). Ex. 80 to Atlantic's Evid., p. 1052.<br><br>***Controverting evidence***:  Mr. Smith testified that he relied on certain Max Security Intelligence reports as one of |

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | the sources that he used to carry out his work for NBCUniversal on Dig (Ex. 119 to Atlantic's Evid., p. 122) and that the "contents of … report[]s is neither written nor controlled by me.  I'm interested in what it's actually telling me about specific events, not their interpretation" (pp. 178-89).  *See also* response to ¶ 34 above. |
| | **Atlantic's Reply:** The plaintiffs' attempt to recharacterize Mr. Smith's testimony fails. Mr. Smith was asked, "Can you confirm for the Court that you did rely upon Max Security Intelligence Reports as one of the sources that you used to carry out your work for NBCUniversal on Dig?" Mr. Smith responded, "Yes." That Mr. Smith may have relied on other sources does not change that he testified he relied on these reports. Plaintiffs' objections addressed in the Reply to Plaintiffs' Objections to Evidence. |
| 139.   An NBCU employee in the | Undisputed that the cited document |

1619706.1

177

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| security department sent an e-mail on July 10, 2014, discussing Hizbullah's "war" with Israel and Syria. | speaks for itself; not as to any conclusion, etc. therefrom.  The referenced document about a conflict in 1996 was largely written by a third party, IHS, and not by an NBCU employee. Further, in the context of this case and policy at issue, irrelevant (Fed. R. Evid. 402), improper lay opinion (Fed. R. Evid. 701), lacks foundation (Fed. R. Evid. 602). UCP002468 E-mail from Chris Biggs, Security & Intelligence Analyst, NBCU International, to Erin Noordeloos, Director of International Security and Crisis Management, NBCU,  and Stephen Smith, Head of Security, Europe, NBCU (July 10, 2014 02:40 PST). Ex. 128 to Atlantic's Evid., p. 1508. **Atlantic's Reply:** The plaintiffs cite no controverting evidence for their contention that the referenced document was "largely written by a third party, IHS." Atlantic therefore cannot |

1619706.1

178

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | controvert it, but objects to the assertion of facts without any supporting evidence. Plaintiffs' objections addressed in the Reply to Plaintiffs' Objections to Evidence. |
| 140.   Hizbullah (also spelled Hezbollah) is designated by the United States Government as a foreign terrorist organization. | Undisputed. |
| 141.   Former Secretary of State John Kerry described the conflicts in Gaza as "war" in three public speeches and in one television appearance. | Undisputed that the cited documents speak for themselves; not as to any conclusion, etc. therefrom. Further, in the context of this case and policy at issue, irrelevant (Fed. R. Evid. 402), improper lay opinion (Fed. R. Evid. 701), lacks foundation (Fed. R. Evid. 602), hearsay (Fed. R. Evid. 801, 802). **Universal's evidence:** Rebuttal Declaration of Ambassador Dennis Ross ("Rebuttal Ross Decl.") Ex. B (Rebuttal Expert Report of Amb. Ross), p. 10 ("Any short hand colloquial references by the Secretary of State to |

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | 'war' does not convert the hostilities into something different than what U.S. foreign policy already has recognized to be terrorism."). |
| | Sagalow Decl., Ex. D (Expert Report of Sagalow), ¶¶ 83-90 (detailing insurance industry custom and practice, *e.g.*, ¶ 89: "even though the same word (e.g., 'war') may have another colloquial meaning, when the insurer is considering coverage pursuant to the terms of an insurance policy, the custom and practice is for the insurer to use the insurance industry meaning of such words used in the policy, not their colloquial meaning or the broad use such words may have in the press or by politicians.") [ECF No. 61-6]. |
| | *Holiday Inns*, 571 F. Supp. at 1464 ("In commercial litigation arising out of insurance policies, words and phrases are construed 'for insurance purposes' – a context quite different from those of politics or journalism."). |

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | **Atlantic's Reply:** The plaintiffs do not dispute this fact, but go on to offer additional evidence in any event, which is improper. Plaintiffs' objections addressed in the Reply to Plaintiffs' Objections to Evidence. **Atlantic's Objections to Plaintiffs' Purported Controverting Evidence:** As to the plaintiffs' experts' evidence, lack of foundation, lack of personal knowledge, [FRE 602] conclusory, [FRCP 56(c)(4)] improper legal conclusion [FRE 702]. . Atlantic objects to the inclusion of case law, for a legal point, in the context of this document, which relates only to the assertion of, disputes over, and controverting of facts, not their legal import. |
| 142.   The Australian Minister of Foreign Affairs, Julie Bishop, stated in 2014: "The actions of *militants* in Gaza, who are firing rockets indiscriminately into Israel, are inexcusable and must be | Undisputed that the cited document speaks for itself; not as to any conclusion, etc. therefrom. Further, in the context of this case and policy at issue, the "militants" reference |

181

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| condemned." (emphasis added). | is irrelevant (Fed. R. Evid. 401, 402, 403). *Weiss v. Arab Bank, PLC*, 2007 U.S. Dist. LEXIS 94029, at *14-20 (E.D.N.Y. Dec. 21, 2007) (Hamas is a terrorist group and cannot constitute a "military force of any origin"). **Atlantic's Reply:** Atlantic objects to the inclusion of case law, for a legal point, in the context of this document, which relates only to the assertion of, disputes over, and controverting of facts, not their legal import. |
| 143.   Hillary Clinton stated in an interview quoted in *The Atlantic* dated August 10, 2014, in response to a question of whether Israel had done enough to prevent the recent deaths of children and other innocent people, that "it's impossible to know what happens in the fog of war." | Undisputed that the cited document speaks for itself; not as to any conclusion, etc. therefrom. Further, in the context of this case and policy at issue, irrelevant (Fed. R. Evid. 402), improper lay opinion (Fed. R. Evid. 701), lacks foundation (Fed. R. Evid. 602), hearsay (Fed. R. Evid. 801, 802). *See also* Universal's evidence in response to ¶ 141 above. **Atlantic's Reply:** The plaintiffs do not |

**ATLANTIC SPECIALTY INSURANCE COMPANY'S**
**REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL**
**FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE**

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | dispute this fact, but go on to offer additional evidence in any event, which is improper. Plaintiffs' objections addressed in the Reply to Plaintiffs' Objections to Evidence. **Atlantic's Objections to Plaintiffs' Purported Controverting Evidence:** As to the plaintiffs' experts' evidence, lack of foundation, lack of personal knowledge, [FRE 602] conclusory, [FRCP 56(c)(4)] improper legal conclusion [FRE 702]. Atlantic objects to the inclusion of case law, for a legal point, in the context of this document, which relates only to the assertion of, disputes over, and controverting of facts, not their legal import. |
| 144.   Minnesota Congressman Keith Ellison was quoted as stating, in regard to the 50-Day War, that "There is no military solution to this conflict. The status quo brings only continued pain, suffering and war." | Undisputed that the cited document speaks for itself; not as to any conclusion, etc. therefrom. Further, in the context of this case and policy at issue, irrelevant (Fed. R. Evid. 402), improper lay opinion (Fed. R. |

1619706.1

183

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
|  | Evid. 701), lacks foundation (Fed. R. Evid. 602), hearsay (Fed. R. Evid. 801, 802). *See also* Universal's evidence in response to ¶ 141 above. **Atlantic's Reply:** The plaintiffs do not dispute this fact, but go on to offer additional evidence in any event, which is improper. Plaintiffs' objections addressed in the Reply to Plaintiffs' Objections to Evidence. **Atlantic's Objections to Plaintiffs' Purported Controverting Evidence:** As to the plaintiffs' experts' evidence, lack of foundation, lack of personal knowledge, [FRE 602] conclusory, [FRCP 56(c)(4)] improper legal conclusion [FRE 702]. Atlantic objects to the inclusion of case law, for a legal point, in the context of this document, which relates only to the assertion of, disputes over, and controverting of facts, not their legal import. |

1619706.1

**ATLANTIC SPECIALTY INSURANCE COMPANY'S**
**REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL**
**FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE**

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| 145.   In discussing July 2014 airstrikes on Gaza by Israel, Nabil Abu Rudeineh, an Israeli Presidential spokesman, called the airstrikes a "declaration of war on Palestinians and the Israeli authority alone will bear the consequences. . . . Palestinians have the right to defend themselves by all legitimate means." | Undisputed that the cited document speaks for itself; not as to any conclusion, etc. therefrom. Further, in the context of this case and policy at issue, irrelevant (Fed. R. Evid. 402), improper lay opinion (Fed. R. Evid. 701), lacks foundation (Fed. R. Evid. 602), hearsay (Fed. R. Evid. 801, 802). *See also* Universal's evidence in response to ¶ 141 above. **Atlantic's Reply:** The plaintiffs do not dispute this fact, but go on to offer additional evidence in any event, which is improper. Plaintiffs' objections addressed in the Reply to Plaintiffs' Objections to Evidence. **Atlantic's Objections to Plaintiffs' Purported Controverting Evidence:** As to the plaintiffs' experts' evidence, lack of foundation, lack of personal knowledge, [FRE 602] conclusory, [FRCP 56(c)(4)] improper legal |

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | conclusion [FRE 702]. Atlantic objects to the inclusion of case law, for a legal point, in the context of this document, which relates only to the assertion of, disputes over, and controverting of facts, not their legal import. |
| 146.   Israeli representative David Yitshak Roet stated, during the 7,222nd Meeting of the United Nations Security Council, on July 22, 2014: "Hamas is determined to wage war." | Undisputed that the cited document speaks for itself; not as to any conclusion, etc. therefrom. Further, in the context of this case and policy at issue, irrelevant (Fed. R. Evid. 402), improper lay opinion (Fed. R. Evid. 701), lacks foundation (Fed. R. Evid. 602), hearsay (Fed. R. Evid. 801, 802). _See also_ Universal's evidence in response to ¶ 141 above. **Atlantic's Reply:** The plaintiffs do not dispute this fact, but go on to offer additional evidence in any event, which is improper. Plaintiffs' objections addressed in the Reply to Plaintiffs' Objections to Evidence. |

