1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**MARC J. SHRAKE (Bar No. 219331)**
  mjs@amclaw.com
**ANDERSON, McPHARLIN & CONNERS LLP**
**707 Wilshire Boulevard, Suite 4000**
**Los Angeles, California  90017-3623**
Telephone: (213) 688-0080 ♦ Facsimile: (213) 622-7594

**MICHAEL KEELEY (*Pro Hac Vice*)**
  michael.keeley@strasburger.com
**TONI SCOTT REED (*Pro Hac Vice*)**
  toni.reed@strasburger.com
**CARLA C. CRAPSTER (*Pro Hac Vice*)**
  carla.crapster@strasburger.com
**STRASBURGER & PRICE, LLP**
**901 Main Street, Suite 6000**
**Dallas, Texas 75202**
Telephone:  (214) 651-4300 ♦ Facsimile: (214) 651-4330

**Attorneys for Defendant ATLANTIC SPECIALTY INSURANCE COMPANY**

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA  90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

UNIVERSAL CABLE PRODUCTIONS, LLC, a Delaware limited liability company, and NORTHERN ENTERTAINMENT PRODUCTIONS LLC, a Delaware limited liability company,

          Plaintiffs,

     vs.

ATLANTIC SPECIALTY INSURANCE COMPANY, a New York insurance company,

          Defendant.

Case No. 2:16-cv-04435-PA-MRW

**DEFENDANT ATLANTIC SPECIALTY INSURANCE COMPANY'S OBJECTIONS TO PLAINTIFFS' EVIDENCE [DOC. 81] SUBMITTED IN OPPOSITION TO ATLANTIC'S MOTION**

[*Filed concurrently with Reply in Support of Summary Judgment or, Alternatively, Partial Summary Judgment; Declaration of Carla C. Crapster; Reply to Plaintiffs' Statement of Genuine Issues and Additional Material Facts, and Atlantic's Other Rebuttal Evidence; Reply to Plaintiffs' Objections to Atlantic's Evidence; Request for Judicial Notice; and*

1619623.1 05608-054

*Volume of Evidence*]

Date:  May 22, 2017
Time:  1:30 p.m.
Place:  Courtroom 9A
Judge:  Honorable Percy Anderson
Discovery Cutoff:  June 2, 2017
Pretrial Conference:  June 16, 2017
Trial:  July 25, 2017

Atlantic Specialty Insurance Company submits, pursuant to Paragraph 5(b) of the Court's Scheduling Order (Doc. 28), the following Objections to the evidence cited in and submitted in connection with Plaintiffs' Statement of Genuine Issues and Additional Material Facts (Doc. 81) ("Plaintiffs' SGI").

Plaintiffs have cited and attempted to add evidence not only in the "Additional Material Fact and Supporting Evidence" section of Plaintiffs' SGI, but also in the first section as purported controverting evidence.

The following objections are both to evidence cited as controverting evidence and to evidence cited as additional facts in Doc. 81.

## ATLANTIC'S OBJECTIONS TO
## PLAINTIFFS' PURPORTED CONTROVERTING EVIDENCE

**General Objection:** The plaintiffs submitted the entire reports of their expert witnesses but rely on them for only a few narrow points, the vast majority of which are objectionable, as set forth below. The inclusion of the entire reports is merely an effort to put before the Court additional advocacy pieces prepared for the plaintiffs, which by their very nature are opinions and therefore not proper summary judgment evidence. Atlantic therefore objects to the filing of the entire expert reports.

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

**Separate Statement Paragraph 9**: Objection to the supporting statements from the Expert Report of Dennis Ross (Ex. B to Declaration of Dennis Ross), the Expert Report of Harold Koh (Ex. C. to Declaration of Harold Koh) and the Expert Report of Matthew Levitt (Ex. A. to Declaration of Matthew Levitt) on the grounds that the plaintiffs' designated experts, Ross, Koh and Levitt, lack personal knowledge necessary to make this assertion. They also fail to offer any foundation for this assertion. It is a conclusion without any facts offered to support that conclusion, and is thus improperly conclusory. Ross, Koh and Levitt's statements are also legal conclusions, which are not proper summary judgment evidence.

Fed. R. Evid. 602, Fed. R. Civ. P. 56(c); *Guidroz-Brault v. Mo. Pac. R.R.Co.*, 254 F.3d 825, 830-31 (9th Cir. 2001) (Expert affidavit excluded where the expert's opinion was based on a factual assumption that was not sufficiently founded on facts). (*Cleveland v. Groceryworks.com, LLC*, 200 F. Supp. 3d 924, 940 (N.D. Cal. 2016) (where there is insufficient factual matter to support an inference grounded in observation or first-hand personal experience, the affidavit in its entirety, or portions not reflecting the affiant's personal knowledge, will be stricken if challenged); *Bradlow v. Castano Group*, No. C06-05344-MJJ, 2008 U.S. Dist. LEXIS 119924, at *43 (N.D. Cal. Apr. 3, 2008) (witness's conclusory testimony lacked foundation and was inadmissible speculation as to the contents of the minds of others, and his declaration failed to set forth any facts that would lay a foundation for his conclusion); *Meador v. Hammer*, No. 2:11-cv-03342-KJM-AC-P, 2015 U.S. Dist. LEXIS 32062, *9-10 (E.D. Cal. Mar. 16, 2015) ("Statements in affidavits that are legal conclusions, speculative assertions, or statements of hearsay evidence do not satisfy the standards of personal knowledge, admissibility, and competence required by 56(c)(4)."); *Orellana v. Cnty. of L.A.*, No. CV 12-01944 MMM (CWx), 2013 U.S. Dist. LEXIS 198186, at *63 n.94 (C.D. Cal. Apr. 29, 2013) ("An expert's conclusory legal 'opinions,' untethered to facts, are inadmissible.") (citing 29 Charles Alan Wright & Victor James Gold, Federal Practice and Procedure: Evidence § 6264, at 217-213 (1997)).

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

3

**Separate Statement Paragraph 12**: Objection to the supporting statements from the Expert Report of Dennis Ross (Ex. B to Declaration of Dennis Ross) and the Expert Report of Matthew Levitt (Ex. A. to Declaration of Matthew Levitt) on the grounds that the plaintiffs' designated experts, Ross and Levitt, lack personal knowledge necessary to make this assertion. They also fail to offer any foundation for this assertion. It is a conclusion without any facts offered to support that conclusion, and is thus improperly conclusory. Ross and Levitt's statements are also legal conclusions, which are not proper summary judgment evidence.

Fed. R. Evid. 602, Fed. R. Civ. P. 56(c); *Guidroz-Brault v. Mo. Pac. R.R.Co.*, 254 F.3d 825, 830-31 (9th Cir. 2001) (Expert affidavit excluded where the expert's opinion was based on a factual assumption that was not sufficiently founded on facts). (*Cleveland v. Groceryworks.com, LLC*, 200 F. Supp. 3d 924, 940 (N.D. Cal. 2016) (where there is insufficient factual matter to support an inference grounded in observation or first-hand personal experience, the affidavit in its entirety, or portions not reflecting the affiant's personal knowledge, will be stricken if challenged); *Bradlow v. Castano Group*, No. C06-05344-MJJ, 2008 U.S. Dist. LEXIS 119924, at *43 (N.D. Cal. Apr. 3, 2008) (witness's conclusory testimony lacked foundation and was inadmissible speculation as to the contents of the minds of others, and his declaration failed to set forth any facts that would lay a foundation for his conclusion); *Meador v. Hammer*, No. 2:11-cv-03342-KJM-AC-P, 2015 U.S. Dist. LEXIS 32062, *9-10 (E.D. Cal. Mar. 16, 2015) ("Statements in affidavits that are legal conclusions, speculative assertions, or statements of hearsay evidence do not satisfy the standards of personal knowledge, admissibility, and competence required by 56(c)(4)."); *Orellana v. Cnty. of L.A.*, No. CV 12-01944 MMM (CWx), 2013 U.S. Dist. LEXIS 198186, at *63 n.94 (C.D. Cal. Apr. 29, 2013) ("An expert's conclusory legal 'opinions,' untethered to facts, are inadmissible.") (citing 29 Charles Alan Wright & Victor James Gold, Federal Practice and Procedure: Evidence § 6264, at 217-213 (1997)).

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

**Separate Statement Paragraph 13**: Objection to the supporting statements from the Expert Report of Dennis Ross (Ex. B to Declaration of Dennis Ross), the Expert Report of Harold Koh (Ex. C. to Declaration of Harold Koh) and the Expert Report of Matthew Levitt (Ex. A. to Declaration of Matthew Levitt) on the grounds that the plaintiffs' designated experts, Ross, Koh and Levitt, lack personal knowledge necessary to make this assertion. They also fail to offer any foundation for this assertion. It is a conclusion without any facts offered to support that conclusion, and is thus improperly conclusory. Ross, Koh and Levitt's statements are also legal conclusions, which are not proper summary judgment evidence.

Fed. R. Evid. 602, Fed. R. Civ. P. 56(c); *Guidroz-Brault v. Mo. Pac. R.R.Co.*, 254 F.3d 825, 830-31 (9th Cir. 2001) (Expert affidavit excluded where the expert's opinion was based on a factual assumption that was not sufficiently founded on facts). (*Cleveland v. Groceryworks.com, LLC*, 200 F. Supp. 3d 924, 940 (N.D. Cal. 2016) (where there is insufficient factual matter to support an inference grounded in observation or first-hand personal experience, the affidavit in its entirety, or portions not reflecting the affiant's personal knowledge, will be stricken if challenged); *Bradlow v. Castano Group*, No. C06-05344-MJJ, 2008 U.S. Dist. LEXIS 119924, at *43 (N.D. Cal. Apr. 3, 2008) (witness's conclusory testimony lacked foundation and was inadmissible speculation as to the contents of the minds of others, and his declaration failed to set forth any facts that would lay a foundation for his conclusion); *Meador v. Hammer*, No. 2:11-cv-03342-KJM-AC-P, 2015 U.S. Dist. LEXIS 32062, *9-10 (E.D. Cal. Mar. 16, 2015) ("Statements in affidavits that are legal conclusions, speculative assertions, or statements of hearsay evidence do not satisfy the standards of personal knowledge, admissibility, and competence required by 56(c)(4)."); *Orellana v. Cnty. of L.A.*, No. CV 12-01944 MMM (CWx), 2013 U.S. Dist. LEXIS 198186, at *63 n.94 (C.D. Cal. Apr. 29, 2013) ("An expert's conclusory legal

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

'opinions,' untethered to facts, are inadmissible.") (citing 29 Charles Alan Wright & Victor James Gold, Federal Practice and Procedure: Evidence § 6264, at 217-213 (1997)).

**Separate Statement Paragraph 14**: Objection to the supporting statements from the Expert Report of Dennis Ross (Ex. B to Declaration of Dennis Ross), the Expert Report of Harold Koh (Ex. C. to Declaration of Harold Koh) and the Expert Report of Matthew Levitt (Ex. A. to Declaration of Matthew Levitt) on the grounds that the plaintiffs' designated experts, Ross, Koh and Levitt, lack personal knowledge necessary to make this assertion. They also fail to offer any foundation for this assertion. It is a conclusion without any facts offered to support that conclusion, and is thus improperly conclusory. Ross, Koh and Levitt's statements are also legal conclusions, which are not proper summary judgment evidence.

Fed. R. Evid. 602, Fed. R. Civ. P. 56(c); *Guidroz-Brault v. Mo. Pac. R.R.Co.*, 254 F.3d 825, 830-31 (9th Cir. 2001) (Expert affidavit excluded where the expert's opinion was based on a factual assumption that was not sufficiently founded on facts). (*Cleveland v. Groceryworks.com, LLC*, 200 F. Supp. 3d 924, 940 (N.D. Cal. 2016) (where there is insufficient factual matter to support an inference grounded in observation or first-hand personal experience, the affidavit in its entirety, or portions not reflecting the affiant's personal knowledge, will be stricken if challenged); *Bradlow v. Castano Group*, No. C06-05344-MJJ, 2008 U.S. Dist. LEXIS 119924, at *43 (N.D. Cal. Apr. 3, 2008) (witness's conclusory testimony lacked foundation and was inadmissible speculation as to the contents of the minds of others, and his declaration failed to set forth any facts that would lay a foundation for his conclusion); *Meador v. Hammer*, No. 2:11-cv-03342-KJM-AC-P, 2015 U.S. Dist. LEXIS 32062, *9-10 (E.D. Cal. Mar. 16, 2015) ("Statements in affidavits that are legal conclusions, speculative assertions, or statements of hearsay evidence do not satisfy the standards of personal knowledge, admissibility, and competence required by 56(c)(4)."); *Orellana v. Cnty. of L.A.*, No. CV 12-01944 MMM (CWx), 2013 U.S. Dist. LEXIS 198186, at *63 n.94 (C.D. Cal. Apr. 29, 2013) ("An expert's conclusory legal

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

'opinions,' untethered to facts, are inadmissible.") (citing 29 Charles Alan Wright & Victor James Gold, Federal Practice and Procedure: Evidence § 6264, at 217-213 (1997)).

