LUCIA E. COYOCA (SBN 128314)
  lec@msk.com
VALENTINE A. SHALAMITSKI (SBN 236061)
  vas@msk.com
DANIEL M. HAYES (SBN 240250)
  dmh@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, CA 90064-1683
Telephone:  (310) 312-2000
Facsimile:   (310) 312-3100

Attorneys for Attorneys for Plaintiffs
Universal Cable Productions LLC and
Northern Entertainment Productions LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

UNIVERSAL CABLE
PRODUCTIONS LLC, a Delaware
limited liability company, and
NORTHERN ENTERTAINMENT
PRODUCTIONS LLC, a Delaware
limited liability company,

        Plaintiffs,

        v.

ATLANTIC SPECIALTY
INSURANCE COMPANY, a New
York insurance company,

        Defendant.

CASE NO. 2:16-cv-4435-PA-MRW

Honorable Percy Anderson

**PLAINTIFFS' RESPONSE TO ATLANTIC SPECIALTY INSURANCE COMPANY'S OBJECTIONS TO EVIDENCE SUBMITTED BY PLAINTIFFS IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

[Reply Memorandum iso Plaintiff Universal's Motion for Partial Summary Judgment; Reply to Atlantic's Statement of Genuine Disputes of Material Facts and Additional Material Facts; and Evidentiary Objections to Atlantic's Additional Material Facts filed concurrently herewith]

Date:        May 22, 2017
Time:        1:30 pm
Ctrm.:      9A, First St. Courthouse

File Date:      June 20, 2016
Trial Date :    July 25, 2017

Plaintiffs Universal Cable Productions LLC and Northern Entertainment Productions LLC (collectively "Plaintiffs"), hereby respond to Defendant Atlantic Specialty Insurance Company's ("Atlantic) Objections to Evidence Submitted By Plaintiffs (ECF No. 73), as follows.  Below, Plaintiffs have reproduced each of Atlantic's Evidentiary Objections in its entirety, and have responded beneath the Objection.

**Separate Statement Paragraph 10:** Objection to the statement on the grounds that it is incomplete and therefore misstates the evidence and is misleading. The Policy is more specific regarding what it covers and the circumstances under which such expenses are covered than the statement indicates. Policy, Section III – Extra Expenses § I attached as Ex. 43 to Coyoca Decl.

**<u>Plaintiffs' Response:</u>**  This is not a proper evidentiary objection.  Atlantic's objection does not address the admissibility of evidence; rather, Atlantic's argument goes to the weight of evidence, the merits of the parties' contentions, or the purported existence of a disputed issue of fact.  Therefore, Atlantic's objection should be overruled.

**Separate Statement Paragraph 13:** Objection to the statement on the grounds that it is vague and misleading. Although the Policy does not include an exclusion that has the word terrorism in it, this does not mean that some loss caused by acts of terror will not be excluded. In particular, Atlantic contends the exclusions for war can encompass some acts of terrorism.

**<u>Plaintiffs' Response:</u>**  This is not a proper evidentiary objection.  Atlantic's objection does not address the admissibility of evidence; rather, Atlantic's argument goes to the weight of evidence, the merits of the parties' contentions, or the purported existence of a disputed issue of fact.  Therefore, Atlantic's objection should be overruled.

**Separate Statement Paragraph 19:** Objection to the statement on the grounds that the plaintiffs' designated expert, Matthew Levitt, lacks personal knowledge necessary to make this assertion. He also fails to offer any foundation for this assertion. It is a conclusion without any facts offered to support that conclusion.

Fed. R. Evid. 602; *Guidroz-Brault v. Mo. Pac. R.R.Co.*, 254 F.3d 825, 830-31 (9th Cir. 2001) (Expert affidavit excluded where the expert's opinion was based on a factual assumption that was not sufficiently founded on facts). (*Cleveland v. Groceryworks.com, LLC*, 200 F. Supp. 3d 924, 940 (N.D. Cal. 2016) (where there is insufficient factual matter to support an inference grounded in observation or first-hand personal experience, the affidavit in its entirety, or portions not reflecting the affiant's personal knowledge, will be stricken if challenged); *Bradlow v. Castano Group*, No. C06-05344-MJJ, 2008 U.S. Dist. LEXIS 119924, at *43 (N.D. Cal. Apr. 3, 2008) (witness's conclusory testimony lacked foundation and was inadmissible speculation as to the contents of the minds of others, and his declaration failed to set forth any facts that would lay a foundation for his conclusion).

**Plaintiffs' Response:** Expert witnesses are not bound by the personal knowledge requirement of Federal Rule of Evidence 602. Fed. R. Evid. 602 ("This rule does not apply to a witness's expert testimony under Rule 703."); *Huezo v. L.A. Cmty. Coll. Dist.*, 2007 U.S. Dist. LEXIS 100116, at *12 n.18 (C.D. Cal. Feb. 26, 2007) ("Under the Federal Rules of Evidence, the 'facts and data' upon which an expert bases his opinions do not have to be personally known to him, but may instead be 'made known' to him by 'presentation . . . outside of court and other than by his own perception.'"). Moreover, Atlantic's assertion that Dr. Levitt lacks knowledge sufficient to make the challenged statement is spurious. *See Linde v. Arab Bank*, 922 F. Supp. 2d 316, 324-25 (E.D.N.Y. 2013) ("Dr. Levitt is clearly qualified to testify as an expert in terrorist organizations, including Hamas, ***its history and***

Mitchell
Silberberg &
Knupp LLP

*organization*, and the structure of the social wing of Hamas (including zakat committees), which are precisely the subjects at issue here. His methodology has been recognized as the 'gold standard in the field of international terrorism.'") (emphasis added). *See also Cleveland v. United States*, 546 F. Supp. 2d 732, 774 (N.D. Cal. 2008) ("The declarations set forth [witness's] educational background and work experience, and describe his duties and responsibilities as a Forest Service employee, and his knowledge of Forest Service policies and procedures. The court finds that Cross has established that he has the requisite personal knowledge to state the facts asserted, including historical facts, and that he has set forth sufficient information to support those facts.").

Moreover, the report of Mr. Levitt lays more than adequate foundation for the matters on which he opines. *Huezo*, 2007 U.S. Dist. LEXIS 100116, at *12 n. 18 (adequate foundation where report attached curriculum vitae and outlined basis for findings). The statement is proper and admissible expert testimony.

**Separate Statement Paragraph 28:** Objection to the statement on the grounds that the portion stating that the plaintiff "understood" that *Dig* was insured against acts of terrorism in Israel, including by terrorist groups, is impermissible extrinsic or parol evidence.

*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962) ("When the terms or provisions of an instrument are clear and certain, extrinsic evidence to explain or interpret them is not admissible.").

**__Plaintiffs' Response:__**  Atlantic does not object to the actual evidence offered by Plaintiff, but only apparently to Plaintiffs' characterization of that evidence. Moreover, Atlantic's objection is meritless. The evidence is relevant and admissible for a number of purposes, including, for purposes of establishing the reasonable expectations of the insureds.  *See E.M.M.I. Inc. v. Zurich Am. Ins. Co.*, 32 Cal. 4th 465, 473 (2004).  Further, the evidence is relevant and admissible to

**PLAINTIFFS' RESPONSE TO ATLANTIC'S OBJECTIONS TO EVIDENCE**

Mitchell
Silberberg &
Knupp LLP

determine whether an ambiguity exists in the first instance (it does not), and if an ambiguity does exist, how that ambiguity should be resolved. *George v. Auto. Club of S. Cal.*, 201 Cal. App. 4th 1112, 1126 (2011) ("An ambiguity may appear on the face of a contract, or extrinsic evidence may reveal a latent ambiguity."). In addition, the evidence is relevant and admissible to prove, if necessary, whether a term at issue has a technical or special meaning. *See* Cal. Civ. Code § 1644; *Schleimer v. Strahl*, 219 Cal. App. 2d 613, 615 (1963) (finding that the term "commercial block policy" had a technical insurance industry meaning).

**Separate Statement Paragraph 36:** Objection to the statement on the grounds that the statement misleadingly suggests, particularly when read together with separate statement paragraph 35, that rocket fire from Hamas did not begin until late June or early July. This is incorrect, as the documents produced by the plaintiffs demonstrate. *See* UCP002524-2526, E-mail from Max Security Intelligence to Stephen Smith, Head of Security, Europe, NBCU (June 15, 2014 5:03 PST). Ex. 11 to Atlantic's Evid. p. 483-85; Smith Deposition at p. 215-19, Ex. 119 to Atlantic's Evid. P. 1426-27.

