LUCIA E. COYOCA (SBN 128314)
  lec@msk.com
VALENTINE A. SHALAMITSKI (SBN 236061)
  vas@msk.com
DANIEL M. HAYES (SBN 240250)
  dmh@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, CA 90064-1683
Telephone:  (310) 312-2000
Facsimile:  (310) 312-3100

Attorneys for Plaintiffs
Universal Cable Productions LLC and
Northern Entertainment Productions LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA -- WESTERN DIVISION

| | |
|---|---|
| UNIVERSAL CABLE PRODUCTIONS LLC and NORTHERN ENTERTAINMENT PRODUCTIONS LLC,<br><br>            Plaintiffs,<br><br>     v.<br><br>ATLANTIC SPECIALTY INSURANCE COMPANY,<br><br>            Defendant. | CASE NO. 2:16-cv-4435-PA-MRW<br><br>The Honorable Percy Anderson<br><br>**PLAINTIFFS' EVIDENTIARY OBJECTIONS TO DEFENDANT'S ADDITIONAL MATERIAL FACTS**<br><br>[Reply Memorandum iso Plaintiff Universal's Motion for Partial Summary Judgment; Reply to Atlantic's Statement of Genuine Disputes of Material Facts and Additional Material Facts; and Response to Atlantic's Objections to Evidence filed concurrently herewith]<br><br>Date:        May 22, 2017<br>Time:        1:30 p.m.<br>Ctrm.:       9A, First St Courthouse<br><br>File Date:    June 20, 2016<br>Trial Date:   July 25, 2017 |

Plaintiffs Universal Cable Productions LLC and Northern Entertainment Productions LLC (collectively "Universal"), submit the following objections to the evidence submitted by Defendant Atlantic Specialty Insurance Company ("Atlantic") in support of its purported additional material facts (ECF No. 74-1).

**Atlantic's Additional Material Fact Paragraph 97:**  Objection to the purported fact on the grounds that it is irrelevant.  Fed. R. Evid. 402.

**Atlantic's Additional Material Fact Paragraph 98:**  Objection to the purported fact on the grounds that it is irrelevant.  Fed. R. Evid. 402.  Objection to the supporting statements from the article authored by Jim Zanotti (the "Zanotti Article") (Atlantic's Ex. 4) on the grounds that:  (1) they constitute inadmissible hearsay and no exception is applicable (Fed. R. Evid. 801, 802); and (2) there is no evidence sufficient to support a finding that Mr. Zanotti has personal knowledge of the factual matter stated (Fed. R. Evid. 602).

**Atlantic's Additional Material Fact Paragraph 99:**  Objection to the purported fact on the grounds that the "… who had styled themselves as Palestinian protectors" part is irrelevant.  Fed. R. Evid. 402.

**Atlantic's Additional Material Fact Paragraph 102:**  Objection to the supporting statements from the Zanotti Articles (Atlantic's Exs. 4 and 8) on the grounds that:  (1) they constitute inadmissible hearsay and no exception is applicable (Fed. R. Evid. 801, 802); and (2) there is no evidence sufficient to support a finding that Mr. Zanotti has personal knowledge of the factual matter stated (Fed. R. Evid. 602).

Mitchell
Silberberg &
Knupp LLP

**Atlantic's Additional Material Fact Paragraph 105:**  Objection to the supporting statements from the Human Rights Council report (Atlantic Ex. 6) on the grounds that they constitute inadmissible hearsay and no exception is applicable.  Fed. R. Evid. 801, 802.  Objection to the supporting statements of Paragraph A of the Declaration of Frank G. Lowenstein ("Lowenstein Declaration") (Atlantic's Ex. 1) on the grounds that:  (1) there is no evidence sufficient to support a finding that Mr. Lowenstein has personal knowledge of Israel "leaving control to the Palestinian National Authority"; and (2) to the extent characterized expert opinion, there has been no showing that his statements are based on sufficient facts or data or that they are the product of reliable principles and methods.  Fed. R. Evid. 702, 703.

**Atlantic's Additional Material Fact Paragraph 106:**  Objection to the purported fact on the grounds that it is irrelevant.  Fed. R. Evid. 402.  Objection to the supporting statements from the Zanotti Articles (Atlantic's Exs. 4 and 8) on the grounds that:  (1) they constitute inadmissible hearsay and no exception is applicable (Fed. R. Evid. 801, 802); and (2) there is no evidence sufficient to support a finding that Mr. Zanotti has personal knowledge of the factual matter stated (Fed. R. Evid. 602).  Objection to the supporting statements from the Country Report on Human Rights Practices for Israel and the Occupied Territories (Atlantic's Ex. 5) on the grounds that they: (1) constitute inadmissible hearsay and no exception is applicable (Fed. R. Evid. 801, 802); and (2) there is no evidence sufficient to support a finding that the author has personal knowledge of the factual matter stated (Fed. R. Evid. 602).  In addition, judicial notice cannot be taken of Atlantic's characterization of Hamas as "the governing authority over Gaza," because it is not an indisputable fact that is generally known or that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.  Fed. R. Evid. 201.

