MARC J. SHRAKE (SBN 219331)
 mjs@amclaw.com
ANDERSON, MCPHARLIN & CONNERS LLP
707 Wilshire Boulevard, Suite 4000
Los Angeles, California 90017-3623
Telephone: (213) 236-1691
Facsimile: (213) 622-7594

MICHAEL KEELEY *(Pro Hac Vice)*
 michael.keeley@strasburger.com
TONI SCOTT REED *(Pro Hac Vice)*
 toni.reed@strasburger.com
CARLA C. CRAPSTER *(Pro Hac Vice)*
 carla.crapster@strasburger.com
STRASBURGER & PRICE, LLP
901 Main Street, Suite 6000
Dallas, Texas 75202
Telephone: (214) 651-4300
Facsimile: (214) 651-4330

Attorneys for Defendant
Atlantic Specialty Insurance Company

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| UNIVERSAL CABLE PRODUCTIONS LLC, *et al.*,<br><br>    Plaintiffs,<br><br>vs.<br><br>ATLANTIC SPECIALTY INSURANCE COMPANY,<br><br>    Defendant. | CASE NO. 2:16-cv-4435-PA-MRW<br><br>**DECLARATION OF CARLA C. CRAPSTER IN SUPPORT OF REQUEST FOR ATTORNEY'S FEES IN CONNECTION WITH PLAINTIFFS' MOTION TO COMPEL** |

**DECLARATION OF CARLA C. CRAPSTER IN SUPPORT OF
ATLANTIC SPECIALTY INSURANCE COMPANY'S REQUEST FOR ATTORNEY'S FEES**

## DECLARATION OF CARLA C. CRAPSTER

I, Carla C. Crapster, declare:

1. I am an attorney duly licensed to practice law in the State of Texas and admitted *pro hac vice* before this Court. I am a partner in the law firm of Strasburger & Price LLP, attorneys of record for the defendant Atlantic Specialty Insurance Company ("Atlantic") in the above-captioned matter. I make this declaration in support of Atlantic's Motion for Attorney's Fees. I have personal knowledge of the following facts and, if called and sworn as a witness, could and would competently testify thereto.

2. Before the plaintiffs moved to compel the production of the coverage opinion that Atlantic obtained in connection with the *Dig* claim, Atlantic made clear to the plaintiffs in several phone calls, and in a sworn interrogatory response to Interrogatory No. 20 that "Atlantic has not, however, asserted the advice-of-counsel defense in this case, and it does not intend to."

3. On April 11, 2017, plaintiffs' counsel sent an e-mail attaching a proposed stipulation on the coverage-opinion issue, which stated that Atlantic would not mention the coverage opinion at trial. Filed herewith as Exhibit 1 is a true and correct copy of the e-mail and proposed stipulation that was attached to that e-mail.

4. Atlantic responded to this proposed stipulation on April 18, 2017, adding language stating that the plaintiffs also could not make any mention of Atlantic's having consulted (or not consulted) outside counsel in connection with the *Dig* claim. Filed herewith as Exhibit 2 is a true and correct copy of the e-mail and proposed revised stipulation that was attached to that e-mail.

5. On April 25, 2017, the parties appeared before the Court in a telephonic hearing, during which the plaintiffs stated that no agreement had been reached on this issue. The Court ordered the parties to continue to attempt to work it out or, if they

1

could not, to file supplemental briefs on April 27, 2017. (Doc. 65).

6.     On April 25, 2017, Atlantic's counsel sent an e-mail attaching again Atlantic's proposed revisions to the stipulation and asking the plaintiffs for their position on it. Filed herewith as Exhibit 3 is a true and correct copy of that e-mail and the proposed revised stipulation that was attached thereto.

