# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| UNIVERSAL CABLE PRODUCTIONS LLC, *et al.*, | CASE NO. 2:16-cv-4435-PA-MRW |
| Plaintiffs, | |
| v. | |
| ATLANTIC SPECIALTY INSURANCE COMPANY, | |
| Defendant. | |

# Exhibit 1

| | |
|---|---|
| **From:** | Hayes, Daniel <dmh@msk.com> |
| **Sent:** | Tuesday, April 11, 2017 6:33 PM |
| **To:** | Reed, Toni; Keeley, Michael; Crapster, Carla |
| **Cc:** | Coyoca, Lucia; Shalamitski, Valentine |
| **Subject:** | UCP, et al. v. Atlantic |
| **Attachments:** | 4-11-2017 Letter Hayes to Reed (8781942).pdf; Joint Stipulation Re. Discovery Motion (8780432).docx; [Proposed] Order on Joint Stipulation Re. Discovery Motion (8780473).docx |

Toni,

Please see attached letter and enclosures.

Dan

**msk**

**Daniel M. Hayes | Partner, through his professional corporation**
T: 310.312.3216 | dmh@msk.com
**Mitchell Silberberg & Knupp LLP | www.msk.com**
11377 W. Olympic Blvd., Los Angeles, CA 90064

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT AN INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.

**msk**

**MITCHELL SILBERBERG & KNUPP LLP**
A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

Daniel M. Hayes
Partner
(310) 312-3216 Phone
(310) 231-8436 Fax
dmh@msk.com

April 11, 2017

**VIA EMAIL ONLY**

Toni Scott Reed
Strasburger & Price, LLP
901 Main Street
Suite 6000
Dallas, Texas 75202

Re:     **Universal Cable Productions LLC, et al. v. Atlantic Specialty Insurance Company**

Dear Toni:

Pursuant to Magistrate Judge Wilner's guidance during the April 10, 2017 telephone conference regarding Plaintiffs' April 5, 2017 discovery motion, please find our proposed resolution of Disputed Issue Nos. 1-3 and next steps in connection with Disputed Issue No. 4.

**I.      Disputed Issue Nos. 1 and 3**

We have prepared a stipulation and proposed order which effects Magistrate Judge Wilner's view of how Disputed Issue Nos. 1 and 3 should be resolved.  It is enclosed.  By close of business tomorrow, April 12, please confirm we have permission to electronically sign the stipulation and file it, with the proposed order, on your behalf.

**II.     Disputed Issue No. 2**

Pursuant to Magistrate Judge Wilner's recommendation, by close of business this Friday, April 14, please serve a supplemental response to Interrogatory Nos. 3-14, in which Atlantic removes its general incorporation by reference of "the documents it has produced in this case, and … the documents identified in the documents it has produced in this case," and any other general incorporation by reference of unspecified documents produced or not produced in connection with this case.

**III.    Disputed Issue No. 4**

In response to Request for Production No. 25, Atlantic states that it "is withholding documents" on the basis of its objections.  By close of business this Friday, April 14, please identify, with particularity, what documents Atlantic is withholding.  As we discussed in our moving papers, and during the telephone conference with Magistrate Judge Wilner, Plaintiffs are seeking financial statements and other documents that reflect Atlantic's analysis and/or assessment of the profitability of the Policy.  Also, to be clear, we expect that Atlantic has already searched for all communications that reflect its analysis and/or assessment of the profitability of the Policy and



**Toni Scott Reed**
April 11, 2017
Page 2

has produced any that it found in response to other requests for production (*e.g.*, Nos. 1, 6-9, 26-30).  Please confirm this is correct.

We look forward to resolving these issues.

Sincerely,

Daniel M. Hayes
Partner of
MITCHELL SILBERBERG & KNUPP LLP

Enclosure
Cc:      Michael Keeley
          Carla C. Crapster

LUCIA E. COYOCA (SBN 128314)
    lec@msk.com
VALENTINE A. SHALAMITSKI (SBN 236061)
    vas@msk.com
DANIEL M. HAYES (SBN 240250)
    dmh@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, CA 90064-1683
Telephone:  (310) 312-2000
Facsimile:  (310) 312-3100

Attorneys for Plaintiffs
Universal Cable Productions LLC and
Northern Entertainment Productions LLC

MARC J. SHRAKE (SBN 219331)
mjs@amclaw.com
ANDERSON, MCPHARLIN & CONNERS LLP
707 Wilshire Boulevard, Suite 4000
Los Angeles, CA 90017-3623
Telephone:  (213) 236-1691
Facsimile:  (213) 622-7594

MICHAEL KEELEY (*Admitted Pro Hac Vice*)
    michael.keeley@strasburger.com
JOHN R. RIDDLE (*Admitted Pro Hac Vice*)
    john.riddle@strasburger.com
CARLA C. CRAPSTER (*Admitted Pro Hac Vice*)
    carla.crapster@strasburger.com
STRASBURGER & PRICE, LLP
901 Main Street, Suite 4400
Dallas, TX 75202
Telephone:  (214) 651-4300
Facsimile:  (214) 651-4330

Attorneys for Defendant
Atlantic Specialty Insurance Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIVERSAL CABLE PRODUCTIONS LLC, *et al.*,<br><br>                    Plaintiffs,<br><br>          v.<br><br>ATLANTIC SPECIALTY INSURANCE COMPANY,<br><br>                    Defendant. | CASE NO. 2:16-cv-4435-PA-MRW<br><br>**JOINT STIPULATION RE: DISCOVERY MOTION**<br><br>Judge:          Hon. Michael R. Wilner<br><br>File Date:              June 20, 2016<br>Discovery Cutoff:   June 2, 2017<br>Pre-Trial Conf.:     June 16, 2017<br>Trial Date:            July 25, 2017 |

1

8780432.1

Pursuant to Local Rule 7-1, Plaintiffs Universal Cable Productions LLC and Northern Entertainment Productions LLC ("Plaintiffs") and Defendant Atlantic Specialty Insurance Company ("Defendant," and together with Plaintiffs, the "Parties"), hereby submit the following joint stipulation to resolve Disputed Issue Nos. 1 and 3 addressed in Plaintiffs' April 5, 2017 motion to compel discovery (ECF Nos. 43, 44) ("Plaintiffs' April 5, 2017 Discovery Motion").

1.      Plaintiffs' April 5, 2017 Discovery Motion addressed four disputed issues.

2.      Disputed Issue No. 1 concerns Plaintiffs' assertion that Defendant has waived any attorney-client privilege applicable to its outside legal counsel's coverage opinion and related legal advice regarding the insurance claim at issue in this litigation.  Plaintiffs requested an order compelling Defendant to produce said coverage opinion and all related communications.  *See* ECF Nos. 43, 43-3, 44.

3.      Disputed Issue No. 3 concerns Plaintiffs' assertion that Defendant has failed to conduct a reasonable and sufficient search for documents concerning other instances in which it has considered the applicability of a war exclusion to an insurance claim.  Plaintiffs requested an order compelling Defendant to conduct a further search in the absence of certain unqualified admissions.  *See* ECF Nos. 43, 43-3, 44.

4.      Defendant opposed Plaintiffs' April 5, 2017 Discovery Motion, and specifically opposed the relief requested in connection with Disputed Issue Nos. 1 and 3, summarized above.

5.      On April 10, 2017, Magistrate Judge Michael R. Wilner conducted a telephone conference regarding Plaintiffs' April 5, 2017 Discovery Motion.  Lucia E. Coyoca and Daniel M. Hayes participated on behalf of Plaintiffs.  Michael Keeley, Toni Scott Reed, and Carla C. Crapster participated on behalf of Defendant. Following the telephone conference, and pursuant to the Court's direction, the

Parties hereby stipulate that Disputed Issue Nos. 1 and 3 may be resolved by the following orders:

a. At trial in this matter, Atlantic shall not make any mention of or introduce any argument or evidence whatsoever (whether in the form of documents, percipient or expert testimony, or any other form) regarding: (i) any advice or opinion that Atlantic received from legal counsel in connection with the insurance claim at issue in this case (the "*Dig* Claim") (including, without limitation, the coverage opinion provided by Leon Gladstone and/or GladstoneWeisberg ALC on or about July 21, 2014, and any other legal advice or opinion provided by Mr. Gladstone or his firm in connection with the *Dig* Claim); or (ii) the fact that Atlantic sought legal advice in connection with the *Dig* Claim. To the extent either party intends to introduce a document that contains a reference to the foregoing coverage opinion and/or legal advice as an exhibit at trial, the parties shall cooperate to first remove any such reference in such a way as to not reveal that the document has been redacted.

b. At trial in this matter, the following stipulated fact shall be read to the jury as part of the evidentiary record: "Other than in connection with the *Dig* Claim, Atlantic has never considered the application of a war exclusion (i.e., any of the exclusions set forth in General Conditions, Section III(1)-(4) of the policy at issue in this lawsuit, or any similar exclusion language) to an insurance claim."

///

JOINT STIPULATION RE: DISCOVERY MOTION

8780432.1

6.      Therefore, the Parties jointly request that the Court enter the proposed order submitted concurrently with this joint stipulation, resolving Disputed Issue Nos. 1 and 3 addressed in Plaintiffs' April 5, 2017 Discovery Motion.

Respectfully submitted,

DATED:  April 11, 2017          LUCIA E. COYOCA
                                VALENTINE A. SHALAMITSKI
                                DANIEL M. HAYES
                                MITCHELL SILBERBERG & KNUPP LLP


                                By: /s/ _____
                                    Daniel M. Hayes
                                    Attorneys for Plaintiffs
                                    Universal Cable Productions LLC and
                                    Northern Entertainment Productions
                                    LLC


DATED:  April 11, 2017          MARC J. SHRAKE
                                ANDERSON, MCPHARLIN & CONNERS LLP

                                        -and-

                                MICHAEL KEELEY
                                JOHN R. RIDDLE
                                CARLA C. CRAPSTER
                                STRASBURGER & PRICE, LLP


                                By: /s/ _____
                                    Michael Keeley
                                    Attorneys for Defendant
                                    Atlantic Specialty Insurance Company

8780432.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **Attestation Regarding Signatures**

I, Daniel M. Hayes, attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.


By:  */s/*_____
                Daniel M. Hayes

5

8780432.1

1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9          CENTRAL DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11 UNIVERSAL CABLE PRODUCTIONS LLC, *et al.*, | CASE NO. 2:16-cv-4435-PA-MRW |
| 12 Plaintiffs, | **[PROPOSED] ORDER ON JOINT STIPULATION RE: DISCOVERY MOTION** |
| 13 v. | |
| 14 ATLANTIC SPECIALTY INSURANCE COMPANY, | Judge:        Hon. Michael R. Wilner |
| 15 | File Date:              June 20, 2016 |
| 16 | Discovery Cutoff:   May 12, 2017 |
| 17 Defendant. | Pre-Trial Conf.:      June 16, 2017 Trial Date :            July 25, 2017 |

1

## [PROPOSED] ORDER

2          Based on the Joint Stipulation Re: Discovery Motion and good cause

3 appearing, the Court hereby orders as follows:

4          1.       At trial in this matter, Atlantic shall not make any mention of or

5 introduce any argument or evidence whatsoever (whether in the form of

6 documents, percipient or expert testimony, or any other form) regarding:  (i) any

7 advice or opinion that Atlantic received from legal counsel in connection with the

8 insurance claim at issue in this case (the "*Dig* Claim") (including, without

9 limitation, the coverage opinion provided by Leon Gladstone and/or

10 GladstoneWeisberg ALC on or about July 21, 2014, and any other legal advice or

11 opinion provided by Mr. Gladstone or his firm in connection with the *Dig* Claim);

12 or (ii) the fact that Atlantic sought legal advice in connection with the *Dig* Claim.

13 To the extent either party intends to introduce a document that contains a reference

14 to the foregoing coverage opinion and/or legal advice as an exhibit at trial, the

15 parties shall cooperate to first remove any such reference in such a way as to not

16 reveal that the document has been redacted.

17          2.       At trial in this matter, the following stipulated fact shall be read to the

18 jury as part of the evidentiary record:  "Other than in connection with the *Dig*

19 Claim, Atlantic has never considered the application of a war exclusion (i.e., any of

20 the exclusions set forth in General Conditions, Section III(1)-(4) of the policy at

21 issue in this lawsuit, or any similar exclusion language) to an insurance claim."

22          IT IS SO ORDERED.

23

24 Dated:  April ___, 2017

25

26                                    _____
                                            The Honorable Michael R. Wilner
27                                    UNITED STATES MAGISTRATE JUDGE

28

8780473.1

[PROPOSED] ORDER ON JOINT STIPULATION RE: DISCOVERY MOTION

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| UNIVERSAL CABLE PRODUCTIONS LLC, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ATLANTIC SPECIALTY INSURANCE COMPANY,<br><br>Defendant. | CASE NO. 2:16-cv-4435-PA-MRW |

# Exhibit 2

| | |
|---|---|
| **From:** | Crapster, Carla |
| **Sent:** | Tuesday, April 18, 2017 4:16 PM |
| **To:** | Hayes, Daniel (dmh@msk.com); lec@msk.com; Shalamitski, Valentine (VAS@msk.com) |
| **Cc:** | Reed, Toni; Keeley, Michael |
| **Subject:** | UCP v. Atlantic - Discovery Issues |
| **Attachments:** | SP-#8866721-v1-Defendant Atlantic Specialty's Third Amended Responses to Plaintiff's First Set of Interrogatories.pdf; SP-#8865498-v2-Joint_Stipulation_Re__Discovery_Motion_(8780432).DOCX; Letter_to_Dan_Hayes_re_Discovery_Disputes.pdf |

Dan,

Please see the attached letter and documents regarding the discovery disputes we are set to discuss with Judge Wilner tomorrow.

