MARC J. SHRAKE (SBN 219331)
 mjs@amclaw.com
ANDERSON, MCPHARLIN & CONNERS LLP
707 Wilshire Boulevard, Suite 4000
Los Angeles, California 90017-3623
Telephone: (213) 236-1691
Facsimile: (213) 622-7594

MICHAEL KEELEY *(Pro Hac Vice)*
 michael.keeley@strasburger.com
TONI SCOTT REED *(Pro Hac Vice)*
 toni.reed@strasburger.com
CARLA C. CRAPSTER *(Pro Hac Vice)*
 carla.crapster@strasburger.com
STRASBURGER & PRICE, LLP
901 Main Street, Suite 6000
Dallas, Texas 75202
Telephone: (214) 651-4300
Facsimile: (214) 651-4330

Attorneys for Defendant
Atlantic Specialty Insurance Company

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| UNIVERSAL CABLE PRODUCTIONS LLC, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ATLANTIC SPECIALTY INSURANCE COMPANY,<br><br>Defendant. | CASE NO. 2:16-cv-4435-PA-MRW<br><br>**DECLARATION OF AARON T. STONE IN SUPPORT OF DEFENDANT ATLANTIC SPECIALTY'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY**<br><br>Time: 9:30 a.m.<br>Date: May 24, 2017<br>Judge: Hon. Michael R. Wilner<br><br>File date: June 20, 2016<br>Discovery Cutoff: June 2, 2017<br>Pre-Trial Conf.: June 16, 2017<br>Trial Date: July 25, 2017 |

/ / /

/ / /

**DECLARATION OF AARON T. STONE**

I, Aaron Stone, declare:

1. My name is Aaron T. Stone. I am over the age of twenty-one years, of sound mind, legally competent to render this Declaration, and suffer no mental disabilities. The facts stated in this Declaration are within my personal knowledge, or based upon discussions with persons in our IT Department, and are true and correct.

2. I am the Vice President of Claims of OneBeacon Entertainment ("OneBeacon"), of which Atlantic Specialty Insurance Company ("Atlantic") is an affiliate. I am the person on behalf of OneBeacon and Atlantic responsible for gathering documents in response to Plaintiffs' various requests for production of documents in the captioned lawsuit, including the prior electronic searches performed on behalf of Atlantic in this lawsuit.

3. Atlantic has fifteen divisions, including Entertainment. Those divisions are: Dewar; International Marine; Surety; Entertainment; Environmental; Special Property; Accident & Health; Program; Architects and Engineers; Healthcare; Management Liability; Financial Institutions; Financial Services; Government Risks; and Technology.

4. Atlantic has already conducted a search, responsive to other requests for production, of its ImageNow document system dating back to July 2013. That search returned 36,080 documents, all of which Atlantic's counsel, Strasburger & Price LLP reviewed. In addition to this search, Atlantic has made inquiries of key current and former employees, including the Chief Claims Officer for all of OneBeacon Insurance Group, the Senior Vice President of Claims for Atlantic, and the Chief Claims Counsel of OneBeacon Insurance Group's Claims Legal Group, and former employees who previously oversaw the claims handling for the entertainment division of Atlantic, to determine whether they knew of any claims involving Hamas or any other terrorist organization, and they did not. Sean Duffy,

2
**DECLARATION OF AARON T. STONE**

the Chief Claims Officer for all of OneBeacon Insurance Group joined OneBeacon in 2010. Atlantic's inquiry therefore should capture any claims involving Hamas or any other conflicts involving Israelis and Palestinians dating to at least 2010, four years before the facts of the claim in this lawsuit arose.

5. Atlantic received, on May 12, 2017, a letter from the plaintiffs stating that they had found, through an "internet search" that OneBeacon Insurance Group had been involved in a subrogation lawsuit filed in 2003 by a number of insurance companies against dozens of organizations and entities accused of having ties to the September 11 attacks. Atlantic is currently exploring whether it has any documents related to the 2003 lawsuit, but it is highly doubtful that it does. As Atlantic informed the plaintiffs in a letter dated May 15, 2017, no one currently employed with Atlantic was monitoring this case or had knowledge of OneBeacon's involvement in it, and certainly had no knowledge of the fact that Hamas was involved in the case. The 2003 lawsuit was a subrogation suit that OneBeacon sold in 2014 to Armour Group Holdings Ltd. as part of a larger sale of a part of its business. The employee at Atlantic who was monitoring this case was John Murphy, who retired after the sale to Armour. I have spoken to John Murphy, who tells me that he saw no need to mention this case to his successor because of the sale. As a result of the sale, all electronic files relating to the sale were forwarded to Armour. As a result, OneBeacon deleted all such files from its system. Further, Mr. Murphy informed me that he delivered all paper files concerning the claim to Armour.

6. That Atlantic did not identify this 2003 case through its earlier searches is entirely consistent with what Atlantic told the plaintiffs: it had run a search for documents dating back to July 2013 (which brought back nothing relating to this case) and had asked current and former employees whether they were aware of any claims involving Hamas, which no one was, and understandably so given the age of the case and the sale to Armour. Moreover, because the files were all delivered to

3

**DECLARATION OF AARON T. STONE**

1  Armour, and our files were deleted, a search to 2001 would not have revealed these
2  files.

3     7. I have also learned from speaking with the lead attorney on the case,
4  Elliot Feldman, who reports to Armour in the case but nonetheless was willing to
5  speak with me under the circumstances, that Hamas was one of dozens of
6  defendants in that 2003 case and defaulted in the case early on. Hamas has therefore
7  had very limited involvement in the case.

8     8. Sean Duffy is the Senior Vice President & Chief Claims Officer of
9  OneBeacon Insurance Group. He had only a very tangential involvement with the
10 Dig claim, as he does with every claim, because his role is to oversee the handling
11 of all OneBeacon's claims. It would be impossible for him to become
12 knowledgeable on every claim. Atlantic listed him as someone responsible for
13 Atlantic's decision to deny the claim because he signed off on the denial of the Dig
14 claim. But his involvement was extremely limited, and there was no reason to search
15 his e-mails.

16     9. Dennis Crosby is the Executive Vice President, Specialty Lines for
17 OneBeacon Insurance Group. His involvement in the Dig claim was almost
18 nonexistent. He received one e-mail informing him about the denial of the Dig claim
19 and responded "Thanks, looks good to me." And, he forwarded that email to the
20 President of Atlantic's Entertainment Division. The responsive emails have been
21 produced to plaintiffs. Mr. Crosby had absolutely no involvement in the handling of
22 the Dig claim.

23     I declare under penalty of perjury under the laws of the United States of
24 America and the State of California that the foregoing is true and correct.

_____
Aaron T. Stone

8970545.1/SP/15247/0131/051817

4

**DECLARATION OF AARON T. STONE**