LUCIA E. COYOCA (SBN 128314)
  lec@msk.com
VALENTINE A. SHALAMITSKI (SBN 236061)
  vas@msk.com
DANIEL M. HAYES (SBN 240250)
  dmh@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, CA 90064-1683
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Plaintiffs
Universal Cable Productions LLC and
Northern Entertainment Productions LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| UNIVERSAL CABLE PRODUCTIONS LLC, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ATLANTIC SPECIALTY INSURANCE COMPANY, <br><br> Defendant. | CASE NO. 2:16-cv-4435-PA-MRW <br><br> **OPPOSITION TO DEFENDANT'S REQUEST FOR ATTORNEY'S FEES IN CONNECTION WITH PLAINTIFFS' MOTION TO COMPEL** <br><br> Time: n/a <br> Date: n/a <br> Judge: Hon. Michael R. Wilner <br><br> File Date: June 20, 2016 <br> Discovery Cutoff: June 2, 2017 <br> Pre-Trial Conf.: June 16, 2017 <br> Trial Date: July 25, 2017 |

Mitchell Silberberg & Knupp LLP

8918511.2

Plaintiffs Universal Cable Productions LLC and Northern Entertainment Productions LLC ("Universal") hereby oppose Defendant Atlantic Specialty Insurance Company's ("Atlantic") Application for Attorney's Fees ("Application") in Connection with Plaintiffs' Motion to Compel ("the Motion").

## I. INTRODUCTION

Atlantic's request for attorney's fees ignores two critical facts: First, Universal moved to compel on four issues. As to three of the issues, Atlantic capitulated and provided the requested discovery *after* Universal filed its Motion. Thus, if any party is awarded fees, it should be Universal, not Atlantic. An award of attorneys' fees divorced from consideration of the outcome of the Motion as a whole is inappropriate and ignores the reality that Universal largely prevailed on its Motion.

Second, Universal moved to compel responses to discovery requests relating to the remaining issue – the Coverage Opinion – *only* because Atlantic's counsel, while purporting to disclaim an advice of counsel defense, adamantly and repeatedly *refused* to be forthright as to their plans to use the Coverage Opinion at trial. It declined to commit as to whether it would use the Coverage Opinion during opening statements or elicit testimony from Atlantic witnesses about it the Coverage Opinion at trial. *See, e.g.,* Dkt. No. 44-1 at p. 928. Indeed, as late as the May 3, 2017 hearing that resulted in this Court's May 5, 2017 Order (Dkt. No. 96), the Court told Atlantic's counsel: "I'm not quite sure I get from your cagey language what you're doing."

As this Court's May 5 Order reflects, it was only "after considerable prodding from the Court [that] Defendant disavowed any plan to argue that the act of asking for legal advice established the reasonableness of its conduct or could assist its defense of the bad faith denial of coverage claim," and that Atlantic

1 "walked back its hinted plan of offering proof that it had consulted with its
2 lawyers." *Id.* at 2, 3.

3     Further, it was only *at* the May 3, 2017 hearing that the Court *finally*
4 compelled Atlantic to state unequivocally that Atlantic would not "mention
5 seeking or obtaining advice from the lawyer." *See* Transcript re: Hearing on May
6 3, 2017, pp. 23:1-5 (Dkt. No. 91) ("Hearing Transcript"). That was *precisely* the
7 unequivocal statement that Universal had tried to obtain for months. If Atlantic
8 had been willing to make such a representation to Universal at the outset, then a
9 Motion to Compel would have been unnecessary, because the Coverage Opinion
10 would not have been relevant. Likewise, if Atlantic had been willing to make that
11 representation when Universal proferred a simple stipulation after the April 10,
12 2017 telephonic conference with the Court, no further briefing or hearing would
13 have been necessary. But Atlantic refused to be pinned down, thus keeping open
14 the issues of whether and how the coverage opinion would be used at trial. *See*
15 *generally* Declaration of Carla Crapster, Exs. 1-7.

16     Universal should not be compelled to pay Atlantic's fees to oppose a motion
17 that resulted in exactly what Universal had tried, mightily but unsuccessfully, to
18 accomplish *before* the Motion was filed, but which Universal ended up
19 accomplishing after the filing because the Court was able to pin Atlantic down and
20 prevent any further gamesmanship. Indeed, the circumstances surrounding the
21 Motion as to the Coverage Opinion make an award of expenses manifestly unjust.
22 Fed. R. Civ. P. 37(a)(5)(B).

