1  LUCIA E. COYOCA (SBN 128314)
     lec@msk.com
2  VALENTINE A. SHALAMITSKI (SBN 236061)
     vas@msk.com
3  DANIEL M. HAYES (SBN 240250)
     dmh@msk.com
4  MITCHELL SILBERBERG & KNUPP LLP
   11377 West Olympic Boulevard
5  Los Angeles, CA 90064-1683
   Telephone:  (310) 312-2000
6  Facsimile:  (310) 312-3100

7  Attorneys for Plaintiffs

8  MARC J. SHRAKE (SBN 219331)
   mjs@amclaw.com
9  ANDERSON, MCPHARLIN & CONNERS LLP
   707 Wilshire Boulevard, Suite 4000
10 Los Angeles, CA 90017-3623
   Telephone:  (213) 236-1691
11 Facsimile:  (213) 622-7594

12 MICHAEL KEELEY (*Admitted Pro Hac Vice*)
     michael.keeley@strasburger.com
13 JOHN R. RIDDLE (*Admitted Pro Hac Vice*)
     john.riddle@strasburger.com
14 CARLA C. CRAPSTER (*Admitted Pro Hac Vice*)
     carla.crapster@strasburger.com
15 STRASBURGER & PRICE, LLP
   901 Main Street, Suite 4400
16 Dallas, TX 75202
   Telephone:  (214) 651-4300
17 Facsimile:  (214) 651-4330

18 Attorneys for Defendant

19            UNITED STATES DISTRICT COURT

20    CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

21

22 UNIVERSAL CABLE
   PRODUCTIONS LLC, *et al.*,          CASE NO. 2:16-cv-4435-PA-MRW
23
              Plaintiffs,              Honorable Percy Anderson
24
          v.                          **JOINT [PROPOSED] JURY**
25                                     **INSTRUCTIONS**
   ATLANTIC SPECIALTY
26 INSURANCE COMPANY,                  File Date:          June 20, 2016
                                       Discovery Cutoff:   June 2, 2017
27            Defendant.               Pre-Trial Conf.:    June 16, 2017
                                       Trial Date :        July 25, 2017
28

Mitchell
Silberberg &
Knupp LLP

                    JOINT [PROPOSED] JURY INSTRUCTIONS

# TABLE OF CONTENTS

| No. | Title | Source | Page |
|-----|-------|--------|------|
| 1. | Duty of Jury | 9th Cir. Civil Jury Instr. 1.2 | 2 |
| 1a. | Duty of Jury | 9th Cir. Civil Jury Instr. 1.4 | 3 |
| 1b. | Duty of Jury | 9TH CIR. CIVIL JURY INSTR. 1.8. | 4 |
| 4. | What Is Evidence | 9th Cir. Civil Jury Instr. 1.9 | 5 |
| 5. | What Is Not Evidence | 9th Cir. Civil Jury Instr. 1.10 | 6 |
| 6. | Direct and Circumstantial Evidence | 9th Cir. Civil Jury Instr. 1.12 | 7 |
| 7. | Expert Opinion | 9th Cir. Civil Jury Instr. 2.13 | 8 |
| 8. | Ruling On Objections | 9th Cir. Civil Jury Instr. 1.13 | 9 |
| 9. | Credibility of Witnesses | 9th Cir. Civil Jury Instr. 1.14 | 10 |
| 10. | Conduct of the Jury | 9th Cir. Civil Jury Instr. 1.15 | 12 |
| 11. | Publicity During Trial | 9th Cir. Civil Jury Instr. 1.16 | 14 |
| 12. | No Transcript Available to Jury | 9th Cir. Civil Jury Instr. 1.17 | 15 |
| 13. | Taking Notes | 9th Cir. Civil Jury Instr. 1.18 | 16 |
| 14. | Outline of Trial | 9th Cir. Civil Jury Instr. 1.21 | 17 |
| 15. | Duty to Deliberate | 9th Cir. Civil Jury Instr. 3.1 | 19 |
| 16. | Consideration Of Evidence – Conduct Of The Jury | 9th Cir. Civil Jury Instr. 3.2 | 20 |
| 17. | Communication with Court | 9th Cir. Civil Jury Instr. 3.3 | 22 |
| 18. | Return of Verdict | 9th Cir. Civil Jury Instr. 3.5 | 23 |
| 22. | Contract Interpretation – Construction Of Contract As A Whole | CACI No. 317 | 25 |
| 32. | Implied Obligation Of Good Faith And Fair Dealing Explained | CACI No. 2330 | 27 |
| 38. | Burden Of Proof— Preponderance Of The Evidence | 9TH CIR. CIVIL JURY INSTR. 1.6 | 29 |

Mitchell
Silberberg &
Knupp LLP

JOINT [PROPOSED] JURY INSTRUCTIONS

1
2
3
4
5
6
7          **<u>PRELIMINARY JURY INSTRUCTIONS</u>**
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# COURT'S INSTRUCTION NO. 1
## DUTY OF JURY

Members of the jury:  You are now the jury in this case.  It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it.  You will be allowed to keep this set of instructions to refer to throughout the trial.  These instructions are not to be taken home and must remain in the jury room when you leave in the evenings.  At the end of the trial, these instructions will be collected and I will give you a final set of instructions.  It is the final set of instructions that will govern your deliberations.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

Please do not read into these instructions or anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

Source:  9TH CIR. CIVIL JURY INSTR. 1.2.

