LUCIA E. COYOCA (SBN 128314)
  lec@msk.com
VALENTINE A. SHALAMITSKI (SBN 236061)
  vas@msk.com
DANIEL M. HAYES (SBN 240250)
  dmh@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, CA 90064-1683
Telephone:  (310) 312-2000
Facsimile:  (310) 312-3100

Attorneys for Plaintiffs

MARC J. SHRAKE (SBN 219331)
  mjs@amclaw.com
ANDERSON, MCPHARLIN & CONNERS LLP
707 Wilshire Boulevard, Suite 4000
Los Angeles, CA 90017-3623
Telephone:  (213) 236-1691
Facsimile:  (213) 622-7594

MICHAEL KEELEY (*Admitted Pro Hac Vice*)
  michael.keeley@strasburger.com
JOHN R. RIDDLE (*Admitted Pro Hac Vice*)
  john.riddle@strasburger.com
CARLA C. CRAPSTER (*Admitted Pro Hac Vice*)
  carla.crapster@strasburger.com
STRASBURGER & PRICE, LLP
901 Main Street, Suite 4400
Dallas, TX 75202
Telephone:  (214) 651-4300
Facsimile:  (214) 651-4330

Attorneys for Defendant

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| UNIVERSAL CABLE PRODUCTIONS LLC, *et al.*,<br><br>            Plaintiffs,<br><br>        v.<br><br>ATLANTIC SPECIALTY INSURANCE COMPANY,<br><br>            Defendant. | CASE NO. 2:16-cv-4435-PA-MRW<br><br>Honorable Percy Anderson<br><br>**DISPUTED [PROPOSED] JURY INSTRUCTIONS FILED JOINTLY BY PARTIES**<br><br>File Date:          June 20, 2016<br>Discovery Cutoff:   June 2, 2017<br>Pre-Trial Conf.:    June 16, 2017<br>Trial Date :        July 25, 2017 |

Mitchell
Silberberg &
Knupp LLP

# **TABLE OF CONTENTS**

## **Universal's Disputed Proposed Instructions**

| No. | Title | Source | Page |
|---|---|---|---|
| 2. | Brief Introduction To Case / Claims And Defenses | 9TH Cir. Civil Jury Instr. 1.5 (MODIFIED) | 3 |
| 3. | Legal Relationship Between Atlantic And One Beacon Is Not Disputed | Atlantic's Response to Requests for Admission Nos. 32, 33 | 9 |
| 19. | Insurance Contract Interpretation – Meaning Of Terms | CACI NO. 316 (MODIFIED); Cal. Civ. Code § 1644; *Pan Am. World Airways v. Aetna Cas. & Surety Co.*, 505 F.2d 989, 1012, 1017-19 (2nd Cir. 1974); *Holiday Inns Inc. v. Aetna Ins. Co.*, 571 F. Supp. 1460, 1464-65, 1487-88, 1499-1500 (S.D.N.Y. 1983); *Ennar Latex v. Atlantic Mut. Ins. Co.*, 1995 U.S. Dist. LEXIS 7386, at \*12-16 (S.D.N.Y. May 30, 1995); *Weiss v. Arab Bank, PLC*, 2007 U.S. Dist. LEXIS 94029, at \*14-20 (E.D.N.Y. Dec. 21, 2007); *Ungar v. PLO*, 402 F.3d 274, 283 (1st Cir. 2005); *United States v. Damra*, 621 F.3d 474, 486 (6th Cir. 2010); *Restatement (Third) of Foreign Relations Law of the United States* § 201 (1987); *Queen Ins. Co. v. Globe & Rutgers Fire Ins. Co.*, 282 F. 976, 979 (2d Cir. 1922); *Airlift Int'l, Inc. v. United States*, 335 F. Supp. 442, 448 (S.D. Fla. 1971); *Home Ins. Co. v. Davila*, 212 F.2d 731, 732 (1st Cir. 1954); *Younis Bros. & Co. v. Cigna Worldwide Ins. Co.*, 899 F. Supp. 1385, 1393 (E.D. Pa. 1995); *MacKinnon v. Truck Ins. Exch.*, 31 Cal. 4th 635, 648, 650 (2003); *Safeco Ins. Co. v. Robert S.*, 26 Cal. 4th 758, 763-64 (2001); *State Farm Mut. Auto. Ins. Co. v. Jacober*, 10 Cal. 3d 193, 200-02 (1973); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1032 (9th Cir. 2008); *State Farm Mut. Auto. Ins. Co. v. Mrozek*, 29 Cal. App. 3d 113, 117 (1972); *Anderson v. State Farm Mut. Auto. Ins.*, 270 Cal. App. 2d 346, 349 (1969); *Shell Oil Co. v. Nat'l Union Fire Ins. Co.*, 44 Cal. App. 4th 1633, 1641-42 (1996); *Minkler v. Safeco Ins. Co. of Am.*, 49 | 13 |

Mitchell
Silberberg &
Knupp LLP

i

| No. | Title | Source | Page |
|-----|-------|--------|------|
| | | Cal. 4th 315, 328 (2010) | |
| 20. | Contract Interpretation – Construction Of Policy Terms | CACI No. 320 (MODIFIED); *MacKinnon v. Truck Ins. Exch.*, 31 Cal. 4th 635, 639 (2003); *HS Servs., Inc. v. Nationwide Mut. Ins. Co.*, 109 F.3d 642, 645 (9th Cir. 1997); *E.M.M.I. Inc. v. Zurich Am. Ins. Co.*, 32 Cal. 4th 465, 473 (2004); *Safeco Ins. Co. v. Robert S.*, 26 Cal. 4th 758, 763 (2001); *Minkler v. Safeco Ins. Co. of Am.*, 49 Cal. 4th 315, 328 (2010) | 18 |
| 21. | Contract Interpretation – Insurance Policy Exclusions | *State Farm Mut. Auto. Ins. Co. v. Jacober*, 10 Cal. 3d 193, 200-02 (1973); *MacKinnon v. Truck Ins. Exch.*, 31 Cal. 4th 635, 639, 655 (2003); *HS Servs., Inc. v. Nationwide Mut. Ins. Co.*, 109 F.3d 642, 645 (9th Cir. 1997); *Fireman's Fund Ins. Co. v. Atl. Richfield Co.*, 94 Cal. App. 4th 842, 852 (2001); *Holiday Inns Inc. v. Aetna Ins. Co.*, 571 F. Supp. 1460, 1464 (S.D.N.Y. 1983); *Pan Am. World Airways v. Aetna Cas. & Surety Co.*, 505 F.2d 989, 1012 (2nd Cir. 1974); *Minkler v. Safeco Ins. Co. of Am.*, 49 Cal. 4th 315, 328 (2010); *Harris v. Glens Falls Ins. Co.* 6 Cal. 3d 699, 701(1972); *State Farm Mut. Auto. Ins. Co. v. Jacober*, 10 Cal. 3d 193, 201 (1973); *Gray v. Zurich Ins. Co.*, 65 Cal. 2d 263, 269 (1966); *Steven v. Fid. & Cas. Co.*, 58 Cal. 2d 862, 878 (1962). | 21 |
| 23. | Contract Interpretation – Reasonable Expectation Of The Insured / Construction By Conduct | CACI No. 318 (MODIFIED); *Minkler v. Safeco Ins.*, 49 Cal. 4th 315,  321 (2010); *E.M.M.I. Inc. v. Zurich Am. Ins. Co.*, 32 Cal. 4th 465, 473 (2004); *Safeco Ins. Co. v. Robert S.*, 26 Cal. 4th 758, 763 (2001); *Ins. Co. of N. Am. v. Elec. Purification Co.*, 67 Cal. 2d 679, 688-89 (1967); *AIU Ins. Co. v. Super. Ct.*, 51 Cal. 3d 807, 822, 828, 830 (1990) | 27 |
| 25. | Affirmative Defense – Insurance Policy Exclusion (Exclusion No. 1) | CACI No. 2303 (MODIFIED); *Garvey v. State Farm Fire & Cas. Co.*, 48 Cal. 3d 395, 406 (1989); *Minkler v. Safeco Ins. Co. of America*, 49 Cal. 4th 315, 322 (2010); *MacKinnon v. Truck Ins. Exch.*, 31 Cal. 4th 635, 648 (2003); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1032 (9th Cir. 2008); *Pan Am.* | 34 |

**DISPUTED [PROPOSED] JURY INSTRUCTIONS**

Mitchell Silberberg & Knupp LLP

| No. | Title | Source | Page |
|---|---|---|---|
| | | *World Airways v. Aetna Cas. & Surety Co.*, 505 F.2d 989, 1012, 1017-19 (2nd Cir. 1974); *Holiday Inns Inc. v. Aetna Ins. Co.*, 571 F. Supp. 1460, 1464-65, 1487-88 (S.D.N.Y. 1983); *Ungar v. PLO*, 402 F.3d 274, 283 (1st Cir. 2005); *Ennar Latex v. Atlantic Mut. Ins. Co.*, 1995 U.S. Dist. LEXIS 7386, at *12-16 (S.D.N.Y. May 30, 1995); *United States v. Damra*, 621 F.3d 474, 486 (6th Cir. 2010) | |
| 26. | Affirmative Defense – Insurance Policy Exclusion (Exclusion No. 2) | CACI No. 2303 (MODIFIED); *Garvey v. State Farm Fire & Cas. Co.*, 48 Cal. 3d 395, 406 (1989); *Minkler v. Safeco Ins. Co. of America*, 49 Cal. 4th 315, 322 (2010); *MacKinnon v. Truck Ins. Exch.*, 31 Cal. 4th 635, 648 (2003); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1032 (9th Cir. 2008); *Pan Am. World Airways v. Aetna Cas. & Surety Co.*, 505 F.2d 989, 1012, 1017-19 (2nd Cir. 1974); *Holiday Inns Inc. v. Aetna Ins. Co.*, 571 F. Supp. 1460, 1464-65, 1487-88 (S.D.N.Y. 1983); *Ungar v. PLO*, 402 F.3d 274, 283 (1st Cir. 2005); *Ennar Latex v. Atlantic Mut. Ins. Co.*, 1995 U.S. Dist. LEXIS 7386, at *12-16 (S.D.N.Y. May 30, 1995); *United States v. Damra*, 621 F.3d 474, 486 (6th Cir. 2010); *Queen Ins. Co. v. Globe & Rutgers Fire Ins. Co.*, 282 F. 976, 979 (2d Cir. 1922); *Airlift Int'l, Inc. v. United States*, 335 F. Supp. 442, 448 (S.D. Fla. 1971) | 38 |
| 27. | Affirmative Defense – Insurance Policy Exclusion (Exclusion No. 3) | CACI No. 2303 (MODIFIED); *Garvey v. State Farm Fire & Cas. Co.*, 48 Cal. 3d 395, 406 (1989); *Minkler v. Safeco Ins. Co. of America*, 49 Cal. 4th 315, 322 (2010); *MacKinnon v. Truck Ins. Exch.*, 31 Cal. 4th 635, 648 (2003); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1032 (9th Cir. 2008); *Pan Am. World Airways v. Aetna Cas. & Surety Co.*, 505 F.2d 989, 1017-19 (2nd Cir. 1974); *Holiday Inns Inc. v. Aetna Ins. Co.*, 571 F. Supp. 1460, 1487-88 (S.D.N.Y. 1983); *Home Ins. Co. v. Davila*, 212 F.2d 731, 732 (1st Cir. 1954); *Younis Bros. & Co. v.* | 42 |

| No. | Title | Source | Page |
|-----|-------|--------|------|
| | | *Cigna Worldwide Ins. Co.*, 899 F. Supp. 1385, 1393 (E.D. Pa. 1995) | |
| 28. | Affirmative Defense – Insurance Policy Exclusion (Exclusion No. 4) | CACI No. 2303 (MODIFIED); *Garvey v. State Farm Fire & Cas. Co.*, 48 Cal. 3d 395, 406 (1989); *MacKinnon v. Truck Ins. Exch.*, 31 Cal. 4th 635, 648 (2003); *State Farm Mut. Auto. Ins. Co. v. Mrozek*, 29 Cal. App. 3d 113, 117 (1972); *Anderson v. State Farm Mut. Auto. Ins.*, 270 Cal. App. 2d 346, 349 (1969); *Shell Oil Co. v. Nat'l Union Fire Ins. Co.*, 44 Cal. App. 4th 1633, 1641-42 (1996); *Minkler v. Safeco Ins. Co. of Am.*, 49 Cal. 4th 315, 328 (2010); *State Farm Mut. Auto. Ins. Co. v. Jacober*, 10 Cal. 3d 193, 202-03 (1973); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1032 (9th Cir. 2008) | 46 |
| 29. | Affirmative Defense – Insurance Policy Exclusion (Exclusion No. 9) | CACI No. 2303 (MODIFIED); *Garvey V. State Farm Fire & Cas. Co.*, 48 Cal. 3d 395, 406 (1989); *Safeco Ins. Co. V. Robert S.*, 26 Cal. 4th 758, 765 (2001); *Marquez Knolls Prop. Owners Assn., Inc. V. Exec. Risk Indem., Inc.*, 153 Cal. App. 4th 228, 233 (2007). | 49 |
| 30. | Affirmative Defense – Insurance Policy Exclusion (Exclusion No. 10) | CACI No. 2303 (MODIFIED); CACI No. 317 (MODIFIED); *Garvey v. State Farm Fire & Cas. Co.*, 48 Cal. 3d 395, 406 (1989); *Safeco Ins. Co. v. Robert S.*, 26 Cal. 4th 758, 765 (2001); *Marquez Knolls Prop. Owners Assn., Inc. v. Exec. Risk Indem., Inc.*, 153 Cal. App. 4th 228, 233 (2007). | 52 |
| 31. | Contract Damages | CACI No. 350 (MODIFIED) | 55 |
| 34. | Breach Of Implied Obligation Of Good Faith And Fair Dealing – Failure To Properly Investigate Claim | CACI No. 2332 | 62 |
| 35. | Things To Consider In Evaluating Insurer's Conduct | CACI No. 2337 (MODIFIED); CACI No. 2330 (MODIFIED); *Wilson v. 21st Century Ins. Co.*, 42 Cal. 4th 713, 723 (2007); *Guebara v. Allstate Ins. Co.*, 237 F.3d 987, 996 (9th Cir. 2001); *Tomaselli v. Transamerica Ins. Co.*, 25 Cal. App. 4th 1269, 1281-82 (1994); *Jordan v. Allstate Inx. Co.*, 148 Cal. App. 4th 1062, | 65 |

