LUCIA E. COYOCA (SBN 128314)
  lec@msk.com
VALENTINE A. SHALAMITSKI (SBN 236061)
  vas@msk.com
DANIEL M. HAYES (SBN 240250)
  dmh@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, CA 90064-1683
Telephone:  (310) 312-2000
Facsimile:   (310) 312-3100

Attorneys for Plaintiffs

MARC J. SHRAKE (SBN 219331)
mjs@amclaw.com
ANDERSON, MCPHARLIN & CONNERS LLP
707 Wilshire Boulevard, Suite 4000
Los Angeles, CA 90017-3623
Telephone:  (213) 236-1691
Facsimile:  (213) 622-7594

MICHAEL KEELEY (*Admitted Pro Hac Vice*)
  michael.keeley@strasburger.com
JOHN R. RIDDLE (*Admitted Pro Hac Vice*)
  john.riddle@strasburger.com
CARLA C. CRAPSTER (*Admitted Pro Hac Vice*)
  carla.crapster@strasburger.com
STRASBURGER & PRICE, LLP
901 Main Street, Suite 4400
Dallas, TX 75202
Telephone:  (214) 651-4300
Facsimile:  (214) 651-4330

Attorneys for Defendant

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| UNIVERSAL CABLE PRODUCTIONS LLC, *et al.*, , <br><br> Plaintiffs, <br><br> vs. <br><br> ATLANTIC SPECIALTY INSURANCE COMPANY, <br><br> Defendant. | Case No. 2:16-cv-4435-PA-MRW <br><br> Honorable Percy Anderson <br><br> **COMBINED DISPUTED [PROPOSED] SPECIAL VERDICT FORM** <br><br> File Date:           June 20, 2016 <br> Discovery Cutoff:    June 2, 2017 <br> Pre-Trial Conf.:     June 16, 2017 <br> Trial Date:          July 25, 2017 |

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623

## PLAINTIFFS' PROPOSED VERDICT FORM

## INDEX

| **Number** | **Title** | **Source** | **Page** |
|---|---|---|---|
| 1 | Plaintiffs' Claim for Breach of the Policy | CACI VF-2300 (Modified) | 6 |
| 2 | Plaintiffs' Claim for Breach of the Policy | CACI VF-2300 (Modified) | 8 |
| 3 | Plaintiffs' Claim for Breach of the Policy | CACI VF-2300 (Modified) | 10 |
| 4 | Atlantic's Affirmative Defenses – Plaintiffs' Proposed Questions on Exclusion No. 1 ("War") | | 13 |
| 5 | Atlantic's Affirmative Defenses – Plaintiffs' Proposed Questions on Exclusion No. 1 ("War") | | 13 |
| 6 | Atlantic's Affirmative Defenses – Plaintiffs' Proposed Questions on Exclusion No. 1 ("War") | | 13 |
| 7 | Atlantic's Affirmative Defenses – Plaintiffs' Proposed Questions on Exclusion No. 1 ("War") | | 14 |
| 8 | Atlantic's Affirmative Defenses – Plaintiffs' Proposed Questions on Exclusion No. 2 ("Warlike Action By a Military Force") | | 16 |
| 9 | Atlantic's Affirmative Defenses – Plaintiffs' Proposed Questions on Exclusion No. 2 ("Warlike Action By a Military Force") | | 16 |

COMBINED DISPUTED [PROPOSED] SPECIAL VERDICT FORM

| **Number** | **Title** | **Source** | **Page** |
|---|---|---|---|
| 10 | Atlantic's Affirmative Defenses – Plaintiffs' Proposed Questions on Exclusion No. 3 ("Insurrection, Rebellion, Revolution, And Usurped Power") | | 18 |
| 11 | Atlantic's Affirmative Defenses – Plaintiffs' Proposed Questions on Exclusion No. 3 ("Insurrection, Rebellion, Revolution, And Usurped Power") | | 18 |
| 12 | Atlantic's Affirmative Defenses – Plaintiffs' Proposed Questions on Exclusion No. 4 ("Weapon of War") | | 20 |
| 13 | Atlantic's Affirmative Defenses – Plaintiffs' Proposed Questions on Exclusion No. 4 ("Weapon of War") | | 20 |
| 14 | Atlantic's Affirmative Defenses – Plaintiffs' Proposed Questions on Exclusion No. 9 ("Damage to Property") | | 22 |
| 15 | Atlantic's Affirmative Defenses – Plaintiffs' Proposed Questions on Exclusion No. 9 ("Damage to Property") | | 22 |
| 16 | Atlantic's Affirmative Defenses – Plaintiffs' Proposed Questions on Exclusion No. 9 ("Damage to Property") | | 22 |

