LUCIA E. COYOCA (SBN 128314)
  lec@msk.com
VALENTINE A. SHALAMITSKI (SBN 236061)
  vas@msk.com
DANIEL M. HAYES (SBN 240250)
  dmh@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, CA 90064-1683
Telephone:  (310) 312-2000
Facsimile:  (310) 312-3100

Attorneys for Universal
Universal Cable Productions LLC and
Northern Entertainment Productions LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| UNIVERSAL CABLE PRODUCTIONS LLC, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>ATLANTIC SPECIALTY INSURANCE COMPANY,<br><br>　　　　Defendant. | CASE NO. 2:16-cv-4435-PA-MRW<br><br>**UNIVERSAL'S OBJECTIONS TO DEFENDANT'S APPLICATION TO TAX COSTS; AND DECLARATION OF VALENTINE A. SHALAMITSKI IN SUPPORT** |

**TABLE OF CONTENTS**

**Page(s)**

I.   INTRODUCTION ..................................................................................................1

II.  OBJECTIONS .......................................................................................................2

    A.   Deposition Costs:  Disallowance of $66,280.30 ....................................2

    B.   Witness Fees:  Disallowance of $621 .....................................................8

    C.   Reproduction of Documents:  Disallowance of $2,576.25 ................10

III. CONCLUSION ...................................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Andresen v. Int'l Paper Co.*,
  2015 U.S. Dist. LEXIS 75912 (C.D. Cal. June 10, 2015) .................................... 3

**STATUTES**

28 U.S.C.
  § 1821 ....................................................................................................... 8, 9

**OTHER AUTHORITIES**

Local Rules
  54-2.1 ............................................................................................................. 2
  54-2.2 ............................................................................................................. 1
  54-3 ................................................................................................................ 1
  54-3.5 ........................................................................................... 1, 2, 3, 10, 11
  54-3.6 ..................................................................................................... 1, 8, 9
  54-3.10 ................................................................................................ 1, 10, 11, 12

**UNIVERSAL'S OBJECTIONS TO DEFENDANT'S APPLICATION TO TAX COSTS**

## I. INTRODUCTION

Pursuant to Local Rule ("L.R.") 54-2.2, and the U.S.D.C., Central District of California Bill of Costs Handbook, Plaintiffs Universal Cable Productions LLC and Northern Entertainment Productions LLC (collectively "Universal") object to Defendant Atlantic Specialty Insurance Company's ("Atlantic") Application to Tax Costs ("Application") filed on October 20, 2017 (ECF No. 130), which seeks a total of $111,963.31.

Universal objects to $69,477.55 in costs that are not taxable pursuant to, *inter alia*, L.R. 54-3. The specific items and amounts to which Universal objects are detailed below:

- **Deposition costs** (L.R. 54-3.5): Atlantic claims $107,568.36 in deposition costs. Universal objects to $66,280.30 out of this amount because these costs are either specifically excluded from items taxable as costs by L.R. 54-3.5 (e.g., cost of videotaping depositions and expedited transcripts) or are not listed as taxable costs and therefore are not recoverable (e.g., rough draft transcripts, realtime services, equipment rental, reporter's travel).

- **Witness fees** (L.R. 54-3.6): Atlantic improperly claims $621 in witness fees because these fees are not properly documented, and further, $552 of these fees are improperly charged for witness overnight travel and lodging when the witness and Atlantic insisted on the deposition location.

- **Reproduction of documents** (L.R. 54-3.10): Atlantic improperly claims $2,576.25 in copying costs for deposition exhibits which costs are not allowed under L.R. 54-3.10. Moreover, Atlantic already has claimed the copying costs for deposition exhibits as part of "Deposition costs" under L.R. 54-3.5. Atlantic is not allowed to double-dip by also claiming them under L.R. 54-3.10.

Universal accordingly respectfully requests that the Clerk disallow $69,477.55 in costs from Atlantic's Application. Should the Clerk deem a hearing helpful to resolve these objections, Universal will be happy to participate.

## II. OBJECTIONS

### A. Deposition Costs: Disallowance of $66,280.30

Atlantic seeks reimbursement of $107,568.36 in deposition costs pursuant to L.R. 54-3.5. *See* ECF Nos. 130. Universal objects to $66,280.30 of this amount because these costs are not taxable under L.R. 54-3.5.

