MARC J. SHRAKE (SBN 219331)
mjs@amclaw.com
ANDERSON, MCPHARLIN & CONNERS LLP
707 Wilshire Boulevard, Suite 4000
Los Angeles, California 90017-3623
Telephone: (213) 236-1691
Facsimile: (213) 622-7594

MICHAEL KEELEY *(Pro Hac Vice)*
michael.keeley@strasburger.com
TONI SCOTT REED *(Pro Hac Vice)*
toni.reed@strasburger.com
CARLA C. CRAPSTER *(Pro Hac Vice)*
carla.crapster@strasburger.com
STRASBURGER & PRICE, LLP
901 Main Street, Suite 6000
Dallas, Texas 75202
Telephone: (214) 651-4300
Facsimile: (214) 651-4330

Attorneys for Defendant
Atlantic Specialty Insurance Company

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| UNIVERSAL CABLE PRODUCTIONS LLC, a Delaware limited liability company, and NORTHERN ENTERTAINMENT PRODUCTIONS LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>ATLANTIC SPECIALTY INSURANCE COMPANY, a New York insurance company,<br><br>Defendant. | Case No. 2:16-cv-04435-PA-MRW<br><br>**DEFENDANT ATLANTIC SPECIALTY INSURANCE COMPANY'S RESPONSE TO UNIVERSAL'S OBJECTIONS TO DEFENDANT'S APPLICATION TO TAX COSTS** |

**DEFENDANT ATLANTIC SPECIALTY INSURANCE COMPANY'S RESPONSE TO UNIVERSAL'S OBJECTIONS TO DEFENDANT'S APPLICATION TO TAX COSTS**

**TABLE OF CONTENTS**

Page(s)

I. INTRODUCTION ........................................................................................... 1

II. ARGUMENT AND AUTHORITIES ........................................................... 2

    1.    The cost to videotape depositions is recoverable, though Atlantic will concede some of these costs. ........................................ 2

    2.    The costs to expedite deposition transcripts and order rough drafts are recoverable, though Atlantic will concede some of these fees. ................................................................................ 4

    3.    The costs of Realtime, laptop use, equipment rental, reporter's parking and travel, conference rooms, video conferencing, and general expenses are all recoverable. ................. 7

    4.    The witness fees are all recoverable. ................................................ 10

    5.    The $2,576.25 in copy charges are not duplicative and are proper. .............................................................................................. 11

III. CONCLUSION ............................................................................................ 12

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623

i

**DEFENDANT ATLANTIC SPECIALTY INSURANCE COMPANY'S RESPONSE TO UNIVERSAL'S OBJECTIONS TO DEFENDANT'S APPLICATION TO TAX COSTS**

# TABLE OF AUTHORITIES

**Page(s)**

Local Rule 54-3.5 .................................................................................... 2, 4, 7, 8, 11

**DEFENDANT ATLANTIC SPECIALTY INSURANCE COMPANY'S RESPONSE TO UNIVERSAL'S OBJECTIONS TO DEFENDANT'S APPLICATION TO TAX COSTS**

## I. INTRODUCTION

The plaintiffs' objections to the application to tax costs filed by Atlantic Specialty Insurance Company ("Atlantic") reach too far and seek to stop the recovery of costs that the Local Rules clearly provide for. The plaintiffs allege that Atlantic is seeking "double recovery" of approximately $2,500 in copying costs, but those costs are indisputably distinct from other copying costs. It also seeks to disallow certain deposition costs that are merely reasonable fees charged by the reporter, such as the reporter's travel expenses and equipment costs. These are all part of the fee a reporter charges for his or her services, which the Local Rules clearly permit Atlantic to recover.  The plaintiffs also object to the recovery of costs to videotape depositions and to expedite deposition transcripts. But the rules give the Court an opportunity to order the recovery of those costs. Atlantic included those amounts to give the Court that opportunity. Atlantic believes there is good cause for the award of those costs here.  As to the videotaping of depositions, Atlantic hereby modifies its request to seek only the costs to record the depositions of witnesses who were unlikely to attend trial for one of two reasons: (1) the witness was out of subpoena range, or (2) the witness was a high-level person in the entertainment industry whom the plaintiffs had emphasized had a difficult schedule and who thus might be unable to attend trial.

