MARC J. SHRAKE (SBN 219331)
  mjs@amclaw.com
ANDERSON, MCPHARLIN & CONNERS LLP
707 Wilshire Boulevard, Suite 4000
Los Angeles, California 90017-3623
Telephone: (213) 236-1691
Facsimile: (213) 622-7594

MICHAEL KEELEY *(Pro Hac Vice)*
  michael.keeley@strasburger.com
TONI SCOTT REED *(Pro Hac Vice)*
  toni.reed@strasburger.com
CARLA C. CRAPSTER *(Pro Hac Vice)*
  carla.crapster@strasburger.com
STRASBURGER & PRICE, LLP
901 Main Street, Suite 6000
Dallas, Texas 75202
Telephone: (214) 651-4300
Facsimile: (214) 651-4330

Attorneys for Defendant
Atlantic Specialty Insurance Company

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| UNIVERSAL CABLE PRODUCTIONS LLC, *et al.*,<br><br>            Plaintiffs,<br><br>    v.<br><br>ATLANTIC SPECIALTY INSURANCE COMPANY,<br><br>            Defendant. | CASE NO. 2:16-cv-4435-PA-MRW<br><br>**DECLARATION OF CARLA C. CRAPSTER IN SUPPORT OF DEFENDANT'S RESPONSE TO UNIVERSAL'S OBJECTIONS TO DEFENDANT'S APPLICATION TO TAX COSTS** |

**DECLARATION OF CARLA C. CRAPSTER**

**DECLARATION OF CARLA C. CRAPSTER**

I, Carla C. Crapster, declare:

1. I am an attorney duly licensed to practice law in the State of Texas and admitted *pro hac vice* before this Court. I am a partner in the law firm of Strasburger & Price LLP, attorneys of record for the defendant Atlantic Specialty Insurance Company ("Atlantic") in the above-captioned matter. I make this declaration in support of Atlantic's response to the plaintiffs' objections to Atlantic's application to tax costs. I have personal knowledge of the following facts and, if called and sworn as a witness, could and would competently testify thereto.

2. Atlantic videotaped many of the depositions taken in this case because the witnesses being deposed were outside of subpoena range and could therefore not be assured to attend trial. Those witnesses include: Theresa Gooley Wolf (resides in Minnesota), Stephen Smith (resides in London), Malika Adams (resides in Bermuda), Pamela Johnson (resides in Minnesota), Aaron Stone (resides in Minnesota), Sean Duffy (resides in Minnesota), Dennis Crosby (resides in Georgia), Martin Ridgers (resides in New York), Thomas McCarthy (resides in New York), and Wanda Phillips (resides in New York).

3. Atlantic also had doubts about the ability of key witnesses who live within subpoena range to attend trial. Specifically, several of the plaintiffs' representatives are high-level entertainment industry executives, and plaintiff's counsel made clear in multiple phone calls that these persons had extremely busy and inflexible schedules. Those persons include Kurt Ford, Barbara-Ann Markus-Caffrey, Randi Richmond, and Mark Binke. The parties had a difficult time identifying dates on which these persons could be available for depositions. And plaintiffs' counsel repeatedly emphasized that these were high-level persons at NBC whose schedules were both inflexible and unpredictable. Atlantic also understood that these persons were frequently out of town on location to film a movie or television show. As a result, Atlantic felt it was critical

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623

to capture these persons' depositions on video.

4. The parties had numerous depositions that needed to be taken in a short time frame, and the parties had a very difficult time identifying mutually agreeable dates for many of those depositions. Many of the witnesses were far from Los Angeles (including New York, Minnesota, Washington D.C., Connecticut, London, Georgia, and Ohio), and of those that were in Los Angeles, many were producers or other high-level entertainment industry executives for NBC whose schedules were reportedly extremely inflexible.

5. Because the witnesses were scattered all over the country, and because of the sheer number of deponents and other discovery disputes the parties had, Atlantic was unable to take many of the depositions it needed early enough to leave a reasonable gap between certain depositions and a critical upcoming deadline for which Atlantic needed the transcript of that deposition.

6. In particular, Atlantic was unable to take the deposition of Stephen Smith, NBC's head of security who was heavily involved in the decision to postpone the production of *Dig* and later move it out of Israel, until April 19, 2017, just five days before the deadline to file dispositive motions (April 24, 2017). Atlantic relied heavily on Smith's testimony in its motion for summary judgment, and would have preferred to take his deposition far earlier.

7. Further, the parties had agreed to exchange designations of deposition testimony intended to be used at trial by May 31, 2017, to give them enough time to counter-designate testimony and object to the other parties' designations before the deadline to submit all such designations and objections: June 2, 2017. Even so, both parties were unable to schedule all depositions before May 31, 2017. On June 2, the plaintiffs deposed two of Atlantic's expert witnesses, and Atlantic deposed one of the plaintiff's expert witnesses. *Id.* On May 31, the plaintiffs deposed one of Atlantic's expert witnesses and a fact witness. *Id.* On May 30, the plaintiffs deposed a fact witness.

3
**DECLARATION OF CARLA C. CRAPSTER**

*Id.* On May 26, Atlantic deposed one of the plaintiff's expert witnesses and one of their key fact witnesses. *Id.* Other key depositions were taken by both sides on May 22, 23, 24, and 25. *Id.* Because all these depositions were occurring so quickly before the May 31, 2017 deadline to designate portions to be used at trial, Atlantic felt that expedited transcripts were absolutely critical.

8. The parties attempted to work together to resolve these scheduling difficulties, but it proved to be impossible in many instances. As a result, Atlantic proposed moving the remaining deadlines by sixty days, but the plaintiffs did not agree.

9. As a result of this tight schedule, both parties were rushing to conclude discovery on time; by way of example, seven depositions were taken the week of May 30th, which was also the week the discovery deadline closed.

10. The plaintiffs object to the recovery of "videoconferencing fees" and "travel expenses." These categories are relevant only to the deposition of Malika Adams, which was taken via videoconference because Ms. Adams resides in Bermuda. A sum of $405 was incurred to take the deposition via videoconference. The court reporter had to travel to Bermuda for $2,666.16. But no counsel had to travel, and all parties therefore saved costs by taking her deposition via videoconference. The parties were in agreement that it would be most cost-effective to depose Ms. Adams in Bermuda by videoconference.

11. One of Atlantic's expert witnesses, Dr. Ingrid Detter de Frankopan, resides in Switzerland, but was deposed in London. It was legally impossible to depose Dr. de Frankopan in Switzerland. Switzerland forbids the taking of depositions within its borders except under narrow circumstances, which Atlantic had concluded were not applicable here. Atlantic proposed London as a cost-effective and convenient alternative. The plaintiffs chose to appear at Dr. de Frankopan's deposition in person rather than by videoconference when they learned that Atlantic's own counsel would be appearing in person.

4

**DECLARATION OF CARLA C. CRAPSTER**

12. Atlantic's copying charges of $2,576.25 were for documents that were taken to the deposition by Atlantic's counsel for use in questioning witnesses. Atlantic prepared three copies of each of these documents to take to each deposition, one for the deponent, one for Atlantic's counsel, and one for plaintiffs' counsel. (Atlantic's counsel understood that plaintiffs' counsel appreciated this practice, and plaintiffs' counsel followed the same practice.) These copies were made in house, which Atlantic's counsel concluded was less expensive than using an outside copying vendor.

13. Both parties used Realtime services for nearly all the depositions in this case.

14. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed October 30, 2017, at Dallas, Texas.

_____
Carla C. Crapster