LUCIA E. COYOCA (SBN 128314)
  lec@msk.com
VALENTINE A. SHALAMITSKI (SBN 236061)
  vas@msk.com
DANIEL M. HAYES (SBN 240250)
  dmh@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, CA 90064-1683
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Plaintiffs
Universal Cable Productions LLC and
Northern Entertainment Productions LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNIVERSAL CABLE PRODUCTIONS LLC and NORTHERN ENTERTAINMENT PRODUCTIONS LLC,<br><br>Plaintiffs,<br><br>v.<br><br>ATLANTIC SPECIALTY INSURANCE COMPANY,<br><br>Defendants. | CASE NO. 2:16-cv-04435-PA-MRW<br><br>**PLAINTIFFS' APPLICATION FOR APPROVAL OF BOND AMOUNT** |

Plaintiffs Universal Cable Productions LLC and Northern Entertainment Productions LLC ("UCP") hereby apply, in accordance with Federal Rule of Civil Procedure 62(d), for an order approving a *supersedeas* bond in the amount of $53,199.70, which is 125% of the amount of taxed costs entered as part of the judgment in this case, pending the outcome of the appeal in this matter.

Federal Rule of Civil Procedure 62(d) provides that "If an appeal is taken, the appellant may obtain a stay by *supersedeas* bond … . The bond may be given upon or after filing the notice of appeal … . The stay takes effect when the court approves the bond." A party appealing from a monetary judgment is entitled to a stay as a matter of right, provided a *supersedeas* bond is posted. *See American Mfrs. Mut. Ins. Co. v. American Broadcasting-Paramount Theatres, Inc.*, 87 S. Ct. 1, 3 (1966); *Moreno v. Ross Island Sand & Gravel, Co.*, U.S. Dist. LEXIS 76863, at *3-4 (E.D. Cal. May 18, 2017) .

The amount of the bond is left to the discretion of the trial court. *Rachel v. Banana Republic, Inc.*, 831 F. 2d 1503, 1505 n. 1 (9th Cir. 1987); *Acacia Research Corp. v. Nat'l Union Fire Ins. Co.*, 2008 U.S. Dist. LEXIS 109598, at *5-6 (C.D. Cal. Sep. 9, 2008) (ordering *supersedeas* bond of 110% amount of judgment, to cover judgment and interest and serve the purpose of such a bond). There is no amount set for a *supersedeas* bond in the Central District of California; however, Local Rule 151(d) for the Eastern District Court of California sets the amount of a *supersedeas* bond at 125% of the judgment unless the Court otherwise orders. The post-judgment interest rate is the weekly average one-year constant maturity Treasury yield for the calendar week preceding the date of the entry of judgment, and interest is compounded annually. 28 U.S.C. §1961. The annual interest rate for 1-year Treasury constant maturities on December 21, 2017 was 1.73%, which was the highest interest rate on such maturities in the period of September 26, 2017 (one week before entry of judgment) through December 21, 2017 (date taxable

1  costs entered). *See* Board of Governors of the Federal Reserve System Website,
2  page titled "Selected Interest Rates (Daily) – H.15, published December 27, 2017.
3        The Court entered judgment in Defendant's favor on October 6, 2017, and
4  ordered that "Defendant shall have its costs of suit." (ECF No. 129). Plaintiffs
5  filed a Notice of Appeal on November 2, 2017 (ECF No. 133). On December 21,
6  2017, the Court taxed costs against Plaintiffs in the amount of $42,559.76 (ECF
7  No. 135). 125% of the taxed costs is $53,199.70, and thus, Plaintiffs have obtained
8  a bond in that amount.
9        This amount will cover the full amount of the taxed costs, along with ample
10 additional funds – enough to cover more than 12 years' worth of post-judgment
11 interest at a rate of 1.73%[1] while the appeal is pending. Accordingly, UCP requests
12 that the Court approve the bond in the amount and form attached hereto as Exhibit
13 A. A proposed Order accompanies this Application.
14       On December 28, 2017, Plaintiffs' counsel asked counsel for Atlantic
15 Specialty Insurance Company ("Atlantic") whether Atlantic had any objection to
16 the amount of the bond. Atlantic's counsel responded indicating that an answer
17 would be provided in due course; however, to date, no answer has been received.

