**FREEMAN MATHIS & GARY, LLP**
MARC J. SHRAKE (SBN 219331)
mshrake@mfglaw.com
550 South Hope Street, 22nd Floor
Los Angeles, California  90071-2627
(213) 615-7000; FAX (213) 615-7100

**CLARK HILL PLC**
MICHAEL KEELEY *(Pro Hac Vice)*
michael.keeley@clarkhillstrasburger.com
TONI SCOTT REED *(Pro Hac Vice)*
toni.reed@clarkhillstrasburger.com
901 Main Street, Suite 6000
Dallas, Texas 75202
(214) 651-4300; FAX (214) 651-4330

**MARTIN, DISIERE, JEFFERSON
 & WISDOM LLP**
CHRISTOPHER W. MARTIN *(Pro Hac Vice)*
martin@mdjwlaw.com
MELINDA R. BURKE *(Pro Hac Vice)*
burke@mdjwlaw.com
9111 Cypress Waters Blvd., Suite 250
Dallas, Texas 75019
(214) 420-5500; FAX (214) 420-5501

Attorneys for Defendant
**ATLANTIC SPECIALTY
INSURANCE COMPANY**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| UNIVERSAL CABLE PRODUCTIONS LLC, a Delaware limited liability company, and NORTHERN ENTERTAINMENT PRODUCTIONS LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>vs. | CASE NO. 2:16-cv-04435-PA-MRW<br>*[Hon. Percy Anderson; Ctrm. 9A]*<br><br>**ATLANTIC SPECIALTY'S NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND COURT'S SCHEDULING ORDER TO** |

ATLANTIC SPECIALTY'S MOTION FOR LEAVE TO AMEND COURT'S
SCHEDULING ORDER TO ALLOW SUBSTITUTION OF EXPERT WITNESS

1

2 ATLANTIC SPECIALTY INSURANCE
COMPANY, a New York insurance

3 company,

4                    Defendant.

5

6

7

) **ALLOW SUBSTITUTION OF**
) **EXPERT WITNESS ON**
) **ACCOUNT OF DEATH OF JAY**
) **SHAPIRO, CPA**
)
) Hearing Date:  January 20, 2020,
) Pretrial Conference:  January 17, 2020
) Time:  1:30 PM PST
) Place:  Courtroom 9A
) Judge:  Honorable Percy Anderson
) Trial Date:  February 18, 2020
)

8 TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

9          PLEASE TAKE NOTICE THAT ASIC recently learned that its designated

10 damages expert, Jay Shapiro, CPA, passed away.  Counsel for ASIC promptly

11 retained a substitute expert.  Pursuant to Rule 16(b), or alternatively Rule 37(c), of

12 the Federal Rules of Civil Procedure, Defendant Atlantic Specialty Insurance

13 Company ("ASIC"), at the time and place designated above, will and hereby does

14 move the Court for leave to designate a new damages expert and to amend the

15 Court's scheduling order to allow Plaintiffs time to depose the new expert and time

16 to rebut, including any supplemental damages expert rebuttal report Plaintiffs wish to

17 produce.

18          ASIC will and hereby does move the Court to enter an order as follows:

19          1.    ASIC shall be allowed to substitute Shannon Rusnak, Senior Vice

20                President, Forensic Accounting, J.S. Held LLC, in place of now-

21                deceased Jay Shapiro and to designate Ms. Rusnak as ASIC's

22                expert with respect to Plaintiffs' damage claim and in rebuttal to

23                the anticipated testimony of Plaintiffs' expert and fact witnesses

24                regarding damages claimed in this suit.

25          2.    Ms. Rusnak shall be permitted to submit an expert report and

26                such report shall be provided to Plaintiffs' counsel no later than

27                January 17, 2020.

28          3.    Ms. Rusnak may be deposed during the week of January 20,

Freeman Mathis
& Gary, LLP
Attorneys at Law

1    2020, with the exception of January 24, 2020

2         4.    Plaintiffs shall be permitted to submit an expert report in rebuttal

3              to Ms. Rusnak's report, and that report shall be provided no later

4              than seven days after the completion of the deposition of Ms.

5              Rusnak.

6    This motion is made following the conference of counsel pursuant to L.R. 7-3

7    which took place on December 16, 2019, with followup discussions on December 19

8    and 23, 2019.

