KALPANA SRINIVASAN (237460)
ksrinivasan@susmangodfrey.com
AMANDA K. BONN (270891)
abonn@susmangodfrey.com
CATRIONA LAVERY (310546)
clavery@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-6029
Tel: (310) 789-3100
Fax: (310) 789-3150

JACOB W. BUCHDAHL (*pro hac vice*)
jbuchdahl@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019-6023
Tel: (212) 336-8330
Fax: (212) 336-8340

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| UNIVERSAL CABLE PRODUCTIONS LLC and NORTHERN ENTERTAINMENT PRODUCTIONS LLC,<br><br>                Plaintiffs,<br><br>   v.<br><br>ATLANTIC SPECIALTY INSURANCE COMPANY,<br>              Defendant. | Case No.: 2:16-cv-4435-PA-MRW<br><br>The Honorable Percy Anderson<br>Dept. 9A<br><br>**AGREED UPON JURY INSTRUCTIONS**<br><br>Pretrial Conference: January 17, 2020<br>Time: 1:30 PM PST<br>Place: Courtroom 9A<br>Judge: Honorable Percy Anderson<br>Trial Date: February 18, 2020 |

1

1         Pursuant to the Court's Minute Order dated November 30, 2019, Dkt. 157,

2    Plaintiffs   Universal   Cable   Productions   LLC   and   Northern   Entertainment

3    Productions LLC, together with Defendant Atlantic Specialty Insurance Co., submit

4    the following Agreed Upon Jury Instructions.

5

6    DATED:  January 3, 2020          SUSMAN GODFREY L.L.P.

7                                  */s/ Kalpana Srinivasan*

8                                  KALPANA SRINIVASAN (237460)

9                                  ksrinivasan@susmangodfrey.com
     AMANDA K. BONN (270891)

10                                 abonn@susmangodfrey.com
     CATRIONA LAVERY (310546)

11                                 clavery@susmangodfrey.com

12                                 SUSMAN GODFREY L.L.P.
     1900 Avenue of the Stars, Suite 1400

13                                 Los Angeles, CA 90067-6029

14                                 Tel: (310) 789-3100
     Fax: (310) 789-3150

15

16                                 JACOB W. BUCHDAHL (*pro hac vice*)

17                                 jbuchdahl@susmangodfrey.com
     SUSMAN GODFREY L.L.P.

18                                 1301 Avenue of the Americas, 32nd Floor

19                                 New York, NY 10019-6023
     Tel: (212) 336-8330

20                                 Fax: (212) 336-8340

21

22                                 *Attorneys for Plaintiffs*

23                                 */s/ Melinda R. Burke*

24                                 MARC J. SHRAKE
     FREEMAN MATHIS & GARY, LLP

25                                 550 South Hope Street, Suite 2200
     Los Angeles, CA 90071-2631

26                                 Tel: (213) 615-7039

27                                 -and-
     MICHAEL KEELEY (*pro hac vice*)

28                                 JOHN R. RIDDLE (*pro hac vice*)

AGREED UPON JURY INSTRUCTIONS

TONI SCOTT REED (*pro hac vice*)
CLARK HILL STRASBURGER PLC
901 Main Street, Suite 6000
Dallas, TX 75202
Tel: (214) 651-4718

CHRISTOPHER W. MARTIN *(Pro Hac Vice)*
martin@mdjwlaw.com
MELINDA R. BURKE *(Pro Hac Vice)*
burke@mdjwlaw.com
MARTIN, DISIERE, JEFFERSON
& WISDOM LLP
9111 Cypress Waters Blvd., Suite 250
Dallas, Texas 75019
Telephone: (214) 420-5500
Facsimile: (214) 420-5501

