KALPANA SRINIVASAN (237460)
ksrinivasan@susmangodfrey.com
AMANDA K. BONN (270891)
abonn@susmangodfrey.com
CATRIONA LAVERY (310546)
clavery@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-6029
Tel: (310) 789-3100
Fax: (310) 789-3150

JACOB W. BUCHDAHL (*pro hac vice*)
jbuchdahl@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019-6023
Tel: (212) 336-8330
Fax: (212) 336-8340

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNIVERSAL CABLE PRODUCTIONS LLC and NORTHERN ENTERTAINMENT PRODUCTIONS LLC,<br><br>Plaintiffs,<br><br>v.<br><br>ATLANTIC SPECIALTY INSURANCE COMPANY,<br><br>Defendant. | Case No.: 2:16-cv-4435-PA-MRW<br><br>The Honorable Percy Anderson<br>Dept. 9A<br><br>**JOINT EXHIBIT STIPULATION** |

7060209/015825
7047378v1/015825

1

| [*][1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | **PX WILLIAMS 1** | Policy | ATL003073-3127 | No objection. | Deemed admitted. |

---

[1] * Indicates that Plaintiffs only intend to use the exhibit if the need arises.

[2] In accordance with Local Rule 16.6.1, exhibits numbered at a deposition are referenced by the same exhibit number herein. References to witnesses are for purposes of exhibit identification only; Plaintiffs reserve the right to ask any witness at trial about any exhibit designated herein.

PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3

7060051v1/102884

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX WILLIAMS 2** | 10/28/13 email from W. Phillips to P. Williams Re: NBCU-TV In-House TV Policy Renewal | ATL000745-748 | Relevance (F.R.E. 401, 402) – Renewal of policy prior to inception of the claim has no relevance to facts or causes of action at issue in this case. Nothing about renewal of Plaintiffs' policy has any tendency to make any fact at issue in this case any more or less probable. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | Relevant and admissible to prove damages and bad faith. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX WILLIAMS 3** | 11/15/13 email from W. Phillips to A. Garber, S. Weiss, T. Peete cc B. Milinovic, P. Williams Re: NBC 2013 Renewal Quote as of 11-13-2013 w/ attachments | ATL000780-784, ATL000752-763 | Relevance (F.R.E. 401, 402) – Renewal of policy prior to inception of the claim has no relevance to facts or causes of action at issue in this case. Nothing about renewal of Plaintiffs' policy has any tendency to make any fact at issue in this case any more or less probable. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | Relevant and admissible to prove damages and bad faith. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX WILLIAMS 4** | 12/11/13 email from P. Williams to W. Phillips, T. Peete cc S. Weiss, D. Kizner, I. Ruvalcaba, B. Milinovic, A. Schuchart, R. MsFadden, A. Garber, P. Ciarcia Re: NBCUniversal Renewal Discussion | AONNBCU0000666 -670 | Relevance (F.R.E. 401, 402) – Renewal of policy prior to inception of the claim has no relevance to facts or causes of action at issue in this case. Nothing about renewal of Plaintiffs' policy has any tendency to make any fact at issue in this case any more or less probable. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | Relevant and admissible to prove damages and bad faith. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX WILLIAMS 5** | 12/3/13 email from W. Phillips to P. Williams re: Tentative 2014 Production – "Dig" | ATL000794-796 | Relevance (F.R.E. 401, 402) – Preliminary discussions regarding potential production has no bearing on what coverage was afforded to Plaintiffs, or on how ASIC handled Plaintiffs' claim at issue in this case. Nothing about renewal of Plaintiffs' policy has any tendency to make any fact at issue in this case any more or less probable. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | Relevant and admissible to prove damages and bad faith. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| * | PX WILLIAMS 6 | 12/12/13 email from A. Garber to B. Milinovic re: "Dig" Season 1 Application/Declaration | AONNBCU0001478 -1483, AONNBCU0001568 | Hearsay [FRE 801, 802]; Relevance (F.R.E. 401, 402) – Preliminary discussions regarding potential production and underwriting has no bearing on what coverage was afforded to Plaintiffs, or on how ASIC handled Plaintiffs' claim at issue in this case. Nothing about negotiation of Plaintiffs' policy has any tendency to make any fact at issue in this case any more or less probable. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | Offered for a non-hearsay purpose; business record; relevant and admissible to prove damages and bad faith. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX WILLIAMS 7** | 7/7/14 email from S. Weiss to A. Garber cc D. Kizner Re: Urgent – NBCU's "Dig" Claim Question (Also Garber 53) | AONNBCU0000188 -189 | Hearsay [FRE 801, 802]; Relevance (F.R.E. 401, 402) – Facts discussed in this email chain have only minimal relevance to the facts giving rise to this case, and do not serve as the basis for any cause of action that Plaintiffs assert. Interruption caused by the medical condition of a production crew member is not at issue in this case. | Offered for a non-hearsay purpose; business record; relevant and admissible to prove damages and bad faith. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX WILLIAMS 8** | 6/13/14 email from S. Weiss to W. Phillips, P. Williams cc D. Kizner Re: Urgent – NBCU's "Dig" Claim Question | AONNBCU0000141 -144 | Hearsay [FRE 801, 802]; Relevance (F.R.E. 401, 402) – Facts discussed in this email chain have only minimal relevance to the facts giving rise to this case, and do not serve as the basis for any cause of action that Plaintiffs assert. Interruption caused by the medical condition of a production crew member is not at issue in this case. | Offered for a non-hearsay purpose; business record; relevant and admissible to prove damages and bad faith. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX WILLIAMS 9** | 7/10/14 email from W. Phillips to S. Weiss, P. Williams, D. Kizner Re: Urgent – NBCU's "Dig" Claim Question | AONNBCU0000145-150 | Relevance (F.R.E. 401, 402) – Facts discussed in this email chain have only minimal relevance to the facts giving rise to this case, and do not serve as the basis for any cause of action that Plaintiffs assert. Interruption caused by the medical condition of a production crew member is not at issue in this case. | Relevant and admissible to prove damages and bad faith. |
| * | **PX WILLIAMS 10** | 7/15/14 email from M. Arevalo to S. Weiss cc P. Williams, D. Kizner Re: NBCU's "DIG" Season 1 – Imminent claim notification | AONNBCU0000128-130 | No objection. | Deemed admitted. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | **PX WILLIAMS 11** | 7/16/14 email from D. Gutterman to P. Johnson, P. Williams cc D. Gutterman Re: NBCU's "DIG" Season 1 – Imminent claim notification | ATL001132-1137, ATL001138-1192 | No objection. | Deemed admitted. |
| * | **PX WILLIAMS 12** | 7/16/14 email from P. Johnson to P. Williams, D. Gutterman cc D. Gutterman re: "DIG" Season 1 – Imminent Peril claim notification (Also Richmond 358) | ATL001101-1105 | No objection. | Deemed admitted. |
| * | **PX GUTTERMAN 13** | Daniel Gutterman's LinkedIn Page | | Hearsay [FRE 801], irrelevant [FRE 401, 402], not yet properly authenticated [FRE 901]. | Offered for a non-hearsay purpose; relevant and admissible to prove damages and bad faith; properly authenticated at deposition; objection is premature; witness will authenticate. |

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX GUTTERMAN 14** | 12/3/13 email from D. Gutterman to D. Gutterman re: Thailand coverage | ATL00785-793 | Relevance (F.R.E. 401, 402) – Facts discussed in this email chain no relevance to the facts giving rise to this case, and do not serve as the basis for any cause of action that Plaintiffs assert. Events that pre-date Plaintiffs' claim have no bearing on the policy language, or whether ASIC properly handled Plaintiffs' claim several months later. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | Relevant and admissible to prove damages and bad faith. |
| * | **PX GUTTERMAN 15** | General Claims Practices | ATL000735-744 | No objection. | Deemed admitted. |
| * | **PX GUTTERMAN 16** | Core Principles | ATL000731-732 | No objection. | Deemed admitted. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX GUTTERMAN 17** | 7/28/14 email from A. Garber to P. Johnson, S. Weiss cc D. Gutterman re: Dig – coverage determination letter | AONNBCU0003277 | No objection. | Deemed admitted. |
| | **PX GUTTERMAN 18** | 7/28/14 coverage letter | ATL000094-101 | No objection. | Deemed admitted. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| *¹ | EXHIBIT NO.² | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | **PX GUTTERMAN 19** | 8/13/14 Coverage Letter | ATL000087-93 | Relevance (FRE 401, 402), hearsay (FRE 801, 802), improper opinions (FRE 701, 702), more prejudicial than probative, cumulative, and likely to confuse the jury (FRE 403), lack of foundation (FRE 901). | Relevant and admissible to prove damages and bad faith; offered for a non-hearsay purpose; admission by a party opponent; business record; Atlantic-produced document admissible to prove bad faith; premature objection, witness will authenticate; document is self-authenticating (FRE 902), document deemed authentic if produced from opponent's files. |
| | **PX GUTTERMAN 20** | 9/19/14 Coverage Letter | ATL000705-708 | No objection. | Deemed admitted. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| **PX GUTTERMAN 21** | File Note History | ATL000001-000161 | Objections to portions of claim notes, and contents thereof, on the basis of relevance (FRE 401, 402), hearsay (FRE 801, 802), improper opinions (FRE 701, 702), more prejudicial than probative, cumulative, and likely to confuse the jury (FRE 403), lack of foundation (FRE 901). Also object to ATL 0001-0005 as irrelevant in light of the fact that all notes come long after the facts giving rise to the claim, or ASIC's handling thereof. Further object to 0010 – 0086 on the basis that pleading are not proper evidence; further object to 0087-0093 on | Relevant and admissible to prove damages and bad faith; admission by party opponent; offered for a non-hearsay purpose; business record; deemed authentic if produced from opponent's files; Atlantic-produced document admissible to prove bad faith; document is self-authenticating (FRE 902); premature objection; witness will authenticate to the extent needed. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | the basis of relevance (FRE 401, 402), hearsay (FRE 801, 802), improper opinions (FRE 701, 702), more prejudicial than probative, cumulative, and likely to confuse the jury (FRE 403), lack of foundation (FRE 901); finally object to 107-161 as cumulative and contained in other exhibits. | |
| * | PX GUTTERMAN 22 | 7/16/14 email from D. Gutterman to D. Gutterman re: "DIG" Season 1 – Imminent Peril claim notification | ATL001391-1396 | No objection. | Deemed admitted. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX GUTTERMAN 23** | 7/17/14 email from P. Johnson to S. Weiss, A. Garber, D. Gutterman cc P. Williams re: Claim Acknowledgment for NBCU's "DIG" Season 1 – Imminent Peril claim notification | AONNBCU0003252 -3255 | No objection. | Deemed admitted. |
| * | **PX GUTTERMAN 24** | 7/17/14 calendar invite from D. Gutterman to D. Gutterman re: Dig Conf Call Dial In | ATL001723 | No objection. | Deemed admitted. |
| * | **PX GUTTERMAN 25** | 7/22/14 email from P. Johnson to S. Weiss, A. Garber, D. Gutterman re: Claim 0AB097918 NBCU Dig | AONNBCU0003242 -3243 | No objection. | Deemed admitted. |
| * | **PX GUTTERMAN 26** | 7/20/14 John Kerry Interview (Cited in Tab 96 Coverage Letter) | | No objection. | Deemed admitted. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX GUTTERMAN 27** | 7/15/14 John Kerry Press Statement – U.S. Condemns Kidnapping of Three Israeli Teenagers (Cited in Tab 96 Coverage Letter) | | No objection. | Deemed admitted. |
| * | **PX GUTTERMAN 28** | 7/3/16 email draft to P. Johnson re: 0AB097918 | ATL003211 | No objection. | Deemed admitted. |
| * | **PX GUTTERMAN 29** | 7/16/14 email from W. Phillips to D. Gutterman cc R. McFadden re: NBCU's "Dig" | ATL001547-1550 | No objection. | Deemed admitted. |
| | **PX GUTTERMAN 30** | 7/16/14 email from P. Johnson to D. Gutterman re: "DIG" Season 1 – Imminent Peril claim notification | ATL001077-1081 | No objection. | Deemed admitted. |
| * | **PX GOOLEY 31** | 7/17/14 email from T. Gooley to P. Johnson re: Act of War exclusion – Are you available for a short call? | ATL001571-1572 | No objection. | Deemed admitted. |
| * | **PX GOOLEY 32** | 7/18/14 email from S. Duffy to T. Gooley re: Privileged and Confidential | ATL001800-1801 | No objection. | Deemed admitted. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX GOOLEY 33** | 7/28/14 email from P. Johnson to T. Gooley, P. Williams cc C. Paar re: NBC Coverage determination – they want it this morning | ATL001847-1855 | No objection. | Deemed admitted. |
| * | **PX GOOLEY 34** | 7/28/14 email from T. Gooley to P. Johnson re: NBC – DIG – coverage determination.docx | ATL001858-1866 | No objection. | Deemed admitted. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX GOOLEY 35** | 10/22/14 email from A. Garber to D. Kizner re FW: Theresa Gooley's Contact | AONNBCU0000079-80 | Hearsay [FRE 801, 802]; Relevance (F.R.E. 401, 402) – Facts discussed in this email chain no relevance to the facts giving rise to this case, and do not serve as the basis for any cause of action that Plaintiffs assert. Events that pre-date Plaintiffs' claim have no bearing on the policy language, or whether ASIC properly handled Plaintiffs' claim several months later. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | Offered for a non-hearsay purpose; business record; relevant and admissible to prove damages and bad faith. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX GOOLEY 36** | 10/23/14 email from A. Garber to D. Kizner re: Dig Claim | AONNBCU0003533 -3534 | Hearsay [FRE 801, 802]; Relevance (F.R.E. 401, 402) – Facts discussed in this email chain no relevance to the facts giving rise to this case, and do not serve as the basis for any cause of action that Plaintiffs assert. Events that pre-date Plaintiffs' claim have no bearing on the policy language, or whether ASIC properly handled Plaintiffs' claim several months later. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | Offered for a non-hearsay purpose; business records; relevant and admissible to prove bad faith and damages. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX GOOLEY 37** | 3/09/15 email from T. Gooley to P. Williams re NBC | ATL002459 | Relevance (F.R.E. 401, 402) – Facts discussed in this email chain no relevance to the facts giving rise to this case, and do not serve as the basis for any cause of action that Plaintiffs assert. Events that pre-date Plaintiffs' claim have no bearing on the policy language, or whether ASIC properly handled Plaintiffs' claim several months later. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | Relevant and admissible to prove damages and bad faith. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX GOOLEY 38** | 11/07/14 email from T. Gooley to S. Weiss, D. Gutterman re: NBCU TV Claims Process | ATL002435-2438; ATL002429-2431 | Relevance (F.R.E. 401, 402) – Facts discussed in this email chain no relevance to the facts giving rise to this case, and do not serve as the basis for any cause of action that Plaintiffs assert. Events that pre-date Plaintiffs' claim have no bearing on the policy language, or whether ASIC properly handled Plaintiffs' claim several months later. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | Relevant and admissible to prove damages and bad faith. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX GOOLEY 39** | 6/2/15 email from W. Phillips to P. Williams re: NBCU – Meeting | ATL002495-2496 | Relevance (F.R.E. 401, 402) – Facts discussed in this email chain no relevance to the facts giving rise to this case, and do not serve as the basis for any cause of action that Plaintiffs assert. Events that pre-date Plaintiffs' claim have no bearing on the policy language, or whether ASIC properly handled Plaintiffs' claim several months later. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | Relevant and admissible to prove damages and bad faith. |
| * | **PX SHAPIRO 8** | 4/25/17 Expert Report Of Jay Shapiro, Analysis Of Economic Damages: Rebuttal | | No objection. | Deemed admitted. |

24

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX CROSBY 30(b)(6) 1** | 5/5/17 Amended Notice of Rule 30(b)(6) Deposition of Defendant Atlantic Specialty Insurance Company | | Relevance (F.R.E. 401, 402) – Deposition Notice has no relevance to the jury vis-à-vis what facts were known at the time of the claim, or ASIC handling of Plaintiffs' claim, or any causes of action asserted in this matter. | Relevant and admissible to prove bad faith and damages. |
| * | **PX CROSBY 2** | 2/17/16 One Beacon Insurance Group PowerPoint Presentation Dated February 17, 2015(Also Crosby 3) | ATL006957- 6988 | Hearsay (801, 802); Relevance (401, 402). Document was not created at or before the time of the facts serving as the basis for Plaintiffs' claims. Has no tendency to make any fact at issue in this case more or less probable. | Admission by a party opponent; offered for a non-hearsay purpose; business record; relevant and admissible to prove bad faith and damages. |
| * | **PX CROSBY 4** | 7/23/14 E-mail from Dennis Crosby to Peter Williams | ATL001829-1831 | No objection. | Deemed admitted. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX CROSBY 5** | 7/23/14 E-mail from Dennis Crosby to Sean Duffy | ATL006946-6948 | No objection. | Deemed admitted. |
| * | **PX CROSBY 6** | 7/31/14 E-mail from Theresa Gooley to Kristin Boller | ATL001923-1938 | No objection. | Deemed admitted. |
| * | **PX CROSBY 7** | 6/5/15 E-mail from Peter Williams to Susan Weiss | ATL002507-2508 | Irrelevant [FRE 401, 402], more prejudicial than probative [FRE 403], hearsay [FRE 801]. Discussions of renewal that date long after the claim have no bearing on Plaintiffs' claims, ASIC's handling thereof, or any causes of action asserted in this lawsuit. | Relevant and admissible to prove damages and bad faith; admission by a party opponent; offered for a non-hearsay purpose; business record. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| **[*1]** | **EXHIBIT NO.[2]** | **DESCRIPTION** | **BATES NO.** | **OBJECTION** | **RESPONSE TO OBJECTION** |
|---|---|---|---|---|---|
| * | **PX CROSBY 8** | 6/8/48 E-mail from Peter Williams to Dennis Crosby | ATL002514-515 | Irrelevant [FRE 401, 402], more prejudicial than probative [FRE 403], hearsay [FRE 801]. Discussions of renewal that came after the claim have no bearing on Plaintiffs' claims, ASIC's handling thereof, or any causes of action asserted in this lawsuit. | Relevant and admissible to prove damages and bad faith; admission by a party opponent; offered for a non-hearsay purpose; business record. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX CROSBY 9** | 11/7/14 E-mail from Dennis Crosby to Michael Larson | ATL006950-6951 | Irrelevant [FRE 401, 402], more prejudicial than probative [FRE 403], hearsay [FRE 801]. Discussions of renewal that came after the claim have no bearing on Plaintiffs' claims, ASIC's handling thereof, or any causes of action asserted in this lawsuit. | Relevant and admissible to prove damages and bad faith; admission by a party opponent; offered for a non-hearsay purpose; business record. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| * [1] | EXHIBIT NO. [2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX CROSBY 10** | 6/4/15 E-mail from Dennis Crosby to Michael Miller | ATL006949 | Irrelevant [FRE 401, 402], more prejudicial than probative [FRE 403], hearsay [FRE 801]. Discussions of renewal that came after the claim have no bearing on Plaintiffs' claims, ASIC's handling thereof, or any causes of action asserted in this lawsuit. | Relevant and admissible to prove damages and bad faith; admission by a party opponent; offered for a non-hearsay purpose; business record. |
| * | **PX CROSBY 11** | 7/23/14 E-mail from Peter Williams to Dennis Crosby | ATL001832-1834 | No objection. | Deemed admitted. |

29

| **\*1** | **EXHIBIT NO.²** | **DESCRIPTION** | **BATES NO.** | **OBJECTION** | **RESPONSE TO OBJECTION** |
|---|---|---|---|---|---|
| **\*** | **PX CROSBY 12** | 11/7/14 E-mail from Peter Williams to Dennis Crosby | ATL005325-5326 | Irrelevant [FRE 401, 402], more prejudicial than probative [FRE 403], hearsay [FRE 801]. Discussions of renewal that came after the claim have no bearing on Plaintiffs' claims, ASIC's handling thereof, or any causes of action asserted in this lawsuit. | Relevant and admissible to prove damages and bad faith; admission by a party opponent; offered for a non-hearsay purpose; business record. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | PX STONE 3 | 12/17/12 DICE Producers Portfolio Declarations | | Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Exhibit is declarations page that long pre-dates policy period, and has no relevant to the claim or causes of action at issue in this case. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | Relevant and admissible to prove damages and bad faith. |
| * | PX STONE 11 | CWS Notes | ATL000733-734 | No objection. | Deemed admitted. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX STONE 12** | Atlantic Exclusion of Other Acts of Terrorism Committed Outside of the United States; Cap on Losses from Certified Acts of Terrorism | ATL005269-5274 | Irrelevant [FRE 401, 402], more prejudicial than probative [FRE 403], improper extrinsic or parol evidence. *Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962). ISO Forms not used on policy at issue in this case. | Relevant and admissible to prove damages and bad faith. |
| * | **PX STONE 13** | Commercial General Liability Coverage form | ATL005282-5297 | Irrelevant [FRE 401, 402], more prejudicial than probative [FRE 403], improper extrinsic or parol evidence. *Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962). ISO Forms not used on policy at issue in this case. | Relevant and admissible to prove damages and bad faith. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX STONE 14** | Electronic Data Processing | ATL005278-5281 | Irrelevant [FRE 401, 402], more prejudicial than probative [FRE 403], improper extrinsic or parol evidence. *Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962). ISO Forms not used on policy at issue in this case. | Relevant and admissible to prove damages and bad faith. |
| * | **PX STONE 15** | Production Portfolio Policy | ATL005275-5276 | Irrelevant [FRE 401, 402], more prejudicial than probative [FRE 403], improper extrinsic or parol evidence. *Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962). ISO Forms not used on policy at issue in this case. | Relevant and admissible to prove damages and bad faith. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX DUFFY 5** | 4/18/17 Defendant Atlantic Specialty Insurance Company's Third Amended Responses To First Set Of Interrogatories #1-17 Propounded By Plaintiffs Universal Cable Productions LLC And Northern Entertainment Productions LLC | | Discovery requests and responses are not proper evidence; lack of relevance (401, 402); more prejudicial than probative, cumulative, confusing and wasting the jury's time (403); lack of foundation (901). | Relevant and admissible to prove damages and bad faith; FRE 901 objection is premature, witness will authenticate; admission by party opponent. |
| * | **PX DUFFY 7** | 7/16/14 Calendar Invite from Pamela Johnson to Theresa Gooley and Sean Duffy re War Exclusion – Israel/Hamas Conflict | ATL001564 | No objection. | Deemed admitted. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX DUFFY 8** | 7/17/14 E-mail from Pamela Johnson to Theresa Gooley re OBE LIST for Sean 7-2014 | ATL001694 | Hearsay [FRE 801], irrelevant [FRE 401, 402], more prejudicial than probative, likely to confuse the jury (FRE 403). | Admission by party opponent; offered for a non-hearsay purpose; business record; document deemed authentic if produced from opponent's files; relevant and admissible to prove bad faith and damages. |
| * | **PX DUFFY 9** | Excel Spreadsheet "Discontinued Opps" | ATL001695-1709 | Hearsay [FRE 801], irrelevant [FRE 401, 402], more prejudicial than probative, likely to confuse the jury (FRE 403). | Admission by party opponent; offered for a non-hearsay purpose; business record; document deemed authentic if produced from opponent's files; relevant and admissible to prove bad faith and damages. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX DUFFY 11** | 7/22/14 E-mail from Theresa Gooley to Sean Duffy | ATL001826-1827 | No objection. | Deemed admitted. |
| * | **PX DUFFY 13** | 7/23/14 E-mail from Sean Duffy to Theresa Gooley | ATL001835-1836 | No objection. | Deemed admitted. |
| * | **PX DUFFY 14** | Claim Summary for Claim Number 0TB067247 | ATL004005-4097 | Irrelevant [FRE 401, 402], more prejudicial than probative [FRE 403], hearsay [FRE 801]. Claim at issue in this exhibit is not Plaintiffs' claim, so it has no tendency to make any fact at issue in this case any more or less probable. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | Relevant and admissible to prove bad faith and damages; admission by party opponent; offered for a non-hearsay purpose; business record. |
| * | **PX JOHNSON 2** | 7/15/14 E-mail from Michael Arevalo to Pamela Johnson | ATL000982-985 | No objection. | Deemed admitted. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX JOHNSON 3** | 7/15/14 E-mail from Pamela Johnson to Daniel Gutterman | ATL000304-309 | No objection. | Deemed admitted. |
| * | **PX JOHNSON 4** | Internet Archive: Wayback Machine, Israel Travel Advice Accessed January 30, 2017 | | No objection. | Deemed admitted. |
| * | **PX JOHNSON 6** | Israel, The West Bank and Gaza Travel Warning | | No objection. | Deemed admitted. |
| * | **PX JOHNSON 7** | 7/16/14 E-mail from Pamela Johnson to Pamela Johnson | ATL01529-1530 | No objection. | Deemed admitted. |
| * | **PX JOHNSON 10** | 7/22/14 Accepted Calendar Invite Between Theresa Gooley and Pamela Johnson re: Call to Discuss War Exclusion | ATL001814 | No objection. | Deemed admitted. |
| * | **PX JOHNSON 12** | 7/28/14 E-mail from Pamela Johnson to Susan Weiss and Andrea Garber | AONNBCU0003085-3093 | No objection. | Deemed admitted. |
| * | **PX JOHNSON 13** | 9/30/14 E-mail from Pamela Johnson to Lucia Coyoca | ATL002217-2222 | No objection. | Deemed admitted. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX GARBER 1** | 7/16/10 email from A. Gerber to V. Beckles and K. Ford, Cc. S. Weiss RE: EBI Issues | AONNBCU0001064 | No objection. | Deemed admitted. |
| * | **PX GARBER 2** | 01/3/2013 email from S. Weiss to T. Peete, I. Ruvaicaba, D. Kizner, and A. Garber FW: Comcast/NBCU Preliminary Renewal Call | AONNBCU0000229 | No objection. | Deemed admitted. |
| * | **PX GARBER 3** | 11/26/11 email thread from S. Weiss to K. Ford FW: NBCU In-House TV Renewal | AONNBCU0000232 | No objection. | Deemed admitted. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX GARBER 4** | 12/5/13 email from W. Phillips to A. Garber cc. S. Weiss, T. Peete, D. Kizner, I. Ruvalcaba, B. Milinovic, A. Schuchart, R. McFadden Re: NBCUniversal Renewal Discussion | AONNBCU0000580-585 | Hearsay (FRE 801, 802); Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Facts at issue in this document long pre-date the facts giving rise to Plaintiffs claim or causes of action, and do not evidence anything relevant to ASIC's handling of Plaintiffs' claims. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | Offered for a non-hearsay purpose; business record; relevant and admissible to prove bad faith and damages. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| * | PX GARBER 5 | 12/5/13 email from K. Ford to A. Gerber RE: NBCU In-House TV Renewal | AONNBCU0000476 | Hearsay (FRE 801, 802); Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Facts at issue in this document long pre-date the facts giving rise to Plaintiffs claim or causes of action, and do not evidence anything relevant to ASIC's handling of Plaintiffs' claims. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | Offered for a non-hearsay purpose; business record; relevant and admissible to prove bad faith and damages. |
|---|---|---|---|---|---|

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX GARBER 6** | 4/24/14 email from A. Gerber to T. Peete and S. Weiss RE: Policy #MP00163-04 for /NBC Universal T_MP00163-04_14_Full.pdf | AONNBCU0000787 | No objection. | Deemed admitted. |
| * | **PX GARBER 8** | 12/11/13 email from Andrea Garber to Bernadette Milinovic and Wanda Phillips Re: "Dig" Season 1 Application/Declaration | AONNBCU0001748-50 | No objection. | Deemed admitted. |
| * | **PX GARBER 9** | 12/12/13 email from Bernadette Milinovic to Andrea Garber Re: "Dig" Season 1 Application/Declaration | AONNBCU0001494-97 | No objection. | Deemed admitted. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX GARBER 10** | 12/12/13 email from Bernadette Milinovic to Andrea Garber Re: "Dig" Season 1 Application/Declaration | AONNBCU0001501-02 | Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions of underwriting concerns pre-date the facts giving rise to Plaintiffs claim or causes of action, and do not evidence anything relevant to ASIC's handling of Plaintiffs' claims. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | Relevant and admissible to prove damages and bad faith. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX GARBER 11** | 12/13/13 email from M. Binke to A. Garber, R. Richmond cc. K. Ford, C. Williams Re: "Dig" potential Morocco shoot | AONNBCU0001558 -1561 | No objection. | Deemed admitted. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX GARBER 12** | 1/14/14 email from Bernadette Milinovic to Andrea Garber Re: "Dig" Season 1 Application/Declaration | AONNBCU0001406-07 | Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions of underwriting concerns pre-date the facts giving rise to Plaintiffs claim or causes of action, and do not evidence anything relevant to ASIC's handling of Plaintiffs' claims. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | Relevant and admissible to prove bad faith and damages. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX GARBER 19** | 11/15/13 email from Wanda Phillips to Susan Weiss and others with attachments Re: NBC 2013 Renewal Quote as of 11-13-13 | AONNBCU0000341 -351 | No objection. | Deemed admitted. |
| * | **PX GARBER 20** | 3/23/15 letter from S. Weiss to W. Diaz | ATL-ALL 000003 | No objection. | Deemed admitted. |
| * | **PX GARBER 21** | NBCU TV Historical Exposure Data | ATL-ALL 000010 | Irrelevant (FRE 401, 402). Document contains information wholly unrelated to the facts giving rise to Plaintiffs' claims, or to Plaintiffs' causes of action. Cumulative, more prejudicial than probative, likely to confuse the jury or waste time (FRE 403). | Relevant and admissible to prove bad faith and damages. |
| * | **PX GARBER 22** | NBC/Universal Group Up Scripted TV Losses - Actual Deductibles | ATL-ALL 000011 | No objection. | Deemed admitted. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| *¹ | EXHIBIT NO.² | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX GARBER 23** | Motion Picture/Television Production Portfolio Policy | RM00080 | Hearsay (FRE 801, 802); Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions of post-claim decisions by Plaintiff to potentially change their insurance carrier has no relevance to the facts giving rise to Plaintiffs claim or causes of action, and do not evidence anything relevant to ASIC's handling of Plaintiffs' claims. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | Offered for a non-hearsay purpose; business record; relevant and admissible to prove bad faith and damages. |

46

7060051v1/102884
7060051v1/102884

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX GARBER 25** | 7/11/14 email from Andrea Garber to Kurt Ford Re: call with Peter | UCP000859 | Hearsay (FRE 801, 802). | Offered for a non-hearsay purpose; business records. |
| * | **PX GARBER 26** | 7/11/14 email from Jeff Wachtel to Mark Binke Re: "Dig" S1 Insurance Claim/Imminent Peril | UCP018048-49 | Hearsay (FRE 801, 802). | Offered for a non-hearsay purpose; business records. |
| * | **PX GARBER 31** | 2014 - 6/30/2015 NBCU TV Claims – OneBeacon | ATL00459 | No objection. | Deemed admitted. |
| * | **PX GARBER 32** | 7/14/14 email from Andrea Garber to Randi Richmond and others Re: DIG | UCP000338-39 | Hearsay (FRE 801, 802). | Offered for a non-hearsay purpose; business record. |
| * | **PX GARBER 33** | 7/17/14 email from Mark Binke to Andrea Garber Re: Security update TIMELY | UCP000440 | Hearsay (FRE 801, 802). | Offered for a non-hearsay purpose; business record. |
| * | **PX GARBER 34** | 7/17/14 email from Pamela Johnson to Susan Weiss and others Re: Claim Acknowledgement for NBCU's "DIG" Season 1 – Imminent Peril claim notification | UCP000455-57 | No objection. | Deemed admitted. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX GARBER 35** | 7/18/14 email from J. Quintal to T. Armstrong, K. Wrzos, and R. Davies Re: Schedule Call on Monday at 10a.m.? - Coverage Question | UCP_003302 | Hearsay (FRE 801, 802). | Offered for a non-hearsay purpose; business record. |
| * | **PX GARBER 36** | 7/28/14 email from Pamela Johnsons to Susan Weiss and Andrea Garber Re: NBC – DIG – coverage determination letter | UCP000374-82 | No objection. | Deemed admitted. |
| * | **PX GARBER 37** | 7/28/14 email from P. Johnson to S. Weiss and A. Garber, Cc. D. Gutterman, DIG - coverage determination | AONNBCU0002769-2777 | No objection. | Deemed admitted. |
| * | **PX GARBER 38** | Motion Picture/Television Producers Portfolio Declarations OneBeacon Insurance | ATL001575-1629 | No objection. | Deemed admitted. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX GARBER 39** | 11/24/09 email from Susan Weiss to George Walden and Rafael Rivera Re: Policy Language | AONNBCU0000916-946 | No objection. | Deemed admitted. |
| * | **PX WEISS 42** | 12/16/09 email from Martin Ridgers to George Walden, Susan Weiss Re: Martin's Final Form Policy | AONNBCU0003965-66 | No objection. | Deemed admitted. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX WEISS 43** | 1/7/10 email from Susan Weiss to Kurt Ford Re: Peter Williams medical affidavit | AONNBCU0000970-972 | Hearsay (FRE 801, 802); Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions contained in this exhibit long pre-date Plaintiffs' claim, and therefore has no relevance to the facts giving rise to Plaintiffs claim or causes of action, and do not evidence anything relevant to ASIC's handling of Plaintiffs' claims. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | Offered for a non-hearsay purpose; business record; relevant and admissible to prove damages and bad faith. |

50

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX WEISS 44** | 1/17/10 email from Susan Weiss to George Walden, Val Beckles, Sandra Perez, Andrea Garber, and Laura Comerford Re: NBCU TV Outstanding items | AONNBCU0001048 | No objection. | Deemed admitted. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| * | **PX WEISS 45** | 3/11/10 email from Susan Weiss to Wanda Phillips Re: NBCU Policy Form mistakes | AONNBCU0001109-1115 | Hearsay (FRE 801, 802); Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions contained in this exhibit long pre-date Plaintiffs' claim, and therefore has no relevance to the facts giving rise to Plaintiffs claim or causes of action, and do not evidence anything relevant to ASIC's handling of Plaintiffs' claims. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | Offered for a non-hearsay purpose; business record; relevant and admissible to prove bad faith and damages. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX WEISS 58** | 7/14/14 email from Andrea Garber to Susan Weiss and Deborah Kizner Re:Israeli-Palestinian Fighting Puts Entertainment Biz on Edge | AONNBCU0002087-2089 | No objection. | Deemed admitted. |
| * | **PX WEISS 63** | 7/17/14 email from Susan Weiss to Andrea Garber Re: A Thought | UCP000481 | Hearsay (FRE 801, 802). | Offered for a non-hearsay purpose; business record. |
| * | **PX WEISS 64** | 7/18/14 email from Susan Weiss to Curtis Ingram Re: Urgent Question on NBCU Terrorism | AONNBCU0000190 | Hearsay (FRE 801, 802). | Offered for a non-hearsay purpose; business record. |
| * | **PX WEISS 66** | 11/5/14 email from Susan Weiss to Deborah Kizner Re: NBCU TV Claims Process | ATL002427-2431 | Hearsay (FRE 801, 802). | Offered for a non-hearsay purpose; business record. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX WEISS 68** | 6/1/15 Meeting Re: NBCU TV Pre Renewal | ATL002476 | Hearsay (FRE 801, 802); Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions contained in this exhibit address events that occurred after Plaintiffs' claim and ASIC's handling thereof. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | Admission by party opponent; offered for a non-hearsay purpose; business record; deemed authentic if produced from opponent's files; relevant and admissible to prove bad faith and damages. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX WEISS 69** | 6/5/15 email from Susan Weiss to Peter Williams re: Declination of Renewal Terms for NBCU TV | ATL002503-002504 | Hearsay (FRE 801, 802); Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions contained in this exhibit address events that occurred after Plaintiffs' claim and ASIC's handling thereof. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | Admission by party opponent; offered for a non-hearsay purpose; business record; deemed authentic if produced from opponent's files; relevant and admissible to prove bad faith and damages. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| **[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX WEISS 20-A** | Document entitled, "OneBeacon Motion Picture/Television Producers Portfolio Declarations" | ALT-ALL 000021 - 075 | No objection. | Deemed admitted. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX WEISS 41** | 12/4/09 email from S. Weiss to W. Diaz, NBCU Loss Runs in Excel | AONNBCU0000912 | Hearsay (FRE 801, 802); Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions contained in this exhibit address events that occurred long before Plaintiffs' claim and ASIC's handling thereof. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | Offered for a non-hearsay purpose; business record; relevant and admissible to prove bad faith and damages. |

57

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| **[1]** | **EXHIBIT NO.[2]** | **DESCRIPTION** | **BATES NO.** | **OBJECTION** | **RESPONSE TO OBJECTION** |
|---|---|---|---|---|---|
| * | **PX WEISS 46** | 4/19/10 email from S. Weiss to G. Walden, RE: NBCTV Program | AONNBCU0000914 - 915 | Hearsay (FRE 801, 802); Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions contained in this exhibit address events that occurred long before Plaintiffs' claim and ASIC's handling thereof. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | Offered for a non-hearsay purpose; business record; relevant and admissible to prove bad faith and damages. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| * | PX WEISS 47 | Document entitled, "Motion Picture Television Portfolio General Conditions" | AONNBCU0004043 - 4050 | Hearsay (FRE 801, 802); Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions contained in this exhibit address events that occurred long before Plaintiffs' claim and ASIC's handling thereof. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. Furthermore, policy language changes have no bearing on what the final policy said, or what coverage the policy afforded as a | Offered for a non-hearsay purpose; business record; relevant and admissible to prove bad faith and damages. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | matter of law. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | |
| * | **PX WEISS 48** | Document entitled, "About AON" | | No objection. | Deemed admitted. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX WEISS 50** | 11/5/13 email from W. Phillips to S. Weiss and A. Garber, Cc. D. Kizner, T. Peete, and B. Milinovic, RE: NBCU-TV In-House TV Policy Renewal | AONNBCU0000500 - 506 | Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions contained in this exhibit address events that occurred prior to Plaintiffs' claim and ASIC's handling thereof. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | Relevant and admissible to prove bad faith and damages. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX WEISS 51** | 12/5/13 email from T. Peete to S. Weiss, Cc. A. Garber, NBCU In-House TV Proposal | AONNBCU0000361 - 379 | Hearsay (FRE 801, 802); Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions contained in this exhibit address events that occurred prior to Plaintiffs' claim and ASIC's handling thereof. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. | Offered for a non-hearsay purpose; business record; relevant and admissible to prove bad faith and damages. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX WEISS 52** | 12/6/13 email from T. Peete to K. Ford and M. Adams, Cc. A. Garber and others, RE: NBCU In-House TV Renewal | AONNBCU0000456 - 472 | Hearsay (FRE 801, 802); Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions contained in this exhibit address events that occurred prior to Plaintiffs' claim and ASIC's handling thereof. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | Offered for a non-hearsay purpose; business record; relevant and admissible to prove bad faith and damages. |

63

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX WEISS 54** | 6/16/14 email from R. Richmond to S. Weiss, M. Binke, and D. Kizner, Cc. C. Williams, K. Ford, and A. Garber, Re: Insurance Question | AONNBCU0000181 - 185 | Hearsay (FRE 801, 802); Relevance (FRE 401,402); More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | Offered for a non-hearsay purpose; business record; relevant and admissible to prove bad faith and damages. |
| * | **PX WEISS 57** | 7/14/14 email from S. Weiss to A. Garber and D. Kizner, FW: Israeli-Palestinian Fightin Puts Entertainment Biz on Edge | AONNBCU0001874 | No objection. | Deemed admitted. |
| * | **PX WEISS 59** | 7/14/14 email from Variety Daily Headlines to S. Weiss, 'Dig' on USA: Producers Debut Trailer, Talk Israel Filming Difficulties and Limited Series Model | AONNBCU0003788 | No objection. | Deemed admitted. |
| * | **PX WEISS 61** | 7/15/14 email from A. Garber to S. Weiss, Cc. D. Kizner, RE: "DIG" Season 1 - Imminent Peril claim notification | AONNBCU0003640 - 643 | No objection. | Deemed admitted. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX WEISS 62** | 7/17/14 email from S. Weiss to D. Gutterman and P. Johnson, Cc. A. Garber and P. Williams, FW: Claim Acknowledgement for NBCU's "Dig" Season 1 - Imminent Peril claim notification | UCP000854 - 855 | No objection. | Deemed admitted. |
| * | **PX WEISS 65** | 7/25/14 email from A. Garber to S. Weiss, RE: 0AB097918 NBCU "Dig" | AONBCU0003240 - 241 | Hearsay (FRE 801, 802); More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | Offered for a non-hearsay purpose; business record; relevant and admissible to prove bad faith and damages. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX WEISS 67** | 10/23/13 email from S. Weiss to A. Garber and T. Peete, Cc. D. Kizner, RE: In-House TV policy renewal specs | AONNBCU0000421 - 424 | Hearsay (FRE 801, 802); Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions contained in this exhibit address events that occurred prior to Plaintiffs' claim and ASIC's handling thereof. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | Offered for a non-hearsay purpose; business record; relevant and admissible to prove bad faith and damages. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX SMITH 102** | 7/17/14 email from Max Security Intelligence to S. Smith, Israel & Palestinian Territories Alert: IDF thwarts border infiltration attack on July 17; humanitarian truce begins at 10:00 (local time) | UCP018093 - 097 | No objection. | Deemed admitted. |
| * | **PX SMITH 103** | 7/9/14 email form TravelTracker Proactive Email to S. Smith, 4 travellers - Israel: Overall travel risk rating raised to MEDIUM due to escalating conflict with Gaza-based militants | UCP002306 - 07 | No objection. | Deemed admitted. |
| * | **PX SMITH 104** | 4/21/14 email from TravelTracker Proactive Email to S. Smith, 0 of 5 travellers - Israel: Rockets fired into sourthern Israel from Gaza underscore persistent risks in border areas; no casualties reported | UCP002606 - 607 | No objection. | Deemed admitted. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX SMITH 105** | 5/1/14 email from Stephen Smith to R. Richmond Re: DIG in Israel | UCP003562-64 | No objection. | Deemed admitted. |
| * | **PX SMITH 106** | 5/22/14 email from S. Smith to S. Smith, Fw: Security Messages | UCP001877 - 887 | No objection. | Deemed admitted. |
| * | **PX SMITH 107** | 6/14/14 email from R. Richmond to S. Smith, Fw: PM to Kerry: Feared abbductions a result of Hamas entry into government | UCP001873 - 876 | No objection. | Deemed admitted. |
| * | **PX SMITH 108** | Feared abductions a result of Hamas entry into government - The Times of Israel | | No objection. | Deemed admitted. |
| * | **PX SMITH 111** | 6/15/14 email from Max Security to S. Smith Re: Israel & Palestinian Territories Analysis.. | UCP002524-2529 | No objection. | Deemed admitted. |
| * | **PX SMITH 112** | 6/15/14 email from R. Richmond to S. Smith Re: Dig | UCP002160 - 161 | No objection. | Deemed admitted. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX SMITH 113** | 6/15/14 email from R. Richmond to S. Smith, M. Binke, B. Brady, Cc. E. Noordeloos, DIG. Security Situation | UCP001091 - 092 | No objection. | Deemed admitted. |
| * | **PX SMITH 114** | 6/15/14 email form S. Smoth to S. Kenion Re: Israel & Palestinian Territories Alert: Two rockets fired toward Ashkelon during evening hours of June 15; shooting reported along Highway 60 | UCP002491 - 495 | No objection. | Deemed admitted. |
| * | **PX SMITH 115** | 6/15/14 email from S. Smith to R. Richmond, Cc. M. Binke, B. Brady, N. Noordeloos, R. Rothstein, and P. Potter, Re: DIG. Security Situation | UCP000815 - 817 | No objection. | Deemed admitted. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX SMITH 116** | 6/16/14 email from S. Smith to R. Richmond cc M. Binke, B. Brady, E. Noordeloos, R. Rothstein, P. Potter Re: DIG. Security Situation | UCP001165-68 | No objection. | Deemed admitted. |
| * | **PX SMITH 117** | 6/16/14 email from Max Security Intelligence to S. Smith, Israel & Palestinian Territories Tactical: Search continues for abducted Israeli youths; airstrikes recorded in Gaza Strip overnight June 15-16 | UCP02337 - 340 | No objection. | Deemed admitted. |
| * | **PX SMITH 118** | 6/16/14 email from S. Smith to P. Potter, Cc. W. Hallock, W. Yass, D. Gray, C. Araujo, R. Richmond, M. Binke, and R. Rothstein, Update: Dig Security Situation | UCP001155 - 157 | No objection. | Deemed admitted. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX SMITH 119** | 6/17/14 email from R. Richmond to S. Smith, Cc. E. Noordeloos, R. Rothstein, W. Hallock, M. Binke, C. Araujo, W. Yass, and D. Gray, Re: DIG Security Update | UCP001129 | No objection. | Deemed admitted. |
| * | **PX SMITH 120** | 6/22/14 email from Max Security Intelligence to S. Smith, Israel & Syria Alert: Israeli military responds with tank fire into Syria, following explosion along Israel-Syria border; avoid border region | UCP001860 - 863 | No objection. | Deemed admitted. |
| * | **PX SMITH 121** | 6/23/14 email form R. Richmond to S. Smith, Re: Dig tonight in jaffa | UCP002576 - 578 | No objection. | Deemed admitted. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX SMITH 122** | 6/23/14 email from Max Security Intelligence to S> Smith, Israel & Syria Alert (UPDATE): Israeli Air Force strikes nine targets in Syria following explosion along Israel-Syria border on June 22 | UCP_003782 - 785 | No objection. | Deemed admitted. |
| * | **PX SMITH 123** | 6/24/14 email from Max Security Intelligence to S. Smith, Israel & Palestinian Territories Tactical: Rockets fired from Gaza land inHof Ashkelon, Sha'ar Hanegev during evening hours of June 24 | UCP002205 - 207 | No objection. | Deemed admitted. |
| * | **PX SMITH 124** | 6/29/14 email from Max Security Intelligence to S. Smith, Israel & Palestinian Territories Tactical: Rocket barrage reported from Gaza Strip toward Israel on June 29; retaliation likely | UCP002704 - 706 | No objection. | Deemed admitted. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX SMITH 125** | 6/30/14 email from R. Richmond to S. Smith Re: DIG Israel | UCP002518 | No objection. | Deemed admitted. |
| * | **PX SMITH 126** | 6/30/14 email from S. Kenion to S. Smith Re: Israel & Palestinian Territories Alert | UCP002579-2582 | No objection. | Deemed admitted. |
| * | **PX SMITH 127** | 6/30/14 email from S. Smith to R. Richmond, Cc. M. Binke, Re: DIG Israel | UCP002092 - 2093 | No objection. | Deemed admitted. |
| * | **PX SMITH 128** | 6/30/14 email from K. Shachar to S. Smith, Fwd: Israel & Palestinian Territories Alert ( UPDATE): Killing of three abducted teenagers confirmed by IDF during the evening hours of June 30 | UCP002503 - 2506 | No objection. | Deemed admitted. |
| * | **PX SMITH 129** | 7/1/14 email from C. Biggs to S. Smith, Israel SitRep Update | UCP002790 - 800 | No objection. | Deemed admitted. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX SMITH 130** | 7/1/14 email from Max Security Intelligence to S. Smith, Israel & Palestinian Territories Alert (UPDATE): Israeli airstrikes hit 34 militant targets in Gaza Stirp during overnight hours of June 30-July 1 | UCP002473 - 476 | No objection. | Deemed admitted. |
| * | **PX SMITH 131** | 7/1/14 email from M. Binke to S. Smith Re: DIG Israel | UCP001971-72 | No objection. | Deemed admitted. |
| * | **PX SMITH 132** | 7/1/14 email from S. Smith to M. Binke & R. Richmond Re: DIG Israel | UCP001065-67 | No objection. | Deemed admitted. |
| * | **PX SMITH 133** | 7/1/14 email from Country Risk Forecast and Travel Security Online to S. Smith, Israel Discovery of kidnapped teenagers' bodies likely to exacerbate tensions with Palestinian Authority | UCP002519 - 520 | No objection. | Deemed admitted. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX SMITH 134** | 7/1/14 email from Max Security Intelligence to S. Smith, Israel Tactical (UPDATE): Scuffles reported in vicinity of Chords Bridge, Mahane Yehuda Market, and al-Aqsa Mosque/Temple Mount in Jerusalem on July 1 | UCP002240 - 242 | No objection. | Deemed admitted. |
| * | **PX SMITH 135** | 7/2/14 email from C. Biggs to S. Smith, Israel | UCP002363 - 367 | No objection. | Deemed admitted. |
| * | **PX SMITH 136** | 7/2/14 email from M. Binke to R. Richmond, Re: Security Upadet and analysis | UCP_003672 - 674 | No objection. | Deemed admitted. |
| * | **PX SMITH 137** | 7/2/14 email form Max Security Intelligence to S. Smith, Israel Tactical: Commemoratie sit-in planned for afternoon hours (local time) in Zion Square, Jerusalem, gathering slated for 20:30 in Tel Aviv | UCP002676 - 80 | No objection. | Deemed admitted. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX SMITH 138** | 7/3/14 email from Max Security Intelligence to S. Smith, Israel & Palestinian Territories Tactical: Rocket strikes residential building in Sderot on July 3 overnight unrest recorded in Jerusalem | UCP002219 - 23 | No objection. | Deemed admitted. |
| * | **PX SMITH 139** | 7/3/14 email from B. Brady to S. Smith Re: DIG | UCP002592-93 | No objection. | Deemed admitted. |
| * | **PX SMITH 140** | 7/3/14 email from S. Smith to E. Noordeloos to B. Brady Re: DIG Production | UCP002099 | No objection. | Deemed admitted. |
| * | **PX SMITH 141** | 7/3/14 email from S. Kenion to S. Smith, Fwd: Israel & Palestinian Territories Tactical (UPDATE): Uptick in rocket fire from Gaza during evening hours of July 3; increased potential for escalation | UCP002727 - 31 | No objection. | Deemed admitted. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX SMITH 142** | 7/3/14 email from S. Smith to T. McCarthy to E. Noordeloos Re: DIG Production | | No objection. | Deemed admitted. |
| * | **PX SMITH 143** | 7/3/14 email from P. Kennedy to S. Smith Re: Security Message from DIG on July 3, 2014 | UCP001975-76 | No objection. | Deemed admitted. |
| * | **PX SMITH 144** | 7/4/14 email from C. Biggs to S. Smith, israel | UCP002841 - 42 | No objection. | Deemed admitted. |
| * | **PX SMITH 145** | 7/5/14 email from S. Smith to E. Noordeloos cc T. McCarthy Re: DIG | UCP003971-72 | No objection. | Deemed admitted. |
| * | **PX SMITH 146** | 7/5/14 email from Max Security Intelligence to S. Smith, Israel & Palestinian Territories Alert (UPDATE): Iron Dome anti-missile battery deploeyd to Tel Aviv area ahead of deadline for ultimatum | UCP002149 - 52 | No objection. | Deemed admitted. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX SMITH 147** | 7/7/14 email from Max Security Intelligence to S. Smith, Israel & Palestinian Territories Alert: Israeli Air Force (IAF) strikes kill nine Gaza-based militants during overnight hours of July 6-7 | UCP002422 - 428 | No objection. | Deemed admitted. |
| * | **PX SMITH 148** | 7/7/14 email from C. Biggs to S. Smith, Israel | UCP002569 | No objection. | Deemed admitted. |
| * | **PX SMITH 149** | 7/7/14 email from C. Biggs to S. Smith, Israel - Gaza | UCP001865 | No objection. | Deemed admitted. |
| * | **PX SMITH 150** | 7/7/14 email from Max Security Intelligence to S. Smith, Government reportedly orders Isreli military to intesify airstrikes on July 7; seven rockets intercepted over Ashdod | UCP002816 - 20 | No objection. | Deemed admitted. |
| * | **PX SMITH 151** | 7/8/14 email from S. Smith to R. Richmond Re: DIG Israel | UCP001855-56 | No objection. | Deemed admitted. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX SMITH 152** | 7/8/14 email from Max Security Intelligence to S. Smith, Israel & Palestinian Territories Alert: IDF launches Operation Protective Edge on July 8; avoid nonessential travel within 20-40 km from Gaza Strip | UCP001845 - 49 | No objection. | Deemed admitted. |
| * | **PX SMITH 153** | 7/8/14 email from C. Biggs to S. Smith, Israel Updates | UCP002813 | No objection. | Deemed admitted. |
| * | **PX SMITH 154** | 7/8/14 email from C. Biggs to S. Smith, RE: Israel Updates | UCP002046 - 52 | No objection. | Deemed admitted. |
| * | **PX SMITH 155** | 7/8/14 email from C. Biggs to S. Smith, RE: Israel Updates | UCP002294 - 301 | No objection. | Deemed admitted. |
| * | **PX SMITH 156** | 7/8/14 email from Travel Tracker Proactive Email to S. Smith, 4 of 4 travellers - Israel: Tel Aviv: Militant rocket attack intercepted near Gedera; abide by security | UCP002681 - 82 | No objection. | Deemed admitted. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX SMITH 157** | 7/8/14 email from S. Smith to R. Richmond, E. Noordeloos cc M. Binke Re: DIG tel aviv in the morning (Also Richmond 379) | UCP001669 | No objection. | Deemed admitted. |
| * | **PX SMITH 158** | 7/8/14 email from Travel Tracker Proactive Email to S. Smith, 4 of 4 travellers - Israel: SPECIAL ADVISORY: Jerusalem: Strictly follow security force directives after rocket hits city outskirts | UCP002477 - 78 | No objection. | Deemed admitted. |
| * | **PX SMITH 159** | 7/8/14 email from TravelTracker Proactive Email to S. Smith, 4 of 4 travellers - Israel: SPECIAL ADVISORY: Jerusalem, Tel Aviv: Follow security force directives after rockets strike outskirts of cities (Revised 22.12 GMT) | UCP001977 - 78 | No objection. | Deemed admitted. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX SMITH 160** | 7/8/14 email from Max Security Intelligence to S. Smith, Israel & Palestinian Territories Alert: Five rockets reportedly intercepted over Tel Aviv during morning hours of July 9 | UCP002828 - 31 | No objection. | Deemed admitted. |
| * | **PX SMITH 161** | 7/9/14 email from M. Winemaker to S. Smith, Cc. M. Binke and R. Richmond, Re: 09 July Securty Update | UCP000913 - 14 | No objection. | Deemed admitted. |
| * | **PX SMITH 162** | 7/9/14 email from C. Biggs to S. Smith, Cc. E. Noordeloos, Israel Update | UCP002181 - 88 | No objection. | Deemed admitted. |
| * | **PX SMITH 163** | 7/9/14 Appointment invite from S. Smith to T. McCarthy, E. Noordeloos Re: CALL: Dig Security (Also Ford 302) | UCP002405-06 | No objection. | Deemed admitted. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX SMITH 164** | 7/9/14 email from Country Risk Forecast and Travel Security Online to S. Smith, Israel: Gaza militants' use of long-range rockets, heightened communal tensions justify increase in security risk to MEDIUM | UCP002683 - 84 | No objection. | Deemed admitted. |
| * | **PX SMITH 165** | 7/9/14 email from M. Binke to J. Wachtel, S. Dolcemaschio, and R. Rothstein, Fw: DIG Update | UCP000658 - 558 | No objection. | Deemed admitted. |
| * | **PX SMITH 166** | 7/9/14 email from C. Biggs to S. Smith, update | UCP002393 | No objection. | Deemed admitted. |
| * | **PX SMITH 167** | 7/9/14 email from C. Biggs to S. Smith, RE: update | UCP002243 - 44 | No objection. | Deemed admitted. |
| * | **PX SMITH 168** | 7/7/14 email from S. Smith to C. Shields, RE: travel to israel | UCP002821 | No objection. | Deemed admitted. |
| * | **PX SMITH 169** | 7/9/14 email from S. Smith to B. Brian, DIG Update | UCP002324 | No objection. | Deemed admitted. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX SMITH 170** | 7/9/14 email from Max Security to S. Smith Re: Israel & Palestinian Territories Analysis.. | UCP002372-76 | No objection. | Deemed admitted. |
| * | **PX SMITH 171** | 7/10/14 email from C. Biggs to E. Noordeloos, IHS Israel Analysis | UCP002468 - 70 | No objection. | Deemed admitted. |
| * | **PX SMITH 172** | 7/10/14 email from TravelTracker Proactive Email to S. Smith, 7 travellers - Israel: Defer travel to areas close to border with Gaza due to persistent rocket fire | UCP001973 - 74 | No objection. | Deemed admitted. |
| * | **PX SMITH 173** | 7/10/14 email from S. Smith to R. Richmond, M. Binke, Security Summary | UCP000482 - 83 | No objection. | Deemed admitted. |
| * | **PX SMITH 174** | 7/10/14 email from S. Smith to T. McCarthy, E. Noordeloos, Israel-Question from Mark. Urgent | UCP004026 - 27 | No objection. | Deemed admitted. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX SMITH 175** | 7/10/14 email from E. Noordeloos to S. Smith, RE: Israel-Question from Mark. Urgent. | UCP_004034 - 36 | No objection. | Deemed admitted. |
| * | **PX SMITH 176** | 7/10/14 email from S. Smith to E. Noordeloos cc C. Biggs Re: Statement | UCP001955 | No objection. | Deemed admitted. |
| * | **PX SMITH 177** | 7/10/14 email from S. Smith to M. Binke, DIG Security | UCP000993 | No objection. | Deemed admitted. |
| * | **PX SMITH 178** | 7/10/14 email from Max Security Intelligence to S. Smith, Israel & Palestinian Territories Alert: Rockets intercepted over Jerusalem, Tel Aviv on July 10; Palestinian caught with explosive on way to Tel Aviv | UCP002599 - 603 | No objection. | Deemed admitted. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | PX SMITH 179 | 7/11/14 email from Max Security Intelligence to S. Smith, Israel & Palestinian Territories Alert: Rockets intercepted over Tel Aviv on July 11; man reportedly injured in Ashdod as rocket hits gas station | UCP002288 - 92 | No objection. | Deemed admitted. |
| * | PX SMITH 180 | 7/11/14 email from C.Biggs to S. Smith, RE: Update | UCP002507 - 09 | No objection. | Deemed admitted. |
| * | PX SMITH 181 | 7/11/14 email from S. Smith to M. Binke and R. Richmond, Security Update Friday | UCP001676 - 679 | No objection. | Deemed admitted. |
| * | PX SMITH 182 | 7/11/14 email from Max Security Intelligence to S. Smith, Israel Alert (UPDATE): Additional rocket barrages fired towards central, southern Israel on July 11; two injuries reported in Beer Sheva | UCP001851 - 54 | No objection. | Deemed admitted. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *¹ | EXHIBIT NO.² | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX SMITH 183** | 7/12/14 email from Max Security Intelligence to S. Smith, Israel & Palestinian Territories Alert: Several rockets fired at central Israel on July 12, Sinai militants claim responsibility for five rockets | UCP002514 - 17 | No objection. | Deemed admitted. |
| * | **PX SMITH 184** | 7/12/14 email from Max Security Intelligence to S. Smith, Israel and Palestinian Territories Alert (UPDATE): Barrage of rockets target Tel Aviv, central Israel; demonstration slated for Jerusalem on July 14 | UCP001831 | No objection. | Deemed admitted. |
| * | **PX SMITH 185** | 7/14/14 email from R. Richmond to S. Smith and M. Binke, Re: Security Update | UCP000752 - 53 | No objection. | Deemed admitted. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX SMITH 186** | 7/14/14 email from Max Security Intelligence to S. Smith, Israel & Palestinian Territories Alert: IDF responds to rocket form Syria during evening hours of July 14; rockets continue targeting Israel's south | UCP002712 - 16 | No objection. | Deemed admitted. |
| * | **PX SMITH 187** | 7/15/14 email from Max Security Intelligence to S. Smith, Israel & Palestinian Territories Alert (UPDATE): Ceasefire proposal from Egypt reportedly agreed upon by Israel, rejected by Hamas | UCP002094 - 98 | No objection. | Deemed admitted. |

87

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX SMITH 188** | 7/15/14 email from Max Security Intelligence to S. Smith, Israel & Palestinian Territories Alert (UPDATE): Israeli Air Force resumes strikes in Gaza Strip on July 15 in response to continued rocket attacks | UCP002302 - 05 | No objection. | Deemed admitted. |
| * | **PX SMITH 189** | 7/15/14 email from Max Security intelligence to S. Smith, Israel & Palestinian Territories Alert: Two rockets intercepted over Tel Aviv during afternoon hours of July 15, rockets launched towards Jerusalem | UCP002809 - 812 | No objection. | Deemed admitted. |
| * | **PX SMITH 190** | 7/16/14 email from Max Security Intelligence to S. Smith, Israel and Palestinian Territories Alert: IDF warns civilians to leave north Gaza as rockets again target Tel Aviv on July 16 | UCP002282 - 85 | No objection. | Deemed admitted. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX SMITH 191** | 7/16/14 email from Max Security Intelligence to S. Smith, Israel and Palestinian Territories Alert (UPDATE): Hamas officially rejects Egyptian ceasefire proposal on July 16 as hostilities continue | UCP002459 - 62 | No objection. | Deemed admitted. |
| * | **PX SMITH 192** | 7/16/14 email from S. Smith to M. Binke, Cc. R. Richmond, Further statement | UCP001286 | No objection. | Deemed admitted. |
| * | **PX SMITH 193** | 7/16/14 email from Max Security Intelligence to S. Smith, Israel & Palestinian Territories Alert: Israel reportedly approves six-hour humanitarian ceasefire slated to begin on July 17 | UCP002332 - 36 | No objection. | Deemed admitted. |
| * | **PX SMITH 194** | 7/17/14 email from S. Smith to M. Binke, Re: Security update TIMELY | UCP000736 | No objection. | Deemed admitted. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX SMITH 195** | 7/17/14 email from S. Smith to M. Binke, Security Update 17/07 | UCP_003612 | No objection. | Deemed admitted. |
| * | **PX SMITH 196** | 7/18/14 email from S. Smith to M. Binke, Security update | UCP001462 | No objection. | Deemed admitted. |
| * | **PX SMITH 197** | 7/19/14 email from Max Security Intelligence to S. Smith, Israel & Palestinian Territories Alert (UPDATE): Militants attempted to inflitrate Israeli territory near Ein Hashlosha during morning hours of July 19 | UCP002557 - 61 | No objection. | Deemed admitted. |
| * | **PX SMITH 198** | 7/20/14 email from Max Security Intelligence to S. Smith, Israel & Palestinian Territories Alert: Israel expands gorund operaiton in the Gaza Strip, rockets fired towards central Israel, Tel Aviv on July 20 | UCP002054 - 58 | No objection. | Deemed admitted. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX SMITH 199** | 7/20/14 email from Max Security Intelligence to S. Smith, Israel & Palestinian Territories Alert (UPDATE): Two-hour 'humanitarian ceasefire' in Shujalyya extended for an hour following collapse | UCP002612 - 15 | No objection. | Deemed admitted. |
| * | **PX SMITH 200** | 7/21/14 email from Max Security Intelligence to S. Smith, Israel & Palestinian Territories Alert (UPDATE): Two rockets intercepted over Tel Aviv during the late morning hours of July 21 | UCP002824 - 17 | No objection. | Deemed admitted. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX SMITH 201** | 7/21/14 email from TravelTracker Proactive Email to S. Smith, 9 travellers - Mid East & N Africa: Continued hostilities following Israeli Ground invasion of Gaza necessitate travel restrictions, precautions | UCP002707 - 09 | No objection. | Deemed admitted. |
| * | **PX SMITH 202** | 7/21/14 email from Max Security Intelligence to S. Smith, Israel & Palestinian Territories Alert: Rockets target central Israel during nigh hours of July 21, IDF reports seven additional deaths | UCP001958 - 62 | No objection. | Deemed admitted. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX SMITH 203** | 7/22/14 email from Max Security Intelligence to S. Smith, Israel & Palestinian Territories Alert: Rockets target central Israel during morning hours of July 22; increased casualties reported in Gaza Strip | UCP002762 - 66 | No objection. | Deemed admitted. |
| * | **PX SMITH 204** | 7/22/14 email from Max Security Intelligence to S. Smith, Israel & Palestinian Territories Alert (UPDATE): Federal Aviation Authority (FAA) bans flights to, from Ben Gurion International Airport for 24 hours | UCP002625 - 28 | No objection. | Deemed admitted. |

93

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX SMITH 205** | 7/23/14 email from Max Security Intelligence to S. Smith, Israel & Palestinian Territories Alert (UPDATE): Heavy Israeli shelling reported in southern Gaza; foreign worker killed in Israel | UCP002212 - 15 | No objection. | Deemed admitted. |
| * | **PX SMITH 206** | 7/23/14 email from Max Security Intelligence to S. Smith, Israel & Palestinian Territories Alert (UPDATE): Israel's Security Cabinet meets in Tel Aviv as speculation of ceasefire once again increases | UCP002843 - 846 | No objection. | Deemed admitted. |
| * | **PX SMITH 207** | 7/24/14 email from Max Security Intelligence to S. Smith, Israel & Palestinian Territories Alert: FAA lifts ban on travel to Tel Aviv as IDF hits dozens of militant targets overnight | UCP002319 - 23 | No objection. | Deemed admitted. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX SMITH 208** | 7/24/14 email from Max Security Intelligence to S. Smith, Israel & Palestinian Territories Alert (UPDATE): Rockets target Tel Aviv; Egypt reportedly thwarts attacks on Israel | UCP002669 - 73 | No objection. | Deemed admitted. |
| * | **PX SMITH 209** | 7/24/14 email from Max Security Intelligence to S. Smith, Israel & Palestinian Territories Alert (UPDATE): UN staff reportedly killed in attack on school in Beit Hanoun on July 24 | UCP002479 - 483 | No objection. | Deemed admitted. |
| * | **PX SMITH 210** | 7/25/14 email from Max Security Intelligence to S. Smith, Israel & Palestinian Territories Alert (UPDATE): US Federal Aviation Authority (FAA) coniders renewal of Israeli flight ban on July 25 | UCP002698 - 702 | No objection. | Deemed admitted. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX SMITH 211** | 7/26/14 email from Max Smith Security Intelligence to S. Smith, Israel & Palestinian Territories Alert: Israel, Hamas agree to 12-hour humanitarian ceasefire beginning at 08:00 on July 26 | UCP001966 - 970 | No objection. | Deemed admitted. |
| * | **PX SMITH 212** | 7/26/14 email from Max Security Intelligence to S. Smith, Israel & Palestinian Territories Alert (UPDATE): Efforts to extend ceasefire reportedly collapse as rockets target Israeli cities during evening hours | UCP002535 - 39 | No Objection | Deemed admitted. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX SMITH 213** | 7/27/14 email from Max Security Intelligence to Israel & Palestinian Territories Alert (UPDATE): Rocket fire against Israel and IDF operations in Gaza continue, as Israeli Cabinet debates ceasefire | UCP_003769 - 773 | No Objection | Deemed admitted. |
| * | **PX SMITH 214** | 7/28/14 email from Max Security Intelligence to S. Smith, Israel & Palestinian territories Alert (UPDATE): Infiltration attempt confirmed in Nahal Oz during evening hours of July 28, as rocket fire continues | UCP002176 - 180 | No Objection | Deemed admitted. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | PX SMITH 215 | 7/29/14 email from Max Security Intelligence to S. Smith, Israel & Palestinian Territories Alert (UPDATE): Long-range rockets fired towards Jerusalem, Tel Aviv this evening, July 29 | UCP002014 - 17 | No Objection | Deemed admitted. |
| * | PX SMITH 216 | 7/18/14 email from Max Security Intelligence to S. Smith, Israel and Palestinian Territories Alert: Israeli military reportedly targets 103 militant sites in Gaza overnight as ground operation continues | UCP018104 - 107 | No Objection | Deemed admitted. |
| * | PX SMITH 217 | 7/26/14 email from Max Security Intelligence to S. Smith, Israel & Palestinian Territories Alert: Protest slated for Tel Aviv during evening hours of July 26; national mediation efforts continue | [not bates stamped] | No Objection | Deemed admitted. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX SMITH 218** | 7/21/14 email from Max Security Intelligence to S. Smith, MAX - MENA Region Daily Summary - July 21, 2014 | [not bates stamped] | No Objection | Deemed admitted. |
| * | **PX SMITH 219** | 7/20/14 email from Max Security Intelligence to S. Smith, Israel & Palestinian Territories Alert: Israel expands ground operaiton in the Gaza Strip, rockets fired towards central Israel, Tel Aviv on July 20 | | No Objection | Deemed admitted. |
| * | **PX SMITH 220** | 7/21/14 email from S. Smith to M. Binke, Cc. R. Richmond, Security Update | UCP001419 - 20 | No Objection | Deemed admitted. |
| * | **PX SMITH 221** | 7/24/14 email from S. Smith to M. Binke, Security Update | UCP001252 - 53 | No Objection | Deemed admitted. |
| * | **PX SMITH 222** | 7/28/14 email from S. Smith to M. Binke, Israel Update | UCP001274 - 75 | No Objection | Deemed admitted. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX SMITH 223** | 7/29/14 email from S. Smith to M. Binke, Israel Update 29 July | UCP_003545 | No Objection | Deemed admitted. |
| * | **PX SMITH 224** | 8/5/14 email from S. Smith to M. Binke, Israel Security Update | UCP003252 - 53 | No Objection | Deemed admitted. |
| * | **PX SMITH 225** | 8/8/14 email from S. Smith to M. Binke, Israel Security Update | UCP001277 - 79 | No Objection | Deemed admitted. |
| * | **PX SMITH 231** | 8/19/14 email from S. Smith to M. Binke, Israel Update 190814.docx | UCP001268 - 273 | No Objection | Deemed admitted. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX ADAMS 232** | 10/15/13 email from S. Weiss to K. Coupe, D. Robertson, M. Adams, and K. Ford, 2014 Comcast/NBCU Renewal Recap | AONNBCU0000216 -218 | Hearsay (FRE 801, 802); Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions contained in this exhibit address events that occurred prior to Plaintiffs' claim and ASIC's handling thereof. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | Offered for a non-hearsay purpose; business record; relevant and admissible to prove bad faith and damages. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX ADAMS 234** | 10/25/13 email from M. Adams to S. Weiss RE:In-House TV Renewal Specs | AONNBCU0000411-412 | Hearsay (FRE 801, 802); Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions contained in this exhibit address events that occurred prior to Plaintiffs' claim and ASIC's handling thereof. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | Offered for a non-hearsay purpose; business record; relevant and admissible to prove bad faith and damages. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX ADAMS 235** | 10/25/13 email from A. Garber to T. Peete and S. Weiss RE: In-House TV policy renewal specs | AONNBCU0000428-431 | Hearsay (FRE 801, 802); Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions contained in this exhibit address events that occurred prior to Plaintiffs' claim and ASIC's handling thereof. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | Offered for a non-hearsay purpose; business record; relevant and admissible to prove bad faith and damages. |

103

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | PX ADAMS 236 | 12/5/13 email from D. Robertson to K. Ford RE: NBCU In-House TV Renewal | AONNBCU0000695-698 | Hearsay (FRE 801, 802); Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions contained in this exhibit address events that occurred prior to Plaintiffs' claim and ASIC's handling thereof. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | Offered for a non-hearsay purpose; business record; relevant and admissible to prove bad faith and damages. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX ADAMS 237** | 12/6/13 email from K. Ford to C. Williams and R. Richmond Fw: DIG | UCP001671-673 | Hearsay (FRE 801, 802); Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions contained in this exhibit address events that occurred prior to Plaintiffs' claim and ASIC's handling thereof. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | Offered for a non-hearsay purpose; business record; relevant and admissible to prove bad faith and damages. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | PX ADAMS 238 | 12/6/13 email from R. Richmond to K. Ford RE: DIG | UCP_003156-158 | Hearsay (FRE 801, 802); Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions contained in this exhibit address events that occurred prior to Plaintiffs' claim and ASIC's handling thereof. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | Offered for a non-hearsay purpose; business record; relevant and admissible to prove bad faith and damages. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX ADAMS 239** | 12/11/13 email form M. Adams to T. Peete and K. Ford RE: NBCU In-House TV Renewal | AONNBCU0000436 -440 | Hearsay (FRE 801, 802); Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions contained in this exhibit address events that occurred prior to Plaintiffs' claim and ASIC's handling thereof. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | Offered for a non-hearsay purpose; business record; relevant and admissible to prove bad faith and damages. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX JOHNSON 246** | 7/15/14 E-mail from Pamela Johnson to Peter Williams, Daniel Gutterman | ATL000393-397 | No objection. | Deemed admitted. |
| * | **PX JOHNSON 253** | 7/31/14 E-mail from Andrea Garber to Pamela Johnson copying Susan Weiss and Daniel Gutterman | ATL001917-1918 | No objection. | Deemed admitted. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX FORD 290** | 10/31/14 email from K. Ford to P. Williams RE: DIG Insurance Meeting | ATL002421-423 | Irrelevant [FRE 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions contained in this exhibit address events that occurred after Plaintiffs' claim and ASIC's handling thereof. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | Admission by party opponent; offered for a non-hearsay purpose; business record; relevant and admissible to prove bad faith and damages. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX FORD 291** | 12/2/13 email from K. Ford to S. Weiss and M. Adams FW: DIG | AONNBCU0001229 | Hearsay (FRE 801, 802); Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions contained in this exhibit address events that occurred prior to Plaintiffs' claim and ASIC's handling thereof. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | Offered for a non-hearsay purpose; business record; relevant and admissible to prove bad faith and damages. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX FORD 292** | 12/4/13 email from M. Adams to K. Ford RE: DIG | AONNBCU0003531-532 | Hearsay (FRE 801, 802); Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions contained in this exhibit address events that occurred prior to Plaintiffs' claim and ASIC's handling thereof. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | Offered for a non-hearsay purpose; business record; relevant and admissible to prove bad faith and damages. |

111

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX FORD 294** | 12/10/13 email from R. Richmond to A. Garber, K. Ford, and C. Williams RE: "Dig" - "cast" insurance concerns | UCP_003149 - 151 | No objection. | Deemed Admitted |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX FORD 295** | 2/13/14 email from C. Williams to A. Garber FW: DIG "state of the union" | AONNBCU0001189 - 190 | Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions contained in this exhibit address events that occurred prior to Plaintiffs' claim and ASIC's handling thereof. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | Relevant and admissible to prove bad faith and damages. |

113

7060051v1/102884
7060051v1/102884

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX FORD 296** | 6/16/14 email from R. Richmond to C. Williams Re: DIG Security Situation | UCP001104 - 106 | No Objection | Deemed admitted. |
| * | **PX FORD 297** | 6/16/14 email from K. Ford to A. Garber Fwd: Update: Dig Security Situation | UCP_002847 - 852 | No Objection | Deemed admitted. |
| * | **PX FORD 298** | 7/1/14 email from K. Ford to S. Weiss and D. Kizner FW: Dig insurance (Also Richmond 367) | AONNBCU0000071 | No Objection | Deemed admitted. |
| * | **PX FORD 301** | 7/8/14 email from K. Ford to A. Garber Fwd: DIG - conflict & insurance | UCP000867 - 868 | No Objection | Deemed admitted. |
| * | **PX FORD 303** | 7/9/14 email from P. Potter to K. Ford, Dig Security People | UCP001415 - 881 | No Objection | Deemed admitted. |
| * | **PX FORD 304** | 7/10/14 email from M. Binke to K. Ford Fw: Security Summary | UCP_003312 - 313 | No Objection | Deemed admitted. |
| * | **PX FORD 305** | 7/10/14 email from C. Williams to K. Ford Re: Security Summary | UCP_003212 - 214 | No Objection | Deemed admitted. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| * [1] | EXHIBIT NO. [2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX FORD 306** | 7/10/14 email from B. Brady to K. Ford, Israel | UCP_003307 and UCP_003291 | No Objection | Deemed admitted. |
| * | **PX FORD 307** | 7/10/14 email from M. Binke to S. Smith, J. Wachtel, S. Dolcemaschio RE: Security Message | UCP001866 - 867 | No Objection | Deemed admitted. |
| * | **PX FORD 308** | 7/10/14 email from A. Garber to K. Ford RE: Security Summary | UCP_003304 - 306 | No Objection | Deemed admitted. |
| * | **PX FORD 309** | 7/14/14 email from K. Ford to R. Richmond RE: DIG | UCP001473 | No Objection | Deemed admitted. |
| * | **PX FORD 310** | 7/14/14 email from M. Binke to R. Richmond and A. Garber Re: DIG | UCP000454 | No Objection | Deemed admitted. |
| * | **PX FORD 311** | 7/10/14 email form J. Wachtel to M. Binke Re: Israel | UCP018046 | No Objection | Deemed admitted. |
| * | **PX FORD 313** | 7/17/14 email from A. Garber to K Ford Re: Info uncorroborated at present that a ceasefire deal could have been agreed.  Will keep you posted. | UCP000359 - 360 | No Objection | Deemed admitted. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX FORD 314** | 7/25/14 email from B. Markus to A. Garber RE: Dig - Insurance claim | UCP000458 | No Objection | Deemed admitted. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX FORD 315** | 3/26/10 email from S. Weiss to K. Ford, NBCU TV Policy Form | AONNBCU0001049 | Hearsay (FRE 801, 802); Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions contained in this exhibit address events that occurred prior to Plaintiffs' claim and ASIC's handling thereof. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | Offered for a non-hearsay purpose; business record; relevant and admissible to prove bad faith and damages. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| **¹ | EXHIBIT NO.² | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX FORD 316** | 4/22/10 email from G. Walden to W. Phillips, S. Weiss, V. Beckles, and L. Comerford FW: NBCTV Program - Policy issues - One Beacon | AONNBCU0000993 - 997 | Hearsay (FRE 801, 802); Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions contained in this exhibit address events that occurred prior to Plaintiffs' claim and ASIC's handling thereof. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | Offered for a non-hearsay purpose; business record; relevant and admissible to prove bad faith and damages. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX FORD 317** | 12/10/13 email from K. Ford ot A. Garber FW: NBCU In-House TV Renewal | AONNBCU0000241 - 245 | No objection. | Deemed admitted. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| * | **PX FORD 318** | Collection of documents of photocopies of a cancelled check, an an invoice, a Authority of Payment docuent, email, and a document entitled, "Regarding Compensation and Taxes" | UCP000310 - 315 | Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions contained in this exhibit address events that have no bearing on the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. The amount of a brokerage check does not make any of Plaintiffs' causes of action more likely than not, nor does it have any bearing on the facts giving rise thereto since this document comes after ASIC's claims decision. More prejudicial than probative; waste of | Offered for a non-hearsay purpose; business record; relevant and admissible to prove bad faith and damages. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *¹ | EXHIBIT NO.² | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | time; unnecessarily cumulative. [FRE 403]. | |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| * | PX FORD 319 | Collection of documents of photocopies of a cancelled check, an invoice, a Authority of Payment docuent, email, and a document entitled, "Regarding Compensation and Taxes" | UCP000296 - 302 | Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions contained in this exhibit address events that have no bearing on the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. The amount of a brokerage check does not make any of Plaintiffs' causes of action more likely than not, nor does it have any bearing on the facts giving rise thereto since this document comes after ASIC's claims decision. More prejudicial than probative; waste of | Relevant and admissible to prove bad faith and damages. |

122

| *¹ | EXHIBIT NO.² | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | time; unnecessarily cumulative. [FRE 403]. | |

123

7060051v1/102884
7060051v1/102884

| * | **PX FORD 320** | Collection of documents of photocopies of a cancelled check, an invoice, a Authority of Payment docuent, email, and a document entitled, "Regarding Compensation and Taxes" | UCP000303 - 309 | Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions contained in this exhibit address events that have no bearing on the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. The amount of a brokerage check does not make any of Plaintiffs' causes of action more likely than not, nor does it have any bearing on the facts giving rise thereto since this document comes after ASIC's claims decision. More prejudicial than probative; waste of | Relevant and admissible to prove bad faith and damages. |

124

| **\*\*1** | **EXHIBIT NO.²** | **DESCRIPTION** | **BATES NO.** | **OBJECTION** | **RESPONSE TO OBJECTION** |
|---|---|---|---|---|---|
| | | | | time; unnecessarily cumulative. [FRE 403]. | |

125

| * | **PX FORD 321** | Collection of documents of photocopies of a cancelled check, an invoice, a Authority of Payment docuent, email, and a document entitled, "Regarding Compensation and Taxes" | UCP000316 - 322 | Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions contained in this exhibit address events that have no bearing on the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. The amount of a brokerage check does not make any of Plaintiffs' causes of action more likely than not, nor does it have any bearing on the facts giving rise thereto since this document comes after ASIC's claims decision. More prejudicial than probative; waste of | Relevant and admissible to prove bad faith and damages. |

126

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | time; unnecessarily cumulative. [FRE 403]. | |

127

| * | PX FORD 322 | Collection of documents of photocopies of a cancelled check, an invoice, a Authority of Payment docuent, email, and a document entitled, "Regarding Compensation and Taxes" | UCP000329 - 327 | Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions contained in this exhibit address events that have no bearing on the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. The amount of a brokerage check does not make any of Plaintiffs' causes of action more likely than not, nor does it have any bearing on the facts giving rise thereto since this document comes after ASIC's claims decision. More prejudicial than probative; waste of | Relevant and admissible to prove bad faith and damages. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | time; unnecessarily cumulative. [FRE 403]. | |
| * | **PX MARKUS-CAFFREY 342** | 6/12/14 email form B. Markus to M. Binke FW: DIG - LOCKED BUDGETS - AMORT, PATTERN, PILOT | UCP005411 - 5506 | No Objection | Deemed admitted. |
| * | **PX MARKUS-CAFFREY 343** | 8/14/14 email from R. Richmond to D. Cleaver, DIG budget notes | UCP009963 - 965 | No Objection | Deemed admitted. |
| * | **PX MARKUS-CAFFREY 344** | "DIG - New Mexico Season 1 - First 5 episodes" | UCP018226 - 227 | No Objection | Deemed admitted. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| **\*1** | **EXHIBIT NO.2** | **DESCRIPTION** | **BATES NO.** | **OBJECTION** | **RESPONSE TO OBJECTION** |
|---|---|---|---|---|---|
| \* | **PX RICHMOND 345** | 11/11/13 email from C. Williams to K. Ford, M. Binke, R. Richmond, Possible TV Production in Jerusalem Israel - Medical and Security | UCP000791 - 797 | Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions contained in this exhibit address events that occurred prior to Plaintiffs' claim and ASIC's handling thereof. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | Relevant and admissible to prove bad faith and damages. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| **\*1** | **EXHIBIT NO.²** | **DESCRIPTION** | **BATES NO.** | **OBJECTION** | **RESPONSE TO OBJECTION** |
|---|---|---|---|---|---|
| \* | **PX RICHMOND 346** | 11/30/13 email from R. Richmond to B. Brady, Fw: DIG - Security | UCP001717 - 718 | Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions contained in this exhibit address events that occurred prior to Plaintiffs' claim and ASIC's handling thereof. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | Relevant and admissible to prove bad faith and damages. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX RICHMOND 347** | 12/11/13 email form R. Richmond to G. Raff, just in case | UCP_003670 | Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions contained in this exhibit address events that occurred prior to Plaintiffs' claim and ASIC's handling thereof. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | Relevant and admissible to prove bad faith and damages. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX RICHMOND 348** | 12/12/13 email from R. Richmond to M. Binke, Re: DIG - insurance infor & security costs | UCP001088 | Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions contained in this exhibit address events that occurred prior to Plaintiffs' claim and ASIC's handling thereof. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | Relevant and admissible to prove bad faith and damages. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX RICHMOND 349** | 2/3/2014 email from R. Richmond to B. Brian, cc. M. Binke, FW: DIG - security | UCP00001085 - 086 | No Objection | Deemed admitted. |
| * | **PX RICHMOND 350** | 3/14/14 email from B. Brady to E. Noordeloos, cc. R. Richmond, FW: DIG Israel crisis plan | UCP001412 | No Objection | Deemed admitted. |
| * | **PX RICHMOND 351** | 3/17/14 emailf rom R. Richmond to M. Binke, M. Ripley, K. Cunningham, cc. S. Dolcemaschio, B. Brady, Re: "Dig" Production | UCP001160 - 161 | No Objection | Deemed admitted. |
| * | **PX RICHMOND 352** | 4/16/14 email from S. Smith to R. Richmond, cc. M. Winemaker, DIG Crisis and Security Planning | UCP002227 - 237 | No Objection | Deemed admitted. |
| * | **PX RICHMOND 353** | 4/22/14 email from S. Smith to R. Richmond, cc. M. Winemaker, RE: DIG Crisis and Security Planning | UCP003495 - 497 | No Objection | Deemed admitted. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX RICHMOND 354** | 5/13/14 email from R. Richmond to S. Smith, M. Winemaker, RE: DIG Security Update | UCP002407 - 408 | No Objection | Deemed admitted. |
| * | **PX RICHMOND 355** | 6/16/14 email from R. Richmond to M. Binke and R. Rothstein, Dig issues !!!!! | UCP001082 | No Objection | Deemed admitted. |
| * | **PX RICHMOND 356** | 6/16/14 email from R. Richmond to M. Binke, Fw: DIG Security Situation | UCP001223 - 226 | No Objection | Deemed admitted. |
| * | **PX RICHMOND 357** | 6/16/14 email from R. Rothstein to R. Richmond, Cc. M. Binke, Re: Dig issues !!!!! | UCP001131 | No Objection | Deemed admitted. |
| * | **PX RICHMOND 359** | 6/16/14 email from S. Miller to R. Richmond, Re: Update: Dig Security Situation | UCP 003555 - 558 | No Objection | Deemed admitted. |
| * | **PX RICHMOND 360** | 6/17/14 email from S. Smith to R. Richmond, Re: DIG. MAX | UCP_003494 | No Objection | Deemed admitted. |
| * | **PX RICHMOND 361** | 6/18/14 email from S. Smith to R. Richmond, RE: DIG | UCP002773 | No Objection | Deemed admitted. |

135

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX RICHMOND 362** | 6/19/14 email from R. Richmond to S. Smith, Cc. M. Binke, Re: DIG | UCP000900 - 902 | No Objection | Deemed admitted. |
| * | **PX RICHMOND 363** | 6/23/14 email from R. Richmond to S. Smith, Re: Dig tonight in jaffa | UCP002456 - 458 | No Objection | Deemed admitted. |
| * | **PX RICHMOND 365** | 7/2/14 email from R. Richmond to S. Smith, Cc. M. Binke, Re: Dig locations | UCP000925 - 926 | No Objection | Deemed admitted. |
| * | **PX RICHMOND 366** | 7/1/14 email from M. Binke to S. Smith, R. Richmond Re: DIG Israel | UCP001942 - 944 | No Objection | Deemed admitted. |
| * | **PX RICHMOND 368** | 7/2/14 email from S. Smith to M. Binke, R. Richmond, Security Updet and analysis | UCP002224 - 226 | No Objection | Deemed admitted. |
| * | **PX RICHMOND 369** | 7/7/14 email from S. Smith to R. Richmond, DIG security | UCP001379 | No Objection | Deemed admitted. |
| * | **PX RICHMOND 371** | 7/7/14 email from R. Richmond to M. Binke, Re: DIG - conflict & insurance | UCP_003330 | No Objection | Deemed admitted. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX RICHMOND 374** | 7/7/14 email form M. Binke to R. Richmond and M. Adams, Cc. K Ford, S. Weiss, J. Weiss, A. Garber, D. Kizner, and C. Williams, Re: DIG. Security Situation | UCP_003265 - 272 | No Objection | Deemed admitted. |
| * | **PX RICHMOND 375** | 7/8/14 email from R. Richmond to M. Binke, Fw: DIG Israel | UCP000552 - 553 | No Objection | Deemed admitted. |
| * | **PX RICHMOND 376** | 7/8/14 email from R. Richmond to S. Smith, Cc. M. Binke, DIG !!!!!! | UCP000953 | No Objection | Deemed admitted. |
| * | **PX RICHMOND 377** | 7/8/14 email from R. Richmond to M. Binke, E. Noordeloos, Cc. S. Smith, Re: quick call | UCP002802 - 803 | No Objection | Deemed admitted. |
| * | **PX RICHMOND 378** | 7/8/14 email from R. Richmond to A. Nawi, Cc. L. Benasuly, M. Winemaker, A. Navon, S. Smith, M. Binke, DIG alert Tel Aviv tonight !! | UCP_003498 - 499 | No Objection | Deemed admitted. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| [1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX RICHMOND 380** | 7/8/14 email from R. Richmond to J. Footlik, M. Binke, R. Smotkin, RE: Sirens in Jerusalem | UCP000652 | No Objection | Deemed admitted. |
| * | **PX RICHMOND 381** | 7/8/14 email from R. Richmond to S. Smith, E. Noordeloos, Cc. M. Binke, Dig today!!! | UCP000994 | No Objection | Deemed admitted. |
| * | **PX RICHMOND 382** | 7/9/14 email from S. Smith to M. Winemaker, M. Binke, R. Richmond, 09 July Securty Update | UCP000942 - 943 | No Objection | Deemed admitted. |
| * | **PX RICHMOND 383** | 7/9/14 email from S. Smith to R. Richmond, M. Binke, DIG Update | UCP000888 - 896 | No Objection | Deemed admitted. |
| * | **PX RICHMOND 384** | 7/9/14 email from M. Binke to S. Smith, R. Richmond, Re: DIG Update | UCP_003490 - 492 | No Objection | Deemed admitted. |
| * | **PX RICHMOND 385** | 7/9/14 email from R. Rothstein to R. Richmond, Cc. M. Binke, S. O'Neill, S. Fung, Re: more DIG CAST | UCP001068 - 069 | No Objection | Deemed admitted. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | PX RICHMOND 386 | 7/9/14 email from R. Rothstein to M. Binke, Cc. N. Cacero, R. Richmond, S. O'Neill, S. Fung, Re: DIG cast | UCP001033 - 036 | No Objection | Deemed admitted. |
| * | PX RICHMOND 387 | 7/9/14 email from M. Winemaker to M. Binke, R. Richmond, Life in TLV thse days | UCP_003695 | No Objection | Deemed admitted. |
| * | PX RICHMOND 388 | 7/9/14 email from R. Richmond to J. Footlik, M. Binke, and R. Smotkin Re: Sirens in Tel Aviv | UCP000992 | No Objection | Deemed admitted. |
| * | PX RICHMOND 389 | 7/9/14 email from J. Footlik to M. Binke, Cc. R. Richmond, R. Smotkin, R. Rothstein, and S. Dolcemaschio Re: Sirens in Tel Aviv | UCP000513 | No Objection | Deemed admitted. |
| * | PX RICHMOND 390 | 7/9/14 email from R. Richmond to J. Footlik, M. Binke, Cc. R. Smotkin, R. Rothstein, S. Dolcemaschio, Re: Sirens in Tel Aviv | UCP000767 - 768 | No Objection | Deemed admitted. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX RICHMOND 391** | 7/10/14 email form M. Binke to S. Smith, R. Richmond, Cc. S. Dolcemaschio and R. Rothstein, Re: Security Summary | UCP002121 - 122 | No Objection | Deemed admitted. |
| * | **PX RICHMOND 392** | 7/10/14 email from R. Richmond to M. Binke, Re: Security Message | UCP000653 - 654 | No Objection | Deemed admitted. |
| * | **PX RICHMOND 393** | 7/10/14 email form M. Binke to R. Richmond, Re: DIG scenarios | UCP_003585 - 586 | No Objection | Deemed admitted. |
| * | **PX RICHMOND 394** | 7/11/14 email form T. Cowley to R. Richmond, B. Grey, M. Cowley, A. Grey, Cc. Bob Scwartz, Coming home form Israel | UCP_003493 | No Objection | Deemed admitted. |
| * | **PX RICHMOND 395** | 7/11/14 email from M. Binke to A. Garber, J. Wachtel, Cc. R. Richmond, T. McCarthy, and K. Ford, RE: "Dig" S1 Insurance Claim/Imminent Peril | UCP_003951 | No Objection | Deemed admitted. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX RICHMOND 396** | 7/14/14 email from R. Richmond to M. Binke and B. Markus, RE: DIG costs | UCP_003356 - 357 | No Objection | Deemed admitted. |
| * | **PX RICHMOND 397** | 7/15/14 email from P. Potter to R. Richmond | UCP001788 | No Objection | Deemed admitted. |
| * | **PX RICHMOND 398** | 7/15/14 email from M. Binke to R. Richmond, Re: DIG news per NBC | UCP001380 | No Objection | Deemed admitted. |
| * | **PX RICHMOND 399** | 7/15/14 email from R. Richmond to S. Smith, Cc. M. binke, DIG security update | UCP000903 | No Objection | Deemed admitted. |
| * | **PX RICHMOND 400** | 7/17/14 email form S. Smith to M. Binke and R. Richmond, Ground offensive started | UCP_003467 | No Objection | Deemed admitted. |
| * | **PX RICHMOND 401** | 7/21/14 email from S. Smith to R. Richmond, Re: DIG Security | UCP001606 | No Objection | Deemed admitted. |
| * | **PX RICHMOND 402** | 7/24/14 email from M. Binke to S. Smith, RE: Security Update | UCP002403 - 404 | No Objection | Deemed admitted. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX RICHMOND 403** | 7/25/14 email from B. markus ot A. Garber, Cc. M. Binke, R. Richmond, and B. Markus, Dig - insurance claim | UCP000880 | No Objection | Deemed admitted. |
| * | **PX RICHMOND 404** | 8/1/14 email from S. Smith to M. Binke and R. Richmond, Israel update | UCP_003544 | No Objection | Deemed admitted. |
| * | **PX RICHMOND 405** | 8/5/14 email from M. Binke to S. Smith and R. Richmond, RE: Israel Security Update | UCP_003620 - 621 | No Objection | Deemed admitted. |
| * | **PX RICHMOND 406** | 8/17/14 email from J. Footlik to M. Binke, Re: Info uncorroborated at present that a ceasefire dela could have been agreed. Will keep you | UCP000912 | No Objection | Deemed admitted. |
| * | **PX BINKE 408** | 7/8/14 email from E. Noordeloos to M. Binke RE: quick call | UCP000485 | No Objection | Deemed admitted. |
| * | **PX BINKE 409** | 7/17/14 email from T. McCarthy to M. Binke Fwd: | UCP000503 | No Objection | Deemed admitted. |

142

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX RIDGERS 405** | 11/21/09 email from G. Walden to W. Phillips, M. Ridgers RE: List of shows NBC | ATL005970-5997 | Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions contained in this exhibit address events that occurred prior to Plaintiffs' claim and ASIC's handling thereof. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | Relevant and admissible to prove bad faith and damages. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *¹ | EXHIBIT NO.² | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX RIDGERS 406** | 12/4/09 email from G. Walden to S. Weiss RE: NBC – Universal | AONNBCU0003790 -3794 | Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions contained in this exhibit address events that occurred prior to Plaintiffs' claim and ASIC's handling thereof. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | Relevant and admissible to prove bad faith and damages. |

144

7060051v1/102884
7060051v1/102884

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX RIDGERS 407** | 12/5/09 email from M. Ridgers to W. Phillips RE: NBC – Universal | ATL005864-5865 | Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions contained in this exhibit address events that occurred prior to Plaintiffs' claim and ASIC's handling thereof. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | Relevant and admissible to prove bad faith and damages. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX RIDGERS 408** | 12/7/09 email from G. Walden to G. Walden RE: NBC Wording – Coverage Summary/Affidavit Form | AONNBCU0003795 -3865 | Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions contained in this exhibit address events that occurred prior to Plaintiffs' claim and ASIC's handling thereof. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | Relevant and admissible to prove bad faith and damages. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX RIDGERS 409** | 12/17/09 email from G. Walden to W. Phillips, M. Ridgers RE: NBC Martin 12-16 final | AONNBCU 0004125-0004131 | Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions contained in this exhibit address events that occurred prior to Plaintiffs' claim and ASIC's handling thereof. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | Relevant and admissible to prove bad faith and damages. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX RIDGERS 410** | 12/8/09 email from W. Phillips to G. Walden RE: NBC Wording | AONNBCU 0003871-0003901 | Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions contained in this exhibit address events that occurred prior to Plaintiffs' claim and ASIC's handling thereof. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | Relevant and admissible to prove bad faith and damages. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| **¹** | **EXHIBIT NO.²** | **DESCRIPTION** | **BATES NO.** | **OBJECTION** | **RESPONSE TO OBJECTION** |
|---|---|---|---|---|---|
| * | **PX RIDGERS 411** | 12/13/09 email from M. Ridgers to G. Walden, W. Phillips RE: nbc manuscript Martin 2009 1212.doc | AONNBCU 0003902-0003933 | Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions contained in this exhibit address events that occurred prior to Plaintiffs' claim and ASIC's handling thereof. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | Relevant and admissible to prove bad faith and damages. |

149

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX RIDGERS 412** | 12/13/09 email from M. Ridgers to G. Walden, W. Phillips RE: nbc manuscript Martin 2009 1212.doc | AONNBCU 0003934-0003964 | Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions contained in this exhibit address events that occurred prior to Plaintiffs' claim and ASIC's handling thereof. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | Relevant and admissible to prove bad faith and damages. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | PX RIDGERS 413 | 12/16/09 email from G. Walden to M. Ridgers RE: Martin's_Final_Form_12-15-09 (2). Doc | AONNBCU 0004090-0004124 | Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions contained in this exhibit address events that occurred prior to Plaintiffs' claim and ASIC's handling thereof. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | Relevant and admissible to prove bad faith and damages. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX RIDGERS 414** | 12/16/09 email from M. Ridgers to G. Walden , S. Weiss RE: Martin's_Final_Form Rev 1_2009 1216.doc | AONNBCU 0003965-0003997 | Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions contained in this exhibit address events that occurred prior to Plaintiffs' claim and ASIC's handling thereof. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | Relevant and admissible to prove bad faith and damages. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX RIDGERS 415** | 12/17/09 email from S. Weiss to G. Walden RE: NBC Martin 12-16 final THIS IS IT | AONNBCU 0003998-0004030 | Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions contained in this exhibit address events that occurred prior to Plaintiffs' claim and ASIC's handling thereof. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | Relevant and admissible to prove bad faith and damages. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX RIDGERS 416** | 12/17/09 email from G. Walden to G. Walden RE: Martin's_Final_Form Rev 1_2009 1217.doc | AONNBCU 0004132-0004195 | Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions contained in this exhibit address events that occurred prior to Plaintiffs' claim and ASIC's handling thereof. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | Relevant and admissible to prove bad faith and damages. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX RIDGERS 417** | 1/8/10 email from M. Ridgers to S. Weiss, W. Phillips RE: NBCU TV Authorization Language | AONNBCU 0000987-0000989 | Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions contained in this exhibit address events that occurred prior to Plaintiffs' claim and ASIC's handling thereof. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | Relevant and admissible to prove bad faith and damages. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX RIDGERS 418** | NBC Universal insurance policy and amendments renewal 2010-11 | UCP 032893-032935 | Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions contained in this exhibit address events that occurred prior to Plaintiffs' claim and ASIC's handling thereof. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | Relevant and admissible to prove bad faith and damages. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *1 | EXHIBIT NO.2 | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX PHILLIPS 419** | AON insurance policy form and production portfolio declarations | AONNBCU 0004342-0004368 | Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions contained in this exhibit address events that occurred prior to Plaintiffs' claim and ASIC's handling thereof. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | Relevant and admissible to prove bad faith and damages. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX PHILLIPS 420** | 12/18/2009 email from G. Walden to M. Ridgers RE: Martin's Final Form Rev 1 2009 1217.doc | AONNBCU 0004376-0004379 | Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions contained in this exhibit address events that occurred prior to Plaintiffs' claim and ASIC's handling thereof. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | Relevant and admissible to prove bad faith and damages. |

158

7060051v1/102884
7060051v1/102884

| **\*¹** | **EXHIBIT NO.²** | **DESCRIPTION** | **BATES NO.** | **OBJECTION** | **RESPONSE TO OBJECTION** |
|---|---|---|---|---|---|
| \* | **PX PHILLIPS 421** | 12/18/09 email from W. Phillips to L. Comerford RE: NBC | AONNBCU 0004380-0004382 | Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions contained in this exhibit address events that occurred prior to Plaintiffs' claim and ASIC's handling thereof. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | Relevant and admissible to prove bad faith and damages. |

159

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | PX PHILLIPS 422 | 1/15/2010 email from W. Phillips to S. Weiss NBC Studios Policy-Draft | AONNBCU 0004383-0004410 | Hearsay [FRE 801, 802]; Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions contained in this exhibit address events that occurred prior to Plaintiffs' claim and ASIC's handling thereof. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | Offered for a non-hearsay purpose; business record; relevant and admissible to prove bad faith and damages. |

160

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX PHILLIPS 423** | 12/3/13 email from W. Phillips to A. Garber RE: Tentative 2014 Production – "Dig" | AONNBCU 0003622-0003625 | Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions contained in this exhibit address events that occurred prior to Plaintiffs' claim and ASIC's handling thereof. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | Relevant and admissible to prove bad faith and damages. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX PHILLIPS 424** | 12/13/13 email from A. Garber to W. Phillips RE: "Dig" S1 | AONNBCU 0001747 | Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions contained in this exhibit address events that occurred prior to Plaintiffs' claim and ASIC's handling thereof. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | Relevant and admissible to prove bad faith and damages. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX PHILLIPS 425** | 10/13/14 email from B. Milinovic to D. Kizner, W. Phillips RE: DIG "state of the union" 9-19 | ATL 002231-002211 | Hearsay (FRE 801, 802); Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions contained in this exhibit address events that occurred after ASIC's handling of Plaintiffs' claim. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | Admission by party opponent; offered for a non-hearsay purpose; business record; relevant and admissible to prove bad faith and damages. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | PX PHILLIPS 426 | 10/28/14 email from J. Morris to B. Milinovic RE: DIG "state of the union" 9-19/ additional 4 episodes | AONNBCU 0002043-0002046 | Hearsay (FRE 801, 802); Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions contained in this exhibit address events that occurred after ASIC's handling of Plaintiffs' claim. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | Offered for a non-hearsay purpose; business record; relevant and admissible to prove bad faith and damages. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | PX PHILLIPS 427 | 11/7/14 email from J. Morris to B. Milinovic RE: DIG state of the union 10-29 revised | ATL 002439-002444 | Hearsay (FRE 801, 802); Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions contained in this exhibit address events that occurred after ASIC's handling of Plaintiffs' claim. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | Admission by party opponent; offered for a non-hearsay purpose; business record; relevant and admissible to prove bad faith and damages. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | **PX PHILLIPS 428** | One Beacon Insurance Group PowerPoint Presentation Dated February 17, 2016 | ATL 006989-007020 | Irrelevant [FRE 401, 402], more prejudicial than probative [FRE 403], hearsay [FRE 801]. Discussions of renewal that date long after the claim have no bearing on Plaintiffs' claims, ASIC's handling thereof, or any causes of action asserted in this lawsuit. | Relevant and admissible to prove bad faith and damages. |
| * | **PX MCCARTHY 455** | 12/10/13 email from E. Noordeloos to T. McCarthy, Fwd: Security comments - PLO Press statement on DIG | UCP_003907 - 914 | No Objection | Deemed admitted. |
| * | **PX MCCARTHY 456** | 6/16/14 email from E. Noordeloos to T. McCarthy, DIG -Israel | UCP_003970 | No Objection | Deemed admitted. |
| * | **PX MCCARTHY 457** | 7/214 email from T. McCarthy to J. Wallace, Israel | UCP_004047 | No Objection | Deemed admitted. |

166

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX MCCARTHY 458** | 7/2/14 email from E. Noordeloos to T. McCarthy, DIG Update | UCP_003920 | No Objection | Deemed admitted. |
| * | **PX MCCARTHY 459** | 7/3/14 email from E. Noordeloos to T. McCarthy, FW: DIG Production | UCP_003978 | No Objection | Deemed admitted. |
| * | **PX MCCARTHY 460** | 7/5/14 email from E. Noordeloos to S. Smith Re: DIG | UCP_003921 | No Objection | Deemed admitted. |
| * | **PX MCCARTHY 461** | 7/6/14 email from S. Smith to T. McCarthy Re: DIG-Update | UCP_003961 - 962 | No Objection | Deemed admitted. |
| * | **PX MCCARTHY 462** | 7/8/14 email from S. Smith to M. Binke Re: DIG Update | UCP000613 - 614 | No Objection | Deemed admitted. |
| * | **PX MCCARTHY 463** | 7/9/14 email from E. Noordeloos to T. McCarthy RE: CALL: Dig Security | UCP_003949 - 950 | No Objection | Deemed admitted. |
| * | **PX MCCARTHY 464** | 7/9/14 email from D. Barclay to P. McConnell and J. Chapman Fwd: Israel Travel | UCP_004022 - 023 | No Objection | Deemed admitted. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX MCCARTHY 465** | 7/10/14 email from E. Noordeloos to T. McCarthy FW: Gaza - driver killed Media 24 | UCP_004016 - 017 | No Objection | Deemed admitted. |
| * | **PX MCCARTHY 466** | 7/10/14 email from T. McCarthy to E. Noordeloos Re: Israel - Quesiton from Mark. Urgent. | UCP_004044 - 046 | No Objection | Deemed admitted. |
| * | **PX MCCARTHY 467** | 7/10/14 Redacted email from B. Brady, Israel | UCP_003291 | No Objection | Deemed admitted. |
| * | **PX MCCARTHY 468** | 7/10/14 email from T. McCarthy to M. Moore, FW: Israel- Question from Mark. Urgent. | UCP_004041 - 043 | No Objection | Deemed admitted. |
| * | **PX MCCARTHY 469** | 7/10/14 email from T. McCarthy RE: Israel… | UCP_004039 - 040 | No Objection | Deemed admitted. |
| * | **PX MCCARTHY 470** | 7/10/14 email from E. Noordeloos to T. McCarthy FW: Security Message | UCP_003938 - 940 | No Objection | Deemed admitted. |
| * | **PX MCCARTHY 471** | 7/11/14 email from T. McCarthy to A. Jordan Fwd: DIG update | UCP_003991 - 993 | No Objection | Deemed admitted. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *¹ | EXHIBIT NO.² | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX MCCARTHY 472** | 7/16/14 email from E. Noordeloos to T. McCarthy Re: DIG Statement | UCP_003980 - 982 | No Objection | Deemed admitted. |
| * | **PX MCCARTHY 473** | 7/22/14 email from T. McCarthy to S. Smith Re: DIG Israel Update | UCP_003987 | No Objection | Deemed admitted. |
| * | **DOCUMENTS NOT USED IN DEPOSITIONS** | | | | |
| * | **PX 474** | Expert Report of Dr. Matthew Levitt dated March 7, 2017 | | Failure To Satisfy Fre 702, Lack Of Foundation [Fre 901], Lack Of Personal Knowledge [Fre 602], Conclusory [*Guidroz-Brault V. Mo. Pac. R.R.Co.*, 254 F.3d 825, 830-31 (9th Cir. 2001) (Excluding Factual Assumption That Was Not Sufficiently Founded On Facts)], Speculation, Misleading, Misstates The Evidence, Assumes Facts Not In | Plaintiffs do not intend to introduce the entire expert report; rather the expert's CVs and relevant schedules. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | Evidence, Improper Legal Conclusion [*Orellana V. Cnty. Of L.A.*, No. Cv 12-01944 Mmm (Cwx), 2013 U.S. Dist. Lexis 198186, At *63 N.94 (C.D. Cal. Apr. 29, 2013)], Improper Parol Or Extrinsic Evidence [*Estate Of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. | |
| * | **PX 475** | Rebuttal Expert Report of Dr. Matthew Levitt dated March 24, 2017 | | Failure To Satisfy Fre 702, Lack Of Foundation [Fre 901], Lack Of Personal Knowledge [Fre 602], Conclusory [*Guidroz-Brault V. Mo. Pac. R.R.Co.*, 254 F.3d 825, 830-31 (9th Cir. 2001) (Excluding Factual Assumption That Was | Plaintiffs do not intend to introduce the entire expert report; rather the expert's CVs and relevant schedules. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | Not Sufficiently Founded On Facts)], Speculation, Improper Legal Conclusion [*Orellana V. Cnty. Of L.A.*, No. Cv 12-01944 Mmm (Cwx), 2013 U.S. Dist. Lexis 198186, At *63 N.94 (C.D. Cal. Apr. 29, 2013)], Improper Parol Or Extrinsic Evidence [*Estate Of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. | |
| * | **PX 476** | Expert Report of Ambassador Dennis Ross dated March 16, 2017 | | Failure To Satisfy Fre 702, Lack Of Foundation [Fre 901], Lack Of Personal Knowledge [Fre 602], Conclusory [*Guidroz-Brault V. Mo. Pac. R.R.Co.*, 254 F.3d 825, 830-31 (9th Cir. 2001) | Plaintiffs do not intend to introduce the entire expert report; rather the expert's CVs and relevant schedules. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *¹ | EXHIBIT NO.² | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | (Excluding Factual Assumption That Was Not Sufficiently Founded On Facts)], Speculation, Misleading, Improper Legal Conclusion [*Orellana V. Cnty. Of L.A.*, No. Cv 12-01944 Mmm (Cwx), 2013 U.S. Dist. Lexis 198186, At *63 N.94 (C.D. Cal. Apr. 29, 2013)], Improper Parol Or Extrinsic Evidence [*Estate Of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. | |
| * | **PX 477** | Rebuttal Expert Report of Ambassador Dennis Ross dated April 28, 2017 | | Failure To Satisfy Fre 702, Lack Of Foundation [Fre 901], Lack Of Personal Knowledge [Fre 602], Conclusory [*Guidroz-* | Plaintiffs do not intend to introduce the entire expert report; rather the expert's CVs and relevant schedules. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | *Brault V. Mo. Pac. R.R.Co.*, 254 F.3d 825, 830-31 (9th Cir. 2001) (Excluding Factual Assumption That Was Not Sufficiently Founded On Facts)], Speculation, Improper Legal Conclusion [*Orellana V. Cnty. Of L.A.*, No. Cv 12-01944 Mmm (Cwx), 2013 U.S. Dist. Lexis 198186, At *63 N.94 (C.D. Cal. Apr. 29, 2013)], Improper Parol Or Extrinsic Evidence [*Estate Of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. | |
| * | **PX 478** | Expert Report of Professor Harold Hongju Koh dated March 16, 2017 | | Failure To Satisfy Fre 702, Lack Of Foundation [Fre 901], Lack Of Personal | Plaintiffs do not intend to introduce the entire expert report; rather the |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *¹ | EXHIBIT NO.² | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
|  |  |  |  | Knowledge [Fre 602], Conclusory [*Guidroz-Brault V. Mo. Pac. R.R.Co.*, 254 F.3d 825, 830-31 (9th Cir. 2001) (Excluding Factual Assumption That Was Not Sufficiently Founded On Facts)], Speculation, Misleading, Assumes Facts Not In Evidence, Improper Legal Conclusion [*Orellana V. Cnty. Of L.A.*, No. Cv 12-01944 Mmm (Cwx), 2013 U.S. Dist. Lexis 198186, At *63 N.94 (C.D. Cal. Apr. 29, 2013)], Improper Parol Or Extrinsic Evidence [*Estate Of Black*, 211 Cal. App. | expert's CVs and relevant schedules. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | 2d 75, 84 (Cal. Ct. App. 1962)]. | |
| * | PX 479 | Rebuttal Expert Report of Professor Harold Hongju Koh dated April 28, 2017 | | Failure To Satisfy Fre 702, Lack Of Foundation [Fre 901], Lack Of Personal Knowledge [Fre 602], Conclusory [*Guidroz-Brault V. Mo. Pac. R.R.Co.*, 254 F.3d 825, 830-31 (9th Cir. 2001) (Excluding Factual Assumption That Was Not Sufficiently Founded On Facts)], Speculation, Improper Legal Conclusion [*Orellana V. Cnty. Of L.A.*, No. Cv 12-01944 Mmm (Cwx), 2013 U.S. Dist. Lexis 198186, At *63 N.94 (C.D. Cal. Apr. 29, 2013)], Improper Parol | Plaintiffs do not intend to introduce the entire expert report; rather the expert's CVs and relevant schedules. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| **1 | EXHIBIT NO.2 | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | Or Extrinsic Evidence [*Estate Of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. | |
| | **PX 480** | Expert Report of Ty R. Sagalow dated March 17, 2017 | | Failure To Satisfy Fre 702, Lack Of Foundation [Fre 901], Lack Of Personal Knowledge [Fre 602], Conclusory [*Guidroz-Brault V. Mo. Pac. R.R.Co.*, 254 F.3d 825, 830-31 (9th Cir. 2001) (Excluding Factual Assumption That Was Not Sufficiently Founded On Facts)], Speculation, Improper Legal Conclusion [*Orellana V. Cnty. Of L.A.*, No. Cv 12-01944 Mmm (Cwx), 2013 U.S. Dist. Lexis 198186, At *63 N.94 | Plaintiffs do not intend to introduce the entire expert report; rather the expert's CVs and relevant schedules. |

176

| **[*1]** | **EXHIBIT NO.[2]** | **DESCRIPTION** | **BATES NO.** | **OBJECTION** | **RESPONSE TO OBJECTION** |
|---|---|---|---|---|---|
| | | | | (C.D. Cal. Apr. 29, 2013)], Improper Parol Or Extrinsic Evidence [*Estate Of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. | |
| | **PX 481** | Rebuttal Expert Report of Ty R. Sagalow dated April 28, 2017 | | Failure To Satisfy Fre 702, Lack Of Foundation [Fre 901], Lack Of Personal Knowledge [Fre 602], Conclusory [*Guidroz-Brault V. Mo. Pac. R.R.Co.*, 254 F.3d 825, 830-31 (9th Cir. 2001) (Excluding Factual Assumption That Was Not Sufficiently Founded On Facts)], Speculation, Improper Legal Conclusion [*Orellana V. Cnty. Of L.A.*, No. Cv 12-01944 Mmm (Cwx), 2013 | Plaintiffs do not intend to introduce the entire expert report; rather the expert's CVs and relevant schedules. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| [*1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | U.S. Dist. Lexis 198186, At *63 N.94 (C.D. Cal. Apr. 29, 2013)], Improper Parol Or Extrinsic Evidence [*Estate Of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. | |
| | **PX 482** | Expert Report of Dr. Robert Wunderlich dated March 17, 2017 | | Irrelevant [Fre 401, 402], Failure To Satisfy Fre 702, Opinion Testimony Inconsistent With Language Of Insurance Policy At Issue. | Plaintiffs do not intend to introduce the entire expert report; rather the expert's CVs and relevant schedules. |
| | **PX 483** | Supplemental Expert Report of Dr. Robert Wunderlich dated May 11, 2017 | | Irrelevant [Fre 402], Failure To Satisfy Fre 702, Opinion Testimony Inconsistent With Language Of Insurance Policy At Issue. | Plaintiffs do not intend to introduce the entire expert report; rather the expert's CVs and relevant schedules. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|------|----------------|-------------|-----------|-----------|------------------------|
| * | **PX 484** | 12/13/13 E-mail from Andrea Garber to Wanda Phillips confirming coverage under renewal policy 1/1/14 | AONNBCU0001747 | Hearsay (FRE 801, 802); Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions contained in this exhibit address events that occurred prior to Plaintiffs' claim and ASIC's handling thereof. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than probative; waste of | Offered for a non-hearsay purpose; business record; relevant and admissible to prove bad faith and damages. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | time; unnecessarily cumulative. [FRE 403]. | |
| * | PX 486 | 12/20/13 E-mail chain between Andrea Garber, Wanda Phillips and Bernadette Milinovic | AONNBCU0001462 -1466 | Hearsay (FRE 801, 802); Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions contained in this exhibit address events that occurred prior to Plaintiffs' claim and ASIC's handling thereof. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than | Offered for a non-hearsay purpose; business record; relevant and admissible to prove bad faith and damages. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | probative; waste of time; unnecessarily cumulative. [FRE 403]. | |
| * | **PX 487** | 1/13/14 E-mail and attachment to from Andrea Garber to Bernadette Milinovic | AONNBCU0001567-1568 | Hearsay (FRE 801, 802); Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions contained in this exhibit address events that occurred prior to Plaintiffs' claim and ASIC's handling thereof. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. | Offered for a non-hearsay purpose; business record; relevant and admissible to prove bad faith and damages. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *¹ | EXHIBIT NO.² | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | |
| * | **PX 489** | 01/29/15 Dig Planned and Actual Shoot Schedule | UCP018245 | Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. This schedule is developed after facts giving rise to Plaintiffs' claims. More prejudicial than probative; waste of | Relevant and admissible to prove bad faith and damages. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | time; unnecessarily cumulative. [FRE 403]. | |
| * | PX 490 | 7/09/14 E-mail chain among Stephen Smith, Randi Richmond and Mark Binke | UCP002521-2522 | No Objection. | Deemed admitted. |
| * | PX 491 | U.S. Dept of State Listing of Foreign Terrorist Organization | UCP000162-165 | No objection. | Deemed admitted. |
| * | PX 492 | U.S. Dept. of Treasury Press Release Titled "U.S. Designates Five Charities Funding Hamas and Six Senior Hamas Leaders as Terrorist Entities | UCP000178-182 | No objection. | Deemed admitted. |
| * | PX 493 | U.S. Department of State Fact Sheet | UCP000183-200 | No objection. | Deemed admitted. |
| * | PX 494 | U.S. Department of State Travel Warning Re Travel to Israel, The West Bank and Gaza, updated 02/03/2014 | UCP035240 – 35243 | No objection. | Deemed admitted. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 495** | 6/18/14 U.S. Dept of State Daily Press Briefing | UCP000201-215 | No objection. | Deemed admitted. |
| * | **PX 496** | 6/30/14 U.S. Dept of State Daily Press Briefing | UCP000216-229 | No objection. | Deemed admitted. |
| * | **PX 497** | 7/09/14 U.S. Dept of State Daily Press Briefing | UCP000166-177 | No objection. | Deemed admitted. |
| * | **PX 498** | 7/08/14 U.S. Dept of State Daily Press Briefing | UCP000230-245 | No objection. | Deemed admitted. |
| * | **PX 499** | 7/08/14 Daily Briefing by the Department of State Press Secretary | UCP000246-273 | No objection. | Deemed admitted. |
| * | **PX 500** | 7/16/14 U.S. Dept. of State Daily Press Briefing | UCP000279-291 | No objection. | Deemed admitted. |
| * | **PX 501** | Sample of OneBeacon Insurance Policy | UCP035244-35315 | Irrelevant [Fre 401, 402], Improper Parol Or Extrinsic Evidence [*Estate Of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)], Not Yet Properly Authenticated [Fre 901]. Sample Policy is | Relevant and admissible to prove bad faith and damages. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *¹ | EXHIBIT NO.² | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | not the Policy at issue, and has no tendency to make any fact at issue in this case more or less likely. | |
| * | PX 502 | Merriam Webster Dictionary Definition of "War" | UCP035316 | Irrelevant [401, 402], Not Yet Properly Authenticated [Fre 901]. | Relevant and admissible to prove bad faith; self-authenticating (FRE 902). |
| * | PX 503 | Encyclopedia Britannic Online Definition of "Atomic Bomb" | UCP035317-35326 | Irrelevant [Fre 401, 402], Not Yet Properly Authenticated [Fre 901], Hearsay [Fre 801-802]. | Relevant and admissible to prove bad faith self-authenticating (FRE 902); offered for a non-hearsay purpose; business record. |
| * | PX 504 | U.S. Nuclear Regulatory Commission Glossary Definition of "Radioactivity" | UCP035327 | Irrelevant [Fre 401, 402], Not Yet Properly Authenticated [Fre 901], Hearsay [Fre 801-802]. | Relevant and admissible to prove bad faith self-authenticating (FRE 902); offered for a |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | | non-hearsay purpose; business record. |
| * | PX 505 | U.S. Nuclear Regulatory Commission Glossary Definition of "Atomic Energy" | UCP035328 | Irrelevant [Fre 401, 402], Not Yet Properly Authenticated [Fre 901], Hearsay [Fre 801-802]. | Relevant and admissible to prove bad faith self-authenticating (FRE 902); offered for a non-hearsay purpose; business record. |
| * | PX 506 | Article "How Much did the September 11 Terrorist attack cost America" | UCP035329-35330 | Hearsay (FRE 801, 802); Irrelevant [Fre 401, 402], More Prejudicial Than Probative [Fre 403], Improper Parol Or Extrinsic Evidence [*Estate Of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)], Not Yet Properly Authenticated [Fre | Offered for a non-hearsay purpose; business record; relevant and admissible to prove bad faith; self-authenticating (902). |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | 901], Hearsay [Fre 801-802]. | |
| * | PX 507 | Article Timeline: Terror Attacks Linked to Islamists Since 9/11 | UCP035331-35337 | Hearsay (FRE 801, 802); Irrelevant [Fre 401, 402], More Prejudicial Than Probative [Fre 403], Improper Parol Or Extrinsic Evidence [*Estate Of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)], Not Yet Properly Authenticated [Fre 901], Hearsay [Fre 801-802]. | Offered for a non-hearsay purpose; business record; relevant and admissible to prove bad faith; self-authenticating (902). |
| * | PX 508 | 7/16/14 Remarks of the President on Foreign Policy | UCP000274-278 | If Properly Authenticated [Fre 901], No Objection. | Objection is premature; witness will authenticate; self-authenticating (FRE 902). |
| * | PX 509 | 7/21/14 US Department of State Travel Warning | UCP000292-295 | No objection. | Deemed admitted. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | entitled "Israel, The West Bank and Gaza Travel Warning. | | | |
| * | PX 510 | Hamas Founding Charter (1988)<br>The Covenant of the Islamic Resistance Movement | UCP035336-35346 | No Objection. | Deemed admitted. |
| * | PX 511 | 12/13/09 E-mail from Martin Ridgers to George Walden and Wanda Phillips | AONNBCU0003902-3903 | Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions contained in this exhibit address events that occurred prior to Plaintiffs' claim and ASIC's handling thereof. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to | Relevant and admissible to prove bad faith and damages. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *¹ | EXHIBIT NO.² | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | any causes of action that Plaintiffs assert. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | |
| * | **PX 512** | Insurance Service Office form number CG 00 02 04 13 | UCP035347-UCP035374 | Irrelevant [401, 402], Improper Parol Or Extrinsic Evidence [*Estate Of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)], Not Yet Properly Authenticated [Fre 901]. ISO Form has no tendency to make any of Plaintiffs' causes of action any more or less true. Plaintiffs do not allege any cause of action against ASIC arising out of the coverage afforded to them, or that ASIC | Relevant and admissible to prove bad faith and damages. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *¹ | EXHIBIT NO.² | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | acted in bad faith by writing a policy containing different language from that used in the ISO form. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | |
| * | PX 513 | Insurance Service Office form number CG00 20 03 10 | UCP035375-UCP035397 | Irrelevant [401, 402], Improper Parol Or Extrinsic Evidence [*Estate Of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)], Not Yet Properly Authenticated [Fre 901]. ISO Form has no tendency to make any of Plaintiffs' causes of action any more or less true. Plaintiffs do not allege any cause of action against ASIC | Relevant and admissible to prove bad faith and damages. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | arising out of the coverage afforded to them, or that ASIC acted in bad faith by writing a policy containing different language from that used in the ISO form. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | |
| * | **PX 514** | 10/28/72 Richard Nixon: Campaign Statement About Crime and Drug Abuse | UCP035398-35399 | Irrelevant [401, 402], More Prejudicial Than Probative [Fre 403], Not Yet Properly Authenticated [Fre 901], Hearsay [Fre 801-802]. | Relevant and admissible to prove bad faith and damages; objection is premature; witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| [1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | | purpose; business record. |
| * | PX 515 | 10/02/82 Ronald Reagan Radio Address to the Nation on Federal Drug Policy | UCP035400-35401 | Irrelevant [401, 402], More Prejudicial Than Probative [Fre 403], Not Yet Properly Authenticated [Fre 901], Hearsay [Fre 801-802]. | Relevant and admissible to prove bad faith and damages; objection is premature; witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record. |
| * | PX 516 | 01/08/64 Lyndon B. Johnson Annual Message to the Congress on the State of the Union | UCP035402-35406 | Irrelevant [401, 402], More Prejudicial Than Probative [Fre 403], Not Yet Properly Authenticated [Fre 901], Hearsay [Fre 801-802]. | Relevant and admissible to prove bad faith and damages; objection is premature; witness will authenticate; document is self-authenticating (FRE |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| *¹ | EXHIBIT NO.² | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | | 902); offered for a non-hearsay purpose; business record. |
| * | **PX 517** | 12/15/16 Bill O' Reilly: War on Christmas won by the good guys, but insurgents remain | UCP 035407 | Irrelevant [401, 402], More Prejudicial Than Probative [Fre 403], Not Yet Properly Authenticated [Fre 901], Hearsay [Fre 801-802]. | Relevant and admissible to prove bad faith and damages; objection is premature; witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record. |
| * | **PX 518** | 12/22/16 Article: Three reasons why the New York Times' War on Christmas denial is all wrong | UCP035408-35409 | Irrelevant [401, 402], More Prejudicial Than Probative [Fre 403], Not Yet Properly Authenticated [Fre 901], Hearsay [Fre 801-802]. | Relevant and admissible to prove bad faith and damages; objection is premature; witness will authenticate; |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *¹ | EXHIBIT NO.² | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | | document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record. |
| * | PX 519 | 12/19/16 How the War on Christmas Controversy Was Created | UCP035410-35415 | Irrelevant [401, 402], More Prejudicial Than Probative [Fre 403], Not Yet Properly Authenticated [Fre 901], Hearsay [Fre 801-802]. | Relevant and admissible to prove bad faith and damages; objection is premature; witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record. |
| * | PX 520 | Attack on America: The Insurance Coverage Issue | UCP035416-35424 | Irrelevant [Fre 401, 402], More Prejudicial Than Probative [Fre 403], Improper Parol Or Extrinsic Evidence | Relevant and admissible to prove bad faith and damages; objection is premature; |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | [*Estate Of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)], Not Yet Properly Authenticated [Fre 901], Hearsay [Fre 801-802]. | witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record. |
| * | PX 521 | 09/17/01 LA Times Article Act of War Exclusion Doesn't Apply to Attacks Insurers Say | UCP035425 | Irrelevant [Fre 401, 402], More Prejudicial Than Probative [Fre 403], Lack Of Personal Knowledge [Fre 602], Speculative, Conclusory, Improper Parol Or Extrinsic Evidence [*Estate Of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)], Not Yet Properly Authenticated [Fre 901], Hearsay [Fre 801-802]. | Relevant and admissible to prove bad faith and damages; objection is premature; witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 522** | Insurance Journal – A look at Invoking War Exclusions | UCP035426 | Irrelevant [Fre 401, 402], More Prejudicial Than Probative [Fre 403], Lack Of Personal Knowledge [Fre 602], Speculative, Conclusory, Improper Parol Or Extrinsic Evidence [*Estate Of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)], Not Yet Properly Authenticated [Fre 901], Hearsay [Fre 801-802]. | Relevant and admissible to prove bad faith and damages; objection is premature; witness will lay proper foundation; witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record. |
| * | **PX 523** | 7/18/14 E-mail from Daniel Gutterman to Himself | ATL00294 | No Objection. | Deemed admitted. |
| * | **PX 524** | 7/16/14 E-mail chain among Daniel Gutterman and Pamela Johnson | ATL000501 | No Objection. | Deemed admitted. |
| * | **PX 525** | 7/16/14 E-mail chain among Daniel Gutterman and Pamela Johnson | ATL001560-1561 | No Objection. | Deemed admitted. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 526** | 7/17/14 Westlaw Cover E-mail to Pamela Johnson re War Exclusion | ATL001635 | No Objection. | Deemed admitted. |
| * | **PX 527** | 8/28/14 Foreign Policy – Take Away Their Guns – Then We'll Talk | UCP035432-35433 | Irrelevant [Fre 401, 402], More Prejudicial Than Probative [Fre 403], Not Yet Properly Authenticated [Fre 901], Hearsay [Fre 801-802]. | Relevant and admissible to prove damages and bad faith; objection is premature; witness will authenticate the document; self-authenticating (FRE 902); offered for a non-hearsay purpose; business record. |
| * | **PX 528** | 8/9/14 National Post – Gaza's Marvels Of Engineering; Hamas Gunmen Can Live In Tunnels For Weeks | UCP035434-35436 | Irrelevant [Fre 401, 402], More Prejudicial Than Probative [Fre 403], Not Yet Properly Authenticated [Fre 901], Hearsay [Fre 801-802]. | Relevant and admissible to prove damages and bad faith; objection is premature; witness will authenticate the document; self-authenticating (FRE 902); offered for a |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| *¹ | EXHIBIT NO.² | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | | non-hearsay purpose; business record. |
| * | **PX 529** | 1/7/14 Jerusalem Post – IDF Announces Major Operation in Gaza as Rocket Fire Escalates in South | UCP035437-35439 | Irrelevant [Fre 401, 402], More Prejudicial Than Probative [Fre 403], Not Yet Properly Authenticated [Fre 901], Hearsay [Fre 801-802]. | Relevant and admissible to prove damages and bad faith; objection is premature; witness will authenticate the document; self-authenticating (FRE 902); offered for a non-hearsay purpose; business record. |
| * | **PX 531** | 12/16/09 E-mail from Martin Ridgers to George Walden, Susan Weiss and Wanda Phillips | AONNBCU0004055 -4089 | Irrelevant [Fre 401, 402], More Prejudicial Than Probative [Fre 403], Improper Parol Or Extrinsic Evidence [*Estate Of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions contained | Relevant and admissible to prove damages and bad faith. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | in this exhibit address events that occurred prior to Plaintiffs' claim and ASIC's handling thereof. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. | |
| * | PX 534 | 3/26/10 E-mail from Susan Weiss to Kurt Ford | UCP032892-32935 | Hearsay (FRE 801, 802); Irrelevant [Fre 401, 402], Improper Parol Or Extrinsic Evidence [*Estate Of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions contained in this exhibit address events that occurred prior to Plaintiffs' | Offered for a non-hearsay purpose; business record; relevant and admissible to prove bad faith and damages. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | claim and ASIC's handling thereof. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | |
| * | **PX 535** | Ledger Detail (17.54-01002 thru 01006, 01080,01085,01086,01088) | UCP018225 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Objection is premature; witness will authenticate the document; document is self-authenticating; offered for a non-hearsay purpose; business record; premature objection, witness will lay |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *¹ | EXHIBIT NO.² | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | | foundation; document is not a summary created for trial, it is a business record. |
| * | **PX 536** | DIG - CROATIA Cost Report 11 TOPSHEET - PE 06242016 | UCP018223 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Objection is premature, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; premature objection, witness will lay foundation; document is not a summary created for trial, it is a business record. |
| * | **PX 537** | Dig Croatia (06 24 16 Cost Report) | UCP018224 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of | Objection is premature, witness will authenticate; document is self- |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | authenticating (FRE 902); offered for a non-hearsay purpose; business record; premature objection, witness will lay foundation; document is not a summary created for trial, it is a business record. |
| * | PX 538 | (8297428-2) | UCP000001 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Objection is premature, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; premature objection, witness will lay foundation; document is not a summary created for |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | | trial, it is a business record. |
| * | PX 539 | DIG - Croatia Locked Budget - 09022014 | UCP013943 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Objection is premature, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; premature objection, witness will lay foundation; document is not a summary created for trial, it is a business record. |
| * | PX 540 | DIG - Day Cost Workbook - 10282014 | UCP018222 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of | Objection is premature, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | Voluminous Materials [FRE 1006]. | purpose; business record; premature objection, witness will lay foundation; document is not a summary created for trial, it is a business record. |
| * | PX 541 | DIG U.S. - Cast Salary spreadsheet | UCP035215 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Objection is premature, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; premature objection, witness will lay foundation; document is not a summary created for trial, it is a business record. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 542** | Israel Estimated Salary spreadsheet | UCP035216 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Objection is premature, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; premature objection, witness will lay foundation; document is not a summary created for trial, it is a business record. |
| * | **PX 547** | Ledgers.xlsx | UCP036901 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Objection is premature, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; premature |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | | objection, witness will lay foundation; document is not a summary created for trial, it is a business record. |
| * | PX 548 | DIG Croatia - Cast | UCP 18228-18236 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Objection is premature, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; premature objection, witness will lay foundation; document is not a summary created for trial, it is a business record. Document was also included on Defendant's exhibit list. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 549** | DIG Croatia - Fringe | UCP 18237-18238 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Objection is premature, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; premature objection, witness will lay foundation; document is not a summary created for trial, it is a business record.  Document was also included on Defendant's exhibit list. |

207

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 550** | DIG Croatia - Stunts | UCP 18239-18243 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Objection is premature, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; premature objection, witness will lay foundation; document is not a summary created for trial, it is a business record.  Document was also included on Defendant's exhibit list. |
| * | **PX 551** | Financial document | UCP 18022 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper | Objection is premature, witness will authenticate; document is self-authenticating (FRE 902); offered for a |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| *¹ | EXHIBIT NO.² | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | Summary Of Voluminous Materials [FRE 1006]. | non-hearsay purpose; business record; premature objection, witness will lay foundation; document is not a summary created for trial, it is a business record.  Document was also included on Defendant's exhibit list. |
| * | **PX 552** | Financial document | UCP 18003-18021 | Failure to produce financial document in English or provide a certified translation of the document, *Martini E. Ricci Iamino S.P.A. – Consortile Societa Agricola v. Trinity Fruit Sales Co.*, 30 F. Supp. 3d 954, 964 (E.D. Cal. 2014), unreliable, not properly | Ceritified translation will be available at trial; objection is premature, witness will authenticate; document is self-authenticating (FRE 902); document is relevant and admissible to prove damages and bad |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | authenticated [FRE 901], prejudicial [FRE 403], hearsay [FRE 801-802], lack of personal knowledge [FRE 602]. | faith; offered for a non-hearsay purpose; business record; premature objection, witness will lay foundation. |
| * | PX 553 | COA Listing Report | UCP 4048-4075 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; relevant and admissible to prove bad faith and damages; document is not a summary created for trial, it is a business record. |
| * | PX 554 | Financial document | UCP 18125-18221 | Not Properly Authenticated [FRE 901], Hearsay [FRE | Premature objection, witness will authenticate; |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| **[1]** | **EXHIBIT NO.[2]** | **DESCRIPTION** | **BATES NO.** | **OBJECTION** | **RESPONSE TO OBJECTION** |
|---|---|---|---|---|---|
| | | | | 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; objection is premature, witness will lay foundation; document is not a summary created for trial, it is a business record. |
| * | **PX 555** | Pilot Locked | UCP 14882-14928 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; objection is premature, witness will lay foundation; document is not a |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | | summary created for trial, it is a business record. |
| * | **PX 556** | Pattern Locked | UCP 14836-14881 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; objection is premature, witness will lay foundation; document is not a summary created for trial, it is a business record. |
| * | **PX 557** | Amort Locked | UCP 14780-14818 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); offered for a |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| **[1]** | **EXHIBIT NO.[2]** | **DESCRIPTION** | **BATES NO.** | **OBJECTION** | **RESPONSE TO OBJECTION** |
|---|---|---|---|---|---|
| | | | | Summary Of Voluminous Materials [FRE 1006]. | non-hearsay purpose; business record; objection is premature, witness will lay foundation; document is not a summary created for trial, it is a business record. |
| * | **PX 558** | Financial document | UCP 5398-5405 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; objection is premature, witness will lay foundation; document is not a summary created for trial, it is a business record. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 559** | Financial document | UCP 15850 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; objection is premature, witness will lay foundation; document is not a summary created for trial, it is a business record.  Document was also included on Defendant's exhibit list. |
| * | **PX 560** | DIG ALL SERIES LOCKED BUDGET | UCP014765-014779 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); offered for a |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | Summary Of Voluminous Materials [FRE 1006]. | non-hearsay purpose; business record; objection is premature, witness will lay foundation; document is not a summary created for trial, it is a business record. Document was also included on Defendant's exhibit list. |
| * | **PX 562** | DIG HOLIDAY_HIATUS LOCKED BUDGET 6_8_14 | UCP014819-014835 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; objection is premature, witness will lay foundation; document is not a |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | | summary created for trial, it is a business record.  Document was also included on defendant's exhibit list. |
| * | PX 565 | DIG PREP PUSH LOCKED BUDGET | UCP014929-014953 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; objection is premature, witness will lay foundation; document is not a summary created for trial, it is a business record.  Document also appeared on Defendant's exhibit list. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | PX 566 | DIG WRAP LOCKED BUDGET | UCP014954-014972 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; objection is premature, witness will lay foundation; document is not a summary created for trial, it is a business record.  Document also appeared on defendant's exhibit list. |
| * | PX 567 | PATTERN BUDGET-S1 Amort | UCP014973-014995 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); offered for a |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| **¹ | EXHIBIT NO.² | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | Summary Of Voluminous Materials [FRE 1006]. | non-hearsay purpose; business record; objection is premature, witness will lay foundation; document is not a summary created for trial, it is a business record.  Document also appeared on defendant's exhibit list. |
| * | **PX 568** | PATTERN BUDGET-S1 B4 Amort | UCP014996-015023 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; objection is premature, witness will lay foundation; document is not a |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *1 | EXHIBIT NO.2 | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | | summary created for trial, it is a business record.  Document also appeared on defendant's exhibit list. |
| * | **PX 569** | PATTERN BUDGET-S1 B4 Series Pattern | UCP015024-015083 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; objection is premature, witness will lay foundation; document is not a summary created for trial, it is a business record.  Document also appeared on defendant's exhibit list. |

219

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 570** | PATTERN BUDGET-S1 Prep | UCP015084-015117 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; objection is premature, witness will lay foundation; document is not a summary created for trial, it is a business record.  Document also appeared on defendant's exhibit list. |
| * | **PX 571** | PATTERN BUDGET-S1 Series Pattern Ep.2-6 | UCP015118-015178 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); offered for a |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | Summary Of Voluminous Materials [FRE 1006]. | non-hearsay purpose; business record; objection is premature, witness will lay foundation; document is not a summary created for trial, it is a business record. Document also appeared on defendant's exhibit list. |
| * | **PX 572** | PATTERN BUDGET-S1 Wrap | UCP015179-015208 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; objection is premature, witness will lay foundation; document is not a |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | | summary created for trial, it is a business record.  Document also appeared on defendant's exhibit list. |
| * | PX 573 | DIG - Israel Series Recap - 04292015 | UCP016315-016367 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; objection is premature, witness will lay foundation; document is not a summary created for trial, it is a business record.  Document also appeared on defendant's exhibit list. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | PX 574 | DIG - Israel Series Recap - PE 10222015 | UCP016368-016420 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; objection is premature, witness will lay foundation; document is not a summary created for trial, it is a business record.  Document also appeared on defendant's exhibit list. |
| * | PX 575 | DIG - New Mexico Series Recap - PE 03192015 | UCP016421-016482 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); offered for a |

223

7060051v1/102884
7060051v1/102884

| **[*1]** | **EXHIBIT NO.[2]** | **DESCRIPTION** | **BATES NO.** | **OBJECTION** | **RESPONSE TO OBJECTION** |
|---|---|---|---|---|---|
| | | | | Summary Of Voluminous Materials [FRE 1006]. | non-hearsay purpose; business record; objection is premature, witness will lay foundation; document is not a summary created for trial, it is a business record.  Document also appeared on defendant's exhibit list. |
| * | **PX 576** | DIG - New Mexico Series Recap - PE 04172015 | UCP016483-016542 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; objection is premature, witness will lay foundation; document is not a |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | | summary created for trial, it is a business record.  Document also appeared on defendant's exhibit list. |
| * | **PX 577** | DIG - New Mexico Series Recap - PE 04272015 | UCP016543-016602 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; objection is premature, witness will lay foundation; document is not a summary created for trial, it is a business record.  Document also appeared on defendant's exhibit list. |

225

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 578** | DIG - New Mexico Series Recap - PE 05082015 | UCP016603-016662 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; objection is premature, witness will lay foundation; document is not a summary created for trial, it is a business record. Document also appeared on defendant's exhibit list. |
| * | **PX 579** | DIG - New Mexico Series Recap - PE 05142015 | UCP016663-016722 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); offered for a |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | Summary Of Voluminous Materials [FRE 1006]. | non-hearsay purpose; business record; objection is premature, witness will lay foundation; document is not a summary created for trial, it is a business record.  Document also appeared on defendant's exhibit list. |
| * | **PX 580** | DIG - New Mexico Series Recap - PE 06142015 | UCP016723-016781 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; objection is premature, witness will lay foundation; document is not a |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | | summary created for trial, it is a business record.  Document also appeared on defendant's exhibit list. |
| * | **PX 581** | DIG - New Mexico Series Recap - PE 06272015 | UCP016782-016842 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; objection is premature, witness will lay foundation; document is not a summary created for trial, it is a business record.  Document also appeared on defendant's exhibit list. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 582** | DIG - New Mexico Series Recap - PE 07062016 | UCP016843-016904 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; objection is premature, witness will lay foundation; document is not a summary created for trial, it is a business record.  Document also appeared on defendant's exhibit list. |
| * | **PX 583** | DIG - New Mexico Series Recap - PE 08112016 | UCP016905-016966 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); offered for a |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| **\*1** | **EXHIBIT NO.2** | **DESCRIPTION** | **BATES NO.** | **OBJECTION** | **RESPONSE TO OBJECTION** |
|---|---|---|---|---|---|
| | | | | Summary Of Voluminous Materials [FRE 1006]. | non-hearsay purpose; business record; objection is premature, witness will lay foundation; document is not a summary created for trial, it is a business record.  Document also appeared on defendant's exhibit list. |
| \* | **PX 584** | DIG - New Mexico Series Recap - PE 08222015 | UCP016967-017025 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; objection is premature, witness will lay foundation; document is not a |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | | summary created for trial, it is a business record.  Document also appeared on defendant's exhibit list. |
| * | **PX 585** | DIG - New Mexico Series Recap - PE 09042015 | UCP017026-017084 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; objection is premature, witness will lay foundation; document is not a summary created for trial, it is a business record.  Document also appeared on defendant's exhibit list. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | PX 586 | DIG - New Mexico Series Recap - PE 11222015 | UCP017085-017146 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; objection is premature, witness will lay foundation; document is not a summary created for trial, it is a business record.  Document also appeared on defendant's exhibit list. |
| * | PX 587 | DIG Israel Series recap 12 30 14 | UCP017147-017200 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); offered for a |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | Summary Of Voluminous Materials [FRE 1006]. | non-hearsay purpose; business record; objection is premature, witness will lay foundation; document is not a summary created for trial, it is a business record.  Document also appeared on defendant's exhibit list. |
| * | **PX 588** | Dig Series recap NM 010915 | UCP017201-017254 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; objection is premature, witness will lay foundation; document is not a |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| *1 | EXHIBIT NO.2 | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | | summary created for trial, it is a business record.  Document also appeared on defendant's exhibit list. |
| * | **PX 589** | Dig Series recap NM 12114 | UCP017255-017308 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; objection is premature, witness will lay foundation; document is not a summary created for trial, it is a business record.  Document also appeared on defendant's exhibit list. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 590** | Dig Series recap NM 012315 | UCP017309-017362 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; objection is premature, witness will lay foundation; document is not a summary created for trial, it is a business record.  Document also appeared on defendant's exhibit list. |
| * | **PX 591** | Dig Series recap NM 020415 | UCP017363-017416 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); offered for a |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| **¹** | **EXHIBIT NO.²** | **DESCRIPTION** | **BATES NO.** | **OBJECTION** | **RESPONSE TO OBJECTION** |
|---|---|---|---|---|---|
| | | | | Summary Of Voluminous Materials [FRE 1006]. | non-hearsay purpose; business record; objection is premature, witness will lay foundation; document is not a summary created for trial, it is a business record. Document also appeared on defendant's exhibit list. |
| * | **PX 592** | Dig Series recap NM 021315 | UCP017417-017468 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; objection is premature, witness will lay foundation; document is not a |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | | summary created for trial, it is a business record.  Document also appeared on defendant's exhibit list. |
| * | PX 593 | Dig Series recap NM 110114 | UCP017469-017520 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; objection is premature, witness will lay foundation; document is not a summary created for trial, it is a business record.  Document also appeared on defendant's exhibit list. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 594** | Dig Series recap NM 110614 | UCP017521-017572 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; objection is premature, witness will lay foundation; document is not a summary created for trial, it is a business record.  Document also appeared on defendant's exhibit list. |
| * | **PX 595** | Dig Series recap NM 110814 | UCP017573-017624 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); offered for a |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | Summary Of Voluminous Materials [FRE 1006]. | non-hearsay purpose; business record; objection is premature, witness will lay foundation; document is not a summary created for trial, it is a business record.  Document also appeared on defendant's exhibit list. |
| * | **PX 596** | Dig Series recap NM 111414 | UCP017625-017679 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; objection is premature, witness will lay foundation; document is not a |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | | summary created for trial, it is a business record.  Document also appeared on defendant's exhibit list. |
| * | **PX 597** | Dig Series recap NM 120614 | UCP017680-017734 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; objection is premature, witness will lay foundation; document is not a summary created for trial, it is a business record.  Document also appeared on defendant's exhibit list. |

240

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 598** | Dig Series recap NM 121314 | UCP017735-017789 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; objection is premature, witness will lay foundation; document is not a summary created for trial, it is a business record.  Document also appeared on defendant's exhibit list. |
| * | **PX 599** | Dig Series recap NM 122014 | UCP017790-017842 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); offered for a |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| **[*1]** | **EXHIBIT NO.[2]** | **DESCRIPTION** | **BATES NO.** | **OBJECTION** | **RESPONSE TO OBJECTION** |
|---|---|---|---|---|---|
| | | | | Summary Of Voluminous Materials [FRE 1006]. | non-hearsay purpose; business record; objection is premature, witness will lay foundation; document is not a summary created for trial, it is a business record.  Document also appeared on defendant's exhibit list. |
| * | **PX 600** | Israel DIG  Nov 22nd Recap | UCP017843-017892 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; objection is premature, witness will lay foundation; document is not a |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | | summary created for trial, it is a business record.  Document also appeared on defendant's exhibit list. |
| * | **PX 601** | Israel DIG Nov 1 Recap-1 | UCP017893-018001 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; objection is premature, witness will lay foundation; document is not a summary created for trial, it is a business record.  Document also appeared on defendant's exhibit list. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | PX 602 | Series recap 11.14.14 Israel | UCP018002-036890 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; objection is premature, witness will lay foundation; document is not a summary created for trial, it is a business record. |
| * | PX 603 | Cost and Variance Reports | UCP015209-16223 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; objection is |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | | premature, witness will lay foundation; document is not a summary created for trial, it is a business record.  Document also appeared on defendant's exhibit list. |
| * | **PX 604** | AL-ASQSA TV Filler Tallies Terror Attacks by Hamas (Memri TV) | UCP036891-036892 | Unreliable, not properly authenticated [FRE 901], irrelevant [FRE 401, 402], highly prejudicial [FRE 403], hearsay [FRE 801-802], failure to timely produce. | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); relevant and admissible to prove damages and bad faith; offered for a non-hearsay purpose; business record; produced at a reasonable time. |

245

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 605** | Hamas TV Children's Show Encourages Killing of Jews (Memri TV) | UCP036893-036894 | Unreliable, not properly authenticated [FRE 901], irrelevant [FRE 401, 402], highly prejudicial [FRE 403], hearsay [FRE 801-802], failure to timely produce. | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); relevant and admissible to prove damages and bad faith; offered for a non-hearsay purpose; business record; produced at a reasonable time. |
| * | **PX 606** | Hamas TV Song in Hebrew: Annihilate All the Zionists Exterminate the Cockroaches' Nest (Memri TV) | UCP036895-036896 | Unreliable, not properly authenticated [FRE 901], irrelevant [FRE 401, 402], highly prejudicial [FRE 403], hearsay [FRE 801-802], failure to timely produce. | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); relevant and admissible to prove damages and bad faith; offered for a non-hearsay purpose; business |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | | record; produced at a reasonable time. |
| * | PX 607 | Hamas PM Haniya Extols Martyrdom, Says: We Shall Rock Tel Aviv (Memri TV) | UCP036897-036898 | Unreliable, not properly authenticated [FRE 901], irrelevant [FRE 401, 402], highly prejudicial [FRE 403], hearsay [FRE 801-802], failure to timely produce. | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); relevant and admissible to prove damages and bad faith; offered for a non-hearsay purpose; business record; produced at a reasonable time. |
| * | PX 608 | A Mickey Mouse Character on Hamas TV Teaches Children About Islamic Rule of the World (Memri TV) | UCP036899-036325 | Unreliable, not properly authenticated [FRE 901], irrelevant [FRE 401, 402], highly prejudicial [FRE 403], hearsay [FRE 801-802], failure to timely produce. | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); relevant and admissible to prove damages and bad faith; offered for a |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | | non-hearsay purpose; business record; produced at a reasonable time. |
| * | **PX 609** | First Amended Complaint in the case of *Federal Insurance Company, et. al. v. Al Qaida, et al.*, Case No. 1:03-cv-06978-GBD-SN S.D.N.Y.) | UCP036326-036525 | Irrelevant [FRE 401, 402], more prejudicial than probative [FRE 403], failure to timely produce, hearsay [FRE 801 and 802]. | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); relevant and admissible to prove damages and bad faith; offered for a non-hearsay purpose; business record; timely produced. |
| * | **PX 610** | 08/12/2014 Letter from Tania Hoff, NBCUniversal to Lucia Coyoca, Mitchell Silberberg & Knupp LLP re: DIG Insurance Claim/One Beacon | UCP036526-036527 | Hearsay [FRE 801-802], failure to timely produce, irrelevant [FRE 401, 402], not properly authenticated [FRE 901]; improper opinions (FRE 701, | Offered for a non-hearsay purpose; business record; produced at a reasonable time; relevant and admissible to prove |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | 702), more prejudicial than probative, cumulative, and likely to confuse the jury (FRE 403). | damages and bad faith. |
| * | PX 611 | Mitchell, Silberberg & Knupp invoices to NBC Universal for legal fees and costs re: *Dig* matter | UCP036528-036890 | Hearsay [FRE 801-802], failure to timely produce, irrelevant [FRE 401, 402], not properly authenticated [FRE 901]. | Offered for a non-hearsay purpose; business record; timely produced; relevant and admissible to prove damages and bad faith. |
| * | PX 613 | OneBeacon 2011 Form 10-K Statement | UCP036083-036325 | Hearsay [FRE 801-802], failure to timely produce, irrelevant [FRE 401, 402], not properly authenticated [FRE 901]. Nothing about OneBeacon's financial data has any tendency to make a fact at issue in this case more or less likely. | Offered for a non-hearsay purpose; business record; timely produced; objection is premature, witness will authenticate; self-authenticating (FRE 902); relevant and admissible to |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *¹ | EXHIBIT NO.² | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | More prejudicial than probative, waste of time, cumulative (FRE 403). | prove bad faith and damages. |
| * | PX 614 | Atlantic Specialty Insurance Company Annual Statement 2014 | UCP035834-036082 | Hearsay [FRE 801-802], failure to timely produce, irrelevant [FRE 401, 402], not properly authenticated [FRE 901]. Nothing about ASIC's financial data has any tendency to make a fact at issue in this case more or less likely. More prejudicial than probative, waste of time, cumulative (FRE 403). | Offered for a non-hearsay purpose; business record; timely produced; objection is premature, witness will authenticate; self-authenticating (FRE 902); relevant and admissible to prove bad faith and damages. |
| * | PX 615 | Atlantic Specialty Insurance Company Annual Statement 2015 | UCP035440-035633 | Hearsay [FRE 801-802], failure to timely produce, irrelevant [FRE 401, 402], not properly authenticated | Offered for a non-hearsay purpose; business record; statement by party opponent; objection |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | [FRE 901]. Nothing about ASIC's financial data has any tendency to make a fact at issue in this case more or less likely. More prejudicial than probative, waste of time, cumulative (FRE 403). | is premature, witness will authenticate; self-authenticating (FRE 902); relevant and admissible to prove bad faith and damages. |
| * | PX 617 | 2018-12-31 10-K White Mountains Insurance Group, LTD. | | Hearsay [FRE 801-802], failure to timely produce, irrelevant [FRE 401, 402], not properly authenticated [FRE 901]. White Mountains Insurance Group, LTD. is not a party to the instant suit, and has no involvement in any of the facts giving rise to the causes of action at issue in this case. More | Offered for a non-hearsay purpose; business record; objection is premature, witness will authenticate; self-authenticating (FRE 902); relevant and admissible to prove bad faith and damages. |

251

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | prejudicial than probative, waste of time, cumulative (FRE 403). | |
| * | PX 618 | 2017-12-31 10-K White Mountains Insurance Group, LTD. | | Hearsay [FRE 801-802], failure to timely produce, irrelevant [FRE 401, 402], not properly authenticated [FRE 901]. White Mountains Insurance Group, LTD. is not a party to the instant suit, and has no involvement in any of the facts giving rise to the causes of action at issue in this case. More prejudicial than probative, waste of time, cumulative (FRE 403). | Offered for a non-hearsay purpose; business record; objection is premature, witness will authenticate; self-authenticating (FRE 902); relevant and admissible to prove bad faith and damages. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 619** | 2016-12-31 10-K White Mountains Insurance Group, LTD. | | Hearsay [FRE 801-802], failure to timely produce, irrelevant [FRE 401, 402], not properly authenticated [FRE 901]. White Mountains Insurance Group, LTD. is not a party to the instant suit, and has no involvement in any of the facts giving rise to the causes of action at issue in this case. More prejudicial than probative, waste of time, cumulative (FRE 403). | Offered for a non-hearsay purpose; business record; objection is premature, witness will authenticate; self-authenticating (FRE 902); relevant and admissible to prove bad faith and damages. |
| * | **PX 620** | 2015-12-31 10-K White Mountains Insurance Group, LTD. | | Hearsay [FRE 801-802], failure to timely produce, irrelevant [FRE 401, 402], not properly authenticated [FRE 901]. White | Offered for a non-hearsay purpose; business record; objection is premature, witness will authenticate; |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *¹ | EXHIBIT NO.² | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | Mountains Insurance Group, LTD. is not a party to the instant suit, and has no involvement in any of the facts giving rise to the causes of action at issue in this case. More prejudicial than probative, waste of time, cumulative (FRE 403). | self-authenticating (FRE 902); relevant and admissible to prove bad faith and damages. |
| * | PX 621 | 2014-12-31 10-K White Mountains Insurance Group, LTD. | | Hearsay [FRE 801-802], failure to timely produce, irrelevant [FRE 401, 402], not properly authenticated [FRE 901]. White Mountains Insurance Group, LTD. is not a party to the instant suit, and has no involvement in any of the facts giving rise to | Offered for a non-hearsay purpose; business record; objection is premature, witness will authenticate; self-authenticating (FRE 902); relevant and admissible to prove bad faith and damages. |

254

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | the causes of action at issue in this case. More prejudicial than probative, waste of time, cumulative (FRE 403). | |
| * | PX 622 | 2019-09-30 10-Q White Mountains Insurance Group, LTD. | | Hearsay [FRE 801-802], failure to timely produce, irrelevant [FRE 401, 402], not properly authenticated [FRE 901]. White Mountains Insurance Group, LTD. is not a party to the instant suit, and has no involvement in any of the facts giving rise to the causes of action at issue in this case. More prejudicial than probative, waste of time, cumulative (FRE 403). | Offered for a non-hearsay purpose; business record; objection is premature, witness will authenticate; self-authenticating (FRE 902); relevant and admissible to prove bad faith and damages. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | PX 623 | 2019-06-30 10-Q White Mountains Insurance Group, LTD. | | Hearsay [FRE 801-802], failure to timely produce, irrelevant [FRE 401, 402], not properly authenticated [FRE 901]. White Mountains Insurance Group, LTD. is not a party to the instant suit, and has no involvement in any of the facts giving rise to the causes of action at issue in this case. More prejudicial than probative, waste of time, cumulative (FRE 403). | Offered for a non-hearsay purpose; business record; objection is premature, witness will authenticate; self-authenticating (FRE 902); relevant and admissible to prove bad faith and damages. |
| * | PX 624 | 2019-03-31 10-Q White Mountains Insurance Group, LTD. | | Hearsay [FRE 801-802], failure to timely produce, irrelevant [FRE 401, 402], not properly authenticated [FRE 901]. White | Offered for a non-hearsay purpose; business record; objection is premature, witness will authenticate; |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *¹ | EXHIBIT NO.² | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | Mountains Insurance Group, LTD. is not a party to the instant suit, and has no involvement in any of the facts giving rise to the causes of action at issue in this case. More prejudicial than probative, waste of time, cumulative (FRE 403). | self-authenticating (FRE 902); relevant and admissible to prove bad faith and damages. |
| * | PX 625 | 2018-09-30 10-Q White Mountains Insurance Group, LTD. | | Hearsay [FRE 801-802], failure to timely produce, irrelevant [FRE 401, 402], not properly authenticated [FRE 901]. White Mountains Insurance Group, LTD. is not a party to the instant suit, and has no involvement in any of the facts giving rise to | Offered for a non-hearsay purpose; business record; objection is premature, witness will authenticate; self-authenticating (FRE 902); relevant and admissible to prove bad faith and damages. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| *¹ | EXHIBIT NO.² | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | the causes of action at issue in this case. More prejudicial than probative, waste of time, cumulative (FRE 403). | |
| * | PX 626 | 2018-06-30 10-Q White Mountains Insurance Group, LTD. | | Hearsay [FRE 801-802], failure to timely produce, irrelevant [FRE 401, 402], not properly authenticated [FRE 901]. White Mountains Insurance Group, LTD. is not a party to the instant suit, and has no involvement in any of the facts giving rise to the causes of action at issue in this case. More prejudicial than probative, waste of time, cumulative (FRE 403). | Offered for a non-hearsay purpose; business record; objection is premature, witness will authenticate; self-authenticating (FRE 902); relevant and admissible to prove bad faith and damages. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 627** | 2018-03-3110-Q White Mountains Insurance Group, LTD. | | Hearsay [FRE 801-802], failure to timely produce, irrelevant [FRE 401, 402], not properly authenticated [FRE 901]. White Mountains Insurance Group, LTD. is not a party to the instant suit, and has no involvement in any of the facts giving rise to the causes of action at issue in this case. More prejudicial than probative, waste of time, cumulative (FRE 403). | Offered for a non-hearsay purpose; business record; objection is premature, witness will authenticate; self-authenticating (FRE 902); relevant and admissible to prove bad faith and damages. |
| * | **PX 628** | 2017-09-30 10-Q White Mountains Insurance Group, LTD. | | Hearsay [FRE 801-802], failure to timely produce, irrelevant [FRE 401, 402], not properly authenticated [FRE 901]. White | Offered for a non-hearsay purpose; business record; objection is premature, witness will authenticate; |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | Mountains Insurance Group, LTD. is not a party to the instant suit, and has no involvement in any of the facts giving rise to the causes of action at issue in this case. More prejudicial than probative, waste of time, cumulative (FRE 403). | self-authenticating (FRE 902); relevant and admissible to prove bad faith and damages. |
| * | **PX 629** | 2017-06-30 10-Q White Mountains Insurance Group, LTD. | | Hearsay [FRE 801-802], failure to timely produce, irrelevant [FRE 401, 402], not properly authenticated [FRE 901]. White Mountains Insurance Group, LTD. is not a party to the instant suit, and has no involvement in any of the facts giving rise to | Offered for a non-hearsay purpose; business record; objection is premature, witness will authenticate; self-authenticating (FRE 902); relevant and admissible to prove bad faith and damages. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | the causes of action at issue in this case. More prejudicial than probative, waste of time, cumulative (FRE 403). | |
| * | **PX 630** | 2017-03-31 10-Q White Mountains Insurance Group, LTD. | | Hearsay [FRE 801-802], failure to timely produce, irrelevant [FRE 401, 402], not properly authenticated [FRE 901]. White Mountains Insurance Group, LTD. is not a party to the instant suit, and has no involvement in any of the facts giving rise to the causes of action at issue in this case. More prejudicial than probative, waste of time, cumulative (FRE 403). | Offered for a non-hearsay purpose; business record; objection is premature, witness will authenticate; self-authenticating (FRE 902); relevant and admissible to prove bad faith and damages. |

261

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | PX 631 | 2016-09-30 10-Q White Mountains Insurance Group, LTD. | | Hearsay [FRE 801-802], failure to timely produce, irrelevant [FRE 401, 402], not properly authenticated [FRE 901]. White Mountains Insurance Group, LTD. is not a party to the instant suit, and has no involvement in any of the facts giving rise to the causes of action at issue in this case. | Offered for a non-hearsay purpose; business record; objection is premature, witness will authenticate; self-authenticating (FRE 902); relevant and admissible to prove bad faith and damages. |
| * | PX 632 | 2016-06-30 10-Q White Mountains Insurance Group, LTD. | | Hearsay [FRE 801-802], failure to timely produce, irrelevant [FRE 401, 402], not properly authenticated [FRE 901]. White Mountains Insurance Group, LTD. is not a party to the instant suit, and has no | Offered for a non-hearsay purpose; business record; objection is premature, witness will authenticate; self-authenticating (FRE 902); relevant and admissible to |

262

| *¹ | EXHIBIT NO.² | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | involvement in any of the facts giving rise to the causes of action at issue in this case. More prejudicial than probative, waste of time, cumulative (FRE 403). | prove bad faith and damages. |
| * | PX 633 | 2016-03-31 10-Q White Mountains Insurance Group, LTD. | | Hearsay [FRE 801-802], failure to timely produce, irrelevant [FRE 401, 402], not properly authenticated [FRE 901]. White Mountains Insurance Group, LTD. is not a party to the instant suit, and has no involvement in any of the facts giving rise to the causes of action at issue in this case. More prejudicial than probative, waste of | Offered for a non-hearsay purpose; business record; objection is premature, witness will authenticate; self-authenticating (FRE 902); relevant and admissible to prove bad faith and damages. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | time, cumulative (FRE 403). | |
| * | PX 634 | 2015-09-30 10-Q White Mountains Insurance Group, LTD. | | Hearsay [FRE 801-802], failure to timely produce, irrelevant [FRE 401, 402], not properly authenticated [FRE 901]. White Mountains Insurance Group, LTD. is not a party to the instant suit, and has no involvement in any of the facts giving rise to the causes of action at issue in this case. More prejudicial than probative, waste of time, cumulative (FRE 403). | Offered for a non-hearsay purpose; business record; objection is premature, witness will authenticate; self-authenticating (FRE 902); relevant and admissible to prove bad faith and damages. |
| * | PX 635 | 2015-06-30 10-Q White Mountains Insurance Group, LTD. | | Hearsay [FRE 801-802], failure to timely produce, irrelevant [FRE 401, 402], not | Offered for a non-hearsay purpose; business record; objection is |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | properly authenticated [FRE 901]. White Mountains Insurance Group, LTD. is not a party to the instant suit, and has no involvement in any of the facts giving rise to the causes of action at issue in this case. More prejudicial than probative, waste of time, cumulative (FRE 403). | premature, witness will authenticate; self-authenticating (FRE 902); relevant and admissible to prove bad faith and damages. |
| * | PX 636 | 2015-03-31 10-Q White Mountains Insurance Group, LTD. | | Hearsay [FRE 801-802], failure to timely produce, irrelevant [FRE 401, 402], not properly authenticated [FRE 901]. White Mountains Insurance Group, LTD. is not a party to the instant suit, and has no | Offered for a non-hearsay purpose; business record; objection is premature, witness will authenticate; self-authenticating (FRE 902); relevant and admissible to |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | involvement in any of the facts giving rise to the causes of action at issue in this case. More prejudicial than probative, waste of time, cumulative (FRE 403). | prove bad faith and damages. |
| * | PX 637 | 2014-09-30 10-Q White Mountains Insurance Group, LTD. | | Hearsay [FRE 801-802], failure to timely produce, irrelevant [FRE 401, 402], not properly authenticated [FRE 901]. White Mountains Insurance Group, LTD. is not a party to the instant suit, and has no involvement in any of the facts giving rise to the causes of action at issue in this case. More prejudicial than probative, waste of | Offered for a non-hearsay purpose; business record; objection is premature, witness will authenticate; self-authenticating (FRE 902); relevant and admissible to prove bad faith and damages. |

266

7060051v1/102884
7060051v1/102884

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | time, cumulative (FRE 403). | |
| * | **PX 638** | 2014-06-30 10-Q White Mountains Insurance Group, LTD. | | Hearsay [FRE 801-802], failure to timely produce, irrelevant [FRE 401, 402], not properly authenticated [FRE 901]. White Mountains Insurance Group, LTD. is not a party to the instant suit, and has no involvement in any of the facts giving rise to the causes of action at issue in this case. | Offered for a non-hearsay purpose; business record; objection is premature, witness will authenticate; self-authenticating (FRE 902); relevant and admissible to prove bad faith and damages. |
| * | **PX 639** | 2014-03-31 10-Q White Mountains Insurance Group, LTD. | | Hearsay [FRE 801-802], failure to timely produce, irrelevant [FRE 401, 402], not properly authenticated [FRE 901]. White Mountains Insurance Group, LTD. is not a | Offered for a non-hearsay purpose; business record; objection is premature, witness will authenticate; self-authenticating (FRE 902); relevant |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | party to the instant suit, and has no involvement in any of the facts giving rise to the causes of action at issue in this case. More prejudicial than probative, waste of time, cumulative (FRE 403). | and admissible to prove bad faith and damages. |
| * | PX 640 | 6/12/14 Dig Locked Critical Assumptions | UCP007998 | No Objection | Deemed admitted. |
| * | PX 641 | 6/5/14 "Dig" Locked Pilot | UCP005460-5506 | No Objection | Deemed admitted. |
| * | PX 642 | 4/30/14 Production Recap Report, Israel Unit | UCP004488 | No Objection | Deemed admitted. |
| * | PX 643 | 10/23/15 Production Recap Report, Israel Unit | UCP006123 | No Objection | Deemed admitted. |
| * | PX 644 | 7/8/16 Production Recap Report, First 5 Episodes | UCP010735-736 | No Objection | Deemed admitted. |
| * | PX 645 | 8/11/16 Production Recap Report, First 5 Episodes | UCP004503-504 | No Objection | Deemed admitted. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 647** | Black's Law Dictionary (10th ed. 2014), definition of "war" | | No Objection | Deemed admitted. |
| * | **PX 648** | Black's Law Dictionary (10th ed. 2014), definition of "mixed war" | | No Objection | Deemed admitted. |
| * | **PX 649** | BLACK'S LAW DICTIONARY (10th ed. 2014), definition of "military" | | No Objection | Deemed admitted. |
| * | **PX 650** | BLACK'S LAW DICTIONARY (10th ed. 2014), definition of "authority" | | No Objection | Deemed admitted. |
| * | **PX 651** | Military & Armed Forces, MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY (11th ed. 2003), definition of "military" | | No Objection | Deemed admitted. |
| * | **PX 652** | 10A COUCH ON INSURANCE § 152:3 (3d ed. 2017), Definition of War | | No Objection | Deemed admitted. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | PX 653 | 10A COUCH ON INSURANCE § 152:4 (3d ed. 2017), Definition of Warlike Operations | | No Objection | Deemed admitted. |
| * | PX 654 | 10A COUCH ON INSURANCE § 152:18 (3d ed. 2017), War Risk Exclusion in the Context of Terrorism, In General | | No Objection | Deemed admitted. |
| * | PX 655 | 6/24/15 UN Report of the Independent Commission of Inquiry Established Pursuant to Human Rights Council resolution S-21/1 | ATL004914-5097 | No objection. | Deemed admitted. |
| * | PX 656 | 2/10/17 Plaintiff Universal Cable Productions Llc's First Set Of Requests For Admissions #1-33 To Defendant Atlantic Specialty Insurance Company | | Discovery requests and responses are not proper evidence; lack of relevance (401, 402); more prejudicial than probative, cumulative, confusing and wasting the jury's time (403); lack of foundation (901). | Relevant and admissible to prove bad faith and damages; objection is premature, witness will authenticate; self-authenticating (FRE 902). |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *¹ | EXHIBIT NO.² | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 657** | 3/13/17 Defendant Atlantic Specialty Insurance Company's Objections And Responses To Plaintiff Universal Cable Productions Llc's First Set Of Requests For Admissions #1-33 | | Discovery requests and responses are not proper evidence; lack of relevance (401, 402); more prejudicial than probative, cumulative, confusing and wasting the jury's time (403); lack of foundation (901). | Relevant and admissible to prove bad faith and damages; objection is premature, witness will authenticate; self-authenticating (FRE 902). |
| * | **PX 658** | 3/6/17 Plaintiff Universal Cable Productions Llc's Second Set Of Requests For Admissions #34-35 To Defendant Atlantic Specialty Insurance Company | | Discovery requests and responses are not proper evidence; lack of relevance (401, 402); more prejudicial than probative, cumulative, confusing and wasting the jury's time (403); lack of foundation (901). | Relevant and admissible to prove bad faith and damages; objection is premature, witness will authenticate; self-authenticating (FRE 902). |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| **[1]** | **EXHIBIT NO.[2]** | **DESCRIPTION** | **BATES NO.** | **OBJECTION** | **RESPONSE TO OBJECTION** |
|---|---|---|---|---|---|
| * | **PX 659** | 4/7/17 Defendant Atlantic Specialty Insurance Company's Objections And Responses To Plaintiff Universal Cable Productions Llc's Second Set Of Requests For Admissions # 34-35 | | Discovery requests and responses are not proper evidence; lack of relevance (401, 402); more prejudicial than probative, cumulative, confusing and wasting the jury's time (403); lack of foundation (901). | Relevant and admissible to prove bad faith and damages; objection is premature, witness will authenticate; self-authenticating (FRE 902). |
| * | **PX 660** | 10/5/16 Plaintiffs' First Set Of Interrogatories #1-17 To Defendant Atlantic Specialty Insurance Company | | Discovery requests and responses are not proper evidence; lack of relevance (401, 402); more prejudicial than probative, cumulative, confusing and wasting the jury's time (403); lack of foundation (901). | Relevant and admissible to prove bad faith and damages; objection is premature, witness will authenticate; self-authenticating (FRE 902). |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 661** | 11/11/16 Defendant Atlantic Specialty Insurance Company's Responses To First Set Of Interrogatories #1-17 Propounded By Plaintiffs Universal Cable Productions Llc And Northern Entertainment Productions Llc | | Discovery requests and responses are not proper evidence; lack of relevance (401, 402); more prejudicial than probative, cumulative, confusing and wasting the jury's time (403); lack of foundation (901). | Relevant and admissible to prove bad faith and damages; objection is premature, witness will authenticate; self-authenticating (FRE 902). |
| * | **PX 662** | 12/13/16 Defendant Atlantic Specialty Insurance Company's First Amended Responses To First Set Of Interrogatories #1-17 Propounded By Plaintiffs Universal Cable Productions Llc And Northern Entertainment Productions Llc | | Discovery requests and responses are not proper evidence; lack of relevance (401, 402); more prejudicial than probative, cumulative, confusing and wasting the jury's time (403); lack of foundation (901). | Relevant and admissible to prove bad faith and damages; objection is premature, witness will authenticate; self-authenticating (FRE 902). |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 663** | 2/20/17 Defendant Atlantic Specialty Insurance Company's Second Amended Responses To First Set Of Interrogatories #1-17 Propounded By Plaintiffs Universal Cable Productions Llc And Northern Entertainment Productions Llc | | Discovery requests and responses are not proper evidence; lack of relevance (401, 402); more prejudicial than probative, cumulative, confusing and wasting the jury's time (403); lack of foundation (901). | Relevant and admissible to prove bad faith and damages; objection is premature, witness will authenticate; self-authenticating (FRE 902). |
| * | **PX 664** | 2/10/17 Plaintiff Universal Cable Productions Llc's Second Set Of Interrogatories #18-25 To Defendant Atlantic Specialty Insurance Company | | Discovery requests and responses are not proper evidence; lack of relevance (401, 402); more prejudicial than probative, cumulative, confusing and wasting the jury's time (403); lack of foundation (901). | Relevant and admissible to prove bad faith and damages; objection is premature, witness will authenticate; self-authenticating (FRE 902). |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 665** | 3/13/17 Defendant Atlantic Specialty Insurance Company's Responses To Second Set Of Interrogatories #18-25 Propounded By Plaintiffs Universal Cable Productions Llc And Northern Entertainment Productions Llc | | Discovery requests and responses are not proper evidence; lack of relevance (401, 402); more prejudicial than probative, cumulative, confusing and wasting the jury's time (403); lack of foundation (901). | Relevant and admissible to prove bad faith and damages; objection is premature, witness will authenticate; self-authenticating (FRE 902). |
| * | **PX 666** | OneBeacon Ins. Co. v. T. Wade Welch & Assocs., 841 F.3d 669, 674 (5th Cir. 2016) | | Hearsay [FRE 801], irrelevant [FRE 401, 402]. Nothing from this case is likely to make any fact at issue in this case more or less likely. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | Offered for a non-hearsay purpose; relevant and admissible to prove bad faith and damages. |

275

7060051v1/102884
7060051v1/102884

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 667** | 2/10/15 Congressional Research Service, The Palestinians: Background and U.S. Relations | ATL005135-5183 | No objection. | Deemed admitted. |
| * | **PX 669** | Atlantic's profit / paid claims figures in connection with the Insured's policies for the years 2010 through 2015. | ATL005268 | Irrelevant [FRE 401, 402]. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than probative, waste of time, cumulative (FRE 403). | Relevant and admissible to prove bad faith and damages. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| **¹ | EXHIBIT NO.² | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 671** | "Form policy" including prong 4 of war exclusion | AONNBCU0004134 -164 | Irrelevant [FRE 401, 401, 402] Nothing contained in this exhibit has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than probative, waste of time, cumulative (FRE 403). | Relevant and admissible to prove bad faith and damages. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 673** | 11/15/13 email from W. Phillips to S. Weiss, A. Garber, and T. Peete, NBC 2013 Renewal Quote as of 11-13-2013 | ATL000764-766 | Irrelevant [FRE 401, 401, 402] Discussions contained in this exhibit address events that occurred prior to Plaintiffs' claim and ASIC's handling thereof. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than probative, waste of time, cumulative (FRE 403). | Relevant and admissible to prove bad faith and damages. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 674** | 12/11/13 email from B. Milinovic to A. Garber, RE: "Dig" Season 1 Application/Declaration | ATL000405-406 | Irrelevant [FRE 401, 401, 402] Discussions contained in this exhibit address events that occurred prior to Plaintiffs' claim and ASIC's handling thereof. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than probative, waste of time, cumulative (FRE 403). | Relevant and admissible to prove bad faith and damages. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 675** | 1/13/14 email from B. Milinovic to A. Garber, RE: "Dig" S1 - 2014 Application/Declaration | ATL000438 | Irrelevant [FRE 401, 401, 402] Discussions contained in this exhibit address events that occurred prior to Plaintiffs' claim and ASIC's handling thereof. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than probative, waste of time, cumulative (FRE 403). | Relevant and admissible to prove bad faith and damages. |
| * | **PX 676** | 7/17/14 Event invitaiton organized by P. Johnson, "Canceled: War Exclusion - Israel/Hamas Conflict" | ATL001567 | No Objection | Deemed admitted. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 677** | 7/17/14 Event invitaiton organized by P. Johnson, "War Exclusion - Israel/Hamas Conflict" | ATL001568 | No Objection | Deemed admitted. |
| * | **PX 678** | Background & Overview of Hamas <http://www.jewishvirtualli brary.org/background-and-overview-of-hamas)> | _ | Hearsay [FRE 801], irrelevant [FRE 401, 402]. | Offered for a non-hearsay purpose; relevant to prove bad faith and damages. |
| * | **PX 679** | Designated Foreign Terrorist Organizations <http://www.state.gov/j/ct/rl s/other/des/123085.htm> | _ | Hearsay [FRE 801], irrelevant [FRE 401, 402]. | Offered for a non-hearsay purpose; relevant to prove bad faith and damages. |
| * | **PX 680** | Australian National Security - Terrorist Organizations <https://www.nationalsecuri ty.gov.au/Listedterroristorga nisations/Pages/HamassIzzal -Dinal-QassamBrigades.aspx> | _ | Hearsay [FRE 801], irrelevant [FRE 401, 402]. | Offered for a non-hearsay purpose; relevant to prove bad faith and damages. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 681** | https://www.publicsafety.gc.ca/cnt/ntnl-scrt/cntrtrrrsm/lstd-ntts/crrnt-lstd-ntts-en.aspx | _ | Hearsay [FRE 801], irrelevant [FRE 401, 402]. | Offered for a non-hearsay purpose; relevant to prove bad faith and damages. |
| * | **PX 682** | http://eur-lex.europa.eu/legalcontent/EN/TXT/PDF/?uri=CELEX:32017D0154&from=EN | _ | Hearsay [FRE 801], irrelevant [FRE 401, 402]. | Offered for a non-hearsay purpose; relevant to prove bad faith and damages. |
| * | **PX 683** | List of Terrorist Organizations and Individuals (Israel) <http://www.justice.gov.il/En/Units/FBPS/DNFBPDuties/Pages/List-of-Terrorist-Organizations-and-Individuals.aspx> | _ | Hearsay [FRE 801], irrelevant [FRE 401, 402]. | Offered for a non-hearsay purpose; relevant to prove bad faith and damages. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 684** | Implementation of the Measures including the Freezing of Assets against Terrorists and the Like (Japan) <http://www.mofa.go.jp/announce/announce/2002/7/0705.html> | - | Hearsay [FRE 801], irrelevant [FRE 401, 402]. | Offered for a non-hearsay purpose; relevant to prove bad faith and damages. |
| * | **PX 685** | Q&A: What is Hamas? <http://www.cnn.com/2012/11/16/world/meast/hamas-explainer/> | - | Hearsay [FRE 801], irrelevant [FRE 401, 402]. | Offered for a non-hearsay purpose; relevant to prove bad faith and damages. |
| * | **PX 686** | The National Counterterrorism Center <https://www.nctc.gov/site/groups/hamas.html> | - | Hearsay [FRE 801], irrelevant [FRE 401, 402]. | Offered for a non-hearsay purpose; relevant to prove bad faith and damages. |
| * | **PX 687** | 7/16/14 email from P. Johnson to T. Gooley, Act of War exclusion - Are you available for a short call? | ATL001555 | No Objection | Deemed admitted. |
| * | **PX 688** | Holiday Inns Inc. v. Aetna Insurance Company et al | ATL001636-686 | No objection. | Deemed admitted. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 689** | No longer on website--U.S. Department of State, Daily Press Briefing, Washington, DC, June 16, 2014 <http://www.state.gov/r/pa/prs/dpb/2014/07/229360.htm> | _ | Hearsay [FRE 801], irrelevant [FRE 401, 402]. | Offered for a non-hearsay purpose; relevant to prove bad faith and damages. |
| * | **PX 690** | The White House, Remarks by the President on Foreign Policy, July 16, 2014 <https://www.whitehouse.gov/the-press-office/2014/07/16/remarkspresident-foreign-policy link expired but available at https://www.politico.com/story/2014/07/obamas-foreign-policy-remarks-transcript-video-109014 > | | Hearsay [FRE 801], irrelevant [FRE 401, 402]. | Offered for a non-hearsay purpose; relevant to prove bad faith and damages. |
| * | **PX 691** | 7/18/14 email to/from D. Gutterman | ATL000294 | No objection. | Deemed admitted. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 692** | The Impact of 9/11 on Politics and War: The Day that Changed Everything? Palgrave Macmillan. p. 222. ISBN 0-230-60763-2. Carter, Shan; Cox, A. "One 9/11 Tally: $3.3 Trillion." Retrieved September 14, 2015. | | Hearsay [FRE 801], irrelevant [FRE 401, 402]. | Offered for a non-hearsay purpose; relevant to prove bad faith and damages. |
| * | **PX 693** | Wikipedia- Sponsors of Terrorism <https://en.wikipedia.org/wiki/State_Sponsors_of_Terrorism> | - | Hearsay [FRE 801], irrelevant [FRE 401, 402]. | Offered for a non-hearsay purpose; relevant to prove bad faith and damages. |
| * | **PX 694** | Hamas: Government or Terrorist Organization (NPR) <http://www.npr.org/2006/12/06/6583080/hamas-government-or-terroristorganization> | - | Hearsay [FRE 801], irrelevant [FRE 401, 402]. | Offered for a non-hearsay purpose; relevant to prove bad faith and damages. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 695** | Op-ed: Hamas has the blood of three young boys on its hands, dated 7/5/14 (Ted Cruz) <https://www.cruz.senate.gov/?p=press_release&id=1860> | _ | Hearsay [FRE 801], irrelevant [FRE 401, 402]. | Offered for a non-hearsay purpose; relevant to prove bad faith and damages. |
| * | **PX 696** | Wikipedia- War as a metaphor <https://en.wikipedia.org/wiki/War_as_metaphor> | _ | Hearsay [FRE 801], irrelevant [FRE 401, 402]. | Offered for a non-hearsay purpose; relevant to prove bad faith and damages. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 697** | Television Insurance Application | ATL000437 | Hearsay [FRE 801, 802]; Relevance (F.R.E. 401, 402) – Preliminary discussions regarding potential production and underwriting has no bearing on what coverage was afforded to Plaintiffs, or on how ASIC handled Plaintiffs' claim at issue in this case. Nothing about negotiation of Plaintiffs' policy has any tendency to make any fact at issue in this case any more or less probable. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | Admission by party opponent; offered for a non-hearsay purpose; business record; relevant and admissible to prove bad faith and damages. |

287

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 698** | 7/15/14 email from P. Johnson to P. Williams, FW: NBCU's "DIG" season 1 - Imminent Peril claim application | ATL000518-523 | No Objection. | Deemed admitted. |
| * | **PX 699** | 11/15/13 email from W. Philips to A. Garber, S. Weiss, and T. Peete, FW NBV 2013 Renewal Quote as of 11-13-2013 | ATL000749-751 | Irrelevant [FRE 401, 401, 402] Discussions contained in this exhibit address events that occurred prior to Plaintiffs' claim and ASIC's handling thereof. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than probative, waste of time, cumulative (FRE 403). | Relevant and admissible to prove bad faith and damages. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 700** | 12/10/13 email from R. Richmond to A. Garber, K. Ford, and C. Williams, RE: "Dig" - "cast" insurance concerns | AONNBCU0001399 -1401 | Hearsay (FRE 801, 802); Irrelevant [FRE 401, 401] Discussions contained in this exhibit address events that occurred prior to Plaintiffs' claim and ASIC's handling thereof. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than probative, waste of time, cumulative (FRE 403). | Offered for a non-hearsay purpose; business record; relevant and admissible to prove bad faith and damages. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 701** | 12/13/13 email from A. Garber to R. Richmond, RE: "Dig" potential Morocco shoot | AONNBCU0001516-519 | Hearsay (FRE 801, 802); Irrelevant [FRE 401, 402] Discussions contained in this exhibit address events that occurred prior to Plaintiffs' claim and ASIC's handling thereof. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than probative, waste of time, cumulative (FRE 403). | Offered for a non-hearsay purpose; business record; relevant and admissible to prove bad faith and damages. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 702** | 2/20/14 email from B. Milinovic to A. Garber, RE: "Dig" - Further production dates | ATL000402-403 | Irrelevant [FRE 401, 402] Discussions contained in this exhibit address events that occurred prior to Plaintiffs' claim and ASIC's handling thereof. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than probative, waste of time, cumulative (FRE 403). | Relevant and admissible to prove bad faith and damages. |
| * | **PX 703** | 7/15/14 email from P. Johnson to D. Gutterman, RE: NBCU's "DIG" Season 1 - Imminent Peril claim notification | ATL000295-299 | No Objection | Deemed admitted. |

291

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | PX 704 | 7/15/14 email from D. Williams to D. Gutterman Re: NBCU's "DIG" Season 1 - Imminent Peril claim notification | ATL000300-303 | No Objection | Deemed admitted. |
| * | PX 705 | 7/15/14 Email from D. Gutterman to P. Johnson FW: NBCU's "DIG" Season 1 - Imminent Peril claim notification | ATL000325-328 | No Objection | Deemed admitted. |
| * | PX 706 | 7/15/14 email from M. Arevalo to S. Weiss FW: NBCU's "DIG" Season 1 - Imminent Peril claim notification | ATL000986-989 | No Objection | Deemed admitted. |
| * | PX 707 | 7/16/14 email from P. Johnson to D. Gutterman, "Sources on Israel/Hamas conflict" | ATL000322 | No Objection | Deemed admitted. |
| * | PX 708 | 7/16/14 email from D. Williams to D. Gutterman RE: NBCU's "DIG" Season 1 - Imminent Peril claim notification | ATL001111-115 | No Objection | Deemed admitted. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 709** | 7/16/14 Email to/from D. Gutterman, FW: NBCU's "DIG" Season 1 - Imminent Peril claim notification | ATL001329-335 | No Objection | Deemed admitted. |
| * | **PX 710** | 7/16/14 Email to/from P. Johnson, Hamas | ATL001529-530 | No Objection | Deemed admitted. |
| * | **PX 711** | 7/16/14 Invitation from D. Gutterman, NBC - DIG Claim | ATL001531 | No Objection | Deemed admitted. |
| * | **PX 712** | 7/16/14 Invitation from S. Duffy, Accepted: War Exclusion - Israel/Hamas Conflict | ATL001565 | No Objection | Deemed admitted. |
| * | **PX 713** | 7/17/14 email from S. Weiss to D. Gutterman and P. Johnson, FW: Claim Acknowledgement for NBCU's "DIG" Season 1 - Imminent Peril claim notification | ATL000310-311 | No Objection | Deemed admitted. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 714** | 7/17/14 Invitation from T. Gooley, "Declined: War Exclusion - Israel/Hamas conflict" | ATL001566 | No Objection | Deemed admitted. |
| * | **PX 715** | NBCU's Insurance Policy | ATL001744-1798 | No Objection | Deemed admitted. |
| * | **PX 716** | 7/18/14 email to/from D. Gutterman | ATL000502 | No Objection | Deemed admitted. |
| * | **PX 717** | 7/20/14, MSNBC search: "gaza war" | ATL000312-319 | No Objection | Deemed admitted. |
| * | **PX 718** | 7/21/14 Invitation from P. Johnson to T. Gooley, "Call to discuss War Exclusion" | ATL001808 | No Objection | Deemed admitted. |
| * | **PX 719** | 7/23/14 email from D. Gutterman to P. Johnson, "Some interesting articles…" | ATL001828 | No Objection | Deemed admitted. |
| * | **PX 720** | 7/25/14 email from P. Johnson to S. Weiss RE: 0AB097918 NBCU "Dig" | ATL000323-324 | No Objection | Deemed admitted. |
| * | **PX 721** | 7/25/14 email from S. Weiss to P. Johnson RE: 0AB097918 NBCU "Dig" | ATL000398-399 | No Objection | Deemed admitted. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 722** | 7/28/14 email from P. Johnson to S. Weiss and A. Garber, "DIG - coverage determination" | ATL000384 | No Objection | Deemed admitted. |
| * | **PX 723** | 7/28/14 email from P. Johnson to S. Weiss and A. Garber, "NBC - DIG - coverage determination letter" | ATL000503 | No Objection | Deemed admitted. |
| * | **PX 724** | 7/28/14 Email to/from P. Johnson, "DIG" | ATL001877 | No Objection | Deemed admitted. |
| * | **PX 725** | 7/29/14 email from P. Johnson to T. Gooley, "OBE- LLRT - July 2014.xlsm" | ATL001907 | Hearsay [FRE 801], irrelevant [FRE 401, 402]. | Admission by party opponent; offered for a non-hearsay purpose; business record; relevant and admissible to prove bad faith and damages. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 726** | OBE - LLRT - July 2014.xlsm | ATL001908-909 | Hearsay [FRE 801], irrelevant [FRE 401, 402]. | Admission by party opponent; offered for a non-hearsay purpose; business record; relevant and admissible to prove bad faith and damages. |
| * | **PX 727** | 7/30/14 email from A. Garber to P. Johnson, "NBC - DIG - coverage determination letter" | ATL000512 | Hearsay (FRE 801, 802), improper opinions (FRE 701, 702), more prejudicial than probative, cumulative, and likely to confuse the jury (FRE 403), lack of foundation (FRE 901). | Admission by party opponent; offered for a non-hearsay purpose; business record; Atlantic-produced document admissible to prove bad faith; relevant and admissible to prove bad faith and damages; objection is premature; witness will authenticate; self-authenticating (FRE 902). |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| **1 | EXHIBIT NO.2 | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 728** | 7/30/14 email from P. Johnson to S. Weiss, "NBCU - DIG claim" | ATL001910 | No Objection | Deemed admitted. |

297

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 729** | 9/10/14 email from W. Philips to D. Kizner, RE: "DIG" - Season 1 -update Croatia/Albuquerque | ATL000267-268 | Hearsay (FRE 801, 802); Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions contained in this exhibit address events that occurred after ASIC's handling of Plaintiffs' claim. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | Admission by party opponent; offered for non-hearsay purpose; business record; relevant and admissible to prove bad faith and damages. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| **[*]¹** | **EXHIBIT NO.²** | **DESCRIPTION** | **BATES NO.** | **OBJECTION** | **RESPONSE TO OBJECTION** |
|---|---|---|---|---|---|
| * | **PX 730** | 9/10/14 email from B. Milinovic to W. Phillips, FW: "DIG" - Season 1 - update Croatia/Albuquerque | ATL000269-271 | Hearsay (FRE 801, 802); Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions contained in this exhibit address events that occurred after ASIC's handling of Plaintiffs' claim. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | Admission by party opponent; offered for non-hearsay purpose; business record; relevant and admissible to prove bad faith and damages. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 731** | 9/12/14 email from B. Milinovic to W. Phillips, FW: "DIG" - Season 1 - update Croatia/Albuquerque | ATL000276-278 | Hearsay (FRE 801, 802); Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions contained in this exhibit address events that occurred after ASIC's handling of Plaintiffs' claim. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | Admission by party opponent; offered for non-hearsay purpose; business record; relevant and admissible to prove bad faith and damages. |

300

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | PX 732 | 9/15/14 email from P. Johnson to S. Weiss, RE: DIG Extra Expense Claim | ATL002139-145 | Hearsay (FRE 801, 802); Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions contained in this exhibit address events that occurred after ASIC's handling of Plaintiffs' claim. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | Admission by party opponent; offered for non-hearsay purpose; business record; relevant and admissible to prove bad faith and damages. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | PX 733 | 10/10/14 email from B. Milinovic to D. Kizner and W. Philips RE: DIG 'state of the union' 9-19 | ATL000453-455 | Hearsay (FRE 801, 802); Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions contained in this exhibit address events that occurred after ASIC's handling of Plaintiffs' claim. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | Admission by party opponent; offered for non-hearsay purpose; business record; relevant and admissible to prove bad faith and damages. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| **¹** | **EXHIBIT NO.²** | **DESCRIPTION** | **BATES NO.** | **OBJECTION** | **RESPONSE TO OBJECTION** |
|---|---|---|---|---|---|
| * | **PX 734** | 11/6/14 email from J. Morris to B. Milinovic RE: DIG state of the union 10-29 revised | ATL000460 | Hearsay (FRE 801, 802); Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions contained in this exhibit address events that occurred after ASIC's handling of Plaintiffs' claim. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | Admission by party opponent; offered for non-hearsay purpose; business record; relevant and admissible to prove bad faith and damages. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | PX 735 | Television Insurance Application | ATL000293 | Hearsay (FRE 801, 802); Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions contained in this exhibit address events that occurred before ASIC's handling of Plaintiffs' claim. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | Admission by party opponent; offered for non-hearsay purpose; business record; relevant and admissible to prove bad faith and damages. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 736** | 12/20/13 email from A. Garber to B. Milinovic RE: "Dig" Season 1 Application/Declaration | ATL000407-411 | Hearsay (FRE 801, 802); Irrelevant [FRE 401, 401, 402] Discussions contained in this exhibit address events that occurred prior to Plaintiffs' claim and ASIC's handling thereof. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than probative, waste of time, cumulative (FRE 403). | Admission by party opponent; offered for non-hearsay purpose; business record; relevant and admissible to prove bad faith and damages. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 737** | 7/29/14 email from Max Security Intelligence to S. Smith, Israel & Palestinian Territories Alert: Multiple rockets target central Israel during overnight hours | UCP_003790-794 | No Objection | Deemed admitted. |
| * | **PX 738** | 7/10/14 email from Max Security Intelligence to S. Smith, MAX - MENA Region Daily Sumary - July 10, 2014 | UCP_003798-3804 | No objection. | Deemed admitted. |
| * | **PX 739** | 6/23/14 email from Max Security Intelligence to S. Smith, MAX - MENA Region Daily Sumary - June 23, 2014 | UCP_003805-3811 | No objection. | Deemed admitted. |
| * | **PX 740** | 6/25/14 email from Max Security Intelligence to S. Smith,MAX - MENA Region Daily Sumary - June 26, 2014 | UCP_003812-819 | No objection. | Deemed admitted. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 741** | 7/3/14 email from Max Security Intelligence to S. Smith, Israel & Palestinian Territories Tactical (UPDATE): Uptick in Rocket Fire from Gaza during evening hours of July 3; increased potential for escalation | UCP_003820-823 | No objection. | Deemed admitted. |
| * | **PX 742** | "Max Security Solutions: Proactive Security Risk Management" | UCP_003884-890 | No Objection | Deemed admitted. |
| * | **PX 743** | "Max Security Solutions: Regional Intelligence Packages" | UCP_003891-896 | No Objection | Deemed admitted. |
| * | **PX 744** | 7/29/14 email from Max Security Intelligence to S. Smith, Israel & Palestinian Territories Alert (UPDATE): PLO says Palestinian factions agree to 72-hour unilateral ceasefire; Hamas reportedly denies claim | UCP001934-937 | No objection. | Deemed admitted. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 745** | 6/29/14 email from Max Security Intelligence to S. Smith, Israel Tactical: 'Bring Back Our Boys' rally slated for evening hours of June 29 in Tel Aviv's Rabin Square; maintain heightened vigilance | UCP001979-981 | No objection. | Deemed admitted. |
| * | **PX 746** | 7/27/14 email from Max Security Intelligence to S. Smith, Israel & Palestinian Territories Alert: Temporary reduction in cross-border hostilities as UN calls for immediate humanitarian ceasefire | UCP001982-985 | No objection. | Deemed admitted. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | PX 747 | 7/27/14 email from Max Security Intelligence to S. Smith, Israel & Palestinian Territories Alert (UPDATE): Israel reportedly rejects Hamas ceasefire as fighting continues; car bomb discovered in West Bank | UCP002006-2010 | No objection. | Deemed admitted. |
| * | PX 748 | 7/14/14 email from Max Security Intelligence to S. Smith, Re: Israel & Palestinian Territories Alert: Rockets intercepted over Tel Aviv on July 11; man reportedly injured in Ashdod as rocket hits gas station | UCP002022-2029 | No objection. | Deemed admitted. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 749** | 7/6/14 email from Max Security Intelligence to S. Smith, Israel & Palestinian Territories Alert: 'Several youths' arrested on July 6 for involvement in July 2 killing of Palestinian; unrest likely to persist | UCP002040-2045 | No objection. | Deemed admitted. |
| * | **PX 750** | 5/28/14 email from Max Security Intelligence to S. Smith,Israel Tactical: Temple Mount/al-Aqsa Mosque compound closed to visitors following clashes during the morning hours of May 28 | UCP002083-2085 | No objection. | Deemed admitted. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 751** | 7/3/14 email from Max Security Intelligence to S. Smith Re: Fwd: Israel & Palestinian Territories Tactical (UPDATE): Uptick in rocket fire from Gaza during evening hours of July 3; increased potential for escalation | UCP002102-2106 | No objection. | Deemed admitted. |
| * | **PX 752** | 7/21/14 email from Max Security Intelligence to S. Smith, MAX - MENA Region Daily Summary - July 21, 2014 | UCP002136-2142 | No objection. | Deemed admitted. |
| * | **PX 753** | 7/30/14 email from Max Security Intelligence to S. Smith, Israel & Palestinian Territories Alert: IDF operations, rocket attacks continue during overnight hours of July 29-30, morning hours of July 30 | UCP002167-2171 | No objection. | Deemed admitted. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 754** | 6/19/14 email from Max Security Intelligence to S. Smith, Israel Tactical: Car explosion on HaTsori Street in Jaffa injures two during the afternoon hours of June 19; criminal motivations suspected | UCP002253-255 | No objection. | Deemed admitted. |
| * | **PX 755** | 7/7/14 email from Max Security Intelligence to S. Smith, Israel & Palestinian Territories Alert: Government reportedly orders IDF to intensify airstrikes on July 7; seven rockets intercepted over Ashdod | UCP002310-314 | No objection. | Deemed admitted. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 756** | 7/9/14 email from Max Security Intelligence to S. Smith, Israel & Palestinian Territories Analysis: Israel likely to escalate air campaign as numerous long-range rockets fired toward central, northern Israel | UCP002372-2376 | No objection. | Deemed admitted. |
| * | **PX 757** | 7/3/14 email from Max Security Intelligence to S. Smith, Israel & Palestinian Territories Tactical (UPDATE): Uptick in rocket fire from Gaza during evening hours of July 3; increased potential for escalation | UCP002484-2487 | No objection. | Deemed admitted. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 758** | 7/26/14 email from Max Security Intelligence to S. Smith,  Israel & Palestinian Territories Alert: Protest slated for Tel Aviv during evening hours of July 26; international mediation efforts continue | UCP002496-2500 | No objection. | Deemed admitted. |
| * | **PX 759** | 6/16/14 email from Max Security Intelligence to S. Smith Fwd: Israel & Palestinian Territories Tactical: Search continues for abducted Israeli youths; airstrikes recorded in Gaza Strip overnight June 15-16 | UCP002583-587 | No objection. | Deemed admitted. |
| * | **PX 760** | 6/15/14 email from Max Security Intelligence to S. Smith, Israel & Palestinian Territories Alert: Two rockets fired toward Ashkelon during evening hours of June 15; shooting reported along Highway 60 | UCP002608-2611 | No objection. | Deemed admitted. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 761** | 7/25/14 email from Max Security Intelligence to S. Smith, Israel & Palestinian Territories Alert (UPDATE): US Federal Aviation Authority (FAA) considers renewal of Israeli flight ban on July 25 | UCP002687-2691 | No objection. | Deemed admitted. |
| * | **PX 762** | 7/14/14 email from Max Security Intelligence to S. Smith RE: Israel & Palestinian Territories Alert: Rockets intercepted over Tel Aviv on July 11; man reportedly injured in Ashdod as rocket hits gas station | UCP002774-2779 | No objection. | Deemed admitted. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 763** | 6/15/14 email from Max Security Intelligence to S. Smith Fwd: Israel & Palestinian Territories Alert: Two rockets fired toward Ashkelon during evening hours of June 15; shooting reported along Highway 60 | UCP002785-789 | No objection. | Deemed admitted. |
| * | **PX 764** | 6/7/14 email from Max Security Intelligence to S. Smith, Max Security Solutions - MENA Region Daily Summary - June 7, 2014 | UCP018069-8075 | No objection. | Deemed admitted. |
| * | **PX 765** | 7/19/14 email from Max Security Intelligence to S. Smith, Israel & Palestinian Territories Alert: Rocket strikes residential area in Ashdod during overnight hours of July 18-19; mortars launched from Sinai | UCP018076-8079 | No objection. | Deemed admitted. |

316

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 766** | 5/26/14 email from Max Security Intelligence to S. Smith, Israel Tactical: Allot extra time for travel in Jerusalem from May 27-28 due to Jerusalem Day celebrations | UCP018080-8083 | No Objection | Deemed admitted. |
| * | **PX 767** | 7/18/14 email from Max Security Intelligence to S. Smith, Israel & Palestinian Territories Alert (UPDATE): Several rockets intercepted over Tel Aviv, Rishon Letzion during afternoon, evening hours of July 18 | UCP018084-8087 | No objection. | Deemed admitted. |
| * | **PX 768** | 7/25/14 email from Max Security Intelligence to S. Smith, Israel & Palestinian Territories Alert: Two Palestinians killed in West Bank clash; Israel reportedly assassinates senior Islamic Jihad official | UCP018088-8092 | No objection. | Deemed admitted. |

317

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 769** | 7/13/14 Email from Max Security Intelligence to S. Smith, MAX - MENA Region Daily Summary - July 13, 2014 | UCP018098-8103 | No objection. | Deemed admitted. |
| * | **PX 770** | 5/22/14 email from Max Security Intelligence to S. Smith, Israel, Jordan & Palestinian Territories Tactical: Anticipate heightened security, travel delays on May 24-26 due to Papal visit | UCP018108-8112 | No objection. | Deemed admitted. |
| * | **PX 771** | 7/14/14 email from Max Security Intelligence to S. Smith, Israel & Palestinian Territories Alert: Egypt reportedly proposes ceasefire to halt Israel, Gaza hostilities; to begin during morning hours of July 15 | UCP018113-8115 | No objection. | Deemed admitted. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 772** | 7/14/14 email from Max Security Intelligence to S. Smith, Israel & Palestinian Territories Alert (UPDATE): Rockets continue to target southern Israel, injuries reported in Eshkol, Ashdod areas | UCP018116-8119 | No objection. | Deemed admitted. |
| * | **PX 773** | 7/13/14 email from Max Security Intelligence to S. Smith, Israel & Palestinian Territories Alert: Rockets reportedly fired toward vicinity of Jerusalem; Hamas claims to target Haifa during afternoon hours | UCP018120-8124 | No objection. | Deemed admitted. |

319

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 774** | OneBeacon 2013 Form 10-K Statement <http://www.annualreports.com/HostedData/AnnualReportArchive/o/NYSE_OB_2013.pdf> | _ | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]; Irrelevant [FRE 401, 402, 403]. Nothing about OneBeacon's financial data or status has any tendency to make any fact at issue in this case more or less likely. | Objection is premature; witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; premature objection, witness will lay foundation; document is not a summary created for trial, it is a business record; relevant and admissible to prove bad faith and damages. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 775** | OneBeacon 2014 Form 10-K Statement <http://www.annualreports.com/HostedData/AnnualReportArchive/o/NYSE_OB_2014.pdf> | _ | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]; Irrelevant [FRE 401, 402, 403]. Nothing about OneBeacon's financial data or status has any tendency to make any fact at issue in this case more or less likely. | Objection is premature; witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; premature objection, witness will lay foundation; document is not a summary created for trial, it is a business record; relevant and admissible to prove bad faith and damages. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 776** | OneBeacon 2015 Form 10-K Statement <http://www.annualreports.com/HostedData/AnnualReportArchive/o/NYSE_OB_2015.pdf> | _ | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]; Irrelevant [FRE 401, 402, 403]. Nothing about OneBeacon's financial data or status has any tendency to make any fact at issue in this case more or less likely. | Objection is premature; witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; premature objection, witness will lay foundation; document is not a summary created for trial, it is a business record; relevant and admissible to prove bad faith and damages. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 777** | OneBeacon 2016 Form 10-K Statement <http://www.annualreports.com/HostedData/AnnualReports/PDF/NYSE_OB_2016.pdf> | _ | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]; Irrelevant [FRE 401, 402, 403]. Nothing about OneBeacon's financial data or status has any tendency to make any fact at issue in this case more or less likely. | Objection is premature; witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; premature objection, witness will lay foundation; document is not a summary created for trial, it is a business record; relevant and admissible to prove bad faith and damages. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *¹ | EXHIBIT NO.² | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 778** | Receipts for expenses from New Mexico and Croatia | UCP020063-032749 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Objection is premature; witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; premature objection, witness will lay foundation; document is not a summary created for trial, it is a business record. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 779** | New Mexico Taxation & Revenue Division audit report | UCP018019 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Objection is premature; witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; premature objection, witness will lay foundation; document is not a summary created for trial, it is a business record.. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| **[1]** | **EXHIBIT NO.[2]** | **DESCRIPTION** | **BATES NO.** | **OBJECTION** | **RESPONSE TO OBJECTION** |
|---|---|---|---|---|---|
| * | **PX 780** | 8/14/14 Croatia invoice | UCP033019 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Objection is premature; witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; premature objection, witness will lay foundation; document is not a summary created for trial, it is a business record. |

326

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 781** | Receipts for expenses from Croatia | UCP033020-3041 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Objection is premature; witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; premature objection, witness will lay foundation; document is not a summary created for trial, it is a business record. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 782** | 9/15/14 Croatia Cost Breakdown | UCP033601-3603 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Objection is premature; witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; premature objection, witness will lay foundation; document is not a summary created for trial, it is a business record. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| **¹ | EXHIBIT NO.² | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 783** | 9/15/14 Receipts from Croatia | UCP033604-3668 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Objection is premature; witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; premature objection, witness will lay foundation; document is not a summary created for trial, it is a business record. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 784** | Receipts for expenses from Croatia | UCP033669-3724 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Objection is premature; witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; premature objection, witness will lay foundation; document is not a summary created for trial, it is a business record. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| **¹ | EXHIBIT NO.² | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 785** | 9/15/14 Croatia Cost Breakdown | UCP033725 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Objection is premature; witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; premature objection, witness will lay foundation; document is not a summary created for trial, it is a business record. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| **¹ | EXHIBIT NO.² | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 786** | Receipts for expenses from Croatia | UCP033726-3750 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Objection is premature; witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; premature objection, witness will lay foundation; document is not a summary created for trial, it is a business record. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| *1 | EXHIBIT NO.2 | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 787** | 9/15/14  Croatia Cost Breakdown | UCP033751 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Objection is premature; witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; premature objection, witness will lay foundation; document is not a summary created for trial, it is a business record. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 788** | Receipts for expenses from Croatia | UCP033752-3762 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Objection is premature; witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; premature objection, witness will lay foundation; document is not a summary created for trial, it is a business record. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 789** | 9/15/14 Croatia Cost Breakdown | UCP033763 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Objection is premature; witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; premature objection, witness will lay foundation; document is not a summary created for trial, it is a business record. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 790** | Receipts for expenses from Croatia | UCP033764-3772 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Objection is premature; witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; premature objection, witness will lay foundation; document is not a summary created for trial, it is a business record. |
| * | **PX 791** | 9/15/14 Croatia Cost Breakdown | UCP033773-3774 | Improper summary of voluminous materials [FRE 1006]. | Document is not a summary created for trial, it is a business record. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 792** | 9/15/14 receipts for expenses from Croatia | UCP033775-3827 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Objection is premature; witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; premature objection, witness will lay foundation; document is not a summary created for trial, it is a business record. |

337

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| **1 | **EXHIBIT NO.**2 | **DESCRIPTION** | **BATES NO.** | **OBJECTION** | **RESPONSE TO OBJECTION** |
|---|---|---|---|---|---|
| * | **PX 793** | Receipts for expenses from Croatia | UCP033828-3885 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Objection is premature; witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; premature objection, witness will lay foundation; document is not a summary created for trial, it is a business record. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 794** | Receipt for expenses from Croatia | UCP033886 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Objection is premature; witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; premature objection, witness will lay foundation; document is not a summary created for trial, it is a business record. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| **¹ | EXHIBIT NO.² | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 795** | 9/30/14 Croatia cost breakdown | UCP033887 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Objection is premature; witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; premature objection, witness will lay foundation; document is not a summary created for trial, it is a business record. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 796** | 9/30/14 receipts for expenses from Croatia | UCP033888-3890 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Objection is premature; witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; premature objection, witness will lay foundation; document is not a summary created for trial, it is a business record. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| **[1]** | **EXHIBIT NO.[2]** | **DESCRIPTION** | **BATES NO.** | **OBJECTION** | **RESPONSE TO OBJECTION** |
|---|---|---|---|---|---|
| * | **PX 797** | 9/30/14 Croatia cost breakdown | UCP033891 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Objection is premature; witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; premature objection, witness will lay foundation; document is not a summary created for trial, it is a business record. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| **[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 798** | 9/17/14 Croatia cost breakdown | UCP033892-3894 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Objection is premature; witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; premature objection, witness will lay foundation; document is not a summary created for trial, it is a business record. |

343

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 799** | 9/30/14 Croatia receipts and cost breakdown | UCP033896-3918 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Objection is premature; witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; premature objection, witness will lay foundation; document is not a summary created for trial, it is a business record. |
| * | **PX 800** | 9/15/14 Croatia Cost Breakdown | UCP033919 | Improper summary of voluminous materials [FRE 1006]. | Document is not a summary created for trial, it is a business record. |

344

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *¹ | EXHIBIT NO.² | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 801** | Receipts for expenses from Croatia | UCP033920-3958 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Objection is premature; witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; premature objection, witness will lay foundation; document is not a summary created for trial, it is a business record. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| **¹ | EXHIBIT NO.² | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 802** | Receipts for expenses from Croatia | UCP033959-3998 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Objection is premature; witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; premature objection, witness will lay foundation; document is not a summary created for trial, it is a business record. |

346

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| **¹** | **EXHIBIT NO.²** | **DESCRIPTION** | **BATES NO.** | **OBJECTION** | **RESPONSE TO OBJECTION** |
|---|---|---|---|---|---|
| * | **PX 803** | 10/15/14 receipts and expenses from Croatia | UCP034792-4850 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Objection is premature; witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; premature objection, witness will lay foundation; document is not a summary created for trial, it is a business record. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 804** | 11/29/09 email from G. Walden to M. Ridgers and W. Philipps, corrected nbc form | AONNBCU0004275 -4312 | Hearsay (FRE 801, 802); Irrelevant [401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)], not yet properly authenticated [FRE 901]. Exhibit dates to far beyond when the Policy at issue placed, when Plaintiffs' made their claim, or when ASIC adjusted and handled Plaintiffs' claim. Therefore, it has no tendency to make any fact re: Plaintiffs' causes of action any more or less true. More prejudicial than probative, cumulative (FRE 403) | Offered for a non-hearsay purpose; business record; relevant and admissible to prove bad faith and damages. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

7060051v1/102884
7060051v1/102884

| *¹ | EXHIBIT NO.² | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 805** | 01/22/2018 Susman Godfrey Fee Agreement | UCP037494-37513 | Barred by the Court's 11/30/2019 Order and untimely as not produced in discovery, irrelevant [FRE 401, 402], more prejudicial than probative [FRE 403], hearsay [FRE 801-802], lacks foundation and not properly authenticated [FRE 901]. | Produced at the earliest opportunity given Susman Godfrey's retention, appeal, and remand; relevant and admissible to prove damages and bad faith; offered for a non-hearsay purpose; business records; objection is premature, witness will authenticate; self-authentication (FRE 902). |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 806** | MSK Invoices | UCP036902-37493 | Irrelevant [FRE 401, 402], more prejudicial than probative [FRE 403], hearsay [FRE 801-802], lacks foundation and not properly authenticated [FRE 901], barred as untimely produced. | Relevant and admissible to prove bad faith and damages; offered for a non-hearsay purpose; business records; premature objection; witness will lay foundation; objection premature, witness will authenticate; self-authenticating (FRE 902); produced at earliest opportunity given Susman Godfrey's retention, appeal, and remand. |

350

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| * | **PX 807** | MSK Invoice Summary Chart | UCP037514 | Irrelevant [FRE 401, 402], more prejudicial than probative [FRE 403], hearsay [FRE 801-802], lacks foundation and not properly authenticated [FRE 901], improper summary of voluminous materials [FRE 1006], barred as untimely produced. | Relevant and admissible to prove bad faith and damages; offered for a non-hearsay purpose; business records; premature objection; witness will lay foundation; objection premature, witness will authenticate; self-authenticating (FRE 902); proper summary under FRE 1006; Plaintiffs made summary and underlying documents available to Defendant at a reasonable time; produced at earliest opportunity given Susman Godfrey's retention, appeal, and remand. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 808** | 11/27/10 email from G. Walden to M. Ridgers and W. Philips, Cc. G. Walden, L. Comerfield, S. Weiss, F. Milstein, and S. Carroll, NBC Form. | AONNBCU0004201 -4266 | Hearsay (FRE 801, 802); Irrelevant [401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)], not yet properly authenticated [FRE 901]. Exhibit dates to far beyond when the Policy at issue placed, when Plaintiffs' made their claim, or when ASIC adjusted and handled Plaintiffs' claim. Therefore, it has no tendency to make any fact re: Plaintiffs' causes of action any more or less true. More prejudicial than probative, cumulative (FRE 403) | Offered for a non-hearsay purpose; business record; relevant and admissible to prove bad faith and damages. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

| *¹ | EXHIBIT NO.² | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 810** | 12/17/09 email from A. Garber to K. Ford, FW: (No subject). | UCP032855-2887 | Hearsay (FRE 801, 802); Irrelevant [401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)], not yet properly authenticated [FRE 901]. Exhibit dates to far beyond when the Policy at issue placed, when Plaintiffs' made their claim, or when ASIC adjusted and handled Plaintiffs' claim. Therefore, it has no tendency to make any fact re: Plaintiffs' causes of action any more or less true. More prejudicial than probative, cumulative (FRE 403) | Offered for a non-hearsay purpose; business record; relevant and admissible to prove bad faith and damages. |

**PLAINTIFFS' PRE-TRIAL DISCLOSURE OF EXHIBITS PURSUANT TO L.R. 16-2.3**

354

7060051v1/102884
7060051v1/102884

1   MARC J. SHRAKE (SBN 219331)
    mshrake@fmglaw.com
2   FREEMAN MATHIS & GARY, LLP
    550 South Hope Street, Suite 2200
3   Los Angeles, California 90071
    Telephone: (213) 615-7019
4   Facsimile: (213) 615-7000

5   MICHAEL KEELEY (*Pro Hac Vice*)
    michael.keeley@clarkhill.com
6   TONI SCOTT REED (*Pro Hac Vice*)
    toni.reed@clarkhill.com
7   STRASBURGER CLARK HILL LLP
    901 Main Street, Suite 6000
8   Dallas, Texas 75202
    Telephone: (214) 651-4300
9   Facsimile: (214) 651-4330

10  CHRISTOPHER W. MARTIN (*Pro Hac Vice*)
    martin@mdjwlaw.com
11  MELINDA R. BURKE (*Pro Hac Vice*)
    burke@mdjwlaw.com
12  MARTIN, DISIERE, JEFFERSON
    & WISDOM LLP
13  9111 Cypress Waters Blvd., Suite 250
    Dallas, Texas 75019
14  Telephone: (214) 420-5500
    Facsimile: (214) 420-5501

15
16  Attorneys for Defendant
    Atlantic Specialty Insurance Company

17              UNITED STATES DISTRICT COURT

18       CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| 19 | UNIVERSAL CABLE PRODUCTIONS LLC, a Delaware limited liability company, and NORTHERN ENTERTAINMENT PRODUCTIONS LLC, a Delaware limited liability company, | Case No. 2:16-cv-04435-PA-MRW |
|---|---|---|
| 20 | | |
| 21 | | **ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST AS OF DECEMBER 27, 2019** |
| 22 | | |
| 23 | Plaintiffs, vs. | |
| 24 | ATLANTIC SPECIALTY INSURANCE COMPANY, a New York insurance company, | Pretrial Conference: January 17, 2020 Time: 1:30 p.m. Place: Courtroom 9A Judge: Honorable Percy Anderson Trial: February 18, 2020 |
| 25 | | |
| 26 | Defendant. | |

27
28

Freeman Mathis
& Gary, LLP
Attorneys at Law

own document
le.

| Exhibit No. | Description | Objection | Response to Objection |
|---|---|---|---|
| DX 1 | 07/16/10 Email string between Andrea Garber, Val Beckles and Kurt Ford (Garber Depo Ex 1) (AONNBCU0001064-1065) | Object To The Relevance Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Object On The Grounds That Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which  Evidence Is Proffered At Trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled |

| | | | to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 2 | 10/03/13 Email string between Susan Weiss and Andrea Garber, et al (Garber Depo Ex 2) (AONNBCU0000229-0231) | Object to the relevance depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Object on the grounds that probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or |

| | | | |
|---|---|---|---|
| | | | why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 3 | 11/26/13 Email from Susan Weiss to Kurt Ford, with attachment (Garber Depo Ex 3) (AONNBCU0000232-0240) | Object to the relevance depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Object on the grounds that probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind |

| | | | |
|---|---|---|---|
| | | | of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 4 | 04/24/14 Email string between Andrea Garber, Toni Peete and Susan Weiss (Garber Depo Ex 6) (AONNBCU0000787-0788) | Object to the relevance depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Object on the grounds that probative value is substantially outweighed by risk of | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: |

| | | unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).

F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF DECEMBER 27, 2019**

| | | | all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 5 | 12/06/13 Email from Andrea Garber to Kurt Ford, Randi Richmond and Curt Williams (Garber Depo Ex 7) (AONNBCU0001564-1565) | Object to the relevance depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Object on the grounds that probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why |

| | | | |
|---|---|---|---|
| | | | exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 6 | 12/11/13 Email from Andrea Garber to Bernadetta Milinovic and Wanda Phillips (Garber Depo Ex 8) AONNBCU0001748-1750) | Object to the relevance depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Object on the grounds that probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind |

| | | | |
|---|---|---|---|
| | | | of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 7 | 12/11-12/13 Email string between Bernadette Milinovic, Andrea Garber and Wanda confidential Phillips (Garber Depo Ex 9) (AONNBCU0001494-1497) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Object to the relevance depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Object on the grounds that probative value is | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is |

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801; (4) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6).

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is |
|---|---|---|---|

| | | | |
|---|---|---|---|
| | | | relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 8 | 12/12-13/13 Email string between Mark Binke and Andrea Garber, et al (Garber | Object to the relevance depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Object on the grounds that probative value is | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should |

| | | |
|---|---|---|
| | Depo Ex 11) (AONNBCU0001558-1561) | substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).

F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 9 | 06/15-16/14 Email string between Andrea Garber and Susan Weiss, et al (Garber Depo Ex 13) (AONNBCU0000106-110) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Object to the relevance depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Object on the grounds that probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801; (4) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or |

own document
ie.

| | | | conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6).<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 1( | 06/15-16/14 Email string between Andrea Garber and Curt Williams, et al (Garber Depo Ex 14) (AONNBCU0000102-105) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Object to the relevance depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Object on the grounds that probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. |

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF DECEMBER 27, 2019**

| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time |
|---|---|---|---|

own document e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 1 | 07/01/14 and 06/15-16/14 Email string between Susan Weiss and Kurt Ford, et al (Garber Depo Ex 15) (UCP000475-479) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Object to the relevance depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Object on the grounds that probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is |

| | | | relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 12 | 07/01/14 and 06/15-16/14 Email string between Susan Weiss and Kurt Ford, et al | Object on the grounds that probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should |

| | | | |
|---|---|---|---|
| | (Garber Depo Ex 16) (UCP000361-366) | delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 1 | 07/01-02/14 and 06/15-16/14 Email string between Malika Adams and Kurt Ford, et al (Garber Depo Ex 17) (UCP000860-866) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Object to the relevance depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Object on the grounds that probative value is | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is |

| | | substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. |
| --- | --- | --- | --- |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or |

| | | | |
|---|---|---|---|
| | | | why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 14 | 07/01-03/14 and 06/15-16/14 Email string between Malika Adams and Kurt Ford, et al (Garber Depo Ex 18) (UCP000870-877) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Object to the relevance depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Object on the grounds that probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents |

| | | | affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of |

| | | | |
|---|---|---|---|
| | | | the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 15 | 11/15/13 Email from Wanda Phillips to Susan Weiss, Andrea Garber and Toni Peete, with attachment (Garber Depo Ex 19) (AONNBCU0000341-351) | Object to the relevance depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Object on the grounds that probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or |

| | | | |
|---|---|---|---|
| | | | why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 16 | 03/23/15 Email from Susan Weiss to Wendy Diaz (Garber Depo Ex 20) (ATL 000003-000004) | Object to the relevance depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Object on the grounds that probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | |
|---|---|---|
| | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 17 | Chart:  NBCUniversal Ground Up Scripted TV Losses – Actual Deductibles – March 2015 (Garber Depo Ex 22) (ATL 000011-000016) | Object to the relevance depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Object on the grounds that probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not |

| | | wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |

| DX 18 | 07/15/14 Max Security Intelligence Email to Stephen Smith (Garber Depo Ex 24) (UCP002094-2098) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in |

| | | | |
|---|---|---|---|
| | | | order to testify regarding what information NBC received regarding what was going on in Israel. |
| DX 19 | 07/14/14 9:31 a.m. Email from Randi Richmond to Andrea Garber (Garber Depo Ex 27) (UCP000604) | Object to the relevance depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Object on the grounds that probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why |

| | | | |
|---|---|---|---|
| | | | exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 20 | 07/14/14  9:41 a.m. Email from Andrea Garber to Randi Richmond (Garber Depo Ex 28) (UCP001793) | Object to the relevance depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Object on the grounds that probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind |

| | | | of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 2 | 07/14/14 Email string between Mark Binke, Andrea Garber and Randi Richmond (Garber Depo Ex 29) (UCP000418) | Object to the relevance depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Object on the grounds that probative value is substantially outweighed by risk of | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: |

| | | unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403) | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).

F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time |
|---|---|---|---|

| | | | |
|---|---|---|---|
| | | | of the facts giving rise to Plaintiffs' claims. |
| DX 22 | 07/14/14 Email string between Andrea Garber, Mark Binke and Randi Richmond (Garber Depo Ex 30) (UCP000442-443) | Object to the relevance depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Object on the grounds that probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. |

| | | | |
|---|---|---|---|
| | | | Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 2 | Chart:  2014 – 6/30/2015 NBCU TV Claims – One Beacon – Last Updated 12/29/16 (Garber Depo Ex 31) (ATL004549) | Object to the relevance depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Object on the grounds that probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind |

| | | | of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 24 | 07/28/14 Email from Pamela Johnson to Susan Weiss and Andrea Garber, with attached | If Offered To Prove The Truth Thereof, Inadmissible Hearsay And No Exception Is Applicable (F.R.E. 801, 802); Object To The Relevance Depending On Purpose For Which The | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: |

| | letter (Garber Depo Ex 36) (UCP000374-382) | Evidence Is Proffered At Trial (F.R.E. 401); Object On The Grounds That Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801; (4) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6). F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or |

| | | | in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).

F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 25 | 07/28/14 | Email from Pamela Johnson to Susan Weiss and | Object To The Relevance Depending On Purpose For Which The Evidence | Plaintiff has listed exhibit on its list and, therefore, exhibit should be |

| | | |
|---|---|---|
| | Andrea Garber, with attached letter (Garber Depo Ex 37) (AONNBCU0002769-2777) | Is Proffered At Trial (F.R.E. 401); Object On The Grounds That Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).

F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled |

|  |  |  | to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| --- | --- | --- | --- |
| DX 26 | Motion Picture/Television Producers Portfolio Declarations, Policy Number MP00163-04, Period 01/01/14 to 06/30/15 (Garber Depo Ex 38) (ATL001575-1629) (referenced in Johnson's Deposition). | No Objection Other Than That This Exhibit Is Duplicative Of Plaintiffs' Exhibit (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: Exhibit is not duplicative, or, if so, Plaintiffs fail to identify what document is duplicative. If document is truly duplicative, but there is no other objection, then there is no merit-based objection to this exhibit. |
| DX 27 | 10/26/09 and 11/24/09 Email string between Susan Weiss and Kurt Ford, with attachments (Garber Depo Ex 39) (AONNBCU0000916-946) | Object To The Relevance Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Object On The Grounds That Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not |

| | | Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |

| DX 28 | 07/17/14 Email string between Susan Weiss and Andrea Garber (Garber Depo Ex 40) (UCP000367-368) | Object To The Relevance Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Object On The Grounds That Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of |

| | | all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|
| DX 29 | Motion Picture/Television Producers Portfolio Declarations for Period 01/01/14 to 06/30/15 (Weiss Depo Ex 20-A) (ATL 000021-75) | Object To The Relevance Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Object On The Grounds That Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).

F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why |

own document
ie.

| | | | exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 30 | Email from Martin Ridgers to George Walden and Susan Weiss (Weiss Depo Ex 42) (AONNBCU0003965-3966) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403).  If Offered To Prove The Truth Thereof, Inadmissible Hearsay And No | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several |

| | | Exception Is Applicable (F.R.E. 801, 802). | statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801; (4) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6). |
|---|---|---|---|
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |

| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 31 | 01/17/10 Email from Susan Weiss to Wanda Phillips (Weiss Depo Ex 44) (AONNBCU0001048) | If Offered To Prove The Truth Of Facts Stated Therein, Inadmissible Hearsay And No Exception Is Applicable (F.R.E. 801, 802); Improper Lay Opinion (F.R.E. 701); No Evidence Sufficient To Support A Finding As To The Identity Of The Author Or That He/She Has Personal Knowledge Of The Factual Matter Stated (F.R.E. 602); | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show |

| | | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403). | information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.

F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702.

F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | order to testify regarding what information NBC received regarding what was going on in Israel. |
|---|---|---|---|
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of |

own document
ie.

| | | | all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 32 | Motion Picture Television Portfolio General Conditions (Weiss Depo Ex 47) (AONNBC&0004043-4050) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403).  If Offered To Prove The Truth Thereof, Inadmissible Hearsay And No Exception Is Applicable (F.R.E. 801, 802). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. |

| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
| | | | |
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time |

| | | | of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 33 | About Aon (http://www.aon.com/about-aon/about-aon.jsp)  (Weiss Depo Ex 48) (ATL005253-5254) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is |

| | | | irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 34 | 06/07/14 Email string between Susan Weiss and Andrea | Object To The Relevance Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should |

own document
e.

| Garber (Weiss Depo Ex 53) (AONNBCU0000188-189) | Object On The Grounds That Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, |

own document e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 35 | 06/07-26/14 Email string between Randi Richmond and Susan Weiss, et al (Weiss Depo Ex 54) (AONNBCU0000181-185) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice |

own document
ue.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 3[ | 07/01/14 and 06/15-16/14 Email string between Susan Weiss, Kurt Ford and Andrea Garber, et al (Weiss Depo Ex 55) (UCP000413-417) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403).  If Offered To Prove The Truth Thereof, Inadmissible Hearsay And No Exception Is Applicable (F.R.E. 801, 802). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents |

| | | | affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801; (4) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6). |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
| | | | F.R.E. 403 – Objection is conditional, and therefore not |

| | | | binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 37 | 07/01/14 and 06/15-16/14 Email string between Susan Weiss, Kurt Ford and Andrea Garber, et al (Weiss Depo Ex 56) (UCP000344-349) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of |

| | | | 403). If Offered To Prove The Truth Thereof, Inadmissible Hearsay And No Exception Is Applicable (F.R.E. 801, 802). | mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).


F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, |

|  |  |  | misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 38 | 07/14/14 Email between Susan Weiss, Andrea Garber and Deborah Kizner, with attachment (Weiss Depo Ex 57) (AONNBCU0001874) | If Offered To Prove The Truth Of Facts Stated Therein, Inadmissible Hearsay And No Exception Is Applicable (F.R.E. 801, 802); Improper Lay Opinion (F.R.E. 701); No Evidence Sufficient To Support A Finding As To The Identity Of The Author Or That He/She Has Personal Knowledge Of The Factual Matter Stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency |

| | | Presenting Cumulative Evidence (F.R.E. 403). | (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |

| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time |

own document
ie.

| | | | of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 39 | 07/14/14 Email string between Susan Weiss, Andrea Garber and Deborah Kizner, with attachment (Weiss Depo Ex 58) (AONNBCU0002087-2089) | If Offered To Prove The Truth Of Facts Stated Therein, Inadmissible Hearsay And No Exception Is Applicable (F.R.E. 801, 802); Improper Lay Opinion (F.R.E. 701); No Evidence Sufficient To Support A Finding As To The Identity Of The Author Or That He/She Has Personal Knowledge Of The Factual Matter Stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no |

own document
le.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702.

F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel.

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind |

| | | | of all parties involved at time of claim (NBC, ASIC, Aon, etc.). F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 40 | 07/14/14 Email from Variety Daily Headlines to Susan Weiss, with attachment (Weiss | If Offered To Prove The Truth Of Facts Stated Therein, Inadmissible Hearsay And No Exception Is Applicable (F.R.E. 801, 802); Improper Lay Opinion (F.R.E. 701); No Evidence | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should |

| | | |
|---|---|---|
| | Depo Ex 59) (AONNBCU0003788-3789) | Sufficient To Support A Finding As To The Identity Of The Author Or That He/She Has Personal Knowledge Of The Factual Matter Stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403). | Plaintiffs withdraw the exhibit, ASIC's response is as follows: <br><br> F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. <br><br> F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702. |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
| | | | |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
| | | | |
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why |

own document
te.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | |
|---|---|---|---|
| | | | exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 41 | 07/14-15/14 Email string between Michael Arevalo and Susan Weiss (Weiss Depo Ex 60) (AONNBCU0000128-130) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403).  If Offered To Prove The Truth Thereof, Inadmissible Hearsay And No | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:  F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several |

| | | Exception Is Applicable (F.R.E. 801, 802). | statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801; (4) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6). F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
|---|---|---|---|

own document ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST AS OF DECEMBER 27, 2019**

| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 42 | 07/14-15/14 Email string between Andrea Garber and Susan Weiss (Weiss Depo Ex 61) (AONNBCU0003640-3643) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence, | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. |

| | | Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).

F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| --- | --- | --- | --- |

own document
ie.

| DX 4; | 07/16-17/14 Email string between Susan Weiss and Danny Gutterman, et al (Weiss Depo Ex 62) (UCP000854-855) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403).  If Offered To Prove The Truth Thereof, Inadmissible Hearsay And No Exception Is Applicable (F.R.E. 801, 802). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:

F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801; (4) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, |

| | | | therefore, are an exception to hearsay under F.R.E. 803(6). |
| --- | --- | --- | --- |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, |

own document
ie.

| | | | |
|---|---|---|---|
| | | | ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 44 | 07/17/14 Max Security Email to Stephen Smith (Atlantic/Smith Depo Ex 102) (UCP018093-18097) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Likely to mislead or confuse, waste time (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) document is not offered for the truth, but rather to show information acted upon/state of mind of NBC or AON at the time; (3) document not offered for the truth, but rather to show information acted upon/state of mind of other witnesses.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this |

| | | | |
|---|---|---|---|
| | | | exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or |

own document
ne.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF DECEMBER 27, 2019**

| | | | is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 45 | 07/09/14 Travel Tracker Proactive Email to Stephen Smith (Atlantic/Smith Depo Ex 103) (UCP002306-2307) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) document is not offered for the truth, but rather to show information acted upon/state of mind of NBC or AON at the time; (3) document not offered for the truth, but rather to show information acted upon/state of mind of other witnesses. |

| | | | |
|---|---|---|---|
| | | | F.R.E. 602 – Witness has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
| DX 4( | Travel Tracker Proactive Email to Stephen Smith (Atlantic/Smith Depo Ex 104) (UCP002606-2607) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) document is not offered for the truth, but rather to show information acted upon/state of mind of NBC or AON at the time; (3) document not offered for the truth, but rather to show information acted upon/state of mind of other witnesses. |

wn document
1e.

| | | | |
|---|---|---|---|
| | | | F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
| DX 47 | 05/01/14 and 04/30/14 Email string between Stephen Smith and Randi Richmond (Atlantic/Smith Depo Ex 105) (UCP003562-3564) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind |

| | | | of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 48 | 05/22/14 Email string between Stephen Smith and Randi Richmond, with attachment | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should |

| | | |
|---|---|---|
| | (Atlantic/Smith Depo Ex 106) (UCP001877-2887) | needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF DECEMBER 27, 2019**

| | | | ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 49 | 06/14/14 Email string between Randi Richmond, Stephen Smith and Jay Footlik (Atlantic/Smith Depo Ex 107) (UCP001873-1876) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Any probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information |

|  |  |  | received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |

own document
e.

| | | | |
|---|---|---|---|
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 50 | 06/13/14 The Times of Israel article: PM to Kerry:  Feared abductions a result of Hamas entry into government (Atlantic/Smith Dep Ex 108) (No Bates Stamp) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is |

| | | of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.

F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702.


F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this |

| | | | |
|---|---|---|---|
| | | | exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or |

own document
ie.

ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF DECEMBER 27, 2019

| | | | |
|---|---|---|---|
| | | | is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 5 | 06/15/14 Max Security Intelligence Email to Stephen Smith (Atlantic/Smith Depo Ex 111) (UCP 002524 – 2529) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency |

| | | | |
|---|---|---|---|
| | | | (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
| DX 52 | 06/15/14 Email string between Randi Richmond and Stephen Smith (Atlantic/Smith Depo Ex 112) (UCP 002160 – 2161) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is |

| | | | relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 5? | 06/15/14 Email string between Randi Richmond and Stephen | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should |

| | Smith (Atlantic/Smith Depo Ex 113) (UCP001091-001092) | confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | |
|---|---|---|---|
| | | | ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 54 | 06/15/14 Email string between Stephen Smith and Max Security (Smith Depo Ex 114) (UCP002491-2495) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | |
|---|---|---|---|
| | | | rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
| DX 55 | 06/15/14 Email string between Stephen Smith and Randi Richmond (Smith Depo Ex 115) (UCP000815-817) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:

F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency |

| | | | (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. |
| | | | F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702. |
| | | | F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

|  |  |  | Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
|---|---|---|---|
|  |  |  | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |

own document
e.

| DX 5c | 06/15-16/14 Email string between Stephen Smith and Randi Richmond (Smith Depo Ex 116)(UCP001165-1168) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:

F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.

F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what |

|  |  |  | information NBC received regarding what was going on in Israel.<br><br>F.R.E. 701 – F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit or, if any, which opinions are objectionable; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
|---|---|---|---|

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF DECEMBER 27, 2019**

| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 57 | 06/06/14 Max Security Intelligence Email to Stephen Smith (Smith Depo Ex 117)(UCP002337-2340) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered |

| | | | |
|---|---|---|---|
| | | | for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
| DX 58 | 06/16/14 Email string between Stephen Smith, Paige Potter, Whitney Hallock and Warren | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should |

| | Yass (Smith Depo Ex 118) (UCP001155-1157) | 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702. |

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF DECEMBER 27, 2019**

| | | | F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why |
|---|---|---|---|

| | | | |
|---|---|---|---|
| | | | exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 59 | 06/17/14 Email string between Stephen Smith and Randi Richmond (Smith Depo Ex 119) (UCP001129-1130) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind |

| | | | |
|---|---|---|---|
| | | | of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 60 | 06/22/14 Max Security Intelligence Email to Stephen Smith (Smith Depo Ex 120) (UCP001860-1863) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should |

| | | he/she has personal knowledge of the factual matter stated (F.R.E. 602). | Plaintiffs withdraw the exhibit, ASIC's response is as follows: |
|---|---|---|---|
| | | | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.

F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received |

| | | | |
|---|---|---|---|
| | | | regarding what was going on in Israel. |
| DX 61 | 06/23/14 and 06/19/14 Email string between Randi Richmond, Stephen Smith and Mark Binke<br>(Smith Depo Ex 121)<br>(UCP002576-2578) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or |

| | | | |
|---|---|---|---|
| | | | why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 62 | 06/23/14 Max Security Intelligence Email to Stephen Smith (Smith Depo Ex 122) (UCP_003782-3785) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating |

| | | | within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. |
|---|---|---|---|
| | | | F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
| DX 6 | 06/24/14 Max Security Intelligence Email to Stephen Smith (Smith Depo Ex 123) (UCP002205-2207) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of |

| | | | mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
| DX 64 | 06/29/14 Max Security Intelligence Email to Stephen Smith (Smith Depo Ex 124) (UCP002704-2706) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: |

| | | he/she has personal knowledge of the factual matter stated (F.R.E. 602). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |

own document
ie.

| DX 65 | 06/30/14 Email from Randi Richmond to Stephen Smith (Smith Depo Ex 125) (UCP002518) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of |

| | | | |
|---|---|---|---|
| | | | all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 6( | 06/30/14 Max Security Intelligence Email to Stephen Smith (Smith Depo Ex126) (UCP002579-2582) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. |

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
|---|---|---|---|
| DX 67 | 06/30/14 Email string between Stephen Smith and Randi Richmond (Smith Depo Ex 127) (UCP002092-2093) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind |

| | | | |
|---|---|---|---|
| | | | of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 68 | 06/30/14 Email from Max Security to Stephen Smith (Smith Depo Ex 128) (UCP002503-2506) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should |

| | | he/she has personal knowledge of the factual matter stated (F.R.E. 602) | Plaintiffs withdraw the exhibit, ASIC's response is as follows: |
|---|---|---|---|
| | | | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. |
| | | | F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| DX 69 | 07/01/14 Email from Chris Biggs to Stephen Smith, with attachment (Smith Depo Ex 129) (UCP002790-2800) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized |

|  |  |  | knowledge within the scope of F.R.E. 702.

F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel.

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
|---|---|---|---|

| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 70 | 07/01/14 Max Security Intelligence Email to Stephen Smith (Smith Depo Ex 130) (UCP002473-2476) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered |

| | | | for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
| DX 71 | 07/01/14 and 06/30/14 Email string between Mark Binke and | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should |

| | Stephen Smith (Smith Depo Ex 131) (UCP001971-1972) | confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, |

| | | | ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 72 | 07/01/14 Email from Stephen Smith to Mark Binke (Smith Depo Ex 132) (UCP001065-1067) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information |

| | | | received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind |

| | | | |
|---|---|---|---|
| | | | of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 73 | 07/01/14 Country Risk Forecast and Travel Email to Stephen Smith (Smith Depo Ex 133) (UCP002519-2520) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); No evidence sufficient to support a finding as to the identity of the author or that | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should |

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | he/she has personal knowledge of the factual matter stated (F.R.E. 602). | Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) document is not offered for the truth, but rather to show information acted upon/state of mind of NBC or AON at the time; (3) document not offered for the truth, but rather to show information acted upon/state of mind of other witnesses.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |

| DX 74 | 07/01/14 Max Security Intelligence Email to Stephen Smith (Smith Depo Ex 134) (UCP002240-2242) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) document is not offered for the truth, but rather to show information acted upon/state of mind of NBC or AON at the time; (3) document not offered for the truth, but rather to show information acted upon/state of mind of other witnesses.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received |

own document
ne.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | |
|---|---|---|---|
| | | | regarding what was going on in Israel. |
| DX 75 | 07/02/154 Email from Chris Biggs to Stephen Smith (Smith Depo Ex 135) (UCP002363-2367) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information |

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF DECEMBER 27, 2019**

| | | | received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind |

own document
1e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | |
|---|---|---|---|
| | | | of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 7 | 07/02/14 Email string between Mark Binke, Randi Richmond and Stephen Smith (Smith | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should |

| | | | |
|---|---|---|---|
| | Depo Ex 136) (UCP_003672-3674) | a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702. |

|  |  |  | F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why |
|  |  |  |  |

| | | | |
|---|---|---|---|
| | | | exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 7 | 07/02/14 Max Security Intelligence Email to Stephen Smith (Smith Depo Ex 137) (UCP002676-2680) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several |

| | | | statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
|---|---|---|---|
| DX 78 | 07/03/14 Max Security Intelligence Email to Stephen Smith (Smith Depo Ex 138) (UCP002219-2593) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is |

| | | | |
|---|---|---|---|
| | | | hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
| DX 79 | 07/03/14 Email string between Brian Brady and Stephen Smith (Smith Depo Ex 139) (UCP002592-2593) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should |

| | | confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 80 | 07/03/14 Email from Stephen Smith to Erin Noordeloos (Smith Depo Ex 140) (UCP002099) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice |

| | | | |
|---|---|---|---|
| | | | outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 81 | 07/03/14 Max Security Email string to Stephen Smith (Smith Depo Ex 141) (UCP002727-2731) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents |

own document
ie.

| | | | |
|---|---|---|---|
| | | | affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
| DX 82 | 07/03/14 Email from Stephen Smith to Tom McCarthy (Smith Depo Ex 142) (UCP_003924-3926) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show |

own document
ıe.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

<table>
<tr><td></td><td></td><td>outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403).</td><td>information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.

F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702.

F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in</td></tr>
</table>

own document
e.

132

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF DECEMBER 27, 2019**

| | | | order to testify regarding what information NBC received regarding what was going on in Israel.

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).

F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of |

own document
ie.

| | | | all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 83 | 07/03/14 Email from Penelope Kennedy to Stephen Smith (Smith Depo Ex 143) (UCP001975-1976) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. |

own document
1e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF DECEMBER 27, 2019**

| | | | F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
|---|---|---|---|
| DX 84 | 07/04/14 Email from Chris Biggs to Stephen Smith (Smith Depo Ex 144) (UCP002841-2842) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several |

| | | needlessly presenting cumulative evidence (F.R.E. 403). | statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.

F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel.

F.R.E. 701 – F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit or, if any, which opinions are objectionable; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other |
|---|---|---|---|

| | | | specialized knowledge within the scope of F.R.E. 702.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled |
|---|---|---|---|

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST AS OF DECEMBER 27, 2019**

| | | | to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 85 | 07/04-05/14 Email string between Stephen Smith and Erin Noordeloos (Smith Depo Ex 145) (UCP_003971-3972) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or |

| | | | why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 86 | 07/05/14 Max Security Intelligence Email to Stephen Smith (Smith Depo Ex 146) (UCP002149-2154) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents |

| | | | |
|---|---|---|---|
| | | | affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
| DX 87 | 07/07/14 Max Security Intelligence Email to Stephen Smith (Smith Depo Ex 147) (UCP002422-2426) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals |

own document
ie.

| | | | |
|---|---|---|---|
| | | | identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801;<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel |
| DX 88 | 07/07/14 Email from Chris Biggs to Stephen Smith, with attachment (Smith Depo Ex 148) (UCP002569) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered |

| | | 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. |
|---|---|---|---|
| | | | F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
| | | | F.R.E. 701 – F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit or, if any, which opinions are objectionable; |

ɔwn document
ɪe.

| | | | all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF DECEMBER 27, 2019**

| | | | is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 89 | 07/07/14 Email from Chris Biggs to Stephen Smith (Smith Depo Ex 149) (UCP001865) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |

| | | | |
|---|---|---|---|
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 90 | 07/07/14 Max Security Intelligence Email to Stephen Smith (Smith Depo Ex 150) (UCP002816-2820) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered |

| | | | for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
| DX 9... | 07/08/14 Email from Stephen Smith to Randi Richmond (Smith Depo Ex 151) (UCP001855-1856) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: |

| | | a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
|---|---|---|---|

ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF DECEMBER 27, 2019

| | | | F.R.E. 701 – F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit or, if any, which opinions are objectionable; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702.

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).

F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or |
|---|---|---|---|

own document
1e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | |
|---|---|---|---|
| | | | why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 92 | 07/08/14 Max Security Intelligence Email to Stephen Smith (Smith Depo Ex 152) (UCP001845-1849) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party- |

| | | | |
|---|---|---|---|
| | | | opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.

F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
| DX 93 | 07/08/14 Email from Chris Biggs to Stephen Smith, with attachment (Smith Depo Ex 153) (UCP002813) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: |

own document
ie.

| | | of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |

| | | | F.R.E. 701 – F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit or, if any, which opinions are objectionable; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702.

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).

F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or |
|---|---|---|---|

| | | | |
|---|---|---|---|
| | | | why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 94 | 07/08/14 Email string between Chris Biggs and Stephen Smith (Smith Depo Ex 154) (UCP002046-2052) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party- |

| | | needlessly presenting cumulative evidence (F.R.E. 403). | opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. |
| --- | --- | --- | --- |
| | | | F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
| | | | F.R.E. 701 – F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit or, if any, which opinions are objectionable; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other |

| | | | specialized knowledge within the scope of F.R.E. 702. |
|---|---|---|---|
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled |

own document
le.

| | | | |
|---|---|---|---|
| | | | to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 95 | 07/08/14 Email string between Christ Biggs and Stephen Smith (Smith Depo Ex 155) (UCP002294-002301) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, |

own document
ie.

during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel.

F.R.E. 701 – F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit or, if any, which opinions are objectionable; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702.

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is

| | | | relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 96 | 07/08/14 TravelTracker Proactive Email to Stephen | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should |

| | Smith (Smith Depo Ex 156) UCP002681-2682) | confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, |

| | | | |
|---|---|---|---|
| | | | ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 97 | 07/08/14 Email string between Stephen Smith and Randi Richmond (Smith Depo Ex 157) (UCP001669) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving |

| | | | |
|---|---|---|---|
| | | | rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
| DX 98 | 07/08/14 TravelTracker Proactive Email to Stephen Smith (Smith Depo Ex 158) (UCP002477-2478) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency |

| | | | (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. |
| | | | F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
| DX 99 | 07/08/14 TravelTracker Proactive Email to Stephen Smith (smith Depo Ex 159) (UCP001977-1978) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party- |

| | | | |
|---|---|---|---|
| | | | opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
| DX 10 | 07/08/14 Max Security Intelligence Email to Stephen Smith (Smith Depo Ex 160) (UCP002828-2831) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered |

own document
ie.

| | | probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.

F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702.

F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF DECEMBER 27, 2019**

| | | | personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 10 | 07/09/14 Email string between Mark Winemaker and Stephen Smith (Smith Depo Ex 161) (UCP000913-914) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. |

| | | | F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
| | | | |
| | | | F.R.E. 701 – F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit or, if any, which opinions are objectionable; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702. |
| | | | |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

|  |  |  | Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
|  |  |  | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |

| DX 10 | 07/09/14 Email from Chris Biggs to Stephen Smith, with attachment (Smith Depo Ex 162) (UCP002181-2188) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what |

| | | | information NBC received regarding what was going on in Israel. |
|---|---|---|---|
| | | | F.R.E. 701 – F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit or, if any, which opinions are objectionable; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702. |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 10 | 07/08-09/14 Email string between Stephen Smith, Tom McCarthy, Randi Richmond and others (Smith Depo Ex 163) (UCP002405-2406) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered |

| | | | for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. |
| | | | F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
| DX 10 | 07/09/14 Country Risk Forecast Email to Stephen Smith (Smith Depo Ex 164) (UCP002683-2684) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should |

own document
ie.

| | | 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702. |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why |
|---|---|---|---|

| | | | |
|---|---|---|---|
| | | | exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 10 | 07/09/14 Email string between Mark Binke, Jeff Wachtel, Stephen Smith and Randi Richmond, with attachment (Smith Depo Ex 165) (UCP000658-666) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals |

| | | jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel.<br><br>F.R.E. 701 – F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit or, if any, which opinions are objectionable; all testimony rationally based on information received and acted upon; no testimony based on |

own document
e.

| | | | scientific, technical, or other specialized knowledge within the scope of F.R.E. 702.

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).

F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of |
|---|---|---|---|

own document ie.

| | | | |
|---|---|---|---|
| | | | the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 10 | 07/09/14 Email from Chris Biggs to Stephen Smith (Smith Depo Ex 166) (UCP002393) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:

F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.

F.R.E. 602 – Witnesses has personal knowledge of what |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

|  |  |  | information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel.<br><br>F.R.E. 701 – F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit or, if any, which opinions are objectionable; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 10 | 07/09/14 Email string between Chris Biggs and Stephen Smith | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should |

| | | |
|---|---|---|
| | (Smith Depo Ex 167) (UCP002243-2244) | substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of |

| | | | the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 1( | 07/09/14 Email string between Stephen Smith and Cory Shields (Smith Depo Ex 168) (UCP002821) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why |

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 10 | 07/09/14 Email from Stephen Smith to Brian Brady (Smith Depo Ex 169) (UCP002324) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several |

| | | | statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. |
|---|---|---|---|
| | | | F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
| DX 1 | 07/09/14 Max Security Intelligence Email to Stephen Smith (Smith Depo Ex 170) (UCP002372-2376) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is |

| | | 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.

F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702.

F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this |
|---|---|---|---|

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF DECEMBER 27, 2019**

| | | | exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or |
|---|---|---|---|

own document
1e.

ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF DECEMBER 27, 2019

| | | | is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 1 | 07/10/14 Email from Chris Biggs to Erin Noordeloos and Stephen Smith (Smith Depo Exhibit 171) (UCP002468-2470) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating |

| | | | |
|---|---|---|---|
| | | | within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
| DX 1 | 07/10/14 TravelTracker Proactive Email to Stephen Smith (Smith Depo Ex 172) (UCP001973-1974) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals |

own document
ie.

| | | confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.

F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702.

F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received |

| | | | regarding what was going on in Israel. |
|---|---|---|---|
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled |

own document
ie.

| | | | to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 1 | 07/10/14 Email from Stephen Smith to Randi Richmond (Smith Depo Ex 173) (UCP000482-483) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. F.R.E. 701 – Unclear what opinions are offered by any |

|  |  |  | declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is |
|--|--|--|--|
| | own document<br>ie. | | |

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | |
|---|---|---|
| | | relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 1 | 07/10/14 Email from Stephen Smith to Tom McCarthy and | If offered to prove the truth of facts stated therein, inadmissible hearsay and | Plaintiff has listed exhibit on its list and, therefore, exhibit should be |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | |
|---|---|---|
| | Erin Noordeloos (Smith Depo Ex 174) (UCP_004026-4027) | no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702. |

|  |  |  | F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. |

wn document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 1 | 07/10/14 Email string between Erin Noordeloos, Stephen Smith and Tom McCarthy (Smith Depo Ex 175) (UCP_004034-4036) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is |

| | | | irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 1 | 07/10/14 Email from Stephen Smith to Erin Noordeloos | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should |

| | (Smith Depo Ex 176) (UCP001955) | substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, |

| | | | |
|---|---|---|---|
| | | | ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 1 | 07/10/14 Email from Stephen Smith to Mark Binke (Smith Depo Ex 177) (UCP000993) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving |

own document
le.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | |
|---|---|---|---|
| | | | rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
| DX 1 | 07/10/14 14 Max Security Intelligence Email to Stephen Smith (Smith Depo Ex 178) (UCP002599-2603) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency |

ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF DECEMBER 27, 2019

| | | | |
|---|---|---|---|
| | | | (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
| DX 1| | 07/11/14 Max Security Intelligence Email to Stephen Smith (Smith Depo Ex 179) (UCP002288-2292) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.

F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702.

F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | |
|---|---|---|---|
| | | | regarding what was going on in Israel. |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 12 | 07/11/14 Email string between Chris Biggs and Stephen Smith (Smith Depo Ex 180) (UCP002507-2509) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. |

own document
e.

| | | | F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702. |
| | | | |
| | | | F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
| | | | |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

|  |  |  | in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).

F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|

| DX 12 | 07/11/14 Email from Stephen Smith to Mark Binke (Smith Depo Ex 181) (UCP001678-1679) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:

F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.

F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what |

own document
e.

| | | | |
|---|---|---|---|
| | | | information NBC received regarding what was going on in Israel. |
| DX 12 | 07/11/14 12:26 p.m. Max Security Intelligence Email to Stephen Smith (Smith Depo Ex 182) (UCP001851-1854) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, |

own document
ie.

| | | | |
|---|---|---|---|
| | | | during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
| DX 12 | 07/12/14 3:33 a.m.  Max Security Intelligence Email to Stephen Smith (Smith Depo Ex 183) (UCP 002514-2517) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | |
|---|---|---|---|
| | | | (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
| DX 12 | 07/12/14 12:41 p.m. Max Security Intelligence Email to Stephen Smith (Smith Depo Ex 184) (UCP001831-1834) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. |
| --- | --- | --- | --- |
| | | | F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702. |
| | | | F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received |

own document
e.

| | | | regarding what was going on in Israel.

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).

F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of |

own document
e.

| | | | all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims |
| --- | --- | --- | --- |
| DX 12 | 07/14/14 7:03 a.m.  Email string between Stephen Smith, Randi Richmond and Mark Binke (Smith Depo Ex 185) (UCP000752-753) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. |

own document
1e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
|---|---|---|---|
| DX 12 | 07/14/14 12:30 p.m. Max Security Intelligence Email to Stephen Smith (Smith Depo Ex 186) (UCP002712-2716) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents |

own document
ie.

| | | | |
|---|---|---|---|
| | | | affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. |
| | | | F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
| DX 12 | 07/15/14 7:45 a.m. Max Security Intelligence Email to Stephen Smith (Smith Depo Ex 188) (UCP002302-2305) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show |

| | | | information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
|---|---|---|---|
| DX 12 | 07/15/14 12:39 p.m. Max Security Intelligence Email to Stephen Smith (Smith Depo Ex 189) (UCP002809-2812) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF DECEMBER 27, 2019**

| | | he/she has personal knowledge of the factual matter stated (F.R.E. 602). | Plaintiffs withdraw the exhibit, ASIC's response is as follows:

F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.

F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |

own document
ie.

| | | |
|---|---|---|
| DX 12 | 07/16/14 12:40 a.m. Max Security Intelligence Email to Stephen Smith (Smith Depo Ex 190) (UCP002282-2285) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in |

| | | | |
|---|---|---|---|
| | | | order to testify regarding what information NBC received regarding what was going on in Israel. |
| DX 1 | 07/16/14 7:38 a.m. Max Security Intelligence Email to Stephen Smith (Smith Depo Ex 191) (UCP002459-2462) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | |
|---|---|---|---|
| | | | why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 13 | 07/16/14 Email from Stephen Smith to Mark Binke (Smith Depo Ex 192) (UCP001286) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party- |

| | | | |
|---|---|---|---|
| | | | opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
| DX 1? | 07/16/14 12:53 p.m. Max Security Intelligence Email to Stephen Smith (Smith Depo Ex 193) (UCP002332-2336) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. |

own document
e.

| | | | Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |

own document
le.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| DX 1? | 07/17/14 Email from Stephen Smith to Mark Binke (Smith Depo Ex 194) (UCP000736) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized |

| | | | knowledge within the scope of F.R.E. 702. |
| | | | F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |

| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 1| 07/17/14 Email from Stephen Smith to Mark Binke and Randi Richmond (Smith Depo Ex 195) (UCP_003612) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: |

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | which evidence is proffered at trial (F.R.E. 403). | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time |

| | | | |
|---|---|---|---|
| | | | of the facts giving rise to Plaintiffs' claims. |
| DX 13 | 07/18/14 Email from Stephen Smith to Mark Binke and Randi Richmond (Smith Depo Ex 196) (UCP001462) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Likely to mislead or confuse, waste time (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this |

own document
1e.

exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel.

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).

F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or

own document
ie.

228

| | | | is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 13 | 07/19/14 6:31 a.m. Max Security Intelligence Email to Stephen Smith (Smith Depo Ex 197) (UCP002557-2561) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Likely to mislead or confuse, waste time (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency |

own document
ie.

| | | | |
|---|---|---|---|
| | | | (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. |
| | | | F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |

| | | | |
|---|---|---|---|
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 13 | 07/20/14 1:43 a.m. Max Security Intelligence Email to Stephen Smith (Smith Depo Ex 198) (UCP002054-2058) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Likely to | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:  F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered |

| | | mislead or confuse, waste time (F.R.E. 403). | for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.

F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel.


F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or |

| | | | in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| DX 1: | 07/20/14 6:39 a.m. Max Security Intelligence Email to Stephen Smith (Smith Depo Ex 199) (UCP002612-2615) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Likely to mislead or confuse, waste time (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:

F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.

F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what |
|---|---|---|---|

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | information NBC received regarding what was going on in Israel. |
|---|---|---|---|
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of |

own document
ie.

| | | | |
|---|---|---|---|
| | | | the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 13 | 07/21/14 5:38 a.m. Max Security Intelligence Email to Stephen Smith (Smith Depo Ex 200) (UCP002824-2827) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Likely to mislead or confuse, waste time (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. F.R.E. 602 – Witnesses has personal knowledge of what |

own document
ie.

| | | | information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
| | | | |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
| | | | |
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice |

own document
ie.

| | | | |
|---|---|---|---|
| | | | outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 14 | 07/21/14 6:38 a.m. TravelTracker Proactive Email to Stephen Smith (Smith Depo Ex 201) (UCP002707-2709) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Likely to mislead or confuse, waste time (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents |

| | | | |
|---|---|---|---|
| | | | affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. |
| | | | F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | |
|---|---|---|---|
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 14 | 07/21/14 12:38 p.m. Max Security Intelligence Email to Stephen Smith (Smith Depo Ex 202) (UCP001958-1962) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is |

| | | Irrelevant (F.R.E. 401, 402); Likely to mislead or confuse, waste time (F.R.E. 403). | hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.

F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel.


F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. |

| | | | Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| DX 14 | 07/22/14 1:45 a.m. Max Security Intelligence Email to Stephen Smith (Smith Depo Ex 203) (UCP002762-2766) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Likely to mislead or confuse, waste time (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what |

| | | | information NBC received regarding what was going on in Israel. |
|---|---|---|---|
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high |

| | | | probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 14 | 07/22/14 11:42 a.m. Max Security Intelligence Email to Stephen Smith (Smith Depo Ex 204) (UCP002625-2628) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Likely to mislead or confuse, waste time (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency |

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF DECEMBER 27, 2019**

| | | | (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. |
| | | | F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |

| | | | |
|---|---|---|---|
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 14 | 07/23/14 7:33 a.m. Max Security Intelligence Email to Stephen Smith (Smith Depo Ex 205) (UCP002212-2215) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Likely to | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered |

| | | mislead or confuse, waste time (F.R.E. 403). | for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. |
|---|---|---|---|
| | | | F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or |

| | | | in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 14 | 07/23/14 12:25 p.m. Max Security Intelligence Email to | If offered to prove the truth thereof, inadmissible hearsay and no exception | Plaintiff has listed exhibit on its list and, therefore, exhibit should be |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | Stephen Smith (Smith Depo Ex 206) (UCP002843-002846) | is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Likely to mislead or confuse, waste time (F.R.E. 403). | admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received |

|  |  |  | regarding what was going on in Israel. |
|  |  |  | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
|  |  |  | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF DECEMBER 27, 2019**

| | | | to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 14 | 06/24/14 12:42 a.m. Max Security Intelligence Email to Stephen Smith (Smith Depo Ex 207) (UCP002319-2323) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Likely to mislead or confuse, waste time (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, |

own document
1e.

| | | | during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | |
|---|---|---|---|
| | | | why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 14 | 07/24/14 7:36 a.m. Max Security Intelligence Email to Stephen Smith (Smith Depo Ex 208) (UCP002669-2673) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Likely to mislead or confuse, waste time (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating |

own document
1e.

|  |  |  | within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.

F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel.

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |

own document
1e.

| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 14 | 07/24/14 1:39 a.m. Max Security Intelligence Email to Stephen Smith (Smith Depo Ex 209) (UCP002479-2483) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Likely to | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered |

| | | mislead or confuse, waste time (F.R.E. 403). | for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. |
|---|---|---|---|
| | | | F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or |

| | | | in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 14 | 07/25/14 9:58 a.m. Max Security Intelligence Email to | If offered to prove the truth thereof, inadmissible hearsay and no exception | Plaintiff has listed exhibit on its list and, therefore, exhibit should be |

| | Stephen Smith (Smith Depo Ex 210) (UCP002698-2702) | is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Likely to mislead or confuse, waste time (F.R.E. 403). | admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: <br><br> F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. <br><br> F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received |
|---|---|---|---|

| | | | regarding what was going on in Israel. |
|---|---|---|---|
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled |

own document
ie.

260

|  |  |  | to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 15 | 07/26/14 12:32 a.m. Max Security Intelligence Email to Stephen Smith (Smith Depo Ex 211) (UCP001966-1970) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Likely to mislead or confuse, waste time (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, |

| | | | during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or |

| | | | |
|---|---|---|---|
| | | | why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 1 | 07/26/14 12:49 p.m. Max Security Intelligence Email to Stephen Smith (Smith Depo Ex 212) (UCP002535-2539) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Likely to mislead or confuse, waste time (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating |

| | | | within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. |
| --- | --- | --- | --- |
| | | | F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |

own document
e.

| | | | |
|---|---|---|---|
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 15 | 07/27/14 1:19 p.m. Max Security Intelligence Email to Stephen Smith (Smith Depo Ex 213) (UCP_003769-3773) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Likely to | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered |

| | | mislead or confuse, waste time (F.R.E. 403). | for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.

F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel.


F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or |

| | | | |
|---|---|---|---|
| | | | in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 15 | 07/28/14 12:44 p.m. Max Security Intelligence Email to | If offered to prove the truth thereof, inadmissible hearsay and no exception | Plaintiff has listed exhibit on its list and, therefore, exhibit should be |

| | | |
|---|---|---|
| | Stephen Smith (Smith Depo Ex 214) (UCP002176-2180) | is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Likely to mislead or confuse, waste time (F.R.E. 403). | admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received |

| | | | regarding what was going on in Israel. |
|---|---|---|---|
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled |

own document
le.

269

ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF DECEMBER 27, 2019

| | | | to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 15 | 07/29/14 12:33 p.m. Max Security Intelligence Email to Stephen Smith (Smith Depo Ex 215) (UCP002104-2017) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Likely to mislead or confuse, waste time (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:

F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.

F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, |

during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel.

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).

F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or

own document
ie.

| | | | |
|---|---|---|---|
| | | | why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 15 | 07/18/14 12:18 a.m. Max Security Intelligence Email to Stephen Smith (Smith Depo Ex 216) (UCP018104-18107) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Likely to mislead or confuse, waste time (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating |

| | | | within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. |
| | | | F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |

own document
ıe.

273

| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 15 | 07/26/14 9:54 a.m. Max Security Intelligence Email to Stephen Smith (Smith Depo Ex 217) (No Bates Number) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Likely to | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered |

| | | mislead or confuse, waste time (F.R.E. 403). | for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.

F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel.

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or |

| | | | |
|---|---|---|---|
| | | | in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 15 | 07/21/14 7:00 a.m. Max Security Intelligence Email to | If offered to prove the truth thereof, inadmissible hearsay and no exception | Plaintiff has listed exhibit on its list and, therefore, exhibit should be |

| | | |
|---|---|---|
| | Stephen Smith (Smith Depo Ex 218) (No Bates Number) | is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Likely to mislead or confuse, waste time (F.R.E. 403). | admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received |

| | | | regarding what was going on in Israel. |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled |

| | | | to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 15 | 07/20/14 1:43 a.m. Max Security Intelligence Email to Stephen Smith (Smith Depo Ex 219) (No Bates Number) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:

F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.

F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony |

own document
e.

| | | | rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702. |
| | | | |
| | | | F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
| | | | |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind |

| | | | |
|---|---|---|---|
| | | | of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 15 | 07/21/14 Email from Stephen Smith to Randi Richmond (Smith Depo Ex 220) (UCP001419-1420) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should |

| | | | 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702. |

|  |  |  | F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF DECEMBER 27, 2019**

| | | | |
|---|---|---|---|
| | | | Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 16 | 07/24/14 Email from Stephen Smith to Mark Binke (Smith Depo Ex 221) (UCP001252-1253) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of |

| | | outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what |

| | | | information NBC received regarding what was going on in Israel.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high |
|---|---|---|---|

own document
1e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | |
|---|---|---|---|
| | | | probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 1( | 07/28/14 Email from Stephen Smith to Mark Binke and Randi Richmond (Smith Depo Ex 222) (UCP001274-1275) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency |

| | | | (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. |
| | | | |
| | | | F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702. |
| | | | |
| | | | F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |

| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, |
|---|---|---|---|

|  |  |  | ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 1[  ] | 07/29/14 Email from Stephen Smith to Mark Binke and Randi Richmond (Smith Depo Ex 223) (UCP_003545) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind |

wn document
ie.

|  |  |  | of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 16 | 08/05/14 Email from Stephen Smith to Mark Binke (Smith Depo Ex 224) (UCP_003252-3253) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should |

| | | 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702. |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

|  |  |  | F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. |

own document
1e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | |
|---|---|---|---|
| | | | Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 1( | 08/08/14 Email from Stephen Smith to Mark Binke (Smith Depo Ex 225) (UCP001277-1279) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of |

| | | outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what |

| | | | information NBC received regarding what was going on in Israel. |
| | | | |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
| | | | |
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | |
|---|---|---|
| | | probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 16 | 08/19/14 Email from Stephen Smith to Mark Binke, with attachment (Smith Depo Ex 231) (UCP001268-1273) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

|  |  |  | (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.

F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702.


F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
|---|---|---|---|

| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, |
|---|---|---|---|

own document e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims |
|---|---|---|---|
| DX 1( | DUPLICATIVE OF WEISS DEPO EXHIBIT 56 (UCP000344-349) | No objection. | No response. |
| DX 1( | 06/15/14-07/02/14 Email string between Kurt Ford and Susan Weiss, et al (Adams Depo Ex 241A) UCP000385-390) | Depending on which portion of the document is used, if offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403).  Among other things, the 6/16 10:a.m. email from Weiss is hearsay, inadmissible legal opinion, is likely to confuse and mislead jury, is unfairly prejudicial, cumulative (duplicative of 240) and wastes time. | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. |

| | | | Likewise, the 7/1 email from Weiss is hearsay, speculation, impermissible legal opinion, likely to confuse and mislead jury, is unfairly prejudicial, cumulative (duplicative of 240) and wastes time. | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
|---|---|---|---|---|
| | | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time |

| | | | of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 1( | 06/15/14-07/03/14 Email string between Malika Adams and Kurt Ford, et al (Adams Depo Ex 242A) (UCP003254-3261) | Depending on which portion of the document is used, if offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). Among other things, the 6/16/ 10:a.m. email from Weiss is hearsay, inadmissible legal opinion, likely to confuse and mislead jury, unfairly prejudicial, cumulative (duplicative of 240 and 241) and wastes time. Likewise, the 7/1 email from Weiss is hearsay, speculation, impermissible legal opinion, irrelevant, likely to confuse and mislead jury, | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is |

| | | | |
|---|---|---|---|
| | | unfairly prejudicial, cumulative (duplicative of 240 and 241) and wastes time.<br><br>Likewise, the 7/3  mail from Adams is hearsay, inadmissible legal opinion, irrelevant, likely to confuse and mislead jury, unfairly prejudicial, cumulative (duplicative of 240 and 241) and wastes time. | irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 1( | 06/15/14-07/07/14 Email string between Malika Adams and | Depending on which portion of the document is used, if offered to prove the truth thereof, inadmissible hearsay | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should |

| | | | |
|---|---|---|---|
| | Randi Richmond (Adams Depo Ex 243A) (UCP_002866-2872) | and no exception is applicable (F.R.E. 801, 802); Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403).  Among other things, the 6/16/ 10:a.m. email from Weiss is hearsay, inadmissible legal opinion, likely to confuse and mislead jury, unfairly prejudicial, cumulative (duplicative of 240 241, 242) and wastes time.  The 7/1 email from Weiss is hearsay, speculation, impermissible legal opinion, likely to confuse and mislead jury, unfairly prejudicial, cumulative (duplicative of 240  241, 242) and wastes time.  Likewise,  the 7/7 email from Adams is hearsay, speculation, impermissible legal opinion, irrelevant, likely to confuse and mislead jury, unfairly prejudicial. | Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |

| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 17 | 06/15/14-07/07/14 Email string between Mark Binke and Malika Adams, et al (Adams Depo Ex 244A) (UCP_003189-3196) | Depending on which portion of the document is used, if offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered |

| | | | |
|---|---|---|---|
| | | outweighed by risk of confusing the issues, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403).  Among other things: The 6/16/ 10:a.m. email from Weiss is hearsay, inadmissible legal opinion, likely to confuse and mislead jury, unfairly prejudicial, cumulative (duplicative of 240, 241, 242, 243) and wastes time; The 7/1 email from Weiss is hearsay, speculation, impermissible legal opinion, irrelevant, likely to confuse and mislead jury, unfairly prejudicial, cumulative (duplicative of 240, 241, 242, 243) and wastes time; The 7/7 8:11 p.m. email from Adams is hearsay, speculation, impermissible legal opinion, irrelevant, likely to confuse and mislead jury, unfairly prejudicial cumulative (duplicative of 243) and wastes time; The 7/7 8:31 p.m. email from Adams is hearsay, speculation, impermissible legal opinion, irrelevant, likely to | for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissbility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissbility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice |

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | confuse and mislead jury, unfairly prejudicial, and wastes time. | outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why |

own document
ie.

| | | | exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 17 | 07/07-08/14 Email string between Kurt Ford, Mark Binke and Randi Richmond (Adams Depo Ex 245A) (UCP000708) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered (F.R.E. 403).  Among other things, the Statement in Ford's 7/8 email is hearsay, inadmissible legal opinion, irrelevant, unfairly prejudicial, likely to | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:  F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several |

| | | confuse issues and mislead jury, and wastes time. | statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. |
| --- | --- | --- | --- |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, AON, etc.). |
| | | | F.R.E. 403 – Objection fails to state what prejudice exhibit contains, or why such alleged prejudice outweighs its probative value. Also, high probative value re: state of mind of all parties involved at the time of the claim. Objection further fails to state what information will mislead or confuse jury. Finally, jury must |

| | | | know what information NBC, AON, and ASIC had at time of claim. |
|---|---|---|---|
| DX 17 | General Claims Practices (Johnson Depo Ex 1) (ATL000735-744) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) all communications of OneBeacon are records made at or near the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6). |

own document
ie.

311

| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
|---|---|---|---|
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time |

own document
1e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | |
|---|---|---|---|
| | | | of the facts giving rise to Plaintiffs' claims. |
| DX 17 | 7/15/14 Email chain from Pamela Johnson to Daniel Gutterman (Johnson Depo Ex 3) (ASIC/NBC Dig Claim File – Bates No. ATL 304 - 308) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801; (4) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or |

| | | | conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6). |
|---|---|---|---|
| DX 17 | United Kingdom's website regarding travel to Israel, as it existed on 1/30/17 (https://www.gov.uk/foreign-travel-advice/israel) (Johnson Depo Ex 4) (No Bates Number) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403). If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802).  Subject of a pending Motion in Limine. | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is |

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF DECEMBER 27, 2019**

| | | | |
|---|---|---|---|
| | | | relevant to establish state of mind of all parties involved at time of claim (NBC, AON, etc.).<br><br>F.R.E. 403 – Objection fails to state what prejudice exhibit contains, or why such alleged prejudice outweighs its probative value. Also, high probative value re: state of mind of all parties involved at the time of the claim. Objection further fails to state what information will mislead or confuse jury. Finally, jury must know what information NBC, AON, and ASIC had at time of claim. |
| DX 17 | 7/16/14 Email chain from Daniel Gutterman to Daniel Gutterman (ASIC/NBC Dig Claim File – Bates No. ATL 1329 - 1335) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered |

| | | | for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6). |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
| | | | F.R.E. 403 – Objection is conditional, and therefore not |

| | | | |
|---|---|---|---|
| | | | binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 1 | United Kingdom's website update regarding travel to Israel, The West Bank and Gaza Travel Warning published on 2/3/14, as it existed on 7/15/14 (https://www.gov.uk/foreign-travel-advice/israel) (Johnson Depo Ex 6) (No Bates Number) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403). If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of |

| | | 802). Subject of a pending Motion in Limine. | mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or |

own document
ie.

318

| | | | |
|---|---|---|---|
| | | | why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 17 | 07/16/14 Email from Pamela Johnson to Pamela Johnson (Johnson Depo Ex 7) (ATL001529-1530) | No objection. | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response will follow. |
| DX 17 | 7/16/14 Calendar Entry – Meeting to Discuss War Exclusion with Gooley, T., Duffy, S., and Johnson, P. (Johnson Depo Ex 8) (ATL 001564) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) there is no statement contained in this document that constitutes hearsay. |

own document
ie.

| | | | |
|---|---|---|---|
| DX 17 | Westlaw:  Holiday Inns Inc. v. Aetna Insurance Company (Johnson Depo Ex 9) (ATL001635-1686) | | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response will follow. |
| DX 18 | 7/22/14 Email chain communicating acceptance of meeting invitation from Pamela Johnson to Theresa Gooley (Johnson Depo Ex 10) (Bates No. ATL 001814) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, |

own document
ie.

| | | | therefore, are an exception to hearsay under F.R.E. 803(6). |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, |

| | | | |
|---|---|---|---|
| | | | ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 18 | Affidavit of Pamela Johnson (Johnson Depo Ex 11) (No Bates Number) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6). |
| DX 18 | 7/28/14 Email communication from Pamela Johnson to Susan Weiss containing 7/28/14 letter from Pamela Johnson to Andrea | No objection | No response |

| | | | |
|---|---|---|---|
| | Garber (Johnson Depo Ex 12) (AONNBCU0003805 – 3093) | | |
| DX 18 | Motion Picture/Television Producers Portfolio Declarations, Policy Number MP00163-04, Period 1/1/14 to 6/30/15 (Williams Dep 2/1/17, Ex 1) (ATL003073-3127) | No objection. | No response. |
| DX 18 | Duplicative of Johnson Depo Ex 248 (ATL001101-1105) | No objection. | No response. |
| DX 18 | Core Principles – Version 09/01/12 (Gutterman Depo Ex 16) (ATL000731-732) | No objection. | No response. |
| DX 18 | 07/21-22/14 Email string between Pamela Johnson and Susan Weiss, et al (Gutterman Depo Ex 25) (AONNBCU0003242-3243) | No objection. | No response. |
| DX 18 | 7/17/14 Email between Theresa Gooley and Pamela Johnson | No objection. | No response. |

wn document
e.

323

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | (Wolf Depo Ex 31) (ATL 001571 – 001572) | | |
|---|---|---|---|
| DX 18 | DUPLICATIVE OF JOHNSON DEPO EX 252 (ATL 001847 – 1855) | No objection. | No response. |
| DX 18 | DUPLICATIVE OF Gooley Depo Ex 34 (ATL 001858 – 1866) | No objection. | No response. |
| DX 19 | 07/28/14 Email from Pamela Johnson to Susan Weiss and Andrea Garber, with attached letter (Garber Depo Ex 36) (UCP000374-382) | No objection. | No response. |
| DX 19 | 07/28/14  Email from Pamela Johnson to Susan Weiss and Andrea Garber, with attached letter (Garber Depo Ex 37) (AONNBCU0002769-2777) | No objection. | No response. |
| DX 19 | Motion Picture/Television Producers Portfolio Declarations, Policy Number MP00163-04, Period 01/01/14 | No objection. | No response. |

| | | | |
|---|---|---|---|
| | to 06/30/15 (Garber Depo Ex 38) (ATL001575-1629) | | |
| DX 19 | 07/16-17/14 Email string between Susan Weiss and Danny Gutterman, et al (Weiss Depo Ex 62) (UCP000854-855) | No objection. | No response. |
| DX 19 | 07/21-25/14 Email string between Andrea Garber and Susan Weiss, et al (Weiss Depo Ex 65) (AONNBCU0003240-3241) | No objection. | No response. |
| DX 19 | 07/14-15/14 Email string between Daniel Gutterman and Peter Williams, et al (Johnson Depo Ex 232) (ATL000513-516) | If offered to prove the truth of facts stated therein, inadmissible hearsay and multiple hearsay and no exception is applicable (F.R.E. 801, 802). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801; (4) all |

| | | | |
|---|---|---|---|
| | | | communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6). |
| DX 19 | Video (Johnson Depo Ex 233) (ATL004496) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403); Lacks | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) news production is from NBC news, so all statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency and, therefore, are not hearsay under F.R.E. 801. |

| | | authentication and none of the witnesses have personal knowledge to authenticate the video footage, in particular as to the means of obtaining, location, and timing of the footage (F.R.E. 901). | F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
| | | | |
| | | | F.R.E. 701 –Unclear what opinions are offered by any declarant in exhibit or, if any, which opinions are objectionable; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702. |
| | | | |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. |

ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF DECEMBER 27, 2019

|  |  |  | Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |

| | | | F.R.E. 901 - witnesses are able to authenticate film to the extent that the film is information they viewed and acted upon it, and that the film is a true and correct copy of the film as they perceived it at the time; witness need not to have personally filmed the video in order to authenticate the video for its intended purpose. |
|---|---|---|---|
| DX 19 | 07/16/14 Email string between Pamela Johnson and Daniel Gutterman (Johnson Depo Ex 234) (ATL000501) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801; (4) all communications of OneBeacon are records made at or near to the time |

|  |  |  | of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6). F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, |
|---|---|---|---|

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | |
|---|---|---|---|
| | | | misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 19 | Middle East Eye Article: Hamas claims responsibility for rockets fired at Jerusalem, Tel Aviv and Haifa (Johnson Depo Ex 235) (ATL004312-4318) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits.<br><br>F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702. |

own document
e.

| | | | F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel.

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).

F.R.E. 403 – Objection is conditional, and therefore not |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | |
|---|---|---|---|
| | | | binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 19 | 07/09/14 Global News: UPDATE:  Israel hits key Hamas targets in Gaza offensive (Johnson Depo Ex 236) (ATL004487-4495) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits.  F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony |

| | | confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind |

| | | | |
|---|---|---|---|
| | | | of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 20 | 07/15/14 Global News: Israel: Hamas to pay price for its 'no' truce (Johnson Depo Ex 237) (ATL004426-4429) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of |

| | | a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403).  Exhibit contains improper legal opinions. | mind of parties or individuals identified in exhibits.<br><br>F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
|---|---|---|---|

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF DECEMBER 27, 2019**

|  |  |  | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time |

own document
ie.

| | | | of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 20 | 07/16/14 The Washington Post: As cease-fire with Hamas fails to take shape, Netanyahu says, 'Our answer is fire' (Johnson Depo Ex 238) (ATL004305-4309) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits.<br><br>F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel.

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).

F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | |
|---|---|---|---|
| | | | probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 20 | 07/16/14 Email from Pamela Johnson to Pamela Johnson (Johnson Depo Ex 239) (ATL001529-1530) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6). |

| DX 20 | 07/16/14 at 5:04 Hamas From Wikipedia (Johnson Depo Ex 240) (no document numbers) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); improper lay opinion (F.R.E. 701); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); irrelevant (F.R.E. 401, 402) (including because article is dated in 2017); any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits.

F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel.

F.R.E. 701 – F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit or, if any, which opinions are objectionable; all testimony rationally based on information received and acted upon; no testimony based on |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF DECEMBER 27, 2019**

| | | | scientific, technical, or other specialized knowledge within the scope of F.R.E. 702.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, AON, etc.).<br><br>F.R.E. 403 – Objection fails to state what prejudice exhibit contains, or why such alleged prejudice outweighs its probative value. Also, high probative value re: state of mind of all parties involved at the time of the claim. Objection further fails to state what information will mislead or confuse jury. Finally, jury must know what information NBC, |

| | | | |
|---|---|---|---|
| | | | AON, and ASIC had at time of claim. |
| DX 20 | 12/02/10 Congressional Research Service:  Hamas: Background and Issues for Congress (Johnson Depo Ex 241) (ATL000431-438) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); improper lay opinion (F.R.E. 701); no evidence sufficient to support a finding that listed author has personal knowledge of the factual matter stated (F.R.E. 602); irrelevant (F.R.E. 401, 402); any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) document is not offered for the truth, but rather to show information acted upon/state of mind of NBC or AON at the time as matters considered in making coverage decisions or evaluating claims; (3) document not offered for the truth, but rather to show information acted upon/state of mind of other witnesses;  (4) public records under 803(8).

F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what |

own document
e.

|  |  |  | information NBC received regarding what was going on in Israel. |
|---|---|---|---|
|  |  |  | F.R.E. 701 – F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit or, if any, which opinions are objectionable; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702. |
|  |  |  | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |

| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 20 | Video – News Clip:  MSNBC – 07/17/14 Ground war in Gaza (ATL004498) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents |

| | | probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403); Lacks authentication and none of the witnesses have personal knowledge to authenticate the video footage, in particular as to the means of obtaining, location, and timing of the footage (F.R.E. 901). | affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 602 – NBC dispatched employees to Israel to cover events happening in real-time in Israel. All reports based on personal knowledge of NBC reporters.<br><br>F.R.E. 701 –Unclear what opinions are offered by any declarant in exhibit or, if any, which opinions are objectionable; all testimony rationally based on information personally received, or information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702.<br><br>F.R.E. 401 – Objection is conditional, and therefore not |

|  |  |  | binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|--|--|--|--|

own document
le.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | |
|---|---|---|---|
| | | | F.R.E. 901 - witnesses are able to authenticate film to the extent that the film is information they viewed and acted upon it, and that the film is a true and correct copy of the film as they perceived it at the time; witness need not to have personally filmed the video in order to authenticate the video for its intended purpose. |
| DX 20 | Westlaw:  Holiday Inns Inc. v. Aetna Insurance Company (Johnson Depo Ex 243) (ATL001635-1686) | Inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding that court which authored opinion had personal knowledge of the factual matter stated (F.R.E. 602); contains inadmissible legal opinions from author not designated as expert (Fed.R.Civ. Proc. 26); irrelevant (F.R.E. 401, 402); any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need |

| | | needlessly presenting cumulative evidence (F.R.E. 403). | personally to have been personally involved in this litigation in order to testify regarding what information ASIC had at the time of its handling of Plaintiffs' claims.<br><br>Not offered as an expert opinion, but rather as information ASIC received and acted upon in the handling of Plaintifs' claims.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why |

| | | | |
|---|---|---|---|
| | | | exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 20 | 07/16/14 Email from Pamela Johnson to Theresa Gooley (Johnson Depo Ex 244) (ATL001555) | Inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications |

| | | | |
|---|---|---|---|
| | | | are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6). |
| DX 20 | 07/14-15/14 Email string between Pamela Johnson and Daniel Gutterman, et al (Johnson Depo Ex 245) (ATL000295-299) | Inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801; (4) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, |

own document ...e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | |
|---|---|---|---|
| | | | therefore, are an exception to hearsay under F.R.E. 803(6). |
| DX 20 | 7/15/14 Email string between Pamela Johnson and Peter Williams (Johnson Depo Ex 246) (ATL 00393 – 00397) | Inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801; (4) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6). |
|---|---|---|---|
| DX 21 | 7/15/14 Email string between Pamela Johnson and Peter Williams (Johnson Depo Ex 247) (ATL 000518 - 000523) | Inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6). |
| DX 21 | 7/16/14 Email string between Pamela Johnson and Peter | Inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is |

| | | | |
|---|---|---|---|
| | Williams (Johnson Depo Ex 248) (ATL 001101 – 001105) | | hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6). |
| DX 2 | 7/17/14 Email string between Susan Weiss and Andrea Garber, Pamela Johnson (Johnson Depo Ex 249) (ATL 001724 – 001728) | No objection. | No response. |
| DX 2 | 7/22/14 Email string between Pamela Johnson and Susan Weiss, Andrea Garber (Johnson Depo Ex 250) (ATL 1818 – 1819) | No objection. | No response. |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | |
|---|---|---|---|
| DX 2 | 7/25/14 Email string between Susan Weiss and Pamela Johnson (Johnson Depo Ex 251) (ATL 000398 – 000399) | Inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801; (4) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6). |
| DX 2 | 7/28/14 Email string between Pamela Johnson and Theresa | Inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is |

| | Gooley (Johnson Depo Ex 252) (ATL 001847 – 001855) | Inadmissible legal opinion re letter from Johnson to Garber (F.R.E. 701; Fed. R. Civ. Proc. 26); no evidence sufficient to support a finding that author has personal knowledge of the factual matter stated (F.R.E. 602); author's legal opinions are irrelevant (F.R.E. 401, 402); any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time (F.R.E. 403). | hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3)  all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6).<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received |
|---|---|---|---|

| | | | regarding what was going on in Israel. |
|---|---|---|---|
| | | | F.R.E. 701 – F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit or, if any, which opinions are objectionable; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702. |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |

| | | | |
|---|---|---|---|
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 2 | 7/31/14 Email string between Andrea Garber and Pamela Johnson (Johnson Depo Ex 253) (ATL 001917 – 001918) | No objection. | No response. |
| DX 2 | 8/14/14 Email string between Mitchell Sillberberg & Knupp LLP and Pamela Johnson | No objection | No response. |

| | | | |
|---|---|---|---|
| | (Johnson Depo Ex 254) (ATL 002025 – 2032) | | |
| DX 2 | 9/18/14 Email string between Pamela Johnson and Susan Weiss (Johnson Depo Ex 255) (ATL 2177 – 2181) | Inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Inadmissible legal opinion re letter from Johnson to Garber (F.R.E. 701; Fed. R. Civ. Proc. 26); no evidence sufficient to support a finding that author has personal knowledge of the factual matter stated (F.R.E. 602); author's legal opinions are irrelevant (F.R.E. 401, 402); any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time (F.R.E. 403). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801; (4) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6). |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF DECEMBER 27, 2019**

|  |  |  | F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel.<br><br>F.R.E. 701 – F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit or, if any, which opinions are objectionable; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. |
|---|---|---|---|

| | | | Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).

F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|

own document
e.

ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF DECEMBER 27, 2019

| DX 2 | 9/30/14 Email string between Pamela Johnson and Mitchell Sillberberg & Knupp LLP (Johnson Depo Ex 256) (ATL 002217 – 002222) | Inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Inadmissible legal opinion re letter from Johnson to Garber (F.R.E. 701; Fed. R. Civ. Proc. 26); no evidence sufficient to support a finding that author has personal knowledge of the factual matter stated (F.R.E. 602); author's legal opinions are irrelevant (F.R.E. 401, 402); any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time (F.R.E. 403). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801; (4) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6).<br><br>F.R.E. 602 – Witnesses has personal knowledge of what |
|---|---|---|---|

| | | | information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
| | | | |
| | | | F.R.E. 701 – F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit or, if any, which opinions are objectionable; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702. |
| | | | |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is |

| | | | irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 22 | 12/06-10/13 Email string between Randi Richmond, Andrea Garber and Kurt Ford, | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should |

| | | |
|---|---|---|
| et al (Ford Depo Ex 294) (UCP_003149-3151) | substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, |

| | | | ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 22 | 06/15-16/14 Email string between Randi Richmond and Curt Williams, et al (Ford Depo Ex 296) (UCP001104-1106) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or |

| | | |
|---|---|---|
| | | in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 22 | 06/16/14 Email string between Kurt Ford and Andrea Garber, | Relevance, depending on purpose for which the evidence is proffered at trial | Plaintiff has listed exhibit on its list and, therefore, exhibit should be |

own document
ie.

| | | |
|---|---|---|
| | et al (Ford Depo Ex 297) (UCP_002847-2852) | (F.R.E. 401); Probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled |

own document
ie.

| | | | to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 22 | 07/01/14 Email from Kurt Ford to Susan Weiss and Deborah Kizner (Ford Depo Ex 298) (AONNBCU0000071) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or |

own document
...e.

| | | | why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 22 | 06/15/14-07/02/14 Email string between Kurt Ford and Susan Weiss, et al (Ford Depo Ex 299) (UCP_003112-3116) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind |

own document
ie.

| | | substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403).  If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims.<br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | |
|---|---|---|---|
| | | | identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. |
| DX 22 | 06/15/16-07/07/14 Email string between Malika Adams and Randi Richmond, et al (Ford Depo Ex 300) (UCP_002996-3003) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). F.R.E. 403 – Objection is conditional, and therefore not |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF DECEMBER 27, 2019**

| | | | binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 22 | 07/07-08/14 Email string between Kurt Ford and Andrea Garber, et al (Ford Depo Ex 301) (UCP000867-868) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is |

| | | | |
|---|---|---|---|
| | | | irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 22 | 07/09/14 Email string between Paige Potter and Kurt Ford, et | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should |

| | | |
|---|---|---|
| al (Ford Depo Ex 303) (UCP001415; UCP000881) | substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, |

| | | | ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 22 | 07/10/14 Email string between Mark Binke and Kurt Ford (Ford Depo Ex 304) (UCP_003312-3313) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403).  No objection other than that this exhibit is duplicative of Plaintiffs' Exhibit (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice |

| | | | |
|---|---|---|---|
| | | | outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 22 | 07/10/14 Email string between Curt Williams and Kurt Ford, et al (Ford Depo Ex 305) (UCP_003212-3214) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

|  |  |  | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 23 | 07/10/14 Email string between Brian Brady and Kurt Ford, et al (Ford Depo Ex 306) (UCP_003307-3308) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>Plaintiff has listed exhibit on its list and, therefore, exhibit should be |

| | | cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: |
|---|---|---|---|
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 2 | 07/10/14 Email string between Mark Binke and Stephen Smith, et al (Ford Depo Ex 307) (UCP001866-1867) | No objection other than that this exhibit is duplicative of Plaintiffs' Exhibit (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>Not duplicated on ASIC's Proposed Exhibit List. |
| DX 2 | 07/10/14 Email string between Andrea Garber and Kurt Ford (Ford Depo Ex 308) (UCP_003304-3306) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind |

own document
e.

| | | | |
|---|---|---|---|
| | | | of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 23 | 07/14/14 Email string between Kurt Ford and Randi Richmond (Ford Depo Ex 309) (UCP001473) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should |

| | | misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiffs withdraw the exhibit, ASIC's response is as follows: |

misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403).

Plaintiffs withdraw the exhibit, ASIC's response is as follows:

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).

F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC,

ʞwn document
ɪe.

| | | | ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 2: | 07/14/14 Email string between Mark Binke and Randi Richmond (Ford Depo Ex 310) (UCP000454) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or |

| | | | |
|---|---|---|---|
| | | | in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 23 | 07/10/14 Email string between Jeff Wachtel and Mark Binke, | No objections. | No response. |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | |
|---|---|---|---|
| | et al (Ford Depo Ex 311) (UCP018046) | | |
| DX 23 | 07/14-15/14 Email string between Kurt Ford and Curt Williams, et al (Ford Depo Ex 312) (UCP_003111; UCP_003072) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, |

| | | | |
|---|---|---|---|
| | | | misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 23 | 07/17/14 Email string between Andrea Garber and Kurt Ford, et al (Ford Depo Ex 313) (UCP000359-360) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403).  If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency |

|  |  |  | (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. |
|  |  |  | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, |

| | | | ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 23 | 07/25/14 Email string between BJ Markus and Andrea Garber (Ford Depo Ex 314) (UCP000458) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice |

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | |
|---|---|---|---|
| | | | outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 2: | 11/26/13-12/10/13 Email string between Kurt Ford and Andrea Garber, et al (Ford Depo Ex 317) (AONNBCU0000241-245) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |

own document
ie.

| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 24 | Copy of tweet from Matthew Levitt on 09/11/14 (Levitt Depo Ex 336) (No Bates Number) | If Offered To Prove The Truth Of Facts Stated Therein, Inadmissible Hearsay And No Exception Is Applicable (F.R.E. 801, 802); Improper Lay Opinion (F.R.E. 701); No Evidence Sufficient To Support A Finding As To The Identity Of The Author Or That He/She Has Personal Knowledge Of | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits. |

| | | | The Factual Matter Stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403). | F.R.E. 602 – Witnesses has personal knowledge of what information he received before, during, and after the events giving rise to the claim, and has personal knowledge of his opinions. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel, or his opinions about what was going on in Israel.<br><br>F.R.E. 701 – Exhibit authored by Plaintiffs' expert witness; Unclear what opinions are offered by any declarant in exhibit or, if any, which opinions are objectionable; all testimony rationally based on information received and acted upon testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702. |

| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). <br><br> F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time |
|---|---|---|---|

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 24 | Copy of tweet from Matthew Levitt on 07/10/14 (Levitt Depo Ex 337) (No Bates Number) | If Offered To Prove The Truth Of Facts Stated Therein, Inadmissible Hearsay And No Exception Is Applicable (F.R.E. 801, 802); Improper Lay Opinion (F.R.E. 701); No Evidence Sufficient To Support A Finding As To The Identity Of The Author Or That He/She Has Personal Knowledge Of The Factual Matter Stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits. F.R.E. 602 – Witnesses has personal knowledge of what information he received before, during, and after the events giving rise to the claim, and has personal knowledge of his opinions. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel, or his opinions about what was going on in Israel. F.R.E. 701 – Exhibit authored by Plaintiffs' expert witness; Unclear |

own document
ie.

| | | | what opinions are offered by any declarant in exhibit or, if any, which opinions are objectionable; all testimony rationally based on information received and acted upon testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice |

wn document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | |
|---|---|---|---|
| | | | outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 24 | Copy of tweet from Matthew Levitt on 04/18/16 (Levitt Depo Ex 338) (No Bates Number) | If Offered To Prove The Truth Of Facts Stated Therein, Inadmissible Hearsay And No Exception Is Applicable (F.R.E. 801, 802); Improper Lay Opinion (F.R.E. 701); No Evidence Sufficient To Support A Finding As To The Identity Of The Author Or That He/She Has Personal Knowledge Of The Factual Matter Stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits. F.R.E. 602 – Witnesses have personal knowledge of what information he received before, during, and after the events giving rise to the claim, and has personal knowledge of his opinions. Witness does not need personally |

| | | | Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403). | to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel, or his opinions about what was going on in Israel.<br><br>F.R.E. 701 – Exhibit authored by Plaintiffs' expert witness; Unclear what opinions are offered by any declarant in exhibit or, if any, which opinions are objectionable; all testimony rationally based on information received and acted upon testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind |

| | | | of all parties involved at time of claim (NBC, ASIC, Aon, etc.). F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 24 | Copy of tweet from Matthew Levitt on 07/25/14 (Levitt Depo Ex 339) (No Bates Number) | If Offered To Prove The Truth Of Facts Stated Therein, Inadmissible Hearsay And No Exception Is Applicable (F.R.E. 801, 802); Improper Lay Opinion (F.R.E. 701); No Evidence | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of |

| | | | Sufficient To Support A Finding As To The Identity Of The Author Or That He/She Has Personal Knowledge Of The Factual Matter Stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403). | mind of parties or individuals identified in exhibits.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information he received before, during, and after the events giving rise to the claim, and has personal knowledge of his opinions. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel, or his opinions about what was going on in Israel.<br><br>F.R.E. 701 – Exhibit authored by Plaintiffs' expert witness; Unclear what opinions are offered by any declarant in exhibit or, if any, which opinions are objectionable; all testimony rationally based on information received and acted upon testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702. |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).

F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 24 | Copy of tweet from Matthew Levitt on 08/12/14 (Levitt Depo Ex 340) (No Bates Number) | If Offered To Prove The Truth Of Facts Stated Therein, Inadmissible Hearsay And No Exception Is Applicable (F.R.E. 801, 802); Improper Lay Opinion (F.R.E. 701); No Evidence Sufficient To Support A Finding As To The Identity Of The Author Or That He/She Has Personal Knowledge Of The Factual Matter Stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information he received before, during, and after the events giving rise to the claim, and has personal knowledge of his opinions. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel, or his opinions about what was going on in Israel.<br><br>F.R.E. 701 – Exhibit authored by Plaintiffs' expert witness; Unclear |

own document
ie.

|  |  |  | what opinions are offered by any declarant in exhibit or, if any, which opinions are objectionable; all testimony rationally based on information received and acted upon testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice |
|---|---|---|---|

own document
e.

| | | | outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 24 | 06/12/14 Email from BJ Markus to Mark Binke, et al (Markus Depo Ex 342) (UCP005411-5506) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Confusing The Issues, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF DECEMBER 27, 2019**

| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 24 | 08/14/14 Email from Randi Richmond to Debbie Cleaver (Markus Depo Ex 343) (UCP009963-9965) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Confusing The Issues, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 401 – Objection is conditional, and therefore not |

| | | Which Evidence Is Proffered At Trial (F.R.E. 403). | binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF DECEMBER 27, 2019**

| | | | |
|---|---|---|---|
| DX 24 | 08/11/16 Chart: Production Recap Report (Markus Depo Ex 344) (UCP018226-18227) | No Objection. | No response. |
| DX 24 | 03/14/14 Email string between Brian Brady and Erin Noordeloos, et al (Richmond Depo Ex 350) (UCP001412) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Confusing The Issues, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or |

| | | | |
|---|---|---|---|
| | | | why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 24 | 03/14-17/14 Email string between Randi Richmond and Mark Binke, et al (Richmond Depo Ex 351) (UC001160-1161) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Confusing The Issues, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |

| | | | |
|---|---|---|---|
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 25 | 04/16/14 Email between Stephen Smith and Randi Richmond, with attachment (Richmond Depo Ex 352) (UCP002227-2237) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Confusing The Issues, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not |

| | | Which Evidence Is Proffered At Trial (F.R.E. 403). | binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF DECEMBER 27, 2019**

| DX 2⁵ | 04/17-22/14 Email string between Stephen Smith and Randi Richmond, et al (Richmond Depo Ex 353) (UCP_003495-3497) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Confusing The Issues, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).

F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

|  |  |  | all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 25 | 05/13/14 Email string between Randi Richmond and Stephen Smith, et al (Richmond Depo Ex 354) (UCP002407-2408) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Confusing The Issues, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why |

| | | | exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 25 | 06/16/14 Email from Randi Richmond to Mark Binke (Richmond Depo Ex 355) (UCP001082) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Confusing The Issues, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind |

| | | | of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 25 | 06/16/14 Email string between Randi Richmond and Mark Binke, et al (Richmond Depo Ex 356) (UCP001223-1226) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Confusing The Issues, Wasting Time, | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should |

| | | Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | Plaintiffs withdraw the exhibit, ASIC's response is as follows: |
|---|---|---|---|
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, |

own document
1e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 25 | 06/16/14 Email from Richard Rothstein to Randi Richmond (Richmond Depo Ex 357) (UCP001131) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Confusing The Issues, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice |

| | | | outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 2! | 06/15-16/14 Email string between Randi Richmond and Curt Williams, et al (Richmond Depo Ex 358) (UCP001101-1103) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Confusing The Issues, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |

| | | | |
|---|---|---|---|
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 25 | 06/16/14 Email string between Stephan Miller and Randi Richmond (Richmond Depo Ex 359) (UCP_003555-3558) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Confusing The Issues, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not |

| | | Which Evidence Is Proffered At Trial (F.R.E. 403). | binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|

own document
1e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| DX 25 | 06/17/14 Email from Stephen Smith to Randi Richmond (Richmond Depo Ex 360) (UC_003494) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Confusing The Issues, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of |

| | | | |
|---|---|---|---|
| | | | all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 25 | 06/18/14 Email string between Stephen Smith and Randi Richmond (Richmond Depo Ex 361) (UCP002773) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Confusing The Issues, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). F.R.E. 403 – Objection is conditional, and therefore not |

own document
ie.

| | | | binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 2( | 06/18-19/14 Email string between Randi Richmond and Stephen Smith (Richmond Depo Ex 362) (UCP000900-902) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Confusing The Issues, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is |

| | | | irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 26 | 06/19-23/14 Email string between Randi Richmond and Stephen Smith, et al (Richmond | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should |

| | Depo Ex 363) (UCP002456-2458) | Substantially Outweighed By Risk Of Confusing The Issues, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, |

| | | | |
|---|---|---|---|
| | | | ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 26 | 06/19-23/14 Email string between Randi Richmond and Mark Binke, et al (Richmond Depo Ex 364) (UCP000982-985) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Confusing The Issues, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST AS OF DECEMBER 27, 2019**

| | | | |
|---|---|---|---|
| | | | outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 2¢ | 07/02/14 Email string between Randi Richmond and Stephen Smith, et al (Richmond Depo Ex 365) (UCP00925-926) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Confusing The Issues, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |

| | | | |
|---|---|---|---|
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 26 | 07/01/14 Email string between Mark Binke and Stephen Smith, et al (Richmond Depo Ex 366) (UCP001942-1944) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Confusing The Issues, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not |

| | | Which Evidence Is Proffered At Trial (F.R.E. 403). | binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| DX 2. | 07/02/14 Email from Stephen Smith to Mark Binke and Randi Richmond (Richmond Depo Ex 368) (UCP002224-2226) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Confusing The Issues, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: |
|---|---|---|---|
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 26 | 07/07/14 Email from Stephen Smith to Randi Richmond (Richmond Depo Ex 369)(UCP001379) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Confusing The Issues, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. |

|  |  |  | Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 2( | 07/07/14 Email from Randi Richmond to Stephen Smith (Richmond Depo Ex 370) (UCP001835) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Confusing The Issues, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is |

| | | | |
|---|---|---|---|
| | | | relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 26 | 07/07/14 Email from Randi Richmond to Mark Binke | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should |

| | (Richmond Depo Ex 371) (UCP_003330) | Confusing The Issues, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 20 | 06/15/14-07/07/14 Email string between Randi Richmond and Mark Binke, et al (Richmond Depo Ex 373) (UCP_002979-2985) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Confusing The Issues, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice |

| | | | outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 27 | 06/15/14 – 07/07/14 Email string between Mark Binke and Randi Richmond, et al (Richmond Depo Ex 374) (UCP_003265-3272) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Confusing The Issues, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

|  |  |  | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 27 | 07/08/14 Email string between Randi Richmond and Mark Binke, et al (Richmond Depo Ex 375) (UCP000552-553) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Confusing The Issues, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 401 – Objection is conditional, and therefore not |

| | | Which Evidence Is Proffered At Trial (F.R.E. 403). | binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| DX 27 | 07/08/14 Email from Randi Richmond to Stephen Smith (Richmond Depo Ex 376) (UCP000953) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Confusing The Issues, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).


F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of |

| | | | all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 27 | 07/08/14 Email string between Randi Richmond and Mark Binke (Richmond Depo Ex 377) (UCP002802-2803) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Confusing The Issues, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. |

| | | | Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 27 | 07/08/14 Email from Randi Richmond to Asaf Nawi (Richmond Depo Ex 378) (UCP_003498-3499) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Confusing The Issues, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is |

own document
e.

438

| | | | relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 27 | 07/08/14 Email string between Randi Richmond and Jay | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Inadmissible Hearsay And No Exception Is | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should |

| | Footlik, et al (Richmond Depo Ex 380) (UCP000652) | Applicable (F.R.E. 801, 802); Probative Value Is Substantially Outweighed By Risk Of Confusing The Issues, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |

| | | | |
|---|---|---|---|
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 27 | 07/08/14 Email from Randi Richmond to Stephen Smith, et al (Richmond Depo Ex 381) (UCP000994) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Confusing The Issues, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not |

| | | Which Evidence Is Proffered At Trial (F.R.E. 403). | binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| DX 27 | 07/09/14 Email from Stephen Smith to Mark Winemaker, et al (Richmond Depo Ex 382) (UCP000942-943) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Inadmissible Hearsay And No Exception Is Applicable (F.R.E. 801, 802); Probative Value Is Substantially Outweighed By Risk Of Confusing The Issues, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:

F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind |

| | | | |
|---|---|---|---|
| | | | of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 27 | 07/09/14 Email from Stephen Smith to Randi Richmond and Mark Binke, with attachment | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Confusing The Issues, Wasting Time, | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should |

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | (Richmond Depo Ex 383) (UCP000888-896) | Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, |

| | | | ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 27 | 07/09/14 Email string between Mark Binke and Stephen Smith, et al (Richmond Depo Ex 384) (UCP_003490-3492) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Confusing The Issues, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice |

| | | | |
|---|---|---|---|
| | | | outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 28 | 07/09/14 Email string between Richard Rothstein and Randi Richmond, et al (Richmond Depo Ex 385) (UCP001068-1069) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Confusing The Issues, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: <br><br> F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |

| | | | |
|---|---|---|---|
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 28 | 07/09/14 Email string between Richard Rothstein and Mark Binke, et al (Richmond Depo Ex 386) (UCP001033-1036) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Confusing The Issues, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | Which Evidence Is Proffered At Trial (F.R.E. 403). | binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |

| DX 28 | 07/09/14 Email from Mark Winemaker to Mark Binke and Randi Richmond (Richmond Depo Ex 387) (UCP_003695) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Inadmissible Hearsay And No Exception Is Applicable (F.R.E. 801, 802); Probative Value Is Substantially Outweighed By Risk Of Confusing The Issues, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind |

| | | | |
|---|---|---|---|
| | | | of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 28 | 07/09/14 Email string between Randi Richmond and Jay Footlik, et al (Richmond Depo Ex 388) (UCP000992) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should |

own document
ie.

| | | | Confusing The Issues, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, |

| | | | ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 28 | 07/09/14 Email string between Jay Footlik and Mark Binke, et al (Richmond Depo Ex 389) (UCP000513) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Inadmissible Hearsay And No Exception Is Applicable (F.R.E. 801, 802); Probative Value Is Substantially Outweighed By Risk Of Confusing The Issues, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits. F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | |
|---|---|---|---|
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 28 | 07/09/14 Email string between Randi Richmond and Jay Footlik, et al (Richmond Depo Ex 390) (UCP000767-768) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Confusing The Issues, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not |

| | | Which Evidence Is Proffered At Trial (F.R.E. 403). | binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|

own document
ie.

| DX 28 | 07/10/14 Email string between Mark Binke and Stephen Smith, et al (Richmond Depo Ex 391) (UCP002121-2122) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Confusing The Issues, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of |

| | | | all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 28 | 07/10/14 Email string between Randi Richmond and Mark Binke, et al (Richmond Depo Ex 392) (UCP000653-654) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Confusing The Issues, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. |

| | | | |
|---|---|---|---|
| | | | Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 28 | 07/10/14 Email string between Mark Binke and Randi Richmond (Richmond Depo Ex 393) (UCP_003585-3586) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Confusing The Issues, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is |

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF DECEMBER 27, 2019**

| | | | |
|---|---|---|---|
| | | | relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 28 | 07/11/14 Email from Tony Crowley to Randi Richmond, et | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Inadmissible Hearsay And No Exception Is | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should |

| | | |
|---|---|---|
| al (Richmond Depo Ex 394) (UCP_003493) | Applicable (F.R.E. 801, 802); Probative Value Is Substantially Outweighed By Risk Of Confusing The Issues, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or |

own document
1e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | |
|---|---|---|---|
| | | | why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 29 | 07/11/14 Email string between Mark Binke and Andrea Garber, et al (Richmond Depo Ex 395) (UCP_003951) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Confusing The Issues, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |

| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 29 | 07/14/14 Email string between Randi Richmond and Mark Binke, et al (Richmond Depo Ex 396) (UCP_003356-003357) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Confusing The Issues, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not |

| | | Which Evidence Is Proffered At Trial (F.R.E. 403). | binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| DX 29 | 07/14/14 Email from Paige Potter to Randi Richmond (Richmond Depo Ex 397) (UCP001788) and video referenced in email | Objections To Email: Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Confusing The Issues, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). Objections To Video: Inadmissible Hearsay And No Exception Is Applicable (F.R.E. 801, 802); Improper Lay Opinion (F.R.E. 701); No Evidence Sufficient To Support A Finding As To The Identity Of The Author Or That He/She Has Personal Knowledge Of The Factual Matter Stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403); Lacks Authentication And None Of The Witnesses Have | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, |

| | | Personal Knowledge To Authenticate The Video Footage, In Particular As To The Means Of Obtaining, Location, And Timing Of The Footage (F.R.E. 901). | during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel.<br><br>F.R.E. 701 – F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit or, if any, which opinions are objectionable; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind |

|  |  |  | of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
|  |  |  | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|  |  |  | F.R.E. 901 – Self-authenticated because it is a material purporting to be a news broadcast and, therefore, falls within scope of F.R.E. 902(6); also, broadcast is |

| | | | |
|---|---|---|---|
| | | | done by party-opponent NBC and, therefore, NBC has personal knowledge of its creation and syndication;  F.R.E. 901 - witnesses are able to authenticate film to the extent that the film is information they viewed and acted upon it, and that the film is a true and correct copy of the film as they perceived it at the time; witness need not to have personally filmed the video in order to authenticate the video for its intended purpose. |
| DX 29 | 07/15/14 Email string between Mark Binke and Randi Richmond (Richmond Depo Ex 398) (UCP001380) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Confusing The Issues, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is |

own document
ie.

467

| | | | relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 29 | 07/15/14 Email from Randi Richmond to Stephen Smith, et | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should |

| | al (Richmond Depo Ex 399) (UCP000903) | Confusing The Issues, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | Plaintiffs withdraw the exhibit, ASIC's response is as follows:

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).

F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, |

 own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 29 | 07/17/14 Email from Stephen Smith to Mark Binke and Randi Richmond (Richmond Depo Ex 400) (UCP_003467) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | |
|---|---|---|---|
| | | | outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 29 | 07/21/14 Email string between Stephen Smith and Randi Richmond (Richmond Depo Ex 401) (UCP001606) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 29 | 07/24/14 Email string between Mark Binke and Stephen Smith (Richmond Depo Ex 402) (UCP002403-2404) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not |

own document
ie.

| | | which evidence is proffered at trial (F.R.E. 403). | binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |

own document
ie.

ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF DECEMBER 27, 2019

| DX 29 | 07/25/14 Email from BJ Markus to Andrea Garber, et al (Richmond Depo Ex 403) (UCP000880) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of |

| | | | all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 29 | 08/01/14 Email from Stephen Smith to Mark Binke (Richmond Depo Ex 404) (UCP_003544) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. |

| | | | Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 3( | 08/05/14 Email string between Mark Binke and Stephen Smith (Richmond Depo Ex 405) (UCP_003620-3621) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is |

| | | | relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 30 | 07/17/14 Email string between Jay Footlik and Mark Binke, et | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should |

| | al (Richmond Depo Ex 406) (UCP000912) | confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, |
|---|---|---|---|

own document
1e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 30 | 07/08/14 Email string between Erin Noordeloos and Mark Binke (Binke Depo Ex 408) (UCP000485) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice |

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | |
|---|---|---|---|
| | | | outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 30 | 07/17/14 Email from Tom McCarthy to Mark Binke (Binke Depo Ex 409) (UCP000503) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |

own document
ie.

|  |  |  | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 30 | 12/10/13 Email from Erin Noordeloos to Tom McCarthy, with attachment (UCP_003907-3914) (McCarthy Depo 455) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 401 – Objection is conditional, and therefore not |

| | | which evidence is proffered at trial (F.R.E. 403). | binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |

| DX 30 | 06/16/14 Email from Erin Noordeloos to Tom McCarthy (UCP_003970) (McCarthy Depo 456) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of |

| | | | all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 30 | 07/02/14 Email from Tom McCarthy to John Wallace (UCP_004047) (McCarthy Depo 457) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. |

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST AS OF DECEMBER 27, 2019**

| | | | Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 30 | 07/02/14 Email from Erin Noordeloos to Tom McCarthy (UCP_003920) (McCarthy Depo 458) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 30 | 07/03/14 Email from Erin Noordeloos to Tom McCarthy | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should |

| | | |
|---|---|---|
| | (UCP_003978) (McCarthy Depo 459) | confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, |

| | | | |
|---|---|---|---|
| | | | ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 30 | 07/04-05 Email string between Erin Noordeloos and Stephen Smith (UCP_003921) (McCarthy Depo 460) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or |

| | | | |
|---|---|---|---|
| | | | why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 31 | 07/04-06/14 Email string between Stephen Smith and Tom McCarthy, et al (UCP_003961-3962) (McCarthy Depo 461) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |

| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 31 | 07/08/14 Email string between Stephen Smith and Mark Binke, et al (UCP000613-614) (McCarthy Depo 462) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not |

| | | which evidence is proffered at trial (F.R.E. 403). | binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| DX 3 | 07/08-09/14 Email string between Erin Noordeloos and Tom McCarthy, et al (UCP_003949-3950) (McCarthy Depo 463) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of |

| | | | all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 31 | 07/09/14 Email string between Donald Barclay and Patti McConnell, et al (UCP_004022-4023) (McCarthy Depo 464) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. |

own document
ie.

| | | | Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 3 | 07/10/14 Email string between Erin Noordeloos and Tom McCarthy, et al (UCP_004016-4017) (McCarthy Depo 465) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 3| | 07/10/14 Email string between Tom McCarthy and Erin Noordeloos, et al (UCP_004044-4046) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should |

| | | |
|---|---|---|
| | (McCarthy Depo 455)<br>(McCarthy Depo 466) | confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, |

| | | | ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 3 | 07/10/14 Email from Brian Brady to Kurt Ford (UCP_003291) (McCarthy Depo 467) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF DECEMBER 27, 2019**

| | | | |
|---|---|---|---|
| | | | outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 31 | 07/10/14 Email string between Tom McCarthy and Michael Moore, et al (UCP_004041-4043) (McCarthy Depo 468) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | |
|---|---|---|---|
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 3 | 07/10/14 Email string between Tom McCarthy lon@augustenborg.com (UCP_004039-4040) (McCarthy Depo 469) | Depending on which portion of the document is used, if offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is |

| | | Probative value is substantially outweighed by risk of confusing the issues, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | hearsay; (2) document contains no out of court statements offered for the truth of the matter asserted; (3) statements made by party-opponent, NBC, and agents affiliated with NBC; (4) non-NBC statements are all adopted by NBC; (5) statements not offered for the truth, but rather to show information acted upon/state of mind of witnesses.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why |

| | | | |
|---|---|---|---|
| | | | exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 31 | 07/10/14 Email string between Erin Noordeloos and Tom McCarthy, et al (UCP_003938-3940) (McCarthy Depo 470) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind |

| | | | of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 32 | 07/11/14 Email string between Tom McCarthy and Andrew Jordan, et al (UCP_003991-3993) (McCarthy Depo 471) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should |

| | | needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 32 | 07/15-16/14 Email string between Erin Noordeloos and Tom McCarthy (UCP_003980-3982) (McCarthy Depo 472) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: <br><br> F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). <br><br> F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | |
|---|---|---|---|
| | | | why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 32 | 07/22/14 Email string between Tom McCarthy and Stephen Smith, et al (UCP_003987) (McCarthy Depo 473) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: <br><br> F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |

| | | |
|---|---|---|
| | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 32 | Email from Sean Duffy to Theresa Gooley (Duffy Depo Ex 10) (ATL 1800 – 1801) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is |

| | | | | hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6). |
|---|---|---|---|---|
| | | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |

own document
e.

| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 32 | Email from Theresa Gooley to Sean Duffy (Duffy Depo Ex 11) (ATL 1826 – 1827) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show |

information acted upon/state of mind of parties or individuals identified in exhibits; (3) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6).

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).

F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility.

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | |
|---|---|---|---|
| | | | Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 32 | Email from Peter Williams to Dennis Crosby (Duffy Depo Ex 12) (ATL 1832 – 1834) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) all |

own document
ie.

ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF DECEMBER 27, 2019

| | | | communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6). |
| | | | |

communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6).

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).

F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice

own document
ie.

| | | | |
|---|---|---|---|
| | | | outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 32 | Email from Sean Duffy to Theresa Gooley (Duffy Depo Ex 13) (ATL 1835 – 1836) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) all communications of OneBeacon are records made at or near to the time |

own document
1e.

| | | | of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6).

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).


F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, |

| | | | misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 32 | July 28, 2014 Denial Letter (Stone Depo Ex 4) (ATL 000094 – ATL 000101) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or |

own document
ie.

| | | | conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6). |
|---|---|---|---|
| DX 32 | Typewritten Notes (Stone Depo Ex 11) (ATL 000733-000734) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the |

own document
e.

| | | | |
|---|---|---|---|
| | | | regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6). |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled |

own document
ne.

| | | | to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 32 | Exclusion of other acts of terrorism committed outside of the United States; cap on losses from certified acts of terrorism (Stone Depo Ex 12) (ATL 005269 – 005297) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of |

| | | | |
|---|---|---|---|
| | | | the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 33 | Commercial General Liability Coverage Form (Stone Depo Ex 13) (ATL 005282 – 5297) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high |

own document
e.

ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF DECEMBER 27, 2019

| | | | probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 33 | Electronic Data Processing (Stone Depo Ex 14) (ATL 005278 – 005281) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, |

own document
ie.

| | | | misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 33 | Production Portfolio Policy (Stone Depo Ex 15) (ATL 005275-005277) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice |

own document
ie.

| | | | |
|---|---|---|---|
| | | | outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 33 | 7/17/14 Email between Theresa Gooley and Pamela Johnson (Wolf Depo Ex 31) (ATL 001571 – 001572) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) all communications of OneBeacon are records made at or near to the time |

| | | | of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6). |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, |

| | | | |
|---|---|---|---|
| | | | misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 33 | 7/28/19 Email from Theresa Gooley to Pamela Johnson (ATL 001858 – 1866) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with |

| | | | knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6). |
|---|---|---|---|
| DX 33 | 11/7/14 Email Chain from Dennis Crosby to Michael Larson (Crosby Depo Ex 9) (ATL 006950 – 6951) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801; (4) all communications of OneBeacon are |

records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6).

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).

F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice

| | | | |
|---|---|---|---|
| | | | outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 33 | 06/04/15 Email from Dennis Crosby to Michael Miller (Crosby Depo Ex 10) (ATL006949) | cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents |

|  |  |  | affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801; (4) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6).

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).


F.R.E. 403 – Objection is conditional, and therefore not |
|---|---|---|---|

own document
1e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | |
|---|---|---|---|
| | | | binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 33 | 7/16/14 Email Chain from Pamela Johnson to Peter Williams (Crosby Depo Ex 14) (ATL 001121 – 001126) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue |

| | | | |
|---|---|---|---|
| | | | in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6). |
| DX 33 | Deposition Notice for Peter Williams (Williams 30b6 Depo Ex 1) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403). Subject of a pending Motion in Limine. If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits. F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 33 | Affidavit of Peter Williams (Williams 30b6 Depo Ex 6) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of |

| | | | |
|---|---|---|---|
| | | | mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801; (4) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6). |
| DX 34 | Motion Picture/Television Producers Portfolio Declarations, Policy Number MP00163-04, Period 1/1/14 to 6/30/15 (Williams Dep 2/1/17, Ex 1) (ATL003073-3127) | No objection, other than that the exhibit is duplicative of other exhibits proffered by the parties. F.R.E. 403. | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>Exhibit is not duplicative, or, if so, Plaintiffs fail to identify what |

| | | | |
|---|---|---|---|
| | | | document is duplicative. If document is truly duplicative, but there is no other objection, then there is no merit-based objection to this exhibit. |
| DX 34 | 12/11-12/13 Email string between Andrea Garber and Bernadette Milinovic, et al (Williams Dep 2/1/17, Ex 6) (AONNBCU0001478-1568) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:

F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801; (4) all communications of OneBeacon are records made at or near to the time |

of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6).

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).

F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue,

| | | | misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 34 | 07/14-16/14 Email string between Daniel Gutterman and Pamela Johnson, et al (Williams Dep 2/1/17, Ex 11) (ATL001132-1192) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801; (4) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6). |
|---|---|---|---|
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why |

own document
...e.

535

| | | | |
|---|---|---|---|
| | | | exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 34 | 12/03/13 Email from Daniel Gutterman to Daniel Gutterman (Gutterman Depo Ex 14) (ATL000785-793) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) all |

| | | proffered at trial (F.R.E. 403). Irrelevant (F.R.E. 402). | communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6). F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice |

| | | | |
|---|---|---|---|
| | | | outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 34 | General Claims Practices (Gutterman Depo Ex 15) (ATL000735-744) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) all communications of OneBeacon are records made at or near to the time |

|  |  |  | of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6).<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, |
|---|---|---|---|

| | | | |
|---|---|---|---|
| | | | misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 34 | Core Principles – Version 09/01/12 (Gutterman Depo Ex 16) (ATL000731-732) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with |

knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6).

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).

F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high

| | | | probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 34 | 07/28/14 Email string between Andrea Garber and Daniel Gutterman, et al (Gutterman Depo Ex 17) (AONNBCU0003277) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801; (4) all |

| | | | communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6). |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | |
|---|---|---|---|
| | | | outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 34 | 07/28/14 Letter from Pamela Johnson to Andrea Garber (Gutterman Depo Ex 18) (ATL000094-101) | Hearsay and no exception is applicable (F.R.E. 801, 802); Inadmissible legal opinion (F.R.E. 701; Fed. R. Civ. Proc. 26); no evidence sufficient to support a finding that author has personal knowledge of the factual matter stated (F.R.E. 602); author's legal opinions are irrelevant (F.R.E. 401, 402); any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) all communications of OneBeacon are records made at or near to the time |

|  |  |  | of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6).<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel.<br><br>F.R.E. 701 – F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit or, if any, which opinions are objectionable; all testimony rationally based on |

| | | | information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, AON, etc.).<br><br>F.R.E. 403 – Objection fails to state what prejudice exhibit contains, or why such alleged prejudice outweighs its probative value. Also, high probative value re: state of mind of all parties involved at the time of the claim. Objection further fails to state what information will mislead or confuse jury. Finally, jury must |

| | | | |
|---|---|---|---|
| | | | know what information NBC, AON, and ASIC had at time of claim. |
| DX 34 | 09/19/14 Letter from Pamela Johnson to Mitchell Silberberg & Knupp LLP (Gutterman Depo Ex 20) (ATL000705-708) | Hearsay and no exception is applicable (F.R.E. 801, 802); Inadmissible legal opinion (F.R.E. 701; Fed. R. Civ. Proc. 26); ); no evidence sufficient to support a finding that author has personal knowledge of the factual matter stated (F.R.E. 602); author's legal opinions are irrelevant (F.R.E. 401, 402); any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, |

own document
1e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | therefore, are an exception to hearsay under F.R.E. 803(6). |
| | | | F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
| | | | F.R.E. 701 – F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit or, if any, which opinions are objectionable; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702. |

own document
e.

| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time |

own document
ne.

| | | | |
|---|---|---|---|
| | | | of the facts giving rise to Plaintiffs' claims. |
| DX 34 | Portions of Claim File (Gutterman Depo Ex 21) (ATL000001-161) | No objection, other than that the exhibit is duplicative of other exhibits proffered by the parties. F.R.E. 403. | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed to the extent the Parties agree on admission of pages. However, ASIC has objected to portions of the exhibit. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: this document is not duplicative or, if duplicative, Plaintiffs fail to identify what other documents the exhibit duplicates.<br><br>Per its objections to Plaintiffs' designations, ASIC objects to ATL 0001-0005 as irrelevant in light of the fact that all notes come long after the facts giving rise to the claim, or ASIC's handling thereof. Further object to 0010 – 0086 on the basis that pleading are not proper evidence; further object to 0087-0093 on the basis of relevance (FRE 401, 402), hearsay |

| | | | |
|---|---|---|---|
| | | | (FRE 801, 802), improper opinions (FRE 701, 702), more prejudicial than probative, cumulative, and likely to confuse the jury (FRE 403), lack of foundation (FRE 901); finally object to 107-161 as cumulative and contained in other exhibits. |
| DX 35 | 07/14-16/14 Email string between Daniel Gutterman Pamela Johnson, et al (Gutterman Depo Ex 22) (ATL001391-1396) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue |

|  |  |  | in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6).

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).

F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or |
|--|--|--|--|

| | | | is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 35 | 07/16-17/14 Email string between Pamela Johnson and Susan Weiss, et al (Gutterman Depo Ex 23) (AONNBCU0003252-3255) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not |

|  |  |  | hearsay under F.R.E. 801; (4) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6).

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).


F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or |
|---|---|---|---|

| | | | |
|---|---|---|---|
| | | | why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 35 | 07/21-22/14 Email string between Pamela Johnson and Susan Weiss, et al (Gutterman Depo Ex 25) (AONNBCU0003242-3243) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents |

|  |  |  | affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801; (4) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6). |
|  |  |  | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
|  |  |  | F.R.E. 403 – Objection is conditional, and therefore not |

| | | | binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 35 | John Kerry Comments on Ukraine, Gaza (No Bates No.) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403). If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of |

| | | 802). Subject of a pending Motion in Limine. | mind of parties or individuals identified in exhibits |
|---|---|---|---|
| | | | F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
| | | | F.R.E. 701 –Unclear what opinions are offered by any declarant in exhibit or, if any, which opinions are objectionable; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702. |
| | | | F.R.E. 401 – Objection is conditional, and therefore not |

| | | | |
|---|---|---|---|
| | | | binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| DX 35 | John Kerry Comments Condemning Kidnapping (No Bates No.) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403). If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). Subject of a pending Motion in Limine. | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits<br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel.<br><br>F.R.E. 701 –Unclear what opinions are offered by any declarant in |

| | | | exhibit or, if any, which opinions are objectionable; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702. |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, |

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | |
|---|---|---|---|
| | | | misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 35 | 07/03/16 Email to from Gutterman to Pamela Johnson (Gutterman Depo Ex 28) (ATL003211) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with |

own document
e.

| | | | knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6).<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high |
|---|---|---|---|

| | | | |
|---|---|---|---|
| | | | probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 35 | 07/16/14 Email string between Wanda Phillips and Daniel Gutterman, et al (Gutterman Depo Ex 29) (ATL001547 - 1550) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF DECEMBER 27, 2019**

| | | | |
|---|---|---|---|
| | | | are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6).<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of |

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF DECEMBER 27, 2019**

| | | | |
|---|---|---|---|
| | | | the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 3: | 07/14-16/14 Email string between Pamela Johnson and Daniel Gutterman, et al (Gutterman Depo Ex 30) (ATL001077-1081) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801; (4) all communications of OneBeacon are records made at or near to the time |

| | | | of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6). F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, |
|---|---|---|---|

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST AS OF DECEMBER 27, 2019**

| | | | |
|---|---|---|---|
| | | | misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 35 | Jim Zanotti, Cong. Research Serv., RL34074, The Palestinians: Background and U.S. Relations (2015) (ATL005135-5183) | No objection. | No response. |
| DX 35 | U.S. Dep't of State, Bureau of Democracy, Human Rights and Labor, Country Report on Human Rights Practices for 2014 (2015), *available at* https://www.state.gov/documents/organization/236814.pdf (ATL004795-4913) | Inadmissible hearsay and no exception is applicable (Fed. R. Evid. 801, 802); No evidence sufficient to support a finding that the author has personal knowledge of the factual matter stated (Fed. R. Evid. 602) | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified therein. F.R.E. 602 – All parties have personal knowledge of information existed before, during, and after |

| | | | the events giving risie the claim at issue in this case. Parties need not to have been in Israel in order to understand what events transpired. |
|---|---|---|---|
| DX 36 | Human Rights Council, *Human Rights Situation in Palestine and other Occupied Arab Territories*, U.N. Doc. A/HRC/29/CRP.4 (June 24, 2015) (ATL004914-5097) | Inadmissible hearsay and no exception is applicable (Fed. R. Evid. 801, 802); No evidence sufficient to support a finding that the author has personal knowledge of the factual matter stated (Fed. R. Evid. 602) | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified therein. F.R.E. 602 – All parties have personal knowledge of information existed before, during, and after the events giving risie the claim at issue in this case. Parties need not to have been in Israel in order to understand what events transpired. |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | |
|---|---|---|---|
| DX 3? | United Nations Resolution adopted by the General Assembly on 29 November 2012, A/RES/67/19 (ATL005122-5125) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); To the extent characterized expert opinion, there has been no showing that the author's statements are based on sufficient facts or data or that they are the product of reliable principles and methods (F.R.E. 702, 703); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) document not offered for the truth, but rather to show information acted upon/state of mind of witnesses. Document relied on for experts or ASIC in forming opinions or making claim decisions.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel.<br><br>F.R.E. 701 – Unclear what opinions are offered by any |

|  |  |  | declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions. |
|  |  |  | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
|  |  |  | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or |

| | | |
|---|---|---|
| | | why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 3( | Jim Zanotti, Cong. Research Serv., RL41514, Hamas: Background and Issue for Congress 1-3 (2010) (ATL005184-5250) | Inadmissible hearsay and no exception is applicable (Fed. R. Evid. 801, 802); No evidence sufficient to support a finding that Mr. Zanotti has personal knowledge of the factual matter stated (Fed. R. Evid. 602) | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified therein. F.R.E. 602 – All parties have personal knowledge of information |

| | | | |
|---|---|---|---|
| | | | existed before, during, and after the events giving risie the claim at issue in this case. Parties need not to have been in Israel in order to understand what events transpired. |
| DX 36 | The Covenant of the Islamic Resistance Movement (Aug. 18, 1988), available at: http://avalon.law.yale.edu/20th_century/hamas.asp (ATL005126-5134) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) document not offered for the truth, but rather to show information acted upon/state of mind of witnesses. Document relied on for experts or ASIC in forming opinions or making claim decisions.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received |

own document
1e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | regarding what was going on in Israel. |
|---|---|---|---|
| | | | F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions. |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF DECEMBER 27, 2019**

| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 30 | Universal Cable Productions, http://www.nbcuniversal.com/business/universal-cable-productions ("Universal Cable | Inadmissible hearsay and no exception is applicable (Fed. R. Evid. 801, 802) | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show |

| | | | |
|---|---|---|---|
| | Productions is a part of NBCUniversal Cable Entertainment, a division of NBCUniversal.") (ATL004786) | | information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. |
| DX 36 | 05/14/14 E-mail from Jay Radzinski to Stephen Smith, with attachments (UCP_003882-3896) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. |

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
|---|---|---|---|
| DX 36 | 07/10/14 E-mail from Max Security Intelligence to Stephen Smith (UCP003798-3804) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents |

| | | | |
|---|---|---|---|
| | | | affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
| DX 3(| U.S. Dep't. of State: Bureau of Consular Affairs, *Israel, the West Bank and Gaza Travel Warning*, U.S. Passports & Int'l. Travel (July 11, 2014) (UCP000292-295) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); To the extent characterized expert opinion, there has been no showing that the author's statements are based on sufficient facts or data or | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) document not offered |

| | | that they are the product of reliable principles and methods (F.R.E. 702, 703); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | for the truth, but rather to show information acted upon/state of mind of witnesses.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel.<br><br>F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for |

ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF DECEMBER 27, 2019

| | | | |
|---|---|---|---|
| | | | opinions or by ASIC as basis for claims handling decisions. |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of |

own document
ie.

| | | | |
|---|---|---|---|
| | | | the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 3( | 08/01/14 E-mail from Chris Biggs to Stephen Smith (UCP002155-2157) | No evidence sufficient to support a finding that Mr. Biggs had personal knowledge of any of the matter referenced in the email, or that Mr. Biggs even authored the text of the email given Mr. Smith's deposition testimony regarding Mr. Biggs' practice of copying and pasting information from third-party sources. See Smith Depo, 315:2-316:21; Fed. R. Evid. 602. | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) document not offered for the truth, but rather to show information acted upon/state of mind of witnesses.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received |

| | | | regarding what was going on in Israel. |
|---|---|---|---|
| | | | F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions. |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 36 | 08/01/14 E-mail from Chris Biggs to Stephen Smith (UCP_003777) | No evidence sufficient to support a finding that the authors of these emails had personal knowledge of any of the factual matters referenced in them, or | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show |

| | | that Mr. Biggs and Mr. Smith even authored the text of their respective emails, especially in light of Mr. Smith's deposition testimony regarding his and his colleague's practice of copying and pasting information from third-party sources.  See Smith Depo, 315:2-316:21; Fed. R. Evid. 602. | information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.

F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
| DX 37 | U.N. Office for the Coordination of Humanitarian Affairs, Fragmented Lives | Inadmissible hearsay and no exception is applicable (Fed. R. Evid. 801, 802); and (2) there is no evidence sufficient | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered |

own document
ie.

| | | |
|---|---|---|
| | Humanitarian Overview 2014, 5-6 (2015) (ATL005098-5121) | to support a finding that the author has personal knowledge of the factual matter stated (Fed. R. Evid. 602) | for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits;  document relied on for experts or ASIC in forming opinions or making claim decisions. (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 602 – Witnesses has personal knowledge of information received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |

| DX 37 | 07/21/14 E-mail from Max Security Intelligence to Stephen Smith (UCP002136-2142) | Inadmissible hearsay and no exception is applicable (Fed. R. Evid. 801, 802);There is no evidence sufficient to support a finding that the author has personal knowledge of the factual matter stated (Fed. R. Evid. 602) | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:

F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.

F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in |
|---|---|---|---|

own document
le.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | |
|---|---|---|---|
| | | | order to testify regarding what information NBC received regarding what was going on in Israel. |
| DX 37 | 07/14-15/14 Email string between Susan Weiss and Andrea Garber, et al (UCP000340-343) | Depending on which portion of the document is used, if offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | |
|---|---|---|---|
| | | | of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 37 | Atlantic Specialty Insurance Company Policy Number No. MP00163-04 (UCP000056-000110) | No objection other than that this exhibit is duplicative of Plaintiffs' Exhibit. (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should |

|  |  |  | Plaintiffs withdraw the exhibit, ASIC's response is as follows: Not duplicative, or, if duplicative, Plaintiffs fail to identify what exhibit MSJ 44 duplicates. |
|---|---|---|---|
| DX 37 | *Gaza cease-fire holds between Hamas and Israel after 50-day war*, NBC News, Aug. 27, 2014, http://www.nbcnews.com/storyline/middle-east-unrest/gaza-cease-fire-holds-between-hamas-israel-after-50-day-n189821 (ATL005260; ATL004745) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) document not offered for the truth, but rather to show information acted upon/state of mind of witnesses.

F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |

own document
re.

| | | | F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions. |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. |

own document
e.

| | | | |
|---|---|---|---|
| | | | Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 37 | 07/30/14 Alastair Jamieson, *How technology is intensifying Gaza War between Israel and Hamas*, NBC News (ATL004726-4729; ATL004730 and ATL004731) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) document not offered for the truth, but rather to show information acted upon/state of mind of witnesses;  Document relied on for experts or ASIC in |

own document
le.

| | | of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | forming opinions or making claim decisions.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel.<br><br>F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for |
|---|---|---|---|

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF DECEMBER 27, 2019**

|  |  |  | opinions or by ASIC as basis for claims handling decisions. |
|---|---|---|---|
|  |  |  | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
|  |  |  | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | |
|---|---|---|---|
| | | | the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 37 | 07/08/14 *Israel and Hamas exchange missile fire as Gaza War looms*, NBC News, July 8, 2014 (ATL4732; ATL004734) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. <br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after |

own document
ie.

|  |  |  | the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel.<br><br>F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is |
|--|--|--|--|

own document
1e.

| | | | |
|---|---|---|---|
| | | | irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 37 | 07/30/14 | *Public support for Israel shifting amid Gaza War, Britain warns*, NBC News | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered |

own document
te.

| | (ATL004736-004738; ATL004739) | 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.

.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel.

F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information |
|---|---|---|---|

| | | | received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or |
|---|---|---|---|
| | own document e. | | |

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | |
|---|---|---|---|
| | | | why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 37 | 08/01/14 *Gaza death toll nears 1,500 as 72-hour truce with Israel begins*, NBC News (ATL004741; ATL004742) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify |

| | | | | regarding what information ASIC or NBC received regarding what was going on in Israel. |
| --- | --- | --- | --- | --- |
| | | | | F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions. |
| | | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind |

| | | | |
|---|---|---|---|
| | | | of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 3? | 07/18/14 Benjamin Landy & Maria Lokke, *Scenes of war and heartbreak as Israel-Hams* | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of |

| | | |
|---|---|---|
| | *conflict intensifies*, MSNBC (ATL004588-004597) | a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | mind of parties or individuals identified in exhibits.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel.<br><br>F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions. |

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).

F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time

own document
e.

| | | | of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 38 | 07/06/14 Donna Stefano, *In Israel and Palestine, children imagine a world without war*, MSNBC (ATL004598-004602) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel.<br><br>F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony |

own document
...e.

| | | | rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions. |
| | | | |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
| | | | |
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice |

| | | | |
|---|---|---|---|
| | | | outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 38 | MSNBC, http://www.nbcuniversal.com/business/msnbc ("MSNBC is part of the NBCUniversal News Group, a division of NBCUniversal, which is owned by Comcast Corporation.") (ATL004784) | Inadmissible hearsay and no exception is applicable (Fed. R. Evid. 801, 802) | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) document contains no out of court statements offered for the truth of the matter asserted; (3) statements made by party-opponent, NBC, and agents affiliated with NBC; (4) non-NBC statements are all adopted by NBC; (5) statements not offered for the truth, but rather to show information acted upon/state of mind of witnesses. |

own document
ie.

| DX 38 | NBC News, http://www.nbcuniversal.com/business/nbc-news ("NBC News is part of the NBCUniversal News Group, a division of NBCUniversal, which is owned by Comcast Corporation.") (ATL004785) | Inadmissible hearsay and no exception is applicable (Fed. R. Evid. 801, 802) | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) document contains no out of court statements offered for the truth of the matter asserted; (3) statements made by party-opponent, NBC, and agents affiliated with NBC; (4) non-NBC statements are all adopted by NBC; (5) statements not offered for the truth, but rather to show information acted upon/state of mind of witnesses. |
|---|---|---|---|
| DX 38 | 08/06/14 Nicholas Casey, Joshua Mitnick & Nicholas Casey, *Israel, Hamas set out demands on Gaza*, The Wall Street Journal (ATL005261-5267; ATL004783) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, |

| | | jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel.

F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions.

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is |

| | | | |
|---|---|---|---|
| | | | relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 38 | 08/24/16 Isabel Kershner, *Israel clears troops in airstrike near* | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show |

| | | |
|---|---|---|
| | *school in 2014 Gaza War*, N.Y. Times (ATL004603-4605) | 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | information acted upon/state of mind of parties or individuals identified in exhibits.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel.<br><br>F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for |

| | | | |
|---|---|---|---|
| | | | opinions or by ASIC as basis for claims handling decisions.

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).

F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled |

| | | | to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 38 | 08/03/14 Ilene Prusher, *Israel seeks to gain advantage by reversing course in Gaza*, Time Magazine (ATL004771-4774; ATL004775) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits.<br><br>.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel. |

| | | | F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | |
|---|---|---|---|
| | | | Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 38 | 09/03/14 William Booth, *Here's what really happened in the Gaza war (according to the Israelis)*, The Washington Post (ATL004776-4779; ATL004781) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits.<br><br>.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving |

| | | confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel.

F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions.

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is |
|---|---|---|---|

| | | | irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).

F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|

| DX 38 | 08/03/14 Aaron D. Miller, *Gaza war: The terrifying truth*, CNN (ATL004606-4610) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits. |
|---|---|---|---|
| | | | .R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel. |
| | | | F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized |

own document
ie.

| | | | knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions. |
| --- | --- | --- | --- |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high |

own document
ie.

| | | | probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 38 | 08/24/16 Josef Federman, *Israel clears forces in several deadly 2014 Gaza war cases*, U.S. News and World Report, Associated Press (ATL004611-4630) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits.<br><br>F.R.E. 602 – Parties have personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF DECEMBER 27, 2019**

| | | | F.R.E. 701 – F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit or, if any, which opinions are objectionable; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF DECEMBER 27, 2019**

| | | | Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 38 | 08/27/14 Lizzie Dearden, *Israel-Gaza conflict: 50-day war by numbers*, The Independent  (ATL004755-4758; ATL004759) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits.  F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after |

| | | | confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel.<br><br>F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

|  |  |  | technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions.

F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|--|--|--|--|

own document
1e.

ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF DECEMBER 27, 2019

| | | | |
|---|---|---|---|
| DX 39 | 06/22/15 Batsheva Sobelman, *Israel and Hamas may have committed war crimes in Gaza*, U.N. report says, The Los Angeles Times (ATL004631-4634) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel.<br><br>F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized |

| | | | knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions. |
| | | | |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
| | | | |
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high |

| | | | probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 39 | 06/14/15 Israeli 2014 *Gaza war actions lawful*, report says, BBC News (ATL004635-4647) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits. F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel. |

|  |  |  | F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
|---|---|---|---|

own document e.

| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 39 | 08/26/14 Amir Oren, *After seven weeks of Gaza War, Hamas 1, Israel 0*, Haaretz News (ATL004648-4651) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits. |

own document
ie.

| | | 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel.

F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions. |

| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time |
|---|---|---|---|

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 39 | 08/05/14 Debra Kamin, *The one place where Israel and Hamas are communicating*, The Atlantic (ATL004748-4754)(video: ATL004747) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel.<br><br>F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony |

|  |  |  | rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice |
|---|---|---|---|

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | |
|---|---|---|---|
| | | | outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 39 | 08/10/16 Abeer Ayyoub, *13,000 families in Gaza still displaced two years after war with Israel,* USA Today (ATL004652-4654) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have |

| | | needlessly presenting cumulative evidence (F.R.E. 403). | been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel.

F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions.

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind |

| | | | |
|---|---|---|---|
| | | | of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 39 | 02/39/26 Najla Shawa, *Children suffer and die in Gaza. Who Notices?*, The | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of |

| | Chicago Tribune (ATL004655-4657) | a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | mind of parties or individuals identified in exhibits. |
|---|---|---|---|
| | | | F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel.<br><br>F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions. |

wn document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

|  |  |  | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 39 | 09/05/14 Sarahtr, *Decimated Hamas makes ludicrous claims*, The Chicago Sun Times (ATL004658) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits. F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel. F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony |

|  |  |  | rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice |
|---|---|---|---|

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF DECEMBER 27, 2019**

| | | | |
|---|---|---|---|
| | | | outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 39 | 08/26/14 The Associated Press, *Israel and Hamas reach an uneasy cease-fire in 50-day Gaza war*, The Denver Post (ATL004659-4661) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have |

| | | needlessly presenting cumulative evidence (F.R.E. 403). | been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel. |
|---|---|---|---|
| | | | F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions. |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind |

own document
ie.

| | | | |
|---|---|---|---|
| | | | of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 39 | 08/2014 *Gaza cease-fire reached after 50-day war that killed 2,200 and settled little*, | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of |

| | Dallas Morning News (ATL004662-4655) | a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | mind of parties or individuals identified in exhibits. F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel. F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions. |

own document
ie.

|  |  |  | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time |
|---|---|---|---|

own document
ie.

644

| | | | of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 39 | 09/22/16  Zachary R. Dowdy, *Israeli, Palestinian leaders air differences at United Nations,* Newsday (ATL004666-4668) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits. F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel. F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions. |
| | | | |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
| | | | |
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice |

own document
1e.

| | | | outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 40 | 02/13/15 Fares Akram, *Mohammed Daraghmeh & Karin Laub, Israeli house strikes killed mostly civilians*, The Houston Chronicle (ATL004669-4673) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits. <br><br> F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have |

| | | needlessly presenting cumulative evidence (F.R.E. 403). | been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel. |
| | | | F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions. |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind |

| | | | |
|---|---|---|---|
| | | | of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 40 | 08/24/14 Hazem Balousha & Harriet Sherwood, *Gaza ceasefire: Israel and Palestinians agree to halt weeks* | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of |

| | | |
|---|---|---|
| | *of fighting*, The Guardian (ATL004674-4677) | a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | mind of parties or individuals identified in exhibits.

F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel.

F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions. |

own document e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF DECEMBER 27, 2019**

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).

F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time

own document
1e.

|  |  |  | of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 40 | 08/27/14 Lizzie Dearden, *Israel Conflict: 50-day war by numbers*, The Times of India (ATL004763-4769; ATL004762) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits.<br><br>F.R.E. 602 – Parties have personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after |

|  |  |  | the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel. |
|  |  |  | F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions. |
|  |  |  | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or |

| | | | why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 40 | 08/11/14 David Rothkopf, *Why Israel lost the war in Gaza*, The Sydney Morning Herald (ATL004678-4679) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness |

| | | needlessly presenting cumulative evidence (F.R.E. 403). | does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel. |
| | | | |
| | | | F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions. |
| | | | |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind |

| | | | |
|---|---|---|---|
| | | | of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 40 | 08/28/14 In photos: Gaza healing from war after ceasefire, China Daily (ATL004680-4699) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of |

| | | a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | mind of parties or individuals identified in exhibits. F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel.<br><br>F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions. |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

|  |  |  | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time |

own document
1e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 40 | 09/02/14 James Rush, *Inside bombed-out Gaza: One week on from end of 50-day war and the true scale of devastation is revealed*, The Daily Mail (ATL004700-4714) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel.<br><br>F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony |

own document
ie.

| | | | rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice |

own document
ie.

| | | | |
|---|---|---|---|
| | | | outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 40 | 02/09/16 Ben Norton, *74% of Gaza homes destroyed by Israel in summer 2014 war have not been rebuilt, as violent repression escalates*, Salon (ATL004715-4724) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have |

| | | needlessly presenting cumulative evidence (F.R.E. 403). | been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel. |
|---|---|---|---|
| | | | F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions. |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind |

| | | | |
|---|---|---|---|
| | | | of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 40 | 12/19/14 *Rocket fired from Gaza hits southern Israel, military says*, CBS News (ATL005256-5259) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of |

| | | | a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | mind of parties or individuals identified in exhibits.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel.<br><br>F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions. |

own document
le.

|  |  |  | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).

F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time |

| | | | |
|---|---|---|---|
| | | | of the facts giving rise to Plaintiffs' claims. |
| DX 40 | 07/02/14 Email from Chris Biggs to Stephen Smith, with attachment  (UCP002616-2622) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled |

|  |  |  | to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 40 | 07/26/14 E-mail from Max Security Intelligence to Stephen Smith (UCP002496-2500) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Likely to mislead or confuse, waste time (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF DECEMBER 27, 2019**

| | | | |
|---|---|---|---|
| | | | of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 41 | U.S. Dep't. of State, *Foreign Terrorist Organizations* (ATL004789-4794) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); To the extent characterized | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of |

| | | expert opinion, there has been no showing that the author's statements are based on sufficient facts or data or that they are the product of reliable principles and methods (F.R.E. 702, 703); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | mind of parties or individuals identified in exhibits.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel.<br><br>F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for |

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

|  |  |  | opinions or by ASIC as basis for claims handling decisions. |
|---|---|---|---|
|  |  |  | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
|  |  |  | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, |

| | | | ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 41 | 10/12/14 John Kerry, Secretary of State, Remarks at the Gaza Donors Conference (ATL004584-4587) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); To the extent characterized expert opinion, there has been no showing that the author's statements are based on sufficient facts or data or that they are the product of reliable principles and methods (F.R.E. 702, 703); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel.<br><br>F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony |

|  |  |  | rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions.

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).


F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or |

| | | | why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 41 | 12/05/15 John Kerry, Secretary of State, Brookings Institution's 2015 Saban Forum Keynote Address (ATL004567-004583) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); To the extent characterized expert opinion, there has been no showing that the author's statements are based on sufficient facts or data or that they are the product of reliable principles and methods (F.R.E. 702, 703); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify |

| | | probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | regarding what information ASIC or NBC received regarding what was going on in Israel.<br><br>F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |

| | | | |
|---|---|---|---|
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 41 | 12/28/16 John Kerry, Secretary of State, Remarks on Middle East Peace (ATL004550-4566) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); To the extent characterized expert opinion, there has been no showing that the author's statements | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits |

wn document
ie.

| | | are based on sufficient facts or data or that they are the product of reliable principles and methods (F.R.E. 702, 703); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel.

F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions.

F.R.E. 401 – Objection is conditional, and therefore not |
|---|---|---|---|

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|

own document
ie.

677

ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF DECEMBER 27, 2019

| DX 41 | 07/09/14 Minister for Foreign Affairs, The Hon Julie Bishop MP, Media Release http://foreignminister.gov.au/releases/Pages/2014/jb_mr_140712.aspx?w=tb1CaGpkPX%2FlS0K%2Bg9ZKEg%3D%3D. | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); To the extent characterized expert opinion, there has been no showing that the author's statements are based on sufficient facts or data or that they are the product of reliable principles and methods (F.R.E. 702, 703); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel.<br><br>F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized |
|---|---|---|---|

own document
ie.

| | | | knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions. |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of |

| | | | all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 4 | 08/10/14 Jeffrey Goldberg, Hillary Clinton: 'Failure' to Help Syrian Rebels Led to the Rise of ISIS, The Atlantic (ATL006470-6497) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel. |

| | | | F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions. |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why |

own document
le.

ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF DECEMBER 27, 2019

|  |  |  | exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 41 | 07/31/14 Alex Park, Gaza Conflict Divides Congressional Progressives, Mother Jones http://www.motherjones.com/mojo/2014/07/gaza-conflict-divides-congressional-progressives. | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, |

| | | jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel.<br><br>F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind |

| | | | |
|---|---|---|---|
| | | | of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 4 | 07/08/14 Presidency: Palestinians have right to defend themselves, Ma'an News Agency | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of |

| | http://www.maannews.com/Content.aspx?id=711019. | a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | mind of parties or individuals identified in exhibits F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel.<br><br>F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions. |

own document
ie.

| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time |

| | | | of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 4 | 07/22/14 United Nations, Meetings Coverage, Urging Israeli-Palestinian Parties to Renew Ceasefire Efforts, Secretary-General Tells Security Council Conflict's Root Causes Must Be Addressed https://www.un.org/press/en/2014/sc11485.doc.htm. | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel.

F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information |

received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions.

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).

F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or

| | | | why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 4 | 07/07/14 Al-Qassam Brigades Information Office: Military Communique, Al Qassam Brigades retaliate with 35 missiles on Israeli military bases (ATL004787) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); To the extent characterized expert opinion, there has been no showing that the author's statements are based on sufficient facts or data or that they are the product of reliable principles and methods (F.R.E. 702, 703); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify |

| | | probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | regarding what information ASIC or NBC received regarding what was going on in Israel.

F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions.

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
|---|---|---|---|

| | | | |
|---|---|---|---|
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 42 | 07/08/14 Al-Qassam Brigades Information Office: Military Communique, Al Qassam Brigades retaliate with 8 missiles on Israeli military bases (ATL004788) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); To the extent characterized expert opinion, there has been no showing that the author's statements | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits |

wn document
ie.

| | | are based on sufficient facts or data or that they are the product of reliable principles and methods (F.R.E. 702, 703); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel.

F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions.

F.R.E. 401 – Objection is conditional, and therefore not |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

|  |  |  | binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| DX 42 | 08/20/14 Al-Qassam Brigades Information Office: Military Communique, Press Release of Abu Obeida, Al Qassam spokesperson (ATL005255) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); To the extent characterized expert opinion, there has been no showing that the author's statements are based on sufficient facts or data or that they are the product of reliable principles and methods (F.R.E. 702, 703); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel.

F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized |

| | | | knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions. |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of |

| | | | all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 42 | Al Qassam Brigades Information Office, About Us, available at http://www.qassam.ps/aboutus.html (ATL005251-5252) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); To the extent characterized expert opinion, there has been no showing that the author's statements are based on sufficient facts or data or that they are the product of reliable principles and methods (F.R.E. 702, 703); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel. |

| | | needlessly presenting cumulative evidence (F.R.E. 403). | F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions. |
|---|---|---|---|
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 42 | *Melissa Harris-Perry* (MSNBC television broadcast July 20, 2014), available at http://www.msnbc.com/melissa-harris-perry/watch/what-it-means-to-live-in-a-war-zone-309370947801 (ATL006507) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) statements of party opponent  F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after |

| | | jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403); Lacks authentication and none of the witnesses have personal knowledge to authenticate the video footage, in particular as to the means of obtaining, location, and timing of the footage (F.R.E. 901). | the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel.

F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions.

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
|---|---|---|---|
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| | | | F.R.E. 901 – Self-authenticating under F.R.E. 902(6);  witnesses are able to authenticate film to the extent that the film is information |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | they viewed and acted upon it, and that the film is a true and correct copy of the film as they perceived it at the time; witness need not to have personally filmed the video in order to authenticate the video for its intended purpose. |
|---|---|---|---|
| DX 42 | *All in with Chris Hayes* (MSNBC television broadcast July 17, 2014), available at http://www.msnbc.com/all-in-with-chris-hayes/watch/ground-war-in-gaza-307290179722 (ATL006510) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403); Lacks authentication and none of the witnesses have personal knowledge to authenticate the video footage, in | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; statement of party opponent

F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC |

| | | | particular as to the means of obtaining, location, and timing of the footage (F.R.E. 901). | or NBC received regarding what was going on in Israel.

F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions.

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
|---|---|---|---|---|

|  |  |  | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims.<br><br>F.R.E. 901 – Self-authenticating under F.R.E. 902(6); produced by opposing parties;  witnesses are able to authenticate film to the extent that the film is information they viewed and acted upon it, and that the film is a true and correct copy of the film as they perceived it at the time; witness need not to |
|---|---|---|---|
| own document<br>ie. |  |  |  |

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | have personally filmed the video in order to authenticate the video for its intended purpose. |
|---|---|---|---|
| DX 42 | *Today* (NBC News television broadcast July 30, 2014), available at http://www.nbcnews.com/storyline/middle-east-unrest/how-technology-intensifying-gaza-war-between-israel-hamas-n158536 (ATL004730; ATL4726-4729) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403); Lacks authentication and none of the witnesses have personal knowledge to authenticate the video footage, in particular as to the means of obtaining, location, and timing of the footage (F.R.E. 901). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC |

| | | | or NBC received regarding what was going on in Israel. |
|---|---|---|---|
| | | | F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions. |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |

|  |  |  | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims.<br><br>F.R.E. 901 – Self-authenticating under F.R.E. 902(6); produced by opposing parties;  witnesses are able to authenticate film to the extent that the film is information they viewed and acted upon it, and that the film is a true and correct copy of the film as they perceived it at the time; witness need not to |

own document
ie.

ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF DECEMBER 27, 2019

| | | | have personally filmed the video in order to authenticate the video for its intended purpose. |
|---|---|---|---|
| DX 42 | *The Last Word with Lawrence O'Donnell* (MSNBC television broadcast July 18, 2014), available at http://www.msnbc.com/the-last-word/watch/mh17-mystery-and-war-in-gaza-308247107963 (ATL006505) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403); Lacks authentication and none of the witnesses have personal knowledge to authenticate the video footage, in particular as to the means of obtaining, location, and timing of the footage (F.R.E. 901). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC |

| | | | or NBC received regarding what was going on in Israel. |
|---|---|---|---|
| | | | F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions. |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |

| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims.<br><br>F.R.E. 901 – Self-authenticating under F.R.E. 902(6); produced by opposing parties;  witnesses are able to authenticate film to the extent that the film is information they viewed and acted upon it, and that the film is a true and correct copy of the film as they perceived it at the time; witness need not to |
|---|---|---|---|

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | have personally filmed the video in order to authenticate the video for its intended purpose. |
|---|---|---|---|
| DX 42 | 06/16/14 Email string between Stephen Smith and Paige Potter, et al (UCP001595-1597) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).

F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of |

| | | | the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 42 | 07/16/14 Email between Stephen Smith and Mark Binke (UCP002797-2800) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high |

own document
le.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 42 | 06/15/14 E-mail from Stephen Smith to Randi Richmond (UCP002343-2344) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 43 | 07/03/14 E-mail from Penelope Kennedy to Randi Richmond (UCP003591-3592) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC |

own document
ie.

| | | | received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel. |
|---|---|---|---|
| DX 43 | 07/10/14 E-mail from Stephen Smith to Mark Binke (UCP000940) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF DECEMBER 27, 2019**

| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 43 | 07/08/14 Email string between Randi Richmond and Stephen Smith (UCP002710-2711) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind |

| | | which evidence is proffered at trial (F.R.E. 403). | of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 43 | 07/02/14 E-mail from Randi Richmond to Stephen Smith (UCP001013-1014) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is |

| | | needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).

F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 4: | 06/15-07/07/14 Email string between Mark Binke and Randi | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should |

| | Richmond, et al (UCP000422-429) | substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, |

| | | | ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 4: | 07/02/14 Email from Stephen Smith to Mark Binke and Randi Richmond (UCP001037-1039) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).

F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of |

| | | | the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 43 | 07/09-15/14 Email string between Jacob Fenton and Lori Lynem, et al (UCP020043-20047) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).

F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF DECEMBER 27, 2019**

| | | | probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 43 | 05/13/14 Email from Stephen Smith to Randi Richmond, with attachments (UCP003687-3694) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).

F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 4: | 09/20/11 Transcript of George W. Bush's address to the Joint Session of the 107th Congress (no Bates Nos.) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); To the extent characterized expert opinion, there has been no showing that the author's statements are based on sufficient facts or data or that they are the product of reliable principles and methods (F.R.E. 702, 703); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received |

| | | outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | regarding what was going on in Israel.<br><br>F.R.E. 701 –Unclear what opinions are offered by any declarant in exhibit or, if any, which opinions are objectionable; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
|---|---|---|---|

| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 4 | Carla E. Humud, Cong. Research Serv., R43756, Al Qaeda and U.S. Policy: Middle East and Africa (08/11/16) (no Bates Nos.) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); To the extent characterized expert opinion, there has been no showing that the author's statements are based on sufficient facts or data or that they are the product of reliable | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what |

own document
le.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | principles and methods (F.R.E. 702, 703); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel.

F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions.

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or |

| | | | in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| DX 44 | 2016 Human Rights Reports – Secretary's Preface (no Bates Nos.) | Relevance F.R.E. (401, 402); If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits;

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).

F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, |

own document
1e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF DECEMBER 27, 2019**

| | | | |
|---|---|---|---|
| | | | misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 44 | United Nations General Assembly Resolution adopted by the Human Rights Council – A/HRC/RES/S-21/1 (no Bates Nos.) | Relevance (F.R.E. 401, 402); If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits;<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind |

| | | | |
|---|---|---|---|
| | | | of all parties involved at time of claim (NBC, ASIC, Aon, etc.). F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 44 | Congressional Research Service Careers https://www.loc.gov/crsinfo/ (no Bates Nos.) | Relevance F.R.E. 401, 402); If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Any probative value is | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of |

own document
ie.

| | | substantially outweighed wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | mind of parties or individuals identified in exhibits;<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled |
|---|---|---|---|

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 44 | Office of The Historian – Milestones: 1945-1952 – The Arab-Israeli War of 1948 (no Bates Nos.) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); To the extent characterized expert opinion, there has been no showing that the author's statements are based on sufficient facts or data or that they are the product of reliable principles and methods (F.R.E. 702, 703); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel. |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions. |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why |

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 44 | Geopolitical Intelligence and Risk Analysis – Max Security (no Bates Nos.) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits;<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or |

own document
1e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | needlessly presenting cumulative evidence (F.R.E. 403). | in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |

| DX 44 | Tactical Intelligence Reports – Max Security (no Bates Nos.) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits;<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel.<br><br>F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions.

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).

F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high

| | | | probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 44 | Islamic Resistance Movement – Hamas – Document general principles and policies (No Bates No.) | No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602). | F.R.E. 602 – Witnesses has personal knowledge of what information ASIC or NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
| DX 44 | 07/18/14 United Nations Meetings Coverage:  Gaza Crisis Resulted From Collective Failure to Achieve Political Solution to Israeli-Palestinian | Relevance (F.R.E. 401, 402); If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Any probative value is substantially outweighed by risk of | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of |

| | | |
|---|---|---|
| | Conflict, Security Council Told (no Bates Nos.) | unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | mind of parties or individuals identified in exhibits.

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).

F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF DECEMBER 27, 2019**

| | | | |
|---|---|---|---|
| | | | to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 44 | United Nation Office for the Coordination of Humanitarian Affairs, our work (no Bates Nos.) | Relevance F.R.E. (401, 402); If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits;

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).

F.R.E. 403 – Objection is conditional, and therefore not |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 44 | The Permanent Observer Mission of the State of Palestine to the United Nations New York webpage, "Diplomatic Relations" (no Bates Nos.) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); To the extent characterized expert opinion, there has been no showing that the author's statements are based on sufficient facts or data or that they are the product of reliable principles and methods (F.R.E. 702, | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits;<br><br>F.R.E. 602 – Witnesses has personal knowledge of what |

| | | 703); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel.<br><br>F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or |

| | | in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 45 | Country Reports on Human Rights Practices for 2014 – | If offered to prove the truth of facts stated therein, inadmissible hearsay and | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is |

| | Secretary's Preface (no Bates Nos.) | no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); To the extent characterized expert opinion, there has been no showing that the author's statements are based on sufficient facts or data or that they are the product of reliable principles and methods (F.R.E. 702, 703); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel.<br><br>F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied |
|---|---|---|---|

upon by experts as basis for opinions or by ASIC as basis for claims handling decisions.

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).

F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled

| | | | to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 45 | Article:  A Holistic Approach to the Conflict of Israel and Palestine:  Where We Are Now and Where We Can Go, 19 Ann.Sur.Int'l&Comp. L. 105 (no Bates Nos.) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); To the extent characterized expert opinion, there has been no showing that the author's statements are based on sufficient facts or data or that they are the product of reliable principles and methods (F.R.E. 702, 703); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel.<br><br>F.R.E. 701 – Unclear what opinions are offered by any |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF DECEMBER 27, 2019**

|  |  |  | declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions.

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).


F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice |
|--|--|--|--|

own document
ne.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF DECEMBER 27, 2019**

| | | | outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 45 | Note & Comment: Violations of International Criminal Law in the Israeli-Palestinian Conflict: Why The International Criminal Court Should Not Prosecute In The "Interest Of Justice," 29 Temp. Int'l & Comp. L.J. 275 (no Bates Nos.) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); To the extent characterized expert opinion, there has been no showing that the author's statements are based on sufficient facts or data or that they are the product of reliable principles and methods (F.R.E. 702, 703); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify |

| | | probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | regarding what information ASIC or NBC received regarding what was going on in Israel.<br><br>F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

|  |  |  | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims.

F.R.E. 901 – Self-authenticating under F.R.E. 902(6); produced by opposing parties;  witnesses are able to authenticate film to the extent that the film is information they viewed and acted upon it, and that the film is a true and correct |
|---|---|---|---|

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | copy of the film as they perceived it at the time; witness need not to have personally filmed the video in order to authenticate the video for its intended purpose. |
|---|---|---|
| DX 45 The Middle East: The Origins of Arab-Israeli Wars (no Bates Nos.) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); To the extent characterized expert opinion, there has been no showing that the author's statements are based on sufficient facts or data or that they are the product of reliable principles and methods (F.R.E. 702, 703); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel. |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | needlessly presenting cumulative evidence (F.R.E. 403). | F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions.

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).

F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why |

|  |  |  | exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 45 | 08/29/14 The New York Times: 50 Days of War Leave Israelis and Palestinians Only More Entrenched https://www.nytimes.com/2014/08/30/world/middleeast/50-days-of-war-leave-israelis-and-palestinians-only-more-entrenched.html (ATP006033-37) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness |

| | | needlessly presenting cumulative evidence (F.R.E. 403). | does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel. |
|---|---|---|---|
| | | | F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions. |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind |

| | | | of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 45 | 08/05/14 Time:  No Easy Answers to Charges of War Crimes in Gaza http://time.com/3082458/gaza- | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of |

| | | |
|---|---|---|
| | war-crimes-israel-palestine/ (ATL006184-6187) | a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | mind of parties or individuals identified in exhibits; F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel.<br><br>F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions. |

| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time |

| | | | of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 45 | 08/07/14 U.S. News:  Saudi Arabia and the Third Gaza War http://www.usnews.com/news/articles/2014/08/07/saudi-arabia-and-the-third-gaza-war (ATL006188-6191) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel.<br><br>F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information |

|  |  |  | received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions. |
|  |  |  | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
|  |  |  | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, |

| | | | misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 45 | 10/13/14 The LA Times:  Full Coverage Israel's war in Gaza http://www.latimes.com/world/middleeast/la-hp-storygallery-middle-east-conflict-storygallery.html (ATL006192-6195) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC |

|  |  |  | or NBC received regarding what was going on in Israel. |
|  |  |  | F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions. |
|  |  |  | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |

| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 45 | 08/26/14 BBC:  Gaza-Israel conflict:  Is the fighting over? http://www.bbc.com/news/world-middle-east-28252155 (ATL006196-6215) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel.<br><br>F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions.<br><br>F.R.E. 401 – Objection is conditional, and therefore not |

own document
e.

| | | | binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|

own document
le.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| DX 45 | The Middle East Quarterly: Rethinking Operation Protective Edge, The 2014 Gaza War http://www.meforum.org/5084/ rethinking-operation-protective-edge (ATL006216-6228) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel. <br><br> F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized |
|---|---|---|---|

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

|  |  |  | knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions. |
|  |  |  | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
|  |  |  | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of |

| | | | all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 4( | Jerusalem Center for Public Affairs:  Key Moments in a 50-Day War:  A Timeline http://jcpa.org/timeline-key-moments-gaza-war (ATL006233-6248) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | F.R.E. 701 –Unclear what opinions are offered by any declarant in exhibit or, if any, which opinions are objectionable; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 46 | 07/18/14 MSNBC: Obama points to rebels in downed Malaysian jet http://www.msnbc.com/msnbc/obama-american-dead-malaysia-airlines-crash (ATL004441-4443) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. |

own document
ie.

| | | needlessly presenting cumulative evidence (F.R.E. 403). | F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel. |
| | | | F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions. |
| | | | F.R.E. 401 – Objection is conditional, and therefore not |

 own document
ie.

| | | | binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | |
|---|---|---|---|
| DX 46 | 07/16/14 The Times of Israel: Ground incursion in Gaza said 'very likely' http://www.timesofisrael.com/idf-ground-incursion-in-gaza-very-likely (ATL004310-4311) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel. F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized |

own document
...e.

|  |  |  | knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions. |
|  |  |  | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
|  |  |  | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of |

own document ie.

| | | | |
|---|---|---|---|
| | | | all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 4... | 07/07/14 The Times of Israel: Israel launches 'Protective Edge' counteroffensive on Gaza, Jewish suspects reenact teen's murder http://www.timesofisrael.com/as-israel-grapples-with-homegrown-killers-violence-continues/#! (ATL004389-004419) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel. |

|  |  |  | F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions. F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 46 | 07/15/14 Haaretz:  LIVE UPDATES: Operation Protective Edge, Day 7 http://www.haaretz.com/israel-news/1.604898#! (ATL004430-4440) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after |

| | | confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel.<br><br>F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is |

own document
le.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 46 | 07/29/14 NBC News: Benjamin Netanyahu Says Israel's War in Gaza Will Be 'Prolonged' | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show |

own document
e.

| | | |
|---|---|---|
| http://www.nbcnews.com/storyline/middle-east-unrest/benjamin-netanyahu-says-israels-war-gaza-will-be-prolonged-n167286 (ATL006255) | 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | information acted upon/state of mind of parties or individuals identified in exhibits; statement of a party opponent and, therefore, not hearsay.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel.<br><br>F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied |

own document
ie.

| | | | upon by experts as basis for opinions or by ASIC as basis for claims handling decisions. |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled |

own document
ue.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 46 | 08/21/14 NBC News: Gaza War: Hamas Admits Kidnapping Three Israeli Teens http://www.nbcnews.com/storyline/west-bank-kidnappings/gaza-war-hamas-admits-kidnapping-three-israeli-teens-n186176 (ATL006256-6257) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel.

F.R.E. 701 – Unclear what opinions are offered by any |

|  |  |  | declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions. |
|--|--|--|--|
|  |  |  | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
|  |  |  | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF DECEMBER 27, 2019**

| | | | |
|---|---|---|---|
| | | | outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 46 | 12/07/14 NBC News:  Gaza War:  Israel Opens Eight New Investigations Into Military Operations http://www.nbcnews.com/storyline/middle-east-unrest/gaza-war-israel-opens-eight-new-investigations-military-operations-n263241 (ATL006258) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; statement of a party opponent, and, therefore, not hearsay. F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, |

| | | needlessly presenting cumulative evidence (F.R.E. 403). | including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel.

F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions.

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind |

| | | | |
|---|---|---|---|
| | | | of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 46 | 06/22/15 NBC News:  Israel, Palestinians May Be Guilty of Gaza War Crimes: UN Report http://www.nbcnews.com/news/world/israel-palestinians- | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of |

| | | |
|---|---|---|
| | committed-possible-gaza-war-crimes-u-n-report-n379636 (ATL006259-6260) | a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | mind of parties or individuals identified in exhibits; statements of a party opponent and, therefore, not hearsay.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel.<br><br>F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for |

| | | | |
|---|---|---|---|
| | | | opinions or by ASIC as basis for claims handling decisions. |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, |

own document
e.

| | | | ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 46 | Haaretz: Gaza War: 11 Key Headlines From Scathing Report Rattling Israel's Politicians and Military http://www.haaretz.com/israel-news/LIVE-1.774365/Gaza-war-hamas-humanitarian-crisis (ATL006261-6276) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel.<br><br>F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony |

own document
ie.

|  |  |  | rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions. |
|---|---|---|---|
|  |  |  | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
|  |  |  | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or |

| | | | why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 47 | 03/23/17 The Jerusalem Post: State comptroller report on 2014 Gaza war due today http://www.jpost.com/Israel-News-Politics-And-Diplomacy/State-comptroller-report-on-2014-Gaza-war-due-today-482789 (ATL006277-6279) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify |

|  |  |  | regarding what information ASIC or NBC received regarding what was going on in Israel. |
|  |  |  | F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions. |
|  |  |  | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |

wn document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST AS OF DECEMBER 27, 2019**

| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 47 | 02/28/17 CNN:  Israeli report criticizes Netanyahu, military leadership over 2014 Gaza War http://www.cnn.com/2017/02/28/middleeast/israel-gaza-report/ (ATL006444-6447) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; |

own document
e.

| | | | |
|---|---|---|---|
| | | of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel.<br><br>F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions.<br><br>F.R.E. 401 – Objection is conditional, and therefore not |

own document
ie.

|  |  |  | binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).

F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |

| DX 47 | 08/26/14 CBS News: New extended-Israel-Hamas cease-fire reached http://www.cbsnews.com/news/hamas-claims-extended-cease-fire-deal-reached-with-Israel (ATL006498) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel.<br><br>F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized |
|---|---|---|---|

own document
ie.

knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions.

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).

F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of

own document
e.

| | | | all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 47 | 08/06/14 CNN:  Why are so many civilians dying in Hamas-Israel-war http://cnn.com/2014/08/04/world/meast/gaza-israel-why-civilian-deaths (ATL006448) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel. |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions. |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why |

own document
ie.

ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF DECEMBER 27, 2019

| | | | exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 47 | BBC:  Gaza conflict 2014: 'War crimes by both sides' - UN http://www.bbc.com/news/world-middle-east-33223365 (ATL006456) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, |

own document
e.

| | | jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel.

F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions.

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind |

| | | | of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 47 | Video:<br>http://www.nbcnews.com/video/msnbc2/56804549#56804549<br>(ATL006503) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of |

| | | a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403); Lacks authentication and none of the witnesses have personal knowledge to authenticate the video footage, in particular as to the means of obtaining, location, and timing of the footage (F.R.E. 901). | mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.

F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel.

F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no |

testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions.

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).

F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or

| | | | |
|---|---|---|---|
| | | | is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims.<br><br>F.R.E. 901 - Self-authenticating under F.R.E. 902(6); produced by Plaintiffs; witnesses are able to authenticate film to the extent that the film is information they viewed and acted upon it, and that the film is a true and correct copy of the film as they perceived it at the time; witness need not to have personally filmed the video in order to authenticate the video for its intended purpose. |
| DX 47 | Video: http://www.msnbc.com/all-in-with-chris-hayes/watch/day- | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered |

| | | |
|---|---|---|
| | breaks-in-gaza-following-invasion-307348035939 (ATL006509) | 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403); Lacks authentication and none of the witnesses have personal knowledge to authenticate the video footage, in particular as to the means of obtaining, location, and timing of the footage (F.R.E. 901). | for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.

F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel.

F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions.

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).

F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

|  |  |  | why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims.<br><br>F.R.E. 901 - Self-authenticating under F.R.E. 902(6); produced by Plaintiffs; witnesses are able to authenticate film to the extent that the film is information they viewed and acted upon it, and that the film is a true and correct copy of the film as they perceived it at the time; witness need not to have personally filmed the video in order to authenticate the video for its intended purpose. |
|---|---|---|---|

own document
1e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | |
|---|---|---|---|
| DX 47 | Video: http://www.nbcnews.com/video/from/aug-2/2014-ayman-mohyeldin-reports-on-gaza-war-469303875925 (ATL006511) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403); Lacks authentication and none of the witnesses have personal knowledge to authenticate the video footage, in particular as to the means of obtaining, location, and timing of the footage (F.R.E. 901). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.

F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel. |

| | | | F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions. |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims.<br><br>F.R.E. 901 - Self-authenticating under F.R.E. 902(6); witnesses are able to authenticate film to the extent that the film is information they viewed and acted upon it, and that the film is a true and correct copy of the film as they perceived it at the time; witness need not to have personally filmed the video in order to authenticate the video for its intended purpose. |
|---|---|---|---|

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | |
|---|---|---|---|
| DX 47 | Video: http://www.nbcnews.com/watch/nightly-news-bloddiest-day-in-israels-fight-in-gaza-kills-more-than-70-309590595847 (ATL006007) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403); Lacks authentication and none of the witnesses have personal knowledge to authenticate the video footage, in particular as to the means of obtaining, location, and timing of the footage (F.R.E. 901). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel. |

own document
e.

|  |  |  | F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. |

own document e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims.<br><br>F.R.E. 901 - Self-authenticating under F.R.E. 902(6); witnesses are able to authenticate film to the extent that the film is information they viewed and acted upon it, and that the film is a true and correct copy of the film as they perceived it at the time; witness need not to have personally filmed the video in order to authenticate the video for its intended purpose. |

own document
ie.

| | | | |
|---|---|---|---|
| DX 47 | Video: http://www.nbcnews.com/watch/nightly-news/israeli-palestinian-conflict-brings-heaviest-fighting-in-years-299767363744 (ATL006254) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403); Lacks authentication and none of the witnesses have personal knowledge to authenticate the video footage, in particular as to the means of obtaining, location, and timing of the footage (F.R.E. 901). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel. |

| | | | F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions. |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. |

own document
1e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

|  |  |  | Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims.<br><br>F.R.E. 901 - Self-authenticating under F.R.E. 902(6); produced by Plaintiffs; witnesses are able to authenticate film to the extent that the film is information they viewed and acted upon it, and that the film is a true and correct copy of the film as they perceived it at the time; witness need not to have personally filmed the video in order to authenticate the video for its intended purpose. |
|---|---|---|---|

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | |
|---|---|---|---|
| DX 48 | Video: https://www.theguardian.com/world/video/2014/jul/09/israeli-airstrikes-gaza-hamas-rocket-attacks-video (ATL006944-ATL006945) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403); Lacks authentication and none of the witnesses have personal knowledge to authenticate the video footage, in particular as to the means of obtaining, location, and timing of the footage (F.R.E. 901). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel.<br><br>F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information |

received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions.

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).

F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue,

own document
1e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST AS OF DECEMBER 27, 2019**

| | | | |
|---|---|---|---|
| | | | misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims.<br><br>F.R.E. 901 – Self-authenticating under F.R.E. 902(6);  witnesses are able to authenticate film to the extent that the film is information they viewed and acted upon it, and that the film is a true and correct copy of the film as they perceived it at the time; witness need not to have personally filmed the video in order to authenticate the video for its intended purpose. |
| DX 48 | October 2015 High Level Military Group:  An Assessment of the 2014 Gaza | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show |

| | Conflict (ATL006364-6443) | 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | information acted upon/state of mind of parties or individuals identified in exhibits.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel.<br><br>F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for |

| | | | opinions or by ASIC as basis for claims handling decisions. |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, |

| | | | ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims.<br><br>F.R.E. 901 – Self-authenticating under F.R.E. 902(6); produced by opposing parties;  witnesses are able to authenticate film to the extent that the film is information they viewed and acted upon it, and that the film is a true and correct copy of the film as they perceived it at the time; witness need not to have personally filmed the video in order to authenticate the video for its intended purpose. |
| DX 48 | Demonstrative:  Timeline | Atlantic has not provided this proposed exhibit to Universal.  Universal reserves its right to object to this exhibit once disclosed. | N/A |
| DX 48 | Dkt. No. 124 – Minutes (In Chambers) Court Order by J. Anderson Granting ASIC's Motion for Summary Judgment. | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, | F.R.E. 401 – Exhibit relevant to show reasonableness and good faith on the part of ASIC, state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |

821

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403).  Subject of a pending Motion in Limine. | F.R.E. 403 – Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims, and to know that other learned parties agreed with ASIC's claims position. |
| DX 48 | Dkt. No. 128 –In Chambers – Court Order by J. Anderson Granting ASIC's Motion for Summary Judgment. | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence | F.R.E. 401 – Exhibit relevant to show reasonableness and good faith on the part of ASIC, state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |

|  |  | (F.R.E. 403).  Subject of a pending Motion in Limine. | F.R.E. 403 – Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims, and to know that other learned parties agreed with ASIC's claims position. |
| DX 48 | Dkt. No. 129 – Court Order by J. Anderson Granting ASIC's Motion for Summary Judgment. | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence | F.R.E. 401 – Exhibit relevant to show reasonableness and good faith on the part of ASIC, state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). <br><br> F.R.E. 403 – Objection also fails to state why exhibit is unfairly |

| | | (F.R.E. 403).  Subject of a pending Motion in Limine. | prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative.  Furthermore, high probative value re: state of mind of all parties involved at the time of the claim.  Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims, and to know that other learned parties agreed with ASIC's claims position. |
| DX 48 | Dkt. No. 133 – NBC's Notice of Appeal to the Ninth Circuit Court of Appeals | Depending on the reason offered, Irrelevant (F.R.E. 401, 402); F.R.E. 403, Substantially More Prejudicial than Probative, Likely to Confuse the Jury.  Issues of law decided by the Ninth Circuit should be included in properly worded jury instructions, not introduced as an exhibit.  Subject of a pending Motion in Limine. | F.R.E. 401 – Exhibit relevant to show reasonableness and good faith on the part of ASIC, state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).  F.R.E. 403 – Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its |

| | | | |
|---|---|---|---|
| | | | probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims, and to know that other learned parties agreed with ASIC's claims position. |
| DX 48 | ASIC/NBC Dig Electronic Claim Notes – Bates No. ATL 00001 – ATL 00161 | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not |

|  |  |  | hearsay under F.R.E. 801; (4) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6). |
| DX 48 | ASIC/NBC Dig Claim File – Bates No. ATL 000162 – ATL 4101 | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801; (4) all communications of OneBeacon are |

| | | | records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6). |
|---|---|---|---|
| DX 48 | Claim Notes – Bates No. ATL 000733-0734 (Stone Exhibit No. 11) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801; (4) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue |

own document
ue.

| | | | in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6). |
|---|---|---|---|
| DX 49 | | | |
| DX 49 | 04/25/17 Report of Jay Shapiro, CPA | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403).  Subject of a pending Motion in Limine. If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | This is not proper objection to evidence, but rather to expert opinions. Such should properly be addressed in either a *Daubert* motion or in a Motion in Limine. Arguments go to weight, not admissibility. The qualifications of an expert to testify is always relevant and the conclusions of Shapiro are relevant because they make facts asserted by the Plaintiffs' in their claim for damages more or less likely. The probative value of Shapiro's expert report to aid the jury in its |

assessment and ultimate determination of damages is not substantial outweighed by its prejudicial effect, further the Plaintiff offers absolutely no legal authority or precedent to exclude this evidence for their stated basis, only offering broad, conclusory allegations.

Cumulative evidence is defined as evidence that replicates other admitted evidence. United States v. Ives, 609 F.2d 930, 933 (9th Cir. 1979), cert. denied, 445 U.S. 919 (1980).  There is no replication of this evidence, the information contained in this exhibit constitutes evidence of reasonable conduct by the Defendant which is an issue the jury must decide. For these same reasons, introduction of this evidence in no way constitutes a waste of time.

This evidence should not be excluded on the bases of hearsay

| | | | |
|---|---|---|---|
| | | | under Fed. R. Evid. 801 or 802. Fed. R. Evid. 703 permits an expert witness to "base an opinion on facts or data in the case that the expert has been made aware of or personally observed" and if the facts or data are the type that experts in the same field would reasonably rely on to form similar opinions, the facts or data do not have be admissible in order for thewitness' opinion to be admissible. Indeed, inadmissible facts or data may be disclosed to the jury "if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." |
| DX 49 | Schedule A to the 04/25/17 Report of Jay Shapiro, CPA: Summary of Maximum Claim for Possible Extra Expenses – Five Episodes | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence | This is not proper objection to evidence, but rather to expert opinions. Such should properly be addressed in either a *Daubert* motion or in a Motion in Limine. Arguments go to weight, not admissibility. |

| | | (F.R.E. 403). Subject of a pending Motion in Limine. If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | The qualifications of an expert to testify is always relevant and the conclusions of Shapiro are relevant because they make facts asserted by the Plaintiffs' in their claim for damages more or less likely.

The probative value of Shapiro's expert report to aid the jury in its assessment and ultimate determination of damages is not substantial outweighed by its prejudicial effect, further the Plaintiff offers absolutely no legal authority or precedent to exclude this evidence for their stated basis, only offering broad, conclusory allegations.

Cumulative evidence is defined as evidence that replicates other admitted evidence. United States v. Ives, 609 F.2d 930, 933 (9th Cir. 1979), cert. denied, 445 U.S. 919 (1980). There is no replication of this evidence, the information contained in this exhibit constitutes |

|  |  |  | evidence of reasonable conduct by the Defendant which is an issue the jury must decide. For these same reasons, introduction of this evidence in no way constitutes a waste of time.

This evidence should not be excluded on the bases of hearsay under Fed. R. Evid. 801 or 802. Fed. R. Evid. 703 permits an expert witness to "base an opinion on facts or data in the case that the expert has been made aware of or personally observed" and if the facts or data are the type that experts in the same field would reasonably rely on to form similar opinions, the facts or data do not have be admissible in order for thewitness' opinion to be admissible. Indeed, inadmissible facts or data may be disclosed to the jury "if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." |
|--|--|--|--|

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | |
|---|---|---|---|
| DX 49 | Schedule B to the 04/25/17 Report of Jay Shapiro, CPA: Possible Incremental Costs – Five Episodes | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403).  Subject of a pending Motion in Limine. If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | This is not proper objection to evidence, but rather to expert opinions. Such should properly be addressed in either a *Daubert* motion or in a Motion in Limine. Arguments go to weight, not admissibility.<br><br>The qualifications of an expert to testify is always relevant and the conclusions of Shapiro are relevant because they make facts asserted by the Plaintiffs' in their claim for damages more or less likely.<br><br>The probative value of Shapiro's expert report to aid the jury in its assessment and ultimate determination of damages is not substantial outweighed by its prejudicial effect, further the Plaintiff offers absolutely no legal authority or precedent to exclude this evidence for their stated basis, only offering broad, conclusory allegations. |

Cumulative evidence is defined as evidence that replicates other admitted evidence. United States v. Ives, 609 F.2d 930, 933 (9th Cir. 1979), cert. denied, 445 U.S. 919 (1980).  There is no replication of this evidence, the information contained in this exhibit constitutes evidence of reasonable conduct by the Defendant which is an issue the jury must decide. For these same reasons, introduction of this evidence in no way constitutes a waste of time.

This evidence should not be excluded on the bases of hearsay under Fed. R. Evid. 801 or 802. Fed. R. Evid. 703 permits an expert witness to "base an opinion on facts or data in the case that the expert has been made aware of or personally observed" and if the facts or data are the type that experts in the same field would reasonably rely on to form similar

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | |
|---|---|---|---|
| | | | opinions, the facts or data do not have be admissible in order for thewitness' opinion to be admissible. Indeed, inadmissible facts or data may be disclosed to the jury "if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." |
| DX 49 | Schedule C to the 04/25/17 Report of Jay Shapiro, CPA: Additional Film Tax Credit – 5 Episodes | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403).  Subject of a pending Motion in Limine. | This is not proper objection to evidence, but rather to expert opinions. Such should properly be addressed in either a *Daubert* motion or in a Motion in Limine. Arguments go to weight, not admissibility.<br><br>The qualifications of an expert to testify is always relevant and the conclusions of Shapiro are relevant because they make facts asserted by the Plaintiffs' in their claim for damages more or less likely.<br><br>The probative value of Shapiro's expert report to aid the jury in its |

assessment and ultimate determination of damages is not substantial outweighed by its prejudicial effect, further the Plaintiff offers absolutely no legal authority or precedent to exclude this evidence for their stated basis, only offering broad, conclusory allegations.

Cumulative evidence is defined as evidence that replicates other admitted evidence. United States v. Ives, 609 F.2d 930, 933 (9th Cir. 1979), cert. denied, 445 U.S. 919 (1980).  There is no replication of this evidence, the information contained in this exhibit constitutes evidence of reasonable conduct by the Defendant which is an issue the jury must decide. For these same reasons, introduction of this evidence in no way constitutes a waste of time.

This evidence should not be excluded on the bases of hearsay

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF DECEMBER 27, 2019**

| | | | under Fed. R. Evid. 801 or 802. Fed. R. Evid. 703 permits an expert witness to "base an opinion on facts or data in the case that the expert has been made aware of or personally observed" and if the facts or data are the type that experts in the same field would reasonably rely on to form similar opinions, the facts or data do not have be admissible in order for thewitness' opinion to be admissible. Indeed, inadmissible facts or data may be disclosed to the jury "if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." |
| DX 49 | CV of Jay Shapiro, CPA | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence | This is not proper objection to evidence, but rather to expert opinions. Such should properly be addressed in either a *Daubert* motion or in a Motion in Limine. Arguments go to weight, not admissibility. |

| | | (F.R.E. 403). Subject of a pending Motion in Limine. If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, AON, etc.).<br><br>F.R.E. 403 – Objection fails to state what prejudice exhibit contains, or why such alleged prejudice outweighs its probative value. Also, high probative value re: state of mind of all parties involved at the time of the claim. Objection further fails to state what information will mislead or confuse jury. Finally, jury must know what information NBC, AON, and ASIC had at time of claim. |

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| DX 49 | 02/10/16 Email between Wanda Phillips and Joseph S. Fitzgerald (ATL005998-6006) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801; (4) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6). |
| DX 49 | Plaintiff's Damages Evidence – Bates No. UCP 004067-UCP018002 | No objection | No response |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| DX 49 | Plaintiff's Damages Evidence – Bates No. UCP 18003-18124 | No objection | No response |
|---|---|---|---|
| DX 49 | Plaintiff's Damages Evidence – Bates No. UCP 018125-018127 | No objection | No response |
| DX 50 | Plaintiff's Damages Evidence – Bates No. UCP 018228-020052 | No objection | No response |
| DX 50 | Plaintiff's Damages Evidence – Bates No. UCP 020063-032854 | No objection | No response |
| DX 50 | Plaintiff's Damages Evidence – Bates No. UCP 0004971 | No objection | No response |
| DX 50 | Plaintiff's Damages Evidence – Bates No. UCP 004504 | No objection | No response |
| DX 50 | Shapiro Deposition Notice (Shaprio Depo Ex 1) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403).  Subject of a pending Motion in Limine. If offered to prove the truth thereof, inadmissible hearsay | This is not proper objection to evidence, but rather to expert opinions. Such should properly be addressed in either a *Daubert* motion or in a Motion in Limine. Arguments go to weight, not admissibility.<br><br>The qualifications of an expert to testify is always relevant and the conclusions of Shapiro are relevant because they make facts asserted |

| | | and no exception is applicable (F.R.E. 801, 802). | by the Plaintiffs' in their claim for damages more or less likely.<br><br>The probative value of Shapiro's expert report to aid the jury in its assessment and ultimate determination of damages is not substantial outweighed by its prejudicial effect, further the Plaintiff offers absolutely no legal authority or precedent to exclude this evidence for their stated basis, only offering broad, conclusory allegations.<br><br>Cumulative evidence is defined as evidence that replicates other admitted evidence. United States v. Ives, 609 F.2d 930, 933 (9th Cir. 1979), cert. denied, 445 U.S. 919 (1980).  There is no replication of this evidence, the information contained in this exhibit constitutes evidence of reasonable conduct by the Defendant which is an issue the jury must decide. For these same reasons, introduction of this |

own document
.e.

| | | | evidence in no way constitutes a waste of time.<br><br>This evidence should not be excluded on the bases of hearsay under Fed. R. Evid. 801 or 802. Fed. R. Evid. 703 permits an expert witness to "base an opinion on facts or data in the case that the expert has been made aware of or personally observed" and if the facts or data are the type that experts in the same field would reasonably rely on to form similar opinions, the facts or data do not have be admissible in order for thewitness' opinion to be admissible. Indeed, inadmissible facts or data may be disclosed to the jury "if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." |
|---|---|---|---|
| DX 50 | ASIC Expert Disclosure (Shapiro Depo Ex 3) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially | This is not proper objection to evidence, but rather to expert |

own document
ie.

| | | | |
|---|---|---|---|
| | | Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403).  Subject of a pending Motion in Limine. If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | opinions. Such should properly be addressed in either a *Daubert* motion or in a Motion in Limine. Arguments go to weight, not admissibility.<br><br>The qualifications of an expert to testify is always relevant and the conclusions of Shapiro are relevant because they make facts asserted by the Plaintiffs' in their claim for damages more or less likely.<br><br>The probative value of Shapiro's expert report to aid the jury in its assessment and ultimate determination of damages is not substantial outweighed by its prejudicial effect, further the Plaintiff offers absolutely no legal authority or precedent to exclude this evidence for their stated basis, only offering broad, conclusory allegations.<br><br>Cumulative evidence is defined as evidence that replicates other admitted evidence. United States v. |

|  |  |  | Ives, 609 F.2d 930, 933 (9th Cir. 1979), cert. denied, 445 U.S. 919 (1980).  There is no replication of this evidence, the information contained in this exhibit constitutes evidence of reasonable conduct by the Defendant which is an issue the jury must decide. For these same reasons, introduction of this evidence in no way constitutes a waste of time.<br><br>This evidence should not be excluded on the bases of hearsay under Fed. R. Evid. 801 or 802. Fed. R. Evid. 703 permits an expert witness to "base an opinion on facts or data in the case that the expert has been made aware of or personally observed" and if the facts or data are the type that experts in the same field would reasonably rely on to form similar opinions, the facts or data do not have be admissible in order for thewitness' opinion to be admissible. Indeed, inadmissible |
|---|---|---|---|

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

|  |  |  | facts or data may be disclosed to the jury "if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." |
|---|---|---|---|
| DX 50 | Plaintiff's Damages Evidence – Bates No. UCP 003732-3734 (Shapiro Depo Ex 4) | No objection | No response |
| DX 50 | DUPLICATIVE OF GARBER DEPO EX 8 (Plaintiff's Damages Evidence – Bates No. AONNBCU 0001748-1750 (Shapiro Depo Ex 5)) | No objection | No response. |
| DX 50 | Plaintiff's Damages Evidence – Bates No. UCP 004971 (Shapiro Depo Ex 6) | No objection | No response |
| DX 50 | Plaintiff's Damages Evidence – Bates No UCP 014836-014881 (Shapiro Depo Ex 7) | No objection | No response |
| DX 51 | Shapiro Expert Report (Shapiro Depo Ex 8) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, | This is not proper objection to evidence, but rather to expert opinions. Such should properly be addressed in either a *Daubert* |

| | | | Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403).  Subject of a pending Motion in Limine. If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | motion or in a Motion in Limine. Arguments go to weight, not admissibility.<br><br>The qualifications of an expert to testify is always relevant and the conclusions of Shapiro are relevant because they make facts asserted by the Plaintiffs' in their claim for damages more or less likely.<br><br>The probative value of Shapiro's expert report to aid the jury in its assessment and ultimate determination of damages is not substantial outweighed by its prejudicial effect, further the Plaintiff offers absolutely no legal authority or precedent to exclude this evidence for their stated basis, only offering broad, conclusory allegations.<br><br>Cumulative evidence is defined as evidence that replicates other admitted evidence. United States v. Ives, 609 F.2d 930, 933 (9th Cir. 1979), cert. denied, 445 U.S. 919 |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

(1980). There is no replication of this evidence, the information contained in this exhibit constitutes evidence of reasonable conduct by the Defendant which is an issue the jury must decide. For these same reasons, introduction of this evidence in no way constitutes a waste of time. The only extent to which this exhibit is cumulative is to the extent it contents are duplicated elsewhere in this document.

This evidence should not be excluded on the bases of hearsay under Fed. R. Evid. 801 or 802. Fed. R. Evid. 703 permits an expert witness to "base an opinion on facts or data in the case that the expert has been made aware of or personally observed" and if the facts or data are the type that experts in the same field would reasonably rely on to form similar opinions, the facts or data do not have be admissible in order for

own document
le.

| | | | |
|---|---|---|---|
| | | | thewitness' opinion to be admissible. Indeed, inadmissible facts or data may be disclosed to the jury "if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." |
| DX 51 | DUPLICATIVE OF MARKUS DEPO EXHIBIT NO 344 (Plaintiff's Damages Evidence – Bates No. UCP 018226-18227 (Shapiro Depo Ex 9)) | No objection. | No response. |
| DX 51 | Shaprio Bills for Services (Shapiro Depo Ex 11) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403).  Subject of a pending Motion in Limine. If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | This is not proper objection to evidence, but rather to expert opinions. Such should properly be addressed in either a *Daubert* motion or in a Motion in Limine. Arguments go to weight, not admissibility.<br><br>The qualifications of an expert to testify is always relevant and the conclusions of Shapiro are relevant because they make facts asserted |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

by the Plaintiffs' in their claim for damages more or less likely.

The probative value of Shapiro's expert report to aid the jury in its assessment and ultimate determination of damages is not substantial outweighed by its prejudicial effect, further the Plaintiff offers absolutely no legal authority or precedent to exclude this evidence for their stated basis, only offering broad, conclusory allegations.

Cumulative evidence is defined as evidence that replicates other admitted evidence. United States v. Ives, 609 F.2d 930, 933 (9th Cir. 1979), cert. denied, 445 U.S. 919 (1980).  There is no replication of this evidence, the information contained in this exhibit constitutes evidence of reasonable conduct by the Defendant which is an issue the jury must decide. For these same reasons, introduction of this

own document
ie.

| | | | evidence in no way constitutes a waste of time.<br><br>This evidence should not be excluded on the bases of hearsay under Fed. R. Evid. 801 or 802. Fed. R. Evid. 703 permits an expert witness to "base an opinion on facts or data in the case that the expert has been made aware of or personally observed" and if the facts or data are the type that experts in the same field would reasonably rely on to form similar opinions, the facts or data do not have be admissible in order for thewitness' opinion to be admissible. Indeed, inadmissible facts or data may be disclosed to the jury "if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." |
| DX 51 | 03/16/17 Report of Frank G. Lowenstein | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially | This is not proper objection to evidence, but rather to expert |

| | | | Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403).  Subject of a pending Motion in Limine. If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | opinions. Such should properly be addressed in either a *Daubert* motion or in a Motion in Limine. Arguments go to weight, not admissibility.

The qualifications of an expert to testify is always relevant and the conclusions of Lowenstein are relevant because they make facts asserted by the Plaintiffs' in their claim for damages more or less likely.

The probative value of Lowenstein's expert report to aid the jury in its assessment and ultimate determination of damages is not substantial outweighed by its prejudicial effect, further the Plaintiff offers absolutely no legal authority or precedent to exclude this evidence for their stated basis, only offering broad, conclusory allegations.

Cumulative evidence is defined as evidence that replicates other |

| | | | admitted evidence. United States v. Ives, 609 F.2d 930, 933 (9th Cir. 1979), cert. denied, 445 U.S. 919 (1980).  There is no replication of this evidence, the information contained in this exhibit constitutes evidence of reasonable conduct by the Defendant which is an issue the jury must decide. For these same reasons, introduction of this evidence in no way constitutes a waste of time.<br><br>This evidence should not be excluded on the bases of hearsay under Fed. R. Evid. 801 or 802. Fed. R. Evid. 703 permits an expert witness to "base an opinion on facts or data in the case that the expert has been made aware of or personally observed" and if the facts or data are the type that experts in the same field would reasonably rely on to form similar opinions, the facts or data do not have be admissible in order for thewitness' opinion to be |

own document
1e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | admissible. Indeed, inadmissible facts or data may be disclosed to the jury "if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." |
|---|---|---|---|
| DX 51 | CV of Frank G. Lowenstein | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403).  Subject of a pending Motion in Limine. If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | This is not proper objection to evidence, but rather to expert opinions. Such should properly be addressed in either a *Daubert* motion or in a Motion in Limine. Arguments go to weight, not admissibility.<br><br>The qualifications of an expert to testify is always relevant and the conclusions of Lowenstein are relevant because they make facts asserted by the Plaintiffs' in their claim for damages more or less likely.<br><br>The probative value of Lowenstein's expert report to aid the jury in its assessment and ultimate determination of damages |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

is not substantial outweighed by its prejudicial effect, further the Plaintiff offers absolutely no legal authority or precedent to exclude this evidence for their stated basis, only offering broad, conclusory allegations.

Cumulative evidence is defined as evidence that replicates other admitted evidence. United States v. Ives, 609 F.2d 930, 933 (9th Cir. 1979), cert. denied, 445 U.S. 919 (1980).  There is no replication of this evidence, the information contained in this exhibit constitutes evidence of reasonable conduct by the Defendant which is an issue the jury must decide. For these same reasons, introduction of this evidence in no way constitutes a waste of time.

This evidence should not be excluded on the bases of hearsay under Fed. R. Evid. 801 or 802. Fed. R. Evid. 703 permits an

own document
ie.

ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF DECEMBER 27, 2019

| | | |
|---|---|---|
| | | expert witness to "base an opinion on facts or data in the case that the expert has been made aware of or personally observed" and if the facts or data are the type that experts in the same field would reasonably rely on to form similar opinions, the facts or data do not have be admissible in order for the witness' opinion to be admissible. Indeed, inadmissible facts or data may be disclosed to the jury "if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." |
| DX 51 | 04/26/17 Rebuttal Report of Frank G. Lowenstein | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403).  Subject of a pending Motion in Limine. If offered to prove | This is not proper objection to evidence, but rather to expert opinions. Such should properly be addressed in either a *Daubert* motion or in a Motion in Limine. Arguments go to weight, not admissibility.<br><br>The qualifications of an expert to testify is always relevant and the |

| | | the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | conclusions of Lowenstein are relevant because they make facts asserted by the Plaintiffs' in their claim for damages more or less likely.

The probative value of Lowenstein's expert report to aid the jury in its assessment and ultimate determination of damages is not substantial outweighed by its prejudicial effect, further the Plaintiff offers absolutely no legal authority or precedent to exclude this evidence for their stated basis, only offering broad, conclusory allegations.

Cumulative evidence is defined as evidence that replicates other admitted evidence. United States v. Ives, 609 F.2d 930, 933 (9th Cir. 1979), cert. denied, 445 U.S. 919 (1980).  There is no replication of this evidence, the information contained in this exhibit constitutes evidence of reasonable conduct by |
|---|---|---|---|

own document
ie.

|  |  |  | the Defendant which is an issue the jury must decide. For these same reasons, introduction of this evidence in no way constitutes a waste of time.

This evidence should not be excluded on the bases of hearsay under Fed. R. Evid. 801 or 802. Fed. R. Evid. 703 permits an expert witness to "base an opinion on facts or data in the case that the expert has been made aware of or personally observed" and if the facts or data are the type that experts in the same field would reasonably rely on to form similar opinions, the facts or data do not have be admissible in order for thewitness' opinion to be admissible. Indeed, inadmissible facts or data may be disclosed to the jury "if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." |
|--|--|--|--|

own document
ne.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF DECEMBER 27, 2019**

| DX 5 | ASIC Policy No. MP 00163-04 (UCP000056-000110) | No objection | No response |
|---|---|---|---|
| DX 5 | 07/28/14 Letter from Pamela Johnson to Andrea Garber (Gutterman Depo Ex 18) (ATL000094-101) | No objection | No response |
| DX 5 | NBC Claim File Material – Bates No. UCP 000162 – 000245 | Depending on the reason offered, Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403).  Subject of a pending Motion in Limine. | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801; (4) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the |

wn document
e.

| | | | regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6). All necessary for expert witness to form opinions in this case. |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of |

| | | | all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 51 | Lowenstein Expert Report (Lowenstein Depo Ex 1) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403).  Subject of a pending Motion in Limine. If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | This is not proper objection to evidence, but rather to expert opinions. Such should properly be addressed in either a *Daubert* motion or in a Motion in Limine. Arguments go to weight, not admissibility. The qualifications of an expert to testify is always relevant and the conclusions of Clark are relevant because they make facts asserted by the Plaintiffs' in their claim for damages more or less likely. The probative value of Clark's expert report to aid the jury in its assessment and ultimate determination of damages is not substantial outweighed by its |

prejudicial effect, further the Plaintiff offers absolutely no legal authority or precedent to exclude this evidence for their stated basis, only offering broad, conclusory allegations.

Cumulative evidence is defined as evidence that replicates other admitted evidence. United States v. Ives, 609 F.2d 930, 933 (9th Cir. 1979), cert. denied, 445 U.S. 919 (1980).  There is no replication of this evidence, the information contained in this exhibit constitutes evidence of reasonable conduct by the Defendant which is an issue the jury must decide. For these same reasons, introduction of this evidence in no way constitutes a waste of time. The only way this is cumulative is to the extent that ASIC inadvertently duplicated this exhibit in other places.

This evidence should not be excluded on the bases of hearsay

own document
ie.

| | | | |
|---|---|---|---|
| | | | under Fed. R. Evid. 801 or 802. Fed. R. Evid. 703 permits an expert witness to "base an opinion on facts or data in the case that the expert has been made aware of or personally observed" and if the facts or data are the type that experts in the same field would reasonably rely on to form similar opinions, the facts or data do not have be admissible in order for thewitness' opinion to be admissible. Indeed, inadmissible facts or data may be disclosed to the jury "if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." |
| DX 52 | 03/17/17 Report of Anthony Clark, AIC (Clark Depo Ex 4) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, | This is not proper objection to evidence, but rather to expert opinions. Such should properly be addressed in either a *Daubert* motion or in a Motion in Limine. |

own document
e.

| | | Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403).  Subject of a pending Motion in Limine. If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | Arguments go to weight, not admissibility.<br><br>The qualifications of an expert to testify is always relevant and the conclusions of Clark are relevant because they make facts asserted by the Plaintiffs' in their claim for damages more or less likely.<br><br>The probative value of Clark's expert report to aid the jury in its assessment and ultimate determination of damages is not substantial outweighed by its prejudicial effect, further the Plaintiff offers absolutely no legal authority or precedent to exclude this evidence for their stated basis, only offering broad, conclusory allegations.<br><br>Cumulative evidence is defined as evidence that replicates other admitted evidence. United States v. Ives, 609 F.2d 930, 933 (9th Cir. 1979), cert. denied, 445 U.S. 919 (1980).  There is no replication of |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

this evidence, the information contained in this exhibit constitutes evidence of reasonable conduct by the Defendant which is an issue the jury must decide. For these same reasons, introduction of this evidence in no way constitutes a waste of time.

This evidence should not be excluded on the bases of hearsay under Fed. R. Evid. 801 or 802. Fed. R. Evid. 703 permits an expert witness to "base an opinion on facts or data in the case that the expert has been made aware of or personally observed" and if the facts or data are the type that experts in the same field would reasonably rely on to form similar opinions, the facts or data do not have be admissible in order for thewitness' opinion to be admissible. Indeed, inadmissible facts or data may be disclosed to the jury "if their probative value in helping the jury evaluate the

own document
1e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | opinion substantially outweighs their prejudicial effect." |
|---|---|---|---|
| DX 52 | CV or Anthony Clark, AIC | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403).  Subject of a pending Motion in Limine. If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | This is not proper objection to evidence, but rather to expert opinions. Such should properly be addressed in either a *Daubert* motion or in a Motion in Limine. Arguments go to weight, not admissibility. The qualifications of an expert to testify is always relevant and the conclusions of Clark are relevant because they make facts asserted by the Plaintiffs' in their claim for damages more or less likely. The probative value of Clark's expert report to aid the jury in its assessment and ultimate determination of damages is not substantial outweighed by its prejudicial effect, further the Plaintiff offers absolutely no legal |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF DECEMBER 27, 2019**

| | | | authority or precedent to exclude this evidence for their stated basis, only offering broad, conclusory allegations.<br><br>Cumulative evidence is defined as evidence that replicates other admitted evidence. United States v. Ives, 609 F.2d 930, 933 (9th Cir. 1979), cert. denied, 445 U.S. 919 (1980).  There is no replication of this evidence, the information contained in this exhibit constitutes evidence of reasonable conduct by the Defendant which is an issue the jury must decide. For these same reasons, introduction of this evidence in no way constitutes a waste of time.<br><br>This evidence should not be excluded on the bases of hearsay under Fed. R. Evid. 801 or 802. Fed. R. Evid. 703 permits an expert witness to "base an opinion on facts or data in the case that the expert has been made aware of or |
|---|---|---|---|

|  |  |  | personally observed" and if the facts or data are the type that experts in the same field would reasonably rely on to form similar opinions, the facts or data do not have be admissible in order for thewitness' opinion to be admissible. Indeed, inadmissible facts or data may be disclosed to the jury "if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." |
|---|---|---|---|
| DX 52 | Rebuttal Report of Anthony Clark, AIC (Clark Depo Ex 5) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403).  Subject of a pending Motion in Limine. If offered to prove the truth thereof, inadmissible hearsay | This is not proper objection to evidence, but rather to expert opinions. Such should properly be addressed in either a *Daubert* motion or in a Motion in Limine. Arguments go to weight, not admissibility. The qualifications of an expert to testify is always relevant and the conclusions of Clark are relevant |

| | | and no exception is applicable (F.R.E. 801, 802). | because they make facts asserted by the Plaintiffs' in their claim for damages more or less likely.<br><br>The probative value of Clark's expert report to aid the jury in its assessment and ultimate determination of damages is not substantial outweighed by its prejudicial effect, further the Plaintiff offers absolutely no legal authority or precedent to exclude this evidence for their stated basis, only offering broad, conclusory allegations.<br><br>Cumulative evidence is defined as evidence that replicates other admitted evidence. United States v. Ives, 609 F.2d 930, 933 (9th Cir. 1979), cert. denied, 445 U.S. 919 (1980).  There is no replication of this evidence, the information contained in this exhibit constitutes evidence of reasonable conduct by the Defendant which is an issue the jury must decide. For these same |

| | | | reasons, introduction of this evidence in no way constitutes a waste of time.<br><br>This evidence should not be excluded on the bases of hearsay under Fed. R. Evid. 801 or 802. Fed. R. Evid. 703 permits an expert witness to "base an opinion on facts or data in the case that the expert has been made aware of or personally observed" and if the facts or data are the type that experts in the same field would reasonably rely on to form similar opinions, the facts or data do not have be admissible in order for thewitness' opinion to be admissible. Indeed, inadmissible facts or data may be disclosed to the jury "if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." |
|---|---|---|---|
| | own document<br>ie. | | |

| DX 52 | ASIC Policy No. MP 00163-04 | No objection | No response |
|---|---|---|---|
| DX 52 | ASIC/NBC Dig Claim File – Bates No. ATL 000294-000319 | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801; (4) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6). F.R.E. 401 – Objection is conditional, and therefore not |

|  |  |  | binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |

own document
ie.

ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF DECEMBER 27, 2019

| DX 52 | ASIC/NBC Dig Claim File – Bates No. ATL 000322-000328 | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801; (4) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6). All necessary for expert to form opinions in this case.<br><br>F.R.E. 401 – Objection is conditional, and therefore not |

own document
ie.

binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).

F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims.

own document
ie.

ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF DECEMBER 27, 2019

| DX 52 | Expert Report of Anthony Clark (Clark Depo Ex 4) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403).  Subject of a pending Motion in Limine. If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | This is not proper objection to evidence, but rather to expert opinions. Such should properly be addressed in either a *Daubert* motion or in a Motion in Limine. Arguments go to weight, not admissibility. The qualifications of an expert to testify is always relevant and the conclusions of Clark are relevant because they make facts asserted by the Plaintiffs' in their claim for damages more or less likely. The probative value of Clark's expert report to aid the jury in its assessment and ultimate determination of damages is not substantial outweighed by its prejudicial effect, further the Plaintiff offers absolutely no legal authority or precedent to exclude this evidence for their stated basis, only offering broad, conclusory allegations. |

Cumulative evidence is defined as evidence that replicates other admitted evidence. United States v. Ives, 609 F.2d 930, 933 (9th Cir. 1979), cert. denied, 445 U.S. 919 (1980).  There is no replication of this evidence, the information contained in this exhibit constitutes evidence of reasonable conduct by the Defendant which is an issue the jury must decide. For these same reasons, introduction of this evidence in no way constitutes a waste of time. Only way cumulative is if this exhibit is duplicated other places.

This evidence should not be excluded on the bases of hearsay under Fed. R. Evid. 801 or 802. Fed. R. Evid. 703 permits an expert witness to "base an opinion on facts or data in the case that the expert has been made aware of or personally observed" and if the facts or data are the type that experts in the same field would

own document
ie.

ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF DECEMBER 27, 2019

|  |  |  | reasonably rely on to form similar opinions, the facts or data do not have be admissible in order for thewitness' opinion to be admissible. Indeed, inadmissible facts or data may be disclosed to the jury "if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." |
| DX 52 | Rebuttal Report of Anthony Clark (Clark Depo Ex 5) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403).  Subject of a pending Motion in Limine. If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | This is not proper objection to evidence, but rather to expert opinions. Such should properly be addressed in either a *Daubert* motion or in a Motion in Limine. |

| DX 52 | 03/17/17 Report of Professor Dr. Ingrid Detter de Frankopan | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403).  Subject of a pending Motion in Limine. If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | This is not proper objection to evidence, but rather to expert opinions. Such should properly be addressed in either a *Daubert* motion or in a Motion in Limine. Arguments go to weight, not admissibility.<br><br>The qualifications of an expert to testify is always relevant and the conclusions of de Frankopan are relevant because they make facts asserted by the Plaintiffs' in their claim for damages more or less likely.<br><br>The probative value of de Frankopan's expert report to aid the jury in its assessment and ultimate determination of damages is not substantial outweighed by its prejudicial effect, further the Plaintiff offers absolutely no legal authority or precedent to exclude this evidence for their stated basis, only offering broad, conclusory allegations. |

Cumulative evidence is defined as evidence that replicates other admitted evidence. United States v. Ives, 609 F.2d 930, 933 (9th Cir. 1979), cert. denied, 445 U.S. 919 (1980).  There is no replication of this evidence, the information contained in this exhibit constitutes evidence of reasonable conduct by the Defendant which is an issue the jury must decide. For these same reasons, introduction of this evidence in no way constitutes a waste of time.

This evidence should not be excluded on the bases of hearsay under Fed. R. Evid. 801 or 802. Fed. R. Evid. 703 permits an expert witness to "base an opinion on facts or data in the case that the expert has been made aware of or personally observed" and if the facts or data are the type that experts in the same field would reasonably rely on to form similar opinions, the facts or data do not

| | | | |
|---|---|---|---|
| | | | have be admissible in order for thewitness' opinion to be admissible. Indeed, inadmissible facts or data may be disclosed to the jury "if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." |
| DX 51 | 3/27/17 Amended Exhibit 2 to de Frankopan's Report | | This is not proper objection to evidence, but rather to expert opinions. Such should properly be addressed in either a *Daubert* motion or in a Motion in Limine. Arguments go to weight, not admissibility. The qualifications of an expert to testify is always relevant and the conclusions of de Frankopan are relevant because they make facts asserted by the Plaintiffs' in their claim for damages more or less likely. |

| | | | The probative value of de Frankopan's expert report to aid the jury in its assessment and ultimate determination of damages is not substantial outweighed by its prejudicial effect, further the Plaintiff offers absolutely no legal authority or precedent to exclude this evidence for their stated basis, only offering broad, conclusory allegations. Cumulative evidence is defined as evidence that replicates other admitted evidence. United States v. Ives, 609 F.2d 930, 933 (9th Cir. 1979), cert. denied, 445 U.S. 919 (1980).  There is no replication of this evidence, the information contained in this exhibit constitutes evidence of reasonable conduct by the Defendant which is an issue the jury must decide. For these same reasons, introduction of this evidence in no way constitutes a waste of time. |
|---|---|---|---|

own document
e.

ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF DECEMBER 27, 2019

| | | | This evidence should not be excluded on the bases of hearsay under Fed. R. Evid. 801 or 802. Fed. R. Evid. 703 permits an expert witness to "base an opinion on facts or data in the case that the expert has been made aware of or personally observed" and if the facts or data are the type that experts in the same field would reasonably rely on to form similar opinions, the facts or data do not have be admissible in order for thewitness' opinion to be admissible. Indeed, inadmissible facts or data may be disclosed to the jury "if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." |
|---|---|---|---|
| DX 53 | CV of Professor Dr. Ingrid Detter de Frankopan | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair | This is not proper objection to evidence, but rather to expert opinions. Such should properly be |

| | | | Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403).  Subject of a pending Motion in Limine. If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | addressed in either a *Daubert* motion or in a Motion in Limine. Arguments go to weight, not admissibility.

The qualifications of an expert to testify is always relevant and the conclusions of de Frankopan are relevant because they make facts asserted by the Plaintiffs' in their claim for damages more or less likely.

The probative value of de Frankopan's expert report to aid the jury in its assessment and ultimate determination of damages is not substantial outweighed by its prejudicial effect, further the Plaintiff offers absolutely no legal authority or precedent to exclude this evidence for their stated basis, only offering broad, conclusory allegations.

Cumulative evidence is defined as evidence that replicates other admitted evidence. United States v. |

| | | | Ives, 609 F.2d 930, 933 (9th Cir. 1979), cert. denied, 445 U.S. 919 (1980).  There is no replication of this evidence, the information contained in this exhibit constitutes evidence of reasonable conduct by the Defendant which is an issue the jury must decide. For these same reasons, introduction of this evidence in no way constitutes a waste of time.<br><br>This evidence should not be excluded on the bases of hearsay under Fed. R. Evid. 801 or 802. Fed. R. Evid. 703 permits an expert witness to "base an opinion on facts or data in the case that the expert has been made aware of or personally observed" and if the facts or data are the type that experts in the same field would reasonably rely on to form similar opinions, the facts or data do not have be admissible in order for thewitness' opinion to be admissible. Indeed, inadmissible |
|---|---|---|---|

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | facts or data may be disclosed to the jury "if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." |
|---|---|---|---|
| DX 5: | 03/17/17 Report of Professor John Quigley (Quigley Depo Ex 4) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403).  Subject of a pending Motion in Limine. If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | This is not proper objection to evidence, but rather to expert opinions. Such should properly be addressed in either a *Daubert* motion or in a Motion in Limine. Arguments go to weight, not admissibility.<br><br>The qualifications of an expert to testify is always relevant and the conclusions of Quigley are relevant because they make facts asserted by the Plaintiffs' in their claim for damages more or less likely.<br><br>The probative value of Quigley's expert report to aid the jury in its assessment and ultimate determination of damages is not |

substantial outweighed by its prejudicial effect, further the Plaintiff offers absolutely no legal authority or precedent to exclude this evidence for their stated basis, only offering broad, conclusory allegations.

Cumulative evidence is defined as evidence that replicates other admitted evidence. United States v. Ives, 609 F.2d 930, 933 (9th Cir. 1979), cert. denied, 445 U.S. 919 (1980).  There is no replication of this evidence, the information contained in this exhibit constitutes evidence of reasonable conduct by the Defendant which is an issue the jury must decide. For these same reasons, introduction of this evidence in no way constitutes a waste of time.

This evidence should not be excluded on the bases of hearsay under Fed. R. Evid. 801 or 802. Fed. R. Evid. 703 permits an

| | | | |
|---|---|---|---|
| | | | expert witness to "base an opinion on facts or data in the case that the expert has been made aware of or personally observed" and if the facts or data are the type that experts in the same field would reasonably rely on to form similar opinions, the facts or data do not have be admissible in order for thewitness' opinion to be admissible. Indeed, inadmissible facts or data may be disclosed to the jury "if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." |
| DX 5? | 3/27/17 Amended Exhibit 2 to Report of John Quigley | | This is not proper objection to evidence, but rather to expert opinions. Such should properly be addressed in either a *Daubert* motion or in a Motion in Limine. Arguments go to weight, not admissibility. |

own document ie.

The qualifications of an expert to testify is always relevant and the conclusions of Quigley  are relevant because they make facts asserted by the Plaintiffs' in their claim for damages more or less likely.

The probative value of de Quigley's expert report to aid the jury in its assessment and ultimate determination of damages is not substantial outweighed by its prejudicial effect, further the Plaintiff offers absolutely no legal authority or precedent to exclude this evidence for their stated basis, only offering broad, conclusory allegations.

Cumulative evidence is defined as evidence that replicates other admitted evidence. United States v. Ives, 609 F.2d 930, 933 (9th Cir. 1979), cert. denied, 445 U.S. 919 (1980).  There is no replication of this evidence, the information

ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF DECEMBER 27, 2019

contained in this exhibit constitutes evidence of reasonable conduct by the Defendant which is an issue the jury must decide. For these same reasons, introduction of this evidence in no way constitutes a waste of time.

This evidence should not be excluded on the bases of hearsay under Fed. R. Evid. 801 or 802. Fed. R. Evid. 703 permits an expert witness to "base an opinion on facts or data in the case that the expert has been made aware of or personally observed" and if the facts or data are the type that experts in the same field would reasonably rely on to form similar opinions, the facts or data do not have be admissible in order for thewitness' opinion to be admissible. Indeed, inadmissible facts or data may be disclosed to the jury "if their probative value in helping the jury evaluate the

own document
ıe.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | |
|---|---|---|---|
| | | | opinion substantially outweighs their prejudicial effect." |
| DX 53 | CV of Professor John Quigley | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403).  Subject of a pending Motion in Limine. If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | This is not proper objection to evidence, but rather to expert opinions. Such should properly be addressed in either a *Daubert* motion or in a Motion in Limine. Arguments go to weight, not admissibility.<br><br>The qualifications of an expert to testify is always relevant and the conclusions of Quigley are relevant because they make facts asserted by the Plaintiffs' in their claim for damages more or less likely.<br><br>The probative value of Quigley's expert report to aid the jury in its assessment and ultimate determination of damages is not substantial outweighed by its prejudicial effect, further the Plaintiff offers absolutely no legal |

|  |  |  | authority or precedent to exclude this evidence for their stated basis, only offering broad, conclusory allegations.

Cumulative evidence is defined as evidence that replicates other admitted evidence. United States v. Ives, 609 F.2d 930, 933 (9th Cir. 1979), cert. denied, 445 U.S. 919 (1980).  There is no replication of this evidence, the information contained in this exhibit constitutes evidence of reasonable conduct by the Defendant which is an issue the jury must decide. For these same reasons, introduction of this evidence in no way constitutes a waste of time.

This evidence should not be excluded on the bases of hearsay under Fed. R. Evid. 801 or 802. Fed. R. Evid. 703 permits an expert witness to "base an opinion on facts or data in the case that the expert has been made aware of or |

|  |  |  | personally observed" and if the facts or data are the type that experts in the same field would reasonably rely on to form similar opinions, the facts or data do not have be admissible in order for thewitness' opinion to be admissible. Indeed, inadmissible facts or data may be disclosed to the jury "if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." |
| DX 53 | 04/14/17 Rebuttal Report of Professor John Quigley (Quigley Depo Ex 3) |  | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403).  Subject of a pending Motion in Limine. If offered to prove the truth thereof, inadmissible hearsay | This is not proper objection to evidence, but rather to expert opinions. Such should properly be addressed in either a *Daubert* motion or in a Motion in Limine. Arguments go to weight, not admissibility.

The qualifications of an expert to testify is always relevant and the conclusions of Quigley are relevant |

| | | and no exception is applicable (F.R.E. 801, 802). | because they make facts asserted by the Plaintiffs' in their claim for damages more or less likely.

The probative value of Quigley's expert report to aid the jury in its assessment and ultimate determination of damages is not substantial outweighed by its prejudicial effect, further the Plaintiff offers absolutely no legal authority or precedent to exclude this evidence for their stated basis, only offering broad, conclusory allegations.

Cumulative evidence is defined as evidence that replicates other admitted evidence. United States v. Ives, 609 F.2d 930, 933 (9th Cir. 1979), cert. denied, 445 U.S. 919 (1980).  There is no replication of this evidence, the information contained in this exhibit constitutes evidence of reasonable conduct by the Defendant which is an issue the jury must decide. For these same |
|---|---|---|---|

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

|  |  |  | reasons, introduction of this evidence in no way constitutes a waste of time.

This evidence should not be excluded on the bases of hearsay under Fed. R. Evid. 801 or 802. Fed. R. Evid. 703 permits an expert witness to "base an opinion on facts or data in the case that the expert has been made aware of or personally observed" and if the facts or data are the type that experts in the same field would reasonably rely on to form similar opinions, the facts or data do not have be admissible in order for thewitness' opinion to be admissible. Indeed, inadmissible facts or data may be disclosed to the jury "if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | |
|---|---|---|---|
| DX 5 | ASIC Objections to Depo Notice for de Frankopan (de Frankopan Depo Ex 401) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403).  Subject of a pending Motion in Limine. If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | This is not proper objection to evidence, but rather to expert opinions. Such should properly be addressed in either a *Daubert* motion or in a Motion in Limine. Arguments go to weight, not admissibility.

The qualifications of an expert to testify is always relevant and the conclusions of de Frankopan are relevant because they make facts asserted by the Plaintiffs' in their claim for damages more or less likely.

The probative value of de Frankopan's expert report to aid the jury in its assessment and ultimate determination of damages is not substantial outweighed by its prejudicial effect, further the Plaintiff offers absolutely no legal authority or precedent to exclude this evidence for their stated basis, only offering broad, conclusory allegations. |

Cumulative evidence is defined as evidence that replicates other admitted evidence. United States v. Ives, 609 F.2d 930, 933 (9th Cir. 1979), cert. denied, 445 U.S. 919 (1980). There is no replication of this evidence, the information contained in this exhibit constitutes evidence of reasonable conduct by the Defendant which is an issue the jury must decide. For these same reasons, introduction of this evidence in no way constitutes a waste of time.

This evidence should not be excluded on the bases of hearsay under Fed. R. Evid. 801 or 802. Fed. R. Evid. 703 permits an expert witness to "base an opinion on facts or data in the case that the expert has been made aware of or personally observed" and if the facts or data are the type that experts in the same field would reasonably rely on to form similar opinions, the facts or data do not

| | | | |
|---|---|---|---|
| | | | have be admissible in order for thewitness' opinion to be admissible. Indeed, inadmissible facts or data may be disclosed to the jury "if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." |
| DX 53 | Expert Report of de Frankopan (de Frankopan Dep Ex 402) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403).  Subject of a pending Motion in Limine. | This is not proper objection to evidence, but rather to expert opinions. Such should properly be addressed in either a *Daubert* motion or in a Motion in Limine. Arguments go to weight, not admissibility.<br><br>The qualifications of an expert to testify is always relevant and the conclusions of de Frankopan are relevant because they make facts asserted by the Plaintiffs' in their claim for damages more or less likely. |

own document
e.

|  |  |  | The probative value of de Frankopan's expert report to aid the jury in its assessment and ultimate determination of damages is not substantial outweighed by its prejudicial effect, further the Plaintiff offers absolutely no legal authority or precedent to exclude this evidence for their stated basis, only offering broad, conclusory allegations.<br><br>Cumulative evidence is defined as evidence that replicates other admitted evidence. United States v. Ives, 609 F.2d 930, 933 (9th Cir. 1979), cert. denied, 445 U.S. 919 (1980).  There is no replication of this evidence, the information contained in this exhibit constitutes evidence of reasonable conduct by the Defendant which is an issue the jury must decide. For these same reasons, introduction of this evidence in no way constitutes a waste of time. |
|--|--|--|--|

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | |
|---|---|---|---|
| | | | This evidence should not be excluded on the bases of hearsay under Fed. R. Evid. 801 or 802. Fed. R. Evid. 703 permits an expert witness to "base an opinion on facts or data in the case that the expert has been made aware of or personally observed" and if the facts or data are the type that experts in the same field would reasonably rely on to form similar opinions, the facts or data do not have be admissible in order for thewitness' opinion to be admissible. Indeed, inadmissible facts or data may be disclosed to the jury "if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." |
| DX 53 | Jim Zanotti, Cong. Research Serv., RL34074, The Palestinians: Background and | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered |

| | | |
|---|---|---|
| | U.S. Relations (2015) (ATL005135-5183) (de Frankopan Depo Ex 403) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403).  Subject of a pending Motion in Limine. | for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of |

| | | | the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 53 | Upsala Conflict Data Program Information – Government of Israel and Hamas (de Frankopan Depo Ex 404) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403).  Subject of a pending Motion in Limine. If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits;. Information relied upon by experts in course of forming opinions.

F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what |

| | | | was going on in Israel, or to testify about certain conclusions concerning the conflict at issue in this case.<br><br>F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | |
|---|---|---|---|
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 53 | *Sokolow v. PLO*, Cause No 04-CV-397 (GBD), *in the United States District Court for the Southern District of New York*, 9/30/08 (Quigley Depo Ex 2) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence | F.R.E. 801/802 – (1) Plaintiff fails to s rather to show information acted upon upon by experts in course of forming c<br><br>F.R.E. 602 – Witnesses has personal k events giving rise to the claim, includi |

| | | | |
|---|---|---|---|
| | | (F.R.E. 403). Subject of a pending Motion in Limine. If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | testify regarding what information AS certain conclusions concerning the co F.R.E. 701 – Unclear what opinions a received and acted upon; no testimony F.R.E. 702; information relied upon b F.R.E. 401 – Objection is conditional, why or in what context exhibit is irrel involved at time of claim (NBC, ASIC F.R.E. 403 – Objection is conditional, why exhibit is unfairly prejudicial; or confuses the issue, misleads the jury, all parties involved at the time of the c parties had at time of the facts giving |
| DX 54 | Email Communication (Quigley Depo Ex 5) (JQ 000012 – 000014) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403). If offered to prove the | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party- |

| | | truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). Subject of a pending Motion in Limine. | opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801; (4) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6). All necessary for expert to form opinions in this case.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 54 | Various Email Communications contained in NBC Claim File Material (Bates No. UCP 000137-000245) | This is not a proper exhibit. This is apparently a compilation of 17 unrelated, separate documents. It is unclear which documents Atlantic intends to use as exhibits. Plaintiffs object on grounds of F.R.E. 401, 402, 403, 801, 802, and subject of a pending | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several |

| | | | |
|---|---|---|---|
| | | Motion in Limine. Plaintiffs reserve the right to raise any other objection when Atlantic identifies which specific documents it actually intends to introduce. If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801; (4) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6). All necessary for expert to form opinions in this case.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind |

| | | | of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 54 | Wall Street Journal News Article on Armed Conflict between Hamas and the State of Israel (http://www.wsj.com/articles/isr | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, | F.R.E. 801/802 – (1) Plaintiff fails to s rather to show information acted upon upon by experts in course of forming |

| | | | |
|---|---|---|---|
| | ael-pulls-forces-from-gaza-as-cease-fire-begins-1407231543) | Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403). If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). Subject of a pending Motion in Limine. | F.R.E. 602 – Witnesses has personal k events giving rise to the claim, includi testify regarding what information AS certain conclusions concerning the con<br><br>F.R.E. 701 – Unclear what opinions a received and acted upon; no testimony F.R.E. 702; information relied upon b<br>F.R.E. 401 – Objection is conditional, why or in what context exhibit is irrele involved at time of claim (NBC, ASIC<br><br>F.R.E. 403 – Objection is conditional, why exhibit is unfairly prejudicial; or confuses the issue, misleads the jury, all parties involved at the time of the c parties had at time of the facts giving  |
| DX 54 | New York Times News Article on Armed Conflict between Hamas and the State of Israel (https://www.nytimes.com/201 6/08/25/world/middleeast/israel -gaza-war.html) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly | F.R.E. 801/802 – (1) Plaintiff fails to rather to show information acted upon upon by experts in course of forming  |

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST  
AS OF DECEMBER 27, 2019**

| | | | |
|---|---|---|---|
| | | Presenting Cumulative Evidence (F.R.E. 403). If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). Subject of a pending Motion in Limine. | F.R.E. 602 – Witnesses has personal k events giving rise to the claim, includi testify regarding what information AS certain conclusions concerning the co F.R.E. 701 – Unclear what opinions a received and acted upon; no testimony F.R.E. 702; information relied upon b F.R.E. 401 – Objection is conditional, why or in what context exhibit is irrel involved at time of claim (NBC, ASIC F.R.E. 403 – Objection is conditional, why exhibit is unfairly prejudicial; or confuses the issue, misleads the jury, all parties involved at the time of the parties had at time of the facts giving |
| DX 54 | Time Magazine News Article on Armed Conflict between Hamas and the State of Israel (http://time.com/3076594/israel-gaza-cease-fire-hamas-netanyahu/) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | Presenting Cumulative Evidence (F.R.E. 403). If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). Subject of a pending Motion in Limine. | identified in exhibits;. Information relied upon by experts in course of forming opinions.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel, or to testify about certain conclusions concerning the conflict at issue in this case.<br><br>F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized |
| --- | --- | --- | --- |

own document
e.

ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF DECEMBER 27, 2019

| | | | knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions. |
|---|---|---|---|
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of |

own document
e.

ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF DECEMBER 27, 2019

| | | | all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 54 | The Independent News Article on Armed Conflict between Hamas and the State of Israel (http://www.independent.co.uk/news/world/middle-east/israel-gaza-conflict-50-day-war-by-numbers-9693310.html) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403). If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). Subject of a pending Motion in Limine. | F.R.E. 801/802 – (1) Plaintiff fails to s rather to show information acted upon upon by experts in course of forming c

F.R.E. 602 – Witnesses has personal k events giving rise to the claim, includi testify regarding what information AS certain conclusions concerning the co

F.R.E. 701 – Unclear what opinions ar received and acted upon; no testimony F.R.E. 702; information relied upon b

F.R.E. 401 – Objection is conditional, why or in what context exhibit is irrel involved at time of claim (NBC, ASIC |

own document
e.

| | | | F.R.E. 403 – Objection is conditional, why exhibit is unfairly prejudicial; or confuses the issue, misleads the jury, all parties involved at the time of the parties had at time of the facts giving |
|---|---|---|---|
| DX 54 | The Los Angeles Times News Article on Armed Conflict between Hamas and the State of Israel (http://www.latimes.com/world/middleeast/la-hp-storygallery-middle-east-conflictstorygallery.html) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403). If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). Subject of a pending Motion in Limine. | F.R.E. 801/802 – (1) Plaintiff fails to rather to show information acted upon upon by experts in course of forming

F.R.E. 602 – Witnesses has personal k events giving rise to the claim, includi testify regarding what information AS certain conclusions concerning the co

F.R.E. 701 – Unclear what opinions a received and acted upon; no testimony F.R.E. 702; information relied upon b

F.R.E. 401 – Objection is conditional, why or in what context exhibit is irre involved at time of claim (NBC, ASIC |

| | | | F.R.E. 403 – Objection is conditional, why exhibit is unfairly prejudicial; or confuses the issue, misleads the jury, all parties involved at the time of the parties had at time of the facts giving |
|---|---|---|---|
| DX 54 | News Article on Armed Conflict between Hamas and the State of Israel (http://www.latimes.com/world/middleeast/la-fg-un-report-gaza-war-20150622-story.html) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403). If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). Subject of a pending Motion in Limine. | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits;. Information relied upon by experts in course of forming opinions.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what |

| | | | was going on in Israel, or to testify about certain conclusions concerning the conflict at issue in this case. |
|---|---|---|---|
| | | | F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions. |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF DECEMBER 27, 2019**

| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 54 | BBC News Article on Armed Conflict between Hamas and the State of Israel (http://www.bbc.com/news/world-middle-east-33128955) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence | F.R.E. 801/802 – (1) Plaintiff fails to s rather to show information acted upon upon by experts in course of forming c  F.R.E. 602 – Witnesses has personal k events giving rise to the claim, includi |

| | | | |
|---|---|---|---|
| | | (F.R.E. 403). If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). Subject of a pending Motion in Limine. | testify regarding what information AS certain conclusions concerning the c<br><br>F.R.E. 701 – Unclear what opinions a received and acted upon; no testimony F.R.E. 702; information relied upon b<br>F.R.E. 401 – Objection is conditional, why or in what context exhibit is irrel involved at time of claim (NBC, ASIC<br><br>F.R.E. 403 – Objection is conditional, why exhibit is unfairly prejudicial; or confuses the issue, misleads the jury, all parties involved at the time of the c parties had at time of the facts giving r |
| DX 54 | Haaretz News Article on Armed Conflict between Hamas and the State of Israel (http://www.haaretz.com/israel-news/.premium-1.612437) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403). If offered to prove the | F.R.E. 801/802 – (1) Plaintiff fails to s rather to show information acted upon upon by experts in course of forming o<br><br>F.R.E. 602 – Witnesses has personal k events giving rise to the claim, includi |

| | | | |
|---|---|---|---|
| | | truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). Subject of a pending Motion in Limine. | testify regarding what information AS certain conclusions concerning the co F.R.E. 701 – Unclear what opinions a received and acted upon; no testimony F.R.E. 702; information relied upon b F.R.E. 401 – Objection is conditional, why or in what context exhibit is irre involved at time of claim (NBC, ASI F.R.E. 403 – Objection is conditional, why exhibit is unfairly prejudicial; or confuses the issue, misleads the jury, all parties involved at the time of the c parties had at time of the facts giving |
| DX 55 | The Telegraph News Article on Armed Conflict between Hamas and the State of Israel (http://www.telegraph.co.uk/news/worldnews/middleeast/israel/11769685/Israel-may-have-committed-crimes-against-humanity-says-Amnesty.html) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403). If offered to prove the | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits;. Information |

| | | truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). Subject of a pending Motion in Limine. | relied upon by experts in course of forming opinions.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel, or to testify about certain conclusions concerning the conflict at issue in this case.<br><br>F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions. |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | |
|---|---|---|
| | | the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 55 | Washington Post News Article on Armed Conflict between Hamas and the State of Israel (https://www.washingtonpost.com/world/israel-accepts-truce-plan-hamas-balks/2014/07/15/04373008-0bf5-11e4-8c9a-923ecc0c7d23_story.html?utm_term=.e99302eb1314.) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403). If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). Subject of a pending Motion in Limine. | F.R.E. 801/802 – (1) Plaintiff fails to s rather to show information acted upon upon by experts in course of forming c

F.R.E. 602 – Witnesses has personal k events giving rise to the claim, includi testify regarding what information AS certain conclusions concerning the cor

F.R.E. 701 – Unclear what opinions ar received and acted upon; no testimony F.R.E. 702; information relied upon by

F.R.E. 401 – Objection is conditional, why or in what context exhibit is irrele involved at time of claim (NBC, ASIC

F.R.E. 403 – Objection is conditional, why exhibit is unfairly prejudicial; or |

own document
.e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF DECEMBER 27, 2019**

| | | | |
|---|---|---|---|
| | | | confuses the issue, misleads the jury, all parties involved at the time of the c parties had at time of the facts giving r |
| DX 55 | Middle East Eye News Article on Armed Conflict between Hamas and the State of Israel (http://www.middleeasteye.net/ news/israels-army-prepared-ground-assault-gaza-official-275282816) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403). If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). Subject of a pending Motion in Limine. | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits;. Information relied upon by experts in course of forming opinions.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel, or to testify about certain conclusions |

| | | | concerning the conflict at issue in this case. |
|---|---|---|---|
| | | | F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions. |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF DECEMBER 27, 2019**

| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 55 | Financial Times News Article on Armed Conflict between Hamas and the State of Israel (https://www.ft.com/content/a4 291a06-fdcc-11e6-96f8-3700c5664d30) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403). If offered to prove the | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits;. Information |

| | | truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). Subject of a pending Motion in Limine. | relied upon by experts in course of forming opinions.

F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel, or to testify about certain conclusions concerning the conflict at issue in this case.


F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of |
|---|---|---|---|

925

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

|  |  |  | F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions. |
|  |  |  | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
|  |  |  | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|
| DX 55 | 7/16/14 Email chain from Pamela Johnson to Daniel Gutterman re: References to Foreign Travel Advice (ATL 001458 – 1463) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403). If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). Subject of a pending Motion in Limine. | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801; (4) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the |

own document
...e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | |
|---|---|---|---|
| | | | regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6). F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled |

own document
e.

| | | |
|---|---|---|
| | | to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 55 | 7/16/14 Email chain from Pamela Johnson to Peter Williams re: Reference to U.S. Travel Warning (ATL 001199 – 001204) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403). If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). Subject of a pending Motion in Limine. | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801; (4) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6).

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).

F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled

own document
e.

| | | | to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 55 | 7/16/14 Email communication from Pamela Johnson to Daniel Gutterman re: References to News Stories specified in links stated (ATL 001562 – 001563) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403). If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). Subject of a pending Motion in Limine. | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind |

| | | | of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 5! | 7/18/14 Email from Daniel Gutterman to Daniel Gutterman re: Reference to News Article (ATL 000502) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of |

| | | Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403). If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). Subject of a pending Motion in Limine. | mind of parties or individuals identified in exhibits; (3) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6).

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).

F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why |

own document
ne.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 55 | 7/24/14 Email from Daniel Gutterman to Pamela Johnson re: reporting on facts and developments and mentions of *DIG* (ATL 001828) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications |

own document
le.

| | | | are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6). |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of |

own document
ie.

935

| | | | |
|---|---|---|---|
| | | | the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 55 | 7/28/14 Letter from ASIC to NBCUniversal re: coverage and References to Facts (ATL 00385 – 00392) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6).<br><br>F.R.E. 602 – Witnesses has personal knowledge of what |

own document
ne.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
|---|---|---|---|
| | | | F.R.E. 701 – F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit or, if any, which opinions are objectionable; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702. |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, AON, etc.).<br><br>F.R.E. 403 – Objection fails to state what prejudice exhibit contains, or why such alleged prejudice outweighs its probative value. Also, high probative value re: state of mind of all parties involved at the time of the claim. Objection further fails to state what information will mislead or confuse jury. Finally, jury must know what information NBC, AON, and ASIC had at time of claim. |
| DX 56 | 7/28/14 Email from Pamela Johnson to Pamela Johnson re: References to Articles (ATL 001877) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals |

| | | | |
|---|---|---|---|
| | | | identified in exhibits; (3) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6). |
| DX 56 | 9/19/14 Email from Pamela Johnson to Susan Weiss re: References to Facts (ATL 002171 – 2175) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (4) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF DECEMBER 27, 2019**

|  |  |  | therefore, are an exception to hearsay under F.R.E. 803(6). |
|--|--|--|--|
|  |  |  | F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
|  |  |  | F.R.E. 701 – F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit or, if any, which opinions are objectionable; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702. |

own document
te.

940

| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time |

| | | | of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 56 | "War," Blacks Law Dictionary | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403). If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). Subject of a pending Motion in Limine. | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. Information relied upon by experts in course of forming opinions. F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 5( | "War," Dictionary of International and Comparative Law | | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of |

mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. Information relied upon by experts in course of forming opinions. F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).


F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice

ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF DECEMBER 27, 2019

| | | | outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 56 | "War," Handbook of Humanitarian Law in Armed Conflicts | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403). If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). Subject of a pending Motion in Limine. | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. Information relied upon by experts in course of forming opinions. |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
| | | | |
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF DECEMBER 27, 2019**

| | | | of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 56 | United States Travel Warning 2/3/14 | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403). If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). Subject of a pending Motion in Limine. | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. Information relied upon by experts in course of forming opinions. F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind |

| | | | of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 5( | United Kingdom's website regarding travel to Israel, as it existed on 7/15/14 (https://www.gov.uk/foreign-travel-advice/israel) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of |

| | | | Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403). If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). Subject of a pending Motion in Limine. | mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. Information relied upon by experts in course of forming opinions. F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice |
|---|---|---|---|---|

own document
ie.

949

| | | | outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 56 | Placeholder for Rusnak CV | Vague; does not provide Plaintiffs adequate notice of the exhibits Defendant intends to offer. Subject to Defendant's pending motion to amend schedule. | This is not proper objection to evidence, but rather to expert opinions. Such should properly be addressed in either a *Daubert* motion or in a Motion in Limine. |
| DX 56 | Placeholder for Rusnak Opinions/Report | Vague; does not provide Plaintiffs adequate notice of the exhibits Defendant intends to offer. Subject to Defendant's pending motion to amend schedule. | This is not proper objection to evidence, but rather to expert opinions. Such should properly be addressed in either a *Daubert* motion or in a Motion in Limine. |
| DX 56 | ASIC's Expert Witness Disclosure dated 3/17/17 | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, | This is not proper objection to evidence, but rather to expert opinions. Such should properly be addressed in either a *Daubert* |

| | | | Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403).  Subject of a pending Motion in Limine.. If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | motion or in a Motion in Limine. Arguments go to weight, not admissibility.<br><br>The qualifications of an expert to testify is always relevant and the conclusions of experts are relevant because they make facts asserted by the Plaintiffs' in their claim for damages more or less likely.<br><br>The probative value of expert report to aid the jury in its assessment and ultimate determination of damages is not substantial outweighed by its prejudicial effect, further the Plaintiff offers absolutely no legal authority or precedent to exclude this evidence for their stated basis, only offering broad, conclusory allegations.<br><br>Cumulative evidence is defined as evidence that replicates other admitted evidence. United States v. Ives, 609 F.2d 930, 933 (9th Cir. 1979), cert. denied, 445 U.S. 919 |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF DECEMBER 27, 2019**

| | | | (1980).  There is no replication of this evidence, the information contained in this exhibit constitutes evidence of reasonable conduct by the Defendant which is an issue the jury must decide. For these same reasons, introduction of this evidence in no way constitutes a waste of time.<br><br>This evidence should not be excluded on the bases of hearsay under Fed. R. Evid. 801 or 802. Fed. R. Evid. 703 permits an expert witness to "base an opinion on facts or data in the case that the expert has been made aware of or personally observed" and if the facts or data are the type that experts in the same field would reasonably rely on to form similar opinions, the facts or data do not have be admissible in order for thewitness' opinion to be admissible. Indeed, inadmissible facts or data may be disclosed to the jury "if their probative value in |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | helping the jury evaluate the opinion substantially outweighs their prejudicial effect." |
|---|---|---|---|
| DX 57 | ASIC's Rebuttal Expert Witness Disclosure dated 4/28/17 | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403).  Subject of a pending Motion in Limine. If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | This is not proper objection to evidence, but rather to expert opinions. Such should properly be addressed in either a *Daubert* motion or in a Motion in Limine. Arguments go to weight, not admissibility.<br><br>The qualifications of an expert to testify is always relevant and the conclusions of experts are relevant because they make facts asserted by the Plaintiffs' in their claim for damages more or less likely.<br><br>The probative value of expert report to aid the jury in its assessment and ultimate determination of damages is not substantial outweighed by its prejudicial effect, further the |

| | | | Plaintiff offers absolutely no legal authority or precedent to exclude this evidence for their stated basis, only offering broad, conclusory allegations. |
| | | | |
| | | | Cumulative evidence is defined as evidence that replicates other admitted evidence. United States v. Ives, 609 F.2d 930, 933 (9th Cir. 1979), cert. denied, 445 U.S. 919 (1980).  There is no replication of this evidence, the information contained in this exhibit constitutes evidence of reasonable conduct by the Defendant which is an issue the jury must decide. For these same reasons, introduction of this evidence in no way constitutes a waste of time. |
| | | | |
| | | | This evidence should not be excluded on the bases of hearsay under Fed. R. Evid. 801 or 802. Fed. R. Evid. 703 permits an expert witness to "base an opinion on facts or data in the case that the |

| | | | |
|---|---|---|---|
| | | | expert has been made aware of or personally observed" and if the facts or data are the type that experts in the same field would reasonably rely on to form similar opinions, the facts or data do not have be admissible in order for the witness' opinion to be admissible. Indeed, inadmissible facts or data may be disclosed to the jury "if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." |
| DX 57 | PM Shapiro Exhibit 01 Williams (Exhibit 1 to Williams depo – ATL003073-003127) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents |

affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. Information relied upon by experts in course of forming opinions. F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).

F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high

own document e.

| | | | probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 57 | Shapiro (5-23-17) - Depo transcript | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403).  Subject of a pending Motion in Limine. | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. Information relied upon by experts in course of forming opinions. F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |

| DX 57 | Shapiro Exhibit 01 (Notice of Taking Depo of Jay Shapiro) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. Information relied upon by experts in course of forming opinions. F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |

| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. . |
| DX 57 | Shapiro Exhibit 03 (ASIC's Rebuttal Expert Witness Disclosures dated 4/28/17) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence | This is not proper objection to evidence, but rather to expert opinions. Such should properly be addressed in either a *Daubert* motion or in a Motion in Limine. Arguments go to weight, not admissibility. |

| | | (F.R.E. 403).  Subject of a pending Motion in Limine. | The qualifications of an expert to testify is always relevant and the conclusions of Shapiro are relevant because they make facts asserted by the Plaintiffs' in their claim for damages more or less likely.<br><br>The probative value of Shapiro's expert report to aid the jury in its assessment and ultimate determination of damages is not substantial outweighed by its prejudicial effect, further the Plaintiff offers absolutely no legal authority or precedent to exclude this evidence for their stated basis, only offering broad, conclusory allegations.<br><br>Cumulative evidence is defined as evidence that replicates other admitted evidence. United States v. Ives, 609 F.2d 930, 933 (9th Cir. 1979), cert. denied, 445 U.S. 919 (1980).  There is no replication of this evidence, the information contained in this exhibit constitutes |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST AS OF DECEMBER 27, 2019**

|  |  |  | evidence of reasonable conduct by the Defendant which is an issue the jury must decide. For these same reasons, introduction of this evidence in no way constitutes a waste of time.<br><br>This evidence should not be excluded on the bases of hearsay under Fed. R. Evid. 801 or 802. Fed. R. Evid. 703 permits an expert witness to "base an opinion on facts or data in the case that the expert has been made aware of or personally observed" and if the facts or data are the type that experts in the same field would reasonably rely on to form similar opinions, the facts or data do not have be admissible in order for thewitness' opinion to be admissible. Indeed, inadmissible facts or data may be disclosed to the jury "if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." |
|--|--|--|--|

own document
1e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | |
|---|---|---|---|
| DX 57 | Shapiro Exhibit 04 (UCP 003732-3734) | No objection | No response |
| DX 57 | Shapiro Exhibit 05 (AONNBCU 1748-1750) | No objection | No response |
| DX 57 | Shapiro Exhibit 06 (UCP 4971-4972) | No objection | No response |
| DX 57 | Shapiro Exhibit 07 (UCP 14836-14881) | No objection | No response |
| DX 57 | Shapiro Exhibit 08 (Expert Report of Jay Shapiro dated 4/25/17) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403).  Subject of a pending Motion in Limine. If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | This is not proper objection to evidence, but rather to expert opinions. Such should properly be addressed in either a *Daubert* motion or in a Motion in Limine. Arguments go to weight, not admissibility. <br><br> The qualifications of an expert to testify is always relevant and the conclusions of Shapiro are relevant because they make facts asserted by the Plaintiffs' in their claim for damages more or less likely. |

| | | | The probative value of Shapiro's expert report to aid the jury in its assessment and ultimate determination of damages is not substantial outweighed by its prejudicial effect, further the Plaintiff offers absolutely no legal authority or precedent to exclude this evidence for their stated basis, only offering broad, conclusory allegations.<br><br>Cumulative evidence is defined as evidence that replicates other admitted evidence. United States v. Ives, 609 F.2d 930, 933 (9th Cir. 1979), cert. denied, 445 U.S. 919 (1980).  There is no replication of this evidence, the information contained in this exhibit constitutes evidence of reasonable conduct by the Defendant which is an issue the jury must decide. For these same reasons, introduction of this evidence in no way constitutes a waste of time. |
|---|---|---|---|

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | This evidence should not be excluded on the bases of hearsay under Fed. R. Evid. 801 or 802. Fed. R. Evid. 703 permits an expert witness to "base an opinion on facts or data in the case that the expert has been made aware of or personally observed" and if the facts or data are the type that experts in the same field would reasonably rely on to form similar opinions, the facts or data do not have be admissible in order for thewitness' opinion to be admissible. Indeed, inadmissible facts or data may be disclosed to the jury "if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." . |
| DX 58 | Shapiro Exhibit 09 (UCP 18226-18227) | No objection | No response |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF DECEMBER 27, 2019**

| DX 58 | Shapiro Exhibit 11 (signed non-disclosure agreement dated 3/27/17) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403).  Subject of a pending Motion in Limine. | This is not proper objection to evidence, but rather to expert opinions. Such should properly be addressed in either a *Daubert* motion or in a Motion in Limine. Arguments go to weight, not admissibility. The qualifications of an expert to testify is always relevant and the conclusions of Shapiro are relevant because they make facts asserted by the Plaintiffs' in their claim for damages more or less likely. The probative value of Shapiro expert report to aid the jury in its assessment and ultimate determination of damages is not substantial outweighed by its prejudicial effect, further the Plaintiff offers absolutely no legal authority or precedent to exclude this evidence for their stated basis, only offering broad, conclusory allegations. |

Cumulative evidence is defined as evidence that replicates other admitted evidence. United States v. Ives, 609 F.2d 930, 933 (9th Cir. 1979), cert. denied, 445 U.S. 919 (1980).  There is no replication of this evidence, the information contained in this exhibit constitutes evidence of reasonable conduct by the Defendant which is an issue the jury must decide. For these same reasons, introduction of this evidence in no way constitutes a waste of time.

This evidence should not be excluded on the bases of hearsay under Fed. R. Evid. 801 or 802. Fed. R. Evid. 703 permits an expert witness to "base an opinion on facts or data in the case that the expert has been made aware of or personally observed" and if the facts or data are the type that experts in the same field would reasonably rely on to form similar opinions, the facts or data do not

| | | | |
|---|---|---|---|
| | | | have be admissible in order for thewitness' opinion to be admissible. Indeed, inadmissible facts or data may be disclosed to the jury "if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." |
| DX 58 | Wunderlich - Exhibit 259 (Summary of Claim for Extra Expenses) | No objection | No response |
| DX 58 | Wunderlich - Exhibit 260 (Extra Expenses – New Mexico Prep) | No objection | No response |
| DX 58 | Wunderlich - Exhibit 261 (Extra Expenses – New Mexico Wrap) | No objection | No response |
| DX 58 | Wunderlich - Exhibit 262 (Extra Expenses – New Mexico All Series) | No objection | No response |

| DX 58 | Wunderlich Exhibit 263 (Extra Expenses – New Mexico Compensation) | No objection | No response |
|---|---|---|---|
| DX 58 | Wunderlich Exhibit 264 (Summary of Extra Expenses – Croatia) | No objection | No response |
| DX 58 | Wunderlich Exhibit 265 (Extra Expenses – Croatia Prep, Wrap & All Series and Extra Compensation) | No objection | No response |
| DX 58 | Wunderlich Exhibit 266 (Croatia Shoot Expenses) | No objection | No response |
| DX 59 | Wunderlich Exhibit 267 (Croatia – Daily Shoot Budget) | No objection | No response |
| DX 59 | Wunderlich Exhibit 271 (Summary of Claim for Extra Expenses) | No objection | No response |
| DX 59 | Wunderlich Exhibit 272 (Extra Expenses – New Mexico Compensation) | No objection | No response |

| DX 59 | Wunderlich Exhibit 273 (Additional Documents, Data and Materials Reviewed) | No objection | No response |
|---|---|---|---|
| DX 59 | Wunderlich Exhibit 274 (Extra Expenses – Israel Push Costs) | No objection | No response |
| DX 59 | Wunderlich Exhibit 275 (Israel Salaries) | No objection | No response |
| DX 59 | Wunderlich Exhibit 276 (Excel spreadsheet: Cost Bible – 602 pages) | No objection | No response |
| DX 59 | Wunderlich Exhibit 277 (Excel spreadsheet: NM Prep – 82 pages) | No objection | No response |
| DX 59 | Wunderlich Exhibit 278 (Excel spreadsheet: NM Wrap – 46 pages) | No objection | No response |
| DX 59 | Wunderlich Exhibit 279 (Excel spreadsheet: 01086 – 121 pages) | No objection | No response |
| DX 60 | Wunderlich Exhibit 280 (NM All Series 01086 – 106 pages) | No objection | No response |

| DX 60 | Wunderlich Exhibit 281 (Excel spreadsheet: Excl NM All Series 010816 – 16 pages) | No objection | No response |
|---|---|---|---|
| DX 60 | Wunderlich Exhibit 282 (Excel spreadsheet: Net NM All Series 010816 – 102 pages) | No objection | No response |
| DX 60 | Wunderlich Exhibit 283 (UCP014569-014704) | No objection | No response |
| DX 60 | Wunderlich Exhibit 284 (Estimated Shooting Day Cost Summary – Dig Croatia Unit – 10 pages) | No objection | No response |
| DX 60 | Wunderlich Exhibit 285 (Excel Spreadsheet: 01086 – 9 pages) | No objection | No response |
| DX 60 | Wunderlich Exhibit 286 (Excel spreadsheet: Net Croatia – 101 pages) | No objection | No response |
| DX 60 | Wunderlich Exhibit 287 (Excel spreadsheet: Croatia Paid in Israel – 1 page) | No objection | No response |

| DX 6( | Wunderlich Exhibit 288 (Excel spreadsheet: DIG Croatia Part 1 – 14 pages) | No objection | No response |
|---|---|---|---|
| DX 6( | Wunderlich Exhibit 289 (RW000001-000029) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403). If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. Information relied upon by experts in course of forming opinions. F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind |

| | | | of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 61 | Protective Order (Doc 25) dated 9/14/16 | No objection | No response |
| DX 61 | CONFIDENTIAL-UCP018018.XLSX | | |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| DX 6 | CONFIDENTIAL-UCP018019.XLS | | |
|---|---|---|---|
| DX 6 | DIG Croatia - Cast (UCP018228-18236) | No objection | No response |
| DX 6 | DIG Croatia - Fringe (UCP018237-18238) | No objection | No response |
| DX 6 | DIG Croatia - Stunts (UCP018239-18243) | No objection | No response |
| DX 6 | Dig Extra Expense Categories (UCP018022-018026) | No objection | No response |
| DX 6 | 6/22/2015 Universal Television LLC COA Listing Report (UCP004048-004075) | Vague, bates number does not exist. | Vague is not a proper objection to physical evidence, especially that produced by Plaintiff. Document identifiable by title. |
| DX 6 | 12/1/2014 email from BJ Markus to Meryle Selinger re: FW: Dig – Snow Shoot Cost Report W/E 04-05-2014 (UCP004076) | No objection | No response |
| DX 6 | 4/7/2014 spreadsheet to Distribution from Production | No objection | No response |

| | | | |
|---|---|---|---|
| | Accountant re: Dig – Snow Shoot, S1 (UCP004077) | | |
| DX 62 | 12/1/2014 email from Debbie Cleaver to BJ Markus re: FW: Budgets 109 & 110 (UCP004087) | No objection | No response |
| DX 62 | 12/01/2014 Spreadsheet titled "DIG" – Season 1 – Albuquerque, NM (UCP04088) | No objection | No response |
| DX 62 | 12/01/2014 Spreadsheet titled "DIG" – Season 1 – Albuquerque, NM (UCP004150) | No objection | No response |
| DX 62 | 8/12/2014 email from Meryle Selinger to Randi Richmond re: DIG – Recap w/e 8/9/14 (UCP004213) | No objection | No response |
| DX 62 | 8/12/2014 Spreadsheet to Distribution from Meryle Selinger titled DIG Production Recap Report 2014/2015 Season 1 Week Ending 08/09/14 (UCP004214) | No objection | No response |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | |
|---|---|---|---|
| DX 62 | 6/8/2014 email from Meryle Selinger to Randi Richmond, BJ Markus, Anat Yakir, and Christine Sanders re: DIG – NIS ONLY – PILOT BUDGET (UCP004215) | No objection | No response |
| DX 62 | 6/5/2014 Budget titled "DIG" LOCKED NIS ONLY Pilot – (19) Days in Israel (UCP004216) | No objection | No response |
| DX 62 | 1/29/2015 email from Kathi Danielson to Randi Richmond and BJ Markus re: DIG2 Locked Budget Croatia & Amor with attachments (UCP004253) | No objection | No response |
| DX 62 | 1/26/2015 spreadsheet titled DIG 2 Amort Locked Budget Croatia Shoot (UCP004255) | No objection | No response |
| DX 62 | 1/26/2015 budget titled DIG – Episodes 107-110 Croatia Unit Locked Budget (UCP004264) | No objection | No response |

| | | | |
|---|---|---|---|
| DX 63 | 1/25/2015 DIG2 Locked Budget Comparison Report in Kuna (UCP004400) | No objection | No response |
| DX 63 | 6/30/2014 email from BJ Markus to Mark Binke re: DIG – series recap (UCP004405) | No objection | No response |
| DX 63 | 6/30/2014 DIG Production Recap Report 2014/2015 Season 1 Week Ending 6/28/2014 (UCP004406) | No objection | No response |
| DX 63 | 10/6/2014 email from Debbie Cleaver to BJ Markus and Randi Richmond re: DIG Episode 102 Budget with attachments (UCP004407) | No objection | No response |
| DX 63 | 10/6/2014 DIG Episode 01002 "Untitled" (5 Day) (UCP004408) | No objection | No response |
| DX 63 | 10/3/2014 "DIG" Season 1 – Albuquerque, NM (UCP004468) | No objection | No response |
| DX 63 | 5/1/2015 email from Joshua Dease to Randi Richmond re: | No objection | No response |

wn document
e.

977

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | DIG Israel Recap and Pilot/Prep/Hiatus/Wrap/Amort Cost Report Documents – PE 04/29/2015 (UCP004469) | | |
|---|---|---|---|
| DX 63 | 4/29/2015 DIG – Season One Israel All Series – 01096 Cost Report 7 (UCP004471) | No objection | No response |
| DX 63 | 4/29/2015 DIG -Season One Israel Hiatus 01097 Cost Report 7 (UCP004477) | No objection | No response |
| DX 63 | 4/29/2015 DIG Season One Israel Prep – 01095 Cost Report 7 (UCP004482) | No objection | No response |
| DX 64 | 4/30/2014 DIG Production Recap Report 2014/2015 Season 1 – Israel Unit Period Ending 04/29/15 (UCP004488) | No objection | No response |
| DX 64 | 4/29/2015 DIG Season One Israel Wrap – 01098 Cost Report 7 – Period Ending: 4/29/2015 (UCP004489) | No objection | No response |
| DX 64 | 4/29/2015 DIG Season One Pilot – Episode 01001 Cost | No objection | No response |

own document
ıe.

| | | | |
|---|---|---|---|
| | Report 7 – Period Ending: 4/29/2015 (UCP004494) | | |
| DX 64 | 8/11/2016 DIG – New Mexico Season 1 – First 5 episodes Production Recap Report 2014/2015 Season 1 Period Ending: 8/11/2016 (UCP004503) | No objection | No response |
| DX 64 | 8/11/2016 DIG – Season One Amort 01086 (Episodes 102-106) Cost Report 9 (UCP004505) | No objection | No response |
| DX 64 | 8/6/2016 DIG – Season One Amort 01091 Cost Report 10 (UCP004513) | No objection | No response |
| DX 64 | 8/7/2016 DIG Season One New Mexico Unit Prep – 01085 Cost Report 8 (UCP004521) | No objection | No response |
| DX 64 | 8/7/2016 DIG Season One New Mexico Unit Wrap – 01088 Cost Report 9 (UCP004530) | No objection | No response |
| DX 64 | Email from BJ Markus to Randi Richmond re: Emailing: DIG | No objection | No response |

| | | | |
|---|---|---|---|
| | Israel Series recap 12 30 14.xlsx (UCP004538) | | |
| DX 64 | Undated Spreadsheet (UCP004539) | No objection | No response |
| DX 65 | 8/13/19 Email from Ryan Greig to Mark Winemaker and Randi Richmond re: Draft Dig budget (UCP004576) | No objection | No response |
| DX 65 | 8/12/2014 budget titled "DIG" – Croatia, NBC Universal, v05 (UCP004577) | No objection | No response |
| DX 65 | 10/22/2014 Email from Joshua P. Dease to Randi Richmond , BJ Markus, Mark Winemaker, and Ryan Greig re: DIG – Croatia Cost Report 4 Documents – Period Ending 10/18/2014 (UCP004613) | No objection | No response |
| DX 65 | 10/20/2014 DIG US, Cost Report – Detail. Croatia Cost Report 4 (UCP004614) | No objection | No response |

| DX 65 | 10/20/2014 DIG US, Cost Report – Summary. Croatia Cost Report 4 (UCP004633) | No objection | No response |
|---|---|---|---|
| DX 65 | 10/20/2014 Croatia Unit Cost Report 4 (UCP004635) | No objection | No response |
| DX 65 | 6/5/2014 email from Meryle Selinger to BJ Markus and Randi Richmond, re: DIG – REVISED PILOT BUDGET AND NIS PILOT BUDGET (UCP004636) | No objection | No response |
| DX 65 | 6/5/2014 "DIG" Revised # 3 NIS, Pilot – (19) Days in Israel (UCP004637) | No objection | No response |
| DX 65 | 6/1/2014 "DIG" Revised #3 Pilot – (19) Days in Israel (UCP004674) | No objection | No response |
| DX 65 | 3/10/2015 Email from Joshua Dease to Randi Richmond and BJ Markus re: DIG – Croatia (Episodes 102-106) Cost Report 8 – PE 3/5/2015 (UCP004721) | No objection | No response |

| DX 6 | 3/8/2015 DIG Season One Croatia Unit (Episodes 102-106) Cost Report 8 (UCP004722) | No objection | No response |
|---|---|---|---|
| DX 6 | 3/6/2015 DIG US Cost Report – Summary Croatia 102-106 (UCP004723) | No objection | No response |
| DX 6 | 3/6/2015 DIG US Cost Report – Detail Croatia 102-106 (UCP004725) | No objection | No response |
| DX 6 | 4/11/2014 Email from John Gaskin to Mark Winemaker, Ryan Greig, Randi Richmond, and BJ Markus re: Dig – Snow Shoot Cost Report W/E 04-05-2014 (UCP004744) | No objection | No response |
| DX 6 | 4/7/2014 Dig – Snow Shoot, S1 Episode # "Snow Shoot" (UCP004745) | No objection | No response |
| DX 6 | 10/27/2014 Email from Debbie Cleaver to BJ Markus and Randi Richmond re: Updated Prep Cost Report (UCP004755) | No objection | No response |

own document
e.

982

| DX 6 | 10/23/2014 "DIG" – Season 1 – New Mexico Unit Cost Report Variance (UCP004756) | No objection | No response |
|---|---|---|---|
| DX 6 | 12/16/2014 Email from Joshua P. Dease to Randi Richmond, BJ Markus, Mark Winemaker and Ryan Greig re: DIG – Croatia Cost Report 6 – PE 12/13/2014 (UCP004765) | No objection | No response |
| DX 6 | 12/12/2014 DIG – Season One Croatia Unit (Episodes 102-106) Cost Report (UCP004766) | No objection | No response |
| DX 6 | 12/12/2014 DIG US Cost Report Detail Croatia Cost Report 6 (UCP004767) | No objection | No response |
| DX 6 | 12/02/2015 email from Joshua Dease to Randi Richmond and BJ Markus re: DIG – New Mexico Recap and Cost Report Documents (01085/01086/01088/01091) – PE 11/22/2015 (UCP004786) | No objection | No response |
| DX 6 | 11/16/2015 DIG – Season One Amort 01091 (Episodes 107- | No objection | No response |

wn document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF DECEMBER 27, 2019**

| | | | |
|---|---|---|---|
| | 110) Cost Report 8 (UCP004788) | | |
| DX 67 | 11/23/2015 DIG – New Mexico Season 1 – First 5 Episodes Production Recap Report (UCP004797) | No objection | No response |
| DX 67 | DIG – Season One Amort 01086 (Episodes 102-106) Cost Report 7 (UCP004799) | No objection | No response |
| DX 67 | 11/11/2015 DIG – Season One New Mexico Unit Prep – 01085 Cost Report 7 (UCP004808) | No objection | No response |
| DX 67 | 11/16/2015 DIG Season One New Mexico Unit Wrap – 01088 Cost Report 8 (UCP004817) | No objection | No response |
| DX 67 | 10/3/2014 email from Debbie Cleaver to BJ Markus, Randi Richmond, Alton, and "MW" re: DIG Budget 102 & 103 (UCP004826) | No objection | No response |

| DX 67 | 10/3/14 "DIG" – Season 1 – Albuquerque, NM (UCP004827) | No objection | No response |
|---|---|---|---|
| DX 67 | 10/3/2014 "DIG" – Season 1 – Albuquerque, NM (UCP004828) | No objection | No response |
| DX 67 | 5/10/2014 emails exchanged between BJ Markus, Randi Richmond, Meryle Sellinger, and Richard Winnie re: Post Budgets for Review (UCP004829) | No objection | No response |
| DX 68 | 5/4/2014 "DIG" AMORT: 5 Episode – (8) Days in Israel (UCP004830) | No objection | No response |
| DX 68 | "DIG" AMORT: 5 Episode – (8) Days in Israel (UCP004833) | No objection | No response |
| DX 68 | 5/4/2014 "DIG" Pattern: 5 Episode – (8) Days in Israel (UCP004834) | No objection | No response |
| DX 68 | 5/4/2014 "DIG" Pattern: 5 Episode (8) Days in Israel (UCP004839) | No objection | No response |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| DX 68 | 5/4/2014 "DIG" Episode #1 – (16) Days in Israel (UCP004840) | No objection | No response |
|---|---|---|---|
| DX 68 | 5/4/2014 "DIG" Episode #1 – (16) Days in Israel (UCP004846) | No objection | No response |
| DX 68 | 6/5/2014 email from Meryle Selinger to Randi Richmond and BJ Markus re: DIG – Pattern and Comparison (UCP004847) | No objection | No response |
| DX 68 | DIG Pattern Budget Comparison (UCP004848) | No objection | No response |
| DX 68 | "DIG" Revision #3 Pattern : 5 Episode – (8) Days in Israel (UCP004849) | No objection | No response |
| DX 68 | 11/13/2014 email from Debbie Cleaver to BJ Markus and Randi Richmond re: DIG – Series Recap & Cost Rept. 102/103 (UCP004895) | No objection | No response |
| DX 69 | 11/10/2014 Cost Report Variance (UCP004896) | No objection | No response |

| DX 6 | 11/12/2014 Cost Report Variance (UCP004910) | No objection | No response |
|------|---------------------------------------------|--------------|-------------|
| DX 6 | Undated/Untitled Spreadsheet (UCP004924) | No objection | No response |
| DX 6 | 3/11/2014 – 3/12/2014 emails exchanged between John Gaskin, Mark Winemaker, Ryan Greig, Randi Richmond, and BJ Markus re: DIG – Budgets as at 3/11/2014 (UCP004971) | No objection | No response |
| DX 6 | DIG Amort (UCP004972) | No objection | No response |
| DX 6 | 6/27/2014 emails exchanged between John Gaskin, BJ Markus, 'MW', Randi Richmond, and Meryle Selinger re: Snow shoot cost report (UCP005011) | No objection | No response |
| DX 6 | 6/27/2014 DIG Snow Shoot, Shoot S1 (UCP005012) | No objection | No response |
| DX 6 | 10/14/2014 Dig – Snow Shoot Episode #: "Snow Shoot" (UCP005022) | No objection | No response |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| DX 69 | 10/3/2014 emails exchanged between BJ Markus, Debbie Cleaver, Randi Richmond, Alton Walpole, and "MW" re: Budgets (UCP005033) | No objection | No response |
|---|---|---|---|
| DX 69 | 10/2/2014 "DIG" Episode 01002 "Untitled" (UCP005034) | No objection | No response |
| DX 70 | 10/2/2014 "DIG" Episode 01003 "Meet the Rosenbergs UCP005095 | No objection | No response |
| DX 70 | 10/3/2014 "DIG" – Season 1 – Albuquerque, NM (UCP005157) | No objection | No response |
| DX 70 | 10/3/2014 "DIG" Season 1 – Albuquerque, NM (UCP005158) | No objection | No response |
| DX 70 | 7/24/2014 Email from Meryle (UCP005159) | No objection | No response |
| DX 70 | 7/24/2014 DIG Production Recap Report (UCP005160) | No objection | No response |
| DX 70 | 4/20/2015 email from Joshua Dease to Randi Richmond and | No objection | No response |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | |
|---|---|---|---|
| | BJ Markus re; DIG – Croatia (102-106) Cost Report 9 Documents – PE 4/10/2015 (UCP005161) | | |
| DX 70 | 4/10/2015 DIG – Season One Croatia Unit (Episodes 102-106) Cost Report 8 – Period Ending: 4/10/2015 (UCP005162) | No objection | No response |
| DX 70 | 2/24/2015 Email from Kathi Danielson to BJ Markus (UCP005184) | No objection | No response |
| DX 70 | DIG2 – Cost Report #4 / Week Ending 2/21/15 (UCP005185) | No objection | No response |
| DX 70 | 2/16/2015 DIG 2 – First Season Croatia Shoot (UCP005186) | No objection | No response |
| DX 71 | DIG US Cost Report – Detail Post Date From 2/17/2015 – 2/24/2015 (UCP005187) | No objection | No response |
| DX 71 | DIG US Cost Report – Summary Post Date From 2/17/2015 – 2/24/2015 (UCP005203) | No objection | No response |

own document
e.

| DX 71 | 3/20/2015 Email from Joshua Dease to Randi Richmond and BJ Markus re: DIG – Amort 01086/Amort 01091 Cost Report Documents and Series Recap – PE 3/19/2015 (UCP005205) | No objection | No response |
|---|---|---|---|
| DX 71 | 3/20/2015 DIG – Season One Amort 01086 (Episodes 102-106) Cost Report 4 (UCP005206) | No objection | No response |
| DX 71 | 3/20/2015 DIG – Season One Amort 01091 (Episodes 107-110) (UCP005215) | No objection | No response |
| DX 71 | DIG – New Mexico Season 1 – First 5 episodes Production Recap Report (UCP005224) | No objection | No response |
| DX 71 | 5/27/2014 Emails exchanged between Meryle Selinger, Randi Richmond, and BJ Markus re: DIG JDA !!!! (UCP005226) | No objection | No response |

| DX 71 | 6/1/2014 "DIG" NIS ONLY AMORT: 5 Episode – (8) Days in Israel (UCP005229) | No objection | No response |
| DX 71 | 6/1/2014 "DIG" NIS ONLY Pattern: 5 Episode – (8) Days in Israel (UCP005263) | No objection | No response |
| DX 71 | 6/1/2014 "DIG" NIS ONLY Pilot – (16) Days in Israel (UCP005298) | No objection | No response |
| DX 72 | 12/30/2014 Email from BJ Markus to Randi Richmond, Mark Winemaker, and Meryle Selinger re: DIG – Israel cost reports (UCP005333) | No objection | No response |
| DX 72 | 12/21/2014 DIG Season 1 Prep Amort (UCP005334) | No objection | No response |
| DX 72 | 12/30/2014 DIG Season 1 Amort (UCP005340) | No objection | No response |
| DX 72 | 12/22/2014 DIG Season 1 Hiatus Amort (UCP005346) | No objection | No response. |
| DX 72 | Undated Spreadsheet (UCP005351) | No objection | No response. |

| DX 72 | 12/21/2014 DIG Season 1 Episode 1,001 (UCP005398) | No objection | No response. |
|---|---|---|---|
| DX 72 | 12/30/2014 "DIG" Season 1 WRAP-1098 (UCP005406) | No objection | No response. |
| DX 72 | Undated Spreadsheet (UCP005412) | No objection | No response. |
| DX 72 | 6/5/2014 DIG Season 1 2014/2015 Estimated Series Cost (UCP005413) | No objection | No response. |
| DX 72 | "DIG" Locked Budget PATTERN: 5 Episode – (8) Days in Israel (UCP005414) | No objection | No response. |
| DX 73 | 6/4/2014 "DIG" Locked Pilot (UCP005460) | No objection | No response. |
| DX 73 | 2/5/2015 Email from Debbie Cleaver to BJ Markus, Randi Richmond and Alton re: DIG Cost Reports and Recap (UCP005507) | No objection | No response. |
| DX 73 | 1/29/2015 "DIG" Season 1 Episode 01005 New Mexico | No objection | No response |

| | | | |
|---|---|---|---|
| | Cost Report Variance (UCP005508) | | |
| DX 73 | 1/30/2015 "DIG" Season 1 01085 PREP – New Mexico Cost Report Variance (UCP005522) | No objection | No response |
| DX 73 | 2/4/2015 "DIG" Season 1 01086 Amort – New Mexico Cost Report Variance (UCP005523) | No objection | No response |
| DX 73 | 2/4/2015 "DIG" Season 1 – 01091 Back Order Amort – New Mexico Cost Report Variance (UCP005532) | No objection | No response |
| DX 73 | DIG – New Mexico Season 1 – First 5 Episodes Production Recap Report 2014/2015 Season 1 (UCP005540) | No objection | No response |
| DX 73 | 1/30/2015 "DIG" Season 1 Episode 01004 New Mexico Cost Report Variance (UCP005542) | No objection | No response |

| DX 73 | 1/30/2015 "DIG" Season 1 Episode 01002 – New Mexico Cost Report Variance (UCP005556) | No objection | No response |
|---|---|---|---|
| DX 73 | 1/30/2015 "DIG" Season 1 – Episode 01003 – New Mexico Cost Report Variance (UCP005570) | No objection | No response |
| DX 74 | 6/5/2014 email from Meryle Selinger to BJ Markus and Randi Richmond re: DIG – Amort on Pilot (UCP005584) | No objection | No response |
| DX 74 | "DIG" – Pilot Budget Comparison (UCP005585) | No objection | No response |
| DX 74 | 7/27/2014 Email from Meryle Selinger to Randi Richmond, Mark Winemaker, BJ Markus, Liat Benasuly, Meryle Selinger, and Shimrit Yekutieli re: DIG – Pilot Cost Report #2 & Variance (UCP005586) | No objection | No response |
| DX 74 | 7/27/2014 Dig Series Dig Pilot Cost Report # 2 (UCP005587) | No objection | No response |

| DX 74 | 7/27/2014 Dig Pilot Cost Report (UCP005594) | No objection | No response |
|---|---|---|---|
| DX 74 | 3/27/2015 Email from Eve Fizz to BJ Markus, Kathi Danielson, Lori Motyer, Michael Wray, Randi Richmond, Todd Nenninger re: Dig VFX 104/105/106 – Updated Budgets (UCP005595) | No objection | No response |
| DX 74 | 3/24/2015 Stargate Studios, DIG, Ep. 104 "Prayer of David" VFX Grand Total Estimate (UCP005596) | No objection | No response |
| DX 74 | 3/27/2015 Stargate Studios, Dig, Ep. 105 – "Untitled" VFX Grand Total Estimate (UCP005602) | No objection | No response |
| DX 74 | 3/27/2015 Stargate Studios, Dig, Ep. 106 – "The Well of Souls", VFX Grand Total Estimate (UCP005606) | No objection | No response |

| DX 74 | 3/27/2015 Stargate Studios, DIG, Season 1 VFX Tracking (UCP005609) | No objection | No response |
|---|---|---|---|
| DX 75 | 3/13/2015 Email from Kathi Danielson to BJ Markus, Randi Richmond, re: DIG 2 – WE0314 Cost Report (UCP005610) | No objection | No response |
| DX 75 | DIG2 – Cost Report #6 / Week Ending 3/14/2015 (UCP005611) | No objection | No response |
| DX 75 | 3/3/2015 – 3/13/2015 DIG US Cost Report Detail (UCP005612) | No objection | No response |
| DX 75 | 3/3/2015 – 3/13/2015 DIG US Cost Report Summary (UCP005620) | No objection | No response |
| DX 75 | 3/13/2015 DIG 2 – First Season, Croatia Shoot (UCP005622) | No objection | No response |
| DX 75 | 11/10/2014 email from Debbie Cleaver to BJ Markus and | No objection | No response |

|  | | No objection | No response |
|---|---|---|---|
|  | Randi Richmond re: Dig Cost Report #01002 (UCP005623) |  |  |
| DX 75 | 11/10/2014 "DIG" Season 1 – Episode #01002 – New Mexico Cost Report Variance (UCP005624) | No objection | No response |
| DX 75 | 5/14/2015 Email from Meryle Selinger to Randi Richmond, BJ Markus, Liat Benasuly, and Mark Winemaker re: DIG – Budgets for May 14, 2014 (UCP005638) | No objection | No response |
| DX 75 | 5/12/2014 "DIG" Amort: 5 Episode – (8) Days in Israel (UCP005639) | No objection | No response |
| DX 75 | DIG Locked Critical Assumptions 90 min pilot + 5 eps (UCP007998) | No objection | No response |
| DX 76 | 12/1/2014 DIG locked critical assumptions (UCP013625) | No objection | No response |
| DX 76 | 10/6/2014 DIG locked critical assumptions (UCP013626) | No objection | No response |

| DX 76 | 10/7/2014 DIG locked critical assumptions (UCP013627) | No objection | No response |
|---|---|---|---|
| DX 76 | Undated spreadsheet (UCP013874-013879) | No objection | No response |
| DX 76 | 10/3/2014 "DIG" Season 1 – Albuquerque, NM (UCP013881) | No objection | No response |
| DX 76 | 9/2/2014 DIG Episodes 102-106 Croatia Unit Locked Budget (UCP013943) | No objection | No response |
| DX 76 | 10/3/2014 "DIG" Season 1 – Albuquerque, NM (UCP014057) | No objection | No response |
| DX 76 | 10/22/2014 "DIG" – Season 1 – Albuquerque, NM (UCP014118) | No objection | No response |
| DX 76 | 10/22/2014 "DIG" – Season 1 – Albuquerque, NM (UCP014182) | No objection | No response |
| DX 76 | 10/30/2014 "DIG" – Season 1 – Albuquerque, NM (UCP014245) | No objection | No response |
| DX 77 | Spreadsheet dated 11/19/2014 titled "DIG" Season 1 – | No objection | No response |

own document
e.

| | | | |
|---|---|---|---|
| | Albuquerque, NM (UCP014309) | | |
| DX 77 | 11/19/2014 "DIG" Season 1 – Albuquerque, NM, Episode # 01008 – 4 Day Shoot Budget (UCP014373) | No objection | No response |
| DX 77 | 12/1/2014 "DIG" Season 1 – Albuquerque, NM, Episode # 01009 – 4 Day Shoot Budget (UCP014436) | No objection | No response |
| DX 77 | 12/1/2014 "DIG" Season 1 – Albuquerque, NM, Episode # 01010 – 4 Day Shoot Budget (UCP014498) | No objection | No response |
| DX 77 | DIG 2 Amort Locked Croatia Shoot (UCP014561) | No objection | No response |
| DX 77 | 1/26/2015 DIG – Episodes 107-110 Croatia Unit Locked Budget (UCP014569) | No objection | No response |
| DX 77 | Undated DIG2 Locked Budget Comparison Report in Kuna (UCP014705) | No objection | No response |
| DX 77 | 3/20/2014 DIG 2nd Unit ("Snow Shoot") Distant | No objection | No response |

| | | | |
|---|---|---|---|
| | Location = (4) Days in Sault St. Marie, Ontario (UCP014719) | | |
| DX 77 | 6/8/2014 "DIG" Locked Budget ALL SERIES: 5 Episode – (8) Days in Israel (UCP014765) | No objection | No response |
| DX 77 | "DIG" Locked Budget Amort: 5 Episode – (8) Days in Israel (UCP014780) | No objection | No response |
| DX 78 | 6/1/2014 "DIG" Locked Budget Holiday/Hiatus: 5 Episode – (8) Days in Israel (UCP014819) | No objection | No response |
| DX 78 | 6/1/2014 "DIG" Locked Budget Pattern: 5 Episode – (8) Days in Israel (UCP014836) | No objection | No response |
| DX 78 | 6/5/2014 "DIG" Locked Pilot – (19) Days in Israel (UCP014882) | No objection | No response |
| DX 78 | 6/8/2014 "DIG" – Locked Budget Prep/Push: 5 Episode – (8) Days in Israel (UCP014929) | No objection | No response |
| DX 78 | "DIG" Locked Budget WRAP: 5 Episode – (8) Days in Israel (UCP014954) | No objection | No response |

| DX 78 | "DIG" (5 Episodes) 01086-Amort Budget 10/2/2014 Final Amort (UCP014973) | No objection | No response |
|---|---|---|---|
| DX 78 | 11/17/2014 "DIG" (4 Episodes) Amort Budget (UCP014996) | No objection | No response |
| DX 78 | 11/17/2014 Budget titled "DIG" (4 Episodes) Series Pattern (UCP015024) | No objection | No response |
| DX 78 | 10/2/2014 budget titled "DIG" (5 Episodes) 01085 Prep Budget Final Amort (UCP015084) | No objection | No response |
| DX 78 | 10/2/2014 Budget titled DIG (5 Episodes) Series 10/2/2014 (5 Day) (UCP015118) | No objection | No response |
| DX 79 | 10/2/2014 DIG (5 Episodes) 01088 Wrap Budget (UCP015179) | No objection | No response |
| DX 79 | 3/20/2015 DIG – Season One Amort 01086 (UCP015209) | No objection | No response |

| DX 79 | 3/20/2015 DIG – Season One Amort 01091 (Episodes 107-110) Cost Report (UCP015218) | No objection | No response |
|---|---|---|---|
| DX 79 | 4/27/2015 DIG Season One Amort 01091 (Episodes 107-110) Cost Report 5 (UCP015227) | No objection | No response |
| DX 79 | 11/16/2015 DIG Season One Amort 01091 (Episodes 107-110) Cost Report 8 (UCP015236) | No objection | No response |
| DX 79 | 9/30/2014 DIG Season One Croatia Unit (Episodes 102-106) Cost Report (UCP015245) | No objection | No response |
| DX 79 | 11/10/2015 DIG – Season One Croatia Unit (Episodes 102-106) Cost Report 10 (UCP015266) | No objection | No response |
| DX 79 | 10/6/2014 DIG Season One Croatia Unit (102-106) Cost Report 2 (UCP015288) | No objection | No response |
| DX 79 | 10/13/2014 DIG Season One Croatia Unit (Episodes 102- | No objection | No response |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | No objection | No response |
|---|---|---|---|
| | 106) Cost Report 2 (UCP015310) | | |
| DX 79 | 10/20/2014 DIG Season One Croatia Unit (Episodes 102-106) Cost Report 4 – Period Ending 10/18/2014 (UCP015332) | No objection | No response |
| DX 80 | 6/24/2016 DIG Season One Croatia Unit (Episodes 102-106) Cost Report 11 – Period Ending: 6/24/2016 (UCP015354) | No objection | No response |
| DX 80 | 6/25/2016 – 8/6/2015 Dig US Croatia Part 1 Zero Balance Cost Report – PE 8/6/2016 (UCP015376) | No objection | No response |
| DX 80 | 9/4/2015 DIG Season One Croatia Unit (Episodes 107-110) Cost Report 6 – Period Ending: 9/4/2015 (UCP015392) | No objection | No response |
| DX 80 | 7/6/2016 DIG Season One Croatia Unit (Episodes 107- | No objection | No response |

|  | 110) Cost Report 7 – Period Ending 7/6/2016 (UCP015402) |  |  |
|---|---|---|---|
| DX 80 | Croatia Part 2 Zero Balance Cost Report – PE 8/6/2016 Posted Date From: 6/25/2016 – 8/6/2015 (UCP015420) | No objection | No response |
| DX 80 | 5/10/2015 DIG Season One Episode 1002 Cost Report 4 – Period Ending: 05/08/2015 (UCP015432) | No objection | No response |
| DX 80 | 5/8/2015 DIG Season One Episode 1003, Cost Report 4 – Period Ending: 5/7/2015 (UCP015446) | No objection | No response |
| DX 80 | DIG Season One – Episode 1004, Cost Report 4 – Period Ending: 5/8/2015 (UCP015460) | No objection | No response |
| DX 80 | 5/9/2015 DIG Season One Episode 1005 Cost Report 3 – Period Ending: 5/8/2015 (UCP015474) | No objection | No response |
| DX 80 | 5/10/2015 DIG – Season One Episode 1006 Cost Report 3 – | No objection | No response |

| | | | |
|---|---|---|---|
| | Period Ending: 05/08/2015 (UCP015488) | | |
| DX 81 | 4/29/2015 DIG Season One Israel All Series – 01096 Cost Report 7 – Period Ending: 04/29/2015 (UCP015502) | No objection | No response |
| DX 81 | DIG Season One Israel All Series – 01096, Cost Report 8 – Period Ending: 10/21/2015 (UCP015508) | No objection | No response |
| DX 81 | 4/29/2015 DIG – Season One, Israel Hiatus – 01097, Cost Report 7, Period Ending: 4/29/2015 (UCP015514) | No objection | No response |
| DX 81 | DIG – Season One, Israel Hiatus – 01097, Cost Report 8 – Period Ending 10/16/2015 (UCP015519) | No objection | No response |
| DX 81 | 10/22/2015 DIG – Season One, Pilot – Episode 01001, Cost Report 8 – Period Ending: 10/22/2015 (UCP015524) | No objection | No response |

| | | | |
|---|---|---|---|
| DX 81 | 4/29/2015 DIG – Season One, Israel Prep – 01095, Cost Report 7 – Period Ending: 4/29/2015 (UCP015532) | No objection | No response |
| DX 81 | 10/15/2015 DIG – Season One, Israel Prep – 01095, Cost Report 8 – Period Ending: 10/15/2015 (UCP015538) | No objection | No response |
| DX 81 | 4/29/2015 DIG – Season One, Israel Wrap – 01098, Cost Report – Period Ending: 4/29/2015 (UCP015544) | No objection | No response |
| DX 81 | 10/15/2015 DIG – Season One, Israel Wrap – 01098, Cost Report 8 – Period Ending: 10/15/2015 (UCP015549) | No objection | No response |
| DX 81 | 11/22/2015 DIG – Season One, Amort 01086 (Episodes 102-106), Cost Report 7 – Period Ending: 11/22/2015 (UCP015554) | No objection | No response |
| DX 82 | 6/27/2016 DIG – Season One, Amort 01086 (Episodes 102-106) Cost Report 8 – Period | No objection | No response |

| | | | |
|---|---|---|---|
| | Ending: 6/27/2016 (UCP015563) | | |
| DX 82 | 8/11/2016 DIG – Season One, Amort 01086 (Episodes 102-106), Cost Report 9 – Period Ending (UCP015572) | No objection | No response |
| DX 82 | 8/6/2016 DIG – Season One, Amort 01091 (Episodes 107-110), Cost Report 10 – Period Ending: 8/6/2016 (UCP015580) | No objection | No response |
| DX 82 | DIG – Season One, Amort 01091 (Episodes 107-110), Cost Report 9 – Period Ending: 7/6/2016 (UCP015588) | No objection | No response |
| DX 82 | DIG – Season One New Mexico Unit Prep – 01085, Cost Report 8 – Period Ending: 8/7/2016 (UCP015597) | No objection | No response |
| DX 82 | 8/7/2016 DIG – Season One New Mexico Unit Wrap – 01088, Cost Report 9  - Period Ending: 8/7/2016 (UCP015606) | No objection | No response |

| DX 82 | 4/29/2015 DIG – Season One, Pilot – Episode 01001, Cost Report 7 – Period Ending: 4/29/2015 (UCP015614) | No objection | No response |
|---|---|---|---|
| DX 82 | 5/10/2015 DIG – Season One, New Mexico Unit Prep – 01085, Cost Report 5 – Period Ending: 5/8/2015 (UCP015622) | No objection | No response |
| DX 82 | 11/11/2015 DIG – Season One, New Mexico Unit Prep – 01085, Cost Report 7 – Period Ending: 11/11/2015 (UCP015631) | No objection | No response |
| DX 82 | 5/11/2015 DIG – Season One, New Mexico Unit Wrap – 01088, Cost Report 4 – Period Ending: 5/8/2015 (UCP015640) | No objection | No response |
| DX 83 | DIG – Season One, New Mexico Unit Wrap – 01088, Cost Report 8 – Period Ending: 11/16/2015 (UCP015649) | No objection | No response |
| DX 83 | 4/23/2015 DIG 2 – First Season, Croatia Shoot, Week | No objection | No response |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | |
|---|---|---|---|
| | Ending: 4/24/2015 (UCP015658) | | |
| DX 8: | 2/16/2015 DIG 2 – First Season, Croatia Shoot, Week Ending: 2/21/2015 (UCP015669) | No objection | No response |
| DX 8: | 2/17/2015 – 2/24/2015 – DIG US, Cost Report – Detail (UCP015670) | No objection | No response |
| DX 8: | 2/17/2015 – 2/24/2015 Dig US, Cost Report – Summary (UCP015686) | No objection | No response |
| DX 8: | 7/6/2014 DIG All Series Cost Report (UCP015688) | No objection | No response |
| DX 8: | 8/10/2014 Dig Amort Cost Report # 2 (UCP015692) | No objection | No response |
| DX 8: | 11/5/2014 Dig Amort Cost Report # 4 (UCP015696) | No objection | No response |
| DX 8: | 12/30/2014 Dig All Series Cost Report # 5 (UCP015701) | No objection | No response |

| DX 8? | 9/3/2014 Dig All Series Cost Report # 3 (UCP015706) | No objection | No response |
|---|---|---|---|
| DX 84 | 2/3/2015 Dig 2 First Season, Croatia Shoot, Week Ending: 1/31/2015 (UCP015711) | No objection | No response |
| DX 84 | 2/9/2015 Dig 2 – First Season, Croatia Shoot, Week Ending: 2/7/2015 (UCP015729) | No objection | No response |
| DX 84 | 7/23/2014 Dig Hiatus Cost Report # 1 (UCP015740) | No objection | No response |
| DX 84 | 8/31/2014 "Dig" Season 1, Episode # HIATUS-01097, Week Ending: 8/31/2014 (UCP015744) | No objection | No response |
| DX 84 | 12/21/2014 Dig Series Dig Hiatus Cost Report # 4 (UCP015745) | No objection | No response |
| DX 84 | June 30, 2014 – Dig Series - Dig Pilot Cost Report #1 (UCP015749) | No objection | No response |

| DX 84 | July 28, 2014 – Dig Series - Dig Pilot Cost Report #2 (UCP015756) | No objection | No response |
|---|---|---|---|
| DX 84 | August 19, 2014 – Dig Series - Dig Pilot Cost Report #3 (UCP015763) | No objection | No response |
| DX 84 | August 21, 2014 – Dig Series - Dig Pilot Cost Report #3 (UCP015770) | No objection | No response |
| DX 84 | October 28, 2014 – Dig Series - Dig Pilot Cost Report #4 (UCP015777) | No objection | No response |
| DX 85 | November 04, 2014 – Dig Series - Dig Pilot Cost Report #5 (UCP015784) | No objection | No response |
| DX 85 | December 21, 2014 – Dig Series - Dig Pilot Cost Report #6 (UCP015791) | No objection | No response |
| DX 85 | June 26, 2014 – Dig Pilot (UCP015798) | No objection | No response |

| DX 85 | June 23, 2014 – Dig Series - Dig Pilot Cost Report #1 (UCP015799) | No objection | No response |
|---|---|---|---|
| DX 85 | July 15, 2014 – Dig Series - Dig Prep Cost Report #2 (UCP015804) | No objection | No response |
| DX 85 | October 27, 2014 – Dig Series - Dig Prep Cost Report #3 (UCP015809) | No objection | No response |
| DX 85 | December 21, 2014 – Dig Series - Dig Prep Cost Report #4 (UCP015814) | No objection | No response |
| DX 85 | June 23, 2014 – Dig Series - Dig Prep Amort - Season #1 (UCP015819) | No objection | No response |
| DX 85 | July 13, 2014 – Dig Series - Dig Season #1 (UCP015820) | No objection | No response |
| DX 85 | November 12, 2014 – Dig Series - Dig Wrap Cost Report #2 (UCP015821) | No objection | No response |

| DX 8 | August 05, 2014 – Dig Series - Dig Wrap Cost Report #1 (UCP015825) | No objection | No response |
|---|---|---|---|
| DX 8 | December 30, 2014 – Dig Series - Dig Wrap Cost Report #3 (UCP015829) | No objection | No response |
| DX 8 | December 30, 2014 – Dig Series – Wrap Season #1 (UCP015833) | No objection | No response |
| DX 8 | November 23, 2014 – Dig Series - Dig Wrap Season #1 (UCP015834) | No objection | No response |
| DX 8 | July 06, 2014 – Dig – All Series Cost Report - Season #1 (UCP015835) | No objection | No response |
| DX 8 | December 30, 2014 – Dig Series - Dig Amort Season #1 (UCP015836) | No objection | No response |
| DX 8 | October 31, 2014 – Dig Series - Dig Season Amort #1 (UCP015837) | No objection | No response |

own document
e.

ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF DECEMBER 27, 2019

| DX 86 | August 09, 2014 – Dig Series - Dig Amort Season #1 (UCP015838) | No objection | No response |
|---|---|---|---|
| DX 86 | August 31, 2014 – Dig Series - Dig Amort Season #1 (UCP015839) | No objection | No response |
| DX 86 | December 22, 2014 – Dig Series - Dig Hiatus Amort Season #1 (UCP015840) | No objection | No response |
| DX 87 | July 19, 2014 – Dig Series - Dig Hiatus-1097 Season #1 (UCP015841) | No objection | No response |
| DX 87 | September 2, 2014 – Dig Series - Dig Hiatus Cost Report #2 (UCP015842) | No objection | No response |
| DX 87 | November 23, 2014 – Dig Series - Dig Hiatus Amort Season #1 (UCP015846) | No objection | No response |
| DX 87 | August 16, 2014 – Dig Series - Dig Pilot Cost Report #3 (UCP015847) | No objection | No response |

| DX 87 | August 16, 2014 – Dig Series - Dig Pilot Cost Report #3 (UCP015848) | No objection | No response |
|---|---|---|---|
| DX 87 | October 28, 2014 – Dig Series - Dig Episode 1001(UCP015849) | No objection | No response |
| DX 87 | December 21, 2014 – Dig Series - Dig Episode 1001 (UCP015850) | No objection | No response |
| DX 87 | June 29, 2014 – Dig Series - Dig Pilot Cost Report (UCP015851) | No objection | No response |
| DX 87 | July 26, 2014 – Dig Series - Dig Pilot Cost Report (UCP015852) | No objection | No response |
| DX 87 | November 4, 2014 – Dig Series - Dig Episode 1001 (UCP015853) | No objection | No response |
| DX 88 | December 21, 2014 – Dig Series - Dig Episode Prep Amort (UCP015854) | No objection | No response |

| DX 88 | October 27, 2014 – Dig Series - Dig Episode Prep Amort (UCP015855) | No objection | No response |
|---|---|---|---|
| DX 88 | August 2, 2014 – Dig Series - Dig Episode Wap-01098 (UCP015856) | No objection | No response |
| DX 88 | February 14, 2015 – Dig 2 Series – First Season – Croatia Shoot (UCP015857) | No objection | No response |
| DX 88 | November 8, 2014 – Dig Series – Season  #1 – Cost Variance report (UCP015868) | No objection | No response |
| DX 88 | December 20, 2014 – Dig Series - Season #1 – Cost Variance Report (UCP015876) | No objection | No response |
| DX 88 | February 7, 2015 – Dig Series – Season #1 Cost Variance report (UCP015885) | No objection | No response |
| DX 88 | December 20, 2014 – Dig Series - Season #1 – Back Order Amort – New Mexico (UCP015894) | No objection | No response |

own document
e.

| DX 88 | January 24, 2014 – Dig Series – Cost Variance Report  Season #1- Back Order Amort- New Mexico (UCP015902) | No objection | No response |
|---|---|---|---|
| DX 88 | February 7, 2015 – Dig Series – Cost Variance Report Season #1- Back Order Amort- New Mexico (UCP015910) | No objection | No response |
| DX 89 | November 15, 2014 – Dig Series – Cost Variance Report Season #1- Episode 01002- New Mexico (UCP015918) | No objection | No response |
| DX 89 | January 24, 2015 – Dig Series – Cost Variance Report Season #1- Episode 01002- New Mexico (UCP015932) | No objection | No response |
| DX 89 | January 31, 2015 – Dig Series – Cost Variance Report Season #1- Episode 01002- New Mexico (UCP015946) | No objection | No response |
| DX 89 | November 15, 2014 – Dig Series – Cost Variance Report | No objection | No response |

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | |
|---|---|---|---|
| | Season #1- Episode 01003-New Mexico (UCP015960) | | |
| DX 89 | January 31, 2015 – Dig Series – Cost Variance Report Season #1- Episode 01003- New Mexico (UCP015974) | No objection | No response |
| DX 89 | January 31, 2015 – Dig Series – Cost Variance Report Season #1- Episode 01004- New Mexico (UCP015988) | No objection | No response |
| DX 89 | December 13, 2014 – Dig Series – Cost Variance Report Season #1- Episode 01004- New Mexico (UCP016002) | No objection | No response |
| DX 89 | December 13, 2014 – Dig Series – Cost Variance Report Season #1- Episode 01005- New Mexico (UCP016016) | No objection | No response |
| DX 89 | January 31, 2015 – Dig Series – Cost Variance Report Season #1- Episode 01005- New Mexico (UCP016030) | No objection | No response |

| | | | |
|---|---|---|---|
| DX 89 | November 29, 2014 – Dig Series – Cost Variance Report Season #1- Episode 01006- New Mexico (UCP016044) | No objection | No response |
| DX 90 | February 13, 2015 – Dig Series – Cost Variance Report Season #1- Episode 01006- New Mexico (UCP016058) | No objection | No response |
| DX 90 | January 10, 2015 – Dig Series – Cost Variance Report Season #1- Episode 01007- New Mexico (UCP016072) | No objection | No response |
| DX 90 | February 13, 2015 – Dig Series – Cost Variance Report Season #1- Episode 01007- New Mexico (UCP016073) | No objection | No response |
| DX 90 | January 17, 2015 – Dig Series – Cost Variance Report Season #1- Episode 01008- New Mexico (UCP016087) | No objection | No response |
| DX 90 | January 24, 2015 – Dig Series – Cost Variance Report Season | No objection | No response |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | |
|---|---|---|---|
| | #1- Episode 01009- New Mexico (UCP016101) | | |
| DX 90 | January 24, 2015 – Dig Series – Cost Variance Report Season #1- Episode 01010- New Mexico (UCP016114) | No objection | No response |
| DX 90 | February 14, 2015 – Dig Series – Cost Variance Report Season #1- Episode 01010- New Mexico (UCP016127) | No objection | No response |
| DX 90 | December 13, 2014 – Dig Series – Cost Variance Report Season #1- 01085 Prep – New Mexico (UCP016140) | No objection | No response |
| DX 90 | February 7, 2015 – Dig Series – Cost Variance Report Season #1- 01088 Amort - New Mexico (UCP016149) | No objection | No response |
| DX 90 | April 5, 2014 – Dig Series – Snow Shoot, S1 – Episode – Snow Shoot (UCP016158) | No objection | No response |

| | | | |
|---|---|---|---|
| DX 9 | April 25, 2014 – Dig Series – Snow Shoot, S1 – Episode – Snow Shoot (UCP016168) | No objection | No response |
| DX 9 | May 28, 2014 – Dig Series – Snow Shoot, S1 – Episode – Snow Shoot (UCP016178) | No objection | No response |
| DX 9 | June 30, 2014 – Dig Series – Snow Shoot, S1 – Episode – Snow Shoot (UCP016188) | No objection | No response |
| DX 9 | October 11, 2014 – Dig Series – Snow Shoot, S1 – Episode – Snow Shoot (UCP016198) | No objection | No response |
| DX 9 | December 13, 2014 – Dig Series – Snow Shoot, S1 – Episode – Snow Shoot (UCP016209) | No objection | No response |
| DX 9 | November 19, 2014 – Dig Series - Dig Hiatus Cost Report #3 (UCP016220) | No objection | No response |
| DX 9 | October 13, 2014 – Dig Series - Dig Season #1- Episode 1003 (UCP016224) | No objection | No response |
| DX 9 | October 7, 2014 – Dig Series - Dig Season #1- Episode 1002 (UCP016225) | No objection | No response |

own document
e.

| DX 9| | October 8, 2014 – Dig Series - Dig Season #1- Episode 1002 (UCP016226) | No objection | No response |
|---|---|---|---|
| DX 9| | October 9, 2014 – Dig Series - Dig Season #1- Episode 1002 (UCP016227) | No objection | No response |
| DX 92 | October 14, 2014 – Dig Series - Dig Season #1- Episode 1002 (UCP016228) | No objection | No response |
| DX 92 | October 16, 2014 – Dig Series - Dig Season #1- Episode 1002 (UCP016229) | No objection | No response |
| DX 92 | October 6, 2014 – Dig Series - Dig Season #1- Episode 1003 (UCP016230) | No objection | No response |
| DX 92 | October 8, 2014 – Dig Series - Dig Season #1- Episode 1003 (UCP016231) | No objection | No response |
| DX 92 | October 10, 2014 – Dig Series - Dig Season #1- Episode 1003 (UCP016232) | No objection | No response |

| | | | |
|---|---|---|---|
| DX 92 | October 15, 2014 – Dig Series - Dig Season #1- Episode 1003 (UCP016233) | No objection | No response |
| DX 92 | October 22, 2014 – Dig Series - Dig Season #1- Episode 1004 (UCP016234) | No objection | No response |
| DX 92 | October 27, 2014 – Dig Series - Dig Season #1- Episode 1004 (UCP016235) | No objection | No response |
| DX 92 | October 28, 2014 – Dig Series - Dig Season #1- Episode 1004 (UCP016236) | No objection | No response |
| DX 92 | October 29, 2014 – Dig Series - Dig Season #1- Episode 1004 (UCP016237) | No objection | No response |
| DX 93 | October 31, 2014 – Dig Series - Dig Season #1- Episode 1004 (UCP016238) | No objection | No response |
| DX 93 | November 11, 2014 – Dig Series - Dig Season #1- Episode 1004 (UCP016239) | No objection | No response |

own document
e.

| DX 9_ | October 22, 2014 – Dig Series - Dig Season #1- Episode 1005 (UCP016240) | No objection | No response |
|---|---|---|---|
| DX 9_ | October 08, 2014 – Dig Series - Dig Season #1- Episode 1005 (UCP016241) | No objection | No response |
| DX 9_ | October 30, 2014 – Dig Series - Dig Season #1- Episode 1005 (UCP016242) | No objection | No response |
| DX 9_ | November 12, 2014 – Dig Series - Dig Season #1- Episode 1005 (UCP016243) | No objection | No response |
| DX 9_ | November 13, 2014 – Dig Series - Dig Season #1- Episode 1005 (UCP016244) | No objection | No response |
| DX 9_ | November 3, 2014 – Dig Series - Dig Season #1- Episode 1006 (UCP016245) | No objection | No response |
| DX 9_ | November 4, 2014 – Dig Series - Dig Season #1- Episode 1006 (UCP016246) | No objection | No response |

| DX 93 | November 5, 2014 – Dig Series - Dig Season #1- Episode 1006 (UCP016247) | No objection | No response |
|---|---|---|---|
| DX 94 | November 6, 2014 – Dig Series - Dig Season #1- Episode 1006 (UCP016248) | No objection | No response |
| DX 94 | November 7, 2014 – Dig Series - Dig Season #1- Episode 1006 (UCP016249) | No objection | No response |
| DX 94 | November 10, 2014 – Dig Series - Dig Season #1- Episode 1006 (UCP016250) | No objection | No response |
| DX 94 | November 18, 2014 – Dig Series - Dig Season #1- Episode 1007 (UCP016251) | No objection | No response |
| DX 94 | November 20, 2014 – Dig Series - Dig Season #1- Episode 1007 (UCP016252) | No objection | No response |
| DX 94 | "DIG" SEASON 1 Report Date 11/21/14 (UCP016253) | No objection | No response |
| DX 94 | "DIG" SEASON 1 Report Date 11/26/14 (UCP016254) | No objection | No response |

| DX 94 | "DIG" SEASON 1 Report Date 11/23/14 (UCP016255) | No objection | No response |
|---|---|---|---|
| DX 94 | "DIG" SEASON 1 Report Date 11/25/14 (UCP016256) | No objection | No response |
| DX 94 | "DIG" SEASON 1 Report Date 12/01/14 (UCP016257) | No objection | No response |
| DX 95 | "DIG" SEASON 1 Report Date 11/19/14 (UCP016258) | No objection | No response |
| DX 95 | "DIG" SEASON 1 Report Date 12/02/14 (UCP016259) | No objection | No response |
| DX 95 | "DIG" SEASON 1 Report Date 11/04/14 (UCP016260) | No objection | No response |
| DX 95 | "DIG" SEASON 1 Report Date 12/11/14 (UCP016261) | No objection | No response |
| DX 95 | "DIG" SEASON 1 Report Date 12/03/14 (UCP016262) | No objection | No response |
| DX 95 | "DIG" SEASON 1 Report Date 12/05/14 (UCP016263) | No objection | No response |
| DX 95 | "DIG" SEASON 1 Report Date 12/09/14 (UCP016264) | No objection | No response |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| DX 95 | "DIG" SEASON 1 Report Date 12/10/14 (UCP016265) | No objection | No response |
|---|---|---|---|
| DX 95 | CROATIA UNIT Daily Hot Cost Report Date 9/02/14 (UCP016266) | No objection | No response |
| DX 95 | CROATIA UNIT Daily Hot Cost Report Date 9/03/14 (UCP016267) | No objection | No response |
| DX 96 | DIG - PILOT Report Date 06/11/14 (UCP016268) | No objection | No response |
| DX 96 | DIG - PILOT Report Date 6/25/14 (UCP016269) | No objection | No response |
| DX 96 | DIG - PILOT Report Date 6/25/14 (UCP016270) | No objection | No response |
| DX 96 | DIG - PILOT Report Date 6/26/14 (UCP016271) | No objection | No response |
| DX 96 | DIG - PILOT Report Date 6/26/14 (UCP016272) | No objection | No response |
| DX 96 | DIG - PILOT Report Date 6/30/14 UCP016273 | No objection | No response |

| DX 96 | DIG - PILOT Report Date 6/30/14 (UCP016274) | No objection | No response |
|---|---|---|---|
| DX 96 | DIG - PILOT Report Date 6/30/14 (UCP016275) | No objection | No response |
| DX 96 | DIG - PILOT Report Date 6/30/14 (UCP016276) | No objection | No response |
| DX 96 | DIG - PILOT Report Date 6/30/14 (UCP016277) | No objection | No response |
| DX 97 | DIG - PILOT Report Date 6/17/14 (UCP016278) | No objection | No response |
| DX 97 | DIG - PILOT Report Date 6/18/14 UCP016279 | No objection | No response |
| DX 97 | DIG - PILOT Report Date 6/19/14 (UCP016280) | No objection | No response |
| DX 97 | "DIG" Report Date 6/22/14 (UCP016281) | No objection | No response |
| DX 97 | DIG Blank Sheet (UCP016282) | No objection | No response |
| DX 97 | DIG - PILOT Report Date 6/23/14 (UCP016283) | No objection | No response |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| DX 97 | DIG PILOT Report Date 06/23/14 (UCP016284) | No objection | No response |
|---|---|---|---|
| DX 97 | DIG PILOT Report Date 06/24/14 (UCP016285) | No objection | No response |
| DX 97 | DIG PILOT Report Date 06/24/14 (UCP016286) | No objection | No response |
| DX 97 | DIG - SNOW SHOOT Report Date 03/25/14 (UCP016287) | No objection | No response |
| DX 98 | DIG - SNOW SHOOT Report Date 03/26/14 (UCP016294) | No objection | No response |
| DX 98 | DIG - SNOW SHOOT Report Date 03/27/14 (UCP016301) | No objection | No response |
| DX 98 | DIG - SNOW SHOOT Report Date 03/28/14 UCP016308 | No objection | No response |
| DX 98 | Recaps (UCP016315) | No objection | No response |
| DX 98 | Recaps (UCP016368) | No objection | No response |
| DX 98 | Recaps UCP016421 | No objection | No response |
| DX 98 | DIG – New Mexico Season 1 – First 5 episodes Prepared 04/20/15 (UCP016481) | No objection | No response |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| DX 98 | Recaps UCP016483 | No objection | No response |
|---|---|---|---|
| DX 98 | Recaps UCP016543 | No objection | No response |
| DX 98 | Recaps (UCP016603) | No objection | No response |
| DX 99 | Recaps (UCP016663) | No objection | No response |
| DX 99 | Recaps (UCP016723) | No objection | No response |
| DX 99 | Recaps (UCP016782) | No objection | No response |
| DX 99 | Recaps (UCP016843) | No objection | No response |
| DX 99 | Recaps (UCP016905) | No objection | No response |
| DX 99 | Recaps (UCP016967) | No objection | No response |
| DX 99 | Recaps (UCP017026) | No objection | No response |
| DX 99 | Recaps (UCP017085) | No objection | No response |
| DX 99 | Recaps (UCP017147) | No objection | No response |
| DX 99 | DIG Production Recap Report Prepared 07/13/14 (UCP017200) | No objection | No response |
| DX 10 | Recaps (UCP017201) | No objection | No response |
| DX 10 | Recaps (UCP017255) | No objection | No response |

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF DECEMBER 27, 2019**

| DX 10 | Recaps (UCP017309) | No objection | No response |
|---|---|---|---|
| DX 10 | Recaps (UCP017363) | No objection | No response |
| DX 10 | Recaps (UCP017417) | No objection | No response |
| DX 10 | Recaps (UCP017469) | No objection | No response |
| DX 10 | Recap (UCP017521) | No objection | No response |
| DX 10 | Recaps (UCP017573) | No objection | No response |
| DX 10 | Recaps (UCP017625) | No objection | No response |
| DX 10 | Recaps (UCP017680) | No objection | No response |
| DX 10 | Recaps (UCP017735) | No objection | No response |
| DX 10 | Recaps (UCP017790) | No objection | No response |
| DX 10 | Recaps (UCP017843) | No objection | No response |
| DX 10 | Recaps (UCP017893) | No objection | No response |
| DX 10 | DIG Production Recap Report Prepared 10/28/14 (UCP017943) | No objection | No response |
| DX 10 | Recaps (UCP017944) | No objection | No response |
| DX 10 | Variance Worksheet Prepared 11/05/2013 (UCP017955) | No objection | No response |

| DX 10 | DIG Production Recap Report Prepared 07/24/14 (UCP017996) | No objection | No response |
|---|---|---|---|
| DX 10 | DIG Production Recap Report Prepared 07/28/14 (UCP017997) | No objection | No response |
| DX 10 | DIG Production Recap Report Prepared 08/21/14 (UCP017999) | No objection | No response |
| DX 10 | DIG Production Recap Report Prepared 08/05/14 (UCP018000) | No objection | No response |
| DX 10 | DIG Production Recap Report Prepared 09/02/14 (UCP018001) | No objection | No response |
| DX 10 | DIG Production Recap Report with Hribar, Director Payment Decision Letter – Croatian Letter Prepared 08/12/14 UCP018002 - UCP018005 | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403).  Subject of a pending Motion in Limine | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents |

own document
e.

| | | | affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. Information relied upon by experts in course of forming opinions. F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF DECEMBER 27, 2019**

| | | | probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 10 | Hribar, Director Payment Decision Letter – English (UCP018006 - UCP018008) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403).  Subject of a pending Motion in Limine | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. Information relied upon by experts in course of forming opinions. F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. |

| | | | Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. ? |
|---|---|---|---|

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| DX 10 | Croatian Hand-written amount note (UCP018009) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403).  Subject of a pending Motion in Limine | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. Information relied upon by experts in course of forming opinions. F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |

| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 10 | 200-101 Izvrsni Producent (UCP018010) | Vague, does not provide adequate notice of the exhibit that Defendant intends to offer. Vague as to what pages Defendant intends to include as this exhibit.  This document is within UCP018009, which has a bates range from UCP018009-8017. Plaintiffs reserve the right to object to with more | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents |

| | | precision upon clarification from Defendant. | affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. Information relied upon by experts in course of forming opinions. F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high |

| | | | probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 10 | 200-125 Organizator Lokacjia – Scout Split (UCP018011) | Vague, does not provide adequate notice of the exhibit that Defendant intends to offer. Vague as to what pages Defendant intends to include as this exhibit.  This document is within UCP018009, which has a bates range from UCP018009-8017. Plaintiffs reserve the right to object to with more precision upon clarification from Defendant. | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. Information relied upon by experts in course of forming opinions. F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or |

| | | | |
|---|---|---|---|
| | | | in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 10 | 210-104 Male uloqe (UCP018012) | Vague, does not provide adequate notice of the exhibit that Defendant | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is |

| | | intends to offer. Vague as to what pages Defendant intends to include as this exhibit. This document is within UCP018009, which has a bates range from UCP018009-8017. Plaintiffs reserve the right to object to with more precision upon clarification from Defendant. | hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. Information relied upon by experts in course of forming opinions. F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).

F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 1( | 230-113-1 Stolar #2 (UCP018013) | Vague, does not provide adequate notice of the exhibit that Defendant intends to offer. Vague as to what pages Defendant intends to include as this exhibit.  This document is within UCP018009, which has a bates range from UCP018009-8017. Plaintiffs reserve the right to object to with more precision upon clarification from Defendant. | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not |

|  |  |  | hearsay under F.R.E. 801. Information relied upon by experts in course of forming opinions. F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled |
|---|---|---|---|

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 1( | 230-165 Troskovi Zivotinja - tele (UCP018014) | Vague, does not provide adequate notice of the exhibit that Defendant intends to offer. Vague as to what pages Defendant intends to include as this exhibit.  This document is within UCP018009, which has a bates range from UCP018009-8017. Plaintiffs reserve the right to object to with more precision upon clarification from Defendant. | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. Information relied upon by experts in course of forming opinions. F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

|  |  |  | of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims.<br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals |

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF DECEMBER 27, 2019**

|  |  |  | identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. Information relied upon by experts in course of forming opinions. F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or |

| | | | why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 1( | 310-101 Masker (UCP018015) | Vague, does not provide adequate notice of the exhibit that Defendant intends to offer. Vague as to what pages Defendant intends to include as this exhibit.  This document is within UCP018009, which has a bates range from UCP018009-8017. Plaintiffs reserve the right to object to with more precision upon clarification from Defendant. | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. Information relied upon by experts in course of forming opinions. |

own document
ie.

| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time |

| | | | of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 1( | 350 -100 Napam uredskoq prostora (UCP018016) | Vague, does not provide adequate notice of the exhibit that Defendant intends to offer. Vague as to what pages Defendant intends to include as this exhibit.  This document is within UCP018009, which has a bates range from UCP018009-8017. Plaintiffs reserve the right to object to with more precision upon clarification from Defendant. | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. Information relied upon by experts in course of forming opinions. F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |

own document
1e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF DECEMBER 27, 2019**

| | | | |
|---|---|---|---|
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 1( | 360 -131 Osiqurnaje ekipe (UCP018017) | Vague, does not provide adequate notice of the exhibit that Defendant intends to offer. Vague as to what pages Defendant intends to include as this exhibit.  This document is within UCP018009, which has a bates range from UCP018009-8017. Plaintiffs reserve the right to object to with more | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party- |

| | | precision upon clarification from Defendant. | opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. Information relied upon by experts in course of forming opinions. F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 10 | Document Produced Natively (UCP018018) | No objection | No response |
| DX 10 | Document Produced Natively (UCP018019) | No objection | No response |
| DX 10 | Audit & Compliance Division October 27, 2016 (UCP018020) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403).  Subject of a pending Motion in Limine. | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. |

own document
ie.

| | | | Information relied upon by experts in course of forming opinions. F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, |

own document
e.

| | | | ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 10 | Application for Film Production Tax Credit UCP018021 | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403).  Subject of a pending Motion in Limine. | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. Information relied upon by experts in course of forming opinions. F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | |
|---|---|---|---|
| | | | of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 10 | DIG - EPISODES 102-106 CROATIA UNIT LOCKED BUDGET (USD) (UCP018125-UCP018221) | No objection | No response |

own document
1e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| DX 10 | Excel Worksheets (UCP018222 – CONFIDENTIAL) | No objection | No response |
|---|---|---|---|
| DX 10 | Distribution Excel Worksheet Prepared 03/11/14 (UCP018223-CONFIDENTIAL) | No objection | No response |
| DX 10 | DIG - CROATIA PART 1 Excel Worksheet (UCP018224-CONFIDENTIAL) | No objection | No response |
| DX 10 | Ledger Detail Excel Worksheet (UCP018225-CONFIDENTIAL) | No objection | No response |
| DX 10 | Cost Detail - DIG (Season One) Dates Represented: All Open Detail (Committed Costs) / Inception Through 08/31/2015 (Posted Items) (UCP000001) | No objection | No response |
| DX 10 | 2014-08-23 letter to P Johnson-OneBeacon Ins (ATL002026-002032) | No objection | No response |
| DX 10 | 2014-09-19 letter Resp to LEC's (ATL002178-002181) | No objection | No response |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| DX 10 | Letter from Johnson to Garber 2017-07-28 (ATL001848-001855) | No objection | No response |
|---|---|---|---|
| DX 10 | 6-1-2014 "Dig" Pattern: 5 Episode (8) Days in Israel (UCP005677) | No objection | No response |
| DX 10 | 6-1-2014 "DIG" Pilot- (16) Days in Israel (UCP005722) | No objection | No response |
| DX 10 | 11-6-14 "DIG" Cost report 01086 (UCP005768) | No objection | No response |
| DX 10 | 11-6-14 DIG- New Mexico Season 1 Production Recap Report (UCP005769) | No objection | No response |
| DX 10 | 11-6-14 "DIG" Season 1 01086 AMORT Cost Report Variance (UCP005770) | No objection | No response |
| DX 10 | 8-12-14 E-Mail re: DIG- Amort Cost Report Variance (UCP005778) | No objection | No response |
| DX 10 | DIG Series Dig Amort Cost Report #2 (UCP005779) | No objection | No response |

| DX 10 | 8-10-14 DIG Season 1 Amort Production (UCP005783) | No objection | No response |
|---|---|---|---|
| DX 10 | 11-7-14 E-Mail re: Dig Series Recap (UCP005784) | No objection | No response |
| DX 10 | DIG New Mexico Season 1 Production Recap Report (UCP005785) | No objection | No response |
| DX 10 | 8-19-14 E-Mail re: DIG- Recap P/E (UCP005786) | No objection | No response |
| DX 10 | 8-8-14 DIG Production Recap Report 2014/2015 Season 1 (UCP005787) | No objection | No response |
| DX 10 | 7-28-14 E-Mail re: DIG- Pilot Cost Report #2 and Variance (UCP005788) | No objection | No response |
| DX 10 | DIG Pilot Cost Report #2 (UCP005789) | No objection | No response |
| DX 10 | 7-27-14 Dig Pilot Cost Report Season 1 Week Ending 07/26/14 (UCP005796) | No objection | No response |

| DX 10 | 4-10-15 E-Mail re: DIG 2 Cost Report (UCP005797) | No objection | No response |
|---|---|---|---|
| DX 10 | 3-12-15 to 4-10-15 DIG US Cost Report (UCP005800) | No objection | No response |
| DX 10 | 3-12-15 to 4-10-15 DIG US Cost Report Summary (UCP005808) | No objection | No response |
| DX 10 | 1-23-15 E-Mail re: DIG-Croatia (Part1) Cost Report 7 (UCP005810) | No objection | No response |
| DX 10 | 1-22-15 DIG- Season 1 Croatia Unit, Episodes 102-106 Cost Report 7 (UCP005811) | No objection | No response |
| DX 10 | Dig US Cost Report- Detail Croatia 102-106 (UCP005812) | No objection | No response |
| DX 10 | DIG US Cost Report Summary Croatia 102-106 (UCP005831) | No objection | No response |
| DX 10 | 4-13-15 E-Mail re: Dig 109 VFX Budge Update (UCP005833) | No objection | No response |

| DX 10 | Stargate Studios Episode 109 VFX Grand Total Estimate (UCP005834) | No objection | No response |
| DX 10 | Stargate Studios DIG Season 1 VFX Tracking Budget (UCP005841) | No objection | No response |
| DX 10 | 4-20-15 E-Mail re: DIG Amort 01086 (102-106) Cost Report 5 Documents (UCP005842) | No objection | No response |
| DX 10 | 4-11-15 DIG Season One Amort 01086 (Episodes 102-106) Cost Report 5 (UCP005843) | No objection | No response |
| DX 10 | 7-21-14 E-Mail re: Dig NM Preliminary Budget (UCP005852) | No objection | No response |
| DX 10 | 7-8-14 DIG Amort 7 days in Albuquerque, NM (UCP005853) | No objection | No response |
| DX 10 | 7-8-14 DIG Amort 7 Days in Albuquerque, NM Budget (UCP005893) | No objection | No response |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| DX 10 | 7-8-14 DIG Budget 5 Episodes, 7 Days in Albuquerque, NM (UCP005895) | No objection | No response |
|---|---|---|---|
| DX 10 | 7-8-14 Budget DIG (5 episodes) (UCP005931) | No objection | No response |
| DX 10 | 10-8-14 E-Mail re: DIG-Croatia Cost Report 2 Documents – PE 10-4-14 (UCP005933) | No objection | No response |
| DX 10 | 10/6/2014 DIG – Season One, Croatia Unit (Episodes 102-106), Cost Report 2 – Period Ending: 10/4/2014 (UCP005934) | No objection | No response |
| DX 10 | Dig US, Cost Report – Detail, Croatia Cost Report 2 – PE 10/4/2014 (UCP005935) | No objection | No response |
| DX 10 | Dig US, Cost Report – Summary, Croatia Cost Report 2 – PE 10/4/2014 (UCP005954) | No objection | No response |
| DX 10 | Dig US Cost Report Detail, Croatia Cost Report 3 – PE 10/11/2014 UCP005956 | No objection | No response |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| DX 10 | Dig US Cost Report Summary, Croatia Cost Report 3 – PE 10/11/2014 (UCP005975) | No objection | No response |
|---|---|---|---|
| DX 10 | DIG – Season One, Croatia Unit (Episodes 102-106), Cost Report 2 – Period Ending: 10/11/2014 (UCP005977) | No objection | No response |
| DX 10 | 4/10/2014 – 4/13/2014 emails exchanged between Kathi Danielson, BJ Markus, Randi Richmond and Michael Wray re: DIG2 Cost Report WED0411 (UCP005978) | No objection | No response |
| DX 10 | 4/10/2015 Dig 2 – First Season, Croatia Shoot, Week Ending 4/11/2015 (UCP005980) | No objection | No response |
| DX 10 | 3/12/2015 – 4/10/2015 Dig US Cost Report – Detail (UCP005981) | No objection | No response |
| DX 10 | 3/12/2015 – 4/10/2015 Dig US Cost Report – Summary (UCP005989) | No objection | No response |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | |
|---|---|---|---|
| DX 1( | 8/5/2014 email from Meryle Selinger to Randi Richmond, BJ Markus, Mark Winemaker, and Liat Benasuly (UCP005991) | No objection | No response |
| DX 1( | 8/5/2014 Dig Wrap Cost Report # 1 (UCP005992) | No objection | No response |
| DX 1( | 8/4/2014 "Dig" Season 1 Episode #: WRAP-01098, Week Ending 8/2/2014 (UCP005996) | No objection | No response |
| DX 1( | 2/5/2015 Emails exchanged between Debbie Cleaver, BJ Markus, Randi Richmond, and Alton re: DIG Cost Reports and Recap (UCP005997) | No objection | No response |
| DX 1( | 1/29/2015 "DIG" Season 1 – Episode #01005 – New Mexico Cost Report Variance (UCP005998) | No objection | No response |
| DX 1( | 1/30/2015 "DIG" Season 1 – 01085 PREP – New Mexico | No objection | No response |

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | |
|---|---|---|---|
| | Cost Report Variance (UCP006012) | | |
| DX 10 | 2/4/2015 "DIG" Season 1 – 01086 AMORT  - New Mexico, Cost Report Variance (UCP006013) | No objection | No response |
| DX 10 | 2/4/2015 "DIG" – Season 1 01091 Back Order Amort – New Mexico, Cost Report Variance (UCP006022) | No objection | No response |
| DX 10 | 2/4/2015 DIG – New Mexico Season 1 – First 5 Episodes, Production Recap Report 2014/2015 Season 1 Week Ending 2/7/2015 (UCP006030) | No objection | No response |
| DX 10 | 1/30/2015 "DIG" – Season 1 – Episode # 01004 – New Mexico, Cost Report Variance (UCP006032) | No objection | No response |
| DX 10 | 1/30/2015 "DIG" Season 1 Episode # 01002 – New Mexico Cost Report Variance, Week | No objection | No response |

| | | | |
|---|---|---|---|
| | Ending: 1/31/2015 (UCP006046) | | |
| DX 1 | 1/30/2015 "DIG" Season 1 – Episode #01003 – New Mexico Cost Report Variance, Week Ending: 01/31/2015 (UCP006060) | No objection | No response |
| DX 1 | 11/11/2015 email from Joshua Dease to Randi Richmond and BJ Markus re: DIG – Croatia Part 1 Cost Report 10 Documents – PE 11/10/2015 (UCP006074) | No objection | No response |
| DX 1 | DIG US Cost Report Detail, Croatia Part 1 01080 – PE 11/10/2015 (UCP006075) | No objection | No response |
| DX 1 | DIG US Cost Report – Summary, Croatia Part 1 01080 – PE 11/10/2015 UCP006094 | No objection | No response |
| DX 1 | 11/10/2015 DIG – Season One Croatia Unit (Episodes 102-106), Cost Report 10 – Period | No objection | No response |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | |
|---|---|---|---|
| | Ending: 11/10/2015 (UCP006096) | | |
| DX 11 | 10/28/2015 Email from Joshua Dease to Randi Richmond and BJ Markus re: DIG – Israel Series Recap – PE 10/22/2015 (UCP006097) | No objection | No response |
| DX 11 | 10/21/2015 DIG – Season One Israel All Series – 01096 Cost Report 8 – Period Ending: 10/21/2015 (UCP006098) | No objection | No response |
| DX 11 | 10/16/2016 DIG – Season One, Israel Hiatus – 01097, Cost Report 8 – Period Ending: 10/16/2015 (UCP006104) | No objection | No response |
| DX 11 | 10/22/2015 DIG – Season One, Pilot – Episode 01001, Cost Report 8 – Period Ending: 10/22/2015 (UCP006109) | No objection | No response |
| DX 11 | 10/15/2015 DIG – Season One Israel Prep – 01095, Cost Report 8 – Period Ending: 10/15/2015 (UCP006117) | No objection | No response |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| DX 1 | 10/23/2015 DIG Production Recap Report 2014/2015 Season 1 – Israel Unit, Period Ending: 10/22/15 (UCP006123) | No objection | No response |
|---|---|---|---|
| DX 1 | Dig – Season One Israel Wrap, Cost Report 8 – Period Ending: 10/15/2015 (UCP006124) | No objection | No response |
| DX 1 | 7/17/14 EMAIL: BJ Markus to Randi Richmond Re: FW: Reports 17.7.2014 (UCP006129) | No objection | No response |
| DX 1 | Spreadsheet largely in Hebrew, Columns: "Profile/ Budget/ Department/ Department Code" (UCP006130) | No objection | No response |
| DX 1 | Spreadsheet: Columns: "total 29.5.14/ total 22.5.14/ total 15.514/ total 08.5.14/ NAME/ COD" (UCP007400) | No objection | No response |
| DX 1 | 6/12/14 8:30am EMAIL: Paige Potter to BJ Markus RE: DIG Tent Criticals 6ep 6-11 (UCP007997) | No objection | No response |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| DX 1 | 6/12/14 DIG LOCKED Critical Assumptions 90 min pilot + 5 eps (UCP007998) | No objection | No response |
|---|---|---|---|
| DX 1 | 6/30/14 EMAIL: BJ Markus to Randi Richmond RE: Dig – series recap (UCP007999) | No objection | No response |
| DX 1 | 6/30/14 DIG Production Recap Report  2014/2015 Season 1 Week Ending: 06/28/14 (UCP008000) | No objection | No response |
| DX 1 | 3/9/15 EMAIL: BJ Markus to Randi Richmond RE: Emailing: Dig Series recap NM 030615.xlsx (UCP008001) | No objection | No response |
| DX 1 | Costs Recap Reports based on the most recent Weekly Estimated Final Cost Reports, Daily Hot Cost, or Budget and the Show Accountant's report to senior NBCU TV management (UCP008002) | No objection | No response |
| DX 1 | 2/3/15 EMAIL: Kathi Danielson to BJ Markus  RE: | No objection | No response |

wn document
e.

1068

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | |
|---|---|---|---|
| | DIG2 WE0131 Cost Report (UCP008018) | | |
| DX 11 | Spreadsheet "DIG2 – Cost Report #1/Week Ending 1/31/15 Columns: "Acct/ AMORT/ BUDGET/ EFC/ Variance" (UCP008019) | No objection | No response |
| DX 11 | DIG US Cost Report – Detail Year Period From 2014/02/12 to 2014/02/12 (UCP008020) | No objection | No response |
| DX 11 | 2/3/15 DIG 2 – First Season CROATIA SHOOT Week Ending 1/31/15 (UCP008035) | No objection | No response |
| DX 11 | DIG US Cost Report – Summary Year Period From 2014/02/12 to 2014/02/12 (UCP008036) | No objection | No response |
| DX 11 | 2/9/15 EMAIL: Michael Wray to Oren Popovsky Re: DIG Promo Estimate (UCP008038) | No objection | No response |
| DX 11 | 2/7/2015 DIG – Promo Cost Estimates prepared by Kosta Orfanidis  (UCP008039) | No objection | No response |

| | | | |
|---|---|---|---|
| DX 1| 10/29/14 EMAIL: Meryle Selinger to Randi Richmond RE: DIG – Pilot Cost Report #4 and Topsheet (UCP008046) | No objection | No response |
| DX 1| 10/28/14 DIG PILOT COST REPORT #4 Period Ending 10/28/14 (UCP008047) | No objection | No response |
| DX 1| 10/28/14 DIG Season 1 Episode #: 1,001 Week Ending: 10/28/14 (UCP008054) | No objection | No response |
| DX 1| 8/10/14 EMAIL: Meryle Selinger to Randi Richmond RE: DIG – RECAP w/e 8/2/14 (UCP008055) | No objection | No response |
| DX 1| 08/05/14 Production Recap Report  2014/2015 Season 1 Week Ending: 08/02/14 (UCP008056) | No objection | No response |
| DX 1| 6/23/14 DIG SEASON 1 Episode #: PREP AMORT Week Ending 06/23/14 (UCP008057) | No objection | No response |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF DECEMBER 27, 2019**

| | | | |
|---|---|---|---|
| DX 1| | 11/14/14 4:28pm EMAIL: Debbie Cleaver to Randi Richmond RE: Back 4 Revised Budgets (UCP008058) | No objection | No response |
| DX 1| | 11/13/14 DIG (4 Episodes) AMORT BUDGET 11.13.14 AMORT – 2 Stage + 2 Location = 4 Days in Albuquerque, NM/ Holiday: 11/27-28 Thanksgiving (UCP008059) | No objection | No response |
| DX 1| | 11/14/14 DIG (4 Episodes) SERIES PATTERN 2 Stage + 2 Location = 4 Days in Albuquerque, NM (UCP008087) | No objection | No response |
| DX 1| | 12/15/14 2:01PM EMAIL: Debbie Cleaver to Randi Richmond RE: DIG – Cost Reports & Recap (UCP008148) | No objection | No response |
| DX 1| | 12/11/14 DIG Season 1 – EPISODE #01005 – New Mexico Cost Report Variance | No objection | No response |

| | | | |
|---|---|---|---|
| | Week Ending: 12/13/14 (UCP008149) | | |
| DX 1| | 12/15/14 DIG Season 1 – 01085 PREP – New Mexico Cost Report Variance Week Ending: 12/20/14 (UCP008163) | No objection | No response |
| DX 1| | 12/12/14 DIG – New Mexico Season 1 – First 5 Episodes Production Recap Report 2014/2015 Season 1 Week Ending 12/13/14 (UCP008172) | No objection | No response |
| DX 1| | 12/10/14 DIG - Season 1 – EPISODE #01004 – New Mexico Cost Report Variance Week Ending: 12/13/14 (UCP008174) | No objection | No response |
| DX 1| | 11/12/14 EMAIL: Joshua Dease to Randi Richmond RE: DIG-Croatia Cost Report 5 Documents – PE 11/08/2014 (UCP008188) | No objection | No response |
| DX 1| | 10/21/2014 Dig US (UCP008190) | No objection | No response |

| | | | |
|---|---|---|---|
| DX 1 | 10/21/2014 Dig US (UCP008209) | No objection | No response |
| DX 1 | 04//20/2015 Markus, BJ email (UCP00821) | No objection | No response |
| DX 1 | 04/20/2015 Markus, BJ email (UCP008212) | No objection | No response |
| DX 1 | 09/03/2014 Maryle Selinger email (UCP008272) | No objection | No response |
| DX 1 | 09/03/2014 Meryle Selinger email (UCP008273) | No objection | No response |
| DX 1 | 09/02/2014 Dig Series cost report (UCP008274) | No objection | No response |
| DX 1 | 09/02/2014 Joshua P. Dease email (UCP008278) | No objection | No response |
| DX 1 | 09/02/2014 Dig Episodes 102-106 (UCP008279) | No objection | No response |
| DX 1 | 12/15/2014 Cleaver, Debbie email (UCP008393) | No objection | No response |
| DX 1 | 12/13/2014 Dig Season 1 cost report (UCP008394) | No objection | No response |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| DX 1 | 12/13/2014 Dig Season 1 #01005 Cost Report (UCP008408) | No objection | No response |
|---|---|---|---|
| DX 1 | 12/12/2014 Dig New Mexico Season 1 1st 5 Production report (UCP008417) | No objection | No response |
| DX 1 | Dig season 1 #01004 (UCP008419) | No objection | No response |
| DX 1 | 06/27/2016 Dease, Joshua email (UCP008433) | No objection | No response |
| DX 1 | 06/24/2015 Dig season one Croatia Unit (UCP008434) | No objection | No response |
| DX 1 | 06/24/2016 Dig US Cost Report (UCP008435) | No objection | No response |
| DX 1 | 06/24/2016 Dig US Cost Report (UCP008454) | No objection | No response |
| DX 1 | 06/24/2016 Dig US Cost Report (UCP008456) | No objection | No response |
| DX 1 | Confidential Spread Sheet with foreign writing (UCP008457) | No objection | No response |

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| DX 11 | Confidential Spread Sheet with foreign writing (UCP009197) | No objection | No response |
|---|---|---|---|
| DX 11 | Confidential Spread Sheet with foreign writing (UCP009689) | No objection | No response |
| DX 11 | Confidential Spread Sheet with foreign writing (UCP009690) | No objection | No response |
| DX 11 | 07/15/2014 Maryle Selinger to Richmond, Randi email (UCP009700) | No objection | No response |
| DX 11 | 07/13/2014 Dig season 1 distribution to Meryle Sellnger (UCP009701) | No objection | No response |
| DX 11 | 07/15/2014 Dig Series Prep Cost (UCP009702) | No objection | No response |
| DX 11 | Meryle Selinger to Richmond, Randi email (UCP009707) | No objection | No response |
| DX 11 | 11/01/2014 Dig Production Recap Report (UCP009714) | No objection | No response |
| DX 11 | 02/12/2015 Cleaver, Debbie to Richmond, Randi email (UCP009715) | No objection | No response |

| DX 1 | 02/13/2015 Dig season 1 #01006 Cost Report (UCP009716) | No objection | No response |
|---|---|---|---|
| DX 1 | 02/13/2015 Dig Season 1 #01007 Cost Report (UCP009730) | No objection | No response |
| DX 1 | 02/13/2015 Dig Season 1 #01007 Cost Report (UCP009744) | No objection | No response |
| DX 1 | 02/07/2015 Dig Season 1 01086 Cost Report (UCP009757) | No objection | No response |
| DX 1 | 02/07/2015 Dig Season 1 01088 Amort Cost Report (UCP009766) | No objection | No response |
| DX 1 | 02/07/2015 Dig Season 1 – 01091 Back Order Amort Cost Report (UCP009775) | No objection | No response |
| DX 1 | 02/13/2018 Dig New Mexico Season 1 Production Recap (UCP009783) | No objection | No response |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST AS OF DECEMBER 27, 2019**

| DX 1 | 07/29/2014 Richmond, Randi to Luperini, Marc email (UCP009785) | No objection | No response |
|------|----------------------------------------------------------------|--------------|-------------|
| DX 1 | 07/23/2014 Dig Amort (UCP009786) | No objection | No response |
| DX 1 | 7/23/2014 Amort Dig (UCP009824) | No objection | No response |
| DX 1 | 07/23/2014 Dig Pattern (UCP009825) | No objection | No response |
| DX 1 | 07/23/2014 Dig Pattern (UCP009862) | No objection | No response |
| DX 1 | 07/06/2014 Meryle Selinger to Richmond, Randi (UCP009864) | No objection | No response |
| DX 1 | 07/06/2014 Dig Series Cost Report (UCP009865) | No objection | No response |
| DX 1 | 07/06/2014 Dig Cost Report (UCP009869) | No objection | No response |
| DX 1 | 04/29/2015 Eve Fizz to Markus, BJ email (UCP009870) | No objection | No response |
| DX 1 | 04/28/2015 Stargate Studios Dig (UCP009871) | No objection | No response |

wn document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF DECEMBER 27, 2019**

| DX 1 | 04/28/2015 Stargate Studios Dig (UCP009874) | No objection | No response |
|---|---|---|---|
| DX 1 | 04/28/2015 Stargate Studios Dig (UCP009893) | No objection | No response |
| DX 1 | 10/28/2014 Cleaver, Debbie to mw@filmpi.com email (UCP009894) | No objection | No response |
| DX 1 | 10/25/2014 Dig Season 1 – 01085 Prep Cost Report (UCP009895) | No objection | No response |
| DX 1 | 10/25/2014 Dig Production Recap Report (UCP009904) | No objection | No response |
| DX 1 | 01/22/2015 Markus, Bj to alton@mountainairfilms.com email (UCP009905) | No objection | No response |
| DX 1 | 01/24/2014 Dig cost report (UCP009906) | No objection | No response |
| DX 1 | 01/24/2015 Dig Cost report (UCP009914) | No objection | No response |
| DX 1 | 01/24/2015 Dig Cost Report (UCP009928) | No objection | No response |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| DX 1 | 01/24/2015 Dig Cost Report (UCP009941) | No objection | No response |
|---|---|---|---|
| DX 11 | 10/29/2014 Maryle Selinger to Richmond, Randi (UCP009952) | No objection | No response |
| DX 12 | 10/25/2014 Dig Production Recap Report (UCP009953) | No objection | No response |
| DX 12 | 06/29/2014 Meryle Selinger to Richmond, Randi email (UCP009954) | No objection | No response |
| DX 12 | 06/29/2014 Dig Series cost report (UCP009955) | No objection | No response |
| DX 12 | 06/29/2014 Dig pilot cost report (UCP009962) | No objection | No response |
| DX 12 | 08/14/2014 Richmond, Randi to Cleaver, Debbie email (UCP009963) | No objection | No response |
| DX 12 | 08/01/2014 Dig Amort (UCP009966) | No objection | No response |
| DX 12 | 08/01/204 Dig Amort (UCP010005) | No objection | No response |

| DX 12 | 08/01/2014 Dig Pattern (UCP010006) | No objection | No response |
|---|---|---|---|
| DX 12 | 08/01/2014 Dig Pattern (UCP010042) | No objection | No response |
| DX 12 | 01/13/2015 Cleaver, Debbie to Alton@mountainairfilms.com (UCP010044) | No objection | No response |
| DX 12 | 01/10/2015 Dig Cost Report (UCP010045) | No objection | No response |
| DX 12 | 01/17/2015 Dig Cost Report (UCP010059) | No objection | No response |
| DX 12 | 01/17/2015 Dig Cost Report (UCP010073) | No objection | No response |
| DX 12 | 09/07/2014 Richmond, Randi to Meryle Selinger email (UCP010127) | No objection | No response |
| DX 12 | 09/03/2014 Dig Series cost Report (UCP010128) | No objection | No response |
| DX 12 | 08/31/2014 Dig Amort (UCP010133) | No objection | No response |

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF DECEMBER 27, 2019**

| | | | |
|---|---|---|---|
| DX 12 | 04/20/2015 Dease, Joshua to Richmond, Randi email (UCP010134) | No objection | No response |
| DX 12 | 04/12/2015 Dig Cost report 4 (UCP010135) | No objection | No response |
| DX 12 | 04/17/2015 Dig Cost report 4 (UCP010144) | No objection | No response |
| DX 12 | 05/08/2014 Meryle Selinger to Richmond, Randi email (UCP010153) | No objection | No response |
| DX 12 | 06/01/2014 Dig Amort (UCP010154) | No objection | No response |
| DX 12 | 06/01/2014 Dig Pattern (UCP010193) | No objection | No response |
| DX 12 | 06/01/2014 Dig Pilot (UCP010239) | No objection | No response |
| DX 12 | 11/20/2014 Meryle Selinger to Richmond, Randi Email (UCP010286) | No objection | No response |
| DX 12 | 11/20/2014 Dig hatus amort (UCP010287) | No objection | No response |

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| DX 12 | 11/19/2014 Dig Series cost report 3 (UCP010288) | No objection | No response |
| DX 12 | 11/22/2014 Dig Production Recap Report (UCP010292) | No objection | No response |
| DX 12 | 10/29/2014 Meryle Selinger to Richmond, Randi email (UCP010293) | No objection | No response |
| DX 12 | 10/27/2014 Dig Prep Cost Report 3 (UCP010294) | No objection | No response |
| DX 12 | 10/27/2014 Dig prep amort (UCP010299) | No objection | No response |
| DX 12 | 10/27/2014 Dig prep amort (UCP010300) | No objection | No response |
| DX 12 | 06/30/2014 Dig Series cost report (UCP010301) | No objection | No response |
| DX 12 | 06/29/2014 Dig report cost report (UCP010308) | No objection | No response |
| DX 12 | 11/13/2014 Email from BJ Markus to Randi Richmond re: DIG – Series Recap & Cost Rept. 102/103 (UCP010309) | No objection | No response |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| DX 12 | 11/10/2014 Dig Cost Report Variance (UCP010310) | No objection | No response |
|---|---|---|---|
| DX 12 | 11/15/2014 Dig Cost report (UCP010324) | No objection | No response |
| DX 12 | Recaps (UCP010338) | No objection | No response |
| DX 12 | 11/14/2014 Joshua P. Dease to Richmond, Randi email (UCP010390) | No objection | No response |
| DX 12 | 11/14/2014 Dig Croatia Unit Prelim Budget (UCP010391) | No objection | No response |
| DX 12 | 03/25/2015 Markus, BJ to Richmond, Randi email (UCP010482) | No objection | No response |
| DX 12 | 12/30/2014 Dig Amort (UCP010483) | No objection | No response |
| DX 12 | 05/14/2014 John Gaskin to Markus, BJ email (UCP010489) | No objection | No response |
| DX 12 | 05/14/2014 Dig Amort (UCP010490) | No objection | No response |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| DX 12 | 5/14/14 "DIG – Back 6 Eps" Pattern: Back 6 Episode – (8) Days in Israel (UCP010522) | No objection | No response |
|---|---|---|---|
| DX 12 | 8/4/2014 6:29am   Email from Meryle Selinger to Randi Richmond, BJ Markus, Markn Winemaker, Liat Benasuly; Re: DIG – Cost Reports/Variance for All Series and Wrap (UCP010571) | No objection | No response |
| DX 12 | 8/4/14 DIG SERIES DIG AMORT Cost Report #2 (UCP010572) | No objection | No response |
| DX 12 | 8/4/14 DIG SERIES DIG WRAP Cost Report #1 (UCP010577) | No objection | No response |
| DX 12 | 8/4/14 DIG – All Series Cost Report (UCP010581) | No objection | No response |
| DX 12 | 8/2/14 DIG Season 1 WRAP-01098 (UCP010582) | No objection | No response |
| DX 12 | 10/24/14 3:45pm   Email from Debbie Cleaver to Randi | No objection | No response |

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF DECEMBER 27, 2019**

| | | | |
|---|---|---|---|
| | Richmond; Re: Revised Dig Prep Cost Report 10/24/14 (UCP010583) | | |
| DX 12 | 10/25/2018 "DIG" – Season 1 – New Mexico Unit Cost Report Variance (UCP010584) | No objection | No response |
| DX 12 | 6/8/14 Email From Meryle Selinger to Randi Richmond; Re: DIG – NIS BUDGETS (UCP010593) | No objection | No response |
| DX 12 | 6/8/14 "DIG" Locked Budget – NIS ONLY All Episodes: 5 Episode – (8) Days in Israel (UCP010594) | No objection | No response |
| DX 12 | 6/8/14 DIG Locked Budget – NIS ONLY Holiday Hiatus: 5 Episode – (8) Days in Israel (UCP010607) | No objection | No response |
| DX 12 | 6/8/14 DIG Locked Budget – NIS ONLY Prep & Push: 5 Episode – (8) Days in Israel (UCP010622) | No objection | No response |

own document
e.

| | | | |
|---|---|---|---|
| DX 12 | 6/8/14 DIG Locked Budget – Total Amort NIS ONLY  All Episodes: 5 Episode – (8) Days in Israel (UCP010645) | No objection | No response |
| DX 12 | 6/1/14 DIG Locked Budget – NIS ONLY  Wrap: 5 Episode – (8) Days in Israel (UCP010679) | No objection | No response |
| DX 12 | 6/5/14<br><br>DIG REVISED #3 NIS<br><br>Pilot – (19) Days in Israel<br><br>UCP010697 | No objection | No response |
| DX 12 | 7/13/16 9:53am<br><br>Email from Joshua Dease to Randi Richmond<br><br>Re: DIG – New Mexico Series Recap (with Amort 01086 and 01091 Cost Reports) – 7/6/16<br><br>UCP010734 | No objection | No response |
| DX 12 | 7/8/16<br><br>DIG – New Mexico Season 1 First 5 episodes | No objection | No response |

1086

| | Production Recap Report 2014/2015 Season 1 UCP010735 | | |
|---|---|---|---|
| DX 12 | 6/27/16 DIG – Season One Amort 01086 (Episodes 102-106) Cost Report 8 – Period Ending 06/27/2016 UCP010737 | No objection | No response |
| DX 12 | 7/6/16 DIG – Season One Amort 01091 (Episodes 107-110) Cost Report 9 – Period Ending 7/6/16 UCP010746 | No objection | No response |
| DX 12 | 8/7/14 DIG SERIES DIG AMORT COST REPORT #2 UCP010755 | No objection | No response |

own document
ie.

| DX 12 | 8/7/14<br><br>DIG SEASON 1<br><br>Episode #: LL EPS AMORT<br><br>Week ending 8/2/14<br><br>UCP010760 | No objection | No response |
|---|---|---|---|
| DX 12 | 9/11/15<br><br>Email from Joshua Dease to Randi Richmond<br><br>Re: DIG – New Mexico Series Recap – Period Ending 9/4/15<br><br>UCP010761 | No objection | No response |
| DX 12 | 9/4/15<br><br>DIG – Season One<br><br>Amort 01091 (Episodes 107-110)<br><br>Cost Report 7 – Period Ending 9/4/15<br><br>UCP010762 | No objection | No response |
| DX 12 | 9/4/15 | No objection | No response |

|  | DIG – Season One Croatia Unit (Episode 107-110) Cost Report 6 Period Ending 9/4/15 UCP010771 |  |  |
|---|---|---|---|
| DX 12 | 8/31/2015 Dig – Season One Episode 1007 Cost Report 5 – Period Ending 8/30/2015 (UCP010781) | No objection | No response |
| DX 12 | 8/31/15 DIG – Season One Episode 1007 Cost Report 5 – Period Ending: 8/30/2015 UCP010795 | No objection | No response |
| DX 12 | 9/2/15 DIG Season One Episode 1010 Cost Report 5 Period Ending: 9/2/15 UCP010809 | No objection | No response |

own document
e.

ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF DECEMBER 27, 2019

| DX 1[ | 9/2/15<br><br>DIG Season One<br><br>Episode 1009<br><br>Cost Report 5 – Period Ending: 9/2/15<br><br>UCP010822 | No objection | No response |
|---|---|---|---|
| DX 1[ | 9/4/15<br><br>DIG – New Mexico Season 1 – First 5 episodes<br><br>Production Recap Report 2014/2015 Season 1<br><br>Period Ending 9/4/15<br><br>UCP010836 | No objection | No response |
| DX 1[ | 10/7/14 10:43am<br><br>EMAIL: BJ Markus to Randi Richmond<br><br>Re: FW: DIG - Post<br><br>UCP010838 | No objection | No response |
| DX 1[ | DIG Post<br><br>MAJMNR/Pilot Budget/Pilot Cost Report | No objection | No response |

own document
e.

| | | | |
|---|---|---|---|
| | 9/17/2014/Variance pilot budget to cost report<br><br>UCP010839 | | |
| DX 12 | 1/29/15<br><br>EMAIL: From Kathi Danielson to BJ Markus, Randi Richmon, Michael Wray, Kosta Orfandis<br><br>Re: Day Cost estimate – DIG2<br><br>UCP010843 | No objection | No response |
| DX 12 | 1/26/2015<br><br>DIG – EPISODES 107-110<br><br>CROATIA UNIT<br><br>LOCKED BUDGET – DAY COST ESTIMATE INCLUDING AMORT COST ESTIMATE<br><br>UCP010844 | No objection | No response |
| DX 12 | 7/24/14<br><br>EMAIL: From Meryle Selinger to Randi Richmond | No objection | No response |

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | |
|---|---|---|---|
| | Re: DIG – Hiatus Cost Report #1 and Variance<br><br>UCP010934 | | |
| DX 12 | 7/23/14<br><br>DIG SERIES<br><br>DIG HIATUS COST REPORT #1<br><br>UCP010935 | No objection | No response |
| DX 12 | 7/23/14<br><br>DIG Season 1<br><br>Episode 3: HIATUS-01097<br><br>Period ending 7/19/14<br><br>UCP010939 | No objection | No response |
| DX 12 | 7/7/14<br><br>EMAIL: Meryle Selinger to Randi Richmond<br><br>Re: DIG – ALL EPISODES COST REPORT AND VARIANCE<br><br>UCP010940 | No objection | No response |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| DX 12 | 7/6/14 | No objection | No response |
|---|---|---|---|
| | DIG SERIES | | |
| | DIG ALL SERIES COST REPORT | | |
| | Period Ending 7/6/14 | | |
| | UCP010941 | | |
| DX 12 | 7/6/14 | No objection | No response |
| | DIG SEASON 1 | | |
| | LL EPS AMORT | | |
| | UCP010945 | | |
| DX 12 | 5/1/2015 8:14pm | No objection | No response |
| | EMAIL: Joshua Dease to Randi Richmond | | |
| | RE: DIG – New Mexico Series Recap and Amort 01091 Cost Report Documents – PE 4/29/15 | | |
| | UCP010946 | | |
| DX 12 | 4/27/15 | No objection | No response |
| | DIG – Season One | | |

| | Amort 01091 (Episodes 107-110)<br><br>Cost Report 5 – Period Ending; 04/27/15<br><br>UCP010947 | | |
|---|---|---|---|
| DX 12 | 5/1/15<br><br>DIG – New Mexico Season 1 – First 5 Episodes<br><br>Production Recap Report<br><br>2014/2015 Season 1<br><br>Week ending 4/27/15<br><br>UCP010956 | No objection | No response |
| DX 12 | 7/1/14 1:38am<br><br>EMAIL" Meryle Selinger to Randi Richmond, BJ Markus, Mark Winemaker<br><br>Re: DIG – RECAP w/e 7/5/14<br><br>UCP010958 | No objection | No response |
| DX 12 | 7/6/14<br><br>DIG Production Recap Report | No objection | No response |

| | | | |
|---|---|---|---|
| | 2014.2015 Season 1<br>Week Ending 07/05/14<br>UCP010959 | | |
| DX 12 | 2/17/15<br>EMAIL: Kathi Danielson to BJ Markus, Randi Richmon<br>RE: DIG2 WE0214 Cost Report<br>UCP010960 | No objection | No response |
| DX 12 | DIG2 – Cost Report #3<br>Week Ending 02/14/15<br>UCP010961 | No objection | No response |
| DX 12 | 2/16/15<br>DIG 2 – First Season<br>CROATIA SHOOT<br>Week Ending: 2/14/15<br>UCP010962 | No objection | No response |
| DX 12 | 2/17/15<br>DIG US | No objection | No response |

| | | | |
|---|---|---|---|
| | Cost Report – Detail<br><br>Year Period From 2014/02/12 to 2014/02/12<br><br>UCP010963 | | |
| DX 12 | 2/17/2015<br><br>DIG US<br><br>Cost Report – Summary<br><br>Period From 2014/02/12 to 2014/02/12<br><br>UCP010978 | No objection | No response |
| DX 12 | 8/1/2014 9:37am<br><br>EMAIL: Marc Luperini to Randi Richmond<br><br>Re: Dig Series ABQ – prelim $4,282k per ep (5eps plus Ep#1 Re-Shoot)<br><br>UCP010980 | No objection | No response |
| DX 12 | 8/1/14<br><br>DIG (5 Episodes) | No objection | No response |

|  |  |  |  |
|---|---|---|---|
|  | AMORT – 2 Stage + 4 Location = 6 Days in Albuquerque, NM<br><br>UCP010981 |  |  |
| DX 12 | 8/1/14<br><br>DIG (5 Episodes)<br><br>AMORT – 2 Stage + 4 Location = 6 Days in Albuquerque, NM<br><br>UCP011020 | No objection | No response |
| DX 12 | 8/1/14<br><br>DIG (5 Episodes)<br><br>PATTERN – 2 Stage + 4Location = 6 Days in Albuquerque, NM<br><br>UCP011021 | No objection | No response |
| DX 12 | 8/1/14<br><br>DIG (5 Episodes)<br><br>PATTERN – 2 Stage + 4 Location = 6 Days in Albuquerque, NM | No objection | No response |

own document
e.

| | UCP011057 | | |
|---|---|---|---|
| DX 12 | 8/5/14<br><br>DIG Production Recap Report<br><br>2014/2015 Season 1<br><br>Week Ending 8/2/14<br><br>UCP011059 | No objection | No response |
| DX 12 | 7/28/2014 10:32am<br><br>EMAIL: from BJ Markus to Nisan@digisrael.co.il; Anat@digisrael.co.il<br><br>RE: FW: Reports 17.7.2014<br><br>UCP011060 | No objection | No response |
| DX 12 | Spreadsheet in Hebrew<br><br>Columns for Profile/Budget/Department/Dep artmentCode<br><br>UCP011061 | No objection | No response |
| DX 13 | Spreadsheet | No objection | No response |

| | Columns for "total 29.5.14 / total 22.5.14 / total 15.5.14 / total 08.5.14"  UCP012331 | | |
|---|---|---|---|
| DX 13 | 1/30/15  EMAIL: BJ Markus to Randi Richmond  RE: FW: Emailing: DIG Cortia Part 2 Amort.pdf  UCP012928 | No objection | No response |
| DX 13 | 1/26/15  DIG 2 AMORT LOCKED  CROATIA SHOOT  UCP012929 | No objection | No response |
| DX 13 | 12/22/14  EMAIL: Debbie Cleaver to mw@filmwpi.com, alton@mountainairfilms.com  Re:    DIG Weekly Recap and Cost Report 01091 & 01086  UCP012937 | No objection | No response |

own document
e.

1099

| DX 13 | 12/18/14<br><br>DIG – Season 1 – 01086 AMORT – New Mexico<br><br>Cost Report Variance<br><br>Week Ending: 12/20/14<br><br>UCP012938 | No objection | No response |
| --- | --- | --- | --- |
| DX 13 | 12/17/14<br><br>DIG – Season 1 – 01091 BACK ORDER AMORT – New Mexico<br><br>Cost Report Variance<br><br>Week Ending 12/20/14<br><br>UCP012947 | No objection | No response |
| DX 13 | 12.19.14<br><br>DIG – New Mexico Season 1 – First 5 episodes<br><br>Production Recap Report<br><br>2014/2015 Season 1 Week Ending: 12/20/14<br><br>UCP012955 | No objection | No response |

| DX 13 | 8/19/14 2:02am<br><br>EMAIL: Meryle Selinger to Randi Richmond<br><br>Re: DIG – Pilot Cost Report and Variance<br><br>UCP012957 | No objection | No response |
|---|---|---|
| DX 13 | 8/19/14<br><br>DIG SERIES<br><br>DIG PILOT COST REPORT #3<br><br>Period Ending 8/19/14<br><br>UCP012958 | No objection | No response |
| DX 13 | 8/18/14<br><br>DIG SEASON 1<br><br>Episode #: 1,001<br><br>Week ending 8/16/14<br><br>UCP012965 | No objection | No response |
| DX 13 | 2/4/15<br><br>EMAIL: Kathi Danielson to BJ Markus, Randi Richmond | No objection | No response |

| | DIG2 Cost Report WE0131<br>UCP012966 | | |
|---|---|---|---|
| DX 13 | 2/3/15<br>DIG 2 – FIRST SEASON<br>CROATIA SHOOT<br>Week Ending 1/31/15<br>UCP012967 | No objection | No response |
| DX 13 | DIG2 – Cost Report #1/Week Ending 1/31/15<br>UCP012968 | No objection | No response |
| DX 13 | DIG US<br>Cost Report – Detail<br>Post Date From 10/01/2014 to 02/03/2015<br>UCP012969 | No objection | No response |
| DX 13 | DIG US<br>Cost Report – Summary<br>Post Date From 10/01/2014 to 02/03/2015<br>UCP012984 | No objection | No response |

own document
e.

| DX 13 | 2/12/15 11:57am<br><br>EMAIL: Debbie Cleaver to Randi Richmond<br><br>Re: REVISED: Cost Recap & Cost Rpts.<br><br>UCP012986 | No objection | No response |
| DX 13 | 2/9/15<br><br>DIG – Season 1 EPISODE #01006 – New Mexico<br><br>Cost Report Variance<br><br>Week Ending: 02/13/15<br><br>UCP012987 | No objection | No response |
| DX 13 | 2/9/15<br><br>DIG – Season 1 – EPISODE #01007 – New Mexico<br><br>Cost Report Variance<br><br>Week Ending: 02/13/15<br><br>UCP013001 | No objection | No response |
| DX 13 | 2/11/15 | No objection | No response |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | DIG – Season 1 – EPISODE #01010 – New Mexico<br><br>Cost Report Variance<br><br>Week Ending 2/14/15<br><br>UCP013015 | | |
|---|---|---|---|
| DX 13 | 2/10/15<br><br>DIG – Season 1 – 01088 AMORT – New Mexico<br><br>Cost Report Variance<br><br>Week Ending 2/07/15<br><br>UCP013028 | No objection | No response |
| DX 13 | 2/09/15<br><br>DIG – Season 1 – First 5 episodes<br><br>Production Recap Report<br><br>2014/2015 Season 1<br><br>Week Ending: 2/13/15<br><br>UCP013037 | No objection | No response |
| DX 13 | 1/27/15 | No objection | No response |

| | EMAIL: Kathi Danielson to BJ Markus, Randi Richmond DIG2 Locked Budget Croatia & Amort UCP013039 | | |
|---|---|---|---|
| DX 13 | 1/27/15 DIG2 Budget Comparison Report in Kuna UCP013040 | No objection | No response |
| DX 13 | Spreadsheet DIG2 Budget Comparison Report in Kuna Column A: Acct # Column B: Acct Description UCP013045 | No objection | No response |
| DX 13 | 1/26/2015 DIG 2 AMORT WORKSHEET Croatia Shoot UCP013059 | No objection | No response |
| DX 13 | 1/26/2015 | No objection | No response |

own document
e.

1105

| | | | |
|---|---|---|---|
| | DIG – EPISODES 107-110 <br> Croatia Unit <br> Preliminary Budget <br> UCP013068 | | |
| DX 13 | 11/7/14 <br> EMAIL: Meryle Selinger to Randi Richmond <br> Re: DIG – Updated Recap <br> UCP013204 | No objection | No response |
| DX 13 | 9/02/14 <br> DIG Production Recap Report <br> 2014/2015 Season 1 <br> Week Ending: 8/30/14 <br> UCP013205 | No objection | No response |
| DX 13 | 4/20/15 <br> EMAIL: BJ Markus to Randi Richmond <br> RE: FW: DIG – New Mexico Series Recap – PE 04172015 <br> UCP013206 | No objection | No response |

| DX 13 | Show Accountants report to senior NBCU TV Management and Cost Recap Reports based on the most recent Weekly Estimated Final Cost Reports, Daily Hot Cost, or Budget. (UCP013207) | No objection | No response |
|---|---|---|---|
| DX 13 | 5/13/2014<br><br>EMAIL: Meryle Selinger to BJ Markus, Randi Richmond<br><br>RE: Push Budget<br><br>UCP013221 | No objection | No response |
| DX 13 | 5/12/2014<br><br>DIG PUSH ONLY: 5 Episode – 8 Days in Israel<br><br>UCP013222 | No objection | No response |
| DX 13 | 11/14/2014<br><br>EMAIL: Meryle Selinger to Randi Richmond, Mark Winemaker, BJ Markus<br><br>RE: DIG ISRAEL – Wrap Cost Report and Recap | No objection | No response |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | |
|---|---|---|---|
| | UCP013230 | | |
| DX 13 | 11/12/14<br><br>DIG SERIES<br><br>DIG WRAP COST REPORT #2<br><br>Period Ending 11/12/14<br><br>UCP013231 | No objection | No response |
| DX 13 | 11/14/14<br><br>DIG Season 1<br><br>WRAP - 01098<br><br>UCP013235 | No objection | No response |
| DX 13 | DIG Production Recap Report<br><br>2014/2015 Season 1<br><br>Week Ending 11/14/14<br><br>UCP013236 | No objection | No response |
| DX 13 | 12/2/14 8:02am<br><br>EMAIL: Debbie Cleaver to BJ Markus<br><br>RE: DIG Ep#01006 Cost Report & Series Recap | No objection | No response |

own document
e.

1108

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | |
|---|---|---|---|
| | UCP013237 | | |
| DX 13 | 12/01/14<br><br>DIG – Season 1 – EPISODE #01006 – New Mexico<br><br>Week Ending: 11/29/14<br><br>UCP013238 | No objection | No response |
| DX 13 | 12/01/14<br><br>DIG – New Mexico Season 1 – First 5 episodes<br><br>Production Recap Report<br><br>2014/2015 Season 1<br><br>Week Ending: 11/29/14<br><br>UCP013252 | No objection | No response |
| DX 13 | 4/23/15 11:53am<br><br>EMAIL: Kathi Danielson to BJ Markus<br><br>Re: WE0424 DIG2 Cost Report<br><br>UCP013254 | No objection | No response |
| DX 13 | 4/23/15<br><br>DIG 2 – First Season | No objection | No response |

own document
e.

| | | | |
|---|---|---|---|
| | CROATIA SHOOT<br><br>Week Ending 4/24/15<br><br>UCP013255 | | |
| DX 1* | 4/23/2015<br><br>DIG US<br><br>Cost Report – Summary<br><br>Post Date From 04/10/2015 to 04/23/2015<br><br>UCP013256 | No objection | No response |
| DX 1* | Spreadsheet – Dig US Cost Report-Detail, Post Date from 04/10/2015 to 04/23/2015 (UCP013258 – UPC013264) | No objection | No response |
| DX 1* | 03/09/2015 e-mail from BJ Markus to Randi Richmond re DIG Israel Series recap (UCP013266) | No objection | No response |
| DX 1* | Spreadsheet  DIG Production Recap Report, Week Ending 12/27/14 (UCP013267) | No objection | No response |
| DX 1* | 07/24/2014 e-mail from Alton Walpole to Randi Richmond re | No objection | No response |

own document
...e.

| | location manager (UCP013268 - UCP013269) | | |
|---|---|---|---|
| DX 13 | Spreadsheet – Location Manager Rate Analysis (UCP013270 – UCP013273) | No objection | No response |
| DX 13 | Spreadsheet – Location Manager Additional (UCP013274 – UCP013277) | No objection | No response |
| DX 13 | Spreadsheet – Location Scout Analysis (UCP013278 – UCP013279) | No objection | No response |
| DX 13 | 12/08/2014 e-mail from Debbie Cleaver re DIG recap (UCP013280) | No objection | No response |
| DX 13 | Spreadsheet – DIG-New Mexico Season 1 Production Recap Report, Week ending 12/06/14 (UCP013281 – UCP 013282) | No objection | No response |
| DX 13 | 06/26/2016 e-mail from Joshua Dease to Randi Richmond and BJ Markus re DIG Croatia Part 1 (UCP013283) | No objection | No response |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| DX 13 | Spreadsheet – DIG Croatia Cost Report (UCP013284) | No objection | No response |
|---|---|---|---|
| DX 13 | Spreadsheet – DIG – Croatia Cost Report detail (UCP013285 – UCP013296) | No objection | No response |
| DX 13 | Spreadsheet – DIG – Croatia Cost Report Summary (UCP013297 – UCP013298) | No objection | No response |
| DX 13 | 12/10/2014 e-mail from BJ Markus to Randi Richmond re DIG – NIS Budgets (UCP013299 – UCP013300) | No objection | No response |
| DX 13 | Spreadsheet – DIG Locked Budget (UCP013301 – UCP013313) | No objection | No response |
| DX 13 | Spreadsheet – DIG Locked Budget (UCP013314 – UCP013328) | No objection | No response |
| DX 13 | Spreadsheet – DIG Locked Budget (UCP013329 – UCP013351) | No objection | No response |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| DX 1_ | Spreadsheet – DIG Locked Budget (UCP013352 – UCP013385) | No objection | No response |
|---|---|---|---|
| DX 1_ | Spreadsheet – DIG Locked Budget (UCP013386 – UCP013403) | No objection | No response |
| DX 1_ | 04/27/2014 e-mail from Meryle Selinger to Randi Richmond, Mark Winemaker, and BJ Markus re Preliminary Amort & Pattern (UCP013404) | No objection | No response |
| DX 1_ | Spreadsheet – DIG Preliminary Amort (UCP013405 – UCP013451) | No objection | No response |
| DX 1_ | Spreadsheet – DIG Preliminary Pattern (UCP013452 – UCP013502) | No objection | No response |
| DX 1_ | 05/11/2015 e-mail from Joshua Dease to Randi Richmond and BJ Markus re DIG – New Mexico Series Recap/Cost Reports (UCP013503) | No objection | No response |

own document
ie.

| DX 1... | Spreadsheet – DIG Episode 01002 Cost Report (UCP013504 – UCP013517) | No objection | No response |
|---|---|---|---|
| DX 1... | Spreadsheet – DIG Episode 01003 Cost Report (UCP013518 – UCP013531) | No objection | No response |
| DX 1... | Spreadsheet – DIG Episode 01004 Cost Report (UCP013532 – UCP013545) | No objection | No response |
| DX 1... | Spreadsheet – DIG Episode 01005 Cost Report (UCP013546 – UCP013559) | No objection | No response |
| DX 1... | Spreadsheet – DIG Episode 01006 Cost Report (UCP013560 – UCP013573) | No objection | No response |
| DX 1... | Spreadsheet – DIG New Mexico Series Recap (UCP013574 – UCP013575) | No objection | No response |
| DX 1... | Spreadsheet – DIG Prep 01085 Cost Report (UCP013576 – UCP013584) | No objection | No response |

own document
...e.

| | | | |
|---|---|---|---|
| DX 13 | Spreadsheet – DIG Wrap 01088 Cost Report (UCP013585 – UCP013593) | No objection | No response |
| DX 13 | 12/16/2014 e-mail from BJ Markus to Mark Winemaker and Randi Richmond re DIG – Snow Cost report (UCP013594) | No objection | No response |
| DX 13 | Spreadsheet – DIG – Snow Cost (UCP013595 – UCP013605) | No objection | No response |
| DX 13 | Spreadsheet – DIG US Croatia Cost Report 2 (UCP013606 – UCP013624) | No objection | No response |
| DX 13 | Spreadsheet – DIG locked critical assumptions 12/1/2014 (UCP013625) | No objection | No response |
| DX 13 | Spreadsheet – DIG locked critical assumptions 10/6/2014 (UCP013626) | No objection | No response |
| DX 13 | Spreadsheet – DIG locked critical assumptions 10/7/2014 (UCP013627) | No objection | No response |

| DX 13 | Spreadsheet – DIG Locked Budget Amort (UCP013628 – UCP013666) | No objection | No response |
|---|---|---|---|
| DX 13 | Spreadsheet – DIG Locked Budget Pattern (UCP013667 – UCP013712) | No objection | No response |
| DX 13 | Spreadsheet – DIG Locked Pilot (UCP013713 – UCP013759) | No objection | No response |
| DX 13 | Spreadsheet – DIG Croatia Unit (UCP013760 – UCP013873) | No objection | No response |
| DX 13 | Spreadsheet – Series Budgets (UCP013874 – UCP013879) | No objection | No response |
| DX 13 | Spreadsheet – DIG Pilot Cost Report (UCP013880) | No objection | No response |
| DX 13 | Expert Report of Jay Shapiro Analysis of Economic Damages: Rebuttal dated 4/25/2017 | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403).  Subject of a pending | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of |

| | | Motion in Limine. If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | claim (NBC, ASIC, Aon, etc.); also relevant to calculation of damages and evidence to be considered by the finder of fact.<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims, and should consider this evidence when evaluating Plaintiffs' alleged damages. |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | FRE 801 – Cannot be hearsay because documents are all created, curated, and provided by Plaintiff. All documents were made by Plaintiffs (i.e. persons with knowledge) of the data contained therein in the ordinary course of business and were included as a part of records made and kept in the ordinary course of business. Also, authored by Plaintiffs. |
| DX 13 | Expert Report of Jay Shapiro Analysis of Economic Damages: Rebuttal dated 4/25/2017 | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403).  Subject of a pending Motion in Limine. If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.); also relevant to calculation of damages and evidence to be considered by the finder of fact. |

|  |  |  | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims, and should consider this evidence when evaluating Plaintiffs' alleged damages.

FRE 801 – Cannot be hearsay because documents are all created, curated, and provided by Plaintiff. All documents were made by Plaintiffs (i.e. persons with knowledge) of the data contained therein in the ordinary course of |

own document
e.

| | | | |
|---|---|---|---|
| | | | business and were included as a part of records made and kept in the ordinary course of business. Also, authored by Plaintiffs. |
| DX 13 | Plaintiff's financial data and communications – part 1 (UCP004076-18002) | This is not a proper exhibit. This is apparently a compilation of over 746 unrelated, separate documents. It is unclear which documents Atlantic intends to use as exhibits. Plaintiffs object on grounds of F.R.E. 401, 402, 403, 801, 802, and subject of a pending Motion in Limine. Plaintiffs reserve the right to raise any other objection when Atlantic identifies which specific documents it actually intends to introduce. | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.); also relevant to calculation of damages and evidence to be considered by the finder of fact.

F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | |
|---|---|---|
| | | misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims, and should consider this evidence when evaluating Plaintiffs' alleged damages.<br><br>FRE 801 – Cannot be hearsay because documents are all created, curated, and provided by Plaintiff. All documents were made by Plaintiffs (i.e. persons with knowledge) of the data contained therein in the ordinary course of business and were included as a part of records made and kept in the ordinary course of business. Also, authored by Plaintiffs. |
| DX 13 | Plaintiff's financial data and communications – part 2 (UCP018003-18026) | This is not a proper exhibit. This is apparently a compilation of 7 unrelated, separate documents. It is | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. |

own document
ne.

| | | unclear which documents Atlantic intends to use as exhibits. Plaintiffs object on grounds of F.R.E. 401, 402, 403, 801, 802, and subject of a pending Motion in Limine.  Plaintiffs reserve the right to raise any other objection when Atlantic identifies which specific documents it actually intends to introduce | Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.); also relevant to calculation of damages and evidence to be considered by the finder of fact.

F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' |
|---|---|---|---|

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF DECEMBER 27, 2019**

| | | | |
|---|---|---|---|
| | | | claims, and should consider this evidence when evaluating Plaintiffs' alleged damages.<br><br>FRE 801 – Cannot be hearsay because documents are all created, curated, and provided by Plaintiff. All documents were made by Plaintiffs (i.e. persons with knowledge) of the data contained therein in the ordinary course of business and were included as a part of records made and kept in the ordinary course of business. Also, authored by Plaintiffs. |
| DX 13 | Plaintiff's financial data and communications – part 3 (UCP018027-18068) | This is not a proper exhibit. This is apparently a compilation of 20 unrelated, separate documents. It is unclear which documents Atlantic intends to use as exhibits. Plaintiffs object on grounds of F.R.E. 401, 402, 403, 801, 802, and subject of a pending Motion in Limine. Plaintiffs reserve the right to raise any other objection when Atlantic identifies which specific | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.); also relevant to calculation of |

| | | documents it actually intends to introduce | damages and evidence to be considered by the finder of fact.<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims, and should consider this evidence when evaluating Plaintiffs' alleged damages.<br><br>FRE 801 – Cannot be hearsay because documents are all created, curated, and provided by Plaintiff. |

ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF DECEMBER 27, 2019

| | | | All documents were made by Plaintiffs (i.e. persons with knowledge) of the data contained therein in the ordinary course of business and were included as a part of records made and kept in the ordinary course of business. Also, authored by Plaintiffs. |
|---|---|---|---|
| DX 13 | Plaintiff's financial data and communications – part 4 (UCP018125-18221) | No objection | No response |
| DX 13 | Financial Spreadsheet (UCP018222 – CONFIDENTIAL) | No objection | No response |
| DX 13 | Spreadsheets (UCP018223 CONFIDENTIAL -UCP018225 CONFIDENTIAL) | No objection | No response |
| DX 13 | Plaintiff's financial data and communications – part 5 (UCP018228-18243) | No objection | No response |
| DX 13 | Plaintiff's financial data and communications – part 6 (UCP018244-20052) | Vague, does not provide adequate notice of the exhibit that Defendant intends to offer. The bates number does | Vague is not a proper objection to physical evidence. Documents are |

| | | not exist.  Plaintiffs reserve the right to object to with more precision upon clarification from Defendant. | readily identifiable, and authored by Plaintiffs. |
|---|---|---|---|
| DX 1: | Plaintiff's financial data and communications – part 7 (UCP020063-32749) | No objection | No response |
| DX 1: | Plaintiff's financial data and communications – part 8 (UCP032750-32854) | This is not a proper exhibit. This is apparently a compilation of 42 unrelated, separate documents. It is unclear which documents Atlantic intends to use as exhibits. Plaintiffs object on grounds of F.R.E. 401, 402, 403, 801, 802, and subject of a pending Motion in Limine.  Plaintiffs reserve the right to raise any other objection when Atlantic identifies which specific documents it actually intends to introduce. | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.); also relevant to calculation of damages and evidence to be considered by the finder of fact.

F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice |

own document
ıe.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

|  |  |  |  | outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims, and should consider this evidence when evaluating Plaintiffs' alleged damages.

FRE 801 – Cannot be hearsay because documents are all created, curated, and provided by Plaintiff. All documents were made by Plaintiffs (i.e. persons with knowledge) of the data contained therein in the ordinary course of business and were included as a part of records made and kept in the ordinary course of business. Also, authored by Plaintiffs. |
|---|---|---|---|---|

| DX 13 | 12/10/2013 e-mail from Andrea Garber to Randi Richmond re "Dig" - "cast" insurance concerns (UCP_003732) | No objection | No response |
|---|---|---|---|
| DX 13 | 12/10/2013 e-mail from Randi Richmond to Andrea Garber and Kurt Ford re "Dig" - "cast" insurance concerns (UCP_003733) | No objection | No response |
| DX 13 | 12/06/2013 e-mail from Andrea Garber to Kurt Ford, Randi Richmond, and Curt Williams re "Dig" - "cast" insurance concerns (UCP_003734) | No objection | No response |
| DX 14 | UCP 019728-019929 | Vague, does not provide adequate notice of the exhibit that Defendant intends to offer. Vague as to what pages Defendant intends to include as this exhibit.  This document is within UCP018009, which has a bates range from UCP018009-8017. Further, the description provided does not include a narrative explanation of the document. Plaintiffs reserve the right to object to | Vague is not a proper objection to physical evidence. Documents are readily identifiable, and authored by Plaintiffs. |

| | | | |
|---|---|---|---|
| | | with more precision upon clarification from Defendant. | |
| DX 14 | UCP 019930-020042 | Vague, does not provide adequate notice of the exhibit that Defendant intends to offer. Vague as to what pages Defendant intends to include as this exhibit.  This document is within UCP018009, which has a bates range from UCP018009-8017. Further, the description provided does not include a narrative explanation of the document. Plaintiffs reserve the right to object to with more precision upon clarification from Defendant. | Vague is not a proper objection to physical evidence. Documents are readily identifiable, and authored by Plaintiffs. |
| DX 14 | Spreadsheet - DIG Production Costs (UCP 018222) | No objection | No response |
| DX 14 | Spreadsheet - DIG Season One Cost Report 11 (UCP 018223) | No objection | No response |
| DX 14 | Spreadsheet - DIG Croatia Summary and Detail (UCP 018224) | No objection | No response |
| DX 14 | Spreadsheet - Ledger Detail (UCP 018225) | No objection | No response |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| DX 14 | Spreadsheet - Israel Salary and Recap (UCP 035216) | No objection | No response |
|---|---|---|---|
| DX 14 | Spreadsheet (UCP 035222 (NATIVE EXCEL) | No objection | No response |
| DX 14 | Spreadsheet (Confidential) – Cost Bible (UCP 036901) | No objection | No response |
| DX 14 | Spreadsheet – DIG Extra Expense Insurance Claim (UCP 000001) | No objection | No response |
| DX 14 | 07/21/2014 e-mail from Jeff Wachtel to Chris Macumber, Jackie de Crinis, Michael Sluchan, Richard Rothstein, Mark Binke, and Garrett Kemble re DIG – Location – Confidential (UCP 000591) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403).  Subject of a pending Motion in Limine. | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.); also relevant to calculation of damages and evidence to be considered by the finder of fact.<br><br>F.R.E. 403 – Objection is conditional, and therefore not |

| | | | binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims, and should consider this evidence when evaluating Plaintiffs' alleged damages. |
| DX 14 | Letters from Mark Binke to Mickey Levy, Anna Oliker, Nir Barkat, Hilik Bar, Uzi Landau, Naftali Bennett, and Ron Huldai re filming in Israel; 02/19/2014 e-mail from Jay Footlik to Rick Smotkin re following up; (UCP 001141-001151) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403). Subject of a pending Motion in Limine. | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.); |

| | | | |
|---|---|---|---|
| | | | also relevant to calculation of damages and evidence to be considered by the finder of fact. F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims, and should consider this evidence when evaluating Plaintiffs' alleged damages. |
| DX 14 | 07/08/2014 e-mail from Paige Potter to Randi Richmond re | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially | F.R.E. 401 – Objection is conditional, and therefore not |

| | New Mexico Tax Credit (UCP 001363) | Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403).  Subject of a pending Motion in Limine. | binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.); also relevant to calculation of damages and evidence to be considered by the finder of fact.

F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST AS OF DECEMBER 27, 2019**

|  |  |  | of the facts giving rise to Plaintiffs' claims, and should consider this evidence when evaluating Plaintiffs' alleged damages. |
|--|--|--|--|
| DX 14 | 07/14/2014 e-mail from Mark Binke to Randi Richmond and BJ Markus re DIG costs (UCP 001480-001481) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403).  Subject of a pending Motion in Limine. | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.); also relevant to calculation of damages and evidence to be considered by the finder of fact.  F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims, and should consider this evidence when evaluating Plaintiffs' alleged damages. |
|---|---|---|---|
| DX 14 | 07/14/2014 e-mail from Randi Richmond to Mark Binke re DIG costs (UCP 001495) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403).  Subject of a pending Motion in Limine. | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.); also relevant to calculation of damages and evidence to be considered by the finder of fact. |

| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims, and should consider this evidence when evaluating Plaintiffs' alleged damages. |
| DX 14 | Croatian Audiovisual Centre payment decision (original and translation) with backup documents (UCP 018003-018017) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind |

own document
e.

ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF DECEMBER 27, 2019

| | | (F.R.E. 403).  Subject of a pending Motion in Limine | of all parties involved at time of claim (NBC, ASIC, Aon, etc.); also relevant to calculation of damages and evidence to be considered by the finder of fact.<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims, and should consider this evidence when evaluating Plaintiffs' alleged damages. |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| DX 14 | Spreadsheet (UCP 018018) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403).  Subject of a pending Motion in Limine | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.); also relevant to calculation of damages and evidence to be considered by the finder of fact.<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled |

| | | | to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims, and should consider this evidence when evaluating Plaintiffs' alleged damages. |
|---|---|---|---|
| DX 14 | Spreadsheet – Credit Index (UCP 018019) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403).  Subject of a pending Motion in Limine | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.); also relevant to calculation of damages and evidence to be considered by the finder of fact.<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims, and should consider this evidence when evaluating Plaintiffs' alleged damages. |
|---|---|---|---|
| DX 14 | 10/27/2016 letter from New Mexico Taxation & Revenue to NBC Universal re film production tax credit (UCP 018020-018021) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403).  Subject of a pending Motion in Limine. | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.); also relevant to calculation of damages and evidence to be considered by the finder of fact. |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | |
|---|---|---|---|
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims, and should consider this evidence when evaluating Plaintiffs' alleged damages. |
| DX 14 | Spreadsheet – DIG – Episodes 102-106, Croatia Unit, Locked Budget (UCP 018125-018221) | No objection | No response |
| DX 14 | Spreadsheet –DIG Production Costs (UCP 018222) | No objection | No response |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| DX 14 | Spreadsheet - DIG Season One Cost Report 11 (UCP 018223) | No objection | No response |
|---|---|---|---|
| DX 14 | Spreadsheet - DIG Croatia Summary and Detail (UCP 018224) | No objection | No response |
| DX 14 | Spreadsheet - Ledger Detail (UCP 018225) | No objection | No response |
| DX 14 | Spreadsheet – DIG Croatia - Cast (UCP 018228-018236) | No objection | No response |
| DX 14 | Spreadsheet – DIG Croatia – Fringe (UCP 018237-018238) | No objection | No response |
| DX 14 | Spreadsheet – DIG Croatia – Stunts (UCP 018239-018243) | No objection | No response |
| DX 14 | File: DIG (UCP 018244-019008) | Vague, does not provide adequate notice of the exhibit that Defendant intends to offer. Vague as to what pages Defendant intends to include as this exhibit because Defendant has not included a valid bates range. Plaintiffs reserve the right to object to with more precision upon clarification from Defendant. | Vague is not an appropriate response to physical evidence. To the extent Plaintiffs' object to their own evidence, ASIC argues that the jury should be able to consider all relevant damages evidence when considering Plaintiffs' damages, if any. |

| DX 14 | File: DIG – ISRAEL (UCP 019009-019333) | Vague, does not provide adequate notice of the exhibit that Defendant intends to offer. Vague as to what pages Defendant intends to include as this exhibit because Defendant has not included a valid bates range. Plaintiffs reserve the right to object to with more precision upon clarification from Defendant. | Vague is not an appropriate response to physical evidence. To the extent Plaintiffs' object to their own evidence, ASIC argues that the jury should be able to consider all relevant damages evidence when considering Plaintiffs' damages, if any. |
|---|---|---|---|
| DX 14 | File: DIG – NEW MEXICO (UCP 019334-019727) | Vague, does not provide adequate notice of the exhibit that Defendant intends to offer. Vague as to what pages Defendant intends to include as this exhibit because Defendant has not included a valid bates range. Plaintiffs reserve the right to object to with more precision upon clarification from Defendant. | Vague is not an appropriate response to physical evidence. To the extent Plaintiffs' object to their own evidence, ASIC argues that the jury should be able to consider all relevant damages evidence when considering Plaintiffs' damages, if any. |
| DX 14 | File: DIG CROATIA (UCP 019728-019929) | Vague, does not provide adequate notice of the exhibit that Defendant intends to offer. Vague as to what pages Defendant intends to include as this exhibit because Defendant has not included a valid bates range. Plaintiffs reserve the right to object to with more | Vague is not an appropriate response to physical evidence. To the extent Plaintiffs' object to their own evidence, ASIC argues that the jury should be able to consider all relevant damages evidence when considering Plaintiffs' damages, if any. |

|  |  | precision upon clarification from Defendant. |  |
|---|---|---|---|
| DX 14 | File: DIG – BACK 4 BUDGETS (UCP 019930-020042) | Vague, does not provide adequate notice of the exhibit that Defendant intends to offer. Vague as to what pages Defendant intends to include as this exhibit because Defendant has not included a valid bates range. Plaintiffs reserve the right to object to with more precision upon clarification from Defendant. | Vague is not an appropriate response to physical evidence. To the extent Plaintiffs' object to their own evidence, ASIC argues that the jury should be able to consider all relevant damages evidence when considering Plaintiffs' damages, if any. |
| DX 14 | 7/25/2014 - 8/25/2014 Emails exchanged between Sheldon Kasdan and Daniel Bush re: DIG – International Shooting (UCP 020048-020052) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403). Subject of a pending Motion in Limine. | Vague is not an appropriate response to physical evidence. To the extent Plaintiffs' object to their own evidence, ASIC argues that the jury should be able to consider all relevant damages evidence when considering Plaintiffs' damages, if any. |
| DX 14 | Plaintiff's financial data and communications – part 10 (UCP033019-035214) | This is not a proper exhibit. This is apparently a compilation of 85 separate documents. It is unclear which documents Atlantic intends to use as exhibits. Plaintiffs object on grounds of F.R.E. 401, 402, 403, 801, 802, and | Vague is not an appropriate response to physical evidence. To the extent Plaintiffs' object to their own evidence, ASIC argues that the jury should be able to consider all relevant damages evidence |

| | | | |
|---|---|---|---|
| | | subject of a pending Motion in Limine. Plaintiffs reserve the right to raise any other objection when Atlantic identifies which specific documents it actually intends to introduce | when considering Plaintiffs' damages, if any. |
| DX 14 | Plaintiff's financial data and communications – part 11 (UCP035215-035238) | This is not a proper exhibit. This is apparently a compilation of 6 unrelated, separate documents. It is unclear which documents Atlantic intends to use as exhibits. Plaintiffs object on grounds of F.R.E. 401, 402, 403, 801, 802, and subject of a pending Motion in Limine.  Plaintiffs reserve the right to raise any other objection when Atlantic identifies which specific documents it actually intends to introduce | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.); also relevant to calculation of damages and evidence to be considered by the finder of fact.

F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, |

own document
1e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | |
|---|---|---|---|
| | | | misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims, and should consider this evidence when evaluating Plaintiffs' alleged damages.<br><br>FRE 801 – Cannot be hearsay because documents are all created, curated, and provided by Plaintiff. All documents were made by Plaintiffs (i.e. persons with knowledge) of the data contained therein in the ordinary course of business and were included as a part of records made and kept in the ordinary course of business. Also, authored by Plaintiffs. |
| DX 14 | Insurance Cost Bible | Vague; does not provide Plaintiffs adequate notice of the exhibits Defendant intends to offer. | Vague is not an appropriate response to physical evidence. To the extent Plaintiffs' object to their |

| | | | own evidence, ASIC argues that the jury should be able to consider all relevant damages evidence when considering Plaintiffs' damages, if any. |
|---|---|---|---|
| DX 14 | Full Cost Bible | Vague; does not provide Plaintiffs adequate notice of the exhibits Defendant intends to offer. | Vague is not an appropriate response to physical evidence. To the extent Plaintiffs' object to their own evidence, ASIC argues that the jury should be able to consider all relevant damages evidence when considering Plaintiffs' damages, if any. |
| DX 14 | NBCUniversal Tax Credit data (UCP 001811 – 001817) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403). Subject of a pending Motion in Limine. | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.); also relevant to calculation of damages and evidence to be considered by the finder of fact. |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims, and should consider this evidence when evaluating Plaintiffs' alleged damages. |
| DX 14 | NBCUniversal Tax Credit data (UCP 000543 – 000547) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind |

| | | (F.R.E. 403). Subject of a pending Motion in Limine. | of all parties involved at time of claim (NBC, ASIC, Aon, etc.); also relevant to calculation of damages and evidence to be considered by the finder of fact. |
| | | | |
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims, and should consider this evidence when evaluating Plaintiffs' alleged damages. |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| DX 14 | NBCUniversal Tax Credit data (UCP 001183) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403). Subject of a pending Motion in Limine. | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.); also relevant to calculation of damages and evidence to be considered by the finder of fact.<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled |

|  |  |  | to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims, and should consider this evidence when evaluating Plaintiffs' alleged damages. |
|---|---|---|---|
| DX 14 | NBCUniversal Tax Credit data (UCP 004400-004404) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403). Subject of a pending Motion in Limine. | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.); also relevant to calculation of damages and evidence to be considered by the finder of fact.<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims, and should consider this evidence when evaluating Plaintiffs' alleged damages. |
|---|---|---|---|
| DX 14 | NBCUniversal Tax Credit data (UCP 004408-004409) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403). Subject of a pending Motion in Limine. | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.); also relevant to calculation of damages and evidence to be considered by the finder of fact. |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

| | | | |
|---|---|---|---|
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims, and should consider this evidence when evaluating Plaintiffs' alleged damages. |
| DX 14 | NBCUniversal Tax Credit data (UCP 004410-004467) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is |

| | | Presenting Cumulative Evidence (F.R.E. 403). Subject of a pending Motion in Limine. | relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.); also relevant to calculation of damages and evidence to be considered by the finder of fact.<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims, and should consider this evidence when evaluating Plaintiffs' alleged damages. |

own document

e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

1

2   DATED: December 27, 2019    MARC J. SHRAKE
                             FREEMAN MATHIS & GARY, LLP

3                                      -and-

4

5                              MICHAEL KEELEY *(Pro Hac Vice)*
                           TONI SCOTT REED *(Pro Hac Vice)*

6                              CARLA C. CRAPSTER *(Pro Hac Vice)*
                           STRASBURGER & PRICE, LLP

7

8                                      -and-

9                              CHRISTOPHER W. MARTIN *(Pro Hac Vice)*

10                             MELINDA R. BURKE *(Pro Hac Vice)*
                           MARTIN, DISIERE, JEFFERSON

11                             & WISDOM LLP

12

13                           By:    */s/ Marc J. Shrake*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Freeman Mathis
& Gary, LLP
Attorneys at Law

own document
ie.

28

1156

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF DECEMBER 27, 2019**

DATED:  January 3, 2020                        SUSMAN GODFREY L.L.P.


                                               /s/ Kalpana Srinivasan
                                               KALPANA SRINIVASAN
                                               AMANDA K. BONN
                                               CATRIONA LAVERY
                                               **SUSMAN GODFREY L.L.P.**
                                               1900 Avenue of the Stars, Suite 1400
                                               Los Angeles, CA 90067-6029
                                               Tel: (310) 789-3100
                                               Fax: (310) 789-3150

                                               JACOB W. BUCHDAHL (*pro hac vice*)
                                               **SUSMAN GODFREY L.L.P.**
                                               1301 Avenue of the Americas, 32nd Floor
                                               New York, NY 10019-6023
                                               Tel: (212) 336-8330
                                               Fax: (212) 336-8340

                                               *Attorneys for Plaintiffs*


                                               /s/ Marc J. Shrake
                                               MARC J. SHRAKE
                                               **FREEMAN MATHIS & GARY, LLP**
                                               550 South Hope Street, Suite 2200
                                               Los Angeles, CA 90071-2631
                                               Tel: (213) 615-7039
                                               -and-
                                               MICHAEL KEELEY (*pro hac vice*)
                                               JOHN R. RIDDLE (*pro hac vice*)
                                               TONI SCOTT REED (*pro hac vice*)
                                               **CLARK HILL STRASBURGER PLC**
                                               901 Main Street, Suite 6000
                                               Dallas, TX 75202
                                               Tel: (214) 651-4718

                                               MELINDA R. BURKE (*pro hac vice*)
                                               **MARTIN DISIERE JEFFERSON AND WISDOM LLP**
                                               9111 Cypress Waters Boulevard, Suite 250
                                               Dallas, TX 75019
                                               Tel: (214) 420-5500
                                               Fax: (214) 420-5501
                                               burke@mdjwlaw.com

                                               *Attorneys for Defendant*

---

JOINT EXHIBIT STIPULATION

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **Attestation Regarding Signatures**

I, Kalpana Srinivasan, attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.


*/s/ Kalpana Srinivasan*
Kalpana Srinivasan

JOINT EXHIBIT STIPULATION

## CERTIFICATE OF SERVICE

I certify that on January 3, 2020, I filed the foregoing with the Clerk of the United States District Court for the Central District of California by using the Court's CM/ECF system, which will send notifications of such filing to all counsel of record.

/s/ Kalpana Srinivasan
Kalpana Srinivasan

JOINT EXHIBIT STIPULATION