**FREEMAN MATHIS & GARY, LLP**
MARC J. SHRAKE (SBN 219331)
mshrake@fmglaw.com
WAYNE H. HAMMACK (SBN 202709)
whammack@fmglaw.com
550 South Hope Street, 22nd Floor
Los Angeles, California 90071-2627
(213) 615-7000; FAX (213) 615-7100

**MARTIN, DISIERE, JEFFERSON & WISDOM LLP**
CHRISTOPHER W. MARTIN *(Pro Hac Vice)*
martin@mdjwlaw.com
MELINDA R. BURKE *(Pro Hac Vice)*
burke@mdjwlaw.com
9111 Cypress Waters Blvd., Suite 250
Dallas, Texas 75019
(214) 420-5500; FAX (214) 420-5501

**CLARK HILL LLP**
MICHAEL KEELEY *(Pro Hac Vice)*
michael.keeley@clarkhillstrasburger.com
TONI SCOTT REED *(Pro Hac Vice)*
toni.reed@clarkhillstrasburger.com
901 Main Street, Suite 6000
Dallas, Texas 75202
(214) 651-4300; FAX (214) 651-4330

Attorneys for Defendant
**ATLANTIC SPECIALTY INSURANCE COMPANY**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| UNIVERSAL CABLE PRODUCTIONS LLC, a Delaware limited liability company, and NORTHERN ENTERTAINMENT PRODUCTIONS LLC, a Delaware limited liability company, <br><br> Plaintiffs, <br><br> vs. <br><br> ATLANTIC SPECIALTY INSURANCE COMPANY, a New York insurance company, <br><br> Defendant. | CASE NO. 2:16-cv-4435-PA-MRW <br><br> **ATLANTIC SPECIALTY INSURANCE COMPANY'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND COURT'S SCHEDULING ORDER TO ALLOW SUBSTITUTION OF EXPERT WITNESS ON ACCOUNT OF DEATH OF JAY SHAPIRO, CPA** <br><br> Pretrial Conference: January 17, 2020 <br> Time: 1:30 PM PST <br> Place: Courtroom 9A <br> Judge: Honorable Percy Anderson <br> Trial: February 18, 2020 |

TO THE HONORABLE JUDGE ANDERSON:

Freeman Mathis
& Gary, LLP
Attorneys at Law

DEFENDANT'S REPLY ISO MOTION FOR LEAVE TO AMEND COURT'S SCHEDULING ORDER

## **Introduction**

In their response to Atlantic Specialty Insurance Company's ("ASIC's") motion for leave, Universal Cable Productions, LLC and Northern Entertainment Productions, LLC ("Plaintiffs"), do not dispute that it is generally proper for leave to be granted to substitute an expert witness when a previously designated expert dies.  *See* Doc. No. 162 at 2 (Plaintiffs' Opposition To Defendant's Motion for Leave).   The issue, however, is that courts generally require the substituting expert's opinions to be substantially similar to the deceased expert's opinion to avoid undue prejudice to the opposing party.  *See In re Northrop Grumman Corp. ERISA Litig.* 2016 WL 6826171, at *4 (C.D. Cal. Apr. 7, 2016).

The Plaintiffs contend that ASIC's motion for leave should be denied because they presume, without evidence, that Ms. Shannon Rusnak's opinions will not be substantially similar to the opinions of Mr. Jay Shapiro, the deceased expert.  *See* Doc. No. 162 at 5.  There is no reason to presume that.  Indeed, the evidence before the Court is that Ms. Rusnak's opinions are anticipated to be consistent with Mr. Shapiro's, but, at this time, her precise opinions are unknown because Ms. Rusnak is continuing to review the voluminous records necessary to render an opinion.  *See* Doc. No. 160-1 at ¶ 9 (Declaration of M. Shrake).

