# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 16-04435 PA (MRWx) | Date | January 10, 2020 |
| Title | Universal Cable Productions LLC, et al. v. Atlantic Specialty Insurance Co. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| T. Jackson | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

The Court has conducted a preliminary review of the pretrial documents filed on January 3, 2020 through January 7, 2020.

In the proposed Pretrial Conference Order the parties estimate that the trial of this matter will take 3.5 to 6 days. In addition, the parties Joint Witness List contemplates that the parties' witnesses will testify for a total of 45.5 hours - over 9 trial days. As stated in the Court's Civil Trial Order, the Court will, "in every case, impose time limits on the amount of time each side will have for opening statement, witness examination and closing argument." (Dkt. No. 26 at 4.) The parties' Pretrial Conference Order and Joint Witness List make clear that neither party has begun to think realistically about the time limitations for this trial. Particularly in light of the current judicial emergency in the Central District of California, the parties will not have nearly this much time for trial.

The inconsistent and unrealistic trial estimates are not the only indications that, despite being on the eve of trial, the parties still have not thought carefully, realistically, and reasonably about how to streamline and conduct the trial in this matter. The parties have filed over 1,500 pages for their Joint Exhibit List, with countless of what appear to be mostly boilerplate objections to each side's exhibits. The parties have also submitted 13 disputed jury instructions, vastly different verdict forms, and a combined total of 20 proposed motions in limine. For a case in which the two remaining issues are common, frequently-tried issues with pattern jury instructions, this number of disputes indicates that the parties have not had the type of pretrial conference of counsel between lead trial counsel required by the Local Rules and the Court's Civil Trial Scheduling Order in which the parties are expected to resolve most such disputes without judicial intervention.

The Court orders the parties to conduct a further conference of counsel in which lead trial counsel participate in person, by no later than Tuesday, January 14, 2020. The Court expects counsel to substantially reduce the number of disputed jury instructions, verdict form disputes,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-04435 PA (MRWx) | Date | January 10, 2020 |
|---|---|---|---|
| Title | Universal Cable Productions LLC, et al. v. Atlantic Specialty Insurance Co. | | |

evidentiary objections, and to drastically reduce their witness time estimates. In addition, the Court limits each side to 5 motions in limine. <u>The Court will not entertain motions in limine disguised as summary judgment motions or motions for reconsideration</u>. The Court again cautions the parties that the Court will set strict time limits on the amount of time the parties have for trial, including the total time for opening statements, closing arguments, direct testimony, cross-examination, and re-direct.

The parties shall, no later than 12:00 p.m. on Wednesday, January 15, 2020, file revised Jury Instructions, Joint Disputed Jury Instructions, Verdict Form, Pretrial Exhibit Stipulation, and Joint Trial Witness Estimate Form. Counsel shall also file a Joint Report in which they state, under penalty of perjury, that lead trial counsel have conducted the in-person further pretrial conference ordered by the Court. Failure to file revised documents by that date, or further indications that the parties are unreasonably and vexatiously multiplying these proceedings, may result in the imposition of sanctions.

Additionally, to assist the Court in performing its gatekeeper function under <u>Daubert</u>, any party seeking to offer expert testimony in its case-in-chief, shall file a written proffer of the expert's opinions, with citations to the expert witness disclosure for each such opinion. See <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579, 593-95, 113 S. Ct. 2786, 2796-97, 125 L. Ed. 2d 469, 482-84 (1993); <u>see also</u> <u>Kumho Tire Co. v. Carmichael</u>, 526 U.S. 137, 148, 119 S. Ct. 1167, 1174, 143 L. Ed. 2d 238, 250 (1999).

The proffers shall state separately each opinion that the expert will give at trial and explain why such testimony is relevant in this case. The proffers shall state the basis for each such opinion and shall include an identification of each document by title, author and date relied on by the expert in forming the opinion he or she will give at trial. Counsel shall attach a copy of each document to the offer of proof. If an expert will be relying on the statements of any person for his opinion, the offer of proof shall identify in full each such statement. If the statement is recorded or written, counsel shall attach a copy of the statement to the offer of proof. If an expert did not rely on any documents or statements in forming his opinion, the proffer shall include a representation confirming that fact.

To avoid the unnecessary waste of paper, and to facilitate the Court's review of the parties' expert witness proffers, the parties may submit an electronic version of the exhibits submitted in support of the expert's proffers in lieu of a paper copy. A paper copy of the proffer itself shall still be submitted to the Chambers Courtesy Box. The electronic version of the exhibits shall be supplied on either a flash or thumb drive or a CD-Rom disc.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-04435 PA (MRWx) | Date | January 10, 2020 |
|---|---|---|---|
| Title | Universal Cable Productions LLC, et al. v. Atlantic Specialty Insurance Co. | | |

      The written proffer shall be filed no later than 12:00 p.m. on Tuesday, January 21, 2020. Counsel are advised that the experts will not be permitted to offer any opinion at trial that was not set forth in the proffers filed with the Court.

      In addition to the proffer, the parties shall file, by 12:00 p.m. on Tuesday, January 21, 2020, the curriculum vitae of each expert witness, the expert designation identifying the expert, and a copy of any written report prepared by the expert and disclosed to the other party. The failure to comply with this order may result in the imposition of sanctions, which may include the exclusion of an expert witness's testimony if the required information is not provided by the deadline set by the Court.

      Failure to comply with this Order may result in the imposition of sanctions, which could include evidentiary sanctions, claim preclusion sanctions, dismissal of the action, striking of the Answer and entry of default, or a monetary sanction.

      IT IS SO ORDERED.