UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-4435 PA (MRWx) | Date | January 10, 2020 |
|---|---|---|---|
| Title | Universal Cable Productions LLC, et al. v. Atlantic Speciality Insurance Company | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| T. Jackson | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS – COURT ORDER

    Before the Court is Plaintiffs' Application for Leave to File Under Seal Portions of the Joint List of Deposition Testimony to be Offered at Trial.

    The party asserting a claim of confidentiality bears the burden to overcome the presumption of the public's right of access sufficient to permit sealing. Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-1180 (9th Cir. 2006). There is a "strong presumption in favor of access." Id. To overcome this strong presumption, "[a] party seeking to seal a judicial record . . . bears the burden of satisfying the "compelling reasons" standard." Id. To satisfy this standard, "the party must 'articulate[ ] compelling reasons supported by specific factual findings,' that outweigh the general history of access and the public policies favoring disclosure, such as the 'public interest in understanding the judicial process.'" Id.

    To satisfy the "compelling reasons" standard, the party seeking to file under seal must set forth specific facts explaining how the public filing of each document would work some specific harm. See Healey v. I-Flow, L.L.C., 282 F.R.D. 211, 215 (D. Minn. 2012) (recognizing that "to overcome the presumptive right to public records, the party seeking to seal information . . . must show compelling reasons to keep the information secret—i.e., that it is likely that public disclosure of the information will harm the party."); Pall Corp. v. 3B Purification Inc., 764 F. Supp. 2d 478, 479-480 (E.D.N.Y. 2011) (recognizing that although the documents sought to be filed under seal would have been protected by the attorney-client privilege and/or work product doctrine, these privileges were waived when plaintiff asserted claims that put the documents at issue and thus, could "not remain under seal absent the most compelling reasons.") (quoting Joy v. North, 692 F.2d 880, 893 (2d Cir. 1982); DeFazio v. Hollister, Inc. 2009 WL 1514416, *2 (E.D. Cal. 2009) (noting that "[f]ederal litigation is a public affair, unless and until compelling reasons are shown. A document otherwise confidential whose confidentiality has been waived should be not a 'secret' document."); Pichler v. UNITE, 238 F.R.D. 405, 408 (E.D. Pa. 2006) ("[The party seeking secrecy] cannot satisfy its burden with '[b]road allegations of harm, bereft of specific examples or articulated reasoning.' . . . Instead it must show with 'specificity' that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-4435 PA (MRWx) | Date | January 10, 2020 |
|---|---|---|---|
| Title | Universal Cable Productions LLC, et al. v. Atlantic Speciality Insurance Company | | |

portion of the record it seeks to keep from the public contains the type of information courts protect and that its 'disclosure will work a clearly defined and serious injury to [it].'") (quoting In re Cendant Corp., 260 F.3d 183, 194 (3d Cir. 2001); Contratto v. Ethicon, Inc., 227 F.R.D. 304, 309-312 (N.D. Cal. 2005) (rejecting defendants' confidentiality designations for materials . . . because defendants failed to identify any 'specific secret or otherwise show the specific harm that will result from disclosure of each document.").

      Having reviewed the Application, the Court finds that Plaintiffs have failed to set forth specific facts explaining how the public filing of the testimony creates a specific harm. Instead, Defendants have put forth only that the testimony was designated as Confidential by Defendant which fails to satisfy the "compelling reasons" standard. See Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 476 (9th Cir.1992). Deposition testimony designated as confidential is not the type of particularized showing of harm necessary to support a finding that compelling reasons exist to justifying sealing.

      Finally, to the extent Plaintiffs contend that the parties' decision to enter into a confidentiality agreement which was in the nature of a protective order satisfies the compelling reasons standard, that argument is rejected. See Foltz v. State Farm Mutual Auto. Ins. Co., 331 F.3d 1122, 1133 (9th Cir. 2003) ("[A] party seeking the protection of the court via a blanket protective order typically does not make a 'good cause' showing required by Rule 26(c) with respect to any particular document."); L.R. 79-5.2.2(a).

      Accordingly, the Court concludes that Plaintiffs have failed to make the required showing to justify sealing portions of the designated deposition testimony, and its Application is therefore denied.

      IT IS SO ORDERED.