KALPANA SRINIVASAN (237460)
ksrinivasan@susmangodfrey.com
AMANDA K. BONN (270891)
abonn@susmangodfrey.com
CATRIONA LAVERY (310546)
clavery@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-6029
Tel: (310) 789-3100
Fax: (310) 789-3150

JACOB W. BUCHDAHL (*pro hac vice*)
jbuchdahl@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019-6023
Tel: (212) 336-8330
Fax: (212) 336-8340

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| UNIVERSAL CABLE PRODUCTIONS LLC, a Delaware limited liability company, and NORTHERN ENTERTAINMENT PRODUCTIONS LLC, a Delaware limited liability company, <br><br> Plaintiffs, <br><br> v. <br><br> ATLANTIC SPECIALTY INSURANCE COMPANY, a New York insurance company, <br><br> Defendant. | CASE NO. 2:16-cv-4435-PA-MRW <br><br> **REVISED JOINT EXHIBIT STIPULATION** |

1

## Joint Statement Regarding Revised Joint Exhibit List Stipulation

2

3

The parties met-and-conferred in-person on January 14, 2020, at approximately 9:15 a.m.

4

5

The day before the parties' meet-and-confer, Plaintiffs send Defendant their revised exhibit list, shortening it from 705 exhibits to 364 exhibits.

6

7

Defendant represented during in-person conference that it intends to shorten its exhibit list and adjust the formatting so that the exhibit numbers would be legible.

8

9

10

11

Plaintiffs and Defendants agreed to create the below pleading explaining in non-boilerplate (1) their high priority objections to categories of exhibits (and listing, to the best of their ability, the exhibits that fall into each category) and (2) any response to such high priority objections.

12

13

## Plaintiffs' High Priority Objections to Defendant's Exhibit List and Defendant's Responses

14

**Plaintiffs' Introductory Statement:**

15

16

17

18

19

20

21

22

23

24

25

26

Plaintiffs identify the below high-priority objections to categories of Defendant's exhibits. Plaintiffs were unable to list the particular exhibits that fall within each category when they sent Defendant the category objections—at 5:00 p.m. the night before this noon filing—because the exhibit list that Defendant had provided was formatted such that the exhibit numbers were not legible. In addition, Defendant had not yet shortened its list of approximately 1,440 of exhibits. At approximately 6:00 p.m. the night before this noon filing, Defendant sent a revised exhibit list with numbering and represented that its list now contains approximately 615 exhibits.  Plaintiffs have attempted in good faith to match example exhibits to the categories below in time for filing.  Plaintiff acknowledges that Defendant did not have the opportunity to respond to Plaintiffs' lists of exhibits in each category prior to filing.

27

28

2

02065\015825\7079898-1/15/20

**Defendant's Response:**

All Parties have worked diligently to comply with the Court's recent order. See Dkt. No. 186. However, Plaintiffs bear the burden of proof in this case: ASIC's obligation is to defend against Plaintiffs' claims. As such, ASIC relies upon Plaintiffs' identification of issues, witnesses, exhibits, and other elements in order to know how to ensure its proper defense while complying with the Court's order.

Prior to the joint meeting between the Parties on Tuesday, January 14, 2020, ASIC identified exhibits to withdraw from its proposed exhibit list. However, ASIC could not make material reductions prior to the meeting in the event Plaintiffs intended to maintain certain issues for the pre-trial conference. During the joint meeting, Plaintiffs identified key ways in which they intended to reduce the issues in the case. As a result, ASIC committed to deliver its exhibit list to Plaintiffs as soon as reasonably possible, but by no later than end-of-day.

ASIC worked diligently throughout the day and delivered its substantially reduced exhibit list to Plaintiffs at 5:57pm PST (from ~1400 exhibits down to ~620 exhibits). Any attempt to inject such complaints into the record has no bearing on ASIC's evidence, or Plaintiffs' objections thereto. Furthermore, ASIC finds it highly unlikely that Plaintiffs could not identify its categories of objections prior to the time ASIC sent its list to them last evening.

**Category 1:**

The Policy and exhibits regarding the drafting, negotiation, profitability, renewal, and nonrenewal of the Policy

**Plaintiffs' Objections:**

Plaintiffs are willing to withdraw any previous relevance objections to these exhibits.

**Defendant's Response:**

Noting Plaintiffs' wiliness to withdraw its relevance objections, the Defendant will respond to the remaining objections from the Plaintiffs. As to Plaintiffs'

REVISED JOINT EXHIBIT STIPULATION

02065\015825\7079898-1/15/20

objection to these documents as substantially more prejudicial than probative and therefore inadmissible under Federal Rule of Evidence 403, the Defendant disagrees. The statements contained within these documents is not unfairly prejudicial to Plaintiffs, not confusing, misleading or cumulative evidence. The probative value of these documents is not substantially outweighed by their prejudicial effect to the Plaintiff. These documents are offered to rebut the Plaintiffs' claim that the defendant acted in bad faith. The jury should hear the evidence contained in these documents and the Defendant should be allowed to offer them. Indeed, if these documents were excluded it would cause substantial prejudice to the Defendant and severely limit its ability to rebut the claims presented by the Plaintiff.

**Category 2:**

Exhibits regarding the security situation in Jerusalem and Tel Aviv that Defendant did not review at or near the time of denial.

**Plaintiffs' Objections:**

Plaintiffs object to these exhibits on relevance grounds, Fed. R. Evid. 402, 403, because documents that Defendant did not review at or near the time of denial could not have factored into Defendant's decision to deny coverage. In addition, documents that Defendant did not rely on in its Denial-of-Coverage letter and that colloquially referred to the potential for "war" are irrelevant given that Defendant's Denial-of-Coverage Letter was not based on the plain and ordinary meaning of "war" but rather a special meaning requiring sovereignty. Exhibits in this category include news articles, broadcasts, websites, and secondary sources that there is no evidence Defendant relied upon in its Denial-of-Coverage Letter, as well as Plaintiffs' internal emails that were never forwarded to Defendant, such as security updates from NBCU Head of Security Stephen Smith.

As will be explained in Plaintiffs' Motion in Limine to Preclude Defendant from Contradicting its Denial-of-Coverage Letter and Plaintiffs' Motion in Limine to Bar Evidence or Argument that Defendant's Denial was Reasonable Because of

4

Israel's Conduct Directed Toward Gaza, these documents are factually and legally irrelevant under Rule 402 and substantially more prejudicial than probative, cumulative, and a waste of time under Rule 403.  First, documents Defendant never reviewed have no bearing on its bad faith denial of Plaintiffs' claim.  Second, to the extent these exhibits use the term "war" in the colloquial sense and Defendant intends to offer such statements to rebut Plaintiffs' bad faith claim, these exhibits should be excluded because Defendant's own denial letter applied the specialized, industry meaning of the war exclusions and not their plain and ordinary meaning. Third, to the extent these exhibits discuss Israel's actions directed toward Gaza, the exhibits are not relevant because Israel's actions in Gaza were not the proximate cause of Plaintiffs' decision to relocate.  *See Universal Cable Prods., LLC v. Atl. Specialty Ins. Co.*, 929 F.3d 1143, 1161 (9th Cir. 2019).  These exhibits are also irrelevant and substantially more prejudicial than probative because those actions largely transpired after Plaintiffs decided to relocate Dig.

Plaintiffs' examples of Defendant's exhibits that fall into this category are below.  Plaintiff acknowledges that Defendant did not have the opportunity to review these examples before filing.

DX 45

DX 457

DX 354

DX 227

DX 228

**Defendant's Response:**

While an insurer may not rely upon policy provisions it failed to raise in a coverage denial to defend against a bad faith claim, insurers may defend bad faith claims with facts, law, or other information relied upon during the claim decision process. *See* Couch on Insurance 3d. § 204:43 ("Bad faith generally requires an inquiry into the circumstances underlying the insurer's denial of policy benefits, and,

REVISED JOINT EXHIBIT STIPULATION

as such, is generally left as a question for the jury…")  Therefore, ASIC may offer certain documents as evidence to support the reasonableness of its claims decision. Such evidence is highly relevant to establishing the objective reasonableness of its behavior, and presents only the prejudice caused by the jury hearing the full story. Furthermore, all parties agree that the relevant Ninth Circuit opinion, and the findings contained therein, was not law at the time ASIC made its coverage decision. *See Universal Cable Prods., LLC v. Atlantic Specialty Ins. Co.*, 929 F.3d 1143, 1154 (9th Cir. 2019). As such, ASIC could not have relied upon this holding when evaluating Plaintiffs' claim. However, it is clear from all evidence, testimony, and briefing in this case that ASIC based its claim decision upon the plain, ordinary meaning of various policy terms. Indeed, various ASIC employees testified that they considered the plain, ordinary meaning of policy terms in lieu of controlling authority, and consulted numerous sources to determine whether the relevant exclusions applied to Plaintiffs' claim, (e.g. dictionaries, government reports, other public information, communications with the insured, news publications, Plaintiff-affiliate company news broadcasts). Furthermore, ASIC employees testified as to what they believed to be the proximate cause of Plaintiffs' insurance claim. Therefore, a jury must consider all other information ASIC relied upon to make such determination in order to determine whether ASIC acted in good faith. *See* Couch on Insurance 3d. § 204:43.

**Category 3:**

The Dig claim notification, Plaintiffs' and their representatives' communications with Defendant regarding the claim, and Defendant's subsequent denial.

**Plaintiffs' Objections:**

Plaintiffs are willing to withdraw any previous relevance objections to these exhibits.

**Defendant's Response:**

REVISED JOINT EXHIBIT STIPULATION

02065\015825\7079898-1/15/20

Noting Plaintiffs' wiliness to withdraw its relevance objections, the Defendant will respond to the remaining objections from the Plaintiffs. As to Plaintiffs' objection to these documents as substantially more prejudicial than probative and therefore inadmissible under Federal Rule of Evidence 403, the Defendant disagrees. The statements contained within these documents is not unfairly prejudicial to Plaintiffs, not confusing, misleading or cumulative evidence.  The probative value of these documents is not substantially outweighed by their prejudicial effect to the Plaintiff. These documents are offered to rebut the Plaintiffs' claim that the defendant acted in bad faith. The jury should hear the evidence contained in these documents and the Defendant should be allowed to offer them. Indeed, if these documents were excluded it would cause substantial prejudice to the Defendant and severely limit its ability to rebut the claims presented by the Plaintiff.

**Category 4:**

Exhibits concerning Plaintiffs' projected and actual budgets for Dig, with the exception of tax-related documents (see Category 5).

**Plaintiffs' Objections:**

Plaintiffs are willing to withdraw any previous relevance objections to these exhibits.

**Defendant's Response:**

Noting Plaintiffs' wiliness to withdraw its relevance objections, the Defendant will respond to the remaining objections from the Plaintiffs. As to hearsay, these exhibits are records of payment and costs of production and are admissible under the business records exemption. The financial information included in these documents was made by a person with knowledge, as these documents were created by employees of the Plaintiffs, who at the time were acting the ordinary course of business when creating these documents. Further, these documents were recorded, in most cases simultaneously, by the Plaintiffs employees and their recording of these documents would have been done in the regular course of business.  Under

REVISED JOINT EXHIBIT STIPULATION

Federal Rule of Evidence 803(6) documents such as these, are considered business records and are exceptions to the hearsay rule, and may be admitted to prove the truth of the assertions contained in them.

Plaintiffs also object to these documents on the grounds they are substantially more prejudicial than probative and therefore should be excluded under Federal Rule of Evidence 403. The statements contained within these documents is not unfairly prejudicial to Plaintiffs, not confusing, misleading or cumulative evidence.  The probative value of these documents is not substantially outweighed by their prejudicial effect to the Plaintiff. These documents are offered to rebut the Plaintiffs' claim that they suffered damages as a result of the alleged bad faith actions of the Defendant. The jury should hear the evidence contained in these documents and the Defendant should be allowed to offer them. Indeed, if these documents were excluded it would cause substantial prejudice to the Defendant and severely limit its ability to rebut the claims presented by the Plaintiff.

**Category 5:**

Exhibits concerning taxes Plaintiffs owed or expected to owe in relation to Dig and exhibits concerning any tax benefits Plaintiffs experienced or expected to receive in relation to Dig.

**Plaintiffs' Objections:**

Plaintiffs object to these exhibits as irrelevant and substantially more prejudicial than probative. Fed. R. Evid. 402, 403. As will be explained in Plaintiffs' Motion in Limine to Bar Evidence or Argument that Plaintiffs' Damages may be Offset by Tax Credits, "tax consequences should not be considered as a mitigating factor in compensatory damage calculations in breach of contract cases" under California law. *DePalma v. Westland Software House*, 225 Cal. App. 3d 1534, 1536 (1990). In addition, the Policy itself—specifically, its definition of "Loss" and "Insurable Production Cost"—does not permit covered losses to be reduced or offset based on tax credits received. As such, exhibits concerning taxes are irrelevant and

1  would only serve to confuse the jury when taxes cannot be included in either party's

2  damages calculation.

3  　　　　Plaintiffs' examples of Defendant's exhibits that fall into this category are

4  below.  Plaintiff acknowledges that Defendant did not have the opportunity to review

5  these examples before filing.

6  　　　　DX 612

7  　　　　DX 1034

8  　　　　DX 1437

9  　　　　DX 1417

10 　　　　DX 1412

11 　　　　DX 1411

12 **Defendant's Response:**

13 　　　　These documents are plainly relevant as they are evidence pertaining to the

14 Plaintiffs' claim for damages against ASIC and are directly relevant to the

15 underlying facts of loss. They directly address an element, damages, that the jury

16 must consider in its determination of the facts in this case and these exhibits tend to

17 make the fact that the Plaintiffs' did not suffer damages to the extent they are claim

18 more likely.

19 　　　　Plaintiffs did not relocate production of *DIG* as a result of any alleged breach

20 by ASIC. Rather, Plaintiffs re-located production due to the existence of an armed

21 conflict that allegedly jeopardized the safety of Plaintiffs' employees and

22 contractors. As a result, California law does not preclude ASIC from introducing

23 evidence regarding these tax credits. *DePalma v. Westland Software House*, 225

24 Cal.App.3d 1534 (1990) (emphasis added) (*citing Powers v. Powers*, 714 S.W.2d

25 384, 389 (Tex. App.—Corpus Christi-Edinburg 1986, no writ) ("We are unaware of

26 any principle or authority which would allow an offset to the party who has breached

27 a contract for a 'tax savings' the non-breaching party 'realized' ***as a result of the***

28 ***breach***") (emphasis added).  Furthermore, Plaintiffs' statement regarding the

REVISED JOINT EXHIBIT STIPULATION

Policy's preclusion of coverage for tax credits is fundamentally flawed. For further discussion of this issue, please refer to ASIC's Response to Plaintiffs' Motion in Limine regarding evidence, testimony, and argument regarding tax credits Plaintiffs' received from the State of Israel, Canada, Croatia, and New Mexico.

**Category 6:**

This Court's first summary judgment order, Dkt. 124, 128, 128.

**Plaintiffs' Objections:**

These exhibits would be unduly prejudicial to Plaintiffs for the reasons that will be explained in Plaintiffs' Motion in Limine to Bar Evidence and Argument About the Court's First Summary Judgment Order. These exhibits have limited probative value, given that (1) the Order was reversed on appeal and (2) Defendant did not have the Order available at the time it denied coverage, and its actions cannot be measured with the benefit of hindsight under California law. In addition, the Order was based on the "plain and ordinary" meaning of "war" and "warlike action," while Defendant's denial-of-coverage letter incorporated the definition requiring sovereignty. Moreover, the danger of unfair prejudice substantially outweighs any minimal probative value the Order might have and will convert the trial into a referendum on the reasonableness of the presiding judge—rather than the reasonableness of the Defendant's decision to deny coverage.

Plaintiffs' examples of Defendant's exhibits that fall into this category are below. Plaintiff acknowledges that Defendant did not have the opportunity to review these examples before filing.

DX 483, Dkt. 124

DX 484, Dkt. 128

DX 485, Dkt. 129

DX 486, Dkt. 133

**Defendant's Response:**

REVISED JOINT EXHIBIT STIPULATION

In this case, the Honorable Court reached the same conclusion that ASIC did when it evaluated the Policy and other evidence in this case. Introduction of such facts is not a hindsight consideration of information ASIC did not have at the time it made its coverage decision. *See Austero v. Nat'l Cas. Co.*, 84 Cal.App.3d 1, 32 (1978)*, overruled on other grounds by Egan v. Mut. Of Ohama Ins. Co.*, 24 Cal.3d 809, 820 (1979). Rather, it is a *prima facie* evidence that ASIC's considerations and decisions were reasonable in light of the information and law it had at the time it denied coverage. *Morris* 109 Cal.App.4th at 972. Such evidence is highly probative as a matter of law and, therefore, should be admitted in this case. *Id*.

Additionally, Plaintiffs have indicated their intention to inform the jury of the Ninth Circuit's ruling and opinion. Regardless of whether this occurs via evidence or jury instruction, introducing such information into the trial opens the door to allow ASIC to explain the context of the Ninth Circuit's ruling and opinion. Denying ASIC the opportunity to explain the prior findings of The Honorable Court would work an unfair prejudice to ASIC by hiding the full truth from the jury.

To the extent Plaintiffs fear undue prejudice from having the Honorable Court testify at trial, ASIC does not propose that the Court should testify. Fed. R. Evid. 605. Nor has ASIC listed the Honorable Court as a witness. Rather, ASIC suggests that the Court's opinion vis-à-vis Plaintiffs' breach of contract claim **should be read verbatim to the jury.** This should eliminate Plaintiffs' concerns regarding any undue prejudice that might arise from opinions regarding ultimate issues entering the case.

ASIC does not plan to do anything more than to tell the jury of the text of Court's ruling vis-à-vis Plaintiffs' breach of contract claims (e.g. "A court found that…"). ASIC would not presume to bring the Honorable Court into the fray. However, the fact that an impartial factfinder agreed with ASIC's prior claims decision is a highly probative that the jury should consider in evaluating the

REVISED JOINT EXHIBIT STIPULATION

02065\015825\7079898-1/15/20

reasonableness of ASIC's actions. The text of the Court's ruling is the best evidence of what a fair and impartial individual would say about ASIC's reasonableness.

**Category 7:**

Inadmissible hearsay offered by Defendant, including Defendant's expert reports, affidavits and declarations, and Defendant's internal e-mail communications.

**Plaintiffs' Objections:**

Plaintiffs intend to limit their hearsay objections substantially when Defendant is able to provide an exhibit list of reasonable length, but Plaintiffs currently maintain their hearsay objections. Defendant's expert reports, affidavits and declarations from witnesses (such as Pamela Johnson and Peter Williams), and Defendant's internal e-mail communications when offered by Defendant to prove the truth of the matter asserted are all inadmissible hearsay.

Plaintiffs' examples of Defendant's exhibits that fall into this category are below. Plaintiff acknowledges that Defendant did not have the opportunity to review these examples before filing.

DX 491

DX 513

DX 181

DX 339

DX 180

DX 178

**Defendant's Response:**

The Defendant has provided the Plaintiffs with an exhibit list of reasonable length, and awaits the Plaintiffs limiting their hearsay objections to these exhibits. However, Plaintiffs' limitation on their own hearsay objections is irrelevant, because these exhibits are not hearsay. Any assertions made within these exhibits are not being offered to prove the truth of any matter, they are being offered to show

REVISED JOINT EXHIBIT STIPULATION

knowledge and information acted upon. A hearsay statement is an out of court statement offered to prove the truth of the matter asserted. Therefore, these exhibits by definition are not hearsay. Further, even if these exhibits were being offered for the truth, these exhibits would demonstrate the state of the mind of the declarant. Specifically, their the declarant's then existing intent or plan while making a determination as to coverage. Thus, these exhibits would be exception to the hearsay rule under 803(3) as evidence of a then existing state of mind.

Additionally, the internal communications included in these documents were made by a person with knowledge, as these documents were created by employees of the Defendant, who at the time was acting the ordinary course of business when creating these documents. These documents were recorded, in most cases simultaneously, by the Defendant and their recording of these documents would have been done in the regular course of business.  Under Federal Rule of Evidence 803(6) documents such as these, are considered business records and are exceptions to the hearsay rule, and may be admitted to prove the truth of the assertions contained in them.

Finally, these documents are relevant to rebut the Plaintiffs theory that OneBeacon acted in bad faith in making their claim decision. Further, these exhibits are offered to show what the defendant relied upon in making its claim decision and are directly relevant to the underlying facts of loss. They directly address an element that the jury must consider when making their ultimate determination in this action, and tend to make the Plaintiffs' assertion that the Defendant acted in bad faith less likely.

## Defendant's High Priority Objections to Plaintiffs' Exhibit List and Plaintiffs' Responses

## I.   ASIC's Objections to Plaintiffs' Proposed Trial Exhibits

### A.   Objections to Documents Based on Relevance (Scope or Topic)

13

Plaintiffs seek to introduce dozens of documents addressing dates, events, or topics that fall outside the facts giving rise to Plaintiffs claims (e.g. underwriting, policy drafting, etc.) These have no bearing on evaluating whether ASIC's handling of Plaintiffs' claims gives rise to liability for breach of the duty of good faith. Plaintiffs only claims against ASIC are (1) breach of contract, (2) breach of the duty of good faith for failure to pay policy benefit, and (3) breach of the duty of good faith for failure to properly investigate a claim. Nothing in Plaintiffs' First Amended Complaint, or any other relevant document, addresses any other alleged improper conduct. Evaluating these causes of action requires an objective perspective: did ASIC, or did ASIC not, breach these duties vis-à-vis Plaintiffs? Accordingly, any information relating to events other than handling of Plaintiffs' claim has no tendency to make any fact in this case any more or less probable. Accusations as to motive, state of mind, or other theories regarding the basis for ASIC's claims handling decision are nothing more than speculation. Alternatively, any minimal probative value that these documents contain is outweighed by the prejudice that these documents would create for ASIC. Therefore, the following exhibits be excluded under Fed. R. Evid. 401, 402, or 403:

- PX Williams 5 – 6, 9
- PX Crosby 30(b)(6) 1
- PX Crosby 2, 7 – 8, 10
- PX Stone 3
- PX Garber 10
- PX Garber 23
- PX Weiss 45
- PX Ford 290
- PX Ford 318 - 322
- PX Ridgers 408 - 416
- PX Phillips 422 - 428

14

- PX 484
- PX 486 – 487
- PX 489
- PX 511
- PX 531
- PX 534
- PX 671 - 675
- PX 697, 699 - 702
- PX 729 – 736
- PX 804, 808, 810

It bears mention that the admissibility of many of these documents may be addressed via the Court's ruling on several motions in limine. As such, ASIC requests that the Court refrain on entering rulings on the admissibility of these exhibits until after the Court issues such rulings.

**Plaintiffs' Response:**

This category of documents should not be excluded for the reasons stated in Plaintiffs' Opposition to Defendant's Motion in Limine to Exclude Extrinsic Evidence, which Plaintiffs understand will be filed in a joint motion format on or before January 17, 2020.  Underwriting and drafting documents show that the parties clearly intended for terrorism like Hamas's conduct to be covered by the Policy—and not to treat such conduct as "war" or "warlike." These documents are relevant to Plaintiffs' bad faith claim and resulting damages under California law. For instance, the drafting history demonstrates that Plaintiffs ***deleted*** a terrorism exclusion from the draft Policy—one that would have read much more closely on Hamas's conduct than the war exclusions on which Defendant relied in denying coverage. Yet Defendant's claims adjusters did not consult this drafting history as part of their investigation into Plaintiffs' *Dig* claim. *Century Surety Co. v. Polisso*, 139 Cal. App. 4th 922, 949 (2006) (noting bad faith can be shown where the

insurer "unfairly frustrates the agreed common purposes and disappoints the reasonable expectations of the other party thereby depriving that party of the benefits of the agreement"). *See also Universal Cable Prods., LLC v. Atl. Specialty Ins. Co.*, 929 F.3d 1143, 1153, 1154 (9th Cir. 2019) (noting the parties had "actual or constructive notice of the customary usage" of the war exclusions).

Such documents are also relevant to showing the reasonable expectations of the parties at the time of contracting, including what damages "the breaching party should have known" would be covered. *Archdale v. Am. Int'l Specialty Lines Ins. Co.*, 154 Cal. App. 4th 449, 469 (2007) (explaining that recoverable damages "are those that could fairly and reasonably be seen as arising naturally from a breach"). To the extent Defendant suggests breach of contract as a claim still in dispute, the Court has decided as a matter of law that Defendant breached the contract and has advised that motions in limine should not be disguised motions for reconsideration. *See* Dkt. 157, 186.  Defendant's continued efforts to relitigate issues already decided is a waste of time.  Fed. R. Evid. 403.

Because Plaintiffs received Defendant's categories of high priority objections at approximately 8:55 pm PST the night before the noon filing deadline today, Plaintiffs are unable to respond in detail to all of the exhibits listed above and reserve their right to explain their objection in greater detail once they have had a fair opportunity to review Defendant's belated submission.

**B.     ASIC Objects to Untimely Produced Attorneys' Fees Evidence.**

Plaintiffs seek to introduce evidence to support their claim for attorneys' fees. Specifically, Plaintiffs seek to introduce hundreds of pages of invoices for Plaintiffs' legal fees from August 2014 to November 2019, reflecting over $2.9 million in legal fees. However, Plaintiffs did not timely produce many of these attorneys' fee bills or information. Furthermore, any evidence regarding a contingent fee contract has no evidentiary value and only serves to confuse or

16

prejudice the jury. Therefore, these documents should be excluded from evidence on the basis of untimely disclosure and relevance (Fed. R. Evid. 401, 402, 403). These documents may also be resolved via the Court's ruling on motions in limine.

- PX 611
- PX 805 – 807

As noted above, the admissibility of many of these documents may be addressed via the Court's ruling on several motions in limine. As such, ASIC requests that the Court refrain on entering rulings on the admissibility of these exhibits until after the Court issues such rulings.

**Plaintiffs' Response:**

This category of documents should not be excluded for the reasons stated in Plaintiffs' Opposition to Defendant's Motion in Limine Regarding Untimely Disclosure of Expert and Document Production, which Plaintiff understands will be filed in a joint motion format on or before January 17, 2020.

Plaintiffs timely disclosed the category of documents they would rely upon to prove entitlement to attorneys' fees in their Rule 26 disclosures in September 2016. Plaintiffs then timely produced invoices reflecting their attorneys' fees that had been incurred ***before*** the close of fact discovery. The day after fact discovery closed—and after Plaintiffs had produced their invoices—the Court entered summary judgment against Plaintiffs and the case subsequently was litigated on appeal. Once the case was remanded—and this Court spread the mandate— Plaintiffs timely supplemented their production with evidence of attorneys' fees that had been incurred ***after*** the fact discovery cut-off (including Plaintiffs' subsequent contingency fee agreement with Susman Godfrey L.L.P.). Such evidence could not have been produced prior to the fact discovery cut-off because it did not yet exist.

Faced with Plaintiffs' timely production, Defendant apparently suggests that Plaintiffs should have been required to produce their attorneys' invoices on a

REVISED JOINT EXHIBIT STIPULATION

1  rolling and real-time basis to their litigation opponent throughout discovery. But

2  that is not the law. *See Lobatz v. U.S. West Cellular of California, Inc.*, 222 F.3d

3  1142, 1148 (9th Cir. 2000) (declining "to adopt a rule that a district court must

4  grant a request for discovery of contemporaneous time records in every case in

5  which attorney fees are sought"); *Los Angeles Cty. Bd. of Supervisors v. Superior*

6  *Court*, 2 Cal. 5th 282, 288 (2016) ("[I]nvoices for work in pending and active legal

7  matters are so closely related to attorney-client communications that they implicate

8  the heartland of the privilege.").

9  Defendant's assertion that the contingent fee contract is of no evidentiary value is

10  incorrect.  Plaintiffs are entitled to recover their attorneys' contingent fee as *Brandt*

11  fees in connection with their bad faith claim.  *See Cassim v. Allstate Ins. Co.*, 33

12  Cal.4th 780, 811-12 (2004) (addressing the "method of calculating *Brandt* fees,"

13  namely "the method of calculating such damages in a contingent fee context").

14  And Plaintiffs are entitled to try attorney fees to the jury.  *See id.* at 819.

15  Because Plaintiffs received Defendant's categories of high priority objections at

16  approximately 8:55 pm PST the night before the noon filing deadline today,

17  Plaintiffs are unable to respond in detail to all of the exhibits listed above and

18  reserve their right to explain their objection in greater detail once they have had a

19  fair opportunity to review Defendant's belated submission.

20  **C.      ASIC Objects to Certain Portions of Plaintiffs' Damages Evidence.**

21  ASIC further objects to other documents purporting to support Plaintiffs' damages

22  model on the grounds that such documents are improper summaries that have yet

23  to properly authenticated (Fed. R. Evid. 901). These documents also constitute

24  hearsay, as they constitute statements made out of court and are offered for the

25  truth of the matter asserted (Fed. R. Evid. 801, 802). Furthermore, many of these

26  documents cannot constitute business records, as they were created after the denial

27  of Plaintiffs' claim and, therefore, were created in anticipation of litigation (i.e. not

28  regular course of business). Finally, it is possible that the sponsor of these

documents has no personal knowledge of the contents of these documents, much less their accuracy (Fed. R. Evid. 602). Therefore, ASIC objects to the following:

- PX 535 – 542
- PX 547 – 560
- PX 562
- PX 565 - 603
- PX 778 – 803

Despite its objection to these proposed exhibits, ASIC acknowledges that its experts have relied upon these documents as a means to rebut Plaintiffs' damages claims. Therefore, to the extent the Court allows these exhibits into evidence, ASIC does not waive its right to rely upon these exhibits or to use them as evidence at trial.

**Plaintiffs' Response:**

Summaries are admissible to prove their contents.  Fed. R. Evid. 1006.  Plaintiffs are entitled to the opportunity to prove their damages, and sustaining Defendant's objection would require Plaintiffs to present voluminous receipts and other records, at the expense of this Court's and the juror's valuable time. *Cf.* Fed. R. Evid. 1006 Advisory Committee Notes.  This is not what the Federal Rules of Evidence require. *United States v. Rizk*, 660 F.3d 1125, 1131 (9th Cir. 2011) (holding that district court did not abuse its discretion in permitting admission of summary exhibits of financial records). Defendant's objection that "it is possible" that the sponsor of these records has no personal knowledge of their contents is speculative.   Any summaries will be properly authenticated at trial.

Because Plaintiffs received Defendant's categories of high priority objections at approximately 8:55 pm PST the night before the noon filing deadline today, Plaintiffs are unable to respond in detail to all of the exhibits listed above and reserve their right to explain their objection in greater detail once they have had a fair opportunity to review Defendant's belated submission.

REVISED JOINT EXHIBIT STIPULATION
02065\015825\7079898-1/15/20

**D.     ASIC Objects to Evidence of OneBeacon Financial Information.**

ASIC objects to the introduction of any financial information that Plaintiffs seek to introduce regarding OneBeacon Insurance Group, Intact Financial, or other affiliates of ASIC on the basis of relevance (Fed. R. Evid. 401, 402). There is nothing in these documents that is likely to make any fact in this case any more or less probable. Additionally, Plaintiffs do not have any witness who can testify regarding these documents (Fed. R. Evid. 901, 602). Plaintiffs' economic damages expert, Robert Wunderlich, did not opine regarding the amount of punitive damages that would be proper in this case, or any factors the jury should consider in evaluating punitive damages. Therefore, these documents should be excluded from testimony:

- PX 613 – 615
- PX 669
- PX 774 – 777

Similarly, Plaintiffs have designated several documents purporting to contain the financial information for an entity named "White Mountains Insurance Group, LTD." ASIC objects to these exhibits on the basis of relevance (Fed. R. Evid. 401, 402) White Mountains Insurance Group, LTD. is not a party to the instant suit, and is not involved in any of the facts giving rise to the causes of action at issue in this case. Therefore, nothing about White Mountains Insurance Group, LTD.'s financial data has any tendency to make a fact at issue in this case any more or less probable. Furthermore, all facts and data contained therein are necessarily hearsay (Fed. R. Evid. 801, 802). Therefore, the Court should exclude these exhibits from this case:

- PX 617 – 621

**Plaintiffs' Response:**

Evidence of Defendant's financial condition is relevant to support the amount of punitive damages the jury should award Plaintiffs. *Century Sur. Co. v.*

20

02065\015825\7079898-1/15/20

*Polisso*, 139 Cal. App. 4th 922, 960 (2006), *as modified on denial of reh'g* (June 16, 2006); *Mike Davidov Co. v. Issod*, 78 Cal. App. 4th 597, 607 (2000).

Defendant Atlantic is a OneBeacon Insurance Group company, which operates Atlantic and various OneBeacon entities including OneBeacon Entertainment. Defendant has admitted that all of the individuals at any of the OneBeacon entities or Atlantic who were involved in underwriting, issuing, and handling the insurance policy at issue were, at the time of their involvement, acting on behalf of Atlantic. OneBeacon Insurance Group had been a subsidiary of White Mountains Insurance Group, Ltd., until late 2017.

Financial filings, such as 10-Ks, for White Mountain and OneBeacon reflect relevant information about Defendant's financial condition for purposes of punitive damages. SEC filings are self-authenticating public records and Plaintiffs can examine Defendant's current or former employees or corporate representative. *See, e.g.*, *Dreiling v. Am. Exp. Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (taking judicial notice of "SEC filings"); *L.A. Triumph, Inc. v. Ciccone*, 2011 WL 13217374, at * n.5 (C.D. Cal. Feb. 16, 2011) (holding the "Exhibits are, however, self-authenticating public records" and "tak[ing] judicial notice of their existence").

PX669 is the case *OneBeacon Ins. Co. v. T. Wade Welch & Assocs.*, 841 F.3d 669, 674 (5th Cir. 2016).  This document is relevant to showing Defendant's pattern and practice of denying covered claims in bad faith. *See, e.g.*, *Moore v. American United Life Ins. Co.*, 150 Cal. App. 3d 610, 624-25 (1984) (holding evidence was "relevant to establishing a pattern or practice of unreasonable (indeed fraudulent) behavior in the review of insured's claims").

Because Plaintiffs received Defendant's categories of high priority objections at approximately 8:55 pm PST the night before the noon filing deadline today, Plaintiffs are unable to respond in detail to all of the exhibits listed above and

REVISED JOINT EXHIBIT STIPULATION

1   reserve their right to explain their objection in greater detail once they have had a

2   fair opportunity to review Defendant's belated submission.

3   **E.      ASIC Objects to Evidence regarding Policy Non-Renewal.**

4   Plaintiffs seek to introduce evidence of ASIC's discussions regarding non-renewal

5   Plaintiffs' insurance policies.  To the extent applicable, ASIC incorporates all

6   arguments regarding inadmissibility of documents that fall outside the time or

7   scope of Plaintiffs' claims on the basis of relevance (Fed. R. Evid. 401, 402, 403).

8   However, These documents are separate from those listed above under Section A

9   because they are dated at or near the time of ASIC's handling of Plaintiffs' claims.

10  These documents are irrelevant to the causes of action Plaintiffs pleaded. These

11  documents may go to support Plaintiffs' speculation as to ASIC's motives for

12  denying their insurance claim. However, they do not demonstrate any claims

13  handling by ASIC. Therefore, they are irrelevant and should be excluded from

14  admission at trial:

15    • PX Duffy 9

16    • PX 725 – 726

17

18  **Plaintiffs' Response:**

19         These documents should not be excluded for the reasons stated in Plaintiffs'

20  Opposition to Defendant's Motion in Limine to Exclude Extrinsic Evidence, which

21  Plaintiffs understand will be filed in a joint motion format on or before January 17,

22  2020.

23  Evidence of Defendant's non-renewal of the Policy is relevant to Plaintiffs' bad

24  faith and punitive damages claims because it goes to Defendant's motive in

25  denying the claim. *See Grimshaw v. Ford Motor Co.*, 119 Cal. App. 3d 757, 819

26  (Ct. App. 1981) (holding that "a conscious and callous disregard of public safety in

27  order to maximize corporate profits" can support a punitive damages award),

28  *disapproved of on other grounds by Kim v. Toyota Motor Corp.*, 6 Cal. 5th 21, 424

REVISED JOINT EXHIBIT STIPULATION

02065\015825\7079898-1/15/20

P.3d 290 (2018). A jury can infer from Defendant's non-renewal that Defendant was less motivated to be fair to a client it was not worried about retaining. These documents further support the narrative that Defendant was losing money on Plaintiffs' policy and was eager to stop the bleeding.

**F.    ASIC Objects to Miscellaneous Evidence re: Policy Interpretation.**

Plaintiffs seek to introduce into evidence documents to support their contention that the conflict at issue did not constitute a war, or that Hamas does not qualify as a sovereign or quasi-sovereign, or, ultimately, that it was unreasonable for ASIC to deny Plaintiffs' claim. However, there is no testimony or disclosure to support the proposition that ASIC reviewed or considered any of this information in reaching its claims decision. Therefore, these exhibits have no tendency to make the reasonableness of ASIC's claims decision any more or less likely (Fed. R. Evid. 401, 402). Furthermore, Plaintiffs have not identified any witness who either relied upon these exhibits or can authenticate these exhibits (Fed. R. Evid. 901). Lastly, these documents contain out-of-court statements offered for the truth of the matter asserted (Fed. R. Evid. 801, 802). They do not go to show state of mind of any ASIC employees at the time they were evaluating Plaintiffs' insurance claim. Therefore, ASIC moves that the court exclude the following documents:

- PX Stone 12, 14 - 15
- PX 501 – 508
- PX 512 - 513
- PX 514 - 529
- PX 604 – 609
- PX 678 – 696

**Plaintiffs' Response:**

Defendant seeks to have it both ways: it desires to introduce evidence of the supposed common meaning of "war" through documents it never reviewed or

REVISED JOINT EXHIBIT STIPULATION

relied upon but asks that Plaintiffs be prevented from presenting evidence that supports the conclusion that Hamas is not a sovereign or quasi-sovereign and that the conflict did not constitute a war.  Plaintiffs agree that documents that Defendant did not review or consider when making its claim decision are not relevant to Defendant's ***defense*** of bad faith, for the reasons that will be explained in Plaintiffs' Motion in Limine to Preclude Defendant from Contradicting its Denial-of-Coverage Letter. But Plaintiffs are free to show that had Defendant conducted a reasonable investigation, they ***should have uncovered or considered*** additional evidence making clear that Hamas is not a sovereign. It is self-evident that an insurer cannot bury its head in the sand, refuse to consider relevant evidence to a claim, and then prevent the insured from introducing the evidence it ***should have*** considered at trial in order to demonstrate bad faith. *See, e.g.*, *Mariscal v. Old Republic Life Ins. Co.*, 42 Cal. App. 4th 1617, 1624 (1996) ("An insurance company may not ***ignore evidence*** which supports coverage. If it does so, it acts unreasonably toward its insured and breaches the covenant of good faith and fair dealing."); *Frommoethelydo v. Fire Ins. Exchange*, 42 Cal.3d 208, 214-15 (1986) ("[A]n insurer cannot reasonably and in good faith deny payments to its insured ***without fully investigating*** the grounds for its denial.").

Defendant has stipulated to the authenticity of documents produced from Defendant's own files.  Dkt. 56.

Because Plaintiffs received Defendant's categories of high priority objections at approximately 8:55 pm PST the night before the noon filing deadline today, Plaintiffs are unable to respond in detail to all of the exhibits listed above and reserve their right to explain their objection in greater detail once they have had a fair opportunity to review Defendant's belated submission.

**G.     ASIC Objects to Introduction of Pleadings or Discovery Responses.**

Plaintiffs seek to introduce into evidence various pleadings or discovery responses exchanged by the Parties prior to trial. However, ASIC objects to these documents

REVISED JOINT EXHIBIT STIPULATION
02065\015825\7079898-1/15/20

on the basis that they are not proper evidence, lack relevance in light of the fact that they all came after the facts giving rise to Plaintiffs' claim (Fed. R. Evid. 401, 402), lack foundation (Fed. R. Evid. 901), and present a prejudicial value that far outweighs any probative value they might provide. Indeed, any point Plaintiffs wish to make with these exhibits can be made with information contained within these documents can be proven up by other exhibits. Therefore, for the above-referenced above, ASIC moves to exclude the following:

- PX Duffy 5
- PX 656 – 666

**Plaintiffs' Response:**

PX Duffy 5 is Defendant's own sworn interrogatory responses. This is sworn testimony, an admission by a party opponent (Fed. R. Evid. 801), and plainly admissible. Defendant's boilerplate above fails to articulate any reason why such evidence is inadmissible or any authority for the notion that Plaintiffs must use "other exhibits" rather than Defendant's own sworn admissions before the jury.

PX 645-656 are (1) Plaintiffs' Requests for Admission propounded to Defendant and (2) Defendant's responses to those Request for Admission. For the same reason, they are admissible and Defendant offers absolutely zero authority to the contrary.

Because Plaintiffs received Defendant's categories of high priority objections at approximately 8:55 pm PST the night before the noon filing deadline today, Plaintiffs are unable to respond in detail to all of the exhibits listed above and reserve their right to explain their objection in greater detail once they have had a fair opportunity to review Defendant's belated submission.

**II.    Specific Proposed Exhibits Documents to which ASIC Objects.**

- **PX Garber 25: 7/11/14 email from Andrea Garber to Kurt Ford Re: call with Peter (UCP000859)**

25

Plaintiffs seek to introduce this document into evidence However, it contains characterizations of statements made by ASIC employees regarding plaintiffs' claim. The inadmissible statements contained herein are not words from the employees, but rather plaintiffs' characterizations of the employees' words. Therefore, these are classic out of court statements offered for the truth of the matter asserted, and there is no exception. Please refer to ASIC's objection to PX Garber 25, and Plaintiffs' corresponding response, for a concise description of ASIC's objections.

**Plaintiffs' Response:**

This internal e-mail between Andrea Garber and Kurt Ford on July 11, 2014, is not being offered to prove the truth of the matter asserted. Rather, it is relevant to show Plaintiffs' state of mind—namely, when and why they decided to "push" production. Defendant's concern can be easily addressed with a limiting instruction. Moreover, this e-mail was sent in the ordinary course of business and reflects present sense impressions. The statements that Defendant's employees made and that are reflected in the e-mail are admissions by a party opponent.

- **PX Garber 26: 7/11/14 Email From Jeff Wachtel to Mark Binke Re: "Dig" S1 Insurance Claim/Imminent Peril Ucp018048-49**

Plaintiffs seek to introduce this document into evidence However, it contains characterizations of statements made by ASIC employees regarding plaintiffs' claim. The inadmissible statements contained herein are not words from the employees, but rather plaintiffs' characterizations of the employees' words. Therefore, these are classic out of court statements offered for the truth of the matter asserted, and there in no exception. Please refer to ASIC's objection to PX

REVISED JOINT EXHIBIT STIPULATION

02065\015825\7079898-1/15/20

Garber 26, and Plaintiffs' corresponding response, for a concise description of ASIC's objections.

**Plaintiffs' Response:**

As with Exhibit 25 above, this e-mail exchange is offered for a non-hearsay purpose—namely to show when and why Plaintiffs decided to "push" production of *Dig*. The document itself is a business record and reflects present sense impressions. Moreover, statements that Defendant's employees made—including that the claim would be covered as "imminent peril"—are admissions by a party opponent.

- **PX Gutterman 19/PX 610: 8/13/14 Coverage Letter ATL 000087-93**

Plaintiffs seek to introduce into evidence a letter from its attorney, Lucia Coyoca, to ASIC dated on or about August 13, 2014. In this letter, Plaintiffs' attorney states reasons why she believes Plaintiffs' claim should not have been denied, and sets out both facts and legal authority to support her contention. This document is inadmissible for several reasons, including, but not limited to, the fact that it was drafted after ASIC denied Plaintiffs' insurance claim. Therefore, it has no probative value vis-à-vis Plaintiffs' claims in this case. Additionally, the document contains hearsay, inadmissible opinion. Please refer to ASIC's objection to PX Gutterman 19/PX 610, and Plaintiffs' corresponding response, for a concise description of ASIC's objections.

**Plaintiffs' Response:**

Plaintiffs' counsel's letter to ASIC explaining why Plaintiffs' *Dig* claim should have been covered—and explaining why ASIC's prior letter denying

coverage contained numerous errors—is relevant to Plaintiffs' bad faith claim. The fact that Plaintiffs pointed out the reasons why their claim was covered and Defendant failed to reconsider its position or conduct an adequate investigation into the facts identified in that letter is relevant to demonstrating that Defendant acted in bad faith. An insurer's "early closure of investigation and unwillingness to reconsider a denial when presented with evidence of factual errors will fortify a finding of bad faith." *Shade Foods, Inc. v. Innovative Prods. Sales & Marketing, Inc.*, 78 Cal. App. 4th 847, 880 (2000).

Moreover, PX610 is a letter concerning Plaintiffs' attorney fees.  Defendant's objections are non-responsive to PX610.

- **PX Gutterman 21:  File Note History ATL 000001-000161**

ASIC has listed portions of its claim file on its own exhibit list. However, Plaintiffs have listed pages or documents contained within the claim file that ASIC believes are not admissible. Please refer to ASIC's objection to PX Gutterman 21, and Plaintiffs' corresponding response, for a concise description of ASIC's objections.

**Plaintiff's Response:**

Defendant's claim file is unquestionably (1) admissible as an admission by a party opponent, Fed. R. Evid. 801 and (2) relevant to demonstrating Defendant's bad faith in denying Plaintiffs' claim. Defendant fails to offer any persuasive argument to the contrary—nor could it, as its own claims file is directly relevant evidence of its handling of Plaintiffs' claim. Defendant's objection above—and the boilerplate in its chart—fail to identify what supposed "portions" or "pages" are irrelevant or inadmissible.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

REVISED JOINT EXHIBIT STIPULATION

02065\015825\7079898-1/15/20

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | **PX WILLIAMS 1** | Policy | ATL003073-3127 | No objection. | Deemed admitted. |
| * | **PX WILLIAMS 5** | 12/3/13 email from W. Phillips to P. Williams re: Tentative 2014 Production – "Dig" | ATL000794-796 | Relevance (F.R.E. 401, 402) – Preliminary discussions regarding potential production has no bearing on what coverage was afforded to Plaintiffs, or on how ASIC handled Plaintiffs' claim at issue in this case. Nothing about renewal of Plaintiffs' policy has any tendency to make any fact at issue in this case any more or less probable. More prejudicial than probative; waste of | Relevant and admissible to prove damages and bad faith. |

---

[1] * Indicates that Plaintiffs only intend to use the exhibit if the need arises.

[2] In accordance with Local Rule 16.6.1, exhibits numbered at a deposition are referenced by the same exhibit number herein. References to witnesses are for purposes of exhibit identification only; Plaintiffs reserve the right to ask any witness at trial about any exhibit designated herein.

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | time; unnecessarily cumulative. [FRE 403]. | |
| * | PX WILLIAMS 6 | 12/12/13 email from A. Garber to B. Milinovic re: "Dig" Season 1 Application/Declaration | AONNBCU0001478 -1483, AONNBCU0001568 | Hearsay [FRE 801, 802]; Relevance (F.R.E. 401, 402) – Preliminary discussions regarding potential production and underwriting has no bearing on what coverage was afforded to Plaintiffs, or on how ASIC handled Plaintiffs' claim at issue in this case. Nothing about negotiation of Plaintiffs' policy has any tendency to make any fact at issue in this case any more or less probable. More prejudicial than probative; waste of | Offered for a non-hearsay purpose; business record; relevant and admissible to prove damages and bad faith. |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | time; unnecessarily cumulative. [FRE 403]. | |
| * | PX WILLIAMS 9 | 7/10/14 email from W. Phillips to S. Weiss, P. Williams, D. Kizner Re: Urgent – NBCU's "Dig" Claim Question | AONNBCU0000145-150 | Relevance (F.R.E. 401, 402) – Facts discussed in this email chain have only minimal relevance to the facts giving rise to this case, and do not serve as the basis for any cause of action that Plaintiffs assert. Interruption caused by the medical condition of a production crew member is not at issue in this case. | Relevant and admissible to prove damages. Documents Plaintiffs' investment in permanent sets in Israel. |
| * | PX WILLIAMS 10 | 7/15/14 email from M. Arevalo to S. Weiss cc P. Williams, D. Kizner Re: NBCU's "DIG" Season 1 – Imminent claim notification | AONNBCU0000128-130 | No objection. | Deemed admitted. |

REVISED JOINT EXHIBIT STIPULATION

| *1 | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | **PX WILLIAMS 11** | 7/16/14 email from D. Gutterman to P. Johnson, P. Williams cc D. Gutterman Re: NBCU's "DIG" Season 1 – Imminent claim notification | ATL001132-1137, ATL001138-1192 | No objection. | Deemed admitted. |
| * | **PX WILLIAMS 12** | 7/16/14 email from P. Johnson to P. Williams, D. Gutterman cc D. Gutterman re: "DIG" Season 1 – Imminent Peril claim notification (Also Richmond 358) | ATL001101-1105 | No objection. | Deemed admitted. |
| | **PX GUTTERMAN 15** | General Claims Practices | ATL000735-744 | No objection. | Deemed admitted. |
| | **PX GUTTERMAN 16** | Core Principles | ATL000731-732 | No objection. | Deemed admitted. |
| | **PX GUTTERMAN 18** | 7/28/14 coverage letter | ATL000094-101 | No objection. | Deemed admitted. |
| | **PX GUTTERMAN 19** | 8/13/14 Coverage Letter | ATL000087-93 | Relevance (FRE 401, 402), hearsay (FRE 801, 802), improper opinions (FRE 701, 702), more prejudicial | Plaintiffs' response to Defendant's initial coverage letter is relevant to bad faith and |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | than probative, cumulative, and likely to confuse the jury (FRE 403), lack of foundation (FRE 901). | damages.  Plaintiffs explained to Defendant why the war exclusions did not apply but Defendant nonetheless continued to deny coverage.<br><br>Offered for a non-hearsay purpose; admission by a party opponent; business record; Atlantic-produced document admissible to prove bad faith; premature objection, witness will authenticate; document is self-authenticating (FRE 902), document deemed authentic if |

34

02065\015825\7079898-1/15/20

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | | produced from opponent's files. |
| | **PX GUTTERMAN 20** | 9/19/14 Coverage Letter | ATL000705-708 | No objection. | Deemed admitted. |
| | **PX GUTTERMAN 21** | File Note History | ATL000001-000161 | Objections to portions of claim notes, and contents thereof, on the basis of relevance (FRE 401, 402), hearsay (FRE 801, 802), improper opinions (FRE 701, 702), more prejudicial than probative, cumulative, and likely to confuse the jury (FRE 403), lack of foundation (FRE 901). Also object to ATL 0001-0005 as irrelevant in light of the fact that all notes come long after the facts giving rise to the claim, or ASIC's | Defendant's file for the Dig claim is relevant to damages and bad faith.  How Defendant handled the Dig claim goes to the heart of bad faith and, by extension, punitive damages. Admission by party opponent; offered for a non-hearsay purpose; business record; deemed authentic if produced from opponent's files; Atlantic-produced document |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | handling thereof. Further object to 0010 – 0086 on the basis that pleading are not proper evidence; further object to 0087-0093 on the basis of relevance (FRE 401, 402), hearsay (FRE 801, 802), improper opinions (FRE 701, 702), more prejudicial than probative, cumulative, and likely to confuse the jury (FRE 403), lack of foundation (FRE 901); finally object to 107-161 as cumulative and contained in other exhibits. | admissible to prove bad faith; document is self-authenticating (FRE 902); premature objection; witness will authenticate to the extent needed. |
| * | **PX GUTTERMAN 22** | 7/16/14 email from D. Gutterman to D. Gutterman re: "DIG" Season 1 – | ATL001391-1396 | No objection. | Deemed admitted. |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | Imminent Peril claim notification | | | |
| * | **PX GUTTERMAN 23** | 7/17/14 email from P. Johnson to S. Weiss, A. Garber, D. Gutterman cc P. Williams re: Claim Acknowledgment for NBCU's "DIG" Season 1 – Imminent Peril claim notification | AONNBCU0003252 -3255 | No objection. | Deemed admitted. |
| * | **PX GUTTERMAN 24** | 7/17/14 calendar invite from D. Gutterman to D. Gutterman re: Dig Conf Call Dial In | ATL001723 | No objection. | Deemed admitted. |
| * | **PX GUTTERMAN 25** | 7/22/14 email from P. Johnson to S. Weiss, A. Garber, D. Gutterman re: Claim 0AB097918 NBCU Dig | AONNBCU0003242 -3243 | No objection. | Deemed admitted. |
| * | **PX GUTTERMAN 26** | 7/20/14 John Kerry Interview (Cited in Tab 96 Coverage Letter) | | No objection. | Deemed admitted. |
| * | **PX GUTTERMAN 27** | 7/15/14 John Kerry Press Statement – U.S. Condemns | | No objection. | Deemed admitted. |

REVISED JOINT EXHIBIT STIPULATION

02065\015825\7079898-1/15/20

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | Kidnapping of Three Israeli Teenagers (Cited in Tab 96 Coverage Letter) | | | |
| | **PX GUTTERMAN 28** | 7/3/16 email draft to P. Johnson re: 0AB097918 | ATL003211 | No objection. | Deemed admitted. |
| | **PX GUTTERMAN 29** | 7/16/14 email from W. Phillips to D. Gutterman cc R. McFadden re: NBCU's "Dig" | ATL001547-1550 | No objection. | Deemed admitted. |
| | **PX GUTTERMAN 30** | 7/16/14 email from P. Johnson to D. Gutterman re: "DIG" Season 1 – Imminent Peril claim notification | ATL001077-1081 | No objection. | Deemed admitted. |
| * | **PX GOOLEY 31** | 7/17/14 email from T. Gooley to P. Johnson re: Act of War exclusion – Are you available for a short call? | ATL001571-1572 | No objection. | Deemed admitted. |
| * | **PX GOOLEY 32** | 7/18/14 email from S. Duffy to T. Gooley re: Privileged and Confidential | ATL001800-1801 | No objection. | Deemed admitted. |
| * | **PX GOOLEY 33** | 7/28/14 email from P. Johnson to T. Gooley, P. Williams cc C. Paar re: | ATL001847-1855 | No objection. | Deemed admitted. |

REVISED JOINT EXHIBIT STIPULATION

02065\015825\7079898-1/15/20

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | NBC Coverage determination – they want it this morning | | | |
| * | **PX GOOLEY 34** | 7/28/14 email from T. Gooley to P. Johnson re: NBC – DIG – coverage determination.docx | ATL001858-1866 | No objection. | Deemed admitted. |
| * | **PX CROSBY 30(b)(6) 1** | 5/5/17 Amended Notice of Rule 30(b)(6) Deposition of Defendant Atlantic Specialty Insurance Company | | Relevance (F.R.E. 401, 402) – Deposition Notice has no relevance to the jury vis-à-vis what facts were known at the time of the claim, or ASIC handling of Plaintiffs' claim, or any causes of action asserted in this matter. | Relevant and admissible to prove bad faith and damages.  Relevant to explaining to the jury witness's role as corporate representative. |
| * | **PX CROSBY 2** | 2/17/16 One Beacon Insurance Group PowerPoint Presentation Dated February 17, 2015(Also Crosby 3) | ATL006957- 6988 | Hearsay (801, 802); Relevance (401, 402). Document was not created at or before the time of the facts serving as the basis for Plaintiffs' claims. Has | Admission by a party opponent; offered for a non-hearsay purpose; business record; relevant and admissible to prove |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | no tendency to make any fact at issue in this case more or less probable. | bad faith and damages. |
| * | **PX CROSBY 4** | 7/23/14 E-mail from Dennis Crosby to Peter Williams | ATL001829-1831 | No objection. | Deemed admitted. |
| * | **PX CROSBY 5** | 7/23/14 E-mail from Dennis Crosby to Sean Duffy | ATL006946-6948 | No objection. | Deemed admitted. |
| * | **PX CROSBY 6** | 7/31/14 E-mail from Theresa Gooley to Kristin Boller | ATL001923-1938 | No objection. | Deemed admitted. |
| * | **PX CROSBY 7** | 6/5/15 E-mail from Peter Williams to Susan Weiss | ATL002507-2508 | Irrelevant [FRE 401, 402], more prejudicial than probative [FRE 403], hearsay [FRE 801]. Discussions of renewal that date long after the claim have no bearing on Plaintiffs' claims, ASIC's handling thereof, or any causes of action asserted in this lawsuit. | Defendant's decision not to renew the Policy is relevant to bad faith and, by extension, punitive damages. Admission by a party opponent; offered for a non-hearsay purpose; business record. |

02065\015825\7079898-1/15/20

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX CROSBY 8** | 6/8/48 E-mail from Peter Williams to Dennis Crosby | ATL002514-515 | Irrelevant [FRE 401, 402], more prejudicial than probative [FRE 403], hearsay [FRE 801]. Discussions of renewal that came after the claim have no bearing on Plaintiffs' claims, ASIC's handling thereof, or any causes of action asserted in this lawsuit. | Defendant's decision not to renew the Policy is relevant to bad faith and, by extension, punitive damages.<br><br>Relevant and admissible to prove damages and bad faith; admission by a party opponent; offered for a non-hearsay purpose; business record. |
| * | **PX CROSBY 10** | 6/4/15 E-mail from Dennis Crosby to Michael Miller | ATL006949 | Irrelevant [FRE 401, 402], more prejudicial than probative [FRE 403], hearsay [FRE 801]. Discussions of renewal that came after the claim have no bearing on Plaintiffs' claims, ASIC's handling thereof, or | Defendant's decision not to renew the Policy and that Defendant lost money on the Policy are relevant to bad faith and, by extension, punitive damages.<br><br>Relevant and |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | any causes of action asserted in this lawsuit. | admissible to prove damages and bad faith; admission by a party opponent; offered for a non-hearsay purpose; business record. |
| * | PX CROSBY 11 | 7/23/14 E-mail from Peter Williams to Dennis Crosby | ATL001832-1834 | No objection. | Deemed admitted. |
| * | PX STONE 3 | 12/17/12 DICE Producers Portfolio Declarations | | Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Exhibit is declarations page that long pre-dates policy period, and has no relevant to the claim or causes of action at issue in this case. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | Exhibit contains alternative wording of the war exclusions from which jury could draw inferences regarding their customary meaning in the insurance industry.<br><br>Relevant and admissible to prove damages and bad faith. |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | | |
| * | PX STONE 11 | CWS Notes | ATL000733-734 | No objection. | Deemed admitted. |
| * | PX STONE 12 | Atlantic Exclusion of Other Acts of Terrorism Committed Outside of the United States; Cap on Losses from Certified Acts of Terrorism | ATL005269-5274 | Irrelevant [FRE 401, 402], more prejudicial than probative [FRE 403], improper extrinsic or parol evidence. *Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962). ISO Forms not used on policy at issue in this case. | Exhibit contains terrorism exclusions from Defendant's files that Defendant could have sought to add to Plaintiffs' Policy but did not.<br><br>Relevant and admissible to prove damages and bad faith. |
| * | PX STONE 14 | Electronic Data Processing | ATL005278-5281 | Irrelevant [FRE 401, 402], more prejudicial than probative [FRE 403], improper extrinsic or parol evidence. *Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962). ISO Forms not used on policy at issue in this case. | Exhibit contains alternative wording of the war exclusions from which jury could draw inferences regarding their customary meaning in the insurance industry. |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | | Relevant and admissible to prove damages and bad faith. |
| * | **PX STONE 15** | Production Portfolio Policy | ATL005275-5276 | Irrelevant [FRE 401, 402], more prejudicial than probative [FRE 403], improper extrinsic or parol evidence. *Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962). ISO Forms not used on policy at issue in this case. | Exhibit contains alternative wording of the war exclusions from which jury could draw inferences regarding their customary meaning in the insurance industry.<br><br>Relevant and admissible to prove damages and bad faith. |
| * | **PX DUFFY 5** | 4/18/17 Defendant Atlantic Specialty Insurance Company's Third Amended Responses To First Set Of Interrogatories #1-17 Propounded By Plaintiffs | | Discovery requests and responses are not proper evidence; lack of relevance (401, 402); more prejudicial than probative, | Relevant and admissible to prove damages and bad faith; FRE 901 objection is premature, witness |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | Universal Cable Productions LLC And Northern Entertainment Productions LLC | | cumulative, confusing and wasting the jury's time (403); lack of foundation (901). | will authenticate; admission by party opponent. |
| * | PX DUFFY 9 | Excel Spreadsheet "Discontinued Opps" | ATL001695-1709 | Hearsay [FRE 801], irrelevant [FRE 401, 402], more prejudicial than probative, likely to confuse the jury (FRE 403). | Admission by party opponent; offered for a non-hearsay purpose; business record; document deemed authentic if produced from opponent's files; relevant and admissible to prove bad faith and damages. |
| * | PX DUFFY 11 | 7/22/14 E-mail from Theresa Gooley to Sean Duffy | ATL001826-1827 | No objection. | Deemed admitted. |
| * | PX DUFFY 13 | 7/23/14 E-mail from Sean Duffy to Theresa Gooley | ATL001835-1836 | No objection. | Deemed admitted. |
| * | PX JOHNSON 2 | 7/15/14 E-mail from Michael Arevalo to Pamela Johnson | ATL000982-985 | No objection. | Deemed admitted. |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX JOHNSON 3** | 7/15/14 E-mail from Pamela Johnson to Daniel Gutterman | ATL000304-309 | No objection. | Deemed admitted. |
| * | **PX JOHNSON 4** | Internet Archive: Wayback Machine, Israel Travel Advice Accessed January 30, 2017 | | No objection. | Deemed admitted. |
| * | **PX JOHNSON 6** | Israel, The West Bank and Gaza Travel Warning | | No objection. | Deemed admitted. |
| * | **PX JOHNSON 7** | 7/16/14 E-mail from Pamela Johnson to Pamela Johnson | ATL01529-1530 | No objection. | Deemed admitted. |
| * | **PX JOHNSON 12** | 7/28/14 E-mail from Pamela Johnson to Susan Weiss and Andrea Garber | AONNBCU0003085 -3093 | No objection. | Deemed admitted. |
| * | **PX JOHNSON 13** | 9/30/14 E-mail from Pamela Johnson to Lucia Coyoca | ATL002217-2222 | No objection. | Deemed admitted. |
| * | **PX GARBER 6** | 4/24/14 email from A. Gerber to T. Peete and S. Weiss RE: Policy #MP00163-04 for /NBC Universal T_MP00163-04_14_Full.pdf | AONNBCU0000787 | No objection. | Deemed admitted. |
| * | **PX GARBER 8** | 12/11/13 email from Andrea Garber to Bernadette | AONNBCU0001748 -50 | No objection. | Deemed admitted. |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | Milinovic and Wanda Phillips Re: "Dig" Season 1 Application/Declaration | | | |
| * | **PX GARBER 9** | 12/12/13 email from Bernadette Milinovic to Andrea Garber Re: "Dig" Season 1 Application/Declaration | AONNBCU0001494-97 | No objection. | Deemed admitted. |
| * | **PX GARBER 10** | 12/12/13 email from Bernadette Milinovic to Andrea Garber Re: "Dig" Season 1 Application/Declaration | AONNBCU0001501-02 | Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions of underwriting concerns pre-date the facts giving rise to Plaintiffs claim or causes of action, and do not evidence anything relevant to ASIC's handling of Plaintiffs' claims. More prejudicial than | Relevant to the parties' reasonable expectations and understanding of the Policy.  Admissible for the reasons explained in Plaintiffs' opposition to Defendant's motion in limine re extrinsic evidence.<br><br>Relevant and admissible to prove damages and bad faith. |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | probative; waste of time; unnecessarily cumulative. [FRE 403]. | There is no reason for Defendant to object to this exhibit but not object to PX GARBER 8 and 9. |
| * | **PX GARBER 11** | 12/13/13 email from M. Binke to A. Garber, R. Richmond cc. K. Ford, C. Williams Re: "Dig" potential Morocco shoot | AONNBCU0001558 -1561 | No objection. | Deemed admitted. |
| * | **PX GARBER 19** | 11/15/13 email from Wanda Phillips to Susan Weiss and others with attachments Re: NBC 2013 Renewal Quote as of 11-13-13 | AONNBCU0000341 -351 | No objection. | Deemed admitted. |
| * | **PX GARBER 25** | 7/11/14 email from Andrea Garber to Kurt Ford Re: call with Peter | UCP000859 | Hearsay (FRE 801, 802). | Offered for a non-hearsay purpose; business records. |
| * | **PX GARBER 26** | 7/11/14 email from Jeff Wachtel to Mark Binke Re: "Dig" S1 Insurance Claim/Imminent Peril | UCP018048-49 | Hearsay (FRE 801, 802). | Offered for a non-hearsay purpose; business records. |

48

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX GARBER 31** | 2014 - 6/30/2015 NBCU TV Claims – OneBeacon | ATL00459 | No objection. | Deemed admitted. |
| * | **PX GARBER 33** | 7/17/14 email from Mark Binke to Andrea Garber Re: Security update TIMELY | UCP000440 | Hearsay (FRE 801, 802). | Offered for a non-hearsay purpose; business record. |
| * | **PX GARBER 34** | 7/17/14 email from Pamela Johnson to Susan Weiss and others Re: Claim Acknowledgement for NBCU's "DIG" Season 1 – Imminent Peril claim notification | UCP000455-57 | No objection. | Deemed admitted. |
| * | **PX GARBER 36** | 7/28/14 email from Pamela Johnsons to Susan Weiss and Andrea Garber Re: NBC – DIG – coverage determination letter | UCP000374-82 | No objection. | Deemed admitted. |
| * | **PX GARBER 37** | 7/28/14 email from P. Johnson to S. Weiss and A. Garber, Cc. D. Gutterman, DIG - coverage determination | AONNBCU0002769 -2777 | No objection. | Deemed admitted. |
| * | **PX GARBER 38** | Motion Picture/Television Producers Portfolio | ATL001575-1629 | No objection. | Deemed admitted. |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | Declarations OneBeacon Insurance | | | |
| * | **PX GARBER 39** | 11/24/09 email from Susan Weiss to George Walden and Rafael Rivera Re: Policy Language | AONNBCU0000916-946 | No objection. | Deemed admitted. |
| * | **PX WEISS 42** | 12/16/09 email from Martin Ridgers to George Walden, Susan Weiss Re: Martin's Final Form Policy | AONNBCU0003965-66 | No objection. | Deemed admitted. |
| * | **PX WEISS 45** | 3/11/10 email from Susan Weiss to Wanda Phillips Re: NBCU Policy Form mistakes | AONNBCU0001109-1115 | Hearsay (FRE 801, 802); Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions contained in this exhibit long pre-date Plaintiffs' claim, and therefore has no relevance to the facts giving rise to Plaintiffs | Relevant to the parties' reasonable expectations and understanding of the Policy.  Admissible for the reasons explained in Plaintiffs' opposition to Defendant's motion in limine re extrinsic evidence.  Offered for a non- |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | claim or causes of action, and do not evidence anything relevant to ASIC's handling of Plaintiffs' claims. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | hearsay purpose; business record; relevant and admissible to prove bad faith and damages. |
| * | **PX SMITH 157** | 7/8/14 email from S. Smith to R. Richmond, E. Noordeloos cc M. Binke Re: DIG tel aviv in the morning (Also Richmond 379) | UCP001669 | No objection. | Deemed admitted. |
| * | **PX JOHNSON 246** | 7/15/14 E-mail from Pamela Johnson to Peter Williams, Daniel Gutterman | ATL000393-397 | No objection. | Deemed admitted. |
| * | **PX JOHNSON 253** | 7/31/14 E-mail from Andrea Garber to Pamela Johnson copying Susan Weiss and Daniel Gutterman | ATL001917-1918 | No objection. | Deemed admitted. |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX FORD 290** | 10/31/14 email from K. Ford to P. Williams RE: DIG Insurance Meeting | ATL002421-423 | Irrelevant [FRE 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions contained in this exhibit address events that occurred after Plaintiffs' claim and ASIC's handling thereof. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | Admission by party opponent; offered for a non-hearsay purpose; business record; relevant and admissible to prove bad faith and damages. |
| * | **PX FORD 294** | 12/10/13 email from R. Richmond to A. Garber, K. Ford, and C. Williams RE: | UCP_003149 - 151 | No objection. | Deemed Admitted |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | "Dig" - "cast" insurance concerns | | | |
| * | PX FORD 304 | 7/10/14 email from M. Binke to K. Ford Fw: Security Summary | UCP_003312 - 313 | No Objection | Deemed admitted. |
| * | PX FORD 314 | 7/25/14 email from B. Markus to A. Garber RE: Dig - Insurance claim | UCP000458 | No Objection | Deemed admitted. |
| * | PX FORD 318 | Collection of documents of photocopies of a cancelled check, an invoice, an Authority of Payment document, email, and a document entitled, "Regarding Compensation and Taxes" | UCP000310 - 315 | Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions contained in this exhibit address events that have no bearing on the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. The amount of a brokerage check does not make any of | Amounts Plaintiffs paid for coverage are relevant to bad faith and damages. . |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | Plaintiffs' causes of action more likely than not, nor does it have any bearing on the facts giving rise thereto since this document comes after ASIC's claims decision. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | |
| * | PX FORD 319 | Collection of documents of photocopies of a cancelled check, an invoice, an Authority of Payment document, email, and a document entitled, "Regarding Compensation and Taxes" | UCP000296 - 302 | Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions contained in this exhibit address events that have no bearing on the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. | Amounts Plaintiffs paid for coverage are relevant to bad faith and damages. |

REVISED JOINT EXHIBIT STIPULATION

| *¹ | EXHIBIT NO.² | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | The amount of a brokerage check does not make any of Plaintiffs' causes of action more likely than not, nor does it have any bearing on the facts giving rise thereto since this document comes after ASIC's claims decision. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | |
| * | **PX FORD 320** | Collection of documents of photocopies of a cancelled check, an invoice, an Authority of Payment document, email, and a document entitled, "Regarding Compensation and Taxes" | UCP000303 - 309 | Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions contained in this exhibit address events that have no bearing on the facts giving rise to | Amounts Plaintiffs paid for coverage are relevant to bad faith and damages. |

REVISED JOINT EXHIBIT STIPULATION

| *1 | EXHIBIT NO.2 | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | Plaintiffs' claim, or to any causes of action that Plaintiffs assert. The amount of a brokerage check does not make any of Plaintiffs' causes of action more likely than not, nor does it have any bearing on the facts giving rise thereto since this document comes after ASIC's claims decision. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | |
| * | **PX FORD 321** | Collection of documents of photocopies of a cancelled check, an invoice, an Authority of Payment document, email, and a document entitled, "Regarding Compensation and Taxes" | UCP000316 - 322 | Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions contained in this exhibit address | Amounts Plaintiffs paid for coverage are relevant to bad faith and damages. |

REVISED JOINT EXHIBIT STIPULATION

| *¹ | EXHIBIT NO.² | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | events that have no bearing on the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. The amount of a brokerage check does not make any of Plaintiffs' causes of action more likely than not, nor does it have any bearing on the facts giving rise thereto since this document comes after ASIC's claims decision. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | |
| * | **PX FORD 322** | Collection of documents of photocopies of a cancelled check, an invoice, an Authority of Payment document, email, and a | UCP000329 - 327 | Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 | Amounts Plaintiffs paid for coverage are relevant to bad faith and damages. |

REVISED JOINT EXHIBIT STIPULATION

| *¹ | EXHIBIT NO.² | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | document entitled, "Regarding Compensation and Taxes" | | (Cal. Ct. App. 1962)]. Discussions contained in this exhibit address events that have no bearing on the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. The amount of a brokerage check does not make any of Plaintiffs' causes of action more likely than not, nor does it have any bearing on the facts giving rise thereto since this document comes after ASIC's claims decision. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | |
| * | **PX MARKUS-CAFFREY 342** | 6/12/14 email form B. Markus to M. Binke FW: | UCP005411 - 5506 | No Objection | Deemed admitted. |

REVISED JOINT EXHIBIT STIPULATION

02065\015825\7079898-1/15/20

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | DIG - LOCKED BUDGETS - AMORT, PATTERN, PILOT | | | |
| * | **PX MARKUS-CAFFREY 343** | 8/14/14 email from R. Richmond to D. Cleaver, DIG budget notes | UCP009963 - 965 | No Objection | Deemed admitted. |
| * | **PX MARKUS-CAFFREY 344** | "DIG - New Mexico Season 1 - First 5 episodes" | UCP018226 - 227 | No Objection | Deemed admitted. |
| * | **PX RICHMOND 355** | 6/16/14 email from R. Richmond to M. Binke and R. Rothstein, Dig issues !!!!! | UCP001082 | No Objection | Deemed admitted. |
| * | **PX RICHMOND 365** | 7/2/14 email from R. Richmond to S. Smith, Cc. M. Binke, Re: Dig locations | UCP000925 - 926 | No Objection | Deemed admitted. |
| * | **PX RICHMOND 376** | 7/8/14 email from R. Richmond to S. Smith, Cc. M. Binke, DIG !!!!!! | UCP000953 | No Objection | Deemed admitted. |
| * | **PX RICHMOND 377** | 7/8/14 email from R. Richmond to M. Binke, E. Noordeloos, Cc. S. Smith, Re: quick call | UCP002802 - 803 | No Objection | Deemed admitted. |
| * | **PX RICHMOND 378** | 7/8/14 email from R. Richmond to A. Nawi, Cc. L. Benasuly, M. | UCP_003498 - 499 | No Objection | Deemed admitted. |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | Winemaker, A. Navon, S. Smith, M. Binke, DIG alert Tel Aviv tonight !! | | | |
| * | PX RICHMOND 380 | 7/8/14 email from R. Richmond to J. Footlik, M. Binke, R. Smotkin, RE: Sirens in Jerusalem | UCP000652 | No Objection | Deemed admitted. |
| * | PX RICHMOND 381 | 7/8/14 email from R. Richmond to S. Smith, E. Noordeloos, Cc. M. Binke, Dig today!!! | UCP000994 | No Objection | Deemed admitted. |
| * | PX RICHMOND 385 | 7/9/14 email from R. Rothstein to R. Richmond, Cc. M. Binke, S. O'Neill, S. Fung, Re: more DIG CAST | UCP001068 - 069 | No Objection | Deemed admitted. |
| * | PX RICHMOND 388 | 7/9/14 email from R. Richmond to J. Footlik, M. Binke, and R. Smotkin Re: Sirens in Tel Aviv | UCP000992 | No Objection | Deemed admitted. |
| * | PX RICHMOND 390 | 7/9/14 email from R. Richmond to J. Footlik, M. Binke, Cc. R. Smotkin, R. Rothstein, S. Dolcemaschio, Re: Sirens in Tel Aviv | UCP000767 - 768 | No Objection | Deemed admitted. |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX RICHMOND 393** | 7/10/14 email form M. Binke to R. Richmond, Re: DIG scenarios | UCP_003585 - 586 | No Objection | Deemed admitted. |
| * | **PX RICHMOND 394** | 7/11/14 email form T. Cowley to R. Richmond, B. Grey, M. Cowley, A. Grey, Cc. Bob Scwartz, Coming home form Israel | UCP_003493 | No Objection | Deemed admitted. |
| * | **PX RICHMOND 395** | 7/11/14 email from M. Binke to A. Garber, J. Wachtel, Cc. R. Richmond, T. McCarthy, and K. Ford, RE: "Dig" S1 Insurance Claim/Imminent Peril | UCP_003951 | No Objection | Deemed admitted. |
| * | **PX RICHMOND 396** | 7/14/14 email from R. Richmond to M. Binke and B. Markus, RE: DIG costs | UCP_003356 - 357 | No Objection | Deemed admitted. |
| * | **PX RICHMOND 401** | 7/21/14 email from S. Smith to R. Richmond, Re: DIG Security | UCP001606 | No Objection | Deemed admitted. |
| * | **PX RICHMOND 403** | 7/25/14 email from B. markus ot A. Garber, Cc. M. Binke, R. Richmond, and B. Markus, Dig - insurance claim | UCP000880 | No Objection | Deemed admitted. |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX RIDGERS 408** | 12/7/09 email from G. Walden to G. Walden RE: NBC Wording – Coverage Summary/Affidavit Form | AONNBCU0003795 -3865 | Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions contained in this exhibit address events that occurred prior to Plaintiffs' claim and ASIC's handling thereof. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | Relevant and admissible to prove bad faith and damages. Relevant to the parties' reasonable expectations and understanding of the Policy.  Admissible for the reasons explained in Plaintiffs' opposition to Defendant's motion in limine re extrinsic evidence. |
| * | **PX RIDGERS 409** | 12/17/09 email from G. Walden to W. Phillips, M. | AONNBCU 0004125-0004131 | Irrelevant [FRE 401, 402], improper parol or extrinsic evidence | Relevant and admissible to prove bad faith and |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | Ridgers RE: NBC Martin 12-16 final | | [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions contained in this exhibit address events that occurred prior to Plaintiffs' claim and ASIC's handling thereof. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | damages. Relevant to the parties' reasonable expectations and understanding of the Policy.  Admissible for the reasons explained in Plaintiffs' opposition to Defendant's motion in limine re extrinsic evidence. |
| * | **PX RIDGERS 413** | 12/16/09 email from G. Walden to M. Ridgers RE: Martin's_Final_Form_12-15-09 (2). Doc | AONNBCU 0004090-0004124 | Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. | Relevant and admissible to prove bad faith and damages. Relevant to the parties' reasonable |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | Discussions contained in this exhibit address events that occurred prior to Plaintiffs' claim and ASIC's handling thereof. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | expectations and understanding of the Policy.  Admissible for the reasons explained in Plaintiffs' opposition to Defendant's motion in limine re extrinsic evidence. Exhibit contains alternative wording of the war exclusions from which jury could draw inferences regarding their customary meaning in the insurance industry. |
| * | **PX RIDGERS 414** | 12/16/09 email from M. Ridgers to G. Walden , S. Weiss RE: Martin's_Final_Form Rev 1_2009 1216.doc | AONNBCU 0003965-0003997 | Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. | Relevant and admissible to prove bad faith and damages. Relevant to the parties' reasonable |

REVISED JOINT EXHIBIT STIPULATION

02065\015825\7079898-1/15/20

| *¹ | EXHIBIT NO.² | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | Discussions contained in this exhibit address events that occurred prior to Plaintiffs' claim and ASIC's handling thereof. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | expectations and understanding of the Policy.  Admissible for the reasons explained in Plaintiffs' opposition to Defendant's motion in limine re extrinsic evidence. Exhibit contains alternative wording of the war exclusions from which jury could draw inferences regarding their customary meaning in the insurance industry. |
| * | **PX RIDGERS 415** | 12/17/09 email from S. Weiss to G. Walden RE: NBC Martin 12-16 final THIS IS IT | AONNBCU 0003998-0004030 | Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. | Relevant and admissible to prove bad faith and damages. Relevant to the parties' reasonable |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | Discussions contained in this exhibit address events that occurred prior to Plaintiffs' claim and ASIC's handling thereof. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | expectations and understanding of the Policy.  Admissible for the reasons explained in Plaintiffs' opposition to Defendant's motion in limine re extrinsic evidence. Exhibit contains alternative wording of the war exclusions from which jury could draw inferences regarding their customary meaning in the insurance industry. |
| * | **PX RIDGERS 416** | 12/17/09 email from G. Walden to G. Walden RE: Martin's_Final_Form Rev 1_2009 1217.doc | AONNBCU 0004132-0004195 | Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. | Relevant and admissible to prove bad faith and damages. Relevant to the parties' reasonable |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | Discussions contained in this exhibit address events that occurred prior to Plaintiffs' claim and ASIC's handling thereof. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | expectations and understanding of the Policy.  Admissible for the reasons explained in Plaintiffs' opposition to Defendant's motion in limine re extrinsic evidence. Exhibit contains alternative wording of the war exclusions from which jury could draw inferences regarding their customary meaning in the insurance industry. |
| * | PX PHILLIPS 422 | 1/15/2010 email from W. Phillips to S. Weiss NBC Studios Policy-Draft | AONNBCU 0004383-0004410 | Hearsay [FRE 801, 802]; Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. | Offered for a non-hearsay purpose; business record; relevant and admissible to prove bad faith and |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions contained in this exhibit address events that occurred prior to Plaintiffs' claim and ASIC's handling thereof. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | damages. Relevant to the parties' reasonable expectations and understanding of the Policy.  Admissible for the reasons explained in Plaintiffs' opposition to Defendant's motion in limine re extrinsic evidence. |
| * | PX PHILLIPS 423 | 12/3/13 email from W. Phillips to A. Garber RE: Tentative 2014 Production – "Dig" | AONNBCU 0003622-0003625 | Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions contained | Relevant and admissible to prove bad faith and damages. Relevant to the parties' reasonable expectations and |

REVISED JOINT EXHIBIT STIPULATION

| *¹ | EXHIBIT NO.² | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | in this exhibit address events that occurred prior to Plaintiffs' claim and ASIC's handling thereof. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | understanding of the Policy.  Admissible for the reasons explained in Plaintiffs' opposition to Defendant's motion in limine re extrinsic evidence. Budget estimates are relevant to damages. |
| * | **PX PHILLIPS 424** | 12/13/13 email from A. Garber to W. Phillips RE: "Dig" S1 | AONNBCU 0001747 | Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions contained in this exhibit address events that occurred prior to Plaintiffs' | Relevant and admissible to prove bad faith and damages. Relevant to the parties' reasonable expectations and understanding of the Policy.  Admissible for the reasons |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | claim and ASIC's handling thereof. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | explained in Plaintiffs' opposition to Defendant's motion in limine re extrinsic evidence. |
| * | **PX PHILLIPS 425** | 10/13/14 email from B. Milinovic to D. Kizner, W. Phillips RE: DIG "state of the union" 9-19 | ATL002231-002211 | Hearsay (FRE 801, 802); Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions contained in this exhibit address events that occurred after ASIC's handling of Plaintiffs' claim. | Admission by party opponent; offered for a non-hearsay purpose; business record; relevant and admissible to prove bad faith and damages. Budget estimates are relevant to damages. |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | |
| * | PX PHILLIPS 427 | 11/7/14 email from J. Morris to B. Milinovic RE: DIG state of the union 10-29 revised | ATL 002439-002444 | Hearsay (FRE 801, 802); Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions contained in this exhibit address events that occurred after ASIC's handling of Plaintiffs' claim. Nothing contained herein has any | Admission by party opponent; offered for a non-hearsay purpose; business record; relevant and admissible to prove bad faith and damages. Budget estimates are relevant to damages. |

REVISED JOINT EXHIBIT STIPULATION

| *1 | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | |
| | **PX PHILLIPS 428** | One Beacon Insurance Group PowerPoint Presentation Dated February 17, 2016 | ATL006989-007020 | Irrelevant [FRE 401, 402], more prejudicial than probative [FRE 403], hearsay [FRE 801]. Discussions of renewal that date long after the claim have no bearing on Plaintiffs' claims, ASIC's handling thereof, or any causes of action asserted in this lawsuit. | Relevant and admissible to prove bad faith and damages; statement by party opponent; offered for non-hearsay purpose. Admissible for the reasons explained in Plaintiffs' opposition to Defendant's motion in limine re extrinsic evidence. Defendant's decision not to renew the Policy |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | | and that Defendant lost money on the Policy are relevant to bad faith and, by extension, punitive damages. |
| * | **PX 484** | 12/13/13 E-mail from Andrea Garber to Wanda Phillips confirming coverage under renewal policy 1/1/14 | AONNBCU0001747 | Hearsay (FRE 801, 802); Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions contained in this exhibit address events that occurred prior to Plaintiffs' claim and ASIC's handling thereof. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to | Offered for a non-hearsay purpose; business record; relevant and admissible to prove bad faith and damages. Relevant to the parties' reasonable expectations and understanding of the Policy. Admissible for the reasons explained in Plaintiffs' opposition to Defendant's motion in limine re extrinsic evidence. |

REVISED JOINT EXHIBIT STIPULATION

| *¹ | EXHIBIT NO.² | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | any causes of action that Plaintiffs assert. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | |
| * | **PX 486** | 12/20/13 E-mail chain between Andrea Garber, Wanda Phillips and Bernadette Milinovic | AONNBCU0001462 -1466 | Hearsay (FRE 801, 802); Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions contained in this exhibit address events that occurred prior to Plaintiffs' claim and ASIC's handling thereof. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to | Offered for a non-hearsay purpose; business record; relevant and admissible to prove bad faith and damages. |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | any causes of action that Plaintiffs assert. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | |
| * | **PX 487** | 1/13/14 E-mail and attachment to from Andrea Garber to Bernadette Milinovic | AONNBCU0001567-1568 | Hearsay (FRE 801, 802); Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions contained in this exhibit address events that occurred prior to Plaintiffs' claim and ASIC's handling thereof. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to | Offered for a non-hearsay purpose; business record; relevant and admissible to prove bad faith and damages. |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | any causes of action that Plaintiffs assert. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | |
| * | **PX 489** | 01/29/15 Dig Planned and Actual Shoot Schedule | UCP018245 | Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. This schedule is developed after facts giving rise to Plaintiffs' claims. More prejudicial than probative; waste of | Relevant and admissible to prove bad faith and damages. |

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | time; unnecessarily cumulative. [FRE 403]. | |
| * | **PX 490** | 7/09/14 E-mail chain among Stephen Smith, Randi Richmond and Mark Binke | UCP002521-2522 | No Objection. | Deemed admitted. |
| * | **PX 491** | U.S. Dept of State Listing of Foreign Terrorist Organization | UCP000162-165 | No objection. | Deemed admitted. |
| * | **PX 492** | U.S. Dept. of Treasury Press Release Titled "U.S. Designates Five Charities Funding Hamas and Six Senior Hamas Leaders as Terrorist Entities | UCP000178-182 | No objection. | Deemed admitted. |
| * | **PX 493** | U.S. Department of State Fact Sheet | UCP000183-200 | No objection. | Deemed admitted. |
| * | **PX 494** | U.S. Department of State Travel Warning Re Travel to Israel, The West Bank and Gaza, updated 02/03/2014 | UCP035240 – 35243 | No objection. | Deemed admitted. |
| * | **PX 495** | 6/18/14 U.S. Dept of State Daily Press Briefing | UCP000201-215 | No objection. | Deemed admitted. |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 496** | 6/30/14 U.S. Dept of State Daily Press Briefing | UCP000216-229 | No objection. | Deemed admitted. |
| * | **PX 497** | 7/09/14 U.S. Dept of State Daily Press Briefing | UCP000166-177 | No objection. | Deemed admitted. |
| * | **PX 498** | 7/08/14 U.S. Dept of State Daily Press Briefing | UCP000230-245 | No objection. | Deemed admitted. |
| * | **PX 499** | 7/08/14 Daily Briefing by the Department of State Press Secretary | UCP000246-273 | No objection. | Deemed admitted. |
| * | **PX 500** | 7/16/14 U.S. Dept. of State Daily Press Briefing | UCP000279-291 | No objection. | Deemed admitted. |
| * | **PX 501** | Sample of OneBeacon Insurance Policy | UCP035244-35315 | Irrelevant [Fre 401, 402], Improper Parol Or Extrinsic Evidence [*Estate Of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)], Not Yet Properly Authenticated [Fre 901]. Sample Policy is not the Policy at issue, and has no tendency to make any fact at issue | Relevant and admissible to prove bad faith and damages. |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | in this case more or less likely. | |
| * | PX 502 | Merriam Webster Dictionary Definition of "War" | UCP035316 | Irrelevant [401, 402], Not Yet Properly Authenticated [Fre 901]. | Relevant and admissible to prove bad faith; self-authenticating (FRE 902). |
| * | PX 503 | Encyclopedia Britannic Online Definition of "Atomic Bomb" | UCP035317-35326 | Irrelevant [Fre 401, 402], Not Yet Properly Authenticated [Fre 901], Hearsay [Fre 801-802]. | Relevant and admissible to prove bad faith self-authenticating (FRE 902); offered for a non-hearsay purpose; business record. |
| * | PX 504 | U.S. Nuclear Regulatory Commission Glossary Definition of "Radioactivity" | UCP035327 | Irrelevant [Fre 401, 402], Not Yet Properly Authenticated [Fre 901], Hearsay [Fre 801-802]. | Relevant and admissible to prove bad faith self-authenticating (FRE 902); offered for a non-hearsay purpose; business record. |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | PX 505 | U.S. Nuclear Regulatory Commission Glossary Definition of "Atomic Energy" | UCP035328 | Irrelevant [Fre 401, 402], Not Yet Properly Authenticated [Fre 901], Hearsay [Fre 801-802]. | Relevant and admissible to prove bad faith self-authenticating (FRE 902); offered for a non-hearsay purpose; business record. |
| * | PX 506 | Article "How Much did the September 11 Terrorist attack cost America" | UCP035329-35330 | Hearsay (FRE 801, 802); Irrelevant [Fre 401, 402], More Prejudicial Than Probative [Fre 403], Improper Parol Or Extrinsic Evidence [*Estate Of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)], Not Yet Properly Authenticated [Fre 901], Hearsay [Fre 801-802]. | Offered for a non-hearsay purpose; business record; relevant and admissible to prove bad faith; self-authenticating (902). |
| * | PX 507 | Article Timeline: Terror Attacks Linked to Islamists Since 9/11 | UCP035331-35337 | Hearsay (FRE 801, 802); Irrelevant [Fre 401, 402], More | Offered for a non-hearsay purpose; business record; |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | Prejudicial Than Probative [Fre 403], Improper Parol Or Extrinsic Evidence [*Estate Of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)], Not Yet Properly Authenticated [Fre 901], Hearsay [Fre 801-802]. | relevant and admissible to prove bad faith; self-authenticating (902). |
| * | PX 508 | 7/16/14 Remarks of the President on Foreign Policy | UCP000274-278 | If Properly Authenticated [Fre 901], No Objection. | Objection is premature; witness will authenticate; self-authenticating (FRE 902). |
| * | PX 509 | 7/21/14 US Department of State Travel Warning entitled "Israel, The West Bank and Gaza Travel Warning. | UCP000292-295 | No objection. | Deemed admitted. |
| * | PX 510 | Hamas Founding Charter (1988) | UCP035336-35346 | No Objection. | Deemed admitted. |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | The Covenant of the Islamic Resistance Movement | | | |
| * | PX 511 | 12/13/09 E-mail from Martin Ridgers to George Walden and Wanda Phillips | AONNBCU0003902-3903 | Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions contained in this exhibit address events that occurred prior to Plaintiffs' claim and ASIC's handling thereof. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | Relevant and admissible to prove bad faith and damages. |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 512** | Insurance Service Office form number CG 00 02 04 13 | UCP035347-UCP035374 | Irrelevant [401, 402], Improper Parol Or Extrinsic Evidence [*Estate Of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)], Not Yet Properly Authenticated [Fre 901]. ISO Form has no tendency to make any of Plaintiffs' causes of action any more or less true. Plaintiffs do not allege any cause of action against ASIC arising out of the coverage afforded to them, or that ASIC acted in bad faith by writing a policy containing different language from that used in the ISO form. More prejudicial than probative; waste of | Relevant and admissible to prove bad faith and damages. |

REVISED JOINT EXHIBIT STIPULATION

02065\015825\7079898-1/15/20

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | time; unnecessarily cumulative. [FRE 403]. | |
| * | PX 513 | Insurance Service Office form number CG00 20 03 10 | UCP035375-UCP035397 | Irrelevant [401, 402], Improper Parol Or Extrinsic Evidence [*Estate Of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)], Not Yet Properly Authenticated [Fre 901]. ISO Form has no tendency to make any of Plaintiffs' causes of action any more or less true. Plaintiffs do not allege any cause of action against ASIC arising out of the coverage afforded to them, or that ASIC acted in bad faith by writing a policy containing different language from that used in the ISO form. | Relevant and admissible to prove bad faith and damages. |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | |
| * | **PX 514** | 10/28/72 Richard Nixon: Campaign Statement About Crime and Drug Abuse | UCP035398-35399 | Irrelevant [401, 402], More Prejudicial Than Probative [Fre 403], Not Yet Properly Authenticated [Fre 901], Hearsay [Fre 801-802]. | Relevant and admissible to prove bad faith and damages; objection is premature; witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record. |
| * | **PX 515** | 10/02/82 Ronald Reagan Radio Address to the Nation on Federal Drug Policy | UCP035400-35401 | Irrelevant [401, 402], More Prejudicial Than Probative [Fre 403], Not Yet Properly Authenticated [Fre 901], Hearsay [Fre 801-802]. | Relevant and admissible to prove bad faith and damages; objection is premature; witness will authenticate; document is self- |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | | authenticating (FRE 902); offered for a non-hearsay purpose; business record. |
| * | PX 516 | 01/08/64 Lyndon B. Johnson Annual Message to the Congress on the State of the Union | UCP035402-35406 | Irrelevant [401, 402], More Prejudicial Than Probative [Fre 403], Not Yet Properly Authenticated [Fre 901], Hearsay [Fre 801-802]. | Relevant and admissible to prove bad faith and damages; objection is premature; witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record. |
| * | PX 517 | 12/15/16 Bill O' Reilly: War on Christmas won by the good guys, but insurgents remain | UCP 035407 | Irrelevant [401, 402], More Prejudicial Than Probative [Fre 403], Not Yet Properly Authenticated [Fre 901], Hearsay [Fre 801-802]. | Relevant and admissible to prove bad faith and damages; objection is premature; witness will authenticate; |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | | document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record. |
| * | **PX 518** | 12/22/16 Article: Three reasons why the New York Times' War on Christmas denial is all wrong | UCP035408-35409 | Irrelevant [401, 402], More Prejudicial Than Probative [Fre 403], Not Yet Properly Authenticated [Fre 901], Hearsay [Fre 801-802]. | Relevant and admissible to prove bad faith and damages; objection is premature; witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record. |
| * | **PX 519** | 12/19/16 How the War on Christmas Controversy Was Created | UCP035410-35415 | Irrelevant [401, 402], More Prejudicial Than Probative [Fre 403], Not Yet Properly Authenticated [Fre | Relevant and admissible to prove bad faith and damages; objection is premature; witness will |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | 901], Hearsay [Fre 801-802]. | authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record. |
| * | PX 520 | Attack on America: The Insurance Coverage Issue | UCP035416-35424 | Irrelevant [Fre 401, 402], More Prejudicial Than Probative [Fre 403], Improper Parol Or Extrinsic Evidence [*Estate Of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)], Not Yet Properly Authenticated [Fre 901], Hearsay [Fre 801-802]. | Relevant and admissible to prove bad faith and damages; objection is premature; witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record. |
| * | PX 521 | 09/17/01 LA Times Article Act of War Exclusion Doesn't Apply to Attacks Insurers Say | UCP035425 | Irrelevant [Fre 401, 402], More Prejudicial Than Probative [Fre 403], Lack Of Personal Knowledge [Fre 602], | Relevant and admissible to prove bad faith and damages; objection is premature; |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | Speculative, Conclusory, Improper Parol Or Extrinsic Evidence [*Estate Of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)], Not Yet Properly Authenticated [Fre 901], Hearsay [Fre 801-802]. | witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record. |
| * | **PX 522** | Insurance Journal – A look at Invoking War Exclusions | UCP035426 | Irrelevant [Fre 401, 402], More Prejudicial Than Probative [Fre 403], Lack Of Personal Knowledge [Fre 602], Speculative, Conclusory, Improper Parol Or Extrinsic Evidence [*Estate Of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)], Not Yet Properly Authenticated [Fre 901], Hearsay [Fre 801-802]. | Relevant and admissible to prove bad faith and damages; objection is premature; witness will lay proper foundation; witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record. |

89

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 523** | 7/18/14 E-mail from Daniel Gutterman to Himself | ATL00294 | No Objection. | Deemed admitted. |
| * | **PX 524** | 7/16/14 E-mail chain among Daniel Gutterman and Pamela Johnson | ATL000501 | No Objection. | Deemed admitted. |
| * | **PX 525** | 7/16/14 E-mail chain among Daniel Gutterman and Pamela Johnson | ATL001560-1561 | No Objection. | Deemed admitted. |
| * | **PX 526** | 7/17/14 Westlaw Cover E-mail to Pamela Johnson re War Exclusion | ATL001635 | No Objection. | Deemed admitted. |
| * | **PX 527** | 8/28/14 Foreign Policy – Take Away Their Guns – Then We'll Talk | UCP035432-35433 | Irrelevant [Fre 401, 402], More Prejudicial Than Probative [Fre 403], Not Yet Properly Authenticated [Fre 901], Hearsay [Fre 801-802]. | Relevant and admissible to prove damages and bad faith; objection is premature; witness will authenticate the document; self-authenticating (FRE 902); offered for a non-hearsay purpose; business record. |

REVISED JOINT EXHIBIT STIPULATION

02065\015825\7079898-1/15/20

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 528** | 8/9/14 National Post – Gaza's Marvels Of Engineering; Hamas Gunmen Can Live In Tunnels For Weeks | UCP035434-35436 | Irrelevant [Fre 401, 402], More Prejudicial Than Probative [Fre 403], Not Yet Properly Authenticated [Fre 901], Hearsay [Fre 801-802]. | Relevant and admissible to prove damages and bad faith; objection is premature; witness will authenticate the document; self-authenticating (FRE 902); offered for a non-hearsay purpose; business record. |
| * | **PX 529** | 1/7/14 Jerusalem Post – IDF Announces Major Operation in Gaza as Rocket Fire Escalates in South | UCP035437-35439 | Irrelevant [Fre 401, 402], More Prejudicial Than Probative [Fre 403], Not Yet Properly Authenticated [Fre 901], Hearsay [Fre 801-802]. | Relevant and admissible to prove damages and bad faith; objection is premature; witness will authenticate the document; self-authenticating (FRE 902); offered for a non-hearsay purpose; business record. |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 531** | 12/16/09 E-mail from Martin Ridgers to George Walden, Susan Weiss and Wanda Phillips | AONNBCU0004055-4089 | Irrelevant [Fre 401, 402], More Prejudicial Than Probative [Fre 403], Improper Parol Or Extrinsic Evidence [*Estate Of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions contained in this exhibit address events that occurred prior to Plaintiffs' claim and ASIC's handling thereof. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. | Relevant and admissible to prove damages and bad faith. |
| * | **PX 534** | 3/26/10 E-mail from Susan Weiss to Kurt Ford | UCP032892-32935 | Hearsay (FRE 801, 802); Irrelevant [Fre 401, 402], Improper Parol Or Extrinsic | Offered for a non-hearsay purpose; business record; relevant and |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | Evidence [*Estate Of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions contained in this exhibit address events that occurred prior to Plaintiffs' claim and ASIC's handling thereof. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | admissible to prove bad faith and damages. |
| * | **PX 535** | Ledger Detail (17.54-01002 thru 01006, 01080,01085,01086,01088) | UCP018225 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of | Objection is premature; witness will authenticate the document; |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | document is self-authenticating; offered for a non-hearsay purpose; business record; premature objection, witness will lay foundation; document is not a summary created for trial, it is a business record. |
| * | PX 536 | DIG - CROATIA Cost Report 11 TOPSHEET - PE 06242016 | UCP018223 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Objection is premature, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; premature objection, witness will lay foundation; document is not a summary created for |

REVISED JOINT EXHIBIT STIPULATION

| *¹ | EXHIBIT NO.² | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | | trial, it is a business record. |
| * | **PX 537** | Dig Croatia (06 24 16 Cost Report) | UCP018224 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Objection is premature, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; premature objection, witness will lay foundation; document is not a summary created for trial, it is a business record. |
| * | **PX 538** | (8297428-2) | UCP000001 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of | Objection is premature, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | Voluminous Materials [FRE 1006]. | record; premature objection, witness will lay foundation; document is not a summary created for trial, it is a business record. |
| * | PX 539 | DIG - Croatia Locked Budget - 09022014 | UCP013943 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Objection is premature, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; premature objection, witness will lay foundation; document is not a summary created for trial, it is a business record. |
| * | PX 540 | DIG - Day Cost Workbook - 10282014 | UCP018222 | Not Properly Authenticated [FRE 901], Hearsay [FRE | Objection is premature, witness will authenticate; |

REVISED JOINT EXHIBIT STIPULATION
02065\015825\7079898-1/15/20

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; premature objection, witness will lay foundation; document is not a summary created for trial, it is a business record. |
| * | PX 541 | DIG U.S. - Cast Salary spreadsheet | UCP035215 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Objection is premature, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; premature objection, witness will lay foundation; document is not a summary created for |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | | trial, it is a business record. |
| * | **PX 542** | Israel Estimated Salary spreadsheet | UCP035216 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Objection is premature, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; premature objection, witness will lay foundation; document is not a summary created for trial, it is a business record. |
| * | **PX 547** | Ledgers.xlsx | UCP036901 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of | Objection is premature, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | Voluminous Materials [FRE 1006]. | record; premature objection, witness will lay foundation; document is not a summary created for trial, it is a business record. |
| * | **PX 548** | DIG Croatia - Cast | UCP 18228-18236 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Objection is premature, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; premature objection, witness will lay foundation; document is not a summary created for trial, it is a business record. Document was also included on Defendant's exhibit list. |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 549** | DIG Croatia - Fringe | UCP 18237-18238 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Objection is premature, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; premature objection, witness will lay foundation; document is not a summary created for trial, it is a business record.  Document was also included on Defendant's exhibit list. |

REVISED JOINT EXHIBIT STIPULATION

| *1 | EXHIBIT NO.2 | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 550** | DIG Croatia - Stunts | UCP 18239-18243 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Objection is premature, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; premature objection, witness will lay foundation; document is not a summary created for trial, it is a business record.  Document was also included on Defendant's exhibit list. |
| * | **PX 551** | Financial document | UCP 18022 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of | Objection is premature, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay |

REVISED JOINT EXHIBIT STIPULATION

02065\015825\7079898-1/15/20

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | Voluminous Materials [FRE 1006]. | purpose; business record; premature objection, witness will lay foundation; document is not a summary created for trial, it is a business record.  Document was also included on Defendant's exhibit list. |
| * | PX 552 | Financial document | UCP 18003-18021 | Failure to produce financial document in English or provide a certified translation of the document, *Martini E. Ricci Iamino S.P.A. – Consortile Societa Agricola v. Trinity Fruit Sales Co*., 30 F. Supp. 3d 954, 964 (E.D. Cal. 2014), unreliable, not properly authenticated [FRE 901], prejudicial [FRE | Ceritified translation will be available at trial; objection is premature, witness will authenticate; document is self-authenticating (FRE 902); document is relevant and admissible to prove damages and bad faith; offered for a non-hearsay |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | 403], hearsay [FRE 801-802], lack of personal knowledge [FRE 602]. | purpose; business record; premature objection, witness will lay foundation. |
| * | **PX 553** | COA Listing Report | UCP 4048-4075 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; relevant and admissible to prove bad faith and damages; document is not a summary created for trial, it is a business record. |
| * | **PX 554** | Financial document | UCP 18125-18221 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); offered for a |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | Summary Of Voluminous Materials [FRE 1006]. | non-hearsay purpose; business record; objection is premature, witness will lay foundation; document is not a summary created for trial, it is a business record. |
| * | PX 555 | Pilot Locked | UCP 14882-14928 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; objection is premature, witness will lay foundation; document is not a summary created for trial, it is a business record. |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 556** | Pattern Locked | UCP 14836-14881 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; objection is premature, witness will lay foundation; document is not a summary created for trial, it is a business record. |
| * | **PX 557** | Amort Locked | UCP 14780-14818 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; objection is premature, witness |

REVISED JOINT EXHIBIT STIPULATION

02065\015825\7079898-1/15/20

| *1 | EXHIBIT NO.2 | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | | will lay foundation; document is not a summary created for trial, it is a business record. |
| * | **PX 558** | Financial document | UCP 5398-5405 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; objection is premature, witness will lay foundation; document is not a summary created for trial, it is a business record. |
| * | **PX 559** | Financial document | UCP 15850 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge | Premature objection, witness will authenticate; document is self-authenticating (FRE |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | 902); offered for a non-hearsay purpose; business record; objection is premature, witness will lay foundation; document is not a summary created for trial, it is a business record.  Document was also included on Defendant's exhibit list. |
| * | **PX 560** | DIG ALL SERIES LOCKED BUDGET | UCP014765-014779 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; objection is premature, witness will lay foundation; document is not a |

REVISED JOINT EXHIBIT STIPULATION

02065\015825\7079898-1/15/20

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | | summary created for trial, it is a business record.  Document was also included on Defendant's exhibit list. |
| * | PX 562 | DIG HOLIDAY_HIATUS LOCKED BUDGET 6_8_14 | UCP014819-014835 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; objection is premature, witness will lay foundation; document is not a summary created for trial, it is a business record.  Document was also included on defendant's exhibit list. |

REVISED JOINT EXHIBIT STIPULATION

02065\015825\7079898-1/15/20

| *¹ | EXHIBIT NO.² | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 565** | DIG PREP PUSH LOCKED BUDGET | UCP014929-014953 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; objection is premature, witness will lay foundation; document is not a summary created for trial, it is a business record.  Document also appeared on Defendant's exhibit list. |
| * | **PX 566** | DIG WRAP LOCKED BUDGET | UCP014954-014972 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | Voluminous Materials [FRE 1006]. | purpose; business record; objection is premature, witness will lay foundation; document is not a summary created for trial, it is a business record.  Document also appeared on defendant's exhibit list. |
| * | PX 567 | PATTERN BUDGET-S1 Amort | UCP014973-014995 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; objection is premature, witness will lay foundation; document is not a summary created for trial, it is a business |

REVISED JOINT EXHIBIT STIPULATION

02065\015825\7079898-1/15/20

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | | record.  Document also appeared on defendant's exhibit list. |
| * | **PX 568** | PATTERN BUDGET-S1 B4 Amort | UCP014996-015023 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; objection is premature, witness will lay foundation; document is not a summary created for trial, it is a business record.  Document also appeared on defendant's exhibit list. |
| * | **PX 569** | PATTERN BUDGET-S1 B4 Series Pattern | UCP015024-015083 | Not Properly Authenticated [FRE 901], Hearsay [FRE | Premature objection, witness will authenticate; |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; objection is premature, witness will lay foundation; document is not a summary created for trial, it is a business record.  Document also appeared on defendant's exhibit list. |
| * | **PX 570** | PATTERN BUDGET-S1 Prep | UCP015084-015117 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; objection is premature, witness |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | | will lay foundation; document is not a summary created for trial, it is a business record.  Document also appeared on defendant's exhibit list. |
| * | PX 571 | PATTERN BUDGET-S1 Series Pattern Ep.2-6 | UCP015118-015178 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; objection is premature, witness will lay foundation; document is not a summary created for trial, it is a business record.  Document also appeared on |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | | defendant's exhibit list. |
| * | PX 572 | PATTERN BUDGET-S1 Wrap | UCP015179-015208 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; objection is premature, witness will lay foundation; document is not a summary created for trial, it is a business record.  Document also appeared on defendant's exhibit list. |
| * | PX 573 | DIG - Israel Series Recap - 04292015 | UCP016315-016367 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge | Premature objection, witness will authenticate; document is self-authenticating (FRE |

114

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | 902); offered for a non-hearsay purpose; business record; objection is premature, witness will lay foundation; document is not a summary created for trial, it is a business record.  Document also appeared on defendant's exhibit list. |
| * | **PX 574** | DIG - Israel Series Recap - PE 10222015 | UCP016368-016420 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; objection is premature, witness will lay foundation; document is not a |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | | summary created for trial, it is a business record.  Document also appeared on defendant's exhibit list. |
| * | **PX 575** | DIG - New Mexico Series Recap - PE 03192015 | UCP016421-016482 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; objection is premature, witness will lay foundation; document is not a summary created for trial, it is a business record.  Document also appeared on defendant's exhibit list. |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 576** | DIG - New Mexico Series Recap - PE 04172015 | UCP016483-016542 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; objection is premature, witness will lay foundation; document is not a summary created for trial, it is a business record.  Document also appeared on defendant's exhibit list. |
| * | **PX 577** | DIG - New Mexico Series Recap - PE 04272015 | UCP016543-016602 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | Voluminous Materials [FRE 1006]. | purpose; business record; objection is premature, witness will lay foundation; document is not a summary created for trial, it is a business record.  Document also appeared on defendant's exhibit list. |
| * | PX 578 | DIG - New Mexico Series Recap - PE 05082015 | UCP016603-016662 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; objection is premature, witness will lay foundation; document is not a summary created for trial, it is a business |

REVISED JOINT EXHIBIT STIPULATION

02065\015825\7079898-1/15/20

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | | record.  Document also appeared on defendant's exhibit list. |
| * | **PX 579** | DIG - New Mexico Series Recap - PE 05142015 | UCP016663-016722 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; objection is premature, witness will lay foundation; document is not a summary created for trial, it is a business record.  Document also appeared on defendant's exhibit list. |
| * | **PX 580** | DIG - New Mexico Series Recap - PE 06142015 | UCP016723-016781 | Not Properly Authenticated [FRE 901], Hearsay [FRE | Premature objection, witness will authenticate; |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; objection is premature, witness will lay foundation; document is not a summary created for trial, it is a business record.  Document also appeared on defendant's exhibit list. |
| * | **PX 581** | DIG - New Mexico Series Recap - PE 06272015 | UCP016782-016842 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; objection is premature, witness |

REVISED JOINT EXHIBIT STIPULATION

02065\015825\7079898-1/15/20

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | | will lay foundation; document is not a summary created for trial, it is a business record.  Document also appeared on defendant's exhibit list. |
| * | PX 582 | DIG - New Mexico Series Recap - PE 07062016 | UCP016843-016904 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; objection is premature, witness will lay foundation; document is not a summary created for trial, it is a business record.  Document also appeared on |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | | defendant's exhibit list. |
| * | **PX 583** | DIG - New Mexico Series Recap - PE 08112016 | UCP016905-016966 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; objection is premature, witness will lay foundation; document is not a summary created for trial, it is a business record.  Document also appeared on defendant's exhibit list. |
| * | **PX 584** | DIG - New Mexico Series Recap - PE 08222015 | UCP016967-017025 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge | Premature objection, witness will authenticate; document is self-authenticating (FRE |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | 902); offered for a non-hearsay purpose; business record; objection is premature, witness will lay foundation; document is not a summary created for trial, it is a business record.  Document also appeared on defendant's exhibit list. |
| * | **PX 585** | DIG - New Mexico Series Recap - PE 09042015 | UCP017026-017084 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; objection is premature, witness will lay foundation; document is not a |

REVISED JOINT EXHIBIT STIPULATION

02065\015825\7079898-1/15/20

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | | summary created for trial, it is a business record.  Document also appeared on defendant's exhibit list. |
| * | **PX 586** | DIG - New Mexico Series Recap - PE 11222015 | UCP017085-017146 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; objection is premature, witness will lay foundation; document is not a summary created for trial, it is a business record.  Document also appeared on defendant's exhibit list. |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 587** | DIG Israel Series recap 12 30 14 | UCP017147-017200 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; objection is premature, witness will lay foundation; document is not a summary created for trial, it is a business record.  Document also appeared on defendant's exhibit list. |
| * | **PX 588** | Dig Series recap NM 010915 | UCP017201-017254 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay |

125

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | Voluminous Materials [FRE 1006]. | purpose; business record; objection is premature, witness will lay foundation; document is not a summary created for trial, it is a business record.  Document also appeared on defendant's exhibit list. |
| * | **PX 589** | Dig Series recap NM 12114 | UCP017255-017308 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; objection is premature, witness will lay foundation; document is not a summary created for trial, it is a business |

REVISED JOINT EXHIBIT STIPULATION

| *¹ | EXHIBIT NO.² | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | | record.  Document also appeared on defendant's exhibit list. |
| * | **PX 590** | Dig Series recap NM 012315 | UCP017309-017362 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; objection is premature, witness will lay foundation; document is not a summary created for trial, it is a business record.  Document also appeared on defendant's exhibit list. |
| * | **PX 591** | Dig Series recap NM 020415 | UCP017363-017416 | Not Properly Authenticated [FRE 901], Hearsay [FRE | Premature objection, witness will authenticate; |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; objection is premature, witness will lay foundation; document is not a summary created for trial, it is a business record.  Document also appeared on defendant's exhibit list. |
| * | PX 592 | Dig Series recap NM 021315 | UCP017417-017468 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; objection is premature, witness |

REVISED JOINT EXHIBIT STIPULATION

02065\015825\7079898-1/15/20

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | | will lay foundation; document is not a summary created for trial, it is a business record.  Document also appeared on defendant's exhibit list. |
| * | PX 593 | Dig Series recap NM 110114 | UCP017469-017520 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; objection is premature, witness will lay foundation; document is not a summary created for trial, it is a business record.  Document also appeared on |

REVISED JOINT EXHIBIT STIPULATION

02065\015825\7079898-1/15/20

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | | defendant's exhibit list. |
| * | **PX 594** | Dig Series recap NM 110614 | UCP017521-017572 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; objection is premature, witness will lay foundation; document is not a summary created for trial, it is a business record.  Document also appeared on defendant's exhibit list. |
| * | **PX 595** | Dig Series recap NM 110814 | UCP017573-017624 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge | Premature objection, witness will authenticate; document is self-authenticating (FRE |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | 902); offered for a non-hearsay purpose; business record; objection is premature, witness will lay foundation; document is not a summary created for trial, it is a business record.  Document also appeared on defendant's exhibit list. |
| * | **PX 596** | Dig Series recap NM 111414 | UCP017625-017679 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; objection is premature, witness will lay foundation; document is not a |

REVISED JOINT EXHIBIT STIPULATION

02065\015825\7079898-1/15/20

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | | summary created for trial, it is a business record.  Document also appeared on defendant's exhibit list. |
| * | PX 597 | Dig Series recap NM 120614 | UCP017680-017734 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; objection is premature, witness will lay foundation; document is not a summary created for trial, it is a business record.  Document also appeared on defendant's exhibit list. |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | PX 598 | Dig Series recap NM 121314 | UCP017735-017789 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; objection is premature, witness will lay foundation; document is not a summary created for trial, it is a business record.  Document also appeared on defendant's exhibit list. |
| * | PX 599 | Dig Series recap NM 122014 | UCP017790-017842 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | Voluminous Materials [FRE 1006]. | purpose; business record; objection is premature, witness will lay foundation; document is not a summary created for trial, it is a business record.  Document also appeared on defendant's exhibit list. |
| * | PX 600 | Israel DIG  Nov 22nd Recap | UCP017843-017892 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; objection is premature, witness will lay foundation; document is not a summary created for trial, it is a business |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | | record. Document also appeared on defendant's exhibit list. |
| * | **PX 601** | Israel DIG Nov 1 Recap-1 | UCP017893-018001 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; objection is premature, witness will lay foundation; document is not a summary created for trial, it is a business record. Document also appeared on defendant's exhibit list. |
| * | **PX 602** | Series recap 11.14.14 Israel | UCP018002-036890 | Not Properly Authenticated [FRE 901], Hearsay [FRE | Premature objection, witness will authenticate; |

REVISED JOINT EXHIBIT STIPULATION
02065\015825\7079898-1/15/20

| $*_1$ | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; objection is premature, witness will lay foundation; document is not a summary created for trial, it is a business record. |
| * | PX 603 | Cost and Variance Reports | UCP015209-16223 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; objection is premature, witness will lay foundation; document is not a summary created for |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | | trial, it is a business record.  Document also appeared on defendant's exhibit list. |
| * | PX 604 | AL-ASQSA TV Filler Tallies Terror Attacks by Hamas (Memri TV) | UCP036891-036892 | Unreliable, not properly authenticated [FRE 901], irrelevant [FRE 401, 402], highly prejudicial [FRE 403], hearsay [FRE 801-802], failure to timely produce. | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); relevant and admissible to prove damages and bad faith; offered for a non-hearsay purpose; business record; produced at a reasonable time. |
| * | PX 605 | Hamas TV Children's Show Encourages Killing of Jews (Memri TV) | UCP036893-036894 | Unreliable, not properly authenticated [FRE 901], irrelevant [FRE 401, 402], highly prejudicial [FRE 403], hearsay [FRE 801- | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); relevant and admissible to prove |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | 802], failure to timely produce. | damages and bad faith; offered for a non-hearsay purpose; business record; produced at a reasonable time. |
| * | PX 606 | Hamas TV Song in Hebrew: Annihilate All the Zionists Exterminate the Cockroaches' Nest (Memri TV) | UCP036895-036896 | Unreliable, not properly authenticated [FRE 901], irrelevant [FRE 401, 402], highly prejudicial [FRE 403], hearsay [FRE 801-802], failure to timely produce. | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); relevant and admissible to prove damages and bad faith; offered for a non-hearsay purpose; business record; produced at a reasonable time. |
| * | PX 607 | Hamas PM Haniya Extols Martyrdom, Says: We Shall Rock Tel Aviv (Memri TV) | UCP036897-036898 | Unreliable, not properly authenticated [FRE 901], irrelevant [FRE 401, 402], highly prejudicial [FRE 403], hearsay [FRE 801- | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); relevant and |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | 802], failure to timely produce. | admissible to prove damages and bad faith; offered for a non-hearsay purpose; business record; produced at a reasonable time. |
| * | PX 608 | A Mickey Mouse Character on Hamas TV Teaches Children About Islamic Rule of the World (Memri TV) | UCP036899-036325 | Unreliable, not properly authenticated [FRE 901], irrelevant [FRE 401, 402], highly prejudicial [FRE 403], hearsay [FRE 801-802], failure to timely produce. | Premature objection, witness will authenticate; document is self-authenticating (FRE 902); relevant and admissible to prove damages and bad faith; offered for a non-hearsay purpose; business record; produced at a reasonable time. |
| * | PX 609 | First Amended Complaint in the case of *Federal Insurance Company, et al. v. Al Qaida, et al.*, Case No. | UCP036326-036525 | Irrelevant [FRE 401, 402], more prejudicial than probative [FRE 403], failure to timely | Premature objection, witness will authenticate; document is self-authenticating (FRE |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | 1:03-cv-06978-GBD-SN S.D.N.Y.) | | produce, hearsay [FRE 801 and 802]. | 902); relevant and admissible to prove damages and bad faith; offered for a non-hearsay purpose; business record; timely produced. |
| * | PX 610 | 08/12/2014 Letter from Tania Hoff, NBCUniversal to Lucia Coyoca, Mitchell Silberberg & Knupp LLP re: DIG Insurance Claim/One Beacon | UCP036526-036527 | Hearsay [FRE 801-802], failure to timely produce, irrelevant [FRE 401, 402], not properly authenticated [FRE 901]; improper opinions (FRE 701, 702), more prejudicial than probative, cumulative, and likely to confuse the jury (FRE 403). | Offered for a non-hearsay purpose; business record; produced at a reasonable time; relevant and admissible to prove damages and bad faith. |
| * | PX 611 | Mitchell, Silberberg & Knupp invoices to NBC Universal for legal fees and costs re: *Dig* matter | UCP036528-036890 | Hearsay [FRE 801-802], failure to timely produce, irrelevant [FRE 401, 402], not | Offered for a non-hearsay purpose; business record; timely produced; relevant and |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | properly authenticated [FRE 901]. | admissible to prove damages and bad faith. |
| * | **PX 613** | OneBeacon 2011 Form 10-K Statement | UCP036083-036325 | Hearsay [FRE 801-802], failure to timely produce, irrelevant [FRE 401, 402], not properly authenticated [FRE 901]. Nothing about OneBeacon's financial data has any tendency to make a fact at issue in this case more or less likely. More prejudicial than probative, waste of time, cumulative (FRE 403). | Offered for a non-hearsay purpose; business record; timely produced; objection is premature, witness will authenticate; self-authenticating (FRE 902); relevant and admissible to prove bad faith and damages. |
| * | **PX 614** | Atlantic Specialty Insurance Company Annual Statement 2014 | UCP035834-036082 | Hearsay [FRE 801-802], failure to timely produce, irrelevant [FRE 401, 402], not properly authenticated [FRE 901]. Nothing about ASIC's financial | Offered for a non-hearsay purpose; business record; timely produced; objection is premature, witness will authenticate; |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | data has any tendency to make a fact at issue in this case more or less likely. More prejudicial than probative, waste of time, cumulative (FRE 403). | self-authenticating (FRE 902); relevant and admissible to prove bad faith and damages. |
| * | PX 615 | Atlantic Specialty Insurance Company Annual Statement 2015 | UCP035440-035633 | Hearsay [FRE 801-802], failure to timely produce, irrelevant [FRE 401, 402], not properly authenticated [FRE 901]. Nothing about ASIC's financial data has any tendency to make a fact at issue in this case more or less likely. More prejudicial than probative, waste of time, cumulative (FRE 403). | Offered for a non-hearsay purpose; business record; statement by party opponent; objection is premature, witness will authenticate; self-authenticating (FRE 902); relevant and admissible to prove bad faith and damages. |

142

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | PX 617 | 2018-12-31 10-K White Mountains Insurance Group, LTD. | | Hearsay [FRE 801-802], failure to timely produce, irrelevant [FRE 401, 402], not properly authenticated [FRE 901]. White Mountains Insurance Group, LTD. is not a party to the instant suit, and has no involvement in any of the facts giving rise to the causes of action at issue in this case. More prejudicial than probative, waste of time, cumulative (FRE 403). | Offered for a non-hearsay purpose; business record; objection is premature, witness will authenticate; self-authenticating (FRE 902); relevant and admissible to prove bad faith and damages. |
| * | PX 618 | 2017-12-31 10-K White Mountains Insurance Group, LTD. | | Hearsay [FRE 801-802], failure to timely produce, irrelevant [FRE 401, 402], not properly authenticated [FRE 901]. White Mountains Insurance | Offered for a non-hearsay purpose; business record; objection is premature, witness will authenticate; self-authenticating |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | Group, LTD. is not a party to the instant suit, and has no involvement in any of the facts giving rise to the causes of action at issue in this case. More prejudicial than probative, waste of time, cumulative (FRE 403). | (FRE 902); relevant and admissible to prove bad faith and damages. |
| * | PX 619 | 2016-12-31 10-K White Mountains Insurance Group, LTD. | | Hearsay [FRE 801-802], failure to timely produce, irrelevant [FRE 401, 402], not properly authenticated [FRE 901]. White Mountains Insurance Group, LTD. is not a party to the instant suit, and has no involvement in any of the facts giving rise to the causes of action at issue in this case. More | Offered for a non-hearsay purpose; business record; objection is premature, witness will authenticate; self-authenticating (FRE 902); relevant and admissible to prove bad faith and damages. |

144

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | prejudicial than probative, waste of time, cumulative (FRE 403). | |
| * | **PX 620** | 2015-12-31 10-K White Mountains Insurance Group, LTD. | | Hearsay [FRE 801-802], failure to timely produce, irrelevant [FRE 401, 402], not properly authenticated [FRE 901]. White Mountains Insurance Group, LTD. is not a party to the instant suit, and has no involvement in any of the facts giving rise to the causes of action at issue in this case. More prejudicial than probative, waste of time, cumulative (FRE 403). | Offered for a non-hearsay purpose; business record; objection is premature, witness will authenticate; self-authenticating (FRE 902); relevant and admissible to prove bad faith and damages. |
| * | **PX 621** | 2014-12-31 10-K White Mountains Insurance Group, LTD. | | Hearsay [FRE 801-802], failure to timely produce, irrelevant | Offered for a non-hearsay purpose; business record; |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | [FRE 401, 402], not properly authenticated [FRE 901]. White Mountains Insurance Group, LTD. is not a party to the instant suit, and has no involvement in any of the facts giving rise to the causes of action at issue in this case. More prejudicial than probative, waste of time, cumulative (FRE 403). | objection is premature, witness will authenticate; self-authenticating (FRE 902); relevant and admissible to prove bad faith and damages. |
| * | **PX 640** | 6/12/14 Dig Locked Critical Assumptions | UCP007998 | No Objection | Deemed admitted. |
| * | **PX 641** | 6/5/14 "Dig" Locked Pilot | UCP005460-5506 | No Objection | Deemed admitted. |
| * | **PX 642** | 4/30/14 Production Recap Report, Israel Unit | UCP004488 | No Objection | Deemed admitted. |
| * | **PX 643** | 10/23/15 Production Recap Report, Israel Unit | UCP006123 | No Objection | Deemed admitted. |
| * | **PX 644** | 7/8/16 Production Recap Report, First 5 Episodes | UCP010735-736 | No Objection | Deemed admitted. |

REVISED JOINT EXHIBIT STIPULATION

02065\015825\7079898-1/15/20

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 645** | 8/11/16 Production Recap Report, First 5 Episodes | UCP004503-504 | No Objection | Deemed admitted. |
| * | **PX 647** | Black's Law Dictionary (10th ed. 2014), definition of "war" | | No Objection | Deemed admitted. |
| * | **PX 648** | Black's Law Dictionary (10th ed. 2014), definition of "mixed war" | | No Objection | Deemed admitted. |
| * | **PX 649** | BLACK'S LAW DICTIONARY (10th ed. 2014), definition of "military" | | No Objection | Deemed admitted. |
| * | **PX 650** | BLACK'S LAW DICTIONARY (10th ed. 2014), definition of "authority" | | No Objection | Deemed admitted. |
| * | **PX 651** | Military & Armed Forces, MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY (11th ed. 2003), definition of "military" | | No Objection | Deemed admitted. |
| * | **PX 652** | 10A COUCH ON INSURANCE § 152:3 (3d ed. 2017), Definition of War | | No Objection | Deemed admitted. |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 653** | 10A COUCH ON INSURANCE § 152:4 (3d ed. 2017), Definition of Warlike Operations | | No Objection | Deemed admitted. |
| * | **PX 654** | 10A COUCH ON INSURANCE § 152:18 (3d ed. 2017), War Risk Exclusion in the Context of Terrorism, In General | | No Objection | Deemed admitted. |
| * | **PX 655** | 6/24/15 UN Report of the Independent Commission of Inquiry Established Pursuant to Human Rights Council resolution S-21/1 | ATL004914-5097 | No objection. | Deemed admitted. |
| * | **PX 656** | 2/10/17 Plaintiff Universal Cable Productions Llc's First Set Of Requests For Admissions #1-33 To Defendant Atlantic Specialty Insurance Company | | Discovery requests and responses are not proper evidence; lack of relevance (401, 402); more prejudicial than probative, cumulative, confusing and wasting the jury's time (403); lack of foundation (901). | Relevant and admissible to prove bad faith and damages; objection is premature, witness will authenticate; self-authenticating (FRE 902). |

REVISED JOINT EXHIBIT STIPULATION

02065\015825\7079898-1/15/20

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 657** | 3/13/17 Defendant Atlantic Specialty Insurance Company's Objections And Responses To Plaintiff Universal Cable Productions Llc's First Set Of Requests For Admissions #1-33 | | Discovery requests and responses are not proper evidence; lack of relevance (401, 402); more prejudicial than probative, cumulative, confusing and wasting the jury's time (403); lack of foundation (901). | Relevant and admissible to prove bad faith and damages; objection is premature, witness will authenticate; self-authenticating (FRE 902). |
| * | **PX 658** | 3/6/17 Plaintiff Universal Cable Productions Llc's Second Set Of Requests For Admissions #34-35 To Defendant Atlantic Specialty Insurance Company | | Discovery requests and responses are not proper evidence; lack of relevance (401, 402); more prejudicial than probative, cumulative, confusing and wasting the jury's time (403); lack of foundation (901). | Relevant and admissible to prove bad faith and damages; objection is premature, witness will authenticate; self-authenticating (FRE 902). |
| * | **PX 659** | 4/7/17 Defendant Atlantic Specialty Insurance Company's Objections And Responses To Plaintiff Universal Cable Productions | | Discovery requests and responses are not proper evidence; lack of relevance (401, 402); more prejudicial | Relevant and admissible to prove bad faith and damages; objection is premature, |

REVISED JOINT EXHIBIT STIPULATION

02065\015825\7079898-1/15/20

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | Llc's Second Set Of Requests For Admissions # 34-35 | | than probative, cumulative, confusing and wasting the jury's time (403); lack of foundation (901). | witness will authenticate; self-authenticating (FRE 902). |
| * | **PX 660** | 10/5/16 Plaintiffs' First Set Of Interrogatories #1-17 To Defendant Atlantic Specialty Insurance Company | | Discovery requests and responses are not proper evidence; lack of relevance (401, 402); more prejudicial than probative, cumulative, confusing and wasting the jury's time (403); lack of foundation (901). | Relevant and admissible to prove bad faith and damages; objection is premature, witness will authenticate; self-authenticating (FRE 902). |
| * | **PX 661** | 11/11/16 Defendant Atlantic Specialty Insurance Company's Responses To First Set Of Interrogatories #1-17 Propounded By Plaintiffs Universal Cable Productions Llc And Northern Entertainment Productions Llc | | Discovery requests and responses are not proper evidence; lack of relevance (401, 402); more prejudicial than probative, cumulative, confusing and wasting the jury's time (403); lack of foundation (901). | Relevant and admissible to prove bad faith and damages; objection is premature, witness will authenticate; self-authenticating (FRE 902). |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | PX 662 | 12/13/16 Defendant Atlantic Specialty Insurance Company's First Amended Responses To First Set Of Interrogatories  #1-17 Propounded By Plaintiffs Universal Cable Productions Llc And Northern Entertainment Productions Llc | | Discovery requests and responses are not proper evidence; lack of relevance (401, 402); more prejudicial than probative, cumulative, confusing and wasting the jury's time (403); lack of foundation (901). | Relevant and admissible to prove bad faith and damages; objection is premature, witness will authenticate; self-authenticating (FRE 902). |
| * | PX 663 | 2/20/17 Defendant Atlantic Specialty Insurance Company's Second Amended Responses To First Set Of Interrogatories #1-17 Propounded By Plaintiffs Universal Cable Productions Llc And Northern Entertainment Productions Llc | | Discovery requests and responses are not proper evidence; lack of relevance (401, 402); more prejudicial than probative, cumulative, confusing and wasting the jury's time (403); lack of foundation (901). | Relevant and admissible to prove bad faith and damages; objection is premature, witness will authenticate; self-authenticating (FRE 902). |
| * | PX 664 | 2/10/17 Plaintiff Universal Cable Productions Llc's Second Set Of Interrogatories #18-25 To Defendant Atlantic | | Discovery requests and responses are not proper evidence; lack of relevance (401, 402); more prejudicial | Relevant and admissible to prove bad faith and damages; objection is premature, |

REVISED JOINT EXHIBIT STIPULATION

02065\015825\7079898-1/15/20

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | Specialty Insurance Company | | than probative, cumulative, confusing and wasting the jury's time (403); lack of foundation (901). | witness will authenticate; self-authenticating (FRE 902). |
| * | PX 665 | 3/13/17 Defendant Atlantic Specialty Insurance Company's Responses To Second Set Of Interrogatories #18-25 Propounded By Plaintiffs Universal Cable Productions Llc And Northern Entertainment Productions Llc | | Discovery requests and responses are not proper evidence; lack of relevance (401, 402); more prejudicial than probative, cumulative, confusing and wasting the jury's time (403); lack of foundation (901). | Relevant and admissible to prove bad faith and damages; objection is premature, witness will authenticate; self-authenticating (FRE 902). |
| * | PX 666 | OneBeacon Ins. Co. v. T. Wade Welch & Assocs., 841 F.3d 669, 674 (5th Cir. 2016) | | Hearsay [FRE 801], irrelevant [FRE 401, 402]. Nothing from this case is likely to make any fact at issue in this case more or less likely. More prejudicial than probative; waste of | Offered for a non-hearsay purpose; relevant and admissible to prove bad faith and damages. |

REVISED JOINT EXHIBIT STIPULATION

02065\015825\7079898-1/15/20

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | time; unnecessarily cumulative. [FRE 403]. | |
| * | PX 667 | 2/10/15 Congressional Research Service, The Palestinians: Background and U.S. Relations | ATL005135-5183 | No objection. | Deemed admitted. |
| * | PX 669 | Atlantic's profit / paid claims figures in connection with the Insured's policies for the years 2010 through 2015. | ATL005268 | Irrelevant [FRE 401, 402]. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than probative, waste of time, cumulative (FRE 403). | Relevant and admissible to prove bad faith and damages. |
| * | PX 671 | "Form policy" including prong 4 of war exclusion | AONNBCU0004134-164 | Irrelevant [FRE 401, 401, 402] Nothing contained in this exhibit has any relevance to the facts giving rise to Plaintiffs' claim, or to | Relevant and admissible to prove bad faith and damages. |

153

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | any causes of action that Plaintiffs assert. More prejudicial than probative, waste of time, cumulative (FRE 403). | |
| * | **PX 673** | 11/15/13 email from W. Phillips to S. Weiss, A. Garber, and T. Peete, NBC 2013 Renewal Quote as of 11-13-2013 | ATL000764-766 | Irrelevant [FRE 401, 401, 402] Discussions contained in this exhibit address events that occurred prior to Plaintiffs' claim and ASIC's handling thereof. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than probative, waste of time, cumulative (FRE 403). | Relevant and admissible to prove bad faith and damages. |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 674** | 12/11/13 email from B. Milinovic to A. Garber, RE: "Dig" Season 1 Application/Declaration | ATL000405-406 | Irrelevant [FRE 401, 401, 402] Discussions contained in this exhibit address events that occurred prior to Plaintiffs' claim and ASIC's handling thereof. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than probative, waste of time, cumulative (FRE 403). | Relevant and admissible to prove bad faith and damages. |
| * | **PX 675** | 1/13/14 email from B. Milinovic to A. Garber, RE: "Dig" S1 - 2014 Application/Declaration | ATL000438 | Irrelevant [FRE 401, 401, 402] Discussions contained in this exhibit address events that occurred prior to Plaintiffs' claim and ASIC's handling thereof. Nothing | Relevant and admissible to prove bad faith and damages. |

REVISED JOINT EXHIBIT STIPULATION

02065\015825\7079898-1/15/20

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than probative, waste of time, cumulative (FRE 403). | |
| * | **PX 676** | 7/17/14 Event invitaiton organized by P. Johnson, "Canceled: War Exclusion - Israel/Hamas Conflict" | ATL001567 | No Objection | Deemed admitted. |
| * | **PX 677** | 7/17/14 Event invitaiton organized by P. Johnson, "War Exclusion - Israel/Hamas Conflict" | ATL001568 | No Objection | Deemed admitted. |
| * | **PX 678** | Background & Overview of Hamas <http://www.jewishvirtuallibrary.org/background-and-overview-of-hamas)> | _ | Hearsay [FRE 801], irrelevant [FRE 401, 402]. | Offered for a non-hearsay purpose; relevant to prove bad faith and damages. |

REVISED JOINT EXHIBIT STIPULATION

02065\015825\7079898-1/15/20

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 679** | Designated Foreign Terrorist Organizations <http://www.state.gov/j/ct/rls/other/des/123085.htm> | - | Hearsay [FRE 801], irrelevant [FRE 401, 402]. | Offered for a non-hearsay purpose; relevant to prove bad faith and damages. |
| * | **PX 680** | Australian National Security - Terrorist Organizations <https://www.nationalsecurity.gov.au/Listedterroristorganisations/Pages/HamassIzzal-Dinal-QassamBrigades.aspx> | - | Hearsay [FRE 801], irrelevant [FRE 401, 402]. | Offered for a non-hearsay purpose; relevant to prove bad faith and damages. |
| * | **PX 681** | https://www.publicsafety.gc.ca/cnt/ntnl-scrt/cntrtrrrsm/lstd-ntts/crrnt-lstd-ntts-en.aspx | - | Hearsay [FRE 801], irrelevant [FRE 401, 402]. | Offered for a non-hearsay purpose; relevant to prove bad faith and damages. |
| * | **PX 682** | http://eur-lex.europa.eu/legalcontent/EN/TXT/PDF/?uri=CELEX:32017D0154&from=EN | - | Hearsay [FRE 801], irrelevant [FRE 401, 402]. | Offered for a non-hearsay purpose; relevant to prove bad faith and damages. |
| * | **PX 683** | List of Terrorist Organizations and Individuals (Israel) | - | Hearsay [FRE 801], irrelevant [FRE 401, 402]. | Offered for a non-hearsay purpose; relevant to prove |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | \<http://www.justice.gov.il/En/Units/FBPS/DNFBPDuties/Pages/List-of-Terrorist-Organizations-and-Individuals.aspx> | | | bad faith and damages. |
| * | PX 684 | Implementation of the Measures including the Freezing of Assets against Terrorists and the Like (Japan) \<http://www.mofa.go.jp/announce/announce/2002/7/0705.html> | - | Hearsay [FRE 801], irrelevant [FRE 401, 402]. | Offered for a non-hearsay purpose; relevant to prove bad faith and damages. |
| * | PX 685 | Q&A: What is Hamas? \<http://www.cnn.com/2012/11/16/world/meast/hamas-explainer/> | - | Hearsay [FRE 801], irrelevant [FRE 401, 402]. | Offered for a non-hearsay purpose; relevant to prove bad faith and damages. |
| * | PX 686 | The National Counterterroism Center \<https://www.nctc.gov/site/groups/hamas.html> | - | Hearsay [FRE 801], irrelevant [FRE 401, 402]. | Offered for a non-hearsay purpose; relevant to prove bad faith and damages. |
| * | PX 687 | 7/16/14 email from P. Johnson to T. Gooley, Act | ATL001555 | No Objection | Deemed admitted. |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | of War exclusion - Are you available for a short call? | | | |
| * | PX 688 | Holiday Inns Inc. v. Aetna Insurance Company et al | ATL001636-686 | No objection. | Deemed admitted. |
| * | PX 689 | No longer on website--U.S. Department of State, Daily Press Briefing, Washington, DC, June 16, 2014 <http://www.state.gov/r/pa/prs/dpb/2014/07/229360.htm> | _ | Hearsay [FRE 801], irrelevant [FRE 401, 402]. | Offered for a non-hearsay purpose; relevant to prove bad faith and damages. |
| * | PX 690 | The White House, Remarks by the President on Foreign Policy, July 16, 2014 <https://www.whitehouse.gov/the-press-office/2014/07/16/remarkspresident-foreign-policy link expired but available at https://www.politico.com/story/2014/07/obamas-foreign-policy-remarks-transcript-video-109014 > | | Hearsay [FRE 801], irrelevant [FRE 401, 402]. | Offered for a non-hearsay purpose; relevant to prove bad faith and damages. |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 691** | 7/18/14 email to/from D. Gutterman | ATL000294 | No objection. | Deemed admitted. |
| * | **PX 692** | The Impact of 9/11 on Politics and War: The Day that Changed Everything? Palgrave Macmillan. p. 222. ISBN 0-230-60763-2. Carter, Shan; Cox, A. "One 9/11 Tally: $3.3 Trillion." Retrieved September 14, 2015. | | Hearsay [FRE 801], irrelevant [FRE 401, 402]. | Offered for a non-hearsay purpose; relevant to prove bad faith and damages. |
| * | **PX 693** | Wikipedia- Sponsors of Terrorism <https://en.wikipedia.org/wiki/State_Sponsors_of_Terrorism> | - | Hearsay [FRE 801], irrelevant [FRE 401, 402]. | Offered for a non-hearsay purpose; relevant to prove bad faith and damages. |
| * | **PX 694** | Hamas: Government or Terrorist Organization (NPR) <http://www.npr.org/2006/12/06/6583080/hamas-government-or-terroristorganization> | - | Hearsay [FRE 801], irrelevant [FRE 401, 402]. | Offered for a non-hearsay purpose; relevant to prove bad faith and damages. |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 695** | Op-ed: Hamas has the blood of three young boys on its hands, dated 7/5/14 (Ted Cruz) <https://www.cruz.senate.gov/?p=press_release&id=1860> | _ | Hearsay [FRE 801], irrelevant [FRE 401, 402]. | Offered for a non-hearsay purpose; relevant to prove bad faith and damages. |
| * | **PX 696** | Wikipedia- War as a metaphor <https://en.wikipedia.org/wiki/War_as_metaphor> | _ | Hearsay [FRE 801], irrelevant [FRE 401, 402]. | Offered for a non-hearsay purpose; relevant to prove bad faith and damages. |
| * | **PX 697** | Television Insurance Application | ATL000437 | Hearsay [FRE 801, 802]; Relevance (F.R.E. 401, 402) – Preliminary discussions regarding potential production and underwriting has no bearing on what coverage was afforded to Plaintiffs, or on how ASIC handled Plaintiffs' claim at issue in this case. | Admission by party opponent; offered for a non-hearsay purpose; business record; relevant and admissible to prove bad faith and damages. |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | Nothing about negotiation of Plaintiffs' policy has any tendency to make any fact at issue in this case any more or less probable. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | |
| * | PX 698 | 7/15/14 email from P. Johnson to P. Williams, FW: NBCU's "DIG" season 1 - Imminent Peril claim application | ATL000518-523 | No Objection. | Deemed admitted. |
| * | PX 699 | 11/15/13 email from W. Philips to A. Garber, S. Weiss, and T. Peete, FW NBV 2013 Renewal Quote as of 11-13-2013 | ATL000749-751 | Irrelevant [FRE 401, 401, 402] Discussions contained in this exhibit address events that occurred prior to Plaintiffs' claim and ASIC's handling thereof. Nothing contained herein has | Relevant and admissible to prove bad faith and damages. |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than probative, waste of time, cumulative (FRE 403). | |
| * | **PX 700** | 12/10/13 email from R. Richmond to A. Garber, K. Ford, and C. Williams, RE: "Dig" - "cast" insurance concerns | AONNBCU0001399 -1401 | Hearsay (FRE 801, 802); Irrelevant [FRE 401, 401] Discussions contained in this exhibit address events that occurred prior to Plaintiffs' claim and ASIC's handling thereof. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than probative, waste of | Offered for a non-hearsay purpose; business record; relevant and admissible to prove bad faith and damages. |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | time, cumulative (FRE 403). | |
| * | **PX 701** | 12/13/13 email from A. Garber to R. Richmond, RE: "Dig" potential Morocco shoot | AONNBCU0001516-519 | Hearsay (FRE 801, 802); Irrelevant [FRE 401, 402] Discussions contained in this exhibit address events that occurred prior to Plaintiffs' claim and ASIC's handling thereof. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than probative, waste of time, cumulative (FRE 403). | Offered for a non-hearsay purpose; business record; relevant and admissible to prove bad faith and damages. |
| * | **PX 702** | 2/20/14 email from B. Milinovic to A. Garber, RE: "Dig" - Further production dates | ATL000402-403 | Irrelevant [FRE 401, 402] Discussions contained in this exhibit address events | Relevant and admissible to prove bad faith and damages. |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | that occurred prior to Plaintiffs' claim and ASIC's handling thereof. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than probative, waste of time, cumulative (FRE 403). | |
| * | **PX 703** | 7/15/14 email from P. Johnson to D. Gutterman, RE: NBCU's "DIG" Season 1 - Imminent Peril claim notification | ATL000295-299 | No Objection | Deemed admitted. |
| * | **PX 704** | 7/15/14 email from D. Williams to D. Gutterman Re: NBCU's "DIG" Season 1 - Imminent Peril claim notification | ATL000300-303 | No Objection | Deemed admitted. |

REVISED JOINT EXHIBIT STIPULATION

02065\015825\7079898-1/15/20

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | PX 705 | 7/15/14 Email from D. Gutterman to P. Johnson FW: NBCU's "DIG" Season 1 - Imminent Peril claim notification | ATL000325-328 | No Objection | Deemed admitted. |
| * | PX 706 | 7/15/14 email from M. Arevalo to S. Weiss FW: NBCU's "DIG" Season 1 - Imminent Peril claim notification | ATL000986-989 | No Objection | Deemed admitted. |
| * | PX 707 | 7/16/14 email from P. Johnson to D. Gutterman, "Sources on Israel/Hamas conflict" | ATL000322 | No Objection | Deemed admitted. |
| * | PX 708 | 7/16/14 email from D. Williams to D. Gutterman RE: NBCU's "DIG" Season 1 - Imminent Peril claim notification | ATL001111-115 | No Objection | Deemed admitted. |
| * | PX 709 | 7/16/14 Email to/from D. Gutterman, FW: NBCU's "DIG" Season 1 - Imminent Peril claim notification | ATL001329-335 | No Objection | Deemed admitted. |
| * | PX 710 | 7/16/14 Email to/from P. Johnson, Hamas | ATL001529-530 | No Objection | Deemed admitted. |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | PX 711 | 7/16/14 Invitation from D. Gutterman, NBC - DIG Claim | ATL001531 | No Objection | Deemed admitted. |
| * | PX 712 | 7/16/14 Invitation from S. Duffy, Accepted: War Exclusion - Israel/Hamas Conflict | ATL001565 | No Objection | Deemed admitted. |
| * | PX 713 | 7/17/14 email from S. Weiss to D. Gutterman and P. Johnson, FW: Claim Acknowledgement for NBCU's "DIG" Season 1 - Imminent Peril claim notification | ATL000310-311 | No Objection | Deemed admitted. |
| * | PX 714 | 7/17/14 Invitation from T. Gooley, "Declined: War Exclusion - Israel/Hamas conflict" | ATL001566 | No Objection | Deemed admitted. |
| * | PX 715 | NBCU's Insurance Policy | ATL001744-1798 | No Objection | Deemed admitted. |
| * | PX 716 | 7/18/14 email to/from D. Gutterman | ATL000502 | No Objection | Deemed admitted. |
| * | PX 717 | 7/20/14, MSNBC search: "gaza war" | ATL000312-319 | No Objection | Deemed admitted. |

167

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 718** | 7/21/14 Invitation from P. Johnson to T. Gooley, "Call to discuss War Exclusion" | ATL001808 | No Objection | Deemed admitted. |
| * | **PX 719** | 7/23/14 email from D. Gutterman to P. Johnson, "Some interesting articles…" | ATL001828 | No Objection | Deemed admitted. |
| * | **PX 720** | 7/25/14 email from P. Johnson to S. Weiss RE: 0AB097918 NBCU "Dig" | ATL000323-324 | No Objection | Deemed admitted. |
| * | **PX 721** | 7/25/14 email from S. Weiss to P. Johnson RE: 0AB097918 NBCU "Dig" | ATL000398-399 | No Objection | Deemed admitted. |
| * | **PX 722** | 7/28/14 email from P. Johnson to S. Weiss and A. Garber, "DIG - coverage determination" | ATL000384 | No Objection | Deemed admitted. |
| * | **PX 723** | 7/28/14 email from P. Johnson to S. Weiss and A. Garber, "NBC - DIG - coverage determination letter" | ATL000503 | No Objection | Deemed admitted. |
| * | **PX 724** | 7/28/14 Email to/from P. Johnson, "DIG" | ATL001877 | No Objection | Deemed admitted. |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 725** | 7/29/14 email from P. Johnson to T. Gooley, "OBE- LLRT - July 2014.xlsm" | ATL001907 | Hearsay [FRE 801], irrelevant [FRE 401, 402]. | Admission by party opponent; offered for a non-hearsay purpose; business record; relevant and admissible to prove bad faith and damages. |
| * | **PX 726** | OBE - LLRT - July 2014.xlsm | ATL001908-909 | Hearsay [FRE 801], irrelevant [FRE 401, 402]. | Admission by party opponent; offered for a non-hearsay purpose; business record; relevant and admissible to prove bad faith and damages. |
| * | **PX 727** | 7/30/14 email from A. Garber to P. Johnson, "NBC - DIG - coverage determination letter" | ATL000512 | Hearsay (FRE 801, 802), improper opinions (FRE 701, 702), more prejudicial than probative, cumulative, and likely to confuse the jury (FRE 403), lack of foundation (FRE 901). | Admission by party opponent; offered for a non-hearsay purpose; business record; Atlantic-produced document admissible to prove bad faith; relevant and admissible to |

REVISED JOINT EXHIBIT STIPULATION

02065\015825\7079898-1/15/20

| *¹ | EXHIBIT NO.² | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | | prove bad faith and damages; objection is premature; witness will authenticate; self-authenticating (FRE 902). |
| * | **PX 728** | 7/30/14 email from P. Johnson to S. Weiss, "NBCU - DIG claim" | ATL001910 | No Objection | Deemed admitted. |
| * | **PX 729** | 9/10/14 email from W. Philips to D. Kizner, RE: "DIG" - Season 1 -update Croatia/Albuquerque | ATL000267-268 | Hearsay (FRE 801, 802); Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions contained in this exhibit address events that occurred after ASIC's handling of Plaintiffs' claim. Nothing contained herein has any | Admission by party opponent; offered for non-hearsay purpose; business record; relevant and admissible to prove bad faith and damages. |

REVISED JOINT EXHIBIT STIPULATION

| *¹ | EXHIBIT NO.² | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | |
| * | **PX 730** | 9/10/14 email from B. Milinovic to W. Phillips, FW: "DIG" - Season 1 - update Croatia/Albuquerque | ATL000269-271 | Hearsay (FRE 801, 802); Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions contained in this exhibit address events that occurred after ASIC's handling of Plaintiffs' claim. Nothing contained herein has any relevance to the facts giving rise to | Admission by party opponent; offered for non-hearsay purpose; business record; relevant and admissible to prove bad faith and damages. |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | |
| * | PX 731 | 9/12/14 email from B. Milinovic to W. Phillips, FW: "DIG" - Season 1 - update Croatia/Albuquerque | ATL000276-278 | Hearsay (FRE 801, 802); Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions contained in this exhibit address events that occurred after ASIC's handling of Plaintiffs' claim. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action | Admission by party opponent; offered for non-hearsay purpose; business record; relevant and admissible to prove bad faith and damages. |

172

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | that Plaintiffs assert. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | |
| * | **PX 732** | 9/15/14 email from P. Johnson to S. Weiss, RE: DIG Extra Expense Claim | ATL002139-145 | Hearsay (FRE 801, 802); Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions contained in this exhibit address events that occurred after ASIC's handling of Plaintiffs' claim. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than | Admission by party opponent; offered for non-hearsay purpose; business record; relevant and admissible to prove bad faith and damages. |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | probative; waste of time; unnecessarily cumulative. [FRE 403]. | |
| * | PX 733 | 10/10/14 email from B. Milinovic to D. Kizner and W. Philips RE: DIG 'state of the union' 9-19 | ATL000453-455 | Hearsay (FRE 801, 802); Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions contained in this exhibit address events that occurred after ASIC's handling of Plaintiffs' claim. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than probative; waste of | Admission by party opponent; offered for non-hearsay purpose; business record; relevant and admissible to prove bad faith and damages. |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | time; unnecessarily cumulative. [FRE 403]. | |
| * | PX 734 | 11/6/14 email from J. Morris to B. Milinovic RE: DIG state of the union 10-29 revised | ATL000460 | Hearsay (FRE 801, 802); Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions contained in this exhibit address events that occurred after ASIC's handling of Plaintiffs' claim. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | Admission by party opponent; offered for non-hearsay purpose; business record; relevant and admissible to prove bad faith and damages. |

REVISED JOINT EXHIBIT STIPULATION

02065\015825\7079898-1/15/20

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| * | **PX 735** | Television Insurance Application | ATL000293 | Hearsay (FRE 801, 802); Irrelevant [FRE 401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)]. Discussions contained in this exhibit address events that occurred before ASIC's handling of Plaintiffs' claim. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than probative; waste of time; unnecessarily cumulative. [FRE 403]. | Admission by party opponent; offered for non-hearsay purpose; business record; relevant and admissible to prove bad faith and damages. |
| * | **PX 736** | 12/20/13 email from A. Garber to B. Milinovic RE: | ATL000407-411 | Hearsay (FRE 801, 802); Irrelevant [FRE | Admission by party opponent; offered |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | "Dig" Season 1 Application/Declaration | | 401, 401, 402] Discussions contained in this exhibit address events that occurred prior to Plaintiffs' claim and ASIC's handling thereof. Nothing contained herein has any relevance to the facts giving rise to Plaintiffs' claim, or to any causes of action that Plaintiffs assert. More prejudicial than probative, waste of time, cumulative (FRE 403). | for non-hearsay purpose; business record; relevant and admissible to prove bad faith and damages. |
| * | **PX 774** | OneBeacon 2013 Form 10-K Statement <http://www.annualreports.com/HostedData/AnnualReportArchive/o/NYSE_OB_2013.pdf> | _ | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials | Objection is premature; witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | [FRE 1006]; Irrelevant [FRE 401, 402, 403]. Nothing about OneBeacon's financial data or status has any tendency to make any fact at issue in this case more or less likely. | record; premature objection, witness will lay foundation; document is not a summary created for trial, it is a business record; relevant and admissible to prove bad faith and damages. |
| * | **PX 775** | OneBeacon 2014 Form 10-K Statement <http://www.annualreports.com/HostedData/AnnualReportArchive/o/NYSE_OB_2014.pdf> | _ | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]; Irrelevant [FRE 401, 402, 403]. Nothing about OneBeacon's financial data or status has any tendency to make any fact at issue in this case more or less likely. | Objection is premature; witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; premature objection, witness will lay foundation; document is not a summary created for trial, it is a business record; relevant and admissible to prove |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | | bad faith and damages. |
| * | PX 776 | OneBeacon 2015 Form 10-K Statement <http://www.annualreports.com/HostedData/AnnualReportArchive/o/NYSE_OB_2015.pdf> | _ | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]; Irrelevant [FRE 401, 402, 403]. Nothing about OneBeacon's financial data or status has any tendency to make any fact at issue in this case more or less likely. | Objection is premature; witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; premature objection, witness will lay foundation; document is not a summary created for trial, it is a business record; relevant and admissible to prove bad faith and damages. |
| * | PX 777 | OneBeacon 2016 Form 10-K Statement <http://www.annualreports.com/HostedData/AnnualRep | _ | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge | Objection is premature; witness will authenticate; document is self-authenticating (FRE |

REVISED JOINT EXHIBIT STIPULATION

| *¹ | EXHIBIT NO.² | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | orts/PDF/NYSE_OB_2016.pdf> | | [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]; Irrelevant [FRE 401, 402, 403]. Nothing about OneBeacon's financial data or status has any tendency to make any fact at issue in this case more or less likely. | 902); offered for a non-hearsay purpose; business record; premature objection, witness will lay foundation; document is not a summary created for trial, it is a business record; relevant and admissible to prove bad faith and damages. |
| * | **PX 778** | Receipts for expenses from New Mexico and Croatia | UCP020063-032749 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Objection is premature; witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; premature objection, witness will lay foundation; document is not a summary created for |

REVISED JOINT EXHIBIT STIPULATION
02065\015825\7079898-1/15/20

| *¹ | EXHIBIT NO.² | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | | trial, it is a business record. |
| * | **PX 779** | New Mexico Taxation & Revenue Division audit report | UCP018019 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Objection is premature; witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; premature objection, witness will lay foundation; document is not a summary created for trial, it is a business record.. |
| * | **PX 780** | 8/14/14 Croatia invoice | UCP033019 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of | Objection is premature; witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | Voluminous Materials [FRE 1006]. | record; premature objection, witness will lay foundation; document is not a summary created for trial, it is a business record. |
| * | **PX 781** | Receipts for expenses from Croatia | UCP033020-3041 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Objection is premature; witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; premature objection, witness will lay foundation; document is not a summary created for trial, it is a business record. |
| * | **PX 782** | 9/15/14 Croatia Cost Breakdown | UCP033601-3603 | Not Properly Authenticated [FRE 901], Hearsay [FRE | Objection is premature; witness will authenticate; |

REVISED JOINT EXHIBIT STIPULATION

02065\015825\7079898-1/15/20

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; premature objection, witness will lay foundation; document is not a summary created for trial, it is a business record. |
| * | **PX 783** | 9/15/14 Receipts from Croatia | UCP033604-3668 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Objection is premature; witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; premature objection, witness will lay foundation; document is not a summary created for |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | | trial, it is a business record. |
| * | **PX 784** | Receipts for expenses from Croatia | UCP033669-3724 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Objection is premature; witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; premature objection, witness will lay foundation; document is not a summary created for trial, it is a business record. |
| * | **PX 785** | 9/15/14 Croatia Cost Breakdown | UCP033725 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of | Objection is premature; witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business |

REVISED JOINT EXHIBIT STIPULATION

02065\015825\7079898-1/15/20

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | Voluminous Materials [FRE 1006]. | record; premature objection, witness will lay foundation; document is not a summary created for trial, it is a business record. |
| * | **PX 786** | Receipts for expenses from Croatia | UCP033726-3750 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Objection is premature; witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; premature objection, witness will lay foundation; document is not a summary created for trial, it is a business record. |
| * | **PX 787** | 9/15/14  Croatia Cost Breakdown | UCP033751 | Not Properly Authenticated [FRE 901], Hearsay [FRE | Objection is premature; witness will authenticate; |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; premature objection, witness will lay foundation; document is not a summary created for trial, it is a business record. |
| * | PX 788 | Receipts for expenses from Croatia | UCP033752-3762 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Objection is premature; witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; premature objection, witness will lay foundation; document is not a summary created for |

REVISED JOINT EXHIBIT STIPULATION

02065\015825\7079898-1/15/20

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | | trial, it is a business record. |
| * | **PX 789** | 9/15/14 Croatia Cost Breakdown | UCP033763 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Objection is premature; witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; premature objection, witness will lay foundation; document is not a summary created for trial, it is a business record. |
| * | **PX 790** | Receipts for expenses from Croatia | UCP033764-3772 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of | Objection is premature; witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | Voluminous Materials [FRE 1006]. | record; premature objection, witness will lay foundation; document is not a summary created for trial, it is a business record. |
| * | **PX 791** | 9/15/14 Croatia Cost Breakdown | UCP033773-3774 | Improper summary of voluminous materials [FRE 1006]. | Document is not a summary created for trial, it is a business record. |
| * | **PX 792** | 9/15/14 receipts for expenses from Croatia | UCP033775-3827 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Objection is premature; witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; premature objection, witness will lay foundation; document is not a summary created for |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | | trial, it is a business record. |
| * | **PX 793** | Receipts for expenses from Croatia | UCP033828-3885 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Objection is premature; witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; premature objection, witness will lay foundation; document is not a summary created for trial, it is a business record. |
| * | **PX 794** | Receipt for expenses from Croatia | UCP033886 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of | Objection is premature; witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | Voluminous Materials [FRE 1006]. | record; premature objection, witness will lay foundation; document is not a summary created for trial, it is a business record. |
| * | **PX 795** | 9/30/14 Croatia cost breakdown | UCP033887 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Objection is premature; witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; premature objection, witness will lay foundation; document is not a summary created for trial, it is a business record. |
| * | **PX 796** | 9/30/14 receipts for expenses from Croatia | UCP033888-3890 | Not Properly Authenticated [FRE 901], Hearsay [FRE | Objection is premature; witness will authenticate; |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; premature objection, witness will lay foundation; document is not a summary created for trial, it is a business record. |
| * | **PX 797** | 9/30/14 Croatia cost breakdown | UCP033891 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Objection is premature; witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; premature objection, witness will lay foundation; document is not a summary created for |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | | trial, it is a business record. |
| * | **PX 798** | 9/17/14 Croatia cost breakdown | UCP033892-3894 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Objection is premature; witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; premature objection, witness will lay foundation; document is not a summary created for trial, it is a business record. |
| * | **PX 799** | 9/30/14 Croatia receipts and cost breakdown | UCP033896-3918 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of | Objection is premature; witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | Voluminous Materials [FRE 1006]. | record; premature objection, witness will lay foundation; document is not a summary created for trial, it is a business record. |
| * | **PX 800** | 9/15/14 Croatia Cost Breakdown | UCP033919 | Improper summary of voluminous materials [FRE 1006]. | Document is not a summary created for trial, it is a business record. |
| * | **PX 801** | Receipts for expenses from Croatia | UCP033920-3958 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Objection is premature; witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; premature objection, witness will lay foundation; document is not a summary created for |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | | trial, it is a business record. |
| * | **PX 802** | Receipts for expenses from Croatia | UCP033959-3998 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of Voluminous Materials [FRE 1006]. | Objection is premature; witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business record; premature objection, witness will lay foundation; document is not a summary created for trial, it is a business record. |
| * | **PX 803** | 10/15/14 receipts and expenses from Croatia | UCP034792-4850 | Not Properly Authenticated [FRE 901], Hearsay [FRE 801-802], Lack Of Personal Knowledge [FRE 602], Improper Summary Of | Objection is premature; witness will authenticate; document is self-authenticating (FRE 902); offered for a non-hearsay purpose; business |

194

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | Voluminous Materials [FRE 1006]. | record; premature objection, witness will lay foundation; document is not a summary created for trial, it is a business record. |
| * | **PX 804** | 11/29/09 email from G. Walden to M. Ridgers and W. Philipps, corrected nbc form | AONNBCU0004275 -4312 | Hearsay (FRE 801, 802); Irrelevant [401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)], not yet properly authenticated [FRE 901]. Exhibit dates to far beyond when the Policy at issue placed, when Plaintiffs' made their claim, or when ASIC adjusted and handled Plaintiffs' claim. Therefore, it has no tendency to make any fact re: Plaintiffs' | Offered for a non-hearsay purpose; business record; relevant and admissible to prove bad faith and damages. |

REVISED JOINT EXHIBIT STIPULATION

02065\015825\7079898-1/15/20

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | causes of action any more or less true. More prejudicial than probative, cumulative (FRE 403) | |
| * | **PX 805** | 01/22/2018 Susman Godfrey Fee Agreement | UCP037494-37513 | Barred by the Court's 11/30/2019 Order and untimely as not produced in discovery, irrelevant [FRE 401, 402], more prejudicial than probative [FRE 403], hearsay [FRE 801-802], lacks foundation and not properly authenticated [FRE 901]. | Produced at the earliest opportunity given Susman Godfrey's retention, appeal, and remand; relevant and admissible to prove damages and bad faith; offered for a non-hearsay purpose; business records; objection is premature, witness will authenticate; self-authentication (FRE 902). |
| * | **PX 806** | MSK Invoices | UCP036902-37493 | Irrelevant [FRE 401, 402], more prejudicial than probative [FRE 403], hearsay [FRE 801-802], lacks foundation and not | Relevant and admissible to prove bad faith and damages; offered |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | properly authenticated [FRE 901], barred as untimely produced. | for a non-hearsay purpose; business records; premature objection; witness will lay foundation; objection premature, witness will authenticate; self-authenticating (FRE 902); produced at earliest opportunity given Susman Godfrey's retention, appeal, and remand. |
| * | **PX 807** | MSK Invoice Summary Chart | UCP037514 | Irrelevant [FRE 401, 402], more prejudicial than probative [FRE 403], hearsay [FRE 801-802], lacks foundation and not properly authenticated [FRE 901], improper summary of voluminous materials [FRE 1006], barred as untimely produced. | Relevant and admissible to prove bad faith and damages; offered for a non-hearsay purpose; business records; premature objection; witness will lay foundation; objection premature, witness will authenticate; self- |

REVISED JOINT EXHIBIT STIPULATION

02065\015825\7079898-1/15/20

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | | authenticating (FRE 902); proper summary under FRE 1006; Plaintiffs made summary and underlying documents available to Defendant at a reasonable time; produced at earliest opportunity given Susman Godfrey's retention, appeal, and remand. |
| * | PX 808 | 11/27/10 email from G. Walden to M. Ridgers and W. Philips, Cc. G. Walden, L. Comerfield, S. Weiss, F. Milstein, and S. Carroll, NBC Form. | AONNBCU0004201-4266 | Hearsay (FRE 801, 802); Irrelevant [401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)], not yet properly authenticated [FRE 901]. Exhibit dates to far beyond when the | Offered for a non-hearsay purpose; business record; relevant and admissible to prove bad faith and damages. |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | Policy at issue placed, when Plaintiffs' made their claim, or when ASIC adjusted and handled Plaintiffs' claim. Therefore, it has no tendency to make any fact re: Plaintiffs' causes of action any more or less true. More prejudicial than probative, cumulative (FRE 403) | |
| * | **PX 810** | 12/17/09 email from A. Garber to K. Ford, FW: (No subject). | UCP032855-2887 | Hearsay (FRE 801, 802); Irrelevant [401, 402], improper parol or extrinsic evidence [*Estate of Black*, 211 Cal. App. 2d 75, 84 (Cal. Ct. App. 1962)], not yet properly authenticated [FRE 901]. Exhibit dates to far beyond when the Policy at issue placed, when Plaintiffs' made | Offered for a non-hearsay purpose; business record; relevant and admissible to prove bad faith and damages. |

REVISED JOINT EXHIBIT STIPULATION

| *[1] | EXHIBIT NO.[2] | DESCRIPTION | BATES NO. | OBJECTION | RESPONSE TO OBJECTION |
|---|---|---|---|---|---|
| | | | | their claim, or when ASIC adjusted and handled Plaintiffs' claim. Therefore, it has no tendency to make any fact re: Plaintiffs' causes of action any more or less true. More prejudicial than probative, cumulative (FRE 403) | |

REVISED JOINT EXHIBIT STIPULATION

MARC J. SHRAKE (SBN 219331)
mshrake@fmglaw.com
FREEMAN MATHIS & GARY, LLP
550 South Hope Street, Suite 2200
Los Angeles, California 90071
Telephone: (213) 615-7019
Facsimile: (213) 615-7000

MICHAEL KEELEY *(Pro Hac Vice)*
michael.keeley@clarkhill.com
TONI SCOTT REED *(Pro Hac Vice)*
toni.reed@clarkhill.com
STRASBURGER CLARK HILL LLP
901 Main Street, Suite 6000
Dallas, Texas 75202
TeleFacsimile: (214) 651-4330

CHRISTOPHER W. MARTIN *(Pro Hac Vice)*
martin@mdjwlaw.com
MELINDA R. BURKE *(Pro Hac Vice)*
burke@mdjwlaw.com
MARTIN, DISIERE, JEFFERSON
& WISDOM LLP
9111 Cypress Waters Blvd., Suite 250
Dallas, Texas 75019
Telephone: (214) 420-5500
Facsimile: (214) 420-5501

Attorneys for Defendant
Atlantic Specialty Insurance Company

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| UNIVERSAL CABLE PRODUCTIONS LLC, a Delaware limited liability company, and NORTHERN ENTERTAINMENT PRODUCTIONS LLC, a Delaware limited liability company,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>ATLANTIC SPECIALTY INSURANCE COMPANY, a New York insurance company,<br><br>　　　　Defendant. | Case No. 2:16-cv-04435-PA-MRW<br><br>**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST AS OF DECEMBER 27, 2019**<br><br><br>Pretrial Conference: January 17, 2020<br>Time: 1:30 p.m.<br>Place: Courtroom 9A<br>Judge: Honorable Percy Anderson<br>Trial: February 18, 2020 |

Freeman Mathis
& Gary, LLP
Attorneys at Law

own document
e.

| Exhibit No. | Description | Objection | Response to Objection |
|---|---|---|---|
| DX 1 | 07/16/10 Email string between Andrea Garber, Val Beckles and Kurt Ford (Garber Depo Ex 1) (AONNBCU0001064-1065) | Object To The Relevance Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Object On The Grounds That Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which  Evidence Is Proffered At Trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 2 | 10/03/13 Email string between Susan Weiss and Andrea Garber, et al (Garber Depo Ex 2) (AONNBCU0000229-0231) | Object to the relevance depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Object on the grounds that probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).


F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or |

| | | | why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 3 | 11/26/13 Email from Susan Weiss to Kurt Ford, with attachment (Garber Depo Ex 3) (AONNBCU0000232-0240) | Object to the relevance depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Object on the grounds that probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind |

own document
ie.

| | | | |
|---|---|---|---|
| | | | of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 4 | 04/24/14 Email string between Andrea Garber, Toni Peete and Susan Weiss (Garber Depo Ex 6) (AONNBCU0000787-0788) | Object to the relevance depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Object on the grounds that probative value is substantially outweighed by risk of | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: |

| | | unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). <br><br> F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of |

| | | | all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 5 | 12/06/13 Email from Andrea Garber to Kurt Ford, Randi Richmond and Curt Williams (Garber Depo Ex 7) (AONNBCU0001564-1565) | Object to the relevance depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Object on the grounds that probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). <br><br> F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why |

own document
e.

| | | | exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 6 | 12/11/13 Email from Andrea Garber to Bernadetta Milinovic and Wanda Phillips (Garber Depo Ex 8) AONNBCU0001748-1750) | Object to the relevance depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Object on the grounds that probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind |

own document
ie.

| | | | |
|---|---|---|---|
| | | | of all parties involved at time of claim (NBC, ASIC, Aon, etc.). F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 7 | 12/11-12/13 Email string between Bernadette Milinovic, Andrea Garber and Wanda confidential Phillips (Garber Depo Ex 9) (AONNBCU0001494-1497) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Object to the relevance depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Object on the grounds that probative value is | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is |

| | | substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801; (4) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6).<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is |
|---|---|---|---|

own document ...e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | |
|---|---|---|---|
| | | | relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 8 | 12/12-13/13 Email string between Mark Binke and Andrea Garber, et al (Garber | Object to the relevance depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Object on the grounds that probative value is | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should |

| | | |
|---|---|---|
| | Depo Ex 11)<br>(AONNBCU0001558-1561) | substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | |
|---|---|---|---|
| | | | ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 9 | 06/15-16/14 Email string between Andrea Garber and Susan Weiss, et al (Garber Depo Ex 13) (AONNBCU0000106-110) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Object to the relevance depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Object on the grounds that probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801; (4) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or |

own document
e.

| | | | conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6). |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high |

own document
e.

| | | | probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 10 | 06/15-16/14 Email string between Andrea Garber and Curt Williams, et al (Garber Depo Ex 14) (AONNBCU0000102-105) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Object to the relevance depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Object on the grounds that probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. |

| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time |

own document
le.

| | | | of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 11 | 07/01/14 and 06/15-16/14 Email string between Susan Weiss and Kurt Ford, et al (Garber Depo Ex 15) (UCP000475-479) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Object to the relevance depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Object on the grounds that probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is |

own document
ie.

|  |  |  | relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 12 | 07/01/14 and 06/15-16/14 Email string between Susan Weiss and Kurt Ford, et al | Object on the grounds that probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should |

| | | delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| | (Garber Depo Ex 16) (UCP000361-366) | | |
| DX 13 | 07/01-02/14 and 06/15-16/14 Email string between Malika Adams and Kurt Ford, et al (Garber Depo Ex 17) (UCP000860-866) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Object to the relevance depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Object on the grounds that probative value is | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is |

| | | substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

|  |  |  | why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 14 | 07/01-03/14 and 06/15-16/14 Email string between Malika Adams and Kurt Ford, et al (Garber Depo Ex 18) (UCP000870-877) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Object to the relevance depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Object on the grounds that probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents |

| | | | affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of |

| | | | the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 15 | 11/15/13 Email from Wanda Phillips to Susan Weiss, Andrea Garber and Toni Peete, with attachment (Garber Depo Ex 19) (AONNBCU0000341-351) | Object to the relevance depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Object on the grounds that probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or |

own document
le.

| | | | |
|---|---|---|---|
| | | | why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 16 | 03/23/15 Email from Susan Weiss to Wendy Diaz (Garber Depo Ex 20) (ATL 000003-000004) | Object to the relevance depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Object on the grounds that probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |

own document
1e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | |
|---|---|---|---|
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 17 | Chart:  NBCUniversal Ground Up Scripted TV Losses – Actual Deductibles – March 2015 (Garber Depo Ex 22) (ATL 000011-000016) | Object to the relevance depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Object on the grounds that probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not |

| | | wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |

| DX 18 | 07/15/14 Max Security Intelligence Email to Stephen Smith (Garber Depo Ex 24) (UCP002094-2098) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.

F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in |

| | | | order to testify regarding what information NBC received regarding what was going on in Israel. |
|---|---|---|---|
| DX 19 | 07/14/14 9:31 a.m. Email from Randi Richmond to Andrea Garber (Garber Depo Ex 27) (UCP000604) | Object to the relevance depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Object on the grounds that probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why |

| | | | exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 20 | 07/14/14  9:41 a.m. Email from Andrea Garber to Randi Richmond (Garber Depo Ex 28) (UCP001793) | Object to the relevance depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Object on the grounds that probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind |

| | | | |
|---|---|---|---|
| | | | of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 21 | 07/14/14 Email string between Mark Binke, Andrea Garber and Randi Richmond (Garber Depo Ex 29) (UCP000418) | Object to the relevance depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Object on the grounds that probative value is substantially outweighed by risk of | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: |

| | | unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403) | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time |

| | | | of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 22 | 07/14/14 Email string between Andrea Garber, Mark Binke and Randi Richmond (Garber Depo Ex 30) (UCP000442-443) | Object to the relevance depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Object on the grounds that probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). <br><br> F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. |

own document
ie.

| | | | |
|---|---|---|---|
| | | | Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 23 | Chart:  2014 – 6/30/2015 NBCU TV Claims – One Beacon – Last Updated 12/29/16 (Garber Depo Ex 31) (ATL004549) | Object to the relevance depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Object on the grounds that probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
|---|---|---|---|
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 24 | 07/28/14 Email from Pamela Johnson to Susan Weiss and Andrea Garber, with attached | If Offered To Prove The Truth Thereof, Inadmissible Hearsay And No Exception Is Applicable (F.R.E. 801, 802); Object To The Relevance Depending On Purpose For Which The | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: |

| | letter (Garber Depo Ex 36) (UCP000374-382) | Evidence Is Proffered At Trial (F.R.E. 401); Object On The Grounds That Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801; (4) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6). F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or |
|---|---|---|---|

| | | | in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 25 | 07/28/14  Email from Pamela Johnson to Susan Weiss and | Object To The Relevance Depending On Purpose For Which The Evidence | Plaintiff has listed exhibit on its list and, therefore, exhibit should be |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | |
|---|---|---|
| | Andrea Garber, with attached letter (Garber Depo Ex 37) (AONNBCU0002769-2777) | Is Proffered At Trial (F.R.E. 401); Object On The Grounds That Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled |

| | | | to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 26 | Motion Picture/Television Producers Portfolio Declarations, Policy Number MP00163-04, Period 01/01/14 to 06/30/15 (Garber Depo Ex 38) (ATL001575-1629) (referenced in Johnson's Deposition). | No Objection Other Than That This Exhibit Is Duplicative Of Plaintiffs' Exhibit (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>Exhibit is not duplicative, or, if so, Plaintiffs fail to identify what document is duplicative. If document is truly duplicative, but there is no other objection, then there is no merit-based objection to this exhibit. |
| DX 27 | 10/26/09 and 11/24/09 Email string between Susan Weiss and Kurt Ford, with attachments (Garber Depo Ex 39) (AONNBCU0000916-946) | Object To The Relevance Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Object On The Grounds That Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not |

| | | Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|

| DX 28 | 07/17/14 Email string between Susan Weiss and Andrea Garber (Garber Depo Ex 40) (UCP000367-368) | Object To The Relevance Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Object On The Grounds That Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of |

| | | | all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 29 | Motion Picture/Television Producers Portfolio Declarations for Period 01/01/14 to 06/30/15 (Weiss Depo Ex 20-A) (ATL 000021-75) | Object To The Relevance Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Object On The Grounds That Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why |

| | | | |
|---|---|---|---|
| | | | exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 30 | Email from Martin Ridgers to George Walden and Susan Weiss (Weiss Depo Ex 42) (AONNBCU0003965-3966) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403).  If Offered To Prove The Truth Thereof, Inadmissible Hearsay And No | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several |

| | | Exception Is Applicable (F.R.E. 801, 802). | statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801; (4) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6). |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |

| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 31 | 01/17/10 Email from Susan Weiss to Wanda Phillips (Weiss Depo Ex 44) (AONNBCU0001048) | If Offered To Prove The Truth Of Facts Stated Therein, Inadmissible Hearsay And No Exception Is Applicable (F.R.E. 801, 802); Improper Lay Opinion (F.R.E. 701); No Evidence Sufficient To Support A Finding As To The Identity Of The Author Or That He/She Has Personal Knowledge Of The Factual Matter Stated (F.R.E. 602); | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show |

| | | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403). | information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.

F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702.


F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in |

| | | | order to testify regarding what information NBC received regarding what was going on in Israel.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of |
|---|---|---|---|

own document
ne.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 32 | Motion Picture Television Portfolio General Conditions (Weiss Depo Ex 47) (AONNBC&0004043-4050) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). If Offered To Prove The Truth Thereof, Inadmissible Hearsay And No Exception Is Applicable (F.R.E. 801, 802). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. |

| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
|---|---|---|---|
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time |

|  |  |  | of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 33 | About Aon (http://www.aon.com/about-aon/about-aon.jsp) (Weiss Depo Ex 48) (ATL005253-5254) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is |

| | | | irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 34 | 06/07/14 Email string between Susan Weiss and Andrea | Object To The Relevance Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should |

| | Garber (Weiss Depo Ex 53) (AONNBCU0000188-189) | Object On The Grounds That Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, |

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 35 | 06/07-26/14 Email string between Randi Richmond and Susan Weiss, et al (Weiss Depo Ex 54) (AONNBCU0000181-185) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | |
|---|---|---|---|
| | | | outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 36 | 07/01/14 and 06/15-16/14 Email string between Susan Weiss, Kurt Ford and Andrea Garber, et al (Weiss Depo Ex 55) (UCP000413-417) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403).  If Offered To Prove The Truth Thereof, Inadmissible Hearsay And No Exception Is Applicable (F.R.E. 801, 802). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents |

| | | | affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801; (4) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6). |
|---|---|---|---|
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
| | | | F.R.E. 403 – Objection is conditional, and therefore not |

wn document
ie.

| | | | binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 37 | 07/01/14 and 06/15-16/14 Email string between Susan Weiss, Kurt Ford and Andrea Garber, et al (Weiss Depo Ex 56) (UCP000344-349) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of |

| | | | |
|---|---|---|---|
| | | 403).  If Offered To Prove The Truth Thereof, Inadmissible Hearsay And No Exception Is Applicable (F.R.E. 801, 802). | mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 38 | 07/14/14 Email between Susan Weiss, Andrea Garber and Deborah Kizner, with attachment (Weiss Depo Ex 57) (AONNBCU0001874) | If Offered To Prove The Truth Of Facts Stated Therein, Inadmissible Hearsay And No Exception Is Applicable (F.R.E. 801, 802); Improper Lay Opinion (F.R.E. 701); No Evidence Sufficient To Support A Finding As To The Identity Of The Author Or That He/She Has Personal Knowledge Of The Factual Matter Stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency |

own document
e.

| | | Presenting Cumulative Evidence (F.R.E. 403). | (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |

own document
e.

| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 39 | 07/14/14 Email string between Susan Weiss, Andrea Garber and Deborah Kizner, with attachment (Weiss Depo Ex 58) (AONNBCU0002087-2089) | If Offered To Prove The Truth Of Facts Stated Therein, Inadmissible Hearsay And No Exception Is Applicable (F.R.E. 801, 802); Improper Lay Opinion (F.R.E. 701); No Evidence Sufficient To Support A Finding As To The Identity Of The Author Or That He/She Has Personal Knowledge Of The Factual Matter Stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no |

| | | | testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind |

| | | | of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 40 | 07/14/14 Email from Variety Daily Headlines to Susan Weiss, with attachment (Weiss | If Offered To Prove The Truth Of Facts Stated Therein, Inadmissible Hearsay And No Exception Is Applicable (F.R.E. 801, 802); Improper Lay Opinion (F.R.E. 701); No Evidence | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should |

| | | | |
|---|---|---|---|
| | Depo Ex 59) (AONNBCU0003788-3789) | Sufficient To Support A Finding As To The Identity Of The Author Or That He/She Has Personal Knowledge Of The Factual Matter Stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403). | Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702. |

own document
le.

| | | | |
|---|---|---|---|
| | | | F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why |

| | | | exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 41 | 07/14-15/14 Email string between Michael Arevalo and Susan Weiss (Weiss Depo Ex 60) (AONNBCU0000128-130) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403).  If Offered To Prove The Truth Thereof, Inadmissible Hearsay And No | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several |

| | | Exception Is Applicable (F.R.E. 801, 802). | statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801; (4) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6). F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | |
|---|---|---|
| | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 42 | 07/14-15/14 Email string between Andrea Garber and Susan Weiss (Weiss Depo Ex 61) (AONNBCU0003640-3643) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence, | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. |

| | | Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| DX 43 | 07/16-17/14 Email string between Susan Weiss and Danny Gutterman, et al (Weiss Depo Ex 62) (UCP000854-855) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403).  If Offered To Prove The Truth Thereof, Inadmissible Hearsay And No Exception Is Applicable (F.R.E. 801, 802). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801; (4) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, |

own document
ie.

| | | | therefore, are an exception to hearsay under F.R.E. 803(6). |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, |

| | | | ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 44 | 07/17/14 Max Security Email to Stephen Smith (Atlantic/Smith Depo Ex 102) (UCP018093-18097) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Likely to mislead or confuse, waste time (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) document is not offered for the truth, but rather to show information acted upon/state of mind of NBC or AON at the time; (3) document not offered for the truth, but rather to show information acted upon/state of mind of other witnesses.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this |

own document
e.

|  |  |  | exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel.

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).

F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or |
|---|---|---|---|

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 45 | 07/09/14 Travel Tracker Proactive Email to Stephen Smith (Atlantic/Smith Depo Ex 103) (UCP002306-2307) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) document is not offered for the truth, but rather to show information acted upon/state of mind of NBC or AON at the time; (3) document not offered for the truth, but rather to show information acted upon/state of mind of other witnesses. |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | F.R.E. 602 – Witness has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
|---|---|---|---|
| DX 46 | Travel Tracker Proactive Email to Stephen Smith (Atlantic/Smith Depo Ex 104) (UCP002606-2607) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) document is not offered for the truth, but rather to show information acted upon/state of mind of NBC or AON at the time; (3) document not offered for the truth, but rather to show information acted upon/state of mind of other witnesses. |

| | | | F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
|---|---|---|---|
| DX 47 | 05/01/14 and 04/30/14 Email string between Stephen Smith and Randi Richmond (Atlantic/Smith Depo Ex 105) (UCP003562-3564) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind |

| | | | of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 48 | 05/22/14 Email string between Stephen Smith and Randi Richmond, with attachment | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should |

| | | |
|---|---|---|
| | (Atlantic/Smith Depo Ex 106) (UCP001877-2887) | needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, |

| | | | ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 49 | 06/14/14 Email string between Randi Richmond, Stephen Smith and Jay Footlik (Atlantic/Smith Depo Ex 107) (UCP001873-1876) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Any probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information |

own document
ie.

received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702.

F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel.

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).

own document
ne.

|  |  |  | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 50 | 06/13/14 The Times of Israel article: PM to Kerry:  Feared abductions a result of Hamas entry into government (Atlantic/Smith Dep Ex 108) (No Bates Stamp) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.

F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702.

F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this |

|  |  |  | exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or |
|---|---|---|---|
| own document ie. |  |  |  |

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 51 | 06/15/14 Max Security Intelligence Email to Stephen Smith (Atlantic/Smith Depo Ex 111) (UCP 002524 – 2529) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency |

| | | | |
|---|---|---|---|
| | | | (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
| DX 52 | 06/15/14 Email string between Randi Richmond and Stephen Smith (Atlantic/Smith Depo Ex 112) (UCP 002160 – 2161) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is |

| | | | relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 53 | 06/15/14 Email string between Randi Richmond and Stephen | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should |

| | | |
|---|---|---|
| | Smith (Atlantic/Smith Depo Ex 113) (UCP001091-001092) | confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | |
|---|---|---|---|
| | | | ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 54 | 06/15/14 Email string between Stephen Smith and Max Security (Smith Depo Ex 114) (UCP002491-2495) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving |

| | | | rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
|---|---|---|---|
| DX 55 | 06/15/14 Email string between Stephen Smith and Randi Richmond (Smith Depo Ex 115) (UCP000815-817) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency |

|  |  |  | (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. |
|  |  |  | F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702. |
|  |  |  | F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
|  |  |  | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. |

own document
e.

89

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF JANUARY 14, 2020**

|  |  |  | Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |

| DX 56 | 06/15-16/14 Email string between Stephen Smith and Randi Richmond (Smith Depo Ex 116)(UCP001165-1168) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what |

|  |  |  | information NBC received regarding what was going on in Israel.<br><br>F.R.E. 701 – F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit or, if any, which opinions are objectionable; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 57 | 06/06/14 Max Security Intelligence Email to Stephen Smith (Smith Depo Ex 117)(UCP002337-2340) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered |

| | | | for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
| DX 58 | 06/16/14 Email string between Stephen Smith, Paige Potter, Whitney Hallock and Warren | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | Yass (Smith Depo Ex 118) (UCP001155-1157) | 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702. |

| | | | F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel.

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).

F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 59 | 06/17/14 Email string between Stephen Smith and Randi Richmond (Smith Depo Ex 119) (UCP001129-1130) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 60 | 06/22/14 Max Security Intelligence Email to Stephen Smith (Smith Depo Ex 120) (UCP001860-1863) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should |

| | | he/she has personal knowledge of the factual matter stated (F.R.E. 602). | Plaintiffs withdraw the exhibit, ASIC's response is as follows: |
|---|---|---|---|
| | | | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. |
| | | | F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received |

| | | | |
|---|---|---|---|
| | | | regarding what was going on in Israel. |
| DX 61 | 06/23/14 and 06/19/14 Email string between Randi Richmond, Stephen Smith and Mark Binke<br>(Smith Depo Ex 121)<br>(UCP002576-2578) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or |

| | | | why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 62 | 06/23/14 Max Security Intelligence Email to Stephen Smith (Smith Depo Ex 122) (UCP_003782-3785) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating |

| | | | |
|---|---|---|---|
| | | | within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
| DX 63 | 06/24/14 Max Security Intelligence Email to Stephen Smith (Smith Depo Ex 123) (UCP002205-2207) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of |

| | | | mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
|---|---|---|---|
| DX 64 | 06/29/14 Max Security Intelligence Email to Stephen Smith (Smith Depo Ex 124) (UCP002704-2706) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: |

| | | he/she has personal knowledge of the factual matter stated (F.R.E. 602). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |

| DX 65 | 06/30/14 Email from Randi Richmond to Stephen Smith (Smith Depo Ex 125) (UCP002518) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of |

| | | | all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 66 | 06/30/14 Max Security Intelligence Email to Stephen Smith (Smith Depo Ex126) (UCP002579-2582) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. |

| | | | |
|---|---|---|---|
| | | | F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
| DX 67 | 06/30/14 Email string between Stephen Smith and Randi Richmond (Smith Depo Ex 127) (UCP002092-2093) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind |

| | | |
|---|---|---|
| | | of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 68 | 06/30/14 Email from Max Security to Stephen Smith (Smith Depo Ex 128) (UCP002503-2506) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should |

| | | | he/she has personal knowledge of the factual matter stated (F.R.E. 602) | Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
|---|---|---|---|---|

own document
1e.

| DX 69 | 07/01/14 Email from Chris Biggs to Stephen Smith, with attachment (Smith Depo Ex 129) (UCP002790-2800) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized |

| | | | knowledge within the scope of F.R.E. 702.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |

own document
ie.

| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 70 | 07/01/14 Max Security Intelligence Email to Stephen Smith (Smith Depo Ex 130) (UCP002473-2476) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered |

| | | | for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. |
| | | | F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
| DX 71 | 07/01/14 and 06/30/14 Email string between Mark Binke and | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should |

| | Stephen Smith (Smith Depo Ex 131) (UCP001971-1972) | confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, |
|---|---|---|---|

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 72 | 07/01/14 Email from Stephen Smith to Mark Binke (Smith Depo Ex 132) (UCP001065-1067) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:

F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.

F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information |

| | | | received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702. |
| | | | F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind |

| | | | |
|---|---|---|---|
| | | | of all parties involved at time of claim (NBC, ASIC, Aon, etc.). F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 73 | 07/01/14 Country Risk Forecast and Travel Email to Stephen Smith (Smith Depo Ex 133) (UCP002519-2520) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); No evidence sufficient to support a finding as to the identity of the author or that | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should |

| | | he/she has personal knowledge of the factual matter stated (F.R.E. 602). | Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) document is not offered for the truth, but rather to show information acted upon/state of mind of NBC or AON at the time; (3) document not offered for the truth, but rather to show information acted upon/state of mind of other witnesses.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |

| DX 74 | 07/01/14 Max Security Intelligence Email to Stephen Smith (Smith Depo Ex 134) (UCP002240-2242) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) document is not offered for the truth, but rather to show information acted upon/state of mind of NBC or AON at the time; (3) document not offered for the truth, but rather to show information acted upon/state of mind of other witnesses.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received |

119

| | | | regarding what was going on in Israel. |
|---|---|---|---|
| DX 75 | 07/02/154 Email from Chris Biggs to Stephen Smith (Smith Depo Ex 135) (UCP002363-2367) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information |

| | | | received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702.

F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel.

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind |
|---|---|---|---|

| | | | of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 76 | 07/02/14 Email string between Mark Binke, Randi Richmond and Stephen Smith (Smith | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should |

| | | | |
|---|---|---|---|
| | Depo Ex 136) (UCP_003672-3674) | a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | Plaintiffs withdraw the exhibit, ASIC's response is as follows: <br><br> F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. <br><br> F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702. |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF JANUARY 14, 2020**

| | | | F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why |
|---|---|---|---|

own document
ie.

| | | | exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 77 | 07/02/14 Max Security Intelligence Email to Stephen Smith (Smith Depo Ex 137) (UCP002676-2680) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
|---|---|---|---|
| DX 78 | 07/03/14 Max Security Intelligence Email to Stephen Smith (Smith Depo Ex 138) (UCP002219-2593) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is |

| | | | |
|---|---|---|---|
| | | | hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. <br><br> F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
| DX 79 | 07/03/14 Email string between Brian Brady and Stephen Smith (Smith Depo Ex 139) (UCP002592-2593) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should |

own document
ie.

| | | confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, |

own document ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | |
|---|---|---|---|
| | | | ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 80 | 07/03/14 Email from Stephen Smith to Erin Noordeloos (Smith Depo Ex 140) (UCP002099) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | |
|---|---|---|---|
| | | | outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 81 | 07/03/14 Max Security Email string to Stephen Smith (Smith Depo Ex 141) (UCP002727-2731) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents |

| | | | affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. |
|---|---|---|---|
| | | | F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
| DX 82 | 07/03/14 Email from Stephen Smith to Tom McCarthy (Smith Depo Ex 142) (UCP_003924-3926) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF JANUARY 14, 2020**

| | | outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.

F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702.

F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in |

own document
.e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | | order to testify regarding what information NBC received regarding what was going on in Israel.

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).

F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of |

| | | | all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 83 | 07/03/14 Email from Penelope Kennedy to Stephen Smith (Smith Depo Ex 143) (UCP001975-1976) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. |

own document
ie.

|  |  |  | F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
|---|---|---|---|
| DX 84 | 07/04/14 Email from Chris Biggs to Stephen Smith (Smith Depo Ex 144) (UCP002841-2842) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several |

| | | needlessly presenting cumulative evidence (F.R.E. 403). | statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel.<br><br>F.R.E. 701 – F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit or, if any, which opinions are objectionable; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other |

|  |  |  | specialized knowledge within the scope of F.R.E. 702. |
|  |  |  | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
|  |  |  | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled |

own document
le.

| | | | |
|---|---|---|---|
| | | | to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 85 | 07/04-05/14 Email string between Stephen Smith and Erin Noordeloos (Smith Depo Ex 145) (UCP_003971-3972) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or |

| | | | why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 86 | 07/05/14 Max Security Intelligence Email to Stephen Smith (Smith Depo Ex 146) (UCP002149-2154) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents |

| | | | affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
|---|---|---|---|
| DX 87 | 07/07/14 Max Security Intelligence Email to Stephen Smith (Smith Depo Ex 147) (UCP002422-2426) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals |

| | | | |
|---|---|---|---|
| | | | identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801; |
| | | | F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel |
| DX 88 | 07/07/14 Email from Chris Biggs to Stephen Smith, with attachment (Smith Depo Ex 148) (UCP002569) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered |

| | | 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. |
|---|---|---|---|
| | | | F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
| | | | F.R.E. 701 – F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit or, if any, which opinions are objectionable; |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or |
|---|---|---|---|

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 89 | 07/07/14 Email from Chris Biggs to Stephen Smith (Smith Depo Ex 149) (UCP001865) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |

| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 90 | 07/07/14 Max Security Intelligence Email to Stephen Smith (Smith Depo Ex 150) (UCP002816-2820) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered |

| | | | for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
| DX 91 | 07/08/14 Email from Stephen Smith to Randi Richmond (Smith Depo Ex 151) (UCP001855-1856) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: |

| | | a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
|---|---|---|---|

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | F.R.E. 701 – F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit or, if any, which opinions are objectionable; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702. |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or |

own document
le.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF JANUARY 14, 2020**

| | | | why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 92 | 07/08/14 Max Security Intelligence Email to Stephen Smith (Smith Depo Ex 152) (UCP001845-1849) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party- |

own document
ie.

| | | | opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. |
|---|---|---|---|
| | | | F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
| DX 93 | 07/08/14 Email from Chris Biggs to Stephen Smith, with attachment (Smith Depo Ex 153) (UCP002813) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: |

own document
ie.

| | | of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
|---|---|---|---|

| | | | F.R.E. 701 – F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit or, if any, which opinions are objectionable; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or |
|---|---|---|---|

own document
ie.

| | | | why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 94 | 07/08/14 Email string between Chris Biggs and Stephen Smith (Smith Depo Ex 154) (UCP002046-2052) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party- |

| | | needlessly presenting cumulative evidence (F.R.E. 403). | opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel.<br><br>F.R.E. 701 – F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit or, if any, which opinions are objectionable; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other |

| | | | specialized knowledge within the scope of F.R.E. 702. |
| --- | --- | --- | --- |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled |

own document
e.

| | | | |
|---|---|---|---|
| | | | to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 95 | 07/08/14 Email string between Christ Biggs and Stephen Smith (Smith Depo Ex 155) (UCP002294-002301) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, |

| | | | | during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel.<br><br>F.R.E. 701 – F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit or, if any, which opinions are objectionable; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is |
|---|---|---|---|---|

own document
ıe.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | |
|---|---|---|---|
| | | | relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 96 | 07/08/14 TravelTracker Proactive Email to Stephen | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should |

| | Smith (Smith Depo Ex 156) UCP002681-2682) | confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, |

own document
ıe.

| | | | |
|---|---|---|---|
| | | | ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 97 | 07/08/14 Email string between Stephen Smith and Randi Richmond (Smith Depo Ex 157) (UCP001669) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving |

160

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
|---|---|---|---|
| DX 98 | 07/08/14 TravelTracker Proactive Email to Stephen Smith (Smith Depo Ex 158) (UCP002477-2478) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency |

own document
e.

| | | | |
|---|---|---|---|
| | | | (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
| DX 99 | 07/08/14 TravelTracker Proactive Email to Stephen Smith (smith Depo Ex 159) (UCP001977-1978) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party- |

| | | | |
|---|---|---|---|
| | | | opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
| DX 100 | 07/08/14 Max Security Intelligence Email to Stephen Smith (Smith Depo Ex 160) (UCP002828-2831) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered |

| | | probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. |
|---|---|---|---|

F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702.

F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need

| | | | personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
| | | | |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
| | | | |
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high |

own document
1e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 101 | 07/09/14 Email string between Mark Winemaker and Stephen Smith (Smith Depo Ex 161) (UCP000913-914) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. |

own document
e.

| | | | F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel.<br><br>F.R.E. 701 – F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit or, if any, which opinions are objectionable; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. |
| own document ie. | | | |

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

|  |  |  | Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |

| DX 102 | 07/09/14 Email from Chris Biggs to Stephen Smith, with attachment (Smith Depo Ex 162) (UCP002181-2188) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what |

| | | | information NBC received regarding what was going on in Israel. |
| | | | F.R.E. 701 – F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit or, if any, which opinions are objectionable; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702. |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |

own document
ie.

| | | | |
|---|---|---|---|
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 103 | 07/08-09/14 Email string between Stephen Smith, Tom McCarthy, Randi Richmond and others (Smith Depo Ex 163) (UCP002405-2406) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered |

| | | | for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
|---|---|---|---|
| DX 104 | 07/09/14 Country Risk Forecast Email to Stephen Smith (Smith Depo Ex 164) (UCP002683-2684) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702. |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why |
|---|---|---|---|

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 105 | 07/09/14 Email string between Mark Binke, Jeff Wachtel, Stephen Smith and Randi Richmond, with attachment (Smith Depo Ex 165) (UCP000658-666) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals |

| | | jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.

F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel.


F.R.E. 701 – F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit or, if any, which opinions are objectionable; all testimony rationally based on information received and acted upon; no testimony based on |

| | | | scientific, technical, or other specialized knowledge within the scope of F.R.E. 702.

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).

F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of |

own document ie.

177

| | | | the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 106 | 07/09/14 Email from Chris Biggs to Stephen Smith (Smith Depo Ex 166) (UCP002393) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. F.R.E. 602 – Witnesses has personal knowledge of what |

ᴏwn document
ɪe.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
|---|---|---|---|
| | | | F.R.E. 701 – F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit or, if any, which opinions are objectionable; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702. |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is |

own document
le.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 107 | 07/09/14 Email string between Chris Biggs and Stephen Smith | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should |

| | | |
|---|---|---|
| | (Smith Depo Ex 167) (UCP002243-2244) | substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of |

own document
e.

| | | | the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 108 | 07/09/14 Email string between Stephen Smith and Cory Shields (Smith Depo Ex 168) (UCP002821) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 109 | 07/09/14 Email from Stephen Smith to Brian Brady (Smith Depo Ex 169) (UCP002324) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several |

own document
1e.

|  |  |  | statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
|---|---|---|---|
| DX 110 | 07/09/14 Max Security Intelligence Email to Stephen Smith (Smith Depo Ex 170) (UCP002372-2376) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is |

| | | | 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.

F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702.

F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF JANUARY 14, 2020**

|  |  |  | exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
|  |  |  | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
|  |  |  | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or |

| | | | |
|---|---|---|---|
| | | | is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 111 | 07/10/14 Email from Chris Biggs to Erin Noordeloos and Stephen Smith (Smith Depo Exhibit 171) (UCP002468-2470) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating |

own document
ie.

| | | | |
|---|---|---|---|
| | | | within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
| DX 112 | 07/10/14 TravelTracker Proactive Email to Stephen Smith (Smith Depo Ex 172) (UCP001973-1974) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals |

own document
e.

<table>
<tr>
<td></td>
<td></td>
<td>confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403).</td>
<td>identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.

F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702.

F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received</td>
</tr>
</table>

own document
ie.

regarding what was going on in Israel.

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).

F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled

own document
e.

| | | | to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 113 | 07/10/14 Email from Stephen Smith to Randi Richmond (Smith Depo Ex 173) (UCP000482-483) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 701 – Unclear what opinions are offered by any |

own document
e.

| | | | declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702. |
| | | | F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is |

own document
ie.

| | | |
|---|---|---|
| | | relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 114 | 07/10/14 Email from Stephen Smith to Tom McCarthy and | If offered to prove the truth of facts stated therein, inadmissible hearsay and | Plaintiff has listed exhibit on its list and, therefore, exhibit should be |

| | | |
|---|---|---|
| | Erin Noordeloos (Smith Depo Ex 174) (UCP_004026-4027) | no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702. |

| | | | F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF JANUARY 14, 2020**

| | | |
|---|---|---|
| | | Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 115 | 07/10/14 Email string between Erin Noordeloos, Stephen Smith and Tom McCarthy (Smith Depo Ex 175) (UCP_004034-4036) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is |

own document
e.

| | | | irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).

F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 116 | 07/10/14 Email from Stephen Smith to Erin Noordeloos | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should |

| | | |
|---|---|---|
| | (Smith Depo Ex 176) (UCP001955) | substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 117 | 07/10/14 Email from Stephen Smith to Mark Binke (Smith Depo Ex 177) (UCP000993) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving |

| | | | |
|---|---|---|---|
| | | | rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
| DX 118 | 07/10/14 14 Max Security Intelligence Email to Stephen Smith (Smith Depo Ex 178) (UCP002599-2603) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency |

|  |  |  | (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. |
|  |  |  | F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
| DX 119 | 07/11/14 Max Security Intelligence Email to Stephen Smith (Smith Depo Ex 179) (UCP002288-2292) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals |

| | | jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received |
|---|---|---|---|

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | regarding what was going on in Israel. |
|---|---|---|---|
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of |

203

own document
ie.

| | | | all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 120 | 07/11/14 Email string between Chris Biggs and Stephen Smith (Smith Depo Ex 180) (UCP002507-2509) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. |

| | | | F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702. |
| | | | F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|

own document
ne.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| DX 121 | 07/11/14 Email from Stephen Smith to Mark Binke (Smith Depo Ex 181) (UCP001678-1679) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what |

own document
e.

| | | | |
|---|---|---|---|
| | | | information NBC received regarding what was going on in Israel. |
| DX 122 | 07/11/14 12:26 p.m. Max Security Intelligence Email to Stephen Smith (Smith Depo Ex 182) (UCP001851-1854) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:

F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.

F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, |

own document
e.

| | | | |
|---|---|---|---|
| | | | during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
| DX 123 | 07/12/14 3:33 a.m.  Max Security Intelligence Email to Stephen Smith (Smith Depo Ex 183) (UCP 002514-2517) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency |

own document
e.

| | | | (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. |
|---|---|---|---|
| | | | F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
| DX 124 | 07/12/14 12:41 p.m. Max Security Intelligence Email to Stephen Smith (Smith Depo Ex 184) (UCP001831-1834) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals |

| | | jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.

F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702.


F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received |

| | | | regarding what was going on in Israel.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of |
|---|---|---|---|

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims |
|---|---|---|---|
| DX 125 | 07/14/14 7:03 a.m.  Email string between Stephen Smith, Randi Richmond and Mark Binke (Smith Depo Ex 185) (UCP000752-753) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

|  |  |  | F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
|---|---|---|---|
| DX 126 | 07/14/14 12:30 p.m. Max Security Intelligence Email to Stephen Smith (Smith Depo Ex 186) (UCP002712-2716) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents |

own document
1e.

| | | | |
|---|---|---|---|
| | | | affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
| DX 127 | 07/15/14 7:45 a.m. Max Security Intelligence Email to Stephen Smith (Smith Depo Ex 188) (UCP002302-2305) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show |

| | | | information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. |
|---|---|---|---|
| | | | F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
| DX 128 | 07/15/14 12:39 p.m. Max Security Intelligence Email to Stephen Smith (Smith Depo Ex 189) (UCP002809-2812) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should |

| | | | he/she has personal knowledge of the factual matter stated (F.R.E. 602). | Plaintiffs withdraw the exhibit, ASIC's response is as follows: |
|---|---|---|---|---|
| | | | | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. |
| | | | | F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF JANUARY 14, 2020**

| | | | |
|---|---|---|---|
| DX 129 | 07/16/14 12:40 a.m. Max Security Intelligence Email to Stephen Smith (Smith Depo Ex 190) (UCP002282-2285) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in |

wn document
e.

| | | | order to testify regarding what information NBC received regarding what was going on in Israel. |
|---|---|---|---|
| DX 130 | 07/16/14 7:38 a.m. Max Security Intelligence Email to Stephen Smith (Smith Depo Ex 191) (UCP002459-2462) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or |

| | | | |
|---|---|---|---|
| | | | why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 131 | 07/16/14 Email from Stephen Smith to Mark Binke (Smith Depo Ex 192) (UCP001286) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party- |

| | | | opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. |
| --- | --- | --- | --- |
| | | | F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
| DX 132 | 07/16/14 12:53 p.m. Max Security Intelligence Email to Stephen Smith (Smith Depo Ex 193) (UCP002332-2336) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. |

| | | | Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF JANUARY 14, 2020**

| DX 133 | 07/17/14 Email from Stephen Smith to Mark Binke (Smith Depo Ex 194) (UCP000736) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: <br><br> F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. <br><br> F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized |

own document
e.

| | | | knowledge within the scope of F.R.E. 702. |
| | | | F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |

own document
ie.

| | | | |
|---|---|---|---|
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 134 | 07/17/14 Email from Stephen Smith to Mark Binke and Randi Richmond (Smith Depo Ex 195) (UCP_003612) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: |

| | | which evidence is proffered at trial (F.R.E. 403). | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST AS OF JANUARY 14, 2020**

|  |  |  | of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 135 | 07/18/14 Email from Stephen Smith to Mark Binke and Randi Richmond (Smith Depo Ex 196) (UCP001462) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Likely to mislead or confuse, waste time (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF JANUARY 14, 2020**

| | | | exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
|---|---|---|---|
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or |

own document
1e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | |
|---|---|---|---|
| | | | is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 136 | 07/19/14 6:31 a.m. Max Security Intelligence Email to Stephen Smith (Smith Depo Ex 197) (UCP002557-2561) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Likely to mislead or confuse, waste time (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: <br><br> F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency |

own document
le.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. |
| | | | F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |

|  |  |  | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 137 | 07/20/14 1:43 a.m. Max Security Intelligence Email to Stephen Smith (Smith Depo Ex 198) (UCP002054-2058) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Likely to | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered |

| | | mislead or confuse, waste time (F.R.E. 403). | for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. |
|---|---|---|---|
| | | | F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or |

|  |  |  | in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).

F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF JANUARY 14, 2020**

| DX 138 | 07/20/14 6:39 a.m. Max Security Intelligence Email to Stephen Smith (Smith Depo Ex 199) (UCP002612-2615) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Likely to mislead or confuse, waste time (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what |
|---|---|---|---|

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF JANUARY 14, 2020**

| | | | information NBC received regarding what was going on in Israel.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | |
|---|---|---|---|
| | | | the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 139 | 07/21/14 5:38 a.m. Max Security Intelligence Email to Stephen Smith (Smith Depo Ex 200) (UCP002824-2827) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Likely to mislead or confuse, waste time (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. F.R.E. 602 – Witnesses has personal knowledge of what |

own document
le.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel.

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).

F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice |

own document
le.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | |
|---|---|---|---|
| | | | outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 140 | 07/21/14 6:38 a.m. TravelTracker Proactive Email to Stephen Smith (Smith Depo Ex 201) (UCP002707-2709) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Likely to mislead or confuse, waste time (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents |

own document
ie.

| | | | affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. |
| | | | F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |

| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 141 | 07/21/14 12:38 p.m. Max Security Intelligence Email to Stephen Smith (Smith Depo Ex 202) (UCP001958-1962) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | Irrelevant (F.R.E. 401, 402); Likely to mislead or confuse, waste time (F.R.E. 403). | hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. |
|---|---|---|---|
| | | | F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. |

| | | | Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|

own document e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| DX 142 | 07/22/14 1:45 a.m. Max Security Intelligence Email to Stephen Smith (Smith Depo Ex 203) (UCP002762-2766) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Likely to mislead or confuse, waste time (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what |

| | | | information NBC received regarding what was going on in Israel. |
| --- | --- | --- | --- |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high |

| | | | |
|---|---|---|---|
| | | | probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 143 | 07/22/14 11:42 a.m. Max Security Intelligence Email to Stephen Smith (Smith Depo Ex 204) (UCP002625-2628) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Likely to mislead or confuse, waste time (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency |

|  |  |  | (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.

F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel.

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |

| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 144 | 07/23/14 7:33 a.m. Max Security Intelligence Email to Stephen Smith (Smith Depo Ex 205) (UCP002212-2215) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Likely to | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered |

| | | mislead or confuse, waste time (F.R.E. 403). | for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. |
| | | | F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or |

| | | | in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 145 | 07/23/14 12:25 p.m. Max Security Intelligence Email to | If offered to prove the truth thereof, inadmissible hearsay and no exception | Plaintiff has listed exhibit on its list and, therefore, exhibit should be |

| | Stephen Smith (Smith Depo Ex 206) (UCP002843-002846) | is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Likely to mislead or confuse, waste time (F.R.E. 403). | admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received |
|---|---|---|---|

|  |  |  | regarding what was going on in Israel.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled |
|---|---|---|---|

own document
...e.

251

| | | | to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 146 | 06/24/14 12:42 a.m. Max Security Intelligence Email to Stephen Smith (Smith Depo Ex 207) (UCP002319-2323) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Likely to mislead or confuse, waste time (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, |

own document
1e.

|  |  |  | during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel.

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).

F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or |

own document
ie.

| | | | |
|---|---|---|---|
| | | | why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 147 | 07/24/14 7:36 a.m. Max Security Intelligence Email to Stephen Smith (Smith Depo Ex 208) (UCP002669-2673) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Likely to mislead or confuse, waste time (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating |

within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.

F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel.

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).

own document
ie.

ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF JANUARY 14, 2020

| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| --- | --- | --- | --- |
| DX 148 | 07/24/14 1:39 a.m. Max Security Intelligence Email to Stephen Smith (Smith Depo Ex 209) (UCP002479-2483) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Likely to | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered |

| | | mislead or confuse, waste time (F.R.E. 403). | for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.

F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel.

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or |

| | | | |
|---|---|---|---|
| | | | in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 149 | 07/25/14 9:58 a.m. Max Security Intelligence Email to | If offered to prove the truth thereof, inadmissible hearsay and no exception | Plaintiff has listed exhibit on its list and, therefore, exhibit should be |

ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF JANUARY 14, 2020

| | Stephen Smith (Smith Depo Ex 210) (UCP002698-2702) | is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Likely to mislead or confuse, waste time (F.R.E. 403). | admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received |

| | | | regarding what was going on in Israel.

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).

F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled |
|---|---|---|---|

own document
ie.

| | | | to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 150 | 07/26/14 12:32 a.m. Max Security Intelligence Email to Stephen Smith (Smith Depo Ex 211) (UCP001966-1970) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Likely to mislead or confuse, waste time (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | |
|---|---|---|---|
| | | | why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 151 | 07/26/14 12:49 p.m. Max Security Intelligence Email to Stephen Smith (Smith Depo Ex 212) (UCP002535-2539) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Likely to mislead or confuse, waste time (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating |

|  |  |  | within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.

F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel.


F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST AS OF JANUARY 14, 2020**

| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 152 | 07/27/14 1:19 p.m. Max Security Intelligence Email to Stephen Smith (Smith Depo Ex 213) (UCP_003769-3773) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Likely to | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered |

| | | mislead or confuse, waste time (F.R.E. 403). | for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.

F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel.

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or |

| | | | |
|---|---|---|---|
| | | | in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 153 | 07/28/14 12:44 p.m. Max Security Intelligence Email to | If offered to prove the truth thereof, inadmissible hearsay and no exception | Plaintiff has listed exhibit on its list and, therefore, exhibit should be |

own document
ie.

| | | |
|---|---|---|
| | Stephen Smith (Smith Depo Ex 214) (UCP002176-2180) | is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Likely to mislead or confuse, waste time (F.R.E. 403). | admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received |

| | | | regarding what was going on in Israel.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled |
|---|---|---|---|

own document
1e.

269

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 154 | 07/29/14 12:33 p.m. Max Security Intelligence Email to Stephen Smith (Smith Depo Ex 215) (UCP002104-2017) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Likely to mislead or confuse, waste time (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: <br><br> F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. <br><br> F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | | during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or |

own document
1e.

271

| | | | |
|---|---|---|---|
| | | | why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 155 | 07/18/14 12:18 a.m. Max Security Intelligence Email to Stephen Smith (Smith Depo Ex 216) (UCP018104-18107) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Likely to mislead or confuse, waste time (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating |

| | | | within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. |
| | | | F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 156 | 07/26/14 9:54 a.m. Max Security Intelligence Email to Stephen Smith (Smith Depo Ex 217) (No Bates Number) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Likely to | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered |

| | | | |
|---|---|---|---|
| | | mislead or confuse, waste time (F.R.E. 403). | for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or |

| | | | in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 157 | 07/21/14 7:00 a.m. Max Security Intelligence Email to | If offered to prove the truth thereof, inadmissible hearsay and no exception | Plaintiff has listed exhibit on its list and, therefore, exhibit should be |

| | | |
|---|---|---|
| | Stephen Smith (Smith Depo Ex 218) (No Bates Number) | is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Likely to mislead or confuse, waste time (F.R.E. 403). | admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received |

| | | | regarding what was going on in Israel. |
| --- | --- | --- | --- |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled |

| | | | to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 158 | 07/20/14 1:43 a.m. Max Security Intelligence Email to Stephen Smith (Smith Depo Ex 219) (No Bates Number) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony |

own document
ie.

| | | | rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind |
|---|---|---|---|

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF JANUARY 14, 2020**

| | | | of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 159 | 07/21/14 Email from Stephen Smith to Randi Richmond (Smith Depo Ex 220) (UCP001419-1420) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should |

own document
ie.

| | | | |
|---|---|---|---|
| | | 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702. |

|  |  |  | F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. |
|---|---|---|---|

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | |
|---|---|---|---|
| | | | Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 160 | 07/24/14 Email from Stephen Smith to Mark Binke (Smith Depo Ex 221) (UCP001252-1253) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of |

| | | outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.

F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702.

F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | information NBC received regarding what was going on in Israel.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | |
|---|---|---|---|
| | | | probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 161 | 07/28/14 Email from Stephen Smith to Mark Binke and Randi Richmond (Smith Depo Ex 222) (UCP001274-1275) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency |

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF JANUARY 14, 2020**

|  |  |  | (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.

F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702.

F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
|---|---|---|---|

| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, |

| | | | |
|---|---|---|---|
| | | | ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 162 | 07/29/14 Email from Stephen Smith to Mark Binke and Randi Richmond (Smith Depo Ex 223) (UCP_003545) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information |

| | | | received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind |

own document
ie.

| | | |
|---|---|---|
| | | of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 163 | 08/05/14 Email from Stephen Smith to Mark Binke (Smith Depo Ex 224) (UCP_003252-3253) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should |

own document
ie.

| | | 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702. |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

|  |  |  | F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. |

| | | | |
|---|---|---|---|
| | | | Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 164 | 08/08/14 Email from Stephen Smith to Mark Binke (Smith Depo Ex 225) (UCP001277-1279) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of |

| | | outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.

F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702.


F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what |

| | | | information NBC received regarding what was going on in Israel.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high |
|---|---|---|---|

own document
1e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST AS OF JANUARY 14, 2020**

| | | | probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 165 | 08/19/14 Email from Stephen Smith to Mark Binke, with attachment (Smith Depo Ex 231) (UCP001268-1273) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency |

own document
e.

<table>
<tr><td></td><td></td><td></td><td>(e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.

F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702.

F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel.</td></tr>
</table>

own document
te.

| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).

F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, |
|---|---|---|---|

| | | | |
|---|---|---|---|
| | | | ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims |
| DX 166 | DUPLICATIVE OF WEISS DEPO EXHIBIT 56 (UCP000344-349) | No objection. | No response. |
| DX 167 | 06/15/14-07/02/14 Email string between Kurt Ford and Susan Weiss, et al (Adams Depo Ex 241A) UCP000385-390) | Depending on which portion of the document is used, if offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403).  Among other things, the 6/16 10:a.m. email from Weiss is hearsay, inadmissible legal opinion, is likely to confuse and mislead jury, is unfairly prejudicial, cumulative (duplicative of 240) and wastes time. | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF JANUARY 14, 2020**

| | | Likewise, the 7/1 email from Weiss is hearsay, speculation, impermissible legal opinion, likely to confuse and mislead jury, is unfairly prejudicial, cumulative (duplicative of 240) and wastes time. | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time |
|---|---|---|---|

ᴏwn document
ᴇ.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 168 | 06/15/14-07/03/14 Email string between Malika Adams and Kurt Ford, et al (Adams Depo Ex 242A) (UCP003254-3261) | Depending on which portion of the document is used, if offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403).  Among other things, the 6/16/ 10:a.m. email from Weiss is hearsay, inadmissible legal opinion, likely to confuse and mislead jury, unfairly prejudicial, cumulative (duplicative of 240 and 241) and wastes time.  Likewise, the 7/1 email from Weiss is hearsay, speculation, impermissible legal opinion, irrelevant, likely to confuse and mislead jury, | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is |

| | | | |
|---|---|---|---|
| | | unfairly prejudicial, cumulative (duplicative of 240 and 241) and wastes time.<br><br>Likewise, the 7/3 mail from Adams is hearsay, inadmissible legal opinion, irrelevant, likely to confuse and mislead jury, unfairly prejudicial, cumulative (duplicative of 240 and 241) and wastes time. | irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 169 | 06/15/14-07/07/14 Email string between Malika Adams and | Depending on which portion of the document is used, if offered to prove the truth thereof, inadmissible hearsay | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should |

| | | | |
|---|---|---|---|
| | Randi Richmond (Adams Depo Ex 243A) (UCP_002866-2872) | and no exception is applicable (F.R.E. 801, 802); Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403).  Among other things, the 6/16/ 10:a.m. email from Weiss is hearsay, inadmissible legal opinion, likely to confuse and mislead jury, unfairly prejudicial, cumulative (duplicative of 240 241, 242) and wastes time.  The 7/1 email from Weiss is hearsay, speculation, impermissible legal opinion, likely to confuse and mislead jury, unfairly prejudicial, cumulative (duplicative of 240  241, 242) and wastes time.  Likewise,  the 7/7 email from Adams is hearsay, speculation, impermissible legal opinion, irrelevant, likely to confuse and mislead jury, unfairly prejudicial. | Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |

| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 170 | 06/15/14-07/07/14 Email string between Mark Binke and Malika Adams, et al (Adams Depo Ex 244A) (UCP_003189-3196) | Depending on which portion of the document is used, if offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | outweighed by risk of confusing the issues, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403).  Among other things: The 6/16/ 10:a.m. email from Weiss is hearsay, inadmissible legal opinion, likely to confuse and mislead jury, unfairly prejudicial, cumulative (duplicative of 240, 241, 242, 243) and wastes time; The 7/1 email from Weiss is hearsay, speculation, impermissible legal opinion, irrelevant, likely to confuse and mislead jury, unfairly prejudicial, cumulative (duplicative of 240, 241, 242, 243) and wastes time; The 7/7 8:11 p.m. email from Adams is hearsay, speculation, impermissible legal opinion, irrelevant, likely to confuse and mislead jury, unfairly prejudicial cumulative (duplicative of 243) and wastes time; The 7/7 8:31 p.m. email from Adams is hearsay, speculation, impermissible legal opinion, irrelevant, likely to | for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | |
|---|---|---|---|
| | | confuse and mislead jury, unfairly prejudicial, and wastes time. | outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why |

| | | | exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 171 | 07/07-08/14 Email string between Kurt Ford, Mark Binke and Randi Richmond (Adams Depo Ex 245A) (UCP000708) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered (F.R.E. 403). Among other things, the Statement in Ford's 7/8 email is hearsay, inadmissible legal opinion, irrelevant, unfairly prejudicial, likely to | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | confuse issues and mislead jury, and wastes time. | statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, AON, etc.). |
| | | | F.R.E. 403 – Objection fails to state what prejudice exhibit contains, or why such alleged prejudice outweighs its probative value. Also, high probative value re: state of mind of all parties involved at the time of the claim. Objection further fails to state what information will mislead or confuse jury. Finally, jury must |

own document
ie.

| | | | know what information NBC, AON, and ASIC had at time of claim. |
|---|---|---|---|
| DX 172 | General Claims Practices (Johnson Depo Ex 1)  (ATL000735-744) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6). |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
|---|---|---|---|---|
| | | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | |
|---|---|---|---|
| | | | of the facts giving rise to Plaintiffs' claims. |
| DX 173 | 7/15/14 Email chain from Pamela Johnson to Daniel Gutterman (Johnson Depo Ex 3) (ASIC/NBC Dig Claim File – Bates No. ATL 304 - 308) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801; (4) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or |

| | | | conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6). |
|---|---|---|---|
| DX 174 | United Kingdom's website regarding travel to Israel, as it existed on 1/30/17 (https://www.gov.uk/foreign-travel-advice/israel) (Johnson Depo Ex 4) (No Bates Number) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403). If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802).  Subject of a pending Motion in Limine. | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits. F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is |

| | | | relevant to establish state of mind of all parties involved at time of claim (NBC, AON, etc.). |
|---|---|---|---|
| | | | F.R.E. 403 – Objection fails to state what prejudice exhibit contains, or why such alleged prejudice outweighs its probative value. Also, high probative value re: state of mind of all parties involved at the time of the claim. Objection further fails to state what information will mislead or confuse jury. Finally, jury must know what information NBC, AON, and ASIC had at time of claim. |
| DX 175 | 7/16/14 Email chain from Daniel Gutterman to Daniel Gutterman (ASIC/NBC Dig Claim File – Bates No. ATL 1329 - 1335) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered |

|  |  |  | for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6).

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).


F.R.E. 403 – Objection is conditional, and therefore not |

own document
ie.

| | | |
|---|---|---|
| | | binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 176 | United Kingdom's website update regarding travel to Israel, The West Bank and Gaza Travel Warning published on 2/3/14, as it existed on 7/15/14 (https://www.gov.uk/foreign-travel-advice/israel) (Johnson Depo Ex 6) (No Bates Number) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403). If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of |

| | | | |
|---|---|---|---|
| | | 802). Subject of a pending Motion in Limine. | mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or |

own document
e.

ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF JANUARY 14, 2020

| | | | |
|---|---|---|---|
| | | | why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 177 | 07/16/14 Email from Pamela Johnson to Pamela Johnson (Johnson Depo Ex 7) (ATL001529-1530) | No objection. | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response will follow. |
| DX 178 | 7/16/14 Calendar Entry – Meeting to Discuss War Exclusion with Gooley, T., Duffy, S., and Johnson, P. (Johnson Depo Ex 8) (ATL 001564) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) there is no statement contained in this document that constitutes hearsay. |

own document
e.

| DX 179 | Westlaw:  Holiday Inns Inc. v. Aetna Insurance Company (Johnson Depo Ex 9) (ATL001635-1686) | | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response will follow. |
|---|---|---|---|
| DX 180 | 7/22/14 Email chain communicating acceptance of meeting invitation from Pamela Johnson to Theresa Gooley (Johnson Depo Ex 10) (Bates No. ATL 001814) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, |

| | | | therefore, are an exception to hearsay under F.R.E. 803(6). |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, |

| | | | |
|---|---|---|---|
| | | | ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 181 | Affidavit of Pamela Johnson (Johnson Depo Ex 11) (No Bates Number) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6). |
| DX 182 | 7/28/14 Email communication from Pamela Johnson to Susan Weiss containing 7/28/14 letter from Pamela Johnson to Andrea | No objection | No response |

| | | | |
|---|---|---|---|
| | Garber (Johnson Depo Ex 12) (AONNBCU0003805 – 3093) | | |
| DX 183 | Motion Picture/Television Producers Portfolio Declarations, Policy Number MP00163-04, Period 1/1/14 to 6/30/15 (Williams Dep 2/1/17, Ex 1) (ATL003073-3127) | No objection. | No response. |
| DX 184 | Duplicative of Johnson Depo Ex 248 (ATL001101-1105) | No objection. | No response. |
| DX 185 | Core Principles – Version 09/01/12 (Gutterman Depo Ex 16) (ATL000731-732) | No objection. | No response. |
| DX 186 | 07/21-22/14 Email string between Pamela Johnson and Susan Weiss, et al (Gutterman Depo Ex 25) (AONNBCU0003242-3243) | No objection. | No response. |
| DX 187 | 7/17/14 Email between Theresa Gooley and Pamela Johnson | No objection. | No response. |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | |
|---|---|---|---|
| | (Wolf Depo Ex 31) (ATL 001571 – 001572) | | |
| DX 188 | DUPLICATIVE OF JOHNSON DEPO EX 252 (ATL 001847 – 1855) | No objection. | No response. |
| DX 189 | DUPLICATIVE OF Gooley Depo Ex 34 (ATL 001858 – 1866) | No objection. | No response. |
| DX 190 | 07/28/14 Email from Pamela Johnson to Susan Weiss and Andrea Garber, with attached letter (Garber Depo Ex 36) (UCP000374-382) | No objection. | No response. |
| DX 191 | 07/28/14  Email from Pamela Johnson to Susan Weiss and Andrea Garber, with attached letter (Garber Depo Ex 37) (AONNBCU0002769-2777) | No objection. | No response. |
| DX 192 | Motion Picture/Television Producers Portfolio Declarations, Policy Number MP00163-04, Period 01/01/14 | No objection. | No response. |

| | | | |
|---|---|---|---|
| | to 06/30/15 (Garber Depo Ex 38) (ATL001575-1629) | | |
| DX 193 | 07/16-17/14 Email string between Susan Weiss and Danny Gutterman, et al (Weiss Depo Ex 62) (UCP000854-855) | No objection. | No response. |
| DX 194 | 07/21-25/14 Email string between Andrea Garber and Susan Weiss, et al (Weiss Depo Ex 65) (AONNBCU0003240-3241) | No objection. | No response. |
| DX 195 | 07/14-15/14 Email string between Daniel Gutterman and Peter Williams, et al (Johnson Depo Ex 232) (ATL000513-516) | If offered to prove the truth of facts stated therein, inadmissible hearsay and multiple hearsay and no exception is applicable (F.R.E. 801, 802). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801; (4) all |

| | | | |
|---|---|---|---|
| | | | communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6). |
| DX 196 | Video (Johnson Depo Ex 233) (ATL004496) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403); Lacks | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) news production is from NBC news, so all statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency and, therefore, are not hearsay under F.R.E. 801. |

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF JANUARY 14, 2020**

| | | authentication and none of the witnesses have personal knowledge to authenticate the video footage, in particular as to the means of obtaining, location, and timing of the footage (F.R.E. 901). | F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel.

F.R.E. 701 –Unclear what opinions are offered by any declarant in exhibit or, if any, which opinions are objectionable; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702.

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. |

| | | | Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|

own document
le.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | |
|---|---|---|---|
| | | | F.R.E. 901 - witnesses are able to authenticate film to the extent that the film is information they viewed and acted upon it, and that the film is a true and correct copy of the film as they perceived it at the time; witness need not to have personally filmed the video in order to authenticate the video for its intended purpose. |
| DX 197 | 07/16/14 Email string between Pamela Johnson and Daniel Gutterman (Johnson Depo Ex 234) (ATL000501) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801; (4) all communications of OneBeacon are records made at or near to the time |

|  |  |  | of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6).

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).

F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, |

own document
1e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF JANUARY 14, 2020**

|  |  |  | misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 198 | Middle East Eye Article: Hamas claims responsibility for rockets fired at Jerusalem, Tel Aviv and Haifa (Johnson Depo Ex 235) (ATL004312-4318) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits.

F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702. |

|  |  |  | F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 199 | 07/09/14 Global News: UPDATE:  Israel hits key Hamas targets in Gaza offensive (Johnson Depo Ex 236) (ATL004487-4495) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits.<br><br>F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony |

| | | confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | |
|---|---|---|---|
| | | | of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 200 | 07/15/14 Global News:  Israel: Hamas to pay price for its 'no' truce (Johnson Depo Ex 237) (ATL004426-4429) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of |

| | | a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). Exhibit contains improper legal opinions. | mind of parties or individuals identified in exhibits.

F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702.

F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time |

| | | | |
|---|---|---|---|
| | | | of the facts giving rise to Plaintiffs' claims. |
| DX 201 | 07/16/14 The Washington Post: As cease-fire with Hamas fails to take shape, Netanyahu says, 'Our answer is fire' (Johnson Depo Ex 238) (ATL004305-4309) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits. F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702. F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high |
|---|---|---|---|

own document
e.

| | | | probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 202 | 07/16/14 Email from Pamela Johnson to Pamela Johnson (Johnson Depo Ex 239) (ATL001529-1530) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6). |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF JANUARY 14, 2020**

| DX 203 | 07/16/14 at 5:04 Hamas From Wikipedia (Johnson Depo Ex 240) (no document numbers) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); improper lay opinion (F.R.E. 701); no evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); irrelevant (F.R.E. 401, 402) (including because article is dated in 2017); any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel.<br><br>F.R.E. 701 – F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit or, if any, which opinions are objectionable; all testimony rationally based on information received and acted upon; no testimony based on |

wn document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

|  |  |  | scientific, technical, or other specialized knowledge within the scope of F.R.E. 702.

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, AON, etc.).

F.R.E. 403 – Objection fails to state what prejudice exhibit contains, or why such alleged prejudice outweighs its probative value. Also, high probative value re: state of mind of all parties involved at the time of the claim. Objection further fails to state what information will mislead or confuse jury. Finally, jury must know what information NBC, |
|---|---|---|---|

| | | | |
|---|---|---|---|
| | | | AON, and ASIC had at time of claim. |
| DX 204 | 12/02/10 Congressional Research Service:  Hamas: Background and Issues for Congress (Johnson Depo Ex 241) (ATL000431-438) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); improper lay opinion (F.R.E. 701); no evidence sufficient to support a finding that listed author has personal knowledge of the factual matter stated (F.R.E. 602); irrelevant (F.R.E. 401, 402); any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) document is not offered for the truth, but rather to show information acted upon/state of mind of NBC or AON at the time as matters considered in making coverage decisions or evaluating claims; (3) document not offered for the truth, but rather to show information acted upon/state of mind of other witnesses;  (4) public records under 803(8).<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | information NBC received regarding what was going on in Israel.<br><br>F.R.E. 701 – F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit or, if any, which opinions are objectionable; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
|---|---|---|---|

|  |  |  | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 205 | Video – News Clip:  MSNBC – 07/17/14 Ground war in Gaza (ATL004498) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents |

| | | probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403); Lacks authentication and none of the witnesses have personal knowledge to authenticate the video footage, in particular as to the means of obtaining, location, and timing of the footage (F.R.E. 901). | affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 602 – NBC dispatched employees to Israel to cover events happening in real-time in Israel. All reports based on personal knowledge of NBC reporters.<br><br>F.R.E. 701 –Unclear what opinions are offered by any declarant in exhibit or, if any, which opinions are objectionable; all testimony rationally based on information personally received, or information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702.<br><br>F.R.E. 401 – Objection is conditional, and therefore not |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

|  |  |  | binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST AS OF JANUARY 14, 2020**

| | | | F.R.E. 901 - witnesses are able to authenticate film to the extent that the film is information they viewed and acted upon it, and that the film is a true and correct copy of the film as they perceived it at the time; witness need not to have personally filmed the video in order to authenticate the video for its intended purpose. |
|---|---|---|---|
| DX 206 | Westlaw:  Holiday Inns Inc. v. Aetna Insurance Company (Johnson Depo Ex 243) (ATL001635-1686) | Inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); no evidence sufficient to support a finding that court which authored opinion had personal knowledge of the factual matter stated (F.R.E. 602); contains inadmissible legal opinions from author not designated as expert (Fed.R.Civ. Proc. 26); irrelevant (F.R.E. 401, 402); any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need |

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | |
|---|---|---|---|
| | | needlessly presenting cumulative evidence (F.R.E. 403). | personally to have been personally involved in this litigation in order to testify regarding what information ASIC had at the time of its handling of Plaintiffs' claims.<br><br>Not offered as an expert opinion, but rather as information ASIC received and acted upon in the handling of Plaintifs' claims.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why |

| | | | |
|---|---|---|---|
| | | | exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 207 | 07/16/14 Email from Pamela Johnson to Theresa Gooley (Johnson Depo Ex 244) (ATL001555) | Inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications |

| | | | |
|---|---|---|---|
| | | | are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6). |
| DX 208 | 07/14-15/14 Email string between Pamela Johnson and Daniel Gutterman, et al (Johnson Depo Ex 245) (ATL000295-299) | Inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801; (4) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | |
|---|---|---|---|
| | | | therefore, are an exception to hearsay under F.R.E. 803(6). |
| DX 209 | 7/15/14 Email string between Pamela Johnson and Peter Williams (Johnson Depo Ex 246) (ATL 00393 – 00397) | Inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801; (4) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or |

own document
ie.

| | | | conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6). |
|---|---|---|---|
| DX 210 | 7/15/14 Email string between Pamela Johnson and Peter Williams (Johnson Depo Ex 247) (ATL 000518 - 000523) | Inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6). |
| DX 211 | 7/16/14 Email string between Pamela Johnson and Peter | Inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is |

| | | | |
|---|---|---|---|
| | Williams (Johnson Depo Ex 248) (ATL 001101 – 001105) | | hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6). |
| DX 212 | 7/17/14 Email string between Susan Weiss and Andrea Garber, Pamela Johnson (Johnson Depo Ex 249) (ATL 001724 – 001728) | No objection. | No response. |
| DX 213 | 7/22/14 Email string between Pamela Johnson and Susan Weiss, Andrea Garber (Johnson Depo Ex 250) (ATL 1818 – 1819) | No objection. | No response. |

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| DX 214 | 7/25/14 Email string between Susan Weiss and Pamela Johnson (Johnson Depo Ex 251) (ATL 000398 – 000399) | Inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801; (4) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6). |
| DX 215 | 7/28/14 Email string between Pamela Johnson and Theresa | Inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is |

own document
le.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | |
|---|---|---|
| | Gooley (Johnson Depo Ex 252) (ATL 001847 – 001855) | Inadmissible legal opinion re letter from Johnson to Garber (F.R.E. 701; Fed. R. Civ. Proc. 26); no evidence sufficient to support a finding that author has personal knowledge of the factual matter stated (F.R.E. 602); author's legal opinions are irrelevant (F.R.E. 401, 402); any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time (F.R.E. 403). | hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6).<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received |

| | | | |
|---|---|---|---|
| | | | regarding what was going on in Israel.<br><br>F.R.E. 701 – F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit or, if any, which opinions are objectionable; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |

| | | | |
|---|---|---|---|
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 216 | 7/31/14 Email string between Andrea Garber and Pamela Johnson (Johnson Depo Ex 253) (ATL 001917 – 001918) | No objection. | No response. |
| DX 217 | 8/14/14 Email string between Mitchell Sillberberg & Knupp LLP and Pamela Johnson | No objection | No response. |

| | | | |
|---|---|---|---|
| | (Johnson Depo Ex 254) (ATL 002025 – 2032) | | |
| DX 218 | 9/18/14 Email string between Pamela Johnson and Susan Weiss (Johnson Depo Ex 255) (ATL 2177 – 2181) | Inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Inadmissible legal opinion re letter from Johnson to Garber (F.R.E. 701; Fed. R. Civ. Proc. 26); no evidence sufficient to support a finding that author has personal knowledge of the factual matter stated (F.R.E. 602); author's legal opinions are irrelevant (F.R.E. 401, 402); any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time (F.R.E. 403). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801; (4) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6). |

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel.<br><br>F.R.E. 701 – F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit or, if any, which opinions are objectionable; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. |
|---|---|---|---|

own document
le.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |

| DX 219 | 9/30/14 Email string between Pamela Johnson and Mitchell Sillberberg & Knupp LLP (Johnson Depo Ex 256) (ATL 002217 – 002222) | Inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Inadmissible legal opinion re letter from Johnson to Garber (F.R.E. 701; Fed. R. Civ. Proc. 26); no evidence sufficient to support a finding that author has personal knowledge of the factual matter stated (F.R.E. 602); author's legal opinions are irrelevant (F.R.E. 401, 402); any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time (F.R.E. 403). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801; (4) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6).<br><br>F.R.E. 602 – Witnesses has personal knowledge of what |
| --- | --- | --- | --- |

| | | | information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
| | | | |
| | | | F.R.E. 701 – F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit or, if any, which opinions are objectionable; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702. |
| | | | |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is |

| | | | irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 220 | 12/06-10/13 Email string between Randi Richmond, Andrea Garber and Kurt Ford, | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should |

| | et al (Ford Depo Ex 294) (UCP_003149-3151) | substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, |
|---|---|---|---|

| | | | ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 221 | 06/15-16/14 Email string between Randi Richmond and Curt Williams, et al (Ford Depo Ex 296) (UCP001104-1106) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or |

| | | | in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 222 | 06/16/14 Email string between Kurt Ford and Andrea Garber, | Relevance, depending on purpose for which the evidence is proffered at trial | Plaintiff has listed exhibit on its list and, therefore, exhibit should be |

| | | |
|---|---|---|
| | et al (Ford Depo Ex 297) (UCP_002847-2852) | (F.R.E. 401); Probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled |

| | | | to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 223 | 07/01/14 Email from Kurt Ford to Susan Weiss and Deborah Kizner (Ford Depo Ex 298) (AONNBCU0000071) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or |

own document
e.

| | | | |
|---|---|---|---|
| | | | why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 224 | 06/15/14-07/02/14 Email string between Kurt Ford and Susan Weiss, et al (Ford Depo Ex 299) (UCP_003112-3116) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind |

| | | substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403).  If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims.<br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals |

| | | | |
|---|---|---|---|
| | | | identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. |
| DX 225 | 06/15/16-07/07/14 Email string between Malika Adams and Randi Richmond, et al (Ford Depo Ex 300) (UCP_002996-3003) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not |

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | |
|---|---|---|---|
| | | | binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 226 | 07/07-08/14 Email string between Kurt Ford and Andrea Garber, et al (Ford Depo Ex 301) (UCP000867-868) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is |

own document
ie.

| | | | irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 227 | 07/09/14 Email string between Paige Potter and Kurt Ford, et | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should |

| | | |
|---|---|---|
| al (Ford Depo Ex 303) (UCP001415; UCP000881) | substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, |

| | | | ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 228 | 07/10/14 Email string between Mark Binke and Kurt Ford (Ford Depo Ex 304) (UCP_003312-3313) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403).  No objection other than that this exhibit is duplicative of Plaintiffs' Exhibit (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice |

|  |  |  | outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 229 | 07/10/14 Email string between Curt Williams and Kurt Ford, et al (Ford Depo Ex 305) (UCP_003212-3214) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |

| | | | |
|---|---|---|---|
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 230 | 07/10/14 Email string between Brian Brady and Kurt Ford, et al (Ford Depo Ex 306) (UCP_003307-3308) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>Plaintiff has listed exhibit on its list and, therefore, exhibit should be |

| | | cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: |
|---|---|---|---|
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled |

| | | | to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 231 | 07/10/14 Email string between Mark Binke and Stephen Smith, et al (Ford Depo Ex 307) (UCP001866-1867) | No objection other than that this exhibit is duplicative of Plaintiffs' Exhibit (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: Not duplicated on ASIC's Proposed Exhibit List. |
| DX 232 | 07/10/14 Email string between Andrea Garber and Kurt Ford (Ford Depo Ex 308) (UCP_003304-3306) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind |

| | | | of all parties involved at time of claim (NBC, ASIC, Aon, etc.). F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 233 | 07/14/14 Email string between Kurt Ford and Randi Richmond (Ford Depo Ex 309) (UCP001473) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should |

| | | misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 234 | 07/14/14 Email string between Mark Binke and Randi Richmond (Ford Depo Ex 310) (UCP000454) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or |

own document
ie.

| | | | |
|---|---|---|---|
| | | | in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 235 | 07/10/14 Email string between Jeff Wachtel and Mark Binke, | No objections. | No response. |

wn document
te.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF JANUARY 14, 2020**

| | et al (Ford Depo Ex 311) (UCP018046) | | |
|---|---|---|---|
| DX 236 | 07/14-15/14 Email string between Kurt Ford and Curt Williams, et al (Ford Depo Ex 312) (UCP_003111; UCP_003072) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, |

own document e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 237 | 07/17/14 Email string between Andrea Garber and Kurt Ford, et al (Ford Depo Ex 313) (UCP000359-360) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403).  If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency |

own document
ıe.

| | | | (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, |

| | | | ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 238 | 07/25/14 Email string between BJ Markus and Andrea Garber (Ford Depo Ex 314) (UCP000458) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice |

| | | | outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 239 | 11/26/13-12/10/13 Email string between Kurt Ford and Andrea Garber, et al (Ford Depo Ex 317) (AONNBCU0000241-245) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |

wn document
ie.

| | | | |
|---|---|---|---|
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 240 | Copy of tweet from Matthew Levitt on 09/11/14 (Levitt Depo Ex 336) (No Bates Number) | If Offered To Prove The Truth Of Facts Stated Therein, Inadmissible Hearsay And No Exception Is Applicable (F.R.E. 801, 802); Improper Lay Opinion (F.R.E. 701); No Evidence Sufficient To Support A Finding As To The Identity Of The Author Or That He/She Has Personal Knowledge Of | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits. |

| | | | The Factual Matter Stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403). | F.R.E. 602 – Witnesses has personal knowledge of what information he received before, during, and after the events giving rise to the claim, and has personal knowledge of his opinions. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel, or his opinions about what was going on in Israel.

F.R.E. 701 – Exhibit authored by Plaintiffs' expert witness; Unclear what opinions are offered by any declarant in exhibit or, if any, which opinions are objectionable; all testimony rationally based on information received and acted upon testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702. |

own document
e.

391

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
| | | | |
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time |

| | | | of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 241 | Copy of tweet from Matthew Levitt on 07/10/14 (Levitt Depo Ex 337) (No Bates Number) | If Offered To Prove The Truth Of Facts Stated Therein, Inadmissible Hearsay And No Exception Is Applicable (F.R.E. 801, 802); Improper Lay Opinion (F.R.E. 701); No Evidence Sufficient To Support A Finding As To The Identity Of The Author Or That He/She Has Personal Knowledge Of The Factual Matter Stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information he received before, during, and after the events giving rise to the claim, and has personal knowledge of his opinions. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel, or his opinions about what was going on in Israel.<br><br>F.R.E. 701 – Exhibit authored by Plaintiffs' expert witness; Unclear |

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

|  |  |  | what opinions are offered by any declarant in exhibit or, if any, which opinions are objectionable; all testimony rationally based on information received and acted upon testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | |
|---|---|---|
| | | outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 242 | Copy of tweet from Matthew Levitt on 04/18/16 (Levitt Depo Ex 338) (No Bates Number) | If Offered To Prove The Truth Of Facts Stated Therein, Inadmissible Hearsay And No Exception Is Applicable (F.R.E. 801, 802); Improper Lay Opinion (F.R.E. 701); No Evidence Sufficient To Support A Finding As To The Identity Of The Author Or That He/She Has Personal Knowledge Of The Factual Matter Stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information he received before, during, and after the events giving rise to the claim, and has personal knowledge of his opinions. Witness does not need personally |

own document
e.

| | | Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403). | to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel, or his opinions about what was going on in Israel.

F.R.E. 701 – Exhibit authored by Plaintiffs' expert witness; Unclear what opinions are offered by any declarant in exhibit or, if any, which opinions are objectionable; all testimony rationally based on information received and acted upon testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702.

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 243 | Copy of tweet from Matthew Levitt on 07/25/14 (Levitt Depo Ex 339) (No Bates Number) | If Offered To Prove The Truth Of Facts Stated Therein, Inadmissible Hearsay And No Exception Is Applicable (F.R.E. 801, 802); Improper Lay Opinion (F.R.E. 701); No Evidence | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of |

| | | | Sufficient To Support A Finding As To The Identity Of The Author Or That He/She Has Personal Knowledge Of The Factual Matter Stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403). | mind of parties or individuals identified in exhibits.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information he received before, during, and after the events giving rise to the claim, and has personal knowledge of his opinions. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel, or his opinions about what was going on in Israel.<br><br>F.R.E. 701 – Exhibit authored by Plaintiffs' expert witness; Unclear what opinions are offered by any declarant in exhibit or, if any, which opinions are objectionable; all testimony rationally based on information received and acted upon testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702. |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

|  |  |  | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time |
|--|--|--|--|

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 244 | Copy of tweet from Matthew Levitt on 08/12/14 (Levitt Depo Ex 340) (No Bates Number) | If Offered To Prove The Truth Of Facts Stated Therein, Inadmissible Hearsay And No Exception Is Applicable (F.R.E. 801, 802); Improper Lay Opinion (F.R.E. 701); No Evidence Sufficient To Support A Finding As To The Identity Of The Author Or That He/She Has Personal Knowledge Of The Factual Matter Stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information he received before, during, and after the events giving rise to the claim, and has personal knowledge of his opinions. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel, or his opinions about what was going on in Israel.<br><br>F.R.E. 701 – Exhibit authored by Plaintiffs' expert witness; Unclear |

| | | | what opinions are offered by any declarant in exhibit or, if any, which opinions are objectionable; all testimony rationally based on information received and acted upon testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice |
|---|---|---|---|

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 245 | 06/12/14 Email from BJ Markus to Mark Binke, et al (Markus Depo Ex 342) (UCP005411-5506) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Confusing The Issues, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |

own document
ıe.

| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 246 | 08/14/14 Email from Randi Richmond to Debbie Cleaver (Markus Depo Ex 343) (UCP009963-9965) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Confusing The Issues, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not |

| | | Which Evidence Is Proffered At Trial (F.R.E. 403). | binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
|---|---|---|---|
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |

| DX 247 | 08/11/16 Chart:  Production Recap Report (Markus Depo Ex 344) (UCP018226-18227) | No Objection. | No response. |
|--------|--------|--------|--------|
| DX 248 | 03/14/14 Email string between Brian Brady and Erin Noordeloos, et al (Richmond Depo Ex 350) (UCP001412) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Confusing The Issues, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or |

| | | | why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 249 | 03/14-17/14 Email string between Randi Richmond and Mark Binke, et al (Richmond Depo Ex 351) (UC001160-1161) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Confusing The Issues, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |

| | | | |
|---|---|---|---|
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 250 | 04/16/14 Email between Stephen Smith and Randi Richmond, with attachment (Richmond Depo Ex 352) (UCP002227-2237) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Confusing The Issues, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not |

| | | Which Evidence Is Proffered At Trial (F.R.E. 403). | binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST AS OF JANUARY 14, 2020**

| DX 251 | 04/17-22/14 Email string between Stephen Smith and Randi Richmond, et al (Richmond Depo Ex 353) (UCP_003495-3497) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Confusing The Issues, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of |

| | | | all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 252 | 05/13/14 Email string between Randi Richmond and Stephen Smith, et al (Richmond Depo Ex 354) (UCP002407-2408) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Confusing The Issues, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why |

 own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 253 | 06/16/14 Email from Randi Richmond to Mark Binke (Richmond Depo Ex 355) (UCP001082) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Confusing The Issues, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind |

| | | | of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 254 | 06/16/14 Email string between Randi Richmond and Mark Binke, et al (Richmond Depo Ex 356) (UCP001223-1226) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Confusing The Issues, Wasting Time, | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should |

wn document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 255 | 06/16/14 Email from Richard Rothstein to Randi Richmond (Richmond Depo Ex 357) (UCP001131) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Confusing The Issues, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice |

| | | | |
|---|---|---|---|
| | | | outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 256 | 06/15-16/14 Email string between Randi Richmond and Curt Williams, et al (Richmond Depo Ex 358) (UCP001101-1103) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Confusing The Issues, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |

| | | |
|---|---|---|
| | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 257 | 06/16/14 Email string between Stephan Miller and Randi Richmond (Richmond Depo Ex 359) (UCP_003555-3558) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Confusing The Issues, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not |

| | | Which Evidence Is Proffered At Trial (F.R.E. 403). | binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
|---|---|---|---|
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| DX 258 | 06/17/14 Email from Stephen Smith to Randi Richmond (Richmond Depo Ex 360) (UC_003494) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Confusing The Issues, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of |

| | | | all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 259 | 06/18/14 Email string between Stephen Smith and Randi Richmond (Richmond Depo Ex 361) (UCP002773) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Confusing The Issues, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: <br><br> F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). <br><br> F.R.E. 403 – Objection is conditional, and therefore not |

own document
e.

| | | | |
|---|---|---|---|
| | | | binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 260 | 06/18-19/14 Email string between Randi Richmond and Stephen Smith (Richmond Depo Ex 362) (UCP000900-902) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Confusing The Issues, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is |

| | | | irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 261 | 06/19-23/14 Email string between Randi Richmond and Stephen Smith, et al (Richmond | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should |

| Depo Ex 363) (UCP002456-2458) | Substantially Outweighed By Risk Of Confusing The Issues, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, |

own document
le.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 262 | 06/19-23/14 Email string between Randi Richmond and Mark Binke, et al (Richmond Depo Ex 364) (UCP000982-985) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Confusing The Issues, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: <br><br> F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). <br><br> F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice |

| | | | outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 263 | 07/02/14 Email string between Randi Richmond and Stephen Smith, et al (Richmond Depo Ex 365) (UCP00925-926) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Confusing The Issues, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF JANUARY 14, 2020**

|  |  |  | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 264 | 07/01/14 Email string between Mark Binke and Stephen Smith, et al (Richmond Depo Ex 366) (UCP001942-1944) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Confusing The Issues, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not |

| | | Which Evidence Is Proffered At Trial (F.R.E. 403). | binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |

| DX 265 | 07/02/14 Email from Stephen Smith to Mark Binke and Randi Richmond (Richmond Depo Ex 368) (UCP002224-2226) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Confusing The Issues, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of |

| | | | all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 266 | 07/07/14 Email from Stephen Smith to Randi Richmond (Richmond Depo Ex 369)(UCP001379) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Confusing The Issues, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. |

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 267 | 07/07/14 Email from Randi Richmond to Stephen Smith (Richmond Depo Ex 370) (UCP001835) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Confusing The Issues, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is |

| | | | relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 268 | 07/07/14 Email from Randi Richmond to Mark Binke | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should |

| | | |
|---|---|---|
| | (Richmond Depo Ex 371) (UCP_003330) | Confusing The Issues, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | Plaintiffs withdraw the exhibit, ASIC's response is as follows:

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).

F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, |

own document
ιe.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF JANUARY 14, 2020**

| | | | |
|---|---|---|---|
| | | | ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 269 | 06/15/14-07/07/14 Email string between Randi Richmond and Mark Binke, et al (Richmond Depo Ex 373) (UCP_002979-2985) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Confusing The Issues, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 270 | 06/15/14 – 07/07/14 Email string between Mark Binke and Randi Richmond, et al (Richmond Depo Ex 374) (UCP_003265-3272) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Confusing The Issues, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |

| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 271 | 07/08/14 Email string between Randi Richmond and Mark Binke, et al (Richmond Depo Ex 375) (UCP000552-553) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Confusing The Issues, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not |

| | | Which Evidence Is Proffered At Trial (F.R.E. 403). | binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |

| DX 272 | 07/08/14 Email from Randi Richmond to Stephen Smith (Richmond Depo Ex 376) (UCP000953) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Confusing The Issues, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).

F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of |

ᴐwn document
ᴉe.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF JANUARY 14, 2020**

| | | | all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 273 | 07/08/14 Email string between Randi Richmond and Mark Binke (Richmond Depo Ex 377) (UCP002802-2803) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Confusing The Issues, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | |
|---|---|---|---|
| | | | Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 274 | 07/08/14 Email from Randi Richmond to Asaf Nawi (Richmond Depo Ex 378) (UCP_003498-3499) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Confusing The Issues, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is |

| | | | |
|---|---|---|---|
| | | | relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 275 | 07/08/14 Email string between Randi Richmond and Jay | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Inadmissible Hearsay And No Exception Is | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should |

| | | | |
|---|---|---|---|
| | Footlik, et al (Richmond Depo Ex 380) (UCP000652) | Applicable (F.R.E. 801, 802); Probative Value Is Substantially Outweighed By Risk Of Confusing The Issues, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |

| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 276 | 07/08/14 Email from Randi Richmond to Stephen Smith, et al (Richmond Depo Ex 381) (UCP000994) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Confusing The Issues, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not |

| | | Which Evidence Is Proffered At Trial (F.R.E. 403). | binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| DX 277 | 07/09/14 Email from Stephen Smith to Mark Winemaker, et al (Richmond Depo Ex 382) (UCP000942-943) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Inadmissible Hearsay And No Exception Is Applicable (F.R.E. 801, 802); Probative Value Is Substantially Outweighed By Risk Of Confusing The Issues, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind |

own document
ne.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 278 | 07/09/14 Email from Stephen Smith to Randi Richmond and Mark Binke, with attachment | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Confusing The Issues, Wasting Time, | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should |

own document
ne.

444

| | (Richmond Depo Ex 383) (UCP000888-896) | Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | Plaintiffs withdraw the exhibit, ASIC's response is as follows: |
|---|---|---|---|
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, |

| | | | ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 279 | 07/09/14 Email string between Mark Binke and Stephen Smith, et al (Richmond Depo Ex 384) (UCP_003490-3492) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Confusing The Issues, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice |

|  |  |  | outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 280 | 07/09/14 Email string between Richard Rothstein and Randi Richmond, et al (Richmond Depo Ex 385) (UCP001068-1069) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Confusing The Issues, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST AS OF JANUARY 14, 2020**

| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 281 | 07/09/14 Email string between Richard Rothstein and Mark Binke, et al (Richmond Depo Ex 386) (UCP001033-1036) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Confusing The Issues, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not |

| | | Which Evidence Is Proffered At Trial (F.R.E. 403). | binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |

own document
ie.

| DX 282 | 07/09/14 Email from Mark Winemaker to Mark Binke and Randi Richmond (Richmond Depo Ex 387) (UCP_003695) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Inadmissible Hearsay And No Exception Is Applicable (F.R.E. 801, 802); Probative Value Is Substantially Outweighed By Risk Of Confusing The Issues, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind |

| | | | of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 283 | 07/09/14 Email string between Randi Richmond and Jay Footlik, et al (Richmond Depo Ex 388) (UCP000992) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should |

| | | Confusing The Issues, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | Plaintiffs withdraw the exhibit, ASIC's response is as follows: <br><br> F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). <br><br> F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, |

| | | | |
|---|---|---|---|
| | | | ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 284 | 07/09/14 Email string between Jay Footlik and Mark Binke, et al (Richmond Depo Ex 389) (UCP000513) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Inadmissible Hearsay And No Exception Is Applicable (F.R.E. 801, 802); Probative Value Is Substantially Outweighed By Risk Of Confusing The Issues, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST AS OF JANUARY 14, 2020**

| | | | |
|---|---|---|---|
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 285 | 07/09/14 Email string between Randi Richmond and Jay Footlik, et al (Richmond Depo Ex 390) (UCP000767-768) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Confusing The Issues, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not |

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | Which Evidence Is Proffered At Trial (F.R.E. 403). | binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST AS OF JANUARY 14, 2020**

| DX 286 | 07/10/14 Email string between Mark Binke and Stephen Smith, et al (Richmond Depo Ex 391) (UCP002121-2122) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Confusing The Issues, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: <br><br> F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). <br><br> F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of |

| | | | all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 287 | 07/10/14 Email string between Randi Richmond and Mark Binke, et al (Richmond Depo Ex 392) (UCP000653-654) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Confusing The Issues, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | |
|---|---|---|---|
| | | | Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 288 | 07/10/14 Email string between Mark Binke and Randi Richmond (Richmond Depo Ex 393) (UCP_003585-3586) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Confusing The Issues, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is |

| | | | relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 289 | 07/11/14 Email from Tony Crowley to Randi Richmond, et | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Inadmissible Hearsay And No Exception Is | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should |

 own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | |
|---|---|---|
| al (Richmond Depo Ex 394) (UCP_003493) | Applicable (F.R.E. 801, 802); Probative Value Is Substantially Outweighed By Risk Of Confusing The Issues, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or |

own document
le.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | |
|---|---|---|---|
| | | | why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 290 | 07/11/14 Email string between Mark Binke and Andrea Garber, et al (Richmond Depo Ex 395) (UCP_003951) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Confusing The Issues, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 291 | 07/14/14 Email string between Randi Richmond and Mark Binke, et al (Richmond Depo Ex 396) (UCP_003356-003357) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Confusing The Issues, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not |

| | | Which Evidence Is Proffered At Trial (F.R.E. 403). | binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
|---|---|---|---|
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| DX 292 | 07/14/14 Email from Paige Potter to Randi Richmond (Richmond Depo Ex 397) (UCP001788) and video referenced in email | Objections To Email: Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Confusing The Issues, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). Objections To Video: Inadmissible Hearsay And No Exception Is Applicable (F.R.E. 801, 802); Improper Lay Opinion (F.R.E. 701); No Evidence Sufficient To Support A Finding As To The Identity Of The Author Or That He/She Has Personal Knowledge Of The Factual Matter Stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403); Lacks Authentication And None Of The Witnesses Have | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, |

own document
le.

| | | Personal Knowledge To Authenticate The Video Footage, In Particular As To The Means Of Obtaining, Location, And Timing Of The Footage (F.R.E. 901). | during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel.

F.R.E. 701 – F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit or, if any, which opinions are objectionable; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702.

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind |

|  |  |  | of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims.<br><br>F.R.E. 901 – Self-authenticated because it is a material purporting to be a news broadcast and, therefore, falls within scope of F.R.E. 902(6); also, broadcast is |
|--|--|--|--|

| | | | done by party-opponent NBC and, therefore, NBC has personal knowledge of its creation and syndication;  F.R.E. 901 - witnesses are able to authenticate film to the extent that the film is information they viewed and acted upon it, and that the film is a true and correct copy of the film as they perceived it at the time; witness need not to have personally filmed the video in order to authenticate the video for its intended purpose. |
|---|---|---|---|
| DX 293 | 07/15/14 Email string between Mark Binke and Randi Richmond (Richmond Depo Ex 398) (UCP001380) | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of Confusing The Issues, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

|  |  |  | relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
|  |  |  | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 294 | 07/15/14 Email from Randi Richmond to Stephen Smith, et | Relevance, Depending On Purpose For Which The Evidence Is Proffered At Trial (F.R.E. 401); Probative Value Is Substantially Outweighed By Risk Of | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| al (Richmond Depo Ex 399) (UCP000903) | Confusing The Issues, Wasting Time, Or Needlessly Presenting Cumulative Evidence, Depending On Purpose For Which Evidence Is Proffered At Trial (F.R.E. 403). | Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, |

|  |  |  | ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 295 | 07/17/14 Email from Stephen Smith to Mark Binke and Randi Richmond (Richmond Depo Ex 400) (UCP_003467) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).


F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice |

own document
ie.

| | | | |
|---|---|---|---|
| | | | outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 296 | 07/21/14 Email string between Stephen Smith and Randi Richmond (Richmond Depo Ex 401) (UCP001606) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 297 | 07/24/14 Email string between Mark Binke and Stephen Smith (Richmond Depo Ex 402) (UCP002403-2404) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not |

| | | which evidence is proffered at trial (F.R.E. 403). | binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF JANUARY 14, 2020**

| DX 298 | 07/25/14 Email from BJ Markus to Andrea Garber, et al (Richmond Depo Ex 403) (UCP000880) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of |

own document
e.

| | | | all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 299 | 08/01/14 Email from Stephen Smith to Mark Binke (Richmond Depo Ex 404) (UCP_003544) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. |

| | | | |
|---|---|---|---|
| | | | Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 300 | 08/05/14 Email string between Mark Binke and Stephen Smith (Richmond Depo Ex 405) (UCP_003620-3621) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is |

own document
e.

| | | | relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 301 | 07/17/14 Email string between Jay Footlik and Mark Binke, et | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should |

| | | |
|---|---|---|
| al (Richmond Depo Ex 406) (UCP000912) | confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, |

| | | | ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 302 | 07/08/14 Email string between Erin Noordeloos and Mark Binke (Binke Depo Ex 408) (UCP000485) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice |

| | | | outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 303 | 07/17/14 Email from Tom McCarthy to Mark Binke (Binke Depo Ex 409) (UCP000503) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |

| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 304 | 12/10/13 Email from Erin Noordeloos to Tom McCarthy, with attachment (UCP_003907-3914) (McCarthy Depo 455) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 401 – Objection is conditional, and therefore not |

| | | which evidence is proffered at trial (F.R.E. 403). | binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| DX 305 | 06/16/14 Email from Erin Noordeloos to Tom McCarthy (UCP_003970) (McCarthy Depo 456) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of |

| | | | all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 306 | 07/02/14 Email from Tom McCarthy to John Wallace (UCP_004047) (McCarthy Depo 457) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. |

| | | | Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 307 | 07/02/14 Email from Erin Noordeloos to Tom McCarthy (UCP_003920) (McCarthy Depo 458) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 308 | 07/03/14 Email from Erin Noordeloos to Tom McCarthy | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should |

| | | |
|---|---|---|
| | (UCP_003978) (McCarthy Depo 459) | confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, |

| | | | ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 309 | 07/04-05 Email string between Erin Noordeloos and Stephen Smith (UCP_003921) (McCarthy Depo 460) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or |

|  |  |  | why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 310 | 07/04-06/14 Email string between Stephen Smith and Tom McCarthy, et al (UCP_003961-3962) (McCarthy Depo 461) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 311 | 07/08/14 Email string between Stephen Smith and Mark Binke, et al (UCP000613-614) (McCarthy Depo 462) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not |

| | | which evidence is proffered at trial (F.R.E. 403). | binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| DX 312 | 07/08-09/14 Email string between Erin Noordeloos and Tom McCarthy, et al (UCP_003949-3950) (McCarthy Depo 463) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of |

own document
e.

| | | | all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 313 | 07/09/14 Email string between Donald Barclay and Patti McConnell, et al (UCP_004022-4023) (McCarthy Depo 464) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. |

own document
e.

| | | | Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 314 | 07/10/14 Email string between Erin Noordeloos and Tom McCarthy, et al (UCP_004016-4017) (McCarthy Depo 465) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is |

wn document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST AS OF JANUARY 14, 2020**

| | | | relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 315 | 07/10/14 Email string between Tom McCarthy and Erin Noordeloos, et al (UCP_004044-4046) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should |

| | (McCarthy Depo 455)<br>(McCarthy Depo 466) | confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, |

| | | | ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 316 | 07/10/14 Email from Brian Brady to Kurt Ford (UCP_003291) (McCarthy Depo 467) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF JANUARY 14, 2020**

| | | | |
|---|---|---|---|
| | | | outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 317 | 07/10/14 Email string between Tom McCarthy and Michael Moore, et al (UCP_004041-4043) (McCarthy Depo 468) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 318 | 07/10/14 Email string between Tom McCarthy lon@augustenborg.com (UCP_004039-4040) (McCarthy Depo 469) | Depending on which portion of the document is used, if offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is |

| | | Probative value is substantially outweighed by risk of confusing the issues, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | hearsay; (2) document contains no out of court statements offered for the truth of the matter asserted; (3) statements made by party-opponent, NBC, and agents affiliated with NBC; (4) non-NBC statements are all adopted by NBC; (5) statements not offered for the truth, but rather to show information acted upon/state of mind of witnesses.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why |

| | | | exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 319 | 07/10/14 Email string between Erin Noordeloos and Tom McCarthy, et al (UCP_003938-3940) (McCarthy Depo 470) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind |

own document
e.

| | | | of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
|---|---|---|---|
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 320 | 07/11/14 Email string between Tom McCarthy and Andrew Jordan, et al (UCP_003991-3993) (McCarthy Depo 471) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should |

| | | needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, |

own document
ie.

| | | | ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 321 | 07/15-16/14 Email string between Erin Noordeloos and Tom McCarthy (UCP_003980-3982) (McCarthy Depo 472) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).

F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or |

| | | | |
|---|---|---|---|
| | | | why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 322 | 07/22/14 Email string between Tom McCarthy and Stephen Smith, et al (UCP_003987) (McCarthy Depo 473) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |

| | | | |
|---|---|---|---|
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 323 | Email from Sean Duffy to Theresa Gooley (Duffy Depo Ex 10) (ATL 1800 – 1801) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is |

| | | | | hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6). |
| | | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |

own document
ie.

| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 324 | Email from Theresa Gooley to Sean Duffy (Duffy Depo Ex 11) (ATL 1826 – 1827) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show |

| | | | information acted upon/state of mind of parties or individuals identified in exhibits; (3) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6). |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. |

own document
ie.

| | | | Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 325 | Email from Peter Williams to Dennis Crosby (Duffy Depo Ex 12) (ATL 1832 – 1834) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) all |

own document
ne.

communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6).

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).

F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice

own document
e.

| | | | |
|---|---|---|---|
| | | | outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 326 | Email from Sean Duffy to Theresa Gooley (Duffy Depo Ex 13) (ATL 1835 – 1836) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) all communications of OneBeacon are records made at or near to the time |

| | | | of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6). |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 327 | July 28, 2014 Denial Letter (Stone Depo Ex 4) (ATL 000094 – ATL 000101) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | |
|---|---|---|---|
| | | | conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6). |
| DX 328 | Typewritten Notes (Stone Depo Ex 11) (ATL 000733-000734) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6).

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).

F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled

| | | | to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 329 | Exclusion of other acts of terrorism committed outside of the United States; cap on losses from certified acts of terrorism (Stone Depo Ex 12) (ATL 005269 – 005297) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of |

| | | | the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 330 | Commercial General Liability Coverage Form (Stone Depo Ex 13) (ATL 005282 – 5297) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high |

| | | | probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 331 | Electronic Data Processing (Stone Depo Ex 14) (ATL 005278 – 005281) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, |

own document
e.

| | | | |
|---|---|---|---|
| | | | misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 332 | Production Portfolio Policy (Stone Depo Ex 15) (ATL 005275-005277) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice |

| | | | |
|---|---|---|---|
| | | | outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 333 | 7/17/14 Email between Theresa Gooley and Pamela Johnson (Wolf Depo Ex 31) (ATL 001571 – 001572) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) all communications of OneBeacon are records made at or near to the time |

own document
e.

|  |  |  | of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6). |
|  |  |  | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
|  |  |  | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, |

| | | | misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 334 | 7/28/19 Email from Theresa Gooley to Pamela Johnson (ATL 001858 – 1866) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with |

wn document
ıe.

|  |  |  | knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6). |
| DX 335 |  |  |  |
| DX 336 |  |  |  |
| DX 337 |  |  |  |
| DX 338 | Deposition Notice for Peter Williams (Williams 30b6 Depo Ex 1) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403).  Subject of a pending Motion in Limine.  If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits.

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind |

|  |  |  | of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| DX 339 | Affidavit of Peter Williams (Williams 30b6 Depo Ex 6) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801; (4) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6). |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| DX 340 | Motion Picture/Television Producers Portfolio Declarations, Policy Number MP00163-04, Period 1/1/14 to 6/30/15 (Williams Dep 2/1/17, Ex 1) (ATL003073-3127) | No objection, other than that the exhibit is duplicative of other exhibits proffered by the parties. F.R.E. 403. | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>Exhibit is not duplicative, or, if so, Plaintiffs fail to identify what document is duplicative. If document is truly duplicative, but there is no other objection, then there is no merit-based objection to this exhibit. |
| --- | --- | --- | --- |
| DX 341 | 12/11-12/13 Email string between Andrea Garber and Bernadette Milinovic, et al (Williams Dep 2/1/17, Ex 6) (AONNBCU0001478-1568) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several |

own document
e.
**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF JANUARY 14, 2020**

|  |  |  | statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801; (4) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6). F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |

own document
ne.

| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 342 | 07/14-16/14 Email string between Daniel Gutterman and Pamela Johnson, et al (Williams Dep 2/1/17, Ex 11) (ATL001132-1192) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, undue delay, | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered |

| | | | wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801; (4) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6). F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind |

| | | |
|---|---|---|
| | | of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 343 | 12/03/13 Email from Daniel Gutterman to Daniel Gutterman (Gutterman Depo Ex 14) (ATL000785-793) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). Relevance, depending on purpose for which the evidence is proffered at trial | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should |

| | | (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). Irrelevant (F.R.E. 402). | Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6).<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind |
|---|---|---|---|

| | | | |
|---|---|---|---|
| | | | of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 344 | General Claims Practices (Gutterman Depo Ex 15) (ATL000735-744) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). Relevance, depending on purpose for which the evidence is proffered at trial | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should |

| | | | (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6). F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | |
|---|---|---|
| | | of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 345 | Core Principles – Version 09/01/12 (Gutterman Depo Ex 16) (ATL000731-732) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). Relevance, depending on purpose for which the evidence is proffered at trial | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should |

| | | | (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiffs withdraw the exhibit, ASIC's response is as follows: <br><br> F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6). <br><br> F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind |

own document
ue.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | |
|---|---|---|
| | | of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 346 | 07/28/14 Email string between Andrea Garber and Daniel Gutterman, et al (Gutterman | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). Relevance, depending on purpose for which the evidence is proffered at trial | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should |

| | | |
|---|---|---|
| | Depo Ex 17) (AONNBCU0003277) | (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801; (4) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6). |

own document ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
| | | | |
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time |

| | | | of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 347 | 07/28/14 Letter from Pamela Johnson to Andrea Garber (Gutterman Depo Ex 18) (ATL000094-101) | Hearsay and no exception is applicable (F.R.E. 801, 802); Inadmissible legal opinion (F.R.E. 701; Fed. R. Civ. Proc. 26); no evidence sufficient to support a finding that author has personal knowledge of the factual matter stated (F.R.E. 602); author's legal opinions are irrelevant (F.R.E. 401, 402); any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6). |

| | | | F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel.<br><br>F.R.E. 701 – F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit or, if any, which opinions are objectionable; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702. |
|---|---|---|---|

own document
te.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, AON, etc.).<br><br>F.R.E. 403 – Objection fails to state what prejudice exhibit contains, or why such alleged prejudice outweighs its probative value. Also, high probative value re: state of mind of all parties involved at the time of the claim. Objection further fails to state what information will mislead or confuse jury. Finally, jury must know what information NBC, AON, and ASIC had at time of claim. |
|---|---|---|---|

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| DX 348 | 09/19/14 Letter from Pamela Johnson to Mitchell Silberberg & Knupp LLP (Gutterman Depo Ex 20) (ATL000705-708) | Hearsay and no exception is applicable (F.R.E. 801, 802); Inadmissible legal opinion (F.R.E. 701; Fed. R. Civ. Proc. 26); ); no evidence sufficient to support a finding that author has personal knowledge of the factual matter stated (F.R.E. 602); author's legal opinions are irrelevant (F.R.E. 401, 402); any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:

F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6).

F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, |

own document
1e.

| | | | during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel.<br><br>F.R.E. 701 – F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit or, if any, which opinions are objectionable; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is |

| | | | |
|---|---|---|---|
| | | | relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 349 | Portions of Claim File (Gutterman Depo Ex 21) (ATL000001-161) | No objection, other than that the exhibit is duplicative of other exhibits proffered by the parties. F.R.E. 403. | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed to the extent the Parties agree on admission of |

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | pages. However, ASIC has objected to portions of the exhibit. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: this document is not duplicative or, if duplicative, Plaintiffs fail to identify what other documents the exhibit duplicates. Per its objections to Plaintiffs' designations, ASIC objects to ATL 0001-0005 as irrelevant in light of the fact that all notes come long after the facts giving rise to the claim, or ASIC's handling thereof. Further object to 0010 – 0086 on the basis that pleading are not proper evidence; further object to 0087-0093 on the basis of relevance (FRE 401, 402), hearsay (FRE 801, 802), improper opinions (FRE 701, 702), more prejudicial than probative, cumulative, and likely to confuse the jury (FRE 403), lack of foundation (FRE 901); finally object to 107-161 as |
|---|---|---|---|

| | | | |
|---|---|---|---|
| | | | cumulative and contained in other exhibits. |
| DX 350 | 07/14-16/14 Email string between Daniel Gutterman Pamela Johnson, et al (Gutterman Depo Ex 22) (ATL001391-1396) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, |

| | | | therefore, are an exception to hearsay under F.R.E. 803(6). |
|---|---|---|---|
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF JANUARY 14, 2020**

| | | | ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 351 | 07/16-17/14 Email string between Pamela Johnson and Susan Weiss, et al (Gutterman Depo Ex 23) (AONNBCU0003252-3255) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801; (4) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with |

own document
1e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | |
|---|---|---|---|
| | | | knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6). |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high |

ꙍwn document
ᴉe.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 352 | 07/21-22/14 Email string between Pamela Johnson and Susan Weiss, et al (Gutterman Depo Ex 25) (AONNBCU0003242-3243) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801; (4) all communications of OneBeacon are |

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6).

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).

F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or

| | | | |
|---|---|---|---|
| | | | why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 353 | John Kerry Comments on Ukraine, Gaza (No Bates No.) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403). If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). Subject of a pending Motion in Limine. | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, |

| | | | during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
| --- | --- | --- | --- |
| | | | F.R.E. 701 –Unclear what opinions are offered by any declarant in exhibit or, if any, which opinions are objectionable; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702. |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind |

own document
e.

| | | | of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 354 | John Kerry Comments Condemning Kidnapping (No Bates No.) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should |

| | | | Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403). If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). Subject of a pending Motion in Limine. | Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits<br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel.<br><br>F.R.E. 701 –Unclear what opinions are offered by any declarant in exhibit or, if any, which opinions are objectionable; all testimony rationally based on information |

|  |  |  | received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702. |
|  |  |  | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
|  |  |  | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of |

own document
ie.

| | | | all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 355 | 07/03/16 Email to from Gutterman to Pamela Johnson (Gutterman Depo Ex 28) (ATL003211) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the |

|  |  |  | regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6).

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).


F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled |
|---|---|---|---|

own document
e.

| | | | to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 356 | 07/16/14 Email string between Wanda Phillips and Daniel Gutterman, et al (Gutterman Depo Ex 29) (ATL001547 - 1550) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, |

| | | | therefore, are an exception to hearsay under F.R.E. 803(6). |
|---|---|---|---|
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 357 | 07/14-16/14 Email string between Pamela Johnson and Daniel Gutterman, et al (Gutterman Depo Ex 30) (ATL001077-1081) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, undue delay, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801; (4) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

|  |  |  | knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6).<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high |
|---|---|---|---|

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF JANUARY 14, 2020**

| | | | |
|---|---|---|---|
| | | | probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 358 | Jim Zanotti, Cong. Research Serv., RL34074, The Palestinians: Background and U.S. Relations (2015) (ATL005135-5183) | No objection. | No response. |
| DX 359 | | | |
| DX 360 | | | |
| DX 361 | | | |
| DX 362 | Jim Zanotti, Cong. Research Serv., RL41514, Hamas: Background and Issue for Congress 1-3 (2010) (ATL005184-5250) | Inadmissible hearsay and no exception is applicable (Fed. R. Evid. 801, 802); No evidence sufficient to support a finding that Mr. Zanotti has personal knowledge of the factual matter stated (Fed. R. Evid. 602) | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified therein. |

wn document
ie.

| | | | |
|---|---|---|---|
| | | | F.R.E. 602 – All parties have personal knowledge of information existed before, during, and after the events giving risie the claim at issue in this case. Parties need not to have been in Israel in order to understand what events transpired. |
| DX 363 | | | |
| DX 364 | | | |
| DX 365 | 05/14/14 E-mail from Jay Radzinski to Stephen Smith, with attachments (UCP_003882-3896) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. |

own document
ie.

| | | | F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
|---|---|---|---|
| DX 366 | 07/10/14 E-mail from Max Security Intelligence to Stephen Smith (UCP003798-3804) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents |

own document
ie.

| | | | |
|---|---|---|---|
| | | | affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
| DX 367 | | | |
| DX 368 | 08/01/14 E-mail from Chris Biggs to Stephen Smith (UCP002155-2157) | No evidence sufficient to support a finding that Mr. Biggs had personal knowledge of any of the matter referenced in the email, or that Mr. Biggs even authored the text of the email given Mr. Smith's deposition testimony regarding Mr. Biggs' | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) document not offered for the truth, but rather to show information acted upon/state of mind of witnesses. |

| | | practice of copying and pasting information from third-party sources. See Smith Depo, 315:2-316:21; Fed. R. Evid. 602. | F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel.<br><br>F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions. |

|  |  |  | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, |

own document ...e.

| | | | ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 369 | 08/01/14 E-mail from Chris Biggs to Stephen Smith (UCP_003777) | No evidence sufficient to support a finding that the authors of these emails had personal knowledge of any of the factual matters referenced in them, or that Mr. Biggs and Mr. Smith even authored the text of their respective emails, especially in light of Mr. Smith's deposition testimony regarding his and his colleague's practice of copying and pasting information from third-party sources.  See Smith Depo, 315:2-316:21; Fed. R. Evid. 602. | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this |

| | | | |
|---|---|---|---|
| | | | exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
| DX 370 | | | |
| DX 371 | 07/21/14 E-mail from Max Security Intelligence to Stephen Smith (UCP002136-2142) | Inadmissible hearsay and no exception is applicable (Fed. R. Evid. 801, 802);There is no evidence sufficient to support a finding that the author has personal knowledge of the factual matter stated (Fed. R. Evid. 602) | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency |

own document
e.

|  |  |  | (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
|---|---|---|---|
| DX 372 | 07/14-15/14 Email string between Susan Weiss and Andrea Garber, et al (UCP000340-343) | Depending on which portion of the document is used, if offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, undue delay, wasting time, or | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating |

| | | needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).

F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled |

own document
1e.

|  |  |  | to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 373 | Atlantic Specialty Insurance Company Policy Number No. MP00163-04 (UCP000056-000110) | No objection other than that this exhibit is duplicative of Plaintiffs' Exhibit. (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows: Not duplicative, or, if duplicative, Plaintiffs fail to identify what exhibit MSJ 44 duplicates. |
| DX 374 | *Gaza cease-fire holds between Hamas and Israel after 50-day war*, NBC News, Aug. 27, 2014, http://www.nbcnews.com/storyl ine/middle-east-unrest/gaza-cease-fire-holds-between-hamas-israel-after-50-day-n189821 (ATL005260; ATL004745) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) document not offered for the truth, but rather to show information acted upon/state of mind of witnesses. F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this |

| | | jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel.

F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions.

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind |
|---|---|---|---|

|  |  |  | of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
|  |  |  | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |

| DX 375 | 07/30/14 Alastair Jamieson, *How technology is intensifying Gaza War between Israel and Hamas*, NBC News (ATL004726-4729; ATL004730 and ATL004731) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) document not offered for the truth, but rather to show information acted upon/state of mind of witnesses;  Document relied on for experts or ASIC in forming opinions or making claim decisions.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel.<br><br>F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information |

| | | | received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or |

own document
e.

ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF JANUARY 14, 2020

| | | | why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 376 | 07/08/14 *Israel and Hamas exchange missile fire as Gaza War looms*, NBC News, July 8, 2014 (ATL4732; ATL004734) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency |

| | | jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. |
| | | | F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel. |
| | | | F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions. |

| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time |

own document
1e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 377 | 07/30/14 *Public support for Israel shifting amid Gaza War, Britain warns*, NBC News (ATL004736-004738; ATL004739) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC |

<table>
<tr>
<td></td>
<td></td>
<td></td>
<td>received regarding what was going on in Israel.<br><br>F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).</td>
</tr>
</table>

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF JANUARY 14, 2020**

| | | | |
|---|---|---|---|
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 378 | 08/01/14 *Gaza death toll nears 1,500 as 72-hour truce with Israel begins*, NBC News (ATL004741; ATL004742) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits. |

| | | of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel.<br><br>F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions. |

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time |

| | | | of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 379 | 07/18/14 Benjamin Landy & Maria Lokke, *Scenes of war and heartbreak as Israel-Hams conflict intensifies*, MSNBC (ATL004588-004597) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel.<br><br>F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony |

| | | | rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions.

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).

F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | |
|---|---|---|---|
| | | | outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 380 | 07/06/14 Donna Stefano, *In Israel and Palestine, children imagine a world without war*, MSNBC (ATL004598-004602) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits. F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have |

| | | needlessly presenting cumulative evidence (F.R.E. 403). | been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel. |
| | | | |
| | | | F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions. |
| | | | |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind |

| | | | of all parties involved at time of claim (NBC, ASIC, Aon, etc.). F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 381 | MSNBC, http://www.nbcuniversal.com/business/msnbc ("MSNBC is part of the NBCUniversal News Group, a division of | Inadmissible hearsay and no exception is applicable (Fed. R. Evid. 801, 802) | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) document contains no out of court statements offered for the truth of the matter asserted; (3) |

|  | NBCUniversal, which is owned by Comcast Corporation.") (ATL004784) |  | statements made by party-opponent, NBC, and agents affiliated with NBC; (4) non-NBC statements are all adopted by NBC; (5) statements not offered for the truth, but rather to show information acted upon/state of mind of witnesses. |
|---|---|---|---|
| DX 382 | NBC News, http://www.nbcuniversal.com/business/nbc-news ("NBC News is part of the NBCUniversal News Group, a division of NBCUniversal, which is owned by Comcast Corporation.") (ATL004785) | Inadmissible hearsay and no exception is applicable (Fed. R. Evid. 801, 802) | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) document contains no out of court statements offered for the truth of the matter asserted; (3) statements made by party-opponent, NBC, and agents affiliated with NBC; (4) non-NBC statements are all adopted by NBC; (5) statements not offered for the truth, but rather to show information acted upon/state of mind of witnesses. |
| DX 383 | 08/06/14 Nicholas Casey, Joshua Mitnick & Nicholas | If offered to prove the truth of facts stated therein, inadmissible hearsay and | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is |

| | | |
|---|---|---|
| | Casey, *Israel, Hamas set out demands on Gaza*, The Wall Street Journal (ATL005261-5267; ATL004783) | no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel.<br><br>F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied |

|  |  |  | upon by experts as basis for opinions or by ASIC as basis for claims handling decisions. |
|  |  |  | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
|  |  |  | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | |
|---|---|---|---|
| | | | the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 384 | | | |
| DX 385 | | | |
| DX 386 | 09/03/14 William Booth, *Here's what really happened in the Gaza war (according to the Israelis)*, The Washington Post (ATL004776-4779; ATL004781) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits.<br><br>.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC |

| | | | received regarding what was going on in Israel. |
|---|---|---|---|
| | | | F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions. |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |

| | | | |
|---|---|---|---|
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 387 | | | |
| DX 388 | | | |
| DX 389 | | | |
| DX 390 | 06/22/15 Batsheva Sobelman, *Israel and Hamas may have* | If offered to prove the truth of facts stated therein, inadmissible hearsay and | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is |

| | | |
|---|---|---|
| | *committed war crimes in Gaza*, U.N. report says, The Los Angeles Times (ATL004631-4634) | no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel.<br><br>F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | upon by experts as basis for opinions or by ASIC as basis for claims handling decisions.

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).

F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of |
|---|---|---|---|

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | |
|---|---|---|
| | | the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 391 | | |
| DX 392 | 08/26/14 Amir Oren, *After seven weeks of Gaza War, Hamas 1, Israel 0*, Haaretz News (ATL004648-4651) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel. |

| | | | F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions. F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |

| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 393 | | | |
| DX 394 | | | |
| DX 395 | | | |
| DX 396 | | | |
| DX 397 | | | |

| | | |
|---|---|---|
| DX 398 | | |
| DX 399 | | |
| DX 400 | | |
| DX 401 | | |
| DX 402 | | |
| DX 403 | | |
| DX 404 | | |
| DX 405 | | |
| DX 406 | | |
| DX 407 | | |
| DX 408 | | |
| DX 409 | | |
| DX 410 | | |
| DX 411 | 10/12/14 John Kerry, Secretary of State, Remarks at the Gaza Donors Conference (ATL004584-4587) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); To the extent characterized expert opinion, there has been no | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of |

| | | showing that the author's statements are based on sufficient facts or data or that they are the product of reliable principles and methods (F.R.E. 702, 703); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | mind of parties or individuals identified in exhibits F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel.

F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions. |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF JANUARY 14, 2020**

| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 412 | 12/05/15 John Kerry, Secretary of State, Brookings Institution's 2015 Saban Forum Keynote Address (ATL004567-004583) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); To the extent characterized expert opinion, there has been no showing that the author's statements are based on sufficient facts or data or that they are the product of reliable principles and methods (F.R.E. 702, 703); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel. F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony |

|  |  |  | rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or |
|---|---|---|---|

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | |
|---|---|---|---|
| | | | why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 413 | 12/28/16 John Kerry, Secretary of State, Remarks on Middle East Peace (ATL004550-4566) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); To the extent characterized expert opinion, there has been no showing that the author's statements are based on sufficient facts or data or that they are the product of reliable principles and methods (F.R.E. 702, 703); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify |

own document
ne.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | regarding what information ASIC or NBC received regarding what was going on in Israel. <br><br> F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions. <br><br> F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |

| | | | |
|---|---|---|---|
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 414 | | | |
| DX 415 | | | |
| DX 416 | | | |
| DX 417 | | | |

own document
e.

| DX 418 | | | |
|---|---|---|---|
| DX 419 | 07/07/14 Al-Qassam Brigades Information Office: Military Communique, Al Qassam Brigades retaliate with 35 missiles on Israeli military bases (ATL004787) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); To the extent characterized expert opinion, there has been no showing that the author's statements are based on sufficient facts or data or that they are the product of reliable principles and methods (F.R.E. 702, 703); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel.<br><br>F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no |

own document
ie.

| | | | testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions. |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or |

| | | | |
|---|---|---|---|
| | | | is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 420 | 07/08/14 Al-Qassam Brigades Information Office: Military Communique, Al Qassam Brigades retaliate with 8 missiles on Israeli military bases (ATL004788) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); To the extent characterized expert opinion, there has been no showing that the author's statements are based on sufficient facts or data or that they are the product of reliable principles and methods (F.R.E. 702, 703); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits F.R.E. 602 – Witnesses have personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC |

| | | confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | or NBC received regarding what was going on in Israel.<br><br>F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
| --- | --- | --- | --- |

| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 421 | 08/20/14 Al-Qassam Brigades Information Office: Military Communique, Press Release of Abu Obeida, Al Qassam spokesperson (ATL005255) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); To the extent characterized expert opinion, there has been no showing that the author's statements are based on sufficient facts or data or | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits |

| | | that they are the product of reliable principles and methods (F.R.E. 702, 703); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel.<br><br>F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions.<br><br>F.R.E. 401 – Objection is conditional, and therefore not |
|---|---|---|---|

 own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| --- | --- | --- | --- |

own document
le.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| DX 422 | Al Qassam Brigades Information Office, About Us, available at http://www.qassam.ps/aboutus.html (ATL005251-5252) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); To the extent characterized expert opinion, there has been no showing that the author's statements are based on sufficient facts or data or that they are the product of reliable principles and methods (F.R.E. 702, 703); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits<br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel.<br><br>F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized |
|--------|--------|--------|--------|

own document
e.

| | | | knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of |

| | | | all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 423 | *Melissa Harris-Perry* (MSNBC television broadcast July 20, 2014), available at http://www.msnbc.com/melissa-harris-perry/watch/what-it-means-to-live-in-a-war-zone-309370947801 (ATL006507) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403); Lacks authentication and none of the witnesses have personal knowledge to authenticate the video footage, in particular as to the means of obtaining, | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) statements of party opponent<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC |

| | | location, and timing of the footage (F.R.E. 901). | or NBC received regarding what was going on in Israel. |
| | | | F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions. |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |

|  |  |  | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims.<br><br>F.R.E. 901 – Self-authenticating under F.R.E. 902(6);  witnesses are able to authenticate film to the extent that the film is information they viewed and acted upon it, and that the film is a true and correct copy of the film as they perceived it at the time; witness need not to have personally filmed the video in |
|---|---|---|---|

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF JANUARY 14, 2020**

| | | | |
|---|---|---|---|
| | | | order to authenticate the video for its intended purpose. |
| DX 424 | *All in with Chris Hayes* (MSNBC television broadcast July 17, 2014), available at http://www.msnbc.com/all-in-with-chris-hayes/watch/ground-war-in-gaza-307290179722 (ATL006510) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403); Lacks authentication and none of the witnesses have personal knowledge to authenticate the video footage, in particular as to the means of obtaining, location, and timing of the footage (F.R.E. 901). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; statement of party opponent

F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel.


F.R.E. 701 – Unclear what opinions are offered by any |

own document
ie.

declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions.

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).

F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice

own document
ie.

| | | | outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims.<br><br>F.R.E. 901 – Self-authenticating under F.R.E. 902(6); produced by opposing parties;  witnesses able to authenticate film to the extent that the film is information they viewed and acted upon it, and that the film is a true and correct copy of the film as they perceived it at the time; witness need not to have personally filmed the video in order to authenticate the video for its intended purpose. |
|---|---|---|---|

own document
1e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| DX 425 | *Today* (NBC News television broadcast July 30, 2014), available at http://www.nbcnews.com/storyline/middle-east-unrest/how-technology-intensifying-gaza-war-between-israel-hamas-n158536 (ATL004730; ATL4726-4729) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403); Lacks authentication and none of the witnesses have personal knowledge to authenticate the video footage, in particular as to the means of obtaining, location, and timing of the footage (F.R.E. 901). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel. |

| | | | F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions. |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why |

own document
ne.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

|  |  |  | exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims.<br><br>F.R.E. 901 – Self-authenticating under F.R.E. 902(6); produced by opposing parties;  witnesses are able to authenticate film to the extent that the film is information they viewed and acted upon it, and that the film is a true and correct copy of the film as they perceived it at the time; witness need not to have personally filmed the video in order to authenticate the video for its intended purpose. |
|---|---|---|---|

own document
ie.

| | | | |
|---|---|---|---|
| DX 426 | *The Last Word with Lawrence O'Donnell* (MSNBC television broadcast July 18, 2014), available at http://www.msnbc.com/the-last-word/watch/mh17-mystery-and-war-in-gaza-308247107963 (ATL006505) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403); Lacks authentication and none of the witnesses have personal knowledge to authenticate the video footage, in particular as to the means of obtaining, location, and timing of the footage (F.R.E. 901). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel. |

own document
ie.

| | | | F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions.

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).

F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. |

|  |  |  | Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims.<br><br>F.R.E. 901 – Self-authenticating under F.R.E. 902(6); produced by opposing parties;  witnesses are able to authenticate film to the extent that the film is information they viewed and acted upon it, and that the film is a true and correct copy of the film as they perceived it at the time; witness need not to have personally filmed the video in order to authenticate the video for its intended purpose. |
|---|---|---|---|

own document
1e.

| | | | |
|---|---|---|---|
| DX 427 | 06/16/14 Email string between Stephen Smith and Paige Potter, et al (UCP001595-1597) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time |

| | | | |
|---|---|---|---|
| | | | of the facts giving rise to Plaintiffs' claims. |
| DX 428 | 07/16/14 Email between Stephen Smith and Mark Binke (UCP002797-2800) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled |

| | | | to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 429 | 06/15/14 E-mail from Stephen Smith to Randi Richmond (UCP002343-2344) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of |

| | | | all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 430 | 07/03/14 E-mail from Penelope Kennedy to Randi Richmond (UCP003591-3592) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness |

| | | | does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel. |
|---|---|---|---|
| DX 431 | 07/10/14 E-mail from Stephen Smith to Mark Binke (UCP000940) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why |

| | | | exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 432 | 07/08/14 Email string between Randi Richmond and Stephen Smith (UCP002710-2711) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not |

| | | | |
|---|---|---|---|
| | | | binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 433 | 07/02/14 E-mail from Randi Richmond to Stephen Smith (UCP001013-1014) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |

own document
ie.

| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 434 | 06/15-07/07/14 Email string between Mark Binke and Randi Richmond, et al (UCP000422-429) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for | Plaintiff has listed exhibit on its list and, therefore, exhibit should be admitted as agreed. Should Plaintiffs withdraw the exhibit, ASIC's response is as follows:<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. |

| | | which evidence is proffered at trial (F.R.E. 403). | Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |

| DX 435 | 07/02/14 Email from Stephen Smith to Mark Binke and Randi Richmond (UCP001037-1039) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). <br><br> F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time |

| | | | |
|---|---|---|---|
| | | | of the facts giving rise to Plaintiffs' claims. |
| DX 436 | 07/09-15/14 Email string between Jacob Fenton and Lori Lynem, et al (UCP020043-20047) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled |

| | | | |
|---|---|---|---|
| | | | to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 437 | 05/13/14 Email from Stephen Smith to Randi Richmond, with attachments (UCP003687-3694) | Relevance, depending on purpose for which the evidence is proffered at trial (F.R.E. 401); Probative value is substantially outweighed by risk of confusing the issues, wasting time, or needlessly presenting cumulative evidence, depending on purpose for which evidence is proffered at trial (F.R.E. 403). | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of |

| | | | all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 438 | | | |
| DX 439 | | | |
| DX 440 | | | |
| DX 441 | United Nations General Assembly Resolution adopted by the Human Rights Council – A/HRC/RES/S-21/1 (no Bates Nos.) | Relevance (F.R.E. 401, 402); If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits;<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is |

| | | | relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 442 | Congressional Research Service Careers | Relevance F.R.E. 401, 402); If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show |

| | https://www.loc.gov/crsinfo/ (no Bates Nos.) | 802); Any probative value is substantially outweighed wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | information acted upon/state of mind of parties or individuals identified in exhibits;<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 443 | | | |
| DX 444 | | | |
| DX 445 | | | |
| DX 446 | | | |
| DX 447 | | | |
| DX 448 | | | |
| DX 449 | | | |
| DX 450 | | | |
| DX 451 | | | |
| DX 452 | | | |
| DX 453 | | | |
| DX 454 | | | |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| DX 455 | | | |
|---|---|---|---|
| DX 456 | | | |
| DX 457 | 10/13/14 The LA Times:  Full Coverage Israel's war in Gaza http://www.latimes.com/world/ middleeast/la-hp-storygallery-middle-east-conflict-storygallery.html (ATL006192-6195) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel. F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions.

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).


F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, |

own document
ie.

| | | |
|---|---|---|
| | | | misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 458 | | | |
| DX 459 | | | |
| DX 460 | | | |
| DX 461 | 07/18/14 MSNBC:  Obama points to rebels in downed Malaysian jet http://www.msnbc.com/msnbc/obama-american-dead-malaysia-airlines-crash (ATL004441-4443) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency |

| | | confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel.<br><br>F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions. |
|---|---|---|---|

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time |

own document
ie.

| | | | of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 462 | 07/16/14 The Times of Israel: Ground incursion in Gaza said 'very likely' http://www.timesofisrael.com/idf-ground-incursion-in-gaza-very-likely (ATL004310-4311) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel. F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony |

| | | | rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions. |
|---|---|---|---|
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or |

| | | | why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 463 | 07/07/14 The Times of Israel: Israel launches 'Protective Edge' counteroffensive on Gaza, Jewish suspects reenact teen's murder http://www.timesofisrael.com/a s-israel-grapples-with-homegrown-killers-violence-continues/#! (ATL004389-004419) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have |

own document
e.

| | | | |
|---|---|---|---|
| | | needlessly presenting cumulative evidence (F.R.E. 403). | been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel.<br><br>F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 464 | 07/15/14 Haaretz:  LIVE UPDATES: Operation Protective Edge, Day 7 http://www.haaretz.com/israel-news/1.604898#! (ATL004430-4440) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; |

own document
ie.

| | | of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel.<br><br>F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions.<br><br>F.R.E. 401 – Objection is conditional, and therefore not |
|---|---|---|---|

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

|  |  |  | binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|

own document
e.

ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF JANUARY 14, 2020

| DX 465 | 07/29/14 NBC News: Benjamin Netanyahu Says Israel's War in Gaza Will Be 'Prolonged' http://www.nbcnews.com/storyline/middle-east-unrest/benjamin-netanyahu-says-israels-war-gaza-will-be-prolonged-n167286 (ATL006255) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; statement of a party opponent and, therefore, not hearsay.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel.<br><br>F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

|  |  |  | testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions.

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).


F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or |
|---|---|---|---|

| | | | is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 466 | 08/21/14 NBC News: Gaza War: Hamas Admits Kidnapping Three Israeli Teens http://www.nbcnews.com/storyline/west-bank-kidnappings/gaza-war-hamas-admits-kidnapping-three-israeli-teens-n186176 (ATL006256-6257) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; F.R.E. 602 – Witnesses have personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC |

|  |  |  | or NBC received regarding what was going on in Israel. |
|  |  |  | F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions. |
|  |  |  | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |

own document
ne.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 467 | 12/07/14 NBC News:  Gaza War:  Israel Opens Eight New Investigations Into Military Operations http://www.nbcnews.com/storyline/middle-east-unrest/gaza-war-israel-opens-eight-new-investigations-military- | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; statement of |

| | | |
|---|---|---|
| operations-n263241 (ATL006258) | 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | a party opponent, and, therefore, not hearsay. F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel. F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions. |

| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time |

| | | | of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 468 | 06/22/15 NBC News:  Israel, Palestinians May Be Guilty of Gaza War Crimes: UN Report http://www.nbcnews.com/news/world/israel-palestinians-committed-possible-gaza-war-crimes-u-n-report-n379636 (ATL006259-6260) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; statements of a party opponent and, therefore, not hearsay.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel. |

| | | | |
|---|---|---|---|
| | | | F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why |

own document
1e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 469 | Haaretz:  Gaza War:  11 Key Headlines From Scathing Report Rattling Israel's Politicians and Military http://www.haaretz.com/israel-news/LIVE-1.774365/Gaza-war-hamas-humanitarian-crisis (ATL006261-6276) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, |

| | | jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403). | including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel.

F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions.

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind |

| | | | of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 470 | | | |
| DX 471 | | | |
| DX 472 | | | |

own document
ne.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| DX 473 | | | |
|---|---|---|---|
| DX 474 | | | |
| DX 475 | Video: http://www.nbcnews.com/video/msnbc2/56804549#56804549 (ATL006503) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403); Lacks authentication and none of the witnesses have personal knowledge to authenticate the video footage, in particular as to the means of obtaining, location, and timing of the footage (F.R.E. 901). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC |

own document
e.

| | | | or NBC received regarding what was going on in Israel.<br><br>F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
|---|---|---|---|

|  |  |  | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims.<br><br>F.R.E. 901 - Self-authenticating under F.R.E. 902(6); produced by Plaintiffs; witnesses are able to authenticate film to the extent that the film is information they viewed and acted upon it, and that the film is a true and correct copy of the film as they perceived it at the time; witness need not to have |
|---|---|---|---|

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | personally filmed the video in order to authenticate the video for its intended purpose. |
|---|---|---|---|
| DX 476 | Video: http://www.msnbc.com/all-in-with-chris-hayes/watch/day-breaks-in-gaza-following-invasion-307348035939 (ATL006509) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403); Lacks authentication and none of the witnesses have personal knowledge to authenticate the video footage, in particular as to the means of obtaining, location, and timing of the footage (F.R.E. 901). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have |

|  |  |  | been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel.<br><br>F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
|--|--|--|--|

own document
e.

| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims.<br><br>F.R.E. 901 - Self-authenticating under F.R.E. 902(6); produced by Plaintiffs; witnesses are able to authenticate film to the extent that the film is information they viewed and acted upon it, and that the film is a true and correct copy of the |
|---|---|---|---|

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | film as they perceived it at the time; witness need not to have personally filmed the video in order to authenticate the video for its intended purpose. |
|---|---|---|---|
| DX 477 | Video: http://www.nbcnews.com/video /from/aug-2/2014-ayman-mohyeldin-reports-on-gaza-war-469303875925 (ATL006511) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403); Lacks authentication and none of the witnesses have personal knowledge to authenticate the video footage, in particular as to the means of obtaining, | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, |

| | | location, and timing of the footage (F.R.E. 901). | including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel.<br><br>F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind |

| | | | of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims.<br><br>F.R.E. 901 - Self-authenticating under F.R.E. 902(6); witnesses are able to authenticate film to the extent that the film is information they viewed and acted upon it, and |
|---|---|---|---|

| | | | that the film is a true and correct copy of the film as they perceived it at the time; witness need not to have personally filmed the video in order to authenticate the video for its intended purpose. |
|---|---|---|---|
| DX 478 | Video: http://www.nbcnews.com/watch /nightly-news-bloddiest-day-in-israels-fight-in-gaza-kills-more-than-70-309590595847 (ATL006007) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403); Lacks authentication and none of the witnesses have personal knowledge to authenticate the video footage, in | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.

F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after |

| | | particular as to the means of obtaining, location, and timing of the footage (F.R.E. 901). | the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel.<br><br>F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is |

own document
ıe.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims.<br><br>F.R.E. 901 - Self-authenticating under F.R.E. 902(6); witnesses are able to authenticate film to the extent that the film is information |
|---|---|---|---|

own document
le.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF JANUARY 14, 2020**

| | | |
|---|---|---|
| | | they viewed and acted upon it, and that the film is a true and correct copy of the film as they perceived it at the time; witness need not to have personally filmed the video in order to authenticate the video for its intended purpose. |
| DX 479 | Video: http://www.nbcnews.com/watch /nightly-news/israeli-palestinian-conflict-brings-heaviest-fighting-in-years-299767363744 (ATL006254) | If offered to prove the truth of facts stated therein, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802); Improper lay opinion (F.R.E. 701); No evidence sufficient to support a finding as to the identity of the author or that he/she has personal knowledge of the factual matter stated (F.R.E. 602); Irrelevant (F.R.E. 401, 402); Any probative value is substantially outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (F.R.E. 403); Lacks authentication and none of the witnesses have personal knowledge to | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.

F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC |

| | | authenticate the video footage, in particular as to the means of obtaining, location, and timing of the footage (F.R.E. 901). | received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel.

F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions.

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is |

| | | | irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
| | | | |
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| | | | |
| | | | F.R.E. 901 - Self-authenticating under F.R.E. 902(6); produced by Plaintiffs; witnesses are able to |

|  |  |  | authenticate film to the extent that the film is information they viewed and acted upon it, and that the film is a true and correct copy of the film as they perceived it at the time; witness need not to have personally filmed the video in order to authenticate the video for its intended purpose. |
| --- | --- | --- | --- |
| DX 480 |  |  |  |
| DX 481 |  |  |  |
| DX 482 | Demonstrative:  Timeline | Atlantic has not provided this proposed exhibit to Universal.  Universal reserves its right to object to this exhibit once disclosed. | N/A |
| DX 483 | Dkt. No. 124 – Minutes (In Chambers) Court Order by J. Anderson Granting ASIC's Motion for Summary Judgment. | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence | F.R.E. 401 – Exhibit relevant to show reasonableness and good faith on the part of ASIC, state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |

| | | | |
|---|---|---|---|
| | | (F.R.E. 403).  Subject of a pending Motion in Limine. | F.R.E. 403 – Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims, and to know that other learned parties agreed with ASIC's claims position. |
| DX 484 | Dkt. No. 128 –In Chambers – Court Order by J. Anderson Granting ASIC's Motion for Summary Judgment. | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence | F.R.E. 401 – Exhibit relevant to show reasonableness and good faith on the part of ASIC, state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection also fails to state why exhibit is unfairly |

| | | (F.R.E. 403).  Subject of a pending Motion in Limine. | prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims, and to know that other learned parties agreed with ASIC's claims position. |
|---|---|---|---|
| DX 485 | Dkt. No. 129 – Court Order by J. Anderson Granting ASIC's Motion for Summary Judgment. | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403).  Subject of a pending Motion in Limine. | F.R.E. 401 – Exhibit relevant to show reasonableness and good faith on the part of ASIC, state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its |

| | | | |
|---|---|---|---|
| | | | probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims, and to know that other learned parties agreed with ASIC's claims position. |
| DX 486 | Dkt. No. 133 – NBC's Notice of Appeal to the Ninth Circuit Court of Appeals | Depending on the reason offered, Irrelevant (F.R.E. 401, 402); F.R.E. 403, Substantially More Prejudicial than Probative, Likely to Confuse the Jury.  Issues of law decided by the Ninth Circuit should be included in properly worded jury instructions, not introduced as an exhibit.  Subject of a pending Motion in Limine. | F.R.E. 401 – Exhibit relevant to show reasonableness and good faith on the part of ASIC, state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). <br><br> F.R.E. 403 – Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the |

own document
ie.

| | | | jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims, and to know that other learned parties agreed with ASIC's claims position. |
| DX 487 | ASIC/NBC Dig Electronic Claim Notes – Bates No. ATL 00001 – ATL 00161 | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801; (4) all communications of OneBeacon are |

| | | | |
|---|---|---|---|
| | | | records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6). |
| DX 488 | ASIC/NBC Dig Claim File – Bates No. ATL 000162 – ATL 4101 | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801; (4) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue |

| | | | |
|---|---|---|---|
| | | | in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6). |
| DX 489 | Claim Notes – Bates No. ATL 000733-0734 (Stone Exhibit No. 11) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801; (4) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or |

own document
e.

| | | | conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6). |
|---|---|---|---|
| DX 490 | | | |
| DX 491 | 04/25/17 Report of Jay Shapiro, CPA | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403).  Subject of a pending Motion in Limine. If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | This is not proper objection to evidence, but rather to expert opinions. Such should properly be addressed in either a *Daubert* motion or in a Motion in Limine. Arguments go to weight, not admissibility. The qualifications of an expert to testify is always relevant and the conclusions of Shapiro are relevant because they make facts asserted by the Plaintiffs' in their claim for damages more or less likely. The probative value of Shapiro's expert report to aid the jury in its assessment and ultimate determination of damages is not |

substantial outweighed by its prejudicial effect, further the Plaintiff offers absolutely no legal authority or precedent to exclude this evidence for their stated basis, only offering broad, conclusory allegations.

Cumulative evidence is defined as evidence that replicates other admitted evidence. United States v. Ives, 609 F.2d 930, 933 (9th Cir. 1979), cert. denied, 445 U.S. 919 (1980).  There is no replication of this evidence, the information contained in this exhibit constitutes evidence of reasonable conduct by the Defendant which is an issue the jury must decide. For these same reasons, introduction of this evidence in no way constitutes a waste of time.

This evidence should not be excluded on the bases of hearsay under Fed. R. Evid. 801 or 802. Fed. R. Evid. 703 permits an

own document
ie.

| | | | expert witness to "base an opinion on facts or data in the case that the expert has been made aware of or personally observed" and if the facts or data are the type that experts in the same field would reasonably rely on to form similar opinions, the facts or data do not have be admissible in order for the witness' opinion to be admissible. Indeed, inadmissible facts or data may be disclosed to the jury "if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." |
|---|---|---|---|
| DX 492 | Schedule A to the 04/25/17 Report of Jay Shapiro, CPA: Summary of Maximum Claim for Possible Extra Expenses – Five Episodes | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403).  Subject of a pending Motion in Limine. If offered to prove | This is not proper objection to evidence, but rather to expert opinions. Such should properly be addressed in either a *Daubert* motion or in a Motion in Limine. Arguments go to weight, not admissibility.  The qualifications of an expert to testify is always relevant and the |

| | | the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | conclusions of Shapiro are relevant because they make facts asserted by the Plaintiffs' in their claim for damages more or less likely.<br><br>The probative value of Shapiro's expert report to aid the jury in its assessment and ultimate determination of damages is not substantial outweighed by its prejudicial effect, further the Plaintiff offers absolutely no legal authority or precedent to exclude this evidence for their stated basis, only offering broad, conclusory allegations.<br><br>Cumulative evidence is defined as evidence that replicates other admitted evidence. United States v. Ives, 609 F.2d 930, 933 (9th Cir. 1979), cert. denied, 445 U.S. 919 (1980).  There is no replication of this evidence, the information contained in this exhibit constitutes evidence of reasonable conduct by the Defendant which is an issue the |

| | | | jury must decide. For these same reasons, introduction of this evidence in no way constitutes a waste of time.

This evidence should not be excluded on the bases of hearsay under Fed. R. Evid. 801 or 802. Fed. R. Evid. 703 permits an expert witness to "base an opinion on facts or data in the case that the expert has been made aware of or personally observed" and if the facts or data are the type that experts in the same field would reasonably rely on to form similar opinions, the facts or data do not have be admissible in order for thewitness' opinion to be admissible. Indeed, inadmissible facts or data may be disclosed to the jury "if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." |

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| DX 493 | Schedule B to the 04/25/17 Report of Jay Shapiro, CPA: Possible Incremental Costs – Five Episodes | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403).  Subject of a pending Motion in Limine. If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | This is not proper objection to evidence, but rather to expert opinions. Such should properly be addressed in either a *Daubert* motion or in a Motion in Limine. Arguments go to weight, not admissibility.<br><br>The qualifications of an expert to testify is always relevant and the conclusions of Shapiro are relevant because they make facts asserted by the Plaintiffs' in their claim for damages more or less likely.<br><br>The probative value of Shapiro's expert report to aid the jury in its assessment and ultimate determination of damages is not substantial outweighed by its prejudicial effect, further the Plaintiff offers absolutely no legal authority or precedent to exclude this evidence for their stated basis, only offering broad, conclusory allegations. |

|  |  |  | Cumulative evidence is defined as evidence that replicates other admitted evidence. United States v. Ives, 609 F.2d 930, 933 (9th Cir. 1979), cert. denied, 445 U.S. 919 (1980). There is no replication of this evidence, the information contained in this exhibit constitutes evidence of reasonable conduct by the Defendant which is an issue the jury must decide. For these same reasons, introduction of this evidence in no way constitutes a waste of time.

This evidence should not be excluded on the bases of hearsay under Fed. R. Evid. 801 or 802. Fed. R. Evid. 703 permits an expert witness to "base an opinion on facts or data in the case that the expert has been made aware of or personally observed" and if the facts or data are the type that experts in the same field would reasonably rely on to form similar opinions, the facts or data do not |

| | | | have be admissible in order for thewitness' opinion to be admissible. Indeed, inadmissible facts or data may be disclosed to the jury "if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." |
|---|---|---|---|
| DX 494 | Schedule C to the 04/25/17 Report of Jay Shapiro, CPA: Additional Film Tax Credit – 5 Episodes | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403).  Subject of a pending Motion in Limine. | This is not proper objection to evidence, but rather to expert opinions. Such should properly be addressed in either a *Daubert* motion or in a Motion in Limine. Arguments go to weight, not admissibility.

The qualifications of an expert to testify is always relevant and the conclusions of Shapiro are relevant because they make facts asserted by the Plaintiffs' in their claim for damages more or less likely.

The probative value of Shapiro's expert report to aid the jury in its assessment and ultimate |

own document
e.

| | | | determination of damages is not substantial outweighed by its prejudicial effect, further the Plaintiff offers absolutely no legal authority or precedent to exclude this evidence for their stated basis, only offering broad, conclusory allegations.

Cumulative evidence is defined as evidence that replicates other admitted evidence. United States v. Ives, 609 F.2d 930, 933 (9th Cir. 1979), cert. denied, 445 U.S. 919 (1980).  There is no replication of this evidence, the information contained in this exhibit constitutes evidence of reasonable conduct by the Defendant which is an issue the jury must decide. For these same reasons, introduction of this evidence in no way constitutes a waste of time.

This evidence should not be excluded on the bases of hearsay under Fed. R. Evid. 801 or 802. |
|---|---|---|---|

| | | | Fed. R. Evid. 703 permits an expert witness to "base an opinion on facts or data in the case that the expert has been made aware of or personally observed" and if the facts or data are the type that experts in the same field would reasonably rely on to form similar opinions, the facts or data do not have be admissible in order for thewitness' opinion to be admissible. Indeed, inadmissible facts or data may be disclosed to the jury "if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." |
| DX 495 | CV of Jay Shapiro, CPA | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403).  Subject of a pending | This is not proper objection to evidence, but rather to expert opinions. Such should properly be addressed in either a *Daubert* motion or in a Motion in Limine. Arguments go to weight, not admissibility. |

| | | Motion in Limine. If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, AON, etc.).<br><br>F.R.E. 403 – Objection fails to state what prejudice exhibit contains, or why such alleged prejudice outweighs its probative value. Also, high probative value re: state of mind of all parties involved at the time of the claim. Objection further fails to state what information will mislead or confuse jury. Finally, jury must know what information NBC, AON, and ASIC had at time of claim. |

| DX 496 | 02/10/16 Email between Wanda Phillips and Joseph S. Fitzgerald (ATL005998-6006) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801; (4) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6). |
| DX 497 | Plaintiff's Damages Evidence – Bates No. UCP 004067-UCP018002 | No objection | No response |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| DX 498 | Plaintiff's Damages Evidence – Bates No. UCP 18003-18124 | No objection | No response |
|---|---|---|---|
| DX 499 | Plaintiff's Damages Evidence – Bates No. UCP 018125-018127 | No objection | No response |
| DX 500 | Plaintiff's Damages Evidence – Bates No. UCP 018228-020052 | No objection | No response |
| DX 501 | Plaintiff's Damages Evidence – Bates No. UCP 020063-032854 | No objection | No response |
| DX 502 | Plaintiff's Damages Evidence – Bates No. UCP 0004971 | No objection | No response |
| DX 503 | Plaintiff's Damages Evidence – Bates No. UCP 004504 | No objection | No response |
| DX 504 | | | |
| DX 505 | | | |
| DX 506 | | | |
| DX 507 | | | |
| DX 508 | Plaintiff's Damages Evidence – Bates No. UCP 004971 (Shapiro Depo Ex 6) | No objection | No response |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| DX 509 | Plaintiff's Damages Evidence – Bates No UCP 014836-014881 (Shapiro Depo Ex 7) | No objection | No response |
|---|---|---|---|
| DX 510 | | | |
| DX 511 | DUPLICATIVE OF MARKUS DEPO EXHIBIT NO 344 (Plaintiff's Damages Evidence – Bates No. UCP 018226-18227 (Shapiro Depo Ex 9)) | No objection. | No response. |
| DX 512 | | | |
| DX 513 | 03/16/17 Report of Frank G. Lowenstein | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403).  Subject of a pending Motion in Limine. If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | This is not proper objection to evidence, but rather to expert opinions. Such should properly be addressed in either a *Daubert* motion or in a Motion in Limine. Arguments go to weight, not admissibility.<br><br>The qualifications of an expert to testify is always relevant and the conclusions of Lowenstein are relevant because they make facts asserted by the Plaintiffs' in their claim for damages more or less likely. |

|  |  |  | The probative value of Lowenstein's expert report to aid the jury in its assessment and ultimate determination of damages is not substantial outweighed by its prejudicial effect, further the Plaintiff offers absolutely no legal authority or precedent to exclude this evidence for their stated basis, only offering broad, conclusory allegations.

Cumulative evidence is defined as evidence that replicates other admitted evidence. United States v. Ives, 609 F.2d 930, 933 (9th Cir. 1979), cert. denied, 445 U.S. 919 (1980).  There is no replication of this evidence, the information contained in this exhibit constitutes evidence of reasonable conduct by the Defendant which is an issue the jury must decide. For these same reasons, introduction of this evidence in no way constitutes a waste of time. |

| | | | This evidence should not be excluded on the bases of hearsay under Fed. R. Evid. 801 or 802. Fed. R. Evid. 703 permits an expert witness to "base an opinion on facts or data in the case that the expert has been made aware of or personally observed" and if the facts or data are the type that experts in the same field would reasonably rely on to form similar opinions, the facts or data do not have be admissible in order for thewitness' opinion to be admissible. Indeed, inadmissible facts or data may be disclosed to the jury "if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." |
|---|---|---|---|
| DX 514 | CV of Frank G. Lowenstein | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, | This is not proper objection to evidence, but rather to expert opinions. Such should properly be addressed in either a *Daubert* |

own document
e.

| | | | Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403).  Subject of a pending Motion in Limine. If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | motion or in a Motion in Limine. Arguments go to weight, not admissibility.

The qualifications of an expert to testify is always relevant and the conclusions of Lowenstein are relevant because they make facts asserted by the Plaintiffs' in their claim for damages more or less likely.

The probative value of Lowenstein's expert report to aid the jury in its assessment and ultimate determination of damages is not substantial outweighed by its prejudicial effect, further the Plaintiff offers absolutely no legal authority or precedent to exclude this evidence for their stated basis, only offering broad, conclusory allegations.

Cumulative evidence is defined as evidence that replicates other admitted evidence. United States v. Ives, 609 F.2d 930, 933 (9th Cir. |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

|  |  |  | 1979), cert. denied, 445 U.S. 919 (1980). There is no replication of this evidence, the information contained in this exhibit constitutes evidence of reasonable conduct by the Defendant which is an issue the jury must decide. For these same reasons, introduction of this evidence in no way constitutes a waste of time.<br><br>This evidence should not be excluded on the bases of hearsay under Fed. R. Evid. 801 or 802. Fed. R. Evid. 703 permits an expert witness to "base an opinion on facts or data in the case that the expert has been made aware of or personally observed" and if the facts or data are the type that experts in the same field would reasonably rely on to form similar opinions, the facts or data do not have be admissible in order for thewitness' opinion to be admissible. Indeed, inadmissible facts or data may be disclosed to |

| | | | the jury "if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." |
|---|---|---|---|
| DX 515 | 04/26/17 Rebuttal Report of Frank G. Lowenstein | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403).  Subject of a pending Motion in Limine. If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | This is not proper objection to evidence, but rather to expert opinions. Such should properly be addressed in either a *Daubert* motion or in a Motion in Limine. Arguments go to weight, not admissibility.<br><br>The qualifications of an expert to testify is always relevant and the conclusions of Lowenstein are relevant because they make facts asserted by the Plaintiffs' in their claim for damages more or less likely.<br><br>The probative value of Lowenstein's expert report to aid the jury in its assessment and ultimate determination of damages is not substantial outweighed by its prejudicial effect, further the |

Plaintiff offers absolutely no legal authority or precedent to exclude this evidence for their stated basis, only offering broad, conclusory allegations.

Cumulative evidence is defined as evidence that replicates other admitted evidence. United States v. Ives, 609 F.2d 930, 933 (9th Cir. 1979), cert. denied, 445 U.S. 919 (1980).  There is no replication of this evidence, the information contained in this exhibit constitutes evidence of reasonable conduct by the Defendant which is an issue the jury must decide. For these same reasons, introduction of this evidence in no way constitutes a waste of time.

This evidence should not be excluded on the bases of hearsay under Fed. R. Evid. 801 or 802. Fed. R. Evid. 703 permits an expert witness to "base an opinion on facts or data in the case that the

| | | | |
|---|---|---|---|
| | | | expert has been made aware of or personally observed" and if the facts or data are the type that experts in the same field would reasonably rely on to form similar opinions, the facts or data do not have be admissible in order for thewitness' opinion to be admissible. Indeed, inadmissible facts or data may be disclosed to the jury "if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." |
| DX 516 | ASIC Policy No. MP 00163-04 (UCP000056-000110) | No objection | No response |
| DX 517 | 07/28/14 Letter from Pamela Johnson to Andrea Garber (Gutterman Depo Ex 18) (ATL000094-101) | No objection | No response |
| DX 518 | NBC Claim File Material – Bates No. UCP 000162 – 000245 | Depending on the reason offered, Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show |

| | | Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403).  Subject of a pending Motion in Limine. | information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801; (4) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6). All necessary for expert witness to form opinions in this case.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is |

| | | | relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 519 | Lowenstein Expert Report (Lowenstein Depo Ex 1) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, | This is not proper objection to evidence, but rather to expert opinions. Such should properly be addressed in either a *Daubert* |

| | | | Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403).  Subject of a pending Motion in Limine. If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | motion or in a Motion in Limine. Arguments go to weight, not admissibility.

The qualifications of an expert to testify is always relevant and the conclusions of Clark are relevant because they make facts asserted by the Plaintiffs' in their claim for damages more or less likely.

The probative value of Clark's expert report to aid the jury in its assessment and ultimate determination of damages is not substantial outweighed by its prejudicial effect, further the Plaintiff offers absolutely no legal authority or precedent to exclude this evidence for their stated basis, only offering broad, conclusory allegations.

Cumulative evidence is defined as evidence that replicates other admitted evidence. United States v. Ives, 609 F.2d 930, 933 (9th Cir. 1979), cert. denied, 445 U.S. 919 |

| | | | (1980).  There is no replication of this evidence, the information contained in this exhibit constitutes evidence of reasonable conduct by the Defendant which is an issue the jury must decide. For these same reasons, introduction of this evidence in no way constitutes a waste of time. The only way this is cumulative is to the extent that ASIC inadvertently duplicated this exhibit in other places.<br><br>This evidence should not be excluded on the bases of hearsay under Fed. R. Evid. 801 or 802. Fed. R. Evid. 703 permits an expert witness to "base an opinion on facts or data in the case that the expert has been made aware of or personally observed" and if the facts or data are the type that experts in the same field would reasonably rely on to form similar opinions, the facts or data do not have be admissible in order for thewitness' opinion to be |
| --- | --- | --- | --- |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF JANUARY 14, 2020**

| | | | admissible. Indeed, inadmissible facts or data may be disclosed to the jury "if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." |
|---|---|---|---|
| DX 520 | 03/17/17 Report of Anthony Clark, AIC (Clark Depo Ex 4) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403).  Subject of a pending Motion in Limine. If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | This is not proper objection to evidence, but rather to expert opinions. Such should properly be addressed in either a *Daubert* motion or in a Motion in Limine. Arguments go to weight, not admissibility.<br><br>The qualifications of an expert to testify is always relevant and the conclusions of Clark are relevant because they make facts asserted by the Plaintiffs' in their claim for damages more or less likely.<br><br>The probative value of Clark's expert report to aid the jury in its assessment and ultimate |

own document
ne.

determination of damages is not substantial outweighed by its prejudicial effect, further the Plaintiff offers absolutely no legal authority or precedent to exclude this evidence for their stated basis, only offering broad, conclusory allegations.

Cumulative evidence is defined as evidence that replicates other admitted evidence. United States v. Ives, 609 F.2d 930, 933 (9th Cir. 1979), cert. denied, 445 U.S. 919 (1980).  There is no replication of this evidence, the information contained in this exhibit constitutes evidence of reasonable conduct by the Defendant which is an issue the jury must decide. For these same reasons, introduction of this evidence in no way constitutes a waste of time.

This evidence should not be excluded on the bases of hearsay under Fed. R. Evid. 801 or 802.

own document
te.

| | | | Fed. R. Evid. 703 permits an expert witness to "base an opinion on facts or data in the case that the expert has been made aware of or personally observed" and if the facts or data are the type that experts in the same field would reasonably rely on to form similar opinions, the facts or data do not have be admissible in order for thewitness' opinion to be admissible. Indeed, inadmissible facts or data may be disclosed to the jury "if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." |
| --- | --- | --- | --- |
| DX 521 | CV or Anthony Clark, AIC | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly | This is not proper objection to evidence, but rather to expert opinions. Such should properly be addressed in either a *Daubert* motion or in a Motion in Limine. |

own document
ie.

| | | Presenting Cumulative Evidence (F.R.E. 403). Subject of a pending Motion in Limine. If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | Arguments go to weight, not admissibility.<br><br>The qualifications of an expert to testify is always relevant and the conclusions of Clark are relevant because they make facts asserted by the Plaintiffs' in their claim for damages more or less likely.<br><br>The probative value of Clark's expert report to aid the jury in its assessment and ultimate determination of damages is not substantial outweighed by its prejudicial effect, further the Plaintiff offers absolutely no legal authority or precedent to exclude this evidence for their stated basis, only offering broad, conclusory allegations.<br><br>Cumulative evidence is defined as evidence that replicates other admitted evidence. United States v. Ives, 609 F.2d 930, 933 (9th Cir. 1979), cert. denied, 445 U.S. 919 (1980). There is no replication of |

own document
ie.
**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | this evidence, the information contained in this exhibit constitutes evidence of reasonable conduct by the Defendant which is an issue the jury must decide. For these same reasons, introduction of this evidence in no way constitutes a waste of time.<br><br>This evidence should not be excluded on the bases of hearsay under Fed. R. Evid. 801 or 802. Fed. R. Evid. 703 permits an expert witness to "base an opinion on facts or data in the case that the expert has been made aware of or personally observed" and if the facts or data are the type that experts in the same field would reasonably rely on to form similar opinions, the facts or data do not have be admissible in order for thewitness' opinion to be admissible. Indeed, inadmissible facts or data may be disclosed to the jury "if their probative value in helping the jury evaluate the |
| --- | --- | --- | --- |

ɔwn document
ie.

723

| | | | opinion substantially outweighs their prejudicial effect." |
|---|---|---|---|
| DX 522 | Rebuttal Report of Anthony Clark, AIC (Clark Depo Ex 5) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403).  Subject of a pending Motion in Limine. If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | This is not proper objection to evidence, but rather to expert opinions. Such should properly be addressed in either a *Daubert* motion or in a Motion in Limine. Arguments go to weight, not admissibility. The qualifications of an expert to testify is always relevant and the conclusions of Clark are relevant because they make facts asserted by the Plaintiffs' in their claim for damages more or less likely. The probative value of Clark's expert report to aid the jury in its assessment and ultimate determination of damages is not substantial outweighed by its prejudicial effect, further the Plaintiff offers absolutely no legal |

|  |  |  | authority or precedent to exclude this evidence for their stated basis, only offering broad, conclusory allegations.

Cumulative evidence is defined as evidence that replicates other admitted evidence. United States v. Ives, 609 F.2d 930, 933 (9th Cir. 1979), cert. denied, 445 U.S. 919 (1980).  There is no replication of this evidence, the information contained in this exhibit constitutes evidence of reasonable conduct by the Defendant which is an issue the jury must decide. For these same reasons, introduction of this evidence in no way constitutes a waste of time.

This evidence should not be excluded on the bases of hearsay under Fed. R. Evid. 801 or 802. Fed. R. Evid. 703 permits an expert witness to "base an opinion on facts or data in the case that the expert has been made aware of or |
|---|---|---|---|

| | | | personally observed" and if the facts or data are the type that experts in the same field would reasonably rely on to form similar opinions, the facts or data do not have be admissible in order for thewitness' opinion to be admissible. Indeed, inadmissible facts or data may be disclosed to the jury "if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." |
|---|---|---|---|
| DX 523 | ASIC Policy No. MP 00163-04 | No objection | No response |
| DX 524 | ASIC/NBC Dig Claim File – Bates No. ATL 000294-000319 | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents |

own document
e.

affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801; (4) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6).

F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).

F.R.E. 403 – Objection is conditional, and therefore not

| | | | |
|---|---|---|---|
| | | | binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 525 | ASIC/NBC Dig Claim File – Bates No. ATL 000322-000328 | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

|  |  |  | within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801; (4) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6). All necessary for expert to form opinions in this case. F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
|--|--|--|--|

own document
ıe.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|
| DX 526 | Expert Report of Anthony Clark (Clark Depo Ex 4) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403).  Subject of a pending | This is not proper objection to evidence, but rather to expert opinions. Such should properly be addressed in either a *Daubert* motion or in a Motion in Limine. Arguments go to weight, not admissibility. |

| | | | Motion in Limine. If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | The qualifications of an expert to testify is always relevant and the conclusions of Clark are relevant because they make facts asserted by the Plaintiffs' in their claim for damages more or less likely.<br><br>The probative value of Clark's expert report to aid the jury in its assessment and ultimate determination of damages is not substantial outweighed by its prejudicial effect, further the Plaintiff offers absolutely no legal authority or precedent to exclude this evidence for their stated basis, only offering broad, conclusory allegations.<br><br>Cumulative evidence is defined as evidence that replicates other admitted evidence. United States v. Ives, 609 F.2d 930, 933 (9th Cir. 1979), cert. denied, 445 U.S. 919 (1980).  There is no replication of this evidence, the information contained in this exhibit constitutes |

| | | | evidence of reasonable conduct by the Defendant which is an issue the jury must decide. For these same reasons, introduction of this evidence in no way constitutes a waste of time. Only way cumulative is if this exhibit is duplicated other places. |
| | | | |
| | | | This evidence should not be excluded on the bases of hearsay under Fed. R. Evid. 801 or 802. Fed. R. Evid. 703 permits an expert witness to "base an opinion on facts or data in the case that the expert has been made aware of or personally observed" and if the facts or data are the type that experts in the same field would reasonably rely on to form similar opinions, the facts or data do not have be admissible in order for thewitness' opinion to be admissible. Indeed, inadmissible facts or data may be disclosed to the jury "if their probative value in helping the jury evaluate the |

| | | | opinion substantially outweighs their prejudicial effect." |
|---|---|---|---|
| DX 527 | Rebuttal Report of Anthony Clark (Clark Depo Ex 5) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403).  Subject of a pending Motion in Limine. If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | This is not proper objection to evidence, but rather to expert opinions. Such should properly be addressed in either a *Daubert* motion or in a Motion in Limine. |
| DX 528 | 03/17/17 Report of Professor Dr. Ingrid Detter de Frankopan | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403).  Subject of a pending Motion in Limine. If offered to prove | This is not proper objection to evidence, but rather to expert opinions. Such should properly be addressed in either a *Daubert* motion or in a Motion in Limine. Arguments go to weight, not admissibility.<br><br>The qualifications of an expert to testify is always relevant and the |

| | | | the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | conclusions of de Frankopan are relevant because they make facts asserted by the Plaintiffs' in their claim for damages more or less likely.<br><br>The probative value of de Frankopan's expert report to aid the jury in its assessment and ultimate determination of damages is not substantial outweighed by its prejudicial effect, further the Plaintiff offers absolutely no legal authority or precedent to exclude this evidence for their stated basis, only offering broad, conclusory allegations.<br><br>Cumulative evidence is defined as evidence that replicates other admitted evidence. United States v. Ives, 609 F.2d 930, 933 (9th Cir. 1979), cert. denied, 445 U.S. 919 (1980).  There is no replication of this evidence, the information contained in this exhibit constitutes evidence of reasonable conduct by |

|  |  |  | the Defendant which is an issue the jury must decide. For these same reasons, introduction of this evidence in no way constitutes a waste of time.

This evidence should not be excluded on the bases of hearsay under Fed. R. Evid. 801 or 802. Fed. R. Evid. 703 permits an expert witness to "base an opinion on facts or data in the case that the expert has been made aware of or personally observed" and if the facts or data are the type that experts in the same field would reasonably rely on to form similar opinions, the facts or data do not have be admissible in order for thewitness' opinion to be admissible. Indeed, inadmissible facts or data may be disclosed to the jury "if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." |
|---|---|---|---|

| | | | |
|---|---|---|---|
| DX 529 | 3/27/17 Amended Exhibit 2 to de Frankopan's Report | | This is not proper objection to evidence, but rather to expert opinions. Such should properly be addressed in either a *Daubert* motion or in a Motion in Limine. Arguments go to weight, not admissibility.<br><br>The qualifications of an expert to testify is always relevant and the conclusions of de Frankopan are relevant because they make facts asserted by the Plaintiffs' in their claim for damages more or less likely.<br><br>The probative value of de Frankopan's expert report to aid the jury in its assessment and ultimate determination of damages is not substantial outweighed by its prejudicial effect, further the Plaintiff offers absolutely no legal authority or precedent to exclude this evidence for their stated basis, |

| | | | only offering broad, conclusory allegations.<br><br>Cumulative evidence is defined as evidence that replicates other admitted evidence. United States v. Ives, 609 F.2d 930, 933 (9th Cir. 1979), cert. denied, 445 U.S. 919 (1980).  There is no replication of this evidence, the information contained in this exhibit constitutes evidence of reasonable conduct by the Defendant which is an issue the jury must decide. For these same reasons, introduction of this evidence in no way constitutes a waste of time.<br><br>This evidence should not be excluded on the bases of hearsay under Fed. R. Evid. 801 or 802. Fed. R. Evid. 703 permits an expert witness to "base an opinion on facts or data in the case that the expert has been made aware of or personally observed" and if the facts or data are the type that |
|---|---|---|---|

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | |
|---|---|---|---|
| | | | experts in the same field would reasonably rely on to form similar opinions, the facts or data do not have be admissible in order for thewitness' opinion to be admissible. Indeed, inadmissible facts or data may be disclosed to the jury "if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." |
| DX 530 | CV of Professor Dr. Ingrid Detter de Frankopan | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403).  Subject of a pending Motion in Limine. If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | This is not proper objection to evidence, but rather to expert opinions. Such should properly be addressed in either a *Daubert* motion or in a Motion in Limine. Arguments go to weight, not admissibility. The qualifications of an expert to testify is always relevant and the conclusions of de Frankopan are relevant because they make facts asserted by the Plaintiffs' in their |

|  |  |  | claim for damages more or less likely.

The probative value of de Frankopan's expert report to aid the jury in its assessment and ultimate determination of damages is not substantial outweighed by its prejudicial effect, further the Plaintiff offers absolutely no legal authority or precedent to exclude this evidence for their stated basis, only offering broad, conclusory allegations.

Cumulative evidence is defined as evidence that replicates other admitted evidence. United States v. Ives, 609 F.2d 930, 933 (9th Cir. 1979), cert. denied, 445 U.S. 919 (1980). There is no replication of this evidence, the information contained in this exhibit constitutes evidence of reasonable conduct by the Defendant which is an issue the jury must decide. For these same reasons, introduction of this |

|  |  |  | evidence in no way constitutes a waste of time.<br><br>This evidence should not be excluded on the bases of hearsay under Fed. R. Evid. 801 or 802. Fed. R. Evid. 703 permits an expert witness to "base an opinion on facts or data in the case that the expert has been made aware of or personally observed" and if the facts or data are the type that experts in the same field would reasonably rely on to form similar opinions, the facts or data do not have be admissible in order for thewitness' opinion to be admissible. Indeed, inadmissible facts or data may be disclosed to the jury "if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." |
|--|--|--|--|

own document
ie.

| DX 531 | 03/17/17 Report of Professor John Quigley (Quigley Depo Ex 4) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403).  Subject of a pending Motion in Limine. If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | This is not proper objection to evidence, but rather to expert opinions. Such should properly be addressed in either a *Daubert* motion or in a Motion in Limine. Arguments go to weight, not admissibility.

The qualifications of an expert to testify is always relevant and the conclusions of Quigley are relevant because they make facts asserted by the Plaintiffs' in their claim for damages more or less likely.

The probative value of Quigley's expert report to aid the jury in its assessment and ultimate determination of damages is not substantial outweighed by its prejudicial effect, further the Plaintiff offers absolutely no legal authority or precedent to exclude this evidence for their stated basis, only offering broad, conclusory allegations. |

own document
ie.

| | | | Cumulative evidence is defined as evidence that replicates other admitted evidence. United States v. Ives, 609 F.2d 930, 933 (9th Cir. 1979), cert. denied, 445 U.S. 919 (1980).  There is no replication of this evidence, the information contained in this exhibit constitutes evidence of reasonable conduct by the Defendant which is an issue the jury must decide. For these same reasons, introduction of this evidence in no way constitutes a waste of time.<br><br>This evidence should not be excluded on the bases of hearsay under Fed. R. Evid. 801 or 802. Fed. R. Evid. 703 permits an expert witness to "base an opinion on facts or data in the case that the expert has been made aware of or personally observed" and if the facts or data are the type that experts in the same field would reasonably rely on to form similar opinions, the facts or data do not |
|---|---|---|---|

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | |
|---|---|---|---|
| | | | have be admissible in order for thewitness' opinion to be admissible. Indeed, inadmissible facts or data may be disclosed to the jury "if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." |
| DX 532 | 3/27/17 Amended Exhibit 2 to Report of John Quigley | | This is not proper objection to evidence, but rather to expert opinions. Such should properly be addressed in either a *Daubert* motion or in a Motion in Limine. Arguments go to weight, not admissibility. The qualifications of an expert to testify is always relevant and the conclusions of Quigley  are relevant because they make facts asserted by the Plaintiffs' in their claim for damages more or less likely. |

own document
ie.

ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF JANUARY 14, 2020

The probative value of de Quigley's expert report to aid the jury in its assessment and ultimate determination of damages is not substantial outweighed by its prejudicial effect, further the Plaintiff offers absolutely no legal authority or precedent to exclude this evidence for their stated basis, only offering broad, conclusory allegations.

Cumulative evidence is defined as evidence that replicates other admitted evidence. United States v. Ives, 609 F.2d 930, 933 (9th Cir. 1979), cert. denied, 445 U.S. 919 (1980).  There is no replication of this evidence, the information contained in this exhibit constitutes evidence of reasonable conduct by the Defendant which is an issue the jury must decide. For these same reasons, introduction of this evidence in no way constitutes a waste of time.

own document
e.

| | | | This evidence should not be excluded on the bases of hearsay under Fed. R. Evid. 801 or 802. Fed. R. Evid. 703 permits an expert witness to "base an opinion on facts or data in the case that the expert has been made aware of or personally observed" and if the facts or data are the type that experts in the same field would reasonably rely on to form similar opinions, the facts or data do not have be admissible in order for thewitness' opinion to be admissible. Indeed, inadmissible facts or data may be disclosed to the jury "if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." |
|---|---|---|---|
| DX 533 | CV of Professor John Quigley | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair | This is not proper objection to evidence, but rather to expert opinions. Such should properly be |

| | | Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403).  Subject of a pending Motion in Limine. If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | addressed in either a *Daubert* motion or in a Motion in Limine. Arguments go to weight, not admissibility.

The qualifications of an expert to testify is always relevant and the conclusions of Quigley are relevant because they make facts asserted by the Plaintiffs' in their claim for damages more or less likely.

The probative value of Quigley's expert report to aid the jury in its assessment and ultimate determination of damages is not substantial outweighed by its prejudicial effect, further the Plaintiff offers absolutely no legal authority or precedent to exclude this evidence for their stated basis, only offering broad, conclusory allegations.

Cumulative evidence is defined as evidence that replicates other admitted evidence. United States v. Ives, 609 F.2d 930, 933 (9th Cir. |

own document
le.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

1979), cert. denied, 445 U.S. 919 (1980).  There is no replication of this evidence, the information contained in this exhibit constitutes evidence of reasonable conduct by the Defendant which is an issue the jury must decide. For these same reasons, introduction of this evidence in no way constitutes a waste of time.

This evidence should not be excluded on the bases of hearsay under Fed. R. Evid. 801 or 802. Fed. R. Evid. 703 permits an expert witness to "base an opinion on facts or data in the case that the expert has been made aware of or personally observed" and if the facts or data are the type that experts in the same field would reasonably rely on to form similar opinions, the facts or data do not have be admissible in order for thewitness' opinion to be admissible. Indeed, inadmissible facts or data may be disclosed to

| | | | the jury "if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." |
|---|---|---|---|
| DX 534 | 04/14/17 Rebuttal Report of Professor John Quigley (Quigley Depo Ex 3) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403).  Subject of a pending Motion in Limine. If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | This is not proper objection to evidence, but rather to expert opinions. Such should properly be addressed in either a *Daubert* motion or in a Motion in Limine. Arguments go to weight, not admissibility. The qualifications of an expert to testify is always relevant and the conclusions of Quigley are relevant because they make facts asserted by the Plaintiffs' in their claim for damages more or less likely. The probative value of Quigley's expert report to aid the jury in its assessment and ultimate determination of damages is not substantial outweighed by its |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

prejudicial effect, further the Plaintiff offers absolutely no legal authority or precedent to exclude this evidence for their stated basis, only offering broad, conclusory allegations.

Cumulative evidence is defined as evidence that replicates other admitted evidence. United States v. Ives, 609 F.2d 930, 933 (9th Cir. 1979), cert. denied, 445 U.S. 919 (1980).  There is no replication of this evidence, the information contained in this exhibit constitutes evidence of reasonable conduct by the Defendant which is an issue the jury must decide. For these same reasons, introduction of this evidence in no way constitutes a waste of time.

This evidence should not be excluded on the bases of hearsay under Fed. R. Evid. 801 or 802. Fed. R. Evid. 703 permits an expert witness to "base an opinion

| | | | on facts or data in the case that the expert has been made aware of or personally observed" and if the facts or data are the type that experts in the same field would reasonably rely on to form similar opinions, the facts or data do not have be admissible in order for thewitness' opinion to be admissible. Indeed, inadmissible facts or data may be disclosed to the jury "if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." |
|---|---|---|---|
| DX 535 | ASIC Objections to Depo Notice for de Frankopan (de Frankopan Depo Ex 401) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403).  Subject of a pending | This is not proper objection to evidence, but rather to expert opinions. Such should properly be addressed in either a *Daubert* motion or in a Motion in Limine. Arguments go to weight, not admissibility. |

| | | Motion in Limine. If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | The qualifications of an expert to testify is always relevant and the conclusions of de Frankopan are relevant because they make facts asserted by the Plaintiffs' in their claim for damages more or less likely.<br><br>The probative value of de Frankopan's expert report to aid the jury in its assessment and ultimate determination of damages is not substantial outweighed by its prejudicial effect, further the Plaintiff offers absolutely no legal authority or precedent to exclude this evidence for their stated basis, only offering broad, conclusory allegations.<br><br>Cumulative evidence is defined as evidence that replicates other admitted evidence. United States v. Ives, 609 F.2d 930, 933 (9th Cir. 1979), cert. denied, 445 U.S. 919 (1980).  There is no replication of this evidence, the information |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | contained in this exhibit constitutes evidence of reasonable conduct by the Defendant which is an issue the jury must decide. For these same reasons, introduction of this evidence in no way constitutes a waste of time.<br><br>This evidence should not be excluded on the bases of hearsay under Fed. R. Evid. 801 or 802. Fed. R. Evid. 703 permits an expert witness to "base an opinion on facts or data in the case that the expert has been made aware of or personally observed" and if the facts or data are the type that experts in the same field would reasonably rely on to form similar opinions, the facts or data do not have be admissible in order for thewitness' opinion to be admissible. Indeed, inadmissible facts or data may be disclosed to the jury "if their probative value in helping the jury evaluate the |

| | | | opinion substantially outweighs their prejudicial effect." |
|---|---|---|---|
| DX 536 | Expert Report of de Frankopan (de Frankopan Dep Ex 402) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403).  Subject of a pending Motion in Limine. | This is not proper objection to evidence, but rather to expert opinions. Such should properly be addressed in either a *Daubert* motion or in a Motion in Limine. Arguments go to weight, not admissibility. The qualifications of an expert to testify is always relevant and the conclusions of de Frankopan are relevant because they make facts asserted by the Plaintiffs' in their claim for damages more or less likely. The probative value of de Frankopan's expert report to aid the jury in its assessment and ultimate determination of damages is not substantial outweighed by its prejudicial effect, further the |

|  |  |  | Plaintiff offers absolutely no legal authority or precedent to exclude this evidence for their stated basis, only offering broad, conclusory allegations.

Cumulative evidence is defined as evidence that replicates other admitted evidence. United States v. Ives, 609 F.2d 930, 933 (9th Cir. 1979), cert. denied, 445 U.S. 919 (1980).  There is no replication of this evidence, the information contained in this exhibit constitutes evidence of reasonable conduct by the Defendant which is an issue the jury must decide. For these same reasons, introduction of this evidence in no way constitutes a waste of time.

This evidence should not be excluded on the bases of hearsay under Fed. R. Evid. 801 or 802. Fed. R. Evid. 703 permits an expert witness to "base an opinion on facts or data in the case that the |
|---|---|---|---|

own document
le.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | expert has been made aware of or personally observed" and if the facts or data are the type that experts in the same field would reasonably rely on to form similar opinions, the facts or data do not have be admissible in order for thewitness' opinion to be admissible. Indeed, inadmissible facts or data may be disclosed to the jury "if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." |
|---|---|---|---|
| DX 537 | Jim Zanotti, Cong. Research Serv., RL34074, The Palestinians: Background and U.S. Relations (2015) (ATL005135-5183) (de Frankopan Depo Ex 403) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits. <br><br> F.R.E. 401 – Objection is conditional, and therefore not |

| | | Presenting Cumulative Evidence (F.R.E. 403).  Subject of a pending Motion in Limine. | binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
|---|---|---|---|
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |

wn document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| DX 538 | Upsala Conflict Data Program Information – Government of Israel and Hamas (de Frankopan Depo Ex 404) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403).  Subject of a pending Motion in Limine. If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits;. Information relied upon by experts in course of forming opinions.

F.R.E. 602 – Witnesses has personal knowledge of what information NBC or ASIC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information ASIC or NBC received regarding what was going on in Israel, or to testify about certain conclusions concerning the conflict at issue in this case. |

| | | | F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702; information relied upon by experts as basis for opinions or by ASIC as basis for claims handling decisions. |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why |

|  |  |  | exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 539 | *Sokolow v. PLO*, Cause No 04-CV-397 (GBD), *in the United States District Court for the Southern District of New York*, 9/30/08 (Quigley Depo Ex 2) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403).  Subject of a pending Motion in Limine. If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | F.R.E. 801/802 – (1) Plaintiff fails to s rather to show information acted upon upon by experts in course of forming  F.R.E. 602 – Witnesses has personal k events giving rise to the claim, includi testify regarding what information AS certain conclusions concerning the con |

own document
1e.

| | | | |
|---|---|---|---|
| | | | F.R.E. 701 – Unclear what opinions ar received and acted upon; no testimony F.R.E. 702; information relied upon by<br><br>F.R.E. 401 – Objection is conditional, why or in what context exhibit is irrele involved at time of claim (NBC, ASIC<br><br>F.R.E. 403 – Objection is conditional, why exhibit is unfairly prejudicial; or confuses the issue, misleads the jury, w all parties involved at the time of the c parties had at time of the facts giving r |
| DX 540 | Email Communication (Quigley Depo Ex 5) (JQ 000012 – 000014) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403). If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). Subject of a pending Motion in Limine. | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not |

|  |  |  | hearsay under F.R.E. 801; (4) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6). All necessary for expert to form opinions in this case. |
|  |  |  | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
|  |  |  | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

|  |  |  | Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 541 | Various Email Communications contained in NBC Claim File Material (Bates No. UCP 000137-000245) | This is not a proper exhibit. This is apparently a compilation of 17 unrelated, separate documents. It is unclear which documents Atlantic intends to use as exhibits. Plaintiffs object on grounds of F.R.E. 401, 402, 403, 801, 802, and subject of a pending Motion in Limine.  Plaintiffs reserve the right to raise any other objection when Atlantic identifies which specific documents it actually intends to | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, and agents affiliated with NBC and operating within the scope of their agency |

| | | introduce. If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801; (4) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6). All necessary for expert to form opinions in this case.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not |
|---|---|---|---|

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 542 | | | |
| DX 543 | | | |
| DX 544 | | | |
| DX 545 | | | |
| DX 546 | | | |

own document
ae.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| DX 547 | | | |
|---|---|---|---|
| DX 548 | | | |
| DX 549 | | | |
| DX 550 | | | |
| DX 551 | Washington Post News Article on Armed Conflict between Hamas and the State of Israel (https://www.washingtonpost.com/world/israel-accepts-truce-plan-hamas-balks/2014/07/15/04373008-0bf5-11e4-8c9a-923ecc0c7d23_story.html?utm_term=.e99302eb1314.) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403). If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). Subject of a pending Motion in Limine. | F.R.E. 801/802 – (1) Plaintiff fails to s rather to show information acted upon upon by experts in course of forming<br><br>F.R.E. 602 – Witnesses has personal k events giving rise to the claim, includi testify regarding what information AS certain conclusions concerning the co<br><br>F.R.E. 701 – Unclear what opinions a received and acted upon; no testimony F.R.E. 702; information relied upon by<br>F.R.E. 401 – Objection is conditional, why or in what context exhibit is irrel involved at time of claim (NBC, ASI( |

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | F.R.E. 403 – Objection is conditional, why exhibit is unfairly prejudicial; or confuses the issue, misleads the jury, all parties involved at the time of the parties had at time of the facts giving |
|---|---|---|---|
| DX 552 | | | |
| DX 553 | | | |
| DX 554 | 7/16/14 Email chain from Pamela Johnson to Daniel Gutterman re: References to Foreign Travel Advice (ATL 001458 – 1463) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403). If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). Subject of a pending Motion in Limine. | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801; (4) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with |

own document
e.

| | | | knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6). F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high |
|---|---|---|---|

own document
1e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 555 | 7/16/14 Email chain from Pamela Johnson to Peter Williams re: Reference to U.S. Travel Warning (ATL 001199 – 001204) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403). If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). Subject of a pending Motion in Limine. | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801; (4) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with |

|  |  |  | knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6).<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST AS OF JANUARY 14, 2020**

| | | | |
|---|---|---|---|
| | | | probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 556 | 7/16/14 Email communication from Pamela Johnson to Daniel Gutterman re: References to News Stories specified in links stated (ATL 001562 – 001563) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403). If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). Subject of a pending Motion in Limine. | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801.<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is |

|  |  |  | irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 557 | 7/18/14 Email from Daniel Gutterman to Daniel Gutterman | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered |

| | re: Reference to News Article (ATL 000502) | Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403). If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). Subject of a pending Motion in Limine. | for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6).<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not |
|---|---|---|---|

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF JANUARY 14, 2020**

| | | | |
|---|---|---|---|
| | | | binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 558 | 7/24/14 Email from Daniel Gutterman to Pamela Johnson re: reporting on facts and developments and mentions of *DIG* (ATL 001828) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6).<br><br>F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high |
|---|---|---|---|

own document
ne.

774

| | | | |
|---|---|---|---|
| | | | probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 559 | 7/28/14 Letter from ASIC to NBCUniversal re: coverage and References to Facts (ATL 00385 – 00392) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6). |

| | | | F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
| | | | |
| | | | F.R.E. 701 – F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit or, if any, which opinions are objectionable; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702. |
| | | | |
| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. |

own document
le.

| | | | |
|---|---|---|---|
| | | | Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, AON, etc.). F.R.E. 403 – Objection fails to state what prejudice exhibit contains, or why such alleged prejudice outweighs its probative value. Also, high probative value re: state of mind of all parties involved at the time of the claim. Objection further fails to state what information will mislead or confuse jury. Finally, jury must know what information NBC, AON, and ASIC had at time of claim. |
| DX 560 | 7/28/14 Email from Pamela Johnson to Pamela Johnson re: References to Articles (ATL 001877) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show |

| | | | |
|---|---|---|---|
| | | | information acted upon/state of mind of parties or individuals identified in exhibits; (3) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6). |
| DX 561 | 9/19/14 Email from Pamela Johnson to Susan Weiss re: References to Facts (ATL 002171 – 2175) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (4) all communications of OneBeacon are records made at or near to the time of the events or conditions at issue in this case by persons with knowledge of those events or conditions; these communications are also made and kept in the |

| | | | regular course of business and, therefore, are an exception to hearsay under F.R.E. 803(6). |
| | | | F.R.E. 602 – Witnesses has personal knowledge of what information NBC received before, during, and after the events giving rise to the claim, including this exhibit. Witness does not need personally to have been in Israel in order to testify regarding what information NBC received regarding what was going on in Israel. |
| | | | F.R.E. 701 – F.R.E. 701 – Unclear what opinions are offered by any declarant in exhibit or, if any, which opinions are objectionable; all testimony rationally based on information received and acted upon; no testimony based on scientific, technical, or other specialized knowledge within the scope of F.R.E. 702. |

own document
ne.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 562 | "War," Blacks Law Dictionary | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403). If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). Subject of a pending Motion in Limine. | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. Information relied upon by experts in course of forming opinions. F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind |

| | | | |
|---|---|---|---|
| | | | of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 563 | "War," Dictionary of International and Comparative Law | | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of |

|  |  |  | mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. Information relied upon by experts in course of forming opinions. F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice |
|---|---|---|---|

own document
e.

| | | | outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 564 | "War," Handbook of Humanitarian Law in Armed Conflicts | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403). If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). Subject of a pending Motion in Limine. | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. Information relied upon by experts in course of forming opinions. |

| | | | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF JANUARY 14, 2020**

| | | | of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 565 | United States Travel Warning 2/3/14 | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403). If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). Subject of a pending Motion in Limine. | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. Information relied upon by experts in course of forming opinions. F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind |

| | | |
|---|---|---|
| | | of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 566 | United Kingdom's website regarding travel to Israel, as it existed on 7/15/14 (https://www.gov.uk/foreign-travel-advice/israel) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of |

| | | | Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403). If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). Subject of a pending Motion in Limine. | mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. Information relied upon by experts in course of forming opinions. F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).

F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF JANUARY 14, 2020**

| | | | |
|---|---|---|---|
| | | | outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 567 | Placeholder for Rusnak CV | Vague; does not provide Plaintiffs adequate notice of the exhibits Defendant intends to offer. Subject to Defendant's pending motion to amend schedule. | This is not proper objection to evidence, but rather to expert opinions. Such should properly be addressed in either a *Daubert* motion or in a Motion in Limine. |
| DX 568 | Placeholder for Rusnak Opinions/Report | Vague; does not provide Plaintiffs adequate notice of the exhibits Defendant intends to offer. Subject to Defendant's pending motion to amend schedule. | This is not proper objection to evidence, but rather to expert opinions. Such should properly be addressed in either a *Daubert* motion or in a Motion in Limine. |
| DX 569 | ASIC's Expert Witness Disclosure dated 3/17/17 | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, | This is not proper objection to evidence, but rather to expert opinions. Such should properly be addressed in either a *Daubert* |

| | | | |
|---|---|---|---|
| | | Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403).  Subject of a pending Motion in Limine.. If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | motion or in a Motion in Limine. Arguments go to weight, not admissibility.

The qualifications of an expert to testify is always relevant and the conclusions of experts are relevant because they make facts asserted by the Plaintiffs' in their claim for damages more or less likely.

The probative value of expert report to aid the jury in its assessment and ultimate determination of damages is not substantial outweighed by its prejudicial effect, further the Plaintiff offers absolutely no legal authority or precedent to exclude this evidence for their stated basis, only offering broad, conclusory allegations.

Cumulative evidence is defined as evidence that replicates other admitted evidence. United States v. Ives, 609 F.2d 930, 933 (9th Cir. 1979), cert. denied, 445 U.S. 919 |

own document
ie.

790

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

(1980).  There is no replication of this evidence, the information contained in this exhibit constitutes evidence of reasonable conduct by the Defendant which is an issue the jury must decide. For these same reasons, introduction of this evidence in no way constitutes a waste of time.

This evidence should not be excluded on the bases of hearsay under Fed. R. Evid. 801 or 802. Fed. R. Evid. 703 permits an expert witness to "base an opinion on facts or data in the case that the expert has been made aware of or personally observed" and if the facts or data are the type that experts in the same field would reasonably rely on to form similar opinions, the facts or data do not have be admissible in order for thewitness' opinion to be admissible. Indeed, inadmissible facts or data may be disclosed to the jury "if their probative value in

| | | | helping the jury evaluate the opinion substantially outweighs their prejudicial effect." |
|---|---|---|---|
| DX 570 | ASIC's Rebuttal Expert Witness Disclosure dated 4/28/17 | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403). Subject of a pending Motion in Limine. If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | This is not proper objection to evidence, but rather to expert opinions. Such should properly be addressed in either a *Daubert* motion or in a Motion in Limine. Arguments go to weight, not admissibility.<br><br>The qualifications of an expert to testify is always relevant and the conclusions of experts are relevant because they make facts asserted by the Plaintiffs' in their claim for damages more or less likely.<br><br>The probative value of expert report to aid the jury in its assessment and ultimate determination of damages is not substantial outweighed by its prejudicial effect, further the |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

|  |  |  | Plaintiff offers absolutely no legal authority or precedent to exclude this evidence for their stated basis, only offering broad, conclusory allegations.

Cumulative evidence is defined as evidence that replicates other admitted evidence. United States v. Ives, 609 F.2d 930, 933 (9th Cir. 1979), cert. denied, 445 U.S. 919 (1980).  There is no replication of this evidence, the information contained in this exhibit constitutes evidence of reasonable conduct by the Defendant which is an issue the jury must decide. For these same reasons, introduction of this evidence in no way constitutes a waste of time.

This evidence should not be excluded on the bases of hearsay under Fed. R. Evid. 801 or 802. Fed. R. Evid. 703 permits an expert witness to "base an opinion on facts or data in the case that the |
|---|---|---|---|

| | | | |
|---|---|---|---|
| | | | expert has been made aware of or personally observed" and if the facts or data are the type that experts in the same field would reasonably rely on to form similar opinions, the facts or data do not have be admissible in order for thewitness' opinion to be admissible. Indeed, inadmissible facts or data may be disclosed to the jury "if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." |
| DX 571 | PM Shapiro Exhibit 01 Williams (Exhibit 1 to Williams depo – ATL003073-003127) | If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF JANUARY 14, 2020**

| | | | affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. Information relied upon by experts in course of forming opinions. F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |
| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high |

own document
ıe.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 572 | Shapiro (5-23-17) - Depo transcript | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403).  Subject of a pending Motion in Limine. | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. Information relied upon by experts in course of forming opinions. F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. |

|  |  |  | Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).

F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|

own document
ne.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| DX 573 | Shapiro Exhibit 01 (Notice of Taking Depo of Jay Shapiro) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. Information relied upon by experts in course of forming opinions. F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. . |
|---|---|---|---|
| DX 574 | Shapiro Exhibit 03 (ASIC's Rebuttal Expert Witness Disclosures dated 4/28/17) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence | This is not proper objection to evidence, but rather to expert opinions. Such should properly be addressed in either a *Daubert* motion or in a Motion in Limine. Arguments go to weight, not admissibility. |

| | | (F.R.E. 403).  Subject of a pending Motion in Limine. | The qualifications of an expert to testify is always relevant and the conclusions of Shapiro are relevant because they make facts asserted by the Plaintiffs' in their claim for damages more or less likely.<br><br>The probative value of Shapiro's expert report to aid the jury in its assessment and ultimate determination of damages is not substantial outweighed by its prejudicial effect, further the Plaintiff offers absolutely no legal authority or precedent to exclude this evidence for their stated basis, only offering broad, conclusory allegations.<br><br>Cumulative evidence is defined as evidence that replicates other admitted evidence. United States v. Ives, 609 F.2d 930, 933 (9th Cir. 1979), cert. denied, 445 U.S. 919 (1980).  There is no replication of this evidence, the information contained in this exhibit constitutes |

evidence of reasonable conduct by the Defendant which is an issue the jury must decide. For these same reasons, introduction of this evidence in no way constitutes a waste of time.

This evidence should not be excluded on the bases of hearsay under Fed. R. Evid. 801 or 802. Fed. R. Evid. 703 permits an expert witness to "base an opinion on facts or data in the case that the expert has been made aware of or personally observed" and if the facts or data are the type that experts in the same field would reasonably rely on to form similar opinions, the facts or data do not have be admissible in order for thewitness' opinion to be admissible. Indeed, inadmissible facts or data may be disclosed to the jury "if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect."

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | |
|---|---|---|---|
| DX 575 | Shapiro Exhibit 04 (UCP 003732-3734) | No objection | No response |
| DX 576 | Shapiro Exhibit 05 (AONNBCU 1748-1750) | No objection | No response |
| DX 577 | Shapiro Exhibit 06 (UCP 4971-4972) | No objection | No response |
| DX 578 | Shapiro Exhibit 07 (UCP 14836-14881) | No objection | No response |
| DX 579 | Shapiro Exhibit 08 (Expert Report of Jay Shapiro dated 4/25/17) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403).  Subject of a pending Motion in Limine. If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | This is not proper objection to evidence, but rather to expert opinions. Such should properly be addressed in either a *Daubert* motion or in a Motion in Limine. Arguments go to weight, not admissibility.<br><br>The qualifications of an expert to testify is always relevant and the conclusions of Shapiro are relevant because they make facts asserted by the Plaintiffs' in their claim for damages more or less likely. |

The probative value of Shapiro's expert report to aid the jury in its assessment and ultimate determination of damages is not substantial outweighed by its prejudicial effect, further the Plaintiff offers absolutely no legal authority or precedent to exclude this evidence for their stated basis, only offering broad, conclusory allegations.

Cumulative evidence is defined as evidence that replicates other admitted evidence. United States v. Ives, 609 F.2d 930, 933 (9th Cir. 1979), cert. denied, 445 U.S. 919 (1980).  There is no replication of this evidence, the information contained in this exhibit constitutes evidence of reasonable conduct by the Defendant which is an issue the jury must decide. For these same reasons, introduction of this evidence in no way constitutes a waste of time.

own document e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST AS OF JANUARY 14, 2020**

| | | | This evidence should not be excluded on the bases of hearsay under Fed. R. Evid. 801 or 802. Fed. R. Evid. 703 permits an expert witness to "base an opinion on facts or data in the case that the expert has been made aware of or personally observed" and if the facts or data are the type that experts in the same field would reasonably rely on to form similar opinions, the facts or data do not have be admissible in order for thewitness' opinion to be admissible. Indeed, inadmissible facts or data may be disclosed to the jury "if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." . |
|---|---|---|---|
| DX 580 | Shapiro Exhibit 09 (UCP 18226-18227) | No objection | No response |

| DX 581 | Shapiro Exhibit 11 (signed non-disclosure agreement dated 3/27/17) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403).  Subject of a pending Motion in Limine. | This is not proper objection to evidence, but rather to expert opinions. Such should properly be addressed in either a *Daubert* motion or in a Motion in Limine. Arguments go to weight, not admissibility. The qualifications of an expert to testify is always relevant and the conclusions of Shapiro are relevant because they make facts asserted by the Plaintiffs' in their claim for damages more or less likely. The probative value of Shapiro expert report to aid the jury in its assessment and ultimate determination of damages is not substantial outweighed by its prejudicial effect, further the Plaintiff offers absolutely no legal authority or precedent to exclude this evidence for their stated basis, only offering broad, conclusory allegations. |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

|  |  |  | Cumulative evidence is defined as evidence that replicates other admitted evidence. United States v. Ives, 609 F.2d 930, 933 (9th Cir. 1979), cert. denied, 445 U.S. 919 (1980). There is no replication of this evidence, the information contained in this exhibit constitutes evidence of reasonable conduct by the Defendant which is an issue the jury must decide. For these same reasons, introduction of this evidence in no way constitutes a waste of time.<br><br>This evidence should not be excluded on the bases of hearsay under Fed. R. Evid. 801 or 802. Fed. R. Evid. 703 permits an expert witness to "base an opinion on facts or data in the case that the expert has been made aware of or personally observed" and if the facts or data are the type that experts in the same field would reasonably rely on to form similar opinions, the facts or data do not |
|---|---|---|---|

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | have be admissible in order for thewitness' opinion to be admissible. Indeed, inadmissible facts or data may be disclosed to the jury "if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." |
|---|---|---|---|
| DX 582 | Wunderlich - Exhibit 259 (Summary of Claim for Extra Expenses) | No objection | No response |
| DX 583 | Wunderlich - Exhibit 260 (Extra Expenses – New Mexico Prep) | No objection | No response |
| DX 584 | Wunderlich - Exhibit 261 (Extra Expenses – New Mexico Wrap) | No objection | No response |
| DX 585 | Wunderlich - Exhibit 262 (Extra Expenses – New Mexico All Series) | No objection | No response |

own document
e.

| DX 586 | Wunderlich Exhibit 263 (Extra Expenses – New Mexico Compensation) | No objection | No response |
|---|---|---|---|
| DX 587 | Wunderlich Exhibit 264 (Summary of Extra Expenses – Croatia) | No objection | No response |
| DX 588 | Wunderlich Exhibit 265 (Extra Expenses – Croatia Prep, Wrap & All Series and Extra Compensation) | No objection | No response |
| DX 589 | Wunderlich Exhibit 266 (Croatia Shoot Expenses) | No objection | No response |
| DX 590 | Wunderlich Exhibit 267 (Croatia – Daily Shoot Budget) | No objection | No response |
| DX 591 | Wunderlich Exhibit 271 (Summary of Claim for Extra Expenses) | No objection | No response |
| DX 592 | Wunderlich Exhibit 272 (Extra Expenses – New Mexico Compensation) | No objection | No response |

| DX 593 | Wunderlich Exhibit 273 (Additional Documents, Data and Materials Reviewed) | No objection | No response |
|---|---|---|---|
| DX 594 | Wunderlich Exhibit 274 (Extra Expenses – Israel Push Costs) | No objection | No response |
| DX 595 | Wunderlich Exhibit 275 (Israel Salaries) | No objection | No response |
| DX 596 | Wunderlich Exhibit 276 (Excel spreadsheet: Cost Bible – 602 pages) | No objection | No response |
| DX 597 | Wunderlich Exhibit 277 (Excel spreadsheet: NM Prep – 82 pages) | No objection | No response |
| DX 598 | Wunderlich Exhibit 278 (Excel spreadsheet: NM Wrap – 46 pages) | No objection | No response |
| DX 599 | Wunderlich Exhibit 279 (Excel spreadsheet: 01086 – 121 pages) | No objection | No response |
| DX 600 | Wunderlich Exhibit 280 (NM All Series 01086 – 106 pages) | No objection | No response |

| DX 601 | Wunderlich Exhibit 281 (Excel spreadsheet: Excl NM All Series 010816 – 16 pages) | No objection | No response |
|---|---|---|---|
| DX 602 | Wunderlich Exhibit 282 (Excel spreadsheet: Net NM All Series 010816 – 102 pages) | No objection | No response |
| DX 603 | Wunderlich Exhibit 283 (UCP014569-014704) | No objection | No response |
| DX 604 | Wunderlich Exhibit 284 (Estimated Shooting Day Cost Summary – Dig Croatia Unit – 10 pages) | No objection | No response |
| DX 605 | Wunderlich Exhibit 285 (Excel Spreadsheet: 01086 – 9 pages) | No objection | No response |
| DX 606 | Wunderlich Exhibit 286 (Excel spreadsheet: Net Croatia – 101 pages) | No objection | No response |
| DX 607 | Wunderlich Exhibit 287 (Excel spreadsheet: Croatia Paid in Israel – 1 page) | No objection | No response |

| DX 608 | Wunderlich Exhibit 288 (Excel spreadsheet: DIG Croatia Part 1 – 14 pages) | No objection | No response |
|--------|----------------------------------------------------|--------------|-------------|
| DX 609 | Wunderlich Exhibit 289 (RW000001-000029) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403). If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. Information relied upon by experts in course of forming opinions. F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind |

| | | | of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 610 | Protective Order (Doc 25) dated 9/14/16 | No objection | No response |
| DX 611 | | | |

own document
e.

| DX 612 | CONFIDENTIAL-UCP018019.XLS | | |
|---|---|---|---|
| DX 613 | DIG Croatia - Cast (UCP018228-18236) | No objection | No response |
| DX 614 | DIG Croatia - Fringe (UCP018237-18238) | No objection | No response |
| DX 615 | DIG Croatia - Stunts (UCP018239-18243) | No objection | No response |
| DX 616 | Dig Extra Expense Categories (UCP018022-018026) | No objection | No response |
| DX 617 | | | |
| DX 618 | | | |
| DX 619 | | | |
| DX 620 | | | |
| DX 621 | | | |
| DX 622 | | | |
| DX 623 | | | |
| DX 624 | | | |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| DX 625 | | |
|--------|--|--|
| DX 626 | | |
| DX 627 | | |
| DX 628 | | |
| DX 629 | | |
| DX 630 | | |
| DX 631 | | |
| DX 632 | | |
| DX 633 | | |
| DX 634 | | |
| DX 635 | | |
| DX 636 | | |
| DX 637 | | |
| DX 638 | | |
| DX 639 | | |
| DX 640 | | |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| DX 641 | | | |
|--------|--|--|--|
| DX 642 | | | |
| DX 643 | 8/11/2016 DIG – New Mexico Season 1 – First 5 episodes Production Recap Report 2014/2015 Season 1 Period Ending: 8/11/2016 (UCP004503) | No objection | No response |
| DX 644 | 8/11/2016 DIG – Season One Amort 01086 (Episodes 102-106) Cost Report 9 (UCP004505) | No objection | No response |
| DX 645 | 8/6/2016 DIG – Season One Amort 01091 Cost Report 10 (UCP004513) | No objection | No response |
| DX 646 | 8/7/2016 DIG Season One New Mexico Unit Prep – 01085 Cost Report 8 (UCP004521) | No objection | No response |
| DX 647 | 8/7/2016 DIG Season One New Mexico Unit Wrap – 01088 Cost Report 9 (UCP004530) | No objection | No response |

| DX 648 | Email from BJ Markus to Randi Richmond re: Emailing: DIG Israel Series recap 12 30 14.xlsx (UCP004538) | No objection | No response |
|--------|--------|--------|--------|
| DX 649 | | | |
| DX 650 | | | |
| DX 651 | | | |
| DX 652 | 10/22/2014 Email from Joshua P. Dease to Randi Richmond , BJ Markus, Mark Winemaker, and Ryan Greig re: DIG – Croatia Cost Report 4 Documents – Period Ending 10/18/2014 (UCP004613) | No objection | No response |
| DX 653 | | | |
| DX 654 | | | |
| DX 655 | | | |
| DX 656 | | | |
| DX 657 | | | |
| DX 658 | | | |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | |
|---|---|---|
| DX 659 | | |
| DX 660 | | |
| DX 661 | | |
| DX 662 | | |
| DX 663 | | |
| DX 664 | | |
| DX 665 | | |
| DX 666 | | |
| DX 667 | | |
| DX 668 | | |
| DX 669 | | |
| DX 670 | 12/02/2015 email from Joshua Dease to Randi Richmond and BJ Markus re: DIG – New Mexico Recap and Cost Report Documents (01085/01086/01088/01091) – PE 11/22/2015 (UCP004786) | No objection | No response |
| DX 671 | | |

wn document
e.

| DX 672 | 11/23/2015 DIG – New Mexico Season 1 – First 5 Episodes Production Recap Report (UCP004797) | No objection | No response |
|--------|--------|--------|--------|
| DX 673 | | | |
| DX 674 | | | |
| DX 675 | | | |
| DX 676 | 10/3/2014 email from Debbie Cleaver to BJ Markus, Randi Richmond, Alton, and "MW" re: DIG Budget 102 & 103 (UCP004826) | No objection | No response |
| DX 677 | | | |
| DX 678 | | | |
| DX 679 | 5/10/2014 emails exchanged between BJ Markus, Randi Richmond, Meryle Sellinger, and Richard Winnie re: Post Budgets for Review (UCP004829) | No objection | No response |
| DX 680 | | | |

own document
e.

| DX 681 | | | |
|--------|--|--|--|
| DX 682 | | | |
| DX 683 | 5/4/2014 "DIG" Pattern: 5 Episode (8) Days in Israel (UCP004839) | No objection | No response |
| DX 684 | | | |
| DX 685 | | | |
| DX 686 | | | |
| DX 687 | | | |
| DX 688 | | | |
| DX 689 | | | |
| DX 690 | | | |
| DX 691 | | | |
| DX 692 | | | |
| DX 693 | 3/11/2014 – 3/12/2014 emails exchanged between John Gaskin, Mark Winemaker, Ryan Greig, Randi Richmond, and BJ Markus re: DIG – | No objection | No response |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | |
|---|---|---|---|
| | Budgets as at 3/11/2014 (UCP004971) | | |
| DX 694 | DIG Amort (UCP004972) | No objection | No response |
| DX 695 | | | |
| DX 696 | | | |
| DX 697 | | | |
| DX 698 | | | |
| DX 699 | | | |
| DX 700 | | | |
| DX 701 | | | |
| DX 702 | | | |
| DX 703 | | | |
| DX 704 | | | |
| DX 705 | 4/20/2015 email from Joshua Dease to Randi Richmond and BJ Markus re; DIG – Croatia (102-106) Cost Report 9 Documents – PE 4/10/2015 (UCP005161) | No objection | No response |

| | | |
|---|---|---|
| DX 706 | | |
| DX 707 | | |
| DX 708 | | |
| DX 709 | | |
| DX 710 | | |
| DX 711 | | |
| DX 712 | | |
| DX 713 | | |
| DX 714 | | |
| DX 715 | | |
| DX 716 | | |
| DX 717 | | |
| DX 718 | | |
| DX 719 | | |
| DX 720 | | |
| DX 721 | | |

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| DX 722 | | |
|---|---|---|
| DX 723 | | |
| DX 724 | | |
| DX 725 | | |
| DX 726 | | |
| DX 727 | | |
| DX 728 | | |
| DX 729 | | |
| DX 730 | | |
| DX 731 | | |
| DX 732 | | |
| DX 733 | | |
| DX 734 | | |
| DX 735 | | |
| DX 736 | | |
| DX 737 | | |

own document
ie.

822

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| DX 738 | | |
|--------|--|--|
| DX 739 | | |
| DX 740 | | |
| DX 741 | | |
| DX 742 | | |
| DX 743 | | |
| DX 744 | | |
| DX 745 | | |
| DX 746 | | |
| DX 747 | | |
| DX 748 | | |
| DX 749 | | |
| DX 750 | | |
| DX 751 | | |
| DX 752 | | |
| DX 753 | | |

own document
ae.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| DX 754 | | |
|--------|--|--|
| DX 755 | | |
| DX 756 | | |
| DX 757 | | |
| DX 758 | | |
| DX 759 | | |
| DX 760 | | |
| DX 761 | | |
| DX 762 | | |
| DX 763 | | |
| DX 764 | | |
| DX 765 | | |
| DX 766 | | |
| DX 767 | | |
| DX 768 | | |
| DX 769 | | |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | |
|---|---|---|
| DX 770 | | |
| DX 771 | | |
| DX 772 | | |
| DX 773 | | |
| DX 774 | | |
| DX 775 | | |
| DX 776 | | |
| DX 777 | | |
| DX 778 | | |
| DX 779 | | |
| DX 780 | | |
| DX 781 | 6/1/2014 "DIG" Locked Budget Pattern: 5 Episode – (8) Days in Israel (UCP014836) | No objection | No response |
| DX 782 | | |
| DX 783 | | |
| DX 784 | | |

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| DX 785 | | |
|--------|--|--|
| DX 786 | | |
| DX 787 | | |
| DX 788 | | |
| DX 789 | | |
| DX 790 | | |
| DX 791 | | |
| DX 792 | | |
| DX 793 | | |
| DX 794 | | |
| DX 795 | | |
| DX 796 | | |
| DX 797 | | |
| DX 798 | | |
| DX 799 | | |
| DX 800 | | |

| | | |
|---|---|---|
| DX 801 | | |
| DX 802 | | |
| DX 803 | | |
| DX 804 | | |
| DX 805 | | |
| DX 806 | | |
| DX 807 | | |
| DX 808 | | |
| DX 809 | | |
| DX 810 | | |
| DX 811 | | |
| DX 812 | | |
| DX 813 | | |
| DX 814 | | |
| DX 815 | | |
| DX 816 | | |

own document
ne.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| DX 817 | | | |
|--------|--|--|--|
| DX 818 | | | |
| DX 819 | | | |
| DX 820 | | | |
| DX 821 | | | |
| DX 822 | | | |
| DX 823 | | | |
| DX 824 | | | |
| DX 825 | | | |
| DX 826 | | | |
| DX 827 | | | |
| DX 828 | | | |
| DX 829 | | | |
| DX 830 | | | |
| DX 831 | | | |
| DX 832 | | | |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| DX 833 | | |
|--------|--|--|
| DX 834 | | |
| DX 835 | | |
| DX 836 | | |
| DX 837 | | |
| DX 838 | | |
| DX 839 | | |
| DX 840 | | |
| DX 841 | | |
| DX 842 | | |
| DX 843 | | |
| DX 844 | | |
| DX 845 | | |
| DX 846 | | |
| DX 847 | | |
| DX 848 | | |

wn document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | |
|---|---|---|
| DX 849 | | |
| DX 850 | | |
| DX 851 | | |
| DX 852 | | |
| DX 853 | | |
| DX 854 | | |
| DX 855 | | |
| DX 856 | | |
| DX 857 | | |
| DX 858 | | |
| DX 859 | | |
| DX 860 | | |
| DX 861 | | |
| DX 862 | | |
| DX 863 | | |
| DX 864 | | |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| DX 865 | | |
|--------|--|--|
| DX 866 | | |
| DX 867 | | |
| DX 868 | | |
| DX 869 | | |
| DX 870 | | |
| DX 871 | | |
| DX 872 | | |
| DX 873 | | |
| DX 874 | | |
| DX 875 | | |
| DX 876 | | |
| DX 877 | | |
| DX 878 | | |
| DX 879 | | |
| DX 880 | | |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| DX 881 | | |
| --- | --- | --- |
| DX 882 | | |
| DX 883 | | |
| DX 884 | | |
| DX 885 | | |
| DX 886 | | |
| DX 887 | | |
| DX 888 | | |
| DX 889 | | |
| DX 890 | | |
| DX 891 | | |
| DX 892 | | |
| DX 893 | | |
| DX 894 | | |
| DX 895 | | |
| DX 896 | | |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| DX 897 | | | |
|---|---|---|---|
| DX 898 | | | |
| DX 899 | | | |
| DX 900 | | | |
| DX 901 | | | |
| DX 902 | | | |
| DX 903 | | | |
| DX 904 | | | |
| DX 905 | | | |
| DX 906 | | | |
| DX 907 | | | |
| DX 908 | | | |
| DX 909 | | | |
| DX 910 | | | |
| DX 911 | | | |
| DX 912 | | | |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | |
|---|---|---|
| DX 913 | | |
| DX 914 | | |
| DX 915 | | |
| DX 916 | | |
| DX 917 | | |
| DX 918 | | |
| DX 919 | | |
| DX 920 | | |
| DX 921 | | |
| DX 922 | | |
| DX 923 | | |
| DX 924 | | |
| DX 925 | | |
| DX 926 | | |
| DX 927 | | |
| DX 928 | | |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| DX 929 | | |
|--------|--|--|
| DX 930 | | |
| DX 931 | | |
| DX 932 | | |
| DX 933 | | |
| DX 934 | | |
| DX 935 | | |
| DX 936 | | |
| DX 937 | | |
| DX 938 | | |
| DX 939 | | |
| DX 940 | | |
| DX 941 | | |
| DX 942 | | |
| DX 943 | | |
| DX 944 | | |

own document
e.

835

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| DX 945 | | |
|--------|--|--|
| DX 946 | | |
| DX 947 | | |
| DX 948 | | |
| DX 949 | | |
| DX 950 | | |
| DX 951 | | |
| DX 952 | | |
| DX 953 | | |
| DX 954 | | |
| DX 955 | | |
| DX 956 | | |
| DX 957 | | |
| DX 958 | | |
| DX 959 | | |
| DX 960 | | |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| DX 961 | | |
|---|---|---|
| DX 962 | | |
| DX 963 | | |
| DX 964 | | |
| DX 965 | | |
| DX 966 | | |
| DX 967 | | |
| DX 968 | | |
| DX 969 | | |
| DX 970 | | |
| DX 971 | | |
| DX 972 | | |
| DX 973 | | |
| DX 974 | | |
| DX 975 | | |
| DX 976 | | |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| DX 977 | | |
|--------|--|--|
| DX 978 | | |
| DX 979 | | |
| DX 980 | | |
| DX 981 | | |
| DX 982 | | |
| DX 983 | | |
| DX 984 | | |
| DX 985 | | |
| DX 986 | | |
| DX 987 | | |
| DX 988 | | |
| DX 989 | | |
| DX 990 | | |
| DX 991 | | |
| DX 992 | | |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| DX 993 | | |
|---|---|---|
| DX 994 | | |
| DX 995 | | |
| DX 996 | | |
| DX 997 | | |
| DX 998 | | |
| DX 999 | | |
| DX 1000 | | |
| DX 1001 | | |
| DX 1002 | | |
| DX 1003 | | |
| DX 1004 | | |
| DX 1005 | | |
| DX 1006 | | |
| DX 1007 | | |
| DX 1008 | | |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | |
|---|---|---|
| DX 1009 | | |
| DX 1010 | | |
| DX 1011 | | |
| DX 1012 | | |
| DX 1013 | | |
| DX 1014 | | |
| DX 1015 | | |
| DX 1016 | | |
| DX 1017 | | |
| DX 1018 | | |
| DX 1019 | | |
| DX 1020 | | |
| DX 1021 | | |
| DX 1022 | | |
| DX 1023 | Hribar, Director Payment Decision Letter – English (UCP018006 - UCP018008) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403).  Subject of a pending Motion in Limine | information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. Information relied upon by experts in course of forming opinions. F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).

F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or |

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST AS OF JANUARY 14, 2020**

| | | | why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. ? |
|---|---|---|---|
| DX 1024 | | | |
| DX 1025 | | | |
| DX 1026 | | | |
| DX 1027 | | | |
| DX 1028 | | | |
| DX 1029 | | | |
| DX 1030 | | | |
| DX 1031 | | | |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | |
|---|---|---|---|
| DX 1032 | | | |
| DX 1033 | | | |
| DX 1034 | Document Produced Natively (UCP018019) | No objection | No response |
| DX 1035 | Audit & Compliance Division October 27, 2016 (UCP018020) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403).  Subject of a pending Motion in Limine. | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. Information relied upon by experts in course of forming opinions. F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | |
|---|---|---|---|
| | | | relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.).<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
| DX 1036 | Application for Film Production Tax Credit UCP018021 | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, | F.R.E. 801/802 – (1) Plaintiff fails to state what portion of exhibit is hearsay; (2) statements not offered for the truth, but rather to show |

| | | Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403).  Subject of a pending Motion in Limine. | information acted upon/state of mind of parties or individuals identified in exhibits; (3) several statements made by party-opponent, NBC, or agents affiliated with NBC and operating within the scope of their agency (e.g. Aon) and, therefore, are not hearsay under F.R.E. 801. Information relied upon by experts in course of forming opinions. F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.). F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or |

| | | | why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims. |
|---|---|---|---|
| DX 1037 | | | |
| DX 1038 | Excel Worksheets (UCP018222 – CONFIDENTIAL) | No objection | No response |
| DX 1039 | | | |
| DX 1040 | DIG - CROATIA PART 1 Excel Worksheet (UCP018224-CONFIDENTIAL) | No objection | No response |
| DX 1041 | Ledger Detail Excel Worksheet (UCP018225-CONFIDENTIAL) | No objection | No response |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| DX 1042 | Cost Detail - DIG (Season One) Dates Represented: All Open Detail (Committed Costs) / Inception Through 08/31/2015 (Posted Items) (UCP000001) | No objection | No response |
|---------|---------|---------|---------|
| DX 1043 | | | |
| DX 1044 | | | |
| DX 1045 | | | |
| DX 1046 | | | |
| DX 1047 | | | |
| DX 1048 | | | |
| DX 1049 | | | |
| DX 1050 | | | |
| DX 1051 | | | |
| DX 1052 | | | |
| DX 1053 | | | |
| DX 1054 | | | |
| DX 1055 | | | |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| DX 1056 | | |
|---------|--|--|
| DX 1057 | | |
| DX 1058 | | |
| DX 1059 | | |
| DX 1060 | | |
| DX 1061 | | |
| DX 1062 | | |
| DX 1063 | | |
| DX 1064 | | |
| DX 1065 | | |
| DX 1066 | | |
| DX 1067 | | |
| DX 1068 | | |
| DX 1069 | | |
| DX 1070 | | |
| DX 1071 | | |

own document
ue.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | |
|---|---|---|
| DX 1072 | | |
| DX 1073 | | |
| DX 1074 | | |
| DX 1075 | | |
| DX 1076 | | |
| DX 1077 | | |
| DX 1078 | | |
| DX 1079 | | |
| DX 1080 | | |
| DX 1081 | | |
| DX 1082 | | |
| DX 1083 | | |
| DX 1084 | | |
| DX 1085 | | |
| DX 1086 | | |
| DX 1087 | | |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| DX 1088 | | |
|---------|---|---|
| DX 1089 | | |
| DX 1090 | | |
| DX 1091 | | |
| DX 1092 | | |
| DX 1093 | | |
| DX 1094 | | |
| DX 1095 | | |
| DX 1096 | | |
| DX 1097 | | |
| DX 1098 | | |
| DX 1099 | | |
| DX 1100 | | |
| DX 1101 | | |
| DX 1102 | | |
| DX 1103 | | |

wn document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| DX 1104 | | | |
|---|---|---|---|
| DX 1105 | | | |
| DX 1106 | 10/21/2015 DIG – Season One Israel All Series – 01096 Cost Report 8 – Period Ending: 10/21/2015 (UCP006098) | No objection | No response |
| DX 1107 | 10/16/2016 DIG – Season One, Israel Hiatus – 01097, Cost Report 8 – Period Ending: 10/16/2015 (UCP006104) | No objection | No response |
| DX 1108 | 10/22/2015 DIG – Season One, Pilot – Episode 01001, Cost Report 8 – Period Ending: 10/22/2015 (UCP006109) | No objection | No response |
| DX 1109 | 10/15/2015 DIG – Season One Israel Prep – 01095, Cost Report 8 – Period Ending: 10/15/2015 (UCP006117) | No objection | No response |
| DX 1110 | 10/23/2015 DIG Production Recap Report 2014/2015 Season 1 – Israel Unit, Period Ending: 10/22/15 (UCP006123) | No objection | No response |

| DX 1111 | | |
|---------|---|---|
| DX 1112 | | |
| DX 1113 | | |
| DX 1114 | | |
| DX 1115 | | |
| DX 1116 | | |
| DX 1117 | | |
| DX 1118 | | |
| DX 1119 | | |
| DX 1120 | | |
| DX 1121 | | |
| DX 1122 | | |
| DX 1123 | | |
| DX 1124 | | |
| DX 1125 | | |
| DX 1126 | | |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | |
|---|---|---|
| DX 1127 | | |
| DX 1128 | | |
| DX 1129 | | |
| DX 1130 | | |
| DX 1131 | | |
| DX 1132 | | |
| DX 1133 | | |
| DX 1134 | | |
| DX 1135 | | |
| DX 1136 | | |
| DX 1137 | | |
| DX 1138 | | |
| DX 1139 | | |
| DX 1140 | | |
| DX 1141 | | |
| DX 1142 | 11/12/14 EMAIL: Joshua Dease to Randi Richmond RE: DIG- | No objection | No response |

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF JANUARY 14, 2020**

| | Croatia Cost Report 5 Documents – PE 11/08/2014 (UCP008188) | | |
|---|---|---|---|
| DX 1143 | | | |
| DX 1144 | | | |
| DX 1145 | | | |
| DX 1146 | | | |
| DX 1147 | | | |
| DX 1148 | | | |
| DX 1149 | | | |
| DX 1150 | | | |
| DX 1151 | | | |
| DX 1152 | | | |
| DX 1153 | | | |
| DX 1154 | | | |
| DX 1155 | | | |
| DX 1156 | Dig season 1 #01004 (UCP008419) | No objection | No response |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| DX 1157 | | |
|---|---|---|
| DX 1158 | | |
| DX 1159 | | |
| DX 1160 | | |
| DX 1161 | | |
| DX 1162 | | |
| DX 1163 | | |
| DX 1164 | | |
| DX 1165 | | |
| DX 1166 | | |
| DX 1167 | | |
| DX 1168 | | |
| DX 1169 | | |
| DX 1170 | | |
| DX 1171 | | |
| DX 1172 | | |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF JANUARY 14, 2020**

| | | |
|---|---|---|
| DX 1173 | | |
| DX 1174 | | |
| DX 1175 | | |
| DX 1176 | | |
| DX 1177 | | |
| DX 1178 | | |
| DX 1179 | | |
| DX 1180 | | |
| DX 1181 | | |
| DX 1182 | | |
| DX 1183 | | |
| DX 1184 | | |
| DX 1185 | | |
| DX 1186 | | |
| DX 1187 | | |
| DX 1188 | | |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | |
|---|---|---|
| DX 1189 | | |
| DX 1190 | | |
| DX 1191 | | |
| DX 1192 | | |
| DX 1193 | | |
| DX 1194 | | |
| DX 1195 | | |
| DX 1196 | | |
| DX 1197 | | |
| DX 1198 | | |
| DX 1199 | | |
| DX 1200 | | |
| DX 1201 | | |
| DX 1202 | | |
| DX 1203 | | |
| DX 1204 | | |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | |
|---|---|---|
| DX 1205 | | |
| DX 1206 | | |
| DX 1207 | | |
| DX 1208 | | |
| DX 1209 | | |
| DX 1210 | | |
| DX 1211 | | |
| DX 1212 | | |
| DX 1213 | | |
| DX 1214 | | |
| DX 1215 | | |
| DX 1216 | | |
| DX 1217 | | |
| DX 1218 | | |
| DX 1219 | | |
| DX 1220 | | |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| DX 1221 | | |
|---------|---|---|
| DX 1222 | | |
| DX 1223 | | |
| DX 1224 | | |
| DX 1225 | | |
| DX 1226 | | |
| DX 1227 | | |
| DX 1228 | | |
| DX 1229 | | |
| DX 1230 | | |
| DX 1231 | | |
| DX 1232 | | |
| DX 1233 | | |
| DX 1234 | | |
| DX 1235 | | |
| DX 1236 | | |

own document
ıe.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| DX 1237 | | | |
|---------|--|--|--|
| DX 1238 | | | |
| DX 1239 | | | |
| DX 1240 | | | |
| DX 1241 | | | |
| DX 1242 | | | |
| DX 1243 | | | |
| DX 1244 | | | |
| DX 1245 | | | |
| DX 1246 | | | |
| DX 1247 | | | |
| DX 1248 | | | |
| DX 1249 | | | |
| DX 1250 | | | |
| DX 1251 | 6/8/14 Email From Meryle Selinger to Randi Richmond; Re: DIG – NIS BUDGETS (UCP010593) | No objection | No response |

own document
ie.

860

| | | | |
|---|---|---|---|
| DX 1252 | 6/8/14 "DIG" Locked Budget – NIS ONLY All Episodes: 5 Episode – (8) Days in Israel (UCP010594) | No objection | No response |
| DX 1253 | 6/8/14 DIG Locked Budget – NIS ONLY Holiday Hiatus: 5 Episode – (8) Days in Israel (UCP010607) | No objection | No response |
| DX 1254 | 6/8/14 DIG Locked Budget – NIS ONLY Prep & Push: 5 Episode – (8) Days in Israel (UCP010622) | No objection | No response |
| DX 1255 | 6/8/14 DIG Locked Budget – Total Amort NIS ONLY  All Episodes: 5 Episode – (8) Days in Israel (UCP010645) | No objection | No response |
| DX 1256 | 6/1/14 DIG Locked Budget – NIS ONLY  Wrap: 5 Episode – (8) Days in Israel (UCP010679) | No objection | No response |
| DX 1257 | | | |
| DX 1258 | | | |
| DX 1259 | | | |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | |
|---|---|---|
| DX 1260 | | |
| DX 1261 | | |
| DX 1262 | | |
| DX 1263 | | |
| DX 1264 | | |
| DX 1265 | | |
| DX 1266 | | |
| DX 1267 | | |
| DX 1268 | | |
| DX 1269 | | |
| DX 1270 | | |
| DX 1271 | | |
| DX 1272 | | |
| DX 1273 | | |
| DX 1274 | | |
| DX 1275 | | |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | |
|---|---|---|
| DX 1276 | | |
| DX 1277 | | |
| DX 1278 | | |
| DX 1279 | | |
| DX 1280 | | |
| DX 1281 | | |
| DX 1282 | 5/1/2015 8:14pm<br><br>EMAIL: Joshua Dease to Randi Richmond<br><br>RE: DIG – New Mexico Series Recap and Amort 01091 Cost Report Documents – PE 4/29/15<br><br>UCP010946 | No objection | No response |
| DX 1283 | | |
| DX 1284 | | |
| DX 1285 | | |
| DX 1286 | | |

own document
ne.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| DX 1287 | | |
|---------|---|---|
| DX 1288 | | |
| DX 1289 | | |
| DX 1290 | | |
| DX 1291 | | |
| DX 1292 | | |
| DX 1293 | | |
| DX 1294 | | |
| DX 1295 | | |
| DX 1296 | | |
| DX 1297 | | |
| DX 1298 | | |
| DX 1299 | | |
| DX 1300 | | |
| DX 1301 | | |
| DX 1302 | | |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | |
|---|---|---|
| DX 1303 | | |
| DX 1304 | | |
| DX 1305 | | |
| DX 1306 | | |
| DX 1307 | | |
| DX 1308 | | |
| DX 1309 | | |
| DX 1310 | | |
| DX 1311 | | |
| DX 1312 | | |
| DX 1313 | | |
| DX 1314 | | |
| DX 1315 | | |
| DX 1316 | | |
| DX 1317 | | |
| DX 1318 | | |

own document
ie.

865

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | |
|---|---|---|
| DX 1319 | | |
| DX 1320 | | |
| DX 1321 | | |
| DX 1322 | | |
| DX 1323 | | |
| DX 1324 | | |
| DX 1325 | | |
| DX 1326 | | |
| DX 1327 | | |
| DX 1328 | | |
| DX 1329 | | |
| DX 1330 | | |
| DX 1331 | | |
| DX 1332 | | |
| DX 1333 | | |
| DX 1334 | | |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| DX 1335 | | |
|---------|---|---|
| DX 1336 | | |
| DX 1337 | | |
| DX 1338 | | |
| DX 1339 | | |
| DX 1340 | | |
| DX 1341 | | |
| DX 1342 | | |
| DX 1343 | | |
| DX 1344 | | |
| DX 1345 | | |
| DX 1346 | | |
| DX 1347 | | |
| DX 1348 | | |
| DX 1349 | | |
| DX 1350 | | |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | |
|---|---|---|
| DX 1351 | | |
| DX 1352 | | |
| DX 1353 | | |
| DX 1354 | | |
| DX 1355 | | |
| DX 1356 | | |
| DX 1357 | | |
| DX 1358 | | |
| DX 1359 | | |
| DX 1360 | | |
| DX 1361 | | |
| DX 1362 | | |
| DX 1363 | | |
| DX 1364 | | |
| DX 1365 | | |
| DX 1366 | | |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | |
|---|---|---|
| DX 1367 | | |
| DX 1368 | | |
| DX 1369 | | |
| DX 1370 | | |
| DX 1371 | | |
| DX 1372 | | |
| DX 1373 | | |
| DX 1374 | | |
| DX 1375 | | |
| DX 1376 | | |
| DX 1377 | | |
| DX 1378 | | |
| DX 1379 | | |
| DX 1380 | | |
| DX 1381 | | |
| DX 1382 | | |

own document
ie.

869

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| DX 1383 | | | |
|---|---|---|---|
| DX 1384 | | | |
| DX 1385 | Expert Report of Jay Shapiro Analysis of Economic Damages: Rebuttal dated 4/25/2017 | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403).  Subject of a pending Motion in Limine. If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.); also relevant to calculation of damages and evidence to be considered by the finder of fact.<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high |

| | | | probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims, and should consider this evidence when evaluating Plaintiffs' alleged damages. <br><br> FRE 801 – Cannot be hearsay because documents are all created, curated, and provided by Plaintiff. All documents were made by Plaintiffs (i.e. persons with knowledge) of the data contained therein in the ordinary course of business and were included as a part of records made and kept in the ordinary course of business. Also, authored by Plaintiffs. |
|---|---|---|---|
| DX 1386 | Expert Report of Jay Shapiro Analysis of Economic Damages: Rebuttal dated 4/25/2017 | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is |

| | | Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403).  Subject of a pending Motion in Limine. If offered to prove the truth thereof, inadmissible hearsay and no exception is applicable (F.R.E. 801, 802). | irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.); also relevant to calculation of damages and evidence to be considered by the finder of fact.<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims, and should consider this |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | evidence when evaluating Plaintiffs' alleged damages.<br><br>FRE 801 – Cannot be hearsay because documents are all created, curated, and provided by Plaintiff. All documents were made by Plaintiffs (i.e. persons with knowledge) of the data contained therein in the ordinary course of business and were included as a part of records made and kept in the ordinary course of business. Also, authored by Plaintiffs. |
|---|---|---|---|
| DX 1387 | | | |
| DX 1388 | | | |
| DX 1389 | | | |
| DX 1390 | | | |
| DX 1391 | Financial Spreadsheet (UCP018222 – CONFIDENTIAL) | No objection | No response |

| DX 1392 | Spreadsheets (UCP018223 CONFIDENTIAL -UCP018225 CONFIDENTIAL) | No objection | No response |
|---------|---------------|-------------|-------------|
| DX 1393 | | | |
| DX 1394 | | | |
| DX 1395 | | | |
| DX 1396 | Plaintiff's financial data and communications – part 8 (UCP032750-32854) | This is not a proper exhibit. This is apparently a compilation of 42 unrelated, separate documents. It is unclear which documents Atlantic intends to use as exhibits. Plaintiffs object on grounds of F.R.E. 401, 402, 403, 801, 802, and subject of a pending Motion in Limine.  Plaintiffs reserve the right to raise any other objection when Atlantic identifies which specific documents it actually intends to introduce. | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.); also relevant to calculation of damages and evidence to be considered by the finder of fact.<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or |

own document
e.

|  |  |  | why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims, and should consider this evidence when evaluating Plaintiffs' alleged damages. |
|--|--|--|--|
|  |  |  | FRE 801 – Cannot be hearsay because documents are all created, curated, and provided by Plaintiff. All documents were made by Plaintiffs (i.e. persons with knowledge) of the data contained therein in the ordinary course of business and were included as a part of records made and kept in the ordinary course of business. Also, authored by Plaintiffs. |

own document
ne.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| DX 1397 | 12/10/2013 e-mail from Andrea Garber to Randi Richmond re "Dig" - "cast" insurance concerns (UCP_003732) | No objection | No response |
| DX 1398 | 12/10/2013 e-mail from Randi Richmond to Andrea Garber and Kurt Ford re "Dig" - "cast" insurance concerns (UCP_003733) | No objection | No response |
| DX 1399 | 12/06/2013 e-mail from Andrea Garber to Kurt Ford, Randi Richmond, and Curt Williams re "Dig" - "cast" insurance concerns (UCP_003734) | No objection | No response |
| DX 1400 | UCP 019728-019929 | Vague, does not provide adequate notice of the exhibit that Defendant intends to offer. Vague as to what pages Defendant intends to include as this exhibit.  This document is within UCP018009, which has a bates range from UCP018009-8017. Further, the description provided does not include a narrative explanation of the document. Plaintiffs reserve the right to object to | Vague is not a proper objection to physical evidence. Documents are readily identifiable, and authored by Plaintiffs. |

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | with more precision upon clarification from Defendant. | |
|---|---|---|---|
| DX 1401 | UCP 019930-020042 | Vague, does not provide adequate notice of the exhibit that Defendant intends to offer. Vague as to what pages Defendant intends to include as this exhibit.  This document is within UCP018009, which has a bates range from UCP018009-8017. Further, the description provided does not include a narrative explanation of the document. Plaintiffs reserve the right to object to with more precision upon clarification from Defendant. | Vague is not a proper objection to physical evidence. Documents are readily identifiable, and authored by Plaintiffs. |
| DX 1402 | Spreadsheet - DIG Production Costs (UCP 018222) | No objection | No response |
| DX 1403 | Spreadsheet - DIG Season One Cost Report 11 (UCP 018223) | No objection | No response |
| DX 1404 | Spreadsheet - DIG Croatia Summary and Detail (UCP 018224) | No objection | No response |
| DX 1405 | Spreadsheet - Ledger Detail (UCP 018225) | No objection | No response |

| | | | |
|---|---|---|---|
| DX 1406 | Spreadsheet - Israel Salary and Recap (UCP 035216) | No objection | No response |
| DX 1407 | Spreadsheet (UCP 035222 (NATIVE EXCEL) | No objection | No response |
| DX 1408 | Spreadsheet (Confidential) – Cost Bible (UCP 036901) | No objection | No response |
| DX 1409 | Spreadsheet – DIG Extra Expense Insurance Claim (UCP 000001) | No objection | No response |
| DX 1410 | | | |
| DX 1411 | Letters from Mark Binke to Mickey Levy, Anna Oliker, Nir Barkat, Hilik Bar, Uzi Landau, Naftali Bennett, and Ron Huldai re filming in Israel; 02/19/2014 e-mail from Jay Footlik to Rick Smotkin re following up; (UCP 001141-001151) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403).  Subject of a pending Motion in Limine. | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.); also relevant to calculation of damages and evidence to be considered by the finder of fact. |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims, and should consider this evidence when evaluating Plaintiffs' alleged damages. |
| DX 1412 | 07/08/2014 e-mail from Paige Potter to Randi Richmond re New Mexico Tax Credit (UCP 001363) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind |

| | | (F.R.E. 403).  Subject of a pending Motion in Limine. | of all parties involved at time of claim (NBC, ASIC, Aon, etc.); also relevant to calculation of damages and evidence to be considered by the finder of fact.<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims, and should consider this evidence when evaluating Plaintiffs' alleged damages. |
|---|---|---|---|

own document
ie.

880

| DX 1413 | 07/14/2014 e-mail from Mark Binke to Randi Richmond and BJ Markus re DIG costs (UCP 001480-001481) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403).  Subject of a pending Motion in Limine. | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.); also relevant to calculation of damages and evidence to be considered by the finder of fact.<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled |

| | | | to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims, and should consider this evidence when evaluating Plaintiffs' alleged damages. |
|---|---|---|---|
| DX 1414 | | | |
| DX 1415 | | | |
| DX 1416 | Spreadsheet (UCP 018018) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403).  Subject of a pending Motion in Limine | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.); also relevant to calculation of damages and evidence to be considered by the finder of fact.  F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims, and should consider this evidence when evaluating Plaintiffs' alleged damages. |
| DX 1417 | Spreadsheet – Credit Index (UCP 018019) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403).  Subject of a pending Motion in Limine | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.); also relevant to calculation of |

| | | | damages and evidence to be considered by the finder of fact.<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims, and should consider this evidence when evaluating Plaintiffs' alleged damages. |
| DX 1418 | 10/27/2016 letter from New Mexico Taxation & Revenue to NBC Universal re film | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. |

| | production tax credit (UCP 018020-018021) | Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403).  Subject of a pending Motion in Limine. | Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.); also relevant to calculation of damages and evidence to be considered by the finder of fact.

F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' |

| | | | claims, and should consider this evidence when evaluating Plaintiffs' alleged damages. |
|---|---|---|---|
| DX 1419 | Spreadsheet – DIG – Episodes 102-106, Croatia Unit, Locked Budget (UCP 018125-018221) | No objection | No response |
| DX 1420 | Spreadsheet –DIG Production Costs (UCP 018222) | No objection | No response |
| DX 1421 | Spreadsheet - DIG Season One Cost Report 11 (UCP 018223) | No objection | No response |
| DX 1422 | Spreadsheet - DIG Croatia Summary and Detail (UCP 018224) | No objection | No response |
| DX 1423 | Spreadsheet - Ledger Detail (UCP 018225) | No objection | No response |
| DX 1424 | Spreadsheet – DIG Croatia - Cast (UCP 018228-018236) | No objection | No response |
| DX 1425 | Spreadsheet – DIG Croatia – Fringe (UCP 018237-018238) | No objection | No response |
| DX 1426 | Spreadsheet – DIG Croatia – Stunts (UCP 018239-018243) | No objection | No response |

own document
e.

| DX 1427 | File: DIG (UCP 018244-019008) | Vague, does not provide adequate notice of the exhibit that Defendant intends to offer. Vague as to what pages Defendant intends to include as this exhibit because Defendant has not included a valid bates range. Plaintiffs reserve the right to object to with more precision upon clarification from Defendant. | Vague is not an appropriate response to physical evidence. To the extent Plaintiffs' object to their own evidence, ASIC argues that the jury should be able to consider all relevant damages evidence when considering Plaintiffs' damages, if any. |
|---|---|---|---|
| DX 1428 | File: DIG – ISRAEL (UCP 019009-019333) | Vague, does not provide adequate notice of the exhibit that Defendant intends to offer. Vague as to what pages Defendant intends to include as this exhibit because Defendant has not included a valid bates range. Plaintiffs reserve the right to object to with more precision upon clarification from Defendant. | Vague is not an appropriate response to physical evidence. To the extent Plaintiffs' object to their own evidence, ASIC argues that the jury should be able to consider all relevant damages evidence when considering Plaintiffs' damages, if any. |
| DX 1429 | File: DIG – NEW MEXICO (UCP 019334-019727) | Vague, does not provide adequate notice of the exhibit that Defendant intends to offer. Vague as to what pages Defendant intends to include as this exhibit because Defendant has not included a valid bates range. Plaintiffs reserve the right to object to with more | Vague is not an appropriate response to physical evidence. To the extent Plaintiffs' object to their own evidence, ASIC argues that the jury should be able to consider all relevant damages evidence when considering Plaintiffs' damages, if any. |

own document
1e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | |
|---|---|---|---|
| | | precision upon clarification from Defendant. | |
| DX 1430 | File: DIG CROATIA (UCP 019728-019929) | Vague, does not provide adequate notice of the exhibit that Defendant intends to offer. Vague as to what pages Defendant intends to include as this exhibit because Defendant has not included a valid bates range. Plaintiffs reserve the right to object to with more precision upon clarification from Defendant. | Vague is not an appropriate response to physical evidence. To the extent Plaintiffs' object to their own evidence, ASIC argues that the jury should be able to consider all relevant damages evidence when considering Plaintiffs' damages, if any. |
| DX 1431 | File: DIG – BACK 4 BUDGETS (UCP 019930-020042) | Vague, does not provide adequate notice of the exhibit that Defendant intends to offer. Vague as to what pages Defendant intends to include as this exhibit because Defendant has not included a valid bates range. Plaintiffs reserve the right to object to with more precision upon clarification from Defendant. | Vague is not an appropriate response to physical evidence. To the extent Plaintiffs' object to their own evidence, ASIC argues that the jury should be able to consider all relevant damages evidence when considering Plaintiffs' damages, if any. |
| DX 1432 | | | |
| DX 1433 | | | |
| DX 1434 | | | |

| DX 1435 | Insurance Cost Bible | Vague; does not provide Plaintiffs adequate notice of the exhibits Defendant intends to offer. | Vague is not an appropriate response to physical evidence. To the extent Plaintiffs' object to their own evidence, ASIC argues that the jury should be able to consider all relevant damages evidence when considering Plaintiffs' damages, if any. |
|---|---|---|---|
| DX 1436 | Full Cost Bible | Vague; does not provide Plaintiffs adequate notice of the exhibits Defendant intends to offer. | Vague is not an appropriate response to physical evidence. To the extent Plaintiffs' object to their own evidence, ASIC argues that the jury should be able to consider all relevant damages evidence when considering Plaintiffs' damages, if any. |
| DX 1437 | NBCUniversal Tax Credit data (UCP 001811 – 001817) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403). Subject of a pending Motion in Limine. | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.); also relevant to calculation of |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | damages and evidence to be considered by the finder of fact.<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims, and should consider this evidence when evaluating Plaintiffs' alleged damages. |
|---|---|---|---|
| DX 1438 | NBCUniversal Tax Credit data (UCP 000543 – 000547) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. |

own document
ie.

| | | Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403). Subject of a pending Motion in Limine. | Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.); also relevant to calculation of damages and evidence to be considered by the finder of fact.<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' |

| | | | claims, and should consider this evidence when evaluating Plaintiffs' alleged damages. |
|---|---|---|---|
| DX 1439 | NBCUniversal Tax Credit data (UCP 001183) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403). Subject of a pending Motion in Limine. | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.); also relevant to calculation of damages and evidence to be considered by the finder of fact.<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims, and should consider this evidence when evaluating Plaintiffs' alleged damages. |
|---|---|---|---|
| DX 1440 | NBCUniversal Tax Credit data (UCP 004400-004404) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403). Subject of a pending Motion in Limine. | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.); also relevant to calculation of damages and evidence to be considered by the finder of fact. F.R.E. 403 – Objection is conditional, and therefore not |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

| | | | binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims, and should consider this evidence when evaluating Plaintiffs' alleged damages. |
|---|---|---|---|
| DX 1441 | NBCUniversal Tax Credit data (UCP 004408-004409) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403). Subject of a pending Motion in Limine. | F.R.E. 401 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.); |

own document
ie.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST
AS OF JANUARY 14, 2020**

| | | | |
|---|---|---|---|
| | | | also relevant to calculation of damages and evidence to be considered by the finder of fact.<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time of the facts giving rise to Plaintiffs' claims, and should consider this evidence when evaluating Plaintiffs' alleged damages. |
| DX 1442 | NBCUniversal Tax Credit data (UCP 004410-004467) | Irrelevant (F.R.E. 401, 402); Any Probative Value Is Substantially | F.R.E. 401 – Objection is conditional, and therefore not |

| | | Outweighed By Risk Of Unfair Prejudice, Confusing The Issues, Misleading The Jury, Undue Delay, Wasting Time, Or Needlessly Presenting Cumulative Evidence (F.R.E. 403). Subject of a pending Motion in Limine. | binding as to general admissibility. Objection also fails to state why or in what context exhibit is irrelevant. Furthermore, exhibit is relevant to establish state of mind of all parties involved at time of claim (NBC, ASIC, Aon, etc.); also relevant to calculation of damages and evidence to be considered by the finder of fact.<br><br>F.R.E. 403 – Objection is conditional, and therefore not binding as to general admissibility. Objection also fails to state why exhibit is unfairly prejudicial; or why such alleged unfair prejudice outweighs its probative value; or why exhibit confuses the issue, misleads the jury, wastes time, or is cumulative. Furthermore, high probative value re: state of mind of all parties involved at the time of the claim. Finally, jury is entitled to know what information NBC, ASIC, and other parties had at time |

|  |  |  | of the facts giving rise to Plaintiffs' claims, and should consider this evidence when evaluating Plaintiffs' alleged damages. |
| --- | --- | --- | --- |

own document
e.

**ATLANTIC SPECIALTY INSURANCE COMPANY'S TRIAL EXHIBIT LIST**
**AS OF JANUARY 14, 2020**

DATED: January 15, 2020

SUSMAN GODFREY L.L.P.

*/s/ Kalpana Srinivasan*
KALPANA SRINIVASAN (237460)
ksrinivasan@susmangodfrey.com
AMANDA K. BONN (270891)
abonn@susmangodfrey.com
CATRIONA LAVERY (310546)
clavery@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-6029
Tel: (310) 789-3100
Fax: (310) 789-3150

JACOB W. BUCHDAHL
(*pro hac vice*)
jbuchdahl@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas
32nd Floor
New York, NY 10019-6023
Tel: (212) 336-8330
Fax: (212) 336-8340

*Attorneys for Plaintiffs*

*/s/ Marc J. Shrake*
MARC J. SHRAKE
**FREEMAN MATHIS & GARY, LLP**
550 South Hope Street, Suite 2200
Los Angeles, CA 90071-2631
Tel: (213) 615-7039
-and-
MELINDA R. BURKE (*pro hac vice*)
**MARTIN DISIERE JEFFERSON AND WISDOM LLP**
9111 Cypress Waters Boulevard, Suite 250
Dallas, TX 75019
Tel: (214) 420-5500
Fax: (214) 420-5501
burke@mdjwlaw.com

*Attorneys for Defendant*

201

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Attestation Regarding Signatures**

I, Kalpana Srinivasan, attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

*/s/ Kalpana Srinivasan*
Kalpana Srinivasan

**CERTIFICATE OF SERVICE**

I certify that on January 15, 2020, I filed the foregoing with the Clerk of the United States District Court for the Central District of California by using the Court's CM/ECF system, which will send notifications of such filing to all counsel of record.

*/s/ Kalpana Srinivasan*
Kalpana Srinivasan

202