KALPANA SRINIVASAN (237460)
ksrinivasan@susmangodfrey.com
AMANDA K. BONN (270891)
abonn@susmangodfrey.com
CATRIONA LAVERY (310546)
clavery@susmangodfrey.com
CHELSEA V. SAMUELS (315257)
csamuels@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-6029
Tel: (310) 789-3100
Fax: (310) 789-3150

JACOB W. BUCHDAHL (*pro hac vice*)
jbuchdahl@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019-6023
Tel: (212) 336-8330
Fax: (212) 336-8340

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| UNIVERSAL CABLE PRODUCTIONS LLC and NORTHERN ENTERTAINMENT PRODUCTIONS LLC,<br><br>Plaintiffs,<br>v.<br><br>ATLANTIC SPECIALTY INSURANCE COMPANY,<br><br>Defendant. | Case No.: 2:16-cv-4435-PA-MRW<br><br>**DECLARATION OF KALPANA SRINIVASAN IN SUPPORT OF JOINT REPORT RE DKT 186** |

7082945v1/015825

I, Kalpana Srinivasan, do hereby declare and state as follows:

1. I am an active member in good standing with the State Bar of California. I maintain my office at 1900 Avenue of the Stars, Suite 1400, Los Angeles, California 90067. I am a Partner of Susman Godfrey L.L.P., and Lead Counsel of record in this matter for the Plaintiffs. I have personal knowledge of the matters set forth in this declaration, and if called upon as a witness I could and would testify competently.

2. I respectfully submit this declaration in support of the parties' Joint Report in response to this Court's January 10, 2020 Order, Dkt. 186.

3. I, along with my colleagues Amanda Bonn and Catriona Lavery, met and conferred with counsel for Defendant in person in Los Angeles on January 14, 2020. Lead Counsel for Defendant Marc Shrake, along with Christopher Martin and William McMichael attended the meeting.

4. Upon receiving the Court's order on Friday night, Plaintiffs immediately began the process of revisiting and reducing the number of their exhibits, evidentiary objections, witness lists and time estimates and disputed jury instructions.

5. By Monday, January 13, 2020, Plaintiffs reduced their exhibit list from 705 exhibits to 364 exhibits. Plaintiffs served the amended exhibit list to Atlantic on January 13, 2020 at 10 a.m. PST so Atlantic could address any objections for remaining exhibits with sufficient time for the Court's filing deadline.

6. Plaintiffs reduced their witness list as follows. Plaintiffs reduced their total number of witnesses from 23 to 19. Of Plaintiffs' 19 witnesses, Plaintiffs have designated 14 as those Plaintiffs will call and 5 as those Plaintiffs may call as needed. and reduced its overall expected time from 8.9 hours to 6 hours (excluding its "may call witnesss).

7. Plaintiffs eliminated their proposed Disputed Instruction No. 12 altogether. Plaintiffs also revised their instructions to more closely match the pattern CACI instructions where possible. Plaintiffs propose two instructions—No. 2 (claims

2

and defenses) and No. 3 (judicial notice)—as to which Defendant objects and offers a differing version of the proposed instruction. Plaintiffs propose three instructions—Nos. 9, 10, and 11 (regarding damages and bad faith)—to which Defendant objects but does not offer a differing version. Those instructions follow the CACI pattern jury instructions, except that they omit question directing the jury to find breach, as breach has already been decided. Defendant proposes one disputed instruction on the "genuine dispute" doctrine, which is not a pattern jury instruction and to which Plaintiffs object. Defendant also proposes seven additional instructions which it concedes are solely to "preserve error" with respect to the Court's summary judgment rulings.

8. With respect to the verdict forms, Defendant has clarified that (1) it is objecting to Plaintiffs' proposed verdict forms solely to "preserve error" and (2) it is proposing a separate set of verdict forms solely to "preserve error." Plaintiffs have revised their proposed verdict forms to more closely track the CACI verdict forms where available, and the CACI jury instructions where CACI has not promulgated a verdict form. This is true of Plaintiffs' bad faith claim based on Defendant's failure to properly investigate. CACI Jury Instruction 2332 explains the elements of that claim, but there is no corresponding CACI verdict form, which appears to have been reserved.

9. Plaintiffs have been attempting to reduce and organize their objections to Atlantic's list to aid the Court in resolving these disputes. Because Atlantic included approximately 1,440 exhibits in its original submission to the Court, Plaintiffs asked Atlantic on January 11, 2020 – the morning after the Court's Order -– to provide notice of its revised list or any exhibits it intended to drop with sufficient time for Plaintiffs to revise its objections. Plaintiffs followed up with this request in multiple emails to Atlantic

7082945v1/015825

10. Atlantic advised on Monday January 13, 2020 that it was not in a position to drop exhibits from its list. It did not provide an updated exhibit list until after the parties' meet and confer on January 14, 2020.

11. Because of the size of Defendant's then-current exhibit list and because Plaintiffs had not yet received a revised list from Defendants, Plaintiffs proposed that the parties file high priority objections to general categories of documents on the opposing party's list and that each side in turn have the opportunity to respond to those high priority objections. Defendant agreed.

12.

13. Defendant emailed its revised exhibit list, which it represented to be reduced to approximately 615 exhibits, to Plaintiffs in the evening of January 14, 2020. Defendant then emailed Plaintiffs its high priority objections to categories of Plaintiffs' exhibits later that evening.

14. Although Plaintiffs will continue in good faith to minimize and streamline objections, given the timing of receipt of Atlantic's reduced exhibit list, approximately 6:00 PM PST, January 14, 2020, Plaintiffs' efforts remain in progress.

15. As to motions in limine, Plaintiffs had only served 4 motions in limine prior to the Court's order so did not eliminate these further. Prior to this Court's January 10, 2020 Order, Plaintiffs told Defendant that its number of contemplated motions in limine (nine) was excessive (from an original list of proposed motions exceeding 30). Plaintiffs asked that Atlantic identify promptly which motions it would drop in light of the Court's Order. Atlantic has since reduced the number of its motions in limine to five.

///
///
///
///

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 15th day of January, 2020, in Los Angeles, California.

*/s/ Kalpana Srinivasan*
Kalpana Srinivasan

7082945v1/015825

# CERTIFICATE OF SERVICE

I certify that on January 15, 2020, I filed the foregoing with the Clerk of the United States District Court for the Central District of California by using the Court's CM/ECF system, which will send notifications of such filing to all counsel of record.

*/s/ Kalpana Srinivasan*
Kalpana Srinivasan

7082945v1/015825