KALPANA SRINIVASAN (237460)
ksrinivasan@susmangodfrey.com
AMANDA K. BONN (270891)
abonn@susmangodfrey.com
CATRIONA LAVERY (310546)
clavery@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-6029
Tel: (310) 789-3100
Fax: (310) 789-3150

JACOB W. BUCHDAHL (*pro hac vice*)
jbuchdahl@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019-6023
Tel: (212) 336-8330
Fax: (212) 336-8340

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNIVERSAL CABLE PRODUCTIONS LLC and NORTHERN ENTERTAINMENT PRODUCTIONS LLC, <br><br> Plaintiffs, <br><br> v. <br><br> ATLANTIC SPECIALTY INSURANCE COMPANY, <br><br> Defendant. | Case No.: 2:16-cv-4435-PA-MRW <br><br> The Honorable Percy Anderson <br> Dept. 9A <br><br> **REVISED [PROPOSED] SPECIAL VERDICT FORMS FILED JOINTLY BY PARTIES** |

1

015825\7082715

# <u>TABLE OF CONTENTS</u>

| Plaintiffs' Proposed Special Verdict Forms (Defendant Objecting to Preserve Error) | | | |
|---|---|---|---|
| No. | Title | Source | Page |
| 1 | Damages for Breach of Contractual Duty to Pay a Covered Claim | CACI VF-2300 (modified); Cal. Civ. Code § 3287; *North Oakland Med. Clinic v. Rogers*, 65 Cal. App. 4th 824 (1998) | 3 |
| 2 | Breach of Implied Covenant of Good Faith and Fair Dealing (Failure or Delay in Payment) | CACI VF-2301 (modified) | 6 |
| 3 | Breach of Implied Covenant of Good Faith and Fair Dealing (Failure to Properly Investigate Claim) | CACI 2332 (CACI Verdict Form Unavailable/Reserved) | 9 |
| 4 | Punitive Damages | CACI VF-3900 (modified) | 12 |

| Defendant's Proposed Verdict Forms (Defendant Submitting to Preserve Error) | | | |
|---|---|---|---|
| No. | Title | Source | Page |
| 1 | Breach Of Contract (Loss) | CACI VF-2300 | 15 |
| 2 | Breach Of Contract (Notice) | CACI VF-2300 | 18 |
| 3 | Breach Of Contract (Covered Loss) | CACI VF-2300 | 21 |
| 4 | Affirmative Defenses – Failure To Mitigate | CACI 358, Policy At General Condition I(2) | 24 |
| 5 | Affirmative Defenses – Failure To Mitigate (Amount) | CACI 358, Policy At General Condition I(2) | 27 |
| 6 | Affirmative Defenses – Insurrection | CACI 2303; Policy, Dice Producers Portfolio Policy Conditions Sect. V.a.(3)(c). | 30 |
| 7 | Affirmative Defenses – Weapon Of War | CACI 2303; Policy, Dice Producers Portfolio Policy Conditions Sect. V.a.(4). | 33 |
| 8 | Breach Of Good Faith – Wrongful Denial/Failure To Pay Benefits | CACI VF-2301, 2331 | 36 |

2

## **PLAINTIFFS' PROPOSED SPECIAL VERDICT FORM NO. 1**

### **Damages for Breach of**
### **Contractual Duty to Pay a Covered Claim**

We answer the questions submitted to us as follows:

1.  What is the amount of the covered loss that Atlantic failed to pay Plaintiffs under the Policy? $_____

2.  Was the amount of Plaintiffs' covered loss certain or capable of being made certain by calculation by no later than _____?


    ___ Yes             ___ No



Dated: _____            Signed:_____
                                                Presiding Juror


After this verdict form has been signed, please proceed to Special Verdict Form No. 2.

> Source: CACI VF-2300 Breach of Contractual Duty to Pay a Covered Claim (Modified); Cal. Civ. Code § 3287(a) ("A person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in the person upon a particular day, is entitled also to recover interest thereon from that day . . . ."); *North Oakland Med. Clinic v. Rogers*, 65 Cal. App. 4th 824 (1998) (indicating "jury" could "determine[] whether the damages were liquidated or unliquidated" for purposes of awarding "interest under section 3287").

3

## DEFENDANT'S OBJECTIONS TO PRESERVE ERROR TO PLAINTIFFS' SPECIAL VERDICT FORM NO. 1

The two plaintiffs, being separate entities, bear separate burdens of proof and must be treated separately in the court's instructions and verdict form.  Defendant's special verdict form regarding breach of contract and damages for breach of contract properly break down the questions as to each Plaintiff.

