MARC J. SHRAKE (SBN 219331)
mshrake@fmglaw.com
FREEMAN MATHIS & GARY, LLP
550 South Hope Street, Suite 2200
Los Angeles, California 90071
Telephone: (213) 615-7019
Facsimile: (213) 615-7000

CHRISTOPHER W. MARTIN *(Pro Hac Vice)*
martin@mdjwlaw.com
MELINDA R. BURKE *(Pro Hac Vice)*
burke@mdjwlaw.com
WILLIAM E. McMICHAEL *(Pro Hac Vice)*
mcmichael@mdiwlaw.com
MARTIN, DISIERE, JEFFERSON
& WISDOM LLP
9111 Cypress Waters Blvd., Suite 250
Dallas, Texas 75019
Telephone: (214) 420-5500
Facsimile: (214) 420-5501

Attorneys for Defendant
Atlantic Specialty Insurance Company

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| UNIVERSAL CABLE PRODUCTIONS LLC, a Delaware limited liability company, and NORTHERN ENTERTAINMENT PRODUCTIONS LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>ATLANTIC SPECIALTY INSURANCE COMPANY, a New York insurance company,<br><br>Defendant. | CASE NO. 2:16-cv-4435-PA-MRW<br><br>**DEFENDANT'S MOTION IN LIMINE NO. 1 REGARDING UNTIMELY DISCLOSURE OF EXPERT AND DOCUMENT PRODUCTION**<br><br>**PLAINTIFFS' OPPOSITION**<br><br>**DEFENDANT'S REPLY**<br><br>**DECLARATION OF MARC J. SHRAKE**<br><br>Hearing Date: February 10, 2020<br>Time: 1:30 p.m.<br>Pretrial Conference: January 17, 2020<br>Time: 1:30 PM PST<br>Place: Courtroom 9A<br>Judge: Honorable Percy Anderson<br>Trial: February 18, 2020 |

Plaintiffs should not be allowed to use Lucia Coyoca as an expert on attorneys' fees because she was never designated as an expert and was disclosed in an untimely

fashion. Moreover, Plaintiffs' evidence on attorneys' fees, constituting over 5 years of attorneys' fees invoices recently (and untimely) produced, should not be admitted in this case. Therefore, Plaintiffs cannot prove their attorneys' fees, so Plaintiffs should not be permitted to refer to attorneys' fees or any recovery of attorneys' fees.

## SPECIFIC MATTER AT ISSUE

Whether Plaintiffs's expert Lucia Coyoga was timely designated.

Whether Plaintiffs should be allowed to use Lucia Coyoca as an expert on attorneys' fees.

Whether Plaintiffs' evidence on attorneys' fees, constituting over 5 years of attorneys' fees invoices recently (and untimely) produced, should be admitted in this case.

Whether Plaintiffs can prove their attorneys' fees.

Whether Plaintiffs can refer to attorneys' fees or any recovery of attorneys' fees in this case.

**Counsel for ASIC has discussed these matters with counsel for Plaintiffs, and counsel for Plaintiffs has indicated that these matters will be mentioned or displayed in the presence of the jury before they are admitted in evidence.** *See* **Declaration of Marc J. Shrake.**

## SPECIFIC PREJUDICE TO ASIC IF THIS MOTION IS NOT GRANTED

Defendant will be prejudiced if this evidence is admitted at trial or if this never-before designated expert is allowed to testify. This $2.9 million in attorneys' fees constitutes a significant amount of Plaintiffs' damages being sought. Accordingly, this is a significant and prejudicial matter. Defendants cannot adequately prepare for trial, and more specifically, cannot prepare for this issue of Plaintiffs' claim for over $2.9 million in attorneys' fees with this untimely production and late identified expert witness on attorneys' fees. Defendants have been precluded from discovery, deposing, and preparing for this testimony and evidence. Moreover, Defendants have no timely designated counter-expert. The prejudice is patently obvious and can be found in the

Freeman Mathis
& Gary, LLP
Attorneys at Law

last minute production of five years' worth of legal invoices produced after the discovery deadline; the undesignated expert; no summary of the expert's opinions; no report from the expert; and no time to depose the expert. These are blatant examples of trial by ambush, which the rules of discovery are clearly meant to prevent. *See Morgan v. Commercial Union Assur. Companies* (5th Cir. 1979) 606 F.2d 554, 556 ("Our discovery and disclosure laws and rules, designed to end trial by ambush, do provide hiding places for modern 'bushwackers.' They are, however, the law."). This expert and the legal invoices should neither be seen nor heard during the trial of this case.

