MARC J. SHRAKE (SBN 219331)
mshrake@fmglaw.com
FREEMAN MATHIS & GARY, LLP
550 South Hope Street, Suite 2200
Los Angeles, California 90071
Telephone: (213) 615-7019
Facsimile: (213) 615-7000

CHRISTOPHER W. MARTIN *(Pro Hac Vice)*
martin@mdjwlaw.com
MELINDA R. BURKE *(Pro Hac Vice)*
burke@mdjwlaw.com
WILLIAM E. McMICHAEL *(Pro Hac Vice)*
mcmichael@mdiwlaw.com
MARTIN, DISIERE, JEFFERSON
& WISDOM LLP
9111 Cypress Waters Blvd., Suite 250
Dallas, Texas 75019
Telephone: (214) 420-5500
Facsimile: (214) 420-5501

Attorneys for Defendant
Atlantic Specialty Insurance Company

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| UNIVERSAL CABLE PRODUCTIONS LLC, a Delaware limited liability company, and NORTHERN ENTERTAINMENT PRODUCTIONS LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br>vs.<br><br>ATLANTIC SPECIALTY INSURANCE COMPANY, a New York insurance company,<br><br>Defendant. | CASE NO. 2:16-cv-4435-PA-MRW<br><br>**DEFENDANT'S MOTION IN LIMINE NO. 3 REGARDING OTHER CLAIMS/LAWSUITS AND CLAIM AUTHORITY LEVELS**<br><br>**PLAINTIFFS' OPPOSITION**<br><br>**DEFENDANT'S REPLY**<br><br>**DECLARATION OF MARC J. SHRAKE**<br><br>Hearing Date:  February 10, 2020<br>Time:  1:30 p.m.<br>Pretrial Conference: January 17, 2020<br>Time: 1:30 PM PST<br>Place: Courtroom 9A<br>Judge:  Honorable Percy Anderson<br>Trial:  February 18, 2020 |

Plaintiffs indicate they wish to introduce evidence and advance arguments concerning extraneous claims or lawsuits in which Atlantic is involved, the other

accounts of Atlantic, and other claim decisions by Atlantic. Additionally, Plaintiffs indicate they wish to introduce evidence and advance arguments regarding claim authority levels for individual witnesses or personnel at Atlantic and failure by Atlantic to call witnesses.

None of this is relevant to issues to be tried. References, evidence, or argument regarding unrelated insureds, dissimilar claims, and other claim decisions by Atlantic would confuse the jury, unduly prejudice Atlantic and contradict California law.

## SPECIFIC MATTERS AT ISSUE

- Any reference to or attempt to solicit testimony from any fact witness or expert witness regarding other claim decisions made by Atlantic.
- Any mention, reference, or statement regarding any other claims or lawsuits in which Atlantic is an insurer, a party, a putative party, or could be a party.
- Any reference or mention of the claim authority levels of the witnesses or personnel at Atlantic.

**Counsel for ASIC has discussed these matters with counsel for Plaintiffs, and counsel for Plaintiffs has indicated that these matters will be mentioned or displayed in the presence of the jury before they are admitted in evidence.** *See* **Declaration of Marc J. Shrake.**

## SPECIFIC PREJUDICE TO ASIC IF THIS MOTION IS NOT GRANTED

If the Plaintiffs are able to introduce evidence regarding prior claim decisions involving other insureds or Plaintiffs, or prior actions against Atlantic, it would not only significantly prolong the trial, but be highly prejudicial to Atlantic by encouraging the jury to either decide degree of fault on the basis of unrelated claims or punish Atlantic for actions taken on unrelated claims. The effect on the jury being that because Atlantic has been found responsible in the past or has denied claims in the past, it somehow did so wrongly in this case. Further, the Supreme Court has already clarified when other claims or lawsuits may be introduced against an insurer during a bad faith action. The Court articulated that unless a claim or lawsuit was similar to the harm

Freeman Mathis & Gary, LLP
Attorneys at Law

suffered by the plaintiff in the specific action, punishment on the basis of unrelated or hypothetical claims under the guise of the reprehensibility analysis creates the possibility of multiple punitive damages awards for the same conduct.

For the same reasons as mentioned above, any testimony about other claim decisions made by Atlantic is irrelevant to the facts, analysis, and reasoning that went into the coverage determination in this case. This type of testimony only encourages the jury to determine this case based on conduct in other unrelated claims handling decisions.

Finally, any reference or mention of the claim authority levels of the witnesses or personnel at Atlantic will prejudice Atlantic. This evidence only seeks to artificially discredit or weaken the credibility of a witness's testimony and to imply that they did not have the authority to make the decisions that were made, which they did. The purpose of this testimony or evidence is to imply misinformation and to confuse and prejudice the jury.

