MARC J. SHRAKE (SBN 219331)
mshrake@fmglaw.com
FREEMAN MATHIS & GARY, LLP
550 South Hope Street, Suite 2200
Los Angeles, California 90071
Telephone: (213) 615-7019
Facsimile: (213) 615-7000

CHRISTOPHER W. MARTIN *(Pro Hac Vice)*
martin@mdjwlaw.com
MELINDA R. BURKE *(Pro Hac Vice)*
burke@mdjwlaw.com
WILLIAM E. McMICHAEL *(Pro Hac Vice)*
mcmichael@mdiwlaw.com
MARTIN, DISIERE, JEFFERSON
& WISDOM LLP
9111 Cypress Waters Blvd., Suite 250
Dallas, Texas 75019
Telephone: (214) 420-5500
Facsimile: (214) 420-5501

Attorneys for Defendant
Atlantic Specialty Insurance Company

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| UNIVERSAL CABLE PRODUCTIONS LLC, a Delaware limited liability company, and NORTHERN ENTERTAINMENT PRODUCTIONS LLC, a Delaware limited liability company,<br><br>          Plaintiffs,<br><br>          vs.<br><br>ATLANTIC SPECIALTY INSURANCE COMPANY, a New York insurance company,<br><br>          Defendant. | CASE NO. 2:16-cv-4435-PA-MRW<br><br>**DEFENDANT ATLANTIC SPECIALTY INSURANCE COMPANY'S MOTION IN LIMINE NO. 5 REGARDING SANCTION AGAINST EXPERT JAY SHAPIRO**<br><br>**PLAINTIFFS' OPPOSITION**<br><br>**DEFENDANT'S REPLY**<br><br>**DECLARATION OF MARC J. SHRAKE**<br><br>Hearing Date:  February 10, 2020<br>Time:  1:30 p.m.<br>Pretrial Conference: January 17, 2020<br>Time: 1:30 PM PST<br>Place: Courtroom 9A<br>Judge:  Honorable Percy Anderson<br>Trial:  February 18, 2020 |

Plaintiffs indicate they wish to introduce evidence, or introduce testimony, or advance arguments concerning two public sanctions or disciplinary actions taken

Freeman Mathis
& Gary, LLP
Attorneys at Law

against ASIC's now deceased Expert Witness Jay Shapiro: (1) a California Board of Public Accountancy Order Imposing Sanctions Against Jay Shapiro ; and (2) Securities & Exchange Commission Order Making Findings and Imposing Remedial Sanctions Pursuant to Section 4C and 21C of the Securities Exchange Act of 1934 and Rule 102(e) of the Commission's Rules of Practice Against Jay Shapiro. However, all such evidence, testimony, or argument constitutes improper character evidence and is irrelevant to issues to be tried in this case. Furthermore, any references, evidence, or argument concerning such topics would be a waste of time, prove far more prejudicial than probative, confuse the jury, unduly prejudice ASIC, and contradict relevant federal or California law. Therefore, the Court should exclude any testimony, evidence, or argument regarding the aforementioned topics, or, alternatively, enter an order requiring counsel to approach the bench before addressing this topic.

## SPECIFIC MATTER AT ISSUE

In 2003, ASIC's Expert Witness Mr. Jay Shaprio prepared an audit and opinion for Daleco Resources Corporation regarding its Form 10-K for the year ending September 30, 2003. As a result of alleged acts or omissions pertaining to his audit and opinion for Daleco Resources, both the California State Board of Accountancy and the Securities & Exchange Commission imposed various discipline and sanctions against Mr. Shapiro. Plaintiff now wishes to introduce the following at trial:

- ▪ Deposition Testimony regarding a California Board of Public Accountancy Order Imposing Sanctions Against Jay Shapiro;
- ▪ Deposition Testimony regarding a Securities & Exchange Commission Order Making Findings and Imposing Remedial Sanctions Pursuant to Section 4C and 21C of the Securities Exchange Act of 1934 and Rule 102(e) of the Commission's Rules of Practice Against Jay Shapiro;
- ▪ Deposition Testimony regarding the alleged circumstances that led to California Board of Public Accountancy Order Imposing Sanctions Against Jay Shapiro;

