UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNIVERSAL CABLE PRODUCTIONS LLC, et al., | ) CASE NO. 2:16-cv-4435-PA-MRW </br>)</br>)</br>) |
| Plaintiffs, | )</br>) |
| vs. | )</br>) |
| ATLANTIC SPECIALTY INSURANCE COMPANY, | )</br>)</br>) |
| Defendant. | )</br>) |

DEPOSITION OF PETER WILLIAMS

Designee of Defendant Atlantic Specialty
Insurance Company
Pursuant to FRCP 30(b)(6)

Friday, May 19, 2017

Reported by:  Ingrid Suárez Egnatuk
              CSR No. 3098

Case 2:16-cv-04435-PA-MRW   Document 204-3   Filed 01/17/20   Page 2 of 9   Page ID #:25591

| Universal Cable Productions LLC, et al v. Atlantic Specialty Insurance Company | Video Deposition | Peter Williams May 19, 2017 |
|---|---|---|

**Page 2**

```
 1
 2      Videotaped deposition of PETER WILLIAMS,
 3      Designee of Defendant Atlantic Specialty
 4      Insurance Company Pursuant to FRCP 30(b)(6),
 5      taken on behalf of Plaintiffs Universal
 6      Cable Productions LLC and Northern
 7      Entertainment Productions LLC, at
 8      707~Wilshire Boulevard, Suite 4000,
 9      Los~Angeles, California 90017,  commencing
10      at 2:05 p.m., Friday, May 19, 2017, before
11      Ingrid Suarez Egnatuk, CSR No. 3098.
12
13  APPEARANCES:
14      FOR PLAINTIFFS UNIVERSAL CABLE PRODUCTIONS
        LLC AND NORTHERN ENTERTAINMENT PRODUCTIONS
15      LLC:
16           MITCHELL SILBERBERG & KNUPP LLP
             BY:  DANIEL M. HAYES, ESQ.
17           11377 West Olympic Boulevard
             Los Angeles, California 90064-1683
18           (310) 312-2000
             dmh@msk.com
19
        FOR DEFENDANT:
20
             STRASBURGER & PRICE, LLP
21           BY:  TONI SCOTT REED, ESQ.
             901 Main Street
22           Suite 6000
             Dallas, Texas 75202-3794
23           (214) 651-4345
             toni.reed@strasburger.com
24
25
```

**Page 3**

```
 1  APPEARANCES:
 2      (Continued)
 3      FOR DEFENDANT:
 4           ANDERSON, MCPHARLIN & CONNERS, LLP
             (Not present at deposition)
 5           707 Wilshire Boulevard
             Suite 4000
 6           Los Angeles, California 90017-3623
             (213) 688-0080
 7
    THE VIDEOGRAPHER:
 8
             VERBATIM VIDEO
 9           BY:  ESROM JAYASINGHE
             9725 Gladbeck Avenue
10           Northridge, California 91324
             (800) 520-8273
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

**Page 4**

```
 1                   I N D E X
 2  Witness:   PETER WILLIAMS
 3  Examination                                    Page
 4  By Mr. Hayes                                      7
 5
 6      (Exhibits bound under separate cover)
 7
    Exhibit           Description                  Page
 8
    1   Plaintiff Universal Cable Productions         8
 9      LLC's Amended Notice of Rule 30(b)(6)
        Deposition of Defendant Atlantic
10      Specialty Insurance Company
11  2   Motion Picture/Television Producers          12
        Portfolio Declarations
12      ATL003073 through ATL003127
13  3   E-mail chain ending 7-16-14 to               61
        Peter D. Williams from Pamela A.
