# No. 17-56672
In the United States Court of Appeals
for the Ninth Circuit

---

UNIVERSAL CABLE PRODUCTIONS LLC and
NORTHERN ENTERTAINMENT PRODUCTIONS, LLC,

Plaintiffs and Appellants,

vs.

ATLANTIC SPECIALTY INSURANCE COMPANY,
Defendant and Appellee.

---

### APPELLEE'S ANSWERING BRIEF

---

*On Appeal from a Judgment of the United States District Court
for the Central District of California*
2:16-cv-04435-PA, Honorable Percy Anderson, District Judge Presiding

---

| | |
|---|---|
| Margaret A. Grignon | Michael Keeley |
| mgrignon@grignonlawfirm.com | michael.keeley@strasburger.com |
| Anne M. Grignon | Carla C. Crapster |
| agrignon@grignonlawfirm.com | carla.crapster@strasburger.com |
| GRIGNON LAW FIRM LLP | STRASBURGER & PRICE, LLP |
| 6621 E. Pacific Coast Highway | 901 Main Street |
| Suite 200 | Suite 6000 |
| Long Beach, California 90803 | Dallas, Texas 75202 |
| Tel.: 562.285.3171 | Tel.: 214.651.4300 |
| Fax: 562.453.3571 | Fax: 214.651.4330 |

*Attorneys for Appellee ATLANTIC SPECIALTY INSURANCE COMPANY*

of Israel.  Accordingly, any interruption losses incurred by NBC were caused directly or indirectly by the warlike action of a military force.[6]

**B.    Hamas Has Governed Gaza Since 2007 And As Such Acts As A Quasi-Sovereign Or De Facto Government**

Atlantic has established that the policy's undeclared war and warlike action exclusions, as understood by a layperson, unambiguously apply to NBC's claimed losses.  NBC claims that the parties intended "war" and "warlike action" to have a special meaning.  (AOB 11-13.)

In order to establish that the parties intended a special meaning, the insured must submit some extrinsic evidence of the parties' intent.  *Sony Computer Entm't Am., Inc. v. Am. Home Assur. Co.*, 532 F.3d 1007, 1013 (9th Cir. 2008).  No such evidence was presented here, and none exists.  Indeed, the uncontested testimony is that, at no point in time, did the parties ever even discuss the war exclusions.  (2 ER 0247-0248.)

---

[6] Repeatedly citing *Julian v. Hartford Underwriters Ins. Co.*, 35 Cal. 4th 747, 754 (2005), NBC maintains that the war-related exclusions must be the "efficient proximate cause" of its losses.  (AOB 6, 9, 47, 55.)  Atlantic does not disagree with this legal principle but notes that here the war-related exclusions were the *only* cause of NBC's claimed losses.  Any losses incurred by NBC were caused by the organized and sustained hostilities between the military forces of Hamas and Israel.  Just like in *Julian*, here the proximate cause of the loss was a named, excluded peril.  *Id*. at 760-61.

Accordingly, Atlantic cannot have acted in bad faith.

## VII.
## CONCLUSION

For all of these reasons, the Court should affirm the judgment.

DATED this 11th day of April, 2018.

                                           s/ Margaret A. Grignon
                                          Margaret A. Grignon
                                          Attorneys for Defendant and Appellee
                                          Atlantic Specialty Insurance Company

---

Atlantic had no such comprehensive system targeting expensive claims and therefore was not biased or acting in bad faith in denying NBC's claim.