UNITED STATES OF AMERICA
Before the
SECURITIES AND EXCHANGE COMMISSION

SECURITIES EXCHANGE ACT OF 1934
Release No. 58242 / July 29, 2008

ACCOUNTING AND AUDITING ENFORCEMENT
Release No. 2852 / July 29, 2008

ADMINISTRATIVE PROCEEDING
File No. 3-12793

| | |
|---|---|
| In the Matter of<br><br>JAY J. SHAPIRO, CPA, P.C.<br>AND JAY J. SHAPIRO, CPA,<br><br>Respondents. | ORDER MAKING FINDINGS AND IMPOSING REMEDIAL SANCTIONS PURSUANT TO SECTIONS 4C AND 21C OF THE SECURITIES EXCHANGE ACT OF 1934 AND RULE 102(e) OF THE COMMISSION'S RULES OF PRACTICE |

I.

On September 13, 2007, the Securities and Exchange Commission ("Commission") issued an Order Instituting Administrative and Cease-And-Desist Proceedings Pursuant to Sections 4C and 21C of the Securities Exchange Act of 1934 and Rule 102(e) of the Commission's Rules of Practice, and Notice of Hearing against Jay J. Shapiro, CPA, P.C. (the "Firm" or "Shapiro P.C.") and Jay J. Shapiro, CPA ("Shapiro") (collectively "Respondents").

II.

Respondents have submitted an Offer of Settlement ("Offer") which the Commission has determined to accept. Solely for the purpose of these proceedings and any other proceedings brought by or on behalf of the Commission, or to which the Commission is a party, and without admitting or denying the findings herein, except as to the Commission's jurisdiction over them and the subject matter of these proceedings, which are admitted, Respondents consent to the entry of this Order Making Findings and Imposing Remedial Sanctions and a Cease-and-Desist Order Pursuant to Sections 4C and 21C of the Securities Exchange Act of 1934 and Rule 102(e) of the Commission's Rules of Practice ("Order"), as set forth below.

Shapiro Exhibit 2

5-23-17

## III.

On the basis of this Order and Respondents' Offer, the Commission finds[1] that:

### A. RESPONDENTS

1. The Firm is a California corporation and public accounting firm headquartered in Los Angeles, California. Shapiro P.C. prepared and issued an audit report dated January 12, 2004 in connection with its audit of Daleco Resources Corp. ("Daleco").

2. Shapiro, 57, of Los Angeles, California, is a certified public accountant licensed in the state of California since 1978. As engagement partner on the Daleco engagement, Shapiro participated in the preparation and issuance of the January 12, 2004 Daleco audit report.

### B. FACTS

1. Daleco is a Nevada corporation based in West Chester, Pennsylvania. Daleco's common stock trades on the OTC Bulletin Board and is registered with the Commission pursuant to Section 12(g) of the Securities Exchange Act of 1934 ("Exchange Act"). Daleco reported $1.5 million of revenues and total assets of $25 million for fiscal year ended September 30, 2003.

2. Daleco has at all relevant times been an issuer as defined by the Sarbanes-Oxley Act of 2002 (the "Act").

3. The Firm audited Daleco's 2003 financial statements included in Daleco's annual report for fiscal year ended September 30, 2003, on Form 10-KSB, filed with the Commission on January 14, 2004.

4. The Firm prepared and issued an audit report dated January 12, 2004 (the "Daleco audit report"), which Daleco included in its Form 10-KSB for fiscal year ended September 30, 2003.

5. At the time the Firm issued the Daleco audit report, it was not registered with the Public Company Accounting Oversight Board (the "PCAOB"), as required by Section 102(a) of the Act.

6. Shapiro participated in auditing the 2003 financial statements included in Daleco's annual report for fiscal year ended September 30, 2003, on Form 10-KSB, filed with the Commission on January 14, 2004.

7. Shapiro participated in the preparation and issuance of the Daleco audit report, which was included in Daleco's Form 10-KSB.

---

[1] The findings herein are made pursuant to Respondents' Offer of Settlement and are not binding on any other person or entity in this or any other proceeding.

8. The Firm received $40,800 for conducting an audit of Daleco's 2003 financial statements and for issuing the Daleco audit report on those statements.[2]

## C. VIOLATIONS

1. Section 4C(a) of the Exchange Act provides, in relevant part, that the Commission "may censure any person, or deny, temporarily or permanently, to any person the privilege of appearing or practicing before the Commission in any way, if that person is found by the Commission ... (1) not to possess the requisite qualifications to represent others ... or (3) to have willfully violated, or willfully aided and abetted the violation of, any provision of the securities laws or the rules and regulations issued thereunder."

2. Rule 102(e)(1) of the Commission's Rules of Practice provides that the Commission "may censure a person or deny, temporarily or permanently, the privilege of appearing or practicing before it in any way to any person who is found by the Commission ... (i) not to possess the requisite qualifications to represent others ... or (iii) to have willfully violated ... any provision of the Federal securities laws or the rules and regulations thereunder."

