KALPANA SRINIVASAN (237460)
ksrinivasan@susmangodfrey.com
AMANDA K. BONN (270891)
abonn@susmangodfrey.com
CATRIONA LAVERY (310546)
clavery@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-6029
Tel: (310) 789-3100
Fax: (310) 789-3150

JACOB W. BUCHDAHL (*pro hac vice*)
jbuchdahl@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019-6023
Tel: (212) 336-8330
Fax: (212) 336-8340

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| UNIVERSAL CABLE PRODUCTIONS LLC and NORTHERN ENTERTAINMENT PRODUCTIONS LLC,<br><br>Plaintiffs,<br><br>v.<br><br>ATLANTIC SPECIALTY INSURANCE COMPANY,<br><br>Defendant. | Case No.: 2:16-cv-4435-PA-MRW<br><br>The Honorable Percy Anderson<br><br>**DECLARATION OF AMANDA K. BONN IN SUPPORT OF PLAINTIFFS' MOTIONS IN LIMINE AND PLAINTIFFS' OPPOSITIONS TO DEFENDANT'S MOTIONS IN LIMINE**<br><br>Hearing Date: February 10, 2020,<br>Time: 1:30 p.m.<br>Pretrial Conference: January 17, 2020<br>Place: Courtroom 9A<br>Trial Date: February 18, 2020 |

7088583v1/015825

I, Amanda Bonn, do hereby declare and state as follows:

1. I am an active member in good standing with the State Bar of California. I maintain my office at 1900 Avenue of the Stars, Suite 1400, Los Angeles, California 90067. I am a Partner of Susman Godfrey L.L.P., and one of the attorneys of record in this matter for the Plaintiffs. I have personal knowledge of the matters set forth in this declaration, and if called upon as a witness I could and would testify competently.

2. I respectfully submit this declaration in support of Plaintiffs' Motions in Limine and Plaintiffs' Oppositions to Defendant's Motions in Limine.

3. The subjects of Plaintiffs' Motions in Limine have been discussed with opposing counsel, and opposing counsel has either indicated that such matter will be mentioned or displayed in the presence of the jury before it is admitted in evidence or counsel has refused to stipulate that such matter will not be mentioned or displayed in the presence of the jury unless and until it is admitted in evidence.

4. The specific subject matter Plaintiffs allege to be inadmissible and/or unduly prejudicial are:

    a. MIL No. 1: This Court's First Summary Judgment Order and references thereto;

    b. MIL No. 2: Arguments and evidence that contradict Defendant's denial-of-coverage letter, including:
- Evidence concerning Exclusion 3 ("insurrection") and Exclusion 4 ("weapons of war including atomic fission");
- Evidence concerning any purported "plain and ordinary meaning" of Exclusion 1 for "war" and Exclusion 2 for "warlike action by a military force" (including expert evidence, news articles, and videos); and
- Any expert opinions concerning Hamas's alleged "sovereignty";

2

      c.    MIL No. 3: Arguments and evidence suggesting that Defendant's denial of coverage was reasonable because

- Israel is a sovereign nation that retaliated against Hamas in Gaza, OR
- Israel's "invasion" of Gaza, which post-dated Plaintiffs' decision to relocate, was reasonably construed as a "war" or "warlike action by a military force";

      d.    MIL No. 4: Arguments and evidence concerning any tax benefits Plaintiffs received in relation to the *Dig* production.

5.    The specific prejudice Plaintiffs will suffer if their motions in limine are not granted is:

      a.    MIL No. 1: Reference to this Court's First Summary Judgment Order is of little to no relevance in light of the fact that (1) it was reversed by the Ninth Circuit and (2) it was not information that was available to Defendant at the time that it denied coverage. Introducing the Order to the jury would be extremely prejudicial because jurors place great weight on the word of the Court. Allowing the First Summary Judgment Order or references thereto at trial would further violate Federal Rule of Evidence 605 (barring presiding judges from testifying as witnesses at trial).

      b.    MIL No. 2: Arguments and evidence that contradict Defendant's denial of coverage letter are unduly prejudicial because Defendant is required to explain the bases for denial under California law and bad faith must be measured as of the time Defendant was confronted with the factual situation to which it was called upon to respond. 10 Cal. Code Regs. § 2695.7(b)(1); *Austero v. Nat'l Cas. Co.*, 84 Cal. App. 3d 1, 33 (1978), *disapprv'd on other grounds by Egan v. Mut. of Omaha Ins. Co.*,

24 Cal.3d 809, 824 n.7 (1979). Defendant's denial letter did not analyze exclusions 3 and 4 or the "plain and ordinary" meaning of any exclusion. Defendant's denial letter also did not cite any expert opinions regarding Hamas's alleged sovereignty.

    c.    MIL No. 3: Plaintiffs will be prejudiced because allowing arguments regarding Israel's conduct toward Gaza is contrary to the Ninth Circuit's holdings in this case and therefore impermissible under the law of the case doctrine.

    d.    MIL No. 4: Evidence of tax consequences is irrelevant to mitigating damages in breach of contract cases. *DePalma v. Westland Software House*, 225 Cal. App. 3d 1534, 1536 (1990). Moreover, nothing in the Policy language permits offsetting losses—or Insurable Production Cost—based on tax credits received.

