# Exhibit 9

1  MARC J. SHRAKE (SBN 219331)
    mjs@amclaw.com
2  ANDERSON, MCPHARLIN & CONNERS LLP
3  707 Wilshire Boulevard, Suite 4000
   Los Angeles, California 90017-3623
   Telephone: (213) 236-1691
4  Facsimile: (213) 622-7594

5  MICHAEL KEELEY *(Pro Hac Vice)*
    michael.keeley@strasburger.com
6  TONI SCOTT REED *(Pro Hac Vice)*
    toni.reed@strasburger.com
7  CARLA C. CRAPSTER *(Pro Hac Vice)*
    carla.crapster@strasburger.com
8  STRASBURGER & PRICE, LLP
   901 Main Street, Suite 6000
9  Dallas, Texas 75202
   Telephone: (214) 651-4300
10 Facsimile: (214) 651-4330

11 Attorneys for Defendant
   Atlantic Specialty Insurance Company
12

13

14                UNITED STATES DISTRICT COURT

15        CENTRAL DISTRICT OF CALIFORNIA -- WESTERN DIVISION

16 UNIVERSAL CABLE                    CASE NO. 2:16-cv-4435-PA-MRW
   PRODUCTIONS LLC and
17 NORTHERN ENTERTAINMENT             The Honorable Percy Anderson
   PRODUCTIONS LLC,
18                                    **STATEMENT OF GENUINE**
             Plaintiffs,             **DISPUTES OF MATERIAL FACTS**
19                                   **IN SUPPORT OF OPPOSITION TO**
                                     **PLAINTIFFS' MOTION FOR**
20        v.                         **PARTIAL SUMMARY JUDGMENT**

21 ATLANTIC SPECIALTY
   INSURANCE COMPANY,                [*Filed Concurrently with Opposition to Plaintiffs'*
22                                   *Motion for Partial Summary Judgment;*
             Defendant.              *Declarations of Peter D. Williams; Declarations of*
23                                   *Frank G. Lowenstein; Declaration of Aaron T.*
                                     *Stone; Declaration of Carla C. Crapster; and*
24                                   *[Proposed] Order; Request for Judicial Notice;*
                                     *Volume of Evidence; Objections to Plaintiffs'*
25                                   *Evidence and [Proposed] Order; Motion to Strike*
                                     *Plaintiffs' Evidence and [Proposed] Order*]
26

27

28

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Date:            May 22, 2017
Time:            1:30 pm
Ctrm.:           9A, First St. Courthouse
Judge:           Honorable Percy Anderson
Discovery Cutoff:  June 2, 2017
Pretrial Conference:  June 16, 2017
Trial:  July 25, 2017

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNIVERSAL'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

# **TABLE OF CONTENTS**

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

I.  PLAINTIFFS' ALLEGED UNCONTROVERTED FACTS ........................... 1

  A.  Plaintiffs' Allegation: Atlantic breached the production insurance policy ("the Policy") as a matter of law, by denying coverage for the extra expenses incurred by Universal in postponing and relocating the production of the television show *Dig* out of Israel during the summer of 2014, based on inapplicable exclusions in the Policy (i.e., Exclusions 1, 2, 3, and 4 of the General Conditions, § III) ...................... 1

  B.  Plaintiffs' Allegation:  Second Affirmative Defense, labeled "Exclusion 1, General Conditions" ("War, including undeclared or civil war") lacks merit and fails as a matter of law ................................... 30

  C.  Plaintiffs' Allegation:  Third Affirmative Defense, labeled "Exclusion 2, General Conditions" ("Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents") lacks merit and fails as a matter of law ...... 30

  D.  Plaintiffs' Allegation:  Fourth Affirmative Defense, labeled "Exclusion 3, General Conditions" ("Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.  Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.") lacks merit and fails as a matter of law ... 31

  E.  Plaintiffs' Allegation:  Fifth Affirmative Defense, labeled "Exclusion 4, General Conditions" ("Any weapon of war including atomic fission or radioactive force, whether in time of peace or war") lacks merit and fails as a matter of law ........................................................ 31

  F.  Plaintiffs' Allegation:  Exclusions 1, 2, 3, and 4 in the Policy must be interpreted based on their technical and special meaning established by longstanding case authority, international law, and industry custom and practice ........................................................ 32

II.  ATLANTIC'S ADDITIONAL MATERIAL FACTS ........................................ 32

III.  PLAINTIFFS' ALLEGED CONCLUSIONS OF LAW ................................ 126

IV.  ATLANTIC'S CONCLUSIONS OF LAW ....................................... 136

**STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendant Atlantic Specialty Insurance Company ("Atlantic") submits this Statement of Genuine Disputes of Material Facts ("SGD") pursuant to Local Rule 56-2 in support of Atlantic's Opposition to Plaintiffs' Motion for Partial Summary Judgment ("Motion") on the first cause of action of Plaintiffs' First Amended Complaint. In support thereof, Atlantic states as follows:

## I.  PLAINTIFFS' ALLEGED UNCONTROVERTED FACTS

**A.  Plaintiffs' Allegation: Atlantic breached the production insurance policy ("the Policy") as a matter of law, by denying coverage for the extra expenses incurred by Universal in postponing and relocating the production of the television show *Dig* out of Israel during the summer of 2014, based on inapplicable exclusions in the Policy (i.e., Exclusions 1, 2, 3, and 4 of the General Conditions, § III)**

| PLAINTIFFS' ALLEGED UNCONTROVERTED FACT: | ATLANTIC'S RESPONSE: |
|---|---|
| 1.    Defendant Atlantic Insurance Specialty Company ("Atlantic") is a OneBeacon Insurance Group company, which operates Atlantic and various OneBeacon entities. | Undisputed |
| 2.    Atlantic issued its first of five production policies to NBCUniversal Media, LLC ("NBCUniversal") effective as of January 1, 2010.zzzzz | Undisputed |
| 3.    The January 1, 2010 policy was issued after extensive negotiations. | Undisputed |
| 4.    The January 1, 2010 policy insured against certain risks commonly incurred in | Undisputed. |

147

**STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

| | PLAINTIFFS' ALLEGED UNCONTROVERTED FACT: | ATLANTIC'S RESPONSE: |
|---|---|---|
| 3 | connection with television productions. | |
| 4–8 | 5. The January 1, 2010 policy was renewed from year to year, until issuance of the policy at issue here, Motion Picture/Television Producers Portfolio Policy No. MP00163-04 (the "Policy"). | Undisputed |
| 9–11 | 6. The Policy had an eighteen month policy period, from January 1, 2014 to June 30, 2015. | Undisputed |
| 12–14 | 7. NBCUniversal Media LLC ("NBCUniversal") is the first named insured under the Policy. | Undisputed |
| 15–17 | 8. UCP and NEP ("Universal") are production companies and indirect subsidiaries of NBCUniversal. | Undisputed |
| 18–19 | 9. UCP and NEP are Named Insureds under the Policy. | Undisputed |
| 20–28 | 10. The Extra Expense coverage of the Policy covers those expenses incurred in connection with interruption, postponement, or relocation of an Insured Production as a result of "imminent peril." | **Disputed in Part.**<br>**Plaintiffs' Evidence:**<br>Policy, Section III – Extra Expense, § I, Garber Decl. ¶ 3, Ex. 2, p. 37; Williams Dep. 74:6-12 [attached as Ex. 43 to Coyoca Decl.].<br>**Atlantic's Response:**<br>Atlantic disputes this fact in part because |

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

2

STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO
PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

| PLAINTIFFS' ALLEGED UNCONTROVERTED FACT: | ATLANTIC'S RESPONSE: |
|---|---|
| | it is incomplete. The Policy is more specific regarding what it covers and the circumstances under which such expenses are covered than the statement of fact indicates. The full language of the relevant insuring agreement provides: "We agree to pay you such loss (as defined in Paragraph VII) not including loss of earnings or profit, as you sustain by reason of such extra expense you necessarily incur as a result of the interruption, postponement, cancellation, relocation, curtailment or abandonment of an Insured Production due to the following: 1.      The loss must be a direct result of an unexpected, sudden or accidental occurrence entirely beyond your control to include: … (g) Imminent peril, defined as certain, immediate and impending danger of such probability and severity to persons or property that it would be unreasonable or unconscionable to ignore." Policy, Section III – Extra Expense § I |

1615678.1

3

Case 2:16-cv-04435-PA-MRW Document 207-9 Filed 05/17/20 Page 8 of 151 Page ID #:2659

| | PLAINTIFFS' ALLEGED UNCONTROVERTED FACT: | ATLANTIC'S RESPONSE: |
|---|---|---|
| | | attached as Ex. 43 to Coyoca Decl. **Objections:** Incomplete, misleading, misstates the evidence. |
| | 11.  "Imminent peril" is defined in the Policy as "certain, immediate and impending danger of such probability and severity to person or property that it would be unreasonable or unconscionable to ignore." | Undisputed |
| | 12.  The Policy excludes from coverage losses caused by:<br><br>1. War, including undeclared or civil war; or<br><br>2. Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or,<br><br>3. Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.  Such loss or damage is excluded regardless of any other cause or event contributed concurrently or in any sequence to the loss.<br><br>4. Any weapon of war | Undisputed |

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

1615678.1

**STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

| PLAINTIFFS' ALLEGED UNCONTROVERTED FACT: | ATLANTIC'S RESPONSE: |
|---|---|
| including atomic fission or radioactive force, whether in time of peace or war…. | |
| 13.    The Policy does not expressly exclude losses caused by acts of terrorism. | **Disputed in part.** **Plaintiffs' Evidence:** Policy, Garber Decl. ¶ 3, Ex. 2, p. 7-61; Williams Dep. 74:6-12; 93:3-6; 94:4-7 [attached as Ex. 43 to Coyoca Decl.]. **Atlantic's Response:** Undisputed to the extent that the word "expressly" is used to mean there is not an exclusion in the policy that specifically mentions terrorism. But loss caused by terrorism is covered only if it comes within a coverage provision and is not otherwise excluded. Atlantic therefore objects on the ground that the statement is vague and misleading. **Objections:** Vague and misleading. |
| 14.    Each NBCUniversal or UCP television show is added as an "Insured Production" on an individual basis. | Undisputed |
| 15.    Aon/Albert G. Ruben Insurance Services, Inc. ("Aon") is NBCUniversal's insurance broker. | Undisputed |
| 16.    On December 11, 2013, Aon submitted an application to Atlantic for | Undisputed |

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

1615678.1

5

**STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

Case 2:16-cv-04435-PA-MRW Document 204-3 Filed 04/07/29 Page 10 of 151 PageID #:5216

| PLAINTIFFS' ALLEGED UNCONTROVERTED FACT: | ATLANTIC'S RESPONSE: |
|---|---|
| *Dig* to be added to the Policy as an Insured Production. | |
| 17.   The application disclosed that production would take place in large part in Israel. | Undisputed |
| 18.   Intermittent violence in Israel has occurred since the establishment of the State of Israel in 1948. | Undisputed |
| 19.   In recent decades, a Palestinian group known as Hamas has conducted numerous terrorist attacks against Israel, "including shootings, suicide bombings, and standoff mortar-and-rocket attacks against civilian and military targets." | **Plaintiffs' Evidence:** Coyoca Decl. ¶ 6, Ex. 22, p. 115; Levitt Decl. Ex. A, p. 21; RJN p. 3. **Atlantic's Response:** **Objections:** Lack of foundation, lack of personal knowledge, conclusory. |
| 20.   Hamas has been designated as a terrorist organization by the U.S. government since 1997. | Undisputed |
| 21.   In submitting *Dig* for coverage under the Policy, Andrea Garber, an Aon representative, informed Atlantic, *inter alia*, as follows:<br>• "While in Israel, the production will be based in Tel Aviv and the majority of filming will be done in that city.  Of the total 70 day shoot, | Undisputed |

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

1615678.1

6

STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Case 2:16-cv-04435-PA-MRW  Document 207-9  Filed 01/17/20  Page 11 of 151  Page ID
#:26262
Case 2:16-cv-04435-PA-MRW  Document 26-2  Filed 05/01/20  Page 10 of 150  Page ID
#:5217

ANDERSON, McPHARLIN & CONNERS LLP

LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

| PLAINTIFFS' ALLEGED UNCONTROVERTED FACT: | ATLANTIC'S RESPONSE: |
|---|---|
| approximately 20 days will involve shooting only on the west side of Jerusalem." <br><br> • "The NBCU Security team is already involved in the prepping of this project and they are meeting weekly with the production folks that are currently on board to discuss precautions and procedures that need to be taken as the project develops." <br><br> • "[T]he mayor of Jerusalem and the local police have been contacted and are assisting in assuring the safety of the production company when they are working in Jerusalem." | |
| 22.  Atlantic expressed concerns about safety and security precautions while filming in Israel. | Undisputed |
| 23.  Atlantic assessed the risks associated with production in Israel, and agreed to accept the *Dig* production as an Insured Production under the Policy. | Undisputed |
| 24.  Universal implemented additional | Undisputed |

1615678.1

7

STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO
PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

| PLAINTIFFS' ALLEGED UNCONTROVERTED FACT: | ATLANTIC'S RESPONSE: |
|---|---|
| security for the production in Israel. | |
| 25.     In seeking to have *Dig* added as an Insured Production, Andrea Garber of Aon, told Atlantic:  "we would like to avoid any deviation from our standard policy terms if possible." | Undisputed |
| 26.     On December 12, 2013, and again on January 14, 2014, Atlantic accepted and confirmed coverage for *Dig* as an Insured Production under the Policy. | Undisputed |
| 27.     Atlantic did not change the Policy's terms, or add any new or Israel-specific exclusions or endorsements to the Policy, when it added *Dig* as an Insured Production. | Undisputed |
| 28.     Atlantic did not inform Aon, NBCUniversal, or Universal, that it intended to exclude from coverage attacks or violence by terrorist groups, such as Hamas, if UCP shot *Dig* in Israel.  Thus, the Aon and Universal representatives involved with declaring Dig as an Insured Production understood that Dig was insured against acts of terrorism in Israel, including by terrorist groups. | **Disputed.** **Plaintiffs' Evidence:** Garber Decl. ¶ 14; Ford Decl. ¶ 4; Gutterman Dep. Ex. 29 [attached as Ex. 24 to Coyoca Decl.]; Gutterman Dep. 295:9-297:23 [attached as Ex. 44 to Coyoca Decl.]. **Atlantic's Response:** There were no discussions one way or the other about what would or would not be |

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

| | PLAINTIFFS' ALLEGED UNCONTROVERTED FACT: | ATLANTIC'S RESPONSE: |
|---|---|---|
| | | covered in terms of war or terror, and there were no discussions about the war exclusions. Deposition of Andrea Garber at pages 73-74, Ex. 147 to Crapster Decl. at 1610-1611. Deposition of Susan Weiss at pages 31-32, Ex. 148 to Crapster Decl. at 1634-1635. **Objections:** The portion stating that the plaintiffs understood that *Dig* was insured against acts of terrorism in Israel, including by terrorist groups on the grounds is impermissible extrinsic evidence. |
| | 29.    The *Dig* pilot episode commenced filming in Israel on or about June 2, 2014. | Undisputed |
| | 30.    Before June 2, 2014, conditions in Israel were considered safe for filming. | Undisputed |
| | 31.    Three Israeli teenagers were kidnapped on June 12, 2014. | Undisputed |
| | 32.    The U.S. State Department reported there were "many signs that point[ed] to Hamas involvement" in the kidnappings. | Undisputed |
| | 33.    Production of the *Dig* pilot episode was completed on June 26, 2014. | Undisputed |

**STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

ANDERSON, McPHARLIN & CONNERS LLP

LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

| | PLAINTIFFS' ALLEGED UNCONTROVERTED FACT: | ATLANTIC'S RESPONSE: |
|---|---|---|
| | 34.  The show went on hiatus for pre-production and preparation for filming of the next five episodes, with production scheduled to resume on July 20, 2014. | Undisputed |
| | 35.  On or about June 30, 2014, the bodies of the three missing teenagers were found, and it was again reported that there were signs "indicat[ing] that Hamas was involved." | Undisputed |
| | 36.  After allegations were made that Hamas was responsible for the kidnappings, Hamas began firing rockets into Israel; and Israel began to take affirmative action to protect its civilian citizens and to stop Hamas' attacks. | **Disputed in part.** **Plaintiffs' Evidence:** Levitt Decl. Ex. A, p. 23; Coyoca Decl. ¶¶ 12, 32, 33, Ex. 28, pp. 175, 177, and Ex. 48, p. 482, and Ex. 49, p. 485; RJN p. 2. **Atlantic's Response:** Disputed to the extent the fact suggests that there was no rocket fire until late June. Rocket fire into Israel began in mid-June. UCP002524-2526 E-mail from Max Security Intelligence to Stephen Smith, Head of Security, Europe, NBCU (June 15, 2014 05:03 PST). Ex. 11 to Atlantic's Evid., p. 483-85; Smith Depo., at p. 215-19.  Ex. 119      to Atlantic's Evid., p. 1426-27. |

STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

| | PLAINTIFFS' ALLEGED UNCONTROVERTED FACT: | ATLANTIC'S RESPONSE: |
|---|---|---|
| | | **Objections:** Misleading, misstates the evidence. |
| | 37.     On July 8, 2014, the State Department warned about concerns as to "the safety and security of civilians" in and around Israel and Jerusalem. | Undisputed |
| | 38.     Certain *Dig* filming was scheduled to take place in and around Israel and specifically Jerusalem when production resumed. | Undisputed |
| | 39.     As tensions increased through-out early July, the NBCUniversal security team evaluated the situation. | Undisputed |
| | 40.     On July 10, 2014, the NBCUniversal security team advised the UCP *Dig* production team:  "[T]he security environment in Israel currently prohibits NBCU Security from being able to guarantee the safety and security of our employees, production partners and associated crew and talent." | Undisputed |
| | 41.     On July 11, 2014, UCP decided to postpone, for one week, production of the *Dig* episodes which had been scheduled to resume on July 20, 2014. | Undisputed |

1615678.1

11

ANDERSON, McPHARLIN & CONNERS LLP

LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

| | PLAINTIFFS' ALLEGED UNCONTROVERTED FACT: | ATLANTIC'S RESPONSE: |
|---|---|---|
| 1 2 | | |
| 3 4 5 6 7 | 42. On July 11, 2014, UCP informed Atlantic that, due to the circumstances and safety concerns for cast and crew members, production of the show was being postponed by one week. | Undisputed |
| 8 9 10 11 | 43. UCP also told Atlantic that UCP might be compelled to move the *Dig* production to another location if conditions did not improve. | Undisputed |
| 12 13 14 15 16 | 44. On July 16, 2014, the State Department spokesperson reported: "right now the potential we're looking at is … an even greater escalation of violence" in and around Israel. | Undisputed |
| 17 18 19 | 45. Faced with the prospect of escalating violence, UCP decided to move the *Dig* production out of Israel. | Undisputed |
| 20 21 22 | 46. UCP informed Atlantic of its decision to move the *Dig* production out of Israel on July 17, 2014. | Undisputed |
| 23 24 25 | 47. The production of *Dig* was relocated to Croatia and the State of New Mexico. | Undisputed |
| 26 27 | 48. UCP and NEP incurred significant expenses in connection with the initial | **Disputed in part.** **Plaintiffs' Evidence:** |
| 28 | | |

STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

| | PLAINTIFFS' ALLEGED UNCONTROVERTED FACT: | ATLANTIC'S RESPONSE: |
|---|---|---|
| | delay in production and the subsequent relocation of the production to Croatia and New Mexico. | Richmond Decl. ¶ 10; Ford Decl. ¶ 2. **Atlantic's Response:** Disputed to the extent the plaintiffs allege "significant expenses." Atlantic does not dispute that the plaintiffs incurred some expense, but the amount is at dispute in this case, and Atlantic's expert on this issue has calculated a much lower figure than the plaintiffs seek. |
| 49. | On July 15, 2014, Aon submitted to Atlantic a formal notice of the *Dig* claim for the extra expenses incurred in connection with the delay and subsequent relocation of the production (the "Claim"), on behalf of NBCUniversal and UCP. | Undisputed |
| 50. | Atlantic assigned an "investigator," Daniel Gutterman, and an in-house claims lawyer, Pamela Johnson, to investigate and evaluate coverage for the Claim. | **Disputed.** **Plaintiffs' Evidence:** Gutterman Dep. Ex. 30, p. 248 [attached as Ex. 33 to Coyoca Decl.]; Gutterman Dep. 89:7-89:16, 150:10-15; 304:5-19 [attached as Ex. 44 to Coyoca Decl.]; Deposition of Teresa Gooley Wolf ("Gooley Dep.") 20:20-21:1; 97:3-24 [attached as Ex. 45 to Coyoca Decl.]. |

**STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

| PLAINTIFFS' ALLEGED UNCONTROVERTED FACT: | ATLANTIC'S RESPONSE: |
|---|---|
| | **Atlantic's Response:** Ms. Johnson, although an attorney, did not act as such in evaluating the Claim, and on the grounds that this list is incomplete. Atlantic employees Theresa Gooley and Peter Williams were also involved in the evaluation of coverage for the Claim. **Objections:** Incomplete, misleading. |
| 51.     Atlantic provided its written coverage position denying the Claim in a July 28, 2014 letter from Ms. Johnson to Andrea Garber, on behalf of NBCUniversal. | Undisputed |
| 52.     In its denial letter, Atlantic stated, "Rockets launched [by Hamas] toward areas where filming is taking place would no doubt reasonably constitute a 'certain, immediate and impending danger of such probability and severity to person or property that it would be unreasonable or unconscionable to ignore.'…  The question now is not whether the loss falls within the insuring clause but whether the | Undisputed |

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

ANDERSON, McPHARLIN & CONNERS LLP

LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

| PLAINTIFFS' ALLEGED UNCONTROVERTED FACT: | ATLANTIC'S RESPONSE: |
|---|---|
| war exclusion or the terrorism coverage applies." | |
| 53.   Atlantic "concluded that the extra expense associated with the move is not covered under [the Policy] because of the exclusion for war and warlike actions." | **Disputed.** **Plaintiffs' Evidence:** Denial Letter, Garber Decl. ¶18, Ex. 12, p. 83. **Atlantic's Response:** Atlantic refers the Court to the complete Denial Letter (Garber Decl. ¶ 18, Ex. 12) for Atlantic's complete discussion of coverage, which included referencing Exclusions 3 and 4 (relating to insurrection, rebellion, revolution, etc. and weapons of war) on page 86.  **Objection:** Incomplete, misleading, misstates the evidence. Four war exclusions were quoted and  therefore specifically included in the denial letter. Garber Decl. ¶ 18, Ex. 12, p. 86. |
| 54.   Atlantic's July 28, 2014 denial letter invoked Exclusions 1 and 2, the exclusions for war and warlike action, but not Exclusions Nos. 3 (insurrection, rebellion, revolution, etc.) and 4 (weapon of war). | **Disputed.** **Plaintiffs' Evidence:** Denial Letter, Garber Decl. ¶18, Ex. 12, pp. 83-90. **Atlantic's Response:** |

1615678.1

15

**STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

| | PLAINTIFFS' ALLEGED UNCONTROVERTED FACT: | ATLANTIC'S RESPONSE: |
|---|---|---|
| | | Atlantic refers the Court to the complete Denial Letter (Garber Decl. ¶ 18, Ex. 12) for Atlantic's complete discussion of coverage, which included references to Exclusions 3 and 4 (relating to insurrection, rebellion, revolution, etc. and weapons of war) on page 86. **Objections:** Incomplete, misleading, misstates the evidence. Four war exclusions were quoted and therefore specifically included in the denial letter. Garber Decl. ¶ 18, Ex. 12, p. 86. |
| 55. | In its July 28, 2014 denial letter, Atlantic conceded "that the extra expenses that will be incurred to move the production out of Israel will be due to imminent peril." | **Disputed.** **Plaintiffs' Evidence:** Denial Letter, Garber Decl. ¶18, Ex. 12, p. 87; FAC ¶ 20 [attached as Ex. 18 to Coyoca Decl.]; Answer ¶ 20 [attached as Ex. 19 to Coyoca Decl.]; Gooley Dep. 214:1-14 [attached as Ex. 45 to Coyoca Decl.]. **Atlantic's Response:** Disputed on the grounds that it is incomplete. Atlantic conceded that the losses that were incurred as a result of war were due to unexpected imminent peril. |

**STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

Case 2:16-cv-04435-PA-MRW Document 201-9 Filed 01/17/20 Page 20 of 150 Page ID
#:5277

| PLAINTIFFS' ALLEGED UNCONTROVERTED FACT: | ATLANTIC'S RESPONSE: |
|---|---|
| | Atlantic did not concede that the plaintiffs' losses were from terrorism, but if they were, which Atlantic denies, such losses were not from unexpected imminent peril. Atlantic refers the Court to the complete Denial Letter (Garber Decl. ¶ 18, Ex. 12) for Atlantic's complete discussion of coverage, which included references to Exclusions 3 and 4 (relating to insurrection, rebellion, revolution, etc. and weapons of war) on page 86. **Objections:** Incomplete, misleading, misstates the evidence. Four war exclusions were quoted and therefore specifically included in the denial letter. Garber Decl. ¶ 18, Ex. 12, p. 86. |
| 56. On July 16, 2014, the then President of OneBeacon Entertainment (a division of Atlantic), Peter Williams, wrote that "they [Universal] have immanent [sic] peril." | **Disputed.** **Plaintiffs' Evidence:** Williams Depo Ex. 11, p. 253 [attached as Ex. 34 to Coyoca Decl.]; Williams Dep. 23:2-23; 30:13-21; 220:25-222:12; 227:11-22 [attached as Ex. 43 to Coyoca Decl.]. **Atlantic's Response:** The excerpt is incomplete and therefore misleading. Mr. Williams' full e-mail |

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

1615678.1

17

| 1 | PLAINTIFFS' ALLEGED | ATLANTIC'S RESPONSE: |
| 2 | UNCONTROVERTED FACT: | |
| 3 | | stated: |
| 4 | | "Why is it not a covered claim they have |
| 5 | | immanent [sic] peril. Unless you are going |
| 6 | | to invoke the war exclusion. |
| 7 | | I am available between 1 and 3 my time." |
| 8 | | **Objections:** Incomplete and misleading. |
| 9 | 57.    Atlantic's denial letter and its | Undisputed |
| 10 | subsequent September 19, 2014 response | |
| 11 | letter cited authorities holding that "war" | |
| 12 | requires hostilities between sovereign or | |
| 13 | quasi-sovereigns, and argued that there | |
| 14 | was a war here because Hamas is a quasi- | |
| 15 | sovereign. | |
| 16 | 58.    The claims supervisor that oversaw | Undisputed |
| 17 | Pamela Johnson and Daniel Gutterman's | |
| 18 | work, Theresa Gooley, testified that the | |
| 19 | word "war" | |
| 20 | has multiple meanings. | |
| 21 | 59.    Mr. Williams testified that hostilities | Undisputed |
| 22 | must be broad and widespread to | |
| 23 | constitute war. | |
| 24 | 60.    Atlantic's claims investigator, | Undisputed |
| 25 | Daniel Gutterman, testified that it is hard | |
| 26 | to define what war is but that "I just know | |
| 27 | it when I see it." | |
| 28 | | |

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO
PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

| PLAINTIFFS' ALLEGED UNCONTROVERTED FACT: | ATLANTIC'S RESPONSE: |
|---|---|
| 61. Atlantic's September 19, 2014 denial letter described the size and scope of the conflict between Hamas and Israel in the summer of 2014. | Undisputed |
| 62. The insurance industry did not exclude 9/11 losses based on application of any war exclusions | **Disputed in part.**<br>**Plaintiffs' Evidence:**<br>Declaration of Ty R. Sagalow ("Sagalow Decl.), Ex. D ("Expert Report of Ty R. Sagalow"), ¶ 72; Williams Dep. 101:6-21 [attached as Ex. 43 to Coyoca Decl.].<br>**Atlantic's Response:**<br>Williams did not state that the insurance industry as a whole did not exclude 9/11 losses based on war exclusions. Williams Dep. 101:6-21 [attached as Ex. 43 to Coyoca Decl.].<br>**Objections:** Lack of foundation, lack of personal knowledge, conclusory, speculation, improper parol or extrinsic evidence. |
| 63. After 9/11, the insurance industry standard was for policies to have *both* a terrorism exclusion and a war exclusion, or at a minimum to address with specificity whether "terrorism" is covered | **Disputed in part.**<br>**Plaintiffs' Evidence:**<br>Sagalow Decl. Ex. D, ¶ 49-55; Williams Dep. 96:5-8 - 96:5-8 [attached as Ex. 43 to Coyoca Decl.]. |

| PLAINTIFFS' ALLEGED UNCONTROVERTED FACT: | ATLANTIC'S RESPONSE: |
|---|---|
| by the policy. | **Atlantic's Response:** Williams agreed only with the statement that after 9/11, there was "a growth of exclusions for terrorism being applied in insurance policies by the insurance industry." Williams Dep. 96:5-8 [attached as Ex. 43 to Coyoca Decl.]. **Objections:** Lack of foundation, lack of personal knowledge, conclusory, speculation, improper legal conclusion, improper parol or extrinsic evidence. |
| 64. Atlantic knows how to draft a terrorism exclusion. | Undisputed |
| 65. In the insurance industry, war and terrorism are two separate concepts. "[A]n underwriter cannot merge the two concepts and say that 'an act of terrorism' can be also an 'act of war.'" | **Disputed.** **Plaintiffs' Evidence:** Sagalow Decl. Ex. D, ¶ 56. **Atlantic's Response:** **Objections:** Lack of foundation, lack of personal knowledge, conclusory, speculation, improper legal conclusion, improper parol or extrinsic evidence. |
| 66. After the events of 9/11, insureds reasonably expect that terrorism and war are two separate risks, which will be underwritten and evaluated by an | **Disputed.** **Plaintiffs' Evidence:** Sagalow Decl. Ex. D, ¶ 56. **Atlantic's Response:** |

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

1615678.1

20

STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

| PLAINTIFFS' ALLEGED UNCONTROVERTED FACT: | ATLANTIC'S RESPONSE: |
|---|---|
| insurance company separately. | **Objections:** Lack of foundation, lack of personal knowledge, conclusory, speculative, improper parol or extrinsic evidence. |
| 67.    The U.S. government has never recognized Hamas as either a sovereign or quasi-sovereign. | **Disputed in part.** **Plaintiffs' Evidence:** Levitt Decl. Ex. A, pp. 18, 28; Ross Decl. Ex. B, ¶¶ 10, 23; Koh Decl. Ex. C, p. 16; Coyoca Decl. ¶ 7, Ex. 23; RJN p. 1. **Atlantic's Response:** Atlantic disputes that the U.S. Government has never recognized Hamas as a quasi-sovereign on the grounds that it implies the U.S. might do so. Plaintiffs offer no evidence that the U.S. ever recognizes any entity as a "quasi-sovereign." **Objections:** Lack of foundation, lack of personal knowledge, conclusory, misleading. |
| 68.    Atlantic's September 19, 2014 response letter states that Gaza "is not a recognized nation, at least by most of the world," and that Israel is a "legitimate sovereign." | Undisputed |

21

| | PLAINTIFFS' ALLEGED UNCONTROVERTED FACT: | ATLANTIC'S RESPONSE: |
|---|---|---|
| 1 2 | | |
| 3 4 5 | 69.     The U.S. government does not recognize Gaza as a sovereign territorial nation. | Undisputed |
| 6 7 8 9 10 11 | 70.     The U.S. government considers Hamas to be a Palestinian non-state actor. | **Disputed.** **Plaintiffs' Evidence:** Ross Decl. Ex. B, ¶ 9. **Atlantic's Response:** **Objections:** Lack of foundation, lack of personal knowledge, conclusory. |
| 12 13 14 15 16 17 18 | 71.     The U.S. government has not considered adding Hamas to the list of state sponsors of terrorism at any point since 1987. | **Disputed.** **Plaintiffs' Evidence:** Ross Decl. Ex. B, ¶ 10. **Atlantic's Response:** **Objection:** Lack of foundation, lack of personal knowledge, conclusory, speculative. |
| 19 20 21 22 23 24 25 26 27 | 72.     "[S]ince designating Hamas a Foreign Terrorist Organization in the 1990's, it has been the policy of every American administration not to engage in meetings or dialogue with officials of Hamas, let alone any formal diplomatic relations[,]" because of Hamas' use of violence and terrorism and rejectionist position with regard to Israel's right to | **Disputed.** **Plaintiffs' Evidence:** Ross Decl. Ex. B, ¶ 23. **Atlantic's Response:** **Objections:** Lack of foundation, lack of personal knowledge, conclusory, speculative. |

28

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

1615678.1

22

Case 2:16-cv-04435-PA-MRW Document 74-1 Filed 05/01/17 Page 26 of 150 Page ID #:5233

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

| PLAINTIFFS' ALLEGED UNCONTROVERTED FACT: | ATLANTIC'S RESPONSE: |
|---|---|
| exist. | |
| 73. "U.S. Policy will not recognize Gaza as a sovereign or quasi-sovereign territory. And it will not recognize Hamas as being a legitimate authority in Gaza." | **Disputed.**<br>**Plaintiffs' Evidence:**<br>Ross Decl. Ex. B, p. 10.<br>**Atlantic's Response:**<br>**Objections:** Lack of foundation, lack of personal knowledge, conclusory, speculation and unfounded prediction. |
| 74. Hamas did not seize control of Gaza from Israel; instead, in 2005 Israel voluntarily withdrew from Gaza, subject to the Oslo agreements. | Undisputed |
| 75. Hamas does not control the borders, ports, or airspace of Gaza. | **Disputed in part.**<br>**Plaintiffs' Evidence:**<br>Ross Decl. Ex. B, ¶ 21; Levitt Decl. Ex. A, p. 10, 28.<br><br>**Atlantic's Response:**<br>Atlantic does not agree that Hamas does not control the borders of Gaza. Rebuttal Declaration of Frank Lowenstein, ¶ 10; attached as Ex.155 at p. 1721. U.S. Dep't of State, Bureau of Democracy, Human Rights and Labor, Country Report on Human Rights Practices for 2014, 88 |

Case 2:16-cv-04435-PA-MRW Document 204-1 Filed 05/01/20 Page 23 of 150 Page ID #:25739

| 1 2 | PLAINTIFFS' ALLEGED UNCONTROVERTED FACT: | ATLANTIC'S RESPONSE: |
|---|---|---|
| 3 4 5 6 7 8 | | (2015), available at https://www.state.gov/documents/organization/236814.pdf, Exhibit 5 to Atlantic's Evid., p. 177.<br>**Objections:** Lack of foundation, lack of personal knowledge, conclusory. |
| 9 10 11 12 13 14 15 16 17 18 19 20 21 22 | 76.    The United States refuses to recognize Hamas as anything other than a terrorist group, and does not engage in any meetings or dialogue with Hamas. | **Disputed in part.**<br>**Plaintiffs' Evidence:**<br>Ross Decl. Ex. B, ¶¶ 10, 20, 23.<br>**Atlantic's Response:**<br>Disputed to the extent that Atlantic does not concede that the U.S. would ever recognize any entity or group as a quasi-sovereign, as the plaintiffs have no support for this assertion and Atlantic has discovered no evidence that would support such an assertion.<br>**Objections:** Lack of foundation, lack of personal knowledge, misleading, speculative, conclusory. |
| 23 24 25 | 77.    The European Union, Canada Australia, Israel, and other countries designate Hamas as a terrorist group. | Undisputed |

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

**STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

| **PLAINTIFFS' ALLEGED UNCONTROVERTED FACT:** | **ATLANTIC'S RESPONSE:** |
|---|---|
| 78. Hamas is part of: (i) the larger Muslim Brotherhood movement, whose goal is to have all Muslims governed exclusively by Sharia law and live under the banner of Allah; and, (ii) the overarching Palestinian Authority, who recognized the State of Israel and thus does not seek to overthrow the government of Israel. | **Disputed in part.** **Plaintiffs' Evidence:** Levitt Decl. Ex. A, p. 8, 11; Ross Decl. Ex. B, ¶¶ 9, 11, 13, 15. **Atlantic's Response:** Atlantic does not dispute that Hamas is associated with the Muslim Brotherhood whose goal is to have all Muslims governed by Sharia law and live under the banner of Allah. Atlantic does not dispute that Hamas is "part of" the Palestinian Authority in that it was elected to control the Palestinian Legislative Council in 2006, which is part of the PA. Atlantic does dispute that Hamas does not seek to overthrow the government of Israel and that its connection with the PA suggests it does not have that intent. Levitt's report makes explicitly clear that while the PA did recognize the State of Israel, Hamas *did not*. Levitt Decl. Ex. A, p. 8 ("While the Palestinian Authority recognized the State of Israel (and vice versa) as part of the Oslo process, radical rejectionist groups like Palestinian Islamic Jihad (PIJ) and Harakat al- |

1615678.1

Muqawamah al-Islamiyyah, more commonly known as Hamas, did not.").

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

| | PLAINTIFFS' ALLEGED UNCONTROVERTED FACT: | ATLANTIC'S RESPONSE: |
|---|---|---|
| 79. | Hamas is one of several different Palestinian factions that fundamentally disagree about how to achieve their objective to establish a state of Palestine. | Undisputed |
| 80. | Hamas' founding charter published in 1988 advocates the establishment of a separate Islamic fundamentalist Palestinian state, the destruction of the state of Israel, and the raising of "the banner of Allah over every inch of Palestine." | Undisputed |
| 81. | Hamas rejects the right of Israel to exist. | Undisputed |
| 82. | The purpose of Hamas' rocket attacks in July 2014 was to (i) retaliate for the Israeli allegations that Hamas was responsible for the kidnapping/murder of the three Israeli teens earlier in the summer, and (ii) spread terror among the civilian population of Israel. | **Disputed.** **Plaintiffs' Evidence:** Levitt Decl. Ex. A, pp. 23-25. **Atlantic's Response:** The support (footnote 95) for Levitt's statement that the purpose of the rocket attacks was retaliation for the allegation of kidnapping Israeli teenagers is an entire book with no pinpoint cite. Atlantic cannot confirm this allegation. Levitt's support (footnote 100) for the statement regarding the purpose of spreading terror is a brief U.N. report that summarizes |

**STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

ANDERSON, McPHARLIN & CONNERS LLP

LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

| PLAINTIFFS' ALLEGED UNCONTROVERTED FACT: | ATLANTIC'S RESPONSE: |
|---|---|
| | detailed findings of the U.N. Human Rights Council. The actual detailed report, attached as Ex. 6 to Atlantic's Evidence, states only that the commission "cannot exclude the possibility" that Hamas's intent was to spread terror because many of its rockets did not have targeting capabilities. Ex. 6 to Atlantic's Evidence at p. 238. **Objections:** Lack of foundation, misleading, misstates the evidence, lack of personal knowledge, conclusory. |
| 83.    Theresa Gooley (Atlantic's senior claims supervisor) testified that "the third [exclusion] I don't think is applicable." | Undisputed. |
| 84.    Immediately following Exclusion 4 in the Policy is another exclusion (number 5) for "Nuclear reaction or radiation, or radioactive contamination from any other cause." | Undisputed. |
| 85.    Mr. Williams, testified that Exclusion 4 did not apply to the claim because it required atomic or radioactive involvement. | **Disputed in part.** **Plaintiffs' Evidence:** Williams Dep. 23:2-23; 30:13-21; 252:7-22 [attached as Ex. 43 to Coyoca Decl.]. **Atlantic's Response:** |

**STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

| PLAINTIFFS' ALLEGED UNCONTROVERTED FACT: | ATLANTIC'S RESPONSE: |
|---|---|
| | Atlantic does not deny that Mr. Williams made this misstatement. But it is a misstatement made after a full day of testimony when he was so tired he was misreading the exclusion and thought it was the more typical exclusion based on weapons of war, as opposed to the one drafted by Aon. Declaration of Peter Williams, attached as Ex.157 to Crapster Decl. at pp. 1725-1727. |
| 86.    Andrea Garber, formerly of Aon, testified that in order for Exclusion 4 to apply, "it has to be a weapon of war involving atomic fission." | **Plaintiffs' Evidence:** Garber Decl. ¶ 2; Deposition of Andrea Garber, 358:22-359:20 [attached as Ex. 46 to Coyoca Decl.]. **Atlantic's Response:** **Objections:** Improper parol or extrinsic evidence. |
| 87.    Atlantic has acknowledged that Hamas' actions may violate norms of warfare, stating, "the rockets are being fired into civilian areas, which may violate established norms of warfare and armed conflict under international law." | **Disputed.** **Plaintiffs' Evidence:** Denial Letter, Garber Decl. ¶ 18, Ex. 12, p. 89. **Atlantic's Response:** **Objections:** Incomplete and misleading. This was in the context of an explanation and discussion of facts associated with |

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

**STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

| 1 2 | **PLAINTIFFS' ALLEGED UNCONTROVERTED FACT:** | **ATLANTIC'S RESPONSE:** |
|---|---|---|
| 3 4 5 | | war. The letter does not suggest in any way that the fighting at issue was anything other than war. |
| 6 7 8 9 10 | 88.    Hamas' indiscriminate firings of rockets that lack directional controls to ensure they are hitting military (and not civilian) targets constitute acts of terrorism and are not for any military advantage. | **Disputed.** **Plaintiffs' Evidence:** Levitt Decl. Ex. A, pp. 24, 29; Koh Decl. Ex. C, pp. 14-15, 17. **Atlantic's Response:** Levitt's support for this statement (footnote 100 of Levitt's Declaration) is a brief U.N. report that summarizes detailed findings of the U.N. Human Rights Council. The actual detailed report, attached as Ex. 6 to Atlantic's Evidence, states only that the commission "cannot exclude the possibility" that Hamas's intent was to spread terror because many of its rockets did not have targeting capabilities. UNR at p. 29. This is obviously a far cry from stating definitively that this *was* Hamas's intent. Koh's sole support for this statement is the Levitt's Declaration, and therefore suffers from the same flaw. **Objections:** Lack of foundation, assumes |

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

**STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

| PLAINTIFFS' ALLEGED UNCONTROVERTED FACT: | ATLANTIC'S RESPONSE: |
|---|---|
| | facts not in evidence, misleading, conclusory, speculative. The conclusion that Hamas's actions constituted acts of terror and were not for military advantage is also a legal question presented to this court on which the plaintiffs' experts (Levitt and Koh) may not opine. |

**B. Plaintiffs' Allegation: Second Affirmative Defense, labeled "Exclusion 1, General Conditions" ("War, including undeclared or civil war") lacks merit and fails as a matter of law.**

| PLAINTIFFS' ALLEGED UNCONTROVERTED FACT: | ATLANTIC'S RESPONSE: |
|---|---|
| [89.] Universal incorporates herein uncontroverted facts set forth in paragraphs 1 through 77, *supra*. | **Plaintiffs' Evidence:** Universal incorporates herein evidence supporting uncontroverted facts set forth in paragraphs 1 through 77, *supra*. **Atlantic's Response:** Atlantic incorporates herein its responses to the facts set forth in paragraphs 1 through 77. |

**C. Plaintiffs' Allegation: Third Affirmative Defense, labeled "Exclusion 2, General Conditions" ("Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents") lacks merit and fails as a matter of law.**

1615678.1

STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

| PLAINTIFFS' ALLEGED UNCONTROVERTED FACT: | ATLANTIC'S RESPONSE: |
|---|---|
| [90.] Universal incorporates herein uncontroverted facts set forth in paragraphs 1 through 77, *supra*. | Universal incorporates herein evidence supporting uncontroverted facts set forth in paragraphs 1 through 77, *supra*.<br><br>**Atlantic's Response:**<br>Atlantic incorporates herein its responses to the facts set forth in paragraphs 11 through 77. |

  **D. Plaintiffs' Allegation: Fourth Affirmative Defense, labeled "Exclusion 3, General Conditions" ("Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.  Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.") lacks merit and fails as a matter of law.**

| PLAINTIFFS' ALLEGED UNCONTROVERTED FACT: | ATLANTIC'S RESPONSE: |
|---|---|
| [91.] Universal incorporates herein uncontroverted facts set forth in paragraphs 1 through 56, and 78 through 83, *supra*. | Universal incorporates herein evidence supporting uncontroverted facts set forth in paragraphs 1 through 56, and 78 through 83, *supra*.<br><br>**Atlantic's Response:**<br>Atlantic incorporates herein its responses to the facts set forth in paragraphs 1 through 56 and 78 through 83. |

  **E. Plaintiffs' Allegation:  Fifth Affirmative Defense, labeled "Exclusion 4, General Conditions" ("Any weapon of war including atomic fission or**

**STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

**radioactive force, whether in time of peace or war") lacks merit and fails as a matter of law.**

| PLAINTIFFS' ALLEGED UNCONTROVERTED FACT: | ATLANTIC'S RESPONSE: |
|---|---|
| [92.] Universal incorporates herein uncontroverted facts set forth in paragraphs 1 through 56, and 84 through 88, *supra*. | Universal incorporates herein evidence supporting uncontroverted facts set forth in paragraphs 1 through 56, and 84 through 88, *supra*.<br><br>**Atlantic's Response:**<br>Atlantic incorporates herein its responses to the facts set forth in paragraphs 1 through 56 and 84 through 88. |

    **F.**    Plaintiffs' Allegation:  Exclusions 1, 2, 3, and 4 in the Policy must be interpreted based on their technical and special meaning established by longstanding case authority, international law, and industry custom and practice

| PLAINTIFFS' ALLEGED UNCONTROVERTED FACT: | ATLANTIC'S RESPONSE: |
|---|---|
| [93.] Universal incorporates herein uncontroverted facts set forth in paragraphs 10 through 12, *supra*. | Universal incorporates herein evidence supporting uncontroverted facts set forth in paragraphs 10 through 12, *supra*.<br><br>**Atlantic's Response:**<br>Atlantic incorporates herein its responses to the facts set forth in paragraphs 10 through 12. |

    **II.**    **ATLANTIC'S ADDITIONAL MATERIAL FACTS**

| ATLANTIC'S ADDITIONAL MATERIAL FACT: | SUPPORTING EVIDENCE: |
|---|---|
| 94.    The Palestinian political identity | • Jim Zanotti, Cong. Research Serv., |

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

1615678.1

**STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

| ATLANTIC'S ADDITIONAL MATERIAL FACT: | SUPPORTING EVIDENCE: |
|---|---|
| emerged between 1923 and 1948. | RL34074, The Palestinians: Background and U.S. Relations 2 (2015). Ex. 4 to Atlantic Specialty Insurance Company's Separately Bound Volume of Evidence in Support of Atlantic's Motion for Summary Judgment ("Atlantic's Evid."), p. 45.<br><br>• This document is self-authenticating under Federal Rule of Evidence 902(5). |
| 95.   In 1947, the United Nations intended to create two states in what are now Israel and Palestine: one Jewish and one Arab. But for reasons that are still disputed, it ultimately founded only the Jewish state: Israel. | • Jim Zanotti, Cong. Research Serv., RL34074, The Palestinians: Background and U.S. Relations 2 (2015). Ex. 4 to Atlantic's Evid., p. 45.<br><br>• This document is self-authenticating under Federal Rule of Evidence 902(5).<br><br>• This fact is the subject of a request for judicial notice. |
| 96.   In 1947 and 1948, there was an "Arab-Israeli war," in which Israel | • Jim Zanotti, Cong. Research Serv., RL34074, The Palestinians: |

STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

| ATLANTIC'S ADDITIONAL MATERIAL FACT: | SUPPORTING EVIDENCE: |
|---|---|
| defeated Arab nations and declared its independence. | Background and U.S. Relations 2 (2015). Ex. 4 to Atlantic's Evid., p. 45. |
| | • U.S. Dep't of State, Bureau of Democracy, Human Rights and Labor, Country Report on Human Rights Practices for 2014, 17 (2015), *available at* https://www.state.gov/documents/organization/236814.pdf. Ex. 5 to Atlantic's Evid., p. 106. |
| | • These documents are self-authenticating under Federal Rule of Evidence 902(5). |
| | • This fact is the subject of a request for judicial notice. |
| 97.  Almost 700,000 Palestinians were driven or fled from their homes as a result of the 1947 and 1948 "Arab-Israeli war." | • Jim Zanotti, Cong. Research Serv., RL34074, The Palestinians: Background and U.S. Relations 2 (2015). Ex. 4 to Atlantic's Evid., p. 45. |
| | • U.S. Dep't of State, Bureau of Democracy, Human Rights and |

