# Exhibit 16

LUCIA E. COYOCA (SBN 128314)
lec@msk.com
VALENTINE A. SHALAMITSKI (SBN 236061)
vas@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, CA 90064-1683
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Plaintiffs
Universal Cable Productions LLC and
Northern Entertainment Productions LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNIVERSAL CABLE PRODUCTIONS LLC, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ATLANTIC SPECIALTY INSURANCE COMPANY,<br><br>Atlantic. | CASE NO. 2:16-cv-4435-PA-MRW<br><br>The Honorable Percy Anderson<br><br>**PLAINTIFFS' INITIAL DISCLOSURES** |

Mitchell
Silberberg &
Knupp LLP

8052719.1

PLAINTIFFS' INITIAL DISCLOSURES

Plaintiffs Universal Cable Productions LLC ("UCP") and Northern Entertainment Productions LLC ("Northern Entertainment") (UCP and Northern Entertainment, collectively, "Plaintiffs") hereby make the following initial disclosures pursuant to the parties' agreement and Rule 26(a)(1) of the Federal Rules of Civil Procedure ("FRCP").

I. **Witness Disclosures—FRCP 26(a)(1)(A)(i)**

Plaintiffs have not yet completed their investigation of this action, and may discover additional witnesses; however, excluding potential impeachment witnesses, Plaintiffs currently believe the following persons are likely to have discoverable information that Plaintiffs may use to support their claims:

1. **Kurt Ford** – Mr. Ford has or may have discoverable information regarding Plaintiffs' claims, including information concerning the delay, postponement, and relocation of the *Dig* production out of Israel (the "*Dig* Claim"), and the expenses and costs Plaintiffs incurred in connection therewith. Mr. Ford may be contacted through the undersigned counsel of record for Plaintiffs.

2. **Randi Richmond** – Ms. Richmond has or may have discoverable information regarding the *Dig* Claim, and the expenses and costs Plaintiffs incurred in connection with the delay, postponement, and relocation of the *Dig* production out of Israel. Ms. Richmond may be contacted through the undersigned counsel of record for Plaintiffs.

3. **BJ Markus** – Ms. Markus has or may have discoverable information regarding the *Dig* Claim, and the expenses and costs Plaintiffs incurred in connection with the delay, postponement, and relocation of the *Dig* production out of Israel. Ms. Markus may be contacted through the undersigned counsel of record for Plaintiffs.

4. **Mark Binke** – Mr. Binke has or may have discoverable information regarding the *Dig* Claim and the expenses and costs Plaintiffs incurred in

connection with the delay, postponement, and relocation of the *Dig* production out of Israel. Mr. Binke may be contacted through the undersigned counsel of record for Plaintiffs.

5. **Curt Williams** – Mr. Williams has or may have discoverable information regarding the *Dig* Claim and the expenses and costs Plaintiffs incurred in connection with the delay, postponement, and relocation of the *Dig* production out of Israel. Mr. Williams may be contacted through the undersigned counsel of record for Plaintiffs.

6. **Stephen Smith** – Mr. Smith has or may have discoverable information regarding the security conditions of the *Dig* production during the summer of 2014, and the delay, postponement, and relocation of the *Dig* production out of Israel. Mr. Smith may be contacted through the undersigned counsel of record for Plaintiffs.

7. **Andrea Garber** – Ms. Garber has or may have discoverable information regarding the insurance policy at issue, *i.e.*, the Motion Picture/Television Producers Portfolio Policy No. MP00163-04 (the "Policy") issued by Atlantic Specialty Insurance Company ("Atlantic"), the claims made thereunder including the *Dig* Claim, and the addition of *Dig* as an insured production. Ms. Garber has or may also have discoverable information regarding prior policies issued by Atlantic. Ms. Garber may be contacted through the undersigned counsel of record for Plaintiffs.

8. **Susan Weiss** – Ms. Weiss has or may have discoverable information regarding the Policy and/or prior policies issued by Atlantic and claims thereunder, including the *Dig* Claim. Ms. Weiss may be contacted through the undersigned counsel of record for Plaintiffs.

9. **Peter Williams** – Plaintiffs believe Mr. Williams is or was Atlantic's agent, and an agent, employee, or representative of OneBeacon Insurance Group, Ltd. and/or OneBeacon Entertainment LLC. Plaintiffs believe Mr. Williams has or

may have discoverable information regarding Atlantic's coverage determination and its denial of the *Dig* Claim, and Atlantic's handling and the impact of other claims made by Plaintiffs under the Policy.

10. **Pamela Johnson** – Plaintiffs believe Ms. Johnson is or was Atlantic's agent, and an agent, employee, or representative of OneBeacon Insurance Group, Ltd. and/or OneBeacon Entertainment LLC. Plaintiffs believe Ms. Johnson has or may have discoverable information regarding Atlantic's coverage determination and its denial of the *Dig* Claim, and Atlantic's handling and the impact of other claims made by Plaintiffs under the Policy.

11. **Theresa Gooley** – Plaintiffs believe Ms. Gooley is or was Atlantic's agent, and an agent, employee, or representative of OneBeacon Insurance Group, Ltd. and/or OneBeacon Entertainment LLC. Plaintiffs believe Ms. Gooley has or may have discoverable information regarding Atlantic's coverage determination and its denial of the *Dig* Claim, and Atlantic's handling and the impact of other claims made by Plaintiffs under the Policy.

