MARC J. SHRAKE (SBN 219331)
mshrake@fmglaw.com
WAYNE H. HAMMACK (SBN 202709)
whammack@fmglaw.com
FREEMAN MATHIS & GARY, LLP
550 South Hope Street, Suite 2200
Los Angeles, California 90071
Telephone: (213) 615-7019
Facsimile: (213) 615-7000

CHRISTOPHER W. MARTIN (*Pro Hac Vice*)
martin@mdjwlaw.com
MELINDA R. BURKE (*Pro Hac Vice*)
burke@mdjwlaw.com
WILLIAM E. McMICHAEL (*Pro Hac Vice*)
mcmichael@mdiwlaw.com
MARTIN, DISIERE, JEFFERSON
& WISDOM LLP
9111 Cypress Waters Blvd., Suite 250
Dallas, Texas 75019
Telephone: (214) 420-5500
Facsimile: (214) 420-5501

Attorneys for Defendant
Atlantic Specialty Insurance Company

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| UNIVERSAL CABLE PRODUCTIONS LLC, a Delaware limited liability company, and NORTHERN ENTERTAINMENT PRODUCTIONS LLC, a Delaware limited liability company, <br><br> Plaintiffs, <br><br> vs. <br><br> ATLANTIC SPECIALTY INSURANCE COMPANY, a New York insurance company, <br><br> Defendant. | CASE NO. 2:16-cv-4435-PA-MRW <br><br> **WRITTEN PROFFER OF EXPERT OPINION OF ASIC DAMAGE EXPERT SHANNON RUSNAK** <br><br> Hearing Date:   TBD <br><br> File Date: 6/20/2016 <br> Pre-Trial Conference: 1/17/2020 <br> Trial Date:   2/18/2020 |

///

///

///

///

WRITTEN PROFFER OF EXPERT OPINION OF ASIC DAMAGE EXPERT SHANNON RUSNAK

16294657.1   11775-83955

1    Atlantic Specialty provides this Written Proffer of Expert Testimony of:

2
3            Shannon Rusnak
             Senior Vice President
4            Forensic Accounting
             J.S. Held LLC
5            796 Awalau Rd., Haiku, HI 96708
             110 Cypress Station Dr., Houston, TX 77090
6            Office/Mobile 713-705-8771

7

8        Ms. Rusnak is a designated expert witness to testify regarding Plaintiffs' claim

9    for potential "extra expenses" and other loss claimed under the Policy in issue, and in

10   rebuttal to Plaintiffs' fact and expert witnesses regarding these matters. [ASIC

11   Supplemental Expert Designation, p. 2].

12       Without limitation, it is anticipated that Ms. Rusnak will testify regarding the

13   computation and methodology of Plaintiffs' Expert, Robert Wunderlich, reductions to

14   Mr. Wunderlich's computations, the maximum amount of potential extra expenses

15   purportedly incurred by Plaintiffs in connection with the postponement, delay, and

16   relocation of the *Dig* production out of Israel, as more fully set forth in the Rusnak

17   Report.  Ms. Rusnak's analysis included the review of the insurance policy in effect

18   during the period in question, various budgets, actual cost recaps, communications,

19   depositions, reports and cost ledgers, all as more fully set forth in her report.  [ASIC

20   Supplemental Expert Designation, p. 2].

21       The Court granted leave for ASIC to designate Ms. Rusnak on January 17, 2020.

22   On January 17, 2020, ASIC served its Supplemental Expert Designation designating

23   Ms. Rusnak as an expert and provided her report, dated January 17, 2020 (Rusnak

24   Report).  The Rusnak Report was incorporated in the Supplemental Designation, the

25   same as if fully set forth therein. [ASIC Supplemental Expert Designation, p. 2].

26   **I.    Exhibits To Proffer**

27           Exhibit A:   Expert Report of Shannon Rusnak ("Rusnak Report"); the

28   Rusnak Report is relied on and incorporated in the Proffer with supporting

schedules, documents, and statements, the same as if fully set forth herein.

Exhibit B:  Supplemental Designation of Shannon Rusnak

Exhibit C:  CV of Shannon Rusnak

Exhibit D:  Chart of Documents and Statements (Depositions) Relied On by Ms. Rusnak

Exhibit E:  Flash drive with documents relied on by Ms. Rusnak (delivered to Court).

Copies of non-electronic documents are being obtained.

