KALPANA SRINIVASAN (237460)
ksrinivasan@susmangodfrey.com
AMANDA K. BONN (270891)
abonn@susmangodfrey.com
CATRIONA LAVERY (310546)
clavery@susmangodfrey.com
CHELSEA V. SAMUELS (315257)
csamuels@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-6029
Tel: (310) 789-3100
Fax: (310) 789-3150

JACOB W. BUCHDAHL (*pro hac vice*)
jbuchdahl@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019-6023
Tel: (212) 336-8330
Fax: (212) 336-8340

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| UNIVERSAL CABLE PRODUCTIONS LLC and NORTHERN ENTERTAINMENT PRODUCTIONS LLC,<br><br>Plaintiffs,<br>v.<br><br>ATLANTIC SPECIALTY INSURANCE COMPANY,<br><br>Defendant. | Case No.: 2:16-cv-4435-PA-MRW<br><br>The Honorable Percy Anderson<br>Dept. 9A<br><br>**DECLARATION OF AMANDA K. BONN REGARDING COURT ORDERED CONFERENCE OF COUNSEL**<br><br>Pretrial Conference: January 31, 2020<br>Time: 1:30 PM PST<br>Place: Courtroom 9A<br>Judge: Honorable Percy Anderson<br>Trial Date: February 18, 2020 |

I, Amanda K. Bonn, do hereby declare and state as follows:

1. I am an active member in good standing with the State Bar of California. I maintain my office at 1900 Avenue of the Stars, Suite 1400, Los Angeles, California 90067. I am a Partner of Susman Godfrey L.L.P., and one of the attorneys of record in this matter for the Plaintiffs. I have personal knowledge of the matters set forth in this declaration, and if called upon as a witness I could and would testify competently.

2. At the Pretrial Conference on January 17, 2020, the Court ordered lead counsel for Plaintiffs and Defendants to meet in person to discuss pretrial filings, including exhibit lists, jury instructions, verdict forms, and witness lists. Based on the Court's indication that trial will commence on February 18, 2020, I will be lead counsel for Plaintiffs at trial. (Ms. Srinivasan, who is currently designated lead counsel on the docket, is unavailable on February 18, 2020, and February 19, 2020, because she is scheduled to argue an appeal in San Antonio, Texas).

3. I, along with Chelsea Samuels, met with lead counsel for Defendant, Christopher Martin, as well as Defendant's counsel Marc Shrake and William McMichael, on January 22, 2020, in Los Angeles.

4. **Exhibits.** The parties discussed their exhibit lists, objections, and responses to objections and reached the following agreements:

    a. The parties largely withdrew evidentiary objections to each other's exhibits and agreed that a significant number of exhibits would be deemed admitted.

    b. The parties identified the specific exhibits subject to motions in limine and otherwise largely withdrew any other evidentiary objections other than those outlined in the motions in limine (in other words, if the motion in limine is denied, any other objection to the exhibits' admissibility has been withdrawn).

    c. For a small number of remaining exhibits to which the parties maintained an evidentiary objection, the parties discussed

whether any compromise could be reached that would obviate the need for such objections. With respect to several exhibits as to which there were hearsay objections, the parties agreed to withdraw such objections so long as a limiting instruction is given that the exhibit is not offered for the truth of the matter asserted, but rather to show Defendant's state of mind. With respect to certain exhibits related to Defendant's financial condition (namely, OneBeacon 10-K filings and the like) the parties discussed a potential stipulation as to Defendant's net worth that may also resolve their disagreement as to such exhibits.

d. The parties' agreements are reflected in the substantially revised Joint Exhibit List Stipulation, which was filed earlier this evening. Dkt. 234.

5. **<u>Jury Instructions and Verdict Forms.</u>** During our in-person meeting, we also discussed whether we could reach agreement on any other jury instructions and verdict forms. We continued to meet-and-confer by e-mail even after our in-person meeting regarding this issue. The parties were able to agree to Plaintiffs' Proposed Special Verdict Form No. 4 (punitive damages) and Plaintiffs' Proposed Jury Instruction No. 14 (damages for bad faith).

6. Defendant also withdrew one of its grounds for objecting to certain of Plaintiffs' verdict forms and jury instructions—Defendant previously objected to instructions and forms that treated Plaintiffs as having been damaged collectively rather than separately, but has since withdrawn that objection.

7. However, Defendant indicated it could not withdraw its remaining objections to Plaintiffs' verdict forms and jury instructions because it believes such objections are necessary to "preserve error" with respect to Defendant's affirmative defenses based on Exclusions 3 and 4. Plaintiffs note that other than its error

preservation objections, Defendant agrees to Plaintiffs' proposed verdict forms and all but two of Plaintiffs' proposed jury instructions.

8. **Witnesses and Time Estimates.** We also discussed witnesses and time estimates. I indicated that I believed trial needed to be complete by Friday, February 21, 2020, and, thus, each side could likely use no more than 10 hours. I indicated Plaintiffs believed the case could be tried in that amount of time. Defendant's counsel indicated that Defendant believed the trial would likely continue into Monday, February 24, 2020. I indicated I believed the Court was likely "dark" on Mondays and, thus, trial would need to be complete on Friday.