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | **Atlantic's Objections to Plaintiffs' Purported Controverting Evidence:** As to the plaintiffs' experts' evidence, lack of foundation, lack of personal knowledge, [FRE 602] conclusory, [FRCP 56(c)(4)] improper legal conclusion [FRE 702]. Atlantic objects to the inclusion of case law, for a legal point, in the context of this document, which relates only to the assertion of, disputes over, and controverting of facts, not their legal import. |
| 147.   Hamas made clear in statements published on the Qassam Brigades' website that its operations against Israel were "part of the response campaign against the occupation assault on the Gaza Strip, and the continued targeting of Palestinian civilians and their installations in the West Bank." | Undisputed that the cited document speaks for itself; not as to Atlantic's characterization or any conclusion, etc. therefrom. |
| 148.   The Qassam Brigades, Hamas's military wing, stated on their website on August 20, 2014, the  purpose of its fighting during the 50-day war: | Undisputed that the cited document speaks for itself; not as to Atlantic's characterization or any conclusion, etc. therefrom. |

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| "The occupiers, and the entire world, should comprehend the truth about what our people are demanding. All we seek is for the occupation to leave us alone and stop controlling our food, the milk of our children and our fuel. However, the occupiers insist on keeping us on a leash, suffocating us or allowing us to breathe when they will and only as much as they will. The occupiers will not be allowed to continue to do so after this day, God-willing." | **Disputed** as to Atlantic's characterization, which is also irrelevant (Fed. R. Evid. 402), improper lay opinion (Fed. R. Evid. 701), lacks foundation (Fed. R. Evid. 602), hearsay (Fed. R. Evid. 801, 802). **Atlantic's Reply:** The plaintiffs do not actually dispute the evidence, only its "characterization." The facts speak for themselves and Atlantic has not "characterized" them. Plaintiffs' objections addressed in the Reply to Plaintiffs' Objections to Evidence. |
| 149.   The Qassam Brigades have stated on their website that one of their goals is to: "Liberate Palestinians and the land usurped by the Zionist occupation forces and settlers." | Undisputed that the cited document speaks for itself; not as to Atlantic's characterization or any conclusion, etc. therefrom. |
| 150.   The Max Security reports the Plaintiffs were receiving recognize "the Hamas Government." | Undisputed that the cited document speaks for itself; not as to Atlantic's characterization or any conclusion, etc. therefrom. Further, the cite document is by a third |

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | party, and in the context of this case and policy at issue, irrelevant (Fed. R. Evid. 402), improper lay opinion (Fed. R. Evid. 701), lacks foundation (Fed. R. Evid. 602), hearsay (Fed. R. Evid. 801, 802). *See also* Universal's evidence in response to ¶ 15 above. **Atlantic's Reply:** The plaintiffs do not dispute this fact, but go on to offer additional evidence in any event, which is improper. Plaintiffs' objections addressed in the Reply to Plaintiffs' Objections to Evidence. **Atlantic's Objections to Plaintiffs' Purported Controverting Evidence:** Atlantic incorporates its reply and objections to ¶ 15 above. |
| 151.   In an *Israel Dig Update* prepared by the plaintiffs' security team, NBCU recognized the "Hamas-governed Gaza Strip." | Undisputed that the cited document speaks for itself; not as to Atlantic's characterization or any conclusion, etc. therefrom. Further, a colloquial description dating to |

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | 2012 in the context of this case and policy at issue, is irrelevant (Fed. R. Evid. 402), improper lay opinion (Fed. R. Evid. 701), lacks foundation (Fed. R. Evid. 602), hearsay (Fed. R. Evid. 801, 802). **Atlantic's Reply:** The plaintiffs do not actually dispute the evidence, only its "characterization." The facts speak for themselves and Atlantic has not "characterized" them. Plaintiffs' objections addressed in the Reply to Plaintiffs' Objections to Evidence. |
| 152.   The United States Congressional Research Service has referred to the Qassam Brigades as Hamas's "militia." | Undisputed that the cited document speaks for itself; not as to any conclusion, etc. therefrom. Further, in the context of this case and policy at issue, irrelevant (Fed. R. Evid. 401, 402, 403).  *Weiss v. Arab Bank, PLC*, 2007 U.S. Dist. LEXIS 94029, at *14-20 (E.D.N.Y. Dec. 21, 2007) (Hamas is a terrorist group and cannot constitute a "military force of any |

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | origin"). Also improper lay opinion (Fed. R. Evid. 701), lacks foundation (Fed. R. Evid. 602), hearsay (Fed. R. Evid. 801, 802).<br><br>**Atlantic's Reply:** The plaintiffs do not actually dispute the evidence, only its "characterization." The facts speak for themselves and Atlantic has not "characterized" them. Atlantic objects to the inclusion of case law, for a legal point, in the context of this document, which relates only to the assertion of, disputes over, and controverting of facts, not their legal import.<br><br>Plaintiffs' objections addressed in the Reply to Plaintiffs' Objections to Evidence. |
| 153. The Plaintiffs' representatives used the word "militants" and "military" to refer to the Hamas forces. | Undisputed that the cited documents speak for themselves; not as to any conclusion, etc. therefrom.<br><br>Further, in the context of this case and policy at issue, irrelevant (Fed. R. Evid. 401, 402, 403). *Weiss v. Arab Bank, PLC*, 2007 U.S. Dist. LEXIS 94029, at |

**ATLANTIC SPECIALTY INSURANCE COMPANY'S REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE**

| DEFENDANT'S UNCONTROVERTED FACT | PLAINTIFFS' "DISPUTED / UNDISPUTED" AND PURPORTED "CONTROVERTING EVIDENCE," AND ATLANTIC'S REPLY/OBJECTIONS |
|---|---|
| | *14-20 (E.D.N.Y. Dec. 21, 2007) (Hamas is a terrorist group and cannot constitute a "military force of any origin").  Also improper lay opinion (Fed. R. Evid. 701), lacks foundation (Fed. R. Evid. 602), hearsay (Fed. R. Evid. 801, 802). **Atlantic's Reply:** The plaintiffs do not actually dispute the evidence, only its "characterization." The facts speak for themselves and Atlantic has not "characterized" them. Atlantic objects to the inclusion of case law, for a legal point, in the context of this document, which relates only to the assertion of, disputes over, and controverting of facts, not their legal import. Plaintiffs' objections addressed in the Reply to Plaintiffs' Objections to Evidence. |

### UNIVERSAL'S ADDITIONAL MATERIAL FACT AND SUPPORTING EVIDENCE

| UNIVERSAL'S ADDITIONAL MATERIAL FACT | EVIDENCE |
|---|---|

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| UNIVERSAL'S ADDITIONAL MATERIAL FACT | EVIDENCE |
|---|---|
| 154.   Atlantic issued its first of five production policies to NBCUniversal Media, LLC ("NBCUniversal") effective as of January 1, 2010. | Undisputed |
| 155.   Aon/Albert G. Ruben Insurance Services, Inc. ("Aon"), NBCUniversal's insurance broker, negotiated the placement of the policy with Atlantic. | Undisputed |
| 156.   Aon provided an initial draft policy form to Atlantic in fall 2009. | Undisputed |
| 157.   The policy draft exchanged between the parties on December 6, 2009, had exclusions for:<br><br>A.   War, including undeclared or civil war; or<br><br>B.   Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or<br><br>C.   Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.<br><br>Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any | **Plaintiffs' Evidence:**<br>Walden Decl., ¶¶ 8, 9, Ex. 1, p. 24.<br>**Objections:** Improper parol or extrinsic evidence, relevance (as the plaintiffs failed to plead mistake) [FRE 401], failure to disclose Mr. Walden in initial disclosures as required by Rule 26(a), failure to disclose Mr. Walden in initial disclosures as required by Rule 26(a). |

1619706.1

193

| UNIVERSAL'S ADDITIONAL MATERIAL FACT | EVIDENCE |
|---|---|
| sequence to the loss.<br><br>D.  Any weapon of war employing atomic fission or radioactive force whether in time of peace or war;<br><br>E.  Nuclear reaction or nuclear radiation or radioactive contamination, all whether controlled or uncontrolled, and whether such loss be direct or indirect, proximate or remote, or be in whole or in part caused by, C[sic] contributed to, or aggravated by the peril or perils insured in this policy. However, subject to the foregoing and all provisions of this policy, direct loss by fire resulting from nuclear reaction or nuclear radiation or radioactive contamination is covered; | |
| 158.   On behalf of NBCUniversal Media LLC ("NBCUniversal"), George Walden of Aon negotiated the policy terms with Atlantic underwriters Martin Ridgers and Wanda Phillips, over the course of several months in late 2009 and early 2010. | Undisputed |
| 159.   Atlantic made revisions and changes to the policy form provided by Aon, as tracked in the several drafts exchanged between the parties in December, 2009. | **Plaintiffs' Evidence:**<br>Walden Decl. ¶ 8, 9, 17-20, Exs. 1-4.<br>Declaration of Lucia Coyoca re: Opposition to Atlantic's Motion for Summary Judgment ("Second Coyoca Decl."), ¶¶  2, 3, Exs. 51, 52. |

1619706.1

**ATLANTIC SPECIALTY INSURANCE COMPANY'S REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE**

| UNIVERSAL'S ADDITIONAL MATERIAL FACT | EVIDENCE |
|---|---|
| | **Objections:** Improper parol or extrinsic evidence, relevance (as the plaintiffs failed to plead mistake) [FRE 401], failure to disclose Mr. Walden in initial disclosures as required by Rule 26(a). |
| 160.   On December 16, 2009 Martin Ridgers sent George Walden an email regarding the drafting of the Policy, stating:<br><br>. . . I have atached [sic] the changes to the document, you should not find anything that significantly changes the coverage as we have discussed.  Please let NBC know we are working very hard to provide a broader form.  Again I have made some formatting changes but not all and I have marked in purple the reference to the conditions that I must restated. [sic] | **Plaintiffs' Evidenc:**<br>Walden Decl. ¶ 17, Ex. 2, p. 79.<br>**Objections:** Improper parol or extrinsic evidence, relevance (as the plaintiffs failed to plead mistake) [FRE 401], failure to disclose Mr. Walden in initial disclosures as required by Rule 26(a). |
| 161.   In the policy draft attached to the above email, showing Mr. Ridger's changes, one of the changes appears in the "War Exclusions" section, below the Aon draft exclusion for loss caused by a "weapon of war."  Underlines in the draft show that the following language was added, and the crossed-out language | **Plaintiffs' Evidence:**<br>Walden Decl. ¶ 17; Ex. 2, pp. 91-92.<br>**Objections:** Improper parol or extrinsic evidence, relevance (as the plaintiffs failed to plead mistake) [FRE 401], failure to disclose Mr. Walden in initial disclosures as required by Rule 26(a). |