**Separate Statement Paragraph 15**: Objection to the supporting statements from the Expert Report of Dennis Ross (Ex. B to Declaration of Dennis Ross), the Expert Report of Harold Koh (Ex. C. to Declaration of Harold Koh) and the Expert Report of Matthew Levitt (Ex. A. to Declaration of Matthew Levitt) on the grounds that the plaintiffs' designated experts, Ross, Koh and Levitt, lack personal knowledge necessary to make this assertion. They also fail to offer any foundation for this assertion. It is a conclusion without any facts offered to support that conclusion, and is thus improperly conclusory. Ross, Koh and Levitt's statements are also legal conclusions, which are not proper summary judgment evidence.

Fed. R. Evid. 602, Fed. R. Civ. P. 56(c); *Guidroz-Brault v. Mo. Pac. R.R.Co.*, 254 F.3d 825, 830-31 (9th Cir. 2001) (Expert affidavit excluded where the expert's opinion was based on a factual assumption that was not sufficiently founded on facts). (*Cleveland v. Groceryworks.com, LLC*, 200 F. Supp. 3d 924, 940 (N.D. Cal. 2016) (where there is insufficient factual matter to support an inference grounded in observation or first-hand personal experience, the affidavit in its entirety, or portions not reflecting the affiant's personal knowledge, will be stricken if challenged); *Bradlow v. Castano Group*, No. C06-05344-MJJ, 2008 U.S. Dist. LEXIS 119924, at *43 (N.D. Cal. Apr. 3, 2008) (witness's conclusory testimony lacked foundation and was inadmissible speculation as to the contents of the minds of others, and his declaration failed to set forth any facts that would lay a foundation for his conclusion); *Meador v. Hammer*, No. 2:11-cv-03342-KJM-AC-P, 2015 U.S. Dist. LEXIS 32062, *9-10 (E.D. Cal. Mar. 16, 2015) ("Statements in affidavits that are legal conclusions, speculative assertions, or statements of hearsay evidence do not satisfy the standards of personal knowledge, admissibility, and competence required by 56(c)(4).")); *Orellana v. Cnty. of L.A.*, No. CV 12-01944 MMM (CWx), 2013 U.S. Dist.

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

LEXIS 198186, at *63 n.94 (C.D. Cal. Apr. 29, 2013) ("An expert's conclusory legal 'opinions,' untethered to facts, are inadmissible.") (citing 29 Charles Alan Wright & Victor James Gold, Federal Practice and Procedure: Evidence § 6264, at 217-213 (1997)).

**Separate Statement Paragraph 18**: Objection to the supporting statements from the Expert Report of Dennis Ross (Ex. B to Declaration of Dennis Ross), the Expert Report of Harold Koh (Ex. C. to Declaration of Harold Koh) and the Expert Report of Matthew Levitt (Ex. A. to Declaration of Matthew Levitt) on the grounds that the plaintiffs' designated experts, Ross, Koh and Levitt, lack personal knowledge necessary to make this assertion. They also fail to offer any foundation for this assertion. It is a conclusion without any facts offered to support that conclusion, and is thus improperly conclusory. Ross, Koh and Levitt's statements are also legal conclusions, which are not proper summary judgment evidence.

Fed. R. Evid. 602, Fed. R. Civ. P. 56(c); *Guidroz-Brault v. Mo. Pac. R.R.Co.*, 254 F.3d 825, 830-31 (9th Cir. 2001) (Expert affidavit excluded where the expert's opinion was based on a factual assumption that was not sufficiently founded on facts). (*Cleveland v. Groceryworks.com, LLC*, 200 F. Supp. 3d 924, 940 (N.D. Cal. 2016) (where there is insufficient factual matter to support an inference grounded in observation or first-hand personal experience, the affidavit in its entirety, or portions not reflecting the affiant's personal knowledge, will be stricken if challenged); *Bradlow v. Castano Group*, No. C06-05344-MJJ, 2008 U.S. Dist. LEXIS 119924, at *43 (N.D. Cal. Apr. 3, 2008) (witness's conclusory testimony lacked foundation and was inadmissible speculation as to the contents of the minds of others, and his declaration failed to set forth any facts that would lay a foundation for his conclusion); *Meador v. Hammer*, No. 2:11-cv-03342-KJM-AC-P, 2015 U.S. Dist. LEXIS 32062, *9-10 (E.D. Cal. Mar. 16, 2015) ("Statements in affidavits that are legal conclusions, speculative assertions, or statements of hearsay evidence do not satisfy the standards of personal knowledge, admissibility, and competence required by

56(c)(4).”); *Orellana v. Cnty. of L.A.*, No. CV 12-01944 MMM (CWx), 2013 U.S. Dist. LEXIS 198186, at *63 n.94 (C.D. Cal. Apr. 29, 2013) (“An expert's conclusory legal ‘opinions,’ untethered to facts, are inadmissible.”) (citing 29 Charles Alan Wright & Victor James Gold, Federal Practice and Procedure: Evidence § 6264, at 217-213 (1997)).

**Separate Statement Paragraph 19**: Objection to the supporting statements from the Expert Report of Dennis Ross (Ex. B to Declaration of Dennis Ross) and the Expert Report of Matthew Levitt (Ex. A. to Declaration of Matthew Levitt) on the grounds that the plaintiffs' designated experts, Ross and Levitt, lack personal knowledge necessary to make this assertion. They also fail to offer any foundation for this assertion. It is a conclusion without any facts offered to support that conclusion, and is thus improperly conclusory. Ross and Levitt's statements are also legal conclusions, which are not proper summary judgment evidence.

Fed. R. Evid. 602, Fed. R. Civ. P. 56(c); *Guidroz-Brault v. Mo. Pac. R.R.Co.*, 254 F.3d 825, 830-31 (9th Cir. 2001) (Expert affidavit excluded where the expert's opinion was based on a factual assumption that was not sufficiently founded on facts). (*Cleveland v. Groceryworks.com, LLC*, 200 F. Supp. 3d 924, 940 (N.D. Cal. 2016) (where there is insufficient factual matter to support an inference grounded in observation or first-hand personal experience, the affidavit in its entirety, or portions not reflecting the affiant's personal knowledge, will be stricken if challenged); *Bradlow v. Castano Group*, No. C06-05344-MJJ, 2008 U.S. Dist. LEXIS 119924, at *43 (N.D. Cal. Apr. 3, 2008) (witness's conclusory testimony lacked foundation and was inadmissible speculation as to the contents of the minds of others, and his declaration failed to set forth any facts that would lay a foundation for his conclusion); *Meador v. Hammer*, No. 2:11-cv-03342-KJM-AC-P, 2015 U.S. Dist. LEXIS 32062, *9-10 (E.D. Cal. Mar. 16, 2015) (“Statements in affidavits that are legal conclusions, speculative assertions, or statements of hearsay evidence do not satisfy the standards of personal knowledge, admissibility, and competence required by

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

9

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

56(c)(4).”); *Orellana v. Cnty. of L.A.*, No. CV 12-01944 MMM (CWx), 2013 U.S. Dist. LEXIS 198186, at *63 n.94 (C.D. Cal. Apr. 29, 2013) (“An expert’s conclusory legal ‘opinions,’ untethered to facts, are inadmissible.”) (citing 29 Charles Alan Wright & Victor James Gold, Federal Practice and Procedure: Evidence § 6264, at 217-213 (1997)).

**Separate Statement Paragraph 21**: Objection to the supporting statements from the Expert Report of Dennis Ross (Ex. B to Declaration of Dennis Ross), the Expert Report of Harold Koh (Ex. C. to Declaration of Harold Koh) and the Expert Report of Matthew Levitt (Ex. A. to Declaration of Matthew Levitt) on the grounds that the plaintiffs’ designated experts, Ross, Koh and Levitt, lack personal knowledge necessary to make this assertion. They also fail to offer any foundation for this assertion. It is a conclusion without any facts offered to support that conclusion, and is thus improperly conclusory. Ross, Koh and Levitt’s statements are also legal conclusions, which are not proper summary judgment evidence.

Fed. R. Evid. 602, Fed. R. Civ. P. 56(c); *Guidroz-Brault v. Mo. Pac. R.R.Co.*, 254 F.3d 825, 830-31 (9th Cir. 2001) (Expert affidavit excluded where the expert’s opinion was based on a factual assumption that was not sufficiently founded on facts). (*Cleveland v. Groceryworks.com, LLC*, 200 F. Supp. 3d 924, 940 (N.D. Cal. 2016) (where there is insufficient factual matter to support an inference grounded in observation or first-hand personal experience, the affidavit in its entirety, or portions not reflecting the affiant’s personal knowledge, will be stricken if challenged); *Bradlow v. Castano Group*, No. C06-05344-MJJ, 2008 U.S. Dist. LEXIS 119924, at *43 (N.D. Cal. Apr. 3, 2008) (witness’s conclusory testimony lacked foundation and was inadmissible speculation as to the contents of the minds of others, and his declaration failed to set forth any facts that would lay a foundation for his conclusion); *Meador v. Hammer*, No. 2:11-cv-03342-KJM-AC-P, 2015 U.S. Dist. LEXIS 32062, *9-10 (E.D. Cal. Mar. 16, 2015) (“Statements in affidavits that are legal conclusions, speculative assertions, or statements of hearsay evidence do not

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

satisfy the standards of personal knowledge, admissibility, and competence required by 56(c)(4).”); *Orellana v. Cnty. of L.A.*, No. CV 12-01944 MMM (CWx), 2013 U.S. Dist. LEXIS 198186, at *63 n.94 (C.D. Cal. Apr. 29, 2013) (“An expert’s conclusory legal ‘opinions,’ untethered to facts, are inadmissible.”) (citing 29 Charles Alan Wright & Victor James Gold, Federal Practice and Procedure: Evidence § 6264, at 217-213 (1997)).

**Separate Statement Paragraph 22**: Objection to the supporting statements from the Expert Report of Dennis Ross (Ex. B to Declaration of Dennis Ross), the Expert Report of Harold Koh (Ex. C. to Declaration of Harold Koh) and the Expert Report of Matthew Levitt (Ex. A. to Declaration of Matthew Levitt) on the grounds that the plaintiffs’ designated experts, Ross, Koh and Levitt, lack personal knowledge necessary to make this assertion. They also fail to offer any foundation for this assertion. It is a conclusion without any facts offered to support that conclusion, and is thus improperly conclusory. Ross, Koh and Levitt’s statements are also legal conclusions, which are not proper summary judgment evidence.

Fed. R. Evid. 602, Fed. R. Civ. P. 56(c); *Guidroz-Brault v. Mo. Pac. R.R.Co.*, 254 F.3d 825, 830-31 (9th Cir. 2001) (Expert affidavit excluded where the expert’s opinion was based on a factual assumption that was not sufficiently founded on facts). (*Cleveland v. Groceryworks.com, LLC*, 200 F. Supp. 3d 924, 940 (N.D. Cal. 2016) (where there is insufficient factual matter to support an inference grounded in observation or first-hand personal experience, the affidavit in its entirety, or portions not reflecting the affiant’s personal knowledge, will be stricken if challenged); *Bradlow v. Castano Group*, No. C06-05344-MJJ, 2008 U.S. Dist. LEXIS 119924, at *43 (N.D. Cal. Apr. 3, 2008) (witness’s conclusory testimony lacked foundation and was inadmissible speculation as to the contents of the minds of others, and his declaration failed to set forth any facts that would lay a foundation for his conclusion); *Meador v. Hammer*, No. 2:11-cv-03342-KJM-AC-P, 2015 U.S. Dist. LEXIS 32062, *9-10 (E.D. Cal. Mar. 16, 2015) (“Statements in affidavits

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

that are legal conclusions, speculative assertions, or statements of hearsay evidence do not satisfy the standards of personal knowledge, admissibility, and competence required by 56(c)(4).”); *Orellana v. Cnty. of L.A.*, No. CV 12-01944 MMM (CWx), 2013 U.S. Dist. LEXIS 198186, at *63 n.94 (C.D. Cal. Apr. 29, 2013) (“An expert’s conclusory legal ‘opinions,’ untethered to facts, are inadmissible.”) (citing 29 Charles Alan Wright & Victor James Gold, Federal Practice and Procedure: Evidence § 6264, at 217-213 (1997)).

**Separate Statement Paragraph 23**: Objection to the supporting statements from the Expert Report of Dennis Ross (Ex. B to Declaration of Dennis Ross), the Expert Report of Harold Koh (Ex. C. to Declaration of Harold Koh) and the Expert Report of Matthew Levitt (Ex. A. to Declaration of Matthew Levitt) on the grounds that the plaintiffs’ designated experts, Ross, Koh and Levitt, lack personal knowledge necessary to make this assertion. They also fail to offer any foundation for this assertion. It is a conclusion without any facts offered to support that conclusion, and is thus improperly conclusory. Ross, Koh and Levitt’s statements are also legal conclusions, which are not proper summary judgment evidence.