**Plaintiffs' Response:** This is not a proper evidentiary objection. Atlantic's objection does not address the admissibility of evidence; rather, Atlantic's argument goes to the weight of evidence, the merits of the parties' contentions, or the purported existence of a disputed issue of fact. Therefore, Atlantic's objection should be overruled.

**Separate Statement Paragraph 50:** Objection to the statement on the grounds that it is incomplete and therefore misleading. The fact suggests that only Danny Gutterman and Pamela Johnson considered and evaluated the *Dig* claim. But Atlantic employees Theresa Gooley and Peter Williams were also involved in the evaluation of coverage for the Claim. *See generally* Deposition of Theresa Gooley

Wolf, attached as Exhibit 45 to Coyoca Declaration; Peter Williams Deposition, attached as Exhibit 45 to Coyoca Declaration, at pp 408-422 of Ex. 45.

**Plaintiffs' Response:**  This is not a proper evidentiary objection.  Atlantic's objection does not address the admissibility of evidence; rather, Atlantic's argument goes to the weight of evidence, the merits of the parties' contentions, or the purported existence of a disputed issue of fact.  Therefore, Atlantic's objection should be overruled.

**Separate Statement Paragraph 53:** Objection to the statement on the grounds that it is incomplete, misleading, and misstates the evidence. The plaintiffs cite part of the denial letter that Atlantic letter issued to NBCU, but only a small part. The denial letter, in another part, quotes all four war exclusions that are at issue in this case. *See* Denial Letter, Garber Decl. ¶ 18, Ex. 12, p. 86.

**Plaintiffs' Response:**  This is not a proper evidentiary objection.  Atlantic's objection does not address the admissibility of evidence; rather, Atlantic's argument goes to the weight of evidence, the merits of the parties' contentions, or the purported existence of a disputed issue of fact.  Therefore, Atlantic's objection should be overruled.

**Separate Statement Paragraph 54:** Objection to the statement on the grounds that it is incomplete, misleading, and misstates the evidence. The denial letter that Atlantic issued to NBCU quotes all four war exclusions that are at issue in this case. *See* Denial Letter, Garber Decl. ¶ 18, Ex. 12, p. 86.

**Plaintiffs' Response:**  This is not a proper evidentiary objection.  Atlantic's objection does not address the admissibility of evidence; rather, Atlantic's argument goes to the weight of evidence, the merits of the parties' contentions, or the purported existence of a disputed issue of fact.  Therefore, Atlantic's objection should be overruled.

Mitchell
Silberberg &
Knupp LLP

**PLAINTIFFS' RESPONSE TO ATLANTIC'S OBJECTIONS TO EVIDENCE**

**Separate Statement Paragraph 55:** Objection to the statement on the grounds that it is incomplete, misleading, and misstates the evidence. The plaintiffs cite part of the denial letter that Atlantic letter issued to NBCU, but only a small part. The denial letter, in another part, quotes all four war exclusions that are at issue in this case. *See* Denial Letter, Garber Decl. ¶ 18, Ex. 12, p. 86.

**Plaintiffs' Response:**  This is not a proper evidentiary objection.  Atlantic's objection does not address the admissibility of evidence; rather, Atlantic's argument goes to the weight of evidence, the merits of the parties' contentions, or the purported existence of a disputed issue of fact.  Therefore, Atlantic's objection should be overruled.

**Separate Statement Paragraph 56:** Objection to the statement on the grounds that it is incomplete and misleading. The excerpt is incomplete. The entirety of Mr. Williams' e-mail stated: "Why is it not a covered claim they have immanent [sic] peril. Unless you are going to invoke the war exclusion. I am available between 1 and 3 my  time. Williams Depo Ex. 11, p. 253 [attached as Ex. 34 to Coyoca Decl.].

**Plaintiffs' Response:**  This is not a proper evidentiary objection.  Atlantic's objection does not address the admissibility of evidence; rather, Atlantic's argument goes to the weight of evidence, the merits of the parties' contentions, or the purported existence of a disputed issue of fact.  Therefore, Atlantic's objection should be overruled.

**Separate Statement Paragraph 62:** Objection to the statement on the grounds that the plaintiffs' designated expert, Sagalow, lacks personal knowledge necessary to make this assertion. He also fails to offer any foundation for this assertion. It is a conclusion without any facts offered to support that conclusion, and is thus not only conclusory but also speculative. Further, Sagalow's statement is evidence of

Mitchell
Silberberg &
Knupp LLP

**PLAINTIFFS' RESPONSE TO ATLANTIC'S OBJECTIONS TO EVIDENCE**

how other coverage disputes were handled, which is improper parol or extrinsic evidence.

Fed. R. Evid. 602; *Guidroz-Brault v. Mo. Pac. R.R.Co.*, 254 F.3d 825, 830-31 (9th Cir. 2001) (Expert affidavit excluded where the expert's opinion was based on a factual assumption that was not sufficiently founded on facts). (*Cleveland v. Groceryworks.com, LLC*, 200 F. Supp. 3d 924, 940 (N.D. Cal. 2016) (where there is insufficient factual matter to support an inference grounded in observation or first-hand personal experience, the affidavit in its entirety, or portions not reflecting the affiant's personal knowledge, will be stricken if challenged); *Bradlow v. Castano Group*, No. C06-05344-MJJ, 2008 U.S. Dist. LEXIS 119924, at *43 (N.D. Cal. Apr. 3, 2008) (witness's conclusory testimony lacked foundation and was inadmissible speculation as to the contents of the minds of others, and his declaration failed to set forth any facts that would lay a foundation for his conclusion); *Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962) ("When the terms or provisions of an instrument are clear and certain, extrinsic evidence to explain or interpret them is not admissible.").

**Plaintiffs' Response:**  Expert witnesses are not bound by the personal knowledge requirement of Federal Rule of Evidence 602.  Fed. R. Evid. 602 ("This rule does not apply to a witness's expert testimony under Rule 703."); *Huezo v. L.A. Cmty. Coll. Dist.*, 2007 U.S. Dist. LEXIS 100116, at *12 n.18 (C.D. Cal. Feb. 26, 2007) ("Under the Federal Rules of Evidence, the 'facts and data' upon which an expert bases his opinions do not have to be personally known to him, but may instead be 'made known' to him by 'presentation . . . outside of court and other than by his own perception.'").  In any event, the testimony of Mr. Sagalow sets forth in great detail the facts, authorities, and bases upon which it rests. *See* Sagalow Decl., Ex. D ¶ 72.

Moreover, the report of Mr. Sagalow lays more than adequate foundation for the matters on which he opines.  *Huezo*, 2007 U.S. Dist. LEXIS 100116, at *12 n.

18 (adequate foundation where report attached curriculum vitae and outlined basis for findings).

The statement is proper and admissible expert testimony.

Atlantic's parol evidence objection is meritless.  The evidence is relevant and admissible for a number of purposes, including for purposes of establishing the reasonable expectations of the insureds.  *See E.M.M.I. Inc. v. Zurich Am. Ins. Co.*, 32 Cal. 4th 465, 473 (2004).  Further, the evidence is relevant and admissible to determine whether an ambiguity exists in the first instance (it does not), and if an ambiguity does exist, how that ambiguity should be resolved.  *George v. Auto. Club of S. Cal.*, 201 Cal. App. 4th 1112, 1126 (2011) ("An ambiguity may appear on the face of a contract, or extrinsic evidence may reveal a latent ambiguity.").  In addition, the evidence is relevant and admissible to prove, if necessary, whether a term at issue has a technical or special meaning.  *See* Cal. Civ. Code § 1644; *Schleimer v. Strahl*, 219 Cal. App. 2d 613, 615 (1963) (finding that the term "commercial block policy" had a technical insurance industry meaning).

**Separate Statement Paragraph 63:** Objection to the statement on the grounds that the plaintiffs' designated expert, Sagalow, lacks personal knowledge necessary to make this assertion. He also fails to offer any foundation for this assertion. It is a conclusion without any facts offered to support that conclusion, and is therefore not only conclusory but speculative. Sagalow's statement is also a *legal* conclusion, which is not proper summary judgment evidence. Further, Sagalow's statement is evidence of language contained in other insurance policies, which is improper parol or extrinsic evidence.