Mitchell
Silberberg &
Knupp LLP

3

**Atlantic's Additional Material Fact Paragraph 107:**  Objection to the purported fact on the grounds that it is irrelevant.  Fed. R. Evid. 402.  Objection to the supporting statements from the Country Report on Human Rights Practices for Israel and the Occupied Territories (Atlantic's Ex. 5) on the grounds that they: (1) constitute inadmissible hearsay and no exception is applicable (Fed. R. Evid. 801, 802); and (2) there is no evidence sufficient to support a finding that the author has personal knowledge of the factual matter stated (Fed. R. Evid. 602).  Objection to the supporting statements of Paragraph B of the Lowenstein Declaration (Atlantic's Ex. 1) on the grounds that:  (1) there is no evidence sufficient to support a finding that Mr. Lowenstein has personal knowledge of Hamas having "consolidated control over the Gaza Strip"; and (2) to the extent characterized expert opinion, there has been no showing that his statements are based on sufficient facts or data or that they are the product of reliable principles and methods.  Fed. R. Evid. 702, 703.  In addition, judicial notice cannot be taken of Atlantic's characterization of Hamas having "consolidated control over the Gaza Strip," because it is not an indisputable fact that is generally known or that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.  Fed. R. Evid. 201.

**Atlantic's Additional Material Fact Paragraph 108:**  Objection to the supporting statements from the Country Report on Human Rights Practices for Israel and the Occupied Territories (Atlantic's Ex. 5) on the grounds that they: (1) constitute inadmissible hearsay and no exception is applicable (Fed. R. Evid. 801, 802); and (2) there is no evidence sufficient to support a finding that the author has personal knowledge of the factual matter stated (Fed. R. Evid. 602).  Objection to supporting statements of Paragraph C of the Lowenstein Declaration (Atlantic's Ex. 1) on the grounds that:  (1) there is no evidence sufficient to support a finding

Mitchell
Silberberg &
Knupp LLP

**PLAINTIFFS' EVIDENTIARY OBJECTIONS TO ATLANTIC'S ADDITIONAL MATERIAL FACTS**

that Mr. Lowenstein has personal knowledge of Hamas being the "ruling authority in the Gaza Strip, where it currently governs"; and (2) to the extent characterized expert opinion, there has been no showing that his statements are based on sufficient facts or data or that they are the product of reliable principles and methods.  Fed. R. Evid. 702, 703.

**Atlantic's Additional Material Fact Paragraph 109:** Objection to the supporting statements from the Country Report on Human Rights Practices for Israel and the Occupied Territories (Atlantic's Ex. 5) on the grounds that they: (1) constitute inadmissible hearsay and no exception is applicable (Fed. R. Evid. 801, 802); and (2) there is no evidence sufficient to support a finding that the author has personal knowledge of the factual matter stated (Fed. R. Evid. 602).  Objection to the supporting statements from the Zanotti Articles (Atlantic's Exs. 4 and 8) on the grounds that:  (1) they constitute inadmissible hearsay and no exception is applicable (Fed. R. Evid. 801, 802); and (2) there is no evidence sufficient to support a finding that Mr. Zanotti has personal knowledge of the factual matter stated (Fed. R. Evid. 602).  To the extent Atlantic relies on facts after Universal decided to move the *Dig* production, objection on the grounds that it is irrelevant (Fed. R. Evid. 402).

**Atlantic's Additional Material Fact Paragraph 110:**  Objection to the purported fact on the grounds that it is irrelevant.  Fed. R. Evid. 402.  Objection to the supporting statements from the Zanotti Article (Atlantic's Ex. 8) on the grounds that:  (1) they constitute inadmissible hearsay and no exception is applicable (Fed. R. Evid. 801, 802); and (2) there is no evidence sufficient to support a finding that Mr. Zanotti has personal knowledge of the factual matter stated (Fed. R. Evid. 602).  Objection to supporting statements of Paragraph G of the Lowenstein Declaration (Atlantic's Ex. 1) on the grounds that:  (1) there is no evidence

1  sufficient to support a finding that Mr. Lowenstein has personal knowledge of the

2  factual statements made therein; and (2) to the extent characterized expert opinion,

3  there has been no showing that his statements are based on sufficient facts or data

4  or that they are the product of reliable principles and methods.  Fed. R. Evid. 702,

5  703.

6

7  **Atlantic's Additional Material Fact Paragraph 111:**  Objection to the purported

8  fact on the grounds that it is irrelevant.  Fed. R. Evid. 402.  Objection to the

9  supporting statements from the Zanotti Article (Atlantic's Ex. 4) on the grounds

10 that:  (1) they constitute inadmissible hearsay and no exception is applicable (Fed.

11 R. Evid. 801, 802); and (2) there is no evidence sufficient to support a finding that

12 Mr. Zanotti has personal knowledge of the factual matter stated (Fed. R. Evid.

13 602).  Objection to the supporting statements from the Country Report on Human

14 Rights Practices for Israel and the Occupied Territories (Atlantic's Ex. 5) on the

15 grounds that they: (1) constitute inadmissible hearsay and no exception is

16 applicable (Fed. R. Evid. 801, 802); and (2) there is no evidence sufficient to

17 support a finding that the author has personal knowledge of the factual matter

18 stated (Fed. R. Evid. 602).  Objection to supporting statements of Paragraph H of

19 the Lowenstein Declaration (Atlantic's Ex. 1) on the grounds that:  (1) there is no

20 evidence sufficient to support a finding that Mr. Lowenstein has personal

21 knowledge that the "IDF struck more than 1,000 sites in the Gaza Strip and

22 hundreds of Gazans died or were wounded during this operation"; and (2) to the

23 extent characterized expert opinion, there has been no showing that his statements

24 are based on sufficient facts or data or that they are the product of reliable

25 principles and methods.  Fed. R. Evid. 702, 703.  In addition, judicial notice cannot

26 be taken of Atlantic's purported statistics because they are not indisputable facts

27 that are generally known or that can be accurately and readily determined from

28 sources whose accuracy cannot reasonably be questioned.  Fed. R. Evid. 201.