7.     Atlantic had a conversation with plaintiffs' counsel regarding this stipulation, and other matters, on April 25 at approximately 5:30 p.m. Central Time. Plaintiffs' counsel stated during that phone call that they were going to propose a change to the stipulation that would allow the plaintiffs to reserve the right to mention the coverage opinion at trial, and that the stipulation would be void if they chose to do so. Atlantic's counsel disagreed with this approach, noting that it did not resolve the dispute at all but merely delayed it. Atlantic nonetheless requested during that phone call that the plaintiffs send a proposed stipulation in writing so that Atlantic could consider it. Plaintiffs' counsel sent that proposed stipulation later that day, on April 25, 2017. Filed herewith as Exhibit 4 is a true and correct copy of the e-mail and proposed revised stipulation that was attached to that e-mail.

8.     Atlantic's counsel sent a revised version of that stipulation to the plaintiffs on April 26, 2017, shortly before the parties were scheduled to have a call on the issue of this stipulation. Filed herewith as Exhibit 5 is a true and correct copy of that e-mail and the proposed revised stipulation that was attached to that e-mail. At this point, Atlantic was continuing to assert that neither party could mention the coverage opinion at trial.

9.     Atlantic's counsel held a telephone conference with plaintiffs' counsel regarding the stipulation on April 26, beginning at approximately 3:30 p.m. Central Time. During this phone call, plaintiffs' counsel was insistent that the plaintiffs needed

2

DECLARATION OF CARLA C. CRAPSTER IN SUPPORT OF
ATLANTIC SPECIALTY INSURANCE COMPANY'S REQUEST FOR ATTORNEY'S FEES

to be able to reserve the right to mention the coverage opinion at trial.

10. Later in the day on April 26, 2017, Atlantic's counsel sent another revised stipulation, with an e-mail explaining that Atlantic would no longer insist that the plaintiffs agree not to mention the coverage opinion at trial. But Atlantic added language to ensure that Atlantic's witnesses were not forced to answer "no" to questions regarding whether they had consulted any outside vendors or third parties or experts, or any other similarly broad category that might encompass an attorney. Atlantic's proposed stipulation made clear that the plaintiffs could ask specific questions about the type of experts Atlantic had (or had not) consulted. For example, Atlantic's proposed stipulation noted that the plaintiffs could, without waiving the stipulation, inquire about whether Atlantic had consulted a Middle East expert. Filed herewith as Exhibit 6 is a true and correct copy of that e-mail and the proposed revised stipulation that was attached thereto.

11. After Atlantic's counsel sent that e-mail on April 26, plaintiffs' counsel contacted Atlantic's counsel and stated that the plaintiffs were now reconsidering and might agree that the plaintiffs would, like Atlantic, be barred from mentioning the coverage opinion at trial. But the plaintiffs stated that if they were agree to this, they wanted the parties' stipulation to state that if for any reason (presumably by accident) the existence of the coverage opinion were mentioned at trial, Atlantic would agree to let the plaintiffs' attorneys argue to the jury that they should infer from the existence of the opinion and Atlantic's invocation of the attorney-client privilege to protect it that the opinion was adverse to Atlantic's position in the case.

12. Atlantic responded that it could not agree to this latest offer as any argument that a jury should draw an adverse inference from the invocation of the attorney-client privilege was contrary to the law. A true and correct copy of the e-mail sent by Atlantic's counsel to plaintiffs' counsel stating that it could not agree to this

3

DECLARATION OF CARLA C. CRAPSTER IN SUPPORT OF
ATLANTIC SPECIALTY INSURANCE COMPANY'S REQUEST FOR ATTORNEY'S FEES

latest proposal is filed herewith as Exhibit 7.

13. The parties proceeded with the supplemental briefing that was filed on April 27, 2017, and the subsequent hearing on May 3, 2017.