Sincerely,
Carla

**Carla Crapster** • Strasburger & Price, LLP
901 Main Street, Suite 6000, Dallas, TX 75202
214.651.2034 • Fax 214.659.4060 • Strasburger.com



# Strasburger
ATTORNEYS AT LAW

April 18, 2017

Carla C. Crapster
(214) 651-2034
Direct Fax (214) 659-4060
Carla.Crapster@strasburger.com

**VIA E-MAIL**

Daniel M. Hayes, Esq.
Mitchell Silberberg & Knupp LLP
11377 West Olympic Boulevard
Los Angeles, California 90064-1683

Re:     *Universal Cable Productions LLC and Northern Entertainment Productions LLC v. Atlantic Specialty Insurance Company*; Case No. 2:16-cv-04435-PA-MRW, pending in the United States District Court for the Central District of California, Western Division

Dan,

As a follow-up to our conversations regarding the items the plaintiffs raised in their motion to compel, we are attaching a modified stipulation regarding the mentioning of the Gladstone opinion at trial and whether Atlantic has ever considered the application of the war exclusion. Please let us know if you will agree to the stipulation, as modified.

We have also prepared updated interrogatory responses and are attaching signed copies of the amended interrogatories.

Finally, regarding Request for Production No. 25 (the request for certain financial documents), you have asked us to provide a list of the documents we are withholding. After discussions with our client, we can convey that there are profitability statements connected to each policy that Atlantic issued to NBCUniversal Media, LLC. These documents set forth premiums received and claims paid for each policy. These are the only documents responsive to Request for Production No. 25 that Atlantic has identified that were not already produced, other than further loss runs generated over the course of the relationship between NBCU and Atlantic, similar to the one we have already produced, but that are less comprehensive because they were created earlier than the loss run already produced.

**Strasburger & Price, LLP**

901 Main Street, Suite 6000 | Dallas, Texas 75202.3794 | 214.651.4300 tel | 214.651.4330 fax | www.strasburger.com
Austin | Collin County | Dallas | Houston | San Antonio | New York, N.Y. | Washington, D.C. | Mexico City - Strasburger & Price, SC



Daniel M. Hayes, Esq.
April 18, 2017
Page 2

Please let us know if you have any questions or if you would like to further discuss these matters before the call with Judge Wilner tomorrow morning.

Sincerely,

Carla C. Crapster

LUCIA E. COYOCA (SBN 128314)
  lec@msk.com
VALENTINE A. SHALAMITSKI (SBN 236061)
  vas@msk.com
DANIEL M. HAYES (SBN 240250)
  dmh@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, CA 90064-1683
Telephone:  (310) 312-2000
Facsimile:  (310) 312-3100

Attorneys for Plaintiffs
Universal Cable Productions LLC and
Northern Entertainment Productions LLC

MARC J. SHRAKE (SBN 219331)
mjs@amclaw.com
ANDERSON, MCPHARLIN & CONNERS LLP
707 Wilshire Boulevard, Suite 4000
Los Angeles, CA 90017-3623
Telephone:  (213) 236-1691
Facsimile:  (213) 622-7594

MICHAEL KEELEY (*Admitted Pro Hac Vice*)
  michael.keeley@strasburger.com
JOHN R. RIDDLE (*Admitted Pro Hac Vice*)
  john.riddle@strasburger.com
CARLA C. CRAPSTER (*Admitted Pro Hac Vice*)
  carla.crapster@strasburger.com
STRASBURGER & PRICE, LLP
901 Main Street, Suite 4400
Dallas, TX 75202
Telephone:  (214) 651-4300
Facsimile:  (214) 651-4330

Attorneys for Defendant
Atlantic Specialty Insurance Company

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIVERSAL CABLE PRODUCTIONS LLC, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ATLANTIC SPECIALTY INSURANCE COMPANY,<br><br>Defendant. | CASE NO. 2:16-cv-4435-PA-MRW<br><br>**JOINT STIPULATION RE: DISCOVERY MOTION**<br><br>Judge:      Hon. Michael R. Wilner<br><br>File Date:              June 20, 2016<br>Discovery Cutoff:  June 2, 2017<br>Pre-Trial Conf.:      June 16, 2017<br>Trial Date:            July 25, 2017 |

1

ERROR! UNKNOWN DOCUMENT PROPERTY NAME.

8865498.2/SP/15247/0131/041817

Pursuant to Local Rule 7-1, Plaintiffs Universal Cable Productions LLC and Northern Entertainment Productions LLC ("Plaintiffs") and Defendant Atlantic Specialty Insurance Company ("Defendant," and together with Plaintiffs, the "Parties"), hereby submit the following joint stipulation to resolve Disputed Issue Nos. 1 and 3 addressed in Plaintiffs' April 5, 2017 motion to compel discovery (ECF Nos. 43, 44) ("Plaintiffs' April 5, 2017 Discovery Motion").

1.      Plaintiffs' April 5, 2017 Discovery Motion addressed four disputed issues.

2.      Disputed Issue No. 1 concerns Plaintiffs' assertion that Defendant has waived any attorney-client privilege applicable to its outside legal counsel's coverage opinion and related legal advice regarding the insurance claim at issue in this litigation.  Plaintiffs requested an order compelling Defendant to produce said coverage opinion and all related communications.  *See* ECF Nos. 43, 43-3, 44.

3.      Disputed Issue No. 3 concerns Plaintiffs' assertion that Defendant has failed to conduct a reasonable and sufficient search for documents concerning other instances in which it has considered the applicability of a war exclusion to an insurance claim.  Plaintiffs requested an order compelling Defendant to conduct a further search in the absence of certain unqualified admissions.  *See* ECF Nos. 43, 43-3, 44.

4.      Defendant opposed Plaintiffs' April 5, 2017 Discovery Motion, and specifically opposed the relief requested in connection with Disputed Issue Nos. 1 and 3, summarized above.

5.      On April 10, 2017, Magistrate Judge Michael R. Wilner conducted a telephone conference regarding Plaintiffs' April 5, 2017 Discovery Motion.  Lucia E. Coyoca and Daniel M. Hayes participated on behalf of Plaintiffs.  Michael Keeley, Toni Scott Reed, and Carla C. Crapster participated on behalf of Defendant.

Following the telephone conference, and consistent with the ongoing discussions of the parties that have occurred, the Parties hereby stipulate that Disputed Issue Nos. 1 and 3 may be resolved by the following orders:

a.  At trial in this matter, Atlantic shall not make any mention of or introduce any argument or evidence whatsoever (whether in the form of documents, percipient or expert testimony, or any other form) regarding:  (i) any advice or opinion that Atlantic received from legal counsel in connection with the insurance claim at issue in this case (the "*Dig* Claim") (including, without limitation, the coverage opinion provided by Leon Gladstone and/or GladstoneWeisberg ALC on or about July 21, 2014, and any other legal advice or opinion provided by Mr. Gladstone or his firm in connection with the *Dig* Claim); or (ii) the fact that Atlantic sought legal advice in connection with the *Dig* Claim.

At trial of this matter, plaintiffs shall not make any mention of or introduce any argument or evidence whatsoever (whether in the form of documents, percipient or expert testimony, or any other form) regarding:  (i) an assertion that Atlantic did not consult an outside attorney or expert for help and/or did not consult with an outside attorney or expert on the *Dig* Claim.

To the extent either party intends to introduce a document that contains a reference to the foregoing coverage opinion and/or legal advice and/or assertion regarding failure to consult an attorney or expert as an exhibit at trial, the parties shall cooperate to first remove any such reference in such a way as to

3

not reveal that the document has been redacted.

b.  At trial in this matter, the following stipulated fact shall be read to the jury as part of the evidentiary record:  "Other than in connection with the *Dig* Claim and one other claim, Atlantic has not considered the application of a war exclusion (the exclusions set forth in General Conditions, Section III(1)-(4) of the policy at issue in this lawsuit, or any similar war exclusion language) to an insurance claim submitted to it for handling." If, however, either Atlantic or the plaintiffs discover during the remainder of discovery in this case any other claims in which Atlantic considered the application of a war exclusion, the parties will modify this stipulation to so reflect such claim(s), and the plaintiffs agree not to characterize this stipulation as a misrepresentation given that Atlantic had not, as of the date of the agreement to enter into a stipulation, conducted a further exhaustive document search, not limited in time or by type of policy, to confirm that it has not otherwise considered the application of a war exclusion.

6.  Therefore, the Parties jointly request that the Court enter the proposed order submitted concurrently with this joint stipulation, resolving Disputed Issue Nos. 1 and 3 addressed in Plaintiffs' April 5, 2017 Discovery Motion.

Respectfully submitted,

DATED:  April __, 2017          LUCIA E. COYOCA
                                VALENTINE A. SHALAMITSKI

JOINT STIPULATION RE: DISCOVERY MOTION

1    DANIEL M. HAYES
     MITCHELL SILBERBERG & KNUPP LLP

2

3    By:  /s/ _____
4         Daniel M. Hayes
          Attorneys for Plaintiffs
5         Universal Cable Productions LLC and
          Northern Entertainment Productions
6         LLC

7

8    DATED:  April ___, 2017    MARC J. SHRAKE
                                ANDERSON, MCPHARLIN & CONNERS LLP
9                                      -and-

10   MICHAEL KEELEY
     JOHN R. RIDDLE
11   CARLA C. CRAPSTER
     STRASBURGER & PRICE, LLP
12

13

14   By:  /s/ _____
          Michael Keeley
15        Attorneys for Defendant
          Atlantic Specialty Insurance Company
16

17            **Attestation Regarding Signatures**

18        I, Daniel M. Hayes, attest that all signatories listed, and on whose behalf the

19   filing is submitted, concur in the filing's content and have authorized the filing.

20

21   By:  /s/ _____
22        Daniel M. Hayes

23

24

25

26

27

28
                                 5
     JOINT STIPULATION RE: DISCOVERY MOTION

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| UNIVERSAL CABLE PRODUCTIONS LLC, *et al.*, | CASE NO. 2:16-cv-4435-PA-MRW |
| Plaintiffs, | |
| v. | |
| ATLANTIC SPECIALTY INSURANCE COMPANY, | |
| Defendant. | |

# Exhibit 3

| **From:** | Reed, Toni |
|---|---|
| **Sent:** | Tuesday, April 25, 2017 11:54 AM |
| **To:** | dmh@msk.com; Coyoca, Lucia (lec@msk.com); Shalamitski, Valentine (VAS@msk.com) |
| **Cc:** | Keeley, Michael; Crapster, Carla |
| **Subject:** | UCP v. Atlantic - Discovery Issues - Plaintiffs' Motion to Compel |
| **Attachments:** | SP-#8865498-v2-Joint_Stipulation_Re__Discovery_Motion_(8780432).DOCX |

Dan,

Following the initial conference with Judge Wilner, we had sent to you our additional responses/positions.  We provided the Third Amended Responses to First Set of Interrogatories.  We have written to you on Request for Production No. 25, discussed it further with you, and have produced to you today the additional document we mentioned that could be generated, and has been generated.  It reflects the "profitability" concept that you discussed and explained you were seeking in No. 25.  Finally, we responded in writing on the proposed stipulation.  We began to discuss that on Friday, and I asked you to provide your position back to us in writing.  Can you please provide that as soon as possible, so that we can look at language?

Will you please confirm the plaintiffs' position today on all items, so that we will know by close of business today whether there are issues that must be further briefed for Judge Wilner.

Best regards,
Toni Scott Reed

**Toni Scott Reed** • Strasburger & Price, LLP
901 Main Street, Suite 6000, Dallas, TX 75202
214.651.4345 • Fax 214.659-4091 • Strasburger.com

---

**From:** Crapster, Carla
**Sent:** Tuesday, April 18, 2017 4:16 PM
**To:** Hayes, Daniel (dmh@msk.com); lec@msk.com; Shalamitski, Valentine (VAS@msk.com)
**Cc:** Reed, Toni; Keeley, Michael
**Subject:** UCP v. Atlantic - Discovery Issues

Dan,
Please see the attached letter and documents regarding the discovery disputes we are set to discuss with Judge Wilner tomorrow.