23

24 **II. UNIVERSAL LARGELY PREVAILED ON ITS MOTION TO
25 COMPEL.**

26     After extensive meet and confer efforts, Universal filed its Motion to
27 Compel Discovery on April 5, 2017. Dkt. No. 44. The Motion addressed four
28 disputed issues that Universal had tried unsuccessfully to resolve through extensive

meet and confer interchanges with Atlantic: the Coverage Opinion and related correspondence (Issue No. 1); the sufficiency of Atlantic's responses to certain Interrogatories for which it had incorporated by reference unidentified documents and vague references to depositions (Issue No. 2); the sufficiency of Atlantic's searches for other instances in which it had considered the applicability of a war exclusion to an insurance claim (Issue No. 3); and Atlantic's refusal to produce certain financial records (Issue No. 4).

After the Motion was filed, through telephone conferences with the Court and extensive meetings among counsel, the parties resolved Disputed Issue Nos. 2, 3 and 4. Atlantic agreed to supplement its responses as Universal had requested *before* filing the Motion, and agreed to a stipulation which resolved the issues concerning the sufficiency of Atlantic's document searches.

However, Issue No. 1 remained in dispute: Discovery of the Coverage Opinion Atlantic procured in connection with the *Dig* Claim, and related correspondence.

### A. It Is Inappropriate To Award Fees to Atlantic When Universal's Motion Resulted In Universal Obtaining The Discovery It Sought On Three of The Four Issues Raised

Fed R. Civ. Pro. 37 (a)(5) (A) authorizes a Court to award the moving party its reasonable expenses where the opposing party provides the requested discovery *after* a motion to compel is filed. That is precisely what happened here with respect to three of the four issues raised by the motion – Atlantic amended its interrogatory responses and agreed to stipulations that resolved three of four issues – but *only after* Universal was forced to file its Motion to Compel. *See Lynn v. Monarch Recovery Mgmt.*, 285 FRD 350 (D. Md. 2012) (granting attorney's fees to party that brought motion to compel that was denied, but only because the non-moving party had amended its answers only after the other party had moved to compel). Further, under Fed. R. Civ. Pro. 37(a)(5)(C), if a motion to compel is

granted in part and denied in part, the Court may "apportion the reasonable expenses for the motion."

Although this Court did not invite Universal to move for its fees on Issues 2-4 as it did when it invited Atlantic to move for fees on Issue No. 1, the fact remains that Universal obtained the relief it sought on those three issues. Issue No. 1 cannot be viewed in a vacuum, because it was part of a larger motion. While Universal does not believe it is appropriate to award fees to Atlantic at all (*see* discussion, *infra),* at a minimum, if the Court is inclined to award fees to Atlantic with respect to Issue No. 1, the Court should allow Universal the opportunity to demonstrate the expenses it incurred in connection with Issues 2, 3 and 4, so that any fee award can be apportioned in accordance with Fed. R. Civ. Pro. 37(a)(5)(C).

### B. Universal's Position On The Coverage Opinion Was Substantially Justified

Moreover, no fees should be awarded to Atlantic given that Universal was substantially justified in pursuing the Motion. "While the imposition of sanctions for failure to make discovery is fairly common, the award of expenses against the party seeking discovery is rare in the reported cases." *Reygo Pacific Corp. v. Johnston Pump Co.*, 680 F.2d 647, 649 (9th Cir. 1982). "A request for discovery is 'substantially justified' under the rule if reasonable people could differ as to whether the party requested must comply. *Id.*

#### 1. Atlantic Refused To Clarify Whether or How It Would Use The Coverage Opinion

Universal filed its Motion on Issue No. 1 *only* because Atlantic, while stating that it was not asserting an "advice of counsel" defense," adamantly refused to agree that it would not introduce or refer to the Coverage Opinion for any purpose at trial. *See, e.g.,* March 2, 2107 e-mail from Daniel Hayes to Toni Reed, Carla Crapster and Michael Keeley memorializing February 23, 2017 meet and confer ("I asked whether any Atlantic witnesses were going to reference the

4

coverage opinion that Atlantic procured in any of their testimony at trial.  You said you could not predict what the witnesses were going to say.  I asked whether you were going to elicit such testimony from the witnesses.  You said you were not going to discuss your trial strategy.  I asked whether you were going to mention the coverage opinion in Atlantic's opening statement.  You repeated that you were not going to discuss your trial strategy.") Dkt. No. 44-1 (Ex. 24 to Declaration of Daniel Hayes in support of Motion to Compel) at p. 928.