Mitchell
Silberberg &
Knupp LLP

2

# COURT'S INSTRUCTION NO. 1a
## DUTY OF JURY

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.  Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

Source:  9TH CIR. CIVIL JURY INSTR. 1.2.

Mitchell
Silberberg &
Knupp LLP

JOINT [PROPOSED] JURY INSTRUCTIONS

1

## COURT'S INSTRUCTION NO. 1b

2

## DUTY OF JURY

3      You should decide the case as to each plaintiff separately.  Unless otherwise

4  stated, the instructions apply to all parties.

5

6  Source:  9TH CIR. CIVIL JURY INSTR. 1.8.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

JOINT [PROPOSED] JURY INSTRUCTIONS

## COURT'S INSTRUCTION NO. 4

## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

(1)     The sworn testimony of any witness;

(2)     The exhibits that are admitted into evidence;

(3)     Any facts to which the lawyers have agreed; and

(4)     Any facts that I may instruct you to accept as proved.

Source:  9TH CIR. CIVIL JURY INSTR. 1.9.

Mitchell
Silberberg &
Knupp LLP

# COURT'S INSTRUCTION NO. 5
# WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1)     Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered.  In addition some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4)     Anything you may see or hear  when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

Source:  9TH CIR. CIVIL JURY INSTR. 1.10.

Mitchell
Silberberg &
Knupp LLP

JOINT [PROPOSED] JURY INSTRUCTIONS

# COURT'S INSTRUCTION NO. 6
# DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

Source:  9TH CIR. CIVIL JURY INSTR. 1.12.

# COURT'S INSTRUCTION NO. 7

# EXPERT OPINION

You will hear testimony in this case from various experts who will testify to opinions and the reasons for their opinions. This opinion testimony is allowed, because of the education or experience of these witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Source: 9TH CIR. CIVIL JURY INSTR. 2.13.

Mitchell
Silberberg &
Knupp LLP

JOINT [PROPOSED] JURY INSTRUCTIONS

# COURT'S INSTRUCTION NO. 8
# RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

Source: 9TH CIR. CIVIL JURY INSTR. 1.13.

## COURT'S INSTRUCTION NO. 9
## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)	The opportunity and ability of the witness to see or hear or know the things testified to;

(2)	The witness's memory;

(3)	The witness's manner while testifying;

(4)	The witness's interest in the outcome of the case, if any;

(5)	The witness's bias or prejudice, if any;

(6)	Whether other evidence contradicted the witness's testimony;

(7)	The reasonableness of the witness's testimony in light of all the evidence; and

(8)	Any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some

Mitchell
Silberberg &
Knupp LLP

10

1  things but told the truth about others, you may accept the part you think is true and

2  ignore the rest.

3      The weight of the evidence as to a fact does not necessarily depend on the

4  number of witnesses who testify.  What is important is how believable the

5  witnesses were, and how much weight you think their testimony deserves.

6

7      <u>Source:</u>  9TH CIR. CIVIL JURY INSTR. 1.14.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

**JOINT [PROPOSED] JURY INSTRUCTIONS**

# COURT'S INSTRUCTION NO. 10
## CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media.  This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict:  do not read, watch or listen to any news or media

Mitchell
Silberberg &
Knupp LLP

12

accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors.  If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

Source:  9TH CIR. CIVIL JURY INSTR. 1.15.

Mitchell
Silberberg &
Knupp LLP

JOINT [PROPOSED] JURY INSTRUCTIONS

## COURT'S INSTRUCTION NO. 11

## PUBLICITY DURING TRIAL

If there is any news media account or commentary about the case or anything to do with it, you must ignore it.  You must not read, watch or listen to any news media account or commentary about the case or anything to do with it.  The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies.  If any juror is exposed to any outside information, please notify me immediately.

Source:  9TH CIR. CIVIL JURY INSTR. 1.16.

## <u>COURT'S INSTRUCTION NO. 12</u>

## <u>NO TRANSCRIPT AVAILABLE TO JURY</u>

I urge you to pay close attention to the trial testimony as it is given.  During deliberations you will not have a transcript of the trial testimony.

<u>Source:</u>  9TH CIR. CIVIL JURY INSTR. 1.17.

Mitchell
Silberberg &
Knupp LLP

## COURT'S INSTRUCTION NO. 13

## TAKING NOTES

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you go to the jury room to decide the case.  Do not let notetaking distract you.  When you leave, your notes should be left in the envelope in the jury room.  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of other jurors.

Source:  9TH CIR. CIVIL JURY INSTR. 1.18.

## COURT'S INSTRUCTION NO. 14
## OUTLINE OF TRIAL

Trials proceed in the following way:  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross examine.  Then the defendant may present evidence, and counsel for the plaintiff may cross examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

Source:  9TH CIR. CIVIL JURY INSTR. 1.21.