**DISPUTED [PROPOSED] JURY INSTRUCTIONS**

Mitchell Silberberg & Knupp LLP

| No. | Title | Source | Page |
|---|---|---|---|
| | | 1072 (2007); *Mariscal v. Old Republic Life Ins. Co.*, 42 Cal. App. 4th 1617, 1624 (1996); *Shade Foods, Inc. v. Innovative Prods. Sales & Mrktg., Inc.*, 78 Cal. App. 4th 847, 880 (2000); *Amadeo v. Principal Mut. Life Ins. Co.*, 290 F.3d 1152, 1163 (9th Cir. Cal. 2002); *Othman v. Globe Indem. Co.*, 759 F.2d 1458, 1467-68 (9th Cir. 1985); *Brehm v. 21st C. Ins. Co.*, 166 Cal. 4th 1225, 1239-40 (2008) | |
| 36. | Damages for Bad Faith | CACI NO. 2350 | 69 |
| 37. | Punitive Damages | 9TH CIR. CIVIL JURY INSTR. 5.5 | 72 |
| 39. | Burden Of Proof—Clear And Convincing Evidence | 9TH CIR. CIVIL JURY INSTR. 1.7 | 78 |

**Atlantic's Disputed Proposed Instructions**

| No. | Title | Source | Page |
|---|---|---|---|
| 2 | Claims and Defenses | 9TH CIR. 1.5 | 82 |
| 4 | Burden of Proof—Clear and Convincing Evidence | 9TH CIR. 1.7 | 85 |
| 13 | Extra Expense Coverage | POLICY, SECTION III | 88 |
| 14 | Affirmative Defense—Insurance Policy Exclusion | CALIFORNIA 2303 | 91 |
| 15 | Covered and Excluded Risks—Predominant Cause of Loss | CALIFORNIA 2306 | 95 |
| 16 | Introduction to Contract Damages | CALIFORNIA 350 | 98 |
| 21 | Damages for Bad Faith | CALIFORNIA 2350 | 101 |
| 22 | Punitive Damages—Entity Defendant—Trial Not Bifurcated | CALIFORNIA 3945 | 104 |

Mitchell
Silberberg &
Knupp LLP

**DISPUTED [PROPOSED] JURY INSTRUCTIONS**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Mitchell
Silberberg &
Knupp LLP

DISPUTED [PROPOSED] JURY INSTRUCTIONS

1
2
3
4
5
6
## UNIVERSAL'S PROPOSED INSTRUCTIONS
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Mitchell
Silberberg &
Knupp LLP

**DISPUTED [PROPOSED] JURY INSTRUCTIONS**

1

2

3

4

5

6

7

8

9

10

11

12

## PRELIMINARY JURY INSTRUCTIONS

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

**DISPUTED [PROPOSED] JURY INSTRUCTIONS**

## UNIVERSAL'S [PROPOSED] INSTRUCTION NO. 2
## BRIEF INTRODUCTION TO CASE / CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

This is an insurance coverage action by Plaintiffs Universal Cable Productions LLC and Northern Entertainment Productions LLC (I will refer to both Plaintiffs hereinafter collectively as "Universal" or "Plaintiffs") against their former insurance company – Defendant Atlantic Specialty Insurance Company (I will refer to Defendant hereinafter as "Atlantic" or "Defendant").

Universal alleges two claims against Atlantic:  (1) breach of insurance contract; and (2) breach of the implied covenant of good faith and fair dealing. Both claims arise out of Atlantic's denial of coverage for extra expenses Universal incurred in connection with the production of a television show.

Specifically, Universal contends that they incurred over seven millions in extra expenses (the "Extra Expenses") when they were required to move the production of the television show titled "*Dig*" out of Israel in the summer of 2014, due to the conflict between the terrorist group Hamas and Israel, and Universal further contends, that these Extra Expenses are covered under Atlantic's Motion Picture/Television Producers Portfolio Policy No. MP00163-04 (I will refer to this policy hereinafter as simply, the "Policy").

Atlantic denied coverage for Universal's extra expenses, contending that there is no coverage due to four Policy exclusions relating to war (which exclusions I will describe shortly).

Universal also claims that Atlantic denied coverage in bad faith and in breach of the implied covenant of good faith and fair dealing.  Atlantic denies that it did.

Mitchell Silberberg & Knupp LLP

**DISPUTED [PROPOSED] JURY INSTRUCTIONS**

Atlantic has already conceded that the circumstances surrounding the move would trigger coverage under the Policy.  However, Atlantic contends that there is no coverage if one of the four war-related exclusions applies.

Thus, the principal issues to be decided in the case are:  (1) whether any of the four war-related exclusions invoked by Atlantic apply to preclude coverage for Universal's extra expense claim; (2) if no war-related exclusions apply to preclude coverage, the amount of Universal's Extra Expenses Atlantic must pay as contractual damages; and (3) if no war-related exclusions apply to preclude coverage, whether Atlantic acted in bad faith in denying Universal's extra expense claim and the amount of damages for Atlantic's bad faith denial of Universal's extra expense claim.

Source:  9TH CIR. CIVIL JURY INSTR. 1.5 (MODIFIED).

Mitchell
Silberberg &
Knupp LLP

DISPUTED [PROPOSED] JURY INSTRUCTIONS

1

2 **<u>ATLANTIC'S OBJECTION</u>**

3        Atlantic objects to the improper comment on the evidence and purported

4 characterization of the various disputed facts of this case, and does not agree to the

5 wording suggested and drafted by Plaintiffs.  This proposed version does not

6 present an unbiased and objective description.  Additionally, it does not refer to all

7 of the affirmative defenses relied upon by Atlantic in the case.

8        Atlantic further objects to the plaintiffs' proposed Court's Instruction No. 2

9 on the grounds that: (1) it fails to allocate the burden of proof as set forth in the

10 Ninth Circuit Modern Civil Jury Instructions ("MCJI") 1.5; (2) it fails to instruct

11 the jury on the basic question of whether coverage applies without regard to the

12 exclusions, and (3) the following sentences misstate Atlantic's position: "Atlantic

13 has already conceded that the circumstances surrounding the move would trigger

14 the coverage under the Policy. Atlantic contends that there is no coverage if one of

15 the four war-related exclusions applies." Atlantic has not conceded this point.

16        Additionally, Atlantic objects to the confusing reference to both plaintiffs as

17 a single reference to "Universal."  "Universal" is a part of the name of one of the

18 two plaintiffs.  Atlantic objects that the reference to "Universal" creates confusion

19 and is incomplete.  Atlantic objects to use of a term other than "Plaintiffs" which

20 more completely describes the relevant parties.

21        The two plaintiffs, being separate insured entities, bear separate burdens of

22 proof and must be treated separately in the court's instructions and verdict form.

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

5

## **UNIVERSAL'S RESPONSE**

Universal previously agreed to make certain limited changes to its proposed instruction No. 2.  Atlantic's argument, above, fails to address those proposed changes, and its recitation of Universal's proposed instruction (above) is not accurate.

Universal has agreed to add the parties' respective burdens to the proposed instruction. Universal also revised this instruction to reflect the additional two exclusions claimed by Atlantic.  Thus, Universal's proposed instruction no. 2 now reads as follows:

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

This is an insurance coverage action by Plaintiffs Universal Cable Productions LLC and Northern Entertainment Productions LLC (I will refer to both Plaintiffs hereinafter collectively as "Universal" or "Plaintiffs") against their former insurance company – Defendant Atlantic Specialty Insurance Company (I will refer to Defendant hereinafter as "Atlantic" or "Defendant").

Universal alleges two claims against Atlantic: (1) breach of insurance contract; and (2) breach of the implied covenant of good faith and fair dealing. Both claims arise out of Atlantic's denial of coverage for extra expenses Universal incurred in connection with the production of a television show. Universal has the burden of proving these claims.

Universal will agree to add the parties' respective burdens to the proposed instruction. Universal also has revised this instruction to reflect the additional two exclusions claimed by Atlantic. Thus, Universal's proposed instruction no. 2 now reads as follows:

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

**DISPUTED [PROPOSED] JURY INSTRUCTIONS**

Mitchell
Silberberg &
Knupp LLP

1       This is an insurance coverage action by Plaintiffs Universal Cable

2   Productions LLC and Northern Entertainment Productions LLC (I will refer to

3   both Plaintiffs hereinafter collectively as "Universal" or "Plaintiffs") against their

4   former insurance company – Defendant Atlantic Specialty Insurance Company (I

5   will refer to Defendant hereinafter as "Atlantic" or "Defendant").

6       Universal alleges two claims against Atlantic: (1) breach of insurance

7   contract; and (2) breach of the implied covenant of good faith and fair dealing.

8   Both claims arise out of Atlantic's denial of coverage for extra expenses Universal

9   incurred in connection with the production of a television show. Universal has the

10   burden of proving these claims.

11       Universal will agree to add the parties' respective burdens to the proposed

12   instruction. Universal also has revised this instruction to reflect the additional two

13   exclusions claimed by Atlantic. Thus, Universal's proposed instruction no. 2 now

14   reads as follows:

15       To help you follow the evidence, I will give you a brief summary of the

16   positions of the parties:

17       This is an insurance coverage action by Plaintiffs Universal Cable

18   Productions LLC and Northern Entertainment Productions LLC (I will refer to

19   both Plaintiffs hereinafter collectively as "Universal" or "Plaintiffs") against their

20   former insurance company – Defendant Atlantic Specialty Insurance Company (I

21   will refer to Defendant hereinafter as "Atlantic" or "Defendant").

22       Universal alleges two claims against Atlantic: (1) breach of insurance

23   contract; and (2) breach of the implied covenant of good faith and fair dealing.

24   Both claims arise out of Atlantic's denial of coverage for extra expenses Universal

25   incurred in connection with the production of a television show. Universal has the

26   burden of proving these claims.

27

28   <u>Source</u>: 9TH CIR. CIVIL JURY INSTR. 1.5 (MODIFIED).

Mitchell
Silberberg &
Knupp LLP

7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Mitchell
Silberberg &
Knupp LLP

**DISPUTED [PROPOSED] JURY INSTRUCTIONS**

## UNIVERSAL'S [PROPOSED] INSTRUCTION NO. 3

## LEGAL RELATIONSHIP BETWEEN ATLANTIC AND ONE BEACON IS NOT DISPUTED

During trial, you will hear testimony regarding various entities, including Defendant Atlantic which issued the Policy to Universal.  You will also hear testimony regarding an entity called OneBeacon Insurance Group, which is the parent company of Atlantic.  You will also hear testimony regarding an entity called OneBeacon Entertainment, which is a division of OneBeacon Insurance Group.

For the purpose of clarity, all of the individuals at any of the OneBeacon entities or Atlantic who were involved in the underwriting, issuing, and handling of the Policy were, at the time of their involvement, acting on behalf of Defendant Atlantic.

Source:  Atlantic's Response to Requests for Admission Nos. 32, 33.

1

2

**<u>ATLANTIC'S OBJECTION</u>**

3      Atlantic objects to the plaintiffs' proposed Court Instruction No. 3 on the

4   grounds that it is an improper comment on the evidence. This is not a proper topic

5   for a jury instruction.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

**DISPUTED [PROPOSED] JURY INSTRUCTIONS**

1

**<u>UNIVERSAL'S RESPONSE</u>**

Universal disagrees that this is an improper topic for a jury instruction, and maintains an instruction clarifying the corporate structure and accountability of Atlantic is necessary and appropriate to avoid causing confusion to the jury.

Mitchell
Silberberg &
Knupp LLP

1

2

3

4

5

6

7

8

9

10

11

12 **<u>INSURANCE CONTRACT LITIGATION INSTRUCTIONS</u>**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

**DISPUTED [PROPOSED] JURY INSTRUCTIONS**

## UNIVERSAL'S [PROPOSED] INSTRUCTION NO. 19

## INSURANCE CONTRACT INTERPRETATION – MEANING OF TERMS

You should assume that the parties intended the terms used in the Policy exclusions listed below to have the technical/special meaning described below, which is the meaning given to them, among others, by people who work in the insurance field.