COMBINED DISPUTED [PROPOSED] SPECIAL VERDICT FORM

| **Number** | **Title** | **Source** | **Page** |
|---|---|---|---|
| 17 | Atlantic's Affirmative Defenses – Plaintiffs' Proposed Questions on Exclusion No. 9 ("Damage to Property") | | 23 |
| 18 | Atlantic's Affirmative Defenses – Plaintiffs' Proposed Questions on Exclusion No. 9 ("Damage to Property") | | 23 |
| 19 | Atlantic's Affirmative Defenses – Plaintiffs' Proposed Questions on Exclusion No. 9 ("Damage to Property") | | 23 |
| 20 | Atlantic's Affirmative Defenses – Plaintiffs' Proposed Questions on Exclusion No. 10 ("Commencement Or Continuation - Inappropriate") | | 25 |
| 21 | Atlantic's Affirmative Defenses – Plaintiffs' Proposed Questions on Exclusion No. 10 ("Commencement Or Continuation - Inappropriate") | | 25 |
| 22 | Atlantic's Affirmative Defenses – Plaintiffs' Proposed Questions on Exclusion No. 10 ("Commencement Or Continuation - Inappropriate") | | 25 |
| 23 | Plaintiffs' Claim for Breach of the Implied Obligation of Good Faith and Fair Dealing | CACI VF-2301 | 27 |
| 24 | Plaintiffs' Claim for Breach of the Implied Obligation of Good Faith and Fair Dealing | CACI VF-2301 | 27 |

3

COMBINED DISPUTED [PROPOSED] SPECIAL VERDICT FORM

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623

| **Number** | **Title** | **Source** | **Page** |
|---|---|---|---|
| 25 | Plaintiffs' Claim for Breach of the Implied Obligation of Good Faith and Fair Dealing | CACI VF-2301 | 27 |
| 26 | Plaintiffs' Claim for Breach of the Implied Obligation of Good Faith and Fair Dealing | CACI VF-2301 | 28 |
| 27 | Plaintiffs' Claim for Breach of the Implied Obligation of Good Faith and Fair Dealing | CACI VF-2301 | 28 |
| 28 | Plaintiffs' Claim for Breach of the Implied Obligation of Good Faith and Fair Dealing | CACI VF-2301 | 28 |
| 29 | Punitive Damages | CACI VF-3900 | 29 |

**COMBINED DISPUTED [PROPOSED] SPECIAL VERDICT FORM**

ANDERSON, MCPHARLIN & CONNERS LLP
*LAWYERS*
*707 WILSHIRE BOULEVARD, SUITE 4000*
*LOS ANGELES, CALIFORNIA 90017-3623*

1
2
3
4
5
6
7
8
9  **<u>PLAINTIFFS' CLAIM FOR BREACH OF THE POLICY</u>**
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623

5

## QUESTION 1

Do you find that Universal suffered a loss caused by "Imminent Peril," as the Court has defined that term, when it was required to move the production of the television show "Dig" out of Israel in the summer of 2014?

\_\_\_\_\_ Yes     \_\_\_\_\_ No


*If you answered yes to this Question, please proceed to the next Question. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.*


Source: CACI VF-2300 (Modified)

ANDERSON, McPHARLIN & CONNERS LLP

LAWYERS

707 WILSHIRE BOULEVARD, SUITE 4000

LOS ANGELES, CALIFORNIA 90017-3623

6

**COMBINED DISPUTED [PROPOSED] SPECIAL VERDICT FORM**

1

### **ATLANTIC'S RESPONSE**

2        Atlantic objects to the proposed question, as it is an improper comment on the

3    evidence, it improperly narrows the scope of inquiry to certain terms included by

4    plaintiffs, it fails to refer to the full scope of the policy as required, it states

5    conclusions that relate to evidence that the plaintiffs must establish in the case, and

6    it is not consistent with the requirements of the pattern jury questions.  Additionally,

7    it fails to submit a question for each plaintiff, when each has its own burden of

8    proof.  Atlantic objects to use of this form of question, and refers to its Proposed

9    Question 1, which is the actual pattern jury question required.

10       Atlantic requests the submission of its Proposed Question 1, as it complies

11   with the CACI form and does not incorporate improper reference to disputed issues

12   and does not improperly refer to incomplete portions of the Policy.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMBINED DISPUTED [PROPOSED] SPECIAL VERDICT FORM**

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623

1  **QUESTION 2**

2      Was Atlantic notified of the loss as required by the policy?

3

4      _____ Yes      _____ No

5

6      *If you answered yes to this Question, please proceed to the next Question. If*

7  *you answered no, stop here, answer no further questions, and have the presiding*

8  *juror sign and date this form.*

9

10 Source: CACI VF-2300 (Modified)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623

**COMBINED DISPUTED [PROPOSED] SPECIAL VERDICT FORM**

## ATLANTIC'S RESPONSE

Atlantic objects to proposed question 2 because it does not refer to each separate plaintiff.