To support its claim for $107,568.36 in deposition costs, Atlantic submitted 55 pages of invoices (ECF Nos. 130-2 & 130-3), but failed to identify the specific costs on each invoice it is claiming. Atlantic's application is contrary to the directive of L.R. 54-2.1 that all claimed costs be specified so that "the nature of the claim can be readily understood." Universal totaled the amounts charged on each invoice, which calculation showed that Atlantic is claiming the *entire* amount of each invoice, regardless of whether the individual charges on each invoice are taxable under L.R. 54-3.5. Thus, Universal parsed through each charge on each invoice to determine which charges, out of the total $107,568.36 Atlantic claims, are properly taxable.

As pertinent here, the following deposition costs are taxable pursuant to L.R. 54-3.5(a)-(e):

- The cost of the original and one copy of non-expedited deposition transcripts.
- Fees for binding, bates stamping, non-expedited shipping and handling, processing fee, ASCII disks, production and code compliance charge, electronic transmission charge, miniscripts and witness handling charges.
- The reporter's appearance fee.
- The cost of exhibits made a part of the deposition transcript.

Conversely, the following deposition costs are ***not*** taxable:

- The costs of expedited transcripts or expedited shipping and handling. *See* L.R. 54-3.5(a). In this case, the Court has not ordered or

authorized any expedited fees in connection with depositions. *See* Shalamitski Decl. ¶ 3.

- The costs of rough draft, daily, or realtime transcripts. *See, e.g.*, *Andresen v. Int'l Paper Co.*, 2015 U.S. Dist. LEXIS 75912, at *20 (C.D. Cal. June 10, 2015) (disallowing the "costs for rough draft transcripts, expedited transcripts" and "daily transcripts" pursuant to L.R. 54-3.5) *and* L.R. 54-3.5(a)-(e).

- The costs of videotaping or recording depositions unless otherwise ordered by the Court. *See* L.R. 54-3.5(a) & (b). In this case, the Court has not ordered or authorized videotaping or recording of any depositions. *See* Shalamitski Decl. ¶ 4.

- The costs of laptop use, equipment rental, reporter's parking or travel, conference rooms, video conferencing, and expenses not listed in L.R. 54-3.5.

Totaling all amounts charged for the disallowed services, Universal calculated that Atlantic improperly claims $66,280.30 in non-taxable costs. To facilitate the Clerk's review of these non-taxable costs, attached as **Exhibit A** to the concurrently-filed Shalamitski Declaration are the deposition invoices which Atlantic submitted with its Application (ECF Nos. 130-2 & 130-3), marked by Universal to highlight in yellow every line item of non-taxable costs.

In addition, the chart below itemizes and provides the specific basis for Universal's objections to non-taxable costs, which totals $66,280.30.

| Deponent | Amount Requested by Atlantic | Amount Universal Objects to | Basis for Objection: Costs not taxable under L.R. 54-3.5 | ECF # - Page # |
|---|---|---|---|---|
| Williams, Peter | $1,737.50 | $721.00 | Realtime services, laptop use fee, rough draft transcript | 130-2-2 |
| Gutterman, Daniel | $2,095.00 | $871.00 | Realtime services, laptop use fee, rough draft transcript | 130-2-3 |

Mitchell Silberberg & Knupp LLP

3

**UNIVERSAL'S OBJECTIONS TO DEFENDANT'S APPLICATION TO TAX COSTS**

| Deponent | Amount Requested by Atlantic | Amount Universal Objects to | Basis for Objection: Costs not taxable under L.R. 54-3.5 | ECF # - Page # |
|---|---|---|---|---|
| Gooley Wolf, Theresa | $2,068.50 | $915.00 | Realtime services, rough draft transcript | 130-2-4 |
| Garber, Andrea | $3,935.60 | $1,632.40 | Realtime services, rough draft transcript, equipment rental, parking expense | 130-2-5 |
| Smith, Stephen | $5,347.15 | $2,908.60 | Transcript rush fee for daily, realtime services, equipment rental | 130-2-6 |
| Smith, Stephen | $1,290.45 | $716.80 | Rush fee for daily, realtime services, equipment rental, parking expense | 130-2-7 |
| Weiss, Susan | $3,613.58 | $1,963.20 | Transcript rush fee for daily, realtime services, equipment rental | 130-2-8 |
| Adams, Malika | $7,473.66 | $5,271.16 | Conference room, travel, video conferencing, equipment rental | 130-2-9 |
| Johnson, Pamela | $2,443.90 | $1,092.00 | Realtime services, rough draft transcript | 130-2-10 |
| Johnson, Pamela | $1,411.05 | $624.00 | Realtime services, rough draft transcript | 130-2-11 |
| Stone, Aaron | $1,456.05 | $639.00 | Realtime services, rough draft transcript | 130-2-12 |
| Duffy, Sean | $1,879.00 | $810.00 | Realtime services, rough draft transcript | 130-2-13 |
| Wunderlich, Robert | $5,142.15 | $2,480.35 | Expedited fee, realtime services, rough draft transcript | 130-2-14 |