As to the expedited transcripts, there is good cause for the award of those amounts in light of the difficulty in scheduling the depositions in this case. That difficulty prompted Atlantic to propose that the parties make a joint request to extend the deadlines in this case. The plaintiffs did not agree, necessitating rush deposition transcripts and a rapid discovery pace. As a result, Atlantic believes the award of at least some of the costs to expedite the deposition transcripts is reasonable. Specifically, Atlantic seeks costs incurred to allow the parties to meet the briefing deadlines and the deadline to designate relevant portions of the transcripts in time for

1

**DEFENDANT ATLANTIC SPECIALTY INSURANCE COMPANY'S RESPONSE TO UNIVERSAL'S OBJECTIONS TO DEFENDANT'S APPLICATION TO TAX COSTS**

pretrial submissions, and which would likely have been unnecessary if the plaintiffs had agreed to jointly request an extension of the remaining deadlines.

This lawsuit was based on a weak argument, seeking recovery for losses caused by a war, when most if not all insurance policies, including Atlantic's, clearly exclude any such recoveries. Plaintiffs pursued their claims aggressively, driving attorney's fees and expenses well beyond reason. Atlantic now merely seeks recovery of a small portion of the significant costs it had to incur, amounts clearly within this Court's inherent power, and within the Rules, to award.

## II. ARGUMENT AND AUTHORITIES

The plaintiffs contest four basic categories of costs that Atlantic seeks: (1) the cost to videotape depositions, (2) the cost to expedite or rush deposition transcripts and, similarly, the cost for rough drafts of such transcripts, (3) witness fees that the plaintiffs contend are unreasonable and lack receipts, (4) copying costs that the plaintiffs contend are duplicative. Each of these objections is flawed. Atlantic addresses each category of objection below.

**1. The cost to videotape depositions is recoverable, though Atlantic will concede some of these costs.**

Atlantic is aware that the Local Rules do not *generally* allow for the recovery of costs to videotape depositions. But Rule 54-3.5(b) states that such costs are not allowable "unless otherwise ordered by the court." Atlantic included these costs as it believes it is appropriate for this Court to "otherwise order" the recovery of these costs. Atlantic videotaped many of these depositions because the witnesses being deposed were outside of subpoena range and could therefore not be assured to attend trial. Those witnesses include: Theresa Gooley Wolf (resides in Minnesota), Stephen Smith (resides in London), Malika Adams (resides in Bermuda), Pamela Johnson (resides in Minnesota), Aaron Stone (resides in Minnesota), Sean Duffy (resides in Minnesota), Dennis Crosby (resides in Georgia), Martin Ridgers (resides in New

1 York), Thomas McCarthy (resides in New York), and Wanda Phillips (resides in New
2 York). Declaration of Carla C. Crapster ("Crapster Declaration") at ¶ 2. This case was
3 far-reaching and involved persons all over America and Europe. It was therefore far
4 more urgent and important than in most cases to videotape these witnesses'
5 depositions. Each of these witnesses offered testimony critical to the issues in dispute,
6 and therefore videotaping their testimony was appropriate.

As to those persons who were inside subpoena range, many were the plaintiffs' own representatives. This includes Kurt Ford, Barbara-Ann Markus-Caffrey, Randi Richmond, and Mark Binke. It was incredibly difficult to schedule the depositions of these individuals. In the course of that scheduling process, plaintiffs' counsel repeatedly emphasized that these were high-level persons at NBC whose schedules were both inflexible and unpredictable. Crapster Declaration at ¶ 3. Atlantic also understood that these persons were frequently out of town on location for filming. *Id.* As a result, it was critical to capture these persons' depositions on video. Although they may *live* within subpoena range, they are frequently outside of subpoena range, and given the tightness of their schedules during the process of identifying possible deposition dates, Atlantic had doubts that they would be available for trial. As a result of the involvement of these high-level entertainment industry individuals who are both busy and frequently out of town, it was appropriate to videotape their depositions so their testimony could be preserved for trial.