                        Respectfully submitted,

DATED: January 3, 2018      LUCIA E. COYOCA
                                      VALENTINE A. SHALAMITSKI
                                      DANIEL M. HAYES
                                      MITCHELL SILBERBERG & KNUPP LLP

                             By: */s/ Lucia E. Coyoca*
                                  Lucia E. Coyoca
                                  Attorneys for Plaintiffs
                                  Universal Cable Productions LLC and
                                  Northern Entertainment Productions
                                  LLC

---

[1] Plaintiffs make no representations or admissions here that 1.73% is the correct post-interest rate to be applied. The 1.73% rate is used herein as it is the highest post-judgment rate that could potentially apply to the costs.

# EXHIBIT A

# SURETEC INSURANCE COMPANY

THE UNITED STATES DISTRICT COURT, _____CENTRAL_____ DISTRICT OF CALIFORNIA

Univerisal Cable Productions LLC, a Delaware limited liability company and Northern Entertainment Productions LLC, a Delaware limited liability company,

Plaintiffs,

vs.

Atlantic Specialty Insurance Company, a New York insurance company,

Defendant.

No. 2:16-CV-04435-PA-MRW

UNDERTAKING FOR _____

SUPERSEDEAS

F.R.C.P. 62 (D)

WHEREAS, the above named __Universal Cable Productions LLC and Northern Entertainment Productions LLC__ desire(s) to give undertaking for _____Supersedeas_____ as provided by section __F.R.C.P. 62(d)__ of California Code of Civil Procedure and as provided by applicable rules of the Federal Rules of Civil Procedure.

NOW, THEREFORE, the undersigned surety, does hereby obligate itself, jointly and severally to _____
Atlantic Specialty Insurance Company
under said statutory obligations in the sum of __Fifty Three Thousand One Hundred Ninety Nine and 70/100__
Dollars ($ 53,199.70 ).

IT IS FURTHER AGREED by the Surety, that in case of default or contumacy on the part of the Surety, the Court may, upon notice to it of not less than ten days, proceed summarily and render judgment against it in accordance with their obligation and award execution thereon.

Signed, sealed and dated this __3rd__ day of __January__, __2018__.

BOND NO. __3392542__

PREMIUM: __$1,032.00__

BY: 
Justin Buenaventura        Attorney-in-fact

Suretec Insurance Company
5555 Garden Grove Blvd. #275
Westminster, CA 92683

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**  CIVIL CODE § 1189

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California  
County of __Los Angeles__  
On __1/3/18__ before me, __Rocio Avila, notary public__  
Date                              Here Insert Name and Title of the Officer  
personally appeared __Justin Buenaventura__  
Name(s) of Signer(s)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____  
Signature of Notary Public

[Notary Seal: ROCIO AVILA, Notary Public - California, Los Angeles County, Commission # 2180132, My Comm. Expires Jan 16, 2021]

Place Notary Seal Above

——————————— OPTIONAL ———————————  
Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.

**Description of Attached Document**  
Title or Type of Document: _____ Document Date: _____  
Number of Pages: _____ Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _____  
☐ Corporate Officer — Title(s): _____  
☐ Partner — ☐ Limited ☐ General  
☐ Individual    ☐ Attorney in Fact  
☐ Trustee    ☐ Guardian or Conservator  
☐ Other: _____  
Signer Is Representing: _____

Signer's Name: _____  
☐ Corporate Officer — Title(s): _____  
☐ Partner — ☐ Limited ☐ General  
☐ Individual    ☐ Attorney in Fact  
☐ Trustee    ☐ Guardian or Conservator  
☐ Other: _____  
Signer Is Representing: _____