9    This motion is based upon this Notice and Motion, the Memorandum of Points

10   and Authorities, the attached declaration, such other arguments and evidence as may

11   be presented at or before the hearing of this motion.

12   DATED: December 23, 2019      MARC J. SHRAKE
                                   FREEMAN MATHIS & GARY, LLP
13
14                                           -and-

15                                 MICHAEL KEELEY *(Pro Hac Vice)*
16                                 TONI SCOTT REED *(Pro Hac Vice)*
                                   CLARK HILL PLC
17
18                                 CHRISTOPHER W. MARTIN *(Pro Hac Vice)*
                                   MELINDA R. BURKE *(Pro Hac Vice)*
19                                 MARTIN, DISIERE, JEFFERSON
                                   & WISDOM LLP
20
21                                 By:    */s/ Marc J. Shrake*
22                                        Marc J. Shrake

23                                 **Attorneys for Defendant ATLANTIC**
24                                 **SPECIALTY INSURANCE COMPANY**

25
26
27
28

Freeman Mathis
& Gary, LLP
Attorneys at Law

-3-
ATLANTIC SPECIALTY'S MOTION FOR LEAVE TO AMEND COURT'S
SCHEDULING ORDER TO ALLOW SUBSTITUTION OF EXPERT WITNESS

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Atlantic Specialty Insurance Company ("ASIC") recently learned that its designated damages expert, Jay Shapiro, CPA, passed away.  Counsel for ASIC promptly retained a substitute expert.

ASIC brings this motion asking for leave to designate its new damages expert and to amend the Court's scheduling order to allow Plaintiffs time to depose the new expert and time to rebut, including any supplemental damages expert rebuttal report Plaintiffs wish to produce.

No other changes to the Court's Scheduling Order are proposed in this motion.

On Monday, December 16, 2019, ASIC's counsel conferred with counsel for Plaintiffs about the relief sought in this motion.  Plaintiffs oppose this motion.

ASIC is of course mindful of the Court's order.  But, contrary to Plaintiffs' position, the case law requires that when an expert dies after discovery has closed, in the interests of justice and fairness the designating party may designate another expert to replace the deceased expert.

Accordingly, ASIC asks the Court to enter an Order as follows:

1.   ASIC shall be allowed to substitute Shannon Rusnak, Senior Vice President, Forensic Accounting, J.S. Held LLC, in place of now-deceased Jay Shapiro and to designate Ms. Rusnak as ASIC's expert with respect to Plaintiffs' damage claim and in rebuttal to the anticipated testimony of Plaintiffs' expert and fact witnesses regarding damages claimed in this suit.

2.   Ms. Rusnak shall be permitted to submit an expert report and such report shall be provided to Plaintiffs' counsel no later than January 17, 2020.

3.   Ms. Rusnak may be deposed during the week of January 20, 2020, with the exception of January 24, 2020

4.   Plaintiffs shall be permitted to submit an expert report in rebuttal

Freeman Mathis
& Gary, LLP
Attorneys at Law

to Ms. Rusnak's report, and that report shall be provided no later than seven days after the completion of the deposition of Ms. Rusnak.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on December 16, 2019, with followup discussions on December 19 and 23, 2019.

The following facts and law are presented as good cause for the changes presented by this motion.

## I.   FACTUAL BACKGROUND

Pursuant to the Court's Order, the deadline to complete discovery in this matter was June 2, 2017. *See* Dkt. No. 42. The Parties diligently engaged in months of discovery, including expert designations and depositions. Discovery closed on June 2, 2017. *Id.*

On the same day, the Court granted ASIC's Motion for Summary Judgment and vacated all remaining pretrial dates. *See* Dkt. No. 124. Plaintiffs appealed the Court's ruling to the Ninth Circuit Court of Appeals. *See* Dkt. No. 133. The case pended on appeal for almost two years, until the Ninth Circuit reversed the Court's ruling and remanded the case for trial. *See* Dkt. No. 140.