*Attorneys for Defendant*

## Attestation Regarding Signatures

I, Kalpana Srinivasan, attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

By: */s/ Kalpana Srinivasan*

AGREED UPON JURY INSTRUCTIONS

# AGREED UPON JURY INSTRUCTIONS

## TABLE OF CONTENTS

| No. | Title | Source | Page |
|---|---|---|---|
| | **PRELIMINARY JURY INSTRUCTIONS** | | |
| 1. | Duty of Jury | 9th Cir. Civil Jury Instr. 1.2. | |
| 2. | Duty of Jury | 9th Cir. Civil Jury Instr. 1.4. | |
| 3. | What Is Evidence | 9th Cir. Civil Jury Instr. 1.9. | |
| 4. | What Is Not Evidence | 9th Cir. Civil Jury Instr. 1.10. | |
| 5. | Evidence For Limited Purpose | 9th Cir. Civil Jury Instr. 1.11. | |
| 6. | Direct and Circumstantial Evidence | 9th Cir. Civil Jury Instr. 1.12. | |
| 7. | Ruling On Objections | 9th Cir. Civil Jury Instr. 1.13. | |
| 8. | Credibility of Witnesses | 9th Cir. Civil Jury Instr. 1.14. | |
| 9. | Conduct of The Jury | 9th Cir. Civil Jury Instr. 1.15. | |
| 10. | Publicity During Trial | 9th Cir. Civil Jury Instr. 1.16. | |
| 11. | No Transcript Available to Jury | 9th Cir. Civil Jury Instr. 1.17. | |
| 12. | Taking Notes | 9th Cir. Civil Jury Instr. 1.18. | |
| 13. | Questions To Witnesses By Jurors During Trial | 9th Cir. Civil Jury Instr. 1.19. | |
| 14. | Conferences And Recesses | 9th Cir. Civil Jury Instr. 1.20. | |
| 15. | Outline of Trial | 9th Cir. Civil Jury Instr. 1.21. | |
| | **INSTRUCTIONS ON TYPES OF EVIDENCE** | | |
| 16. | Stipulations Of Fact | 9th Cir. Civil Jury Instr. 2.2. | |
| 17. | Deposition In Lieu Of Live Testimony | 9th Cir. Civil Jury Instr. 2.4. | |
| 18. | Use Of Interrogatories | 9th Cir. Civil Jury Instr. 2.11. | |
| 19. | Use Of Requests For Admission | 9th Cir. Civil Jury Instr. 2.12. | |
| 20. | Expert Opinion | 9th Cir. Civil Jury Instr. 2.13. | |
| | **INSTRUCTIONS REGARDING DELIBERATIONS** | | |
| 21. | Duty to Deliberate | 9th Cir. Civil Jury Instr. 3.1. | |
| 22. | Consideration Of Evidence— Conduct Of The Jury | 9th Cir. Civil Jury Instr. 3.2. | |
| 23. | Communication with Court | 9th Cir. Civil Jury Instr. 3.3. | |
| 24. | Return of Verdict | 9th Cir. Civil Jury Instr. 3.5. | |

| | **BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING** | | |
|---|---|---|---|
| 25. | Implied Obligation of Good Faith and Fair Dealing Explained | CACI No. 2330; Cal. Ins. Code § 12340.9. | |
| 26. | Implied Obligation of Good Faith and Fair Dealing – Damages | CACI 2350 | |
| 27. | Punitive Damages | CACI 3945 | |
| | **BURDEN OF PROOF** | | |
| 28. | Burden of Proof—Preponderance of The Evidence | 9th Cir. Civil Jury Instr. 1.6. | |
| 29. | Burden of Proof— Clear & Convincing Evidence | 9th Cir. MCJI 1.7 | |

5

1

**<u>AGREED UPON JURY INSTRUCTIONS</u>**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AGREED UPON JURY INSTRUCTIONS

1

## **PRELIMINARY JURY INSTRUCTIONS**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AGREED UPON JURY INSTRUCTIONS

# COURT'S INSTRUCTION NO. 1

## DUTY OF JURY

Members of the jury:  You are now the jury in this case.  It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it.  You will be allowed to keep this set of instructions to refer to throughout the trial.  These instructions are not to be taken home and must remain in the jury room when you leave in the evenings.  At the end of the trial, these instructions will be collected and I will give you a final set of instructions.  It is the final set of instructions that will govern your deliberations.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

Please do not read into these instructions or anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

AGREED UPON JURY INSTRUCTIONS

1

## **DUTY OF JURY**

2

3    Source:  9TH CIR. CIVIL JURY INSTR. 1.2.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AGREED UPON JURY INSTRUCTIONS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## COURT'S INSTRUCTION NO. 2
## DUTY OF JURY

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case. Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

10

1

## **<u>DUTY OF JURY</u>**

2

3   Source:  9TH CIR. CIVIL JURY INSTR. 1.4.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AGREED UPON JURY INSTRUCTIONS

# COURT'S INSTRUCTION NO. 3

## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

(1) The sworn testimony of any witness;

(2) The exhibits that are admitted into evidence;

(3) Any facts to which the lawyers have agreed; and

(4) Any facts that I may instruct you to accept as proved.