Beyond their unfounded speculation that Ms. Rusnak's opinions will differ from Mr. Shapiro's, the Plaintiffs offer no reasonable basis that ASIC's motion for leave should be denied.  ASIC should not be left without a damages expert due to Mr. Shapiro's unfortunate and untimely death; good cause exists to grant.  Accordingly, ASIC respectfully requests that the Court grant leave for ASIC to designate Shannon Rusnak as an expert witness, allow her to provide her opinions and report by January 17, 2020 regarding plaintiffs' damage claims, and present for deposition thereafter.

///

///

///

Freeman Mathis
& Gary, LLP
Attorneys at Law

1
2
3

**A.     The Plaintiffs' Proposed Accommodation Is Improper – A Substituting Expert Cannot Simply "Adopt" A Deceased Expert's Opinions.**

4
5
6
7
8

Implicitly acknowledging that an available expert should be allowed to substitute for the deceased Mr. Shapiro, the Plaintiffs contend their offer to "allow Atlantic to substitute a new expert, provided that she adopts the opinions of Atlantic's former damages expert" was a reasonable accommodation that foreclosed the need for ASIC's motion for leave.  Doc. No. 162 at 2.  It did not.

9
10
11
12
13
14
15
16
17
18
19
20
21
22

An expert cannot be required to simply "adopt" another expert's opinions; instead, "*[t]he substitute expert should have the opportunity to express his opinions in his own language after reviewing the evidence and performing whatever tests prior experts on both sides were allowed to perform.*"  *In re Northrop Grumman Corp. ERISA Litig.*, 2016 WL 6826171, at *4 (emphasis added); *see also Lincoln Nat. Life Ins. Co. v. Transamerica Fin. Life Ins. Co.,* 2010 WL 3892860, at *3 (N.D. Ind. Sept. 30, 2010) ("Although the substitute expert's testimony and report are generally restricted to the same subject matter as the prior expert, *the substitute is not normally required to simply adopt the prior expert's conclusions verbatim*—in effect, doing little more than authenticating and confirming the prior expert's conclusions.") (emphasis added); *U.S. ex rel. Agate Steel, Inc. v. Jaynes Corp.,* 2015 WL 1546717, at *2 (D. Nev. Apr. 6, 2015) ("The Court agrees with American Steel that it is not appropriate in this case to mandate that the new expert 'rubber-stamp' the expert report previously provided.").

23
24
25
26
27
28

As noted above, ASIC advised the Court and the Plaintiffs that Ms. Rusnak is currently reviewing voluminous materials previously provided to Mr. Shapiro and the materials provided to and/or reviewed by Plaintiffs' expert Mr. Wunderlich, as well as associated fact and expert depositions. *See* Doc. No. 160-1 at ¶ 9.  Ms. Rusnak has not yet had sufficient time to review the evidence, perform the calculations necessary to formulate opinions, and write a report.  *See* Doc. No. 160-1 at ¶ 9.  However, ASIC

1  does not anticipate that Ms. Rusnak's opinions will introduce new damages theories
2  or constitute a "re-do" of Mr. Shapiro's analysis as the Plaintiffs baselessly assert.  *See*
3  Doc. No. 160-1 at ¶ 9. Regardless, the Plaintiffs' proposed accommodation is improper
4  as it would have Ms. Rusnak act as a mere rubber-stamp and improperly "adopt" Mr.
5  Shapiro's opinions.  Ms. Rusnak must be allowed to express her own opinions based
6  upon her own review of the evidence.  *See In re Northrop Grumman Corp.*, 2016 WL
7  6826171, at *4; *Lincoln Nat. Life Ins.*, 2010 WL 3892860, at *4 (permitting substitute
8  expert "to review all of the evidence, conduct his own independent analysis, and
9  express his opinion in his own words" so long as opinions are limited to the same
10  subject matter as the prior expert's opinions without substantial change).  Accordingly,
11  the Plaintiffs' proposed accommodation is improper.  *See id.*

12    **B.    ASIC Does Not "Improperly Seek[] to Strengthen Its Trial**
13         **Position" As The Plaintiffs' Allege.**