Atlantic objects on the grounds that this question does not properly state the ultimate question for breach of contract damages, specifically as required in accordance with CACI VF2300.  Atlantic requests submission of its own Proposed Questions 1, 2, and 3 on breach of contract and damages for breach of contract.

015825\7082715

**PLAINTIFFS' RESPONSE TO DEFENDANT'S OBJECTIONS**

Atlantic's proposed instructions and verdict forms improperly call for the jury to (1) re-litigate the issue of breach of the insurance Policy, which this Court has already determined in Plaintiffs' favor and (2) make separate determinations for each plaintiff as to damages and Atlantic's bad faith conduct.

Liability as to Atlantic's decision to deny coverage already has been determined in favor of *both* plaintiffs (Dkt. 157), and accordingly the only remaining issues are the amount of damages and whether Atlantic engaged in bad faith conduct warranting the award of punitive damages. Thus, including the questions on CACI VF-2300 relating to breach—as opposed to the final question regarding the amount of the covered claim—would be improper.

Moreover, nothing turns on the fact that there two plaintiffs, particularly given that they submitted a single insurance claim and are indirect subsidiaries of the same named insured under the Policy. Here, the jury can award a single aggregate damages award to Plaintiffs, who can then apportion any amounts between them. Plaintiffs do not seek to separately assess and determine the damages to each plaintiff. Thus, it would be patently "inconsistent to instruct the jury to separately assess and determine the damages each plaintiff is entitled and then to return an aggregate award without listing their necessary separate findings." *Canavin v. Pac. Southwest Airlines*, 148 Cal. App. 3d 512 (1983). To require findings as to each individual plaintiff would lead to unnecessary confusion for the jury.

015825\7082715

## PLAINTIFFS' PROPOSED SPECIAL VERDICT FORM NO. 2

### Breach of Implied Obligation of Good Faith and Fair Dealing
### (Failure or Delay in Payment)

We answer the questions submitted to us as follows:

1. Was Atlantic's failure to pay Policy benefits unreasonable or without proper cause?

___ Yes          ___ No

If your answer to question 1 is yes, then answer question 2. If you answered no to question 1, stop here, answer no further questions, and have the presiding juror sign and date this form.

2. Was Atlantic's failure to pay Policy benefits or to conduct a full, fair, prompt, and thorough investigation a substantial factor in causing harm to Plaintiffs?

___ Yes          ___ No

If your answer to question 2 is yes, then answer question 3. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

3. What are Universal's damages (attorneys' fees and costs)?

$_____

Dated:                         Signed: _____
                                         Presiding Juror

After this verdict form has been signed, please proceed to Special Verdict Form No. 3.

6

Source: CACI VF-2301 Breach of Implied Obligation of Good Faith and Fair Dealing—Failure or Delay in Payment; CACI 2332 Bad Faith (First Party)—Failure to Properly Investigate.

## DEFENDANT'S OBJECTIONS TO PRESERVE ERROR TO PLAINTIFFS' PROPOSED SPECIAL VERDICT FORM NO. 2

The two plaintiffs, being separate entities, bear separate burdens of proof and must be treated separately in the court's instructions and verdict form.  Defendant's special verdict form regarding breach of implied obligation of good faith and fair dealing and damages for implied obligation of good faith and fair dealing properly break down the questions as to each Plaintiff.

Atlantic objects on the grounds that these specific questions do not properly state the ultimate question of breach of the duty of good faith and fair dealing, specifically as required in accordance with CACI VF2301.   Atlantic requests submission of its own Proposed Questions on breach of the duty of good faith and fair dealing.

Atlantic objects on the grounds that sub-question no. 3 includes an award for prejudgment interest, which is not a damages award for a jury to make.

Atlantic further objects as Plaintiffs' question does not include Question Nos. 1-3 in CACI VF-2301.

Question 2 is not a part of CACI VF-2301 and is not part of a proper question for breach of implied duty of good faith and fair dealing, and is therefore improper.

7

## **PLAINTIFFS' RESPONSE TO DEFENDANT'S OBJECTIONS**

Atlantic's proposed instructions and verdict forms improperly call for the jury to (1) re-litigate the issue of breach of the insurance Policy, which this Court has already determined in Plaintiffs' favor and (2) make separate determinations for each plaintiff as to damages and Atlantic's bad faith conduct.