## ASIC'S CONTENTIONS OF POINTS AND AUTHORITIES

The parties recently exchanged pre-trial information on December 27, 2019 in preparation for the January 3, 2020 deadline to file these materials. Prior to this point in time, Plaintiffs had not designated anyone to testify as an expert on the reasonableness, necessity, or amount of Plaintiffs' attorneys' fees. At no time have Plaintiffs ever designated any expert witness on this matter or sought leave to designate an expert on the issue of attorneys' fees.

On Friday, December 27, 2019, minutes before midnight, Plaintiffs sent their witness list to counsel for Defendant. Lucia Coyoca was identified as a witness to testify on the issue of "Plaintiffs' damages (attorneys' fees and costs) in connection with the breach of contract claim." To be clear, this was not an expert designation, but simply a list of witnesses to be called at trial. Plaintiffs simultaneously produced 616 pages of invoices constituting 45 invoices for Plaintiffs' legal fees from August 2014 to November 2019 reflecting over $2.9 million in legal fees. Over five years' worth of legal invoices were produced in an untimely fashion just before trial.

<u>Untimely Witness on Attorneys' Fees</u>

Plaintiffs should not be allowed to use an expert witness who was never designated as an expert, but was merely identified on a witness list after the close of discovery. The discovery deadline in this case has long past, June 2, 2017. (Doc. Nos.

Freeman Mathis & Gary, LLP
Attorneys at Law

42 and 157). This Court's Scheduling Order (Doc. No. 28) states:

> If expert witnesses are to be called at trial, the parties shall designate experts to be called at trial and provide reports required by Fed. R. Civ. P. 26(a)(2)(B), not later than eight weeks prior to the discovery cutoff date. . . Failure to timely comply with this deadline may result in the expert being excluded at trial as a witness."

Plaintiffs have not produced a CV for this witness, a summary of her opinions, or an expert report. Plaintiffs simply want to wait until the last minute to identify this witness without giving Defendant time to do discovery on this witness or timely designate their own expert on attorneys' fees. Defendant cannot do this until Plaintiffs designate an expert on the issue of attorneys' fees, which they still have not done. Plaintiffs never identified Lucia Coyoca as a witness in their Initial Disclosures.

Defendant has been working hard to prepare for trial, and now Plaintiffs are trying to delay this process with untimely witnesses and significant production just before trial. This tactic is completely improper.

Because the evidence is untimely and Plaintiffs' only witness on attorneys' fees has never been designated as an expert, there is no testimony, documents, or evidence to support an award of $2.9 million in attorneys' fees. Therefore, this Court should not allow any party, counsel, or witness to refer to approximately $2.9 million in attorneys' fees during the trial of this case. There is no evidence to support this figure, and any mention of such during trial would only confuse the jury.

Moreover, without any designated expert on attorneys' fees, there is no witness who can verify or prove up the contingent fee contract between Plaintiffs and their counsel, much less testify about how the contingent fee contract impacts the award of attorneys' fees to Plaintiffs. Therefore, for the same reasons mentioned above, the Court should preclude Plaintiffs' contingent fee contract. There are other reasons why the contingent fee contract is not admissible, as discussed in a separate motion in

limine.

Untimely Attorneys' Fees Invoices

This Court should not allow Plaintiffs to use recently produced fee records to support their claim for attorney's fees. This production is untimely and includes fee records that could have been produced long ago, and not just before trial. These documents were obviously produced well after the discovery deadline. About half of these recently produced invoices were produced back in 2017, just one day before the June 2, 2017 discovery deadline.[1] Plaintiffs continue this trend of holding on to these invoices until the last minute only to spring them on Defendant without the opportunity to engage in any follow-up discovery or designate an expert of their own. Plaintiffs have followed up their untimely production in 2017 with another untimely production in 2019 just before trial. Any way you look at it, these invoices were produced in an untimely fashion designed to disadvantage Defendant.

A court may properly sanction or preclude evidence within the control of that party if it was not timely produced. *Silverman v. Miranda* (S.D.N.Y. 2013) 918 F.Supp.2d 200, 217, vacated sub nom. *Silverman v. Teamsters Local 210 Affiliated Health and Ins. Fund* (2d Cir. 2014) 761 F.3d 277. The fact that Plaintiffs produced these fee records on the eve of trial demonstrates the inherent prejudice in this tactic. "Indeed, a district court may abuse its discretion by admitting testimony or documents that a proponent fails to timely identify or produce when under a legal obligation to do so." *Valdez v. Cockrell* (5th Cir. 2002) 287 F.3d 392, 393.