## ASIC'S CONTENTIONS OF POINTS AND AUTHORITIES

**A. References to other claims or lawsuits involving Atlantic.**

Evidence of or reference to other claims or lawsuits involving Atlantic, as well as any affirmative defenses asserted, have no relevance to the instant matter. Even if the evidence is somehow found relevant, Federal Rule of Evidence 403 prohibits the introduction of this evidence as substantially more prejudicial than probative and confusing of the issues the jury must decide.

Prior lawsuits constitute evidence of claims unrelated to the instant litigation and present a substantial danger of unfair prejudice. Evidence of prior lawsuits should be excluded when the possible prejudice to a party outweighs any probative value. In *State Farm Mut. Auto. Ins. Co. v. Campbell*, the Supreme Court held "that a defendant's dissimilar acts, independent from the acts upon which liability was premised, may not serve as a basis for punitive damages." 538 U.S. 408 (2003). Allowing the jury to consider and assess punishment on the basis of conduct that is

Freeman Mathis
& Gary, LLP
Attorneys at Law

dissimilar to the conduct litigated in this claim and conduct that is itself infrequent and that does not form a pattern of behavior or practice, would create the possibility of multiple damages awards for the same conduct. *Id* at 423.

It is ASIC's position that Plaintiffs cannot offer any evidence regarding other claims or lawsuits because such evidence does not bear on any of the fact issues remaining in this case and should excluded under FRE 403.

**B. Mention of the claim authority levels of ASIC witnesses.**

The Plaintiffs should be precluded from offering any evidence, commenting or making any reference to the claim authority levels of the witnesses or personnel at Atlantic. Plaintiffs hope to raise this evidence or testimony to imply that these individuals did not have the authority to make the claims decisions that they in fact made. They did in fact have the authority needed to make the claims decisions that were respectively made, but Plaintiffs hope to mislead or confuse the jurors in this regard.

The "major function [of Rule of Evidence 403] is limited to excluding matters of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect. As to such, Rule 403 is meant to relax the iron rule of relevance, to permit the trial judge to preserve the fairness of the proceedings by exclusion despite its relevance." *U.S. v. McRae* (5th Cir. 1979) 593 F.2d 700, 707. Such prejudice is present here where misinformation only serves to mislead and confuse the jury.

**PLAINTIFFS' OPPOSITION**

## I. INTRODUCTION

Defendant's motion seeks to exclude evidence that is relevant to Plaintiffs' bad faith and punitive damages claims without specifying the prejudice it will allegedly experience. Defendant's motion should be denied.

Pattern and practice evidence, including other claims, lawsuits, accounts, and claim decisions, is permitted to support an insured's claims of bad faith and request for punitive damages. Evidence of Defendant's employees' authority levels is relevant to Plaintiffs' bad faith claim to show Defendant's deviation from its standard practices for this claim and to show that Defendant's claims handling process was biased in favor of denying claims.

## II. ARGUMENT

### A. Other claims, lawsuits, accounts, and claim decisions are relevant to bad faith and punitive damages.

Pattern and practice evidence is directly relevant to bad faith and punitive damages. *Colonial Life & Accident Ins. Co. v. Superior Court*, 31 Cal. 3d 785, 792 (1982) (in bank) ("Indirect evidence of the elements of punitive damages may be suggested by a pattern of unfair practices."); *see Moore v. Am. United Life Ins. Co.*, 150 Cal. App. 3d 610, 627 (1984) (affirming trial court's decision to allow evidence regarding a different insured's claim as "relevant to establishing a pattern or practice of unreasonable" conduct by the insurer).

Defendant asserts that it is unfair to introduce evidence of dissimilar claims and prior lawsuits but does not specify which claims or prior lawsuits Plaintiffs should be barred from referencing. Plaintiffs should not have to guess in response to Defendant's motion.

Defendant relies on *State Farm* to argue that Plaintiffs should not be permitted to reference other claims or lawsuits, accounts, or claim decisions. However, the "dissimilar acts" discussed in *State Farm* were very different from the relevant claim

in that case. *See State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 422 (2003). Such "tangential" acts included "State Farm's investigation into the personal life of one of its employees," which had nothing to do with State Farm's bad faith refusal to settle an automobile collision lawsuit with policy limits. *Id.* at 424. *State Farm* acknowledged that "a recidivist may be punished more severely than a first offender." *Id.* at 423 (quoting *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 577, (1996)).