Freeman Mathis
& Gary, LLP
Attorneys at Law

**DEFENDANT'S MOTION IN LIMINE NO. 5 REGARDING EXPERT SHAPIRO**

- ▪ Depositions Testimony regarding the alleged circumstances that led to the Securities & Exchange Commission Order Making Findings and Imposing Remedial Sanctions Pursuant to Section 4C and 21C of the Securities Exchange Act of 1934 and Rule 102(e) of the Commission's Rules of Practice against Jay Shapiro;

- ▪ Deposition Testimony regarding punishment Jay Shapiro allegedly received incident to a California Board of Public Accountancy Order Imposing Sanctions;

- ▪ Depositions Testimony regarding punishment Jay Shapiro allegedly received incident to a Securities & Exchange Commission Order Making Findings and Imposing Remedial Sanctions Pursuant to Section 4C and 21C of the Securities Exchange Act of 1934 and Rule 102(e) of the Commission's Rules of Practice;

- ▪ Documentary evidence regarding any aforementioned topics; and

- ▪ Argument regarding any aforementioned topics.

**Counsel for ASIC has discussed these matters with counsel for Plaintiffs, and counsel for Plaintiffs has indicated these matters will be mentioned or displayed in the presence of the jury before they are admitted in evidence.** *See* **Declaration of Marc J. Shrake.** Therefore, ASIC now asks for the Court to grant a motion in limine regarding the above-referenced topics and issues.

**SPECIFIC PREJUDICE TO ASIC IF THIS MOTION IS NOT GRANTED**

If Plaintiffs introduce testimony, evidence, or argument regarding the above-referenced topics, ASIC will suffer an improper, irrelevant attack against the character and credibility of expert testimony without any viable means to remedy the injury. None of the deposition testimony or evidence Plaintiffs propose provides any basis for the jury to question the methodologies Mr. Shaprio used in coming to his opinions, nor does it evidence any basis to question his ultimate opinions or conclusions. Its sole purpose is to impugn Mr. Shaprio's character in the eyes of the jury. *See* Fed. R. Evid.

**DEFENDANT'S MOTION IN LIMINE NO. 5 REGARDING EXPERT SHAPIRO**

Freeman Mathis
& Gary, LLP
Attorneys at Law

404(b). Yet because Mr. Shapiro is deceased, he cannot attend trial to explain, rebut, or contest any attacks that Plaintiffs seek to levy against him. Furthermore, ASIC has no other recognized means of countering these attacks.  Therefore, any reference to these topics improperly maligns the validity of Mr. Shaprio's opinions in the eyes of the jury, and leaves ASIC without recourse to rebut Plaintiffs' assertions.

## ASIC'S CONTENTIONS OF POINTS AND AUTHORITIES

Plaintiffs have indicated they wish to introduce evidence and advance arguments concerning two public sanctions or disciplinary actions taken against ASIC's Expert Witness Jay Shapiro: (1) a California Board of Public Accountancy Order Imposing Sanctions Against Jay Shapiro; and (2) Securities & Exchange Commission Order Making Findings and Imposing Remedial Sanctions Pursuant to Section 4C and 21C of the Securities Exchange Act of 1934 and Rule 102(e) of the Commission's Rules of Practice Against Jay Shapiro. This must not be allowed.

First, the proposed deposition testimony and evidence is improper character evidence designed to malign Mr. Shapiro in the eyes of the jury. Fed. R. Evid. 404(b). Plaintiffs seek to introduce evidence and testimony regarding Mr. Shapiro's prior punishment (i.e. evidence of criminal or otherwise wrong behavior) to imply that Mr. Shapiro's opinions and methodologies in this case ought not be trusted. However, evidence of a prior crime, wrong, or other act is not admissible to show that on an occasion the person acted in accordance with that prior act or behavior. *Id.* There is nothing in the proposed testimony or evidence that demonstrates Mr. Shapiro's opinions in the instant case are improper, sanctionable, or otherwise punishable by law. Furthermore, the proposed testimony or evidence cannot be used for a recognized purpose under Rule 404(b)(2). Its sole purpose is to confuse the jury into thinking that Mr. Shapiro's opinions in this case are incorrect because of his prior, unrelated actions, or that Mr. Shapiro's character is otherwise subject to criticism or question. Such character evidence is prohibited by law and must be excluded. *Id.*