14      Johnson
        ATL001121 through ATL001126
15
    4   DICE Producers Portfolio                     74
16      Declarations
        ATL004098 through ATL004101
17
    5   E-mail chain ending 7-16-14 to               92
18      Daniel Gutterman from Wanda Phillips
        ATL001547 through ATL001550
19
    6   Declaration of Peter D. Williams             94
20
    7   E-mail chain ending 12-17-09 to              98
21      Wanda Phillips and Martin Ridgers
        from George Walden
22      AONNBCU0004125 through AONNBCU0004131
23  8   E-mail chain ending 12-17-09 to             100
        George Walden from George Walden;
24      attachment
        AONNBCU0004132 through AONNBCU0004195
25
```

**Page 5**

```
 1                   I N D E X
 2          (Continued)
 3  Exhibit          Description                   Page
 4  9   Declaration of George Walden in             105
        Support of Opposition to Defendant's
 5      Motion for Summary Judgment
 6
 7  QUESTIONS WITNESS INSTRUCTED NOT TO ANSWER
         (Indicated by "^" in the transcript)
 8
                     Page      Line
 9
                      10         9
10                    10        24
                      11         9
11                    11        19
                      12         6
12                    14         3
                      85        22
13                    87         2
                      88        22
14                    91         4
                      91        18
15                    91        25
16
17
18          MARKED SECTION OF TRANSCRIPT
         (Indicated by "^^" in the transcript)
19
                     Page      Line
20
                     108        14
21
22
23
24
25
```

Case 2:16-cv-04435-PA-MRW  Document 204-3  Filed 01/17/20  Page 3 of 9  Page ID #:25592

Universal Cable Productions LLC, et al v.
Atlantic Specialty Insurance Company
Video Deposition
Peter Williams
May 19, 2017

Page 94

1 from NBC. They were very conscious of the situation
2 and told us what they were doing. I don't want to
3 give an impression that we demanded they do this, if
4 that's what you're asking.
5     MR. HAYES: This is Exhibit 5 -- 6.
6     (Exhibit 6 was marked
7     for identification.)
8 BY MR. HAYES:
9   Q. Do you recognize the document marked
10 Exhibit 6?
11   A. Yes.
12   Q. What is it?
13   A. Yes. It's a Declaration signed by me.
14   Q. Is it true?
15     MS. REED: Object. Beyond the scope of
16 the designation of the witness today.
17     THE WITNESS: To the extent of -- one
18 extent it is not exactly true.
19 BY MR. HAYES:
20   Q. Okay. And what extent is that?
21   A. It says on the paragraph 2 I was also in
22 charge of approving the terms of the policy to be
23 issued. I -- I was one of -- one of the people who
24 was in charge of approving the terms of the policy.
25   Q. Who else was in charge?

Page 95

1   A. Martin Ridgers.
2   Q. Anything else that you'd like to correct?
3     MS. REED: Objection. Beyond the scope.
4     THE WITNESS: No.
5 BY MR. HAYES:
6   Q. I want you to read paragraph 4 into the
7 record, please.
8     MS. REED: Objection. Beyond the scope of
9 the designation today.
10     THE WITNESS: As a result of the
11 manuscripted form submitted" by -- excuse me --
12 "submitted to Atlantic by Aon, and the ensuing
13 discussions, Atlantic did issue Policy No.
14 MP00163-00 to NBCUniversal, with a Policy
15 Period of January 1, 2010, to January 1, 2011.
16 That policy was renewed each year thereafter
17 until Atlantic issued its final policy to
18 NBCUniversal, Policy No. MP00163-04, with a
19 Policy Period of January 1, 2014, to June 30,
20 2015. The war exclusions found in this last
21 policy in the Motion Picture/Television
22 Portfolio General Conditions section, at
23 pages 6 and 7, are the same exclusions as in
24 the original policy issued to NBC, and are
25 those requested by Aon."

Page 96

1 BY MR. HAYES:
2   Q. And this policy with a period of
3 January 1, 2014, to June 30, 2015, referenced in
4 paragraph 4, that's Exhibit 2; is that right?
5   A. Yes.
6   Q. I want you to go back to the page marked
7 3083 of Exhibit 2.
8     Are you there?
9   A. Yes.
10   Q. And I want you to read into the record
11 paragraph Roman numeral III, Arabic 4 from
12 Exhibit 2.
13     MS. REED: Objection. Beyond the scope of
14 the designation.
15     THE WITNESS: "Any weapon of war including
16 atomic fission or radioactive force, whether in time
17 of peace or war."
18 BY MR. HAYES:
19   Q. And you testified earlier that you do not
20 know who authored that paragraph; is that right?
21   A. Yes.
22   Q. So how can you say that that paragraph was
23 requested by Aon --
24     MS. REED: Objection. Beyond the scope.
25 / / /

Page 97

1 BY MR. HAYES:
2   Q. -- in your Declaration?
3     MS. REED: Objection. Beyond the scope of
4 the designation of the witness.