3. Section 102(a) of the Act provides that "it shall be unlawful for any person that is not a registered public accounting firm to prepare or issue, or to participate in the preparation or issuance of, any audit report with respect to any issuer."[3]

4. The provisions of Section 102(a) of the Act became effective on October 22, 2003.[4]

5. Based on the conduct described above, the Firm willfully[5] violated Section 102(a) of the Act.

6. Based on the conduct described above, Shapiro caused the Firm's violation of Section 102(a) of the Act.

---

[2] Subsequent to the institution of these proceedings, the Firm voluntarily reimbursed Daleco $40,800 in audit fees along with $10,964.72 in interest. In view of the Firm's reimbursement, the Commission deems its request for disgorgement and prejudgment interest satisfied.

[3] A violation of the Act or any rule that the PCAOB issues under the Act is treated for all purposes in the same manner as a violation of the Exchange Act, including with respect to penalties. Sarbanes-Oxley Act of 2002, 15 U.S.C.A. § 7202(b)(1) (West 2002).

[4] Section 102(a) became effective "[b]eginning 180 days after the date of the determination of the Commission under Section 101(d)" of the Act that the Board was prepared to undertake its statutory responsibilities. The Commission made the required determination on April 25, 2003. See Order Regarding Section 101(d) of the Sarbanes-Oxley Act of 2002, Securities Act Release No. 8223, Exchange Act Release No. 47746, 2003 WL 1956164 (Apr. 25, 2003).

[5] A willful violation of the securities laws means merely that the peron charged with the violation knows what he is doing. Wonsover v. SEC, 205 F.3d 408, 414 (D.C. Cir. 2000).

D. **FINDINGS**

1. Based on the foregoing, the Commission finds that the Firm and Shapiro did not possess the requisite qualifications to represent others.

2. Based on the foregoing, the Commission finds that the Firm willfully violated Section 102(a) of the Sarbanes-Oxley Act of 2002, and that Shapiro caused the Firm's violation of Section 102(a) of the Act.

**IV.**

On the basis of the foregoing, Respondents hereby consent to the entry of an Order by the Commission imposing the following remedial sanctions:

Accordingly, it is hereby ORDERED, effective immediately, that:

1. **Jay J. Shapiro, CPA, P.C.**

   A. The Firm shall cease and desist from committing or causing any violations and any future violations of Section 102(a) of the Act.

   B. The Firm is denied the privilege of appearing or practicing before the Commission as an accountant.

   C. After one year from the date of this Order, the Firm may request that the Commission consider its reinstatement by submitting an application (attention: Office of the Chief Accountant) to resume appearing or practicing before the Commission as:

   1. a preparer or reviewer, or a person responsible for the preparation or review, of any public company's financial statements that are filed with the Commission. Such an application must satisfy the Commission that the Firm's work in the Firm's practice before the Commission will be reviewed either by the independent audit committee of the public company for which the Firm works or in some other acceptable manner, as long as the Firm practices before the Commission in this capacity; and/or

   2. an independent accountant. Such an application must satisfy the Commission that:

   (a) the Firm is registered with the PCAOB in accordance with the Sarbanes-Oxley Act of 2002, and such registration continues to be effective. However, if registration with the PCAOB is dependent upon reinstatement by the Commission, the Commission will consider an application on its other merits;

        (b) the Firm has resolved all disciplinary issues with the PCAOB, and has complied with all terms and conditions of any sanctions imposed by the PCAOB (other than reinstatement by the Commission); and

        (c) the Firm acknowledges responsibility, as long as the Firm appears or practices before the Commission as an independent accountant, to comply with all requirements of the Commission and the PCAOB, including, but not limited to, all requirements relating to registration, inspections, concurring partner reviews and quality control standards.

    D.     The Commission will consider an application by the Firm to resume appearing or practicing before the Commission provided that the Firm's state CPA license is current and the Firm has resolved all other disciplinary issues with the applicable state boards of accountancy. However, if state licensure is dependent on reinstatement by the Commission, the Commission will consider an application on its other merits. The Commission's review may include consideration of, in addition to the matters referenced above, any other matters relating to the Firm's character, integrity, professional conduct, or qualifications to appear or practice before the Commission.

    2.     **Jay J. Shapiro, CPA**

        A.     Shapiro shall cease and desist from committing or causing any violations and any future violations of Section 102(a) of the Act.

        B.     Shapiro is censured.

        C.     Shapiro may practice before the Commission as an independent accountant provided that:

        1.     The public accounting firm with which he is associated is registered with the PCAOB in accordance with the Act, and such registration continues to be effective; and

        2.     He has submitted to the Commission staff (Attention: Office of the Chief Accountant) the PCAOB's letter notifying the public accounting firm with which he is associated that its registration application has been approved.

By the Commission.

                                              Florence E. Harmon
                                              Acting Secretary