6. Attached hereto as **Exhibit 1** is a true and correct copy of a letter from Pamela Johnson to Andrea Garber, date July 28, 2014.

7. Attached hereto as **Exhibit 2** is a true and correct copy of excerpts of the deposition of Peter Williams in his capacity as Defendant's corporate representative pursuant to Federal Rule of Civil Procedure 30(b)(6).

8. Attached hereto as **Exhibit 3** is a true and correct copy of the expert report of Anthony Clark, dated March 17, 2017.

9. Attached hereto as **Exhibit 4** is a true and correct copy of excerpts of the deposition of Anthony Clark.

10. Attached hereto as **Exhibit 5** is a true and correct copy of the expert report of Dr. Ingrid Detter de Frankopan, dated March 17, 2017.

11. Attached hereto as **Exhibit 6** is a true and correct copy of the expert report of Frank G. Lowenstein, dated March 16, 2017.

12. Attached hereto as **Exhibit 7** is a true and correct copy of the expert report of John Quigley, dated March 17, 2017.

13. Attached hereto as **Exhibit 8** is a true and correct copy of excerpts of Appellee's Answering Brief, Ninth Circuit No. 17-56672.

14. Attached hereto as **Exhibit 9** is a true and correct copy of Atlantic's Statement of Genuine Issues in Opposition to Plaintiffs' Motion for Partial Summary Judgment, Dkt 74-1.

15. Attached hereto as **Exhibit 10** is a true and correct copy of the expert report of Jay Shapiro, dated April 25, 2017.

16. Attached hereto as **Exhibit 11** is a true and correct copy of Policy Number MP00163-04.

17. Attached hereto as **Exhibit 12** is a true and correct copy of excerpts of the deposition of Wanda Phillips.

18. Attached hereto as **Exhibit 13** is a true and correct copy of excerpts of the deposition of Jay Shapiro.

19. Attached hereto as **Exhibit 14** is a true and correct copy of the expert report of Robert Wunderlich, dated March 17, 2017.

20. Attached hereto as **Exhibit 15** is a true and correct copy of excerpts of the deposition of Robert Wunderlich.

21. Attached hereto as **Exhibit 16** is a true and correct copy of Plaintiffs' Initial Disclosures, dated September 16, 2016.

22. Attached hereto as **Exhibit 17** is a summary exhibit of the fees and expenses Plaintiffs paid to prior counsel, produced at UCP037514.

23. Attached hereto as **Exhibit 18** is a true and correct copy of an email from Naomi Beckman-Straus to Toni Reed and others, dated June 1, 2017, and an attachment entitled UCP v. Atlantic Joint_Witness_List – 1.1 (8934355-1.2).docx.

24. Attached hereto as **Exhibit 19** is a true and correct copy of PX GARBER 9, an email from Bernadette Milinovic to Andrea Garber, dated December 12, 2013.

7088583v1/015825

25. Attached hereto as **Exhibit 20** is a true and correct copy of PX FORD 294, an email from Randi Richmond to Andrea Garber and others, dated December 10, 2013.

26. Attached hereto as **Exhibit 21** is a true and correct copy of PX GARBER 11, an email from Mark Binke to Andrea Garber and others, dated December 13, 2013.

27. Attached hereto as **Exhibit 22** is a true and correct copy of PX PHILLIPS 424, an email from Andrea Garber to Wanda Phillips and others, dated December 13, 2013.

28. Attached hereto as **Exhibit 23** is a true and correct copy of excerpts of the deposition of Peter Williams in his individual capacity.

29. Attached hereto as **Exhibit 24** is a true and correct copy of excerpts of the deposition of Sean Duffy.

30. Attached hereto as **Exhibit 25** is a true and correct copy of In the Matter of Jay J. Shapiro, CPA, P.C. and Jay J. Shapiro, CPA, dated July 29, 2008.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 17th day of January, 2020, in Los Angeles, California.

*/s/ Amanda Bonn*
Amanda Bonn

7088583v1/015825

## **CERTIFICATE OF SERVICE**

    I certify that on January 17, 2020, I filed the foregoing with the Clerk of the United States District Court for the Central District of California by using the Court's CM/ECF system, which will send notifications of such filing to all counsel of record.

                                 */s/ Amanda Bonn*
                                 Amanda Bonn

7088583v1/015825