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

**STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

| ATLANTIC'S ADDITIONAL MATERIAL FACT: | SUPPORTING EVIDENCE: |
|---|---|
| | Labor, Country Report on Human Rights Practices for 2014, 17 (2015), *available at* https://www.state.gov/documents/organization/236814.pdf. Ex. 5 to Atlantic's Evid., p. 106. <br><br> • These documents are self-authenticating under Federal Rule of Evidence 902(5). |
| 98. The Palestinians who remained in the West Bank and Gaza following the "Arab-Israeli war" were subject to either Egyptian, Jordanian, or Israeli rule. | • Jim Zanotti, Cong. Research Serv., RL34074, The Palestinians: Background and U.S. Relations 2-3 (2015). Ex. 4 to Atlantic's Evid., p. 45-46. <br><br> • This document is self-authenticating under Federal Rule of Evidence 902(5). |
| 99. In June of 1967, the Six-Day War occurred, in which Israel defeated the Arab states who had styled themselves as Palestinians' protectors. | • Jim Zanotti, Cong. Research Serv., RL34074, The Palestinians: Background and U.S. Relations 3 (2015). Ex. 4 to Atlantic's Evid., p. 46. <br><br> • This document is self-authenticating |

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

**STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

| ATLANTIC'S ADDITIONAL MATERIAL FACT: | SUPPORTING EVIDENCE: |
|---|---|
|  | • under Rule 902(5). |
|  | • This fact is the subject of a request for judicial notice. |
| 100.     As a result of the 1967 Six-Day War, Israel gained control over the entire area that constituted Palestine. | • Jim Zanotti, Cong. Research Serv., RL34074, The Palestinians: Background and U.S. Relations 3 (2015). Ex. 4 to Atlantic's Evid., p. 46. |
|  | • U.S. Department of State, Bureau of Democracy, Human Rights and Labor, Country Report on Human Rights Practices for Israel and the Occupied Territories for 2014 4 (2015), *available at* https://www.state.gov/documents/organization/236814.pdf.  Ex. 5 to Atlantic's Evid., p. 93. |
|  | • These documents are self-authenticating under Rule 902(5). |
|  | • Affidavit of Frank Lowenstein at 4 ("Lowenstein Aff."). Ex. 1 to Atlantic's Evid., p. 5 ¶ A. |
|  | • This fact is the subject of a request |

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

**STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

| ATLANTIC'S ADDITIONAL MATERIAL FACT: | SUPPORTING EVIDENCE: |
|---|---|
| | for judicial notice. |
| 101.   Israel effectively annexed East Jerusalem and the Golan Heights, leaving the West Bank and Gaza under military occupation, but not truly incorporated into Israel. | • Jim Zanotti, Cong. Research Serv., RL34074, The Palestinians: Background and U.S. Relations 3 (2015). Ex. 4 to Atlantic's Evid., p. 46.<br><br>• U.S. Department of State, Bureau of Democracy, Human Rights and Labor, Country Report on Human Rights Practices for Israel and the Occupied Territories for 2014 52 (2015), *available at* https://www.state.gov/documents/ organization/236814.pdf. Ex. 5 to Atlantic's Evid., p. 141.<br><br>• These documents are self-authenticating under Rule 902(5).<br><br>• Lowenstein Aff. at 4. Ex. 1 to Atlantic's Evid., p. 5 ¶A-B.<br><br>•  This fact is the subject of a request for judicial notice. |
| 102.   There are two competing Palestinian political parties or | • Jim Zanotti, Cong. Research Serv., RL34074, The Palestinians: |

STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

| ATLANTIC'S ADDITIONAL MATERIAL FACT: | SUPPORTING EVIDENCE: |
|---|---|
| organizations. Fatah is the largest faction of the confederated multi-party Palestinian Liberation Organization, and is currently led by Yasser Arafat's successor, Mahmoud Abbas. Hamas is a Palestinian Islamic military and socio-political movement that formed in 1987. It has maintained its primary base of political support and military command in the Gaza Strip. | Background and U.S. Relations 5 (2015). Ex. 4 to Atlantic's Evid., p. 48.<br><br>• Jim Zanotti, Cong. Research Serv., R41514, Hamas: Background and Issue for Congress 1-3 (2010).<br><br>Ex. 8 to Atlantic's Evid., p. 404-06.<br>• These documents are self-authenticating under Rule 902(5). |
| 103.  Hamas's charter, created in 1988, "commits the group to the destruction of Israel and the establishment of an Islamic state in all of historic Palestine, comprised of present-day Israel, the West Bank, and Gaza." The charter states:<br><br>    "Israel will exist and will continue to exist until Islam will obliterate it, just as it obliterated others before it." | • Jim Zanotti, Cong. Research Serv., RL34074, The Palestinians: Background and U.S. Relations 33 (2015). Ex. 4 to Atlantic's Evid., p. 76.<br><br>• This document is self-authenticating under Rule 902(5).<br><br>• Jim Zanotti, Cong. Research Serv., R41514, Hamas: Background and Issue for Congress 13 (2010). Ex. 8 to Atlantic's Evid., p. 416.<br><br>• This document is self-authenticating under Rule 902(5). |

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

1615678.1

**STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

| ATLANTIC'S ADDITIONAL MATERIAL FACT: | SUPPORTING EVIDENCE: |
|---|---|
| | • The Covenant of the Islamic Resistance Movement (Aug. 18, 1988), available at: http://avalon.law.yale.edu/20th_century/hamas.asp. Ex. 9 to Atlantic's Evid., p. 468. <br><br> • This fact is the subject of a request for judicial notice. |
| 104.    In the mid-1990s, the Palestinian Authority (PA) was granted limited rule (under supervening Israeli occupational authority) in the Gaza Strip and parts of the West Bank. | • Jim Zanotti, Cong. Research Serv., RL34074, The Palestinians: Background and U.S. Relations 26 (2015). Ex. 4 to Atlantic's Evid., p. 69. <br><br> • This document is self-authenticating under Rule 902(5). <br><br> • This fact is the subject of a request for judicial notice. |
| 105.    In 2005, Israel unilaterally withdrew its military forces and all of its civilians from Gaza, leaving control to the PA. | • Lowenstein Aff. at 4. Ex. 1 to Atlantic's Evid., p. 5 ¶A. <br><br> • Human Rights Council, *Human Rights Situation in Palestine and other Occupied Arab Territories*, 18, U.N. Doc. A/HRC/29/CRP.4 (June 24, 2015). |

1615678.1

39

STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

| ATLANTIC'S ADDITIONAL MATERIAL FACT: | SUPPORTING EVIDENCE: |
|---|---|
| | Ex. 6 to Atlantic's Evid., p. 227.<br><br>• This document is self-authenticating under Rule 902(5).<br><br>• This fact is the subject of a request for judicial notice. |
| 106. In 2006, Hamas was elected to a majority of the seats in the Palestinian Legislative Council (the legislative branch of the PA) and became the governing authority over Gaza. | • Lowenstein Aff. at 4. Ex. 1 to Atlantic's Evid., p. 5 ¶B.<br><br>• Jim Zanotti, Cong. Research Serv., RL34074, The Palestinians: Background and U.S. Relations 3, 29 (2015). Ex. 4 to Atlantic's Evid., p. 46, 72.<br><br>• This document is self-authenticating under Rule 902(5).<br><br>• Jim Zanotti, Cong. Research Serv., R41514, Hamas: Background and Issue for Congress 3 (2010). Ex. 8 to Atlantic's Evid., p. 406.<br><br>• U.S. Department of State, Bureau of Democracy, Human Rights and Labor, Country Report on Human Rights Practices for Israel and the |

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

**STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

| ATLANTIC'S ADDITIONAL MATERIAL FACT: | SUPPORTING EVIDENCE: |
|---|---|
| | Occupied Territories for 2014 52 (2015), *available at* https://www.state.gov/documents/organization/236814.pdf. Ex. 5 to Atlantic's Evid., p. 141. <br><br> • This document is self-authenticating under Rule 902(5). <br><br> • This fact is the subject of a request for judicial notice. |
| 107.   In 2007, Hamas's armed forces in Gaza defeated forces loyal to PA President Mahmoud Abbas and consolidated control over the Gaza Strip. | • U.S. Department of State, Bureau of Democracy, Human Rights and Labor, Country Report on Human Rights Practices for Israel and the Occupied Territories for 2014 52 (2015), *available at* https://www.state.gov/documents/organization/236814.pdf. Ex. 5 to Atlantic's Evid., p. 141. <br><br> • This document is self-authenticating under Rule 902(5). <br><br> • Lowenstein Aff. at 4. Ex. 1 to Atlantic's Evid., p. 5 ¶B. |
| 108.   Since 2007, Hamas has been the | • Lowenstein Aff. at 4. Ex. 1 to |

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

1615678.1

**STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO
PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

| ATLANTIC'S ADDITIONAL MATERIAL FACT: | SUPPORTING EVIDENCE: |
|---|---|
| de facto ruling authority in the Gaza Strip, where it currently governs like any other government with "political, military and social welfare activities." | Atlantic's Evid., p. 5¶C.<br><br>• U.S. Department of State, Bureau of Democracy, Human Rights and Labor, Country Report on Human Rights Practices for Israel and the Occupied Territories for 2014 52 (2015), *available at* https://www.state.gov/documents/organization/236814.pdf. Ex. 5 to Atlantic's Evid., p. 141.<br><br>• This document is self-authenticating under Rule 902(5). |
| 109.   Official reports by the Congressional Research Service and the U.S. State Department refer to Hamas's control over Gaza and call it Gaza's de facto government. | • U.S. Department of State, Bureau of Democracy, Human Rights and Labor, Country Report on Human Rights Practices for Israel and the Occupied Territories for 2014, 52, 56, 88, 91, 114 (2015), *available at* https://www.state.gov/documents/organization/236814.pdf. Ex. 5 to Atlantic's Evid., p. 141, 145, 177, 180, 203.<br><br>• Jim Zanotti, Cong. Research Serv., RL34074, The Palestinians: |

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

**STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

Case 2:16-cv-04435-PA-MRW   Document 207-9   Filed 05/01/20   Page 46 of 150   Page ID
#:26298
Case 2:16-cv-04435-PA-MRW   Document 204-9   Filed 04/17/20   Page 47 of 151   Page ID
#:25293

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

| ATLANTIC'S ADDITIONAL MATERIAL FACT: | SUPPORTING EVIDENCE: |
|---|---|
| | Background and U.S. Relations 29, 35 (2015). Ex. 4 to Atlantic's Evid., p. 72, 78. <br><br> • Jim Zanotti, Cong. Research Serv., R41514, Hamas: Background and Issue for Congress 17, 18 (2010). Ex. 8 to Atlantic's Evid., p. 420, 421. <br><br> • These documents are self-authenticating under Federal Rule of Evidence 902(5). |
| 110.   In December 2008, the Israeli Defense Forces ("IDF") launched Operation Cast Lead, which began with an intensive aerial bombardment targeting Hamas forces and infrastructure, followed by a ground invasion on January 3, 2009. A ceasefire was entered on January 21, 2009. | • Lowenstein Aff. at P. 5. Ex. 1 to Atlantic's Evid., p. 6 ¶G. <br><br> • Jim Zanotti, Cong. Research Serv., R41514, Hamas: Background and Issue for Congress 3-4 (2010). Ex. 8 to Atlantic's Evid., p. 406-07. <br><br> • This document is self-authenticating under Rule 902(5). |

1615678.1

43

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

| ATLANTIC'S ADDITIONAL MATERIAL FACT: | SUPPORTING EVIDENCE: |
|---|---|
| 111. In November 14, 2012, Israel declared Operation Pillar of Defense, in which the IDF struck more than 1,000 sites in the Gaza Strip. Over a hundred Gazans died and over a hundred were wounded. | • Lowenstein Aff. at p. 5. Ex. 1 to Atlantic's Evid., p. 6 ¶H.<br><br>• Human Rights Council, *Human Rights Situation in Palestine and other Occupied Arab Territories*, 18, U.N. Doc. A/HRC/29/CRP.4 (June 24, 2015). Ex. 6 to Atlantic's Evid., p. 227.<br><br>• This document is self-authenticating under Rule 902(5).<br><br>• Jim Zanotti, Cong. Research Serv., RL34074, The Palestinians: Background and U.S. Relations 9 (2015). Ex. 4 to Atlantic's Evid., p. 52.<br><br>• This document is self-authenticating under Rule 902(5).<br><br>• This fact is the subject of a request for judicial notice. |
| 112. In June 2014, Hamas reached an agreement with Fatah, the other powerful political group in Gaza, to establish a "consensus" or "unity" PA | • Jim Zanotti, Cong. Research Serv., RL34074, The Palestinians: Background and U.S. Relations 1 (2015). Ex. 4 to Atlantic's Evid., p. |

1615678.1

44

STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

| ATLANTIC'S ADDITIONAL MATERIAL FACT: | SUPPORTING EVIDENCE: |
|---|---|
| government. | 44. <br><br> • This document is self-authenticating under Rule 902(5). <br><br> • Lowenstein Aff. at p. 5. Ex. 1 to Atlantic's Evid., p. 6 ¶E. <br><br> • UCP03562 E-mail from Stephen Smith, Head of Security, Europe, NBCU, to Randi Richmond, Vice President, Production, Universal Cable Productions LLC ("UCP") (May 01, 2014, 03:15 PST) (referencing the "new agreement" between Fatah and Hamas). Ex. 117 to Atlantic's Evid., p. 1381. <br><br> • UCP002524 E-mail from Max Security Intelligence to Stephen Smith, Head of Security, Europe, NBCU (June 15, 2014 05:03 PST) (discussing unity government). Ex. 11 to Atlantic's Evid., p. 483-86. <br><br> • UCP001873 E-mail from Randi Richmond, Vice President, Production UCP to Stephen Smith, |

STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

| ATLANTIC'S ADDITIONAL MATERIAL FACT: | SUPPORTING EVIDENCE: |
|---|---|
| | Head of Security, Europe, NBCU (June 14, 2015 05:16 PST) (quoting news article discussing the unity government). Ex. 118 to Atlantic's Evid., p. 1386-88. <br><br> • This fact is the subject of a request for judicial notice. |
| 113. The United States does not engage with Hamas or any of its members, but determined that it was able to engage with the Government of National Consensus agreed to between Hamas and Fatah. Israel did not like the agreement to form a unity government because it considers Hamas a terrorist organization that it will not engage with. | • Lowenstein Aff. at p. 5. Ex. 1 to Atlantic's Evid., p. 6 ¶E. <br><br> • UCP03562 E-mail from Stephen Smith, Head of Security, Europe, NBCU, to Randi Richmond, Vice President, Production, UCP (May 01, 2014, 03:15 PST) (referencing the "new agreement" between Fatah and Hamas). Ex. 117 to Atlantic's Evid., p. 1381-82. |
| 114. The PA is organized like a state—complete with democratic mechanisms; security forces; and executive, legislative, and judicial organs of governance. The executive branch has both a president and a prime minister-led cabinet, the Palestinian | • Jim Zanotti, Cong. Research Serv., RL34074, The Palestinians: Background and U.S. Relations 26 (2015). Ex. 4 to Atlantic's Evid., p. 69. <br><br> • This document is self-authenticating |

1615678.1

46

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

| ATLANTIC'S ADDITIONAL MATERIAL FACT: | SUPPORTING EVIDENCE: |
|---|---|
| Legislative Council (PLC) is its legislature, and the judicial branch has separate high courts to decide substantive disputes and to settle controversies, as well as a High Judicial Council. | under Rule 902(5).<br><br>• This fact is the subject of a request for judicial notice. |
| 115.    The Hamas government in Gaza employs civil service employees in various ministries, including health and education. | • Lowenstein Aff. at p. 4-5. Ex. 1 to Atlantic's Evid., p. 5-6 ¶C. |
| 116.    Hamas runs an ad hoc judicial system. | • Lowenstein Aff. at p. 5. Ex. 1 to Atlantic's Evid., p. 6 ¶C. |
| 117.    Hamas collects revenue from the people of Gaza in various ways, including licensing fees and taxes, and it receives assistance from foreign governments. | • Lowenstein Aff. at p. 4. Ex. 1 to Atlantic's Evid., p. 5 ¶C.<br><br>• Jim Zanotti, Cong. Research Serv., R41514, Hamas: Background and Issue for Congress 19 (2010).<br><br>Ex. 8 to Atlantic's Evid., p. 422.<br>• This document is self-authenticating under Rule 902(5). |
| 118.    Hamas has a military force, known as the Izz ad-Din al-Qassam Brigades ("Qassam Brigades"). The | • Lowenstein Aff. at p. 5. Ex. 1 to Atlantic's Evid., p. 6 ¶D. |

STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

| ATLANTIC'S ADDITIONAL MATERIAL FACT: | SUPPORTING EVIDENCE: |
|---|---|
| Qassam Brigades were under Hamas command in the summer of 2014. | |
| 119.　The United Nations recognizes Palestine as a non-member state. Only nine countries voted against the proposed U.N. resolution (which passed) to recognize Palestine as a non-member state. Currently 137 countries bilaterally recognize Palestine as an independent state. | • Jim Zanotti, Cong. Research Serv., RL34074, The Palestinians: Background and U.S. Relations 10-11 (2015) (citing U.N. G.A. Res. 67/19 in which the U.N. recognized Palestine as a non-member state). Ex. 4 to Atlantic's Evid., p. 53-54, p. 60-61 (noting that 138 nations recognize the state of Palestine).<br><br>• This document is self-authenticating under Rule 902(5).<br><br>• G.A. Res. 67/19, at 2, U.N. Doc. A/RES/67/19 (Nov. 29, 2012). Ex. 7 to Atlantic's Evid., p. 395-98.<br><br>• This document is self-authenticating under Rule 902(5).<br><br>• This fact is the subject of a request for judicial notice. |

**STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

| ATLANTIC'S ADDITIONAL MATERIAL FACT: | SUPPORTING EVIDENCE: |
|---|---|
| 120. The plaintiffs are indirect subsidiaries of NBCUniversal Media, LLC ("NBCU"). | • First Amended Compl. ¶ 6. Ex. 14 to Atlantic's Evid., p. 502.<br><br>• Universal Cable Productions, http://www.nbcuniversal.com/business/universal-cable-productions (last visited on April 17, 2017) ("Universal Cable Productions is a part of NBCUniversal Cable Entertainment, a division of NBCUniversal."). Ex. 15 to Atlantic's Evid., p. 582. |
| 121. The plaintiffs were filming the television show called *Dig* in Israel in June 2014. | • UCP000340-42 E-mail from Susan Weiss, Senior Vice President, AON/Albert G. Ruben Insurance Services, Inc., to Andrea Garber, Senior Director, Risk Management, NBCU (July 15, 2014 13:34 PST). Ex. 39 to Atlantic's Evid., p. 738-41. |
| 122. Stephen Smith, as head of security Europe for NBCU, was in charge of providing security for NBC News and MSNBC. He was also in charge of providing security advice to the plaintiffs regarding the filming of *Dig* in Israel. | • Smith Depo., at p. 24-25, 31-32, 37-41, 73-74. Ex. 119 To Atlantic's Evid., p. 1393, 1395, 1396-1397, 1403-04. |

**STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

| ATLANTIC'S ADDITIONAL MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| 123.    In early 2014, although there was a history of Hamas rocket fire into Israel, NBCU's security team thought it "highly unlikely" that there would be any threats of rocket fire into Israel. | • UCP003562 E-mail from Stephen Smith, Head of Security, Europe, NBCU to Randi Richmond, Vice President, Production, UCP (May 01, 2014 03:15 PST). Ex. 117 to Atlantic's Evid., p. 1381-82.<br><br>• UCP001877 (and attachment) E-mail from Stephen Smith, Head of Security, Europe, NBCU to Stephen Smith, Head of Security, Europe, NBCU (May 22, 2014 09:09 PST). Ex. 144 to Atlantic's Evid., p. 1588-98. |
| 124.    Rocket fire into Israel is normal, as the plaintiffs acknowledged in a report prepared assessing whether it would be safe to film in Israel. | • UCP002227-2237 E-mail (and attachments thereto) from Stephen Smith, Head of Security, Europe, NBCUniversal, to Randi Richmond, Vice President, Production, UCP/NBCUniversal (April 16, 2014 05:56 PST). Ex. 150 to Atlantic's Evid., p. 1647-1657. |
| 125.    Plaintiffs knew when they went to Israel that Hamas might fire rockets | • UCP002227-2237 E-mail (and attachments thereto) from Stephen Smith, Head of Security, Europe, |

STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO
PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

| ATLANTIC'S ADDITIONAL MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| into Israel while they were there. | NBCUniversal, to Randi Richmond, Vice President, Production, UCP/NBCUniversal (April 16, 2014 05:56 PST). Ex. 150 to Atlantic's Evid., p. 1647-1657. |
| 126.    Hamas had a history of intermittently firing rockets into Israel, and the plaintiffs were well aware of this before they decided to film there. | • UCP003687 E-mail from Stephen Smith, Head of Security, Europe, NBCUniversal, to Randi Richmond, Vice President, Production, UCP/NBCUniversal (May 13, 2014 09:33 PST). Ex. 151 to Atlantic's Evid., p. 1659.<br><br>• UCP002227 E-mail from Stephen Smith, Head of Security, Europe, NBCUniversal, to Randi Richmond, Vice President, Production, UCP/NBCUniversal (April 16, 2014 05:56 PST). Ex. 150 to Atlantic's Evid., p. 1647-1657. |
| 127.    In an e-mail dated May 13, 2014, Stephen Smith, the head of security for Europe for NBCU, stated in an e-mail to Randi Richmond (a producer for UCP), that there was "a recurring risk of | • UCP003687 E-mail from Stephen Smith, Head of Security, Europe, NBCUniversal, to Randi Richmond, Vice President, Production, UCP/NBCUniversal (May 13, 2014 |

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

| ATLANTIC'S ADDITIONAL MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| terrorism" in Israel. | 09:33 PST). Ex. 151 to Atlantic's Evid., p. 1659. |
| 128. Stephen Smith also warned, in a report prepared in April 2014, that there was a risk of rocket attacks, and that there had been approximately 760 firebomb attacks on Israel between January and November 2013. | • UCP002227-2237 E-mail (and attachments thereto) from Stephen Smith, Head of Security, Europe, NBCUniversal, to Randi Richmond, Vice President, Production, UCP/NBCUniversal (April 16, 2014 05:56 PST). Ex. 150 to Atlantic's Evid., p. 1647-1657. |
| 129. Stephen Smith concluded as part of his security review prior to the production of *Dig*, that it was safe to proceed with the production in the proposed locations in Israel. | • Smith Depo., at p. 106-07. Ex. 119 To Atlantic's Evid., p. 1411. |

**STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

| | |
|---|---|
| 130.    NBCU hired Max Security to provide security for the production of *Dig* while in Israel. Randi Richmond, a UCP producer, described Max Security as the "go to for bigger needs" to provide security for Dig in Israel. | • Deposition of Stephen Smith, NBCU, Head of Security, International Security & Crisis Management ("Smith Depo."), at p. 108-112. Ex. 119 to Atlantic's Evid., p. 1411-12. <br><br> • UCP001085-86 E-mail from Randi Richmond, Vice President, Production, UCP to Brian Brady, Vice President Corporate Security, NBCU, (Feb. 03, 2014 14:30 PST). Ex. 120 to Atlantic's Evid., p. 1471-72. <br><br> • UCP001286 E-mail from Stephen Smith, Head of Security, Europe, NBCU to Mark Binke, Executive Vice President, Production, UCP (July 16, 2014 24:16 PST). Ex. 121 to Atlantic's Evid., p. 1474. |

**STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

| 131.   NBCU hired Max Security to prepare detailed reports on the daily security situation in Israel. | • Smith Depo., at p. 108-12.  Ex. 119 To Atlantic's Evid., p. 1411-12. <br><br> • UCP003882 E-mail (and attachments thereto) from Jay Radzinski, Regional Intelligence Manager, Max Security Intelligence to Stephen Smith, Head of Security, Europe, NBCU (May 14, 2014 06:36 PST). Ex. 16 to Atlantic's Evid., p. 584. <br><br> • UCP000736 E-mail from Stephen Smith, Head of Security, Europe, NBCU to Mark Binke, Executive Vice President, Production, UCP (July 17, 2014 06:47 PST). Ex. 111 to Atlantic's Evid., p. 1285. |

**STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

132.    Stephen Smith regularly received the Max Security Reports detailing security conditions and hostilities pertaining to Israel and surrounding areas, throughout the time he was providing security advice to the plaintiffs regarding *Dig*, and he advised plaintiffs about the security situation in Israel based on those reports.

- UCP002473 E-mail from Max Security Intelligence to Stephen Smith, Head of Security, Europe, NBCU (July 1, 2014 04:09 PST). Ex. 95 to Atlantic's Evid., p. 1173-75.