12. **Daniel Gutterman** – Plaintiffs believe Mr. Gutterman is or was Atlantic's agent, and an agent, employee, or representative of OneBeacon Insurance Group, Ltd. and/or OneBeacon Entertainment LLC. Plaintiffs believe Mr. Gutterman has or may have discoverable information regarding Atlantic's coverage determination and its denial of the *Dig* Claim, and Atlantic's handling and the impact of other claims made by Plaintiffs under the Policy.

II. **Document Disclosures—FRCP 26(a)(1)(A)(ii)**

Plaintiffs have not completed their investigation of this action, and therefore may discover additional documents and/or tangible things. The categories of documents that are currently known in Plaintiffs' possession, custody, or control which Plaintiffs may use to support their claims (other than solely for impeachment), include:

1. Atlantic Specialty Motion Picture/Television Producers Portfolio Policy No. MP00163-04, and related documents.

2. Prior policies issued by Atlantic Specialty to NBCUniversal Media LLC including, *e.g.*, Policy Nos. MP00163-03, MP00163-02, MP00163-01, MP00163-00, and related documents.

3. Claims-related documents and correspondence, including with Atlantic and/or its agents/representatives, relating to the *Dig* Claim, other claims under the Policy, and/or prior policies issued by Atlantic.

4. Documents relating to the payments made to purchase the Policy, and/or prior policies issued by Atlantic.

5. Documents, including publicly-available U.S. government documents as cited in the First Amended Complaint, regarding Hamas, the Gaza Strip, and the events during the summer of 2014 and/or prior to that time.

6. Documents regarding the expenses and costs incurred by Plaintiffs relating to the *Dig* Claim and satisfaction of the self-insured retention under the Policy.

7. Documents regarding the expenses and costs incurred and to-be-incurred by Plaintiff in connection with enforcing coverage of the *Dig* Claim under the Policy.

### III. Computation of Damages—FRCP 26(a)(1)(A)(iii)

At this time, Plaintiffs estimate their damages in an amount not less than $6.9 million in expenses and costs incurred in connection with the delay, postponement, and relocation of the *Dig* production. These expenses and costs fall squarely within the definition of the Extra Expense coverage under the Policy which Atlantic was obligated to, but did not pay.

Plaintiffs will make the documents on which its damages computation is based available for inspection and copying as provided for under FRCP 34.

Plaintiffs also claim damages to be determined at trial for Atlantic's tortuous breach of an insurance contract, including but not limited to Plaintiffs' legal fees, expenses, and costs incurred as a result of their efforts to obtain coverage under the Policy, punitive damages, and other relief as provided by law.

Plaintiffs also seek pre-judgment and other interest on all of the above amounts to the full extent permitted by law, in an amount to be determined at trial.

## IV. Insurance—FRCP 26(a)(1)(A)(iv)

Not applicable.

Plaintiffs reserve the right to supplement these disclosures should discovery or other investigation reveal witnesses and/or other information relevant to their claims in this action.

DATED: September 16, 2016

LUCIA E. COYOCA
VALENTINE A. SHALAMITSKI
MITCHELL SILBERBERG & KNUPP LLP

By: /s/ Lucia E. Coyoca
Lucia E. Coyoca
Attorneys for Plaintiffs
Universal Cable Productions LLC and
Northern Entertainment
Productions LLC

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California, I am over the age of eighteen years and am not a party to this action; my business address is Mitchell Silberberg & Knupp LLP, 11377 West Olympic Boulevard, Los Angeles, CA 90064-1683, and my business email address is bag@msk.com.

On September 16, 2016, I served a copy of the foregoing document(s) described as **PLAINTIFFS' INITIAL DISCLOSURES** on the interested parties in this action at their last known address as set forth below by taking the action described below:

| | |
|---|---|
| Marc J. Shrake, Esq.<br>Anderson, McPharlin & Conners LLP<br>707 Wilshire Boulevard<br>Suite 4000<br>Los Angeles, CA 90017-3623<br><br>Telephone: (213) 236-1691<br>Facsimile: (213) 622-7594<br><br>Email: mjs@amclaw.com | Michael Keeley, Esq.<br>John R. Riddle, Esq.<br>Carla C. Crapster, Esq.<br>Strasburger & Price, LLP<br>901 Main Street<br>Suite 4400<br>Dallas, TX 75202<br><br>Telephone: (214) 651-4300<br>Facsimile: (214) 651-4330<br><br>Email:<br>michael.keeley@strasburger.com<br>john.riddle@strasburger.com<br>carla.crapster@strasburger.com |

☑ **BY PLACING FOR COLLECTION AND MAILING:** I placed the above-mentioned document(s) in sealed envelope(s) addressed as set forth above, and placed the envelope(s) for collection and mailing following ordinary business practices. I am readily familiar with the firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at 11377 West Olympic Boulevard, Los Angeles, California 90064-1683 in the ordinary course of business.

☑ **BY ELECTRONIC MAIL:** I served the above-mentioned document electronically on the parties listed at the email addresses above and, to the best of my knowledge, the transmission was complete and without error in that I did not receive an electronic notification to the contrary.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on September 16, 2016, at Los Angeles, California.

_____
Bertha A. Garcia