## II.  Opinions of Shannon Rusnak and Citation To Expert Witness Disclosure

1. Mr. Wunderlich's calculations of potential extra expenses in the total amount of $7,122,011 are overstated and he did no critical analysis to ensure his reliance on assumptions, or the direction of others, resulted in an analysis that was reasonable. [ASIC Supplemental Expert Disclosure, p. 10; Rusnak Report, p. 8].  Had he done so, he would have identified multiple instances in which his calculation is inflated based on the actual facts and proper amortization. [Multiple examples are set forth in "Basis" sections below].

   a. Mr. Wunderlich submitted a claim totaling $7,112,011 based on a ledger of costs, or the "Full Cost Bible", consisting primarily of the purported amortizable costs to shoot episodes 2 through 6 in New Mexico and Croatia. [ASIC Supplemental Expert Designation, p. 4; Rusnak Report, p. 3, which cites Wunderlich May 11, 2017 report, P. 2].

   b. Mr. Wunderlich effectively totals the amortizable costs (prep, all series and wrap expenses) of $8,956,558 and through the direction of Plaintiffs' representatives, deducts costs of $1,951,155 as non-extra (or non-duplicative) expense to those already incurred in Israel. [ASIC Supplemental Expert Designation, p. 4-5].

Freeman Mathis
& Gary, LLP
Attorneys at Law

c. No critical analysis of "but for" the relocation was made by Mr. Wunderlich. He assumed that expenses were duplicated and therefore extra without testing the overall reasonableness of his method. [ASIC Supplemental Expert Designation, p. 5; Rusnak Report, p. 3]. This results in an inflated claim of extra expense of $3,665,594. [ASIC Supplemental Expert Designation, p.10; 12; Rusnak Report, p. 9 and Summary of Extra Expense Schedules attached to Rusnak Report].

d. Wunderlich failed to account for the elements of the calculation set forth in #2 Opinion below, resulting in an inflated calculation. [ASIC Supplemental Expert Designation, p. 5; Rusnak Report, p. 3-4].

2. The potential extra expenses are $3,446,417, as follows [Supplemental Disclosure, p. 5, citing also Summary of Extra Expense Schedules in Rusnak Report)]:

| Description | Amount |
|---|---|
| Potential Extra Expenses 2 through 6 | $ 6,899,094 |
| Less Additional Tax Credit/Rebate Savings | (1,637,756) |
| Less New Mexico Amortization | (1,814,922) |
| Total | $ 3,446,417 |

[ASIC Supplemental Expert Designation, p. 5].

The amounts in the table above are based upon:

1. Potential extra expenses of $6,899,094 related to the production of episodes 2 through 6. The potential extra expenses were calculated based upon a comparison of actual expenditures for the episodes in question for locations in Israel, Croatia and New Mexico compared to the budgeted expenditures for the same episodes in Israel.

Freeman Mathis
& Gary, LLP
Attorneys at Law

WRITTEN PROFFER OF EXPERT OPINION OF ASIC DAMAGE EXPERT SHANNON RUSNACK

2. A reduction for additional tax credit/rebate savings realized as a result of the move in the amount of $1,637,756.

3. A reduction for New Mexico amortization costs which should have been allocated to episodes 7 through 10 in the amount of $1,814,922.

4. Any insurance policy deductible which may further reduce the calculation.

[ASIC Supplemental Expert Designation, p. 5; Rusnak Report, p. 3-4, citing Summary of Extra Expense Schedules in Rusnak Report].

## III.    Relevance of Opinions

Plaintiffs' seek to recover an alleged 'extra expense' loss from ASIC pursuant to the terms of the Policy in issue in excess of $7,000,000 and, more specifically as calculated by Wunderlich, in the amount of $7,112,011. ASIC disputes Plaintiffs' and Wunderlich's calculation and each of the foregoing opinions of Ms. Rusnak are relevant to rebut Plaintiffs' damage model and loss calculations. Each of the foregoing opinions, Basis set forth herein, and supporting documentation bear directly on ASIC's defense to Plaintiffs' claimed 'extra-expense' loss and will assist the jury in determining a disputed issue of fact it will be asked to resolve (damages). Ms. Rusnak is qualified by her education, training, and experience to provide these opinions, as more fully set forth in her CV and as shown in the analysis provided in this Proffer and in her Report and accompanying schedules and documentation cited therein.