9. I also informed Defendant that Plaintiffs could now confirm that we intend to call Susan Weiss, a third-party witness, live at trial rather than by deposition. Plaintiffs proposed that rather than calling Ms. Weiss back a second time to testify during Defendant's case-in-chief—as Ms. Weiss was on Defendant's witness list as well—Defendant should be permitted to go outside the scope on cross to eliminate the burden on Ms. Weiss. Defendant agreed. We agreed to attempt to reach similar accommodations for other third-party witnesses to minimize burden on them and streamline the trial.

10. I also asked whether Defendant could confirm (a) that Daniel Gutterman, Peter Williams, and Pamela Johnson (all current or former employees of Defendant) would testify live at trial and (b) if so, whether Defendant was authorized to accept service of a trial subpoena for former employees Ms. Johnson and Mr. Williams. Defendant's counsel indicated that they were investigating and would respond shortly.

11. Following our meeting, the parties exchanged revised witness list estimates. Plaintiffs once again confirmed that they believe the case should be tried in a total of 20 hours (10 hours per side).

12. **Motion to Strike Expert Opinion of Ms. Rusnak.** At our in-person meeting, the parties also met and conferred regarding the report of Shannon Rusnak,

4

which Defendants served on January 17, 2020. Ms. Rusnak's report confirms an error that Mr. Shapiro made—namely, that Mr. Shapiro did not realize that Plaintiffs had spent millions of dollars in Israel on episodes 2-6 prior to relocating. Ms. Rusnak therefore confirms that, in her view, the difference between Plaintiffs' "actual spend" on episodes 2-6 (filmed in Israel, Croatia, and New Mexico) and "but-for" or "budgeted" spend (anticipated to be filmed only in Israel) was approximately $6.9 million—substantially more than the approximately $3.9 million that Mr. Shapiro estimated based on his mistaken omission of millions of dollars spent in Israel.

13. Ms. Rusnak, like Mr. Shapiro, opines that Plaintiffs' damages should then be "offset" based on tax credits they received. For the reasons set forth in Plaintiffs' Motion in Limine No. 4, this offset is not permitted under California law or the Policy itself.

14. Finally, and most importantly for purposes of Plaintiffs' anticipated motion, Ms. Rusnak opines that Plaintiffs' damages should be further offset because some of their expenses should have been amortized over episodes 7-10 and thereby reduced. Ms. Rusnak quantifies this "offset" as $1,814,922.

15. Plaintiffs informed Defendant that they plan to move to strike the opinions in Ms. Rusnak's report quantifying an approximately $1.8 million offset. Plaintiffs explained the bases for their anticipated motion, including the following.

    a. *First*, Mr. Shapiro offered a general opinion regarding a potential offset for episodes 7-10, but never quantified any such theoretical offset and therefore, Ms. Rusnak's opinion, on the eve of trial, quantifying such an offset should not be permitted.

    b. *Second*, any such offset is not permitted under the Policy's definition of "Loss" and "Insurable Production Cost."

    c. *Third*, Ms. Rusnak's methodology for calculating such an "offset" violates *Daubert*. Ms. Rusnak only deducted amortization for episodes 7-10 when examining Plaintiffs' actual

spend in the "as is" world. But she never made a similar deduction in the hypothetical "but for" world—a world in which Plaintiffs would also have decided to film episodes 7-10, but filming would have taken place in Israel. Had Ms. Rusnak done so, both the "actual spend" and "but-for" spend would have downshifted, but the "delta" between the two—or what Ms. Rusnak claims should be the measure of Plaintiffs' potential extra expenses—would have remained the same or increased. Ms. Rusnak could only treat this amortization issue as an "offset" by accounting for it in the "as is" world while failing to do so in the "but for" world.

Defendant's counsel indicated that Defendant intended to oppose the motion. Plaintiffs are preparing the motion now and anticipate filing it as soon as they reasonably can.

16. **Defendant's Expert Proffers.** On January 23, 2020, Plaintiffs received the expert proffers of Defendant's war and sovereignty experts: Frank G. Lowenstein, John B. Quigley, and Ingrid Detter de Frankopan. Plaintiffs sought clarification of Defendant's position regarding these experts, given that at the Pretrial Conference on January 17, 2020, Defendant stated that it would call only two experts: its damages expert, Shannon Rusnak, and its insurance industry expert, Anthony Clark. Defendant advised that it filed the Lowenstein, Quigley, and de Frankopan proffers to preserve error, but that it does not intend to call those experts at trial.

17. This evening, the parties are filing: (1) a Second Revised Joint Exhibit Stipulation; (2) a Second Revised Disputed Jury Instructions; (3) a Second Revised Verdict Forms; (4) an Additional Agreed Jury Instruction; (5) a Second Revised Joint Witness List and Trial Estimate Form; and (6) a Revised Final Pre-Trial Conference Order.

//

///

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 23rd day of January, 2020, in Los Angeles, California.

                          */s/ Amanda Bonn*
                          Amanda Bonn