**ATLANTIC SPECIALTY INSURANCE COMPANY'S REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE**

| UNIVERSAL'S ADDITIONAL MATERIAL FACT | EVIDENCE |
|---|---|
| from the earlier draft removed:<br><br>  E Any weapon employing atomic fission, atomic fusion or radioactive force; or<br><br> (b) Nuclear reaction or radiation, or radioactive contamination from any other cause.  But if nuclear reaction or radiation, or radioactive contamination results in fire, we will pay for the direct loss or damage caused by that Fire if the fire would be covered under this policy.<br><br>~~E.  Nuclear reaction or nuclear radiation or radioactive contamination, all whether controlled or uncontrolled, and whether such loss be direct or indirect, proximate or remote, or be in whole or in part caused by, C[sic] contributed to, or aggravated by the peril or perils insured in this policy. However, subject to the foregoing and all provisions of this policy, direct loss by fire resulting from nuclear reaction or nuclear radiation or radioactive contamination is covered;~~<br><br>(Formatting anomalies are as they appear in the draft.) | |
| 162.   On December 16, Mr. Ridgers wrote to Mr. Walden regarding the Policy draft:<br><br>  I believe unless there are some major | **Plaintiffs' Evidence:**<br><br>Second Coyoca Decl. ¶ 2, Ex. 52.<br><br>**Objections:** Improper parol or extrinsic evidence, relevance (as the plaintiffs |

1619706.1

| UNIVERSAL'S ADDITIONAL MATERIAL FACT | EVIDENCE |
|---|---|
| problems this will not be changed significantly as we have already reviewed the wording overall.<br><br>The present wording is not properly formatted and we may have to amend some of the punctuation when we move items around and but [sic] there is intended to be no wording changes. | failed to plead mistake) [FRE 401]. |
| 163.   On December 17, 2009, Wanda Phillips of Atlantic sent an email to George Walden of Aon and Martin Ridgers of Atlantic, stating:  "[w]e are in agreement to use the form dated 12-17-2009 Martin's Final Form." | **Plaintiffs' Evidence:**<br>Walden Decl. ¶ 20, Ex. 4, p. 178.<br>**Objections:** Improper parol or extrinsic evidence, relevance (as the plaintiffs failed to plead mistake) [FRE 401], failure to disclose Mr. Walden in initial disclosures as required by Rule 26(a). |
| 164.   In a response to Wanda Phillip's December 17, 2009 email on the same day, Atlantic confirmed that it agreed to bind the Policy based on the language agreed to in "Martin's Final Form." | **Plaintiffs' Evidence:**<br>Walden Decl. ¶ 21, Ex. 4, p. 178.<br>**Objections:** Improper parol or extrinsic evidence, relevance (as the plaintiffs failed to plead mistake) [FRE 401], failure to disclose Mr. Walden in initial disclosures as required by Rule 26(a). |
| 165.   The war exclusions in the document 12-17-2009 Martin's Final Form excluded coverage for loss or | **Plaintiffs' Evidence:**<br>Walden Decl. ¶¶ 18, 19, Ex. 3, p. 125-26, *see also* p. 157. |

1619706.1

197

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| | UNIVERSAL'S ADDITIONAL MATERIAL FACT | EVIDENCE |
|---|---|---|
| | damage caused directly or indirectly by:<br><br>A.   War, including undeclared or civil war; or<br><br>B.   Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or<br><br>C.   Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.<br><br>Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.<br><br>D.   Any weapon of war employing atomic fission or radioactive force, whether in time of peace or war;<br><br>E.   Any weapon of war employing atomic fission or radioactive force; or<br><br>(b) Nuclear reaction or radiation, or radioactive contamination from any other cause.  But if nuclear reaction or radiation, or radioactive contamination results in fire, we will pay for the direct loss or damage caused by that fire if the fire would be covered under this policy.<br><br>(Formatting anomalies in original.) | **Objections:** Improper parol or extrinsic evidence, relevance (as the plaintiffs failed to plead mistake) [FRE 401], failure to disclose Mr. Walden in initial disclosures as required by Rule 26(a). |

198

| UNIVERSAL'S ADDITIONAL MATERIAL FACT | EVIDENCE |
|---|---|
| 166.   None of the terms used in the "war exclusions" above are defined in the Policy. | Undisputed |
| 167.   Aon (on behalf of NBCUniversal) and Atlantic continued after December 17, 2009 to negotiate other policy terms and provisions, but they did not make any other revisions or changes to the War Exclusions. | **Plaintiffs' Evidence:** Walden Decl. ¶ 24. **Objections:** Improper parol or extrinsic evidence, relevance (as the plaintiffs failed to plead mistake) [FRE 401], failure to disclose Mr. Walden in initial disclosures as required by Rule 26(a). |
| 168.   On or about March 26, 2010, Atlantic sent Aon a final, formatted version of the policy. | **Plaintiffs' Evidence:** Walden Decl. ¶ 24, Ex. 5 **Objections:** Improper parol or extrinsic evidence, relevance (as the plaintiffs failed to plead mistake) [FRE 401], failure to disclose Mr. Walden in initial disclosures as required by Rule 26(a). |
| 169.   In that final, formatted version of the policy, the word "employing" in the "weapon of war" section was changed to "including." | **Plaintiffs' Evidence:** Walden Decl. ¶ 24, Ex. 5, p. 199. **Objections:** Improper parol or extrinsic evidence, relevance (as the plaintiffs failed to plead mistake) [FRE 401], failure to disclose Mr. Walden in initial disclosures as required by Rule 26(a). |

| UNIVERSAL'S ADDITIONAL MATERIAL FACT | EVIDENCE |
|---|---|
| 170.   Atlantic *never* disclosed to Aon or NBCUniversal that it had changed the language of the War Exclusions to something different than what was agreed to in December, 2009, and certainly not anything broader. | **Plaintiffs' Evidence:** Walden Decl. ¶¶ 25, 27. **Disputed:** Of course Atlantic "disclosed" the terms of the Policy and the four prior policies to the plaintiffs—it did so by *issuing the policies*, which plaintiffs admit used the word "including" in the fourth war exclusion relating to weapons of war. *See* Plaintiffs' Additional Material Fact 169, 171. **Objections:** Improper parol or extrinsic evidence, relevance (as the plaintiffs failed to plead mistake) [FRE 401], failure to disclose Mr. Walden in initial disclosures as required by Rule 26(a). |
| 171.   The Policy, in its final form, excludes from coverage losses caused by:  1.  War, including undeclared or civil war; or  2.  Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military | Undisputed |

1619706.1

200

| | UNIVERSAL'S ADDITIONAL MATERIAL FACT | EVIDENCE |
|---|---|---|
| | personnel or other agents; or, | |
| | 3.  Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.  Such loss or damage is excluded regardless of any other cause or event contributed concurrently or in any sequence to the loss. | |
| | 4.  Any weapon of war including atomic fission or radioactive force, whether in time of peace or war…. | |
| | None of the words used in the war exclusions are specifically defined in the policy. | |
| | 172.   Insurance Services Office, Inc. (ISO) form number CG 00 02 04 13 and form number CA 00 20 03 10 both have exclusions for:<br><br>**(1)** War, including undeclared or civil war;<br><br>**(2)** Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or<br><br>**(3)** Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or | **Plaintiffs' Evidence:**<br>Second Coyoca Decl., ¶¶ 4, 5, Ex. 53.<br>**Objections:** Improper parol or extrinsic evidence, relevance (as the plaintiffs failed to plead mistake) [FRE 401]. |

| UNIVERSAL'S ADDITIONAL MATERIAL FACT | EVIDENCE |
|---|---|
| defending against any of these. | |
| 173.   ISO form number CA 00 20 03 10 also has a Nuclear Hazard exclusion for:<br><br>(1) The explosion of any weapon employing atomic fission or fusion; or<br><br>(2) Nuclear reaction or radiation, or radioactive contamination, however caused. | **Plaintiffs' Evidence:**<br>2nd Coyoca Decl., ¶ 5, Ex. 54 ((CA 00 20 03 10), p. (11).<br>**Objections:** Improper parol or extrinsic evidence, relevance (as the plaintiffs failed to plead mistake) [FRE 401]. |
| 174.   ISO is an insurance industry organization that collects statistical data, promulgates rating information, and develops standard policy forms that are widely used in the insurance industry. | **Plaintiffs' Evidence:** Rebuttal Expert Witness Report of Ty R. Sagalow, Ex. A to Declaration of Ty R. Sagalow re: Opposition to Atlantic's Motion for Summary Judgment ("Second Sagalow Decl."), p. 25 n.49.<br>**Objections:** Improper parol or extrinsic evidence. |
| 175.   Another Atlantic entertainment production policy, issued to a third party, has an exclusion for:<br><br>(2) (a) War, including undeclared or civil  war;<br><br>   (b) Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign | **Plaintiffs' Evidence:**<br>Second Coyoca Decl., ¶ 6, Ex 55.<br>**Objections:** Improper parol or extrinsic evidence, relevance (as the plaintiffs failed to plead mistake) [FRE 401]. |

1619706.1

**ATLANTIC SPECIALTY INSURANCE COMPANY'S REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE**

| | UNIVERSAL'S ADDITIONAL MATERIAL FACT | EVIDENCE |
|---|---|---|
| | or other authority using military personnel or other agents; or<br><br>(c) Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.<br><br>(3) (a) Any weapon employing atomic fission, atomic fusion or radioactive force; or<br><br>(b) Nuclear reaction or radiation, or radioactive contamination from any other cause. But if nuclear reaction or radiation, or radioactive contamination results in fire, we will pay for the direct loss or damage. | |
| | 176.  Atlantic knows how to draft a terrorism exclusion. | **Plaintiffs' Evidence:**<br>Coyoca Decl. ¶ 20, Ex. 36; RJN p. 5.<br>**Objections:** Improper parol or extrinsic evidence, relevance (as the plaintiffs failed to plead mistake) [FRE 401]. |
| | 177.  Atlantic's claims investigator, Daniel Gutterman, testified that it is hard to define what war is but that "I just know it when I see it." | Undisputed |
| | 178.  Hamas has been designated as a terrorist organization by the U.S. government since 1997. | Undisputed |
| | 179.  U.S. Presidents, including | **Plaintiffs' Evidence:** Coyoca Decl. ¶ 7, |