Fed. R. Evid. 602, Fed. R. Civ. P. 56(c); *Guidroz-Brault v. Mo. Pac. R.R.Co.*, 254 F.3d 825, 830-31 (9th Cir. 2001) (Expert affidavit excluded where the expert’s opinion was based on a factual assumption that was not sufficiently founded on facts). (*Cleveland v. Groceryworks.com, LLC*, 200 F. Supp. 3d 924, 940 (N.D. Cal. 2016) (where there is insufficient factual matter to support an inference grounded in observation or first-hand personal experience, the affidavit in its entirety, or portions not reflecting the affiant’s personal knowledge, will be stricken if challenged); *Bradlow v. Castano Group*, No. C06-05344-MJJ, 2008 U.S. Dist. LEXIS 119924, at *43 (N.D. Cal. Apr. 3, 2008) (witness’s conclusory testimony lacked foundation and was inadmissible speculation as to the contents of the minds of others, and his declaration failed to set forth any facts that would lay a foundation for his conclusion); *Meador v. Hammer*, No. 2:11-cv-03342-KJM-AC-P,

2015 U.S. Dist. LEXIS 32062, *9-10 (E.D. Cal. Mar. 16, 2015) ("Statements in affidavits that are legal conclusions, speculative assertions, or statements of hearsay evidence do not satisfy the standards of personal knowledge, admissibility, and competence required by 56(c)(4)."); *Orellana v. Cnty. of L.A.*, No. CV 12-01944 MMM (CWx), 2013 U.S. Dist. LEXIS 198186, at *63 n.94 (C.D. Cal. Apr. 29, 2013) ("An expert's conclusory legal 'opinions,' untethered to facts, are inadmissible.") (citing 29 Charles Alan Wright & Victor James Gold, Federal Practice and Procedure: Evidence § 6264, at 217-213 (1997)).

**Separate Statement Paragraph 24**: Objection to the supporting statements from the Expert Report of Matthew Levitt (Ex. A. to Declaration of Matthew Levitt) on the grounds that the plaintiffs' designated expert, Levitt, lacks personal knowledge necessary to make this assertion. He also fails to offer any foundation for this assertion. It is a conclusion without any facts offered to support that conclusion, and is thus improperly conclusory. Levitt's statements are also legal conclusions, which are not proper summary judgment evidence.

Fed. R. Evid. 602, Fed. R. Civ. P. 56(c); *Guidroz-Brault v. Mo. Pac. R.R.Co.*, 254 F.3d 825, 830-31 (9th Cir. 2001) (Expert affidavit excluded where the expert's opinion was based on a factual assumption that was not sufficiently founded on facts). (*Cleveland v. Groceryworks.com, LLC*, 200 F. Supp. 3d 924, 940 (N.D. Cal. 2016) (where there is insufficient factual matter to support an inference grounded in observation or first-hand personal experience, the affidavit in its entirety, or portions not reflecting the affiant's personal knowledge, will be stricken if challenged); *Bradlow v. Castano Group*, No. C06-05344-MJJ, 2008 U.S. Dist. LEXIS 119924, at *43 (N.D. Cal. Apr. 3, 2008) (witness's conclusory testimony lacked foundation and was inadmissible speculation as to the contents of the minds of others, and his declaration failed to set forth any facts that would lay a foundation for his conclusion); *Meador v. Hammer*, No. 2:11-cv-03342-KJM-AC-P, 2015 U.S. Dist. LEXIS 32062, *9-10 (E.D. Cal. Mar. 16, 2015) ("Statements in affidavits

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

that are legal conclusions, speculative assertions, or statements of hearsay evidence do not satisfy the standards of personal knowledge, admissibility, and competence required by 56(c)(4).”); *Orellana v. Cnty. of L.A.*, No. CV 12-01944 MMM (CWx), 2013 U.S. Dist. LEXIS 198186, at *63 n.94 (C.D. Cal. Apr. 29, 2013) (“An expert's conclusory legal ‘opinions,’ untethered to facts, are inadmissible.”) (citing 29 Charles Alan Wright & Victor James Gold, Federal Practice and Procedure: Evidence § 6264, at 217-213 (1997)).

**Separate Statement Paragraph 25**: Objection to the supporting statements from the Rebuttal Expert Report of Dennis Ross (Ex. B to Declaration of Dennis Ross) on the grounds that the plaintiffs' designated expert, Ross, lacks personal knowledge necessary to make this assertion. He also fails to offer any foundation for this assertion. It is a conclusion without any facts offered to support that conclusion, and is thus improperly conclusory. Ross's statements are also legal conclusions, which are not proper summary judgment evidence.

Fed. R. Evid. 602, Fed. R. Civ. P. 56(c); *Guidroz-Brault v. Mo. Pac. R.R.Co.*, 254 F.3d 825, 830-31 (9th Cir. 2001) (Expert affidavit excluded where the expert's opinion was based on a factual assumption that was not sufficiently founded on facts). (*Cleveland v. Groceryworks.com, LLC*, 200 F. Supp. 3d 924, 940 (N.D. Cal. 2016) (where there is insufficient factual matter to support an inference grounded in observation or first-hand personal experience, the affidavit in its entirety, or portions not reflecting the affiant's personal knowledge, will be stricken if challenged); *Bradlow v. Castano Group*, No. C06-05344-MJJ, 2008 U.S. Dist. LEXIS 119924, at *43 (N.D. Cal. Apr. 3, 2008) (witness's conclusory testimony lacked foundation and was inadmissible speculation as to the contents of the minds of others, and his declaration failed to set forth any facts that would lay a foundation for his conclusion); *Meador v. Hammer*, No. 2:11-cv-03342-KJM-AC-P, 2015 U.S. Dist. LEXIS 32062, *9-10 (E.D. Cal. Mar. 16, 2015) (“Statements in affidavits that are legal conclusions, speculative assertions, or statements of hearsay evidence do not

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

satisfy the standards of personal knowledge, admissibility, and competence required by 56(c)(4).”); *Orellana v. Cnty. of L.A.*, No. CV 12-01944 MMM (CWx), 2013 U.S. Dist. LEXIS 198186, at *63 n.94 (C.D. Cal. Apr. 29, 2013) (“An expert’s conclusory legal ‘opinions,’ untethered to facts, are inadmissible.”) (citing 29 Charles Alan Wright & Victor James Gold, Federal Practice and Procedure: Evidence § 6264, at 217-213 (1997)).

**Separate Statement Paragraph 49**: Objection to the supporting statements from the Expert Report of Matthew Levitt (Ex. A. to Declaration of Matthew Levitt) on the grounds that the plaintiffs’ designated expert, Levitt, lacks personal knowledge necessary to make this assertion. He also fails to offer any foundation for this assertion. It is a conclusion without any facts offered to support that conclusion, and is thus improperly conclusory. Levitt’s statements are also mere opinions or legal conclusions, which are not proper summary judgment evidence.

Fed. R. Evid. 602, Fed. R. Civ. P. 56(c); *Guidroz-Brault v. Mo. Pac. R.R.Co.*, 254 F.3d 825, 830-31 (9th Cir. 2001) (Expert affidavit excluded where the expert’s opinion was based on a factual assumption that was not sufficiently founded on facts). (*Cleveland v. Groceryworks.com, LLC*, 200 F. Supp. 3d 924, 940 (N.D. Cal. 2016) (where there is insufficient factual matter to support an inference grounded in observation or first-hand personal experience, the affidavit in its entirety, or portions not reflecting the affiant’s personal knowledge, will be stricken if challenged); *Bradlow v. Castano Group*, No. C06-05344-MJJ, 2008 U.S. Dist. LEXIS 119924, at *43 (N.D. Cal. Apr. 3, 2008) (witness’s conclusory testimony lacked foundation and was inadmissible speculation as to the contents of the minds of others, and his declaration failed to set forth any facts that would lay a foundation for his conclusion); *Meador v. Hammer*, No. 2:11-cv-03342-KJM-AC-P, 2015 U.S. Dist. LEXIS 32062, *9-10 (E.D. Cal. Mar. 16, 2015) (“Statements in affidavits that are legal conclusions, speculative assertions, or statements of hearsay evidence do not satisfy the standards of personal knowledge, admissibility, and competence required by

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

15

56(c)(4).”); *Orellana v. Cnty. of L.A.*, No. CV 12-01944 MMM (CWx), 2013 U.S. Dist. LEXIS 198186, at *63 n.94 (C.D. Cal. Apr. 29, 2013) (“An expert's conclusory legal 'opinions,' untethered to facts, are inadmissible.”) (citing 29 Charles Alan Wright & Victor James Gold, Federal Practice and Procedure: Evidence § 6264, at 217-213 (1997)).

**Separate Statement Paragraph 50**: Objection to the supporting statements from the Expert Report of Matthew Levitt (Ex. A. to Declaration of Matthew Levitt) on the grounds that the plaintiffs' designated expert, Levitt, lacks personal knowledge necessary to make this assertion. He also fails to offer any foundation for this assertion. It is a conclusion without any facts offered to support that conclusion, and is thus improperly conclusory. Levitt's statements are also mere opinions, which are not proper summary judgment evidence.

Fed. R. Evid. 602, Fed. R. Civ. P. 56(c); *Guidroz-Brault v. Mo. Pac. R.R.Co.*, 254 F.3d 825, 830-31 (9th Cir. 2001) (Expert affidavit excluded where the expert's opinion was based on a factual assumption that was not sufficiently founded on facts). (*Cleveland v. Groceryworks.com, LLC*, 200 F. Supp. 3d 924, 940 (N.D. Cal. 2016) (where there is insufficient factual matter to support an inference grounded in observation or first-hand personal experience, the affidavit in its entirety, or portions not reflecting the affiant's personal knowledge, will be stricken if challenged); *Bradlow v. Castano Group*, No. C06-05344-MJJ, 2008 U.S. Dist. LEXIS 119924, at *43 (N.D. Cal. Apr. 3, 2008) (witness's conclusory testimony lacked foundation and was inadmissible speculation as to the contents of the minds of others, and his declaration failed to set forth any facts that would lay a foundation for his conclusion); *Meador v. Hammer*, No. 2:11-cv-03342-KJM-AC-P, 2015 U.S. Dist. LEXIS 32062, *9-10 (E.D. Cal. Mar. 16, 2015) (“Statements in affidavits that are legal conclusions, speculative assertions, or statements of hearsay evidence do not satisfy the standards of personal knowledge, admissibility, and competence required by 56(c)(4).”); *Orellana v. Cnty. of L.A.*, No. CV 12-01944 MMM (CWx), 2013 U.S. Dist.

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

1619623.1 05608-054

1   LEXIS 198186, at *63 n.94 (C.D. Cal. Apr. 29, 2013) ("An expert's conclusory legal

2   'opinions,' untethered to facts, are inadmissible.") (citing 29 Charles Alan Wright & Victor

3   James Gold, Federal Practice and Procedure: Evidence § 6264, at 217-213 (1997)).

4

5   **Separate Statement Paragraph 51**: Objection to the supporting statements from the

6   Expert Report of Matthew Levitt (Ex. A. to Declaration of Matthew Levitt) on the

7   grounds that the plaintiffs' designated experts, Levitt, lacks personal knowledge necessary

8   to make this assertion. He also fails to offer any foundation for this assertion. It is a

9   conclusion without any facts offered to support that conclusion, and is thus improperly

10  conclusory. Levitt's statements are also mere opinions or legal conclusions, which are not

11  proper summary judgment evidence.

12

13  Fed. R. Evid. 602, Fed. R. Civ. P. 56(c); *Guidroz-Brault v. Mo. Pac. R.R.Co.*, 254 F.3d 825,

14  830-31 (9th Cir. 2001) (Expert affidavit excluded where the expert's opinion was based on

15  a factual assumption that was not sufficiently founded on facts). (*Cleveland v.*

16  *Groceryworks.com, LLC*, 200 F. Supp. 3d 924, 940 (N.D. Cal. 2016) (where there is

17  insufficient factual matter to support an inference grounded in observation or first-hand

18  personal experience, the affidavit in its entirety, or portions not reflecting the affiant's

19  personal knowledge, will be stricken if challenged); *Bradlow v. Castano Group*, No. C06-

20  05344-MJJ, 2008 U.S. Dist. LEXIS 119924, at *43 (N.D. Cal. Apr. 3, 2008) (witness's

21  conclusory testimony lacked foundation and was inadmissible speculation as to the

22  contents of the minds of others, and his declaration failed to set forth any facts that would

23  lay a foundation for his conclusion); *Meador v. Hammer*, No. 2:11-cv-03342-KJM-AC-P,

24  2015 U.S. Dist. LEXIS 32062, *9-10 (E.D. Cal. Mar. 16, 2015) ("Statements in affidavits

25  that are legal conclusions, speculative assertions, or statements of hearsay evidence do not

26  satisfy the standards of personal knowledge, admissibility, and competence required by

27  56(c)(4)."); *Orellana v. Cnty. of L.A.*, No. CV 12-01944 MMM (CWx), 2013 U.S. Dist.