Fed. R. Evid. 602; *Guidroz-Brault v. Mo. Pac. R.R.Co.*, 254 F.3d 825, 830-31 (9th Cir. 2001) (Expert affidavit excluded where the expert's opinion was based on a factual assumption that was not sufficiently founded on facts). (*Cleveland v. Groceryworks.com, LLC*, 200 F. Supp. 3d 924, 940 (N.D. Cal. 2016) (where there

is insufficient factual matter to support an inference grounded in observation or first-hand personal experience, the affidavit in its entirety, or portions not reflecting the affiant's personal knowledge, will be stricken if challenged); *Bradlow v. Castano Group*, No. C06-05344-MJJ, 2008 U.S. Dist. LEXIS 119924, at *43 (N.D. Cal. Apr. 3, 2008) (witness's conclusory testimony lacked foundation and was inadmissible speculation as to the contents of the minds of others, and his declaration failed to set forth any facts that would lay a foundation for his conclusion); *Meador v. Hammer*, No. 2:11-cv-03342-KJM-AC-P, 2015 U.S. Dist. LEXIS 32062, *9-10 (E.D. Cal. Mar. 16, 2015) ("Statements in affidavits that are legal conclusions, speculative assertions, or statements of hearsay evidence do not satisfy the standards of personal knowledge, admissibility, and competence required by 56(c)(4)."); *Orellana v. Cnty. of L.A.*, No. CV 12-01944 MMM (CWx), 2013 U.S. Dist. LEXIS 198186, at *63 n.94 (C.D. Cal. Apr. 29, 2013) ("An expert's conclusory legal 'opinions,' untethered to facts, are inadmissible.") (citing 29 Charles Alan Wright & Victor James Gold, Federal Practice and Procedure: Evidence § 6264, at 217-213 (1997)); *Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962) ("When the terms or provisions of an instrument are clear and certain, extrinsic evidence to explain or interpret them is not admissible.").

**<u>Plaintiffs' Response</u>:**  Expert witnesses are not bound by the personal knowledge requirement of Federal Rule of Evidence 602.  Fed. R. Evid. 602 ("This rule does not apply to a witness's expert testimony under Rule 703."); *Huezo v. L.A. Cmty. Coll. Dist.*, 2007 U.S. Dist. LEXIS 100116, at *12 n.18 (C.D. Cal. Feb. 26, 2007) ("Under the Federal Rules of Evidence, the 'facts and data' upon which an expert bases his opinions do not have to be personally known to him, but may instead be 'made known' to him by 'presentation . . . outside of court and other than by his own perception.'").  In any event, the testimony of Mr. Sagalow sets forth in great detail the facts, authorities, and bases upon which it rests.

Moreover, the report of Mr. Sagalow lays more than adequate foundation for the matters on which he opines. *Huezo*, 2007 U.S. Dist. LEXIS 100116, at *12 n. 18 (adequate foundation where report attached curriculum vitae and outlined basis for findings). The statement is proper and admissible expert testimony.

Atlantic's parol evidence objection is meritless. The evidence is relevant and admissible for a number of purposes, including for purposes of establishing the reasonable expectations of the insureds. *See E.M.M.I. Inc. v. Zurich Am. Ins. Co.*, 32 Cal. 4th 465, 473 (2004). Further, the evidence is relevant and admissible to determine whether an ambiguity exists in the first instance (it does not), and if an ambiguity does exist, how that ambiguity should be resolved. *George v. Auto. Club of S. Cal.*, 201 Cal. App. 4th 1112, 1126 (2011) ("An ambiguity may appear on the face of a contract, or extrinsic evidence may reveal a latent ambiguity."). In addition, the evidence is relevant and admissible to prove, if necessary, whether a term at issue has a technical or special meaning. *See* Cal. Civ. Code § 1644; *Schleimer v. Strahl*, 219 Cal. App. 2d 613, 615 (1963) (finding that the term "commercial block policy" had a technical insurance industry meaning).

**Separate Statement Paragraph 65:** Objection to the statement on the grounds that the plaintiffs' designated expert, Sagalow, lacks personal knowledge necessary to make this assertion. He also fails to offer any foundation for this assertion. It is a conclusion without any facts offered to support that conclusion and is therefore not only conclusory but speculative. Sagalow's statement is also a *legal* conclusion, which is not proper summary judgment evidence. Further, Sagalow's statement is evidence of language contained in other insurance policies, which is improper parol or extrinsic evidence.

Fed. R. Evid. 602; *Guidroz-Brault v. Mo. Pac. R.R.Co.*, 254 F.3d 825, 830-31 (9th Cir. 2001) (Expert affidavit excluded where the expert's opinion was based on a factual assumption that was not sufficiently founded on facts). (*Cleveland v.*

*Groceryworks.com, LLC*, 200 F. Supp. 3d 924, 940 (N.D. Cal. 2016) (where there is insufficient factual matter to support an inference grounded in observation or first-hand personal experience, the affidavit in its entirety, or portions not reflecting the affiant's personal knowledge, will be stricken if challenged); *Bradlow v. Castano Group*, No. C06-05344-MJJ, 2008 U.S. Dist. LEXIS 119924, at *43 (N.D. Cal. Apr. 3, 2008) (witness's conclusory testimony lacked foundation and was inadmissible speculation as to the contents of the minds of others, and his declaration failed to set forth any facts that would lay a foundation for his conclusion); *Meador v. Hammer*, No. 2:11-cv-03342-KJM-AC-P, 2015 U.S. Dist. LEXIS 32062, *9-10 (E.D. Cal. Mar. 16, 2015) ("Statements in affidavits that are legal conclusions, speculative assertions, or statements of hearsay evidence do not satisfy the standards of personal knowledge, admissibility, and competence required  by 56(c)(4)."); *Orellana v. Cnty. of L.A.*, No. CV 12-01944 MMM (CWx), 2013 U.S. Dist. LEXIS 198186, at *63 n.94 (C.D. Cal. Apr. 29, 2013) ("An expert's conclusory legal 'opinions,' untethered to facts, are inadmissible.") (citing 29 Charles Alan Wright & Victor James Gold, Federal Practice and Procedure: Evidence § 6264, at 217-213 (1997)); *Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962) ("When the terms or provisions of an instrument are clear and certain, extrinsic evidence to explain or interpret them is not admissible.").

**Plaintiffs' Response:**  Expert witnesses are not bound by the personal knowledge requirement of Federal Rule of Evidence 602.  Fed. R. Evid. 602 ("This rule does not apply to a witness's expert testimony under Rule 703."); *Huezo v. L.A. Cmty. Coll. Dist.*, 2007 U.S. Dist. LEXIS 100116, at *12 n.18 (C.D. Cal. Feb. 26, 2007) ("Under the Federal Rules of Evidence, the 'facts and data' upon which an expert bases his opinions do not have to be personally known to him, but may instead be 'made known' to him by 'presentation . . . outside of court and other than by his

own perception.'"").  In any event, the testimony of Mr. Sagalow sets forth in great detail the facts, authorities, and bases upon which it rests.

Moreover, the report of Mr. Sagalow lays more than adequate foundation for the matters on which he opines.  *Huezo*, 2007 U.S. Dist. LEXIS 100116, at *12 n. 18 (adequate foundation where report attached curriculum vitae and outlined basis for findings).  The statement is proper and admissible expert testimony.

Atlantic's parol evidence objection is meritless.  The evidence is relevant and admissible for a number of purposes, including for purposes of establishing the reasonable expectations of the insureds.  *See E.M.M.I. Inc. v. Zurich Am. Ins. Co.*, 32 Cal. 4th 465, 473 (2004).  Further, the evidence is relevant and admissible to determine whether an ambiguity exists in the first instance (it does not), and if an ambiguity does exist, how that ambiguity should be resolved.  *George v. Auto. Club of S. Cal.*, 201 Cal. App. 4th 1112, 1126 (2011) ("An ambiguity may appear on the face of a contract, or extrinsic evidence may reveal a latent ambiguity.").  In addition, the evidence is relevant and admissible to prove, if necessary, whether a term at issue has a technical or special meaning.  *See* Cal. Civ. Code § 1644; *Schleimer v. Strahl*, 219 Cal. App. 2d 613, 615 (1963) (finding that the term "commercial block policy" had a technical insurance industry meaning).