Mitchell
Silberberg &
Knupp LLP

1

2   **Atlantic's Additional Material Fact Paragraph 112:**  Objection to the

3   supporting statements from the Zanotti Article (Atlantic's Ex. 4) on the grounds

4   that:  (1) they constitute inadmissible hearsay and no exception is applicable (Fed.

5   R. Evid. 801, 802); and (2) there is no evidence sufficient to support a finding that

6   Mr. Zanotti has personal knowledge of the factual matter stated (Fed. R. Evid.

7   602).  Objection to supporting statements of Paragraph E of the Lowenstein

8   Declaration (Atlantic's Ex. 1) on the grounds that there has been no showing that

9   the "Government of National Consensus" characterization is based on sufficient

10  facts or data or that it is the product of reliable principles and methods.  Fed. R.

11  Evid. 702.  Objection to the supporting statements of the May 1, 2014 email from

12  Stephen Smith (Atlantic's Ex. 117) on the grounds that there is no evidence

13  sufficient to support a finding that Mr. Smith had personal knowledge of the

14  purported "new agreement" referenced in the email.  Fed. R. Evid. 602.  Objection

15  to the supporting statements of the June 15, 2014 email from Max Security

16  (Atlantic's Ex. 11) on the grounds that:  (1) they constitute inadmissible hearsay

17  and no exception is applicable (Fed. R. Evid. 801, 802); and (2) there is no

18  evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (Fed. R. Evid. 602).

19  he/she has personal knowledge of the factual matter stated (Fed. R. Evid. 602).

20  Objection to the supporting statements of the June 14, 2014 email from Randi

21  Richmond (Atlantic's Ex. 118) on the grounds that they constitute inadmissible

22  double hearsay (Benjamin Netanyahu's alleged statements, and a newspaper's

23  characterization of the same).  Fed. R. Evid. 801, 802.  In addition, judicial notice

24  cannot be taken of Atlantic's characterizations of Hamas as a "political group" or

25  of any "'consensus' or 'unity' PA government"  because they are not indisputable

26  facts that are generally known or that can be accurately and readily determined

27  from sources whose accuracy cannot reasonably be questioned.  Fed. R. Evid. 201.

28

**Atlantic's Additional Material Fact Paragraph 113:** Objection to supporting statements of Paragraph E of the Lowenstein Declaration (Atlantic's Ex. 1) on the grounds that there has been no showing that the "Government of National Consensus" characterization is based on sufficient facts or data or that it is the product of reliable principles and methods. Fed. R. Evid. 702. Objection to the supporting statements of the May 1, 2014 email from Stephen Smith (Atlantic's Ex. 117) on the grounds that there is no evidence sufficient to support a finding that Mr. Smith had personal knowledge of the purported "new agreement" referenced in the email. Fed. R. Evid. 602.

**Atlantic's Additional Material Fact Paragraph 114:** Objection to the purported fact on the grounds that it is irrelevant. Fed. R. Evid. 402. Objection to the supporting statements from the Zanotti Article (Atlantic's Ex. 4) on the grounds that: (1) they constitute inadmissible hearsay and no exception is applicable (Fed. R. Evid. 801, 802); and (2) there is no evidence sufficient to support a finding that Mr. Zanotti has personal knowledge of the factual matter stated (Fed. R. Evid. 602). In addition, judicial notice cannot be taken of any of Atlantic's self-serving characterizations of the "PA," because they are not indisputable facts that are generally known or that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201.

**Atlantic's Additional Material Fact Paragraph 115:** Objection to supporting statements of Paragraph C of the Lowenstein Declaration (Atlantic's Ex. 1) on the grounds that: (1) there is no evidence sufficient to support a finding that Mr. Lowenstein has personal knowledge of the purported facts set forth therein; and (2) to the extent characterized expert opinion, there has been no showing that his statements are based on sufficient facts or data or that they are the product of reliable principles and methods. Fed. R. Evid. 702, 703.

1

2  **Atlantic's Additional Material Fact Paragraph 116:** Objection to supporting

3  statements of Paragraph C of the Lowenstein Declaration (Atlantic's Ex. 1) on the

4  grounds that: (1) there is no evidence sufficient to support a finding that Mr.

5  Lowenstein has personal knowledge of that Hamas "runs an ad hoc judicial

6  system"; and (2) to the extent characterized expert opinion, there has been no

7  showing that his statements are based on sufficient facts or data or that they are the

8  product of reliable principles and methods. Fed. R. Evid. 702, 703.

9

10  **Atlantic's Additional Material Fact Paragraph 117:** Objection to the

11  supporting statements from the Zanotti Article (Atlantic's Ex. 8) on the grounds

12  that: (1) they constitute inadmissible hearsay and no exception is applicable (Fed.

13  R. Evid. 801, 802); and (2) there is no evidence sufficient to support a finding that

14  Mr. Zanotti has personal knowledge of the factual matter stated (Fed. R. Evid.

15  602). Objection to supporting statements of Paragraph C of the Lowenstein

16  Declaration (Atlantic's Ex. 1) on the grounds that: (1) there is no evidence

17  sufficient to support a finding that Mr. Lowenstein has personal knowledge of the

18  purported facts set forth therein; and (2) to the extent characterized expert opinion,

19  there has been no showing that his statements are based on sufficient facts or data

20  or that they are the product of reliable principles and methods. Fed. R. Evid. 702,

21  703.