14. Atlantic is seeking the following fees incurred in connection with the continuing discussions regarding the stipulation, the time spent drafting proposed changes to the stipulation and responding to the plaintiffs' proposed stipulations, and the time spent preparing for and arguing at the hearing on May 3, 2017. More specifically, Atlantic is seeking recovery for the following fees:

| Attorney | Date Worked | Description of Work | Time Billed | Hourly Rate | Amount Billed |
| --- | --- | --- | --- | --- | --- |
| Toni Scott Reed ("Reed") | 4/12/17 | Analyze proposed stipulation on waiver-of-privilege dispute | .3 | $315 | $94.5 |
| Carla C. Crapster ("Crapster") | 4/13/17 | Analyze proposed stipulation on waiver-of-privilege dispute | .6 | $295 | $177 |
| Reed | 4/13/17 | Analyze potential arguments for final stipulation | .5 | $315 | $157.50 |
| Reed | 4/14/17 | Revise proposed stipulation | .4 | $315 | $126 |
| Crapster | 4/17/17 | Prepare letter to opposing counsel | .3 | $295 | $88.5 |

4

**DECLARATION OF CARLA C. CRAPSTER IN SUPPORT OF
ATLANTIC SPECIALTY INSURANCE COMPANY'S REQUEST FOR ATTORNEY'S FEES**

| | | | | | |
|---|---|---|---|---|---|
| | | regarding stipulation | | | |
| Crapster | 4/18/17 | Prepare letter to opposing counsel regarding stipulation | .2 | $295 | $59 |
| Reed | 4/19/17 | Prepare for hearing before magistrate judge | .6 | $315 | $189 |
| Reed | 4/24/17 | Analyze proposed stipulation | .2 | $315 | $63 |
| Crapster | 4/25/17 | Prepare for and participate in phone call with opposing counsel on stipulation | .7 | $295 | $206.50 |
| Reed | 4/25/17 | Prepare for and participate in phone call with opposing counsel on stipulation | .7 | $315 | $220.50 |
| Crapster | 4/26/17 | Prepare for and participate in phone call with opposing counsel on stipulation | .5 | $295 | $147.50 |
| Crapster | 4/26/17 | Prepare supplemental brief on plaintiffs' motion to compel | 1.6 | $295 | $472 |

| Reed | 4/26/17 | Analyze proposed stipulation and discuss with opposing counsel | 1.1 | $315 | $346.50 |
| --- | --- | --- | --- | --- | --- |
| Crapster | 4/27/17 | Prepare supplemental brief and discuss proposed resolution to stipulation with opposing counsel | 1.2 | $295 | $354 |
| Reed | 4/27/17 | Review supplemental brief and analyze stipulation | 1.2 | $315 | $378 |
| Reed | 5/2/17 | Prepare for hearing | 1 | $315 | $315 |
| Reed | 5/3/17 | Prepare for/attend hearing | 5.5 | $315 | $1,732.50 |
| | | | | | **TOTAL: $5,127** |

15. In total, the very conservative estimate of my time spent in connection with the waiver-of-privilege dispute after April 10, 2014, is 5.1 hours, at a rate of $295 per hour, for a total of $1,504.50.

16. The very conservative estimate of Ms. Reed's time spent in connection with the waiver-of-privilege dispute after April 10, 2014, is 11.5 hours, at a rate of $315 per hour, for a total of $3,622.50.

6

**DECLARATION OF CARLA C. CRAPSTER IN SUPPORT OF**
**ATLANTIC SPECIALTY INSURANCE COMPANY'S REQUEST FOR ATTORNEY'S FEES**

17. Atlantic is therefore seeking a total of $5,127 for time spent (again, using a conservative estimate) in connection the waiver-of-privilege dispute after April 10, 2014.

18. Atlantic is not charging for the travel time that its attorney, Ms. Reed, incurred to appear at the hearing on May 3, 2017.

19. Attached hereto as Exhibits 8 and 9 respectively are true and correct copies of resumes for myself and Ms. Toni Scott Reed. I have approximately 9 years of experience practicing law, approximately half of which has been dedicated to litigating insurance coverage disputes. Ms. Reed has approximately 24 years of experience practicing law, approximately all of which has been dedicated to litigating insurance coverage disputes.

20. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed May 15, 2017, at Dallas, Texas.

_____
Carla C. Crapster