Sincerely,
Carla

**Carla Crapster** • Strasburger & Price, LLP
901 Main Street, Suite 6000, Dallas, TX 75202
214.651.2034 • Fax 214.659.4060 • Strasburger.com

LUCIA E. COYOCA (SBN 128314)
  lec@msk.com
VALENTINE A. SHALAMITSKI (SBN 236061)
  vas@msk.com
DANIEL M. HAYES (SBN 240250)
  dmh@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, CA 90064-1683
Telephone:  (310) 312-2000
Facsimile:  (310) 312-3100

Attorneys for Plaintiffs
Universal Cable Productions LLC and
Northern Entertainment Productions LLC

MARC J. SHRAKE (SBN 219331)
mjs@amclaw.com
ANDERSON, MCPHARLIN & CONNERS LLP
707 Wilshire Boulevard, Suite 4000
Los Angeles, CA 90017-3623
Telephone:  (213) 236-1691
Facsimile:  (213) 622-7594

MICHAEL KEELEY (*Admitted Pro Hac Vice*)
  michael.keeley@strasburger.com
JOHN R. RIDDLE (*Admitted Pro Hac Vice*)
  john.riddle@strasburger.com
CARLA C. CRAPSTER (*Admitted Pro Hac Vice*)
  carla.crapster@strasburger.com
STRASBURGER & PRICE, LLP
901 Main Street, Suite 4400
Dallas, TX 75202
Telephone:  (214) 651-4300
Facsimile:  (214) 651-4330

Attorneys for Defendant
Atlantic Specialty Insurance Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIVERSAL CABLE PRODUCTIONS LLC, *et al.*,<br><br>        Plaintiffs,<br><br>        v.<br><br>ATLANTIC SPECIALTY INSURANCE COMPANY,<br><br>        Defendant. | CASE NO. 2:16-cv-4435-PA-MRW<br><br>**JOINT STIPULATION RE: DISCOVERY MOTION**<br><br>Judge:        Hon. Michael R. Wilner<br><br>File Date:              June 20, 2016<br>Discovery Cutoff:    June 2, 2017<br>Pre-Trial Conf.:      June 16, 2017<br>Trial Date:            July 25, 2017 |

1

ERROR! UNKNOWN DOCUMENT PROPERTY NAME.
8865498.2/SP/15247/0131/041817

Pursuant to Local Rule 7-1, Plaintiffs Universal Cable Productions LLC and Northern Entertainment Productions LLC ("Plaintiffs") and Defendant Atlantic Specialty Insurance Company ("Defendant," and together with Plaintiffs, the "Parties"), hereby submit the following joint stipulation to resolve Disputed Issue Nos. 1 and 3 addressed in Plaintiffs' April 5, 2017 motion to compel discovery (ECF Nos. 43, 44) ("Plaintiffs' April 5, 2017 Discovery Motion").

1.     Plaintiffs' April 5, 2017 Discovery Motion addressed four disputed issues.

2.     Disputed Issue No. 1 concerns Plaintiffs' assertion that Defendant has waived any attorney-client privilege applicable to its outside legal counsel's coverage opinion and related legal advice regarding the insurance claim at issue in this litigation.  Plaintiffs requested an order compelling Defendant to produce said coverage opinion and all related communications.  *See* ECF Nos. 43, 43-3, 44.

3.     Disputed Issue No. 3 concerns Plaintiffs' assertion that Defendant has failed to conduct a reasonable and sufficient search for documents concerning other instances in which it has considered the applicability of a war exclusion to an insurance claim.  Plaintiffs requested an order compelling Defendant to conduct a further search in the absence of certain unqualified admissions.  *See* ECF Nos. 43, 43-3, 44.

4.     Defendant opposed Plaintiffs' April 5, 2017 Discovery Motion, and specifically opposed the relief requested in connection with Disputed Issue Nos. 1 and 3, summarized above.

5.     On April 10, 2017, Magistrate Judge Michael R. Wilner conducted a telephone conference regarding Plaintiffs' April 5, 2017 Discovery Motion.  Lucia E. Coyoca and Daniel M. Hayes participated on behalf of Plaintiffs.  Michael Keeley, Toni Scott Reed, and Carla C. Crapster participated on behalf of Defendant.

**ERROR! UNKNOWN DOCUMENT PROPERTY NAME.**
8865498.2/SP/15247/0131/041817

Following the telephone conference, and consistent with the ongoing discussions of the parties that have occurred, the Parties hereby stipulate that Disputed Issue Nos. 1 and 3 may be resolved by the following orders:

       a.  At trial in this matter, Atlantic shall not make any mention of or introduce any argument or evidence whatsoever (whether in the form of documents, percipient or expert testimony, or any other form) regarding:  (i) any advice or opinion that Atlantic received from legal counsel in connection with the insurance claim at issue in this case (the "*Dig* Claim") (including, without limitation, the coverage opinion provided by Leon Gladstone and/or GladstoneWeisberg ALC on or about July 21, 2014, and any other legal advice or opinion provided by Mr. Gladstone or his firm in connection with the *Dig* Claim); or (ii) the fact that Atlantic sought legal advice in connection with the *Dig* Claim.

         At trial of this matter, plaintiffs shall not make any mention of or introduce any argument or evidence whatsoever (whether in the form of documents, percipient or expert testimony, or any other form) regarding:  (i) an assertion that Atlantic did not consult an outside attorney or expert for help and/or did not consult with an outside attorney or expert on the *Dig* Claim.

         To the extent either party intends to introduce a document that contains a reference to the foregoing coverage opinion and/or legal advice and/or assertion regarding failure to consult an attorney or expert as an exhibit at trial, the parties shall cooperate to first remove any such reference in such a way as to

3

**ERROR! UNKNOWN DOCUMENT PROPERTY NAME.**
8865498.2/SP/15247/0131/041817

not reveal that the document has been redacted.

      b.  At trial in this matter, the following stipulated fact shall be read to the jury as part of the evidentiary record:  "Other than in connection with the *Dig* Claim and one other claim, Atlantic has not considered the application of a war exclusion (the exclusions set forth in General Conditions, Section III(1)-(4) of the policy at issue in this lawsuit, or any similar war exclusion language) to an insurance claim submitted to it for handling." If, however, either Atlantic or the plaintiffs discover during the remainder of discovery in this case any other claims in which Atlantic considered the application of a war exclusion, the parties will modify this stipulation to so reflect such claim(s), and the plaintiffs agree not to characterize this stipulation as a misrepresentation given that Atlantic had not, as of the date of the agreement to enter into a stipulation, conducted a further exhaustive document search, not limited in time or by type of policy, to confirm that it has not otherwise considered the application of a war exclusion.

      6.     Therefore, the Parties jointly request that the Court enter the proposed order submitted concurrently with this joint stipulation, resolving Disputed Issue Nos. 1 and 3 addressed in Plaintiffs' April 5, 2017 Discovery Motion.

                            Respectfully submitted,

DATED:  April __, 2017          LUCIA E. COYOCA
                               VALENTINE A. SHALAMITSKI

4

ERROR! UNKNOWN DOCUMENT PROPERTY NAME.
8865498.2/SP/15247/0131/041817

1

DANIEL M. HAYES
MITCHELL SILBERBERG & KNUPP LLP

2

3

By: /s/ _____
    Daniel M. Hayes
    Attorneys for Plaintiffs
    Universal Cable Productions LLC and
    Northern Entertainment Productions
    LLC

4

5

6

7

8

DATED:  April ___, 2017

MARC J. SHRAKE
ANDERSON, MCPHARLIN & CONNERS LLP

9

-and-

10

11

12

MICHAEL KEELEY
JOHN R. RIDDLE
CARLA C. CRAPSTER
STRASBURGER & PRICE, LLP

13

14

By: /s/ _____
    Michael Keeley
    Attorneys for Defendant
    Atlantic Specialty Insurance Company

15

16

17

**Attestation Regarding Signatures**

18

    I, Daniel M. Hayes, attest that all signatories listed, and on whose behalf the

19

filing is submitted, concur in the filing's content and have authorized the filing.

20

21

By: /s/ _____
    Daniel M. Hayes

22

23

24

25

26

27

28

5

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| UNIVERSAL CABLE PRODUCTIONS LLC, *et al.*, | CASE NO. 2:16-cv-4435-PA-MRW |
| Plaintiffs, | |
| v. | |
| ATLANTIC SPECIALTY INSURANCE COMPANY, | |
| Defendant. | |

# Exhibit 4

| | |
|---|---|
| **From:** | Hayes, Daniel <dmh@msk.com> |
| **Sent:** | Tuesday, April 25, 2017 8:23 PM |
| **To:** | Reed, Toni; Coyoca, Lucia; Shalamitski, Valentine |
| **Cc:** | Keeley, Michael; Crapster, Carla |
| **Subject:** | RE: UCP v. Atlantic - Discovery Issues - Plaintiffs' Motion to Compel |
| **Attachments:** | Joint Stip Re. Discovery Motion (4-25 redline) (8821658).pdf; Joint Stip Re. Discovery Motion (8818928-2).docx |

Toni, as discussed, attached is Plaintiffs' revised proposed stipulation.  (I have attached a redline showing the changes we made to Atlantic's revised stipulation, and a clean version incorporating such changes.)

Please let us know if we have your permission to sign this stipulation on your behalf and file it with the court.  If so, I will revise the proposed order so that it matches the stipulation, and I will file the proposed order with the stip.  Please let us know.

Also, please let us know what time you would like to speak tomorrow morning.

Thanks,

Dan



**Daniel M. Hayes | Partner, through his professional corporation**
T: 310.312.3216 | dmh@msk.com
**Mitchell Silberberg & Knupp LLP | www.msk.com**
11377 W. Olympic Blvd., Los Angeles, CA 90064

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT AN INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.

**From:** Reed, Toni [mailto:Toni.Reed@strasburger.com]
**Sent:** Tuesday, April 25, 2017 9:54 AM
**To:** Hayes, Daniel; Coyoca, Lucia; Shalamitski, Valentine
**Cc:** Keeley, Michael; Crapster, Carla
**Subject:** UCP v. Atlantic - Discovery Issues - Plaintiffs' Motion to Compel

Dan,

Following the initial conference with Judge Wilner, we had sent to you our additional responses/positions.  We provided the Third Amended Responses to First Set of Interrogatories.  We have written to you on Request for Production No. 25, discussed it further with you, and have produced to you today the additional document we mentioned that could be generated, and has been generated.  It reflects the "profitability" concept that you discussed and explained you were seeking in No. 25.  Finally, we responded in writing on the proposed stipulation.  We began to discuss that on Friday, and I asked you to provide your position back to us in writing.  Can you please provide that as soon as possible, so that we can look at language?

Will you please confirm the plaintiffs' position today on all items, so that we will know by close of business today whether there are issues that must be further briefed for Judge Wilner.

Best regards,
Toni Scott Reed

**Toni Scott Reed** • Strasburger & Price, LLP
901 Main Street, Suite 6000, Dallas, TX 75202
214.651.4345 • Fax 214.659-4091 • Strasburger.com

---

**From:** Crapster, Carla
**Sent:** Tuesday, April 18, 2017 4:16 PM
**To:** Hayes, Daniel (dmh@msk.com); lec@msk.com; Shalamitski, Valentine (VAS@msk.com)
**Cc:** Reed, Toni; Keeley, Michael
**Subject:** UCP v. Atlantic - Discovery Issues

Dan,
Please see the attached letter and documents regarding the discovery disputes we are set to discuss with Judge Wilner
tomorrow.

Sincerely,
Carla

**Carla Crapster** • Strasburger & Price, LLP
901 Main Street, Suite 6000, Dallas, TX 75202
214.651.2034 • Fax 214.659.4060 • Strasburger.com

---

*This email message and any attachments are confidential and may be privileged. If you are not the intended recipient,
please notify Strasburger & Price, LLP immediately -- by replying to this message or by sending an email to
postmaster@strasburger.com -- and destroy all copies of this message and any attachments. Thank you.*

LUCIA E. COYOCA (SBN 128314)
  lec@msk.com
VALENTINE A. SHALAMITSKI (SBN 236061)
  vas@msk.com
DANIEL M. HAYES (SBN 240250)
  dmh@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, CA 90064-1683
Telephone:  (310) 312-2000
Facsimile:  (310) 312-3100

Attorneys for Plaintiffs
Universal Cable Productions LLC and
Northern Entertainment Productions LLC

MARC J. SHRAKE (SBN 219331)
mjs@amclaw.com
ANDERSON, MCPHARLIN & CONNERS LLP
707 Wilshire Boulevard, Suite 4000
Los Angeles, CA 90017-3623
Telephone:  (213) 236-1691
Facsimile:  (213) 622-7594

MICHAEL KEELEY (*Admitted Pro Hac Vice*)
  michael.keeley@strasburger.com
JOHN R. RIDDLE (*Admitted Pro Hac Vice*)
  john.riddle@strasburger.com
CARLA C. CRAPSTER (*Admitted Pro Hac Vice*)
  carla.crapster@strasburger.com
STRASBURGER & PRICE, LLP
901 Main Street, Suite 4400
Dallas, TX 75202
Telephone:  (214) 651-4300
Facsimile:  (214) 651-4330

Attorneys for Defendant
Atlantic Specialty Insurance Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIVERSAL CABLE PRODUCTIONS LLC, *et al.*,<br><br>            Plaintiffs,<br><br>            v.<br><br>ATLANTIC SPECIALTY INSURANCE COMPANY,<br><br>            Defendant. | CASE NO. 2:16-cv-4435-PA-MRW<br><br>**JOINT STIPULATION RE: DISCOVERY MOTION**<br><br>Judge:          Hon. Michael R. Wilner<br><br>File Date:             June 20, 2016<br>Discovery Cutoff:     June 2, 2017<br>Pre-Trial Conf.:      June 16, 2017<br>Trial Date:           July 25, 2017 |

1

8818928.2/46250-00001
8865498.2/SP/15247/0131/041817

Pursuant to Local Rule 7-1, Plaintiffs Universal Cable Productions LLC and Northern Entertainment Productions LLC ("Plaintiffs") and Defendant Atlantic Specialty Insurance Company ("Defendant," and together with Plaintiffs, the "Parties"), hereby submit the following joint stipulation to resolve Disputed Issue Nos. 1 and 3 addressed in Plaintiffs' April 5, 2017 motion to compel discovery (ECF Nos. 43, 44) ("Plaintiffs' April 5, 2017 Discovery Motion").