Throughout the meet and confer period, and continuing to the May 3, 2017 hearing on the Motion to Compel, Atlantic refused to be pinned down about whether or how it would use the Coverage Opinion at trial, arguing on the one hand that Atlantic "has never and will never rely on the advice-of-counsel defense in this case," Joint Stip. on Motion to Compel, p. 29:25-26 (Dkt. No. 44) , but then suggesting that it intended to have the jury draw an inference of good faith from the fact that it had sought the Coverage Opinion:

> The Court or jury can be the judge of **what to infer from Atlantic's obtaining a coverage opinion** … but the plaintiffs, no doubt realizing that **the jury might infer that it demonstrates Atlantic was thorough and accommodating**, are seeking to invade the attorney-client privilege … .

*Id.*, p. 21:18-22 (emphasis added).

Prior to the May 3, 2017 hearing, Universal tried repeatedly to obtain from Atlantic a straightforward stipulation that it would not use the coverage opinion at trial.  This was not simply a matter of whether advice of counsel was an issue, but of whether Atlantic could use or refer to the Coverage Opinion for *any* purpose.  But Atlantic insisted on tying the stipulation about what *it* would do at trial (necessary to clarify for discovery purposes, that there was no "advice of counsel" defense, express *or* implied) with a stipulation about what *Universal* could say at

trial, an evidentiary issues reserved for the trial court). In essence, Atlantic sought to convert a Rule 26 relevance issue into a motion in limine. This Court agreed:

> The Court recognizes that the parties continue to have legitimate disputes about other evidence involving Atlantic's diligence in denying coverage. The parties alluded to arguments that Plaintiffs may pursue at trial as to whether the insurer adequately consulted with subject area experts in evaluating the insurance claim. But those are issues regarding the admissibility of evidence at trial that the parties must present to the district judge. They do not relate to the discoverability of privileged information that the privilege holder does not intend to present at trial.

Order, para. 12.

Indeed, as late as the May 3, 2017 hearing on the matter, this Court recognized that Atlantic was still being "cagey." Hearing Transcript, pp. 16:22-17:2. Eventually, but only after lengthy and pointed probing as to the positions asserted by Atlantic's counsel, this Court was able to extract the exact statement Universal had been seeking from Atlantic's counsel from the outset -- namely, Atlantic would not use the Coverage Opinion for any purpose at trial. It was precisely because Atlantic had refused to make that commitment to Universal that the matter ended up before this Court on May 3:

> [THE COURT] I'm not quite sure I get from your cagey language what you're doing. Are you going to be saying, well, we took the step because we're reasonable good-faith insurers, but who cares what the -- what the response was.
> Or are you saying nothing about talking to lawyers comes in from our side at all?... I am focused on your trial. And that is a Rule 26 issue. Okay.
> If you are putting into -- as an issue in dispute, if you are intending to present evidence in support of your defense

that we took the step of asking a lawyer for advice, then, I may have a Rule 26 issue here.
If you're telling me, Judge, we're not going to put that into dispute. We're not going to present evidence either that we asked or that we got a response, then, things -- then, the things become irrelevant, and discovery is not permitted.

MS. REED: I understand, Your Honor.
And here's where the thing gets turned on its head. After the conferences with the court, we had said to the court we would be willing as an accommodation to try to reach agreement on this to say we won't bring it up.
But, then, we said to the plaintiff, you have to have the same agreement you won't bring it up.
The plaintiff is going to put on the case first. And the plaintiff is going to bring out the evidence. They may be questioning the Atlantic witnesses in its case in chief.
And it may say, for example to Mr. Gutterman, why didn't you go consult an expert. At which point he'll answer like he did in his deposition and say, what we did we got a coverage opinion.
And then the issue is in the case. It is in from a factual standpoint, but it was brought up by the plaintiffs.
So, what we attempted to do, Your Honor, was cut through that to get to the in limine point in essence and say, we will not bring it up on behalf of Atlantic but the plaintiffs can't bring it up either. If the plaintiffs open the door on this, then, we have no choice but to answer the questions honestly and to explain the process of what happened.
Here's the waiver point though. We've never been relying on the content of the opinion itself. And that's what's required to get under that Ninth Circuit –

THE COURT: **No, no**. Okay. I'm not going to have that discussion **because I still didn't get a straight answer to my question.** But, I mean, if you say -- if you folks are going to put up that we asked a lawyer and we got some advice, but we're not going to tell you what it is, but based on that advice -- or, finally, after getting

7

OPPOSITION TO DEFENDANT'S REQUEST FOR ATTORNEY'S FEES IN CONNECTION WITH
PLAINTIFFS' MOTION TO COMPEL

that advice we continue to deny the claim.  It's pretty obvious what that advice was.  It's pretty --
I understand you got an issue about what their case is.  And that's very much in issue at trial.  **But my question was for you in your defense of this matter do you intend to put on evidence that your people consult- -- took the act of consulting with a lawye**r?