Mitchell
Silberberg &
Knupp LLP

JOINT [PROPOSED] JURY INSTRUCTIONS

1
2
3
4
5
6
7 **INSTRUCTIONS REGARDING DELIBERATIONS**
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Mitchell
Silberberg &
Knupp LLP

## COURT'S INSTRUCTION NO. 15

## DUTY TO DELIBERATE

Before you begin your deliberations, elect one member of the jury as your presiding juror.  The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Source:  9TH CIR. CIVIL JURY INSTR. 3.1.

Mitchell
Silberberg &
Knupp LLP

JOINT [PROPOSED] JURY INSTRUCTIONS

## COURT'S INSTRUCTION NO. 16

## CONSIDERATION OF EVIDENCE – CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors.  If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

Source:  9TH CIR. CIVIL JURY INSTR. 3.2.

Mitchell
Silberberg &
Knupp LLP

JOINT [PROPOSED] JURY INSTRUCTIONS

## COURT'S INSTRUCTION NO. 17
## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing.  I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

Source:  9TH CIR. CIVIL JURY INSTR. 3.3.

Mitchell
Silberberg &
Knupp LLP

JOINT [PROPOSED] JURY INSTRUCTIONS

# COURT'S INSTRUCTION NO. 18

# RETURN OF VERDICT

A verdict form has been prepared for you.  It is called a Special Verdict Form, which contains multiple questions.  After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

Source:  9TH CIR. CIVIL JURY INSTR. 3.5.

Mitchell
Silberberg &
Knupp LLP

1
2
3
4
5
6
7      **<u>INSURANCE CONTRACT LITIGATION INSTRUCTIONS</u>**
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Mitchell
Silberberg &
Knupp LLP

**JOINT [PROPOSED] JURY INSTRUCTIONS**

1

## COURT'S INSTRUCTION NO. 22

2

## CONTRACT INTERPRETATION – CONSTRUCTION OF CONTRACT AS

3

## A WHOLE

4

5      In deciding what the words of a contract meant to the parties, you should

6   consider the whole contract, not just isolated parts.  You should use each part to

7   help you interpret the others, so that all the parts make sense when taken together.

8

9      Source:  CACI No. 317.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

**JOINT [PROPOSED] JURY INSTRUCTIONS**

1

2

3

4

5

6

7

8

9

10

## <u>BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING</u>

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4

**COURT'S INSTRUCTION NO. 32**

**IMPLIED OBLIGATION OF GOOD FAITH AND FAIR DEALING EXPLAINED**

5   In every insurance policy there is an implied obligation of good faith and fair
6   dealing that neither the insurance company nor the insured will do anything to
7   injure the right of the other party to receive the benefits of the agreement.

8   To fulfill its implied obligation of good faith and fair dealing, an insurance
9   company must give at least as much consideration to the interests of the insured as
10  it gives to its own interests.

11  To breach the implied obligation of good faith and fair dealing, an insurance
12  company must unreasonably act or fail to act in a manner that deprives the insured
13  of the benefits of the policy.  To act unreasonably is not a mere failure to exercise
14  reasonable care.  It means that the insurer must act or fail to act without proper
15  cause.  However, it is not necessary for the insurer to intend to deprive the insured
16  of the benefits of the policy.

17
18  <u>Source:</u>  CACI No. 2330.

19
20
21
22
23
24
25
26
27
28

Mitchell
Silberberg &
Knupp LLP

**JOINT [PROPOSED] JURY INSTRUCTIONS**

1
2
3
4
5
6
7
8          **<u>BURDEN OF PROOF</u>**
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Mitchell
Silberberg &
Knupp LLP

**JOINT [PROPOSED] JURY INSTRUCTIONS**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## COURT'S INSTRUCTION NO. 38

## BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

Source:  9TH CIR. CIVIL JURY INSTR. 1.6.

Mitchell
Silberberg &
Knupp LLP

JOINT [PROPOSED] JURY INSTRUCTIONS

Respectfully submitted,

DATED:  JUNE 2, 2017

LUCIA E. COYOCA
VALENTINE A. SHALAMITSKI
DANIEL M. HAYES
MITCHELL SILBERBERG & KNUPP LLP

By: /s/ Lucia E. Coyoca
Lucia E. Coyoca
Attorneys for Attorneys for Plaintiffs
Universal Cable Productions LLC and
Northern Entertainment Productions
LLC

DATED:  JUNE 2, 2017

MARC J. SHRAKE
ANDERSON, MCPHARLIN & CONNERS LLP

-and-

MICHAEL KEELEY
JOHN R. RIDDLE
CARLA C. CRAPSTER
TONI SCOTT REED
STRASBURGER & PRICE, LLP

By: /s/ Toni Scott Reed
Toni Scott Reed
Attorneys for Defendant
Atlantic Specialty Insurance Company

## Attestation Regarding Signatures

I, Lucia E. Coyoca, attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

By: /s/ Lucia E. Coyoca
Lucia E. Coyoca

**JOINT [PROPOSED] JURY INSTRUCTIONS**

Mitchell
Silberberg &
Knupp LLP