You are instructed that the following terms have the following meanings:

(1)     For the purpose of Exclusion 1 ("War, including undeclared or civil war") in the Policy's General Conditions, Section III.1.—"war" requires a conflict between at least two "sovereigns" or "quasi-sovereigns," and:

   a.     A "sovereign" means and refers to an independent nation state (for example, the United States of America).

   b.     A "quasi-sovereign" means and refers to an entity that possesses significant attributes of sovereignty.  Attributes of sovereignty are:  (i) formal recognition by other sovereigns; (ii) the right to control territorial borders; (iii) sovereign or diplomatic immunity; and, (iv) control of meaningful territory against the will of the rightful government of that territory.

(2)     For the purpose of Exclusion 2 ("Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents") in the Policy's General Conditions, Section III.2.—

Mitchell
Silberberg &
Knupp LLP

**DISPUTED [PROPOSED] JURY INSTRUCTIONS**

a.   To be a "warlike" action, it must be connected to the conflict between at least two sovereigns or quasi-sovereigns as defined in paragraph (1) above;

b.   The terms "military force" means and refers to an army, navy, marines, or air force of sovereigns or quasi-sovereigns as defined in paragraph (1) above; and

c.   The term "government, sovereign or other authority using military personnel or other agents" means and refers to legitimate governments of independent nation states, sovereigns, or quasi-sovereigns as defined in paragraph (1) above.

(3)   For the purpose of Exclusion 3 ("Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.  Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.") in the Policy's General Conditions, Section III.3.—an act of "insurrection, rebellion, revolution, or usurp[ation]" of power can only occur if (a) a state nationalist group or movement (b) acts with the specific intent and purpose of overthrowing the constituted government of that state and seizing its powers, so that such nationalist group or movement could rule over the state and its citizens as its next legitimate government.

(4)   For the purpose of Exclusion 4 ("Any weapon of war including atomic fission or radioactive force, whether in time of peace or war") in the Policy's General Conditions, Section III.4.—a "weapon of war" means and refers only to a weapon that uses/employs atomic fission or radioactive force in such weapon (such as an atomic bomb).

(5)    The term "Imminent Peril" means "certain, immediate and impending danger of such probability and severity to persons or property that it would be unreasonable or unconscionable to ignore."

The foregoing is not an exhaustive list of Policy terms with technical/special meanings.  Other words/terms in the Policy may also have technical/special meanings, and if necessary, I will instruct you on such words/terms.

Source:  CACI NO. 316 (MODIFIED); Cal. Civ. Code § 1644; *Pan Am. World Airways v. Aetna Cas. & Surety Co.*, 505 F.2d 989, 1012, 1017-19 (2nd Cir. 1974); *Holiday Inns Inc. v. Aetna Ins. Co.*, 571 F. Supp. 1460, 1464-65, 1487-88, 1499-1500 (S.D.N.Y. 1983); *Ennar Latex v. Atlantic Mut. Ins. Co.*, 1995 U.S. Dist. LEXIS 7386, at *12-16 (S.D.N.Y. May 30, 1995); *Weiss v. Arab Bank, PLC*, 2007 U.S. Dist. LEXIS 94029, at *14-20 (E.D.N.Y. Dec. 21, 2007); *Ungar v. PLO*, 402 F.3d 274, 283 (1st Cir. 2005); *United States v. Damra*, 621 F.3d 474, 486 (6th Cir. 2010); *Restatement (Third) of Foreign Relations Law of the United States* § 201 (1987); *Queen Ins. Co. v. Globe & Rutgers Fire Ins. Co.*, 282 F. 976, 979 (2d Cir. 1922); *Airlift Int'l, Inc. v. United States*, 335 F. Supp. 442, 448 (S.D. Fla. 1971); *Home Ins. Co. v. Davila*, 212 F.2d 731, 732 (1st Cir. 1954); *Younis Bros. & Co. v. Cigna Worldwide Ins. Co.*, 899 F. Supp. 1385, 1393 (E.D. Pa. 1995); *MacKinnon v. Truck Ins. Exch.*, 31 Cal. 4th 635, 648, 650 (2003); *Safeco Ins. Co. v. Robert S.*, 26 Cal. 4th 758, 763-64 (2001); *State Farm Mut. Auto. Ins. Co. v. Jacober*, 10 Cal. 3d 193, 200-02 (1973); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1032 (9th Cir. 2008); *State Farm Mut. Auto. Ins. Co. v. Mrozek*, 29 Cal. App. 3d 113, 117 (1972); *Anderson v. State Farm Mut. Auto. Ins.*, 270 Cal. App. 2d 346, 349 (1969); *Shell Oil Co. v. Nat'l Union Fire Ins. Co.*, 44 Cal. App. 4th 1633, 1641-42 (1996); *Minkler v. Safeco Ins. Co. of Am.*, 49 Cal. 4th 315, 328 (2010).

Mitchell
Silberberg &
Knupp LLP

**DISPUTED [PROPOSED] JURY INSTRUCTIONS**

1

## **ATLANTIC'S OBJECTION**

2       Atlantic objects to the entirety of Instruction 19.  it assumes a disputed fact,

3  more specifically, that the terms have a technical meaning that the plaintiffs have

4  set forth.  As Atlantic has set forth in its briefing on summary judgment, it does not

5  agree with the plaintiffs' proposed definitions of "war," "warlike," "military

6  force," "government, sovereign or other authority using military personnel or other

7  agents," "insurrection, rebellion, or revolution," or its proffered instruction on

8  weapons of war as encompassing only weapons of war employing atomic fission

9  as opposed to the Policy's actual language. Atlantic further objects on the grounds

10  that the instruction is an improper comment on the weight of the evidence.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

**DISPUTED [PROPOSED] JURY INSTRUCTIONS**

1

## **UNIVERSAL'S RESPONSE**

Universal contends that this instruction is proper under prevailing law. Pursuant Cal. Civ. Code § 1644, when a term has a technical or special meaning, it is to be interpreted in accordance with that meaning. Because the Court has not yet ruled on the meaning of the terms at issue and/or how they should be interpreted, this instruction is necessary and appropriate.  Universal acknowledges that this instruction may need to be modified depending on the Court's ruling on the parties' pending motions for summary judgment.

Mitchell
Silberberg &
Knupp LLP

**DISPUTED [PROPOSED] JURY INSTRUCTIONS**

1

2

3

4

## UNIVERSAL'S [PROPOSED] INSTRUCTION NO. 20
## CONTRACT INTERPRETATION – CONSTRUCTION OF POLICY TERMS

5

6

7

8

        In determining the meaning of the words of the contract, you must first consider all of the other instructions that I have given you.  If, after considering these instructions, you still cannot agree on the meaning of the words, then you should interpret the contract against the party that caused the uncertainty.

9

10

11

12

13

14

        Source:  CACI No. 320; *MacKinnon v. Truck Ins. Exch.*, 31 Cal. 4th 635, 639 (2003); *HS Servs., Inc. v. Nationwide Mut. Ins. Co.*, 109 F.3d 642, 645 (9th Cir. 1997); *E.M.M.I. Inc. v. Zurich Am. Ins. Co.*, 32 Cal. 4th 465, 473 (2004); *Safeco Ins. Co. v. Robert S.*, 26 Cal. 4th 758, 763 (2001); *Minkler v. Safeco Ins. Co. of Am.*, 49 Cal. 4th 315, 328 (2010).

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

**DISPUTED [PROPOSED] JURY INSTRUCTIONS**

1

## **ATLANTIC'S OBJECTION**

2      Atlantic objects to the plaintiffs' proposed Court Instruction No. 20 on the

3  grounds that it is not relevant to the evidence for this case, and that it is confusing

4  as submitted.  This proposed instruction is not consistent with the complaint on

5  file.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNIVERSAL'S RESPONSE**

Universal contends that this is a proper instruction.  This instruction tracks the language of CACI 320, and is appropriate given the facts and circumstances of this case, in particular that Universal contends that to the extent the "war exclusions" in the Policy were modified from the standard industry form exclusions, these modifications were made by Atlantic.  Atlantic's objection lacks merit.

Mitchell
Silberberg &
Knupp LLP

**DISPUTED [PROPOSED] JURY INSTRUCTIONS**

**UNIVERSAL'S [PROPOSED] INSTRUCTION NO. 21**

**CONTRACT INTERPRETATION – INSURANCE POLICY EXCLUSIONS**

Any Policy exclusion from coverage must be interpreted narrowly, in favor of finding coverage.  If a policy exclusion is not stated in clear and unmistakable language, then it may not be applied to defeat coverage.  In addition, if you find that the terms used in the Policy have more than one reasonable meaning, you must interpret such terms in favor of finding coverage under the Policy.

Source:  *State Farm Mut. Auto. Ins. Co. v. Jacober*, 10 Cal. 3d 193, 200-02 (1973); *MacKinnon v. Truck Ins. Exch.*, 31 Cal. 4th 635, 639, 655 (2003); *HS Servs., Inc. v. Nationwide Mut. Ins. Co.*, 109 F.3d 642, 645 (9th Cir. 1997); *Fireman's Fund Ins. Co. v. Atl. Richfield Co.*, 94 Cal. App. 4th 842, 852 (2001); *Holiday Inns Inc. v. Aetna Ins. Co.*, 571 F. Supp. 1460, 1464 (S.D.N.Y. 1983); *Pan Am. World Airways v. Aetna Cas. & Surety Co.*, 505 F.2d 989, 1012 (2nd Cir. 1974); *Minkler v. Safeco Ins. Co. of Am.,* 49 Cal. 4th 315, 328 (2010); *Harris v. Glens Falls Ins. Co*. 6 Cal. 3d 699, 701(1972); *State Farm Mut. Auto. Ins. Co. v. Jacober*, 10 Cal. 3d 193, 201 (1973); *Gray v. Zurich Ins. Co.*, 65 Cal. 2d 263, 269 (1966); *Steven v. Fid. & Cas. Co.*, 58 Cal. 2d 862, 878 (1962).

Mitchell
Silberberg &
Knupp LLP

21

1

2                           **<u>ATLANTIC'S OBJECTION</u>**

3          Atlantic objects to the plaintiffs' proposed Court Instruction No. 21 on the

4    grounds that it is not included in the CACI. It is thus not deemed necessary for the

5    jury's consideration in interpreting an insurance policy.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

**DISPUTED [PROPOSED] JURY INSTRUCTIONS**

1

## **UNIVERSAL'S RESPONSE**

2   Universal contends that this instruction is necessary and appropriate under

3   prevailing law, including under those authorities cited in support of the proposed

4   instruction.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNIVERSAL'S PROPOSED INSTRUCTION NO. 22a**

**MITIGATION OF DAMAGES**

If Atlantic breached the policy and the breach caused harm, Universal is not entitled to recover damages for harm that Atlantic proves Universal could have avoided with reasonable efforts or expenditures.  You should consider the reasonableness of Universal's efforts in light of the circumstances facing it at the time, including its ability to make the efforts or expenditures without undue risk or hardship.

If Universal made reasonable efforts to avoid harm, then your award should include reasonable amounts that it spent for this purpose.

Source:  CACI No. 358.

Mitchell
Silberberg &
Knupp LLP

24

## **ATLANTIC'S OBJECTION**

Atlantic objects to the plaintiffs' proposed Court Instruction No. 22a on the grounds that the blanket reference to "Universal" is improper and incomplete, as well as confusing based upon the actual names of the parties to the case.  The two plaintiffs, being separate insured entities, bear separate burdens of proof and must be treated separately in the court's instructions and the verdict form.

1

## **<u>UNIVERSAL'S RESPONSE</u>**

2       Universal contends that this instruction is proper.  Atlantic points to no

3  meaningful distinction between the Plaintiffs, and it is more efficient to refer to

4  them collectively as "Universal."  Parsing each Plaintiff in each jury instruction,

5  will inject unnecessary confusion and burden into the trial, particularly given 9th

6  Cir. MCJI 1.8.  (You should decide the case as to each plaintiff separately.  Unless

7  otherwise stated, the instructions apply to all parties).

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

**DISPUTED [PROPOSED] JURY INSTRUCTIONS**

## UNIVERSAL'S [PROPOSED] INSTRUCTION NO. 23

## CONTRACT INTERPRETATION – REASONABLE EXPECTATION OF THE INSURED / CONSTRUCTION BY CONDUCT

In deciding what the words in an insurance policy mean, you should interpret them in accordance with the reasonable expectations of the insured at the time the policy was issued.

In deciding what the words in a contract meant to the parties, you may also consider how the parties acted after the contract was created but before any disagreement between the parties arose.

Source:  CACI No. 318 (Modified); *Minkler v. Safeco Ins.*, 49 Cal. 4th 315, 321 (2010); *E.M.M.I. Inc. v. Zurich Am. Ins. Co.*, 32 Cal. 4th 465, 473 (2004); *Safeco Ins. Co. v. Robert S.*, 26 Cal. 4th 758, 763 (2001); *Ins. Co. of N. Am. v. Elec. Purification Co.*, 67 Cal. 2d 679, 688-89 (1967); *AIU Ins. Co. v. Super. Ct.*, 51 Cal. 3d 807, 822, 828, 830 (1990).

Mitchell Silberberg & Knupp LLP

**DISPUTED [PROPOSED] JURY INSTRUCTIONS**

1

2 **<u>ATLANTIC'S OBJECTION</u>**

3        Atlantic objects to the plaintiffs' proposed Court Instruction No. 23 on the

4 grounds that the following sentence is not included in the CACI: "In deciding what

5 the words in an insurance policy mean, you should interpret them in accordance

6 with the reasonable expectations of the insured at the time the policy was issued."