Atlantic requests the submission of its Question No. 2, which addresses this issue and more accurately refers to the requirements of the policy.

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623

9

**COMBINED DISPUTED [PROPOSED] SPECIAL VERDICT FORM**

**QUESTION 3**

What is the amount of covered loss that Atlantic failed to pay Universal?

_____ Yes      _____ No

*If you answered yes to this Question, please proceed to the next Question. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.*

Source: CACI VF-2300 (Modified)

**COMBINED DISPUTED [PROPOSED] SPECIAL VERDICT FORM**

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623

1

## ATLANTIC'S RESPONSE

2    Atlantic continues to object to Question 3, as it fails to differentiate between

3  the two separate plaintiffs, each of which has its own burden of proof.  Atlantic's

4  proposed Question No. 3 addresses this issue and tracks the pattern jury language.

5  Atlantic requests separate submission of its Proposed Question No. 3.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623

11

1
2
3
4
5
6
7          **<u>ATLANTIC'S AFFIRMATIVE DEFENSES</u>**
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ANDERSON, McPHARLIN & CONNERS LLP
*Lawyers*
707 Wilshire Boulevard, Suite 4000
Los Angeles, California 90017-3623

**COMBINED DISPUTED [PROPOSED] SPECIAL VERDICT FORM**

## PLAINTIFFS' PROPOSED QUESTIONS ON EXCLUSION NO. 1

## ("War")

*Please answer each of Questions 4-7, and then move on to Question 8.*

## QUESTION 4

Do you find that, at the time Universal decided to move the production of *Dig* out of Israel in July of 2014, Hamas was a "sovereign"?

_____ Yes      _____ No

## QUESTION 5

Do you find that, at the time Universal decided to move the production of *Dig* out of Israel in July of 2014, Hamas possessed significant attributes of sovereignty such that Hamas was a "quasi-sovereign" entity?

_____ Yes      _____ No

## QUESTION 6

Do you find that Hamas's attacks on Israel and its citizens, at the time Universal decided to move the production of Dig out of Israel in July of 2014, fell within the norms of warfare?

_____ Yes      _____ No

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623

**QUESTION 7**

Do you find that Universal's loss is not covered by the Policy because of Exclusion No. 1?

\_\_\_\_\_ Yes      \_\_\_\_\_ No

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623

14

COMBINED DISPUTED [PROPOSED] SPECIAL VERDICT FORM

**ANDERSON, MCPHARLIN & CONNERS LLP**
*LAWYERS*
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623

## **ATLANTIC'S RESPONSE**

Atlantic objects to the submission of a set of questions on an exclusion, and objects to use of any proposed items labeled as connected with Exclusion 1.

With regard to any proposed set of questions, Atlantic objects to use of any prefatory language to questions 4 through 7 on the grounds that it is improper to advise the jury of the basis of the Court's inquiry.

The proposed questions 4 through 7 are not consistent with the pattern jury charge requirements for submission of a contact issue under California law. Atlantic objects to the submission of Questions 4 through 7 in their entirety.  These do not comply with CACI requirements.

Atlantic objects to the proposed Question No. 4 on the grounds that it contains an improper comment on the evidence (presumed to have been both admitted and established) and because it is not dispositive of any question of material fact.

Atlantic objects to question no. 5 on the grounds that it contains an improper comment on the evidence (presumed to have been both admitted or established) and because it is not dispositive of any question of material fact.

Proposed questions 4 and 5 improperly divide the ultimate questions for the jury in an impermissible fashion.

Atlantic objects to proposed question no. 6 on the grounds that it contains an improper comment on the evidence (presumed to have been both admitted and established) and because it is not dispositive of any question of material fact.

Atlantic objects to proposed question no. 7 as an improper question under the required pattern forms referred to by the court.

**COMBINED DISPUTED [PROPOSED] SPECIAL VERDICT FORM**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANDERSON, McPHARLIN & CONNERS LLP

LAWYERS

707 WILSHIRE BOULEVARD, SUITE 4000

LOS ANGELES, CALIFORNIA 90017-3623

### PLAINTIFFS' PROPOSED QUESTIONS ON EXCLUSION NO. 2

### ("Warlike Action By A Military Force")

*Please answer each of Questions 8-9, and then move on to Question 10.*

## QUESTION 8

Do you find that Hamas's attacks on Israel and its citizens at the time Universal decided to move the production of *Dig* out of Israel in July of 2014 constituted hostile actions by the qualifying army, navy, marines, or air force of a sovereign or quasi-sovereign entity?

_____ Yes     _____ No

## QUESTION 9

Do you find that Universal's loss is not covered by the Policy because of Exclusion 2?