| Deponent | Amount Requested by Atlantic | Amount Universal Objects to | Basis for Objection: Costs not taxable under L.R. 54-3.5 | ECF # - Page # |
|---|---|---|---|---|
| Crosby, Dennis | $2,680.60 | $1,729.00 | 2-day rush, realtime services, rough draft transcript | 130-2-15 |
| Ford, Kurt | $4,813.70 | $2,500.01 | Expedited fee, realtime services, parking expense | 130-2-16 |
| Levitt, Matthew | $2,609.44 | $584.00 | Rough draft transcript, parking expense | 130-2-17 |
| Williams, Peter | $1,310.00 | $540.75 | Rough draft transcript, realtime services, laptop use fee | 130-2-18 |
| De Frankopan, Ingrid | $3,342.95 | $2,070.00 | 2-day rush, rough draft transcript | 130-2-19 |
| Markus-Caffrey, Barbara-Ann | $2,482.77 | $1,352.70 | Daily rush x 2, realtime services, rough draft transcript, expenses | 130-2-20-21 |
| Shapiro, Jay | $1,499.25 | $632.75 | Rough draft transcript, realtime services, laptop use fee | 130-2-22 |
| Richmond, Randi | $3,197.42 | $1,699.89 | Rush, realtime services, parking expense | 130-2-23 |
| Binke, Mark | $1,895.23 | $1,020.80 | Rush x2, realtime services, expense | 130-2-24 |
| Koh, Harold | $2,799.88 | $1,615.95 | Rush fee, realtime services, rough draft transcript | 130-2-25 |
| Ross, Dennis | $1,859.63 | $777.60 | Daily rush | 130-2-26 |
| Ridgers, Martin | $3,041.00 | $1,838.85 | 2-day rush, realtime services, rough draft transcript | 130-2-27 |

| Deponent | Amount Requested by Atlantic | Amount Universal Objects to | Basis for Objection: Costs not taxable under L.R. 54-3.5 | ECF # - Page # |
|---|---|---|---|---|
| Phillips, Wanda | $3,249.50 | $1,121.60 | Daily rush, realtime services, rough draft transcript | 130-2-28 |
| Quigley, John | $2,223.85 | $1,215.50 | 4-day rush, rough draft transcript | 130-3-2 |
| McCarthy, Thomas | $1,181.39 | $529.25 | Daily rush, expenses | 130-3-3 |
| McCarthy, Thomas | $790.00 | $790.00 | Virtual services for video deposition | 130-3-4 |
| Clark, Anthony | $1,463.10 | $603.00 | Realtime services, rough draft transcript | 130-3-5 |
| Lowenstein, Frank | $1,332.55 | $402.00 | Rough draft transcript | 130-3-6 |
| Sagalow, Ty | $2,432.02 | $1,389.15 | Daily rush, realtime services, rough draft transcript | 130-3-7 |
| Williams, Peter | $1,316.25 | $1,316.25 | Video services | 130-3-8 |
| Gooley Wolf, Theresa | $340.00 | $340.00 | Video services | 130-3-9 |
| Garber, Andrea | $2,388.75 | $2,388.75 | Video services | 130-3-10 |
| Smith, Stephen | $2,146.67 | $2,146.67 | Video services | 130-3-11 |
| Smith, Stephen | $565.75 | $565.75 | Video Services | 130-3-12 |
| Weiss, Susan | $1,912.17 | $1,912.17 | Video services | 130-3-13 |
| Adams, Malika | $961.50 | $961.50 | Video services | 130-3-14 |
| Johnson, Pamela | $275.00 | $275.00 | Video services | 130-3-15 |