As to the remaining persons whose depositions were videotaped, Peter Williams, Andrea Garber, Susan Weiss, John Quigley, Anthony Clark, and Frank Lowenstein, Atlantic will withdraw its request for the costs to videotape their depositions. Although Atlantic felt that memorializing their depositions on videotape was critical given the sheer importance of their role in the case, Atlantic is willing to

3
**DEFENDANT ATLANTIC SPECIALTY INSURANCE COMPANY'S RESPONSE TO UNIVERSAL'S OBJECTIONS TO DEFENDANT'S APPLICATION TO TAX COSTS**

concede these amounts, which total $7,442.17. *See* Doc. 131 at 9-10.[1] Atlantic was seeking a total of $24,012.99 for video-related services. These amounts are listed in the chart provided in the plaintiff's objections (Doc. 131 at 9-10). After reducing this by the $7,442.17 that Atlantic will concede, Atlantic is seeking only $16,570.82.

**2. The costs to expedite deposition transcripts and order rough drafts are recoverable, though Atlantic will concede some of these fees.**

Atlantic is again aware of the Local Rule stating that the costs of expedited transcripts are not generally recoverable. But once again, the Local Rule states that such costs are permitted if "otherwise ordered by the court," which Atlantic once again believes is appropriate. LR54-3.5(a). The parties had numerous depositions that needed to be taken in a short time frame, and the scheduling of those depositions was, as mentioned above, very difficult. Many of the witnesses were far from Los Angeles (including New York, Minnesota, Washington D.C., Connecticut, London, Georgia, and Ohio), and of those that were in Los Angeles, many were producers or other high-level entertainment industry people for NBC whose schedules were reportedly extremely inflexible. Crapster Declaration at ¶ 4.

Because the witnesses were scattered all over the country, and because of the sheer number of deponents and other discovery disputes the parties had, it was difficult to take many of these depositions early enough to leave a reasonable gap before the deadline to file dispositive motions or the deadline to designate relevant portions of the transcripts that would be used at trial. The parties attempted to work together to resolve these difficulties, but it proved to be impossible in some instances. As a result, Atlantic proposed moving the remaining deadlines by sixty days, but the plaintiffs did not agree. Crapster Declaration at ¶ 5-8. As a result, Atlantic was forced to take numerous depositions in close proximity to upcoming deadlines; by way of

---

[1] Atlantic was seeking $1,316.25 in video fees for Peter Williams, $2,388.75 in video fees for Andrea Garber, $1,912.17 in video fees for Susan Weiss, $650 in video fees for John Quigley, $650 in video fees for Anthony Clark, and $525 in video fees for Frank Lowenstein. These amounts total $7,442.17.

4

**DEFENDANT ATLANTIC SPECIALTY INSURANCE COMPANY'S RESPONSE TO UNIVERSAL'S OBJECTIONS TO DEFENDANT'S APPLICATION TO TAX COSTS**

example, there were seven depositions taken the week the discovery deadline closed. *Id.* at ¶ 9.

The parties had agreed to exchange designations of deposition testimony intended to be used at trial by May 31, 2017, to give them enough time to counter-designate testimony and object to the other parties' designations before the deadline to submit all such designations and objections: June 2, 2017. Crapster Declaration at ¶ 7. Even so, both parties were unable to schedule all depositions before May 31, 2017. On June 2, the plaintiffs deposed two of Atlantic's expert witnesses, and Atlantic deposed one of the plaintiff's expert witnesses. *Id.* On May 31, the plaintiffs deposed one of Atlantic's expert witnesses and a fact witness. *Id.* On May 30, the plaintiffs deposed a fact witness. *Id.* On May 26, Atlantic deposed one of the plaintiff's expert witnesses and one of their key fact witnesses. *Id.* Other key depositions were taken by both sides on May 22, 23, 24, and 25. *Id.* Because all these depositions were occurring so quickly before the May 31, 2017 deadline to designate portions to be used at trial, expedited transcripts were absolutely critical.