©2014 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)  Item #5907

POA #: 510376

# SureTec Insurance Company
## LIMITED POWER OF ATTORNEY

*Know All Men by These Presents,* That SURETEC INSURANCE COMPANY (the "Company"), a corporation duly organized and existing under the laws of the State of Texas, and having its principal office in Houston, Harris County, Texas, does by these presents make, constitute and appoint

Jennifer Wayne, Will Mingram, Kevin J. Phillips, Alfonso Lujan,
Sylvia Diane Caneva, John D. Strong, Oscar Zachary Gallegos, Justin Buenaventura

its true and lawful Attorney-in-fact, with full power and authority hereby conferred in its name, place and stead, to execute, acknowledge and deliver any and all bonds, recognizances, undertakings or other instruments or contracts of suretyship to include waivers to the conditions of contracts and consents of surety for, providing the bond penalty does not exceed

Five Million and 00/100 Dollars ($5,000,000.00)

and to bind the Company thereby as fully and to the same extent as if such bond were signed by the President, sealed with the corporate seal of the Company and duly attested by its Secretary, hereby ratifying and confirming all that the said Attorney-in-Fact may do in the premises. Said appointment shall continue in force until 12/31/2019 and is made under and by authority of the following resolutions of the Board of Directors of the SureTec Insurance Company:

*Be it Resolved,* that the President, any Vice-President, any Assistant Vice-President, any Secretary or any Assistant Secretary shall be and is hereby vested with full power and authority to appoint any one or more suitable persons as Attorney(s)-in-Fact to represent and act for and on behalf of the Company subject to the following provisions:

*Attorney-in-Fact* may be given full power and authority for and in the name of and of behalf of the Company, to execute, acknowledge and deliver, any and all bonds, recognizances, contracts, agreements or indemnity and other conditional or obligatory undertakings and any and all notices and documents canceling or terminating the Company's liability thereunder, and any such instruments so executed by any such Attorney-in-Fact shall be binding upon the Company as if signed by the President and sealed and effected by the Corporate Secretary.

*Be it Resolved,* that the signature of any authorized officer and seal of the Company heretofore or hereafter affixed to any power of attorney or any certificate relating thereto by facsimile, and any power of attorney or certificate bearing facsimile signature or facsimile seal shall be valid and binding upon the Company with respect to any bond or undertaking to which it is attached. *(Adopted at a meeting held on 20th of April, 1999.)*

*In Witness Whereof,* SURETEC INSURANCE COMPANY has caused these presents to be signed by its President, and its corporate seal to be hereto affixed this 21st day of March, A.D. 2017.

SURETEC INSURANCE COMPANY

By: _____
John Knox Jr., President

State of Texas    ss:
County of Harris

On this 21st day of March, A.D. 2017 before me personally came John Knox Jr., to me known, who, being by me duly sworn, did depose and say, that he resides in Houston, Texas, that he is President of SURETEC INSURANCE COMPANY, the company described in and which executed the above instrument; that he knows the seal of said Company; that the seal affixed to said instrument is such corporate seal; that it was so affixed by order of the Board of Directors of said Company; and that he signed his name thereto by like order.

XENIA CHAVEZ
Notary Public, State of Texas
Comm. Expires 09-10-2020
Notary ID 129117659

Xenia Chavez, Notary Public
My commission expires September 10, 2020

I, M. Brent Beaty, Assistant Secretary of SURETEC INSURANCE COMPANY, do hereby certify that the above and foregoing is a true and correct copy of a Power of Attorney, executed by said Company, which is still in full force and effect; and furthermore, the resolutions of the Board of Directors, set out in the Power of Attorney are in full force and effect.

Given under my hand and the seal of said Company at Houston, Texas this 3rd day of January, 2018, A.D.

M. Brent Beaty, Assistant Secretary

Any instrument issued in excess of the penalty stated above is totally void and without any validity.
For verification of the authority of this power you may call (713) 812-0800 any business day between 8:00 am and 5:00 pm CST.