On December 4, 2019, the Parties received notification of the Court's Order setting pre-trial deadlines and trial. *See* Dkt. No. 157. Incident to the Court's Order, ASIC began to notify witnesses of the impending trial date. However, ASIC's efforts uncovered that one of its expert witnesses, Mr. Jay Jeffery Shapiro, CPA, died on or about July 6, 2017. *See*, *e.g.*, Exhibit 1, Verified Petition of Maria Cecilia Rodrigues at p.1, *In re The Jay Jeffrey Shapiro Revocable Trust*, Case No. 17STPB09609, formerly pending in Superior Court of California, County of Los Angeles, Probate Division, Stanley Mosk Dept. – 11; Exhibit 2, Order Granting Release of Funds from The Jay Jeffrey Shapiro Revocable Trust to Petitioner, Maria Cecilia Rodrigues, *In re The Jay Jeffrey Shapiro Revocable Trust*, Case No.

17STPB09609, formerly pending in Superior Court of California, County of Los Angeles, Probate Division, Stanley Mosk Dept. – 11.[1]  ASIC first learned of the reasonable likelihood of his death on or about December 9, 2019, and then confirmed Mr. Shapiro's death on December 11, 2019.  *Id.*

Mr. Shapiro served as a retained damages expert for ASIC.  He possessed extensive experience in the areas of accounting, finance, financial consulting, and financial auditing vis-à-vis the entertainment industry.  Mr. Shapiro opined that the computation and methodology of Plaintiffs' damages expert was unreliable and subject to criticism.  Mr. Shapiro also opined about the maximum amount of possible extra expenses that Plaintiffs may recover, and about additional reductions to such computation that may also apply.   Finally, Mr. Shapiro opined in rebuttal to the anticipated testimony regarding Plaintiffs' extra expense claim.

Considering Mr. Shapiro's death, ASIC has no material means to challenge Plaintiffs' damages claim or otherwise rebut Plaintiffs' expert's testimony. Therefore, in the interest of justice, ASIC files this motion for leave to amend the Court's scheduling order for the limited purpose of allowing for a substitute expert witness.  Good cause exists to allow such relief, as Mr. Shapiro died after the close of discovery and ASIC acted diligently to report Mr. Shapiro's death to the Court. ASIC has retained Shannon Rusnak, Senior Vice President, Forensic Accounting, J.S. Held LLC, and respectfully requests leave to designate her as its expert with respect to Plaintiffs' damage claim and in rebuttal to the anticipated testimony of Plaintiffs' expert and fact witnesses regarding damages claimed in this suit.

## II.  ARGUMENT AND AUTHORITY

### A.    Rule 16(b) is the Appropriate Standard of Review.

District courts in the Ninth Circuit approach motions to substitute experts after

---

[1] All Exhibits are attached to and are part of the Declaration of Marc J. Shrake submitted concurrently with this Motion.

Freeman Mathis
& Gary, LLP
Attorneys at Law

the deadline in one of two ways: either (1) the Court construes the motion as a motion to amend the court's scheduling order under Rule 16(b); or (2) the Court construes the motion as an untimely designation under Rule 26(a) and determines whether to allow the untimely disclosure under Rule 37(c). *Compare In re Northrop Grumman Corp. ERISA Litigation*, CV-06-06213-AB, 2016 WL 6826171, at *2 (C.D. Cal. Apr. 7, 2016), *Fidelity Nat'l Fin., Inc. v. Nat'l Union Fire Ins. Co.*, 208 F.R.D. 649, 652 (S.D. Cal. 2015), *Park v. CAS Enterprises, Inc.*, No. 08-CV-00385, 2009 WL 4057888, at *2-3 (S.D. Cal Nov. 18, 2009) with *Nijjar v. Gen Star Indem. Co.*, No 12-CV-08148, 2014 WL 271630, at 2 (C.D. Cal. Jan. 2014); Fed. R. Civ. P. 16(b), 26(a), and 37(c).

In this case, Rule 16(b) provides the appropriate framework. Fed. R. Civ. P. 16(b). ASIC's Motion asks the Court to modify the prior expert disclosure deadline and allow designation of a new expert. *In re Northrop Grumman Corp. ERISA Litigation*, 2016 WL 6826171, at *2. Furthermore, by offering Shannon Rusnak for deposition, ASIC's Motion acts as a request for a limited re-opening of expert discovery. *Id*. Rule 26(a)(2)(D) requires that a party must disclose its experts "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Thus, if the Court modifies the scheduling order, substitution will comply with the requirements of Rule 26(a) and will not trigger Rule 37, which only applies "[i]f a party ***fails*** to provide information or identify a witness as required by Rule 26(a) or (e)." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) (emphasis added).