AGREED UPON JURY INSTRUCTIONS

1

## **<u>WHAT IS EVIDENCE</u>**

2

3   Source:  9TH CIR. CIVIL JURY INSTR. 1.9.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AGREED UPON JURY INSTRUCTIONS

# COURT'S INSTRUCTION NO. 4

## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1) Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered.  In addition some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4) Anything you may see or hear  when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

AGREED UPON JURY INSTRUCTIONS

1

## **<u>WHAT IS NOT EVIDENCE</u>**

2

3    Source:  9TH CIR. CIVIL JURY INSTR. 1.10.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AGREED UPON JURY INSTRUCTIONS

# **COURT'S INSTRUCTION NO. 5**

## **EVIDENCE FOR LIMITED PURPOSE**

Some evidence may be admitted only for a limited purpose. When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

AGREED UPON JURY INSTRUCTIONS

# **EVIDENCE FOR LIMITED PURPOSE**

Source: 9TH CIR. CIVIL JURY INSTR. 1.11.

AGREED UPON JURY INSTRUCTIONS

# COURT'S INSTRUCTION NO. 6

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

AGREED UPON JURY INSTRUCTIONS

1

# **DIRECT AND CIRCUMSTANTIAL EVIDENCE**

2

3    Source:  9TH CIR. CIVIL JURY INSTR. 1.12.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AGREED UPON JURY INSTRUCTIONS

1

2

# COURT'S INSTRUCTION NO. 7

# RULING ON OBJECTIONS

3      There are rules of evidence that control what can be received into evidence.

4  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on

5  the other side thinks that it is not permitted by the rules of evidence, that lawyer

6  may object.  If I overrule the objection, the question may be answered or the exhibit

7  received.  If I sustain the objection, the question cannot be answered, and the

8  exhibit cannot be received.  Whenever I sustain an objection to a question, you

9  must ignore the question and must not guess what the answer might have been.

10      Sometimes I may order that evidence be stricken from the record and that

11  you disregard or ignore that evidence.  That means when you are deciding the case,

12  you must not consider the stricken evidence for any purpose.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AGREED UPON JURY INSTRUCTIONS

1

## **<u>RULING ON OBJECTIONS</u>**

2

3    Source:  9TH CIR. CIVIL JURY INSTR. 1.13.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2

# COURT'S INSTRUCTION NO. 8

# CREDIBILITY OF WITNESSES

3    In deciding the facts in this case, you may have to decide which testimony to

4 believe and which testimony not to believe.  You may believe everything a witness

5 says, or part of it, or none of it.

6    In considering the testimony of any witness, you may take into account:

7    (1) The opportunity and ability of the witness to see or hear or know the

8 things testified to;

9    (2) The witness's memory;

10    (3) The witness's manner while testifying;

11    (4) The witness's interest in the outcome of the case, if any;

12    (5) The witness's bias or prejudice, if any;

13    (6) Whether other evidence contradicted the witness's testimony;

14    (7) The reasonableness of the witness's testimony in light of all the evidence;

15 and

16    (8) Any other factors that bear on believability.

17    Sometimes a witness may say something that is not consistent with

18 something else he or she said.  Sometimes different witnesses will give different

19 versions of what happened.  People often forget things or make mistakes in what

20 they remember.  Also, two people may see the same event but remember it

21 differently.  You may consider these differences, but do not decide that testimony is

22 untrue just because it differs from other testimony.

23    However, if you decide that a witness has deliberately testified untruthfully

24 about something important, you may choose not to believe anything that witness

25 said.  On the other hand, if you think the witness testified untruthfully about some

26 things but told the truth about others, you may accept the part you think is true and

27 ignore the rest.

28    The weight of the evidence as to a fact does not necessarily depend on the

number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

AGREED UPON JURY INSTRUCTIONS

1

# **CREDIBILITY OF WITNESSES**

2

3    Source:  9TH CIR. CIVIL JURY INSTR. 1.14.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AGREED UPON JURY INSTRUCTIONS

# COURT'S INSTRUCTION NO. 9

## CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media.  This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict:  do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any

research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors.  If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

AGREED UPON JURY INSTRUCTIONS

1

## **CONDUCT OF THE JURY**

2

3   Source:  9TH CIR. CIVIL JURY INSTR. 1.15.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AGREED UPON JURY INSTRUCTIONS

# COURT'S INSTRUCTION NO. 10

## PUBLICITY DURING TRIAL

If there is any news media account or commentary about the case or anything to do with it, you must ignore it.  You must not read, watch or listen to any news media account or commentary about the case or anything to do with it.  The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies.  If any juror is exposed to any outside information, please notify me immediately.