14        The purpose of allowing substitution of an expert when a previously designated
15  expert becomes unavailable is to put a party in the same position it would have been
16  in but for the need to change experts.  *In re Northrop Grumman Corp.*, 2016 WL
17  6826171, at *4.  However, ASIC agrees with the Plaintiffs that "substitution is not an
18  opportunity to designate a better expert" or improperly "strengthen its trial position."
19  Doc No. 162 at 11 (citing *Northrop Grumman Corp.*, 2016 WL 6826171, at *4;
20  *Fidelity Nat'l Fin. Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 308 F.R.D. 649, 653
21  (S.D. Cal. 2015)).  Substitution of Ms. Rusnak for Mr. Shapiro is not sought for any
22  improper purpose.  *See*  Doc. No. 160-1 at ¶ 9.

23        While the Plaintiffs presume that ASIC is attempting to improperly strengthen
24  its trial position by abandoning Mr. Shapiro's opinions; it is not.  *See* Doc. No. 160-1
25  at ¶ 9.  Again, the evidence is that Ms. Rusnak's opinions are anticipated to be
26  substantially similar to Mr. Shapiro's.  *See* Doc. No. 160-1 at ¶ 9.  In contrast, there is
27  no evidence supporting the Plaintiffs' argument that ASIC seeks to abandon or "re-
28  do" Mr. Shapiro's opinions or otherwise improperly strengthen its trial position by

Freeman Mathis
& Gary, LLP
Attorneys at Law

1    substituting Ms. Rusnak for the deceased Mr. Shapiro.[1]   Permitting Ms. Rusnak to

2    substitute for the Mr. Shapiro will place the parties in the same position they would

3    have been but for Mr. Shapiro's untimely death.  Doc. No. 160-1 at ¶ 9.

4          **C.    The Plaintiffs' Timing Arguments Are Meritless.**

5          To be entitled to leave to substitute for an unavailable expert, the movant must

6    demonstrate that it acted with proper diligence in notifying the Court of the need for

7    the new expert.  *In re Northrop Grumman Corp.*, 2016 WL 6826171, at *2; *Morel v.*

8    *Daimler-Chrysler Corp.*, 259 F.R.D. 17, 20 (D.P.R. 2009); *see also Brooks v. Cty. of*

9    *San Joaquin*, 2012 WL 5928416, at *1 (E.D. Cal. Nov. 26, 2012).  The Plaintiffs do

10   not contend that ASIC failed to act with proper diligence in seeking to substitute Ms.

11   Rusnak for the deceased Mr. Shapiro.  Indeed, the evidence establishes that ASIC acted

12   with proper diligence.  Mr. Shapiro died after the close of discovery in this matter, and

13   ASIC notified the Court of Mr. Shapiro's death shortly after learning of it.

14         However, the Plaintiffs do contend that permitting Ms. Rusnak to render

15   opinions less than two months before trial is would be prejudicial to it.  Doc. No. 162

16   at 6-7.  It will not.

17         Again, the Plaintiffs' argument is based upon their unfounded belief that Ms.

18   Rusnak will offer new opinions that substantially differ from Mr. Shapiro's *See id.*

19   There is no reason to believe that; especially when the evidence before the Court is

20   that Ms. Rusnak's opinions are anticipated to be substantially similar to Mr. Shapiro's.

21   Doc. No. 160-1 at ¶ 9.  Where a substitute expert's opinions are substantially similar

22   to the prior expert's the opposing party does not suffer undue prejudice.  *See In re*

23

24   ──────────────

25   [1] Apparently realizing that there is no factual basis to argue that Ms. Rusnak's opinions would
     substantially differ from Mr. Shapiro's, the Plaintiffs spend approximately 25% of their opposition

26   paper detailing why they believe Mr. Shapiro's analysis is wrong in order to assert that "Atlantic
     wants its new expert to be able to come up with an entirely new analysis, untethered from Mr.
     Shapiro's approach."  Doc. No. 162 at 6-10.  Again, however, ASIC is not seeking leave to

27   substitute Ms. Rusnak for Mr. Shapiro to abandon Mr. Shapiro's opinions; it simply seeks leave to
     substitute Ms. Rusnak in order to have an expert, who is not deceased, explain to the jury the

28   appropriate measure of damages.  *See* Doc. No. 160-1 at ¶ 9.