Liability as to Atlantic's decision to deny coverage already has been determined in favor of *both* plaintiffs (Dkt. 157), and accordingly the only remaining issues are the amount of damages and whether Atlantic engaged in bad faith conduct warranting the award of punitive damages. Thus, including the questions on CACI VF-2301 relating to breach of the Policy—as opposed to the questions regarding bad faith conduct—would be improper. Nothing turns on the fact that there two plaintiffs, particularly given that they submitted a single insurance claim and are indirect subsidiaries of the same named insured under the Policy. Here, the jury can award a single aggregate damages award to Plaintiffs, who can then apportion any amounts between them. Plaintiffs do not seek to separately assess and determine the damages to each plaintiff. Thus, it would be patently "inconsistent to instruct the jury to separately assess and determine the damages each plaintiff is entitled and then to return an aggregate award without listing their necessary separate findings." *Canavin v. Pac. Southwest Airlines*, 148 Cal. App. 3d 512 (1983). To require findings as to each individual plaintiff would lead to unnecessary confusion for the jury.

Plaintiffs have removed their request for pre-judgment interest.

8

## **PROPOSED SPECIAL VERDICT FORM NO. 3**

### **Breach of Implied Obligation of Good Faith and Fair Dealing**
### **(Failure to Properly Investigate Claim)**

We answer the questions submitted to us as follows:

   1.  Did Atlantic fail to properly investigate Plaintiffs' claim under the Policy?

   ___ Yes          ___ No

If your answer to question 1 is yes, then answer question 2. If you answered no to question 1, stop here, answer no further questions, and have the presiding juror sign and date this form.

   2.  Was Atlantic's failure to properly investigate Plaintiffs' claim under the Policy a substantial factor in causing Plaintiffs' harm?

   ___ Yes          ___ No

If your answer to question 2 is yes, then answer question 3. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

   3.  What are Plaintiffs' damages (attorneys' fees and costs)?

   $_____

Dated:                                Signed: _____
                                                        Presiding Juror

      After this verdict form has been signed, please proceed to Special Verdict Form No. 4.

   Source: CACI No. 2332. Bad Faith (First Party)—Failure to Properly Investigate Claim.

9

**DEFENDANT'S OBJECTIONS TO PRESERVE ERROR TO**

**PLAINTIFFS' PROPOSED SPECIAL VERDICT FORM NO. 3**

The two plaintiffs, being separate entities, bear separate burdens of proof and must be treated separately in the court's instructions and verdict form.  Defendant's special verdict form regarding breach of implied obligation of good faith and fair dealing and damages for implied obligation of good faith and fair dealing properly break down the questions as to each Plaintiff.

Atlantic objects on the grounds that these specific questions do not properly state the ultimate question of breach of the duty of good faith and fair dealing, specifically as required in accordance with CACI VF2301.   Atlantic requests submission of its own Proposed Questions on breach of the duty of good faith and fair dealing.

Atlantic objects on the grounds that sub-question no. 3 includes an award for prejudgment interest, which is not a damages award for a jury to make.

Atlantic further objects as Plaintiffs' question does not include Question Nos. 1-3 in CACI VF-2301.

Question 2 is not a part of CACI VF-2301 and is not part of a proper question for breach of implied duty of good faith and fair dealing, and is therefore improper.

10

015825\7082715

## **PLAINTIFFS' RESPONSE TO DEFENDANT'S OBJECTION**

Atlantic's proposed instructions and verdict forms improperly call for the jury to (1) re--litigate the issue of breach of the insurance Policy, which this Court has already determined in Plaintiffs' favor and (2) make separate determinations for each plaintiff as to damages and Atlantic's bad faith conduct.

Liability as to Atlantic's decision to deny coverage already has been determined in favor of *both* plaintiffs (Dkt. 157), and accordingly the only remaining issues are the amount of damages and whether Atlantic engaged in bad faith conduct warranting the award of punitive damages. Thus, including the questions on CACI VF-2301 relating to breach of the Policy—as opposed to the questions regarding bad faith conduct—would be improper. Nothing turns on the fact that there two plaintiffs, particularly given that they submitted a single insurance claim and are indirect subsidiaries of the same named insured under the Policy. Here, the jury can award a single aggregate damages award to Plaintiffs, who can then apportion any amounts between them. Plaintiffs do not seek to separately assess and determine the damages to each plaintiff. Thus, it would be patently "inconsistent to instruct the jury to separately assess and determine the damages each plaintiff is entitled and then to return an aggregate award without listing their necessary separate findings." *Canavin v. Pac. Southwest Airlines*, 148 Cal. App. 3d 512 (1983). To require findings as to each individual plaintiff would lead to unnecessary confusion for the jury.

This verdict form based on Defendant's failure to properly investigate is appropriate based on CACI 2332. CACI does not provide a verdict form that corresponds to CACI 2332, as it is "Reserved." *Compare* VF-2302 (Reserved for Future Use) *with* CACI 2332 Bad Faith (First Party)—Failure to Properly Investigate Claim.