For the same reasons, since there is no designated attorneys' fees expert and because of the untimely attorneys' fees invoices, this Court should not allow Plaintiffs to discuss or refer to attorneys' fees, any claim for attorneys' fees, or the reasonableness and necessity of attorneys' fees in this case.

---

[1] The invoices produced back in June 2017 include 30 invoices covering August 2014 to April 2017. The latest untimely production includes 45 invoices covering August 2014 to November 2019.

# **PLAINTIFFS' OPPOSITION**

## **I. INTRODUCTION**

Defendant's motion is factually and legally inaccurate and should be denied.

Plaintiffs incurred over $2.9 million in hourly attorney fees and costs to prior counsel. Following the Court's first summary judgment order, Plaintiffs retained Susman Godfrey L.L.P. to continue pursuing their claims on a hybrid fee arrangement—a fixed fee of $120,000 and a 30% contingency fee on the "gross sum recovered."

If Plaintiffs prevail on their bad faith claim, they are entitled to recover such attorney fees and costs as compensatory damages (or "*Brandt* fees"). *Brandt v. Super. Ct.*, 37 Cal.3d 813, 817 (1985). Plaintiffs are entitled to recover not only hourly attorneys' fees but also contingency fees. *Cassim v. Allstate Ins. Co.*, 33 Cal.4th 780, 812 (2004). "Since the attorney's fees are recoverable as damages, the determination of the recoverable fees must be made by the trier of fact unless the parties stipulate otherwise." *Id.* at 819. Defendant argues Plaintiffs should not be permitted to seek their *Brandt* fees because they belatedly disclosed an expert and fee documentation. That is simply not the case.

Plaintiffs disclosed in their Rule 26 disclosures in 2016 that (1) they intended to seek *Brandt* fees; (2) they would rely on documents concerning the fees and costs incurred in this action; and (3) fact witnesses they employ may testify to their damages resulting from the *Dig* claim, including Randi Richmond and BJ Markus.

Prior to the close of fact discovery on June 1, 2017, Plaintiffs supplemented their disclosures by indicating they intended to call Lucia Coyoca, a partner at Mitchell Silberberg & Knupp LLP and Plaintiffs' prior counsel, as a fact witness on the topic of Plaintiffs' attorney fees and costs. Before fact discovery closed, Plaintiffs also produced invoices reflecting nearly all of their attorneys' fees that had been incurred prior to that date. *See supra* at 5 n.1. The day after the fact-discovery cut-off, this Court granted summary judgment for Defendant.

Following Plaintiffs' successful appeal and the Court of Appeal's remand of this matter, Plaintiffs promptly produced (1) additional invoices reflecting legal fees incurred *after* the fact-discovery cut-off and the Court's summary judgment order and (2) their January 22, 2018, Contingent fee Agreement with Susman Godfrey, which was also entered into after the fact-discovery cut-off and the Court's summary judgment order.[2] Plaintiffs obviously could not have produced these materials before the close of fact discovery because they ***did not yet exist***.

Against these facts, Defendant's argument boils down to the notion that in order to seek attorneys' fees, a plaintiff is required to (1) produce their attorneys' invoices to their litigation opponents on a rolling basis throughout discovery in real-time and (2) permit their attorney to be cross-examined by their litigation opponent as well. Not surprisingly, that is not the law.

Not only has Defendant failed to establish a discovery violation, it has not come close to justifying the drastic sanction of precluding all evidence of Plaintiffs' attorneys' fees. To establish a basis for such a severe sanction, Defendant must show that (1) there was a discovery violation (and, as set forth above, there was not); (2) that violation involved "willfulness, fault, or bad faith"; and (3) "lesser sanctions" would not suffice. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). Other than vaguely intimating—incorrectly—that Plaintiffs' disclosures were "late," Defendant does not even mention the relevant standard, let alone attempt to demonstrate that its incredibly high burden is satisfied.

Plaintiffs respectfully submit that Defendant's motion should be denied.

///

///

///

---

[2] Plaintiffs also produced a handful of invoices reflecting legal work incurred prior to August 2015—those invoices totaled approximately $68,000.