Here, Plaintiffs should not be barred from introducing evidence from other lawsuits, accounts, and claims that Defendant has a pattern or practice of denying valid claims to save money. To the extent Defendant is concerned that some of the claims or other lawsuits are dissimilar, Defendant has failed to identify which ones they are or to explain the dissimilarity. As a result, Defendant's motion should be denied.

### B.    Authority levels are relevant to Plaintiffs' bad faith claim.

The purpose of introducing authority levels is not to imply that individuals did not have the authority to make the decisions that were made, as Defendant suggests. *See* Def. Mtn at 3. Instead, there is evidence that in handling Plaintiffs' claim, Defendant knew that its decision would be controversial and therefore deviated from its ordinary claims handling process by involving persons with substantially higher authority than was necessary. For instance, even though a lower-level employee Daniel Gutterman was nominally responsible for adjusting Plaintiffs' claim, Defendant (1) assigned a lawyer Pamela Johnson to effectively act as the claims adjuster in his stead; (2) involved Ms. Johnson's supervisor, who had an even higher level of authority than she did; and (3) involved Peter Williams, the President of the Company, who has authority to settle claims up to the $50 million level. *See* Bonn Decl. Ex. 23 at 20:23-21:25 (Williams Dep.).

Plaintiffs are entitled to educate the jury on the witnesses' various roles and levels of responsibility, and their differing claims authority levels are relevant to those distinctions. Authority levels are further relevant to show that Defendant deviated from its normal practices by involving individuals with substantially greater authority that

Freeman Mathis & Gary, LLP
Attorneys at Law

necessary to handle the claim. A jury could rationally infer from this that Defendant acted in bad faith—it knew that its decision was wrong and involved the "higher ups" to "cover" its flawed decision-making.

Moreover, Defendant's broader authority level system is relevant to Plaintiffs' bad faith claim because it shows a systemic bias in Defendant's claims-handling process. Defendant's system was inherently biased in favor of denying claims: individuals had authority to ***deny*** claims of any amount but needed supervisory authority to ***approve*** claims in excess of their authority levels. *See, e.g.*, Bonn Decl. Ex. 24 at 95:12-96:15, 102:25-103:9 (Duffy Dep.). This system favored the denial of claims and that favoritism is relevant to bad faith because it placed its thumb on the scale in favor of the insurer's interest (denying claims) and against the insured's interest (approving claims). *See* CACI 2330 Implied Obligation of Good Faith and Fair Dealing Explained ("[A]n insurance company must give at least as much consideration to the interests of the insured as it gives to its own interests.").

### C. The probative value of this evidence is not substantially outweighed by the danger of unfair prejudice.

Against the potential probative value of such evidence, Defendant fails to show that it will be unfairly prejudiced by its admission, that any such prejudice substantially outweighs the probative value, or that any prejudice could not be cured via a contemporaneous objection and limiting instruction (as opposed to a motion in limine).

Defendant's sole argument concerning authority levels misapprehends the reason why such evidence is relevant and, apart from that misapprehension, fails to point to any danger of unfair prejudice. And Defendant's argument concerning other claims and lawsuits does not even identify the specific claims and lawsuits it wishes to preclude—let alone argue why their introduction would be unfairly prejudicial.

### III. CONCLUSION

Defendant's motion should be denied in its entirety because it seeks to exclude evidence that is probative of Defendant's bad faith and the punitive damages it should

1  pay Plaintiffs as a result.  Defendant fails to explain how these categories of evidence
2  would unfairly prejudice Defendant. As such, Plaintiffs respectfully request that the
3  Court deny Defendant's motion.

Freeman Mathis
& Gary, LLP
Attorneys at Law

### ASIC'S REPLY

Plaintiffs have not met their burden to demonstrate that the other claims and lawsuits against ASIC which they want to reference at trial are both relevant and not unfairly prejudicial. Plaintiffs merely state that they "should not have to guess" which claims and lawsuits ASIC takes issue with. This is backwards. Plaintiffs know the evidence they are planning to present, and they must demonstrate it is admissible.

ASIC's motion addresses *any and all* other claims, lawsuits, or accounts because they are all irrelevant, confusing, and unfairly prejudicial. Plaintiffs cannot make the required showing otherwise, and such evidence should not be allowed.

The two cases Plaintiffs cite do not support their position. *Colonial Life & Accident Ins. Co. v. Superior Ct.*, 31 Cal. 3d 785 (1982) (in bank), had nothing to do with admissibility at trial. It addressed the relevance of other claims handled by the same claims adjuster for discovery purposes under California law. The court in *Colonial Life* expressly limited its holding to the discovery context based on the "substantial leeway" allowed in discovery. "[A] decision of relevance for purposes of discovery <u>is in no sense a determination of relevance for purposes of trial</u>." *Id*. at 791, n.8 (emphasis added).