Additionally, the proposed testimony and evidence is wholly irrelevant to

Plaintiffs' claims against ASIC. *See Plaintiffs' Proposed Counter-Designation of Deposition of Jay Shapiro* at p.34, ¶ 21 – p.35, ¶ 18; p.36, ¶¶ 1 – 2, 23 – 25; p.37, ¶¶ 1 – 23, 25; p.38, ¶¶ 1 – 6, 9 – 10, 15 – 23; p.39, ¶¶ 3 – 5, 10 – 16. Plaintiffs assert claims against ASIC for breach of contract or breach of the duty of good faith and fair dealing. However, nothing the testimony and evidence discuss any elements of Plaintiffs' claims against ASIC, nor does it evidence any facts necessary to establish Plaintiffs' damages evidence. *Id*. Plaintiffs' questioning during Mr. Shaprio's deposition fails to connect any alleged prior criminal act or wrongdoing to Mr. Shapiro's calculations, methodologies, or opinions in this case. *Id*. Plaintiffs questions are conclusory in nature, constituting to nothing more than asking Mr. Shapiro to admit a statement of fact (i.e. "I received a sanction"). This proposed testimony and evidence provides no discernable basis to question the integrity of Mr. Shapiro's calculations or methodologies, or otherwise attack the validity of his opinions. *See* Fed. R. Evid. 702, 703. Therefore, the proposed testimony or evidence should be excluded because nothing contained therein has any likelihood to make any factual issue in this case any more or less probable. *See* Fed. R. Evid. 104, 401, 402, 702.

Furthermore, any attacks on Mr. Shapiro's character or credibility via evidence of prior wrongful acts is far more prejudicial than probative. Fed. R. Evid. 403. The probative value of any such evidence is minimal because, again, there is no connection between such prior bad action and present opinions that Mr. Shapiro offers. However, the prejudicial effect of this evidence would be irreparable. Indeed, while the sanctions have no relevancy of impact on the instant case, reasonable juror likely could not overcome the stigma of sanctions or discipline. Therefore, all of Shapiro's opinions would be tainted or not receive their proper weight.

Finally, Plaintiff's proposed testimony and evidence is improper because Mr. Shapiro cannot explain any such claims against him, and ASIC has no means of rebutting the assertions contained therein. Mr. Shapiro is dead. As a result, Mr. Shapiro has no ability to attend trial to withstand cross-examination regarding his prior

Freeman Mathis
& Gary, LLP
Attorneys at Law

DEFENDANT'S MOTION IN LIMINE NO. 5 REGARDING EXPERT SHAPIRO

wrongful acts or omissions, or to rebut or explain such evidence in front of the jury. Furthermore, ASIC has no ability to rehabilitate Mr. Shapiro were Plaintiffs to ask such questions. If Plaintiffs discuss or introduce such topics at trial, ASIC has no means to combat Plaintiffs' attacks on the credibility of Mr. Shapiro's opinions or calculations on account of Mr. Shapiro's death. Such deprivation would amount to a denial of due process and, therefore, such a situation must not be allowed.

Freeman Mathis
& Gary, LLP
Attorneys at Law

**DEFENDANT'S MOTION IN LIMINE NO. 5 REGARDING EXPERT SHAPIRO**

## **PLAINTIFFS' OPPOSITION**

Defendant wants to have it both ways—present Mr. Shapiro as a qualified damages expert in front of the jury given his years of experience as a Certified Public Accountant, while shielding from the jury the fact that he had been severely censured by the State Board of Accountancy and the Securities  and Exchange Commission ("SEC") —sanctions that unquestionably bear on his professional credentials and competency. Defendant's motion should be denied for multiple reasons.