5     THE WITNESS: Because Aon provided the --
6 the original policy form that they wanted. And
7 there was discussions backwards and forwards that
8 changed the terms and conditions of that -- that
9 policy form until eventually we came to an
10 agreement, including the general terms and
11 conditions.
12     You showed me an example under Exhibit 4
13 of another OneBeacon policy where we had different
14 language for a similar -- for a similar section of
15 the clause. So I have no reason -- whilst I don't
16 know exactly who authored that, I have no reason to
17 think that it wasn't Aon, as they provided the rest
18 of the language in the policy.
19 BY MR. HAYES:
20   Q. Do you know whether or not it was Aon?
21     MS. REED: Objection. Beyond the scope.
22     THE WITNESS: No. I think I just
23 testified definitively I don't. I have no reason to
24 think that, along with the other terms and
25 conditions of the policy, it wasn't.

Case 2:16-cv-04435-PA-MRW Document 204-3 Filed 01/17/20 Page 4 of 9 Page ID #:25593

| Universal Cable Productions LLC, et al v.<br>Atlantic Specialty Insurance Company | Video Deposition | Peter Williams<br>May 19, 2017 |

Page 98

1  MS. REED: Dan, if you're moving on, could
2  we have a ladies' room break here.
3  MR. HAYES: We're not moving on.
4  This is Exhibit --
5  MS. REED: Dan, are you declining to let
6  me go to the ladies' room?
7  MR. HAYES: Are you -- do you have to go
8  to the bathroom? Is that what you mean?
9  MS. REED: Yes, sir.
10  MR. HAYES: Okay. Fine.
11  MS. REED: Can we take a break?
12  MR. HAYES: Sure.
13  THE VIDEOGRAPHER: Off record, 3:43.
14  (Recess from 3:43 p.m. to 3:53 p.m.)
15  THE VIDEOGRAPHER: On record, 3:53.
16  MR. HAYES: This is next in order.
17  THE REPORTER: 7.
18  MR. HAYES: Exhibit 7.
19  (Exhibit 7 was marked
20  for identification.)
21  BY MR. HAYES:
22  Q. Do you recognize the document marked
23  Exhibit 7?
24  MS. REED: Counsel, I object to the
25  document.

Page 99

1  Are there non-original markings on this
2  exhibit?
3  MR. HAYES: Yes. But not that affects the
4  substance.
5  MS. REED: Will you state for the record
6  what the non-original markings that have been added
7  to the document produced in the case are.
8  MR. HAYES: Sure.
9  Q. There is one box around the phrase "Please
10  confirm and confirm prepared to bind coverage."
11  Do you see that, Mr. Williams, at the top?
12  A. Yes.
13  Q. There is also a box around the sentence,
14  "We are in agreement to use the form dated 12-17-09
15  Martin's Final Form."
16  Do you see that, Mr. Williams?
17  A. Yes.
18  Q. Have you ever seen the document marked
19  Exhibit 7?
20  A. Not that I recall.
21  Q. Do you know what the reference is to the
22  "form dated 12-17-09 Martin's Final Form" is?
23  MS. REED: Objection. Beyond the scope.
24  THE WITNESS: I mean, I don't specifically
25  know. I could speculate what that means.

Page 100

1  BY MR. HAYES:
2  Q. What's your -- what do you think it means?
3  A. Or my assumption.
4  MS. REED: Objection. Beyond the scope.
5  THE WITNESS: I assume it means the
6  wording that Martin Ridgers and George Walden
7  finally agreed on. And presumably it was a version
8  dated December 17, 2009.
9  MR. HAYES: This is going to be Exhibit 8.
10  (Exhibit 8 was marked
11  for identification.)
12  BY MR. HAYES:
13  Q. Do you recognize the document marked
14  Exhibit 8?
15  A. I don't specifically recall seeing it
16  before.
17  Q. Do you see on the first page marked AONNBC
18  4132 the sentence, "Martin's Final Form Rev 1 2009
19  1217"? Do you see that?
20  MS. REED: Objection. Beyond the scope of
21  the designation.