- Smith Depo., at p. 122. Ex. 119 to Atlantic's Evid., p. 1415.

- UCP002219 E-mail from Max Security Intelligence to Stephen Smith, Head of Security, Europe, NBCU (July 3, 2014 01:49 PST). Ex. 108 to Atlantic's Evid., p. 1268-1270.

- UCP002727 E-mail from Shachar Kenion, Max Security Intelligence to Stephen Smith, Head of Security, Europe, NBCU (July 3, 2014 24:53 PST). Ex. 96 to Atlantic's Evid., p. 1178-1180.

- UCP002149 E-mail from Max Security Intelligence to Stephen Smith, Head of Security, Europe, NBCU (July 5, 2014 03:16 PST). Ex. 18 to Atlantic's Evid., p. 606-09.

- UCP002422 E-mail from Max Security Intelligence to Stephen Smith, Head of Security, Europe, [NBCU (July 5, 2014 13:57 PST). Ex. 17 to Atlantic's Evid., p. 600-02.]

STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

| | |
|---|---|
| 133. Stephen Smith received, reviewed, and relied upon Max Security Reports in carrying out his work in assessing the security situation for the production of *Dig*. | • Smith Depo., at p. 122. Ex. 119 to Atlantic's Evid., p. 1415. |
| 134. Tension between Hamas and Israel began to escalate on June 12, 2014, when three Israeli teenagers were kidnapped. | • Lowenstein Aff. at p. 6. Ex. 1 to Atlantic's Evid., p. 7 ¶I.<br><br>• First Amended Compl. at ¶23. Ex. 14 to Atlantic's Evid., p. 512.<br><br>• UCP002797-2800 *Israel Dig Update*, Security in Confidence: NBCU Int'l. Security Briefing (NBCU, New York, N.Y.) July 01, 2014 (NBCU security report discussing the murder of Israeli teenagers). Ex. 122 to Atlantic's Evid., p. 1483-86.<br><br>• UCP001874-1876 E-mail from Jay Footlik, Immigration Liaison, Dig, President/CEO, Global Policy Initiatives, to Randi Richmond, Vice President, Production, UCP (June 13, 2014 15:16 PST) (Max security report discussing the murder of Israeli teenagers). Ex. 123 to Atlantic's Evid., p. 1489-91. |

STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

| | |
|---|---|
| | • UCP002343 E-mail from Stephen Smith, Head of Security, Europe, NBCU to Randi Richmond, Vice President, Production, UCPniveral (June 15, 2014 07:38 PST). Ex. 124 to Atlantic's Evid., p. 1493. |
| 135.    Three Israeli teenagers were killed on approximately June 12, 2014, reportedly by Hamas militants. | • First Amended Compl. at ¶23. Ex. 14 to Atlantic's Evid., p. 512.<br><br>• UCP002797-2800 *Israel Dig Update*, Security in Confidence: NBCU Int'l. Security Briefing (NBCU, New York, N.Y.) July 01, 2014. Ex. 122 to Atlantic's Evid., p. 1483-86.<br><br>• UCP001874-1876 E-mail from Jay Footlik, Immigration Liaison, Dig, President/CEO, Global Policy Initiatives,  to Randi Richmond, Vice President, Production, UCP (June 13, 2014 15:16 PST). Ex. 123 to Atlantic's Evid., p. 1489-91.<br><br>• This fact is the subject of a request for judicial notice. |
| 136.    Israel, in response to the kidnapping of the Israeli teenagers, launched an extensive search and arrest | • U.S. Dep't of State, Bureau of Democracy, Human Rights and Labor, Country Report on Human |

STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

| | |
|---|---|
| 1 operation. | Rights Practices for 2014, 18 (2015), *available at* https://www.state.gov/documents/ organization/236814.pdf. Ex. 5 to Atlantic's Evid., p. 107. |
| | • This document is self-authenticating under Rule 902(5). |
| | • Human Rights Council, *Human Rights Situation in Palestine and other Occupied Arab Territories*, 18, U.N. Doc. A/HRC/29/CRP.4 (June 24, 2015). Ex. 6 to Atlantic's Evid., p. 227. |
| | • This document is self-authenticating under Rule 902(5). |
| | • Jim Zanotti, Cong. Research Serv., RL34074, The Palestinians: Background and U.S. Relations 10 (2015). Ex. 4 to Atlantic's Evid., p. 53. |
| | • This document is self-authenticating under Rule 902(5). |
| | • Lowenstein Aff. at p. 6. Ex. 1 to Atlantic's Evid., p. 7 ¶I. |

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

**STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

| | |
|---|---|
| 137. After the kidnapping of the three Israeli teenagers, which caused Israel to deploy soldiers into Palestinian territory, NBCU's security team opined that there was a risk for a "broader escalation of hostilities." | • UCP002524-2526 E-mail from Max Security Intelligence to Stephen Smith, Head of Security, Europe, NBCU (June 15, 2014 05:03 PST). Ex. 11 to Atlantic's Evid., p. 483-85. |
| 138. NBCU's security team advised that Israeli measures "may alter the status quo, increasing the potential for related retaliatory attacks on military operations." | • UCP002337-2338 E-mail from Max Security Intelligence to Stephen Smith, Head of Security, Europe, NBCU (June 16, 2014 11:20 PST). Ex. 12 to Atlantic's Evid., p. 490-91. <br><br> • UCP001129 E-mail from Stephen Smith, Head of Security, Europe, NBCU to Randi Richmond, Vice President, Production, UCP (June 17, 2014 22:14 PST). Ex. 145 to Atlantic's Evid., p. 1600. |
| 139. Smith, as head of security sent an e-mail on June 15, 2014, summing up the building tension and Israel's steps responding to the death of the teenagers. | • UCP000349 E-mail from Stephen Smith, Head of Security, Europe, NBCU to Randi Richmond, Vice President, Production, UCP (June 15, 2014 09:36 PST). Ex. 125 to Atlantic's Evid., p. 1501. |
| 140. NBCU's June 15, 2014 security e-mail stated: "In the past 48 hours, the | • UCP000349 E-mail from Stephen Smith, Head of Security, Europe, |

STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

| | |
|---|---|
| extent of Israeli military operations in Hebron and its environs have significantly increased, highlighted by the deployment of over 2,500 IDF soldiers to the area. While at this time operations remain limited to searches and intelligence gathering, Israeli military build ups, deployment of Iron Dome missile batteries, and limited activation of military reserves, suggest that the IDF is prepared for broader altercations, including armed confrontations with militants, civil unrest in Palestinian urban centers, or a more significant military offensive." | NBCU to Randi Richmond, Vice President, Production, UCP (June 15, 2014 09:36 PST). Ex. 125 to Atlantic's Evid., p. 1501. |
| 141.    On July 2, 2014, Israelis abducted and killed Palestinian teenager Muhammad Abu Khdeir, burning him alive, in what appeared to be an act of revenge for the murdered Israeli teenagers. | • UCP002422 E-mail from Max Security Intelligence to Stephen Smith, Head of Security, Europe, NBCU, (July 07, 2014 01:57 PST). Ex. 17 to Atlantic's Evid., p. 600.<br><br>• U.S. Dep't of State, Bureau of Democracy, Human Rights and Labor, Country Report on Human Rights Practices for 2014, 55 (2015), *available at* https://www.state.gov/documents/ |

STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

| | |
|---|---|
| | organization/236814.pdf. Ex. 5 to Atlantic's Evid., p. 144.<br><br>• This document is self-authenticating under Rule 902(5). |
| 142. An employee of NBCU's security team, Chris Biggs, sent an analysis of the situation on July 2, 2014, and stated three times that there was a serious risk of "war" occurring soon. He used the word "war" three times in this e-mail. | • UCP002618 Email from Chris Biggs, Security & Intelligence Analyst, NBCU International, to Stephen Smith, Head of Security, Europe, NBCU (July 02, 2014 10:00 PST). Ex. 79 to Atlantic's Evid., p. 1046. |
| 143. In the July 2, 2014 e-mail, Chris Biggs wrote:<br><br>"Killing of Israeli abductees increases pressure on Israeli government to retaliate militarily, raising war and unrest risks."<br>"A broader Gaza war would become more likely if Hamas or other Gaza-based militants responded with several dozen rockets per day into southern Israel over a sustained period. A broader war would result in a much higher likelihood of Hamas using Fajr-5 rockets, capable of reaching Tel Aviv." | • UCP002618 Email from Chris Biggs, Security & Intelligence Analyst, NBCU International, to Stephen Smith, Head of Security, Europe, NBCU (July 02, 2014 10:00 PST). Ex. 79 to Atlantic's Evid., p. 1046. |

1615678.1

**STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

| | |
|---|---|
| 144. Later on July 2, 2014, NBCU's head of security for Europe, Smith, adopted Biggs' words in the above-quoted e-mail as his own, sending them in an e-mail to UCP producers. | • UCP001037 E-mail from Stephen Smith, Head of Security, Europe, NBCU, to Mark Binke, Executive Vice President, Production, UCP (July 02, 2014 02:21 PST). Ex. 142 to Atlantic's Evid., p. 1578. |
| 145. Smith shared the above information regarding the risks of a broader Gaza war with the production team because he believed it was information that needed to be shared. | • Smith Depo., at p. 320-22. Ex. 119 to Atlantic's Evid., p. 1450-51.<br>• UCP001037 E-mail from Stephen Smith, Head of Security, Europe, NBCU, to Mark Binke, Executive Vice President, Production, UCP (July 02, 2014 02:21 PST). Ex. 142 to Atlantic's Evid., p. 1578. |
| 146. During the summer of 2014, Israel was carrying out offensive strikes against Hamas in Gaza, and Hamas took offensive action against Israel, and there was a continuing escalation of that activity. | • Smith Depo., at p. 215-19. Ex. 119 To Atlantic's Evid., p. 1426-27. |
| 147. There was an escalation and uptick of activity that was aimed from Gaza to Israel and out of Israel back toward Gaza during July 2014. | • Smith Depo., at p. 170-71. Ex. 119 To Atlantic's Evid., p. 1419. |

STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

| | | |
|---|---|---|
| 1 | 148. Beginning in mid-June 2014, and continuing throughout July and August, Palestinians launched rockets into Israel. | • Lowenstein Aff. at p. 6. Ex. 1 to Atlantic's Evid., p. 7 ¶I-L. |
| 2 | | |
| 3 | | • Smith Depo., at p. 170-71, 212-13, 342-43. Ex. 119 to Atlantic's Evid., p. 1419, 1425, 1456. |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | • UCP003591-92 E-mail from Penelope Kennedy, Production Supervisor, NBCU to Randi Richmond, Vice President, Production, UCP (July 03, 2014 23:22 PST) ("Increase in rocket attacks on southern Israel emanating from Gaza; general increase in security and military activity…; danger facing Israel is from missile or rocket attacks, which at present are largely confined to areas in south Israel, closest to Gaza). Ex. 126 to Atlantic's Evid., p. 1503-04. |
| 8 | | |
| 9 | | |
| 10 | | |
| 11 | | |
| 12 | | |
| 13 | | |
| 14 | | |
| 15 | | |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | • UCP002149-54 E-mail from Max Security Intelligence to Stephen Smith, Head of Security, Europe, NBCU (July 05, 2014 03:16 PST) (Max Security report regarding rocket fire and Israel's retaliatory airstrikes). Ex. 18 to Atlantic's Evid., p. 606-11. |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | • UCP000485 E-mail from Erin Noordeloos, Director of |

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

| | | |
|---|---|---|
| 1 | 149.    In particular, the Palestinians were firing "anti-craft missiles," "long-range missiles," "rockets," and "mortars." | • Lowenstein Aff. at p. 7. Ex. 1 to Atlantic's Evid., p. 8 ¶R.
• UCP000664-665 *Israel Dig Update*, Security in Confidence: NBCU International Security Briefing (NBCU, New York, N.Y.), July 09, 2014 (referencing anti-aircraft missiles, long-range missiles, and rockets). Ex. 114 to Atlantic's Evid., p. 1370-71
• UCP000661 *Israel Dig Update*, Security in Confidence: NBCU International Security Briefing (NBCU, New York, N.Y.), July 09, 2014  (referencing Palestinian mortar fire). Ex. 114 to Atlantic's Evid., p. 1367.
• UCP002507 E-mail from Chris Biggs, Security & Intelligence Analyst, NBCU International, to Stephen Smith, Head of Security, Europe, NBCU (July 11, 2014 03:58 PST)  ("Two IDF soldiers were injured by a mortar round fired by Gaza militants …"). Ex. 27 to Atlantic's Evid., p. 661. |

1615678.1

64

ANDERSON, McPHARLIN & CONNERS LLP

LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

| | |
|---|---|
| | • UCP002710 E-mail from Stephen Smith, Head of Security, Europe, NBCU to Randi Richmond, Vice President, Production, UCP (July 08, 2014 12:41 PST) ("Israeli government reportedly instructed the IDF to steadily intensify attacks in the Gaza Strip to counter rocket and mortar fire"). Ex. 130 to Atlantic's Evid., p. 1514. |
| 150.    In response to the Palestinians' launching of rockets, Israel deployed its Air Force to retaliate with airstrikes on a regular basis that persisted until the war ended on August 26, 2014. | • Lowenstein Aff. at p. 8. Ex. 1 to Atlantic's Evid., p. 9 ¶T.<br><br>• UCP002149-54 E-mail from Max Security Intelligence to Stephen Smith, Head of Security, Europe, NBCU (July 05, 2014 03:16 PST) (Max Security report regarding rocket fire and Israel's retaliatory airstrikes). Ex. 18 to Atlantic's Evid., p. 606-09.<br><br>• U.S. Dep't of State, Bureau of Democracy, Human Rights and Labor, Country Report on Human Rights Practices for 2014, 1 (2015), *available at* https://www.state.gov/documents/organization/236814.pdf. Ex. 5 to |

STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO
PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

ANDERSON, MCPHARLIN & CONNERS LLP

LAWYERS

707 WILSHIRE BOULEVARD, SUITE 4000

LOS ANGELES, CALIFORNIA 90017-3623

TEL (213) 688-0080 • FAX (213) 622-7594

Atlantic's Evid., p. 90.

- This document is self-authenticating under Rule 902(5).

- Human Rights Council, *Human Rights Situation in Palestine and other Occupied Arab Territories*, 18, U.N. Doc. A/HRC/29/CRP.4 (June 24, 2015). Ex. 6 to Atlantic's Evid., p. 227.

- This document is self-authenticating under Rule 902(5).

- UCP002524 E-mail from Max Security Intelligence to Stephen Smith, Head of Security, Europe, NBCU (June 15, 2014 05:03 PST). Ex. 11 to Atlantic's Evid., p. 483.

- UCP002337 E-mail from Max Security Intelligence to Stephen Smith, Head of Security, Europe, NBCU (June 16, 2014 11:20 PST). Ex. 12 to Atlantic's Evid., p. 490.

- UCP002704 E-mail from Max Security Intelligence to Stephen Smith, Head of Security, NBCU (June 29, 2014 11:01 PST). Ex. 28 to

STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

| | |
|---|---|
| | Atlantic's Evid., p. 665.<br><br>• UCP002790 E-mail (and attachment thereto) from Chris Biggs, Security & Intelligence Analyst, International Security, NBCU to Stephen Smith, Head of Security, Europe, NBCU (July 01, 2014 02:12 PST). Ex. 131 to Atlantic's Evid., p. 1517. |
| 151. The Max Security Reports noted a pattern of "tit-for-tat exchanges between the Israeli military and Gaza based militants." | • UCP002205 E-mail from Max Security Intelligence to Stephen Smith, Head of Security, Europe, NBCU (June 24, 2014 24:17 PST). Ex. 13 to Atlantic's Evid., p. 495.<br><br>• UCP002579-2581 E-mail from Max Security Intelligence to Shachar Kenion, Max Security Intelligence (June 30, 2014 20:17 PST). Ex. 92 to Atlantic's Evid., p. 1163-65.<br><br>• UCP002219 E-mail from Max Security Intelligence to Stephen Smith, Head of Security, Europe, NBCU (July 3, 2014 01:49 PST). Ex. 108 to Atlantic's Evid., p. 1268. |
| 152. By July 1, 2014, NBCU's security team no longer viewed Israel as safe, as | • UCP001065 E-mail from Stephen Smith, Head of Security, Europe, |

**STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

ANDERSON, MCPHARLIN & CONNERS LLP

LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

| | |
|---|---|
| it had just a few months earlier—it began advising no travel to Israel. | NBCU to Mark Binke, Executive Vice President, Production, UCP and Randi Richmond, Vice President, Production, UCP (July 01, 2014 06:05 PST). Ex. 146 to Atlantic's Evid., p. 1603. |
| 153.    In an e-mail dated July 2, 2014, Smith, NBCU's head of security who was sending regular updates to the production team about the dangers stated: "The primary danger facing Israel is from missile or rocket attack." | • UCP001013 E-mail from Randi Richmond, Vice President, Production, UCP, to Stephen Smith, Head of Security, Europe, NBCU (July 02, 2014 05:49 PST). Ex. 137 to Atlantic's Evid., p. 1548. |
| 154.    In a July 8th e-mail from Stephen Smith to Randi Richmond, Smith stated: "Summarizing the info below, there is a significant risk of an escalation as conditions for a ceasefire are unlikely to be acceptable."<br><br>"Cross-border fire between the Israeli Defense Forces (IDF) and Gaza-based militants escalated during the evening hours of July 7, as the Israeli Government reportedly instructed the IDF to steadily intensify attacks in the Gaza Strip to counter rocket and mortar fire." | • UCP001855 E-mail from Stephen Smith, Head of Security, Europe, NBCU to Randi Richmond, Vice President, Production, UCP (July 08, 2014 12:41 PST). Ex. 132 to Atlantic's Evid., p. 1529. |

**STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

ANDERSON, McPHARLIN & CONNERS LLP

LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

| "As a consequence of the increasing rate and range of Palestinian rocket and mortar fire, along with Israel's reported decision to intensify retaliatory airstrikes, that there is an increased threat of rocket attacks against Israel towns and cities located at a greater distance from Gaza." | |
|---|---|
| 155.    On July 8, 2014, Israel launched Operation Protective Edge. | • U.S. Dep't of State, Bureau of Democracy, Human Rights and Labor, Country Report on Human Rights Practices for 2014, 1, 52-53 (2015), *available at* https://www.state.gov/documents/organization/236814.pdf. Ex. 5 to Atlantic's Evid., p. 90, 141-42. <br><br>• This document is self-authenticating under Rule 902(5). <br><br>• UCP001845 E-mail from Max Security Intelligence to Stephen Smith, Head of Security, Europe, NBCU (July 08, 2014 01:46 PST). Ex. 29 to Atlantic's Evid., p. 669. <br><br>• Lowenstein Aff. at p. 6 (stating Operation Protective Edge began on |

**STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

ANDERSON, McPHARLIN & CONNERS LLP

LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

| | |
|---|---|
| | July 7, 2014). Ex. 1 to Atlantic's Evid., p. 7 ¶ J.<br><br>• This fact is the subject of a request for judicial notice. |
| 156.   On July 9, 2014, Smith sent an e-mail to the plaintiffs' representatives that contained a detailed timeline of the events of that day:<br><br>• Gaza death toll between 25-35, with at least 300 injured<br><br>• Iron Dome defense system deployed near Jerusalem, following large amounts of long range missiles fired from Gaza<br><br>• Public bomb shelters opened in Tel Aviv and Jerusalem<br><br>• Hamas claims responsibility for firing of four rockets on Jerusalem, four on Tel Aviv, twelve on Ashdod and one on Haifa<br><br>• Five rockets fired toward Tel Aviv, four intercepted successfully, one landed in the | • UCP000888-896 E-mail (and attachment thereto) from Stephen Smith, Head of Security, Europe, NBCU to Randi Richmond, Vice President, Production, UCP (July 09, 2014 06:16 PST). Ex. 133 to Atlantic's Evid., p. 1532-40. |

**STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

| | |
|---|---|
| sea, no injuries. Rockets aimed at Ben Gurion Airport.<br><br>• Rocket fired towards Jerusalem hit a residents building in Jerusalem, no injuries reported.<br><br>• Due to rocket attacks, U.S. Embassy in Tel Aviv to operate in minimal staffing<br><br>• The European hospital in Gaza has been hit by **Israel fighter jets**, casualties reported<br><br>• Rocket landed in Hadera area, city between Tel Aviv and Haifa, 60 miles from Gaza<br><br>• Gunmen from Hamas landed on the shore near Zikim adjacent to the Gaza border, where a kibbutz and a military base are located. Four gunmen were killed. | |
| 157.   Hamas and Israel carried out seaborne attacks against each other in July and August of 2014. | • UCP002468 E-mail from Chris Biggs, Security & Intelligence Analyst, NBCU International, to Erin Noordeloos, Director of International Security and Crisis Management, NBCU,  and Stephen |

1615678.1

**STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

Smith, Head of Security, Europe, NBCU (July 10, 2014 02:40 PST). Ex. 128 to Atlantic's Evid., p. 1508.

- UCP002683 E-mail from Country Risk Forecast and Travel Security Online to Stephen Smith, Head of Security, Europe, NBCU (July 09, 2014 05:16 PST) (noting Gaza-based militants' attempted incursion via the Mediterranean Sea). Ex. 20 to Atlantic's Evid., p. 622.

- UCP002372 E-mail from Max Security Intelligence to Stephen Smith, Head of Security, Europe, NBCU (July 09, 2014 24:57 PST) ("This was witnessed on July 8, after five Hamas militants raided Kibbutz Zikim from the sea."). Ex. 31 to Atlantic's Evid., p. 680.

- Lowenstein Aff. at p. 6. Ex. 1 to Atlantic's Evid., p. 7 ¶K.

- Human Rights Council, *Human Rights Situation in Palestine and other Occupied Arab Territories*, 69 U.N. Doc. A/HRC/29/CRP.4 (June 24, 2015).

**STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

Case 2:16-cv-04435-PA-MRW   Document 207-9   Filed 05/01/20   Page 77 of 151   Page ID
#:5283
Case 2:16-cv-04435-PA-MRW   Document 204-9   Filed 04/17/20   Page 76 of 150   Page ID
#:5283

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

| | |
|---|---|
| | Ex. 6 to Atlantic's Evid., p. 278. |
| | • This document is self-authenticating under Rule 902(5). |
| | • UCP001845 E-mail from Max Security Intelligence to Stephen Smith, Head of Security, Europe, NBCU (July 08, 2014 01:46 PST). Ex. 29 to Atlantic's Evid., p. 669. |
| | • UCP002332 E-mail from Max Security Intelligence to Stephen Smith, Head of Security, Europe, NBCU (July 16, 2014 24:53 PST). Ex. 26 to Atlantic's Evid., p. 655. |
| 158.   Chris Biggs of NBCU wrote the following e-mail to Smith on July 10, 2014: "Hamas' military wing … sent a seaborne unit to attack an Israeli position in Ashkalon, southern Israel; and fired rockets against Tel Aviv's Ben Gurion Airport and Jerusalem," while Israel "authorized the Israeli Defense Forces (IDF) to call up to 40,000 reservists, and conducted hundreds of air raids on Gaza." | • UCP002468 E-mail from Chris Biggs, Security & Intelligence Analyst, NBCU International, to Erin Noordeloos, Director of International Security and Crisis Management, NBCU,  and Stephen Smith, Head of Security, Europe, NBCU (July 10, 2014 02:40 PST). Ex. 128 to Atlantic's Evid., p. 1508. |

1615678.1

**STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO
PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

| | |
|---|---|
| 159.    On July 10, 2014, Stephen Smith wrote in an e-mail to Mark Binke, the Executive Vice President of Production for UCP that he could no longer guarantee the safety and security of the crew. | • UCP000940 E-mail from Stephen Smith, NBCU Head of Security, Europe, to Mark Binke, Executive Vice President, Production, UCP (July 10, 2014 8:09 PST). Ex. 129 to Atlantic's Evid., p. 1512. |
| 160.    In an e-mail from Chris Biggs to Erin Noordeloos and Stephen Smith, Biggs stated: "Israeli ground operation in Gaza increasingly likely, risking unintended escalation involving Syria and Hizbullah."<br><br>"Hamas's military wing, the Ezz Eddine al-Qassam Brigades, yesterday (8 July) sent a seaborne unit to attack an Israeli position in Askhalon, southern Israel; and fire rockets against Tel Aviv's Ben Gurion Airport and against Jerusalem . . . ."<br><br>"For its part, Israel on yesterday authorized the Israeli Defense Forces (IDF) to call up to 40,000 reservists, and conducted hundreds of air raids on Gaza." | • UCP002468 E-mail from Chris Biggs, Security & Intelligence Analyst, NBCU to Erin Noordeloos, Director of International Security and Crisis Mgmt., NBCUniveral and to Stephen Smith, Head of Security, Europe, NBCU (July 10, 2014 02:40 PST). Ex. 128 to Atlantic's Evid., p. 1508. |

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

**STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO
PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

| | |
|---|---|
| 161. As of July 10, 2014, it had become clear, including to plaintiffs, that Israel was planning a ground invasion. | • UCP002468-70 E-mail from Chris Biggs, Security & Intelligence Analyst, NBCU International, to Erin Noordeloos, Director of International Security and Crisis Management, NBCU, and to Stephen Smith, Head of Security, Europe, NBCU (July 10, 2014 02:40 PST) ("ground operation in Gaza increasingly likely"). Ex. 128 to Atlantic's Evid., p. 1508-10. |
| | • UCP001851 E-mail from Max Security Intelligence to Stephen Smith, Head of Security, Europe, NBCU (July 11, 2014 12:26 PST) (July 11 Max Security Report quoting Netanyahu stating Israel was considering ground invasion). Ex. 32 to Atlantic's Evid., p. 686. |
| | • UCP002712 E-mail from Max Security Intelligence to Stephen Smith, Head of Security, Europe, NBCU (July 14, 2014 12:30 PST) ("Israeli Cabinet's authorization of 42,000 reservists to be called up further suggests the possibility of a ground invasion over the coming days"). Ex. 24 to Atlantic's Evid., p. 644. |

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

1615678.1

75

STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO
PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

| 162. In an e-mail from Smith dated July 10, 2014, Smith recommended that personnel leave Israel, and stated: "We have looked at the magnitude and range, of current rocket attacks (which appear to target locations to be used in forthcoming filming)." | • UCP000993 E-mail from Stephen Smith, Head of Security, Europe, NBCU, to Mark Binke, Executive Vice President, Production, UCP (July 10, 2014 07:52 PST). Ex. 138 to Atlantic's Evid., p. 1551. |
|---|---|
| 163. The lawyer for one of the cast members of Dig also used the word war to describe the events of 2014. | • UCP020043-47 E-mail from Harris Hartman to Juliana Carnessale, Esquire, Senior Vice President of Business Affairs, NBCU (July 09, 2014 10:26 PST). Ex. 143 to Atlantic's Evid., p. 1582-86. |
| 164. The lawyer wrote an e-mail to several NBCU employees, stating:<br><br>"We can't imagine the production will continue in a war zone under continuing air raid sirens."<br><br>After receiving no response, he wrote:<br><br>"Not the sort of e-mails I expected to be met with silence. Can you guys please let us know what is going on? Would you send your child into a war | • UCP020045 E-mail from Harris Hartman to Juliana Carnessale, Esquire, Senior Vice President of Business Affairs, NBCU (July 09, 2014 10:26 PST). Ex. 143 to Atlantic's Evid., p. 1548. E-mail from Harris Hartman to Juliana Carnessale, Esquire, Senior Vice President of Business Affairs, NBCU (July 10, 2014 11:43 PST). Ex. 143 to Atlantic's Evid., p. 1548. |

**STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

| | |
|---|---|
| zone?" | |
| 165.   The lawyer later wrote that waiting for a decision was "nerve-wracking for the individuals who could literally be on the front lines;" and that "the area," referring to Israel and Palestine, "is quite literally a war zone." | • UCP020044 E-mail from Harris Hartman to Lori Lynem, Esquire, Vice President of Business Affairs, NBCU (July 10, 2014 13:25 PST). Ex. 143 to Atlantic's Evid., p. 1583. |
| 166.   The plaintiffs had finished filming the pilot episode of *Dig* on June 26, 2014, and were on a scheduled hiatus until July 19, 2014. | • UCP000340-42 E-mail from Susan Weiss, Senior Vice President, AON/Albert G. Ruben Insurance Services, Inc., to Andrea Garber, Senior Director, Risk Management, NBCU (July 15, 2014 13:34 PST). Ex. 39 to Atlantic's Evid., p. 738. |
| 167.   On July 11, given the escalation of the fighting, the plaintiffs decided to temporarily postpone the production that was scheduled to resume on July 19, 2014. | • First Amended Compl. at ¶ 24. Ex. 14 to Atlantic's Evid., p. 512. |
| 168.   Hamas launched an unmanned aerial vehicle believed to possibly be carrying explosives at Israel on July 14, 2014. | • Lowenstein Aff. at p. 6. Ex. 1 to Atlantic's Evid., p. 7 ¶M.<br>• Human Rights Council, *Human Rights Situation in Palestine and other Occupied Arab Territories*, 18, U.N. Doc. A/HRC/29/CRP.4 (June 24, 2015). |

**STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

ANDERSON, McPHARLIN & CONNERS LLP

LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

| | |
|---|---|
| | Ex. 6 to Atlantic's Evid., p. 227.<br><br>• This document is self-authenticating under Rule 902(5). |
| 169.    Between July 8 and July 17, 2014, Israel and Hamas engaged in consistent and ongoing fighting, with Hamas primarily firing rockets and missiles into Israel, and Israel responding with airstrikes by fighter jets. | • Lowenstein Aff. at p. 6-7.  Ex. 1 to Atlantic's Evid., p. 7-8 ¶K-N.<br>• UCP000888 E-mail from Stephen Smith, Head of Security, Europe, NBCU to Randi Richmond, Vice President, Production, UCP (July 09, 2014 06:16 PST). Ex. 133 to Atlantic's Evid., p. 1532. |
| 170.    According to the plaintiffs, because of the magnitude and range of rocket attacks, they decided to abandon filming in Israel altogether on July 16, 2014. | • UCP000993 E-mail from Stephen Smith, Head of Security, Europe, NBCU, to Mark Binke, Executive Vice President, Production, UCP (July 10, 2014 07:52 PST). Ex. 138 to Atlantic's Evid., p. 1551.<br><br>• UCP000940 E-mail from Stephen Smith, Head of Security, Europe, NBCU to Mark Binke, Executive Vice President, Production, UCP (July 10, 2014 8:09). Ex. 129 to Atlantic's Evid., p. 1512.<br><br>• UCP001286 E-mail from Stephen Smith, Head of Security, Europe, |

1615678.1

**STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

| | |
|---|---|
| | NBCU to Mark Binke, Executive Vice President, Production, UCP (July 16, 2014 12:16). Ex. 121 to Atlantic's Evid., p. 1474.<br><br>• UCP000736 E-mail from Stephen Smith, Head of Security, Europe, NBCU to Mark Binke, Executive Vice President, Production, UCP (July 17, 2014 6:47). Ex. 111 to Atlantic's Evid., p. 1285.<br><br>• Plaintiffs' Supplemental Response to Interrogatory No. 25. Ex. 40 to Atlantic's Evid., p. 745-47. |
| 171.   Filming of *Dig* was completed partly in New Mexico and partly in Croatia. | • First Amended Compl. ¶ 27. Ex. 14 to Atlantic's Evid., p. 513. |
| 172.   On July 17, Israel's ground forces invaded Gaza. | • Lowenstein Aff. at p. 7. Ex. 1 to Atlantic's Evid., p. 8 ¶O.<br><br>• UCP003467 E-mail from Stephen Smith, Head of Security, Europe, NBCU to Mark Binke, Executive Vice President, Production, UCP (July 17, 2014 13:01 PST) ("Ground offensive started"). Ex. 134 to Atlantic's Evid., p. 1542. |

**STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- UCP000503 E-mail from Tom McCarthy, Global Chief Security Officer/Senior Vice President, NBCU, to Mark Binke, Executive Vice President, Production, UCP (July 17, 2014 15:03 PST) (e-mail including link to article noting that a ground invasion had begun on July 17). Ex. 135 to Atlantic's Evid., p. 1544.

- Human Rights Council, *Human Rights Situation in Palestine and other Occupied Arab Territories*, 18, U.N. Doc. A/HRC/29/CRP.4 (June 24, 2015). Ex. 6 to Atlantic's Evid., p. 227.

- This document is self-authenticating under Rule 902(5).

- U.N. Office for the Coordination of Humanitarian Affairs, Fragmented Lives Humanitarian Overview 2014, 8 (2015), https://www.ochaopt.org/documents/annual_humanitarian_overview_2014_english_final.pdf. Ex. 36 to Atlantic's Evid., p. 706.

- This document is self-authenticating

**STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

| | | |
|---|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8<br>9<br>10 | | under Rule 902(5).<br><br>• UCP001462 E-mail from Stephen Smith, Head of Security, Europe, NBCU, to Mark Binke, Executive Vice President, Production, UCP (July 18, 2014 06:43 PST). Ex. 136 to Atlantic's Evid., p. 1546.<br><br>• This fact is the subject of a request for judicial notice. |
| 11<br>12<br>13<br>14<br>15<br>16<br>17<br>18<br>19<br>20<br>21<br>22<br>23<br>24<br>25<br>26<br>27<br>28 | 173.    The IDF ground invasion involved thousands of IDF troops, including infantry, armored and engineering corps, artillery and intelligence forces, combined with aerial and naval support and accompanied by tanks and helicopter gunships. | • Lowenstein Aff. at p. 7. Ex. 1 to Atlantic's Evid., p. 8 ¶O.<br><br>• U.S. Dep't of State, Bureau of Democracy, Human Rights and Labor, Country Report on Human Rights Practices for 2014, 59 (2015), available at https://www.state.gov/documents/ organization/236814.pdf. Ex. 5 to Atlantic's Evid., p. 148.<br><br>• This document is self-authenticating under Rule 902(5).<br><br>• Human Rights Council, *Human Rights Situation in Palestine and other Occupied Arab Territories*, 3, U.N. Doc. A/HRC/29/CRP.4 (June 24, 2015). |

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

**STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

| | |
|---|---|
| | Ex. 6 to Atlantic's Evid., p. 212. <br><br> • This document is self-authenticating under Rule 902(5). |
| 174. Early in the morning of July 18, 2014, NBCU's head of security, Stephen Smith, sent an e-mail to Mark Binke with a "quick summary of events." It stated, in part:<br><br>"Over 100 targets, including rocket launching sites and underground tunnels, were targeted throughout Gaza during the overnight hours of July 17-18 as more Israeli troops and armor advanced into Gaza. Fourteen Hamas militants were reportedly killed in Israeli attacks, while the Israel Defense Forces (IDF) sustained its first fatality after a soldier was killed by light arms fire.<br><br>Rockets meanwhile continued to be fired into southern Israeli towns within a 40 km range of the Gaza Strip since the beginning of Israel's ground offensive.<br><br>At this time there has been no de- | • UCP001462 E-mail from Stephen Smith, Head of Security, Europe, NBCU, to Mark Binke, Executive Vice President, Production, UCP and Randi Richmond, Vice President, Production, UCP (July 18, 2014 06:43 PST). Ex. 136 to Atlantic's Evid., p. 1546. |

**STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

escalation in the conflict and the threat to personnel resulting in serious injury or loss of life remains considerable…

The Israeli military said it would be calling up an additional 18,000 reservists to support ongoing operations in the Gaza Strip.

The launch of Israel's ground campaign underscores the likelihood that IDF operations will continue to escalate in both scope and size over the coming hours and days.

Although P.M. Natanjahu [sic] has stated that Israel's objective on the ground is to neutralize Hamas tunnels, we assess that Israel's ground campaign is likely to additionally target other militant infrastructure, especially rocket launching sites in Gaza periphery and the extensive underground networks that support them.

No realistic timeframe for any reduction in hostilities can be established at

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

**STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

| | | |
|---|---|---|
| 1 | present." | |
| 2 | 175. As the fighting continued, Israel conducted more and more airstrikes and attacked with tanks and soldiers on the ground. | • UCP002155-57 E-mail from Chris Biggs, Security & Intelligence Analyst, NBCU International, to Stephen Smith, Head of Security, Europe, NBCUnversal (Aug. 01, 2014 01:20 PST) (E-mail discussing attacks by Israel with tank fire, and continued rocket fire by Palestinians). Ex. 33 to Atlantic's Evid., p. 691-93. |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | | |
| 9 | | |
| 10 | | |
| 11 | | • U.S. Dep't of State, Bureau of Democracy, Human Rights and Labor, Country Report on Human Rights Practices for 2014, 1 (2015), *available at* https://www.state.gov/documents/ organization/236814.pdf. Ex. 5 to Atlantic's Evid., p. 90. |
| 12 | | |
| 13 | | |
| 14 | | |
| 15 | | |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | • This document is self-authenticating under Rule 902(5). |
| 21 | | |
| 22 | | • Human Rights Council, *Human Rights Situation in Palestine and other Occupied Arab Territories*, 18, U.N. Doc. A/HRC/29/CRP.4 (June 24, 2015). Ex. 6 to Atlantic's Evid., p. 227. |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | • This document is self-authenticating |

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

1615678.1

**STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

| | |
|---|---|
| | under Rule 902(5). |
| 176.   By August 1st, NBCU's security team reported that "1,460 Palestinians, mostly civilians, have died in the conflict…sixty-three Israelis, mostly soldiers, have died." | • UCP002155-57 E-mail from Chris Biggs, Security & Intelligence Analyst, NBCU International, to Stephen Smith, Head of Security, Europe, NBCUnversal (Aug. 01, 2014 01:20 PST). Ex. 33 to Atlantic's Evid., p. 691-93. |
| 177.   Although there were several attempts to broker a ceasefire while Israel's Operation Protective Edge was in effect (July 8 through August 26), all were unsuccessful and any ceasefires they could agree to were short-lived. | • UCP003777 E-mail from Chris Biggs, Security & Intelligence Analyst, NBCU International to Stephen Smith, Head of Security, Europe, NBCU (Aug. 01, 2014 02:34 PST)  (E-mail referencing a brief ceasefire). Ex. 34 to Atlantic's Evid., p. 695.<br><br>• UCP002288-2292 E-mail from Max Security Intelligence to Stephen Smith, Head of Security, Europe, NBCU (July 11, 2014 02:06 PST)  (E-mail stating "Palestinian Authority President said his efforts to mediate ceasefire had failed and an Israeli ground operation into Gaza Strip would commence soon"). Ex. 22 to |

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

ANDERSON, McPHARLIN & CONNERS LLP

LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 668-0080 • FAX (213) 622-7594

| | |
|---|---|
| | Atlantic's Evid., p. 633-37.<br><br>• UCP003612 E-mail from Stephen Smith, Head of Security, Europe, NBCU, to Mark Binke, Executive Vice President, Production, UCP (July 17, 2014 01:29 PST) (E-mail from NBCU's head of security noting that a brief humanitarian ceasefire requested by the United Nations was in effect). Ex. 35 to Atlantic's Evid., p. 697. |
| 178.  On August 26, 2014, both sides agreed to an indefinite ceasefire, drawing the war to a close. | • U.S. Dep't of State, Bureau of Democracy, Human Rights and Labor, Country Report on Human Rights Practices for 2014 1, 59 (2015), *available at* https://www.state.gov/documents/organization/236814.pdf. Ex. 5 to Atlantic's Evid., p. 90, 148.<br><br>• This document is self-authenticating under Rule 902(5).<br><br>• Human Rights Council, *Human Rights Situation in Palestine and other Occupied Arab Territories*, 18, U.N. Doc. A/HRC/29/CRP.4 (June 24, 2015). |

STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

| | |
|---|---|
| | Ex. 6 to Atlantic's Evid., p. 227.<br><br>• U.N. Office for the Coordination of Humanitarian Affairs, Fragmented Lives Humanitarian Overview 2014, 5-6 (2015), https://www.ochaopt.org/documents/annual_humanitarian_overview_2014_english_final.pdf. Ex. 36 to Atlantic's Evid., p. 703-04.<br><br>• This document is self-authenticating under Rule 902(5).<br><br>• This fact is the subject of a request for judicial notice. |
| 179.   Israel continued Operation Protective Edge from July 8 to August 26, 2014, nearly 50 days. | • U.S. Dep't of State, Bureau of Democracy, Human Rights and Labor, Country Report on Human Rights Practices for 2014 1, 52-53 (2015), *available at* https://www.state.gov/documents/organization/236814.pdf. Ex. 5 to Atlantic's Evid., p. 90, 141-42.<br><br>• This document is self-authenticating under Rule 902(5).<br><br>• Human Rights Council, *Human Rights Situation in Palestine and other Occupied* |

**STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

| | |
|---|---|
| | *Arab Territories*, 20 U.N. Doc. A/HRC/29/CRP.4 (June 24, 2015). Ex. 6 to Atlantic's Evid., p. 229.<br><br>• This document is self-authenticating under Rule 902(5).<br><br>• This fact is the subject of a request for judicial notice. |
| 180.    During July 8 to August 26, 2014, Hamas and other militant groups fired 4,465 rockets and mortar shells into Israel, while the Israeli government conducted 5,242 airstrikes within Gaza and a 20-day military ground operation in Gaza. | • U.S. Dep't of State, Bureau of Democracy, Human Rights and Labor, Country Report on Human Rights Practices for 2014, 1 (2015), *available at* https://www.state.gov/documents/organization/236814.pdf. Ex. 5 to Atlantic's Evid., p. 90.<br><br>• This document is self-authenticating under Rule 902(5).<br><br>• UCP000292 U.S. Dep't. of State: Bureau of Consular Affairs, *Israel, the West Bank and Gaza Travel Warning*, U.S. Passports & Int'l. Travel (July 11, 2014), https://web.archive.org/web/20140724171638/http://travel.state.gov/content/passports/english/alertswarni |

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

**STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

ANDERSON, McPHARLIN & CONNERS LLP

LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

| | |
|---|---|
| | ngs/Israel-travel-warning.html (last visited on May 18, 2016). Ex. 30 to Atlantic's Evid., p. 675. |
| 181.    The 50 days of intense fighting left both Israel and Palestine ravaged—but Palestine was hit particularly hard due to Israel's access to much more high-powered weaponry (primarily fighter jets and tanks) and its possession of what is known as the Iron Dome: a missile-defense system that intercepts rockets and missiles before they land in Israel. | • UCP002054 E-mail from Max Security Intelligence to Stephen Smith, Head of Security, Europe, NBCU (July 20, 2014 01:43 PST). Ex. 37 to Atlantic's Evid., p. 724.<br><br>• UCP002136 E-mail from Max Security Intelligence to Stephen Smith, Head of Security, Europe, NBCU (July 21, 2014 07:00 PST). Ex. 38 to Atlantic's Evid., p. 730. |
| 182.    Palestinian fatalities totaled approximately 2,220, at least half of whom were civilians. | • U.S. Dep't of State, Bureau of Democracy, Human Rights and Labor, Country Report on Human Rights Practices for 2014, 1 (2015), *available at* https://www.state.gov/documents/organization/236814.pdf. Ex. 5 to Atlantic's Evid., p. 90.<br><br>• Jim Zanotti, Cong. Research Serv., RL34074, The Palestinians: Background and U.S. Relations 9 (2015). Ex. 4 to Atlantic's Evid., p. |

1615678.1

89

STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

| | |
|---|---|
| | 52. |
| | • These documents are self-authenticating under Rule 902(5). |
| | • This fact is the subject of a request for judicial notice. |
| 183. Approximately 11,000 Palestinians were wounded. | • U.N. Office for the Coordination of Humanitarian Affairs, Fragmented Lives Humanitarian Overview 2014, 5-6 (2015), https://www.ochaopt.org/documents/annual_humanitarian_overview_2014_english_final.pdf. Ex. 36 to Atlantic's Evid., p. 703-04. <br><br> • This document is self-authenticating under Rule 902(5). <br><br> • This fact is the subject of a request for judicial notice. |
| 184. The Israeli Defense Force lost 67 soldiers, and 6 Israeli citizens and one citizen of Thailand were killed. | • U.S. Dep't of State, Bureau of Democracy, Human Rights and Labor, Country Report on Human Rights Practices for 2014, 1 (2015), *available at* https://www.state.gov/documents/organization/236814.pdf. Ex. 5 to |

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

**STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

| | |
|---|---|
| | Atlantic's Evid., p. 90.<br><br>• Jim Zanotti, Cong. Research Serv., RL34074, The Palestinians: Background and U.S. Relations 9 (2015) (listing slightly different numbers of Israeli deaths—71 as opposed to 74). Ex. 4 to Atlantic's Evid., p. 52.<br><br>• These documents are self-authenticating under Rule 902(5).<br><br>• The fact relating to the approximate number of fatalities is the subject of a request for judicial notice. |
| 185.    Hostilities during Operation Protective Edge internally displaced approximately 520,000 persons in Gaza, and approximately 10,000 Israelis. | • U.S. Dep't of State, Bureau of Democracy, Human Rights and Labor, Country Report on Human Rights Practices for 2014, 1, 96 (2015), *available at* https://www.state.gov/documents/organization/236814.pdf. Ex. 5 to Atlantic's Evid., p. 90, 185.<br><br>• Human Rights Council, *Human Rights Situation in Palestine and other Occupied Arab Territories*, 18, U.N. Doc. A/HRC/29/CRP.4 (June 24, 2015). |

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

| | |
|---|---|
| | Ex. 6 to Atlantic's Evid., p. 227. |
| | • U.N. Office for the Coordination of Humanitarian Affairs, Fragmented Lives Humanitarian Overview 2014, 10 (2015), https://www.ochaopt.org/documents/annual_humanitarian_overview_2014_english_final.pdf. Ex. 36 to Atlantic's Evid., p. 708. |
| | • These documents are self-authenticating under Rule 902(5). |
| 186.    The damage to infrastructure was also severe during the 50 days of fighting. During Operation Protective Edge, Israeli armed forces destroyed electrical, water, and other public infrastructure. | • U.S. Dep't of State, Bureau of Democracy, Human Rights and Labor, Country Report on Human Rights Practices for 2014, 99 (2015), *available at* https://www.state.gov/documents/organization/236814.pdf. Ex. 5 to Atlantic's Evid., p. 188. |
| | • Human Rights Council, *Human Rights Situation in Palestine and other Occupied Arab Territories*, 18, U.N. Doc. A/HRC/29/CRP.4 (June 24, 2015). Ex. 6 to Atlantic's Evid., p. 227. |
| | • These documents are self- |

1615678.1

92

**STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

| | |
|---|---|
| | authenticating under Rule 902(5). |
| 187.    Estimates of the cost to repair the damage to infrastructure ranged from 15.6 billion to as high as 31.2 billion Israeli new shekels ($4-$8 billion). | • U.S. Dep't of State, Bureau of Democracy, Human Rights and Labor, Country Report on Human Rights Practices for 2014, 99 (2015), *available at* https://www.state.gov/documents/organization/236814.pdf. Ex. 5 to Atlantic's Evid., p. 188.<br><br>• This document is self-authenticating under Rule 902(5). |
| 188.    In late 2009, Aon/Albert G. Ruben Insurance Services, Inc. ("Aon"), the purported leading global provider of risk management, insurance and reinsurance services, contacted Atlantic to see if it was interested in underwriting many of NBCU's risks. | • AONNBCU000916 E-mail from Susan Weiss, Vice President, AON/Albert G. Ruben Insurance Services, Inc., to Kurt Ford, Senior Vice President, Production Services, NBCU (Nov. 24, 2009 20:00 PST). Ex. 42 to Atlantic's Evid., p. 761. |
| 189.    AON touts itself as "the leading global provider of risk management, insurance and reinsurance brokerage." | • AON, http://www.aon.com/about-aon/about-aon.jsp (last visited Apr. 22, 2017). Ex. 43 to Atlantic's Evid., p. 765. |
| 190.    The "starting point" for the terms of the policy was a manuscripted policy prepared by Aon and submitted | • AONNBCU000916 E-mail from Susan Weiss, Vice President, AON/Albert G. Ruben Insurance |

| | |
|---|---|
| to Atlantic for consideration by AON, which had been retained to represent NBCU and the plaintiffs in obtaining a new insurance policy. | Services, Inc., to Kurt Ford, Senior Vice President, Production Services, NBCU (Nov. 24, 2009 20:00 PST). Ex. 42 to Atlantic's Evid., p. 761. |
| 191.    The Plaintiffs had to actually "declare" or "add" Dig to the policy, which they did in December 2013. | • Deposition of Andrea Garber ("Garber Depo."), at p. 114. Ex. 147 to Atlantic's Evid., p. 1612. <br><br> • Memorandum of Points and Authorities in Support of Universal's Motion for Partial Summary Judgment ("Plaintiffs' Memo."), at p. 4. <br><br> • Statement of Uncontroverted Facts and Conclusions of Law in Support of Plaintiffs' Motion for Partial Summary Judgment ("Plaintiffs SUF") 16. |
| 192.    Andrea Garber, who was hired by NBCUniversal in June 2014 to serve in its risk management department, was the Aon employee who was involved in declaring Dig to the Policy. | • Garber Depo., at p. 121. Ex. 147 to Atlantic's Evid., p. 1613. |
| 193.    Ms. Garber knew that Israel was a "unique" location, based upon what she had read in the newspapers, and | • Garber Depo., at p. 123-24. Ex. 147 to Atlantic's Evid., p. 1614-1615. |