## IV.    Basis For Opinions

The multiple basis for Ms. Rusnak's opinions that Plaintiffs' calculation is inflated, that Wunderlich's methodology lacks critical analysis, that his calculation is inflated, and that the correct calculation is that the potential extra expense is $3,446,417 necessarily overlap and are the same. ASIC has made an attempt to more specifically associate the various basis with each opinion for ease of explanation, where possible, and has endeavored to not unnecessarily repeat facts and analysis. Because the Basis for each opinion are the same, however, each Basis stated in this Proffer is applicable to each of Rusnak's opinions.

Freeman Mathis
& Gary, LLP
Attorneys at Law

WRITTEN PROFFER OF EXPERT OPINION OF ASIC DAMAGE EXPERT SHANNON RUSNACK

***Basis:  Qualifications***

Ms. Rusnak basis her opinions, in part, on her qualifications, including her education, training, and experience.  A copy of her CV was attached to ASIC's Supplemental designation as part of her report and is attached hereto and incorporated herein as Exhibit C.  Ms. Rusnak has a B.S. in Business Administration, is a Certified Public Accountant, Certified Fraud Examiner, and is a Master Analysist in Financial Forensics.  Ms. Rusnak has been providing forensic accounting services for over 35 years.  She has performed thousands of assignments involving measurement of damages, including costs stemming from breach of contract, and have been qualified as an expert in both state and federal court.

***Basis:  Background and Terminology***

As part of the basis for her opinions, Ms. Rusnak considered various "background" and terminology associated with the *Dig* production and as used in Wunderlich's reports, his testimony, and testimony and testimony of others, as noted.

Basis:  Background Facts

Rusnak considered that the *Dig* production started as a six-episode television series set to be filmed predominantly in Israel beginning on or about June 1, 2014. 3 (A "Snow Shoot" was filmed in Canada prior to June.) The pilot episode was completed on or about June 26, 2014 wherein a scheduled hiatus took place for preproduction and preparation of the following episodes. Filming was scheduled to begin July 20, 2014. (See First Amended Complaint p. 13, No. 21.) [ASIC Supplemental Expert Disclosure, p. 3; Rusnak Report, p. 2].

Due to concerns with the safety and security of cast and crew members regarding events taking place in Israel, Plaintiff Universal Cable Productions, LLC ("UCP") made the decision to postpone the July 20 filming for a week. Subsequently, on July 16, 2016, faced with news of escalating violence in Israel, UCP made the decision to move the *Dig* production out of Israel and ultimately to Croatia and New Mexico. (See First Amended Complaint p. 15, Nos. 25 and 27). [ASIC Supplemental

Freeman Mathis
& Gary, LLP
Attorneys at Law

16294657.1   11775-83955

Expert Disclosure, p. 3; Rusnak Report, p. 2].

Preparations in New Mexico began the week of July 28 and subsequently preparations began in Croatia. Filming began in Croatia during September that lasted for thirteen days. (See ATL002211).   Filming of episodes 2 through 6 in New Mexico occurred October 2 through November 12, 2014. (See UCP004797). On or about October 10, 2014, the *Dig* production was extended another four episodes to include episodes 7 through 10, or the "back four" episodes. (See ATL002231-33).   [ASIC Supplemental Expert Disclosure, p. 3; Rusnak Report, p. 2].

Filming in New Mexico for the back four episodes began five days after filming completed on 2 through 6, or November 17, 2014 and shooting was complete December 10, 2014. Six days of filming in Croatia was scheduled thereafter. (See UCP004504 and ATL002211). [ASIC Supplemental Expert Disclosure, p. 3; Rusnak Report, p 2].

Basis:  Terminology-Amortized Cost Accounts

For multi-episodic productions, Amort and Pattern budget and costing is standard. Amort, or amortized costs, are those costs that are typically not variable per episode and the costs are allocated across all episodes. The Pattern costs are typically those costs that vary with the number of episodes produced and are costs booked directly to each episode account. [ASIC Supplemental Expert Disclosure, p. 3; Rusnak Report, p. 2].

Part of the basis for all of Rusnak's opinions is the fact that the claim presented by Plaintiffs and Mr. Wunderlich consists primarily of the amortized costs in New Mexico and Croatia. Thus, it is important to understand the various amortized cost accounts at issue:

1. Amortized costs in Israel applicable to episodes 1 through 6:
A. Prep – 1095 – expenses necessary to open production at a location

B. All Series/Amort – 1096 – costs such as set construction, set dressing, travel and living (See Deposition of Barbara-Ann Marcus-Caffrey P.