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| UNIVERSAL'S ADDITIONAL MATERIAL FACT | EVIDENCE |
|---|---|
| President Nixon and President Reagan, have spoken about the country's "War on Drugs." | 8, Ex. 56, 57.<br>**Objections:** Relevance [FRE 401]. |
| 180.   U.S. President Lyndon B. Johnson declared a "War on Poverty" in his 1964 State of the Union Address. | **Plaintiffs' Evidence:**<br>Second Coyoca Decl. ¶ 9, Ex. 58.<br>**Objections:** Relevance [FRE 401]. |
| 181.   Media outlets including Fox News and the New York Times have reported on the "War on Christmas," including reports that then-president-elect Donald Trump had weighed in on the "war." | **Plaintiffs' Evidence:**<br>Second Coyoca Decl., ¶¶ 11-13, Exs. 60, 61, 62.<br>**Objections:** Relevance [FRE 401]. |
| 182.   Interpreters of international humanitarian law, including the states that are parties to the Geneva Convention, may broadly apply the term "armed conflict" and invoke broad application of traditional international law rules of jus ad bellum (the law that governs when a state may go to war) and *jus et bello* (the law regarding the conduct of war, particularly the treatment of civilians and other noncombatants) to terrorist acts in order to ensure that terrorists cannot escape legal responsibility under *international humanitarian law*. | **Plaintiffs' Evidence:**<br>Rebuttal Expert Report of Prof. Harold Hongju Koh, Ex. C to Declaration of Prof. Harold Hongju Koh re: Universal's Opposition to Atlantic's Motion for Summary Judgment ("Second Koh Decl."), ¶ 6.<br>**Objections:** Lack of foundation, lack of personal knowledge, [FRE 602] conclusory [FRCP 56(c)(4)]. |

1619706.1

| UNIVERSAL'S ADDITIONAL MATERIAL FACT | EVIDENCE |
|---|---|
| 183.   Atlantic's denial letter and its subsequent September 19, 2014 response letter cited authorities holding that "war" requires hostilities between sovereign or quasi-sovereigns, and argued that there was a war here because Hamas is a quasi-sovereign. | **Disputed in part.**<br><br>**Plaintiffs' Evidence:** Denial Letter, Garber Decl. ¶18, Ex. 12, p. 88; Gutterman Dep. Ex. 20 ("Response Letter"), pp. 260-61 [attached as Ex. 35 to Coyoca Decl.]; Coyoca Decl. ¶ 19.<br><br>**Atlantic's Response:** Disputed to the extent the plaintiffs mischaracterize the letter and the case law cited therein.<br><br>**Objections:** Incomplete, misleading, misstates the evidence. |
| 184.   The insurance industry did not exclude 9/11 losses based on application of any war exclusions, recognizing that they were terrorist acts. | **Disputed in part.**<br><br>Declaration of Ty R. Sagalow, Ex. D ("Expert Report of Ty R. Sagalow"), ¶ 72 [ECF No. 61-6]; Williams Dep. 101:6-21 [attached as Ex. 43 to Coyoca Decl.]; Second Coyoca Decl. ¶ 14-16, Exs. 63-65.<br><br>**Atlantic's Response:**<br><br>Williams did not state that the insurance industry as a whole did not exclude 9/11 losses based on war exclusions. Williams Dep. 101:6-21 [attached as Ex. 43 to Coyoca Decl.].<br><br>**Objections:** Lack of foundation, lack of personal knowledge [FRE 602], |

**ATLANTIC SPECIALTY INSURANCE COMPANY'S**
**REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL**
**FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE**

| UNIVERSAL'S ADDITIONAL MATERIAL FACT | EVIDENCE |
|---|---|
| | conclusory [FRCP 56(c)(4)], speculation, improper parol or extrinsic evidence, hearsay. |
| 185.   Israeli's military responses to the rockets fired by Hamas took place in Gaza. | Atlantic's SUF Nos. 47, 48, 51; Dr. Matthew Levitt Expert Rebuttal Report, Exhibit D to Declaration of Matthew Levitt re: Opposition to Atlantic's Motion for Summary Judgment ("Second Levitt Decl."), p. 8.; Coyoca Decl. Ex. 29, p. 188. **Objections:** Lack of foundation, lack of personal knowledge [FRE 602], conclusory [FRCP 56(c)(4)]. |
| 186.   *Dig* filming was scheduled to take place in and around Israel, and specifically Jerusalem, when production resumed.  There was no plan to film in Gaza. | Undisputed |
| 187.   Hamas' indiscriminate firings of rockets into Israel lack directional controls to ensure they are hitting military (and not civilian) targets and are not for any military advantage. | **Disputed.** **Plaintiffs' Evidence:** Levitt Decl. Ex. A, pp. 24, 29; Koh Decl. Ex. C, pp. 14-15, 17. **Atlantic's Response:** Levitt's support for this statement (footnote 100 of Levitt's Declaration) is a brief U.N. report that summarizes |

| UNIVERSAL'S ADDITIONAL MATERIAL FACT | EVIDENCE |
|---|---|
| | detailed findings of the U.N. Human Rights Council. The actual detailed report, attached as Ex. 6 to Atlantic's Evidence, states only that the commission "cannot exclude the possibility" that Hamas's intent was to spread terror because many of its rockets did not have targeting capabilities. UNR at p. 29. This is obviously a far cry from stating definitively that this was Hamas's intent. Koh's sole support for this statement is the Levitt's Declaration, and therefore suffers from the same flaw. **Objections:** Lack of foundation, [FRE 602] assumes facts not in evidence, misleading, conclusory [FRCP 56(c)(4)], speculative. The conclusion that Hamas's actions constituted acts of terror and were not for military advantage is also a legal question presented to this court on which the plaintiffs' experts (Levitt and Koh) may not opine. |
| 188.   The 1948 Arab-Israeli war was fought between Israel and a coalition of Arab nations – Egypt, Transjordan (Jordan), Iraq, Syria, and Lebanon. | **Disputed.** **Plaintiffs' Evidence:** Atlantic's SUF No. 3; Levitt Decl. Ex. A, p. 7; Second Coyoca Decl. ¶ 16, Ex. 65 (encyclopedia |

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| UNIVERSAL'S ADDITIONAL MATERIAL FACT | EVIDENCE |
|---|---|
| | brittanica on Arab-Israeli war. **Atlantic's Response:** Egypt, Jordan, Iraq, Syria, and Lebanon did not become involved in the fight until May 1948. *See* https://history.state.gov/milestones/1945-1952/arab/israeli-war , attached as Exhibit 167 to Atlantic's Evidence, p. 1881. The purpose for which Atlantic discusses this particular Arab-Israeli war concerns *April* 1948. *See Hamdi & Ibrahim Mango Co. v. Reliance Ins. Co.*, 291 F.2d 437, 439 (2d Cir. 1961) (Atlantic cites this case to support its position, and plaintiffs fail to notice that the loss at issue in this case was incurred in April 1948, before these countries became involved). |
| 189.  "Insurgency" is defined as "an organized effort by a group of armed rebels to overthrow the civilian government of a State, and to install itself instead as the legitimate successor government of the State." | Second Koh Decl. Ex. C, ¶ 3; Expert Rebuttal Report of Ambassador Dennis Ross, attached as Ex. B to Declaration of Ambassador Dennis Ross re: Universal's Opposition to Atlantic's Motion for Summary Judgment, ¶ 21. **Objections:** As to the plaintiffs' experts' evidence, lack of foundation, lack of |

1619706.1

208

**ATLANTIC SPECIALTY INSURANCE COMPANY'S REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE**

| UNIVERSAL'S ADDITIONAL MATERIAL FACT | EVIDENCE |
|---|---|
| | personal knowledge, [FRE 602] conclusory, [FRCP 56(c)(4)] improper legal conclusion [FRE 702]. |
| 190.   Hamas' founding charter states: "Israel will exist and will continue to exist until Islam will obliterate it, just as it obliterated others before it." | Undisputed |
| 191.   Hamas' rocket attacks in July 2014 were not to unseat the Prime Minister of Israel or take over the Israeli Knesset, but to retaliate for the Israeli allegations that Hamas was responsible for the kidnapping and murder of the three Israeli teens earlier in the summer, and terrorize Israel's civilian population. | **Disputed** <br> **Plaintiffs' Evidence:** <br> Levitt Decl. Ex. A, pp. 23-25. <br> **Atlantic's Response:** <br> The support (footnote 95) for Levitt's statement that the purpose of the rocket attacks was retaliation for the allegation of kidnapping Israeli teenagers is an entire book with no pinpoint cite. Atlantic cannot confirm this allegation. Levitt's support (footnote 100) for the statement regarding the purpose of spreading terror  is a brief U.N. report that summarizes detailed findings of the U.N. Human Rights Council. The actual detailed report, attached as Ex. 6 to Atlantic's Evidence, states only that the commission "cannot exclude the possibility" that Hamas's intent was to |

1619706.1

**209**

| UNIVERSAL'S ADDITIONAL MATERIAL FACT | EVIDENCE |
|---|---|
| | spread terror because many of its rockets did not have targeting capabilities. Ex. 6 to Atlantic's Evidence at p. 238. Moreover, even if the Court takes him at his word as to what one of Hamas's purposes was, he does not rule out others. **Objections:** Lack of foundation, misleading, misstates the evidence, lack of personal knowledge, [FRE 602] conclusory [FRCP 56(c)(4)]. |
| 192.   Atlantic's own senior claims supervisor charged with overseeing the Dig Claim testified that Exclusion 3 did not apply, stating: "the third [exclusion] I don't think is applicable, and so necessarily we wouldn't have included it in the letter." | **Plaintiffs' Evidence:** Gooley Dep. 18:14-15; 151:16-152:2; 217:22-218:3; 220:6-9; 220:14-17 [attached as Ex. 45 to Coyoca Decl.]. **Objections:** Improper parol or extrinsic evidence. |
| 193.   Aon and Atlantic never discussed changing the specific language of the "weapon of war" exclusion from how it was stated in "12-17-2009 Martin's Final Form," specifically, "Any weapon of war employing atomic fission or radioactive force, whether in time of peace or war" and never agreed to broaden its | **Plaintiffs' Evidence:** Walden Decl. ¶ 19 – 23, 25-27, Ex. 3 at Ex. 3, p. 125-26, *see also* p. 157. **Objections:** Improper parol or extrinsic evidence, relevance (as the plaintiffs failed to plead mistake) [FRE 401], failure to disclose Mr. Walden in initial disclosures as required by Rule 26(a). |