28  LEXIS 198186, at *63 n.94 (C.D. Cal. Apr. 29, 2013) ("An expert's conclusory legal

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

'opinions,' untethered to facts, are inadmissible.") (citing 29 Charles Alan Wright & Victor James Gold, Federal Practice and Procedure: Evidence § 6264, at 217-213 (1997)).

**Separate Statement Paragraph 91 and 102-103**: Objection to the purported fact on the grounds that it is irrelevant as the Plaintiffs have not pleaded mistake. Fed. R. Evid. 402. Further, the Walden declaration should be stricken from evidence for the Plaintiffs' failure to disclose Mr. Walden in its Rule 26(a) initial disclosures. *See* Atlantic Specialty Insurance Company's Reply to Plaintiffs' Statement of Genuine Issues and Additional Material Facts, and Atlantic Specialty's Other Rebuttal Evidence in Support of Its Reply ("RSI") 254. Fed. R. Civ. Proc. 26(a), 37(c). The plaintiffs' decision not to disclose Mr. Walden caused Atlantic not to depose him, prejudicing Atlantic. Objection to the supporting statements of the Declaration of George Walden ("Walden Declaration") and the Insurance Services Office, Inc. (ISO) form number CG 00 02 04 13 (Universal's Ex. 53) on the grounds that the statements are evidence of language outside the four corners of the Policy at issue, which is improper parol or extrinsic evidence. *Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962) ("When the terms or provisions of an instrument are clear and certain, extrinsic evidence to explain or interpret them is not admissible.").

**Separate Statement Paragraph 105**: Objection to the supporting statements from the Rebuttal Expert Report of Matthew Levitt (Ex. D. to Declaration of Matthew Levitt), the Expert Report (Ex. D. to Declaration of Ty Sagalow) and the Rebuttal Expert Report of Ty Sagalow (Ex. A. to Declaration of Ty Sagalow) on the grounds that the plaintiffs' designated experts, Levitt and Sagalow, lack personal knowledge necessary to make this assertion. They also fail to offer any foundation for this assertion. It is a conclusion without any facts offered to support that conclusion, and is thus improperly conclusory. Sagalow and Levitt's statements are also opinions and legal conclusions, which are not proper summary judgment evidence.

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

Fed. R. Evid. 602, Fed. R. Civ. P. 56(c); *Guidroz-Brault v. Mo. Pac. R.R.Co.*, 254 F.3d 825, 830-31 (9th Cir. 2001) (Expert affidavit excluded where the expert's opinion was based on a factual assumption that was not sufficiently founded on facts). (*Cleveland v. Groceryworks.com, LLC*, 200 F. Supp. 3d 924, 940 (N.D. Cal. 2016) (where there is insufficient factual matter to support an inference grounded in observation or first-hand personal experience, the affidavit in its entirety, or portions not reflecting the affiant's personal knowledge, will be stricken if challenged); *Bradlow v. Castano Group*, No. C06-05344-MJJ, 2008 U.S. Dist. LEXIS 119924, at *43 (N.D. Cal. Apr. 3, 2008) (witness's conclusory testimony lacked foundation and was inadmissible speculation as to the contents of the minds of others, and his declaration failed to set forth any facts that would lay a foundation for his conclusion); *Meador v. Hammer*, No. 2:11-cv-03342-KJM-AC-P, 2015 U.S. Dist. LEXIS 32062, *9-10 (E.D. Cal. Mar. 16, 2015) ("Statements in affidavits that are legal conclusions, speculative assertions, or statements of hearsay evidence do not satisfy the standards of personal knowledge, admissibility, and competence required by 56(c)(4)."); *Orellana v. Cnty. of L.A.*, No. CV 12-01944 MMM (CWx), 2013 U.S. Dist. LEXIS 198186, at *63 n.94 (C.D. Cal. Apr. 29, 2013) ("An expert's conclusory legal 'opinions,' untethered to facts, are inadmissible.") (citing 29 Charles Alan Wright & Victor James Gold, Federal Practice and Procedure: Evidence § 6264, at 217-213 (1997)).

**Separate Statement Paragraph 106**: Objection to the supporting statements from the Rebuttal Expert Report of Matthew Levitt (Ex. D. to Declaration of Matthew Levitt), the Expert Report (Ex. D. to Declaration of Ty Sagalow) and the Rebuttal Expert Report of Ty Sagalow (Ex. A. to Declaration of Ty Sagalow) on the grounds that the plaintiffs' designated experts, Levitt and Sagalow, lack personal knowledge necessary to make this assertion. They also fail to offer any foundation for this assertion. It is a conclusion without any facts offered to support that conclusion, and is thus improperly conclusory. Sagalow and Levitt's statements are also opinions and legal conclusions, which are not proper summary judgment evidence.

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

Fed. R. Evid. 602, Fed. R. Civ. P. 56(c); *Guidroz-Brault v. Mo. Pac. R.R.Co.*, 254 F.3d 825, 830-31 (9th Cir. 2001) (Expert affidavit excluded where the expert's opinion was based on a factual assumption that was not sufficiently founded on facts). (*Cleveland v. Groceryworks.com, LLC*, 200 F. Supp. 3d 924, 940 (N.D. Cal. 2016) (where there is insufficient factual matter to support an inference grounded in observation or first-hand personal experience, the affidavit in its entirety, or portions not reflecting the affiant's personal knowledge, will be stricken if challenged); *Bradlow v. Castano Group*, No. C06-05344-MJJ, 2008 U.S. Dist. LEXIS 119924, at *43 (N.D. Cal. Apr. 3, 2008) (witness's conclusory testimony lacked foundation and was inadmissible speculation as to the contents of the minds of others, and his declaration failed to set forth any facts that would lay a foundation for his conclusion); *Meador v. Hammer*, No. 2:11-cv-03342-KJM-AC-P, 2015 U.S. Dist. LEXIS 32062, *9-10 (E.D. Cal. Mar. 16, 2015) ("Statements in affidavits that are legal conclusions, speculative assertions, or statements of hearsay evidence do not satisfy the standards of personal knowledge, admissibility, and competence required by 56(c)(4)."); *Orellana v. Cnty. of L.A.*, No. CV 12-01944 MMM (CWx), 2013 U.S. Dist. LEXIS 198186, at *63 n.94 (C.D. Cal. Apr. 29, 2013) ("An expert's conclusory legal 'opinions,' untethered to facts, are inadmissible.") (citing 29 Charles Alan Wright & Victor James Gold, Federal Practice and Procedure: Evidence § 6264, at 217-213 (1997)).

**Separate Statement Paragraph 107-111, 113-128, 130-137**: Objection to the supporting statements from the Rebuttal Expert Report of Matthew Levitt (Ex. D. to Declaration of Matthew Levitt), the Expert Report (Ex. D. to Declaration of Ty Sagalow) and the Rebuttal Expert Report of Ty Sagalow (Ex. A. to Declaration of Ty Sagalow) on the grounds that the plaintiffs' designated experts, Levitt and Sagalow, lack personal knowledge necessary to make this assertion. They also fail to offer any foundation for this assertion. It is a conclusion without any facts offered to support that conclusion, and is thus improperly conclusory. Sagalow and Levitt's statements are also opinions and legal conclusions, which are not proper summary judgment evidence.

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

ATLANTIC'S OBJECTIONS TO PLAINTIFFS' EVIDENCE SUBMITTED IN OPPOSITION TO ATLANTIC'S MOTION

Fed. R. Evid. 602, Fed. R. Civ. P. 56(c); *Guidroz-Brault v. Mo. Pac. R.R.Co.*, 254 F.3d 825, 830-31 (9th Cir. 2001) (Expert affidavit excluded where the expert's opinion was based on a factual assumption that was not sufficiently founded on facts). (*Cleveland v. Groceryworks.com, LLC*, 200 F. Supp. 3d 924, 940 (N.D. Cal. 2016) (where there is insufficient factual matter to support an inference grounded in observation or first-hand personal experience, the affidavit in its entirety, or portions not reflecting the affiant's personal knowledge, will be stricken if challenged); *Bradlow v. Castano Group*, No. C06-05344-MJJ, 2008 U.S. Dist. LEXIS 119924, at *43 (N.D. Cal. Apr. 3, 2008) (witness's conclusory testimony lacked foundation and was inadmissible speculation as to the contents of the minds of others, and his declaration failed to set forth any facts that would lay a foundation for his conclusion); *Meador v. Hammer*, No. 2:11-cv-03342-KJM-AC-P, 2015 U.S. Dist. LEXIS 32062, *9-10 (E.D. Cal. Mar. 16, 2015) ("Statements in affidavits that are legal conclusions, speculative assertions, or statements of hearsay evidence do not satisfy the standards of personal knowledge, admissibility, and competence required by 56(c)(4)."); *Orellana v. Cnty. of L.A.*, No. CV 12-01944 MMM (CWx), 2013 U.S. Dist. LEXIS 198186, at *63 n.94 (C.D. Cal. Apr. 29, 2013) ("An expert's conclusory legal 'opinions,' untethered to facts, are inadmissible.") (citing 29 Charles Alan Wright & Victor James Gold, Federal Practice and Procedure: Evidence § 6264, at 217-213 (1997)).

**Separate Statement Paragraph 129**: Objection to the supporting statements from the Expert Report of Dennis Ross (Ex. B to Declaration of Dennis Ross), the Expert Report of Harold Koh (Ex. C. to Declaration of Harold Koh) the Expert Report (Ex. A. to Declaration of Matthew Levitt) and the Rebuttal Expert Report of Matthew Levitt (Ex. D. to Declaration of Matthew Levitt), the Expert Report (Ex. D. to Declaration of Ty Sagalow) and the Rebuttal Expert Report of Ty Sagalow (Ex. A. to Declaration of Ty Sagalow) on the grounds that the plaintiffs' designated experts, Levitt, Ross, Koh and Sagalow, lack personal knowledge necessary to make this assertion. They also fail to offer

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

ATLANTIC'S OBJECTIONS TO PLAINTIFFS' EVIDENCE SUBMITTED IN OPPOSITION TO ATLANTIC'S MOTION

any foundation for this assertion. It is a conclusion without any facts offered to support that conclusion, and is thus improperly conclusory. Sagalow, Ross, Koh and Levitt's statements are also opinions and legal conclusions, which are not proper summary judgment evidence.

Fed. R. Evid. 602, Fed. R. Civ. P. 56(c); *Guidroz-Brault v. Mo. Pac. R.R.Co.*, 254 F.3d 825, 830-31 (9th Cir. 2001) (Expert affidavit excluded where the expert's opinion was based on a factual assumption that was not sufficiently founded on facts). (*Cleveland v. Groceryworks.com, LLC*, 200 F. Supp. 3d 924, 940 (N.D. Cal. 2016) (where there is insufficient factual matter to support an inference grounded in observation or first-hand personal experience, the affidavit in its entirety, or portions not reflecting the affiant's personal knowledge, will be stricken if challenged); *Bradlow v. Castano Group*, No. C06-05344-MJJ, 2008 U.S. Dist. LEXIS 119924, at *43 (N.D. Cal. Apr. 3, 2008) (witness's conclusory testimony lacked foundation and was inadmissible speculation as to the contents of the minds of others, and his declaration failed to set forth any facts that would lay a foundation for his conclusion); *Meador v. Hammer*, No. 2:11-cv-03342-KJM-AC-P, 2015 U.S. Dist. LEXIS 32062, *9-10 (E.D. Cal. Mar. 16, 2015) ("Statements in affidavits that are legal conclusions, speculative assertions, or statements of hearsay evidence do not satisfy the standards of personal knowledge, admissibility, and competence required by 56(c)(4)."); *Orellana v. Cnty. of L.A.*, No. CV 12-01944 MMM (CWx), 2013 U.S. Dist. LEXIS 198186, at *63 n.94 (C.D. Cal. Apr. 29, 2013) ("An expert's conclusory legal 'opinions,' untethered to facts, are inadmissible.") (citing 29 Charles Alan Wright & Victor James Gold, Federal Practice and Procedure: Evidence § 6264, at 217-213 (1997)).

**Separate Statement Paragraph 141, 143-146**: Objection to the supporting statements from the Rebuttal Expert Report of Dennis Ross (Ex. B. to Declaration of Dennis Ross) and the Expert Report of Ty Sagalow (Ex. D. to Declaration of Ty Sagalow) on the grounds that the plaintiffs' designated experts, Ross and Sagalow, lack personal knowledge

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

necessary to make this assertion. They also fail to offer any foundation for this assertion. It is a conclusion without any facts offered to support that conclusion, and is thus improperly conclusory. Ross and Sagalow's statements are also opinions and legal conclusions, which are not proper summary judgment evidence.