**Separate Statement Paragraph 66:** Objection to the statement on the grounds that the plaintiffs' expert, Sagalow, lacks personal knowledge necessary to make this assertion. He also fails to offer any foundation for this assertion. It is a conclusion without any facts offered to support that conclusion, and is thus not only conclusory but also speculative. Further, Sagalow's statement is evidence of what other insureds might expect, which is improper parol or extrinsic evidence. Fed. R. Evid. 602; *Guidroz-Brault v. Mo. Pac. R.R.Co.*, 254 F.3d 825, 830-31 (9th Cir. 2001) (Expert affidavit excluded where the expert's opinion was based on a factual assumption that was not sufficiently founded on facts). (*Cleveland v.*

*Groceryworks.com, LLC*, 200 F. Supp. 3d 924, 940 (N.D. Cal. 2016) (where there is insufficient factual matter to support an inference grounded in observation or first-hand personal experience, the affidavit in its entirety, or portions not reflecting the affiant's personal knowledge, will be stricken if challenged); *Bradlow v. Castano Group*, No. C06-05344-MJJ, 2008 U.S. Dist. LEXIS 119924, at *43 (N.D. Cal. Apr. 3, 2008) (witness's conclusory testimony lacked foundation and was inadmissible speculation as to the contents of the minds of others, and his declaration failed to set forth any facts that would lay a foundation for his conclusion); *Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962) ("When the terms or provisions of an instrument are clear and certain, extrinsic evidence to explain or interpret them is not admissible.").

**Plaintiffs' Response:**  Expert witnesses are not bound by the personal knowledge requirement of Federal Rule of Evidence 602.  Fed. R. Evid. 602 ("This rule does not apply to a witness's expert testimony under Rule 703."); *Huezo v. L.A. Cmty. Coll. Dist.*, 2007 U.S. Dist. LEXIS 100116, at *12 n.18 (C.D. Cal. Feb. 26, 2007) ("Under the Federal Rules of Evidence, the 'facts and data' upon which an expert bases his opinions do not have to be personally known to him, but may instead be 'made known' to him by 'presentation . . . outside of court and other than by his own perception.'").   In any event, the testimony of Mr. Sagalow sets forth in great detail the facts, authorities, and bases upon which it rests.

Moreover, the report of Mr. Sagalow lays more than adequate foundation for the matters on which he opines.  *Huezo*, 2007 U.S. Dist. LEXIS 100116, at *12 n. 18 (adequate foundation where report attached curriculum vitae and outlined basis for findings).  The statement is proper and admissible expert testimony.

Atlantic's parole evidence objection is meritless.  The evidence is relevant and admissible for a number of purposes, including for purposes of establishing the reasonable expectations of the insureds.  *See E.M.M.I. Inc. v. Zurich Am. Ins. Co.*, 32 Cal. 4th 465, 473 (2004).  Further, the evidence is relevant and admissible to

1   determine whether an ambiguity exists in the first instance (it does not), and if an
2   ambiguity does exist, how that ambiguity should be resolved. *George v. Auto.*
3   *Club of S. Cal.*, 201 Cal. App. 4th 1112, 1126 (2011) ("An ambiguity may appear
4   on the face of a contract, or extrinsic evidence may reveal a latent ambiguity."). In
5   addition, the evidence is relevant and admissible to prove, if necessary, whether a
6   term at issue has a technical or special meaning. *See* Cal. Civ. Code § 1644;
7   *Schleimer v. Strahl*, 219 Cal. App. 2d 613, 615 (1963) (finding that the term
8   "commercial block policy" had a technical insurance industry meaning).
9
10   **Separate Statement Paragraph 67:** Objection to the statement on the grounds
11   that the plaintiffs' designated experts, Levitt, Ross, and Koh, lack personal
12   knowledge necessary to make this assertion. They also fail to offer any foundation
13   for this assertion. It is a conclusion without any facts offered to support that
14   conclusion, and is thus improperly conclusory. It is also misleading in that the
15   plaintiffs suggest that the U.S. government might recognize Hamas or any group as
16   a quasi-sovereign. The plaintiffs do not cite, and Atlantic is not aware of any
17   evidence suggesting, that the U.S. government ever recognizes any entity or group
18   as a "quasi-sovereign." To the extent Dr. Koh relies upon the U.S. State
19   Department's listing of Foreign Terrorist Organizations and listing of Independent
20   States of the World in forming his opinion; he improperly assumes that because the
21   U.S. government lists Hamas as a terrorist organization and not an independent
22   state, the U.S. government therefore does not recognize Hamas as a quasi-
23   sovereign (de facto government). The plaintiffs offer no evidence supporting the
24   logical leap from the conclusion that a terrorist organization cannot also be a quasi-
25   sovereign or de facto government other than Dr. Koh's unsupported conclusory
26   statement.
27   Fed. R. Evid. 602; Fed. R. Civ. Proc. 56(c)(4); *Guidroz-Brault v. Mo. Pac.*
28   *R.R.Co.*, 254 F.3d 825, 830-31 (9th Cir. 2001) (Expert affidavit excluded where the

expert's opinion was based on a factual assumption that was not sufficiently founded on facts). (*Cleveland v. Groceryworks.com, LLC*, 200 F. Supp. 3d 924, 940 (N.D. Cal. 2016) (where there is insufficient factual matter to support an inference grounded in observation or first- hand personal experience, the affidavit in its entirety, or portions not reflecting the affiant's personal knowledge, will be stricken if challenged); *Bradlow v. Castano Group*, No. C06-05344-MJJ, 2008 U.S. Dist. LEXIS 119924, at *43 (N.D. Cal. Apr. 3, 2008) (witness's conclusory testimony lacked foundation and was inadmissible speculation as to the contents of the minds of others, and his declaration failed to set forth any facts that would lay a foundation for his conclusion); *Meador v. Hammer*, No. 2:11-cv-03342- KJM-AC-P, 2015 U.S. Dist. LEXIS 32062, *9-10 (E.D. Cal. Mar. 16, 2015) ("Statements in affidavits that are legal conclusions, speculative assertions, or statements of hearsay evidence do not satisfy the standards of personal knowledge, admissibility, and competence required by 56(c)(4)."); *GE v. Joiner*, 522 U.S. 136, 146 (1997) ("[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert. A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered.").

**<u>Plaintiffs' Response</u>:**  Expert witnesses are not bound by the personal knowledge requirement of Federal Rules of Evidence 602.  Fed. R. Evid. 602 ("This rule does not apply to a witness's expert testimony under Rule 703."); *Huezo v. L.A. Cmty. Coll. Dist.*, 2007 U.S. Dist. LEXIS 100116, at *12 n.18 (C.D. Cal. Feb. 26, 2007) ("Under the Federal Rules of Evidence, the 'facts and data' upon which an expert bases his opinions do not have to be personally known to him, but may instead be 'made known' to him by 'presentation . . . outside of court and other than by his own perception.'").  Moreover, Atlantic's assertion that Plaintiffs' experts lack knowledge sufficient to state that "[t]he U.S. government has never recognized Hamas as either a sovereign or quasi-sovereign" is spurious.  *See Linde v. Arab*

*Bank*, 922 F. Supp. 2d 316, 324-25 (E.D.N.Y. 2013) ("Dr. Levitt is clearly qualified to testify as an expert in terrorist organizations, including Hamas, ***its history and organization***, and the structure of the social wing of Hamas (including zakat committees), which are precisely the subjects at issue here. His methodology has been recognized as the 'gold standard in the field of international terrorism.'") (emphasis added). *See also Cleveland v. United States*, 546 F. Supp. 2d 732, 774 (N.D. Cal. 2008) ("The declarations set forth [witness's] educational background and work experience, and describe his duties and responsibilities as a Forest Service employee, and his knowledge of Forest Service policies and procedures. The court finds that Cross has established that he has the requisite personal knowledge to state the facts asserted, including historical facts, and that he has set forth sufficient information to support those facts.").

Moreover, the reports lay more than adequate foundation for the matters on which the witnesses opine. *Huezo*, 2007 U.S. Dist. LEXIS 100116, at *12 n. 18 (adequate foundation where report attached curriculum vitae and outlined basis for findings). The statement is proper and admissible expert testimony.

Moreover, much of Atlantic's objection improperly offers argument on the merits, the weight of evidence, or the purported existence of a disputed factual issue. This is not a proper evidentiary objection.

To the extent Atlantic argues that Plaintiffs' experts' testimony pertains to the application of international law, it is well settled that expert testimony is appropriate to assist the Court in matters of international law. *See Mujica v. Occidental Petroleum Corp.*, 381 F. Supp. 2d 1164, 1179 n.14 (C.D. Cal. 2005) ("[T]o determine what is an international law norm, the Court may properly consider the opinion of experts in the field.").

**Separate Statement Paragraph 70:** Objection to the statement on the grounds that the plaintiffs' designated expert, Ross, lacks personal knowledge necessary to

make this assertion. He also fails to offer any foundation for this assertion. It is a conclusion without any facts offered to support that conclusion, and is thus improperly conclusory.