22

23  **Atlantic's Additional Material Fact Paragraph 118:** Objection to supporting

24  statements of Paragraph D of the Lowenstein Declaration (Atlantic's Ex. 1) on the

25  grounds that: (1) there is no evidence sufficient to support a finding that Mr.

26  Lowenstein has personal knowledge of the purported facts set forth therein; and (2)

27  to the extent it is expert opinion, there has been no showing that his "military

28

Mitchell
Silberberg &
Knupp LLP

**PLAINTIFFS' EVIDENTIARY OBJECTIONS TO ATLANTIC'S ADDITIONAL MATERIAL FACTS**

force" characterization is based on sufficient facts or data or that it is the product of reliable principles and methods.  Fed. R. Evid. 702, 703.

**Atlantic's Additional Material Fact Paragraph 119:**  Objection to the supporting statements from the Zanotti Article (Atlantic's Ex. 4) on the grounds that:  (1) they constitute inadmissible hearsay and no exception is applicable (Fed. R. Evid. 801, 802); and (2) there is no evidence sufficient to support a finding that Mr. Zanotti has personal knowledge of the factual matter stated (Fed. R. Evid. 602).  In addition, judicial notice cannot be taken of any of Atlantic's characterization of the United Nations' position because it is not an indisputable fact that is generally known or that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.  Fed. R. Evid. 201.

**Atlantic's Additional Material Fact Paragraph 124:** To the extent Atlantic's cited evidence refers to areas in Israel where there was no planned *Dig* production activity, irrelevant (Fed. R. Evid. 402).

**Atlantic's Additional Material Fact Paragraph 125:** To the extent Atlantic's cited evidence refers to areas in Israel where there was no planned *Dig* production activity, irrelevant (Fed. R. Evid. 402).

**Atlantic's Additional Material Fact Paragraphs 142-145:**  Here, Atlantic merely contends that certain statements were made.  To the extent Atlantic were to contend that the supporting evidence establishes the content of the statements (which Atlantic does not), such evidence would be objectionable on the grounds that it:  (1) is irrelevant (Fed. R. Evid. 402); (2) is an improper lay opinion (Fed. R. Evid. 701); and (3) lacks foundation (Fed. R. Evid. 602).

**Atlantic's Additional Material Fact Paragraph 146:**  Objection to the supporting testimony from the deposition of Stephen Smith ("Smith Deposition") (Atlantic's Ex. 119) on the grounds that:  (1) there is no evidence sufficient to support a finding that Mr. Smith has personal knowledge of the nature of the activity at issue as "offensive strikes" or "offensive action," or that Palestine and Gaza "took offensive action against Israel" (Fed. R. Evid. 602); (2) any arguable adoption by Mr. Smith of Atlantic's counsel's vague characterizations would constitute improper and inadmissible lay opinion (Fed. R. Evid. 701).  To the extent Atlantic relies on facts after Universal decided to move the Dig production, irrelevant (Fed. R. Evid. 402).

**Atlantic's Additional Material Fact Paragraph 149:**  Objection to the supporting statements of Paragraph R of the Lowenstein Declaration (Atlantic's Ex. 1) on the grounds that:  (1) there is no evidence sufficient to support a finding that Mr. Lowenstein has personal knowledge of the factual statements made therein; and (2) to the extent characterized expert opinion, there has been no showing that his statements are based on sufficient facts or data or that they are the product of reliable principles and methods.  Fed. R. Evid. 702, 703.  In addition, Atlantic's supporting evidence is objectionable on the grounds that it:  (1) is irrelevant (Fed. R. Evid. 402); (2) is an improper lay opinion (Fed. R. Evid. 701); and (3) lacks foundation (Fed. R. Evid. 602).

**Atlantic's Additional Material Fact Paragraph 150:**  Objection to the purported fact on the grounds that it is irrelevant.  Fed. R. Evid. 402.  Objection to the supporting statements of Paragraph R of the Lowenstein Declaration (Atlantic's Ex. 1) on the grounds that:  (1) there is no evidence sufficient to support a finding that Mr. Lowenstein has personal knowledge of the factual statements made therein; and (2) to the extent characterized expert opinion, there has been no

Mitchell
Silberberg &
Knupp LLP

**PLAINTIFFS' EVIDENTIARY OBJECTIONS TO ATLANTIC'S ADDITIONAL MATERIAL FACTS**

1  showing that his statements are based on sufficient facts or data or that they are the

2  product of reliable principles and methods.  Fed. R. Evid. 702, 703.  Objection to

3  the supporting statements from Human Rights Situation in Palestine and other

4  Occupied Arab Territories (Atlantic's Ex. 6) on the grounds that they: (1)

5  constitute inadmissible hearsay and no exception is applicable (Fed. R. Evid. 801,

6  802); and (2) there is no evidence sufficient to support a finding that the author has

7  personal knowledge of the factual matter stated (Fed. R. Evid. 602).

8

9  **Atlantic's Additional Material Fact Paragraph 151:**  Here, Atlantic merely

10  contends that certain statements were "noted" in emails from "Max Security

11  Intelligence."  To the extent Atlantic were to contend that the supporting evidence

12  establishes the content of the statements (which Atlantic does not), such evidence

13  would be objectionable on the grounds that it:  (1) is irrelevant (Fed. R. Evid. 402);

14  (2) is an improper lay opinion (Fed. R. Evid. 701); (3) lacks foundation (Fed. R.

15  Evid. 602); and (4) constitutes inadmissible hearsay and no exception is applicable

16  (Fed. R. Evid. 801, 802).

17

18  **Atlantic's Additional Material Fact Paragraph 157:**  Objection to the purported

19  fact on the grounds that it is irrelevant.  Fed. R. Evid. 402.