1.    Plaintiffs' April 5, 2017 Discovery Motion addressed four disputed issues.

2.    Disputed Issue No. 1 concerns Plaintiffs' assertion that Defendant has waived any attorney-client privilege applicable to its outside legal counsel's coverage opinion and related legal advice regarding the insurance claim at issue in this litigation.  Plaintiffs requested an order compelling Defendant to produce said coverage opinion and all related communications.  *See* ECF Nos. 43, 43-3, 44.

3.    Disputed Issue No. 3 concerns Plaintiffs' assertion that Defendant has failed to conduct a reasonable and sufficient search for documents concerning other instances in which it has considered the applicability of a war exclusion to an insurance claim.  Plaintiffs requested an order compelling Defendant to conduct a further search in the absence of certain unqualified admissions.  *See* ECF Nos. 43, 43-3, 44.

4.    Defendant opposed Plaintiffs' April 5, 2017 Discovery Motion, and specifically opposed the relief requested in connection with Disputed Issue Nos. 1 and 3, summarized above.

5.    On April 10, 2017, Magistrate Judge Michael R. Wilner conducted a telephone conference regarding Plaintiffs' April 5, 2017 Discovery Motion.  Lucia E. Coyoca and Daniel M. Hayes participated on behalf of Plaintiffs.  Michael Keeley, Toni Scott Reed, and Carla C. Crapster participated on behalf of Defendant.

2

8818928.2/46250-00001
8865498.2/SP/15247/0131/041817

Following the telephone conference, ~~and consistent with the ongoing discussions of the parties that have occurred,~~ the Parties hereby stipulate that Disputed Issue Nos. 1 and 3 may be resolved by the following orders:

~~a.~~ At trial in this matter, Atlantic shall not make any mention of or introduce any argument or evidence whatsoever (whether in the form of documents, percipient or expert testimony, or any other form) regarding:  (i) any advice or opinion that Atlantic received from legal counsel in connection with the insurance claim at issue in this case (the "*Dig* Claim") (including, without limitation, the coverage opinion provided by Leon Gladstone and/or GladstoneWeisberg ALC on or about July 21, 2014, and any other legal advice or opinion provided by Mr. Gladstone or his firm in connection with the *Dig* Claim); or (ii) the fact that Atlantic sought legal advice in connection with the *Dig* Claim.~~-~~

~~-~~

~~At trial of this matter, plaintiffs shall not make any mention of or introduce any argument or evidence whatsoever (whether in the form of documents, percipient or expert testimony, or any other form) regarding:  (i) an assertion that Atlantic did not consult an outside attorney or expert for help and/or did not consult with an outside attorney or expert on the *Dig* Claim.~~

~~-~~

a.  To the extent either party intends to introduce a document that contains a reference to the foregoing coverage opinion and/or legal advice ~~and/or assertion regarding failure to consult an attorney or expert~~ as an exhibit at trial, the parties shall cooperate to first remove any such reference in such a way as to

not reveal that the document has been redacted.  In the event Plaintiffs introduce argument or evidence regarding the foregoing coverage opinion and/or legal advice at trial in this matter, this Paragraph 1 shall be void.

     b.  At trial in this matter, the following stipulated fact shall be read to the jury as part of the evidentiary record:  "Other than in connection with the *Dig* Claim and one other claim evidenced by the email labeled ATL000785-ATL000788, Atlantic has not considered the application of a war exclusion (the exclusions set forth in General Conditions, Section III(1)-(4) of the policy at issue in this lawsuit, or any similar war exclusion language) to an insurance claim submitted to it for handling." If, however, either Atlantic or the plaintiffs discover during the remainder of discovery in this case any other claims in which Atlantic considered the application of a war exclusion, the parties will modify this stipulation to so reflect such claim(s), and the plaintiffs agree not to characterize this stipulation as a misrepresentation given that Atlantic had not, as of the date of the agreement to enter into a stipulation, conducted a further exhaustive document search, not limited in time or by type of policy, to confirm that it has not otherwise considered the application of a war exclusion.

     6.    Therefore, the Parties jointly request that the Court enter the proposed order submitted concurrently with this joint stipulation, resolving Disputed Issue Nos. 1 and 3 addressed in Plaintiffs' April 5, 2017 Discovery Motion.

JOINT STIPULATION RE: DISCOVERY MOTION

8818928.2/46250-00001
8865498.2/SP/15247/0131/041817

Respectfully submitted,

DATED:  April __, 2017

LUCIA E. COYOCA
VALENTINE A. SHALAMITSKI
DANIEL M. HAYES
MITCHELL SILBERBERG & KNUPP LLP

By:  /s/ _____
     Daniel M. Hayes
     Attorneys for Plaintiffs
     Universal Cable Productions LLC and
     Northern Entertainment Productions
     LLC

DATED:  April ___, 2017

MARC J. SHRAKE
ANDERSON, MCPHARLIN & CONNERS LLP

-and-

MICHAEL KEELEY
JOHN R. RIDDLE
CARLA C. CRAPSTER
STRASBURGER & PRICE, LLP

By:  /s/ _____
     Michael Keeley
     Attorneys for Defendant
     Atlantic Specialty Insurance Company

## **Attestation Regarding Signatures**

I, Daniel M. Hayes, attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

By:  /s/ _____
     Daniel M. Hayes

8818928.2/46250-00001
8865498.2/SP/15247/0131/041817

LUCIA E. COYOCA (SBN 128314)
   lec@msk.com
VALENTINE A. SHALAMITSKI (SBN 236061)
   vas@msk.com
DANIEL M. HAYES (SBN 240250)
   dmh@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, CA 90064-1683
Telephone:  (310) 312-2000
Facsimile:  (310) 312-3100

Attorneys for Plaintiffs
Universal Cable Productions LLC and
Northern Entertainment Productions LLC

MARC J. SHRAKE (SBN 219331)
mjs@amclaw.com
ANDERSON, MCPHARLIN & CONNERS LLP
707 Wilshire Boulevard, Suite 4000
Los Angeles, CA 90017-3623
Telephone:  (213) 236-1691
Facsimile:  (213) 622-7594

MICHAEL KEELEY (*Admitted Pro Hac Vice*)
   michael.keeley@strasburger.com
JOHN R. RIDDLE (*Admitted Pro Hac Vice*)
   john.riddle@strasburger.com
CARLA C. CRAPSTER (*Admitted Pro Hac Vice*)
   carla.crapster@strasburger.com
STRASBURGER & PRICE, LLP
901 Main Street, Suite 4400
Dallas, TX 75202
Telephone:  (214) 651-4300
Facsimile:  (214) 651-4330

Attorneys for Defendant
Atlantic Specialty Insurance Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| UNIVERSAL CABLE PRODUCTIONS LLC, *et al.*, | CASE NO. 2:16-cv-4435-PA-MRW |
|---|---|
| Plaintiffs, | **JOINT STIPULATION RE: DISCOVERY MOTION** |
| v. | Judge:        Hon. Michael R. Wilner |
| ATLANTIC SPECIALTY INSURANCE COMPANY, | File Date:           June 20, 2016<br>Discovery Cutoff:   June 2, 2017<br>Pre-Trial Conf.:    June 16, 2017<br>Trial Date:          July 25, 2017 |
| Defendant. | |

1

8818928.2/46250-00001

Pursuant to Local Rule 7-1, Plaintiffs Universal Cable Productions LLC and Northern Entertainment Productions LLC ("Plaintiffs") and Defendant Atlantic Specialty Insurance Company ("Defendant," and together with Plaintiffs, the "Parties"), hereby submit the following joint stipulation to resolve Disputed Issue Nos. 1 and 3 addressed in Plaintiffs' April 5, 2017 motion to compel discovery (ECF Nos. 43, 44) ("Plaintiffs' April 5, 2017 Discovery Motion").

1.      Plaintiffs' April 5, 2017 Discovery Motion addressed four disputed issues.

2.      Disputed Issue No. 1 concerns Plaintiffs' assertion that Defendant has waived any attorney-client privilege applicable to its outside legal counsel's coverage opinion and related legal advice regarding the insurance claim at issue in this litigation.  Plaintiffs requested an order compelling Defendant to produce said coverage opinion and all related communications.  *See* ECF Nos. 43, 43-3, 44.

3.      Disputed Issue No. 3 concerns Plaintiffs' assertion that Defendant has failed to conduct a reasonable and sufficient search for documents concerning other instances in which it has considered the applicability of a war exclusion to an insurance claim.  Plaintiffs requested an order compelling Defendant to conduct a further search in the absence of certain unqualified admissions.  *See* ECF Nos. 43, 43-3, 44.

4.      Defendant opposed Plaintiffs' April 5, 2017 Discovery Motion, and specifically opposed the relief requested in connection with Disputed Issue Nos. 1 and 3, summarized above.

5.      On April 10, 2017, Magistrate Judge Michael R. Wilner conducted a telephone conference regarding Plaintiffs' April 5, 2017 Discovery Motion.  Lucia E. Coyoca and Daniel M. Hayes participated on behalf of Plaintiffs.  Michael Keeley, Toni Scott Reed, and Carla C. Crapster participated on behalf of Defendant. Following the telephone conference, the Parties hereby stipulate that Disputed Issue Nos. 1 and 3 may be resolved by the following orders:

8818928.2/46250-00001

a.  At trial in this matter, Atlantic shall not make any mention of or introduce any argument or evidence whatsoever (whether in the form of documents, percipient or expert testimony, or any other form) regarding:  (i) any advice or opinion that Atlantic received from legal counsel in connection with the insurance claim at issue in this case (the "*Dig* Claim") (including, without limitation, the coverage opinion provided by Leon Gladstone and/or GladstoneWeisberg ALC on or about July 21, 2014, and any other legal advice or opinion provided by Mr. Gladstone or his firm in connection with the *Dig* Claim); or (ii) the fact that Atlantic sought legal advice in connection with the *Dig* Claim. To the extent either party intends to introduce a document that contains a reference to the foregoing coverage opinion and/or legal advice as an exhibit at trial, the parties shall cooperate to first remove any such reference in such a way as to not reveal that the document has been redacted.  In the event Plaintiffs introduce argument or evidence regarding the foregoing coverage opinion and/or legal advice at trial in this matter, this Paragraph 1 shall be void.

b.  At trial in this matter, the following stipulated fact shall be read to the jury as part of the evidentiary record:  "Other than in connection with the *Dig* Claim and one other claim evidenced by the email labeled ATL000785-ATL000788, Atlantic has not considered the application of a war exclusion (the exclusions set forth in General Conditions, Section III(1)-(4) of the policy at issue in this lawsuit, or any similar war exclusion language) to an insurance claim submitted to it for handling."

3

6.      Therefore, the Parties jointly request that the Court enter the proposed order submitted concurrently with this joint stipulation, resolving Disputed Issue Nos. 1 and 3 addressed in Plaintiffs' April 5, 2017 Discovery Motion.

Respectfully submitted,

DATED:  April __, 2017          LUCIA E. COYOCA
                                VALENTINE A. SHALAMITSKI
                                DANIEL M. HAYES
                                MITCHELL SILBERBERG & KNUPP LLP


                                By:  /s/_____
                                     Daniel M. Hayes
                                     Attorneys for Plaintiffs
                                     Universal Cable Productions LLC and
                                     Northern Entertainment Productions
                                     LLC


DATED:  April ___, 2017         MARC J. SHRAKE
                                ANDERSON, MCPHARLIN & CONNERS LLP

                                       -and-

                                MICHAEL KEELEY
                                JOHN R. RIDDLE
                                CARLA C. CRAPSTER
                                STRASBURGER & PRICE, LLP


                                By:  /s/_____
                                     Michael Keeley
                                     Attorneys for Defendant
                                     Atlantic Specialty Insurance Company

4

8818928.2/46250-00001

1

**Attestation Regarding Signatures**

2          I, Daniel M. Hayes, attest that all signatories listed, and on whose behalf the

3    filing is submitted, concur in the filing's content and have authorized the filing.

4

5                                        By: _/s/_____

6                                             Daniel M. Hayes

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT STIPULATION RE: DISCOVERY MOTION

8818928.2/46250-00001

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| UNIVERSAL CABLE PRODUCTIONS LLC, *et al.*, | CASE NO. 2:16-cv-4435-PA-MRW |
| Plaintiffs, | |
| v. | |
| ATLANTIC SPECIALTY INSURANCE COMPANY, | |
| Defendant. | |

# Exhibit 5

| **From:** | Reed, Toni |
|---|---|
| **Sent:** | Wednesday, April 26, 2017 3:24 PM |
| **To:** | dmh@msk.com; Shalamitski, Valentine (VAS@msk.com); Coyoca, Lucia (lec@msk.com) |
| **Cc:** | Keeley, Michael; Crapster, Carla |
| **Subject:** | UCP v. Atlantic/Plaintiffs' motion to compel/proposed stipulation |
| **Attachments:** | Redline - Joint Stip Re Diuscovery Motion.pdf; SP-#8904368-v1-Proposed_Stipulation_(4_26).docx |

Dan,

We need to continue the meet-and-confer process regarding the proposed stipulation you sent last night.  I have further input about it, and attach an updated draft.  The redlined version showing its changes against your document of last night is attached.