MS. REED:  It will depend on what the plaintiff does in the case.  That's the best I can say at this point.

THE COURT:  **No.  No** –

MS. REED:  We had offered to not if the issue is just out of the case.  But my point to Mr. Hayes was as we were trying to craft language, if they bring up questions that cause us to answer, then, we have to answer.

THE COURT:  **Then** –

MS. REED:  We're willing to take it out.
THE COURT:  **Then, they're entitled to discovery on it**.

Ms. Reed:  I guess then we get to the waiver point, Your Honor.  And we'd be arguing.  We're not relying on the content.  And we have never said that the content of that opinion governed any decision.  In fact, what Ms. Gooley testified and what Ms. Johnson have testified is that there was an independent analysis and a decision made.  There was a heads up given to the insured, this is the way we're going.  The insurer –

THE COURT:  You are -- you are causing real problems to your case here.  That is a -- I'm not asking you what's going to happen at trial.  I can't -- I'm not asking you what the weather is going to be on the morning of trial.  I'm not going to ask you what color suit he's going to wear, which might then affect what color you wear because you do or don't want to wear the same suit.  I mean, I know those trial issues.
I am asking you as this case becomes narrower and as we learn what is and is not at issue, you have asserted

8

**OPPOSITION TO DEFENDANT'S REQUEST FOR ATTORNEY'S FEES IN CONNECTION WITH PLAINTIFFS' MOTION TO COMPEL**

Mitchell Silberberg & Knupp LLP

8918511.2

1  defenses to liability.  And you have a theory of the case in response to the claims.
2  **And my question is, in your case do you intend to put on evidence separate and apart from what they do that you asked a lawyer for coverage advice here**?
3  
4  
5  MS. REED:  We will not, Your Honor.
6  THE COURT:  Okay.
7  MS. REED:  Consistent with what we said to the court before –
8  
9  THE COURT:  **Stop talking…. Stop talking.  You're talking your way  -- you're talking your way out of this**.
10  
11  Okay.  **If you're telling me that you do not intend to make this an issue that's part of your case, then, it's not relevant, and they are not entitled to discovery under Rule 26.  Okay**.
12  
13  
14  
15  Hearing Transcript at pp. 16:22-21:5.

16    In short, as the hearing transcript reflects, it was only ["a]fter considerable
17  prodding from the Court," that "Defendant disavowed any plan to argue that the
18  act of asking for legal advice established the reasonableness of its conduct or could
19  assist its defense of the bad faith denial of coverage claim" Order, para. 8.  *See*
20  *also id.* at para. 11 ("The defense walked back its hinted plan of offering proof that
21  it consulted with its lawyers.").

22    Thus, it was *only* because Universal filed its Motion and brought the issue
23  before this Court that Universal obtained that which it could not obtain informally
24  from Atlantic:  an unequivocal statement that Atlantic would not use the Coverage
25  Opinion for *any* purpose, which in turn made discovery about that opinion
26  irrelevant.  This Court acknowledged that, absent such a statement by Atlantic, "I
27  may have a Rule 26 issue here."  Hearing Transcript at 18:4.  Therefore, it cannot
28

possibly be argued that Universal's motion was brought "without substantial justification."

### III.   CONCLUSION

For all the foregoing reasons, Atlantic's Application should be denied, and Atlantic should be required to bear the attorneys' fees and costs that it incurred in opposing Universal's Motion.

DATED:  May 26, 2017

LUCIA E. COYOCA
VALENTINE A. SHALAMITSKI
DANIEL M. HAYES
MITCHELL SILBERBERG & KNUPP LLP

By:   */s/ Lucia E. Coyoca*
       Lucia E. Coyoca
       Attorneys for Plaintiffs Universal Cable
       Productions LLC and Northern
       Entertainment Productions LLC