7 The absence of this sentence in any CACI indicates that California law does not

8 deem this language necessary for a jury's consideration in interpreting insurance

9 policies.

10        Additionally, Atlantic objects on the grounds that consideration of

11 "reasonable expectations," especially unexpressed expectations, is not proper

12 under applicable California law.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

**DISPUTED [PROPOSED] JURY INSTRUCTIONS**

1

## **UNIVERSAL'S RESPONSE**

2      Universal contends that this instruction is necessary and appropriate under

3 prevailing law.  Inclusion of the cited statement ("In deciding what the words in an

4 insurance policy mean, you should interpret them in accordance with the

5 reasonable expectations of the insured at the time the policy was issued.") is

6 supported by the following authorities: *Minkler v. Safeco Ins.*, 49 Cal. 4th 315, 321

7 (2010); E.*M.M.I. Inc. v. Zurich Am. Ins. Co.,* 32 Cal. 4th 465, 473 (2004); *Safeco*

8 *Ins. Co. v. Robert S.*, 26 Cal. 4th 758, 763 (2001); *Ins. Co. of N. Am. v. Elec.*

9 *Purification Co.*, 67 Cal. 2d 679, 688-89 (1967); *AIU Ins. Co. v. Super. Ct.*, 51 Cal.

10 3d 807, 822, 828, 830 (1990).

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

**DISPUTED [PROPOSED] JURY INSTRUCTIONS**

1
2
3
4
5
6
7
8    **<u>BREACH OF INSURANCE CONTRACT</u>**
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Mitchell Silberberg & Knupp LLP

**DISPUTED [PROPOSED] JURY INSTRUCTIONS**

## COURT'S INSTRUCTION NO. 24

## BREACH OF CONTRACTUAL DUTY TO PAY COVERED CLAIM –
## ESSENTIAL FACTUAL ELEMENTS

Universal claims that Atlantic breached its duty to pay Universal for a loss covered under an insurance policy.  To establish this claim, Universal must prove all of the following:

(1)  That Universal suffered a loss, all or part of which was covered under an insurance policy with Atlantic;

(2)  That Atlantic was notified of the loss; and

(3)  The amount of the covered loss that Atlantic failed to pay.

Source:  CACI No. 2300.

Mitchell
Silberberg &
Knupp LLP

31

1

## **ATLANTIC'S OBJECTION**

2      Atlantic objects to the plaintiffs' proposed Court Instruction No. 24 on the

3  grounds that the blanket reference to "Universal" is improper and incomplete, as

4  well as confusing based upon the actual names of the parties to the case.  The two

5  plaintiffs, being separate insured entities, bear separate burdens of proof and must

6  be treated separately in the court's instructions and the verdict form.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

**DISPUTED [PROPOSED] JURY INSTRUCTIONS**

1

## <u>UNIVERSAL'S RESPONSE</u>

2        Atlantic's only objection to this instruction is use of the term "Universal" to

3   refer to both Plaintiffs.  Atlantic points to no meaningful distinction between the

4   Plaintiffs, and it is more efficient to refer to them collectively as "Universal."

5   Parsing each Plaintiff in each jury instruction will inject unnecessary confusion and

6   burden into the trial, particularly given 9th Cir. MCJI 1.8.  (You should decide the

7   case as to each plaintiff separately.  Unless otherwise stated, the instructions apply

8   to all parties).

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNIVERSAL'S [PROPOSED] INSTRUCTION NO. 25**

**AFFIRMATIVE DEFENSE – INSURANCE POLICY EXCLUSION**

**(EXCLUSION NO. 1)**

Atlantic claims that Universal's loss is not covered because it is specifically excluded under Exclusion 1 ("War, including undeclared or civil war") in the Policy's General Conditions, Section III.1.

It is Atlantic's burden to prove that Exclusion 1 applies to exclude Universal's loss from the Policy coverage.

To meet its burden, Atlantic must prove that Universal's loss was caused directly or indirectly by "war" as defined in the Court's Instruction No. 19. To reiterate: for the purpose of Exclusion 1, "war" means and refers to a conflict between at least two "sovereigns" or "quasi-sovereigns," and:

      a.   A "sovereign" means and refers to an independent nation state (for example, the United States of America).

      b.   A "quasi-sovereign" means and refers to an entity that possesses significant attributes of sovereignty. Attributes of sovereignty are: (i) formal recognition by other sovereigns; (ii) the right to control territorial borders; (iii) sovereign or diplomatic immunity; and, (iv) control of meaningful territory against the will of the rightful government of that territory.

Atlantic concedes that Hamas is not a "sovereign." Thus, under the law, Exclusion 1 applies only if Atlantic proves that, in June/July 2014, Hamas was a "quasi-sovereign" as defined above.

Source: CACI No. 2303 (Modified); *Garvey v. State Farm Fire & Cas. Co.*, 48 Cal. 3d 395, 406 (1989); *Minkler v. Safeco Ins. Co. of America*, 49 Cal. 4th 315,

Mitchell
Silberberg &
Knupp LLP

34

322 (2010); *MacKinnon v. Truck Ins. Exch.*, 31 Cal. 4th 635, 648 (2003); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1032 (9th Cir. 2008); *Pan Am. World Airways v. Aetna Cas. & Surety Co.*, 505 F.2d 989, 1012, 1017-19 (2nd Cir. 1974); *Holiday Inns Inc. v. Aetna Ins. Co.*, 571 F. Supp. 1460, 1464-65, 1487-88 (S.D.N.Y. 1983); *Ungar v. PLO*, 402 F.3d 274, 283 (1st Cir. 2005); *Ennar Latex v. Atlantic Mut. Ins. Co.*, 1995 U.S. Dist. LEXIS 7386, at *12-16 (S.D.N.Y. May 30, 1995); *United States v. Damra*, 621 F.3d 474, 486 (6th Cir. 2010).

**DISPUTED [PROPOSED] JURY INSTRUCTIONS**

## **ATLANTIC'S OBJECTION**

Atlantic objects to the plaintiffs' proposed Court Instruction No. 25 on the grounds that the blanket reference to "Universal" is improper and incomplete, as well as confusing based upon the actual names of the parties to the case. The two plaintiffs, being separate insured entities, bear separate burdens of proof and must be treated separately in the court's instructions and the verdict form.

Atlantic objects to the plaintiffs' proposed Court Instruction No. 25 on the grounds that it misstates Atlantic's position and offers definitions of the key terms "war," "sovereign," "quasi-sovereign" that are not legally correct, as Atlantic has set forth more fully in its briefing on the parties' respective motions for summary judgment. Atlantic object to the plaintiffs' proposed Court Instruction No. 25 as it mis-states Atlantic's position in the case. Atlantic has not conceded any issues, contrary to the representation in the proposed Instruction.

Atlantic agrees with the inclusion of only the first two sentences in the plaintiffs' proposed Court Instruction No. 25.

Mitchell
Silberberg &
Knupp LLP

**DISPUTED [PROPOSED] JURY INSTRUCTIONS**

1

## **UNIVERSAL'S RESPONSE**

2        Universal contends that this instruction is necessary and appropriate under

3   prevailing law, including the authorities cited above. Because the Court has not yet

4   ruled on the meaning of the terms at issue and/or how they should be interpreted,

5   this instruction is necessary and appropriate. Further, Universal contends that each

6   of Atlantic's proffered exclusions/affirmative defenses is better addressed in a

7   separate instruction, rather than an omnibus instruction as Atlantic apparently

8   proposes.

9        Atlantic's objection to use of the term "Universal" to refer to both Plaintiffs

10  is without merit.  Atlantic points to no meaningful distinction between the

11  Plaintiffs, and it is more efficient to refer to them collectively as "Universal."

12  Parsing each Plaintiff in each jury instruction will inject unnecessary confusion and

13  burden into the trial, particularly given 9th Cir. MCJI 1.8.  (You should decide the

14  case as to each plaintiff separately.  Unless otherwise stated, the instructions apply

15  to all parties).

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

**DISPUTED [PROPOSED] JURY INSTRUCTIONS**

## UNIVERSAL'S [PROPOSED] INSTRUCTION NO. 26

## AFFIRMATIVE DEFENSE – INSURANCE POLICY EXCLUSION

## (EXCLUSION NO. 2)

Atlantic claims that Universal's loss is not covered because it is specifically excluded under Exclusion 2 ("Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents") in the Policy's General Conditions, Section III.2.

It is Atlantic's burden to prove that Exclusion 2 applies to exclude Universal's loss from the Policy coverage.

To meet its burden, Atlantic must prove that Universal's loss was caused directly or indirectly by a "warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents" as defined in the Court's Instruction No. 19. Specifically:

    a.   To be a "warlike" action, it must be connected to the conflict between at least two sovereigns or quasi-sovereigns as defined in Court's Instruction No. 25;

    b.   The term "military force" means and refers to an army, navy, marines, or air force of sovereigns or quasi-sovereigns as defined in Court's Instruction No. 25; and

    c.   The term "government, sovereign or other authority using military personnel or other agents" means and refers to legitimate governments of independent nation states, sovereigns, or quasi-sovereigns as defined in Court's Instruction No. 25.

Mitchell Silberberg & Knupp LLP

38

1    Atlantic concedes that Hamas is not a "sovereign."  Thus, under the law,

2  Exclusion 2 applies only if Atlantic proves that, in June/July 2014, Hamas was a

3  "quasi-sovereign" as defined in Court's Instruction No. 25 with a "military force"

4  as defined above.

5

6    Source:  CACI No. 2303 (Modified); *Garvey v. State Farm Fire & Cas. Co.*,

7  48 Cal. 3d 395, 406 (1989); *Minkler v. Safeco Ins. Co. of America*, 49 Cal. 4th 315,

8  322 (2010); *MacKinnon v. Truck Ins. Exch.*, 31 Cal. 4th 635, 648 (2003);

9  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1032 (9th Cir. 2008);

10  *Pan Am. World Airways v. Aetna Cas. & Surety Co.*, 505 F.2d 989, 1012, 1017-19

11  (2nd Cir. 1974); *Holiday Inns Inc. v. Aetna Ins. Co.*, 571 F. Supp. 1460, 1464-65,

12  1487-88 (S.D.N.Y. 1983); *Ungar v. PLO*, 402 F.3d 274, 283 (1st Cir. 2005); *Ennar*

13  *Latex v. Atlantic Mut. Ins. Co.*, 1995 U.S. Dist. LEXIS 7386, at *12-16 (S.D.N.Y.

14  May 30, 1995); *United States v. Damra*, 621 F.3d 474, 486 (6th Cir. 2010); *Queen*

15  *Ins. Co. v. Globe & Rutgers Fire Ins. Co.*, 282 F. 976, 979 (2d Cir. 1922); *Airlift*

16  *Int'l, Inc. v. United States*, 335 F. Supp. 442, 448 (S.D. Fla. 1971).

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

**DISPUTED [PROPOSED] JURY INSTRUCTIONS**

## ATLANTIC'S OBJECTION

Atlantic objects to the plaintiffs' proposed Court Instruction No. 26 on the grounds that the blanket reference to "Universal" is improper and incomplete, as well as confusing based upon the actual names of the parties to the case.  The two plaintiffs, being separate insured entities, bear separate burdens of proof and must be treated separately in the court's instructions and the verdict form.

Atlantic objects to the plaintiffs' proposed Court Instruction No. 26 on the grounds that it misstates Atlantic's position and offers definitions of the key terms "warlike," "military force," "government, sovereign or other authority using military or other agents." Atlantic object to the plaintiffs' proposed Court Instruction No. 25 as it mis-states Atlantic's position in the case.  Atlantic has not conceded any issues, contrary to the representation in the proposed Instruction.

Atlantic agrees with only the first two sentences of the plaintiffs' proposed Court Instruction No. 26.

Mitchell
Silberberg &
Knupp LLP

**DISPUTED [PROPOSED] JURY INSTRUCTIONS**

1

**UNIVERSAL'S RESPONSE**

2       Universal contends that this instruction is necessary and appropriate under

3 prevailing law, including the authorities cited above.  Because the Court has not

4 yet ruled on the meaning of the terms at issue and/or how they should be

5 interpreted, this instruction is necessary and appropriate. Further, Universal

6 contends that each of Atlantic's proffered exclusions/affirmative defenses is better

7 addressed in a separate instruction, rather than an omnibus instruction as Atlantic

8 apparently proposes.

9       Atlantic's objection to use of the term "Universal" to refer to both Plaintiffs

10 is without merit.  Atlantic points to no meaningful distinction between the

11 Plaintiffs, and it is more efficient to refer to them collectively as "Universal."

12 Parsing each Plaintiff in each jury instruction will inject unnecessary confusion and

13 burden into the trial, particularly given 9th Cir. MCJI 1.8.  (You should decide the

14 case as to each plaintiff separately.  Unless otherwise stated, the instructions apply

15 to all parties).