_____ Yes     _____ No

16

**ATLANTIC'S RESPONSE**

Atlantic objects to the submission of a set of questions on an exclusion, and objects to use of any proposed items labeled as connected with Exclusion 2.

Atlantic objects to any prefatory language to questions 8 through 9 on the grounds that it is improper to advise the jury of the basis of the Court's inquiry. Additionally, this line of questioning is not consistent with the pattern jury charge requirements.  Atlantic objects to the submission of Questions 8 through 9 in their entirety.  These do not comply with CACI requirements.

Atlantic objects to proposed question 8 on the grounds that it contains an improper comment on the evidence (presumed to have been both admitted and established) and because it is not dispositive of any question of material fact.  More specifically, whether Hamas' attacks on Israel constituted hostile actions by a so-called "qualifying army, navy, marines, or air force" of a sovereign or quasi-sovereign does not affect and is not dispositive of whether any of the four war exclusions apply. More specifically, whether Hamas' attacks on Israel in the summer of 2014 were hostile actions by a "qualifying" army, navy, marines, or air force is ambiguous in that the term "qualifying" is not defined, and whether there were actions by any "qualifying" army, navy, marines, or air force does not affect or is not dispositive of whether any of the four war exclusions apply.  Additionally, proposed question 8 does not properly reflect the actual terms of Exclusion 2.

Atlantic objects to proposed question no. 9 as an improper question under the required pattern forms referred to by the court.

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623

**COMBINED DISPUTED [PROPOSED] SPECIAL VERDICT FORM**

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623

## PLAINTIFFS' PROPOSED QUESTIONS ON EXCLUSION NO. 3

### ("Insurrection, Rebellion, Revolution, And Usurped Power")

*Please answer each of Questions 10-11, and then move on to Question 12.*

## QUESTION 10

Do you find that, when Hamas attacked Israel and its citizens at the time Universal decided to move the production of *Dig* out of Israel in July of 2014, Hamas was acting with the specific intent and purpose of overthrowing the duly constituted government of Israel and seizing its powers, so that Hamas could rule Israel and its citizens as its next legitimate government?

\_\_\_\_\_ Yes    \_\_\_\_\_ No

## QUESTION 11

Do you find that Universal's loss is not covered by the Policy because of Exclusion 3?

\_\_\_\_\_ Yes    \_\_\_\_\_ No

COMBINED DISPUTED [PROPOSED] SPECIAL VERDICT FORM

**ATLANTIC'S RESPONSE**

Atlantic objects to the submission of a set of questions on an exclusion, and objects to use of any proposed items labeled as connected with Exclusion 3.

Atlantic objects to any prefatory language to questions 10 through 11 on the grounds that it is improper to advise the jury of the basis of the Court's inquiry. Additionally, this line of questioning is not consistent with the pattern jury charge requirements.  Atlantic objects to the submission of Questions 10 through 11 in their entirety.  These do not comply with CACI requirements.

Atlantic objects to proposed question 10 on the grounds that it contains an improper comment on the evidence (presumed to have been both admitted and established), and on the grounds that it is not dispositive of any question of material fact.   More specifically, whether Hamas was acting with the specific intent and purpose of overthrowing the government of Israel and rule as its next "legitimate" government does not affect or is not dispositive of whether any of the four war exclusions apply.  It is also vague and ambiguous in its references to "legitimate government."  Further, it fails to properly and accurately reflect the terms of the actual Exclusion 3.

Atlantic objects to proposed question no. 11 as an improper question under the required pattern forms referred to by the court.

1

## **PLAINTIFFS' PROPOSED QUESTION ON EXCLUSION NO. 4**

2

### **("Weapon of War")**

3 *Please answer each of Questions 12-13, and then move on to Question 14.*

4 ## **QUESTION 12**

5       Do you find that the weapons used by Hamas to attack Israel and its citizens

6 at the time Universal decided to move the production of *Dig* out of Israel in July

7 2014 were weapons that used or employed atomic fission or radioactive force?

8

9       _____ Yes    _____ No

10

11 ## **QUESTION 13**

12       Do you find that Universal's loss is not covered by the Policy because of

13 Exclusion No. 4?

14

15       _____ Yes    _____ No

16

17

18

19

20

21

22

23

24

25

26

27

28

ANDERSON, McPHARLIN & CONNERS LLP
*LAWYERS*
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623

**COMBINED DISPUTED [PROPOSED] SPECIAL VERDICT FORM**

1

## **ATLANTIC'S RESPONSE**

2      Atlantic objects to the submission of a set of questions on an exclusion, and

3 objects to use of any proposed items labeled as connected with Exclusion 4.

4

5      Atlantic objects to any prefatory language to questions 12 through 13 on the

6 grounds that it is improper to advise the jury of the basis of the Court's inquiry.