| Deponent | Amount Requested by Atlantic | Amount Universal Objects to | Basis for Objection: Costs not taxable under L.R. 54-3.5 | ECF # - Page # |
|---|---|---|---|---|
| Johnson, Pamela | $675.00 | $675.00 | Video services | 130-3-16 |
| Stone, Aaron | $225.00 | $225.00 | Video services | 130-3-17 |
| Duffy, Sean | $755.00 | $755.00 | Video services | 130-3-18 |
| Crosby, Dennis | $525.00 | $525.00 | Video services | 130-3-19 |
| Ford, Kurt | $2,391.81 | $2,391.81 | Video services | 130-3-20 |
| Markus-Caffrey, Barbara-Ann | $1,224.31 | $1,224.31 | Video services | 130-3-21 |
| Richmond, Randi | $1,996.50 | $1,996.50 | Video services | 130-3-22 |
| Binke, Mark | $1,312.39 | $1,312.39 | Video services | 130-3-23 |
| Ridgers, Martin | $782.50 | $782.50 | Video services | 130-3-24 |
| Philips, Wanda | $790.00 | $790.00 | Video services | 130-3-25 |
| Quigley, John | $650.00 | $650.00 | Video services | 130-3-26 |
| McCarthy, Thomas | $814.39 | $814.39 | Video services | 130-3-27 |
| Clark, Anthony | $650.00 | $650.00 | Video services | 130-3-28 |
| Lowenstein, Frank | $525.00 | $525.00 | Video services | 130-3-29 |
| **Total $:** | 107,320.86[1] | 66,280.30 | | |

---

[1] Atlantic's Application reflects the total for all 55 deposition invoices as $107,568.36. *See* ECF Nos. 130, 130-2, 130-3. When calculated by Universal, the total for all 55 deposition invoices is $107,320.86, which is $247.50 less than Atlantic's total. Atlantic failed to explain its bases for claiming non-taxable fees, or why it is claiming $247.50 more than the actual invoices reflect. As detailed above, Atlantic cannot recover non-taxable costs or amounts in excess of charges reflected in actual invoices.

Based on the foregoing, $66,280.30 in non-taxable deposition costs should be disallowed from Atlantic's Application.

### B. Witness Fees: Disallowance of $621

Atlantic claims $890.00 in witness fees pursuant to L.R. 54-3.6, which provides, in relevant part, that the following witness fees are taxable costs:

> Statutory witness fees paid to witnesses, including:
> (a) Per diem, mileage, subsistence, and attendance fees as provided in 28 U.S.C. § 1821 paid to witnesses subpoenaed or actually attending the proceeding;
> (b) Witness fees for a party if subpoenaed by an opposing party …

The witness fees Atlantic seeks are itemized on page 2 of the Application (ECF No. 130). Universal does not challenge the attendance fees for witnesses. Nor does Universal challenge Tony Clark's fees for mileage, at 50 miles and a total cost of $26.00, and metro fees for $4.00, as these fees are sufficiently identified and supported; or $39.00 in parking fees charged by witness Peter Williams, as this fee is supported by a receipt.

However, Atlantic claims $552.00 in subsistence fees to deponent Ingrid Detter de Frankopan, and $69.00 in subsistence fees to deponent Jay Shapiro. Universal challenges these fees on two grounds. First, Atlantic has failed to properly document these expenses. No receipts were submitted to support these charges. Second, fees for overnight travel by Dr. de Frankopan are improperly charged because she was not required to travel for the deposition and in fact Atlantic's counsel insisted on the deposition location in London where it took place.

The form application to tax costs notes that "You must attach an itemization and documentation supporting all requested fees and costs. Documentation includes receipts, orders, and stipulations. All receipts must be self-explanatory." *See also* C.D. Cal. Bill of Costs Handbook ("**Documentation of the actual expenses—such as copies of receipts, returned checks, bills, and court**

Mitchell Silberberg & Knupp LLP

8

**UNIVERSAL'S OBJECTIONS TO DEFENDANT'S APPLICATION TO TAX COSTS**

**orders— must be attached as exhibits to the application**.") (emphasis in original). Here, Atlantic did not attach receipts for either Dr. de Frankopan or Mr. Shapiro's travel expenses, and these costs must therefore be denied for failure to submit proper documentation.