Both parties also had to quickly obtain deposition transcripts in advance of the April 24, 2017 deadline to file dispositive motions and the deadlines to file responses and replies thereto. In particular, Atlantic was not able to depose Stephen Smith, NBC's head of security who provided significant information that Atlantic relied on in its motion for summary judgment until April 19, 2017, just five days before the deadline. *Id.* at ¶ 6. It was critical for Atlantic to obtain this transcript quickly.

Atlantic would not seek these fees but for the fact that the plaintiff did not agree to an extension of the deadlines that would have made these requests unnecessary. Atlantic is mindful that the Court denied, in part, Atlantic's motion for a continuance. *See* Doc. 42. But that motion was opposed. Atlantic believes that if the parties had been able to reach an amicable resolution of their scheduling difficulties,

they could have presented a reasonable proposal to extend the deadlines to the Court, which would have mooted the need for any expedited fees or rush transcripts.

Because most of the depositions in this case were taken so near upcoming critical deadlines, Atlantic feels that all expedited fees are justified. But Atlantic will nonetheless withdraw its request for all those expedited fees except those incurred for the witnesses discussed above, whose depositions had to be taken in very near proximity to critical upcoming deadlines, despite Atlantic's best efforts. Below is a chart of the expedited fees that Atlantic seeks:

| Deponent | Rush/Rough Draft Fee Requested | Date of Deposition | Deadline Requiring Rush | ECF # -Page # |
|---|---|---|---|---|
| Stephen Smith | $1,984.75 | 4/19/17 | MSJ: 4/24/17 | 130-2-6,7 |
| Dr. Ingrid de Frankopan | $2,070 | 5/22/17 | Designation Exchange ("DE"): 5/31/17 | 130-2-19 |
| Barbara-Ann Markus-Caffrey | $1,055.60 | 5/23/17 | DE:5/31/17 | 130-2-20,21 |
| Jay Shapiro | $280.50 | 5/23/17 | DE:5/31/17 | 130-2-22 |
| Randi Richmond | $1,134.54 | 5/24/17 | DE:5/31/17 | 130-2-23 |
| Mark Binke | $748 | 5/25/17 | DE:5/31/17 | 130-2-24 |
| Harold Koh | $1,239.30 | 5/26/17 | DE:5/31/17 | 130-2-25 |
| Dennis Ross | $777.60 | 5/26/17 | DE:5/31/17 | 130-2-26 |
| Martin Ridgers | $1,345.50 | 5/30/17 | DE:5/31/17 | 130-2-27 |
| Wanda Phillips | $1,520 | 5/31/17 | DE:5/31/17 | 130-2-28 |
| John Quigley | $1,215.50 | 5/31/17 | DE:5/31/17 | 130-3-2 |

| | | | | |
|---|---|---|---|---|
| Ty Sagalow | $1,096.20 | 6/2 | DE:5/31/17 | 130-3-7 |
| Tom McCarthy | $514.25 | 6/1 | DE:5/31/17 | 130-3-3,4 |
| **TOTAL:** | **$14,981.74** | | | |

**3. The costs of Realtime, laptop use, equipment rental, reporter's parking and travel, conference rooms, video conferencing, and general expenses are all recoverable.**

The plaintiffs seek to disallow costs that are actually recoverable under the Local Rules. Under Local Rule 54-3.5(a) and (b), the following deposition costs are recoverable:

(a) The cost of the original and one copy of the transcription of the oral portion of all depositions used for any purpose in connection with the case, including non-expedited transcripts**, the reporter's appearance fee**, fees for binding, bates stamping, non-expedited shipping and handling, processing fee, ASCII disks, production and code compliance charge, electronic transmission charge, miniscripts and witness handling charges, but not including the cost of videotaping or recording depositions unless otherwise ordered by the Court;

(b) **The reasonable fees of the deposition reporter**, including reporter fees when a deponent fails to appear at a scheduled deposition, the notary, and any other persons required to report or transcribe the deposition, but not including the costs of video or audio technicians unless otherwise ordered by the Court[.] (emphasis added).