## B.   Good Cause Exists to Grant this Motion.

Under Rule 16(b), "[a] schedule may be modified only for good cause and with the judge's consent." Thus, "the focus of the inquiry is upon the moving party's reasons for seeking modification." *In re Northrop Grumman Corp. ERISA Litigation*, 2016 WL 6826171 at *2; *Johnson*, 975 F.2d at 608.

Federal courts routinely find that the death of an expert witness constitutes

Freeman Mathis
& Gary, LLP
Attorneys at Law

1   good cause to allow modification of a scheduling order.  Indeed, the "[d]eath of an

2   expert witness falls squarely within the category of circumstances that require a late

3   disclosure." *In re Northrop Grumman Corp. ERISA Litigation*, CV-06-06213-AB,

4   2016 WL 6826171, at *2 (quoting *Morel v. Daimler-Chrysler Corp.*, 259 F.R.D. 17,

5   20 (D. P.R. 2009)); *see also Brooks v. County of San Joaquin*, No. 2:09-CV-03343,

6   2012 WL 5928416, at *1 (E.D. Cal. Nov. 26, 2012) ("Courts have approved

7   supplemental disclosures where a critical expert witness has died after the deadlines

8   have passed for expert discovery disclosure.")

9   For example, in *In re Northrop Grumman Corp. ERISA Litigation*, the Court

10  allowed Plaintiffs leave to substitute a new expert witness despite the fact that

11  Plaintiffs' former expert had been dead for several years.  *In re Northrop Grumman*

12  *Corp. ERISA Litigation*, 2016 WL 6826171, at *2.  In that case, litigation sat

13  dormant for several years while the Court considered summary judgment motions.

14  *Id.*  During the pendency, there were no significant conferences between the parties,

15  nor any pretrial dates pushing the parties to act.  *Id.*  Then, once the Court issued its

16  ruling and set pre-trial dates, Plaintiffs disclosed the former expert's death and

17  requested leave to substitute within 30 days of the order.  *Id.*

18  The Court found good cause to allow Plaintiffs' leave because the former

19  expert did not die until after expiration of the expert designation deadline.  *Id.*

20  Accordingly, Plaintiffs could not have named a new expert before the relevant

21  deadline.  *Id.*  The Court also found good cause existed because Plaintiffs acted

22  diligently in disclosing the new expert.  *Id.*  In light of these facts, the Court found

23  that reopening discovery to allow for the single deposition of a replacement expert

24  would not likely upend trial preparations, particularly where the Court could allow

25  for a new trial date to avoid such result.  *Id.*  Therefore, the Court granted Plaintiffs'

26  motion and re-opened discovery for the limited purpose of allowing the designation

27  and deposition of the substitute expert.  *Id.*

28  In this case, good cause exists to allow ASIC leave to designate and present a

Freeman Mathis
& Gary, LLP
Attorneys at Law

substitute damages expert.  Much like *In re Northrop Grumman Corp. ERISA Litigation*, there is no dispute that Mr. Shapiro died after the discovery deadline.  *See* Dkt. No. 42.  Discovery closed on June 2, 2017.  *Id.*  Mr. Shapiro died on July 6, 2017.  Accordingly, ASIC could not have named a new expert prior to the expiration of the relevant discovery deadline.

Furthermore, ASIC acted diligently in reporting its need to designate a new expert witness.  Prior to the Court's Order received on December 4, 2019, this case sat dormant for almost two years with no significant conferences reported by the parties nor pretrial dates requiring the parties to act.  As such, there was no pressing reason for ASIC to communicate with Mr. Shapiro, or otherwise engage him regarding trial of this case.  Following receipt of the Court's Order, ASIC began contacting witnesses to prepare for the February 18, 2020 trial date.  ASIC first learned of Mr. Shapiro's death within one week of knowledge of the Court's Order, retained an expert, communicated with opposing counsel, and promptly filed this motion.  This motion is not filed for the purpose of delay, but so that ASIC may properly contest and rebut Plaintiffs' damages testimony and evidence.  Although Ms. Rusnak is still currently independently evaluating the data and relevant testimony, it is anticipated that her opinions will be generally consistent with those of Mr. Shapiro.