AGREED UPON JURY INSTRUCTIONS

1

## **PUBLICITY DURING TRIAL**

2

3     Source:  9TH CIR. CIVIL JURY INSTR. 1.16.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AGREED UPON JURY INSTRUCTIONS

# COURT'S INSTRUCTION NO. 11

## NO TRANSCRIPT AVAILABLE TO JURY

I urge you to pay close attention to the trial testimony as it is given.  During deliberations you will not have a transcript of the trial testimony.

AGREED UPON JURY INSTRUCTIONS

1
## <u>NO TRANSCRIPT AVAILABLE TO JURY</u>

2

3   Source:  9TH CIR. CIVIL JURY INSTR. 1.17.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AGREED UPON JURY INSTRUCTIONS

# COURT'S INSTRUCTION NO. 12

## TAKING NOTES

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you go to the jury room to decide the case.  Do not let notetaking distract you.  When you leave, your notes should be left in the envelope in the jury room.  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of other jurors.

AGREED UPON JURY INSTRUCTIONS

1

## **<u>TAKING NOTES</u>**

2

3      Source:  9TH CIR. CIVIL JURY INSTR. 1.18.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AGREED UPON JURY INSTRUCTIONS

# COURT'S INSTRUCTION NO. 13

## QUESTIONS TO WITNESSES BY JURORS DURING TRIAL

When attorneys have finished their examination of a witness, you may ask questions of the witness. You may write your question on a piece of notepaper and pass it to the clerk. The clerk will provide the question to me and, if appropriate and after consulting with counsel for the parties, I will read the question to the witness. If the rules of evidence do not permit a particular question, I will advise you. After your questions, if any, the attorneys may ask additional questions.

1

## **QUESTIONS TO WITNESSES BY JURORS DURING TRIAL**

2

3    Source: 9TH CIR. CIVIL JURY INSTR. 1.19.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AGREED UPON JURY INSTRUCTIONS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## COURT'S INSTRUCTION NO. 14

## CONFERENCES AND RECESSES

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

AGREED UPON JURY INSTRUCTIONS

1

## **CONFERENCES AND RECESSES**

2

3   Source: 9TH CIR. CIVIL JURY INSTR. 1.20.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AGREED UPON JURY INSTRUCTIONS

1

2

## COURT'S INSTRUCTION NO. 15

## OUTLINE OF TRIAL

3

4

5

6

Trials proceed in the following way:  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

7

8

9

The plaintiff will then present evidence, and counsel for the defendant may cross examine.  Then the defendant may present evidence, and counsel for the plaintiff may cross examine.

10

11

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

12

After that, you will go to the jury room to deliberate on your verdict.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AGREED UPON JURY INSTRUCTIONS

1

# **<u>OUTLINE OF TRIAL</u>**

2

3    Source:  9TH CIR. CIVIL JURY INSTR. 1.21.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AGREED UPON JURY INSTRUCTIONS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **INSTRUCTIONS ON TYPES OF EVIDENCE**

AGREED UPON JURY INSTRUCTIONS

1

2

## **COURT'S INSTRUCTION NO. 16**

## **STIPULATIONS OF FACT**

3    The parties have agreed to certain facts to be placed in evidence as Exhibit __

4 that will be read to you. You must therefore treat these facts as having been proved.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AGREED UPON JURY INSTRUCTIONS

# **STIPULATIONS OF FACT**

Source: 9TH CIR. CIVIL JURY INSTR. 2.2.

AGREED UPON JURY INSTRUCTIONS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## COURT'S INSTRUCTION NO. 17

## DEPOSITION IN LIEU OF LIVE TESTIMONY

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

The deposition of [name of witness] was taken on [date]. Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

AGREED UPON JURY INSTRUCTIONS

## **DEPOSITION IN LIEU OF LIVE TESTIMONY**

Source: 9TH CIR. CIVIL JURY INSTR. 2.4.

AGREED UPON JURY INSTRUCTIONS

1

2

## COURT'S INSTRUCTION NO. 18

## USE OF INTERROGATORIES

3

4

5

6

7

Evidence will now be presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

45

# <u>USE OF INTERROGATORIES</u>

Source: 9TH CIR. CIVIL JURY INSTR. 2.11.

AGREED UPON JURY INSTRUCTIONS

## **COURT'S INSTRUCTION NO. 19**

## **USE OF REQUESTS FOR ADMISSION**

Evidence will now be presented to you in the form of admissions to the truth of certain facts. These admissions were given in writing before the trial, in response to requests that were submitted under established court procedures. You must treat these facts as having been proved.