Freeman Mathis
& Gary, LLP
Attorneys at Law

DEFENDANT'S REPLY ISO MOTION FOR LEAVE TO AMEND COURT'S SCHEDULING ORDER

*Northrop Grumman Corp.,* 2016 WL 6826171, at *4; *Fujifilm Corp. v. Motorola Mobility LLC*, 2014 WL 8094582, at *2 (N.D. Cal. Nov. 19, 2014); *Jaynes Corp.*, 2015 WL 1546717, at *2.  The Plaintiff's timing argument is meritless.  *Id.*

> **D.     To The Extent Ms. Rusnak's Opinions Are Not Substantially Similar To Mr. Shapiro's, Which Is Not Anticipated, The Proper Remedy Would Be To Limit Ms. Rusnak Testimony To Those Areas Where Her Opinions Are Substantially Similar To Mr. Shapiro's.**

ASIC acknowledges that the Plaintiffs may believe, after they have had an opportunity to review Ms. Rusnak's opinions, that her opinions are not substantially similar to Mr. Shapiro's.  Even so, in that event, the appropriate remedy is not to deny leave to substitute Ms. Rusnak as an expert but to limit her testimony to the general subject matter of Mr. Shapiro's report.  *See, e.g., Northrop Grumman Corp.*, 2016 WL 6826171, at *4 ("to minimize the risk of prejudice to Defendants, the Court will limit Witz's testimony to the subject matter covered in Kampner's report . . . In other words, Witz's opinions must be "substantial[ly] similar" to Kampner's opinions for the Court to allow his testimony."); *see also, e.g., Fujifilm Corp. v. Motorola Mobility LLC*, 2014 WL 8094582, at *2 (N.D. Cal. Nov. 19, 2014) (limiting substituted expert's opinions to subject matter of prior expert's report to alleviate prejudice to opposing party); *Jaynes Corp.*, 2015 WL 1546717, at *2 ("the new expert report may not provide an opinion that is contrary to or inconsistent with Mr. Hafeez's opinion. While the opinions need not be identical, it is reasonable to limit the new expert to findings that are substantially similar to those presented by Mr. Hafeez.").  Accordingly, ASIC requests that the Court overrule the Plaintiffs objections to ASIC's motion for leave, but permit the Plaintiffs an opportunity to seek to limit Ms. Rusnak's testimony—after her opinions are rendered—in the event the Plaintiffs believe those opinions substantially differ from Mr. Shapiro's.

///

Freeman Mathis
& Gary, LLP
Attorneys at Law

## Conclusion

ASIC respectfully submits that good cause exists to allow for substitution of a new expert. ASIC respectfully requests that the Court grant leave for ASIC to designate Shannon Rusnak as an expert witness, allow her to provide her opinions and report by January 17, 2020 regarding plaintiffs' damage claims, and present for deposition thereafter.

DATED: January 6, 2020

MARC J. SHRAKE
FREEMAN MATHIS & GARY, LLP

-and-

CHRISTOPHER W. MARTIN *(Pro Hac Vice)*
MELINDA R. BURKE *(Pro Hac Vice)*
MARTIN, DISIERE, JEFFERSON
& WISDOM LLP

-and-

MICHAEL KEELEY *(Pro Hac Vice)*
TONI SCOTT REED *(Pro Hac Vice)*
STRASBURGER & PRICE, LLP

By:     */s/Marc J. Shrake*
          MARC J. SHRAKE

**Attorneys for Defendant ATLANTIC
SPECIALTY INSURANCE COMPANY**

Freeman Mathis
& Gary, LLP
Attorneys at Law