015825\7082715

## **PLAINTIFFS' PROPOSED SPECIAL VERDICT FORM NO. 4**

### **Punitive Damages**

We answer the questions submitted to us as follows:

    4.  Did Atlantic engage in the conduct with malice, oppression, or fraud?

       \_\_\_ Yes       \_\_\_ No

If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

    5.  What amount of punitive damages, if any, do you award Plaintiffs?

    $_____

Dated: _____      Signed:_____
                                           Presiding Juror

After this verdict form has been signed, notify the clerk that you are ready to present your verdict in the courtroom.

    Source: CACI VF-3900 Punitive Damages (modified)

12

## **DEFENDANT'S OBJECTIONS TO**

## **PLAINTIFFS' PROPOSED SPECIAL VERDICT FORM NO. 4**

The two plaintiffs, being separate entities, bear separate burdens of proof and must be treated separately in the court's instructions and verdict form.  Defendant's special verdict form regarding breach of contract and damages for breach of contract properly break down the questions as to each Plaintiff.

Atlantic objects as this question deviates from CACI VF-3900 by adding the language "In investigating and denying Universal's covered claim" to the beginning of sub-question no. 1.  Defendant's proposed Verdict Form No. 21 complies with CACI VF-3900, and should be used in place of Plaintiffs' sub-question no. 1.

13

015825\7082715

1

**PLAINTIFFS' RESPONSE TO DEFENDANT'S OBJECTIONS**

2    Atlantic's proposed instructions and verdict forms improperly call for the jury

3 to (1) re--litigate the issue of breach of the insurance Policy, which this Court has

4 already determined in Plaintiffs' favor and (2) make separate determinations for each

5 plaintiff as to damages and Atlantic's bad faith conduct.

6    Liability as to Atlantic's decision to deny coverage already has been

7 determined in favor of *both* plaintiffs (Dkt. 157), and accordingly the only remaining

8 issues are the amount of damages and whether Atlantic engaged in bad faith conduct

9 warranting the award of punitive damages.

10    Nothing turns on the fact that there two plaintiffs, particularly given that they

11 submitted a single insurance claim and are indirect subsidiaries of the same named

12 insured under the Policy. Here, the jury can award a single aggregate damages award

13 to Plaintiffs, who can then apportion any amounts between them. Plaintiffs do not

14 seek to separately assess and determine the damages to each plaintiff. Thus, it would

15 be patently "inconsistent to instruct the jury to separately assess and determine the

16 damages each plaintiff is entitled and then to return an aggregate award without

17 listing their necessary separate findings." *Canavin v. Pac. Southwest Airlines*, 148

18 Cal. App. 3d 512 (1983). To require findings as to each individual plaintiff would

19 lead to unnecessary confusion for the jury.

20    The language "in investigating and denying Universal's covered claim" in an

21 appropriate way to tailor the pattern instruction to the specific circumstances of this

22 case, specifically where liability already has been determined. It is proper to instruct

23 the jury that the claim is covered and not excluded by the insurance policy at issue.

24

25

26

27

28

14

015825\7082715

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**DEFENDANT'S PROPOSED VERDICT FORM NO. 1**
**TO PRESERVE ERROR**
**BREACH OF CONTRACT (LOSS)**

**QUESTION 1**

Did Plaintiffs suffer a loss, all or part of which was covered under an insurance policy with Atlantic?

Answer "Yes" or "No" separately as to each Plaintiff:

Universal Cable Productions LLC: _____

Northern Entertainment Productions LLC: _____

*If your answer to Question 1 for either Plaintiff is yes, then answer Question 2 and Question 3. If you answered no for both Plaintiffs, stop here, answer no further questions, and have the presiding juror sign and date this form.*

Source: CACI VF-2300

15

# PLAINTIFFS' OBJECTIONS TO
# DEFENDANT'S PROPOSED VERDICT FORM NO. 1

There is no breach of contract issue for the jury to decide. The Court and the Ninth Circuit already have ruled that Atlantic had no basis to deny coverage to Plaintiffs. As this Court has held, "the issues of damages and Atlantic's bad faith are ready for trial." Dkt. 157. Atlantic's attempts to re-raise liability issues should be rejected.

015825\7082715

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## DEFENDANT'S RESPONSE TO PLAINTIFFS' OBJECTIONS

Defendant is entitled to ask this Court to reconsider, and will ask this Court to reconsider its ruling on Exclusions 3 and 4.  The Court's ruling on that request will determine whether there are any factual issues for the jury to resolve for the breach of contract claim.  Moreover, Defendant raises this issue in the verdict form and instructions to preserve error on this matter.

015825\7082715

1

2

3

## **DEFENDANT'S PROPOSED VERDICT FORM NO. 2**
## **TO PRESERVE ERROR**
## **BREACH OF CONTRACT (NOTICE)**

4

5

## **QUESTION 2**

6

Was Atlantic notified of the loss as required by the policy?