## II. ARGUMENT

### A. Plaintiffs Timely Disclosed Documentation of Their Attorneys' Fees.

Plaintiffs timely produced documentation of their attorneys' fees. Defendant fails to present any persuasive evidence to the contrary.

***Plaintiffs' Complaint.*** Plaintiffs' First Amended Complaint put Defendant on notice that Plaintiffs' sought "attorneys' fees and costs of suit incurred herein to compel payment of the Policy's benefits in accordance with the law." *See* Dkt. No. 10 at 25 (filed July 7, 2016).

***Plaintiffs' Initial Disclosures.*** On September 16, 2016, Plaintiffs served their initial disclosures under Rule 26. Those disclosures described "categories of documents that are currently known in Plaintiffs' possession, custody, or control which Plaintiffs may use to support their claims," including "[d]ocuments regarding the expenses and costs incurred and to-be-incurred by Plaintiff in connection with enforcing coverage of the *Dig* Claim under the Policy." Bonn Decl. Ex. 16 at 4. Plaintiffs' Computation of Damages stated: "Plaintiffs also claim damages to be determined at trial for Atlantic's tortuous [sic] breach of an insurance contract, including but not limited to Plaintiffs' legal fees, expenses, and costs incurred as a result of their efforts to obtain coverage under the Policy . . . ." *Id.* at 5. Finally, Plaintiffs' Rule 26 disclosures identified multiple witnesses who could testify concerning Plaintiffs' "*Dig* Claim, and the expenses and costs Plaintiffs' incurred in connection wih the delay, postponement, and relocation of the *Dig* production out of Israel"—including Randi Richmond and BJ Markus.

***Plaintiffs' Invoice Production.*** Fact discovery closed on June 2, 2017. *See* Dkt. 42. That day, the Court granted summary judgment for Defendant in a minute order. Dkt. 124. Prior to the June 2, 2017, fact discovery cut-off, Plaintiffs produced redacted invoices reflecting the overwhelming majority of the attorneys' fees they had incurred through the then-most-recent billing cycle. The last invoice prior counsel had issued prior to the June 2, 2017, discovery cut-off was dated April 30, 2017, and covered fees

Freeman Mathis & Gary, LLP
Attorneys at Law

incurred through March 31, 2017. Bonn Decl. Ex. 17. Those fees totaled approximately $1.2 million.

After the discovery cut-off and this Court's June 2, 2017 summary judgment order, prior counsel issued invoices between June 20, 2017 and November 12, 2019, reflecting approximately $1.6 million of additional fees incurred. *Id.* Those invoices could not have been produced prior to the discovery cut-off because they did not yet exist. They were not produced while this case was dismissed in its entirety and pending on appeal for obvious reasons.

Following this Court's entry of judgment in favor of Defendant on October 6, 2017, Plaintiffs began exploring hiring contingency fee counsel so they would not need to incur further out-of-pocket attorneys' fees to pursue their claims. On January 22, 2018, Plaintiffs retained Susman Godfrey on a hybrid fee arrangement—part fixed fee of $120,000 and part contingency fee of 30% of the "gross sum recovered." Once again, Plaintiffs could not have produced this document prior to the close of fact discovery because it did not exist. Plaintiffs did not produce it while the case was dismissed and pending on appeal for obvious reasons.

Once the case was remanded and the Court spread the mandate via its November 30, 2019 order, Dkt. 157, Plaintiffs promptly produced (1) the invoices they incurred to prior counsel after the Court's June 2, 2017, summary judgment order and (2) their January 22, 2018, contingency fee agreement with Susman Godfrey. Plaintiffs also produced a small number of invoices from prior counsel that pre-dated June 2, 2017. Those invoices were dated August 13, 2014, through May 18, 2015, and total $68,000—a tiny fraction of the attorneys' fees Plaintiffs are seeking.

Defendant's argument fails to acknowledge that Plaintiffs continued to incur attorneys' fees long after the close of fact discovery because Defendant forced them to continue litigating rather than paying Plaintiffs' covered claim. Plaintiffs attorney-fee-damages continue to this day, as Defendant's are baselessly disputing the amount of Plaintiffs' covered claim. And, of course, Plaintiffs could not have produced

invoices and a contingency fee agreement that did not yet exist when fact discovery closed.