And this Court has declined to follow *Colonial Life,* even in the broader discovery context. *See, e.g., Bresk v. Unimerica Ins. Co.*, Case No. CV 16-8893 ODW (SSx), 2017 WL 10439831 **1, 6-7 (C.D. Ca. Nov. 16, 2017); *Shirley v. Allstate Ins. Co.*, Case No. 18CV994AJB(BGS), 2019 WL 3208000, *1, 7-9. In *Bresk* this Court explained that other claims handled by the same claims adjuster were "irrelevant to whether defendant acted in bad faith in denying plaintiff's claim" and, therefore, denied the plaintiffs' motion to compel discovery.

In *Shirley*, also a discovery dispute, the court did not permit discovery of other claims files. The court distinguished *Colonial Life* because it involved a statutory claim under Insurance Code § 790.03 and not a common law bad faith claim. The

Freeman Mathis
& Gary, LLP
Attorneys at Law

court denied the plaintiff's motion to compel because evidence regarding the handling of other claims is not relevant.

*Colonial Life* has no application in the context of determining admissibility of evidence at trial in a federal court on a bad faith claim.

Plaintiffs' other citation, *Moore v. American United Life Ins. Co.*, 150 Cal. App. 3d 610 (1984), is equally inapposite. As the Court explained in *Shirley*, *Moore*'s holding was "narrow" – it merely affirmed "the trial court's decision to admit evidence regarding *one* other insured whose claim was subject to the same definition of total disability" where the "connection between [the two claims]" was that the policies at issue both contained a definition of "total disability" that was contrary to California's legal definition. 2019 WL 3208000 at *8. *Shirley* denied plaintiff's motion to compel absent a showing of "very specific connections" between the claim at issue and the claims about which plaintiff sought discovery, calling it a "speculative fishing expedition" for which "[w]hatever minimal probative value [] might result" was "greatly outweighed by to the other considerations in Rule 26(b)." *Id*.

Plaintiffs have not identified any other claims and lawsuits they wish to introduce at trial and have made no showing of relevance. Their opposition implies they seek to introduce "evidence from other lawsuits, accounts, and claims" to prove that ASIC "has a pattern or practice of denying valid claims to save money." This extraordinarily broad and vague request does not establish relevance, even for discovery purposes and certainly not for admissibility at trial.

Likewise, Plaintiffs' opposition to ASIC's request regarding claims authority levels demonstrates that allowing such evidence would be unfairly prejudicial. Plaintiffs candidly admit they intend to induce the jury to infer bad faith in handling Plaintiff's single claim at issue at trial by presenting evidence of ASIC's claim handling practices generally. Such extrinsic evidence is inadmissible on relevance and prejudice grounds.

Accordingly, ASIC respectfully requests the Court grant its Motion in Limine No. 3.

DATED: January 17, 2020

MARC J. SHRAKE
FREEMAN MATHIS & GARY, LLP

-and-

CHRISTOPHER W. MARTIN (*Pro Hac Vice*)
MELINDA R. BURKE (*Pro Hac Vice*)
WILLIAM E. McMICHAEL *(Pro Hac Vice)*
MARTIN, DISIERE, JEFFERSON
& WISDOM LLP

By: */s/ Christopher W. Martin*
Attorneys for Defendant ATLANTIC SPECIALTY INSURANCE COMPANY

# DECLARATION OF MARC J. SHRAKE

I, Marc J. Shrake, declare as follows:

1. I am an attorney authorized to practice before all California courts and before this Court and am a partner with the law firm of Freeman Mathis & Gary, LLP, attorneys for Defendant Atlantic Specialty Insurance Company.

2. I have personal knowledge of the matters set forth in this Declaration, and if called upon to testify to them, could and would do so.

3. I make this Declaration in conjunction with, and in support of, Atlantic Specialty's Motion in Limine No. 3.

4. Counsel for ASIC has discussed the matters raising Motion in Limine No. 3 with counsel for Plaintiffs, and counsel for Plaintiffs has indicated that these matters will be mentioned or displayed in the presence of the jury before they are admitted in evidence.

I declare under penalty of perjury of the laws of the United States of America and the laws of the State of California that the foregoing is true and correct and that this declaration is executed this 17th day of January 2020 at Los Angeles, California.

DATED: January 17, 2019     MARC J. SHRAKE

By: */s/ Marc J. Shrake*
    Marc J. Shrake

**Freeman Mathis & Gary, LLP**
Attorneys at Law