In 2008, the Securities and Exchange Commission issued an Order imposing remedial sanctions on Mr. Shapiro's firm. Bonn Decl. Ex. 25. The SEC found that Mr. Shapiro's firm  prepared and issued an audit report for Daleco, a publicly-traded company, at a time when Mr. Shapiro's firm was not registered with the Public Company Accounting Oversight Board. The SEC noted that it could sanction "any person who is found . . . not to possess the requisite qualifications to represent others" or "to have willfully violated . . . any provision of the Federal securities laws or the rules and regulations thereunder." *Id.* at 3. The SEC concluded that Mr. Shapiro's firm "willfully violated Section 102(a) of the act, which makes it unlawful for "any person that is not a registered public accounting firm to prepare or issue, or to participate in the preparation or issuance of, any audit report with respect to any issuer." *Id.* The SEC found that Mr. Shapiro "caused" his firm's violation of the Act. The SEC also found that "the Firm and Shapiro did not possess the requisite qualifications to represent others." *Id.* As a result, the SEC barred Mr. Shapiro's firm from "appearing or practicing before the Commission as an accountant" unless it sought reinstatement after one year. *Id.* at 4. Mr. Shapiro was censured. *Id.* at 5. Mr. Shapiro testified that he never sought reinstatement. Shapiro Dep. at 38 ("Q. Did you seek reinstatement before the SEC? A. No."). As a result, Mr. Shapiro was also disciplined by the California State Board of Accountancy; namely, he was placed on probation for two years. Shapiro Dep. at 38 ("Q. What discipline or sanction did you receive [from the California State Board of Accountancy]? A. Two years' probation.").

Freeman Mathis
& Gary, LLP
Attorneys at Law

*First*, Defendant argues that such evidence is barred by Federal Rule of Evidence 404(b)(1). Not so. Rule 404(b)(1) bars "[e]vidence of a crime, wrong, or other act" to "prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Plaintiffs do not seek to introduce evidence of Mr. Shapiro's prior sanctions in order to demonstrate that he engaged in the same conduct here or that he should be subject to sanctions again, as Defendant bizarrely suggests. Thus, Rule 404(b)(1) is not implicated.

*Second*, Plaintiffs' examination of Mr. Shapiro concerning his prior discipline goes to the weight the jury should give his opinions given this severe black mark on his professional credentials and competency. Thus, this evidence is "admissible for another purpose" besides showing action in conformity therewith under Rule 404(b)(2). Fed. R. Evid. 404(b)(2) (noting character evidence "may be admissible for another purpose"). Numerous courts have allowed cross-examination concerning similar deficiencies in an expert's credentials or licensure or prior disciplinary actions. For instance, in *Bray & Gillespie, L.L.C. III v. Valiant Ins. Co.*, 2003 WL 256619, at *2 (M.D. Fla. March 24, 2003), the court held that a party could "impeach[] the quality and bases of an expert's testimony with specific instances of past conduct" and that "the facts and circumstances surrounding Mr. Patel's suspension are admissible in that regard." The court relied on several cases from the Ninth Circuit in reaching that conclusion. *Id.* (citing *United States v. Rahm*, 993 F.2d 1405, 1413 (9th Cir. 1993); *United States v. Bilson,* 648 F.2d 1238, 1239 (9th Cir.1981)). As another court recently ruled, there are "numerous cases supporting the proposition that an expert's past professional conduct is relevant and may be raised on cross examination"—and little basis to "bar any evidence of [a] suspension" based on "general evidentiary rules of relevance and character." *Sounder v. Travelers*, 2016 WL 97345032, at *1 (M.D. Pa. Aug. 3, 2016) (citing cases).

*Third*, the disciplinary sanctions imposed on Mr. Shapiro are also admissible under Rule 608(b). A court may allow "cross-examination" concerning "specific

Freeman Mathis
& Gary, LLP
Attorneys at Law

instances of a witness's conduct in order to attack or support the witness's character for truthfulness." Fed. R. Civ.P. 608(b)(1). "Evidence of prior frauds perpetrated by the witness is generally considered probative of the witness's truthfulness . . . ." *United States v. Munoz*, 233 F.3d 1117, 1135 (9th Cir. 2000) (citation omitted). The fact that Mr. Shapiro caused his firm to prepare an audit for a publicly-traded issuer in "willful" violation of the securities laws is probative of his character for truthfulness as a witness.