22  THE WITNESS: Yes.
23  BY MR. HAYES:
24  Q. And do you also see the reference in the
25  subject line "Martin's Final Form Rev 1 2009 1217"?

Page 101

1  Do you see that?
2  A. Yes.
3  MS. REED: Objection. Beyond the form.
4  THE WITNESS: Sorry. Yes.
5  MS. REED: Beyond the designation of the
6  witness.
7  BY MR. HAYES:
8  Q. Do you know whether or not that document
9  referenced in Exhibit 8 is the same document
10  referenced in Exhibit 7, that being the form dated
11  2-17-09, Martin's Final Form?
12  MS. REED: Objection. Beyond the
13  designation of this witness. Calls for speculation.
14  THE WITNESS: Well, specifically, no. But
15  as it has the same date, in theory, it should be the
16  same form.
17  BY MR. HAYES:
18  Q. I want you to look at Exhibit 8 and
19  specifically page AONNBC 4144 of Exhibit 8.
20  A. Yes.
21  Q. And I want you to read into the record
22  from page 4144 the text after the letter D which
23  begins, "Any weapon of war."
24  Do you see that?
25  A. Yes.

Case 2:16-cv-04435-PA-MRW Document 204-3 Filed 01/17/20 Page 5 of 9 Page ID #:25594

Universal Cable Productions LLC, et al v.
Atlantic Specialty Insurance Company
Video Deposition
Peter Williams
May 19, 2017

Page 102

1   MS. REED: I'm going to object, Counsel.
2  BY MR. HAYES:
3   Q. Please read that into the record.
4   MS. REED: Just a moment, Counsel. Let me
5  put my objections on.
6   No. 1, I object that this is a document
7  that contains non-original markings to it. This
8  document has been altered from its original form.
9  And additionally, this is beyond the scope of the
10 designation of the witness.
11   MR. HAYES: Well, let's explore that,
12 Ms. Reed.
13   Mr. Williams was designated as Atlantic's
14 30(b)(6) witness on Topic 16, the negotiation of the
15 terms of the policy or any other insurance policy
16 issued by Atlantic to any of plaintiffs or
17 NBCUniversal.
18   Q. So go ahead, Mr. Williams.
19   MS. REED: Counsel, you know there are
20 objections to that and that the questions that you
21 are asking are beyond the scope of that designation.
22   MR. HAYES: Did you file a Motion for
23 Protective Order, Counsel?
24   MS. REED: No, sir.
25   MR. HAYES: Okay.

Page 103

1   Q. Mr. Williams, please read into the --
2   MS. REED: You've seen the objections.
3  BY MR. HAYES:
4   Q. Mr. Williams, please read into the record
5  the text beginning, "Any weapon of war," after the
6  letter D on page 4144.
7   MS. REED: I continue my same objections
8  for the record.
9   THE WITNESS: "Any weapon of war employing
10 atomic fission or radioactive force, whether in time
11 of peace or war."
12 BY MR. HAYES:
13   Q. Is that the language that George Walden
14 and Atlantic agreed to --
15   MS. REED: Objection. Beyond the scope of
16 the designation. Calls for pure speculation of this
17 witness.
18 BY MR. HAYES:
19   Q. -- in the negotiations of the insurance
20 policy?
21   MS. REED: Same objections.
22   THE WITNESS: Based on this version dated
23 December 17, 2009, yes.
24 BY MR. HAYES:
25   Q. Do you have any reason to doubt that that

Page 104

1  is the language that George Walden and Atlantic
2  agreed to?
3   MS. REED: Objection. Beyond the scope of
4  the designation. Calls for speculation. Beyond the
5  scope of the knowledge of this witness.
6   THE WITNESS: No. As of the date of this
7  version, December 17, 2009.
8  BY MR. HAYES:
9   Q. Did Mr. Walden or anyone else on behalf of
10 NBCUniversal agree to any different language with
11 Atlantic after the date of this document?
12   MS. REED: Objection. Beyond the scope of
13 the designation. Calls for speculation.
14   THE WITNESS: That I don't know.
15 BY MR. HAYES:
16   Q. Did you investigate that question in
17 preparing for your testimony today?
18   MS. REED: Objection. Outside the scope
19 of the designation.