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO
PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

| | |
|---|---|
| realize that there could be random violence, such as at marketplaces and cafes. | |
| 194.    Ms. Garber, only had a "passing knowledge" of the Middle East from the limited information she had learned from the news, and she had not been in touch with plaintiffs' security team. | • Garber Depo., at p. 125. Ex. 147 to Atlantic's Evid., p. 1616. |
| 195.    Ms. Garber was not even aware of the occasional rocket fire into Israel, and instead, thought the risk was "more on the street issues" from random acts of violence. | • Garber Depo., at p. 126-27. Ex. 147 to Atlantic's Evid., p. 1617-1618. |
| 196.    Ms. Garber made no effort to discuss the possible deletion of the war exclusions from the Policy, or adding additional insurance. | • Garber Depo., at p. 134, 371-372. Ex. 147 to Atlantic's Evid., p. 1619, 1622-1623. |
| 197.    After the coverage issue arose, Andrea Garber was asked by representatives of plaintiffs whether she had discussed the war exclusions and that there was a call in which '[e]verything got rehashed again back to when we first declared the production and why additional insurance was not | • UCP000367 E-mail from Susan Weiss to Andrea Garber (July 17, 2014 18:40 PST). Ex. 149 to Atlantic's Evid., p. 1644-1645. |

1615678.1

95

STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

| | |
|---|---|
| purchased." | |
| 198.   Ms. Garber denied in her deposition that she was later criticized for not obtaining additional insurance, she was later asked about it, but admitted she was asked about it. | • Garber Depo., at p. 369-372.  Ex. 147 to Atlantic's Evid., p. 1620-1623.<br><br>• UCP000367 E-mail from Susan Weiss to Andrea Garber (July 17, 2014 18:40 PST). Ex. 149 to Atlantic's Evid., p. 1644-1645. |
| 199.   Garber had no discussions with Atlantic concerning the war exclusions in the Policy until the Dig claim was submitted. | • Garber Depo., at p. 73-74. Ex. 147 to Atlantic's Evid., p. 1610-1611. |
| 200.   Susan Weiss, a representative of NBCU's insurance broker (Aon) who was involved in negotiations of the policy, testified that she recalled no discussions with Atlantic about the war exclusions before the Dig claim arose. | • Deposition of Susan Weiss ("Weiss Depo."), at p. 31-32. Ex. 148 to Atlantic's Evid., p. 1634-1635. |
| 201.   Following extensive negotiations concerning various terms of the Policy, Atlantic agreed to issue the Policy to NBCU in 2010. | • First Amended Compl. ¶ 17. Ex. 14 to Atlantic's Evid., p. 509-10. |
| 202.   The issued policy was the result of "extensive negotiations" between Aon and Atlantic. | • Declaration of Peter Williams ("Williams Declaration"), at ¶ 3. Ex. 2 to Atlantic's Evid., p. 13. |

1615678.1

96

STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO
PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

ANDERSON, McPHARLIN & CONNERS LLP

LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

| | |
|---|---|
| | • Plaintiffs' SUF 3. |
| 203. There were no negotiations over the war exclusions, and thus they resulted from the form submitted by Aon. | • Garber Depo., at p. 73-74. Ex. 147 to Atlantic's Evid., p. 1610-1611.<br><br>• Weiss Depo., at p. 31-32. Ex. 148 to Atlantic's Evid., p. 1634-1635. |
| 204. Susan Weiss stated that the Policy "was a form that was created for a specific client addressing a specific client's needs." | • Weiss Depo., at p. 39-40. Ex. 148 to Atlantic's Evid., p. 1636-1637. |
| 205. Susan Weiss has admitted that the Policy is the property of Aon and NBCU and should not be sued by Atlantic as it is proprietary to Aon and NBCU. | • Weiss Depo., at p. 40. Ex. 148 to Atlantic's Evid., p. 1637. |
| 206. The parties continued to renew coverage after that first policy. | • First Amended Compl. ¶ 17. Ex. 14 to Atlantic's Evid., p. 509-10. |
| 207. The Policy currently at issue in this case is Policy No. MP00163-04, which was effective from January 1, 2014 through June 30, 2015. | • First Amended Compl. ¶ 16. Ex. 14 to Atlantic's Evid., p. 509. |
| 208. The relevant insuring agreement in the Policy states:<br>"We agree to pay you such loss (as defined in Paragraph VII) not including loss of earnings or profit, as you sustain | • Atlantic Policy No. MP00163-04 at p.1 of 4. Ex. 44 to Atlantic's Evid., p. 798. |

**STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

| | |
|---|---|
| by reason of such extra expense you necessarily incur as a result of the interruption, postponement, cancellation, relocation, curtailment or abandonment of an Insured Production due to the following:<br><br>1.    The loss must be a direct result of an unexpected, sudden or accidental occurrence entirely beyond your control to include:<br><br>…<br><br>(g) Imminent peril, defined as certain, immediate and impending danger of such probability and severity to persons or property that it would be unreasonable or unconscionable to ignore." | |
| 209.    The Policy also includes exclusions "applicable to all sections of this policy." The exclusions relevant here are:<br><br>"This policy does not insure against loss or damage caused directly or indirectly by:<br><br>(1) War, including undeclared or civil war; or | • Atlantic Policy No. MP00163-04 at p.6 of 7. Ex. 44 to Atlantic's Evid., p. 778. |

**STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

| | |
|---|---|
| (2) Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or<br>(3) Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss; or<br>(4) Any weapon of war including atomic fission or radioactive force, whether in time of peace or war[.]" | |
| 210.  Atlantic paid Plaintiffs over $2,032,875 in "imminent peril" losses it incurred from the filming of various television shows affected by superstorm Sandy in 2012. | • Declaration of Aaron Stone, ¶ 4, attached as Ex. 156 to Atlantic's Evid. at p. 1724. |
| 211.  As soon as it became clear that NBCU was considering moving the filming of *Dig* out of Israel, there was a flurry of e-mails over whether there would be insurance coverage for the | • UCP000346 E-mail from Curt Williams, Vice President, Production Services, NBCU, to Deborah Kizner, Account Executive, AON (June 16, 2014 08:05 PST). Ex. 125 to |

STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO
PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

(blank)

Case 2:16-cv-04435-PA-MRW   Document 207-9   Filed 05/17/20   Page 104 of 151   Page ID
#:26355
Case 2:16-cv-04435-PA-MRW   Document 207-9   Filed 05/17/20   Page 103 of 150   Page ID
#:5355

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

| | |
|---|---|
| move. | Atlantic's Evid., p. 1498. |
| | • UCP000870 E-mail from Malika Adams, CPCU, Supervisor, Risk Management, Comcast Corporation, to Kurt Ford, Senior Vice President, Production Services, NBCU (July 03, 2014 10:58 PST). Ex. 140 to Atlantic's Evid., p. 1560. |
| | • UCP000422 E-mail from Malika Adams, CPCU, Supervisor, Risk Management, Comcast Corporation, to Randi Richmond, Vice President, Production, UCP (July 07, 2014 20:11 PST). Ex. 141 to Atlantic's Evid., p. 1569. |
| | • UCP000442 E-mail from Andrea Garber, Senior Director, Risk Management, to Mark Binke, Executive Vice President, Production, UCP and Randi Richmond, Vice President, Production, UCP (July 14, 2014 10:03 PST). Ex. 113 to Atlantic's Evid., p. 1361. |
| 212.   NBCU employees consulted Malika Adams, an employee of Comcast, which now owns NBCU, for | • UCP000870 E-mail from Malika Adams, CPCU, Supervisor, Risk Management, Comcast Corporation, |

**STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO
PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

ANDERSON, McPHARLIN & CONNERS LLP

LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

| | |
|---|---|
| her opinion on whether coverage would apply. Ms. Adams wrote that NBCU would "have to be cautious because there is a war exclusion on the policy." | to Kurt Ford, Senior Vice President, Production Services, NBCU (July 03, 2014 10:58 PST). Ex. 140 to Atlantic's Evid., p. 1560. |
| 213.    In another follow up e-mail on the same issue, Ms. Adams wrote again to Randi Richmond, an employee of the Plaintiffs in the case: "[W]e may have some recourse but even that I would say with caution since there is a war exclusion on the policy that may come into play." | • UCP000422 E-mail from Malika Adams, CPCU, Supervisor, Risk Management, Comcast Corporated, to Randi Richmond, Vice President, Production, UCP (July 07, 2014 20:11 PST). Ex. 141 to Atlantic's Evid., p. 1569. |
| 214.    NBCU's own employee, Andrea Garber, wrote an e-mail noting that the exclusion for acts of war was "broad." | • UCP000442 E-mail from Andrea Garber, Senior Director, Risk Management, to Mark Binke, Executive Vice President, Production, UCP and Randi Richmond, Vice President, Production, UCP (July 14, 2014 10:03 PST). Ex. 113 to Atlantic's Evid., p. 1361. |
| 215.    The plaintiffs submitted a claim for coverage of "extra expenses" in moving the production of *Dig* out of Israel on July 15, 2014 | • First Amended Compl. at ¶ 29. Ex. 14 to Atlantic's Evid., p. 514. |
| 216.    Atlantic did state in its letter denying coverage that it believed that | • Plaintiffs' SUF 52. |

1615678.1

101

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

| | |
|---|---|
| Plaintiffs were in imminent peril and that the issue was whether the war exclusion applied. | |
| 217. In 2015, NBCU began shopping around for a new carrier, and Aon, on its behalf, submitted the actual Policy to other insurers, explaining: "It is a manuscripted policy that is the property of Aon . . . . They are looking to keep this same form at renewal." | • E-mail (and attachment thereto) from Susan Weiss, Vice President, AON/Albert G. Ruben Insurance Services, Inc., to Wendy Diaz, Allianz Global Risk U.S. Insurance Company (Mar. 23, 2015 16:39 PST). Ex. 112 to Atlantic's Evid., p. 1287-1359. |
| 218. The policy that Susan Weiss of Aon sent to other insurers was marked in bold on each and every page as follows: CONFIDENTIAL PROPERTY OF AON." | • E-mail (and attachment thereto) from Susan Weiss, Vice President, AON/Albert G. Ruben Insurance Services, Inc., to Wendy Diaz, Allianz Global Risk U.S. Insurance Company (Mar. 23, 2015 16:39 PST). Ex. 112 to Atlantic's Evid., p. 1287-1359. |
| 219. In response to an interrogatory that asked the Plaintiffs to explain why they contended their loss did not result from "weapons of war," they stated that the loss was not caused by the weapons | • Plaintiffs' Response to Interrogatory No. 16. Ex. 41 to Atlantic's Evid., p. 754. |

STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO
PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

| | |
|---|---|
| of war but instead "by the atmosphere of terror created by Hamas' random and indiscriminate firing of mortars and rockets and the potential threat of other attacks which could be used by Hamas, such as suicide bombers." | |
| 220.   The populace at large around the world, including news outlets, politicians, and world leaders, referred to the fighting between Israel and Hamas as a "war." For example, NBC News titled a news article *Gaza cease-fire holds between Hamas and Israel after 50-day war*. | • ATL005260 *Gaza cease-fire holds between Hamas and Israel after 50-day war*, NBC News, Aug. 27, 2014, http://www.nbcnews.com/storyline/middle-east-unrest/gaza-cease-fire-holds-between-hamas-israel-after-50-day-n189821. Ex. 45 to Atlantic's Evid., p. 824. <br><br>• This document is self-authenticating under Rule 902(6). |
| 221.   NBC News titled an article *How technology is intensifying Gaza War between Israel and Hamas*. | • ATL00004726-004729 Alastair Jamieson, *How technology is intensifying Gaza War between Israel and Hamas*, NBC News, July 30, 2014, http://www.nbcnews.com/storyline/middle-east-unrest/how-technology-intensifying-gaza-war-between-israel-hamas-n158536. Ex. 46 to Atlantic's Evid., p. 826-29. |

**STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

| | |
|---|---|
| | • This document is self-authenticating under Rule 902(6). |
| 222.    NBC News titled an article *Israel and Hamas exchange missile fire as Gaza War looms*, in which it stated:<br><br>"Israelis ran for cover late on Tuesday as air-raid sirens sounded in the business capital Tel Aviv and the holy city of Jerusalem, both of which were hit in the Gaza war of November 2012." | • ATL004732 *Israel and Hamas exchange missile fire as Gaza War looms*, NBC News, July 8, 2014, http://www.nbcnews.com/news/world/israel-hamas-exchange-missile-fire-gaza-war-looms-n151111  Ex. 47 to Atlantic's Evid., p. 831.<br><br>• This document is self-authenticating under Rule 902(6). |
| 223.    NBC News titled an article *Public support for Israel shifting amid Gaza War, Britain warns*. | • ATL004736-004738 Cassandra Vinograd, *Public support for Israel shifting amid Gaza War, Britain warns*, NBC News, July 30, 2014, http://www.nbcnews.com/storyline/middle-east-unrest/public-support-israel-shifting-amid-gaza-war-britain-warns-n168366. Ex. 48 to Atlantic's Evid., p. 833-35.<br><br>• This document is self-authenticating under Rule 902(6). |
| 224.    NBC News titled an article *Gaza death toll nears 1,500 as 72-hour truce with Israel begins*, in which it states: | • ATL004741 *Gaza death toll nears 1,500 as 72-hour truce with Israel begins*, NBC News, Aug. 01, 2014, |

**STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

Case 2:16-cv-04435-PA-MRW   Document 207-9   Filed 05/01/20   Page 109 of 151   Page ID
#:5355
Case 2:16-cv-04435-PA-MRW   Document 207-9   Filed 05/01/20   Page 108 of 150   Page ID
#:26360

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

| | |
|---|---|
| "The death toll now surpasses the about 1,400 Palestinians killed during the Gaza war of 2008-2009." | http://www.nbcnews.com/storyline/middle-east-unrest/gaza-death-toll-nears-1-500-72-hour-truce-israel-n170236. Ex. 49 to Atlantic's Evid., p. 837.<br><br>• This document is self-authenticating under Rule 902(6). |
| 225.    MSNBC titled an article *Scenes of war and heartbreak as Israel-Hamas conflict intensifies.* | • ATL004588-004597 Benjamin Landy & Maria Lokke, *Scenes of war and heartbreak as Israel-Hams conflict intensifies*, MSNBC, July 18, 2014, http://www.msnbc.com/msnbc/scenes-war-and-heartbreak-israel-hamas-conflict-intensifies. Ex. 50 to Atlantic's Evid., p. 839-48.<br><br>• This document is self-authenticating under Rule 902(6). |
| 226.    MSNBC titled an article *In Israel and Palestine, children imagine a world without war.* | • ATL004598-004602 Donna Stefano, *In Israel and Palestine, children imagine a world without war*, MSNBC, July 06, 2014, http://www.msnbc.com/msnbc/israel-and-palestine-children-imagine-world-without-war. Ex. 51 to Atlantic's Evid., p. 850-54. |

1615678.1

STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO
PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

| | |
|---|---|
| | • This document is self-authenticating under Rule 902(6). |
| 227.   MSNBC and NBC News are affiliated with NBCU.  The same security personnel who provided security for *Dig*, including Smith, provided security for the NBC News bureau in Israel. | • For the relationship between MSNBC and NBCU, *see* http://www.nbcuniversal.com/business/msnbc (last visited on April, 17, 2017) ("MSNBC is part of the NBCU News Group, a division of NBCU, which is owned by Comcast Corporation."). Ex. 52 to Atlantic's Evid., p. 856.<br><br>• For the relationship between NBC News and NBCU, *see* http://www.nbcuniversal.com/business/nbc-news (last visited on April 17, 2017) ("NBC News is part of the NBCUniversal News Group, a division of NBCUniversal, which is owned by Comcast Corporation."). Ex. 53 to Atlantic's Evid., p. 858.<br><br>• Smith Depo., at p. 73-75.  Ex. 119 To Atlantic's Evid., p. 1403-04. |
| 228.   The Wall Street Journal titled an article *Israel, Hamas set out demands on Gaza*, in which it stated: | • ATL005261-005267 Nicholas Casey, Joshua Mitnick & Nicholas Casey, *Israel, Hamas set out demands on Gaza*, The Wall Street Journal, Oct. 23, |

| | |
|---|---|
| "Politically, the war offered Hamas a chance to burnish its anti-Israel credentials and bolster its flagging stature among Gazans and Muslims elsewhere in the Arab world…" | 2014, https://www.wsj.com/articles/israel-pulls-forces-from-gaza-as-cease-fire-begins-1407231543. Ex. 54 to Atlantic's Evid., p. 860-66.<br><br>• This document is self-authenticating under Rule 902(6). |
| 229.   The New York Times titled an article *Israel clears troops in airstrike near school in 2014 Gaza War*, which stated:<br><br>"The case was one of seven investigations into possible military misconduct during the 50-day war between Israel and Gaza's rocket firing militant groups…" | • ATL004603-004605 Isabel Kershner, *Israel clears troops in airstrike near school in 2014 Gaza War*, N.Y. Times, Aug. 24, 2016, https://www.nytimes.com/2016/08/25/world/middleeast/israel-gaza-war.html?_r=0. Ex. 55 to Atlantic's Evid., p. 868-70.<br><br>•  This document is self-authenticating under Rule 902(6). |
| 230.   Time Magazine titled an article *Israel seeks to gain advantage by reversing course in Gaza*, in which the article stated:<br><br>"The war continues and there is no victor, but Israel is gradually pulling most of its troops out of the Gaza Strip in a sign that in the course of a weekend, it decided to take a completely | • ATL004771-004774 Ilene Prusher, *Israel seeks to gain advantage by reversing course in Gaza*, Time Magazine, Aug. 03, 2014, http://time.com/3076594/israel-gaza-cease-fire-hamas-netanyahu/. Ex. 56 to Atlantic's Evid., p. 872-75.<br><br>• This document is self-authenticating |

ANDERSON, McPHARLIN & CONNERS LLP<br>LAWYERS<br>707 WILSHIRE BOULEVARD, SUITE 4000<br>LOS ANGELES, CALIFORNIA 90017-3623<br>TEL (213) 688-0080 • FAX (213) 622-7594

107

**STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

| | |
|---|---|
| different tack in its war with Hamas." | under Rule 902(6). |
| 231. The Washington Post titled an article *Here's what really happened in the Gaza war (according to the Israelis).* | • ATL004776-004779 William Booth, *Here's what really happened in the Gaza war (according to the Israelis)*, The Washington Post, Sept. 03, 2014, https://www.washingtonpost.com/news/worldviews/wp/2014/09/03/heres-what-really-happened-in-the-gaza-war-according-to-the-israelis/?utm_term=.18ba9ee8a00e. Ex. 57 to Atlantic's Evid., p. 877-80.<br><br>• This document is self-authenticating under Rule 902(6). |
| 232. CNN titled an article *Gaza War: The terrifying truth.* | • ATL004606-004610 Aaron D. Miller, *Gaza war: The terrifying truth*, CNN, Aug. 03, 2014, http://www.cnn.com/2014/08/01/opinion/miller-gaza-hamas-israel-cease-fire-obstacles/. Ex. 58 to Atlantic's Evid., p. 882-86.<br><br>• This document is self-authenticating under Rule 902(6). |
| 233. U.S. News and World Report titled an article *Israel clears forces in several deadly 2014 Gaza war cases*, in which it | • ATL004611-004630 Josef Federman, *Israel clears forces in several deadly 2014 Gaza war cases*, U.S. News and World |

1615678.1

108

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

| | | |
|---|---|---|
| 1 | stated: "The Israeli military on Wednesday cleared its forces of wrongdoing in three deadly incidents that took place during the 2014 Gaza war—including an airstrike that killed 15 members of a single family." | Report, Associated Press, Aug. 24, 2016, https://www.usnews.com/news/world/articles/2016-08-24/israel-clears-forces-in-several-deadly-2014-gaza-war-cases. Ex. 59 to Atlantic's Evid., p. 888-907. • This document is self-authenticating under Rule 902(6). |
| 234. | The Independent titled an article *Israel-Gaza conflict: 50-day war by numbers*, which stated: "As discussions for a long-term truce between Israel and Hamas continue in Cairo, Gaza is picking up the pieces of a 50-day war that left more than 2,200 people dead." | • ATL004755-004758 Lizzie Dearden, *Israel-Gaza conflict: 50-day war by numbers*, The Independent, Aug. 27, 2014, http://www.independent.co.uk/news/world/middle-east/israel-gaza-conflict-50-day-war-by-numbers-9693310.html. Ex. 60 to Atlantic's Evid., p. 909-12. • This document is self-authenticating under Rule 902(6). |
| 235. | The Los Angeles Times titled an article *Israel and Hamas may have committed war crimes in Gaza, U.N. report says*, in which it states: "A long-awaited report by a United | • ATL004631-004634 Batsheva Sobelman, *Israel and Hamas may have committed war crimes in Gaza, U.N. report says*, The Los Angeles Times, June 22, 2015, http://www.latimes.com/world/mid |

ANDERSON, MCPHARLIN & CONNERS LLP

LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

| | | |
|---|---|---|
| 1<br>2<br>3<br>4<br>5<br>6 | Nations special investigative panel concluded that both Israel and the Palestinian militant group Hamas may have been guilty of war crimes during last summer's Gaza war." | dleeast/la-fg-un-report-gaza-war-20150622-story.html. Ex. 61 to Atlantic's Evid., p. 914-17.<br><br>• This document is self-authenticating under Rule 902(6). |
| 7<br>8<br>9<br>10<br>11<br>12<br>13<br>14<br>15 | 236. BBC News titled an article *Israeli 2014 Gaza war actions lawful, report says.* | • ATL004635-004647 *Israeli 2014 Gaza war actions lawful, report says*, BBC News, June 14, 2015, http://www.bbc.com/news/world-middle-east-33128955. Ex. 62 to Atlantic's Evid., p. 919-31.<br><br>• This document is self-authenticating under Rule 902(6). |
| 16<br>17<br>18<br>19<br>20<br>21<br>22<br>23<br>24 | 237. The Haaretz News titled an article *After seven weeks of Gaza War, Hamas 1, Israel 0.* | • ATL004648-004651 Amir Oren, *After seven weeks of Gaza War, Hamas 1, Israel 0*, Haaretz News, Aug. 26, 2014, http://www.haaretz.com/israel-news/.premium-1.612437. Ex. 63 to Atlantic's Evid., p. 933-36.<br><br>• This document is self-authenticating under Rule 902(6). |
| 25<br>26<br>27<br>28 | 238. The Atlantic titled an article *The one place where Israel and Hamas are* | • ATL004748-004754 Debra Kamin, *The one place where Israel and Hamas are communicating*, The Atlantic, Aug. 05, |

1615678.1

110

STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

| | |
|---|---|
| *communicating*, in which it stated:<br><br>"Even for a war that has played out in the bravado of hashtag campaigns…" | 2014, https://www.theatlantic.com/international/archive/2014/08/the-one-place-where-israel-and-hamas-are-communicating/375589/. Ex. 64 to Atlantic's Evid., p. 938-44.<br><br>• This document is self-authenticating under Rule 902(6). |
| 239.  USA Today titled an article *13,000 families in Gaza still displaced two years after war with Israel*, which stated:<br><br>"Their house was destroyed during the 50-day war with Israel…" | • ATL004652-004654 Abeer Ayyoub, *13,000 families in Gaza still displaced two years after war with Israel*, USA Today, Aug. 10, 2016, https://www.usatoday.com/story/news/world/2016/08/10/gaza-city-families-displaced-war-israel/88002220/. Ex. 65 to Atlantic's Evid., p. 946-48.<br><br>• This document is self-authenticating under Rule 902(6). |
| 240.  The Chicago Tribune titled an article *Children suffer and die in Gaza. Who Notices?*, in which its states:<br><br>"Even the lives of "privileged" families—those whose houses weren't damaged or destroyed in the recent war | • ATL004655-004657 Najla Shawa, *Children suffer and die in Gaza. Who Notices?*, The Chicago Tribune, Jan. 29, 2015, http://www.chicagotribune.com/news/opinion/commentary/ct-deaths-babies-gaza-war-palestinians-perspec- |