WRITTEN PROFFER OF EXPERT OPINION OF ASIC DAMAGE EXPERT SHANNON RUSNACK
16294657.1   11775-83955

Freeman Mathis
& Gary, LLP
Attorneys at Law

31, lines 9 through 12).

C. Hiatus – 1097 – break between pilot and filming for prep

D. Wrap – 1098 – expenses necessary to close production at a location
2. Amortized costs in New Mexico applicable to episodes 2 through 6

A. Prep – 1085

B. All Series/Amort – 1086 (also includes total Croatia Part 1 costs)

C. Wrap – 1088

3. Amortized costs in New Mexico applicable to episodes 7 through 10

A. All Series/Amort – 1091 (also includes total Croatia Part 2 costs)

Episodes 7 through 10 do not include Prep or Wrap expenses; this is addressed further herein.  [ASIC Supplemental Expert Disclosure, p. 4; Rusnak Report p. 2-3].

***Basis:  Mr. Wunderlich's Methodology Lacks Critical Analysis and His Calculations Are Inflated***

The multiple Basis set forth above are incorporated herein by reference.  The Basis set forth below focus on Rusnak's more specific rationale for concluding that Wunderlich's methodology lacks critical analysis and his calculations are inflated. However, there is not a bright line distinction between the basis for these conclusions and Rusnak's calculation of Wunderlich's overstated amount and her calculation that the potential extra expense calculation is only $3,446,417.  Separate topic sections for each opinion are provided for ease of understanding.  However, the basis for Rusnak's critique of Wunderlich's methodology and calculation necessarily overlap with the basis for her own calculation of $3,446,417.  As a result, the Basis for each opinion set forth in this Proffer are the same and all Basis provided in this Proffer are incorporated into the other, by reference, to avoid unnecessarily lengthening this Proffer.

Basis:  Policy Language and Wunderlich Analysis

Freeman Mathis
& Gary, LLP
Attorneys at Law

-8-
16294657.1   11775-83955

In addition to all previously stated Basis herein, Rusnak has these additional basis for her opinions that Wunderlich's methodology lacks necessary critical analysis and his calculation is inflated:

1.      According to the insurance policy in effect during the period in question, the Definition of Loss under Section III – Extra Expense is as follows:

> "The amount of your loss will be determined based on:
>
> All necessary "Insurable Production Cost" you incur to complete the "Insured Production" that exceeds the amount of "Insurable Production Cost" you would have incurred if the covered cause of loss had not occurred;
>
> All other necessary expenses that reduce the amount of loss otherwise payable…"

[ASIC Supplemental Expert Disclosure, p. 6; Rusnak Report, p. 4-5].

2.      Mr. Wunderlich claimed 100% of the New Mexico Prep account 1085 expenses in the amount of $1,477,588 as being duplicative of $921,795 in Israeli Prep account 1095 expenses allocated to episodes 2 through 6. (See Schedule 1[1] Rusnak Report ($1,198,334 / 6.5 X 5). As noted, Mr. Wunderlich's amount of potential extra expense is 160% of the original Israeli amount. Actual costs in Israeli Prep account 1095 were $213,624 under budget due at least in part to the early termination of filming in Israel, which further inflates Mr. Wunderlich's overstatement of potential extra expenses. (See Schedule 1a ($1,411,958 - $1,198,334) Rusnak Report).  [ASIC Supplemental Expert Disclosure, p. 6; Rusnak Report, p. 5].

Mr. Wunderlich made no effort to determine what Prep (or Wrap) expenses had been incurred in Israel or whether all anticipated expenses had been incurred in Israel for Prep (or Wrap) had the production been completed there. (See Deposition of Robert Wunderlich, P. 225, line 17).  [ASIC Supplemental Expert Disclosure, p. 6; Rusnak

---

[1] Throughout this Proffer, reference to Schedules 1, 1a, 1b, 1d, and 1d includes documents contained on Schedules 1, 1a, 1b, 1c, and 1d, including without limit, UCP 018226, 019037-042; 019044-049; 019051-55; 019057-061; 014838-39; 018418-19.

WRITTEN PROFFER OF EXPERT OPINION OF ASIC DAMAGE EXPERT SHANNON RUSNACK

16294657.1   11775-83955

Freeman Mathis
& Gary, LLP
Attorneys at Law

Report, p. 5].

3.     Mr. Wunderlich claimed 87.59% of the New Mexico Wrap account 1088 expenses in the amount of $819,239. At the direction of Plaintiff's representative, he excluded $116,038 as potential extra expenses:

> "And, again, I am relying on Ms. Markus for looking at the line-item detail and identifying for me the nonduplicative expenses."