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| UNIVERSAL'S ADDITIONAL MATERIAL FACT | EVIDENCE |
|---|---|
| applicability or to change the word "employing" to "including." | |
| 194.   George Walden, who negotiated the Policy on NBCUniversal's behalf, understood that the language of the Policy the parties were agreeing to bind was as set forth in "12-17-2009 Martin's Final Form." | **Plaintiffs' Evidence:** Walden Decl. ¶ 23. **Objections:** Improper parol or extrinsic evidence, relevance (as the plaintiffs failed to plead mistake) [FRE 401], failure to disclose Mr. Walden in initial disclosures as required by Rule 26(a). |
| 195.   No one from Atlantic ever disclosed or indicated to Aon that Atlantic was revising the weapon of war exclusion to change "employing" to "including" or that Atlantic was attempting to broaden the scope of the "weapon of war" exclusion. | **Disputed** Walden Decl. ¶ 25. **Atlantic's Response:** Of course Atlantic "disclosed" the terms of the Policy and the four prior policies to the plaintiffs—it did so by *issuing the policies*, which plaintiffs admit used the word "including" in the fourth war exclusion relating to weapons of war. *See* Plaintiffs' Additional Material Fact 169, 171. **Objections:** Improper parol or extrinsic evidence, relevance (as the plaintiffs failed to plead mistake) [FRE 401], failure to disclose Mr. Walden in initial disclosures as required by Rule 26(a). |

1619706.1

**ATLANTIC SPECIALTY INSURANCE COMPANY'S REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE**

| | UNIVERSAL'S ADDITIONAL MATERIAL FACT | EVIDENCE |
|---|---|---|
| 196. | For an insurer to change language in a policy form after prior language has already been agreed to by the parties, and to intend that change to substantively change the terms of coverage, is an unacceptable practice under industry standards and tantamount to fraud on the insured. | **Plaintiffs' Evidence:** Second Sagalow Decl., Ex. A, ¶ 74-76. **Objections:** As to the plaintiffs' experts' evidence, lack of foundation, lack of personal knowledge, [FRE 602] conclusory, [FRCP 56(c)(4)] improper legal conclusion [FRE 702]. |
| 197. | It is an insurance industry standard that "the meaning and application of insurance provisions at the time of a claim must be consistent with the course of dealings between the insured and the carrier's underwriter who underwrote the particular policy." | **Plaintiffs' Evidence:** Second Sagalow Decl., Ex. A, ¶ 76. **Objections:** As to the plaintiffs' experts' evidence, lack of foundation, lack of personal knowledge, [FRE 602] conclusory, [FRCP 56(c)(4)] improper legal conclusion [FRE 702]. |
| 198. | Immediately following Exclusion 4 in the Policy is another exclusion (number 5) for "Nuclear reaction or radiation, or radioactive contamination from any other cause." | Undisputed |
| 199. | Hamas' indiscriminate firings of rockets that lack directional controls to ensure they are hitting military (and not civilian) targets constitute acts of terrorism and are not for any military advantage. | **Disputed** **Plaintiffs' Evidence:** Levitt Decl. Ex. A, pp. 24, 29; Koh Decl. Ex. C, pp. 14-15, 17. **Atlantic's Response:** Levitt's support for this statement |

| UNIVERSAL'S ADDITIONAL MATERIAL FACT | EVIDENCE |
|---|---|
| | (footnote 100 of Levitt's Declaration) is a brief U.N. report that summarizes detailed findings of the U.N. Human Rights Council. The actual detailed report, attached as Ex. 6 to Atlantic's Evidence, states only that the commission "cannot exclude the possibility" that Hamas's intent was to spread terror because many of its rockets did not have targeting capabilities. UNR at p. 29. This is obviously a far cry from stating definitively that this was Hamas's intent. Koh's sole support for this statement is the Levitt's Declaration, and therefore suffers from the same flaw. **Objections:** Lack of foundation, lack of personal knowledge, [FRE 602] conclusory, [FRCP 56(c)(4)], assumes facts not in evidence, misleading, speculative. The conclusion that Hamas's actions constituted acts of terror and were not for military advantage is also a legal question presented to this court on which the plaintiffs' experts (Levitt and Koh) may not opine. |
| 200.   Teresa Gooley, Atlantic's senior | Gooley Dep. 18:14-15; 151:16-152:2; |

**ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE**

| UNIVERSAL'S ADDITIONAL MATERIAL FACT | EVIDENCE |
|---|---|
| claims supervisor testified that Exclusion 3 did *not* apply. | 217:22-218:3; 220:6-9; 220:14-17 [attached as Ex. 45 to Coyoca Decl.]. **Objections:** Improper parol or extrinsic evidence. |
| 201.   Peter Williams was the President and Chief Underwriting Officer of the Entertainment Division of Atlantic at the time the Motion Picture/Television Producers Portfolio insurance policy was issued.  He was "in charge of approving the terms of the policy to be issued." | Undisputed |
| 202.   Mr. Williams testified that Exclusion 4 did not apply because no weapons employing atomic fission or radioactive force were used. | **Disputed in part.** **Plaintiffs' Evidence:** Williams Dep. 23:2-23; 30:13-21; 252:7-22 [attached as Ex. 43 to Coyoca Decl.]. **Atlantic's Response:** Atlantic does not deny that Mr. Williams made this misstatement. But it is a misstatement made after a full day of testimony when he was so tired he was misreading the exclusion and thought it was the more typical exclusion based on weapons of war. Declaration of Peter Williams, attached as Ex.157  to Atlantic's Evid. at pp. 1725-1727. |
| 203.   Atlantic had not previously | **Disputed in part.** Stipulation re: Joint |

**214**

| UNIVERSAL'S ADDITIONAL MATERIAL FACT | EVIDENCE |
|---|---|
| considered application of a war exclusion in its history, before the *Dig* Claim. | Discovery [attached as Ex. 66 to Second Coyoca Decl]; Deposition of Teresa Gooley ("Gooley Dep.") 38:5-10 [attached as Ex. 67 to Second Coyoca Decl.].<br><br>**Atlantic's Response:**<br>Disputed on grounds that the plaintiffs' summary of the stipulation is incomplete and misleading. Atlantic stipulated to the fact that Atlantic had, after conducting a diligent and reasonable inquiry of current and former employees and a thorough search of all reasonably accessible records, it found no evidence that it considered the application of a war exclusion other than in connection with the *Dig* claim and one other claim. Stipulation re: Joint Discovery [attached as Ex. 66 to Second Coyoca Decl]. |
| 204.   Atlantic took only two days to decide the *Dig* claim. | **Disputed**<br>**Plaintiffs' Evidence:** Gooley Dep. 39:15-17, 40:1-5, 169:5-8, 170:14-25, 184:17-25 [attached as Ex. 67 to Second Coyoca Decl.].<br>**Atlantic's Response:**<br>Atlantic did not deny coverage on July |

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| | UNIVERSAL'S ADDITIONAL MATERIAL FACT | EVIDENCE |
|---|---|---|
| | | 17, 2014. On that date, it conveyed only that it was "seriously considering" whether the war exclusions applied. Denial Letter, Garber Decl. ¶18, Ex. 12. Ms. Gooley's testimony on this point lacks foundation and is simply incorrect, as she herself acknowledged, stating that she could not remember what occurred on this telephone call and *she was not included in it*. Gooley Dep. 169:1-25. When asked whether a decision to deny the claim had been made as of July 18, she stated: "I'm – I – I don't --- I don't know if by that point we had made the decision or not. I simply can't remember." Excerpt of Theresa Gooley Wolf Deposition at 165:6-10, Ex. 159 to Atlantic's Evid., p. 1743.  Ms. Gooley also stated, when asked when the first time Pamela Johnson recommended that the claim should be denied that "[i]t would have been sometime in late July, around the 22nd I think, sometime in that range." Excerpt of Theresa Gooley Wolf Deposition at 162:17-21. Ex. 159 to Atlantic's Evid., p. 1742.  Further |

1619706.1

216

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| UNIVERSAL'S ADDITIONAL MATERIAL FACT | EVIDENCE |
|---|---|
|  | disputed to the extent the plaintiffs cannot offer evidence as to what *everyone* at Atlantic did, when they have not deposed, by their own decision, the claims handler who had primary responsibility for handling this claim: Pamela Johnson. *See* Declaration of Carla C. Crapster in Support of Atlantic Specialty Insurance Company's Reply, Ex. 158 to Atlantic's Evid., at ¶ 23, p. 1732; Universal Cable Productions LLC and Northern Entertainment Productions LLC's Amended Notice of taking Deposition of Pamela Johnson. Ex. 179 to Atlantic's Evid., p. 2004. |
| 205.   Teresa Gooley, the supervising claims examiner for the *Dig* Claim, could not recall any other Atlantic claim where a coverage determination was made in two days – a 'fairly expedited' time frame. | Undisputed |
| 206.   Ms. Gooley testified that while Atlantic always wants to do a thorough investigation, there is always a "balancing of facts and time" and "whether the insured needs an answer | Undisputed |

217

**ATLANTIC SPECIALTY INSURANCE COMPANY'S**
**REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL**
**FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE**

| UNIVERSAL'S ADDITIONAL MATERIAL FACT | EVIDENCE |
|---|---|
| quickly," resulting in "time pressure." | |
| 207.   Ms. Gooley testified that Atlantic "moved as quickly as we could on this particular claim" knowing that the Insured wanted an answer right away, and that "Aon had pushed OneBeacon [Atlantic] very hard to get an answer as soon as possible…" | Undisputed |
| 208.   Atlantic's actual investigation was limited to reviewing information about the situation in Israel on the internet, doing Google searches, and reviewing one legal case. | **Disputed** **Plaintiffs' Evidence:** Second Coyoca Decl. ¶¶ 20-23, Exs. 69-72 ; Gooley Dep. 103:1-22 [attached as Ex. 67 to Coyoca Decl.]; Gutterman Depo. 205:3-207:11 [Ex. 69 to Coyoca Decl.] **Atlantic's Response:** Not one of these sources supports the proposition that Atlantic reviewed only one legal case. Ex. 72 to Coyoca's Second Declaration is a legal case, but the plaintiffs have no support for the proposition that this was the only case reviewed. Atlantic directs the Court to its responses to Interrogatories No. 3, 4, and 5, in which Atlantic sets forth the steps it took to investigate the *Dig* Claim and the documents it reviewed. *See* Atlantic's |

**ATLANTIC SPECIALTY INSURANCE COMPANY'S REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE**

| UNIVERSAL'S ADDITIONAL MATERIAL FACT | EVIDENCE |
|---|---|
| | Third Amended Responses to Plaintiffs' First Set of Interrogatories, Attached as Ex. 163 to Atlantic's Evid. p.1784-98 (redactions included in this document are to conform with an earlier order by Magistrate Judge Wilner (Doc. 96)). Further disputed to the extent the plaintiffs suggest that no one at Atlantic took these steps, when they have not deposed, by their own decision, the claims handler who had primary responsibility for handling this claim: Pamela Johnson. *See* Declaration of Carla C. Crapster in Support of Atlantic Specialty Insurance Company's Reply, Ex. 158 to Atlantic's Evid., at ¶ 23, p. 1732; Universal Cable Productions LLC and Northern Entertainment Productions LLC's Amended Notice of taking Deposition of Pamela Johnson. Ex. 179 to Atlantic's Evid., p. 2004. |
| 209.   In its denial letter, Atlantic stated that terrorism coverage did not apply, quoting an endorsement to the Policy involving the Terrorism Risk Insurance Act of 2002 ("TRIA"), stating that for | **Disputed in part.** **Plaintiffs' Evidence:** Denial Letter, Garber Decl. ¶18, Ex. 12. **Atlantic's Response:** Disputed to the extent the recitation is incomplete and |