Fed. R. Evid. 602, Fed. R. Civ. P. 56(c); *Guidroz-Brault v. Mo. Pac. R.R.Co.*, 254 F.3d 825, 830-31 (9th Cir. 2001) (Expert affidavit excluded where the expert's opinion was based on a factual assumption that was not sufficiently founded on facts). (*Cleveland v. Groceryworks.com, LLC*, 200 F. Supp. 3d 924, 940 (N.D. Cal. 2016) (where there is insufficient factual matter to support an inference grounded in observation or first-hand personal experience, the affidavit in its entirety, or portions not reflecting the affiant's personal knowledge, will be stricken if challenged); *Bradlow v. Castano Group*, No. C06-05344-MJJ, 2008 U.S. Dist. LEXIS 119924, at *43 (N.D. Cal. Apr. 3, 2008) (witness's conclusory testimony lacked foundation and was inadmissible speculation as to the contents of the minds of others, and his declaration failed to set forth any facts that would lay a foundation for his conclusion); *Meador v. Hammer*, No. 2:11-cv-03342-KJM-AC-P, 2015 U.S. Dist. LEXIS 32062, *9-10 (E.D. Cal. Mar. 16, 2015) ("Statements in affidavits that are legal conclusions, speculative assertions, or statements of hearsay evidence do not satisfy the standards of personal knowledge, admissibility, and competence required by 56(c)(4)."); *Orellana v. Cnty. of L.A.*, No. CV 12-01944 MMM (CWx), 2013 U.S. Dist. LEXIS 198186, at *63 n.94 (C.D. Cal. Apr. 29, 2013) ("An expert's conclusory legal 'opinions,' untethered to facts, are inadmissible.") (citing 29 Charles Alan Wright & Victor James Gold, Federal Practice and Procedure: Evidence § 6264, at 217-213 (1997)).

**Separate Statement Paragraph 150**: Objection to the supporting statements from the Expert Report of Dennis Ross (Ex. B to Declaration of Dennis Ross), the Expert Report of Harold Koh (Ex. C. to Declaration of Harold Koh) and the Expert Report of Matthew Levitt (Ex. A. to Declaration of Matthew Levitt) on the grounds that the plaintiffs'

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

1  designated experts, Ross, Koh and Levitt, lack personal knowledge necessary to make this

2  assertion. They also fail to offer any foundation for this assertion. It is a conclusion

3  without any facts offered to support that conclusion, and is thus improperly conclusory.

4  Ross, Koh, and Levitt's statements are also legal conclusions, which are not proper

5  summary judgment evidence.

6

7  Fed. R. Evid. 602, Fed. R. Civ. P. 56(c); *Guidroz-Brault v. Mo. Pac. R.R.Co.*, 254 F.3d 825,

8  830-31 (9th Cir. 2001) (Expert affidavit excluded where the expert's opinion was based on

9  a factual assumption that was not sufficiently founded on facts). (*Cleveland v.*

10  *Groceryworks.com, LLC*, 200 F. Supp. 3d 924, 940 (N.D. Cal. 2016) (where there is

11  insufficient factual matter to support an inference grounded in observation or first-hand

12  personal experience, the affidavit in its entirety, or portions not reflecting the affiant's

13  personal knowledge, will be stricken if challenged); *Bradlow v. Castano Group*, No. C06-

14  05344-MJJ, 2008 U.S. Dist. LEXIS 119924, at *43 (N.D. Cal. Apr. 3, 2008) (witness's

15  conclusory testimony lacked foundation and was inadmissible speculation as to the

16  contents of the minds of others, and his declaration failed to set forth any facts that would

17  lay a foundation for his conclusion); *Meador v. Hammer*, No. 2:11-cv-03342-KJM-AC-P,

18  2015 U.S. Dist. LEXIS 32062, *9-10 (E.D. Cal. Mar. 16, 2015) ("Statements in affidavits

19  that are legal conclusions, speculative assertions, or statements of hearsay evidence do not

20  satisfy the standards of personal knowledge, admissibility, and competence required by

21  56(c)(4)."); *Orellana v. Cnty. of L.A.*, No. CV 12-01944 MMM (CWx), 2013 U.S. Dist.

22  LEXIS 198186, at *63 n.94 (C.D. Cal. Apr. 29, 2013) ("An expert's conclusory legal

23  'opinions,' untethered to facts, are inadmissible.") (citing 29 Charles Alan Wright & Victor

24  James Gold, Federal Practice and Procedure: Evidence § 6264, at 217-213 (1997)).

25  ///

26  ///

27  ///

28  ///

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

## ATLANTIC'S OBJECTIONS TO PLAINTIFFS' EVIDENCE OF PURPORTED ADDITIONAL MATERIAL FACTS

**Separate Statement Paragraph 157**: Objection to the purported fact on the grounds that it is irrelevant as the Plaintiffs have not pleaded mistake. Fed. R. Evid. 402. Further, the Walden declaration should be stricken from evidence for the Plaintiffs' failure to disclose Mr. Walden in its Rule 26(a) initial disclosures. RSI 254; Exhibit 168 to Atlantic Specialty Insurance Company's Volume of Evidence in Support of its Motion for Summary Judgment or, Alternatively, Partial Summary Judgment ("Atlantic's Evid."). Fed. R. Civ. Proc. 26(a), 37(c). The plaintiffs' decision not to disclose Mr. Walden caused Atlantic not to depose him, prejudicing Atlantic. Objection to the supporting statements of paragraphs 8 and 9 of the Walden Declaration on the grounds that the Walden statements are evidence of language outside the four corners of the Policy at issue, which is improper parol or extrinsic evidence. *Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962) ("When the terms or provisions of an instrument are clear and certain, extrinsic evidence to explain or interpret them is not admissible.").

**Separate Statement Paragraph 159**: Objection to the purported fact on the grounds that it is irrelevant as the Plaintiffs have not pleaded mistake. Fed. R. Evid. 402. Objection to the supporting statements of paragraphs 8, 9, 17 through 20 of the Walden Declaration on the grounds that the Walden statements are evidence of language outside the four corners of the Policy at issue, which is improper parol or extrinsic evidence. Further, the Walden declaration should be struck from evidence for the Plaintiffs' failure to disclose Mr. Walden in its Rule 26(a) initial disclosures. RSI 254; Exhibit 168 to Atlantic's Evid. Fed. R. Evid. 26(a) 37(c). *Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962) ("When the terms or provisions of an instrument are clear and certain, extrinsic evidence to explain or interpret them is not admissible.").

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

**Separate Statement Paragraph 160**: Objection to the purported fact on the grounds that it is irrelevant as the Plaintiffs have not pleaded mistake. Fed. R. Evid. 402. Objection to the supporting statements of paragraph 17of the Walden Declaration on the grounds that the Walden statements are evidence of language outside the four corners of the Policy at issue, which is improper parol or extrinsic evidence. Further, the Walden declaration should be struck from evidence for the Plaintiffs' failure to disclose Mr. Walden in its Rule 26(a) initial disclosures. RSI 254; Exhibit 168 to Atlantic's Evid. Fed. R. Evid. 26(a) 37(c). *Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962) ("When the terms or provisions of an instrument are clear and certain, extrinsic evidence to explain or interpret them is not admissible.").

**Separate Statement Paragraph 161**: Objection to the purported fact on the grounds that it is irrelevant as the Plaintiffs have not pleaded mistake. Fed. R. Evid. 402. Objection to the supporting statements of paragraph 17of the Walden Declaration on the grounds that the Walden statements are evidence of language outside the four corners of the Policy at issue, which is improper parol or extrinsic evidence. Further, the Walden declaration should be struck from evidence for the Plaintiffs' failure to disclose Mr. Walden in its Rule 26(a) initial disclosures. RSI 254; Exhibit 168 to Atlantic's Evid. Fed. R. Evid. 26(a) 37(c). *Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962) ("When the terms or provisions of an instrument are clear and certain, extrinsic evidence to explain or interpret them is not admissible.").

**Separate Statement Paragraph 162**: Objection to the purported fact on the grounds that it is irrelevant as the Plaintiffs have not pleaded mistake. Fed. R. Evid. 402. Objection to the supporting statements of the December 16, 2009 e-mail from Martin Ridgers (Universal's Ex. 52) on the grounds that the e-mail is improper parol or extrinsic evidence. *Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962) ("When the terms or

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

ATLANTIC'S OBJECTIONS TO PLAINTIFFS' EVIDENCE SUBMITTED IN OPPOSITION TO ATLANTIC'S MOTION

provisions of an instrument are clear and certain, extrinsic evidence to explain or interpret them is not admissible.").

**Separate Statement Paragraph 163**: Objection to the purported fact on the grounds that it is irrelevant as the Plaintiffs have not pleaded mistake. Fed. R. Evid. 402. Objection to the supporting statements of paragraph 20 of the Walden Declaration on the grounds that the Walden statements are evidence of language outside the four corners of the Policy at issue, which is improper parol or extrinsic evidence. Further, the Walden declaration should be struck from evidence for the Plaintiffs' failure to disclose Mr. Walden in Plaintiffs' Rule 26(a) initial disclosures. RSI 254; Exhibit 168 to Atlantic's Evid. Fed. R. Evid. 26(a) 37(c). *Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962) ("When the terms or provisions of an instrument are clear and certain, extrinsic evidence to explain or interpret them is not admissible.").

**Separate Statement Paragraph 164**: Objection to the purported fact on the grounds that it is irrelevant as the Plaintiffs have not pleaded mistake. Fed. R. Evid. 402. Fed. R. Evid. 402. Further, the Walden declaration should be stricken from evidence for the Plaintiffs' failure to disclose Mr. Walden in its Rule 26(a) initial disclosures. RSI 254; Exhibit 168 to Atlantic's Evid. Fed. R. Civ. Proc. 26(a), 37(c). The plaintiffs' decision not to disclose Mr. Walden caused Atlantic not to depose him, prejudicing Atlantic. Objection to the supporting statements of paragraph 21 of the Walden Declaration on the grounds that the Walden statements are evidence of language outside the four corners of the Policy at issue, which is improper parol or extrinsic evidence. *Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962) ("When the terms or provisions of an instrument are clear and certain, extrinsic evidence to explain or interpret them is not admissible.").

**Separate Statement Paragraph 165**: Objection to the purported fact on the grounds that it is irrelevant as the Plaintiffs have not pleaded mistake. Fed. R. Evid. 402. Fed. R. Evid.

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

402. Further, the Walden declaration should be stricken from evidence for the Plaintiffs' failure to disclose Mr. Walden in its Rule 26(a) initial disclosures. RSI 254; Exhibit 168 to Atlantic's Evid.  Fed. R. Civ. Proc. 26(a), 37(c). The plaintiffs' decision not to disclose Mr. Walden caused Atlantic not to depose him, prejudicing Atlantic. Objection to the supporting statements of paragraphs 18, 19 of the Walden Declaration on the grounds that the Walden statements are evidence of language outside the four corners of the Policy at issue, which is improper parol or extrinsic evidence. *Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962) ("When the terms or provisions of an instrument are clear and certain, extrinsic evidence to explain or interpret them is not admissible.").

**Separate Statement Paragraph 167**: Objection to the purported fact on the grounds that it is irrelevant as the Plaintiffs have not pleaded mistake. Fed. R. Evid. 402. Fed. R. Evid. 402. Further, the Walden declaration should be stricken from evidence for the Plaintiffs' failure to disclose Mr. Walden in its Rule 26(a) initial disclosures. RSI 254; Exhibit 168 to Atlantic's Evid. Fed. R. Civ. Proc. 26(a), 37(c). The plaintiffs' decision not to disclose Mr. Walden caused Atlantic not to depose him, prejudicing Atlantic. Objection to the supporting statements of paragraph 24 of the Walden Declaration on the grounds that the Walden statements are evidence of language outside the four corners of the Policy at issue, which is improper parol or extrinsic evidence. *Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962) ("When the terms or provisions of an instrument are clear and certain, extrinsic evidence to explain or interpret them is not admissible.").

**Separate Statement Paragraph 168**: Objection to the purported fact on the grounds that it is irrelevant as the Plaintiffs have not pleaded mistake. Fed. R. Evid. 402. Objection to the supporting statements of paragraph 24 of the Walden Declaration on the grounds that the Walden statements are evidence of language outside the four corners of the Policy at issue, which is improper parol or extrinsic evidence. Further, the Walden declaration should be struck from evidence for the Plaintiffs' failure to disclose Mr. Walden in

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

ATLANTIC'S OBJECTIONS TO PLAINTIFFS' EVIDENCE SUBMITTED IN OPPOSITION TO ATLANTIC'S MOTION

Plaintiffs' Rule 26(a) initial disclosures. RSI 254; Exhibit 168 to Atlantic's Evid. Fed. R. Evid. 26(a) 37(c). *Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962) ("When the terms or provisions of an instrument are clear and certain, extrinsic evidence to explain or interpret them is not admissible.").

**Separate Statement Paragraph 169**: Objection to the purported fact on the grounds that it is irrelevant as the Plaintiffs have not pleaded mistake. Fed. R. Evid. 402. Fed. R. Evid. 402. Further, the Walden declaration should be stricken from evidence for the Plaintiffs' failure to disclose Mr. Walden in its Rule 26(a) initial disclosures. RSI 254; Exhibit 168 to Atlantic's Evid. Fed. R. Civ. Proc. 26(a), 37(c). The plaintiffs' decision not to disclose Mr. Walden caused Atlantic not to depose him, prejudicing Atlantic. Objection to the supporting statements of paragraph 24 of the Walden Declaration on the grounds that the Walden statements are evidence of language outside the four corners of the Policy at issue, which is improper parol or extrinsic evidence. *Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962) ("When the terms or provisions of an instrument are clear and certain, extrinsic evidence to explain or interpret them is not admissible.").