Fed. R. Evid. 602; Fed. R. Civ. Proc. 56(c)(4); *Guidroz-Brault v. Mo. Pac. R.R.Co.*, 254 F.3d 825, 830-31 (9th Cir. 2001) (Expert affidavit excluded where the expert's opinion was based on a factual assumption that was not sufficiently founded on facts). (*Cleveland v. Groceryworks.com, LLC*, 200 F. Supp. 3d 924, 940 (N.D. Cal. 2016) (where there is insufficient factual matter to support an inference grounded in observation or first- hand personal experience, the affidavit in its entirety, or portions not reflecting the affiant's  personal  knowledge, will be stricken  if  challenged);  *Bradlow v. Castano Group*, No. C06-05344-MJJ, 2008 U.S. Dist. LEXIS 119924, at *43 (N.D. Cal. Apr. 3, 2008) (witness's conclusory testimony lacked foundation and was inadmissible speculation as to the contents of the minds of others, and his declaration failed to set forth any facts that would lay a foundation for his conclusion); *Meador v. Hammer*, No. 2:11-cv-03342- KJM-AC-P,  2015  U.S.  Dist.  LEXIS  32062, *9-10  (E.D.  Cal.  Mar.  16,  2015) ("Statements in affidavits that are legal conclusions, speculative  assertions, or statements of hearsay evidence do not satisfy the standards of personal knowledge, admissibility, and competence required by 56(c)(4)."); *GE v. Joiner*, 522 U.S. 136, 146 (1997) ("[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert. A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered.").

**Plaintiffs' Response:**  Expert witnesses are not bound by the personal knowledge requirement of Federal Rules of Evidence 602.  Fed. R. Evid. 602 ("This rule does not apply to a witness's expert testimony under Rule 703."); *Huezo v. L.A. Cmty. Coll. Dist.*, 2007 U.S. Dist. LEXIS 100116, at *12 n.18 (C.D. Cal. Feb. 26, 2007) ("Under the Federal Rules of Evidence, the 'facts and data' upon which an expert

bases his opinions do not have to be personally known to him, but may instead be 'made known' to him by 'presentation . . . outside of court and other than by his own perception.'").  In any event, the testimony of Mr. Ross sets forth in great detail the facts, authorities, and bases upon which it rests.

Moreover, the report of Mr. Ross lays more than adequate foundation for the matters on which he opines.  *Huezo*, 2007 U.S. Dist. LEXIS 100116, at *12 n. 18 (adequate foundation where report attached curriculum vitae and outlined basis for findings).  The statement is proper and admissible expert testimony.

**Separate Statement Paragraph 71:** Objection to the statement on the grounds that the plaintiffs' designated expert, Ross, lacks personal knowledge necessary to make this assertion. He also fails to offer any foundation for this assertion. It is a conclusion without any facts offered to support that conclusion, and is thus improperly conclusory.

Fed. R. Evid. 602; Fed. R. Civ. Proc. 56(c)(4); *Guidroz-Brault v. Mo. Pac. R.R.Co.*, 254 F.3d 825, 830-31 (9th Cir. 2001) (Expert affidavit excluded where the expert's opinion was based on a factual assumption that was not sufficiently founded on facts). (*Cleveland v. Groceryworks.com, LLC*, 200 F. Supp. 3d 924, 940 (N.D. Cal. 2016) (where there is insufficient factual matter to support an inference grounded in observation or first- hand personal experience, the affidavit in its entirety, or portions not reflecting the affiant's personal knowledge, will be stricken if challenged); *Bradlow v. Castano Group*, No. C06-05344-MJJ, 2008 U.S. Dist. LEXIS 119924, at *43 (N.D. Cal. Apr. 3, 2008) (witness's conclusory testimony lacked foundation and was inadmissible speculation as to the contents of the minds of others, and his declaration failed to set forth any facts that would lay a foundation for his conclusion); *Meador v. Hammer*, No. 2:11-cv-03342- KJM-AC-P, 2015 U.S. Dist. LEXIS 32062, *9-10 (E.D. Cal. Mar. 16, 2015)

("Statements in affidavits that are legal conclusions, speculative  assertions, or statements of hearsay evidence do not satisfy the standards of personal knowledge, admissibility, and competence required by 56(c)(4)."); *GE v. Joiner*, 522 U.S. 136, 146 (1997) ("[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert. A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered.").

**Plaintiffs' Response:**  Expert witnesses are not bound by the personal knowledge requirement of Federal Rule of Evidence 602.  Fed. R. Evid. 602 ("This rule does not apply to a witness's expert testimony under Rule 703."); *Huezo v. L.A. Cmty. Coll. Dist.*, 2007 U.S. Dist. LEXIS 100116, at *12 n.18 (C.D. Cal. Feb. 26, 2007) ("Under the Federal Rules of Evidence, the 'facts and data' upon which an expert bases his opinions do not have to be personally known to him, but may instead be 'made known' to him by 'presentation . . . outside of court and other than by his own perception.'").  ").  In any event, the testimony of Mr. Ross sets forth in great detail the facts, authorities, and bases upon which it rests.

Moreover, the report of Mr. Ross lays more than adequate foundation for the matters on which he opines.  *Huezo*, 2007 U.S. Dist. LEXIS 100116, at *12 n. 18 (adequate foundation where report attached curriculum vitae and outlined basis for findings).

The statement is proper and admissible expert testimony.

**Separate Statement Paragraph 72:** Objection to the statement on the grounds that the plaintiffs' designated expert, Ross, lacks personal knowledge necessary to make this assertion. He also fails to offer any foundation for this assertion. It is a conclusion without any facts offered to support that conclusion, and is thus improperly conclusory.

Fed. R. Evid. 602; Fed. R. Civ. Proc. 56(c)(4); *Guidroz-Brault v. Mo. Pac. R.R.Co.*, 254 F.3d 825, 830-31 (9th Cir. 2001) (Expert affidavit excluded where the expert's opinion was based on a factual assumption that was not sufficiently founded on facts). (*Cleveland v. Groceryworks.com, LLC*, 200 F. Supp. 3d 924, 940 (N.D. Cal. 2016) (where there is insufficient factual matter to support an inference grounded in observation or first- hand personal experience, the affidavit in its entirety, or portions not reflecting the affiant's personal knowledge, will be stricken if challenged); *Bradlow v. Castano Group*, No. C06-05344-MJJ, 2008 U.S. Dist. LEXIS 119924, at *43 (N.D. Cal. Apr. 3, 2008) (witness's conclusory testimony lacked foundation and was inadmissible speculation as to the contents of the minds of others, and his declaration failed to set forth any facts that would lay a foundation for his conclusion); *Meador v. Hammer*, No. 2:11-cv-03342- KJM-AC-P, 2015 U.S. Dist. LEXIS 32062, *9-10 (E.D. Cal. Mar. 16, 2015) ("Statements in affidavits that are legal conclusions, speculative  assertions, or statements of hearsay evidence do not satisfy the standards of personal knowledge, admissibility, and competence required by 56(c)(4)."); *GE v. Joiner*, 522 U.S. 136, 146 (1997) ("[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert. A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered.").

**Plaintiffs' Response:**  Expert witnesses are not bound by the personal knowledge requirement of Federal Rule of Evidence 602.  Fed. R. Evid. 602 ("This rule does not apply to a witness's expert testimony under Rule 703."); *Huezo v. L.A. Cmty. Coll. Dist.*, 2007 U.S. Dist. LEXIS 100116, at *12 n.18 (C.D. Cal. Feb. 26, 2007) ("Under the Federal Rules of Evidence, the 'facts and data' upon which an expert bases his opinions do not have to be personally known to him, but may instead be 'made known' to him by 'presentation . . . outside of court and other than by his

own perception.'").  ").  In any event, the testimony of Mr. Ross sets forth in great detail the facts, authorities, and bases upon which it rests.

Moreover, the report of Mr. Ross lays more than adequate foundation for the matters on which he opines.  *Huezo*, 2007 U.S. Dist. LEXIS 100116, at *12 n. 18 (adequate foundation where report attached curriculum vitae and outlined basis for findings).  The statement is proper and admissible expert testimony.

**Separate Statement Paragraph 73:** Objection to the statement on the grounds that the plaintiffs' designated expert, Ross, lacks personal knowledge necessary to make this assertion. He also fails to offer any foundation for this assertion. It is a conclusion without any facts offered to support that conclusion, and is thus improperly conclusory. This statement is also phrased in terms of what "U.S. Policy" "will" do. The expert does not explain what or who "U.S. Policy" is. Moreover, the statement is phrased in the future tense. It is therefore pure speculation and an unfounded prediction.