20

21  **Atlantic's Additional Material Fact Paragraph 158:**  Here, Atlantic merely

22  contends that certain statements were made.  To the extent Atlantic were to

23  contend that the supporting evidence establishes the content of the statements

24  (which Atlantic does not), such evidence would be objectionable on the grounds

25  that it:  (1) is irrelevant (Fed. R. Evid. 402); (2) is an improper lay opinion (Fed. R.

26  Evid. 701); (3) lacks foundation, given that Atlantic has not established that Mr.

27  Biggs authored the text of the email, especially in light of Mr. Smith's deposition

28  testimony regarding Mr. Biggs' practice of copying and pasting information from

Mitchell
Silberberg &
Knupp LLP

**PLAINTIFFS' EVIDENTIARY OBJECTIONS TO ATLANTIC'S ADDITIONAL MATERIAL FACTS**

third-party sources (*see* Atlantic Ex. 119:  Smith Depo, 315:2-316:21; 321:15-17) (Fed. R. Evid. 602); and (4) constitutes inadmissible hearsay and no exception is applicable for the same reason – Atlantic has not established that Mr. Biggs' is the original declarant (Fed. R. Evid. 801, 802).

**Atlantic's Additional Material Fact Paragraph 161:**  Here, the supporting statements in all of the emails are objectionable on the grounds that they are:  (1) is irrelevant (Fed. R. Evid. 402); (2) improper lay opinion (Fed. R. Evid. 701); and (3) lack foundation (Fed. R. Evid. 602).  The supporting statements in the email from Mr. Biggs specifically lack foundation given that Atlantic has not established that Mr. Biggs authored the text of the email, especially in light of Mr. Smith's deposition testimony regarding Mr. Biggs' practice of copying and pasting information from third-party sources.  *See* Atlantic Ex. 119:  Smith Depo, 315:2-316:21; 321:15-17; Fed. R. Evid. 602.  These statements constitute inadmissible hearsay and no exception is applicable for the same reason – Atlantic has not established that Mr. Biggs' is the original declarant.  Fed. R. Evid. 801, 802.  The supporting statements in the emails from third-party Max Security Intelligence also constitute inadmissible hearsay and no exception is applicable (Fed. R. Evid. 801, 802).

**Atlantic's Additional Material Fact Paragraph 163:**  Here, Atlantic merely contends that certain statements were made by a third-party.  To the extent Atlantic were to contend that the supporting evidence establishes the content of the statements (which Atlantic does not), such evidence would be objectionable on the grounds that it:  (1) is irrelevant (Fed. R. Evid. 402); (2) is an improper lay opinion (Fed. R. Evid. 701); (3) lacks foundation (Fed. R. Evid. 602); and (4) constitutes inadmissible hearsay and no exception is applicable (Fed. R. Evid. 801, 802).

**PLAINTIFFS' EVIDENTIARY OBJECTIONS TO ATLANTIC'S ADDITIONAL MATERIAL FACTS**

**Atlantic's Additional Material Fact Paragraph 164:**  Here, Atlantic merely contends that certain statements were made by a third-party.  To the extent Atlantic were to contend that the supporting evidence establishes the content of the statements (which Atlantic does not), such evidence would be objectionable on the grounds that it:  (1) is irrelevant (Fed. R. Evid. 402); (2) is an improper lay opinion (Fed. R. Evid. 701); (3) lacks foundation (Fed. R. Evid. 602); and (4) constitutes inadmissible hearsay and no exception is applicable (Fed. R. Evid. 801, 802).

**Atlantic's Additional Material Fact Paragraph 165:**  Here, Atlantic merely contends that certain statements were made by a third-party.  To the extent Atlantic were to contend that the supporting evidence establishes the content of the statements (which Atlantic does not), such evidence would be objectionable on the grounds that it: (1) is irrelevant (Fed. R. Evid. 402); (2) is an improper lay opinion (Fed. R. Evid. 701); (3) lacks foundation (Fed. R. Evid. 602); and (4) constitutes inadmissible hearsay and no exception is applicable (Fed. R. Evid. 801, 802).

**Atlantic's Additional Material Fact Paragraph 168:**  Objection to the supporting statements from Human Rights Situation in Palestine and other Occupied Arab Territories (Atlantic's Ex. 6) on the grounds that they: (1) constitute inadmissible hearsay and no exception is applicable (Fed. R. Evid. 801, 802); and (2) there is no evidence sufficient to support a finding that the author has personal knowledge of the factual matter stated (Fed. R. Evid. 602).  Objection to supporting statements of Paragraph M of the Lowenstein Declaration (Atlantic's Ex. 1) on the grounds that:  (1) there is no evidence sufficient to support a finding that Mr. Lowenstein has personal knowledge that Hamas "launched an Unmanned Aerial Vehicle believed to possibly be carrying explosives at Israel on July 14th"; and (2) to the extent characterized expert opinion, there has been no showing that

1    his statements are based on sufficient facts or data or that they are the product of

2    reliable principles and methods.  Fed. R. Evid. 702, 703.

3

4    **Atlantic's Additional Material Fact Paragraph 169:**  Objection to the

5    supporting statements in the July 9, 2014 email from Stephen Smith (Atlantic's Ex.

6    133) on the grounds that there is no evidence sufficient to support a finding that

7    Mr. Smith had personal knowledge of any of the factual matter referenced in the

8    email, and the text of the email itself shows that the information was not within his

9    personal knowledge (*e.g.*, "Reports indicate … .").  Fed. R. Evid. 602.  Indeed,

10   Atlantic has not even established that Mr. Smith authored the text of the email,

11   especially in light of Mr. Smith's deposition testimony regarding his and his

12   colleague's practice of copying and pasting information from third-party sources.