We are interested in continuing this discussion, because the specifics you proposed last night were not completely acceptable to Atlantic.

I'll look forward to discussing further at 1:30 pacific time today.

Best regards,
Toni Scott Reed

**Toni Scott Reed** • Strasburger & Price, LLP
901 Main Street, Suite 6000, Dallas, TX 75202
214.651.4345 • Fax 214.659-4091 • Strasburger.com

LUCIA E. COYOCA (SBN 128314)
 lec@msk.com
VALENTINE A. SHALAMITSKI (SBN 236061)
 vas@msk.com
DANIEL M. HAYES (SBN 240250)
 dmh@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, CA 90064-1683
Telephone:  (310) 312-2000
Facsimile:  (310) 312-3100

Attorneys for Plaintiffs
Universal Cable Productions LLC and
Northern Entertainment Productions LLC

MARC J. SHRAKE (SBN 219331)
mjs@amclaw.com
ANDERSON, MCPHARLIN & CONNERS LLP
707 Wilshire Boulevard, Suite 4000
Los Angeles, CA 90017-3623
Telephone:  (213) 236-1691
Facsimile:  (213) 622-7594

MICHAEL KEELEY (*Admitted Pro Hac Vice*)
 michael.keeley@strasburger.com
JOHN R. RIDDLE (*Admitted Pro Hac Vice*)
 john.riddle@strasburger.com
CARLA C. CRAPSTER (*Admitted Pro Hac Vice*)
 carla.crapster@strasburger.com
STRASBURGER & PRICE, LLP
901 Main Street, Suite 4400
Dallas, TX 75202
Telephone:  (214) 651-4300
Facsimile:  (214) 651-4330

Attorneys for Defendant
Atlantic Specialty Insurance Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIVERSAL CABLE PRODUCTIONS LLC, *et al.*, | CASE NO. 2:16-cv-4435-PA-MRW |
| Plaintiffs, | **JOINT STIPULATION RE: DISCOVERY MOTION** |
| v. | Judge:        Hon. Michael R. Wilner |
| ATLANTIC SPECIALTY INSURANCE COMPANY, | File Date:              June 20, 2016<br>Discovery Cutoff:   June 2, 2017<br>Pre-Trial Conf.:       June 16, 2017 |

1

JOINT STIPULATION RE: DISCOVERY MOTION

8818928.2/46250-00001
8780432.1
8904368.1/SP/15247/0131/042617

Defendant.                    Trial Date:           July 25, 2017

Pursuant to Local Rule 7-1, Plaintiffs Universal Cable Productions LLC and Northern Entertainment Productions LLC ("Plaintiffs") and Defendant Atlantic Specialty Insurance Company ("Defendant," and together with Plaintiffs, the "Parties"), hereby submit the following joint stipulation to resolve Disputed Issue Nos. 1 and 3 addressed in Plaintiffs' April 5, 2017 motion to compel discovery (ECF Nos. 43, 44) ("Plaintiffs' April 5, 2017 Discovery Motion").

1.      Plaintiffs' April 5, 2017 Discovery Motion addressed four disputed issues.

2.      Disputed Issue No. 1 concerns Plaintiffs' assertion that Defendant has waived any attorney-client privilege applicable to its outside legal counsel's coverage opinion and related legal advice regarding the insurance claim at issue in this litigation.  Plaintiffs requested an order compelling Defendant to produce said coverage opinion and all related communications.  *See* ECF Nos. 43, 43-3, 44.

3.      Disputed Issue No. 3 concerns Plaintiffs' assertion that Defendant has failed to conduct a reasonable and sufficient search for documents concerning other instances in which it has considered the applicability of a war exclusion to an insurance claim.  Plaintiffs requested an order compelling Defendant to conduct a further search in the absence of certain unqualified admissions.  *See* ECF Nos. 43, 43-3, 44.

4.      Defendant opposed Plaintiffs' April 5, 2017 Discovery Motion, and specifically opposed the relief requested in connection with Disputed Issue Nos. 1 and 3, summarized above.

5.      On April 10, 2017, Magistrate Judge Michael R. Wilner conducted a telephone conference regarding Plaintiffs' April 5, 2017 Discovery Motion.  Lucia E. Coyoca and Daniel M. Hayes participated on behalf of Plaintiffs.  Michael Keeley, Toni Scott Reed, and Carla C. Crapster participated on behalf of

2

JOINT STIPULATION RE: DISCOVERY MOTION

8818928.2/46250-00001
8780432.1
8904368.1/SP/15247/0131/042617

Defendant.  Following the telephone conference, the Parties hereby stipulate that Disputed Issue Nos. 1 and 3 may be resolved by the following orders:

        a.  At trial in this matter, Atlantic shall not make any mention of or introduce any argument or evidence whatsoever (whether in the form of documents, percipient or expert testimony, or any other form) regarding:  (i) any advice or opinion that Atlantic received from outside legal counsel in connection with the insurance claim at issue in this case (the "*Dig* Claim") (including, without limitation, the coverage opinion provided by Leon Gladstone and/or GladstoneWeisberg ALC on or about July 21, 2014, and any other legal advice or opinion provided by Mr. Gladstone or his firm in connection with the *Dig* Claim); or (ii) the fact that Atlantic sought outside legal advice in connection with the *Dig* Claim.

At trial of this matter, plaintiffs shall not make any mention of or introduce any argument or evidence whatsoever (whether in the form of documents, percipient or expert testimony, or any other form) regarding the fact that Atlantic sought outside legal advice in connection with the *Dig* Claim.

To the extent either party intends to introduce a document that contains a reference to the foregoing coverage opinion and/or legal advice as an exhibit at trial, the parties shall cooperate to first remove any such reference in such a way as to not reveal that the document has been redacted. In the event Plaintiffs introduce argument or evidence regarding the foregoing

3

8818928.2/46250.00001
8780432.1
8904368.1/SP/15247/0131/042617

~~coverage opinion and/or legal advice at trial in this matter, this Paragraph 1 shall be void.~~

b. At trial in this matter, the following stipulated fact shall be read to the jury as part of the evidentiary record: "Other than in connection with the *Dig* Claim and one other claim evidenced by the email labeled ATL000785-ATL~~000788,~~00788, Atlantic has ~~not~~found no evidence that it considered the application of a war exclusion (the exclusions set forth in General Conditions, Section III(1)-(4) of the policy at issue in this lawsuit, or any similar war exclusion language) to an insurance claim submitted to it for handling."

6.      Therefore, the Parties jointly request that the Court enter the proposed order submitted concurrently with this joint stipulation, resolving Disputed Issue Nos. 1 and 3 addressed in Plaintiffs' April 5, 2017 Discovery Motion.

Respectfully submitted,

DATED:  April __, 2017          LUCIA E. COYOCA
                                VALENTINE A. SHALAMITSKI
                                DANIEL M. HAYES
                                MITCHELL SILBERBERG & KNUPP LLP

                                By: */s/* _____
                                    Daniel M. Hayes
                                    Attorneys for Plaintiffs
                                    Universal Cable Productions LLC and
                                    Northern Entertainment Productions
                                    LLC

4

8818928.2/46250.00001
8780432.1
8904368.1/SP/15247/0131/042617

DATED:  April ___, 2017          MARC J. SHRAKE
                                 ANDERSON, MCPHARLIN & CONNERS LLP

                                         -and-

                                 MICHAEL KEELEY
                                 JOHN R. RIDDLE
                                 CARLA C. CRAPSTER
                                 STRASBURGER & PRICE, LLP


                                 By:  _/s/_____
                                         Michael Keeley
                                         Attorneys for Defendant
                                         Atlantic Specialty Insurance Company

### Attestation Regarding Signatures

    I, Daniel M. Hayes, attest that all signatories listed, and on whose behalf the
filing is submitted, concur in the filing's content and have authorized the filing.


                                 By:  _/s/_____
                                         Daniel M. Hayes

5

JOINT STIPULATION RE: DISCOVERY MOTION

8818928.2/46250-00001
8780432.1
8904368.1/SP/15247/0131/042617

Document comparison by Workshare Compare on Wednesday, April 26, 2017 3:08:19 PM

| Input: | |
|---|---|
| Document 1 ID | file://\\dalprint\redirection$\ysquirrell\Desktop\Joint Stip Re. Discovery Motion (8818928-2).docx |
| Description | Joint Stip Re. Discovery Motion (8818928-2) |
| Document 2 ID | PowerDocs://SP/8904368/1 |
| Description | SP-#8904368-v1-Proposed_Stipulation_(4/26) |
| Rendering set | Standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 7 |
| Deletions | 4 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 11 |

LUCIA E. COYOCA (SBN 128314)
    lec@msk.com
VALENTINE A. SHALAMITSKI (SBN 236061)
    vas@msk.com
DANIEL M. HAYES (SBN 240250)
    dmh@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, CA 90064-1683
Telephone:  (310) 312-2000
Facsimile:  (310) 312-3100

Attorneys for Plaintiffs
Universal Cable Productions LLC and
Northern Entertainment Productions LLC

MARC J. SHRAKE (SBN 219331)
mjs@amclaw.com
ANDERSON, MCPHARLIN & CONNERS LLP
707 Wilshire Boulevard, Suite 4000
Los Angeles, CA 90017-3623
Telephone:  (213) 236-1691
Facsimile:  (213) 622-7594

MICHAEL KEELEY (*Admitted Pro Hac Vice*)
    michael.keeley@strasburger.com
JOHN R. RIDDLE (*Admitted Pro Hac Vice*)
    john.riddle@strasburger.com
CARLA C. CRAPSTER (*Admitted Pro Hac Vice*)
    carla.crapster@strasburger.com
STRASBURGER & PRICE, LLP
901 Main Street, Suite 4400
Dallas, TX 75202
Telephone:  (214) 651-4300
Facsimile:  (214) 651-4330

Attorneys for Defendant
Atlantic Specialty Insurance Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIVERSAL CABLE PRODUCTIONS LLC, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ATLANTIC SPECIALTY INSURANCE COMPANY, <br><br> Defendant. | CASE NO. 2:16-cv-4435-PA-MRW <br><br> **JOINT STIPULATION RE: DISCOVERY MOTION** <br><br> Judge:      Hon. Michael R. Wilner <br><br> File Date:          June 20, 2016 <br> Discovery Cutoff:  June 2, 2017 <br> Pre-Trial Conf.:   June 16, 2017 <br> Trial Date:         July 25, 2017 |

1

ERROR! UNKNOWN DOCUMENT PROPERTY NAME.
8904368.1/SP/15247/0131/042617

Pursuant to Local Rule 7-1, Plaintiffs Universal Cable Productions LLC and Northern Entertainment Productions LLC ("Plaintiffs") and Defendant Atlantic Specialty Insurance Company ("Defendant," and together with Plaintiffs, the "Parties"), hereby submit the following joint stipulation to resolve Disputed Issue Nos. 1 and 3 addressed in Plaintiffs' April 5, 2017 motion to compel discovery (ECF Nos. 43, 44) ("Plaintiffs' April 5, 2017 Discovery Motion").

1.      Plaintiffs' April 5, 2017 Discovery Motion addressed four disputed issues.

2.      Disputed Issue No. 1 concerns Plaintiffs' assertion that Defendant has waived any attorney-client privilege applicable to its outside legal counsel's coverage opinion and related legal advice regarding the insurance claim at issue in this litigation.  Plaintiffs requested an order compelling Defendant to produce said coverage opinion and all related communications.  *See* ECF Nos. 43, 43-3, 44.

3.      Disputed Issue No. 3 concerns Plaintiffs' assertion that Defendant has failed to conduct a reasonable and sufficient search for documents concerning other instances in which it has considered the applicability of a war exclusion to an insurance claim.  Plaintiffs requested an order compelling Defendant to conduct a further search in the absence of certain unqualified admissions.  *See* ECF Nos. 43, 43-3, 44.

4.      Defendant opposed Plaintiffs' April 5, 2017 Discovery Motion, and specifically opposed the relief requested in connection with Disputed Issue Nos. 1 and 3, summarized above.

5.      On April 10, 2017, Magistrate Judge Michael R. Wilner conducted a telephone conference regarding Plaintiffs' April 5, 2017 Discovery Motion.  Lucia E. Coyoca and Daniel M. Hayes participated on behalf of Plaintiffs.  Michael Keeley, Toni Scott Reed, and Carla C. Crapster participated on behalf of Defendant.

JOINT STIPULATION RE: DISCOVERY MOTION
ERROR! UNKNOWN DOCUMENT PROPERTY NAME.
8904368.1/SP/15247/0131/042617

Following the telephone conference, the Parties hereby stipulate that Disputed Issue Nos. 1 and 3 may be resolved by the following orders:

  a. At trial in this matter, Atlantic shall not make any mention of or introduce any argument or evidence whatsoever (whether in the form of documents, percipient or expert testimony, or any other form) regarding:  (i) any advice or opinion that Atlantic received from outside legal counsel in connection with the insurance claim at issue in this case (the "*Dig* Claim") (including, without limitation, the coverage opinion provided by Leon Gladstone and/or GladstoneWeisberg ALC on or about July 21, 2014, and any other legal advice or opinion provided by Mr. Gladstone or his firm in connection with the *Dig* Claim); or (ii) the fact that Atlantic sought outside legal advice in connection with the *Dig* Claim.