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

41

1
2
3
4

## UNIVERSAL'S [PROPOSED] INSTRUCTION NO. 27

## AFFIRMATIVE DEFENSE – INSURANCE POLICY EXCLUSION

## (EXCLUSION NO. 3)

5   Atlantic claims that Universal's loss is not covered because it is specifically

6   excluded under Exclusion 3 ("Insurrection, rebellion, revolution, usurped power, or

7   action taken by governmental authority in hindering or defending against any of

8   these.  Such loss or damage is excluded regardless of any other cause or event that

9   contributes concurrently or in any sequence to the loss.") in the Policy's General

10   Conditions, Section III.3.

11   It is Atlantic's burden to prove that Exclusion 3 applies to exclude

12   Universal's loss from the Policy coverage.

13   To meet its burden, Atlantic must prove that Universal's loss was caused

14   directly or indirectly by an "insurrection, rebellion, revolution, usurped power, or

15   action taken by governmental authority in hindering or defending against any of

16   these," as defined in the Court's Instruction No. 19.  An act of "insurrection,

17   rebellion, revolution, or usurp[ation]" of power can only occur if (a) a nationalist

18   group or movement (b) acts with the specific intent and purpose of overthrowing

19   the constituted government of that state and seizing its powers, so that such

20   nationalist group or movement could rule over the state and its citizens as its next

21   legitimate government.

22

23   Source:  CACI No. 2303 (MODIFIED); *Garvey v. State Farm Fire & Cas. Co.*,

24   48 Cal. 3d 395, 406 (1989); *Minkler v. Safeco Ins. Co. of America*, 49 Cal. 4th 315,

25   322 (2010); *MacKinnon v. Truck Ins. Exch.*, 31 Cal. 4th 635, 648 (2003);

26   *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1032 (9th Cir. 2008);

27   *Pan Am. World Airways v. Aetna Cas. & Surety Co.*, 505 F.2d 989, 1017-19 (2nd

28   Cir. 1974); *Holiday Inns Inc. v. Aetna Ins. Co.*, 571 F. Supp. 1460, 1487-88

Mitchell
Silberberg &
Knupp LLP

42

1   (S.D.N.Y. 1983); *Home Ins. Co. v. Davila*, 212 F.2d 731, 732 (1st Cir. 1954);

2   *Younis Bros. & Co. v. Cigna Worldwide Ins. Co.*, 899 F. Supp. 1385, 1393 (E.D.

3   Pa. 1995).

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

**DISPUTED [PROPOSED] JURY INSTRUCTIONS**

## **ATLANTIC'S OBJECTION**

Atlantic objects to the plaintiffs' proposed Court Instruction No. 27 on the grounds that the blanket reference to "Universal" is improper and incomplete, as well as confusing based upon the actual names of the parties to the case.  The two plaintiffs, being separate insured entities, bear separate burdens of proof and must be treated separately in the court's instructions and the verdict form.

Atlantic objects to the plaintiffs' proposed Court Instruction No. 27 on the grounds that it includes a definition that is not legally correct, as set forth more fully in Atlantic's briefing on the parties' respective motions for summary judgment. Atlantic agrees with only the first two sentences of the plaintiffs' proposed Court Instruction No. 27.

Mitchell
Silberberg &
Knupp LLP

**DISPUTED [PROPOSED] JURY INSTRUCTIONS**

## **UNIVERSAL'S RESPONSE**

Universal contends that this instruction is necessary and appropriate under prevailing law, including the authorities cited above. Because the Court has not yet ruled on the meaning of the terms at issue and/or how they should be interpreted, this instruction is necessary and appropriate. Further, Universal contends that each of Atlantic's proffered exclusions/affirmative defenses is better addressed in a separate instruction, rather than an omnibus instruction as Atlantic apparently proposes.

Atlantic's objection to use of the term "Universal" to refer to both Plaintiffs is without merit.  Atlantic points to no meaningful distinction between the Plaintiffs, and it is more efficient to refer to them collectively as "Universal." Parsing each Plaintiff in each jury instruction will inject unnecessary confusion and burden into the trial, particularly given 9th Cir. MCJI 1.8.  (You should decide the case as to each plaintiff separately.  Unless otherwise stated, the instructions apply to all parties).

Mitchell Silberberg & Knupp LLP

**DISPUTED [PROPOSED] JURY INSTRUCTIONS**

## UNIVERSAL'S [PROPOSED] INSTRUCTION NO. 28

## AFFIRMATIVE DEFENSE – INSURANCE POLICY EXCLUSION

## (EXCLUSION NO. 4)

Atlantic claims that Universal's loss is not covered because it is specifically excluded under Exclusion 4 ("Any weapon of war including atomic fission or radioactive force, whether in time of peace or war") in the Policy's General Conditions, Section III.4.

It is Atlantic's burden to prove that Exclusion 4 applies to exclude Universal's loss from the Policy coverage.

To meet its burden, Atlantic must prove that Universal's loss was caused directly or indirectly by a "weapon of war including atomic fission or radioactive force, whether in time of peace or war," as defined in the Court's Instruction No. 19. A "weapon of war" means and refers only to a weapon that uses/employs atomic fission or radioactive force in such weapon (such as an atomic bomb).

Source:  CACI No. 2303 (Modified); *Garvey v. State Farm Fire & Cas. Co.*, 48 Cal. 3d 395, 406 (1989); *MacKinnon v. Truck Ins. Exch.*, 31 Cal. 4th 635, 648 (2003); *State Farm Mut. Auto. Ins. Co. v. Mrozek*, 29 Cal. App. 3d 113, 117 (1972); *Anderson v. State Farm Mut. Auto. Ins.*, 270 Cal. App. 2d 346, 349 (1969); *Shell Oil Co. v. Nat'l Union Fire Ins. Co.*, 44 Cal. App. 4th 1633, 1641-42 (1996); *Minkler v. Safeco Ins. Co. of Am.*, 49 Cal. 4th 315, 328 (2010); *State Farm Mut. Auto. Ins. Co. v. Jacober,* 10 Cal. 3d 193, 202-03 (1973); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1032 (9th Cir. 2008).

## ATLANTIC'S OBJECTION

Atlantic objects to the plaintiffs' proposed Court Instruction No. 28 on the grounds that the blanket reference to "Universal" is improper and incomplete, as

Mitchell
Silberberg &
Knupp LLP

46

well as confusing based upon the actual names of the parties to the case.  The two plaintiffs, being separate insured entities, bear separate burdens of proof and must be treated separately in the court's instructions and the verdict form.

Atlantic objects to the plaintiffs' proposed Court Instruction No. 28 on the grounds that it includes a definition that is not legally correct, as set forth more fully in Atlantic's briefing on the parties' respective motions for summary judgment. Atlantic agrees with only the first two sentences of the plaintiffs' proposed Court Instruction No. 28.

Mitchell
Silberberg &
Knupp LLP

47

1

## **UNIVERSAL'S RESPONSE**

2   Universal contends that this instruction is necessary and appropriate under

3 prevailing law, including the authorities cited above. Because the Court has not yet

4 ruled on the meaning of the terms at issue and/or how they should be interpreted,

5 this instruction is necessary and appropriate. Further, Universal contends that each

6 of Atlantic's proffered exclusions/affirmative defenses is better addressed in a

7 separate instruction, rather than an omnibus instruction as Atlantic apparently

8 proposes.

9   Atlantic's objection to use of the term "Universal" to refer to both Plaintiffs

10 is without merit.  Atlantic points to no meaningful distinction between the

11 Plaintiffs, and it is more efficient to refer to them collectively as "Universal."

12 Parsing each Plaintiff in each jury instruction will inject unnecessary confusion and

13 burden into the trial, particularly given 9th Cir. MCJI 1.8.  (You should decide the

14 case as to each plaintiff separately.  Unless otherwise stated, the instructions apply

15 to all parties).

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

48

## UNIVERSAL'S [PROPOSED] INSTRUCTION NO. 29

## AFFIRMATIVE DEFENSE – INSURANCE POLICY EXCLUSION

## (EXCLUSION NO. 9)

Atlantic claims that Universal's loss is not covered because it is specifically excluded under Exclusion 9 ("An imminent peril or physical damage to property, facilities, or locations necessary to the insured production") in the Policy's Section III – Extra Expense, sub-Section VII.9.

It is Atlantic's burden to prove that Exclusion 9 applies to exclude Universal's loss from the Policy coverage.

To meet its burden, Atlantic must prove one or both of the following:

(1)    Universal's loss is in whole or in part for physical damage to property, facilities, or locations necessary to the Dig production, which property, facilities or locations were owned by Universal or for which Universal was legally liable; and the amount of such loss; or

(2)    Universal's loss is in whole or in part for the loss of the use of property, facilities or locations necessary to the Dig production, which property, facilities or locations were owned by Universal or for which Universal was legally liable; that such loss of use was caused by an imminent peril; and the amount of such loss.

The cost of relocating the production is not a loss of use of property, facilities or locations.

Source:  CACI No. 2303 (Modified); *Garvey v. State Farm Fire & Cas. Co.*, 48 Cal. 3d 395, 406 (1989); *Safeco Ins. Co. v. Robert S.*, 26 Cal. 4th 758, 765 (2001); *Marquez Knolls Prop. Owners Assn., Inc. v. Exec. Risk Indem., Inc.,* 153 Cal. App. 4th 228, 233 (2007); Cal. Civ. Code § 1641.

Mitchell Silberberg & Knupp LLP

49

**DISPUTED [PROPOSED] JURY INSTRUCTIONS**

1

## **ATLANTIC'S OBJECTION**

Atlantic objects to the plaintiffs' proposed Court Instruction No. 29 on the grounds that the blanket reference to "Universal" is improper and incomplete, as well as confusing based upon the actual names of the parties to the case.  The two plaintiffs, being separate insured entities, bear separate burdens of proof and must be treated separately in the court's instructions and the verdict form.

Atlantic object to the plaintiffs' proposed Court Instruction No. 29 on the grounds that it is an improper comment on the evidence, and that it does not fairly or objectively describe the necessary exclusion.  Atlantic further objects on the grounds that proposed Instruction No. 29 does not accurately or properly describe the actual terms of the exclusion. Plaintiffs apparently have created their own language to include in this version, which changes the actual terms of the written exclusion, adds terms that are not present, and changes the meaning and contents of the exclusion, as it is actually written.

Finally, Atlantic objects to the plaintiffs' proposed Court Instruction No. 29 to the extent implies that it renders coverage illusory.

Mitchell
Silberberg &
Knupp LLP

**DISPUTED [PROPOSED] JURY INSTRUCTIONS**

1

## **UNIVERSAL'S RESPONSE**

2
3
4
5
6

Universal contends that this instruction is necessary and appropriate under prevailing law, including the authorities cited above.  Further, Universal contends that each of Atlantic's proffered exclusions/affirmative defenses is better addressed in a separate instruction, rather than an omnibus instruction as Atlantic apparently proposes.

7
8
9
10
11
12
13

Atlantic's objection to use of the term "Universal" to refer to both Plaintiffs is without merit.  Atlantic points to no meaningful distinction between the Plaintiffs, and it is more efficient to refer to them collectively as "Universal." Parsing each Plaintiff in each jury instruction will inject unnecessary confusion and burden into the trial, particularly given 9th Cir. MCJI 1.8.  (You should decide the case as to each plaintiff separately.  Unless otherwise stated, the instructions apply to all parties).

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Mitchell
Silberberg &
Knupp LLP

**DISPUTED [PROPOSED] JURY INSTRUCTIONS**

1

### UNIVERSAL'S [PROPOSED] INSTRUCTION NO. 30
### AFFIRMATIVE DEFENSE – INSURANCE POLICY EXCLUSION
### (EXCLUSION NO. 10)

Atlantic claims that Universal's loss is not covered because it is specifically excluded under Exclusion 10 ("Any concern or belief that the commencement or continuation of Insured Production is inappropriate") in the Policy's Section III – Extra Expenses, sub-Section VII.10.

It is Atlantic's burden to prove that Exclusion 10 applies to exclude Universal's loss from the Policy coverage.

To meet its burden, Atlantic must prove that Universal's loss was caused by events other than events constituting "imminent peril," and those other events caused Universal to believe that continuation of production was inappropriate.

I have previously defined for you the meaning of "Imminent Peril."

Source:  CACI No. 2303 (MODIFIED); CACI No. 317 (MODIFIED); *Garvey v. State Farm Fire & Cas. Co.*, 48 Cal. 3d 395, 406 (1989); *Safeco Ins. Co. v. Robert S.*, 26 Cal. 4th 758, 765 (2001); *Marquez Knolls Prop. Owners Assn., Inc. v. Exec. Risk Indem., Inc.,* 153 Cal. App. 4th 228, 233 (2007); Cal. Civ. Code §1641.

Mitchell
Silberberg &
Knupp LLP

52

## **ATLANTIC'S OBJECTION**

Atlantic objects to the plaintiffs' proposed Court Instruction No. 30 on the grounds that the blanket reference to "Universal" is improper and incomplete, as well as confusing based upon the actual names of the parties to the case.  The two plaintiffs, being separate insured entities, bear separate burdens of proof and must be treated separately in the court's instructions and the verdict form.

Atlantic object to the plaintiffs' proposed Court Instruction No. 30 on the grounds that it is an improper comment on the evidence, and that it does not fairly or objectively describe the necessary exclusion.  Atlantic further objects on the grounds that proposed Instruction No. 30 does not accurately or properly describe the actual terms of the exclusion. Plaintiffs apparently have created their own language to include in this version, which changes the actual terms of the written exclusion, adds terms that are not present, and changes the meaning and contents of the exclusion, as it is actually written.

Finally, Atlantic objects to the plaintiffs' proposed Court Instruction No. 30 to the extent implies that it renders coverage illusory.