7 Additionally, this line of questioning is not consistent with the pattern jury charge

8 requirements.  Atlantic objects to the submission of Questions 12 through 13 in their

9 entirety.  These do not comply with CACI requirements.

10      Atlantic objects to proposed question 12 on the grounds that it contains an

11 improper comment on the evidence (presumed to have been both admitted and

12 established), and on the grounds that it is not dispositive of any question of material

13 fact.  More specifically, the language does not track the language of the Policy's

14 exclusion for weapons of war including atomic fission or radioactive force.  This

15 question is misleading and mis-states the written policy.

16      Atlantic objects to proposed question no. 13 as an improper question under

17 the required pattern forms referred to by the court.

18

19

20

21

22

23

24

25

26

27

28

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623

**COMBINED DISPUTED [PROPOSED] SPECIAL VERDICT FORM**

ANDERSON, McPHARLIN & CONNERS LLP

LAWYERS

707 WILSHIRE BOULEVARD, SUITE 4000

LOS ANGELES, CALIFORNIA 90017-3623

## PLAINTIFFS' PROPOSED QUESTIONS ON EXCLUSION NO. 9

### ("Damage to Property")

*Please answer each of Questions 14-19, and then move on to Question 20.*

## QUESTION 14

Do you find that any of the loss claimed by Universal is for physical damage to property, facilities, or locations necessary to the production of *Dig*?

\_\_\_\_Yes   \_\_\_\_No

*If your answer to Question 14 is yes, please answer Question 15.  If your answer to Question 14 is no, please move on to Question 16.*

## QUESTION 15

Please state the amount of loss claimed by Universal for physical damage to property, facilities, or locations necessary to the production of *Dig*

$ _____

## QUESTION 16

Do you find that any of the loss claimed by Universal is for loss of use of specific property, facilities, or locations necessary to the production of *Dig*?

\_\_\_\_Yes   \_\_\_\_No

*If your answer to Question 16 is yes, please answer Question 17.  If your answer to Question 16 is no, please move on to Question 18*

22

**QUESTION 17**

Please state the amount of loss claimed by Universal for the loss of use of specific property, facilities, or locations necessary to the production of *Dig*

$ _____

**QUESTION 18**

Do you find that all or any portion of Universal's loss is not covered by the Policy because of Exclusion No. 9?

_____Yes    _____No

*If your answer to Question 18 is yes, please answer Question 19.  If your answer to Question 18 is no, please move on to Question 20.*

**QUESTION 19**

Please state the amount of loss claimed by Universal is not covered by the Policy because of Exclusion No. 9?

$ _____

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623

23

**COMBINED DISPUTED [PROPOSED] SPECIAL VERDICT FORM**

## ATLANTIC'S RESPONSE

Atlantic objects to the submission of a set of questions on an exclusion, and objects to use of any proposed items labeled as connected with Exclusion 9.

Atlantic objects to any prefatory language to questions 14 through 19 on the grounds that it is improper to advise the jury of the basis of the Court's inquiry. Additionally, this line of questioning is not consistent with the pattern jury charge requirements.  Atlantic objects to the submission of Questions 14 through 19 in their entirety.  These do not comply with CACI requirements.

Atlantic objects to proposed questions 14 through 19 on the grounds that they contains an improper comment on the evidence (presumed to have been both admitted and established), and on the grounds that they are not dispositive of any question of material fact.   More specifically, the language does not track the language of the Policy's exclusion, and the questions impose their own standards and requirements, without reference to the actual exclusion.   Atlantic objects to proposed questions 14 through 19 on the grounds they presume that there is a requirement to answer additional questions on loss.

Atlantic objects to proposed question no. 18 as an improper question under the required pattern forms referred to by the court.

To the extent plaintiffs continue to assert a position that the exclusion is illusory in any regard, Atlantic further objects that the questions do not correctly articulate the standard for a policy provision to be considered illusory in California.

24

**COMBINED DISPUTED [PROPOSED] SPECIAL VERDICT FORM**

ANDERSON, MCPHARLIN & CONNERS LLP
*LAWYERS*
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623

## PLAINTIFFS' PROPOSED QUESTIONS ON EXCLUSION NO. 10

### ("Commencement Or Continuation – Inappropriate")

*Please answer each of Questions 20-22, and then move on to Question 23.*

### QUESTION 20

Do you find that if this Exclusion ("Any concern or belief that the commencement or continuation of Insured Production is inappropriate") were applied to the claim, it would eliminate the benefits Plaintiffs reasonably expected under the Policy?

_____Yes   _____No

### QUESTION 21

Do you find that Universal's loss was caused by events other than events constituting "Imminent Peril," as the Court has defined that term?

_____Yes   _____No

### QUESTION 22

Do you find that Universal's loss is not covered by the Policy because of Exclusion No. 10?