Atlantic attached only an invoice from Montesa SARL, apparently for Dr. de Frankopan's costs. ECF No. 130-4, p. 4. This invoice identifies costs of "Train & Hotel $242 & $310." It does not identify the date these expenses were incurred, where the travel was to and from, let alone provide sufficient information to determine whether the travel was "by the shortest practical route in going and returning from the pace of attendance" or if the witness "utilize[d] a common carrier at the most economical rate reasonably available." 28 U.S.C. § 1821(c)(1) (incorporated in Local Rule 54-3.6). Universal is unable to determine if Dr. de Frankopan traveled by first class, which would not be recoverable, or if the travel was even for the deposition.

For Mr. Shapiro, Atlantic attached an invoice showing "Out-of-Pocket Costs" for "Deposition transportation" of $69.00. ECF No. 130-4 p. 5. There is no receipt for the transportation, and the invoice does not identify what type of transportation was used.

Thus, Atlantic's request for these travel fees for Dr. de Frankopan and Mr. Shapiro should be denied for failure to provide supporting documentation.

Even if Atlantic had submitted supporting receipts, the $552 claimed as Dr. de Frankopan's deposition costs should be denied. 28 U.S.C. § 1821(d)(1), incorporated into L.R. 54-3.6, provides that a subsistence allowance be paid only "when an overnight stay is *required* at the place of attendance because such place is so far removed from the residence of such witness as to prohibit return thereto from day to day." (Emphasis added.) Here, Atlantic insisted that the deposition of Dr. de Frankopan be taken in London, UK. Shalamitski Decl. ¶¶ 5-6, Ex. B (Atlantic's counsel: "If you wish to depose Dr. de Frankopan, she will appear in

London for that purpose."). At great expense, Universal sent its counsel to London to take Dr. de Frankopan's deposition.[2] Shalamitski Decl. ¶ 7. However, Atlantic's Trial Witness List identified Dr. Frankopan's address as: 58 Route de la Fin, CH-1874, Champery, Switzerland. Had Atlantic named a deposition location in Switzerland closer to Dr. de Frankopan's residence, Universal would have taken the deposition there. *Id.* Atlantic should not be allowed to claim costs for travel when the *witness or Atlantic* selected the deposition location—here, an overnight stay and travel for deposition was not "required." Universal's counsel was being required to travel in any event, and the deposition could have been taken near witness's residence, but the witness and Atlantic insisted otherwise.

Based on the foregoing, $621 in non-taxable witness fees should be disallowed from Atlantic's Application.

### C. Reproduction of Documents: Disallowance of $2,576.25

Atlantic seeks reimbursement of $3,259.95 under L.R. 54-3.10 for copying of (a) deposition exhibits, in the amount of $2,576.25, and (b) filings on a motion for summary judgment, in the amount of $683.70. *See* ECF No. 130 and 130-5 (itemization). Universal does not challenge the latter amount ($683.70) because copying costs in connection with court filings "necessarily filed and served" are taxable costs under L.R. 54-3.10(a).

However, Universal objects to $2,576.25 in costs of copying exhibits for depositions because they are not allowed by any provision of L.R. 54-3.10(a) through (f). Instead, copying costs for deposition exhibits are covered in L.R. 54-3.5(e): "The cost of copying or reproducing exhibits used at the deposition and made a part of the deposition transcript." Atlantic has *already* requested the costs associated with copying deposition exhibits that are made a part of the deposition

---

[2] Universal had to take Dr. Frankopan's deposition in Europe because Atlantic refused to allow her deposition to be taken by video conference. Shalamitski Decl. ¶ 6, Ex. C.

Mitchell Silberberg & Knupp LLP

10

**UNIVERSAL'S OBJECTIONS TO DEFENDANT'S APPLICATION TO TAX COSTS**

transcript, in its request for "Deposition costs" under L.R. 54-3.5.  *See* ECF Nos. 130-2 & 130-3.  The chart below lists the charges for deposition exhibits included in the deposition reporting service invoices which Atlantic submitted in support of its request for "Deposition costs" under L.R. 54-3.5.  Universal does not object to these costs.  *See* Section I.A, *supra*.