The plaintiffs try to disallow numerous items from recovery that they claim are not *expressly* listed in these rules. They attempt to exclude the court

7

**DEFENDANT ATLANTIC SPECIALTY INSURANCE COMPANY'S RESPONSE TO UNIVERSAL'S OBJECTIONS TO DEFENDANT'S APPLICATION TO TAX COSTS**

reporters' parking fees, laptop use, equipment rental, general expenses, and the cost the reporters incurred to book a conference room. But these are all part of the "reasonable fees of the deposition reporter," and the "reporter's appearance fee." To "appear," the reporter must necessarily incur travel and parking fees, which he or she reasonably charges to the litigants. And the reporter must of course also obtain necessary equipment, use a laptop, and sometimes provide a venue for the deposition. Merely because the reporter breaks down these amounts in a detailed invoice does not mean they are not all part of the "reasonable fees of the deposition reporter" or the "reporter's appearance fee," which are recoverable under Local Rule 54-3.5(a) and (b). The plaintiffs cite no authority to the contrary. And these amounts certainly are not expressly excluded from recovery. If the drafters of the Local Rules had meant to reach the level of detail that the plaintiffs seek here—disallowing those minor expenses that allow the court reporter to show up and do his or her job with modern technology—the Rules would be far more specific and exclude these amounts. But they do not. As a result, Atlantic respectfully requests that these amounts be included in its recovery of costs.

As to the Realtime services, the plaintiff offers no argument or explanation as to why these are not also covered under the "reasonable fees of the deposition reporter." The Local Rules certainly do not exclude them from recoverable costs. The one case that the plaintiffs cite makes no mention of Realtime services. This is a service that permits the parties to read the transcript as it is being taken in "real time." It is a standard service provided by court reporters that both parties used throughout the course of the discovery in this case. Crapster Declaration at ¶ 13. These are therefore "reasonable fees of the deposition reporter" charged for their standard service, and that Atlantic respectfully requests be included in the recoverable costs.

8

**DEFENDANT ATLANTIC SPECIALTY INSURANCE COMPANY'S RESPONSE TO UNIVERSAL'S OBJECTIONS TO DEFENDANT'S APPLICATION TO TAX COSTS**

The plaintiffs also seek to disallow the recovery of "videoconferencing" and "travel." These categories are relevant only to the deposition of Malika Adams, which was taken via videoconference because Ms. Adams resides in Bermuda. A sum of $405 was incurred to take the deposition via videoconference. *See* Doc. 130-2 at 9. The court reporter had to travel to Bermuda for $2,666.16. But no counsel had to travel, and all parties therefore saved significant costs by taking her deposition via videoconference. Crapster Declaration at ¶ 10. This is an expense that was obviously necessary to take the deposition in this cost-efficient manner. These costs therefore again fall under the general "reasonable fees of the deposition reporter," as these were necessary costs the reporter charged to permit the deposition to be carried out and transcribed in the cost-efficient manner the parties agreed to. Atlantic respectfully requests that these costs be included in the recoverable costs.