Therefore, in light of ASIC's diligence in bringing this matter to the Court's attention, and the lack of ability for ASIC to designate a replacement expert prior to the close of discovery, good cause exists to allow ASIC leave to substitute a new expert on account of Mr. Shapiro's death.  As a result, ASIC respectfully requests that the Court grant its Motion for Leave to Substitute an Expert Witness.

## C.    ASIC's Designation of Shannon Rusnak

Pursuant to Rule 16(b), ASIC moves to designate Shannon Rusnak as an expert to substitute in place of ASIC's former expert witness, Mr. Shapiro, with respect to the subjects about which he was designated to testify.  As Mr. Shapiro

Freeman Mathis
& Gary, LLP
Attorneys at Law

would have done, Ms. Rusnak will testify in rebuttal to experts designated by the Plaintiffs. She will opine regarding the computation and methodology of the Plaintiffs' designated expert and fact witnesses on the topic of damages. She will opine regarding the maximum amount of possible extra expenses that Plaintiffs may recover, based upon verifiable information produced in the case, and about additional reductions to such computation that may also apply. She will provide an evaluation of Plaintiffs' extra expense claim, in rebuttal to the report and anticipated testimony of Plaintiffs' expert, Robert Wunderlich. Her testimony will analyze Plaintiffs' alleged claim and address the analysis and methodology of Plaintiffs' expert, Robert Wunderlich, all as will be more fully set out in her Expert Report.

ASIC also respectfully requests a reasonable time to allow Shannon Rusnak to review the necessary materials and develop her own opinions regarding Plaintiffs' claims. Whenever courts allow for substitution of expert witnesses, the substitute expert must have sufficient opportunity to express opinions in her own language after reviewing and evaluating the evidence. *See Lincoln Nat'l Life Ins. Co. v. Transamerica Fin. Life Ins. Co.*, No. 1:04-CV-396, 2010 WL 3892860, at *3 (N.D. Ind. Sept. 30, 2010) (quoting *Morel*, 259 F.R.D. at 22).

In this case, Ms. Rusnak is currently reviewing voluminous materials previous provided to Mr. Shapiro and the materials provided to and/or reviewed by Plaintiffs' expert Mr. Wunderlich, and associated fact and expert depositions. Ms. Rusnak has not yet had sufficient time to review the evidence, perform the calculations necessary to formulate opinions, write a report, or be deposed. It would be extremely challenging, if not impossible, for her to do so prior to the current January 17, 2020 pre-trial conference. However, ASIC believes she can complete her report by January 17, 2020, and be deposed during the following week (she is available January 20-23). It is anticipated that her opinions will be generally consistent with those of Mr. Shapiro. Accordingly, ASIC requests the Court grant leave for it to designate Ms. Rusnak, allow her to provide a report and be deposed as requested.

Freeman Mathis
& Gary, LLP
Attorneys at Law

## III.    CONCLUSION

ASIC respectfully submits that good cause exists to allow for substitution of a new expert.  Mr. Shapiro regrettably passed away on or about July 6, 2017.  His death occurred after both the close of discovery and the Court's prior order granting summary judgment for ASIC.  *See* Dkt. No. 124 ("Minutes In Chamber Court Order").  Accordingly, ASIC neither had reason to know of his death nor ability to designate a new expert prior to the close of discovery.  Furthermore, ASIC has demonstrated appropriate diligence by alerting the Court to this matter promptly upon its own discovery of the circumstances of Mr. Shapiro's death.  Therefore, ASIC respectfully requests that the Court grant leave for ASIC to designate Shannon Rusnak as its damages expert witness, allow her to provide her opinions and report by January 17, 2020, regarding Plaintiffs' damage claims, and present for deposition thereafter.

DATED: December 23, 2019

MARC J. SHRAKE
FREEMAN MATHIS & GARY, LLP

-and-

MICHAEL KEELEY *(Pro Hac Vice)*
TONI SCOTT REED *(Pro Hac Vice)*
CLARK HILL PLC

CHRISTOPHER W. MARTIN *(Pro Hac Vice)*
MELINDA R. BURKE *(Pro Hac Vice)*
MARTIN, DISIERE, JEFFERSON
& WISDOM LLP

By:    */s/ Marc J. Shrake*
         Marc J. Shrake

**Attorneys for Defendant ATLANTIC
SPECIALTY INSURANCE COMPANY**