AGREED UPON JURY INSTRUCTIONS

# USE OF REQUESTS FOR ADMISSION

Source: 9TH CIR. CIVIL JURY INSTR. 2.12.

AGREED UPON JURY INSTRUCTIONS

# COURT'S INSTRUCTION NO. 20

# EXPERT OPINION

You will hear testimony in this case from various experts who will testify to opinions and the reasons for their opinions.  This opinion testimony is allowed, because of the education or experience of these witnesses.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

AGREED UPON JURY INSTRUCTIONS

1

## **<u>EXPERT OPINION</u>**

2

3      Source:  9TH CIR. CIVIL JURY INSTR. 2.13.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AGREED UPON JURY INSTRUCTIONS

1

## **INSTRUCTIONS REGARDING DELIBERATIONS**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AGREED UPON JURY INSTRUCTIONS

# COURT'S INSTRUCTION NO. 21

## DUTY TO DELIBERATE

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

AGREED UPON JURY INSTRUCTIONS

1

# **<u>DUTY TO DELIBERATE</u>**

2

3   Source:  9TH CIR. CIVIL JURY INSTR. 3.1.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AGREED UPON JURY INSTRUCTIONS

**COURT'S INSTRUCTION NO. 22**

**CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath

54

to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

AGREED UPON JURY INSTRUCTIONS

1

## **CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY**

2

3     Source: 9TH CIR. CIVIL JURY INSTR. 3.2.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AGREED UPON JURY INSTRUCTIONS

# COURT'S INSTRUCTION NO. 23

## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

AGREED UPON JURY INSTRUCTIONS

## <u>COMMUNICATION WITH COURT</u>

Source:  9TH CIR. CIVIL JURY INSTR. 3.3.

AGREED UPON JURY INSTRUCTIONS

# COURT'S INSTRUCTION NO. 24

## RETURN OF VERDICT

A verdict form has been prepared for you.  It is called a Special Verdict Form, which contains multiple questions.  After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

AGREED UPON JURY INSTRUCTIONS

1

# **RETURN OF VERDICT**

2

3     Source:  9TH CIR. CIVIL JURY INSTR. 3.5.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AGREED UPON JURY INSTRUCTIONS

1

## BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

# COURT'S INSTRUCTION NO. 25

## IMPLIED OBLIGATION OF GOOD FAITH AND FAIR DEALING EXPLAINED

In every insurance policy there is an implied obligation of good faith and fair dealing that neither the insurance company nor the insured will do anything to injure the right of the other party to receive the benefits of the agreement.

To fulfill its implied obligation of good faith and fair dealing, an insurance company must give at least as much consideration to the interests of the insured as it gives to its own interests.

To breach the implied obligation of good faith and fair dealing, an insurance company must unreasonably act or fail to act in a manner that deprives the insured of the benefits of the policy. To act unreasonably is not a mere failure to exercise reasonable care. It means that the insurer must act or fail to act without proper cause. However, it is not necessary for the insurer to intend to deprive the insured of the benefits of the policy.

"Willful" or "willfully" means with actual knowledge or belief that such act or omission constitutes such violation and with specific intent to commit such violation.

AGREED UPON JURY INSTRUCTIONS

1     <u>**IMPLIED OBLIGATION OF GOOD FAITH AND FAIR DEALING**</u>

2                                   <u>**EXPLAINED**</u>

3

4     Source:  CACI NO. 2330; Cal. Ins. Code § 12340.9.

AGREED UPON JURY INSTRUCTIONS

## COURT'S INSTRUCTION NO. 26

## IMPLIED OBLIGATION OF GOOD FAITH AND FAIR DEALING – DAMAGES

If you decide that the Plaintiffs have proved their claim against ASIC for breach of the duty of good faith and fair dealing, you also must decide how much money will reasonably compensate the Plaintiffs for the harm. This compensation is called "damages."

The amount of damages must include an award for all harm that was caused by ASIC, even if the particular harm could not have been anticipated.

The Plaintiffs must prove the amount of their damages. However, the Plaintiffs do not have to prove the exact amount of damages that will provide reasonable compensation for the harm. You must not speculate or guess in awarding damages.