7

YES: _____        NO: _____

8

9

10

*If your answer to Question 2 is yes, then answer Question 3. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.*

11

12

13

Source: CACI VF-2300

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

18

015825\7082715

# PLAINTIFFS' OBJECTIONS TO
# DEFENDANT'S PROPOSED VERDICT FORM NO. 2

There is no breach of contract issue for the jury to decide. The Court and the Ninth Circuit already have ruled that Atlantic had no basis to deny coverage to Plaintiffs. As this Court has held, "the issues of damages and Atlantic's bad faith are ready for trial." Dkt. 157. Atlantic's attempts to re-raise liability issues should be rejected.

015825\7082715

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### DEFENDANT'S RESPONSE

Defendant is entitled to ask this Court to reconsider, and will ask this Court to reconsider its ruling on Exclusions 3 and 4.  The Court's ruling on that request will determine whether there are any factual issues for the jury to resolve for the breach of contract claim.  Moreover, Defendant raises this issue in the verdict form and instructions to preserve error on this matter.

015825\7082715

**<u>DEFENDANT'S PROPOSED VERDICT FORM NO. 3</u>**
**<u>TO PRESERVE ERROR</u>**
**<u>BREACH OF CONTRACT (COVERED LOSS)</u>**

**<u>QUESTION 3</u>**

What is the amount of the covered loss that Atlantic failed to pay Plaintiffs?

Answer separately as to each Plaintiff:

Universal Cable Productions LLC: _____

Northern Entertainment Productions LLC: _____

*Proceed to Question 4.*

Source: CACI VF-2300

21

015825\7082715

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PLAINTIFFS' OBJECTIONS TO
## DEFENDANT'S PROPOSED VERDICT FORM 3

Atlantic's instructions and verdict forms improperly call for the jury to make separate determinations as to damages and Atlantic's bad faith conduct. Liability as to Altantic's decision to deny coverage already has been determined in favor of *both* plaintiffs (Dkt. 157), and accordingly the only remaining issues are the amount of damages and whether Atlantic engaged in bad faith conduct warranting the award of punitive damages. Nothing turns on the fact that there two plaintiffs, particularly given that submitted a single. Here, the jury can award a single aggregate damages award to plaintiffs, who can then apportion any amounts between them. Plaintiffs do not seek to separately assess and determine the damages to each plaintiff. Thus, it would be patently "inconsistent to instruct the jury to separately assess and determine the damages each plaintiff is entitled and then to return an aggregate award without listing their necessary separate findings." *Canavin v. Pac. Southwest Airlines*, 148 Cal. App. 3d 512 (1983). To require findings as to each individual plaintiff would lead to unnecessary confusion for the jury.

22

015825\7082715

**DEFENDANT'S RESPONSE**

This is not an instruction, and therefore, it appears that Plaintiffs' objection may be misplaced.  Moreover, the question simply asks the jury to decide the case as to each plaintiff, because each plaintiff bears a burden of proof that cannot be delegated or assumed by a distinct and separate party.  Nothing supports Plaintiffs' approach of "just award us a single amount and then we will divvy it up amongst ourselves."  Plaintiffs' unsupported claim (that requiring the jury to make separate findings as to each individual plaintiff would lead to unnecessary confusion) is baseless.  If that were the case, it would hold true in every case with multiple plaintiffs.  Plaintiffs brought this suit and decided to bring it on behalf of two separately named legal entities.  If any confusion is created here, it was caused when Plaintiffs decided to bring suit on behalf of two entities.

23

015825\7082715

**DEFENDANT'S PROPOSED VERDICT FORM NO. 4**
**TO PRESERVE ERROR**
**AFFIRMATIVE DEFENSES – FAILURE TO MITIGATE**

## QUESTION 4

Do you find Plaintiffs' loss, or the extent of Plaintiffs' loss, could have been avoided with reasonable efforts or expenditures?

YES: _____          NO: _____

*If your answer to Question 4 is yes, proceed to Question 5. If you answered no to Question 4, proceed to Question 6.*

Source: CACI 358, Policy at General Condition I(2)

24

015825\7082715

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PLAINTIFFS' OBJECTIONS TO
## DEFENDANT'S PROPOSED VERDICT FORM NO. 4

Atlantic tries to convert a question regarding the proof of the amount of damages into a liability defense. This is improper. This Court and the Ninth Circuit have held that Atlantic improperly withheld coverage under the policy between it and the insureds. The only issues for the jury are the amount of damages to the Plaintiffs and whether that denial of coverage was the result of bad faith. While Atlantic is of course permitted to contest the amount of damages sustained by Plaintiffs, "failure to mitigate" is not an affirmative defense to breach of contract liability at this stage of this case. The question for the jury is the amount of Plaintiffs' covered losses. The definition of a covered loss is included in the insurance policy itself. It is incorrect for Atlantic to overlay a "mitigation" concept on top of that. Converting a damages question into a liability question – when there is no breach of contract claim remaining – would be confusing for the jury.