Plaintiffs have gone above and beyond what they are required to do when it comes to producing documentation of their attorneys' fees. The Ninth Circuit has "decline[d] to adopt a rule that a district court must grant a request for discovery of contemporaneous time records in every case in which attorney fees are sought." *Lobatz v. U.S. West Cellular of California, Inc.*, 222 F.3d 1142, 1148 (9th Cir. 2000). Under California law, legal "invoices for work in pending and active legal matters are so closely related to attorney-client communications that they implicate the heartland of the privilege." *Los Angeles Cty. Bd. of Supervisors v. Superior Court*, 2 Cal. 5th 282, 288 (2016). "The privilege therefore protects the confidentiality of invoices for work in pending and active legal matters." *Id.* Plaintiffs (1) disclosed in their Rule 26 disclosures that they would rely on documentation of their attorneys' fees and include such fees in their computation of damages; (2) timely produced their invoices prior to the close of fact-discovery; and (3) on remand, supplemented their production with invoices and the Contingency Fee Agreement that post-dated this Court's earlier grant of summary judgment.

Producing attorneys' fee invoices on a rolling basis throughout discovery, as Defendant apparently suggests, would have revealed on-going work product directly to a litigation adversary in real time. Defendant cites zero authority for the proposition that Plaintiffs were required to do so and put themselves at a strategic disadvantage by revealing their ongoing strategy to their opponent as the case progressed.

**B.    Plaintiffs Timely Disclosed Ms. Coyoca As a Fact Witness.**

Defendant's motion insinuates that Plaintiffs attempted to disclose Ms. Coyoca as a belated expert witness for the first time on December 27, 2019. *Supra* at 3. That is, quite simply, false. The fact-discovery cut-off was June 2, 2017. *See* Dkt. 42. Prior to the cut-off, Plaintiffs disclosed Ms. Coyoca as a fact witness on the subject of "Plaintiffs' damages (attorneys' fees and costs) in connection with the breach of

Freeman Mathis & Gary, LLP
Attorneys at Law

contract claim." Bonn Decl. Ex. 18 at 2. Plaintiffs, unsurprisingly, also included Ms. Coyoca as a fact witness in their recent witness list for trial.

Despite Defendant's arguments regarding expert witnesses, Plaintiffs have not designated Ms. Cocoya as an expert witness. Plaintiffs intend to call Ms. Cocoya as a fact witness – she has personal knowledge of the fees expenses Plaintiffs paid to litigate this action prior to the Ninth Circuit appeal, as well as the underlying work and costs.

"California law does not require expert testimony to support the reasonableness of attorneys' fees." *HealthTronics, Inc. v. Lisa Laser USA, Inc.*, 382 S.W.3d 567, 579 (Tex. App. 2012). *See also PCLM Grp. V. Drexler*, 22 Cal.4th 1084, 1096 (2000) ("The trial court may make its own determination of the value of the services contrary to, or without the necessity for, expert testimony."). Ordinarily, the "reasonable market value of the attorney's services is the measure of a reasonable hourly rate." *Chacon v. Litke*, 181 Cal. App. 4th 1234, 1261 (2010). Plaintiffs do not require an expert to testify that prior counsel's rates were reasonable—the fact that they charged such rates and Plaintiffs paid them is prima facie evidence that the "market value" of those rates was reasonable. And Ms. Coyoca can, as a fact witness, explain to the jury the tasks that were undertaken and why they were reasonably necessary. Defendant cites zero authority for the proposition that Plaintiffs are required to call an expert witness to prove the reasonableness of their attorneys' fees.

Moreover, to the extent Defendant complains that Ms. Coyoca should have been disclosed even earlier as a fact witness—although she was disclosed before the close of fact discovery—Defendant fails to demonstrate that it could have successfully sought further discovery from her. Defendant would not have been permitted to depose Ms. Cocoya absent ***extremely good cause***, which Defendant has not come close to demonstrating exists here. *See Riverside Sheriff's Assn. v. Cty. of Riverside*, 152 Cal. App. 4th 414, 424 (2007) ("A presumption exists against deposing opposing counsel that can be rebutted only by meeting a high standard of extremely good cause…. [T]he

Freeman Mathis & Gary, LLP
Attorneys at Law

County has not shown it was deprived of critical information; it was provided with the attorneys' billings.").