*Finally*, the evidence should not be excluded under Rule 403. Defendant argues that it will be prejudiced because Mr. Shapiro has passed away and can no longer "explain away" his prior discipline. But Plaintiffs' counsel asked Mr. Shapiro about the discipline during his deposition and he testified about facts that he believed were mitigating (including that the California Board of Accountancy did not bar him from practicing altogether or suspend his privileges). What would be more prejudicial is to permit Defendant to paint a misleading picture of Mr. Shapiros' qualifications to the jury—trumpeting the fact that he was a Certified Public Accountant without permitting the jury to see Plaintiffs' cross-examination concerning his serious discipline by the SEC and California's Board of Accountancy.

Plaintiffs respectfully submit that Defendant's motion should be denied.

# ASIC'S REPLY

The evidence in dispute is not admissible under Rule 608(b) because it is not probative of truthfulness or untruthfulness.

First, the incident in question is too remote in time to be deemed probative of the witness's truthfulness.  *See United States v. Jackson,* 882 F.2d 1444, 1447 (9th Cir. 1989) (remoteness remains a relevant factor for assessing probative value of evidence under Rule 608(b)).  The alleged conduct in question here occurred almost two decades ago, in 2003.

Second, the conduct in question lacks probative value because it is factually irrelevant and occurred under different circumstances. *See United States v. Beltran-Garcia,* 338 Fed. Appx. 765 (10th Cir. 2009) (district court had discretion to exclude evidence of undercover agent's prior misconduct based on remoteness in time and because misconduct occurred under different circumstances; in addition to lack of probative value, evidence carried with it risk of misleading jury and confusing issues).  Any purported probative value (of which there is none) of Mr. Shapiro's firm's alleged failure to obtain the proper registration with the Public Company Accounting Oversight Board 16 years ago is outweighed by the prejudice, confusing issues, misleading the jury, and undue delay this evidence would cause.

Accordingly, ASIC respectfully requests the Court grant its Motion in Limine No. 5.

DATED:  January 17, 2020

MARC J. SHRAKE
FREEMAN MATHIS & GARY, LLP
-and-
CHRISTOPHER W. MARTIN (*Pro Hac Vice*)
MELINDA R. BURKE (*Pro Hac Vice*)
WILLIAM E. McMICHAEL *(Pro Hac Vice)*
MARTIN, DISIERE, JEFFERSON & WISDOM LLP

By:  */s/ Christopher W. Martin*
Attorneys for Defendant ATLANTIC SPECIALTY INSURANCE COMPANY

**DEFENDANT'S MOTION IN LIMINE NO. 5 REGARDING EXPERT SHAPIRO**

Freeman Mathis
& Gary, LLP
Attorneys at Law

## <u>DECLARATION OF MARC J. SHRAKE</u>

I, Marc J. Shrake, declare as follows:

1.      I am an attorney authorized to practice before all California courts and before this Court and am a partner with the law firm of Freeman Mathis & Gary, LLP, attorneys for Defendant Atlantic Specialty Insurance Company.

2.      I have personal knowledge of the matters set forth in this Declaration, and if called upon to testify to them, could and would do so.

3.      I make this Declaration in conjunction with, and in support of, Atlantic Specialty's Motion in Limine No. 5.

4.      Counsel for ASIC has discussed the matters raising Motion in Limine No. 5 with counsel for Plaintiffs, and counsel for Plaintiffs has indicated that these matters will be mentioned or displayed in the presence of the jury before they are admitted in evidence.

I declare under penalty of perjury of the laws of the United States of America and the laws of the State of California that the foregoing is true and correct and that this declaration is executed this 17th day of January 2020 at Los Angeles, California.

DATED:  January 17, 2019          MARC J. SHRAKE

By:   */s/ Marc J. Shrake*
      Marc J. Shrake

Freeman Mathis
& Gary, LLP
Attorneys at Law