20   THE WITNESS: Can I answer it?
21   MS. REED: Assumes facts not in evidence.
22   THE WITNESS: I'm sorry. Can I answer?
23   MS. REED: You may answer.
24   THE WITNESS: No.
25   MR. HAYES: This is going to be Exhibit 9.

Page 105

1   (Exhibit 9 was marked
2   for identification.)
3  BY MR. HAYES:
4   Q. Have you ever seen the document marked
5  Exhibit 9?
6   A. No.
7   Q. I want you to turn to the page marked 6.
8   Do you know who George Walden is?
9   MS. REED: I want you to give the witness
10 an opportunity to look at this since he just told
11 you he's never seen it before.
12 BY MR. HAYES:
13   Q. Do you know who George Walden is?
14   MS. REED: Please -- please review the
15 document before you answer questions about it.
16 BY MR. HAYES:
17   Q. Do you know who George Walden is?
18   MS. REED: Counsel --
19   MR. HAYES: Stop.
20   Q. Do you know who George Walden is?
21   MS. REED: Counsel, don't be disrespectful
22 to another person.
23   MR. HAYES: I withdraw the question.
24   Q. Do you know who George Walden is,
25 Mr. Williams?

Case 2:16-cv-04435-PA-MRW   Document 204-3   Filed 01/17/20   Page 6 of 9   Page ID
                                         #:25595

Universal Cable Productions LLC, et al v.           Video Deposition                          Peter Williams
Atlantic Specialty Insurance Company                                                          May 19, 2017

Page 106

1  **A.  Yes.**
2  Q.  Who is he?
3  **A.  He's a senior member of Aon/Ruben in**
4  **New York.**
5  Q.  Have you ever spoken to Mr. Walden?
6  **A.  Yes.**
7  Q.  Have you ever spoken to Mr. Walden in
8  connection with NBCUniversal?
9  **A.  Yes.**
10 Q.  When?
11 **A.  Oh, numerous times.**
12 Q.  In connection with the negotiation of the
13 policy in 2009 and 2010?
14 **A.  Yeah.  I can't recall specific times.  But**
15 **I was involved in that process.  Yes.**
16 Q.  Did you ever discuss the war exclusions or
17 any of those subparts in the war exclusions with
18 anyone at Aon or NBCUniversal ever?
19 **A.  Not that I recall.**
20 Q.  Okay.  I want you to look at page 6 of the
21 Declaration of George Walden that you have.
22     **MS. REED:** Now I'm going to instruct the
23 witness to take a look through this whole document,
24 since you've testified you've never seen it before.
25     **MR. HAYES:** Sure.  Let's do that off the

Page 107

1  record.
2      **MS. REED:** No, sir.  We're not going off
3  the record.  You handed him this.  Let him look
4  through it.
5      **MR. HAYES:** We can't go off the record so
6  he can familiarize himself with the document?
7      **MS. REED:** That's it.  You handed him a
8  voluminous document, and he's going to read it.
9      **MR. HAYES:** Okay.  Well, let me make sure
10 we're on the same page.
11 Q.  I don't want you to look at the voluminous
12 document.  I'd like you to look at paragraph 25,
13 sir.
14     **MS. REED:** I'm going to instruct the
15 witness that he needs to read this document since
16 he's never seen it before.
17     **MR. HAYES:** The entire document and all of
18 its exhibits?
19     **MS. REED:** Yes, sir.  If it you want him
20 to testify about this -- this particular document,
21 yes.
22     **MR. HAYES:** Okay.  So let's go off the
23 record.
24     **MS. REED:** Just as you had -- no.  I don't
25 agree to go off the record.  You've given him this

Page 108

1  to digest.  Then you need to give him the time to do
2  it.
3      **MR. HAYES:** I just want him to digest
4  paragraph 25.
5      **MS. REED:** No, sir.  That is inappropriate
6  and misleading to the witness.  Your witnesses
7  review all the documents they're given, and you
8  instruct them to.  And I'm telling him he needs to
9  do the same thing.
10     **MR. HAYES:** And you're refusing to go off
11 the record?
12     **MS. REED:** Yes, sir.  Just as you do.
13     **MR. HAYES:** That's never happened.
14     ^^I would like the court reporter to mark
15 the time from when this colloquy began until
16 Mr. Williams has finished reviewing this document.
17 Q.  And to be clear, Mr. Williams, all I want
18 to know is if paragraph 25 is true.