1615678.1

STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

| | |
|---|---|
| and who have some money to pay inflated prices and middlemen—are affected." | [0129-20150128-story.html](). Ex. 66 to Atlantic's Evid., p. 950-52.<br><br>• This document is self-authenticating under Rule 902(6). |
| 241.    The Chicago Sun Times titled an article *Decimated Hamas makes ludicrous claims*, in which it states:<br><br>"More than 2,100 Palestinians died in the 50-day war against Israel…" | • ATL004658 Sarahtr, *Decimated Hamas makes ludicrous claims*, The Chicago Sun Times, Sept. 05, 2014, [http://chicago.suntimes.com/politics/decimated-hamas-makes-ludicrous-claims/](). Ex. 67 to Atlantic's Evid., p. 954.<br><br>• This document is self-authenticating under Rule 902(6). |
| 242.    The Denver Post titled an article *Israel and Hamas reach an uneasy cease-fire in 50-day Gaza war*, in which it stated:<br><br>"Hamas declared victory, even though it has little to show for a 50-day war that killed more than 2,100 Palestinians…" | • ATL004659-004661 The Associated Press, *Israel and Hamas reach an uneasy cease-fire in 50-day Gaza war*, The Denver Post, Aug. 26, 2014, [http://www.denverpost.com/2014/08/26/israel-and-hamas-reach-an-uneasy-cease-fire-in-50-day-gaza-war/](). Ex. 68 to Atlantic's Evid., p. 956-58.<br><br>• This document is self-authenticating under Rule 902(6). |
| 243.    The Dallas Morning News titled | • ATL004662-004665 *Gaza cease-fire* |

1615678.1

112

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

| | |
|---|---|
| an article *Gaza cease-fire reached after 50-day war that killed 2,200 and settled little.* | *reached after 50-day war that killed 2,200 and settled little*, Dallas Morning News, Aug. 2014, https://www.dallasnews.com/news/news/2014/08/26/gaza-cease-fire-reached-after-50-day-war-that-killed-2200-and-settled-little. Ex. 69 to Atlantic's Evid., p. 960-63.<br><br>• This document is self-authenticating under Rule 902(6). |
| 244.   Newsday titled an article *Israeli, Palestinian leaders air differences at United Nations*, in which it stated:<br><br>"Gaza is controlled by Hamas, a Palestinian political faction that has differed sharply with the wishes of Abbas' administration of the [PA] and has, indeed, launched rockets into Israel, most notably during a 50-day war with Israel in 2014." | • ATL004666-004668 Zachary R. Dowdy, *Israeli, Palestinian leaders air differences at United Nations*, Newsday, Sept. 22, 2016, http://www.newsday.com/news/world/at-un-israeli-and-palestinian-leaders-air-differences-1.12354379. Ex. 70 to Atlantic's Evid., p. 965-67.<br><br>• This document is self-authenticating under Rule 902(6). |
| 245.   The Houston Chronical titled an article *Israeli house strikes killed mostly civilians*, in which it stated:<br><br>"They were among at least 844 Palestinians killed as a result of | • ATL004669-004673 Fares Akram, Mohammed Daraghmeh & Karin Laub, *Israeli house strikes killed mostly civilians*, The Houston Chronicle, Feb. 13, 2015, http://www.houstonchronicle.com/ |

**STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO
PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

Case 2:16-cv-04435-PA-MRW   Document 207-9   Filed 05/01/20   Page 118 of 151   Page ID
#:5324
Case 2:16-cv-04435-PA-MRW   Document 207-9   Filed 05/01/20   Page 117 of 150   Page ID
#:5329

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

| | |
|---|---|
| airstrikes on Gaza homes during Israel's summer war with the Islamic militant group, Hamas." | [news/nation-world/world/article/Israeli-house-strikes-killed-mostly-civilians-6080436.php](news/nation-world/world/article/Israeli-house-strikes-killed-mostly-civilians-6080436.php). Ex. 71 to Atlantic's Evid., p. 969-73.<br><br>• This document is self-authenticating under Rule 902(6). |
| 246. The Guardian titled an article *Gaza ceasefire: Israel and Palestinians agree to halt weeks of fighting*, in which it stated:<br><br>"The war in Gaza ended on Tuesday after Israel and the Palestinians agreed to halt fighting indefinitely…" | • ATL004674-004677 Hazem Balousha & Harriet Sherwood, *Gaza ceasefire: Israel and Palestinians agree to halt weeks of fighting*, The Guardian, Aug. 27, 2014, [https://www.theguardian.com/world/2014/aug/26/gaza-ceasefire-israel-palestinians-halt-fighting](https://www.theguardian.com/world/2014/aug/26/gaza-ceasefire-israel-palestinians-halt-fighting). Ex. 72 to Atlantic's Evid., p. 975-78.<br><br>• This document is self-authenticating under Rule 902(6). |
| 247. The Times of India titled an article *Israel-Gaza conflict: 50-day war by numbers*, in which it stated:<br><br>"As discussion for a long-term truce between Israel and Hamas continue in Cairo, Gaza is picking up the pieces of a 50-day war that left more than 2,200 | • ATL004763-004769 Lizzie Dearden, *Israel Conflict: 50-day war by numbers*, The Times of India, Aug. 27, 2014, [http://timesofindia.indiatimes.com/world/middle-east/Israel-Gaza-conflict-50-day-war-by-numbers/articleshow/41000781.cms](http://timesofindia.indiatimes.com/world/middle-east/Israel-Gaza-conflict-50-day-war-by-numbers/articleshow/41000781.cms). |

1615678.1

114

| | |
|---|---|
| people dead." | Ex. 73 to Atlantic's Evid., p. 980-86.<br><br>• This document is self-authenticating under Rule 902(6). |
| 248.   The Sydney Morning Herald titled an article *Why Israel lost the war in Gaza*. | • ATL004678-004679 David Rothkopf, *Why Israel lost the war in Gaza*, The Sydney Morning Herald, Aug. 11, 2014, http://www.smh.com.au/comment/ why-israel-lost-the-war-in-gaza-20140808-101ruh.html. Ex. 74 to Atlantic's Evid., p. 988-89.<br><br>• This document is self-authenticating under Rule 902(6). |
| 249.   The China Daily titled an article *In photos: Gaza healing from war after ceasefire*. | • ATL004680-004699 In photos: Gaza healing from war after ceasefire, China Daily, Aug. 28, 2014, http://www.chinadaily.com.cn/worl d/2014- 08/28/content_18500736.htm. Ex. 75 to Atlantic's Evid., p. 991-1010.<br><br>• This document is self-authenticating under Rule 902(6). |

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

**STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

| | |
|---|---|
| 250.   The Daily Mail titled an article *Inside bombed-out Gaza: One week on from end of 50-day war and the true scale of devastation is revealed.* | • ATL004700-004714 James Rush, *Inside bombed-out Gaza: One week on from end of 50-day war and the true scale of devastation is revealed*, The Daily Mail, Sept. 02 2014, http://www.dailymail.co.uk/news/article-2740643/Inside-bombed-Gaza-One-week-end-50-day-war-true-scale-devastation-revealed.html. Ex. 76 to Atlantic's Evid., p. 1012-26.<br><br>• This document is self-authenticating under Rule 902(6). |
| 251.   Salon titled an article *74% of Gaza homes destroyed by Israel in summer 2014 war have not been rebuilt, as violent repression escalates.* | • ATL004715-004724 Ben Norton, *74% of Gaza homes destroyed by Israel in summer 2014 war have not been rebuilt, as violent repression escalates*, Salon, Feb. 09, 2016, http://www.salon.com/2016/02/09/74_of_gaza_homes_destroyed_by_israel_in_summer_2014_war_have_not_been_rebuilt_as_violent_repression_escalates/. Ex. 77 to Atlantic's Evid., p. 1028-37.<br><br>• This document is self-authenticating under Rule 902(6). |

**STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

| | |
|---|---|
| 252.    CBS News titled an article *Rocket fired from Gaza hits southern Israel, military says*, which stated:<br><br>"Israel fought a 50-day war this summer with Hamas, the Palestinian militant group that controls Gaza." | • ATL005256-005259 *Rocket fired from Gaza hits southern Israel, military says*, CBS News, Dec. 19, 2014, http://www.cbsnews.com/news/rocket-fired-from-gaza-hits-southern-israel-military-says/. Ex. 78 to Atlantic's Evid., p. 1039-42.<br><br>• This document is self-authenticating under Rule 902(6). |
| 253.    The Max security reports that NBCU received and relied upon in deciding to leave Israel also note that in Israel, while the 2014 conflict was underway, there were anti-war protests. | • UCP002496 E-mail from Max Security Intelligence to Stephen Smith, Head of Security, Europe, NBCU (July 26, 2014 09:54 PST). Ex. 80 to Atlantic's Evid., p. 1052. |
| 254.    An NBCU employee in the security department sent an e-mail on July 10, 2014, discussing Hizbullah's "war" with Israel and Syria. | • UCP002468 E-mail from Chris Biggs, Security & Intelligence Analyst, NBCU International, to Erin Noordeloos, Director of International Security and Crisis Management, NBCU,  and Stephen Smith, Head of Security, Europe, NBCU (July 10, 2014 02:40 PST). Ex. 128 to Atlantic's Evid., p. 1508. |
| 255.    Hizbullah (also spelled Hezbollah) is designated by the United | • U.S. Dep't. of State, *Foreign Terrorist Organizations*, |

1615678.1

117

| | | |
|---|---|---|
| 1<br>2<br>3 | States Government as a foreign terrorist organization. | https://www.state.gov/j/ct/rls/other/des/123085.htm. Ex. 81 to Atlantic's Evid., p. 1058-63. |
| 4<br>5<br>6<br>7<br>8<br>9<br>10<br>11<br>12<br>13<br>14<br>15<br>16<br>17<br>18<br>19<br>20<br>21<br>22<br>23<br>24<br>25<br>26<br>27 | 256.  Former Secretary of State John Kerry described the conflicts in Gaza as "war" in three public speeches and in one television appearance. | • John Kerry, Secretary of State, Remarks at the Gaza Donors Conference (Oct. 12, 2014), https://2009-2017.state.gov/secretary/remarks/2014/10/232896.htm. Ex. 82 to Atlantic's Evid., p. 1065-68.<br><br>• John Kerry, Secretary of State, Brookings Institution's 2015 Saban Forum Keynote Address (Dec. 05, 2015), https://2009-2017.state.gov/secretary/remarks/2015/12/250388.htm. Ex. 83 to Atlantic's Evid., p. 1070-86.<br><br>• John Kerry, Secretary of State, Remarks on Middle East Peace (Dec. 28, 2016), https://2009-2017.state.gov/secretary/remarks/2016/12/266119.htm. Ex. 84 to Atlantic's Evid., p. 1088-1104.<br><br>• These documents are self-authenticating under Rule 902(5). |

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

**STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

Case 2:16-cv-04435-PA-MRW Document 207-9 Filed 05/01/20 Page 122 of 151 Page ID #:25370

| | |
|---|---|
| | • Lowenstein Aff. at p. 8-9. Ex. 1 to Atlantic's Evid., p. 9-10 ¶X-Z. |
| 257.   The Australian Minister of Foreign Affairs, Julie Bishop, stated in 2014: "The actions of *militants* in Gaza, who are firing rockets indiscriminately into Israel, are inexcusable and must be condemned." (emphasis added). | • Minister for Foreign Affairs, The Hon Julie Bishop MP, Media Release July 12, 2014, http://foreignminister.gov/au/releases/Pages/2014/jb_mr_140712.aspx. Ex. 85 to Atlantic's Evid., p. 1106-07. |
| 258.   Hillary Clinton stated in an interview quoted in *The Atlantic* dated August 10, 2014, in response to a question of whether Israel had done enough to prevent the recent deaths of children and other innocent people, that "it's impossible to know what happens in the fog of war." | • Jeffrey Goldberg, *Hillary Clinton: 'Failure' to Help Syrian Rebels Led to the Rise of ISIS*, THE ATLANTIC (Aug. 10, 2014), https://www.theatlantic.com/international/archive/2014/08/hillary-clinton-failure-to-help-syrian-rebels-led-to-the-rise-of-isis/375832/?single_page=true. Ex. 86 to Atlantic's Evid., p. 1109-36.  <br><br>• This document is self-authenticating under Rule 902(6). |
| 259.   Minnesota Congressman Keith Ellison was quoted as stating, in regard to the 50-Day War, that "There is no military solution to this conflict. The status quo brings only continued pain, | • Alex Park, *Gaza Conflict Divides Congressional Progressives*, Mother Jones (July 31, 2014), http://www.motherjones.com/mojo/2014/07/gaza-conflict-divides- |

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | |
|---|---|
| suffering and war." | congressional-progressives. Ex. 87 to Atlantic's Evid., p. 1138-40.<br><br>• This document is self-authenticating under Rule 902(5). |
| 260. In discussing July 2014 airstrikes on Gaza by Israel, Nabil Abu Rudeineh, an Israeli Presidential spokesman, called the airstrikes a "declaration of war on Palestinians and the Israeli authority alone will bear the consequences. . . . Palestinians have the right to defend themselves by all legitimate means." | • *Presidency: Palestinians have right to defend themselves*, Ma'an News Agency (July 8, 2014), http://www.maannews.com/Content.aspx?id=711019. Ex. 88 to Atlantic's Evid., p. 1142-43. |
| 261. Israeli representative David Yitshak Roet stated, during the 7,222nd Meeting of the United Nations Security Council, on July 22, 2014: "Hamas is determined to wage war." | • United Nations, Meetings Coverage, Urging Israeli-Palestinian Parties to Renew Ceasefire Efforts, Secretary-General Tells Security Council Conflict's Root Causes Must Be Addressed (July 22, 2014), https://www.un.org/press/en/2014/sc11485.doc.htm. Ex. 89 to Atlantic's Evid., p. 1145-57. |
| 262. President George Bush, speaking to a joint session of Congress stated: " On September the 11th, enemies of freedom committed an act of war | • George W. Bush, U.S. President, Address to the Joint Session of the 107th Congress (Sept. 20, 2001) at p. 66, 68. available at George W. Bush, |

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

1 2 3 4 5 6 7 8 9 10 11 12 13 14 15 16 17 18 19 20 21 22 23 24 25 26 27 28

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

| | |
|---|---|
| against our country. Americans have known wars — but for the past 136 years, they have been wars on foreign soil, except for one Sunday in 1941. Americans have known the casualties of war — but not at the center of a great city on a peaceful morning. Americans have known surprise attacks — but never before on thousands of civilians. All of this was brought upon us in a single day — and night fell on a different world, a world where freedom itself is under attack." | U.S. President, Address to the Joint Session of the 107th Congress (Sept. 20, 2001) at p. 66, 68. available at https://georgewbush-whitehouse.archives.gov/infocus/bushrecord/documents/Selected_Speeches_George_W_Bush.pdf.  Ex. 152 to Atlantic's Evid., pp. 1676, 1678. <br><br> • These documents are self-authenticating under Rule 902(5). <br><br> • This fact is the subject of a request for judicial notice. |
| 263.    Plaintiffs concede that to establish the application of Exclusion 3, "Atlantic must prove [only] that Hamas had the intent to 'overthrow the established government [of Israel] and assume at least de facto governmental control." | • Plaintiffs' Memo., at p. 21. |
| 264.    Plaintiffs maintain "Hamas rejects the very right of Israel to exist. Hamas's stated intent, as expressed in its founding charter published in 1988, is to destroy Israel, establish a separate Islamic fundamentalist Palestinian state, and raise 'the banner of Allah over | • Plaintiffs' Memo., at p. 21. |

**STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

| | |
|---|---|
| every inch of Palestine." | |
| 265.  Hamas made clear in statements published on the Qassam Brigades' website that its operations against Israel were "part of the response campaign against the occupation assault on the Gaza Strip, and the continued targeting of Palestinian civilians and their installations in the West Bank." | • Al-Qassam Brigades Information Office: Military Communique, *Al Qassam Brigades retaliate with 35 missiles on Israeli military bases* (July 07, 2014), available at http://www.qassam.ps/statement-1506-Al_Qassam_Brigades_retaliate_with_35_missiles_on_Israeli_military_bases.html. Ex. 90 to Atlantic's Evid., p. 1159.<br><br>• Al-Qassam Brigades Information Office: Military Communique, *Al Qassam Brigades retaliate with 8 missiles on Israeli military bases* (July 08, 2014), available at http://www.qassam.ps/statement-1507-Al_Qassam_Brigades_retaliate_with_8_missiles_on_Israeli_military_bases.html. Ex. 91 to Atlantic's Evid., p. 1161. |
| 266.  The Qassam Brigades, Hamas's military wing, stated on their website on August 20, 2014, the  purpose of its | • Al-Qassam Brigades Information Office: Military Communique, *Press Release of Abu Obeida*, Al Qassam |

STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

| | |
|---|---|
| fighting during the 50-day war:<br><br>"The occupiers, and the entire world, should comprehend the truth about what our people are demanding. All we seek is for the occupation to leave us alone and stop controlling our food, the milk of our children and our fuel. However, the occupiers insist on keeping us on a leash, suffocating us or allowing us to breathe when they will and only as much as they will. The occupiers will not be allowed to continue to do so after this day, God-willing." | spokesperson (Aug. 20, 2014), available at<br><br>http://www.qassam.ps/statement-1509-Press_Release_of_Abu_Obeida_Al_Qassam_spokesperson.html. Ex. 93 to Atlantic's Evid., p. 1168. |
| 267.    The Qassam Brigades have stated on their website that one of their goals is to: "Liberate Palestinians and the land usurped by the Zionist occupation forces and settlers." | • Al Qassam Brigades Information Office, *About Us*, available at http://www.qassam.ps/aboutus.html . Ex. 94 to Atlantic's Evid., p. 1170-71. |
| 268.    The Max Security reports the Plaintiffs were receiving recognize "the Hamas Government." | • UCP002282 E-mail from Max Security Intelligence to Stephen Smith, Head of Security, Europe, NBCU (July 16, 2014 12:40 PST). Ex. 10 to Atlantic's Evid., p. 478. |
| 269.    In an *Israel Dig Update* prepared by the plaintiffs' security team, NBCU | • UCP00663 *Israel Dig Update*, Security in Confidence: NBCUniversal Int'l. |

1615678.1

123

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

| | |
|---|---|
| recognized the "Hamas-governed Gaza Strip." | Security Briefing (NBCU, New York, N.Y.) July 09, 2014. Ex. 114 to Atlantic's Evid., p. 1369. |
| 270.    The United States Congressional Research Service has referred to the Qassam Brigades as Hamas's "militia." | • Jim Zanotti, Cong. Research Serv., RL34074, The Palestinians: Background and U.S. Relations 35 (2015). Ex. 4 to Atlantic's Evid., p. 78.<br><br>• This document is self-authenticating under Rule 902(5). |
| 271.    Israel considers Hamas a terrorist organization. | • Plaintiffs' SUF 77. |
| 272.    The Plaintiffs' representatives used the word "militants" and "military" to refer to the Hamas forces. | • UCP002524 E-mail from Max Security Intelligence to Stephen Smith, Head of Security, Europe, NBCU (June 15, 2014 05:03 PST) (Plaintiffs listed this as a document they relied on in deciding to leave Israel in response to Interrogatory No. 25). Ex. 11 to Atlantic's Evid., p. 483.<br><br>• UCP001419 E-mail from Stephen Smith, Head of Security, Europe, NBCU, to Mark Binke, Executive Vice President, Production, UCP |

1615678.1

STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

| | |
|---|---|
| | (July 21, 2014 04:17 PST). Ex. 115 to Atlantic's Evid., p. 1374.<br><br>• UCP002337 E-mail from Max Security Intelligence to Stephen Smith, Head of Security, Europe, NBCU (June 16, 2014 11:20 PST). Ex. 12 to Atlantic's Evid., p. 490.<br><br>• UCP001595 E-mail from Stephen Smith, Head of Security, Europe, NBCU to Paige Potter, Administrative Assistant, NBCU (June 16, 2014 11:46 PST). Ex. 116 to Atlantic's Evid., p. 1377.<br><br>• UCP002205 E-mail from Max Security Intelligence to Stephen Smith, Head of Security, Europe, NBCU (June 24, 2017 24:17 PST). Ex. 13 to Atlantic's Evid., p. 495. |
| 273.    While Hamas has all the vestiges of a quasi-government and a quasi-sovereign, Al-Qaeda is much less formalized. | • Carla E. Humud, Cong. Research Serv., R43756, Al Qaeda and U.S. Policy: Middle East and Africa (2016). Exhibit 153 to Atlantic's Evid., p. 1685.<br><br>• This document is self-authenticating under Federal Rule of Evidence |

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

1615678.1

**STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

| | |
|---|---|
| | 902(5). |
| 274. Terrorism is a relatively narrow risk because attacks of terror are "small, isolated" events. | • Peter Williams Deposition ("Williams Depo."), at p. 145:6-13. Exhibit 154 to Atlantic's Evid., p. 1713. |
| 275. Hamas controls the Gaza Strip's borders. | • Lowenstein Declaration at ¶10. Exhibit 155 to Atlantic's Evid., p. 1721.<br><br>• U.S. Dep't of State, Bureau of Democracy, Human Rights and Labor, Country Report on Human Rights Practices for 2014, 88 (2015), available at https://www.state.gov/documents/organization/236814.pdf. Exhibit 5 to Atlantic's Evid., p. 177.<br><br>• This document is self-authenticating under Federal Rule of Evidence 902(5). |

### III.   PLAINTIFFS' ALLEGED CONCLUSIONS OF LAW

| PLAINTIFFS' ALLEGED CONCLUSION OF LAW: | ATLANTIC'S RESPONSE: |
|---|---|
| 1.     It is Universal's (the insured's) initial burden to show that the event causing the loss falls within the scope of coverage of the policy. | Undisputed |

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

1615678.1

126

STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

| | PLAINTIFFS' ALLEGED CONCLUSION OF LAW: | ATLANTIC'S RESPONSE: |
|---|---|---|
| | 2.     The burden then shifts to Atlantic (the insurer) to prove that the Claim is excluded from coverage by the War Exclusions. | Undisputed |
| | 3.     Under California law, an exclusion in an insurance policy precludes coverage only if it is "expressly and unambiguously excluded," using "conspicuous, plain, and clear" language. | Disputed. *State Farm Mut. Auto. Ins. Co. v. Jacober*, 10 Cal. 3d 193, 200-02 (1973); *MacKinnon v. Truck Ins. Exch.*, 31 Cal. 4th 635, 639 (2003). **Atlantic's Response:** This rule is based on the principle that insurance policies are construed against insurers, which does not apply when the policy language is the insured's own. *Fireman's Fund Ins. Co. v. Fibreboard Corp.*, 182 Cal. App. 3d 462, 468 (1986); *Garcia v. Truck Ins. Exch.*, 36 Cal. 3d 426 (Cal. 1984). |

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1615678.1

**STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

| PLAINTIFFS' ALLEGED CONCLUSION OF LAW: | ATLANTIC'S RESPONSE: |
|---|---|
| 4.    Under California law, "insurance coverage is 'interpreted broadly so as to afford the greatest possible protection to the insured,. . . [whereas] exclusionary clauses are interpreted narrowly against the insurer.'" | **Disputed.** *MacKinnon*, 31 Cal. 4th at 639 (citation omitted); *HS Servs.*, 109 F.3d 642, 645 (9th Cir. 1997) (applying California law: "Exclusionary clauses are strictly construed."). **Atlantic's Response:** This rule does not apply when the policy language is the insured's own. *Fireman's Fund Ins. Co. v. Fibreboard Corp.*, 182 Cal. App. 3d 462, 468 (1986); *Garcia v. Truck Ins. Exch.*, 36 Cal. 3d 426 (Cal. 1984). |
| 5.    Under California law, when there are other exclusion clauses potentially available to the insurer that are directly applicable to certain types of occurrences, but the insurer does not use them to clearly exclude such occurrences, "this gives rise to the inference that the parties intended not to so limit coverage." | **Disputed.** *Fireman's Fund Ins. Co. v. Atl. Richfield Co.*, 94 Cal. App. 4th 842, 852 (2001). **Atlantic's Response:** *AIU Ins. Co. v. Superior Court*, 51 Cal. 3d 807, 821-22 (Cal. 1990) (mutual intention of the parties is to be inferred, if possible, solely from the four corners of the policy); *see also Truck Ins. Exch. & Mid-Century Ins. Co. v. Calaveras Asbestos*, No. BC-446277, 2014 Cal. Super. LEXIS 203, *4 (Cal. 2014) (If the four corners of the document sufficiently express the mutual intent of |

**STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

| PLAINTIFFS' ALLEGED CONCLUSION OF LAW: | ATLANTIC'S RESPONSE: |
|---|---|
| | the parties, then no further interpretation is required.); *Burr v. Western States Life Ins. Co.*, 211 Cal. 568, 576 (Cal. 1931). |
| 6.      Under California law, where there are two reasonable interpretations of an exclusion, the court "must resolve the ambiguity in favor of the insured, consistent with the insured's reasonable expectations." | **Disputed.** *E.M.M.I. Inc. v. Zurich Am. Ins. Co.*, 32 Cal. 4th 465, 473 (2004); *Safeco Ins. Co. v. Robert S.*, 26 Cal. 4th 758, 763 (2001) (reversing grant of summary judgment to defendant insurance company because the insured would reasonably expect coverage for the claim purportedly excluded). **Atlantic's Response:** This rule does not apply when the policy language is the insured's own. *Fireman's Fund Ins. Co. v. Fibreboard Corp.*, 182 Cal. App. 3d 462, 468 (1986); *Garcia v. Truck Ins. Exch.*, 36 Cal. 3d 426 (Cal. 1984). |
| 7.      In order to show that an exclusion precludes coverage, the insurer must prove that "its interpretation is the **only** reasonable interpretation." | **Disputed.** *MacKinnon*, 31 Cal. 4th at 655 (emphasis in original); *Holiday Inns Inc. v. Aetna Ins. Co.*, 571 F. Supp. 1460, 1464 (S.D.N.Y. 1983) ("To avoid coverage, 'it is not sufficient for the [insurers] … to offer a reasonable interpretation under which the loss is excluded; the [insurers] must demonstrate |

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

**STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

| | PLAINTIFFS' ALLEGED CONCLUSION OF LAW: | ATLANTIC'S RESPONSE: |
|---|---|---|
| | | that an interpretation favoring them is the only reasonable reading.") (quoting *Pan Am. World Airways v. Aetna Cas. & Surety Co.*, 505 F.2d 989, 1012 (2nd Cir. 1974) ("*Pan Am*")). |
| | | **Atlantic's Response:** |
| | | This rule does not apply when the policy language is the insured's own. *Fireman's Fund Ins. Co. v. Fibreboard Corp.*, 182 Cal. App. 3d 462, 468 (1986); *Garcia v. Truck Ins. Exch.*, 36 Cal. 3d 426 (Cal. 1984). |
| 8. Exclusions 1 and 2 require conflict between sovereign or quasi-sovereign entities. | | **Disputed.** *Pan Am*, 505 F.2d at 1012; *Holiday Inns*, 571 F. Supp. at 1464-65; *Ennar Latex v. Atlantic Mut. Ins. Co.*, 1995 U.S. Dist. LEXIS 7386, at *12-16 (S.D.N.Y. May 30, 1995); *Weiss v. Arab Bank, PLC*, 2007 U.S. Dist. LEXIS 94029, at *14-20 (E.D.N.Y. Dec. 21, 2007). |
| | | **Atlantic's Response:** |
| | | Cal. Civ. Code § 1644 (plain and ordinary meaning governs); *Sony Computer Entm't Am., Inc. v. Am. Home Assur. Co.*, 532 F.3d 1007, 1013 (9th Cir. 2008) ("Because there is no evidence that the parties intended the |

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

1615678.1

130

**STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

| PLAINTIFFS' ALLEGED CONCLUSION OF LAW: | ATLANTIC'S RESPONSE: |
|---|---|
| | term to carry a technical meaning, the ordinary and popular meaning of the term governs."); *Discover Prop. & Cas. Ins. Co. v. Blair*, EDCV-13-00290-VAP-DTBx, 2014 U.S. Dist. LEXIS 128029, *22-23 (C.D. Cal. Aug. 26, 2014); *Clarendon Nat'l Ins. Co. v. Foley & Bezek, LLP*, No. CV-00-11641-RJK, 2001 U.S. Dist. LEXIS 18443, *12 (C.D. Cal. July 26, 2001); *Jordan v. Allstate Ins. Co.*, 116 Cal. App. 4th 1206, 1218 (Cal. Ct. App. 2004). |
| 9.    The political question doctrine mandates deference to the U.S. government's determination that Hamas is not a sovereign or quasi-sovereign. | **Disputed.** *Oetjen v. Cent. Leather Co.*, 246 U.S. 297, 302 (1918); *Ennar Latex*, 1995 U.S. Dist. LEXIS 7386, at *14 ("It is not for this Court to recognize a de facto [*i.e.*, quasi] government; rather, that is the role of the executive branch."). **Atlantic's Response:** *Ctr. for Biological Diversity v. Hagel*, 80 F. Supp. 3d 991, 1001 (N.D. Cal. 2015); *Zivotofsky v. Clinton*, 566 U.S. 189, 194 (2012); *Japan Whaling Ass'n v. Am. Cetacean Soc'y*, 478 U.S. 221, 229-30 (1986); *Baker v. Carr*, 369 U.S. 186, 217 (1969)); *Ungar v.* |

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

**STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

| PLAINTIFFS' ALLEGED CONCLUSION OF LAW: | ATLANTIC'S RESPONSE: |
|---|---|
| | *PLO*, 402 F.3d 274 (1st Cir. 2005) *Boumedienne v. Bush*, 553 U.S. 723, 754 (2008). |
| 10.    To qualify as a quasi-sovereign, an entity must have significant attributes of sovereignty.  The main attributes of sovereignty are:  (1) control as the government of meaningful territory; (2) the right to control borders; (3) formal recognition by other sovereigns; and, (4) sovereign or diplomatic immunity. | **Disputed.** *Holiday Inns*, 571 F. Supp. at 1499-1500; *Ungar v. PLO*, 402 F.3d 274, 283 (1st Cir. 2005); *Restatement (Third) of Foreign Relations Law of the United States* § 201 (1987). **Atlantic's Response:** *Pan Am.*, 505 F.2d at 1009 (a "de facto" government is "a force [controlling] a substantial territory with trappings of a state."). *Ungar* involves a question of whether the PLO had sovereign immunity and thus addressed whether it was a sovereign—not whether it was a quasi-sovereign. |
| 11.    Hamas lacks the requisite attributes of sovereignty or quasi-sovereignty as a matter of law. | **Disputed.** *Pan Am*, 505 F.2d at 1012; *Holiday Inns*, 571 F. Supp. at 1499-1500; *Ungar*, 402 F.3d at 283, 291-92; *United States v. Damra*, 621 F.3d 474, 486 (6th Cir. 2010); *Restatement (Third) of Foreign Relations Law of* |

**STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

| PLAINTIFFS' ALLEGED CONCLUSION OF LAW: | ATLANTIC'S RESPONSE: |
|---|---|
| | *the United States* § 201 (1987); *Knox v. PLO*, 306 F. Supp. 2d 424, 430-31 (S.D.N.Y. 2004); *United States v. PLO*, 695 F. Supp. 1456, 1459 (S.D.N.Y. 1988). |
| | **Atlantic's Response:** |
| | *United States v. El-Mezain*, 664 F.3d 467, 485-486 (5th Cir. 2011) (Hamas has a military, political, and social service branch that runs hospitals and schools); *Estates of Ungar v. Palestinian Auth.*, 304 F. Supp. 2d 232, 250 (D.R.I. 2004) ("Hamas operates through a political branch and a military branch."); *In re Marzook*, 924 F. Supp. 565, 568 (S.D.N.Y. 1996); *Hamdi & Ibrahim Mango Co. v. Reliance Ins. Co.*, 291 F.2d 437, 439-41 (2d Cir. 1961) (fighting between Israeli and Palestinian forces was warlike—which the plaintiffs contend can exist only if both parties are quasi-sovereigns); *Holiday Inns, Inc. v. Aetna Insurance Co.*, 571 F. Supp. 1416, 1500 (S.D.N.Y. 1983) (noting that *Hamdi & Ibrahim Mango* was an example of a case involving a "de facto" government because "the Arabs and Israelis bitterly |

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

1615678.1

133

| PLAINTIFFS' ALLEGED CONCLUSION OF LAW: | ATLANTIC'S RESPONSE: |
|---|---|
| | contested control and sovereignty over that portion of the former Palestine which had been partitioned so as to constitute the new state of Israel."); a "de facto" government is "a force [controlling] a substantial territory with trappings of state." *Pan Am.*, 505 F.2d at 1009. ("a 'de facto' government is "a force [controlling] a substantial territory with trappings of state"); *Pan Am. World Airways, Inc. v. Aetna Cas. & Sur. Co.*, 368 F. Supp. 1098 (S.D.N.Y. 1973) (holding that fighting between Israelis and Palestinians was warlike). Atlantic's Statement of Undisputed Facts in Support of its Response to Plaintiffs' Motion for Summary Judgment Nos. 13, 15, 16, 21, 22, 23, 175-176, |
| 12.     Exclusion 3 requires that:  (1) there was an identifiable "group or movement" that ha[d] the requisite intent to overthrow the established government and assume at least *de facto* governmental control;" or, (2) | *Holiday Inns*, 571 F. Supp. at 1487-88; *Pan Am,* 505 F.2d at 1017-19.   **Atlantic's Response:**   Undisputed. |

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

**STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

| PLAINTIFFS' ALLEGED CONCLUSION OF LAW: | ATLANTIC'S RESPONSE: |
|---|---|
| the group is part of a larger "group or movement" that has a cohesive purpose to overthrow the established government. | |
| 13.    Under the Policy, read as a whole and in light of California insurance policy principles of construction, Exclusion 4 applies only if the loss at issue is caused by a "weapon of war including [meaning, employing] atomic fission or radioactive force...." | **Disputed.** *MacKinnon*, 31 Cal. 4th at 648, 650; *Safeco*, 26 Cal. 4th at 763-64; *Jacober*, 10 Cal. 3d at 202-03; *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1032 (9th Cir. 2008); *State Farm Mut. Auto. Ins. Co. v. Mrozek*, 29 Cal. App. 3d 113, 117 (1972); *Anderson v. State Farm Mut. Auto. Ins.*, 270 Cal. App. 2d 346, 349 (1969); *accord Shell Oil Co. v. Nat'l Union Fire Ins. Co.*, 44 Cal. App. 4th 1633, 1641-42 (1996). **Atlantic's Response:** GARNER'S DICTIONARY OF LEGAL USAGE 439 (3d ed. Oxford 2011) (emphasis added). *Puerto Rico Maritime Shipping Auth. v. ICC*, 645 F.2d 1102 n.26 (D.C. Cir. 1981) ("It is hornbook law that the use of the word including indicates that the specified list … is illustrative, not exclusive."); *People v. James*, 94 Cal. Rptr. 3d 576, 585-86 (Cal. Ct. App. 2009); 26 U.S.C.S. § 5845(f); S. Rep. No. 90-1501, at |

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

| PLAINTIFFS' ALLEGED CONCLUSION OF LAW: | ATLANTIC'S RESPONSE: |
|---|---|
| | 28 (1968). |

## IV.  ATLANTIC'S CONCLUSIONS OF LAW

| ATLANTIC'S CONCLUSIONS OF LAW | LEGAL AUTHORITY |
|---|---|
| The ordinary and popular meaning of the language in the Policy controls. | • Cal. Civ. Code § 1644 (words in a contract "are to be understood in their ordinary and popular sense, rather than according to their strict legal meaning; unless used by the parties in a technical sense, or unless a special meaning is given to them by usage."). <br><br> • *Sony Computer Entm't Am., Inc. v. Am. Home Assur. Co.*, 532 F.3d 1007, 1013 (9th Cir. 2008) ("Because there is no evidence that the parties intended the term to carry a technical meaning, the ordinary and popular meaning of the term governs."). <br><br> • *Discover Prop. & Cas. Ins. Co. v. Blair*, EDCV-13-00290-VAP-DTBx, 2014 U.S. Dist. LEXIS 128029, *22-23 (C.D. Cal. Aug. 26, 2014) ("As there |

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

**STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

Case 2:16-cv-04435-PA-MRW   Document 207-9   Filed 05/01/20   Page 141 of 151   Page ID
#:26392
Case 2:16-cv-04435-PA-MRW   Document 207-9   Filed 05/01/20   Page 140 of 150   Page ID
#:5347

| | ATLANTIC'S CONCLUSIONS OF LAW | LEGAL AUTHORITY |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | is nothing to indicate that the parties intended 'load capacity' to have a technical or special meaning, the Court interprets the term in its ordinary and popular sense."). |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | | • *Clarendon Nat'l Ins. Co. v. Foley & Bezek*, LLP, No. CV-00-11641-RJK, 2001 U.S. Dist. LEXIS 18443, *12 (C.D. Cal. July 26, 2001) (Court applied ordinary meaning of "sanction" where there was no evidence that insured attached any technical or special meaning to the term.). |
| 9 | | |
| 10 | | |
| 11 | | |
| 12 | | |
| 13 | | |
| 14 | | |
| 15 | | |
| 16 | | |
| 17 | | • *Jordan v. Allstate Ins. Co.*, 116 Cal. App. 4th 1206, 1218 (Cal. Ct. App. 2004) (no particular or technical meaning could govern because there was no evidence that the term at issue had a particular or technical meaning "understood by the parties at the time the policy was issued"). |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | The Policy must be construed not against Atlantic but against the Plaintiffs, as it is their policy form and | • *Garcia v. Truck Ins. Exch.*, 36 Cal. 3d 426 (Cal. 1984) (the doctrine of construing policies against insurers |
| 26 | | |
| 27 | | |
| 28 | | |

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

1615678.1

137

| ATLANTIC'S CONCLUSIONS OF LAW | LEGAL AUTHORITY |
|---|---|
| was heavily negotiated. | exists only because, in the normal course, the insurance company does not negotiate with the insured but instead offers policies on a take-it-or-leave-it basis. Where these factors are absent and the insurer and insured *negotiated* the terms of the policy and the insured enjoyed substantial bargaining power with the carrier, the doctrine does not apply.).<br>• *Fireman's Fund Ins. Co. v. Fibreboard Corp.*, 182 Cal. App. 3d 462, 468 (1986) (when the language in an insurance policy is the insured's, the language is construed against them). |
| Plaintiffs' losses are excluded by Exclusion 3, because the loss resulted directly or indirectly from insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these. Such loss or damage is excluded regardless of any other cause or event that contributes | • Webster's Third New International Dictionary 1611 (1976) ("to cause the downfall of: bring low: Defeat, Destroy, Ruin").<br>• Dictionary.com, http://www.dictionary.com/browse/overthrow (defining overthrow, in part, as to *put an end to* by force, as a |

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

1615678.1

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

| ATLANTIC'S CONCLUSIONS OF LAW | LEGAL AUTHORITY |
|---|---|
| concurrently or in any sequence to the loss. | government or institution" and listing as synonyms: "defeat; destruction; ruin"). <br><br> • *Home Ins. Co. v. Davila*, 212 F.2d 731, 732 (1st Cir. 1954) (insurrections need not have as their *sole* purpose the overthrow of a government— rather, there could be a "minimum objective" and a "maximum objective."). |
| Plaintiffs have judicially admitted that Hamas desires to destroy Israel and establish an Islamic state in what is currently Israel, which is tantamount to a judicial admission that Hamas seeks to overthrow Israel. | • WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1611 (1976) ("to cause the downfall of: bring low: defeat, destroy, ruin"); <br><br> • Dictionary.com, http://www.dictionary.com/browse/overthrow (defining overthrow, in part, as "to put an end to by force, as a government or institution" and listing as synonyms: "defeat; destruction; ruin"). <br><br> • *See American Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988); *Resendiz v. Cnty. Of Monterey*, No. 14-cv-05495-LHK, 2015 U.S. |

STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

| ATLANTIC'S CONCLUSIONS OF LAW | LEGAL AUTHORITY |
|---|---|
| | Dist. LEXIS 86034, *17 (N.D. Cal. June 30, 2015). |
| Plaintiffs' losses are excluded by Exclusion 2, because the loss resulted directly or indirectly from warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents. | • Oxford Living Dictionaries, https://en.oxforddictionaries.com/definition/authority. ("Authority" means: "A person or organization having political or administrative power and control."). <br><br> • *Hamdi & Ibrahim Mango Co. v. Reliance Ins. Co.*, 291 F.2d 437 (2d Cir. 1961) (Loss to insured goods destroyed by mortar fire between Israelis and Arabs resulted from "warlike operations;" <br><br> • *Pan. Am. World Airways, Inc. v. Aetna Cas. & Sur. Co.*, 368 F. Supp. 1098, 1130 (S.D.N.Y. 1973), *aff'd* 505 F.2d 989 (2d Cir. 1974) ("Battles between Fedayeen forces and Israelis, bombings of Israeli territory, and other forms of comparable violence, whether called 'guerilla' or 'commando' or whatever, were probably 'warlike' in a pertinent sense."). |

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

**STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

| ATLANTIC'S CONCLUSIONS OF LAW | LEGAL AUTHORITY |
|---|---|
| Plaintiffs' losses are excluded by Exclusion 1, because Plaintiffs' losses were caused directly or indirectly by war, including undeclared or civil war. | • *Hamdan v. Rumsfeld*, 548 U.S. 557, 594 (2006).<br>• *Hamdi v. Rumsfeld*, 542 U.S. 507, 533 (2004).<br>• *In re September 11 Litigation*, 751 F.3d 86, 89 (2d Cir. 2014)<br>• *In re September 11 Litig.*, 931 F. Supp. 2d 496, 511 (S.D.N.Y. 2013). ("an act of terror and devastation that provokes the response of war, itself becomes an 'act of war.'"). |
| Hamas is a quasi-sovereign or de facto government. | • *Hamdi & Ibrahim Mango Co. v. Reliance Ins. Co.*, 291 F.2d 437 (2d Cir. 1961) (Palestinian forces can be de facto governments.).<br>• *Holiday Inns, Inc. v. Aetna Insurance Co.*, 571 F. Supp. 1416, 1500 (S.D.N.Y. 1983) (stated that *Hamdi*, which involved another Palestinian organization that desired to take back Israel, was an example of a case involving a "de facto" government—an entity that maintains adverse claims to territory and accompanies those claims with |

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

**STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

| ATLANTIC'S CONCLUSIONS OF LAW | LEGAL AUTHORITY |
|---|---|
| | declarations of independence and sovereignty—because "the Arabs and Israelis bitterly contested control and sovereignty over that portion of the former Palestine which had been partitioned so as to constitute the new state of Israel."). <br> • *Pan American World Airlines, Inc. v. Aetna Casualty & Surety Co.*, 505 F.2d 989, 994 (2d Cir. 1974) (a "de facto" government is "a force [controlling] a substantial territory with trappings of state."). <br> • *United States v. El-Mezain*, 664 F.3d 467, 485-486 (5th Cir. 2011) (Hamas has a military, political, and social service branch that runs hospitals and schools). <br> • *Estates of Ungar v. Palestinian Auth.*, 304 F. Supp. 2d 232, 250 (D.R.I. 2004) ("Hamas operates through a political branch and a military branch."). <br> • *In re Marzook*, 924 F. Supp. 565, 568 (S.D.N.Y. 1996). |

ANDERSON, McPHARLIN & CONNERS LLP

LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 668-0080 • FAX (213) 622-7594

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1615678.1

**STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

| ATLANTIC'S CONCLUSIONS OF LAW | LEGAL AUTHORITY |
|---|---|
| The political question doctrine does not prevent the Court from determining that Hamas is a quasi-sovereign or a de facto government for purposes of this case. | • *Ctr. for Biological Diversity v. Hagel*, 80 F. Supp. 3d 991, 1001 (N.D. Cal. 2015) (quoting *Zivotofsky v. Clinton*, 566 U.S. 189, 194 (2012)) ("At the outset, it is important to note that the political question doctrine is a 'narrow exception' to the typical rule that provides that the 'Judiciary has a responsibility to decide cases properly before it, even those it would gladly avoid'…But it is not proper to apply the political question doctrine "merely because [a court's] decision may have significant political overtones.").<br><br>• *Japan Whaling Ass'n v. Am. Cetacean Soc'y*, 478 U.S. 221, 229-30 (1986) (quoting *Baker v. Carr*, 369 U.S. 186, 217 (1969)) ("not every matter touching on politics is a political question … and more specifically, … it is 'error to suppose that every case or controversy which touches foreign relations lies beyond judicial cognizance.'"). |

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

1615678.1

143

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

| | ATLANTIC'S CONCLUSIONS OF LAW | LEGAL AUTHORITY |
|---|---|---|
| 3 4 5 6 7 8 9 10 11 12 13 14 15 16 17 18 19 20 21 22 | | • *Ungar v. PLO*, 402 F.3d 274, 280-81 (1st Cir. 2005) (vacated and remanded on other grounds) (the "immunity decision neither signaled an official position on behalf of the United States with respect to the political recognition of Palestine nor amounted to the usurpation of a power committed to some other branch of government.").<br><br>• *Boumedienne v. Bush*, 553 U.S. 723, 754 (2008) (although precedent has stated that sovereignty is a political question, those statements "referred not to sovereignty in the general, colloquial sense, meaning the exercise of dominion or power … but sovereignty in the narrow, legal sense of the term, meaning a claim of right."). |
| 23 24 25 26 27 | Plaintiffs' losses are excluded by Exclusion 4, because the loss resulted directly or indirectly from any weapon of war including atomic fission or radioactive force, whether in time of | • GARNER'S DICTIONARY OF LEGAL USAGE 439 (3d ed. Oxford 2011) (The word "including" "should not be used to introduce an exhaustive list, for it implies that the list is only |

1615678.1

**STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

| | ATLANTIC'S CONCLUSIONS OF LAW | LEGAL AUTHORITY |
|---|---|---|
| | peace or war. | partial."). |

<div style="margin-left:2em">

peace or war.

partial.").

- *Puerto Rico Maritime Shipping Auth. v. ICC*, 645 F.2d 1102 n.26 (D.C. Cir. 1981) ("It is hornbook law that the use of the word including indicates that the specified list … is illustrative, not exclusive.").

- *People v. James*, 94 Cal. Rptr. 3d 576, 585-86 (Cal. Ct. App. 2009) (Court called a ".50-caliber BMG rifle"—a weapon *far* less dangerous than a mortar, missile, or rocket—a "weapon of war," reasoning that it had "the capacity to destroy or seriously damage 'vital public and private buildings, civilian, police and military vehicles,'" among other things, and that it was not the type of weapon "typically possessed by law-abiding citizens for lawful purposes such as sport hunting or self-defense."

- S. Rep. No. 90-1501, at 28 (1968)(noting that Congress had reached a "specific declaration and

</div>

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

1615678.1

145

**STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

Case 2:16-cv-04435-PA-MRW   Document 207-9   Filed 05/17/20   Page 150 of 151   Page ID
#:26401
Case 2:16-cv-04435-PA-MRW   Document 207-9   Filed 05/17/20   Page 149 of 150   Page ID
#:5596

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

| ATLANTIC'S CONCLUSIONS OF LAW | LEGAL AUTHORITY |
|---|---|
| | finding that … destructive devices (such as bazookas, *mortars*, antitank guns, bombs, *missiles*, etc.,) . . . are primarily weapons of war and have no appropriate sporting use or use for personal protection."). <br> • 26 U.S.C.S. § 5845(f) (listing missiles and rockets as "destructive devices."). |
| Plaintiffs have not offered any evidence to support that their alleged losses result from a "sudden" or "unexpected" occurrence, as the Policy requires for coverage to apply | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1615678.1

146

**STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

DATED: May 1, 2017

MARC J. SHRAKE
ANDERSON, McPHARLIN & CONNERS LLP

-and-

MICHAEL KEELEY (Pro Hac Vice)
TONI SCOTT REED *(Pro Hac Vice)*
CARLA C. CRAPSTER *(Pro Hac Vice)*
STRASBURGER & PRICE, LLP

By:      /s/ Michael Keeley
            Michael Keeley
Attorneys for Defendant ATLANTIC SPECIALTY
INSURANCE COMPANY

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

1615678.11

147

8918415.2;89715247;013.0901

**STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF OPPOSITION TO
PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**