(See Deposition of Robert Wunderlich, P. 166, line 19 through P. 169, line 18). [ASIC Supplemental Expert Disclosure, p. 6; Rusnak Report, p. 5].

Israeli Wrap account 1098 expenses attributable to episodes 2 through 6 total $271,175, or $548,064 less than the duplicative, or potential extra, expenses claimed by Mr. Wunderlich. (See Schedule 1 ($352,528 / 6.5 X 5) Rusnak Report). Actual costs in Israeli Wrap account 1098 were $113,307 under budget due at least in part to early termination of filming in Israel, which further inflates Mr. Wunderlich's overstatement of potential extra expenses. (See Schedule 1d Rusnak Report). [ASIC Supplemental Expert Disclosure, p.7; Rusnak Report, p. 5].

As with all categories, and contrary to the policy language, Mr. Wunderlich did no comparison of alleged New Mexico/Croatia extra expenses with the alleged duplicated Israeli expenses to find out why his duplicates were so far in excess of original expenditures:

> "Q Did you personally make any type of comparison of the wrap expenses that were actually incurred in Israel in comparison to the wrap expenses that you included in your Exhibit 261?
>
> THE WITNESS: No. And that wasn't the intent of my compilation. My compilation was to identify the expenses in duplicative categories of expenses, entire categories. That wouldn't have been necessary if the production had completed in Israel."

Deposition of Robert Wunderlich, P. 225, line 24 through P. 225, line 9. [ASIC Supplemental Expert Disclosure, p. 7; Rusnak Report, p. 5-6].

Freeman Mathis & Gary, LLP
Attorneys at Law

WRITTEN PROFFER OF EXPERT OPINION OF ASIC DAMAGE EXPERT SHANNON RUSNACK
16294657.1   11775-83955

4.     Wunderlich claimed $2,855,046 in potential extra, or duplicated, expenses related to New Mexico Amort/All Series account 1086. At the direction of Plaintiff's representative, Mr. Wunderlich excluded costs totaling $828,021 from total costs of $3,683,077 to arrive at his claim amount. (Account 1086 New Mexico Cost total of $3,683,077 - $2,855,056; UCP018225 and B3 of Wunderlich's March 17, 2017 report.) Israeli Amort/All Series account 1096 included costs totaling $1,863,207 attributable to episodes 2 through 6, or $991,839 less than claimed by Mr. Wunderlich. Actual costs in Israeli Amort/All Series account 1096 were $938,179 under budget due at least in part to early termination of filming in Israel, which further inflates Mr. Wunderlich's overstatement of potential extra expenses. (See Schedule 1b to Rusnak Report).  [ASIC Supplemental Expert Disclosure, p. 7-8; Rusnak Report, p. 6].

Again, no critical analysis was done by Mr. Wunderlich to compare overall costs in a "but for" scenario to the actual scenario, or to review the costs in Israel compared to the alleged duplicated New Mexico expenses.   [ASIC Supplemental Expert Disclosure, p. 8; Rusnak Report, p. 6].

5.     Mr. Wunderlich set forth $174,397 in extra compensation expenses for New Mexico as a result of extra SAG compensation requirements and higher negotiated compensation resulting from the longer time span of production. Documentation supporting the reason for the extra compensation and whether this was attributable to the relocation or additional episodes could not be located. In his testimony, when asked about the extra compensation costs, Mr. Wunderlich testified that they related primarily to the extra SAG compensation and made no mention of the higher negotiated compensation. Yet the increased negotiated compensation makes up $103,465 plus associated SAG and Taxes of $25,072, or, by far, most of this claim category. Deposition of Robert Wunderlich, P. 259, lines 10 through 25 and B4-R of Wunderlich's May 11, 2017 report.  [ASIC Supplemental Expert Disclosure, p. 8; Rusnak Report, p. 6].