219

| UNIVERSAL'S ADDITIONAL MATERIAL FACT | EVIDENCE |
|---|---|
| that coverage to be triggered the terrorist act "must be part of an effort to coerce or influence the United States population or government" and "the U.S. Secretary of the Treasury must certify the event as acts of terrorism," so there was no coverage. | mischaracterizes the letter. Atlantic directs the Court to the entirety of this discussion, on pages 4-5 of the Denial Letter. Denial Letter, Garber Decl. ¶18, Ex. 12. |
| 210.   In fact, there was no terrorism exclusion, and terrorism was covered under the Policy. | **Disputed in part.** **Plaintiffs' Evidence:** Williams Dep. 93:3-6, 94:4-7; 144:21-145:13 [attached as Ex. 43 to Coyoca Decl.]; Gooley Dep. 188:14-190:4; 197:20-198:11 [attached as Ex. 67 to Second Coyoca Decl.]. **Atlantic's Response:** Loss caused by terrorism is covered under the Policy only if it comes within a coverage provision and is not otherwise excluded. And although there is not an exclusion in the policy that specifically mentions terrorism, other exclusions may exclude some acts of terror. Atlantic therefore objects on the ground that the statement is vague and misleading. **Objections:** Vague and misleading. |
| 211.   Atlantic's September 19, 2014 response letter confirming denial of the | **Disputed in part.** **Plaintiffs' Evidence:** Response Letter, |

**ATLANTIC SPECIALTY INSURANCE COMPANY'S REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE**

| UNIVERSAL'S ADDITIONAL MATERIAL FACT | EVIDENCE |
|---|---|
| claim, Atlantic conceded that the TRIA endorsement did not apply and acknowledged that there was no terrorism exclusion in the policy. | Coyoca Decl. ¶ 19, Ex. 35. **Atlantic's Response:** The response letter stated that the TRIA endorsement did not provide the plaintiffs with any coverage, but it says nothing at all about whether the policy contains a terrorism exclusion. |
| 212.   Teresa Gooley testified that the "Terrorism coverage" portion of the denial letter was not correct and should not have been referenced in the denial letter. | **Disputed in part.** **Plaintiffs' Evidence:** Gooley Dep. 188:14-190:4; 197:20-198:11 [attached as Ex. 67 to Second Coyoca Decl.]. **Atlantic's Response:** Undisputed that Ms. Gooley made the statement, but disputed to the extent of the plaintiffs' suggestion that the statement reveals that a misrepresentation was made. The denial letter merely made clear that the TRIA endorsement did not apply, which Ms. Gooley did not dispute. |
| 213.   Atlantic did not reevaluate whether the hostilities in Israel constituted terrorism rather than war, and reevaluate the Claim in light of the fact that the Policy did *not* exclude coverage for acts of terrorism. | **Disputed.** **Plaintiffs' Evidence:** Sagalow Decl. Ex. D, ¶ 128. Gooley Dep. 253:9-256:1 [attached as Ex. 67 to Second Coyoca Decl.]. **Atlantic's Response:** Ms. Gooley's testimony states only that she herself did not review case law for the specific |

**ATLANTIC SPECIALTY INSURANCE COMPANY'S**
**REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL**
**FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE**

| UNIVERSAL'S ADDITIONAL MATERIAL FACT | EVIDENCE |
|---|---|
| | proposition that "a government that is deemed to be a terrorist organization can also have sufficient sovereignty to fall within the war exclusion," and did not ask someone else to research this exact proposition, which is, of course, no evidence at all as to what research actually occurred as Ms. Gooley was not primarily responsible for handling this claim—Ms. Johnson was, whom the plaintiffs have not yet deposed. Excerpt of Theresa Gooley Wolf Deposition at 38:23-40:14, Ex. 159 to Atlantic's Evid., p. 1739-41 (stating that she did not become involved in the details of entertainment claims); 17:1-18:25. Ex. 159 to Atlantic's Evid., p. 1737-38 (noting that Ms. Gooley oversaw a number of different claims-handling groups besides entertainment). Further disputed to the extent the plaintiffs suggest that no one at Atlantic took these steps, when they have not deposed, by their own decision, the claims handler who had primary responsibility for handling this claim: Pamela Johnson. *See* |

1619706.1

222

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| UNIVERSAL'S ADDITIONAL MATERIAL FACT | EVIDENCE |
|---|---|
| | *See* Declaration of Carla C. Crapster in Support of Atlantic Specialty Insurance Company's Reply, Ex. 158 to Atlantic's Evid., at ¶ 23, p. 1732; Universal Cable Productions LLC and Northern Entertainment Productions LLC's Amended Notice of taking Deposition of Pamela Johnson. Ex. 179 to Atlantic's Evid., p. 2004 (plaintiffs declined to depose Pamela Johnson as scheduled and have not deposed her yet). **Objections:** As to Sagalow, lack of foundation, lack of personal knowledge, [FRE 602] conclusory, [FRCP 56(c)(4)] improper legal conclusion [FRE 702]. |
| 214.   Atlantic failed to investigate or take into consideration the longstanding designation by the U.S. government of Hamas' status as a terrorist organization, or evaluate the ramifications of taking a position as to Hamas' status that was not in accord with that of the U.S. government. | **Disputed.** **Plaintiffs' Evidence:** Gutterman Dep. 267:14-268:23 [Attached as Ex. 68 to Second Coyoca Decl.].; Gooley Dep. 142:3-25 [Attached as Ex. 67 to Second Coyoca Decl.]; Sagalow Decl. Ex. D, ¶ 73; Levitt Decl. Ex. A, p. 11; Declaration of Ambassador Dennis Ross ("Ross Decl.") Ex. B (Export Report of Amb. Dennis Ross), ¶¶ 10, 23; Declaration of Harold Koh |

**ATLANTIC SPECIALTY INSURANCE COMPANY'S**
**REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL**
**FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE**

| UNIVERSAL'S ADDITIONAL MATERIAL FACT | EVIDENCE |
|---|---|
| | ("Koh Decl.") Ex. C (Expert Report of Harold Koh), p. 16; Coyoca Decl. ¶¶ 5, 6, Exs. 21, 22; RJN pp.1-2. |
| | **Atlantic's Response:** Atlantic's denial letter specifically referenced the fact that the U.S. considers Hamas a terrorist organization. Denial Letter, Garber Decl. ¶18, Ex. 12 at p. 7 ("Even though many, including Israel and the United States, consider Hamas to be a terrorist group, it is the government of a territory that is involved in the conflict."). Atlantic indisputably knew this fact before it denied coverage. None of the cited evidence relates to whether Atlantic "evaluated the ramifications" of its coverage position. Further disputed to the extent the plaintiffs suggest that no one at Atlantic took these steps, when they have not deposed, by their own decision, the claims handler who had primary responsibility for handling this claim: Pamela Johnson. *See* Declaration of Carla C. Crapster in Support of Atlantic Specialty Insurance Company's |

1619706.1

224

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| UNIVERSAL'S ADDITIONAL MATERIAL FACT | EVIDENCE |
|---|---|
| | Reply at ¶ 23, p. 1732; Universal Cable Productions LLC and Northern Entertainment Productions LLC's Amended Notice of taking Deposition of Pamela Johnson. Ex. 179 to Atlantic's Evid., p. 2004. **Objections:** As to the plaintiffs' experts' evidence, lack of foundation, lack of personal knowledge, [FRE 602] conclusory, [FRCP 56(c)(4)] improper legal conclusion [FRE 702]. |
| 215.   Atlantic did not review whether the attacks by Hamas were terrorism. | **Disputed.** **Plaintiffs' Evidence:** Gooley Dep. 103:1-22 [attached as Ex. 67 to Second Coyoca Decl.]; Gutterman Depo  264:11-17 [attached as Ex. 68 to Coyoca Decl.]. **Atlantic's Response:** The referenced excerpt of Ms. Gooley's deposition has nothing to do with the proffered statement of fact. Mr. Gutterman stated only that he did not look up a definition of terrorism. Further disputed to the extent the plaintiffs suggest that no one at Atlantic took these steps, when they have not deposed the claims handler who had primary responsibility for handling |

1619706.1

225

| UNIVERSAL'S ADDITIONAL MATERIAL FACT | EVIDENCE |
|---|---|
| | this claim: Pamela Johnson. *See* Declaration of Carla C. Crapster in Support of Atlantic Specialty Insurance Company's Reply, Ex. 158 to Atlantic's Evid., at ¶ 23, p. 1732; Universal Cable Productions LLC and Northern Entertainment Productions LLC's Amended Notice of taking Deposition of Pamela Johnson. Ex. 179 to Atlantic's Evid., p. 2004.  Atlantic's denial letter referenced the fact that the U.S. considers Hamas a terrorist organization, and also noted the plaintiffs' position that Hamas was a terrorist organization and not a governmental authority. Denial Letter, Garber Decl. ¶18, Ex. 12 at p. 3, 7. |
| 216.   Atlantic's own General Claim Practices guidelines state a claims examiner must "determine the need for outside vendors to assist in the investigation." | Undisputed |
| 217.   Atlantic determined it did not need an outside vendor to assist in its investigation/claims analysis. | **Disputed.** **Plaintiffs' Evidence:** Gooley Dep. 50:3-17; 171:7-15 [attached as Ex. 67 to Second Coyoca Decl.]; Gutterman Dep. |

1619706.1

| UNIVERSAL'S ADDITIONAL MATERIAL FACT | EVIDENCE |
|---|---|
| | 302:4-21 [attached as Ex. 68 to Second Coyoca Decl.]. |
| | **Atlantic's Response:** Ms. Gooley stated only that Ms. Johnson did not consult with "anyone from the Middle East." Gooley Dep. 50:3-17. Mr. Gutterman stated only that Pamela Johnson had responsibility for determining "whether or not an independent adjuster who had dealt with a war exclusion or a terrorism exclusion should be consulted," and that he did not recall whether she had done so here. Gutterman Dep. 302:4-21. Further disputed to the extent the plaintiffs suggest that no one at Atlantic took these steps, when they have not deposed, by their own decision, the claims handler who had primary responsibility for handling this claim: Pamela Johnson. *See* Declaration of Carla C. Crapster in Support of Atlantic Specialty Insurance Company's Reply, Ex. 158 to Atlantic's Evid., at ¶ 23, p. 1732; Universal Cable Productions LLC and Northern Entertainment Productions LLC's Amended Notice of taking Deposition of |