**Separate Statement Paragraph 170**: Objection to the purported fact on the grounds that it is irrelevant as the Plaintiffs have not pleaded mistake. Fed. R. Evid. 402. Fed. R. Evid. 402. Further, the Walden declaration should be stricken from evidence for the Plaintiffs' failure to disclose Mr. Walden in its Rule 26(a) initial disclosures. RSI 254; Exhibit 168 to Atlantic's Evid. Fed. R. Civ. Proc. 26(a), 37(c). The plaintiffs' decision not to disclose Mr. Walden caused Atlantic not to depose him, prejudicing Atlantic. Objection to the supporting statements of paragraphs 27, 27 of the Walden Declaration on the grounds that the Walden statements are evidence of language outside the four corners of the Policy at issue, which is improper parol or extrinsic evidence. *Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962) ("When the terms or provisions of an instrument are clear and certain, extrinsic evidence to explain or interpret them is not admissible.").

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

1619623.1 05608-054

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

**Separate Statement Paragraph 172**: Objection to the purported fact on the grounds that it is irrelevant as the Plaintiffs have not pleaded mistake. Fed. R. Evid. 402. Objection to the supporting statements of Insurance Services Office, Inc. (ISO) form number CG 00 02 04 13 (Universal's Ex. 53) on the grounds that the ISO form is evidence of language outside the four corners of the Policy at issue, which is improper parol or extrinsic evidence. *Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962) ("When the terms or provisions of an instrument are clear and certain, extrinsic evidence to explain or interpret them is not admissible.").

**Separate Statement Paragraph 173**: Objection to the purported fact on the grounds that it is irrelevant as the Plaintiffs have not pleaded mistake. Fed. R. Evid. 402. Objection to the supporting statements of Insurance Services Office, Inc. (ISO) form number CG 00 20 03 10 (Universal's Ex. 54) on the grounds that the ISO form is evidence of language outside the four corners of the Policy at issue, which is improper parol or extrinsic evidence. *Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962) ("When the terms or provisions of an instrument are clear and certain, extrinsic evidence to explain or interpret them is not admissible.").

**Separate Statement Paragraph 174**: Objection to the supporting statements of the Rebuttal Expert Witness Report of Ty Sagalow (Ex. A to Declaration of Ty R. Sagalow) on the grounds that the Sagalow statements are evidence of language outside the four corners of the Policy at issue, which is improper parol or extrinsic evidence. *Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962) ("When the terms or provisions of an instrument are clear and certain, extrinsic evidence to explain or interpret them is not admissible.").

**Separate Statement Paragraph 175**: Objection to the purported fact on the grounds that it is irrelevant as the Plaintiffs have not pleaded mistake. Fed. R. Evid. 402. Objection to the supporting statements of Atlantic's production policy issued to Publicis Groupe/MMS

USA Holdings, Inc. (Universal's Ex. 55) on the grounds that the production policy is evidence of language outside the four corners of the Policy at issue, which is improper parol or extrinsic evidence. *Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962) ("When the terms or provisions of an instrument are clear and certain, extrinsic evidence to explain or interpret them is not admissible.").

**Separate Statement Paragraph 176**: Objection to the purported fact on the grounds that it is irrelevant as the Plaintiffs have not pleaded mistake. Fed. R. Evid. 402. Objection to the supporting statements of the OneBeacon sample insurance policy (Universal's Ex. 36) on the grounds that the sample policy is evidence of language outside the four corners of the Policy at issue, which is improper parol or extrinsic evidence. *Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962) ("When the terms or provisions of an instrument are clear and certain, extrinsic evidence to explain or interpret them is not admissible.").

**Separate Statement Paragraph 179**: Objection to the purported fact on the grounds that President Nixon and President Reagan's use of the phrase "war on drugs" is irrelevant to the policy exclusions at issue. Fed. R. Evid. 402. Atlantic explains in its reply brief, at page 4, why this evidence is not material to this case.

**Separate Statement Paragraph 180**: Objection to the purported fact on the grounds that President Johnson's use of the phrase "war on poverty" is irrelevant to the policy exclusions at issue. Fed. R. Evid. 402. Atlantic explains in its reply brief, at page 4, why this evidence is not material to this case.

**Separate Statement Paragraph 181**: Objection to the purported fact on the grounds that the Media's use of the phrase "war on Christmas" is irrelevant to the policy exclusions at issue. Fed. R. Evid. 402. Atlantic explains in its reply brief, at page 4, why this evidence is not material to this case.

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

ATLANTIC'S OBJECTIONS TO PLAINTIFFS' EVIDENCE SUBMITTED IN OPPOSITION TO ATLANTIC'S MOTION

**Separate Statement Paragraph 182**: Objection to the supporting statements from the Rebuttal Expert Report of Harold Koh (Ex. C to Declaration of Harold Koh) on the grounds that the plaintiffs' designated expert, Koh, lacks personal knowledge necessary to make this assertion. He also fails to offer any foundation for this assertion. It is a conclusion without any facts offered to support that conclusion, and is thus improperly conclusory.

Fed. R. Evid. 602; Fed. R. Civ. Proc. 56(c)(4); *Guidroz-Brault v. Mo. Pac. R.R.Co.*, 254 F.3d 825, 830-31 (9th Cir. 2001) (Expert affidavit excluded where the expert's opinion was based on a factual assumption that was not sufficiently founded on facts). (*Cleveland v. Groceryworks.com, LLC*, 200 F. Supp. 3d 924, 940 (N.D. Cal. 2016) (where there is insufficient factual matter to support an inference grounded in observation or first-hand personal experience, the affidavit in its entirety, or portions not reflecting the affiant's personal knowledge, will be stricken if challenged); *Bradlow v. Castano Group*, No. C06-05344-MJJ, 2008 U.S. Dist. LEXIS 119924, at *43 (N.D. Cal. Apr. 3, 2008) (witness's conclusory testimony lacked foundation and was inadmissible speculation as to the contents of the minds of others, and his declaration failed to set forth any facts that would lay a foundation for his conclusion); *Meador v. Hammer*, No. 2:11-cv-03342-KJM-AC-P, 2015 U.S. Dist. LEXIS 32062, *9-10 (E.D. Cal. Mar. 16, 2015) ("Statements in affidavits that are legal conclusions, speculative assertions, or statements of hearsay evidence do not satisfy the standards of personal knowledge, admissibility, and competence required by 56(c)(4).").

**Separate Statement Paragraph 183**: Objection to the supporting statements from paragraph 18 of the Andrea Garber Declaration ("Garber Declaration") on the grounds that it is incomplete, misleading and misstates the evidence. The plaintiffs cite part of the denial letter that Atlantic issued to NBCU, but only a small part. The denial letter in another part cites the ordinary meaning of the term "war" and states that the

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

32

"sophisticated military weapons fired" were all taken into account into its decision that coverage did not apply. *See* Denial Letter, Garber Decl. ¶ 18, Ex. 12, p. 87-89.

**Separate Statement Paragraph 184**: Objection to the supporting statements from the Rebuttal Expert Report of Ty Sagalow (Ex. D to Declaration of Ty Sagalow) on the grounds that the plaintiffs' designated expert, Sagalow, lacks personal knowledge necessary to make this assertion. He also fails to offer any foundation for this assertion. It is a conclusion without any facts offered to support that conclusion, and is thus not only conclusory but also speculative. Further, Sagalow's statement is evidence of how other coverage disputes were handled, which is improper parol or extrinsic evidence. Objection to the supporting statements from newspaper articles (Universal Exs. 63-64) on the grounds that they constitute inadmissible hearsay as they are offered for the truth of the matter asserted and no exception is applicable. There is also no evidence sufficient to support a finding that the authors have personal knowledge of the factual matter stated. Further, the articles are evidence outside the four corners of the Policy at issue, which is improper parol or extrinsic evidence.

Fed. R. Civ. P. 56(c), (e); Fed. R. Evid. 602, 701, 801, 802; *Guidroz-Brault v. Mo. Pac. R.R.Co.*, 254 F.3d 825, 830-31 (9th Cir. 2001) (Expert affidavit excluded where the expert's opinion was based on a factual assumption that was not sufficiently founded on facts). (*Cleveland v. Groceryworks.com, LLC*, 200 F. Supp. 3d 924, 940 (N.D. Cal. 2016) (where there is insufficient factual matter to support an inference grounded in observation or first-hand personal experience, the affidavit in its entirety, or portions not reflecting the affiant's personal knowledge, will be stricken if challenged); *Bradlow v. Castano Group*, No. C06-05344-MJJ, 2008 U.S. Dist. LEXIS 119924, at *43 (N.D. Cal. Apr. 3, 2008) (witness's conclusory testimony lacked foundation and was inadmissible speculation as to the contents of the minds of others, and his declaration failed to set forth any facts that would lay a foundation for his conclusion); *Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App.

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

1962) ("When the terms or provisions of an instrument are clear and certain, extrinsic evidence to explain or interpret them is not admissible.").

**Separate Statement Paragraph 185**: Objection to the supporting statements from the Rebuttal Expert Report of Matthew Levitt (Ex. D to Declaration of Matthew Levitt) on the grounds that the plaintiffs' designated expert, Levitt, lacks personal knowledge necessary to make this assertion. He also fails to offer any foundation for this assertion. It is a conclusion without any facts offered to support that conclusion, and is thus improperly conclusory.

Fed. R. Evid. 602; Fed. R. Civ. Proc. 56(c)(4); *Guidroz-Brault v. Mo. Pac. R.R.Co.*, 254 F.3d 825, 830-31 (9th Cir. 2001) (Expert affidavit excluded where the expert's opinion was based on a factual assumption that was not sufficiently founded on facts). (*Cleveland v. Groceryworks.com, LLC*, 200 F. Supp. 3d 924, 940 (N.D. Cal. 2016) (where there is insufficient factual matter to support an inference grounded in observation or first-hand personal experience, the affidavit in its entirety, or portions not reflecting the affiant's personal knowledge, will be stricken if challenged); *Bradlow v. Castano Group*, No. C06-05344-MJJ, 2008 U.S. Dist. LEXIS 119924, at *43 (N.D. Cal. Apr. 3, 2008) (witness's conclusory testimony lacked foundation and was inadmissible speculation as to the contents of the minds of others, and his declaration failed to set forth any facts that would lay a foundation for his conclusion); *Meador v. Hammer*, No. 2:11-cv-03342-KJM-AC-P, 2015 U.S. Dist. LEXIS 32062, *9-10 (E.D. Cal. Mar. 16, 2015) ("Statements in affidavits that are legal conclusions, speculative assertions, or statements of hearsay evidence do not satisfy the standards of personal knowledge, admissibility, and competence required by 56(c)(4).").

**Separate Statement Paragraph 187**: Objection to the supporting statements from the Rebuttal Expert Report of Matthew Levitt (Ex. D to Declaration of Matthew Levitt) and

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

1  the Rebuttal Expert Report of Harold Koh (Ex. C. to Declaration of Harold Koh) on the

2  grounds that the plaintiffs' designated experts, Levitt and Koh, lack personal knowledge

3  necessary to make this assertion. They also fail to offer any foundation for this assertion. It

4  is a conclusion without any facts offered to support that conclusion, and is thus

5  improperly conclusory.

6

7  Fed. R. Evid. 602; Fed. R. Civ. Proc. 56(c)(4); *Guidroz-Brault v. Mo. Pac. R.R.Co.*, 254 F.3d

8  825, 830-31 (9th Cir. 2001) (Expert affidavit excluded where the expert's opinion was

9  based on a factual assumption that was not sufficiently founded on facts). (*Cleveland v.*

10  *Groceryworks.com, LLC*, 200 F. Supp. 3d 924, 940 (N.D. Cal. 2016) (where there is

11  insufficient factual matter to support an inference grounded in observation or first-hand

12  personal experience, the affidavit in its entirety, or portions not reflecting the affiant's

13  personal knowledge, will be stricken if challenged); *Bradlow v. Castano Group*, No. C06-

14  05344-MJJ, 2008 U.S. Dist. LEXIS 119924, at *43 (N.D. Cal. Apr. 3, 2008) (witness's

15  conclusory testimony lacked foundation and was inadmissible speculation as to the

16  contents of the minds of others, and his declaration failed to set forth any facts that would

17  lay a foundation for his conclusion); *Meador v. Hammer*, No. 2:11-cv-03342-KJM-AC-P,

18  2015 U.S. Dist. LEXIS 32062, *9-10 (E.D. Cal. Mar. 16, 2015) ("Statements in affidavits

19  that are legal conclusions, speculative assertions, or statements of hearsay evidence do not

20  satisfy the standards of personal knowledge, admissibility, and competence required by

21  56(c)(4).").