Fed. R. Evid. 602; Fed. R. Civ. Proc. 56(c)(4); *Guidroz-Brault v. Mo. Pac. R.R.Co.*, 254 F.3d 825, 830-31 (9th Cir. 2001) (Expert affidavit excluded where the expert's opinion was based on a factual assumption that was not sufficiently founded on facts). (*Cleveland v. Groceryworks.com, LLC*, 200 F. Supp. 3d 924, 940 (N.D. Cal. 2016) (where there is insufficient factual matter to support an inference grounded in observation or first- hand personal experience, the affidavit in its entirety, or portions not reflecting the affiant's  personal  knowledge, will be stricken  if  challenged);  *Bradlow v. Castano Group*, No. C06-05344-MJJ, 2008 U.S. Dist. LEXIS 119924, at *43 (N.D. Cal. Apr. 3, 2008) (witness's conclusory testimony lacked foundation and was inadmissible speculation as to the contents of the minds of others, and his declaration failed to set forth any facts that would lay a foundation for his conclusion); *Meador v. Hammer*, No. 2:11-cv-03342- KJM-AC-P, 2015  U.S.  Dist.  LEXIS  32062,  *9-10  (E.D.  Cal.  Mar.  16,  2015)

("Statements in affidavits that are legal conclusions, speculative assertions, or statements of hearsay evidence do not satisfy the standards of personal knowledge, admissibility, and competence required by 56(c)(4)."); *GE v. Joiner*, 522 U.S. 136, 146 (1997) ("[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert. A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered.").

**Plaintiffs' Response:**  Expert witnesses are not bound by the personal knowledge requirement of Federal Rule of Evidence 602.  Fed. R. Evid. 602 ("This rule does not apply to a witness's expert testimony under Rule 703."); *Huezo v. L.A. Cmty. Coll. Dist.*, 2007 U.S. Dist. LEXIS 100116, at *12 n.18 (C.D. Cal. Feb. 26, 2007) ("Under the Federal Rules of Evidence, the 'facts and data' upon which an expert bases his opinions do not have to be personally known to him, but may instead be 'made known' to him by 'presentation . . . outside of court and other than by his own perception.'").

Moreover, the report of Mr. Ross lays more than adequate foundation for the matters on which he opines.  *Huezo*, 2007 U.S. Dist. LEXIS 100116, at *12 n. 18 (adequate foundation where report attached curriculum vitae and outlined basis for findings).  The statement is proper and admissible expert testimony.

Moreover, much of Atlantic's objection improperly offers argument on the merits, the weight of evidence, or the purported existence of a disputed factual issue. This is not a proper evidentiary objection.


**Separate Statement Paragraph 75:** Objection to the statement on the grounds that the plaintiffs' designated experts, Ross and Levitt, lack personal knowledge necessary to make this assertion. They also fail to offer any foundation for this assertion. It is a conclusion without any facts offered to support that conclusion and is thus improperly conclusory.

Fed. R. Evid. 602; Fed. R. Civ. Proc. 56(c)(4); *Guidroz-Brault v. Mo. Pac. R.R.Co.*, 254 F.3d 825, 830-31 (9th Cir. 2001) (Expert affidavit excluded where the expert's opinion was based on a factual assumption that was not sufficiently founded on facts). (*Cleveland v. Groceryworks.com, LLC*, 200 F. Supp. 3d 924, 940 (N.D. Cal. 2016) (where there is insufficient factual matter to support an inference grounded in observation or first- hand personal experience, the affidavit in its entirety, or portions not reflecting the affiant's personal knowledge, will be stricken if challenged); *Bradlow v. Castano Group*, No. C06-05344-MJJ, 2008 U.S. Dist. LEXIS 119924, at *43 (N.D. Cal. Apr. 3, 2008) (witness's conclusory testimony lacked foundation and was inadmissible speculation as to the contents of the minds of others, and his declaration failed to set forth any facts that would lay a foundation for his conclusion); *Meador v. Hammer*, No. 2:11-cv-03342- KJM-AC-P, 2015 U.S. Dist. LEXIS 32062, *9-10 (E.D. Cal. Mar. 16, 2015) ("Statements in affidavits that are legal conclusions, speculative assertions, or statements of hearsay evidence do not satisfy the standards of personal knowledge, admissibility, and competence required by 56(c)(4)."); *GE v. Joiner*, 522 U.S. 136, 146 (1997) ("[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert. A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered.").

**Plaintiffs' Response:**  Expert witnesses are not bound by the personal knowledge requirement of Federal Rule of Evidence 602.  Fed. R. Evid. 602 ("This rule does not apply to a witness's expert testimony under Rule 703."); *Huezo v. L.A. Cmty. Coll. Dist.*, 2007 U.S. Dist. LEXIS 100116, at *12 n.18 (C.D. Cal. Feb. 26, 2007) ("Under the Federal Rules of Evidence, the 'facts and data' upon which an expert bases his opinions do not have to be personally known to him, but may instead be 'made known' to him by 'presentation . . . outside of court and other than by his own perception.'").  Moreover, Atlantic's assertion that Plaintiffs' experts lacks

Mitchell
Silberberg &
Knupp LLP

24

**PLAINTIFFS' RESPONSE TO ATLANTIC'S OBJECTIONS TO EVIDENCE**

knowledge sufficient to make the challenged statement is spurious.  *See Linde v. Arab Bank*, 922 F. Supp. 2d 316, 324-25 (E.D.N.Y. 2013) ("Dr. Levitt is clearly qualified to testify as an expert in terrorist organizations, including Hamas, its history and organization, and the structure of the social wing of Hamas (including zakat committees), which are precisely the subjects at issue here. His methodology has been recognized as the 'gold standard in the field of international terrorism.'"). *See also Cleveland v. United States*, 546 F. Supp. 2d 732, 774 (N.D. Cal. 2008) ("The declarations set forth [witness's] educational background and work experience, and describe his duties and responsibilities as a Forest Service employee, and his knowledge of Forest Service policies and procedures. The court finds that Cross has established that he has the requisite personal knowledge to state the facts asserted, including historical facts, and that he has set forth sufficient information to support those facts.").

Moreover, the reports of Mr. Ross and Mr. Levitt lay more than adequate foundation for the matters on which they opine.  *Huezo*, 2007 U.S. Dist. LEXIS 100116, at *12 n. 18 (adequate foundation where report attached curriculum vitae and outlined basis for findings).

The statement is proper and admissible expert testimony.

**Separate Statement Paragraph 76:** Objection to the statement on the grounds that the plaintiffs' designated expert, Ross, lacks personal knowledge necessary to make this assertion. He also fails to offer any foundation for this assertion. It is a conclusion without any facts offered to support that conclusion and is thus improperly conclusory. This statement is also speculative as it applies broadly to what "the United States" does without specifying exactly what branch of the U.S. government the plaintiffs are referring to, or even that it is referring to the U.S. *government*. The statement is also misleading in light of this lack of specificity. It is further misleading because it suggests that the U.S. government might recognize

**PLAINTIFFS' RESPONSE TO ATLANTIC'S OBJECTIONS TO EVIDENCE**

Hamas as a quasi-sovereign, and the plaintiffs have no support for the assertion (and Atlantic is not aware of any evidence) that the U.S. government ever recognizes any entity as a "quasi-sovereign."

Fed. R. Evid. 602; Fed. R. Civ. Proc. 56(c)(4); *Guidroz-Brault v. Mo. Pac. R.R.Co.*, 254 F.3d 825, 830-31 (9th Cir. 2001) (Expert affidavit excluded where the expert's opinion was based on a factual assumption that was not sufficiently founded on facts). (*Cleveland v. Groceryworks.com, LLC*, 200 F. Supp. 3d 924, 940 (N.D. Cal. 2016) (where there is insufficient factual matter to support an inference grounded in observation or first- hand personal experience, the affidavit in its entirety, or portions not reflecting the affiant's personal knowledge, will be stricken if challenged); *Bradlow v. Castano Group*, No. C06-05344-MJJ, 2008 U.S. Dist. LEXIS 119924, at *43 (N.D. Cal. Apr. 3, 2008) (witness's conclusory testimony lacked foundation and was inadmissible speculation as to the contents of the minds of others, and his declaration failed to set forth any facts that would lay a foundation for his conclusion); *Meador v. Hammer*, No. 2:11-cv-03342- KJM-AC-P, 2015 U.S. Dist. LEXIS 32062, *9-10 (E.D. Cal. Mar. 16, 2015) ("Statements in affidavits that are legal conclusions, speculative  assertions, or statements of hearsay evidence do not satisfy the standards of personal knowledge, admissibility, and competence required by 56(c)(4)."); *GE v. Joiner*, 522 U.S. 136, 146 (1997) ("[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert. A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered.").