13   *See* Atlantic Ex. 119:  Smith Depo, 315:2-316:21; 321:15-17.  Objection to

14   supporting statements of Paragraphs K-N of the Lowenstein Declaration

15   (Atlantic's Ex. 1) on the grounds that:  (1) there is no evidence sufficient to support

16   a finding that Mr. Lowenstein has personal knowledge of the purported facts set

17   forth therein; and (2) to the extent characterized expert opinion, there has been no

18   showing that his statements are based on sufficient facts or data or that they are the

19   product of reliable principles and methods.  Fed. R. Evid. 702, 703.

20

21   **Atlantic's Additional Material Fact Paragraph 173:**  Objection to the

22   supporting statements from the Country Report on Human Rights Practices for

23   Israel and the Occupied Territories (Atlantic's Ex. 5) on the grounds that they: (1)

24   constitute inadmissible hearsay and no exception is applicable (Fed. R. Evid. 801,

25   802); and (2) there is no evidence sufficient to support a finding that the author has

26   personal knowledge of the factual matter stated (Fed. R. Evid. 602).  Objection to

27   the supporting statements from Human Rights Situation in Palestine and other

28   Occupied Arab Territories (Atlantic's Ex. 6) on the grounds that they: (1)

Mitchell
Silberberg &
Knupp LLP

15

constitute inadmissible hearsay and no exception is applicable (Fed. R. Evid. 801, 802); and (2) there is no evidence sufficient to support a finding that the author has personal knowledge of the factual matter stated (Fed. R. Evid. 602). Objection to supporting statements of Paragraph O of the Lowenstein Declaration (Atlantic's Ex. 1) on the grounds that: (1) there is no evidence sufficient to support a finding that Mr. Lowenstein has personal knowledge of the purported facts set forth therein; and (2) to the extent characterized expert opinion, there has been no showing that his statements are based on sufficient facts or data or that they are the product of reliable principles and methods. Fed. R. Evid. 702, 703.

**Atlantic's Additional Material Fact Paragraph 174:** Objection to the purported fact on the grounds that it is irrelevant. Fed. R. Evid. 402.

**Atlantic's Additional Material Fact Paragraph 175:** Objection to the supporting statements in the August 1, 2014 email from Chris Biggs (Atlantic's Ex. 33) on the grounds that there is no evidence sufficient to support a finding that Mr. Biggs had personal knowledge of any of the matter referenced in the email, or that Mr. Biggs even authored the text of the email given Mr. Smith's deposition testimony regarding Mr. Biggs' practice of copying and pasting information from third-party sources. *See* Atlantic Ex. 119: Smith Depo, 315:2-316:21; Fed. R. Evid. 602. Objection to the supporting statements from the Country Report on Human Rights Practices for Israel and the Occupied Territories (Atlantic's Ex. 5) on the grounds that they: (1) constitute inadmissible hearsay and no exception is applicable (Fed. R. Evid. 801, 802); and (2) there is no evidence sufficient to support a finding that the author has personal knowledge of the factual matter stated (Fed. R. Evid. 602). Objection to the supporting statements from Human Rights Situation in Palestine and other Occupied Arab Territories (Atlantic's Ex. 6) on the grounds that they: (1) constitute inadmissible hearsay and no exception is

Mitchell Silberberg & Knupp LLP

16

1   applicable (Fed. R. Evid. 801, 802); and (2) there is no evidence sufficient to

2   support a finding that the author has personal knowledge of the factual matter

3   stated (Fed. R. Evid. 602).

4

5   **Atlantic's Additional Material Fact Paragraph 176:** Objection to the purported

6   fact on the grounds that it is irrelevant. Fed. R. Evid. 402.

7

8   **Atlantic's Additional Material Fact Paragraph 177:** Objection to the

9   supporting statements of the July 11, 2014 email from Max Security (Atlantic's

10  Ex. 22) on the grounds that: (1) they constitute inadmissible hearsay and no

11  exception is applicable (Fed. R. Evid. 801, 802); and (2) there is no evidence

12  sufficient to support a finding as to the identity of the author or that he/she has

13  personal knowledge of the factual matter stated (Fed. R. Evid. 602). Objection to

14  the supporting statements in the July 17, 2014 email from Stephen Smith

15  (Atlantic's Ex. 35) and the August 1, 2014 email from Chris Biggs (Atlantic's Ex.

16  34) on the grounds that there is no evidence sufficient to support a finding that the

17  authors of these emails had personal knowledge of any of the factual matters

18  referenced in them, or that Mr. Biggs and Mr. Smith even authored the text of their

19  respective emails, especially in light of Mr. Smith's deposition testimony regarding

20  his and his colleague's practice of copying and pasting information from third-

21  party sources. *See* Atlantic Ex. 119: Smith Depo, 315:2-316:21; 321:15-17.