   At trial of this matter, plaintiffs shall not make any mention of or introduce any argument or evidence whatsoever (whether in the form of documents, percipient or expert testimony, or any other form) regarding the fact that Atlantic sought outside legal advice in connection with the *Dig* Claim.

   To the extent either party intends to introduce a document that contains a reference to the foregoing coverage opinion and/or legal advice as an exhibit at trial, the parties shall cooperate to first remove any such reference in such a way as to not reveal that the document has been redacted.

**ERROR! UNKNOWN DOCUMENT PROPERTY NAME.**

8904368.1/SP/15247/0131/042617

1          b.  At trial in this matter, the following stipulated fact shall be read

2               to the jury as part of the evidentiary record:  "Other than in

3               connection with the *Dig* Claim and one other claim evidenced

4               by the email labeled ATL000785-ATL00788, Atlantic has

5               found no evidence that it considered the application of a war

6               exclusion (the exclusions set forth in General Conditions,

7               Section III(1)-(4) of the policy at issue in this lawsuit, or any

8               similar war exclusion language) to an insurance claim submitted

9               to it for handling."

10      6.      Therefore, the Parties jointly request that the Court enter the proposed

11  order submitted concurrently with this joint stipulation, resolving Disputed Issue

12  Nos. 1 and 3 addressed in Plaintiffs' April 5, 2017 Discovery Motion.

13

14                                      Respectfully submitted,

15  DATED:  April __, 2017              LUCIA E. COYOCA
                                        VALENTINE A. SHALAMITSKI
16                                      DANIEL M. HAYES
                                        MITCHELL SILBERBERG & KNUPP LLP
17

18

19                                      By:  */s/*_____
                                             Daniel M. Hayes
20                                           Attorneys for Plaintiffs
                                             Universal Cable Productions LLC and
21                                           Northern Entertainment Productions
                                             LLC
22

23  DATED:  April ___, 2017            MARC J. SHRAKE
                                        ANDERSON, MCPHARLIN & CONNERS LLP
24
                                             -and-
25
                                        MICHAEL KEELEY
26                                      JOHN R. RIDDLE
                                        CARLA C. CRAPSTER
27                                      STRASBURGER & PRICE, LLP

28                                      4
_____
                    JOINT STIPULATION RE: DISCOVERY MOTION
**ERROR! UNKNOWN DOCUMENT PROPERTY NAME.**
8904368.1/SP/15247/0131/042617

1

By: /s/ _____
        Michael Keeley
        Attorneys for Defendant
        Atlantic Specialty Insurance Company

2

3

## **Attestation Regarding Signatures**

4

5

        I, Daniel M. Hayes, attest that all signatories listed, and on whose behalf the

6

filing is submitted, concur in the filing's content and have authorized the filing.

7

8

By: /s/ _____
        Daniel M. Hayes

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

JOINT STIPULATION RE: DISCOVERY MOTION

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| UNIVERSAL CABLE PRODUCTIONS LLC, *et al.*, | CASE NO. 2:16-cv-4435-PA-MRW |
| Plaintiffs, | |
| v. | |
| ATLANTIC SPECIALTY INSURANCE COMPANY, | |
| Defendant. | |

# Exhibit 6

| | |
|---|---|
| **From:** | Reed, Toni |
| **Sent:** | Wednesday, April 26, 2017 6:26 PM |
| **To:** | dmh@msk.com; Shalamitski, Valentine (VAS@msk.com); Coyoca, Lucia (lec@msk.com) |
| **Cc:** | Keeley, Michael; Crapster, Carla |
| **Subject:** | UCP v. Atlantic/Plaintiffs' motion to compel/proposed stipulation (6:00 p.m. Central Proposal) |
| **Attachments:** | Redline_Joint Stip Re.pdf; SP-#8907207-v1-Stipulation_-_Proposed_4_26_-_Updated.docx |

Dan,

We need to continue the meet-and-confer process regarding the proposed stipulation you sent last night, our proposal of earlier today, and the various positions the parties articulated to one another in our various telephone conferences over the course of today. *Following our telephone discussions, we have continued to try to get to a point of full agreement on both of these items.*

We have explained the language for (b), which is a necessary approach for Atlantic. Regarding (a), we have continued to work to make progress on the positions you stated today, and are proposing a an updated approach, which is based completely on your language of last night, with the overlay we discussed by phone this evening. Atlantic's witnesses will answer, if asked if they consulted an outside expert, outside vendor, third party expert, or other similarly broad category, that they did - the outside law firm. Therefore, if questions are posed to the witnesses that way, Atlantic's position is that the witnesses cannot be prohibited from fully answering as they would answer the questions. This is a critical issue, as I expressed.

Since discussing the concept with you, we have attempted to draft proposed language that sets forth this conceptual challenge. I can make myself available to discuss the specifics of the language and to work toward agreeable verbiage.

The redlined version showing the most recent proposal against your document of last night is attached. A clean version that can be accepted as a final agreement also attached.

We are interested in continuing this discussion, because the specifics you proposed are not completely acceptable to Atlantic – in light of the concern about the way general questions could be posed at trial.

We'll appreciate the efforts to achieve full resolution of these two points.

Best regards,
Toni Scott Reed

**Toni Scott Reed** • Strasburger & Price, LLP
901 Main Street, Suite 6000, Dallas, TX 75202
214.651.4345 • Fax 214.659-4091 • Strasburger.com

LUCIA E. COYOCA (SBN 128314)
lec@msk.com
VALENTINE A. SHALAMITSKI (SBN 236061)
vas@msk.com
DANIEL M. HAYES (SBN 240250)
dmh@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, CA 90064-1683
Telephone:  (310) 312-2000
Facsimile:  (310) 312-3100

Attorneys for Plaintiffs
Universal Cable Productions LLC and
Northern Entertainment Productions LLC

MARC J. SHRAKE (SBN 219331)
mjs@amclaw.com
ANDERSON, MCPHARLIN & CONNERS LLP
707 Wilshire Boulevard, Suite 4000
Los Angeles, CA 90017-3623
Telephone:  (213) 236-1691
Facsimile:  (213) 622-7594

MICHAEL KEELEY (*Admitted Pro Hac Vice*)
michael.keeley@strasburger.com
JOHN R. RIDDLE (*Admitted Pro Hac Vice*)
john.riddle@strasburger.com
CARLA C. CRAPSTER (*Admitted Pro Hac Vice*)
carla.crapster@strasburger.com
STRASBURGER & PRICE, LLP
901 Main Street, Suite 4400
Dallas, TX 75202
Telephone:  (214) 651-4300
Facsimile:  (214) 651-4330

Attorneys for Defendant
Atlantic Specialty Insurance Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIVERSAL CABLE PRODUCTIONS LLC, *et al.*, | CASE NO. 2:16-cv-4435-PA-MRW |
| Plaintiffs, | **JOINT STIPULATION RE: DISCOVERY MOTION** |
| v. | Judge:        Hon. Michael R. Wilner |
| ATLANTIC SPECIALTY INSURANCE COMPANY, | File Date:              June 20, 2016 Discovery Cutoff:    June 2, 2017 Pre-Trial Conf.:      June 16, 2017 |

1

8818928.2/46250.00001
8780432.1
8907207.1/SP/15247/0131/042617

Defendant.                    Trial Date:              July 25, 2017

Pursuant to Local Rule 7-1, Plaintiffs Universal Cable Productions LLC and Northern Entertainment Productions LLC ("Plaintiffs") and Defendant Atlantic Specialty Insurance Company ("Defendant," and together with Plaintiffs, the "Parties"), hereby submit the following joint stipulation to resolve Disputed Issue Nos. 1 and 3 addressed in Plaintiffs' April 5, 2017 motion to compel discovery (ECF Nos. 43, 44) ("Plaintiffs' April 5, 2017 Discovery Motion").

1.      Plaintiffs' April 5, 2017 Discovery Motion addressed four disputed issues.

2.      Disputed Issue No. 1 concerns Plaintiffs' assertion that Defendant has waived any attorney-client privilege applicable to its outside legal counsel's coverage opinion and related legal advice regarding the insurance claim at issue in this litigation.  Plaintiffs requested an order compelling Defendant to produce said coverage opinion and all related communications.  *See* ECF Nos. 43, 43-3, 44.

3.      Disputed Issue No. 3 concerns Plaintiffs' assertion that Defendant has failed to conduct a reasonable and sufficient search for documents concerning other instances in which it has considered the applicability of a war exclusion to an insurance claim.  Plaintiffs requested an order compelling Defendant to conduct a further search in the absence of certain unqualified admissions.  *See* ECF Nos. 43, 43-3, 44.

4.      Defendant opposed Plaintiffs' April 5, 2017 Discovery Motion, and specifically opposed the relief requested in connection with Disputed Issue Nos. 1 and 3, summarized above.

5.      On April 10, 2017, Magistrate Judge Michael R. Wilner conducted a telephone conference regarding Plaintiffs' April 5, 2017 Discovery Motion.  Lucia E. Coyoca and Daniel M. Hayes participated on behalf of Plaintiffs.  Michael Keeley, Toni Scott Reed, and Carla C. Crapster participated on behalf of

2

JOINT STIPULATION RE: DISCOVERY MOTION

Defendant.  Following the telephone conference, the Parties hereby stipulate that Disputed Issue Nos. 1 and 3 may be resolved by the following orders:

        a.  At trial in this matter, Atlantic shall not make any mention of or introduce any argument or evidence whatsoever (whether in the form of documents, percipient or expert testimony, or any other form) regarding:  (i) any advice or opinion that Atlantic received from outside legal counsel in connection with the insurance claim at issue in this case (the "*Dig* Claim") (including, without limitation, the coverage opinion provided by Leon Gladstone and/or GladstoneWeisberg ALC on or about July 21, 2014, and any other legal advice or opinion provided by Mr. Gladstone or his firm in connection with the *Dig* Claim); or (ii) the fact that Atlantic sought outside legal advice in connection with the *Dig* Claim. ~~To the extent either party intends to introduce a document that contains a reference to the foregoing coverage opinion and/or legal advice as an exhibit at trial, the parties shall cooperate to first remove any such reference in such a way as to not reveal that the document has been redacted.  In the event Plaintiffs introduce argument or evidence regarding the foregoing coverage opinion and/or legal advice at trial in this matter, this Paragraph 1 shall be void.~~

        To the extent either party intends to introduce a document that contains a reference to the foregoing coverage opinion and/or legal advice as an exhibit at trial, the parties shall cooperate to first remove any such reference in such a way as to not reveal that the document has been redacted.

JOINT STIPULATION RE: DISCOVERY MOTION

~~8818928.2/46250-00001~~
8780432.1
8907207.1/SP/15247/0131/042617

1  In the event Plaintiffs introduce or seek to introduce argument
2  or evidence at trial, or ask questions of a witness, regarding the
3  foregoing coverage opinion or legal advice, including by
4  asking about whether Atlantic consulted or why Atlantic did
5  not consult or seek advice from a general category of outside
6  consultants, such as "outside expert," "third party," "third party
7  expert," or "third party vendor," or any other category that can
8  reasonably be construed as asking if Atlantic sought legal
9  advice, this Stipulation shall be void. Plaintiffs *may*, without
10  voiding this stipulation, inquire as to whether Atlantic
11  consulted a Middle East expert or an independent claim
12  adjuster, or other specific category. Plaintiffs *may not*
13  argue—without waiving this stipulation—that Atlantic did not
14  consult *any* type of outside authority before denying the *Dig*
15  Claim.

16

17     b.  At trial in this matter, the following stipulated fact shall be read
18         to the jury as part of the evidentiary record:  "Other than in
19         connection with the *Dig* Claim and one other claim evidenced
20         by the email labeled ATL000785-ATL000788, Atlantic has ~~not~~
21         found no evidence that it considered the application of a war
22         exclusion (the exclusions set forth in General Conditions,
23         Section III(1)-(4) of the policy at issue in this lawsuit, or any
24         similar war exclusion language) to an insurance claim
25         submitted to it for handling."

26

27

28
                              4
             JOINT STIPULATION RE: DISCOVERY MOTION
8818928.2/46250-00001
8780432.1
8907207.1/SP/15247/0131/042617

6.      Therefore, the Parties jointly request that the Court enter the proposed order submitted concurrently with this joint stipulation, resolving Disputed Issue Nos. 1 and 3 addressed in Plaintiffs' April 5, 2017 Discovery Motion.

Respectfully submitted,

DATED:  April __, 2017          LUCIA E. COYOCA
                                VALENTINE A. SHALAMITSKI
                                DANIEL M. HAYES
                                MITCHELL SILBERBERG & KNUPP LLP


                                By: /s/_____
                                      Daniel M. Hayes
                                      Attorneys for Plaintiffs
                                      Universal Cable Productions LLC and
                                      Northern Entertainment Productions
                                      LLC


DATED:  April ___, 2017         MARC J. SHRAKE
                                ANDERSON, MCPHARLIN & CONNERS LLP

                                        -and-

                                MICHAEL KEELEY
                                JOHN R. RIDDLE
                                CARLA C. CRAPSTER
                                STRASBURGER & PRICE, LLP


                                By: /s/_____
                                      Michael Keeley
                                      Attorneys for Defendant
                                      Atlantic Specialty Insurance Company

5

JOINT STIPULATION RE: DISCOVERY MOTION

8818928.2/46250-00001
8780432.1
8907207.1/SP/15247/0131/042617

1

## **Attestation Regarding Signatures**

2          I, Daniel M. Hayes, attest that all signatories listed, and on whose behalf the

3    filing is submitted, concur in the filing's content and have authorized the filing.