Mitchell
Silberberg &
Knupp LLP

**DISPUTED [PROPOSED] JURY INSTRUCTIONS**

1

## **UNIVERSAL'S RESPONSE**

2          Universal contends that this instruction is necessary and appropriate under

3    prevailing law, including the authorities cited above. Further, Universal contends

4    that each of Atlantic's proffered exclusions/affirmative defenses is better addressed

5    in a separate instruction, rather than an omnibus instruction as Atlantic apparently

6    proposes.

7          Atlantic's objection to use of the term "Universal" to refer to both Plaintiffs

8    is without merit.  Atlantic points to no meaningful distinction between the

9    Plaintiffs, and it is more efficient to refer to them collectively as "Universal."

10   Parsing each Plaintiff in each jury instruction will inject unnecessary confusion and

11   burden into the trial, particularly given 9th Cir. MCJI 1.8.  (You should decide the

12   case as to each plaintiff separately.  Unless otherwise stated, the instructions apply

13   to all parties).

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

**DISPUTED [PROPOSED] JURY INSTRUCTIONS**

## UNIVERSAL'S [PROPOSED] INSTRUCTION NO. 31
## CONTRACT DAMAGES

If you decide that Universal has proven its claim against Atlantic for breach of the Policy, you also must decide how much money will reasonably compensate Universal for the harm caused by the breach.  This compensation is called "contract damages."  The purpose of such contract damages is to put Universal in as good a position as Universal would have been had Atlantic covered Universal's loss under the Policy.

The contract damages for breach of insurance contract in this case are the Extra Expenses that Universal incurred in postponing and relocating the *Dig* production out of Israel to Croatia and New Mexico.

Universal must prove the amount of its contract damages by a preponderance of evidence.  Universal does not have to prove the exact amount of contract damages.  You must not speculate or guess in awarding damages.

Source:  CACI No. 350 (Modified).

# ATLANTIC'S OBJECTION

Atlantic objects to the plaintiffs' proposed Court Instruction No. 31 on the grounds that the blanket reference to "Universal" is improper and incomplete, as well as confusing based upon the actual names of the parties to the case.  The two plaintiffs, being separate insured entities, bear separate burdens of proof and must be treated separately in the court's instructions and the verdict form.

Atlantic objects to the plaintiffs' proposed Court Instruction No. 31 to the extent that plaintiffs have departed in any way from the full language of CACI No. 350.

1

## **UNIVERSAL'S RESPONSE**

2     Atlantic's objection to use of the term "Universal" to refer to both Plaintiffs

3   is without merit.  Atlantic points to no meaningful distinction between the

4   Plaintiffs, and it is more efficient to refer to them collectively as "Universal."

5   Parsing each Plaintiff in each jury instruction will inject unnecessary confusion and

6   burden into the trial, particularly given 9th Cir. MCJI 1.8.  (You should decide the

7   case as to each plaintiff separately.  Unless otherwise stated, the instructions apply

8   to all parties).

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

**DISPUTED [PROPOSED] JURY INSTRUCTIONS**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING</u>**

Mitchell Silberberg & Knupp LLP

58

1

## <u>COURT'S INSTRUCTION NO. 33</u>

2

## <u>BREACH OF IMPLIED OBLIGATION OF GOOD FAITH AND FAIR</u>

3

## <u>DEALING – FAILURE IN PAYMENT</u>

4

5        Universal claims that Atlantic breached the obligation of good faith and fair

6   dealing by failing to pay benefits due under the insurance policy.  To establish this

7   claim, Universal must prove all of the following:

8

9        (1)     That Universal suffered a loss covered under an insurance policy with

10  Atlantic;

11       (2)     That Atlantic was notified of the loss;

12       (3)     That Atlantic, unreasonably failed to pay policy benefits;

13       (4)     That Universal was harmed; and

14       (5)     That Atlantic's failure to pay policy benefits was a substantial factor

15  in causing Universal harm.

16

17       To act or fail to act "unreasonably" means that the insurer, Atlantic, had no

18  proper cause for its conduct.  In determining whether Atlantic acted unreasonably,

19  you should consider only the information that Atlantic knew or reasonably should

20  have known at the time when it failed to pay policy benefits.

21

22       <u>Source:</u>  CACI No. 2331.

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

59

1

## **ATLANTIC'S OBJECTION**

2       Atlantic objects to the plaintiffs' proposed Court Instruction No. 33 on the

3  grounds that the blanket reference to "Universal" is improper and incomplete, as

4  well as confusing based upon the actual names of the parties to the case.  The two

5  plaintiffs, being separate insured entities, bear separate burdens of proof and must

6  be treated separately in the court's instructions and the verdict form.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **UNIVERSAL'S RESPONSE**

2   Atlantic's objection to use of the term "Universal" to refer to both Plaintiffs

3   is without merit.  Atlantic points to no meaningful distinction between the

4   Plaintiffs, and it is more efficient to refer to them collectively as "Universal."

5   Parsing each Plaintiff in each jury instruction will inject unnecessary confusion and

6   burden into the trial, particularly given 9th Cir. MCJI 1.8.  (You should decide the

7   case as to each plaintiff separately.  Unless otherwise stated, the instructions apply

8   to all parties).

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

**DISPUTED [PROPOSED] JURY INSTRUCTIONS**

## UNIVERSAL'S [PROPOSED] INSTRUCTION NO. 34
## BREACH OF IMPLIED OBLIGATION OF GOOD FAITH AND FAIR DEALING – FAILURE TO PROPERLY INVESTIGATE CLAIM

Universal claims that Atlantic acted unreasonably, that is, without proper cause, by failing to conduct a properly investigation of its claim.  To establish this claim, Universal must prove all of the following:

1.  That Universal suffered a loss covered under an insurance policy issued by Atlantic;

2.  That Universal properly presented a claim to Atlantic to be compensated for the loss;

3.  That Atlantic failed to conduct a full, fair, prompt, and thorough investigation of all of the bases of Universal's claim;

4.  That Universal was harmed; and

5.  That Atlantic's failure to properly investigate the claim was a substantial factor in causing Universal's harm.

When investigating Universal's claim, Atlantic had a duty to diligently search for and consider evidence that supported coverage of the claimed loss.

Source:  CACI 2332.

DISPUTED [PROPOSED] JURY INSTRUCTIONS

Mitchell
Silberberg &
Knupp LLP

1

## **ATLANTIC'S OBJECTION**

2   Atlantic objects to the plaintiffs' proposed Court Instruction No. 34 on the

3   grounds that the blanket reference to "Universal" is improper and incomplete, as

4   well as confusing based upon the actual names of the parties to the case.  The two

5   plaintiffs, being separate insured entities, bear separate burdens of proof and must

6   be treated separately in the court's instructions and the verdict form.

7   Atlantic objects to the plaintiffs' proposed Court Instruction No. 34 to the

8   extent it departs from the specifics of CACI 2332. Atlantic objects to the plaintiffs'

9   proposed Court Instruction No. 34 on the grounds it is an improper comment on

10  the evidence.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

**DISPUTED [PROPOSED] JURY INSTRUCTIONS**

1

## **<u>UNIVERSAL'S RESPONSE</u>**

2      Universal's proposed instruction is nearly identical to the CACI form

3  instruction no. 2332.  Atlantic fails to explain what "the instruction improperly

4  comments on the evidence" means.

5      Atlantic's objection to use of the term "Universal" to refer to both Plaintiffs

6  is without merit.  Atlantic points to no meaningful distinction between the

7  Plaintiffs, and it is more efficient to refer to them collectively as "Universal."

8  Parsing each Plaintiff in each jury instruction will inject unnecessary confusion and

9  burden into the trial, particularly given 9th Cir. MCJI 1.8.  (You should decide the

10  case as to each plaintiff separately.  Unless otherwise stated, the instructions apply

11  to all parties).

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DISPUTED [PROPOSED] JURY INSTRUCTIONS**

## UNIVERSAL'S [PROPOSED] INSTRUCTION NO. 35
## THINGS TO CONSIDER IN EVALUATING INSURER'S CONDUCT

In determining whether Atlantic acted unreasonably, that is, without proper cause, you may consider whether Atlantic did any of the following:

(1)    Misrepresented to the insured relevant facts or insurance policy provisions relating to any coverage at issue.

(2)    Failed to evaluate the insured's claim objectively and in an unbiased manner.

(3)    Failed to adopt and implement reasonable standards for the prompt investigation and processing of claims arising under its insurance policies.

(4)    Conducted its investigation in a biased or unreasonable manner.

(5)    Favored its own interests over those of the insured.

(6)    Interpreted the insurance policy and applicable law unreasonably or arbitrarily.

(7)    Failed to fully inquire into possible bases that might support the insured's claim.

(8)    Failed to objectively reconsider its denial of the claim after the insured presented Atlantic with legal authority and facts that the claim is covered under the Policy.

(9)    Failed to disclose to the insured all benefits, coverages and limitations that may apply to the claim.

(10)    Failed to timely retain and employ independent and unbiased experts to provide opinion on the insured's claim.

(11)    Failed to diligently search for and consider evidence that supported the insured's claim.

1       (12)   Denied the claim on a basis that is arbitrary or contrary to established

2   law.

3       (13)   Failed to comply with its own internal policies and procedures.

4       (14)   Failed to give equal weight and consideration to Universal's position

5   that Hamas' actions during the summer of 2014 were acts of terrorism, as opposed

6   to Atlantic's own position that Hamas' actions during the summer of 2014 were

7   acts of war.

8

9       Source:  CACI No. 2337 (Modified); CACI No. 2330 (Modified); *Wilson v.*

10  *21st Century Ins. Co.,* 42 Cal. 4th 713, 723 (2007); *Guebara v. Allstate Ins. Co.,*

11  237 F.3d 987, 996 (9th Cir. 2001); *Tomaselli v. Transamerica Ins. Co.*, 25 Cal.

12  App. 4th 1269, 1281-82 (1994); *Jordan v. Allstate Inx. Co.*, 148 Cal. App. 4th

13  1062, 1072 (2007); *Mariscal v. Old Republic Life Ins. Co.*, 42 Cal. App. 4th 1617,

14  1624 (1996); *Shade Foods, Inc. v. Innovative Prods. Sales & Mrktg., Inc.*, 78 Cal.

15  App. 4th 847, 880 (2000); *Amadeo v. Principal Mut. Life Ins. Co.*, 290 F.3d 1152,

16  1163 (9th Cir. Cal. 2002); *Othman v. Globe Indem. Co.*, 759 F.2d 1458, 1467-68

17  (9th Cir. 1985); *Brehm v. 21st C. Ins. Co.*, 166 Cal. 4th 1225, 1239-40 (2008).

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

**DISPUTED [PROPOSED] JURY INSTRUCTIONS**

## <u>ATLANTIC'S OBJECTION</u>

Atlantic objects to the plaintiffs' proposed Court Instruction No. 35 on the grounds that the plaintiffs have failed to allege any harm resulting from the alleged misrepresentation.  Atlantic further objects on the grounds that there is no evidence in the case of failure to adopt and implement reasonable standards for the prompt investigation and processing of claims.  In fact, the plaintiffs have seemed to allege a contrary argument that Atlantic processed their claim too quickly.  Atlantic further objects to item 2 and items 4 through 14 on the grounds that they are not included in CACI 2337 and are an improper comment on the weight of the evidence.  There is also no evidence of any of these alleged wrongs having caused the plaintiffs any harm.

Mitchell Silberberg & Knupp LLP

**DISPUTED [PROPOSED] JURY INSTRUCTIONS**

### UNIVERSAL'S RESPONSE

Universal contends that this instruction is necessary and appropriate under prevailing law. Inclusion of factors 2-14 is supported by, *inter alia*, the following authority: *Wilson v. 21st Century Ins. Co.,* 42 Cal. 4th 713, 723 (2007); *Guebara v. Allstate Ins. Co.*, 237 F.3d 987, 996 (9th Cir. 2001); *Tomaselli v. Transamerica Ins. Co*., 25 Cal. App. 4th 1269, 1281-82 (1994); *Jordan v. Allstate Inx. Co*., 148 Cal. App. 4th 1062, 1072 (2007); *Mariscal v. Old Republic Life Ins. Co*., 42 Cal. App. 4th 1617, 1624 (1996); *Shade Foods, Inc. v. Innovative Prods. Sales & Mrktg., Inc.*, 78 Cal. App. 4th 847, 880 (2000); A*madeo v. Principal Mut. Life Ins. Co.*, 290 F.3d 1152, 1163 (9th Cir. Cal. 2002); *Othman v. Globe Indem. Co.*, 759 F.2d 1458, 1467-68 (9th Cir. 1985); *Brehm v. 21st C. Ins. Co.,* 166 Cal. 4th 1225, 1239-40 (2008).

Atlantic's argument that "plaintiffs have failed to allege any harm resulting from the alleged misrepresentation" makes little sense and misses the point. Universal has alleged that Atlantic breached the implied obligation of good faith and fair dealing.  The jury is permitted to, and should, consider the totality of the factors listed in this instruction.

Mitchell Silberberg & Knupp LLP

# UNIVERSAL'S [PROPOSED] INSTRUCTION NO. 36
## DAMAGES FOR BAD FAITH

If you decide that Universal has proved its claim against Atlantic for breach of implied covenant of good faith and fair dealing, you also must decide how much money will reasonably compensate Universal for the harm.  This compensation is called "bad faith damages."

The amount of bad faith damages must include an award for all harm that was caused by Atlantic's unreasonable failure to pay Universal's loss under the Policy, even if the particular harm could not have been anticipated.