_____Yes   _____No

**COMBINED DISPUTED [PROPOSED] SPECIAL VERDICT FORM**

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623

**ATLANTIC'S RESPONSE**

Atlantic objects to the submission of a set of questions on an exclusion, and objects to use of any proposed items labeled as connected with Exclusion 10.

Atlantic objects to any prefatory language to questions 20 through 22 on the grounds that it is improper to advise the jury of the basis of the Court's inquiry. Additionally, this line of questioning is not consistent with the pattern jury charge requirements.  Atlantic objects to the submission of Questions 20 through 22 in their entirety.  These do not comply with CACI requirements.

Atlantic objects to proposed questions 20 through 22 on the grounds that they contains an improper comment on the evidence (presumed to have been both admitted and established), and on the grounds that they are not dispositive of any question of material fact.   More specifically, the language does not track the language of the Policy's exclusion, and the questions impose their own standards and requirements, without reference to the actual exclusion.

Atlantic further objects to proposed question no. 20 on the grounds that the question of whether a policy provision is illusory is a question of law for the Court. Atlantic further objects that the question does not correctly articulate the standard for a policy provision to be considered illusory in California.

Atlantic further objects to proposed question no. 22 as an improper question under the required pattern forms referred to by the court.

**COMBINED DISPUTED [PROPOSED] SPECIAL VERDICT FORM**

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623

1  **PLAINTIFFS' CLAIM FOR BREACH OF THE IMPLIED OBLIGATION**
2  **OF GOOD FAITH AND FAIR DEALING**

3
4  **QUESTION 23**
5        Did Universal suffer a loss covered under the Policy?
6
7        _____Yes    _____No
8  *If your answer to this question is yes, then answer the next question. If you answered*
9  *no, stop here, answer no further questions, and have the presiding juror sign and*
10  *date this form.*
11
12  **QUESTION 24**
13        Was Atlantic notified of the loss?
14
15        _____Yes    _____No
16  *If your answer to this question is yes, then answer the next question. If you answered*
17  *no, stop here, answer no further questions, and have the presiding juror sign and*
18  *date this form.*
19
20  **QUESTION 25**
21        Did Atlantic fail to pay policy benefits?
22
23        _____Yes    _____No
24
25  *If your answer to this question is yes, then answer the next question. If you answered*
26  *no, stop here, answer no further questions, and have the presiding juror sign and*
27  *date this form.*
28

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623

27

## QUESTION 26

Was Atlantic's failure to pay policy benefits unreasonable or without proper cause?

_____Yes    _____No

*If your answer to this question is yes, then answer the next question. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.*

## QUESTION 27

Was Atlantic's failure to pay policy benefits a substantial factor in causing harm to Universal?

_____Yes    _____No

*If your answer to this question is yes, then answer the next question. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.*

## QUESTION 28

What are Universal's damages?

$_____

Source: CACI VF-2301

**COMBINED DISPUTED [PROPOSED] SPECIAL VERDICT FORM**

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623

### ATLANTIC'S RESPONSE

Atlantic objects to proposed questions 23-28 on the grounds that these specific questions do not properly state the ultimate question of breach of the duty of good faith and fair dealing, specifically as required in accordance with CACI VF-2301.  Atlantic requests submission of its own Proposed Questions 4, 5, and 6.

Atlantic separately objects to the use of Questions 23, 24, and Question 25 on the grounds that each is improper under CACI.  Atlantic's requested and proposed questions and forms should be used.

Atlantic separately objects to proposed Questions 27 and 28, on the grounds that they fail to distinguish between the two plaintiffs for purposes of the finding. The proposed questions 27 and 28 do not differentiate the findings.  Each plaintiff has its own burden of proof, and burden to establish its damages, if any. Atlantic requests separate submission of its Proposed Questions 5 and 6 for these reasons.

**COMBINED DISPUTED [PROPOSED] SPECIAL VERDICT FORM**

**ANDERSON, McPHARLIN & CONNERS LLP**
*LAWYERS*
*707 WILSHIRE BOULEVARD, SUITE 4000*
*LOS ANGELES, CALIFORNIA 90017-3623*

## PUNITIVE DAMAGES

*Please answer Question 29.*

## QUESTION 29

      Did Atlantic engage in conduct with malice, oppression, or fraud?

      _____ Yes     _____ No

*If your answer to this question is yes, then answer the next question. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.*

      What amount of punitive damages, if any, do you aware Universal?

      $ _____

Source: CACI VF-3900

The presiding juror should now sign this verdict form.

Dated: _____        Signed: _____
                             Presiding Juror

After this verdict form has been signed, notify the Clerk that you are ready to present your verdict in the courtroom.

**COMBINED DISPUTED [PROPOSED] SPECIAL VERDICT FORM**

1

## ATLANTIC'S RESPONSE

2       Atlantic objects to proposed question 29 on the grounds that it does not follow

3  the format and specifics of CACI VF-3900.  Atlantic requests separate submission

4  of its broad form questions, which are Proposed Questions 7 and 8, as separate

5  questions and separately numbered questions.