| Deponent | Deposition Exhibit Charges by Reporting Service | ECF # -Page # |
|---|---|---|
| Garber, Andrea | $98.70 | 130-2-5 |
| Weiss, Susan | $131.95 | 130-2-8 |
| Smith, Stephen | $125.30 | 130-2-6 |
| Smith, Stephen | $45.15 | 130-2-7 |
| Adams, Malika | unclear from the invoice | 130-2-9 |
| Johnson, Pamela | $65.25 | 130-2-10 |
| Wunderlich, Robert | $508.55 | 130-2-14 |
| Ford, Kurt | $88.20 | 130-2-16 |
| Levitt, Matthew | $78.40 | 130-2-17 |
| Markus, Barbara | $112.70 | 130-2-20-21 |
| Richmond, Randi | $135.45 | 130-2-23 |
| Detter de Frankopan, Ingrid (Dr.) | $39.00 | 130-2-19 |
| Ridgers, Martin | $98.00 | 130-2-27 |
| Binke, Mark | $1.05 | 130-2-24 |
| Ross, Dennis | $15.40 | 130-2-26 |
| Phillips, Wanda | $70.75 | 130-2-28 |
| Koh, Harold | $43.05 | 130-2-25 |
| McCarthy, Thomas | $16.80 | 130-3-3 |
| Sagalow, Ty | $61.60 | 130-3-7 |

Atlantic is also claiming *internal* copying costs for deposition exhibits.  *See* ECF No. 130-5, p. 2 titled "Copies - All Copies Made In-House (No Receipts Available) Deposition Exhibits…."  Thus, there are two problems with Atlantic's request for $2,576.25 in deposition exhibit copying costs under L.R. 54.3.10.  First, they are not allowed under L.R. 54.3.10.  Second, even if they were, Atlantic is improperly seeking copying costs twice:  in its request for deposition costs under L.R. 54-3.5 to which Universal does not object, and in its unauthorized request for

copying costs under L.R. 54.3.10 to which Universal does object. Accordingly, $2,576.25 in copying costs under L.R. 54.3.10 should be disallowed.

### III.    CONCLUSION

Based on the objections stated above, Universal respectfully requests that the Clerk disallow and deny Atlantic's request for $69,477.55 of the costs set forth in its Application.

DATED: October 27, 2017

LUCIA E. COYOCA
VALENTINE A. SHALAMITSKI
DANIEL M. HAYES
MITCHELL SILBERBERG & KNUPP LLP

By:  */s/ Lucia E. Coyoca*
     Lucia E. Coyoca
     Attorneys for Plaintiffs Universal Cable
     Productions LLC and Northern
     Entertainment Productions LLC

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California, I am over the age of eighteen years and am not a party to this action; my business address is Mitchell Silberberg & Knupp LLP, 11377 West Olympic Boulevard, Los Angeles, CA 90064-1683, and my business email address is m1b@msk.com.

On October 27, 2017, I served a copy of the foregoing document(s) described as **UNIVERSAL'S OBJECTIONS TO DEFENDANT'S APPLICATION TO TAX COSTS; AND DECLARATION OF VALENTINE A. SHALAMITSKI** in support on the interested parties in this action at their last known address as set forth below by taking the action described below:

Marc J. Shrake, Esq.
Anderson, McPharlin & Conners LLP
707 Wilshire Boulevard
Suite 4000
Los Angeles, CA 90017-3623
Telephone: (213) 236-1691
Facsimile: (213) 622-7594
Email: mjs@amclaw.com

Michael Keeley, Esq.
John R. Riddle, Esq.
Carla C. Crapster, Esq.
Strasburger & Price, LLP
901 Main Street
Suite 4400
Dallas, TX 75202
Telephone: (214) 651-4300
Facsimile: (214) 651-4330
Email:
michael.keeley@strasburger.com
john.riddle@strasburger.com
carla.crapster@strasburger.com

☑ **BY PLACING FOR COLLECTION AND MAILING:** I placed the above-mentioned document(s) in sealed envelope(s) addressed as set forth above, and placed the envelope(s) for collection and mailing following ordinary business practices. I am readily familiar with the firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at 11377 West Olympic Boulevard, Los Angeles, California 90064-1683 in the ordinary course of business.

☑ **ELECTRONICALLY VIA THE COURT'S CM/ECF SYSTEM:** I served the above-mentioned document electronically on the parties listed at the email addresses above via the court's CM/ECF system and, to the best of my knowledge, the transmission was complete and without error in that I did not receive an electronic notification to the contrary.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on October 27, 2017, at Los Angeles, California.

*/s/ Mark Betti*
Mark Betti