Below is a chart of all the costs discussed above and that the plaintiffs seek to remove from the recoverable costs. Atlantic contends that all these costs are recoverable:

| Cost Description | Amount | ECF # - Page # |
|---|---|---|
| Realtime Services | $10,146.85 | 130-2-2-28 and 130-3-5,7 |
| Laptop Use Fee | $100 | 130-2-2,3,18,22 |
| Equipment Rental | $925 | 130-2-5-9 |
| Parking Expense | $99 | 130-2-5,7,16,17,23 |
| Travel | $2,666.16 | 130-2-9 |
| Video Conferencing | $405 | 130-2-9 |
| Conference Room | $775 | 130-2-9 |
| General Expenses | $30 | 130-2-20 and 130-3-3 |
| **TOTAL** | **$15,147.01** | |

9

**DEFENDANT ATLANTIC SPECIALTY INSURANCE COMPANY'S RESPONSE TO UNIVERSAL'S OBJECTIONS TO DEFENDANT'S APPLICATION TO TAX COSTS**

### 4. The witness fees are all recoverable.

The plaintiffs seek to disallow the recovery of $621 in witness fees on the grounds that the costs are unreasonable and the receipts are insufficient. Atlantic has provided the Court with reasonable receipts. For several small amounts, Atlantic's expert witnesses provided only their own invoices that recorded *very* reasonable travel expenses to attend the deposition. Atlantic has provided those invoices to the Court.

The plaintiffs' argument that the travel expenses of Dr. Ingrid Detter de Frankopan are unreasonable because she should have been deposed in Switzerland (where she resides) must fail because deposing her there was a legal impossibility. According to the United States' Department of State Travel.State.Gov website, "The Swiss penal code provides that attorneys attempting to take a deposition or serve process in Switzerland outside of [certain] authorized methods are subject to arrest on criminal charges." *See* https://travel.state.gov/content/travel/en/legal-considerations/judicial/country/switzerland.html. This was the reason for not holding Dr. de Frankopan's deposition in Switzerland. Crapster Declaration at ¶ 11. Moreover, Dr. de Frankopan's travel charges are very reasonable. She billed Atlantic only $552 – which consisted of a train ride costing $242 and a hotel stay costing $310. On their face, these are extremely reasonable costs for a one-night stay in London and a train ride that covers more than 650 miles.

As to the argument that Dr. de Frankopan's deposition could have been taken via videoconference, eliminating the need for her travel, this is simply inaccurate given the Switzerland laws against taking depositions there. Her deposition needed to occur outside of Switzerland, and the parties selected the most convenient location for both her travel and their own. Moreover, the decision to have the deposition in London benefited the plaintiffs. The plaintiffs chose to appear at the deposition in person rather than by videoconference when they learned that Atlantic's own counsel would be appearing in person. Crapster Declaration ¶ 11. That choice to travel in person was

10

**DEFENDANT ATLANTIC SPECIALTY INSURANCE COMPANY'S RESPONSE TO UNIVERSAL'S OBJECTIONS TO DEFENDANT'S APPLICATION TO TAX COSTS**

made far less costly by holding the deposition in London rather than Switzerland. Switzerland is much farther than London from the United States (approximately 650 miles farther), and the travel would thus have been inherently more expensive.

### 5. The $2,576.25 in copy charges are not duplicative and are proper.

The plaintiffs argue that $2,576.25 charged for copies that Atlantic made for use in depositions are not recoverable because they are duplicative of other costs set forth in the court reporters' invoices. This is inaccurate. Atlantic's copying charges were for documents that were taken to the deposition by Atlantic's counsel for use in questioning witnesses. Atlantic prepared three copies of each of these documents to take to each deposition, one for the deponent, one for Atlantic's counsel, and one for plaintiffs' counsel (a practice that plaintiffs' counsel also followed and which was clearly appreciated by plaintiff's counsel). *See* Crapster Declaration at ¶ 12. Those copies are obviously distinct from any copies that the court reporters made of the single copy of an exhibit that they received during a deposition.

These copying costs are plainly recoverable under Local Rule 54. As the plaintiffs themselves point out, Local Rule 54-3.5(e) allows for the recovery of costs incurred to copy documents that are used at the deposition and made a part of the deposition transcript. The plaintiffs also seem to object to the fact that copies were made in house. But this fact in no way disqualifies them from recovery under the Local Rules. Indeed, this allowed the copies to be made for less than an outside vendor would have charged, and the plaintiffs are therefore benefiting from that decision.