The following are the specific items of damages claimed by the Plaintiffs for ASIC's breach of the duty of good faith and fair dealing:

    1. The cost of attorney fees to recover the insurance policy benefits; and

    2. Other costs incurred by them to establish their right to receive reimbursement for the claim.

To recover attorney fees, the Plaintiffs must prove that because of ASIC's breach of the obligation of good faith and fair dealing it was reasonably necessary for them to hire an attorney to recover the policy benefits. The Plaintiffs may recover attorney fees they incurred to obtain policy benefits but not attorney fees they incurred for other purposes.

64

# IMPLIED OBLIGATION OF GOOD FAITH AND FAIR DEALING – DAMAGES

Source: CACI 2350

65

## COURT'S INSTRUCTION NO. 27
## PUNITIVE DAMAGES

If you decide that ASIC's conduct caused the Plaintiffs harm, you must decide whether that conduct justifies an award of punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future.

You may award punitive damages against ASIC only if the Plaintiffs prove that ASIC acted with malice, oppression, or fraud. To do this, the Plaintiffs must prove one of the following by clear and convincing evidence:

1.    That the conduct constituting malice, oppression, or fraud was committed by one or more officers, directors, or managing agents of ASIC, who acted on behalf of ASIC; or

2.    That the conduct constituting malice, oppression, or fraud was authorized by one or more officers, directors, or managing agents of ASIC; or

3.    That one or more officers, directors, or managing agents of ASIC knew of the conduct constituting malice, oppression, or fraud and adopted or approved that conduct after it occurred.

"Malice" means that a Defendant acted with intent to cause injury or that a Defendant's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A Defendant acts with knowing

disregard when the Defendant is aware of the probable dangerous consequences of its conduct and deliberately fails to avoid those consequences.

"Oppression" means that a Defendant's conduct was despicable and subjected the Plaintiffs to cruel and unjust hardship in knowing disregard of their rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that ASIC intentionally misrepresented or concealed a material fact and did so intending to harm Plaintiffs.

An employee is a "managing agent" if he or she exercises substantial independent authority and judgment in his or her corporate decision making such that his or her decisions ultimately determine corporate policy.

There is no fixed formula for determining the amount of punitive damages, and you are not required to award any punitive damages. If you decide to award punitive damages, you should consider all of the following factors in determining the amount:

    (a)    How reprehensible was ASIC's conduct? In deciding how reprehensible ASIC's conduct was, you may consider, among other factors:

        1.    Whether the conduct caused physical harm;

        2.    Whether ASIC disregarded the health or safety of others;

3.      Whether the Plaintiffs were financially weak or vulnerable and ASIC knew the Plaintiffs were financially weak or vulnerable and took advantage of them;

4.      Whether ASIC's conduct involved a pattern or practice; and

5.      Whether ASIC acted with trickery or deceit.

(b)   Is there a reasonable relationship between the amount of punitive damages and the Plaintiffs' harm resulting from breach of the duty of good faith and fair dealing?

(c)   In view of ASIC's financial condition, what amount is necessary to punish it and discourage future wrongful conduct? You may not increase the punitive award above an amount that is otherwise appropriate merely because ASIC has substantial financial resources.

Punitive damages may not be used to punish ASIC for the impact of its alleged misconduct on persons other than Plaintiffs.

AGREED UPON JURY INSTRUCTIONS

1

**<u>PUNITIVE DAMAGES</u>**

2

3      Source: CACI 3945

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AGREED UPON JURY INSTRUCTIONS

1

## **<u>BURDEN OF PROOF</u>**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AGREED UPON JURY INSTRUCTIONS

1

2

**COURT'S INSTRUCTION NO. 28**

**BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

3

4

5

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

6

7

You should base your decision on all of the evidence, regardless of which party presented it.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

71

1

## **<u>BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE</u>**

2

3   Source:  9TH CIR. CIVIL JURY INSTR. 1.6.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AGREED UPON JURY INSTRUCTIONS

## **COURT'S INSTRUCTION NO. 29**

## **BURDEN OF PROOF— CLEAR & CONVINCING EVIDENCE**

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claim or defense are true. This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

AGREED UPON JURY INSTRUCTIONS

1

## <u>BURDEN OF PROOF— CLEAR & CONVINCING EVIDENCE</u>

2

3   Source: 9TH CIR. MCJI 1.7

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AGREED UPON JURY INSTRUCTIONS

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on January 3, 2020, I filed the foregoing with the Clerk of the United States District Court for the Central District of California by using the Court's CM/ECF system, which will send notifications of such filing to all counsel of record.

*/s/ Kalpana Srinivasan*
Kalpana Srinivasan