1

2

## DEFENDANT'S RESPONSE TO PLAINTIFFS' OBJECTIONS

3

This is not a liability defense, as Plaintiffs claim.  This is simply asking the jury to determine if Plaintiffs failed to mitigate, and a specific amount that should have been mitigated on the part of Plaintiffs.  This will simplify matters for the jury in having a separate amount for breach of contract damages, and a separate amount for mitigation only if the jury finds that the Plaintiffs failed to mitigate.  Plaintiff argues that it would be improper to "Atlantic to overlay a 'mitigation' concept on top of that," referring to the damages.  Plaintiffs take the position that mitigation, while a legal concept recognized in California and in CACI 358, has no part in a verdict form in this case.  The only thing confusing to the jury here is Plaintiffs effort to keep the jury from being instructed on mitigation and being asked a simple question on mitigation.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5

## DEFENDANT'S PROPOSED VERDICT FORM NO. 5
## TO PRESERVE ERROR
## AFFIRMATIVE DEFENSES – FAILURE TO MITIGATE (AMOUNT)

## QUESTION 5

6
7

What amount of Plaintiffs' loss could have been avoided with reasonable efforts or expenditures?

8

Answer separately as to each Plaintiff:

9
10

Universal Cable Productions LLC:
_____

11
12

Northern Entertainment Productions LLC:
_____

13
14

*Proceed to Question 6.*

15
16

Source: CACI 358, Policy at General Condition I(2)

17
18
19
20
21
22
23
24
25
26
27
28

27

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# PLAINTIFFS' OBJECTIONS TO
# DEFENDANT'S PROPOSED VERDICT FORM NO. 5

Atlantic tries to convert a question regarding the proof of the amount of damages into a liability defense. This is improper. This Court and the Ninth Circuit have held that Atlantic improperly withheld coverage under the policy between it and the insureds. The only issues for the jury are the amount of damages to the Plaintiffs and whether that denial of coverage was the result of bad faith. While Atlantic is of course permitted to contest the amount of damages sustained by Plaintiffs, "failure to mitigate" is not an affirmative defense to breach of contract liability at this stage of this case. The question for the jury is the amount of Plaintiffs' covered losses. The definition of a covered loss is included in the insurance policy itself. It is incorrect for Atlantic to overlay a "mitigation" concept on top of that. Converting a damages question into a liability question – when there is no breach of contract claim remaining – would be confusing for the jury.

28

## DEFENDANT'S RESPONSE TO PLAINTIFFS' OBJECTION

This is not a liability defense, as Plaintiffs claim.  This is simply asking the jury to determine if Plaintiffs failed to mitigate, and a specific amount that should have been mitigated on the part of Plaintiffs.  This will simplify matters for the jury in having a separate amount for breach of contract damages, and a separate amount for mitigation only if the jury finds that the Plaintiffs failed to mitigate.  Plaintiff argues that it would be improper to "Atlantic to overlay a 'mitigation' concept on top of that," referring to the damages.  Plaintiffs take the position that mitigation, while a legal concept recognized in California and in CACI 358, has no part in a verdict form in this case.  The only thing confusing to the jury here is Plaintiffs effort to keep the jury from being instructed on mitigation and being asked a simple question on mitigation.

015825\7082715

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## DEFENDANT'S PROPOSED VERDICT FORM NO. 6
## TO PRESERVE ERROR
## AFFIRMATIVE DEFENSES – INSURRECTION

### QUESTION 6

Do you find that Plaintiffs' loss or damage was caused directly or indirectly by insurrection or rebellion or revolution or usurped power or action taken by governmental authority in hindering or defending against any of these?

YES: _____          NO: _____

*If your answer to Question 6 is yes, stop here, answer no further questions, and have the presiding juror sign and date this form. If you answered no to Question 6, proceed to Question 7.*

Source: CACI 2303; Policy, Dice Producers Portfolio Policy Conditions Sect. V.a.(3)(c).

30

# PLAINTIFFS' OBJECTIONS TO
# DEFENDANT'S PROPOSED VERDICT FORM NO. 6

Undeterred by this Court's ruling as a matter of law, Atlantic boldly offers an instruction for the jury to decide if it could properly deny coverage "because they are specifically excluded under the policy." Atlantic would then have the jury decide whether "the loss or damage was caused directly or indirectly by (1) insurrection, or (2) rebellion, or (3) revolution, or (4) usurped power, or (5) action taken by governmental authority in hindering or defending against any of these." This Court already undertook that analysis (Dkt 157) and concluded "that War Exclusions 3 and 4 do not apply to preclude coverage." *Id*. Atlantic's attempts to undo an order of this Court through a jury instruction should be rejected.