Even if the Court were to bar Ms. Cocoya from testifying, however, other fact witnesses are competent to testify about Plaintiffs' attorney fees and litigation expenses incurred as a result of Defendant's failure to pay for the covered *Dig* claim. Plaintiffs' initial disclosures from September 2016 made clear that their employees Randi Richmond and Barbara-Ann "BJ" Markus-Caffrey would offer testimony concerning damages related to the *Dig* claim—and Defendant deposed both of them.

### C. Defendant Fails to Establish Exclusion Is Justified under Rule 37.

At bottom, Defendant seeks exclusion of all evidence of Plaintiffs' attorneys' fees at trial as a sanction for what it incorrectly contends was a belated disclosure. *Supra* at 5. This would, effectively, amount as a dismissal sanction of Plaintiffs' bad faith claim under Rule 37. *See R&R Sails, Inc. v. Ins. Co. of Pennsylvania*, 673 F.3d 1240 (9th Cir. 2012) (reversing district court for excluding evidence of *Brandt* fees as an improper and unjustified sanction under Rule 37). Such a sanction can only be ordered where (1) there is a discovery violation; (2) the "claimed noncompliance involved willfulness, fault, or bad faith"; and (3) "lesser sanctions" would not suffice." *Id.* at 1247. Defendant has not come close to satisfying that standard here.

In their Rule 26 disclosures, Plaintiffs (1) described the category of documents relating to proof of their attorneys' fees and (2) disclosed fact witnesses who could testify regarding the expenses Plaintiffs' have incurred as a result of the *Dig* claim. Defendant deposed those witnesses. Prior to the close of fact discovery, Plaintiffs timely supplemented their initial disclosures by producing their invoices and also disclosing that their counsel Ms. Coyoca may also testify as a fact witness concerning such invoices. Once the case was re-instated on appeal and remanded, Plaintiffs once again timely supplemented their production with invoices post-dating the fact-discovery cut-off, a contingency fee agreement post-dating the fact-discovery cut-off, and a handful of invoices totaling a miniscule fraction of Plaintiffs' claimed attorneys'

**Freeman Mathis & Gary, LLP**
Attorneys at Law

fees that had been mistakenly omitted from the earlier production. Given these facts, Defendant has not shown a discovery violation, let alone "willfulness, fault, or bad faith." *R&R Sails, Inc.*, 673 F.3d at 1247.

Even if some theoretical sanction were warranted—and it is not—Defendant has not shown that "lesser sanctions" other than dismissal would not suffice. Defendant does not even discuss potential alternatives, let alone demonstrate why they would not be appropriate here. Instead, Defendant seeks dismissal, writ large, of Plaintiffs' claim for attorneys' fees, even though Plaintiffs admittedly (1) disclosed that they were seeking such fees and would rely on certain documents to support them in their Rule 26 disclosures; (2) produced the overwhelming majority of invoice documentation prior to the discovery cut-off; and (3) supplemented their production with invoices and a contingency fee agreement that were only incurred after the Court's initial summary judgment order.

## III. CONCLUSION

Defendant's motion should be denied. Plaintiffs disclosed Ms. Cocoya as a fact witness and produced its documentary evidence of attorney fees and costs in a timely manner. Even assuming Plaintiffs were tardy, and they were not, Defendant demonstrates no prejudice. Defendant has been in possession of Plaintiffs' invoices to prior counsel for years—except those that were only incurred after discovery closed and thus could not have been produced earlier. And Defendant fails to explain how it is prejudiced by the production of Plaintiffs' straight-forward contingency fee agreement with Susman Godfrey, which was only entered into after the Court initially granted summary judgment. Defendant's motion should be denied.

**ASIC'S REPLY**

Despite the many opportunities and deadline requirements for Plaintiffs to state the amount of legal fees, costs, and expenses they seek in this case under *Brandt v. Superior Ct.,* 37 Cal. 3d 813 (1985), Plaintiffs have never done so, not even in their Memorandum of Contentions of Fact and Law filed two weeks ago. <u>Plaintiffs now admit they do not intend to do so until trial</u>.

Plaintiffs conduct, and their plan to continue it, violates Ninth Circuit law and the most basic discovery requirements in the Federal Rules of Civil Procedure.