19     Do you understand?
20 **A.  I understand the question.  Yes.**
21 Q.  Is it true?
22     **MS. REED:** Objection.  Beyond the scope of
23 the designation.  Calls for speculation.
24     **THE WITNESS:** Well, I have no reason to
25 think it's not true if this is what George Walden

Page 109

1  signed to.
2  **BY MR. HAYES:**
3  Q.  I want you to read paragraph 27 into the
4  record.
5      **MS. REED:** Then I want you to allow the
6  witness to review this document, Counsel.  'Cause
7  now you're changing what you just said.
8      **MR. HAYES:** No.  He doesn't need to
9  review --
10     **MS. REED:** Please review the document,
11 sir.
12     **MR. HAYES:** He doesn't need to review the
13 document to read paragraph 27 into the record.
14 Q.  Read 27 into the record, please.
15     **MS. REED:** Objection.  Beyond the scope of
16 the designation of this witness.  And you're not
17 affording the witness the opportunity to review the
18 document as he's been instructed to do.
19     **MR. HAYES:** If he would like to review the
20 document in its entirety, we can go off the record
21 and he can do so.
22     But paragraph 27 is one sentence, and I'd
23 simply like him to read it into the record and tell
24 me whether or not it's true.
25     **MS. REED:** I've given the witness an

Case 2:16-cv-04435-PA-MRW   Document 204-3   Filed 01/17/20   Page 7 of 9   Page ID
                                      #:25590
Universal Cable Productions LLC, et al v.                Video Deposition                              Peter Williams
Atlantic Specialty Insurance Company                                                                   May 19, 2017

Page 110

1 instruction. And I object that your question is
2 beyond the scope of the designation of the witness
3 and calls for speculation.
4 **BY MR. HAYES:**
5    Q.  Mr. Williams, do you need to read the
6 entire document that you've been presented to tell
7 me whether or not paragraph 27 is true?
8    **A.  Well, let me read it, and then I'll answer
9 your question.
10        "I never agreed to change the term
11        'employing' to 'including' and I never agreed
12        to expand the scope of the weapon of war
13        exclusion."**
14   Q.  Is that a true statement?
15       MS. REED: Objection. Beyond the scope.
16 Calls for speculation.
17       THE WITNESS: Well, again, I mean, I have
18 no reason to think George Walden was lying when he
19 made that statement.
20 **BY MR. HAYES:**
21   Q.  So where did the word "including" come
22 from in the policy?
23   **A.  I don't know.**
24   Q.  Did it come from OneBeacon?
25       MS. REED: Objection. Beyond the scope.

Page 111

1 Calls for speculation. Asked and answered.
2       THE WITNESS: I don't know.
3 **BY MR. HAYES:**
4    Q.  Did you investigate where it came from as
5 part of your preparation for this deposition?
6       THE WITNESS: (To Ms. Reed) Can I answer?
7       MS. REED: You may answer. It's a "yes"
8 or "no."
9       THE WITNESS: Yes.
10 **BY MR. HAYES:**
11   Q.  Where did you look?
12   **A.  Well, we tried -- I tried to look at the
13 different policies and versions of -- back and forth
14 that there were. And it's not clear to me where it
15 came from.**
16   Q.  Did you ever find any evidence that
17 NBCUniversal or Aon proposed that word or that
18 language with "including"?
19   **A.  There's no evidence that they proposed the
20 word. The word is in the documents that they
21 approved.**
22   Q.  There's also no evidence that they agreed
23 to the term with the word "including"; isn't that
24 right?
25       MS. REED: Objection. Beyond the scope.

Page 112

1 Calls for speculation.
2       THE WITNESS: No. It's -- it's contrary
3 to that. There's no evidence that they disagreed
4 with it. They disagreed with a number of words that
5 were in the policy. So they didn't disagree to that
6 word.
7 **BY MR. HAYES:**
8    Q.  Well, let's go back to Mr. Walden's
9 Declaration paragraph 27.
10        "I never agreed to change the term
11        'employing' to 'including' and I never agreed
12        to expand the scope of the weapon of war
13        exclusion."
14       Do you dispute that?
15       MS. REED: Objection. Beyond the scope.
16 Calls for speculation. Assumes facts not in
17 evidence. Lack of foundation.