6.     The Croatia expenses include Prep, Wrap, All-Series and Episode/Pattern

WRITTEN PROFFER OF EXPERT OPINION OF ASIC DAMAGE EXPERT SHANNON RUSNACK

16294657.1   11775-83955

Freeman Mathis
& Gary, LLP
Attorneys at Law

expenses. Mr. Wunderlich took the total expenses of $2,643,457 (document UCP018225) and at the direction of Plaintiff's representative, deducted purported "non duplicated" expenses totaling $133,773 to arrive at a net amount of $2,509,684. He then added back potential extra expenses totaling $92,741 for pay in Israel for extra Croatia shooting units and extra compensation for added travel days due to relocation to Croatia. No comparison was made by Mr. Wunderlich regarding potential travel that would have been required from Israel or the potential savings that may have been realized from traveling to and from New Mexico compared to and from Israel. (See Deposition of Robert Wunderlich, P. 69, lines 1 through 11 and P. 70, line 12 through P. 72, line 15 and P. 108, line 14 through P. 109, line 4).  [ASIC Supplemental Expert Disclosure, p. 8; Rusnak Report, p. 7].

In order to account for the shooting/filming costs included in the Croatia expenses, Mr. Wunderlich attempted to exclude these using a budgeted amount trended to actual, or an amount of $873,321. However, the budgeted amount used by him was understated, thereby understating the deduct and overstating the potential extra expenses. In reviewing the detail to the daily shoot budget used by Mr. Wunderlich (document UCP018222), Ms. Rusnak noted several line items where significant costs would be accrued as "Subject to Day Out of Days" and -$0- dollars budgeted for these line items. These line items include Actor/Performer, Stunts, Extra Talent and Special Effects.  [ASIC Supplemental Expert Disclosure, p. 9; Rusnak Report, p. 7].

The net claimed Croatia expenses of $1,729,104 (or $2,509,684 plus $92,741 less $873,321) are inflated using a flawed methodology. [ASIC Supplemental Expert Disclosure, p. 9; Rusnak Report, p. 7].

7.    Push expenses were claimed by Mr. Wunderlich for the potential extra expenses incurred in Israel during the one-week period when production was on hold. These expenses total $56,627. Of the claimed amount, $31,716 reflected the Israeli crew which was based on a four-week period of pay divided by four weeks. Mr. Wunderlich

Freeman Mathis
& Gary, LLP
Attorneys at Law

WRITTEN PROFFER OF EXPERT OPINION OF ASIC DAMAGE EXPERT SHANNON RUSNACK

made no attempt to break out the payroll by week or inquire about the reason for continued payroll. (See Deposition of Robert Wunderlich, P. 337, line 19 through P. 338, line 24 and P. 343, line 11 through P. 346, line 18). According to a July 14, 2014 email from Randi Richmond, "3 weeks Hiatus – we will have some savings on the last hiatus week as that really has been the push week where we were able to get a bunch of folks off the clock." (See document UCP001480-81). Thus, Mr. Wunderlich's methodology of taking the total expenses and dividing by the number of weeks would appear to overstate the claim. Based upon the detail provided, Ms. Rusnak was unable to determine the periods of pay but she notes that $13,053 of the claimed $31,716 amount was not booked to the Hiatus account but instead was booked to the Prep, Wrap and All Series accounts. Therefore, at the very least, $13,053 should not be considered Push expenses. The remaining expenses reflect Crew expenses during the Hiatus for compensation paid in Canadian dollars and for compensation paid in U.S. dollars; these amounts total $24,912 and the source of this information was Plaintiff's representative. Deposition of Robert Wunderlich Ph.D., P. 349, lines 3 through 8. [ASIC Supplemental Expert Disclosure, p. 9-10; Rusnak Report, p. 7-8].

The claim set forth by Mr. Wunderlich was primarily based upon the "Full Cost Bible" for amortized costs in New Mexico and Croatia. Most of the deductions to the "Full Cost Bible" amounts were made at the direction of Plaintiff's representative. The sole deduction made by Mr. Wunderlich, or the $873,321 amount discussed above, was flawed. The additions to the "Full Cost Bible" made by Mr. Wunderlich for compensation and travel lacked sufficient relevant data and critical analysis. Mr. Wunderlich's calculation of potential extra expenses are overstated and he did no critical analysis to ensure his reliance on assumptions, or the direction of others, resulted in an analysis that was reasonable. [ASIC Supplemental Expert Disclosure, p. 10; Rusnak Report, p. 8].

8. Mr. Wunderlich submitted a claim totaling $7,112,011 based on a ledger of costs, or the "Full Cost Bible", consisting primarily of the purported amortizable costs

Freeman Mathis
& Gary, LLP
Attorneys at Law

WRITTEN PROFFER OF EXPERT OPINION OF ASIC DAMAGE EXPERT SHANNON RUSNACK

16294657.1   11775-83955

to shoot episodes 2 through 6 in New Mexico and Croatia. [ASIC Supplemental Expert Designation, p. 4; Rusnak Report, p. 3, citing to Wunderlich May 11, 2017 report, p. 2].