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| UNIVERSAL'S ADDITIONAL MATERIAL FACT | EVIDENCE |
|---|---|
| | Pamela Johnson. Ex. 179 to Atlantic's Evid., p. 2004. |
| 218.   Atlantic did not consult with any experts on the Middle East region when deciding whether to cover the Claim. | Undisputed |
| 219.   Atlantic's claims department did not have experience with applying the war exclusion to productions in Middle East. | Undisputed |
| 220.   The claims examiners at Atlantic did not ask the underwriter about "standard terms" (e.g. no terrorism exclusion) and various risk management security measures considered when the Policy was underwritten. | **Disputed** **Plaintiffs' Evidence:** Gutterman Depo 298:13-25, 299:1 [attached as Ex. 68 to Second Coyoca Decl.]. Gooley Dep. 61:23-62:20; 275:9-12 [attached as ex. 67 to Second Coyoca Decl.] **Atlantic's Response:** Mr. Gutterman said nothing about whether he discussed "standard terms" or security measures, and spoke only about whether he consulted, Wanda Phillips, who was not the only underwriter involved in the Policy. *See* Peter Williams Deposition 58:19-59:17; 30:6-21, Ex. 162 to Atlantic's Evid., p. 1777, 1775. (making clear that Peter Williams was |

**ATLANTIC SPECIALTY INSURANCE COMPANY'S REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE**

| UNIVERSAL'S ADDITIONAL MATERIAL FACT | EVIDENCE |
|---|---|
| | also involved in the underwriting of the Policy). Further disputed to the extent the plaintiffs suggest that *no* claims examiners at Atlantic took these steps, when they have not deposed, by their own decision, the claims handler who had primary responsibility for handling this claim: Pamela Johnson. *See* Declaration of Carla C. Crapster in Support of Atlantic Specialty Insurance Company's Reply, Ex. 158 to Atlantic's Evid., at ¶ 23, p. 1732; Universal Cable Productions LLC and Northern Entertainment Productions LLC's Amended Notice of taking Deposition of Pamela Johnson. Ex. 179 to Atlantic's Evid., p. 2004. |
| 221.   Atlantic's claims examiner testified that when there is a question about the scope of coverage, "Usually I discuss it with my supervisors, and then discuss it with the underwriters to see what their intent was." | Undisputed |
| 222.   Industry custom and practice is to obtain clarification from the underwriter | **Plaintiffs' Evidence:** Sagalow Decl., Ex. D ¶ 111(m); Second Sagalow Decl., |

1619706.1

| UNIVERSAL'S ADDITIONAL MATERIAL FACT | EVIDENCE |
|---|---|
| when the insurance company is considering denying coverage based on an exclusion limiting coverage. | Ex. A, ¶ 52. **Objections:** Lack of foundation, lack of personal knowledge, [FRE 602] conclusory, [FRCP 56(c)(4)] improper legal conclusion [FRE 702]. |
| 223.   Neither the US Government nor Israel officially characterized the 2014 conflict with Hamas as a war. | **Plaintiffs' Evidence:** Second Levitt Decl., Ex. D, ¶ 15. **Objections:** Lack of foundation, lack of personal knowledge, [FRE 602] conclusory, [FRCP 56(c)(4)]. |

**ATLANTIC SPECIALTY INSURANCE COMPANY'S OTHER REBUTTAL EVIDENCE IN SUPPORT OF ITS REPLY**

| | |
|---|---|
| 224. Official reports by the Congressional Research Service and the U.S. State Department refer to Hamas's control over Gaza and call it Gaza's de facto government. | • U.S. Department of State, Bureau of Democracy, Human Rights and Labor, Country Report on Human Rights Practices for Israel and the Occupied Territories for 2014, 52, 56, 88, 91, 114 (2015), *available at* https://www.state.gov/documents/organization/236814.pdf. Ex. 5 to Atlantic's Evid., p. 141, 145, 177, 180, 203. |

1619706.1

230

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| | |
|---|---|
| | • Jim Zanotti, Cong. Research Serv., RL34074, The Palestinians: Background and U.S. Relations 29, 35 (2015). Ex. 4 to Atlantic's Evid., p. 72, 78. |
| | • Jim Zanotti, Cong. Research Serv., R41514, Hamas: Background and Issue for Congress 17, 18 (2010). Ex. 8 to Atlantic's Evid., p. 420, 421. |
| | • These documents are self-authenticating under Federal Rule of Evidence 902(5). |
| 225. The United Nations recognizes Palestine as a non-member state. Only nine countries voted against the proposed U.N. resolution (which passed) to recognize Palestine as a non-member state. Currently 137 countries bilaterally recognize Palestine as an independent state. | • Jim Zanotti, Cong. Research Serv., RL34074, The Palestinians: Background and U.S. Relations 10-11 (2015) (citing U.N. G.A. Res. 67/19 in which the U.N. recognized Palestine as a non-member state). Ex. 4 to Atlantic's Evid., p. 53-54, p. 60-61 (noting that 138 nations voted in favor of the resolution to recognize Palestine as a non-member state). |
| | • This document is self-authenticating |

1619706.1

231

under Rule 902(5).

- G.A. Res. 67/19, at 2, U.N. Doc. A/RES/67/19 (Nov. 29, 2012). Ex. 7 to Atlantic's Evid., p. 395-98.

- This document is self-authenticating under Rule 902(5).

- Permanent Observer Mission of the State of Palestine to the United Nations New York, Diplomatic Relations, http://palestineun.org/about-palestine/diplomatic-relations/ (noting that currently, 137 nations recognize Palestine as an independent state). Ex. 173 to Atlantic's Evid., p. 1910-12

- This document is self-authenticating under Rule 902(5).

- This fact is the subject of a request for judicial notice.

226. Hamas controls the Gaza Strip's borders.

- Lowenstein Declaration at ¶10. Exhibit 155 to Atlantic's Evid., p. 1721.

- U.S. Dep't of State, Bureau of

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| | |
|---|---|
| | Democracy, Human Rights and Labor, Country Report on Human Rights Practices for 2014, 88 (2015), available at https://www.state.gov/documents/organization/236814.pdf. Exhibit 5 to Atlantic's Evid., p. 177.<br><br>• This document is self-authenticating under Federal Rule of Evidence 902(5). |
| 227. Palestinians, and Hamas in particular, desire to have exclusive rule over the territory currently known as Palestine, have Palestine be a nation recognized by all, and conquer Israel (due to its religious significance) and claim Jerusalem as their capital city. | • The Covenant of the Islamic Resistance Movement (Aug. 18, 1988), available at: http://avalon.law.yale.edu/20th_century/hamas.asp. Ex. 9 to Atlantic's Evid., p. 468.<br>• Jim Zanotti, Cong. Research Serv., RL34074, The Palestinians: Background and U.S. Relations 26 (2015). Ex. 4 to Atlantic's Evid., p. 45, 69, 76.<br>• Islamic Resistance Movement (Hamas), The Document of Principles and Public Policies, available at http://hamas.ps/ar/post/7293/. Ex. |

1619706.1

233

| | |
|---|---|
| | 170 to Atlantic's Evid., p. 1891-92.<br><br>• Jim Zanotti, Cong. Research Serv., R41514, Hamas: Background and Issue for Congress 1-3 (2010) Ex. 8 to Atlantic's Evid., at p. 416-417. |
| 228. The fighting between Israel and Palestinians first began in November 1947 after the "Palestinian Arabs" refused to recognize a U.N. resolution that gave Israel control over religiously significant land. | • U.S. Office of the Historian, The Arab-Israeli War of 1948, available at https://history.state.gov/milestones/1945-1952/arab-israeli-war.  Ex. 167 to Atlantic's Evid., p. 1881.<br>• This document is self-authenticating under Rule 902(5). |
| 229. The initial fighting between Palestinian Arabs and Israel, "sparked conflict between Jewish and Arab groups within Palestine." | • U.S. Office of the Historian, The Arab-Israeli War of 1948, available at https://history.state.gov/milestones/1945-1952/arab-israeli-war.  Ex. 167 to Atlantic's Evid., p. 1881.<br>• This document is self-authenticating under Rule 902(5). |
| 230. "Fighting began with attacks by irregular bands of Palestinian Arabs attached to local units of the Arab Liberation Army composed of volunteers from Palestine and | • U.S. Office of the Historian, The Arab-Israeli War of 1948, available at https://history.state.gov/milestones/1945-1952/arab-israeli-war.  Ex. |

**ATLANTIC SPECIALTY INSURANCE COMPANY'S**
**REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL**
**FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE**

| | |
|---|---|
| neighboring Arab countries." | 167 to Atlantic's Evid., p. 1881.<br>• This document is self-authenticating under Rule 902(5). |
| 231. It was only after Israel declared its independence on May 14, 1948 that fighting intensified and "other Arab forces join[ed] the Palestinian Arabs in attacking territory in the former Palestinian mandate." | • U.S. Office of the Historian, The Arab-Israeli War of 1948, available at https://history.state.gov/milestones/1945-1952/arab-israeli-war.  Ex. 167 to Atlantic's Evid., p. 1881.<br>• This document is self-authenticating under Rule 902(5).<br>• Avi Shlaim, The Middle East: The Origins of Arab-Israeli Wars, Oxford University Press 219-40, 221 (1996), available at http://users.ox.ac.uk/~ssfc0005/The%20Middle%20East%20The%20Origins%20of%20Arab-Israeli%20Wars.html. Ex. 177 to Atlantic's Evid., p. 1984.<br>• Oraneet Orevi, A Holistic Approach to the Conflict of Israel and Palestine: Where we are now and where we can go, 19 Ann. Surv. Int'l & Comp. L. 105, 107 (2013). Ex. 175 to Atlantic's Evid., p. 1920.<br>• Emily Christian, Note & Comment: |