22

23  **Separate Statement Paragraph 189**: Objection to the supporting statements from the

24  Rebuttal Expert Report of Dennis Ross (Ex. B to Declaration of Dennis Ross) and the

25  Rebuttal Expert Report of Harold Koh (Ex. C. to Declaration of Harold Koh) on the

26  grounds that the plaintiffs' designated experts, Ross and Koh, lack personal knowledge

27  necessary to make this assertion. They also fail to offer any foundation for this assertion. It

28  is a conclusion without any facts offered to support that conclusion, and is thus

improperly conclusory. Ross and Koh's statements are also legal conclusions, which are not proper summary judgment evidence.

Fed. R. Evid. 602, Fed. R. Civ. P. 56(c); *Guidroz-Brault v. Mo. Pac. R.R.Co.*, 254 F.3d 825, 830-31 (9th Cir. 2001) (Expert affidavit excluded where the expert's opinion was based on a factual assumption that was not sufficiently founded on facts). (*Cleveland v. Groceryworks.com, LLC*, 200 F. Supp. 3d 924, 940 (N.D. Cal. 2016) (where there is insufficient factual matter to support an inference grounded in observation or first-hand personal experience, the affidavit in its entirety, or portions not reflecting the affiant's personal knowledge, will be stricken if challenged); *Bradlow v. Castano Group*, No. C06-05344-MJJ, 2008 U.S. Dist. LEXIS 119924, at *43 (N.D. Cal. Apr. 3, 2008) (witness's conclusory testimony lacked foundation and was inadmissible speculation as to the contents of the minds of others, and his declaration failed to set forth any facts that would lay a foundation for his conclusion); *Meador v. Hammer*, No. 2:11-cv-03342-KJM-AC-P, 2015 U.S. Dist. LEXIS 32062, *9-10 (E.D. Cal. Mar. 16, 2015) ("Statements in affidavits that are legal conclusions, speculative assertions, or statements of hearsay evidence do not satisfy the standards of personal knowledge, admissibility, and competence required by 56(c)(4)."); *Orellana v. Cnty. of L.A.*, No. CV 12-01944 MMM (CWx), 2013 U.S. Dist. LEXIS 198186, at *63 n.94 (C.D. Cal. Apr. 29, 2013) ("An expert's conclusory legal 'opinions,' untethered to facts, are inadmissible.") (citing 29 Charles Alan Wright & Victor James Gold, Federal Practice and Procedure: Evidence § 6264, at 217-213 (1997)).

**Separate Statement Paragraph 191**: Objection to the supporting statements from the Rebuttal Expert Report of Matthew Levitt (Ex. D to Declaration of Matthew Levitt) on the grounds that the plaintiffs' designated expert, Levitt, lacks personal knowledge necessary to make this assertion. He also fails to offer any foundation for this assertion. It is a conclusion without any facts offered to support that conclusion, and is thus improperly conclusory. Further, the statement misstates the evidence and is misleading.

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

Levitt's support for the statement (footnote 100) is a brief U.N. report that summarizes detailed findings of the U.N. Human Rights Council. The actual detailed report, attached as Ex. 6 to Atlantic's Evidence, states only that the commission "cannot exclude the possibility" that Hamas's intent was to spread terror because many of its rockets did not have targeting capabilities. Ex. 6 to Atlantic's Evidence at p. 238. Moreover, even if the Court takes Levitt at his word as to what one of Hamas's purposes was, he does not rule out others.

Fed. R. Evid. 602; Fed. R. Civ. Proc. 56(c)(4); *Guidroz-Brault v. Mo. Pac. R.R.Co.*, 254 F.3d 825, 830-31 (9th Cir. 2001) (Expert affidavit excluded where the expert's opinion was based on a factual assumption that was not sufficiently founded on facts). (*Cleveland v. Groceryworks.com, LLC*, 200 F. Supp. 3d 924, 940 (N.D. Cal. 2016) (where there is insufficient factual matter to support an inference grounded in observation or first-hand personal experience, the affidavit in its entirety, or portions not reflecting the affiant's personal knowledge, will be stricken if challenged); *Bradlow v. Castano Group*, No. C06-05344-MJJ, 2008 U.S. Dist. LEXIS 119924, at *43 (N.D. Cal. Apr. 3, 2008) (witness's conclusory testimony lacked foundation and was inadmissible speculation as to the contents of the minds of others, and his declaration failed to set forth any facts that would lay a foundation for his conclusion); *Meador v. Hammer*, No. 2:11-cv-03342-KJM-AC-P, 2015 U.S. Dist. LEXIS 32062, *9-10 (E.D. Cal. Mar. 16, 2015) ("Statements in affidavits that are legal conclusions, speculative assertions, or statements of hearsay evidence do not satisfy the standards of personal knowledge, admissibility, and competence required by 56(c)(4).").

**Separate Statement Paragraph 192**: Objection to the supporting statements of the Theresa Gooley deposition (Universal's Ex. 45) on the grounds that the Gooley statements are evidence relating to the interpretation of the Policy outside its four corners, which is improper parol or extrinsic evidence. *Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App.

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

1962) ("When the terms or provisions of an instrument are clear and certain, extrinsic evidence to explain or interpret them is not admissible.").

**Separate Statement Paragraph 193**: Objection to the purported fact on the grounds that it is irrelevant as the Plaintiffs have not pleaded mistake. Fed. R. Evid. 402. Fed. R. Evid. 402. Further, the Walden declaration should be stricken from evidence for the Plaintiffs' failure to disclose Mr. Walden in its Rule 26(a) initial disclosures. RSI 254; Exhibit 168 to Atlantic's Evid. Fed. R. Civ. Proc. 26(a), 37(c). The plaintiffs' decision not to disclose Mr. Walden caused Atlantic not to depose him, prejudicing Atlantic. Objection to the supporting statements of paragraphs 19 through 23 and 25 through 27 of the Walden Declaration on the grounds that the Walden statements are evidence of language outside the four corners of the Policy at issue, which is improper parol or extrinsic evidence. *Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962) ("When the terms or provisions of an instrument are clear and certain, extrinsic evidence to explain or interpret them is not admissible.").

**Separate Statement Paragraph 194**: Objection to the purported fact on the grounds that it is irrelevant as the Plaintiffs have not pleaded mistake. Fed. R. Evid. 402. Fed. R. Evid. 402. Further, the Walden declaration should be stricken from evidence for the Plaintiffs' failure to disclose Mr. Walden in its Rule 26(a) initial disclosures. RSI 254; Exhibit 168 to Atlantic's Evid. Fed. R. Civ. Proc. 26(a), 37(c). The plaintiffs' decision not to disclose Mr. Walden caused Atlantic not to depose him, prejudicing Atlantic. Objection to the supporting statements of paragraph 23 of the Walden Declaration on the grounds that the Walden statements are evidence of language outside the four corners of the Policy at issue, which is improper parol or extrinsic evidence. *Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962) ("When the terms or provisions of an instrument are clear and certain, extrinsic evidence to explain or interpret them is not admissible.").

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

**Separate Statement Paragraph 195**: Objection to the purported fact on the grounds that it is irrelevant as the Plaintiffs have not pleaded mistake. Fed. R. Evid. 402. Fed. R. Evid. 402. Further, the Walden declaration should be stricken from evidence for the Plaintiffs' failure to disclose Mr. Walden in its Rule 26(a) initial disclosures. RSI 254; Exhibit 168 to Atlantic's Evid. Fed. R. Civ. Proc. 26(a), 37(c). The plaintiffs' decision not to disclose Mr. Walden caused Atlantic not to depose him, prejudicing Atlantic. Objection to the supporting statements of paragraph 25 of the Walden Declaration on the grounds that the Walden statements are evidence of language outside the four corners of the Policy at issue, which is improper parol or extrinsic evidence. *Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962) ("When the terms or provisions of an instrument are clear and certain, extrinsic evidence to explain or interpret them is not admissible.").

**Separate Statement Paragraph 196**: Objection to the supporting statements from the Rebuttal Expert Report of Ty Sagalow (Ex. A to Declaration of Ty Sagalow) on the grounds that the plaintiffs' designated expert, Sagalow, lacks personal knowledge necessary to make this assertion. He also fails to offer any foundation for this assertion. It is a conclusion without any facts offered to support that conclusion, and is thus improperly conclusory. Sagalow's statements are also a legal conclusion or opinion, which is not proper summary judgment evidence.

Fed. R. Evid. 602, Fed. R. Civ. P. 56(c); *Guidroz-Brault v. Mo. Pac. R.R.Co.*, 254 F.3d 825, 830-31 (9th Cir. 2001) (Expert affidavit excluded where the expert's opinion was based on a factual assumption that was not sufficiently founded on facts). (*Cleveland v. Groceryworks.com, LLC*, 200 F. Supp. 3d 924, 940 (N.D. Cal. 2016) (where there is insufficient factual matter to support an inference grounded in observation or first-hand personal experience, the affidavit in its entirety, or portions not reflecting the affiant's personal knowledge, will be stricken if challenged); *Bradlow v. Castano Group*, No. C06-05344-MJJ, 2008 U.S. Dist. LEXIS 119924, at *43 (N.D. Cal. Apr. 3, 2008) (witness's

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

39

ATLANTIC'S OBJECTIONS TO PLAINTIFFS' EVIDENCE SUBMITTED IN OPPOSITION TO ATLANTIC'S MOTION

conclusory testimony lacked foundation and was inadmissible speculation as to the contents of the minds of others, and his declaration failed to set forth any facts that would lay a foundation for his conclusion); *Meador v. Hammer*, No. 2:11-cv-03342-KJM-AC-P, 2015 U.S. Dist. LEXIS 32062, *9-10 (E.D. Cal. Mar. 16, 2015) ("Statements in affidavits that are legal conclusions, speculative assertions, or statements of hearsay evidence do not satisfy the standards of personal knowledge, admissibility, and competence required by 56(c)(4)."); *Orellana v. Cnty. of L.A.*, No. CV 12-01944 MMM (CWx), 2013 U.S. Dist. LEXIS 198186, at *63 n.94 (C.D. Cal. Apr. 29, 2013) ("An expert's conclusory legal 'opinions,' untethered to facts, are inadmissible.") (citing 29 Charles Alan Wright & Victor James Gold, Federal Practice and Procedure: Evidence § 6264, at 217-213 (1997)).

**Separate Statement Paragraph 197**: Objection to the supporting statements from the Rebuttal Expert Report of Ty Sagalow (Ex. A to Declaration of Ty Sagalow) on the grounds that the plaintiffs' designated expert, Sagalow, lacks personal knowledge necessary to make this assertion. He also fails to offer any foundation for this assertion. It is a conclusion without any facts offered to support that conclusion, and is thus improperly conclusory. Sagalow's statements are also a legal conclusion or opinion, which is not proper summary judgment evidence.

Fed. R. Evid. 602, Fed. R. Civ. P. 56(c); *Guidroz-Brault v. Mo. Pac. R.R.Co.*, 254 F.3d 825, 830-31 (9th Cir. 2001) (Expert affidavit excluded where the expert's opinion was based on a factual assumption that was not sufficiently founded on facts). (*Cleveland v. Groceryworks.com, LLC*, 200 F. Supp. 3d 924, 940 (N.D. Cal. 2016) (where there is insufficient factual matter to support an inference grounded in observation or first-hand personal experience, the affidavit in its entirety, or portions not reflecting the affiant's personal knowledge, will be stricken if challenged); *Bradlow v. Castano Group*, No. C06-05344-MJJ, 2008 U.S. Dist. LEXIS 119924, at *43 (N.D. Cal. Apr. 3, 2008) (witness's conclusory testimony lacked foundation and was inadmissible speculation as to the

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

1  contents of the minds of others, and his declaration failed to set forth any facts that would

2  lay a foundation for his conclusion); *Meador v. Hammer*, No. 2:11-cv-03342-KJM-AC-P,

3  2015 U.S. Dist. LEXIS 32062, *9-10 (E.D. Cal. Mar. 16, 2015) ("Statements in affidavits

4  that are legal conclusions, speculative assertions, or statements of hearsay evidence do not

5  satisfy the standards of personal knowledge, admissibility, and competence required by

6  56(c)(4)."); *Orellana v. Cnty. of L.A.*, No. CV 12-01944 MMM (CWx), 2013 U.S. Dist.

7  LEXIS 198186, at *63 n.94 (C.D. Cal. Apr. 29, 2013) ("An expert's conclusory legal

8  'opinions,' untethered to facts, are inadmissible.") (citing 29 Charles Alan Wright & Victor

9  James Gold, Federal Practice and Procedure: Evidence § 6264, at 217-213 (1997)).

10

11  **Separate Statement Paragraph 199**: Objection to the supporting statements from the

12  Rebuttal Expert Report of Matthew Levitt (Ex. A to Declaration of Matthew Levitt) and

13  the Rebuttal Expert Report of Harold Koh (Ex. C to Declaration of Harold Koh) on the

14  grounds that the plaintiffs' designated experts, Levitt and Koh, lack personal knowledge

15  necessary to make this assertion. They also fail to offer any foundation for this assertion. It

16  is a conclusion without any facts offered to support that conclusion, and is thus

17  improperly conclusory. It also assumes facts not in evidence (the alleged indiscriminate

18  firings of rockets that lack directional controls to ensure they are hitting military targets).