**Plaintiffs' Response:**  Expert witnesses are not bound by the personal knowledge requirement of Federal Rule of Evidence 602.  Fed. R. Evid. 602 ("This rule does not apply to a witness's expert testimony under Rule 703."); *Huezo v. L.A. Cmty. Coll. Dist.*, 2007 U.S. Dist. LEXIS 100116, at *12 n.18 (C.D. Cal. Feb. 26, 2007) ("Under the Federal Rules of Evidence, the 'facts and data' upon which an expert

1   bases his opinions do not have to be personally known to him, but may instead be

2   'made known' to him by 'presentation . . . outside of court and other than by his

3   own perception.'").

4        Moreover, the report of Mr. Ross lays more than adequate foundation for the

5   matters on which he opines. *Huezo*, 2007 U.S. Dist. LEXIS 100116, at *12 n. 18

6   (adequate foundation where report attached curriculum vitae and outlined basis for

7   findings). The statement is proper and admissible expert testimony.

8        Moreover, much of Atlantic's objection improperly offers argument on the

9   merits, the weight of evidence, or the purported existence of a disputed factual

10   issue. This is not a proper evidentiary objection.

11

12   **Separate Statement Paragraph 78:** Objection to the statement on the grounds

13   that the plaintiffs' designated experts, Levitt and Ross, lack personal knowledge

14   necessary to make this assertion. They also fail to offer any foundation for this

15   assertion. It is a conclusion without any facts offered to support that conclusion

16   and is thus improperly conclusory.

17   Fed. R. Evid. 602; Fed. R. Civ. Proc. 56(c)(4); *Guidroz-Brault v. Mo. Pac.*

18   *R.R.Co.*, 254 F.3d 825, 830-31 (9th Cir. 2001) (Expert affidavit excluded where the

19   expert's opinion was based on a factual assumption that was not sufficiently

20   founded on facts). (*Cleveland v. Groceryworks.com, LLC*, 200 F. Supp. 3d 924,

21   940 (N.D. Cal. 2016) (where there is insufficient factual matter to support an

22   inference grounded in observation or first- hand personal experience, the affidavit

23   in its entirety, or portions not reflecting the affiant's personal knowledge, will be

24   stricken if challenged); *Bradlow v. Castano Group*, No. C06-05344-MJJ, 2008

25   U.S. Dist. LEXIS 119924, at *43 (N.D. Cal. Apr. 3, 2008) (witness's conclusory

26   testimony lacked foundation and was inadmissible speculation as to the contents of

27   the minds of others, and his declaration failed to set forth any facts that would lay a

28   foundation for his conclusion); *Meador v. Hammer*, No. 2:11-cv-03342- KJM-AC-

Mitchell
Silberberg &
Knupp LLP

**PLAINTIFFS' RESPONSE TO ATLANTIC'S OBJECTIONS TO EVIDENCE**

P, 2015 U.S. Dist. LEXIS 32062, *9-10 (E.D. Cal. Mar. 16, 2015) ("Statements in affidavits that are legal conclusions, speculative assertions, or statements of hearsay evidence do not satisfy the standards of personal knowledge, admissibility, and competence required by 56(c)(4)."); *GE v. Joiner*, 522 U.S. 136, 146 (1997) ("[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert. A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered.").

**Plaintiffs' Response:**  Expert witnesses are not bound by the personal knowledge requirement of Federal Rule of Evidence 602.  Fed. R. Evid. 602 ("This rule does not apply to a witness's expert testimony under Rule 703."); *Huezo v. L.A. Cmty. Coll. Dist.*, 2007 U.S. Dist. LEXIS 100116, at *12 n.18 (C.D. Cal. Feb. 26, 2007) ("Under the Federal Rules of Evidence, the 'facts and data' upon which an expert bases his opinions do not have to be personally known to him, but may instead be 'made known' to him by 'presentation . . . outside of court and other than by his own perception.'").  Moreover, Atlantic's assertion that Plaintiffs' experts lacks knowledge sufficient to make the challenged statement is spurious.  *See Linde v. Arab Bank*, 922 F. Supp. 2d 316, 324-25 (E.D.N.Y. 2013) ("Dr. Levitt is clearly qualified to testify as an expert in terrorist organizations, including Hamas, its history and organization, and the structure of the social wing of Hamas (including zakat committees), which are precisely the subjects at issue here. His methodology has been recognized as the 'gold standard in the field of international terrorism.'").  *See also Cleveland v. United States*, 546 F. Supp. 2d 732, 774 (N.D. Cal. 2008) ("The declarations set forth [witness's] educational background and work experience, and describe his duties and responsibilities as a Forest Service employee, and his knowledge of Forest Service policies and procedures. The court finds that Cross has established that he has the requisite personal knowledge to

state the facts asserted, including historical facts, and that he has set forth sufficient information to support those facts.").

Moreover, the reports of Mr. Ross and Mr. Levitt lay more than adequate foundation for the matters on which they opine. *Huezo*, 2007 U.S. Dist. LEXIS 100116, at *12 n. 18 (adequate foundation where report attached curriculum vitae and outlined basis for findings).

The statement is proper and admissible expert testimony.

**Separate Statement Paragraph 82.** Objection to the statement on the grounds that the plaintiffs' designated expert, Levitt, lacks personal knowledge necessary to make this assertion. He also fails to offer any foundation for this assertion. It is a conclusion without any facts offered to support that conclusion and is thus improperly conclusory. None of the plaintiffs' experts could have personal knowledge of Hamas's purpose other than what Hamas has publicly stated. And yet they do not rely on any such statements by Hamas. Atlantic further objects on the grounds that the fact is a misleading characterization of the evidence. The support (footnote 95 in his report) for Levitt's statement that the purpose of the rocket attacks was retaliation for the allegation of kidnapping Israeli teenagers is an entire book with no pinpoint cite. Atlantic cannot confirm this allegation. Levitt's support (footnote 100 in his report) for the statement regarding the purpose of spreading terror is a brief U.N. report that summarizes detailed findings of the U.N. Human Rights Council. The actual detailed report, attached as Ex. 6 to Atlantic's Evidence, states only that the Human Rights Commission could not "exclude the possibility" that Hamas's intent was to spread terror because many of its rockets did not have targeting capabilities. Ex. 6 to Atlantic's Evid. at p. 238. This is obviously a far cry from stating that it *was* Hamas's intent to spread terror. Fed. R. Evid. 602; Fed. R. Civ. Proc. 56(c)(4); *Guidroz-Brault v. Mo. Pac. R.R.Co.*, 254 F.3d 825, 830-31 (9th Cir. 2001) (Expert affidavit excluded where the

**PLAINTIFFS' RESPONSE TO ATLANTIC'S OBJECTIONS TO EVIDENCE**

expert's opinion was based on a factual assumption that was not sufficiently founded on facts). (*Cleveland v. Groceryworks.com, LLC*, 200 F. Supp. 3d 924, 940 (N.D. Cal. 2016) (where there is insufficient factual matter to support an inference grounded in observation or first- hand personal experience, the affidavit in its entirety, or portions not reflecting the affiant's personal knowledge, will be stricken if challenged); *Bradlow v. Castano Group*, No. C06-05344-MJJ, 2008 U.S. Dist. LEXIS 119924, at *43 (N.D. Cal. Apr. 3, 2008) (witness's conclusory testimony lacked foundation and was inadmissible speculation as to the contents of the minds of others, and his declaration failed to set forth any facts that would lay a foundation for his conclusion); *Meador v. Hammer*, No. 2:11-cv-03342- KJM-AC-P, 2015 U.S. Dist. LEXIS 32062, *9-10 (E.D. Cal. Mar. 16, 2015) ("Statements in affidavits that are legal conclusions, speculative  assertions, or statements of hearsay evidence do not satisfy the standards of personal knowledge, admissibility, and competence required by 56(c)(4)."); *GE v. Joiner*, 522 U.S. 136, 146 (1997) ("[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert. A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered.").