22

23  **Atlantic's Additional Material Fact Paragraph 178:** Objection to the

24  supporting statements from the Country Report on Human Rights Practices for

25  Israel and the Occupied Territories (Atlantic's Ex. 5) on the grounds that they: (1)

26  constitute inadmissible hearsay and no exception is applicable (Fed. R. Evid. 801,

27  802); and (2) there is no evidence sufficient to support a finding that the author has

28  personal knowledge of the factual matter stated (Fed. R. Evid. 602). Objection to

Mitchell
Silberberg &
Knupp LLP

**PLAINTIFFS' EVIDENTIARY OBJECTIONS TO ATLANTIC'S ADDITIONAL MATERIAL FACTS**

the supporting statements from Human Rights Situation in Palestine and other Occupied Arab Territories (Atlantic's Ex. 6) on the grounds that they: (1) constitute inadmissible hearsay and no exception is applicable (Fed. R. Evid. 801, 802); and (2) there is no evidence sufficient to support a finding that the author has personal knowledge of the factual matter stated (Fed. R. Evid. 602).  Objection to the supporting statements from Fragmented Lives Humanitarian Overview (Atlantic's Ex. 36) on the grounds that they: (1) constitute inadmissible hearsay and no exception is applicable (Fed. R. Evid. 801, 802); and (2) there is no evidence sufficient to support a finding that the author has personal knowledge of the factual matter stated (Fed. R. Evid. 602).  In addition, judicial notice cannot be taken of Atlantic's self-serving characterization of the conflict as a "war," because it was not a war, and it goes without saying that it therefore is not an indisputable fact that is generally known or that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.  Fed. R. Evid. 201.

**Atlantic's Additional Material Fact Paragraph 179:**  Objection to the purported fact on the grounds that it is irrelevant.  Fed. R. Evid. 402.

**Atlantic's Additional Material Fact Paragraph 180:**  Objection to the purported fact on the grounds that it is irrelevant.  Fed. R. Evid. 402.

**Atlantic's Additional Material Fact Paragraph 181:**  Objection to the supporting statements of the July 20, 2014 and July 21, 2014 emails from Max Security (Atlantic's Exs. 37 and 38) on the grounds that:  (1) they constitute inadmissible hearsay and no exception is applicable (Fed. R. Evid. 801, 802); and (2) there is no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (Fed. R. Evid. 602).

1

2    **Atlantic's Additional Material Fact Paragraphs 182-187:**  For each of these

3    paragraphs, objection to the purported fact on the grounds that it is irrelevant.  Fed.

4    R. Evid. 402.

5

6    **Atlantic's Additional Material Fact Paragraphs 194-195:** For each of these

7    paragraphs, objection to the purported fact on the grounds that it is irrelevant. Fed.

8    R. Evid. 402.

9

10   **Atlantic's Additional Material Fact Paragraphs 199-200:** For each of these

11   paragraphs, objection to the purported fact on the grounds that it is irrelevant

12   because Ms. Garber and Ms. Weiss were not the primary individuals negotiating

13   the Policy.  Fed. R. Evid. 402.

14

15   **Atlantic's Additional Material Fact Paragraph 205:**  Objection to this purported

16   fact on the grounds that it is irrelevant.  Fed. R. Evid. 402.

17

18   **Atlantic's Additional Material Fact Paragraphs 212-214:**  Here, Atlantic

19   merely contends that certain statements were made.  To the extent Atlantic were to

20   contend that the supporting evidence establishes the content of the statements

21   (which Atlantic does not), such evidence would be objectionable on the grounds

22   that it:  (1) is irrelevant (Fed. R. Evid. 402); (2) is an improper lay opinion (Fed. R.

23   Evid. 701); and (3) lacks foundation (Fed. R. Evid. 602).

24

25   **Atlantic's Additional Material Fact Paragraph 220:**  Here, Atlantic merely

26   contends that the "populace at large" referred to the fighting between Israel and

27   Hamas as a "war."  As a threshold matter, this is not a "fact" at all, and is not

28   established by Atlantic's evidence.  In any event, to the extent Atlantic were to

Mitchell
Silberberg &
Knupp LLP

**PLAINTIFFS' EVIDENTIARY OBJECTIONS TO ATLANTIC'S ADDITIONAL MATERIAL FACTS**

contend that the supporting evidence establishes that the fighting constituted a "war" (which Atlantic does not), such evidence would be objectionable on the grounds that it:  (1) is irrelevant (Fed. R. Evid. 402); (2) is an improper lay opinion (Fed. R. Evid. 701); (3) lacks foundation (Fed. R. Evid. 602); and (4) constitutes inadmissible hearsay and no exception is applicable (Fed. R. Evid. 801, 802).

**Atlantic's Additional Material Fact Paragraphs 221-226, 228-252:**  Here, Atlantic merely contends that various news publications were "titled" as set forth in the respective paragraphs.  To the extent Atlantic were to contend that the supporting evidence establishes the content of such titles (which Atlantic does not), such evidence would be objectionable on the grounds that it:  (1) is irrelevant (Fed. R. Evid. 402); (2) is an improper lay opinion (Fed. R. Evid. 701); (3) lacks foundation (Fed. R. Evid. 602); and (4) constitutes inadmissible hearsay and no exception is applicable (Fed. R. Evid. 801, 802).

**Atlantic's Additional Material Fact Paragraph 253:**  Here, Atlantic merely contends that certain statements were "note[d]" in emails from "Max Security Intelligence."  To the extent Atlantic were to contend that the supporting evidence establishes the content of the statements (which Atlantic does not), such evidence would be objectionable on the grounds that it:  (1) is irrelevant (Fed. R. Evid. 402); (2) is an improper lay opinion (Fed. R. Evid. 701); (3) lacks foundation (Fed. R. Evid. 602); and (4) constitutes inadmissible hearsay and no exception is applicable (Fed. R. Evid. 801, 802).