4

5                              By: _/s/_____

6                                     Daniel M. Hayes

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

JOINT STIPULATION RE: DISCOVERY MOTION

8818928.2/46250-00001
8780432.1
8907207.1/SP/15247/0131/042617

Document comparison by Workshare Compare on Wednesday, April 26, 2017 6:13:31 PM

| Input: | |
|---|---|
| Document 1 ID | file://\\dalprint\redirection$\ysquirrell\Desktop\Joint Stip Re. Discovery Motion (8818928-2).docx |
| Description | Joint Stip Re. Discovery Motion (8818928-2) |
| Document 2 ID | PowerDocs://SP/8907207/1 |
| Description | SP-#8907207-v1-Stipulation_-_Proposed_4/26_-_Updated |
| Rendering set | Standard |

| Legend: |
|---|
| Insertion |
| Deletion |
| Moved from |
| Moved to |
| Style change |
| Format change |
| Moved deletion |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 7 |
| Deletions | 4 |
| Moved from | 3 |
| Moved to | 3 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 17 |

LUCIA E. COYOCA (SBN 128314)
  lec@msk.com
VALENTINE A. SHALAMITSKI (SBN 236061)
  vas@msk.com
DANIEL M. HAYES (SBN 240250)
  dmh@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, CA 90064-1683
Telephone:  (310) 312-2000
Facsimile:  (310) 312-3100

Attorneys for Plaintiffs
Universal Cable Productions LLC and
Northern Entertainment Productions LLC

MARC J. SHRAKE (SBN 219331)
mjs@amclaw.com
ANDERSON, MCPHARLIN & CONNERS LLP
707 Wilshire Boulevard, Suite 4000
Los Angeles, CA 90017-3623
Telephone:  (213) 236-1691
Facsimile:  (213) 622-7594

MICHAEL KEELEY (*Admitted Pro Hac Vice*)
  michael.keeley@strasburger.com
JOHN R. RIDDLE (*Admitted Pro Hac Vice*)
  john.riddle@strasburger.com
CARLA C. CRAPSTER (*Admitted Pro Hac Vice*)
  carla.crapster@strasburger.com
STRASBURGER & PRICE, LLP
901 Main Street, Suite 4400
Dallas, TX 75202
Telephone:  (214) 651-4300
Facsimile:  (214) 651-4330

Attorneys for Defendant
Atlantic Specialty Insurance Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIVERSAL CABLE PRODUCTIONS LLC, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ATLANTIC SPECIALTY INSURANCE COMPANY,<br><br>Defendant. | CASE NO. 2:16-cv-4435-PA-MRW<br><br>**JOINT STIPULATION RE: DISCOVERY MOTION**<br><br>Judge:        Hon. Michael R. Wilner<br><br>File Date:           June 20, 2016<br>Discovery Cutoff:  June 2, 2017<br>Pre-Trial Conf.:    June 16, 2017<br>Trial Date:          July 25, 2017 |

1

Pursuant to Local Rule 7-1, Plaintiffs Universal Cable Productions LLC and Northern Entertainment Productions LLC ("Plaintiffs") and Defendant Atlantic Specialty Insurance Company ("Defendant," and together with Plaintiffs, the "Parties"), hereby submit the following joint stipulation to resolve Disputed Issue Nos. 1 and 3 addressed in Plaintiffs' April 5, 2017 motion to compel discovery (ECF Nos. 43, 44) ("Plaintiffs' April 5, 2017 Discovery Motion").

1.      Plaintiffs' April 5, 2017 Discovery Motion addressed four disputed issues.

2.      Disputed Issue No. 1 concerns Plaintiffs' assertion that Defendant has waived any attorney-client privilege applicable to its outside legal counsel's coverage opinion and related legal advice regarding the insurance claim at issue in this litigation.  Plaintiffs requested an order compelling Defendant to produce said coverage opinion and all related communications.  *See* ECF Nos. 43, 43-3, 44.

3.      Disputed Issue No. 3 concerns Plaintiffs' assertion that Defendant has failed to conduct a reasonable and sufficient search for documents concerning other instances in which it has considered the applicability of a war exclusion to an insurance claim.  Plaintiffs requested an order compelling Defendant to conduct a further search in the absence of certain unqualified admissions.  *See* ECF Nos. 43, 43-3, 44.

4.      Defendant opposed Plaintiffs' April 5, 2017 Discovery Motion, and specifically opposed the relief requested in connection with Disputed Issue Nos. 1 and 3, summarized above.

5.      On April 10, 2017, Magistrate Judge Michael R. Wilner conducted a telephone conference regarding Plaintiffs' April 5, 2017 Discovery Motion.  Lucia E. Coyoca and Daniel M. Hayes participated on behalf of Plaintiffs.  Michael Keeley, Toni Scott Reed, and Carla C. Crapster participated on behalf of Defendant.

2

Following the telephone conference, the Parties hereby stipulate that Disputed Issue Nos. 1 and 3 may be resolved by the following orders:

  a.  At trial in this matter, Atlantic shall not make any mention of or introduce any argument or evidence whatsoever (whether in the form of documents, percipient or expert testimony, or any other form) regarding:  (i) any advice or opinion that Atlantic received from outside legal counsel in connection with the insurance claim at issue in this case (the "*Dig* Claim") (including, without limitation, the coverage opinion provided by Leon Gladstone and/or GladstoneWeisberg ALC on or about July 21, 2014, and any other legal advice or opinion provided by Mr. Gladstone or his firm in connection with the *Dig* Claim); or (ii) the fact that Atlantic sought outside legal advice in connection with the *Dig* Claim.

  To the extent either party intends to introduce a document that contains a reference to the foregoing coverage opinion and/or legal advice as an exhibit at trial, the parties shall cooperate to first remove any such reference in such a way as to not reveal that the document has been redacted.

  In the event Plaintiffs introduce or seek to introduce argument or evidence at trial, or ask questions of a witness, regarding the foregoing coverage opinion or legal advice, including by asking about whether Atlantic consulted or why Atlantic did not consult or seek advice from a general category of outside consultants, such as "outside expert," "third party," "third party expert," or "third party vendor," or any other category that can reasonably be construed as asking if Atlantic sought legal

JOINT STIPULATION RE: DISCOVERY MOTION

ERROR! UNKNOWN DOCUMENT PROPERTY NAME.
8907207.1/SP/15247/0131/042617

advice, this Stipulation shall be void. Plaintiffs *may*, without voiding this stipulation, inquire as to whether Atlantic consulted a Middle East expert or an independent claim adjuster, or other specific category. Plaintiffs *may not* argue—without waiving this stipulation—that Atlantic did not consult *any* type of outside authority before denying the *Dig* Claim.

b. At trial in this matter, the following stipulated fact shall be read to the jury as part of the evidentiary record: "Other than in connection with the *Dig* Claim and one other claim evidenced by the email labeled ATL000785-ATL000788, Atlantic has found no evidence that it considered the application of a war exclusion (the exclusions set forth in General Conditions, Section III(1)-(4) of the policy at issue in this lawsuit, or any similar war exclusion language) to an insurance claim submitted to it for handling."

6.    Therefore, the Parties jointly request that the Court enter the proposed order submitted concurrently with this joint stipulation, resolving Disputed Issue Nos. 1 and 3 addressed in Plaintiffs' April 5, 2017 Discovery Motion.

Respectfully submitted,

DATED:  April __, 2017        LUCIA E. COYOCA
                             VALENTINE A. SHALAMITSKI

JOINT STIPULATION RE: DISCOVERY MOTION

1
DANIEL M. HAYES
MITCHELL SILBERBERG & KNUPP LLP

2

3
By: /s/ _____

4
Daniel M. Hayes
Attorneys for Plaintiffs
Universal Cable Productions LLC and
Northern Entertainment Productions
LLC

5

6

7

8
DATED:  April ___, 2017          MARC J. SHRAKE
ANDERSON, MCPHARLIN & CONNERS LLP

9
-and-

10
MICHAEL KEELEY
JOHN R. RIDDLE
CARLA C. CRAPSTER
STRASBURGER & PRICE, LLP

11

12

13

14
By: /s/ _____

Michael Keeley
Attorneys for Defendant
Atlantic Specialty Insurance Company

15

16

17
**Attestation Regarding Signatures**

18
I, Daniel M. Hayes, attest that all signatories listed, and on whose behalf the

19
filing is submitted, concur in the filing's content and have authorized the filing.

20

21
By: /s/ _____

22
Daniel M. Hayes

23

24

25

26

27

28

5

JOINT STIPULATION RE: DISCOVERY MOTION

ERROR! UNKNOWN DOCUMENT PROPERTY NAME.

8907207.1/SP/15247/0131/042617

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| UNIVERSAL CABLE PRODUCTIONS LLC, *et al.*, | CASE NO. 2:16-cv-4435-PA-MRW |
| Plaintiffs, | |
| v. | |
| ATLANTIC SPECIALTY INSURANCE COMPANY, | |
| Defendant. | |

# Exhibit 7

**From:**          Crapster, Carla
**Sent:**          Thursday, April 27, 2017 9:08 PM
**To:**            dmh@msk.com
**Cc:**            Keeley, Michael; Reed, Toni; Lucia Coyoca; Valentine Shalamitski
**Subject:**       UCP v. Atlantic - Latest Proposal

Dan,

We have carefully considered your last proposal and unfortunately cannot agree to those terms (adding a provision that if the evidence of the coverage opinion somehow came out at trial, the plaintiffs could argue to the jury that they should draw an adverse inference against Atlantic for obtaining the opinion but not producing it). We plan to go ahead and file a supplemental brief tonight.

Thank you,
Carla

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| UNIVERSAL CABLE PRODUCTIONS LLC, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ATLANTIC SPECIALTY INSURANCE COMPANY,<br><br>Defendant. | CASE NO. 2:16-cv-4435-PA-MRW |

# Exhibit 8





# Toni Scott Reed

## Partner

901 Main Street
Suite 6000
Dallas, Texas 75202
T: 214.651.4345
F: 214.659.4091
E: toni.scottreed@strasburger.com

Toni Reed is a trial attorney who litigates cases and counsels clients in the area of business litigation and commercial matters. One area of her practice focuses on complex coverage disputes, fidelity bond and surety matters, and construction disputes and litigation. Toni also focuses on banking disputes and litigation, trust and estate litigation, general fiduciary disputes and litigation, contract disputes, and business torts.

## EXPERIENCE

- Obtained dismissal of putative class action lawsuit alleging misappropriation of identity in COLI policy context by 12(b)(6) motion, as well as affirmation of dismissal on appeal to the United States Court of Appeals for the Fifth Circuit Court.

- Obtained summary judgment to foreclose mechanic's lien and to defeat city's claim of immunity from suit in construction dispute, as well as affirmation of denial of immunity claim on appeal to the Dallas Court of Appeals.

- Obtained summary judgment in favor of insurer in commercial crime policy dispute involving employee dishonesty claim and policy limit.

- Obtained defense verdict after bench trial on breach of contract claims in complex commercial dispute.

- Obtained dismissal prior to class certification of nationwide consumer class action against lender alleging violations of RESPA.

- Obtained voluntary withdrawal of class-certification allegations and complete settlement of nationwide class action against mortgage company alleging RESPA violations.

- Obtained summary judgment in favor of fiduciary on complex fiduciary litigation matter.

- Obtained summary judgment in favor of surety and denial of government entity's plea to the jurisdiction on waiver of sovereign immunity issues.

- Obtained summary judgment on complex fidelity bond coverage dispute.

- Obtained favorable settlements for both beneficiaries and fiduciaries after significant litigation of complex probate, trust, and fiduciary disputes.