Universal must prove the amount of its bad faith damages by a preponderance of evidence.  Universal does not have to prove the exact amount of bad faith damages.  You must not speculate or guess in awarding damages.

The following are the specific items of damages claimed by Universal:

(1)     The attorney fees and costs Universal incurred to recover the insurance Policy benefits; and

(2)     Punitive damages, as described in Court's Instruction No. 37.

To recover attorney fees and costs Universal must prove that because of Atlantic's breach of the obligation of good faith and fair dealing it was reasonably necessary for Universal to retain an attorney to recover the Policy benefits.  Universal may recover attorney fees and costs it incurred to obtain Policy benefits but not attorney fees it incurred for other purposes.

Source:  CACI No. 2350.

Mitchell
Silberberg &
Knupp LLP

69

## **ATLANTIC'S OBJECTION**

Atlantic objects to the plaintiffs' proposed Court Instruction No. 36 on the grounds that the blanket reference to "Universal" is improper and incomplete, as well as confusing based upon the actual names of the parties to the case.  The two plaintiffs, being separate insured entities, bear separate burdens of proof and must be treated separately in the court's instructions and the verdict form.

Atlantic objects to the plaintiffs' proposed Court Instruction No. 36 on the grounds that it includes a provision regarding punitive damages in this instruction. Punitive damages are a separate form of damages, and do not meet the definition of compensatory damages given in this instruction. Moreover, the preponderance-of-the-evidence standard embedded in this instruction is incorrect as applied to punitive damages.  There should be no mention of punitive damages in this instruction.

**DISPUTED [PROPOSED] JURY INSTRUCTIONS**

## UNIVERSAL'S RESPONSE

Universal contends that punitive damages are appropriately addressed as part of CACI No. 2350. Moreover, CACI No. 2350 specifically contemplates that parties will "[i]nsert other applicable item[s] of damage."

Atlantic's objection to use of the term "Universal" to refer to both Plaintiffs is without merit.  Atlantic points to no meaningful distinction between the Plaintiffs, and it is more efficient to refer to them collectively as "Universal." Parsing each Plaintiff in each jury instruction will inject unnecessary confusion and burden into the trial, particularly given 9th Cir. MCJI 1.8.  (You should decide the case as to each plaintiff separately.  Unless otherwise stated, the instructions apply to all parties).

# UNIVERSAL'S [PROPOSED] INSTRUCTION NO. 37
## PUNITIVE DAMAGES

If you decide that Atlantic's conduct caused Universal harm, you must decide whether that conduct justifies an award of punitive damages.  The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future.

You may award punitive damages against Atlantic only if Universal proves that Atlantic acted with malice, oppression, or fraud.  To do this, Universal must prove one of the following by clear and convincing evidence:

1. That the conduct constituting malice, oppression, or fraud was committed by one of more officers, directors, or managing agents Atlantic, who acted on behalf of Atlantic; or

2. That the conduct constituting malice, oppression, or fraud was authorized by one or more officers, directors, or managing agents of Atlantic; or

3. That one of more officers, directors, or managing agents of Atlantic knew of the conduct constituting malice, oppression, or fraud and adopted or approved that conduct after it occurred.

"Malice" means that Atlantic acted with intent to cause injury or that Atlantic's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another.  A defendant acts with knowing disregard when the defendant is aware of the probably dangerous consequences of its conduct and deliberately fails to avoid those consequences.

"Oppression" means that Atlantic's conduct was despicable and subjected Universal to cruel and unjust hardship in knowing disregard of its rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

72

Mitchell
Silberberg &
Knupp LLP

1    An employee is a "managing agent" if he or she exercises substantial

2    independent authority and judgment in his or her corporate decision making such

3    that his or her decisions ultimately determine corporate policy.

4    There is no fixed formula for determining the amount of punitive damages,

5    and you are not required to award any punitive damages.  If you decide to award

6    punitive damages, you should consider all of the following factors in determining

7    the amount:

8    (a)    How reprehensible was Atlantic's conduct?  In deciding how

9    reprehensible Atlantic's conduct was, you may consider, among other factors:

10    1.    Whether the conduct caused physical harm;

11    2.    Whether Atlantic disregarded the health or safety of

12    others;

13    3.    Whether Universal was financially weak or vulnerable

14    and Atlantic knew Universal was financially weak or vulnerable and took

15    advantage of it;

16    4.    Whether Atlantic's conduct involved a pattern or

17    practice; and

18    5.    Whether Atlantic acted with trickery or deceit.

19

20    (b)    Is there a reasonable relationship between the amount of

21    punitive damages and Universal's harm or between the amount of punitive

22    damages and potential harm to Universal that Atlantic knew was likely to occur

23    because of its conduct?

24    (c)    In view of Atlantic's financial condition, what amount is

25    necessary to punish it and discourage future wrongful conduct?  You may not

26    increase the punitive award above an amount that is otherwise appropriate merely

27    because Atlantic has substantial financial resources.

28    <u>Source:</u>  CACI 3945

Mitchell
Silberberg &
Knupp LLP

73

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

1

## **ATLANTIC'S OBJECTION**

2     Atlantic objects to the plaintiffs' proposed Court Instruction No. 37 on the

3   grounds that the blanket reference to "Universal" is improper and incomplete, as

4   well as confusing based upon the actual names of the parties to the case.  The two

5   plaintiffs, being separate insured entities, bear separate burdens of proof and must

6   be treated separately in the court's instructions and the verdict form.

7     Atlantic objects to the plaintiffs' proposed Court Instruction No. 37 on the

8   grounds that, because California law applies to this case, the scheduling order

9   provides that the CACI instruction should be used in its entirety.

10     Atlantic objects to any attempt by Plaintiffs to base an award of punitive

11   damages on the size of the compensatory damages awarded for an entirely separate

12   cause of action.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

**DISPUTED [PROPOSED] JURY INSTRUCTIONS**

## UNIVERSAL'S RESPONSE

Atlantic's decision to include this in the disputed objections document is apparently based only on its disagreement over referring to Plaintiffs as "Universal."  Atlantic's objection to use of the term "Universal" to refer to both Plaintiffs is without merit.  Atlantic points to no meaningful distinction between the Plaintiffs, and it is more efficient to refer to them collectively as "Universal." Parsing each Plaintiff in each jury instruction will inject unnecessary confusion and burden into the trial, particularly given 9th Cir. MCJI 1.8.  (You should decide the case as to each plaintiff separately.  Unless otherwise stated, the instructions apply to all parties).

Atlantic asked that Universal use the CACI form instruction on punitive damages (CACI 3945).  Universal has agreed to use this instruction.  Thus Atlantic's argument that the CACI form should be used is unnecessary as there is no dispute.

Mitchell
Silberberg &
Knupp LLP

**DISPUTED [PROPOSED] JURY INSTRUCTIONS**

1
2
3
4
5
6
7
8                        **<u>BURDEN OF PROOF</u>**
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Mitchell
Silberberg &
Knupp LLP

**DISPUTED [PROPOSED] JURY INSTRUCTIONS**

1

2 **UNIVERSAL'S [PROPOSED] INSTRUCTION NO. 39**

3 **BURDEN OF PROOF—CLEAR AND CONVINCING EVIDENCE**

4

5      When a party has the burden of proving any claim or defense by clear and

6 convincing evidence, it means that the party must present evidence that leaves you

7 with a firm belief or conviction that it is highly probable that the factual

8 contentions of the claim or defense are true.  This is a higher standard of proof than

9 proof by a preponderance of the evidence, but it does not require proof beyond a

10 reasonable doubt.

11      In this case, this higher standard of proof applies only to evidence that

12 punitive damages should be awarded against Atlantic, if you find for Universal on

13 its claim against Atlantic for breach of implied covenant of good faith and fair

14 dealing.

15

16      Source:  9TH CIR. CIVIL JURY INSTR. 1.7.

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

78

## <u>ATLANTIC'S OBJECTION</u>

Atlantic objects to the plaintiffs' proposed Court Instruction No. 39 on the grounds that the second paragraph is duplicative of MCJI 1.7 and therefore covered by proposed Court Instruction No. 37.

Mitchell
Silberberg &
Knupp LLP

1    **<u>UNIVERSAL'S RESPONSE</u>**

2         Universal contends that this instruction is necessary and appropriate.  The

3    fact that Universal's proposed instruction 37 may mention the applicable burden of

4    proof does not render this more specific instruction superfluous or unnecessary.

1
2
3
4
5
6
7
8

## **ATLANTIC'S DISPUTED PROPOSED INSTRUCTIONS**

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Mitchell
Silberberg &
Knupp LLP

**DISPUTED [PROPOSED] JURY INSTRUCTIONS**

## ATLANTIC'S PROPOSED JURY INSTRUCTION NO. 2

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiffs are Universal Cable Productions, LLC, and Northern Entertainment Productions LLC.  The plaintiffs assert that they suffered insured losses under the insurance policy in question, and that the insurer breached the policy by failing to pay these losses.  The plaintiffs also assert that the insurer breached its duty of good faith and fair dealing by failing to pay the losses, and by failing to conduct a proper investigation of the claim.  The plaintiffs have the burden of proving these claims.

The defendant is Atlantic Specialty Insurance Company; for convenience, I will refer to the defendant as Atlantic.  Atlantic denies the plaintiffs' claims and also contends that coverage was excluded by one or more policy exclusions. Atlantic has the burden of proof on its affirmative defenses based on the policy exclusions.

The plaintiffs deny Atlantic's affirmative defenses.

[Source: 9TH CIR. MCJI 1.5]

Mitchell
Silberberg &
Knupp LLP

**DISPUTED [PROPOSED] JURY INSTRUCTIONS**

1

2 **<u>UNIVERSAL'S OBJECTION</u>**

3          Universal objects to this instruction.  Universal's version of this instruction

4 (Proposed Instruction No. 2) is more specific, and includes a summary of the facts

5 of the case.  Atlantic's proposed instruction is so vague as to be unhelpful to the

6 jury.  Universal also objects to this instruction, and to all of Atlantic's proposed

7 instructions, to the extent it seeks to define or label the plaintiffs as "Plaintiffs"

8 rather than "Universal."

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **ATLANTIC'S RESPONSE**

2      Pursuant to the instructions of the Court, Atlantic has used the Ninth Circuit

3  pattern language for purposes of this item.

4      Atlantic refers to the "plaintiffs" in the plural because there are two separate

5  and distinct plaintiffs.  Blanket reference to the term "Universal" is improper and

6  incomplete, as well as confusing based upon the actual names of the parties to the

7  case.  The two plaintiffs, being separate insured entities, bear separate burdens of

8  proof and must be treated separately in the court's instructions and the verdict

9  form.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

**DISPUTED [PROPOSED] JURY INSTRUCTIONS**

## <u>ATLANTIC'S PROPOSED JURY INSTRUCTION NO. 4</u>

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claim or defense are true.  This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

[Source: 9TH CIR. MCJI 1.7]

**DISPUTED [PROPOSED] JURY INSTRUCTIONS**

## **UNIVERSAL'S OBJECTION**

Universal objects to this instruction.  Universal's proposed instruction (No. 39) specifically discusses the applicability of this standard to Universal's claim for punitive damages.

**DISPUTED [PROPOSED] JURY INSTRUCTIONS**

1

## **ATLANTIC'S RESPONSE**

2        Pursuant to the instructions of the Court, Atlantic has used the Ninth Circuit

3   pattern language for purposes of this item.  Further to discuss in this instruction the

4   applicability of the clear-and-convincing standard to the plaintiffs' claim for

5   punitive damaged would duplicate instructions given in the punitive-damage

6   instruction.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

**DISPUTED [PROPOSED] JURY INSTRUCTIONS**

## ATLANTIC'S PROPOSED JURY INSTRUCTION NO. 13

The plaintiffs claim that their losses were covered under the Extra Expense coverage of the insurance policy. For this coverage to apply, the plaintiffs must have sustained losses

1.     by reason of extra expense they necessarily incurred as a result of the interruption, postponement, cancellation, relocation, curtailment or abandonment of an Insured Production;

2.     as a direct result of an unexpected, sudden or accidental occurrence entirely beyond their control, including

a.     imminent peril, defined as certain, immediate and impending danger of such probability and severity to persons or property that it would be unreasonable or unconscionable to ignore, and

b.     any expenses incurred to avoid a loss resulting from imminent peril, to the extent that they serve to avoid a loss otherwise covered.

Loss of earnings or profit is not covered under the Extra Expense coverage.

[Source: Policy, Section III]

1

## <u>UNIVERSAL'S OBJECTION</u>

2
3
4

Universal objects to this instruction.  This instruction purports to quote from the Policy, but the quote is incomplete and truncated (and fails to point out the omissions).  The instruction is thus likely to confuse the jury.

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Mitchell
Silberberg &
Knupp LLP

**DISPUTED [PROPOSED] JURY INSTRUCTIONS**

## <u>ATLANTIC'S RESPONSE</u>

Atlantic refers to the "plaintiffs" in the plural because there are two separate and distinct plaintiffs.  Blanket reference to the term "Universal" is improper and incomplete, as well as confusing based upon the actual names of the parties to the case.  The two plaintiffs, being separate insured entities, bear separate burdens of proof and must be treated separately in the court's instructions and the verdict form.

The language properly reflects the contents of the insuring agreement for the relevant policy.  Plaintiffs have not specified the grounds on which they argue that the instruction is truncated or incomplete.