6       Atlantic further objects to proposed question 29 because it does not

7  differentiate between the two plaintiffs or properly set forth the question for each of

8  the two plaintiffs.  Each has a separate burden of proof to establish these facts and

9  the amount of damages, if any.

10       Atlantic's proposed questions should be separately submitted. Atlantic

11  requests separate submission of its Proposed Questions 7 and 8.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANDERSON, McPHARLIN & CONNERS LLP
*LAWYERS*
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623

31

**COMBINED DISPUTED [PROPOSED] SPECIAL VERDICT FORM**

# ATLANTIC'S [PROPOSED] SPECIAL VERDICT FORM

## INDEX

| Number | Title | Source | Page |
|--------|-------|--------|------|
| 1 | Breach of Contractual Duty to Pay a Covered Claim [Covered Loss] | California VF-2300, 2301 | 33 |
| 2 | Breach of Contractual Duty to Pay a Covered Claim [Notice of Loss] | California VF-2300, 2301 | 34 |
| 3 | Breach of Contractual Duty to Pay a Covered Claim [Amount of Covered Loss] | California VF-2300 | 35 |
| 4 | Breach of the Implied Obligation of Good Faith and Fair Dealing—Failure or Delay in Payment [Bad Faith] | California VF-2301 | 36 |
| 5 | Breach of the Implied Obligation of Good Faith and Fair Dealing—Failure or Delay in Payment [Bad Faith Causation] | California VF-2301 | 37 |
| 6 | Breach of the Implied Obligation of Good Faith and Fair Dealing—Failure or Delay in Payment [Bad Faith Damages] | California VF-2301 | 38 |
| 7 | VF-3900. Punitive Damages [Liability] | California VF-3900 | 39 |
| 8 | VF-3900. Punitive Damages [Amount] | California VF-3900 | 40 |

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623

32

COMBINED DISPUTED [PROPOSED] SPECIAL VERDICT FORM

1

## **<u>Atlantic's Proposed Question No. 1</u>**

2

We answer the questions submitted to us as follows:

3

4

1.      Did the plaintiffs suffer a loss covered under an insurance policy with Atlantic?

5

Answer separately as to each plaintiff:

6

7

Universal Cable Productions LLC:            _____ Yes            _____ No

8

Northern Entertainment Productions LLC:   _____ Yes            _____ No

9

[Source: CACI VF-2300, 2301]

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANDERSON, McPHARLIN & CONNERS LLP
*LAWYERS*
*707 WILSHIRE BOULEVARD, SUITE 4000*
*LOS ANGELES, CALIFORNIA 90017-3623*

**COMBINED DISPUTED [PROPOSED] SPECIAL VERDICT FORM**

## **Atlantic's Proposed Question No. 2**

If your answer to question 1 is yes as to either or both plaintiffs, then answer question 2.  If you answered no as to both plaintiffs, stop here, answer no further questions, and have the presiding juror sign and date this form.

2.      Was Atlantic notified of the loss as required by the policy?

_____ Yes            _____ No

[Source: CACI VF-2300, 2301]

**COMBINED DISPUTED [PROPOSED] SPECIAL VERDICT FORM**

ANDERSON, MCPHARLIN & CONNERS LLP
*LAWYERS*
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623

## Atlantic's Proposed Question No. 3

If your answer to question 2 is yes, then answer question 3.  If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

3.    What is the amount of the covered loss that Atlantic failed to pay the plaintiffs?

Answer separately as to each plaintiff:

Universal Cable Productions LLC:                    $_____

Northern Entertainment Productions LLC:                    $_____

[Source: CACI VF-2300]

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623

**COMBINED DISPUTED [PROPOSED] SPECIAL VERDICT FORM**

## Atlantic's Proposed Question No. 4

4.     Was Atlantic's failure to pay policy benefits unreasonable or without proper cause?

_____ Yes       _____ No

[Source: CACI VF-2301]

**COMBINED DISPUTED [PROPOSED] SPECIAL VERDICT FORM**

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ANDERSON, McPHARLIN & CONNERS LLP
*LAWYERS*
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623

### **Atlantic's Proposed Question No. 5**

If your answer to question 4 is yes, then answer question 5.  If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

5.     Was Atlantic's failure to pay policy benefits a substantial factor in causing harm to the plaintiffs?

Answer separately as to each plaintiff:

Universal Cable Productions LLC:          _____ Yes          _____ No

Northern Entertainment Productions LLC:   _____ Yes          _____ No

[Source: CACI VF-2301]

**COMBINED DISPUTED [PROPOSED] SPECIAL VERDICT FORM**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ANDERSON, McPHARLIN & CONNERS LLP
*LAWYERS*
*707 WILSHIRE BOULEVARD, SUITE 4000*
*LOS ANGELES, CALIFORNIA 90017-3623*

### **Atlantic's Proposed Question No. 6**

If your answer to question 5 is yes as to either or both plaintiffs, then answer question 6 as to the corresponding plaintiff(s).  If you answered no as to both plaintiffs, stop here, answer no further questions, and have the presiding juror sign and date this form.