In short, Atlantic is certainly not seeking any amounts twice. It is seeking the amounts of the copies that it made to take to the deposition. That the court reporters also charged for copies they created to circulate to the parties is irrelevant and does not affect Atlantic's recovery of these costs.

**DEFENDANT ATLANTIC SPECIALTY INSURANCE COMPANY'S RESPONSE TO UNIVERSAL'S OBJECTIONS TO DEFENDANT'S APPLICATION TO TAX COSTS**

### III. CONCLUSION

Atlantic has compromised on many of the points the plaintiffs raised. As a result, Atlantic is now seeking a reduced sum from what it initially sought. In total, Atlantic now seeks **$93,382.58**, consisting of: $245 in service fees (undisputed), $3,259.95 in copying costs, $890 in witness fees, the $42,288.06 in deposition costs the plaintiffs did not object to, $16,570.82 for costs to videotape depositions that it was absolutely essential to record since the plaintiffs were out of subpoena range or otherwise unlikely to be available for trial, $15,147.01 for reasonable costs incurred by the court reporters, and $14,981.74 for rush fees of depositions that Atlantic had to take just before an upcoming deadline, which necessitated obtaining the transcript as quickly as possible. Although Atlantic believes that no hearing is necessary given that the issues presented here are straightforward, it will be happy to attend a hearing if the Court feels it would be helpful.

DATED: October 30, 2017

        MICHAEL KEELEY *(Pro Hac Vice)*
        TONI SCOTT REED *(Pro Hac Vice)*
        CARLA C. CRAPSTER *(Pro Hac Vice)*
        STRASBURGER & PRICE, LLP
        By:   */s/ Michael Keeley*
              Michael Keeley
        Attorneys for Defendant ATLANTIC SPECIALTY INSURANCE COMPANY

**DEFENDANT ATLANTIC SPECIALTY INSURANCE COMPANY'S RESPONSE TO UNIVERSAL'S OBJECTIONS TO DEFENDANT'S APPLICATION TO TAX COSTS**

# PROOF OF SERVICE

I am employed in the County of Dallas, State of Texas. I am over the age of eighteen years and not a party to the within action; my business address is 901 Main Street, Suite 6000, Dallas, Texas 75202.

On October 30, 2017, I served the following document(s) described as **DEFENDANT ATLANTIC SPECIALTY INS. CO.'S RESPONSE TO UNIVERSAL'S OBJECTIONS TO DEFENDANT'S APPLICATION TO TAX COSTS** in support on the interested parties in this action at their las known address as set forth below by taking the action described below:

| | |
|---|---|
| Lucia E. Coyoca, Esq. | Attorneys for Plaintiffs |
| lec@msk.com | |
| Valentine A. Shalamitski, Esq. | |
| vas@msk.com | |
| Daniel M. Hayes, Esq. | |
| dmh@msk.com | |
| Mitchell Silberberg & Knupp LLP | |
| 11377 West Olympic Boulevard | |
| Los Angeles, CA 90064-1683 | |
| Telephone: (310) 312-2000 | |
| Facsimile: (310) 312-3100 | |

☑ **BY PLACING FOR COLLECTION AND MAILING:** I placed the above-mentioned document(s) in sealed envelope(s) addressed as set forth above, and placed the envelope(s) for collection and mailing following ordinary business practices. I am readily familiar with the firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at 901 Main Street, Suite 6000, Dallas, Texas 75202 in the ordinary course of business.

☑ **ELECTRONICALLY VIA THE COURT'S CM/ECF SYSTEM:** I served the above-mentioned document electronically on the parties listed at the email addresses above via the court's CM/ECF system and, to the best of my knowledge, the transmission was complete and without error in that I did not receive an electronic notification to the contrary

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on October 30, 2017, at Dallas, Texas.



Marianna Green

13

DEFENDANT ATLANTIC SPECIALTY INSURANCE COMPANY'S RESPONSE TO UNIVERSAL'S OBJECTIONS TO DEFENDANT'S APPLICATION TO TAX COSTS