015825\7082715

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## DEFENDANT'S RESPONSE TO PLAINTIFFS' OBJECTIONS

Defendant is entitled to ask this Court to reconsider, and will ask this Court to reconsider its ruling on Exclusions 3 and 4.  The Court's ruling on that request will determine whether there are any factual issues for the jury to resolve for the breach of contract claim.  Moreover, Defendant raises this issue in the verdict form and instructions to preserve error on this matter.

015825\7082715

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## DEFENDANT'S PROPOSED VERDICT FORM NO. 7
## TO PRESERVE ERROR
## AFFIRMATIVE DEFENSES – WEAPON OF WAR

### QUESTION 7

Do you find that Plaintiffs' loss or damage was caused directly or indirectly by a weapon of war including atomic fission or radioactive force, whether in time of peace or war?

YES: _____          NO: _____

*If your answer to Question 7 is yes, stop here, answer no further questions, and have the presiding juror sign and date this form. If you answered no to Question 7, proceed to Question 8.*

Source: CACI 2303; Policy, Dice Producers Portfolio Policy Conditions Sect. V.a.(4).

33

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PLAINTIFFS' OBJECTIONS TO
## DEFENDANT'S PROPOSED VERDICT FORM NO. 7

As with its proposed special verdict form regarding insurrection, Atlantic improperly offers an instruction for the jury to decide if it could properly deny coverage "because they are specifically excluded under the policy." This Court already undertook that analysis (Dkt 157 at 2-3) and has concluded "that War Exclusions 3 and 4 do not apply to preclude coverage." *Id*. Again, Atlantic's attempts to undo an order of this Court through a jury instruction should be rejected.

34

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## DEFENDANT'S RESPONSE TO PLAINTIFFS' OBJECTIONS

Defendant is entitled to ask this Court to reconsider, and will ask this Court to reconsider its ruling on Exclusions 3 and 4.  The Court's ruling on that request will determine whether there are any factual issues for the jury to resolve for the breach of contract claim.  Moreover, Defendant raises this issue in the verdict form and instructions to preserve error on this matter.

015825\7082715

**DEFENDANT'S PROPOSED VERDICT FORM NO. 8
TO PRESERVE ERROR
BREACH OF GOOD FAITH
WRONGFUL DENIAL/FAILURE TO PAY BENEFITS**

## QUESTION 8

1. Did Plaintiffs suffer a loss covered under an insurance policy with Atlantic?
   Answer "Yes" or "No" separately as to each Plaintiff:
   Universal Cable Productions LLC:                        _____
   Northern Entertainment Productions LLC:        _____

*If your answer to question 1 is "yes" for either plaintiff, then answer question 2 as to the plaintiff for which you just answered "yes." If you answered no for both plaintiffs, stop here, answer no further questions, and have the presiding juror sign and date this form.*

2. Was Atlantic notified of the loss?
   Answer "Yes" or "No" separately as to each Plaintiff:
   Universal Cable Productions LLC:                        _____
   Northern Entertainment Productions LLC:        _____

*If your answer to question 2 is "yes" for either plaintiff, then answer question 3 as to the plaintiff for which you just answered "yes." If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.*

3. Did Atlantic fail to pay Policy benefits?
   Answer "Yes" or "No" separately as to each Plaintiff:
   Universal Cable Productions LLC:                        _____
   Northern Entertainment Productions LLC:        _____

*If your answer to question 3 is "yes" for either plaintiff, then answer question 4 as to the plaintiff for which you just answered "yes." If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.*

4. Was Atlantic's failure to pay policy benefits, unreasonable or without proper cause?
   Answer "Yes" or "No" separately as to each Plaintiff:
   Universal Cable Productions LLC:                        _____
   Northern Entertainment Productions LLC:        _____

36

015825\7082715

*If your answer to question 4 is "yes" for either plaintiff, then answer question 5 as to the plaintiff for which you just answered "yes." If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.*

5. Was Atlantic's failure to pay Policy benefits a substantial factor in causing harm to the plaintiff for which you answer "yes" in the preceding question?