It also means that Plaintiffs cannot recover anything for legal expenses, costs, and fees. Under *Brandt,* Plaintiffs cannot simply send over a pile of invoices, timely or not. *Brandt* requires Plaintiffs to present evidence that segregates the invoices into recoverable and nonrecoverable fees. *Slottow v. American Cas. Co.,* 10 F.3d 1355, 1362 (9th Cir. 1993). In *Slottow* the Ninth Circuit ruled as follows:

> Attorney's fees, while recoverable when an insurer has acted tortiously, are limited to the amount due under the policy; fees expended on obtaining amounts in excess of the policy, such as consequential damages, aren't recoverable. *Brandt v. Superior Court,* 37 Cal. 3d 813, 817-19 (1985). <u>Because the bank made no effort to segregate its litigation expenses as required by *Brandt*,</u> we affirm the district court's decision not to award fees.
>
> Finally, the bank asks us to remand (rather than affirm) on the issue of fees so it may prove up its damages, i.e., do the necessary segregation of fees which *Brandt* requires. But *Brandt*'s rule is not new; <u>the bank has no excuse for failing to comply with it the first time around</u>. We therefore decline the bank's invitation to remand, and affirm the denial of fees.

*Id.* at 1362 (emphasis added).

Rule 26(a)(1)(A)(iii) requires Plaintiffs, in their initial disclosures, to have provided ASIC with "(iii) a computation of each category of damages claimed by the disclosing party -- who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered."

Plaintiffs have never provided this computation to ASIC or the Court.

More than three years ago, on December 30, 2016, Plaintiffs served answers to interrogatories in which they were required to provide the following information:

> *Interrogatory No. 19: "State the amount of YOUR LOSS."*
>
> *Interrogatory No. 20: "State the amount of damages YOU are seeking in this LAWSUIT."*

Plaintiffs have never provided any information regarding their claim for legal fees, costs, and expenses other than to dump invoices on ASIC in admittedly piecemeal fashion and provide a broad estimate, unsupported by any computation.

Rule 26(e) requires Plaintiffs to have supplemented their initial disclosures and their interrogatory answers long ago. They never did, and they have not provided in the information in the many pretrial exchanges and submissions on the eve of trial.

Discovery in this case closed when the Court issued its Order on the parties' Motion for Summary Judgment on June 2, 2017, at which point the Court had already extended the discovery deadline in this case by 60 days. Plaintiffs had ample time to supplement its discovery responses with the required and requested information, at least up to that point in the case. For reasons unknown, Plaintiffs decided not to do so, and they have since made no attempt to prove up the legal expenses part of their damages claim (besides sending over a stack of documents).

Accordingly, Plaintiffs should not be permitted to ambush ASIC at trial with

an attempted computation under *Brandt* and the purported bases for it.[3]

ASIC respectfully requests that the Court grant its Motion in Limine No. 1.

DATED: January 17, 2020

MARC J. SHRAKE
FREEMAN MATHIS & GARY, LLP

-and-

CHRISTOPHER W. MARTIN (*Pro Hac Vice*)
MELINDA R. BURKE (*Pro Hac Vice*)
WILLIAM E. McMICHAEL (*Pro Hac Vice*)
MARTIN, DISIERE, JEFFERSON
& WISDOM LLP

By:   */s/ Christopher W. Martin*
Attorneys for Defendant ATLANTIC SPECIALTY INSURANCE COMPANY

---

[3] If the Court does permit Ms. Cocoya to testify, she is not designated as an expert witness to sort through and opine on which expenses are recoverable and not recoverable under *Brandt*. Therefore, in that instance ASIC would request a preliminary limiting instruction that Ms. Cocoya shall not offer expert testimony.

## **DECLARATION OF MARC J. SHRAKE**

I, Marc J. Shrake, declare as follows:

1. I am an attorney authorized to practice before all California courts and before this Court and am a partner with the law firm of Freeman Mathis & Gary, LLP, attorneys for Defendant Atlantic Specialty Insurance Company.

2. I have personal knowledge of the matters set forth in this Declaration, and if called upon to testify to them, could and would do so.

3. I make this Declaration in conjunction with, and in support of, Atlantic Specialty's Motion in Limine No. 1.

4. Counsel for ASIC has discussed the matters raised in Motion in Limine No. 1 with counsel for Plaintiffs, and counsel for Plaintiffs has indicated that these matters will be mentioned or displayed in the presence of the jury before they are admitted in evidence.

I declare under penalty of perjury of the laws of the United States of America and the laws of the State of California that the foregoing is true and correct and that this declaration is executed this 17th day of January 2020 at Los Angeles, California.

DATED: January 17, 2019          MARC J. SHRAKE

                      By: */s/ Marc J. Shrake*
                          Marc J. Shrake