18       THE WITNESS: Which paragraph are you
19 quoting?
20 **BY MR. HAYES:**
21   Q.  27.
22   **A.  Yeah. As of the version of December 17,
23 2009, I have no reason to think or to question that
24 George is not telling the truth.**
25   Q.  Do you have any reason to believe that Aon

Page 113

1 or NBCUniversal ever agreed to change the term
2 "employing" to "including" or expand the scope of
3 the weapon of war exclusion, any reason at all?
4       MS. REED: Objection. Beyond the scope of
5 the designation. Assumes facts not in evidence.
6 Lack of foundation. And misstates this witness's
7 prior testimony.
8       THE WITNESS: Prior to the version dated
9 December 17, 2009, I have no reason to think that
10 they requested it or agreed to it.
11 **BY MR. HAYES:**
12   Q.  What about after?
13   **A.  Yes. After they did.**
14   Q.  Say that again. I'm sorry.
15   **A.  Yes. Afterwards they were given a copy of
16 the policy. They reviewed a copy of the policy.
17 They did not raise any objection to that wording.
18 They raised several objections to wordings in the
19 policy. But they did not raise any objection to
20 that wording.**
21   Q.  So it's your testimony that after the
22 e-mail in which Wanda Phillips said, "We are in
23 agreement to use the form dated 12-17-09 Martin's
24 Final Form," marked Exhibit 7, OneBeacon sent Aon a
25 policy that included a change from "employing" to

Case 2:16-cv-04435-PA-MRW Document 204-3 Filed 01/17/20 Page 8 of 9 Page ID #:23597

Universal Cable Productions LLC, et al v.
Atlantic Specialty Insurance Company

Video Deposition

Peter Williams
May 19, 2017

Page 114

"including," and Aon and NBCUniversal did not object? Is that your testimony?

A. Yes.

Q. And did OneBeacon notify Aon or NBCUniversal that it had made that change?

MS. REED: Objection. Beyond the scope. Assumes facts not in evidence. Lack of foundation. Speculation.

THE WITNESS: I don't think so.

BY MR. HAYES:

Q. Why not?

A. Why --

MS. REED: Same objections.

THE WITNESS: Why don't I think so?

BY MR. HAYES:

Q. Why didn't OneBeacon notify Universal or Aon that it had made the change?

MS. REED: Objection. Assumes facts not in evidence. Lack of foundation. Beyond the scope of the designation.

THE WITNESS: I don't know where the change came from.

BY MR. HAYES:

Q. Was it a mistake?

MS. REED: Objection. Beyond the scope.

Page 115

Calls for speculation. Assumes facts not in evidence.

THE WITNESS: I have no reason to think it's a mistake.

BY MR. HAYES:

Q. Do you have a reason to think it was intentional?

MS. REED: Objection. Beyond the scope. Calls for speculation. Assumes facts not in evidence.

THE WITNESS: I have no reason to think it was intentional. I don't know where that one-word change came from.

BY MR. HAYES:

Q. But OneBeacon was the scrivener of the policy; correct?

MS. REED: Objection. Beyond the scope. Calls for speculation. Vague and ambiguous.

THE WITNESS: Yes.

BY MR. HAYES:

Q. Who was the scrivener? What is the name of the person who actually drafted the policy in 2010 --

MS. REED: Objection. Beyond the scope. Calls for speculation.

Page 116

BY MR. HAYES:

Q. -- or 2009 at the conclusion of your negotiations?

MS. REED: Objection. Beyond the scope. Calls for speculation. Lack of foundation. Assumes facts not in evidence.

THE WITNESS: The person who actually assembled the policy into the format that was issued?

BY MR. HAYES:

Q. Right.

A. I have no idea.

Q. Did you investigate that?

A. **I wouldn't even know how. I mean, it's certainly not anybody who's still employed at OneBeacon. Who was employed back in 2009 in that department, I have no idea. It would have -- it's a clerical function.**

Q. So you have no idea whether or not the addition of the word "including" in place of "employing" was a mistake?

MS. REED: Objection. Beyond the scope of the designation. Assumes facts not in evidence. Lack of foundation.