Mr. Wunderlich effectively totals the amortizable costs (prep, all series and wrap expenses) of $8,956,558 and through the direction of Plaintiffs' representatives, deducts costs of $1,951,155 as non-extra (or non-duplicative) expense to those already incurred in Israel. Included in the deduction is $873,321 which is meant to reflect normal shooting, or episodic, costs in Croatia; however, the calculation by which Mr. Wunderlich arrives at this amount is flawed. Mr. Wunderlich then adds back $106,608 in potential extra expenses incurred in Israel. [ASIC Supplemental Expert Designation, p. 4-5; Rusnak Report, p. 3].

No critical analysis of "but for" the relocation was made by Mr. Wunderlich. He assumed that expenses were duplicated and therefore extra without testing the overall reasonableness of his method. [ASIC Supplemental Expert Designation, p. 5; Rusnak Report, p. 3. ]. This results in an inflated claim of extra expense. [ASIC Supplemental Expert Designation, p. 10; Rusnak Report p. 5-10].

### Basis For Rusnak Opinion That Potential Extra Expenses Are $3,446,417

As noted above, there is not a bright line distinction between the Basis for Rusnak's opinions regarding Wunderlich's methodology, calculation, Plaintiffs' contention the expenses are in excess of $7,000,000 and Rusnak's calculation that the potential Extra-Expenses are only $3,446,417. All Basis set forth in this Proffer support each opinion. This section of "Basis" is provided as a focus on Rusnak's $3,446,417 calculation; however, all Basis set forth above and those provided below are each incorporated into the other, to avoid unnecessary repetition.

Basis:  Rusnak Calculation

1.     As required in the insurance policy definition, above and other provisions of the policy, Ms. Rusnak compared the insured cost to complete the production to the costs that would have been required to complete the production had the delay and relocation

Freeman Mathis
& Gary, LLP
Attorneys at Law

-14-

not occurred. Ms. Rusnak also looked at the necessary expenses incurred which otherwise reduce the loss payable. All Schedules supporting Ms. Rusnak's opinions can be found in Exhibit 3 to her report.  [ASIC Supplemental Expert Disclosure, p. 10; Rusnak Report, p. 8].

2.      As noted on Schedule 1 to the Rusnak Report, Ms. Rusnak started with Episode 2 through 6 New Mexico and Croatia costs in the amount of $21,351,171. This amount is $53,736 greater than the "Full Cost Bible" used by Mr. Wunderlich.   [ASIC Supplemental Expert Disclosure, p. 10; Rusnak Report, p. 8].

3.      Because certain Amort costs which had been incurred in Israel would apply to episodes 2 through 6 had the production not relocated, Ms. Rusnak next added to the New Mexico and Croatia costs an amount of $3,255,413. (Schedule 1 Rusnak Report) for Amortized Israeli costs. The total actual Israeli costs of $4,232,037 were allocated between 6.5 episodes (the pilot, a 90-minute episode, and five 60-minute episodes). Based upon Ms. Rusnak's review of cost statements, it appears that the amortizable costs had not yet been allocated to the pilot and the entire amount was not attributable solely to episodes 2 through 6. (Doc. UCP006123 and UCP019028-035).   [ASIC Supplemental Expert Disclosure, p. 10-11; Rusnak Report, p. 8].

4.      Potential Episode 2 through 6 actual costs total $24,606,584.   [ASIC Supplemental Expert Disclosure, p. 11; Rusnak Report, p. 8].

5.      From the actual costs, Ms. Rusnak deducted the "But For" or budgeted costs for episodes 2 through 6 in the amount of $17,707,490. (See Schedule 1 Rusnak Report). The budget is based upon the Locked Pattern Budget established for Israeli production. There was limited data with which to trend the budget to actual and Ms. Rusnak noted instances where actual costs were exceeding budget potentially as a result of events in Israel prior to the decision to delay production. Additionally, Ms. Markus testified regarding the effort that goes into the budgets to ascertain accuracy. Thus, it is reasonable to consider the budgeted amount as a valid projection in the "But For" scenario. Rule 30 (b) (6) Deposition of Barbara Ann Markus-Caffrey P.11, line 15

WRITTEN PROFFER OF EXPERT OPINION OF ASIC DAMAGE EXPERT SHANNON RUSNACK

Freeman Mathis
& Gary, LLP
Attorneys at Law

16294657.1   11775-83955

through P. 12, line 25.  [ASIC Supplemental Expert Disclosure, p. 11; Rusnak Report, p. 8-9].