**ATLANTIC SPECIALTY INSURANCE COMPANY'S REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE**

| | Violations of International Criminal Law in the Israeli-Palestinian Conflict: Why the International Criminal Court should not Prosecute in the "Interest of Justice", 29 Temp. Int'l & Comp. L.J. 275, 285 (2015). Ex. 176 to Atlantic's Evid., p. 1961. |
|---|---|
| 232. After Israel declared its independence on May 14, 1948 other nations, including Lebanon, Syria, Iraq, and Egypt became embroiled in the war. | • U.S. Office of the Historian, The Arab-Israeli War of 1948, available at https://history.state.gov/milestones/1945-1952/arab-israeli-war. Ex. 167 to Atlantic's Evid., p. 1881.<br>• This document is self-authenticating under Rule 902(5).<br>• Avi Shlaim, The Middle East: The Origins of Arab-Israeli Wars, Oxford University Press 219-40, 221 (1996), available at http://users.ox.ac.uk/~ssfc0005/The%20Middle%20East%20The%20Origins%20of%20Arab-Israeli%20Wars.html. Ex. 177 to Atlantic's Evid., p. 1984.<br>• Oraneet Orevi, A Holistic Approach to the Conflict of Israel and |

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| | |
|---|---|
| | Palestine: Where we are now and where we can go, 19 Ann. Surv. Int'l & Comp. L. 105, 107-08 (2013). Ex. 175 to Atlantic's Evid., p. 1920.<br>• Emily Christian, Note & Comment: Violations of International Criminal Law in the Israeli-Palestinian Conflict: Why the International Criminal Court should not Prosecute in the "Interest of Justice", 29 Temp. Int'l & Comp. L.J. 275, 285 (2015). Ex. 176 to Atlantic's Evid., p. 1961. |
| 233. TRIA within the Policy, stands for Terrorism Risk Insurance Act, and the Policy included an endorsement that referenced TRIA. | • Atlantic Policy No. MP00163-04 at p.1 of 1. Ex. 44 to Atlantic's Evid., p. 822. |
| 234. In Atlantic's denial letter, it explained that TRIA would not be operative here and would not give NBCU back any coverage because the events of 2014 were not "certified" acts of terrorism. | • Denial Letter at p. 5. Garber Decl. ¶18, Ex. 12, p. 87. |
| 235. NBCU notified Atlantic of its claim on July 15, 2014, and NBCU's | • Deposition of Susan Weiss ("Weiss Depo.", at p. 202-04. Ex. 161 to |

237

| | |
|---|---|
| broker, Aon, conveyed from the beginning that it needed a coverage decision from Atlantic as a matter of urgency. | Atlantic's Evid., p. 1763-65. |
| 236. Atlantic held a call with NBCU on July 17, 2014, during which Atlantic conveyed to the Plaintiffs that it was "seriously considering" whether the war exclusions applied. | • Denial Letter at p. 3. Garber Decl. ¶18, Ex. 12, p. 85. |
| 237. NBCU's broker made clear that the coverage decision was urgent. | • Deposition of Susan Weiss ("Weiss Depo.", at p. 202-04. Ex. 161 to Atlantic's Evid., p. 1763-65. • Gooley Depo 178:22-25, 179:1-2 [attached as Ex. 67 to Second Coyoca Decl.] |
| 238. Atlantic knew when it denied the claim, as evidenced by the fact that it recited it in its denial letter, that the U.S. designates Hamas as a terrorist organization. | • Denial Letter at p. 7. Garber Decl. ¶18, Ex. 12, p. 89. |
| 239. Peter Williams' testimony that Exclusion 4 did not apply because no weapons employing atomic fission or radioactive force were used was a misstatement made after a full day of | • Declaration of Peter Williams. Ex. 157 to Atlantic's Evid., p. 1725-27. |

| | |
|---|---|
| testimony when he was so tired that he was misreading the exclusion and thought it was the more typical exclusion based on weapons of war. | |
| 240. When Theresa Gooley was asked whether a decision to deny the claim had been made as of July 18, she stated: "I'm – I – I don't ---I don't know if by that point we had made the decision or not. I simply can't remember." | • Theresa Gooley deposition at 165:6-10. Ex. 159 to Atlantic's Evid., p. 1743. |
| 241. Theresa Gooley also stated, when asked when the first time Pamela Johnson recommended that the claim should be denied that "[i]t would have been sometime in late July, around the 22nd I think, sometime in that range." | • Theresa Gooley deposition at 162:17-21. Ex. 159 to Atlantic's Evid., p. 1742. |
| 242. Plaintiffs have not deposed Pamela Johnson, although they were scheduled to do so on February 9. | • Declaration of Carla C. Crapster in Support of Atlantic Specialty Insurance Company's Reply, Ex. 158 to Atlantic's Evid. at ¶ 23 at p. 1732.<br>• Universal Cable Productions LLC and Northern Entertainment Productions LLC's Amended |

1619706.1

239

**ATLANTIC SPECIALTY INSURANCE COMPANY'S REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE**

| | |
|---|---|
| | Notice of taking Deposition of Pamela Johnson. Ex. 179 to Atlantic's Evid., p. 2004. |
| 243. Theresa Gooley did not become involved in the details of entertainment claims; she oversaw several different divisions besides entertainment. | • Theresa Gooley Deposition at 38:23-40:14, 17:1-18:25, Ex. 159 to Atlantic's Evid., p. 1739-41, 1737-38. |
| 244. Wanda Phillips was not the only underwriter involved in issuing the Policy. | • Peter Williams deposition 58:19-59:17; 30:6-21. Ex. 162 to Atlantic's Evid., p. 1777, 1775. |
| 245. The United Nations Human Rights Council passed resolution S-21/1, which authorized and dispatched an independent, international commission of inquiry to investigate all violations of international humanitarian law and international human rights law in the Gaza Strip, in the context of the military operations that began in June 2014. | • Ensuring respect for international law in the Occupied Palestinian Territory, including East Jerusalem, G.A. Res. S-21/1, A/HRC/RES/S-21/1 (July 23, 2014). Ex. 165 to Atlantic's Evid., p. 1874. |
| 246. The Congressional Research Service is a legislative branch agency within the Library of Congress, which provides policy and legal analysis to | • Library of Congress, Congressional Research Service Careers, available at https://www.loc.gov/crsinfo/. Ex. 166 to Atlantic's Evid., p. 1879. |

**ATLANTIC SPECIALTY INSURANCE COMPANY'S REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE**

| | |
|---|---|
| committees and members of both the House and Senate. | |
| 247. The United States Congress mandates that the State Department issue Country Reports to provide policymakers with an accurate accounting on human rights conditions in nearly 200 countries and territories worldwide. These reports "are used by the Department of State and other government agencies needs to guide American foreign policy, and by Congress in its determination and allocation of foreign aid and security sector assistance." | • U.S. Department of State, Country Reports on Human Rights Practice for 2016, Secretary's Preface, available at https://www.state.gov/j/drl/rls/hrrpt/humanrightsreport. Ex. 164 to Atlantic's Evid., p. 1872.<br>• U.S. Department of State, Country Reports on Human Rights Practice for 2014, Secretary's Preface, available at https://www.state.gov/j/drl/rls/hrrpt/2014humanrightsreport/index.htm#wrapper. Ex. 174 to Atlantic's Evid., p. 1914. |
| 248. Max Security Intelligence provides intelligence and risk analysis to assess, prepare for, and mitigate threats before they become a problem. | • Max-security.com, Geopolitical Intelligence and Risk Analysis, available at https://www.max-security.com/geopolitical-intelligence/. Ex. 168 to Atlantic's Evid., p. 1884.<br>• Max-security.com, Tactical Intelligence Reports, available at https://www.max- |

ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE

| | |
|---|---|
| | security.com/tactical-intelligence/. Ex. 169 to Atlantic's Evid., p. 1886-88. |
| 249. Hamas views present-day Israel as its "homeland," and seeks to recover it through the destruction of Israel. | • *See generally* The Covenant of the Islamic Resistance Movement (Aug. 18, 1988), available at: http://avalon.law.yale.edu/20th_century/hamas.asp. Ex. 9 to Atlantic's Evid. |
| 250. It was Mr. Smith's job to provide security advice to NBCUniveral, which includes the plaintiffs. | • Smith Depo., at p. 40:16-41:18.  Ex. 119 to Atlantic's Evid., p. 1397 |
| 251. Chris Biggs was an analyst who worked for Stephen Smith at NBCUniversal. It was his job to look at various sources of information and highlight for Mr. Smith any information relevant to the security situation he was analyzing, including the *Dig* security situation. | • Smith Depo. At p. 140-142, Ex. 160 to Atlantic's Evid., p. 1753-55. |
| 252. The United Nations Office for the Coordination of Humanitarian Affairs (OCHA) is part of the U.N. Secretariat mandated for bringing together humanitarian actors to ensure a coherent response to emergencies, | • United Nations Office for the Coordination of Humanitarian Affairs, Our Work, available at http://www.unocha.org/our-work. Ex. 172 to Atlantic's Evid. p. 1905-07. |

242

| | |
|---|---|
| policy development, and humanitarian advocacy. OCHA offices collect and analyze information to provide an overview of protracted and acute emergencies. OCHA is responsible for consolidating and publishing information across the spectrum of humanitarian responses. | • This document is self-authenticating under Rule 902(5). |
| 253. Before the Plaintiffs decided to move the *Dig* production, the death toll in Gaza on July 16, 2014 was 212 and more than 1,280 Gazans were wounded since the beginning of Operation Protective Edge on July 8, 2014. | • UCP002332 E-mail from Max Security Intelligence to Stephen Smith, Head of Security, Europe, NBCUniversal (July 16, 2014 24:53 PST). 26 to Atlantic's Evid., p. 655-59.<br>• Press Release, Security Council, Gaza Crisis Resulted from Collective Failure to Achieve Political Solution to Israeli-Palestinian Conflict, Security Council Told, U.N. Press Release SC/11482 (July 18, 2014). Ex. 171 to Atlantic's Evid., p. 1899. |

**ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE**

| 254. Plaintiffs failed to disclose George Walden in their Rule 26(a) initial disclosures. | • Universal Cable Productions LLC and Northern Entertainment Productions LLC's Initial Disclosures. Ex. 178 to Atlantic's Evid., p. 1997-99. |
|---|---|

DATED: May 08, 2017

Respectfully submitted,

MARC J. SHRAKE
ANDERSON, McPHARLIN & CONNERS LLP

-and-

MICHAEL KEELEY *(Pro Hac Vice)*
TONI SCOTT REED *(Pro Hac Vice)*
CARLA C. CRAPSTER *(Pro Hac Vice)*
STRASBURGER & PRICE, LLP

By:   */s/ Michael Keeley*
Michael Keeley
Attorneys for Defendant ATLANTIC
SPECIALTY INSURANCE COMPANY

**ATLANTIC SPECIALTY INSURANCE COMPANY'S
REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES AND ADDITIONAL MATERIAL
FACTS, AND ATLANTIC SPECIALTY'S OTHER REBUTTAL EVIDENCE**