19  Levitt and Koh's conclusions that Hamas's actions constituted acts of terror and were not

20  for military advantage is also a legal conclusion, which is not proper summary judgment

21  evidence. Further, the statement misstates the evidence and is misleading. Levitt's support

22  for the statement (footnote 100) is a brief U.N. report that summarizes detailed findings of

23  the U.N. Human Rights Council. The actual detailed report, attached as Ex. 6 to Atlantic's

24  Evidence, states only that the commission "cannot exclude the possibility" that Hamas's

25  intent was to spread terror because many of its rockets did not have targeting capabilities.

26  Ex. 6 to Atlantic's Evidence at p. 238. Moreover, even if the Court takes Levitt at his word

27  as to what one of Hamas's purposes was, he does not rule out others.

28

ATLANTIC'S OBJECTIONS TO PLAINTIFFS' EVIDENCE SUBMITTED IN OPPOSITION
TO ATLANTIC'S MOTION

Fed. R. Evid. 602; Fed. R. Civ. Proc. 56(c)(4); *Guidroz-Brault v. Mo. Pac. R.R.Co.*, 254 F.3d 825, 830-31 (9th Cir. 2001) (Expert affidavit excluded where the expert's opinion was based on a factual assumption that was not sufficiently founded on facts). (*Cleveland v. Groceryworks.com, LLC*, 200 F. Supp. 3d 924, 940 (N.D. Cal. 2016) (where there is insufficient factual matter to support an inference grounded in observation or first-hand personal experience, the affidavit in its entirety, or portions not reflecting the affiant's personal knowledge, will be stricken if challenged); *Bradlow v. Castano Group*, No. C06-05344-MJJ, 2008 U.S. Dist. LEXIS 119924, at *43 (N.D. Cal. Apr. 3, 2008) (witness's conclusory testimony lacked foundation and was inadmissible speculation as to the contents of the minds of others, and his declaration failed to set forth any facts that would lay a foundation for his conclusion); *Meador v. Hammer*, No. 2:11-cv-03342-KJM-AC-P, 2015 U.S. Dist. LEXIS 32062, *9-10 (E.D. Cal. Mar. 16, 2015) ("Statements in affidavits that are legal conclusions, speculative assertions, or statements of hearsay evidence do not satisfy the standards of personal knowledge, admissibility, and competence required by 56(c)(4).").

**Separate Statement Paragraph 200**: Objection to the supporting statements of the Theresa Gooley deposition (Universal's Ex. 45) on the grounds that the Gooley statements are evidence relating to the interpretation of the Policy outside its four corners, which is improper parol or extrinsic evidence. *Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962) ("When the terms or provisions of an instrument are clear and certain, extrinsic evidence to explain or interpret them is not admissible.").

**Separate Statement Paragraph 210**: Objection to the statement on the grounds that it is vague and misleading. The loss caused by terrorism is covered under the Policy only if it comes within a coverage provision and is not otherwise excluded. And although there is not an exclusion in the policy that specifically mentions terrorism, other exclusions may exclude some acts of terror.

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

**Separate Statement Paragraph 213**: Objection to the supporting statements from the Rebuttal Expert Report of Ty Sagalow (Ex. A to Declaration of Ty Sagalow) on the grounds that the plaintiffs' designated expert, Sagalow, lacks personal knowledge necessary to make this assertion. He also fails to offer any foundation for this assertion. It is a conclusion without any facts offered to support that conclusion, and is thus improperly conclusory. Sagalow's statements are also a legal conclusion or opinion, which is not proper summary judgment evidence.

Fed. R. Evid. 602, Fed. R. Civ. P. 56(c); *Guidroz-Brault v. Mo. Pac. R.R.Co.*, 254 F.3d 825, 830-31 (9th Cir. 2001) (Expert affidavit excluded where the expert's opinion was based on a factual assumption that was not sufficiently founded on facts). (*Cleveland v. Groceryworks.com, LLC*, 200 F. Supp. 3d 924, 940 (N.D. Cal. 2016) (where there is insufficient factual matter to support an inference grounded in observation or first-hand personal experience, the affidavit in its entirety, or portions not reflecting the affiant's personal knowledge, will be stricken if challenged); *Bradlow v. Castano Group*, No. C06-05344-MJJ, 2008 U.S. Dist. LEXIS 119924, at *43 (N.D. Cal. Apr. 3, 2008) (witness's conclusory testimony lacked foundation and was inadmissible speculation as to the contents of the minds of others, and his declaration failed to set forth any facts that would lay a foundation for his conclusion); *Meador v. Hammer*, No. 2:11-cv-03342-KJM-AC-P, 2015 U.S. Dist. LEXIS 32062, *9-10 (E.D. Cal. Mar. 16, 2015) ("Statements in affidavits that are legal conclusions, speculative assertions, or statements of hearsay evidence do not satisfy the standards of personal knowledge, admissibility, and competence required by 56(c)(4)."); *Orellana v. Cnty. of L.A.*, No. CV 12-01944 MMM (CWx), 2013 U.S. Dist. LEXIS 198186, at *63 n.94 (C.D. Cal. Apr. 29, 2013) ("An expert's conclusory legal 'opinions,' untethered to facts, are inadmissible.") (citing 29 Charles Alan Wright & Victor James Gold, Federal Practice and Procedure: Evidence § 6264, at 217-213 (1997)).

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

**Separate Statement Paragraph 214**: Objection to the supporting statements from the Rebuttal Expert Report of Dennis Ross (Ex. B to Declaration of Dennis Ross), the Rebuttal Expert Report of Harold Koh (Ex. C. to Declaration of Harold Koh) and the Rebuttal Expert Report of Matthew Levitt (Ex. A. to Declaration of Matthew Levitt) on the grounds that the plaintiffs' designated experts, Ross, Koh and Levitt, lack personal knowledge necessary to make this assertion. They also fail to offer any foundation for this assertion. It is a conclusion without any facts offered to support that conclusion, and is thus improperly conclusory. Ross, Koh and Levitt's statements are also legal conclusions, which are not proper summary judgment evidence.

Fed. R. Evid. 602, Fed. R. Civ. P. 56(c); *Guidroz-Brault v. Mo. Pac. R.R.Co.*, 254 F.3d 825, 830-31 (9th Cir. 2001) (Expert affidavit excluded where the expert's opinion was based on a factual assumption that was not sufficiently founded on facts). (*Cleveland v. Groceryworks.com, LLC*, 200 F. Supp. 3d 924, 940 (N.D. Cal. 2016) (where there is insufficient factual matter to support an inference grounded in observation or first-hand personal experience, the affidavit in its entirety, or portions not reflecting the affiant's personal knowledge, will be stricken if challenged); *Bradlow v. Castano Group*, No. C06-05344-MJJ, 2008 U.S. Dist. LEXIS 119924, at *43 (N.D. Cal. Apr. 3, 2008) (witness's conclusory testimony lacked foundation and was inadmissible speculation as to the contents of the minds of others, and his declaration failed to set forth any facts that would lay a foundation for his conclusion); *Meador v. Hammer*, No. 2:11-cv-03342-KJM-AC-P, 2015 U.S. Dist. LEXIS 32062, *9-10 (E.D. Cal. Mar. 16, 2015) ("Statements in affidavits that are legal conclusions, speculative assertions, or statements of hearsay evidence do not satisfy the standards of personal knowledge, admissibility, and competence required by 56(c)(4)."); *Orellana v. Cnty. of L.A.*, No. CV 12-01944 MMM (CWx), 2013 U.S. Dist. LEXIS 198186, at *63 n.94 (C.D. Cal. Apr. 29, 2013) ("An expert's conclusory legal 'opinions,' untethered to facts, are inadmissible.") (citing 29 Charles Alan Wright & Victor James Gold, Federal Practice and Procedure: Evidence § 6264, at 217-213 (1997)).

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

ATLANTIC'S OBJECTIONS TO PLAINTIFFS' EVIDENCE SUBMITTED IN OPPOSITION TO ATLANTIC'S MOTION

**Separate Statement Paragraph 222**: Objection to the supporting statements from the Expert Report (Ex. D to Ty Sagalow Declaration) and the Rebuttal Expert Report of Ty Sagalow (Ex. A to Declaration of Ty Sagalow) on the grounds that the plaintiffs' designated expert, Sagalow, lacks personal knowledge necessary to make this assertion. He also fails to offer any foundation for this assertion. It is a conclusion without any facts offered to support that conclusion, and is thus improperly conclusory. Sagalow's statements are also a legal conclusion or opinion, which is not proper summary judgment evidence.

Fed. R. Evid. 602, Fed. R. Civ. P. 56(c); *Guidroz-Brault v. Mo. Pac. R.R.Co.*, 254 F.3d 825, 830-31 (9th Cir. 2001) (Expert affidavit excluded where the expert's opinion was based on a factual assumption that was not sufficiently founded on facts). (*Cleveland v. Groceryworks.com, LLC*, 200 F. Supp. 3d 924, 940 (N.D. Cal. 2016) (where there is insufficient factual matter to support an inference grounded in observation or first-hand personal experience, the affidavit in its entirety, or portions not reflecting the affiant's personal knowledge, will be stricken if challenged); *Bradlow v. Castano Group*, No. C06-05344-MJJ, 2008 U.S. Dist. LEXIS 119924, at *43 (N.D. Cal. Apr. 3, 2008) (witness's conclusory testimony lacked foundation and was inadmissible speculation as to the contents of the minds of others, and his declaration failed to set forth any facts that would lay a foundation for his conclusion); *Meador v. Hammer*, No. 2:11-cv-03342-KJM-AC-P, 2015 U.S. Dist. LEXIS 32062, *9-10 (E.D. Cal. Mar. 16, 2015) ("Statements in affidavits that are legal conclusions, speculative assertions, or statements of hearsay evidence do not satisfy the standards of personal knowledge, admissibility, and competence required by 56(c)(4)."); *Orellana v. Cnty. of L.A.*, No. CV 12-01944 MMM (CWx), 2013 U.S. Dist. LEXIS 198186, at *63 n.94 (C.D. Cal. Apr. 29, 2013) ("An expert's conclusory legal 'opinions,' untethered to facts, are inadmissible.") (citing 29 Charles Alan Wright & Victor James Gold, Federal Practice and Procedure: Evidence § 6264, at 217-213 (1997)).

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

**Separate Statement Paragraph 223**: Objection to the supporting statements from the Rebuttal Expert Report of Matthew Levitt (Ex. D to Declaration of Matthew Levitt) on the grounds that the plaintiffs' designated expert, Levitt, lacks personal knowledge necessary to make this assertion. He also fails to offer any foundation for this assertion. It is a conclusion without any facts offered to support that conclusion, and is thus improperly conclusory.

Fed. R. Evid. 602, Fed. R. Civ. P. 56(c); *Guidroz-Brault v. Mo. Pac. R.R.Co.*, 254 F.3d 825, 830-31 (9th Cir. 2001) (Expert affidavit excluded where the expert's opinion was based on a factual assumption that was not sufficiently founded on facts). (*Cleveland v. Groceryworks.com, LLC*, 200 F. Supp. 3d 924, 940 (N.D. Cal. 2016) (where there is insufficient factual matter to support an inference grounded in observation or first-hand personal experience, the affidavit in its entirety, or portions not reflecting the affiant's personal knowledge, will be stricken if challenged); *Bradlow v. Castano Group*, No. C06-05344-MJJ, 2008 U.S. Dist. LEXIS 119924, at *43 (N.D. Cal. Apr. 3, 2008) (witness's conclusory testimony lacked foundation and was inadmissible speculation as to the contents of the minds of others, and his declaration failed to set forth any facts that would lay a foundation for his conclusion); *Meador v. Hammer*, No. 2:11-cv-03342-KJM-AC-P, 2015 U.S. Dist. LEXIS 32062, *9-10 (E.D. Cal. Mar. 16, 2015) ("Statements in affidavits

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

ATLANTIC'S OBJECTIONS TO PLAINTIFFS' EVIDENCE SUBMITTED IN OPPOSITION TO ATLANTIC'S MOTION

1  that are legal conclusions, speculative assertions, or statements of hearsay evidence

2  do not satisfy the standards of personal knowledge, admissibility, and competence

3  required by 56(c)(4).").

4

5

6  DATED:  MAY 8, 2017                    MARC J. SHRAKE, ESQ.
                                         ANDERSON, MCPHARLIN & CONNERS
7                                        LLP

8                                        MICHAEL KEELEY, ESQ.
                                         CARLA C. CRAPSTER, ESQ.
9                                        STRASBURGER & PRICE, LLP

10

11                                       By:    /s/ Michael Keeley
                                                Michael Keeley
12                                              Attorneys for Defendant
                                                Atlantic Specialty Insurance Company

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594