**Plaintiffs' Response:**  Expert witnesses are not bound by the personal knowledge requirement of Federal Rule of Evidence 602.  Fed. R. Evid. 602 ("This rule does not apply to a witness's expert testimony under Rule 703."); *Huezo v. L.A. Cmty. Coll. Dist.*, 2007 U.S. Dist. LEXIS 100116, at *12 n.18 (C.D. Cal. Feb. 26, 2007) ("Under the Federal Rules of Evidence, the 'facts and data' upon which an expert bases his opinions do not have to be personally known to him, but may instead be 'made known' to him by 'presentation . . . outside of court and other than by his own perception.'").  Moreover, Atlantic's assertion that Dr. Levitt lacks knowledge sufficient to make the challenged statement is spurious.  *See Linde v. Arab Bank*, 922 F. Supp. 2d 316, 324-25 (E.D.N.Y. 2013) ("Dr. Levitt is clearly qualified to

testify as an expert in terrorist organizations, including Hamas, its history and organization, and the structure of the social wing of Hamas (including zakat committees), which are precisely the subjects at issue here. His methodology has been recognized as the 'gold standard in the field of international terrorism.'"). *See also Cleveland v. United States*, 546 F. Supp. 2d 732, 774 (N.D. Cal. 2008) ("The declarations set forth [witness's] educational background and work experience, and describe his duties and responsibilities as a Forest Service employee, and his knowledge of Forest Service policies and procedures. The court finds that Cross has established that he has the requisite personal knowledge to state the facts asserted, including historical facts, and that he has set forth sufficient information to support those facts.").

Moreover, the report of Mr. Levitt lays more than adequate foundation for the matters on which he opines. *Huezo*, 2007 U.S. Dist. LEXIS 100116, at *12 n. 18 (adequate foundation where report attached curriculum vitae and outlined basis for findings).

The statement is proper and admissible expert testimony.

Moreover, much of Atlantic's objection improperly offers argument on the merits, the weight of evidence, or the purported existence of a disputed factual issue. This is not a proper evidentiary objection.


**Separate Statement Paragraph 86:** Objection to the statement on the grounds that Andrea Garber's testimony on the meaning of the Policy is improper parol or extrinsic evidence.

*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962) ("When the terms or provisions of an instrument are clear and certain, extrinsic evidence to explain or interpret them is not admissible.").

**Plaintiffs' Response:** Atlantic does not object to the actual evidence offered by Plaintiff, but only apparently to Plaintiffs' characterization of that evidence.

**PLAINTIFFS' RESPONSE TO ATLANTIC'S OBJECTIONS TO EVIDENCE**

Moreover, Atlantic's objection is meritless.  The evidence is relevant and admissible for a number of purposes, including for purposes of establishing the reasonable expectations of the insureds.  *See E.M.M.I. Inc. v. Zurich Am. Ins. Co.*, 32 Cal. 4th 465, 473 (2004).  Further, the evidence is relevant and admissible to determine whether an ambiguity exists in the first instance (it does not), and if an ambiguity does exist, how that ambiguity should be resolved.  *George v. Auto. Club of S. Cal.*, 201 Cal. App. 4th 1112, 1126 (2011) ("An ambiguity may appear on the face of a contract, or extrinsic evidence may reveal a latent ambiguity.").  In addition, the evidence is relevant and admissible to prove, if necessary, whether a term at issue has a technical or special meaning.  *See* Cal. Civ. Code § 1644; *Schleimer v. Strahl*, 219 Cal. App. 2d 613, 615 (1963) (finding that the term "commercial block policy" had a technical insurance industry meaning).

**Separate Statement Paragraph 87:** Objection to the statement on the grounds that it is incomplete and misleading. The statement quoted from Atlantic's denial letter was in the context of an explanation and discussion of facts associated with war. The letter does not suggest in any way that the fighting at issue was anything other than war.

**Plaintiffs' Response:**  This is not a proper evidentiary objection.  Atlantic's objection does not address the admissibility of evidence; rather, Atlantic's argument goes to the weight of evidence, the merits of the parties' contentions, or the purported existence of a disputed issue of fact.  Therefore, Atlantic's objection should be overruled.

**Separate Statement Paragraph 88.** Objection to the statement on the grounds that the plaintiffs' experts, Levitt and Koh, lack personal knowledge necessary to make this assertion. They also fail to offer any foundation for this assertion. It is a conclusion without any facts offered to support that conclusion and is thus

improperly conclusory. It also assumes facts not in evidence (the allegedly indiscriminate firings of rockets that lack directional controls to ensure they are hitting military targets). The statement is also therefore speculative and misleading. Fed. R. Evid. 602; Fed. R. Civ. Proc. 56(c)(4); *Guidroz-Brault v. Mo. Pac. R.R.Co.*, 254 F.3d 825, 830-31 (9th Cir. 2001) (Expert affidavit excluded where the expert's opinion was based on a factual assumption that was not sufficiently founded on facts). (*Cleveland v. Groceryworks.com, LLC*, 200 F. Supp. 3d 924, 940 (N.D. Cal. 2016) (where there is insufficient factual matter to support an inference grounded in observation or first-hand personal experience, the affidavit in its entirety, or portions not reflecting the affiant's personal knowledge, will be stricken if challenged); *Bradlow v. Castano Group*, No. C06-05344-MJJ, 2008 U.S. Dist. LEXIS 119924, at *43 (N.D. Cal. Apr. 3, 2008) (witness's conclusory testimony lacked foundation and was inadmissible speculation as to the contents of the minds of others, and his declaration failed to set forth any facts that would lay a foundation for his conclusion); *Meador v. Hammer*, No. 2:11-cv-03342- KJM-AC-P, 2015 U.S. Dist. LEXIS 32062, *9-10 (E.D. Cal. Mar. 16, 2015) ("Statements in affidavits that are legal conclusions, speculative assertions, or statements of hearsay evidence do not satisfy the standards of personal knowledge, admissibility, and competence required by 56(c)(4)."); *GE v. Joiner*, 522 U.S. 136, 146 (1997) ("[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert. A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered.").

**Plaintiffs' Response:**  Expert witnesses are not bound by the personal knowledge requirement of Federal Rule of Evidence 602.  Fed. R. Evid. 602 ("This rule does not apply to a witness's expert testimony under Rule 703."); *Huezo v. L.A. Cmty. Coll. Dist.*, 2007 U.S. Dist. LEXIS 100116, at *12 n.18 (C.D. Cal. Feb. 26, 2007) ("Under the Federal Rules of Evidence, the 'facts and data' upon which an expert

bases his opinions do not have to be personally known to him, but may instead be 'made known' to him by 'presentation . . . outside of court and other than by his own perception.'").  Moreover, Atlantic's assertion that Plaintiffs' experts lack knowledge sufficient to make the challenged statement is spurious.  *See Linde v. Arab Bank*, 922 F. Supp. 2d 316, 324-25 (E.D.N.Y. 2013) ("Dr. Levitt is clearly qualified to testify as an expert in terrorist organizations, including Hamas, its history and organization, and the structure of the social wing of Hamas (including zakat committees), which are precisely the subjects at issue here. His methodology has been recognized as the 'gold standard in the field of international terrorism.'"). *See also Cleveland v. United States*, 546 F. Supp. 2d 732, 774 (N.D. Cal. 2008) ("The declarations set forth [witness's] educational background and work experience, and describe his duties and responsibilities as a Forest Service employee, and his knowledge of Forest Service policies and procedures. The court finds that Cross has established that he has the requisite personal knowledge to state the facts asserted, including historical facts, and that he has set forth sufficient information to support those facts.").

Moreover, the reports of Mr. Levitt and Mr. Koh lay more than adequate foundation for the matters on which they opine.  *Huezo*, 2007 U.S. Dist. LEXIS 100116, at *12 n. 18 (adequate foundation where report attached curriculum vitae and outlined basis for findings).  The statement is proper and admissible expert testimony.

Moreover, much of Atlantic's objection improperly offers argument on the merits, the weight of evidence, or the purported existence of a disputed factual issue. This is not a proper evidentiary objection.

To the extent Atlantic argues that Plaintiffs' experts' testimony pertains to the application of international law, it is well settled that expert testimony is appropriate to assist the Court in matters of international law.  *See Mujica v. Occidental Petroleum Corp.*, 381 F. Supp. 2d 1164, 1179 n.14 (C.D. Cal. 2005)

("[T]o determine what is an international law norm, the Court may properly consider the opinion of experts in the field.").

DATED:  May 8, 2017          MITCHELL SILBERBERG & KNUPP LLP

By:  /S/Lucia E. Coyoca
        Lucia E. Coyoca
        Attorneys for Plaintiffs Universal Cable
        Productions LLC and Northern Entertainment
        Productions LLC

**PLAINTIFFS' RESPONSE TO ATLANTIC'S OBJECTIONS TO EVIDENCE**