**Atlantic's Additional Material Fact Paragraph 254:**  Here, Atlantic merely contends that certain statements were made.  To the extent Atlantic were to contend that the supporting evidence establishes the content of the statements (which Atlantic does not), such evidence would be objectionable on the grounds

that it:  (1) is irrelevant (Fed. R. Evid. 402); (2) is an improper lay opinion (Fed. R. Evid. 701); and (3) lacks foundation (Fed. R. Evid. 602).

**Atlantic's Additional Material Fact Paragraphs 256, 258-261, 266, 268:**  Here, Atlantic merely contends that certain statements were made by third-parties.  To the extent Atlantic were to contend that the supporting evidence establishes the content of the statements (which Atlantic does not), such evidence would be objectionable on the grounds that it:  (1) is irrelevant (Fed. R. Evid. 402); (2) is an improper lay opinion (Fed. R. Evid. 701); (3) lacks foundation (Fed. R. Evid. 602); and (4) constitutes inadmissible hearsay and no exception is applicable (Fed. R. Evid. 801, 802).

**Atlantic's Additional Material Fact Paragraph 257:**  Here, Atlantic merely contends that certain statements were made by third-parties.  To the extent Atlantic were to contend that the supporting evidence establishes the content of the statement that Hamas' actions in Gaza were those of "militants" (which Atlantic does not), such evidence would be objectionable on the ground that it is irrelevant (Fed. R. Evid. 402).

**Atlantic's Additional Material Fact Paragraph 269:**  Here, Atlantic merely contends that certain statements were made.  To the extent Atlantic were to contend that the supporting evidence establishes the content of the statements (which Atlantic does not), such evidence would be objectionable on the grounds that it:  (1) is irrelevant (Fed. R. Evid. 402); (2) is an improper lay opinion (Fed. R. Evid. 701); (3) lacks foundation, given that Atlantic has not established that Mr. Smith authored the text of the email, especially in light of Mr. Smith's deposition testimony regarding his and Mr. Biggs' practice of copying and pasting information from third-party sources (*see* Atlantic Ex. 119:  Smith Depo, 315:2-

316:21; 321:15-17) (Fed. R. Evid. 602); and (4) constitutes inadmissible hearsay and no exception is applicable for the same reason – Atlantic has not established that Mr. Smith is the original declarant (Fed. R. Evid. 801, 802).

**Atlantic's Additional Material Fact Paragraph 270:**  Here, Atlantic merely contends that certain statements were made by a third-party.  To the extent Atlantic were to contend that the supporting evidence establishes the content of the statements (which Atlantic does not), such evidence would be objectionable on the grounds that it:  (1) is irrelevant (Fed. R. Evid. 402); (2) is an improper lay opinion (Fed. R. Evid. 701); (3) lacks foundation (Fed. R. Evid. 602); and (4) constitutes inadmissible hearsay and no exception is applicable (Fed. R. Evid. 801, 802).

**Atlantic's Additional Material Fact Paragraph 272:**  Here, Atlantic merely contends that certain statements were made in emails from "Max Security Intelligence."  To the extent Atlantic were to contend that the supporting evidence establishes the content of the statements (which Atlantic does not), such evidence would be objectionable on the grounds that it:  (1) is irrelevant (Fed. R. Evid. 402); (2) is an improper lay opinion (Fed. R. Evid. 701); (3) lacks foundation (Fed. R. Evid. 602); and (4) constitutes inadmissible hearsay and no exception is applicable – notwithstanding Atlantic's totally unsupported reference to the declarant(s) as "Plaintiffs' representatives" (Fed. R. Evid. 801, 802).

**Atlantic's Additional Material Fact Paragraph 273:**  Objection to the supporting statements from the article authored by Carla E. Hummud (Atlantic's Ex. 153) on the grounds that:  (1) they constitute inadmissible hearsay and no exception is applicable (Fed. R. Evid. 801, 802); and (2) there is no evidence sufficient to support a finding that Ms. Hummud has personal knowledge of the

factual matter stated (Fed. R. Evid. 602).  Also, the "fact" itself is an improper legal conclusion.

**Atlantic's Additional Material Fact Paragraph 274:**  Objection to the supporting statements from the Deposition of Peter Williams on the grounds that: (1) the statement is an improper lay opinion (Fed. R. Evid. 701); and (2) to the extent characterized expert opinion, there has been no showing that his statements are based on sufficient facts or data or that they are the product of reliable principles and methods.  Fed. R. Evid. 702, 703.

**Atlantic's Additional Material Fact Paragraph 275:**  Objection to the supporting statements of Paragraph 10 of the Declaration of Frank G. Lowenstein ("Lowenstein Declaration") (Atlantic's Ex. 155) on the grounds that:  (1) there is no evidence sufficient to support a finding that Mr. Lowenstein has personal knowledge that "Hamas controls the Gaza Strip's borders"; and (2) to the extent characterized expert opinion, there has been no showing that his statements are based on sufficient facts or data or that they are the product of reliable principles and methods.  Fed. R. Evid. 702, 703.  Objection to the supporting statements from the Country Report on Human Rights Practices for Israel and the Occupied Territories (Atlantic's Ex. 5) on the grounds that they: (1) constitute inadmissible hearsay and no exception is applicable (Fed. R. Evid. 801, 802); and (2) there is no evidence sufficient to support a finding that the author has personal knowledge of the factual matter stated (Fed. R. Evid. 602).

Respectfully submitted,

DATED:  May 8, 2017                    MITCHELL SILBERBERG & KNUPP LLP

By  :/S/Lucia E. Coyoca
        Lucia E. Coyoca, Attorneys for Plaintiffs
        Universal Cable Productions LLC and Northern
        Entertainment Productions LLC

Mitchell
Silberberg &
Knupp LLP

23