- Negotiated favorable settlements of construction disputes for owners and contractors

## ORGANIZATIONS

- American Bar Association

## SERVICE AREAS

Commercial Litigation
Construction
Fidelity & Surety
Fiduciary Litigation
Financial Institutions
Insurance Counsel & Litigation

## EDUCATION

- SMU Dedman School of Law, J.D., 1993, *cum laude*

  SMU Law Review Association
  Order of the Coif
  Associate Symposium Editor, Journal of Air Law and Commerce
  Hatton W. Sumners Scholar

- Southern Methodist University, B.B.A. and B.A.,1990, *summa cum laude*

  M Award
  Beta Gamma Sigma
  Standard Bearer, Cox School of Business
  Presidential Award of Excellence
  John G. Tower Award of Academic Excellence and Leadership

## BAR ADMISSIONS

- Texas

## COURT ADMISSIONS

- U.S. District Court for the Northern, Southern, Eastern and Western Districts of Texas

- U.S. Court of Appeals for the Fifth Circuit

## SUPPORT STAFF

Yvette Squirrell
Legal Administrative Assistant
T: 214.651.2354
E: yvette.squirrell@strasburger.com

1/4

Tort and Insurance Practice Section
Fidelity & Surety Law Committee
Forum on the Construction Industry

- Dallas Bar Association
  Construction Law Section
  Business Litigation Section

- State Bar of Texas
  Construction Law Section

- Dallas Women Lawyers Association
  Member

- White Rock Elementary School
  PTA Volunteer, Room Representative (2009-present)

- Junior Achievement
  Instructor (2009-present)

- Highland Park United Methodist Church
  Member

- Make-A-Wish Foundation
  Founding Committee Chair of Wish Night

- Attorneys Serving the Community
  Charity Screening Committee (2005, 2006)
  Co-Chair (2002-2004)

- Dallas Heart Ball
  Board of Directors (1998-2002)

- Dallas Association of Young Lawyers
  Leadership Class Alumni

## PRESENTATIONS

- *Writing the Rules of the Game: Strategic Considerations for an Effective Jury Charge in the Commercial Crime Context*, ABA Fidelity & Surety Law Committee Mid-Winter Meeting (January 2013)

- Program Chair. *The Interrelationship of Complex Claims Under Financial Institution Bonds and D&O Policies, and the FDIC's View and Approach to the Claims*, ABA Fidelity & Surety Law Committee Fall Meeting (October 2011)

- *Coverage Under Insuring Agreements (D) and (E): Has the Insured Satisfied All Required Elements?*, ABA Fidelity & Surety Law Committee Mid-Winter Meeting (January 2010)

- *Trial and Jury Deliberations for Fidelity Cases*. ABA Fidelity & Surety Law Committee Mid-Winter Meeting (January 2008)

- *Preparing for and Shaping the Issues, Themes and Psychology for Trial*, ABA Fidelity & Surety Law Committee Spring Meeting (May 2007)

- *Ethical Practice in Federal Courts*, Federal Court Practice Speech (2006)

- *Ethical Practice in Federal Courts*, Federal Court Practice Speech (2004)

- *Ethical and Legal Considerations in the Investigation,* Gulfcoast Fidelity & Surety Institute (June 2004)

- *Ethical Issues Presented in the Context of Joint Representative of Principal and Surety,* Gulfcoast Fidelity & Surety Institute (June 2004)

- *The Continuing 'Employee' Debate: Whose Dishonesty is Covered?*, Gulfcoast Fidelity & Surety Institute (June 2003)

- *Bond Claims in the E-commerce World: The Impact of the Uniform Electronic Transactions Act, the Uniform Computer Information Transactions Act, and Other Technological Developments*, ABA Fidelity & Surety Law Committee Mid-Winter Meeting (January 2001)

- *Employee Theft v. Manifest Intent: The Changing Landscape of Commercial Crime Coverage*, Surety Claims Institute (Summer 2000)

- *Trying to Try the Complex Employee Dishonesty Claim: Motions for Summary Judgment; Discovery and Evidentiary Issues; and the Court's Charge*. ABA Fidelity & Surety Law Committee Mid-Winter Meeting (January 2000)

- *When an Outsourced Employee Steals from an Insured, Is there Crime Policy Coverage?,* ABA Annual Meeting (1998)

## PUBLICATIONS

- *Expansion and Contractions: Adding to and Subtracting from the Standard Bond* (2014)

- *What is Employee Dishonesty and Employee Theft?* Commercial Crime Insurance Coverage (2014)

- *Cyber Crime: Losses, Claims, and Potential Insurance Coverage for the Technology Hazards of the Twenty-First Century*, XX Fidelity Law Journal (2014)

- *Discovery of Loss: The Contractual Gateway to the Fidelity Claim*, New Appleman on Insurance Law Library Edition, Fidelity Insurance (2014)

- *Discovery*, Annotated Financial Institution Bond (2013)

- *"Superpowers" of Federal Regulators: The Subprime Mortgage Crisis and Bond Claim Issues Arising From Take Over by the FDIC*, XVI Fid. L. J. 1 (November 2010)

- *Commercial Crime Coverage for the Twenty-First Century: Does a "Theft" Standard in Traditional Insuring Agreement (A) Broaden or Narrow Coverage for Employee Dishonesty*, XIV Fidelity Law Journal 137 (2008)

- *Construction and Surety Law, Annual Survey*, 61 SMU Law Review 706 (2008)

- *Construction and Surety Law, Annual Survey,* 60 SMU Law Review 839 (2007)

- *Construction and Surety Law, Annual Survey,* 59 SMU Law Review 1079 (2006)

- *What is Employee Dishonesty*, Commercial Crime Policy (2005)

- *Construction and Surety Law, Annual Survey,* 57 SMU Law Review 759 (2004)

- *Construction and Surety Law, Annual Survey*, 56 SMU Law Review 1353 (2003)

- *Construction and Surety Law, Annual Survey,* 55 SMU Law Review 775 (2002)

- *Legal, Ethical, and Practical Considerations for an Insurer's Witness Interviews In the Context of a Fidelity Bond or Commercial Crime Policy Claim Investigation*, VII Fidelity Law Journal (2001)

- *Bond Claims in the E-commerce World: The Impact of the Uniform Electronic Transactions Act, the Uniform Computer Information Transactions Act, and Other Technological Developments*, 36 Tort and Insurance Law Journal 735 (2001)

- *Employee Theft v. Manifest Intent: The Changing Landscape of Commercial Crime Coverage,* 36 Tort and Insurance Law Journal 43 (2000)

- *Recurring Questions in Loan Loss Coverage Cases,* V Fidelity Law Journal (1999)

- *Interpretation, Construction, and Reformation of the Commercial Crime Policy*, ABA Commercial Crime Policy (1997)

- Coauthor. *Superpowers of Federal Regulators: How the Banking Crisis Created an Entire Genre of Bond Litigation*, 31 Tort and Insurance Law Journal (1996)

- *Flight Attendant Furies: Is Title VII Really the Solution to Hiring Policy Problems?*, 58 Journal of Air & Law Commerce (1992)

## HONORS

- Named among The Best Lawyers in America – Commercial Litigation by Best Lawyers (2013-2017)

- Named Texas Super Lawyer by Thomson Reuters (2004-2005, 2011-2013)

- Named Texas Super Lawyers' Rising Star by Thomson Reuters (2004)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| UNIVERSAL CABLE PRODUCTIONS LLC, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ATLANTIC SPECIALTY INSURANCE COMPANY,<br><br>Defendant. | CASE NO. 2:16-cv-4435-PA-MRW |

# Exhibit 9





# Carla C. Crapster

## Partner

901 Main Street
Suite 6000
Dallas, Texas 75202
T: 214.651.2034
F: 214.659.4060
E: carla.crapster@strasburger.com

Carla Crapster focuses her practice on litigating fidelity bond cases, surety matters and other insurance coverage disputes. Carla has experience in federal courts throughout the country, including the Fifth Circuit, Sixth Circuit, and Eleventh Circuits.

Prior to working at Strasburger, Carla clerked with the Honorable A. Joe Fish.

## EXPERIENCE

- Obtained summary  judgment before the Southern District of Texas on behalf of an insurance company in a fidelity bond dispute involving an employee stock ownership plan.

- Obtained summary judgement before the Western District of Texas in a coverage dispute involving a professional liability policy and whether two claims arose out of one wrongful act.

- Obtained summary judgement before the Western District of Texas in a coverage dispute involving a Texas non-subscriber insurance policy on the grounds that the fortuity doctrine applied.

- Obtained summary judgment before the Southern District of Texas on a surety bond claim.

- Represented an insurance company before the Fifth Circuit in appeal of complex coverage dispute involving a lawyer's malpractice policy.

- Prevailed on an appeal before the Eleventh Circuit in a fidelity bond dispute involving the meaning of "Single Loss."

- Prevailed on an appeal before the Eleventh Circuit in a fidelity bond dispute involving rescission.

- Successfully defended against a motion to remand a class action involving a Texas non-subscriber insurance policy.

- Prevailed on a motion to compel a claim involving an on-the-job injury to arbitration.

- Prevailed on a motion to dismiss for lack of personal jurisdiction in a case involving the Fair Credit Reporting Act.

- Drafted and filed an amicus brief with the Fifth Circuit supporting the prevailing party in a dispute involving a "Computer Fraud" insuring agreement and the meaning of the word "directly."

- Handled an appeal of coverage dispute in New York Appellate Division (First Department) involving government seizure of funds.

## ORGANIZATIONS

- American Bar Association – Tort Trial and Insurance Practice Section

## SERVICE AREAS

Fidelity & Surety

## EDUCATION

- The University of Texas School of Law, J.D., 2008, *with high honors*

  Texas Law Review, Associate Editor
  Order of the Coif
  Chancellors

- Texas A&M University, B.A., 2005, *summa cum laude*

  Phi Beta Kappa

## BAR ADMISSIONS

- Texas

## COURT ADMISSIONS

- U.S. District Courts for the Northern, Southern, Eastern, and Western Districts of Texas
- U.S. Courts of Appeals for the Fifth and Sixth Circuits
- Various other U.S. federal courts

## SUPPORT STAFF

Marianna Green
Legal Administrative Assistant
T: 214.651.4551
E: marianna.green@strasburger.com

1/3

Volunteer

- University of North Texas School of Law

  Adjunct Professor of Negotiations (2017)
  Adjunct Professor of Practice Foundations (2016)
  Bedford Mentor (2015)

- Housing Crisis Center

  Volunteer (2010-2013)

- Junior League of Dallas

  Former Member

## PRESENTATIONS

- *Making the Case: The Internal Roundtable Discussion on Whether to Settle a Claim*, ABA Annual Mid-Winter Meeting of the Fidelity & Surety Law Committee (January 2017)

- *Dispositive Motions: A Live Oral Argument Simulation* , ABA Annual Mid-Winter Meeting of the Fidelity & Surety Law Committee (January 2017)

- *Fidelity Law Update*, Fidelity Law Association Annual Meeting (November 2016)

- *Fidelity Claims – The Year in Review*, Northwest Surety & Fidelity Claims Conference Annual Meeting (September 2016)

- *Trying to Fit a Square Peg Into a Round Hole, Part 2: The Scope and Limits of Insuring Agreement (E) in Connection with Electronic Crime Claims*, Northwest Surety & Fidelity Claims Conference Annual Meeting (September 2016)

- *Fidelity Law Update*, Surety & Fidelity Claims Institute Annual Meeting (June 2016)

- *Three Parties, Countless Dilemmas: An Examination of Ethical Issues That Arise Out of the Tripartite Relationship between Insurer, Insured, and Defense Counsel*, Tort Trial and Insurance Practice Section Conference (May 2016)

- *Survey on Fidelity Law: 2014-2015*, Annual Fidelity Law Association Conference (November 2015)

- *Fidelity Law Update,* Surety & Fidelity Claims Institute Annual Meeting (June 2014)

- *The Dangers of Investing and Transacting in Crypto Currency*, Fundamentals of Crypto Currency, Surety & Fidelity Association of America (June 2014)

- *Notice-Prejudice Rule*, Client CLE Program (October 2013)

## PUBLICATIONS

- *Drafting an Insurance Coverage Brief:  How to Make Your Brief Stand Out and Keep Your Judge Interested*, ABA Annual Mid-Winter Meeting of the Fidelity & Surety Law Committee (January 2017)

- *Fidelity Law Update*, XXII Fid. L.J. 155 (2016)

- Co-author. *Fidelity Claims – The Year in Review 2015-2016*, Northwest Surety & Fidelity Claims Conference Annual Meeting

- Co-author. *Trying to Fit a Square Peg Into a Round Hole, Part 2: The Scope and Limits of Insuring Agreement (E) in Connection with Electronic Crime Claims*, Northwest Surety & Fidelity Claims Conference Annual Meeting (2016)

- *Fidelity Law Update*, Surety Claims Institute Annual Meeting (2016)

- *Employee Dishonesty: The Essential Elements of Coverage Under Insuring Agreement (A)*, Financial Institution Bonds, 4th ed. (2016)

- *A Priceless "Original" The Meaning of "Original" in Insuring Agreement (D) of the Standard Financial Institution Bond*, Surety Claims Institute Newsletter (May 2015)

- *The Insuring Agreements – Employee Dishonesty Coverage*, Annotated Commercial Crime Policy Insurance Policy, 3d ed. (2015)

- *The Insuring Agreements –Employee Theft Coverage*, Annotated Commercial Crime Policy Insurance Policy, 3d ed. (2015)

- *Survey on Fidelity Law: 2014-2015*, XXI Fid. L.J. 1 (2015)

- *Fidelity Law Update*, Surety Claims Institute Annual Meeting (2014)

- Chapter Co-author. *Insuring Agreement (A) – Employee Dishonesty*, New Appleman on Insurance Law Library Edition, Fidelity Insurance (2014)

- Chapter Co-author. *Insuring Agreement (A) – Fidelity*, Annotated Financial Institution Bond (2013)

- *TEFRA-Partnership Refunds: Five Steps to Protect a Partner's Rights*, Business Entities (January/February 2011)

## MEDIA

- *OneBeacon Says Texas Law Bars $30M Recovery For Law Firm*, Law360 (April 2015)

## HONORS

- Named among Texas Super Lawyers Rising Stars by Thomson Reuters (2016-2017)

- Recipient of Strasburger's Special Recognition – Contribution to a Team (2016)

- Recipient of the Richard Davis Litigation Associate award (2014)