Mitchell
Silberberg &
Knupp LLP

**DISPUTED [PROPOSED] JURY INSTRUCTIONS**

## __ATLANTIC'S PROPOSED JURY INSTRUCTION NO. 14__

Atlantic claims that the plaintiffs' losses are not covered because they are specifically excluded under the policy. To succeed, Atlantic must prove that the plaintiffs' losses were caused by matters set forth in one or more exclusions under the policy.  An exclusion applies if the losses were caused, directly, or indirectly, by one or more of the following:

1.      War, including undeclared or civil war; or

2.      Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

3.      Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these; such loss is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss; or

4.      Any weapon of war including atomic fission or radioactive force, whether in time of peace or war; or

5.      An imminent peril or physical damage to property, facilities, or locations necessary to the insured production; or

6.      Any concern or belief that the commencement or continuation of Insured Production is inappropriate.

[Source: CACI 2303]

Mitchell
Silberberg &
Knupp LLP

91

1

## UNIVERSAL'S OBJECTION

2      Universal objects to this instruction.  It purports to quote from the policy

3 without providing adequate context.  Moreover, it removes grammar marking and

4 is prejudicial, and does not help clarify the issues for the jury.  Universal's

5 proposed instructions (Nos. 25-30) are more specific and are tailored to the facts of

6 the case.  Universal also believes that each Exclusion is more properly addressed

7 as a separate instruction.  *See Garvey v. State Farm Fire & Cas. Co.*, 48 Cal. 3d

8 395, 406 (1989); *Minkler v. Safeco Ins. Co. of America*, 49 Cal. 4th 315, 322

9 (2010); *MacKinnon v. Truck Ins. Exch.*, 31 Cal. 4th 635, 648 (2003); *Manzarek v.*

10 *St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1032 (9th Cir. 2008); *Pan Am.*

11 *World Airways v. Aetna Cas. & Surety Co.*, 505 F.2d 989, 1012, 1017-19 (2nd Cir.

12 1974); *Holiday Inns Inc. v. Aetna Ins. Co.*, 571 F. Supp. 1460, 1464-65, 1487-88

13 (S.D.N.Y. 1983); *Ungar v. PLO*, 402 F.3d 274, 283 (1st Cir. 2005); *Ennar Latex v.*

14 *Atlantic Mut. Ins. Co.*, 1995 U.S. Dist. LEXIS 7386, at *12-16 (S.D.N.Y. May 30,

15 1995); *United States v. Damra*, 621 F.3d 474, 486 (6th Cir. 2010); *Queen Ins. Co.*

16 *v. Globe & Rutgers Fire Ins. Co.*, 282 F. 976, 979 (2d Cir. 1922); *Airlift Int'l, Inc.*

17 *v. United States*, 335 F. Supp. 442, 448 (S.D. Fla. 1971).

18      Further, the instruction for the Exclusion numbered 5 above (Section III.

19 Extra Expense - Exclusions No. 9) fails to explain that this exclusion must be read

20 and interpreted consistently with "Section IV- Property" which means that it

21 excludes claims for loss of use of otherwise covered property. The instruction

22 proffered by Atlantic makes it appear that Exclusion 9 is a blanket exclusion for all

23 losses stemming from an imminent peril to a particular location (such as Israel).

24 Such an interpretation is untenable as a matter of law because it would eviscerate

25 Section III's specific coverage for losses incurred as a result of "relocation… due

26 to…imminent peril" and would render the coverage for Imminent Peril entirely

27 illusory.  Cal. Civ. Code § 1641.

28

1    The instruction for the Exclusion numbered 6 above (Section III. Extra

2   Expense - Exclusions No. 10) fails to explain that the concern or belief must be

3   about something other than Imminent Peril.  The instruction proffered by Atlantic

4   is unclear and would render coverage for Imminent Peril provided in Section III –

5   Extra Expense I (1)(h) entirely illusory.

Mitchell
Silberberg &
Knupp LLP

93

1

## **ATLANTIC'S RESPONSE**

2        Atlantic's version of the Instructions is both appropriate and complete.  It

3  quotes language of the actual exclusions.  It fully addresses the scope of the

4  unambiguous terms of the Policy.  It correctly reflects the language and specifics

5  that the jury will be called upon to apply.

**DISPUTED [PROPOSED] JURY INSTRUCTIONS**

## <u>ATLANTIC'S PROPOSED JURY INSTRUCTION NO. 15</u>

You have heard evidence that the claimed losses were caused by a combination of covered and excluded risks under the insurance policy.  When a loss is caused by a combination of covered and excluded risks under the policy, the loss is covered only if the most important or predominant cause is a covered risk.

Atlantic claims that the plaintiffs' losses are not covered because the losses were caused by one or more risks excluded under the policy.  To succeed, Atlantic must prove that the most important or predominant cause of the loss was one or more of the six excluded risks described above.

[Source: CACI 2306]

Mitchell
Silberberg &
Knupp LLP

95

1

2                            **<u>UNIVERSAL'S OBJECTION</u>**

3          Universal objects to this instruction.  It assumes that the jury will have heard

4   evidence that portions of Universal's losses were caused by excluded risks.

5   Moreover, it does not follow CACI and omits Universal's contentions under the

6   model instruction.  Further, it is extremely vague and fails to describe the excluded

7   or covered peril or event per the instruction directions.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

**DISPUTED [PROPOSED] JURY INSTRUCTIONS**

# ATLANTIC'S RESPONSE

Pursuant to the instructions of the Court, Atlantic has used the CACI pattern language for purposes of this item.

## <u>ATLANTIC'S PROPOSED JURY INSTRUCTION NO. 16</u>

If you decide that the plaintiffs have proved their claim against Atlantic for breach of the insurance policy, you also must decide how much money will reasonably compensate the plaintiffs for the harm caused by the breach.  This compensation is called "damages."  The purpose of such damages is to put the plaintiffs in as good a position as they would have been if Atlantic had performed as promised.

The plaintiffs also must prove the amount of their damages according to the following instructions.  They do not have to prove the exact amount of damages.  You must not speculate or guess in awarding damages.

The plaintiffs claim damages for the costs and expenses they incurred in postponing and re-locating the Dig production out of Jerusalem and Israel.

[Source: CACI 350]

Mitchell
Silberberg &
Knupp LLP

98

1

2                          **<u>UNIVERSAL'S OBJECTION</u>**

3          Universal objects to this instruction.  Universal's instruction (No. 31) is

4   more specific and tailored to the facts of the case.  There are multiple types of

5   damages at issue in this action, and contract damages are only one of them.

6   Universal's instruction also includes the applicable burden of proof.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

**DISPUTED [PROPOSED] JURY INSTRUCTIONS**

1

## **ATLANTIC'S RESPONSE**

2          Pursuant to the instructions of the Court, Atlantic has used the CACI pattern

3   language for purposes of this item.  Atlantic has properly referred to the contract

4   damages that would be implicated in the case.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Mitchell
Silberberg &
Knupp LLP

28

**DISPUTED [PROPOSED] JURY INSTRUCTIONS**

## ATLANTIC'S PROPOSED JURY INSTRUCTION NO. 21

If you decide that the plaintiffs have proved their claim against Atlantic for breach of the duty of good faith and fair dealing, you also must decide how much money will reasonably compensate the plaintiffs for the harm. This compensation is called "damages."

The amount of damages must include an award for all harm that was caused by Atlantic, even if the particular harm could not have been anticipated.

The plaintiffs must prove the amount of their damages. However, the plaintiffs do not have to prove the exact amount of damages that will provide reasonable compensation for the harm. You must not speculate or guess in awarding damages.

The following are the specific items of damages claimed by the plaintiffs for Atlantic's breach of the duty of good faith and fair dealing:

1.      The cost of attorney fees to recover the insurance policy benefits; and

2.      Other costs incurred by them to establish their right to receive reimbursement for the claim.

To recover attorney fees, the plaintiffs must prove that because of Atlantic's breach of the obligation of good faith and fair dealing it was reasonably necessary for them to hire an attorney to recover the policy benefits. The plaintiffs may recover attorney fees they incurred to obtain policy benefits but not attorney fees they incurred for other purposes.

[Source: CACI 2350]

Mitchell
Silberberg &
Knupp LLP

101

**DISPUTED [PROPOSED] JURY INSTRUCTIONS**

1

2                    **<u>UNIVERSAL'S OBJECTION</u>**

3          Universal objects to this instruction.  Universal's proposed instruction is

4   more specific, is tailored to the facts of the case, and includes the applicable

5   burden of proof.  Atlantic's instruction fails to include punitive damages.

6          Universal will agree to use the CACI form, but the instruction must include

7   punitive damages.  Atlantic has not so agreed.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

**DISPUTED [PROPOSED] JURY INSTRUCTIONS**

1

## __ATLANTIC'S RESPONSE__

2       Pursuant to the instructions of the Court, Atlantic has used the CACI pattern

3   language for purposes of this item.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

**DISPUTED [PROPOSED] JURY INSTRUCTIONS**

## <u>ATLANTIC'S PROPOSED JURY INSTRUCTION NO. 22</u>

If you decide that Atlantic's conduct caused the plaintiffs harm, you must decide whether that conduct justifies an award of punitive damages.  The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future.

You may award punitive damages against Atlantic only if the plaintiffs prove that Atlantic acted with malice, oppression, or fraud.  To do this, the plaintiffs must prove one of the following by clear and convincing evidence:

1.      That the malice, oppression, or fraud was conduct of one or more officers, directors, or managing agents of Atlantic, who acted on behalf of Atlantic; or

2.      That the conduct constituting malice, oppression, or fraud was authorized by one or more officers, directors, or managing agents of Atlantic; or

3.      That one or more officers, directors, or managing agents of Atlantic] knew of the conduct constituting malice, oppression, or fraud and adopted or approved that conduct after it occurred.

"Malice" means that a defendant acted with intent to cause injury or that a defendant's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another.  A defendant acts with knowing disregard when the defendant is aware of the probable dangerous consequences of its conduct and deliberately fails to avoid those consequences.

"Oppression" means that a defendant's conduct was despicable and subjected the plaintiffs to cruel and unjust hardship in knowing disregard of their rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

Mitchell
Silberberg &
Knupp LLP

104

An employee is a "managing agent" if he or she exercises substantial independent authority and judgment in his or her corporate decision making such that his or her decisions ultimately determine corporate policy.

There is no fixed formula for determining the amount of punitive damages, and you are not required to award any punitive damages.  If you decide to award punitive damages, you should consider all of the following factors in determining the amount:

(a)     How reprehensible was Atlantic's conduct?  In deciding how reprehensible Atlantic's conduct was, you may consider, among other factors:

        1.     Whether the conduct caused physical harm;

        2.     Whether Atlantic disregarded the health or safety of others;

        3.     Whether the plaintiffs were financially weak or vulnerable and Atlantic knew the plaintiffs were financially weak or vulnerable and took advantage of them;

        4.     Whether Atlantic's conduct involved a pattern or practice; and

        5.     Whether Atlantic acted with trickery or deceit.

(b)     Is there a reasonable relationship between the amount of punitive damages and the plaintiffs' harm resulting from breach of the duty of good faith and fair dealing?

(c)     In view of Atlantic's financial condition, what amount is necessary to punish it and discourage future wrongful conduct?  You may not increase the punitive award above an amount that is otherwise appropriate merely because Atlantic has substantial financial resources.

[Source: CACI 3945]

Mitchell Silberberg & Knupp LLP

**DISPUTED [PROPOSED] JURY INSTRUCTIONS**

1

2

## **<u>UNIVERSAL'S OBJECTION</u>**

3       As set forth with respect to Universal's proposed instruction no. 37,

4   Universal agrees with using the CACI form.  Atlantic's decision to include this in

5   the disputed objections document is apparently based only on its disagreement over

6   referring to Plaintiffs as "Universal."

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

**DISPUTED [PROPOSED] JURY INSTRUCTIONS**

# **ATLANTIC'S RESPONSE**

Pursuant to the instructions of the Court, Atlantic has used the CACI pattern language for purposes of this item.

**DISPUTED [PROPOSED] JURY INSTRUCTIONS**

Mitchell Silberberg & Knupp LLP

Respectfully submitted,

DATED:  JUNE 2, 2017          LUCIA E. COYOCA
                             VALENTINE A. SHALAMITSKI
                             DANIEL M. HAYES
                             MITCHELL SILBERBERG & KNUPP LLP


                             By:  /s/ Lucia E. Coyoca
                                  Lucia E. Coyoca
                                  Attorneys for Attorneys for Plaintiffs
                                  Universal Cable Productions LLC and
                                  Northern Entertainment Productions
                                  LLC


DATED:  JUNE 2, 2017          MARC J. SHRAKE
                             ANDERSON, MCPHARLIN & CONNERS LLP

                                        -and-

                             MICHAEL KEELEY
                             JOHN R. RIDDLE
                             CARLA C. CRAPSTER
                             TONI SCOTT REED
                             STRASBURGER & PRICE, LLP


                             By:  /s/ Toni Scott Reed
                                  Toni Scott Reed
                                  Attorneys for Defendant
                                  Atlantic Specialty Insurance Company


## Attestation Regarding Signatures

I, Lucia E. Coyoca, attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.


                             By:  /s/ Lucia E. Coyoca
                                  Lucia E. Coyoca

Mitchell
Silberberg &
Knupp LLP