6.    What are the plaintiffs' damages?

Consider only the plaintiffs' reasonable and necessary attorneys' fees and other costs reasonably incurred by them to establish their right to receive reimbursement for the claim.

Answer separately as to each plaintiff:

Universal Cable Productions LLC:                    $_____

Northern Entertainment Productions LLC:          $_____

[Source: CACI VF-2301]

**COMBINED DISPUTED [PROPOSED] SPECIAL VERDICT FORM**

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623

## <u>Atlantic's Proposed Question No. 7</u>

7.      Did Atlantic engage in the conduct with malice, oppression, or fraud?

_____ Yes          _____ No

[Source: CACI VF-3900]

**COMBINED DISPUTED [PROPOSED] SPECIAL VERDICT FORM**

## __Atlantic's Proposed Question No. 8__

8.      What amount of punitive damages, if any, do you award the plaintiffs?

Answer separately as to each plaintiff:

Universal Cable Productions LLC:                          $_____

Northern Entertainment Productions LLC:          $_____

[Source: CACI VF-3900]

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623

40

**COMBINED DISPUTED [PROPOSED] SPECIAL VERDICT FORM**

ANDERSON, MCPHARLIN & CONNERS LLP
*LAWYERS*
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623

## UNIVERSAL'S RESPONSE
## TO ATLANTIC'S PROPOSED FORM AS A WHOLE

Universal objects to Atlantic's form the extent it requires jurors to decide ultimate questions of law, rather than the ultimate questions of facts underpinning those legal conclusions.

Universal also objects on the grounds that Atlantic's form, which consists of unmodified versions of the CACI forms, fails to identify the specific ultimate questions of fact which must be decided by the jury in this case. Atlantic's failure to modify the CACI forms to take into account the ultimate questions of fact to be decided defeats the purpose of using a special verdict form pursuant to Federal Rule of Civil Procedure 49(a).

Universal further objects on the ground that, if left unmodified, the jury likely will be confused as to what it is being asked to decide, and the risk of incomplete or inaccurate findings is heightened. As specifically noted in CACI verdict form No. VF-2300 "[t]he special verdict forms in this section are intended only as models. They may need to be modified depending on the facts of the case."

Universal further objects to the extent that the questions submitted by Atlantic have been formulated in a manner that is prejudicial to Plaintiffs.

Universal also objects to Atlantic's proposed verdict form on the grounds that it does not require the jury to make any findings at all as to Atlantic's affirmative defenses. Atlantic's proposed form seeks to shift the burden of disproving Atlantic's affirmative defenses to Plaintiff. Thus, Atlantic's proposed form is likely to result in an inaccurate or incomplete verdict. This is not proper. Universal's proposed verdict form is more specific and accurate.

**COMBINED DISPUTED [PROPOSED] SPECIAL VERDICT FORM**

1   Respectfully submitted,

2

3   DATED:  JUNE 2, 2017                LUCIA E. COYOCA
                                        VALENTINE A. SHALAMITSKI
4                                       DANIEL M. HAYES
                                        MITCHELL SILBERBERG & KNUPP LLP
5

6                                       By: /s/ Lucia E. Coyoca
7                                           Lucia E. Coyoca
                                            Attorneys for Attorneys for Plaintiffs
8                                           Universal Cable Productions LLC and
                                            Northern Entertainment Productions LLC
9

10

11  DATED:  JUNE 2, 2017                MARC J. SHRAKE
                                        ANDERSON, MCPHARLIN & CONNERS LLP
12
                                                -and-
13
                                        MICHAEL KEELEY
14                                      JOHN R. RIDDLE
                                        CARLA C. CRAPSTER
15                                      TONI SCOTT REED
                                        STRASBURGER & PRICE, LLP
16

17                                      By: /s/ Toni Scott Reed
18                                          Toni Scott Reed
                                            Attorneys for Defendant
19                                          Atlantic Specialty Insurance Company

20

21              **<u>Attestation Regarding Signatures</u>**

22       I, Lucia E. Coyoca, attest that all signatories listed, and on whose behalf the

23  filing is submitted, concur in the filing's content and have authorized the filing.

24

25                                      By: /s/ Lucia E. Coyoca
                                            Lucia E. Coyoca
26

27

28
                                          42
            **COMBINED DISPUTED [PROPOSED] SPECIAL VERDICT FORM**

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623