     Answer "Yes" or "No" separately as to each Plaintiff:

     Universal Cable Productions LLC:            _____

     Northern Entertainment Productions LLC:    _____

*If your answer to question 5 is "yes" for either plaintiff, then answer question 6 as to the plaintiff for which you just answered "yes." If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.*

6. What are Plaintiffs' damages?

The cost of attorney fees to recover the insurance policy benefits    $_____

**QUESTION 8**

Source: CACI VF-2301, 2350

015825\7082715

# PLAINTIFFS' OBJECTIONS TO
# DEFENDANT'S PROPOSED VERDICT FORM NO. 8

Once again, Atlantic improperly attempts to unwind the Ninth Circuit's and this Court's finding that Atlantic breached the Policy by inviting the jury to decide whether (1) Plaintiffs sustained a covered loss under the Policy, (2) Atlantic was notified of the loss, and (3) Atlantic failed to pay policy benefits. Each of these issues has been necessarily decided adversely to Atlantic by the Ninth Circuit and by this Court on remand and those determinations are law of the case. To the extent Atlantic had any additional affirmative defense to liability encompassed in this proposed verdict form—such as lack of notice or lack of coverage under the Policy—it abandoned such defense by failing to raise it in opposition to summary judgment. *See, e.g.*, *Kaffaga v. Steinbeck*, 2017 WL 5989039, at *1 (C.D. Cal. Aug. 25, 2017) ("Affirmative defenses not raised in opposition to a motion for partial summary judgment as to liability are deemed waived.") (citing *United Mine Workers of America 1974 Pension v. Pittson Co.*, 984 F.2d 469, 478 (D.C. Cir. 1993)); *Duarte Nursery, Inc. v. United States Army Corps of Engineers*, 2017 WL 3453206, at *3 (E.D. Cal. Aug. 11, 2017) (same).

015825\7082715

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## DEFENDANT'S RESPONSE TO PLAINTIFFS' OBJECTIONS

Plaintiff claims this question is Defendant trying to relitigate the breach question.  While Defendant certainly has the right to ask this Court to reconsider the issue of War Exclusions 3 and 4 (which it has requested), the fact remains that this question  is a verbatim copy of CACI VF-2301.  This question is not asked under CACI unless there has first been a breach of contract finding, and yet CACI VF-2301 still has the first three predicate questions about a breach that Plaintiffs complain about.  Plaintiffs complaint about relitigating the breach of contract claim would not only apply to this claim where a plaintiff claims the issue of breach of contract has been established as a matter of law, but in every case where the jury answers questions for bad faith predicated on a finding that the defendant has already breached a contract.  Plaintiffs problem is with CACI VF-2301 itself, not Defendant's use of this question.  Defendant has carefully tried to get Plaintiff to follow CACI on this question.

39

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DATED: January 15, 2020        By:*/s/ Kalpana Srinivasan*
_____

KALPANA SRINIVASAN (237460)
ksrinivasan@susmangodfrey.com
AMANDA K. BONN (270891)
abonn@susmangodfrey.com
CATRIONA LAVERY (310546)
clavery@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-6029
Tel: (310) 789-3100
Fax: (310) 789-3150
JACOB W. BUCHDAHL (*pro hac vice*)
jbuchdahl@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019-6023
Tel: (212) 336-8330
Fax: (212) 336-8340

*Attorneys for Plaintiffs*

DATED: January 15, 2020        By */s/ Melinda R. Burke*
_____

MARC J. SHRAKE
FREEMAN MATHIS & GARY, LLP
550 South Hope Street, Suite 2200
Los Angeles, CA 90071-2631
Tel: (213) 615-7039
-and-
MICHAEL KEELEY (*pro hac vice*)
JOHN R. RIDDLE (*pro hac vice*)
TONI SCOTT REED (*pro hac vice*)
CLARK HILL STRASBURGER PLC
901 Main Street, Suite 6000
Dallas, TX 75202
Tel: (214) 651-4718

CHRISTOPHER W. MARTIN
(*Pro Hac Vice*)
martin@mdjwlaw.com
MELINDA R. BURKE (*Pro Hac Vice*)

40

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

burke@mdjwlaw.com
MARTIN, DISIERE, JEFFERSON
& WISDOM LLP
9111 Cypress Waters Blvd., Suite 250
Dallas, Texas 75019
Telephone: (214) 420-5500
Facsimile: (214) 420-5501

*Attorneys for Defendant*

<u>Attestation Regarding Signatures</u>

I, Kalpana Srinivasan, attest that all signatories listed, and on whose behalf the

filing is submitted, concur in the filing's content and have authorized the filing.

By: */s/ Kalpana Srinivasan*
Kalpana Srinivasan

41

1

**CERTIFICATE OF SERVICE**

2

I certify that on January 15, 2020, I filed the foregoing with the Clerk of the

3

United States District Court for the Central District of California by using the Court's

4

CM/ECF system, which will send notifications of such filing to all counsel of record.

5

6

*/s/ Kalpana Srinivasan*
Kalpana Srinivasan

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

015825\7082715