THE WITNESS: I have no reason to think

Page 117

it's a mistake because it's cut and paste. So the wording came from somewhere.

BY MR. HAYES:

Q. Where did it come from?

MS. REED: Objection. Beyond the scope. Calls for speculation.

THE WITNESS: I don't know.

BY MR. HAYES:

Q. Was it discussed --

A. No.

Q. -- between the parties?

MS. REED: Objection. Beyond the -- beyond the scope of the designation. Calls for speculation.

THE WITNESS: To my knowledge, no.

BY MR. HAYES:

Q. Was it an intentional change?

MS. REED: Objection. Beyond the scope of the designation. Calls for speculation.

THE WITNESS: I don't know. It's -- it's one word. I don't know where it came from.

BY MR. HAYES:

Q. But it's not the standard form that OneBeacon uses; right?

MS. REED: Objection. Beyond the scope.

Case 2:16-cv-04435-PA-MRW   Document 204-3   Filed 01/17/20   Page 9 of 9   Page ID #:25598

| Universal Cable Productions LLC, et al v.<br>Atlantic Specialty Insurance Company | Video Deposition | Peter Williams<br>May 19, 2017 |

Page 142

1  defended of -- of our witnesses that you've taken,
2  won't you acknowledge that you've gone over the
3  limit as well, three minutes, four minutes?  All I'm
4  asking for is three minutes left so that he can
5  answer the question.
6         **MS. REED:** Counsel, we've concluded for
7  today.
8         Will you now agree that we're going off
9  the record?
10        **MR. HAYES:** I'd like three more minutes,
11 consistent with what I've afforded you in the past.
12        **MS. REED:** I asked you the same thing on
13 another occasion, Mr. Hayes.
14        **MR. HAYES:** No.  I'm --
15        **MS. REED:** At this point in time, we've
16 concluded the deposition.  We've reached our limit.
17        **MR. HAYES:** Okay.  We do not agree.
18        But we can go off the record.
19        **THE VIDEOGRAPHER:** Off record at 4:50.
20
21       (At 4:50 p.m. the deposition of PETER
22       WILLIAMS was adjourned.)
23
24       (Off the record, a request was made on
25       behalf of the witness to review, correct

Page 143

1  and sign the transcript of these
2  proceedings.)

Page 144

1         I declare under penalty of perjury that I
2  have read the foregoing transcript of my deposition
3  testimony taken on Friday, May 19, 2017, at Los
4  Angeles, California, and that, with the following
5  exceptions which I have hand-marked on the
6  transcript, the same is a true record of the
7  testimony given by me at that deposition:
8
9  Page/Line     Should read              Reason for
   change:
10 _____      _____     _____
11 _____      _____     _____
12 _____      _____     _____
13 _____      _____     _____
14 _____      _____     _____
15 _____      _____     _____
16 _____      _____     _____
17 _____      _____     _____
18 _____      _____     _____
19 _____      _____     _____
20 _____      _____     _____
21 _____      _____     _____
22
23 _____        _____
24 Date                       PETER WILLIAMS
25

Page 145

1  STATE OF CALIFORNIA     )
                           )
2  COUNTY OF LOS ANGELES   )
3         I, Ingrid Suárez Egnatuk, CSR No. 3098, a
4  Certified Shorthand Reporter in and for the State of
5  California, do hereby certify that the foregoing
6  deposition of PETER WILLIAMS was taken before me at
7  the time and place therein set forth, at which time
8  the witness was put under oath by me; that the
9  testimony of the witness and all objections made at
10 the time of the examination were recorded
11 stenographically by me and were thereafter
12 transcribed with computer-aided transcription; that
13 the foregoing is a full, complete, and true record
14 of said proceedings.
15        I certify that a request has been made by,
16 or on behalf of, the witness to review, correct and
17 sign the transcript of these proceedings.
18        I further certify that I am neither
19 counsel for nor related to any party to said action,
20 nor in anywise interested in the outcome thereof.
21        In witness whereof, I have subscribed my
22 name this 22nd day of May, 2017.
23
                     _____
24                         Ingrid Suarez Egnatuk
                       Certified Shorthand Reporter
25                              No. 3098