6.    Ms. Rusnak reduced the potential extra expenses by the additional tax credit/rebate savings in the amount of $1,637,756.34. The savings/rebate was based upon the savings realized from the Croatia and New Mexico tax credits/rebates over and above the net savings (projected less the tax credits/rebates received) which would have been realized in Israel. Ms. Rusnak notes that Mr. Wunderlich included potential extra expenses for the audit of the tax credits/rebates in New Mexico and Croatia. [ASIC Supplemental Expert Disclosure, p. 11; Rusnak Report, p. 9, Schedule 2[2], which includes UCP 18227; 019063-64].

7.    Ms. Rusnak further reduced the potential extra expenses by the amortized New Mexico expenses which should have been allocated to episodes 7 through 10. (Schedule 3[3] to Rusnak Report; UCP 004522-29; 004506-12; 004531-37; 004514-20). As noted above, there were no Prep or Wrap expenses allocated episodes 7 through 10 and very limited Amort/All Series expenses were allocated to these episodes. As noted on Schedule 3, episode 2 through 6 amortized costs for New Mexico totaled $1,046,691 per episode; whereas, amortized costs for episode 7 through 10 totaled only $229,977 per episode. By redistributing all the costs evenly across episodes 2 through 10, Ms. Rusnak arrives at an amount of $683,707 per episode, or $3,418,534 for episodes 2 through 6. The $3,418,534 amount resulted in a $1,814,922 overstatement and reduction to the potential extra expenses.  [ASIC Supplemental Expert Disclosure, p. 11-12; Rusnak Report, p. 9].

8.    Ms. Rusnak's calculation results in potential extra expenses of $3,446,417 (See Summary Schedules Rusnak Report), or $3,665,594 less than as presented by Mr. Wunderlich.  [ASIC Supplemental Expert Disclosure, p. 12; Rusnak Report, p. 9; all Summary Schedules to report].

---

[2] References herein to Schedule 2 include all documents cited in Schedule 2.
[3] References herein to Schedule 3 include all documents cited in Schedule 3.

WRITTEN PROFFER OF EXPERT OPINION OF ASIC DAMAGE EXPERT SHANNON RUSNACK

Freeman Mathis & Gary, LLP
Attorneys at Law

16294657.1   11775-83955

9.   In partial summary:

   a.   The potential extra expenses are $3,446,417, as follows (See Summary Schedules Rusnak Report) [ASIC Supplemental Designation, p. 5; Rusnak Report, 3-4]:

| Description | Amount |
|---|---|
| Potential Extra Expenses 2 through 6 | $ 6,899,094 |
| Less Additional Tax Credit/Rebate Savings | (1,637,756) |
| Less New Mexico Amortization | (1,814,922) |
| Total | $ 3,446,417 |

[ASIC Supplemental Expert Designation, p. 5, Rusnak Report p. 3-4].

The amounts in the table above are based upon:

1. Potential extra expenses of $6,899,094 related to the production of episodes 2 through 6. The potential extra expenses were calculated based upon a comparison of actual expenditures for the episodes in question for locations in Israel, Croatia and New Mexico compared to the budgeted expenditures for the same episodes in Israel.

2. A reduction for additional tax credit/rebate savings realized as a result of the move in the amount of $1,637,756.

3. A reduction for New Mexico amortization costs which should have been allocated to episodes 7 through 10 in the amount of $1,814,922.

4. Any insurance policy deductible which may further reduce the calculation.

[ASIC Supplemental Expert Designation, p. 5; Rusnak Report 3-4].

**V.    Affirmative Statement That No Statements or Documents Were Relied On**

   Not applicable; Ms. Rusnak relied on documents and deposition testimony, as noted herein.

///

Freeman Mathis
& Gary, LLP
Attorneys at Law

1  | DATED:  January 23, 2020

By:  /s/ Christopher W. Martin

MARC J. SHRAKE
FREEMAN MATHIS & GARY, LLP

-and-

CHRISTOPHER W. MARTIN *(Pro Hac Vice)*
MELINDA R. BURKE *(Pro Hac Vice)*
WILLIAM E. McMICHAEL *(Pro Hac Vice)*
MARTIN, DISIERE, JEFFERSON
& WISDOM LLP

Attorneys for Defendant ATLANTIC
SPECIALTY INSURANCE COMPANY