MARC J. SHRAKE (SBN 219331)
mshrake@fmglaw.com
WAYNE H. HAMMACK (SBN 202709)
whammack@fmglaw.com
FREEMAN MATHIS & GARY, LLP
550 South Hope Street, Suite 2200
Los Angeles, California 90071
Telephone: (213) 615-7019
Facsimile: (213) 615-7000

CHRISTOPHER W. MARTIN *(Pro Hac Vice)*
martin@mdjwlaw.com
MELINDA R. BURKE *(Pro Hac Vice)*
burke@mdjwlaw.com
WILLIAM E. McMICHAEL *(Pro Hac Vice)*
mcmichael@mdiwlaw.com
MARTIN, DISIERE, JEFFERSON
& WISDOM LLP
9111 Cypress Waters Blvd., Suite 250
Dallas, Texas 75019
Telephone: (214) 420-5500
Facsimile: (214) 420-5501

Attorneys for Defendant
Atlantic Specialty Insurance Company

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| UNIVERSAL CABLE PRODUCTIONS LLC, a Delaware limited liability company, and NORTHERN ENTERTAINMENT PRODUCTIONS LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br>vs.<br><br>ATLANTIC SPECIALTY INSURANCE COMPANY, a New York insurance company,<br><br>Defendant. | CASE NO. 2:16-cv-4435-PA-MRW<br><br>**DEFENDANT'S UNOPPOSED MOTION FOR LEAVE TO AMEND COURT'S SCHEDULING ORDER TO ALLOW SUBSTITUTION OF "BAD FAITH" EXPERT WITNESS FOLLOWING DEATH OF ANTHONY CLARK**<br><br>Pretrial Conference: January 31, 2020<br>Time: 1:30 PM PST<br>Place: Courtroom 9A<br>Judge: Honorable Percy Anderson<br>Trial: February 18, 2020 |

TO THE HONORABLE JUDGE ANDERSON:

Early in the afternoon yesterday, January 28, 2020, Defendant Atlantic Specialty Insurance Company ("ASIC") learned that its designated "bad faith" expert, Anthony Clark, had suddenly passed away over the weekend following an

---

Freeman Mathis & Gary, LLP
Attorneys at Law

accidental fall. Within several hours of learning this information, ASIC's counsel advised Plaintiffs' counsel and retained a substitute expert, Peter Evans. ASIC has begun sending case materials to Mr. Evans and does not yet know his opinions.

Having conferred with Plaintiffs' counsel, ASIC makes this motion for leave to designate a new bad faith expert and to amend the Court's scheduling order to allow Plaintiffs time to depose the new expert and time to rebut, including any supplemental expert report Plaintiffs wish to produce.

Plaintiffs' counsel has advised ASIC's counsel as follows:

> Plaintiffs do not oppose the substitution so long as Defendant's new expert does not go beyond the scope of Mr. Clark's March 17, 2017 Report and April 28, 2017 Rebuttal Report and is bound by Mr. Clark's prior admissions. Plaintiffs do not waive any rights to challenge the relevance of the opinions stated in Mr. Clark's reports, to argue that the opinions stated in Mr. Clark's proffer or any proffer submitted by Mr. Evans go beyond the scope of Mr. Clark's originally disclosed reports, or to object to Mr. Evan's qualifications.

As of today, ASIC does not know when Mr. Evans can complete his review and prepare his report. Based on preliminary conversations with Mr. Evans, ASIC is hopeful this can be done by February 10, 2020. Mr. Evans will then be available for deposition immediately after his report is produced.

Accordingly, ASIC asks the Court to enter an Order as follows:

1. ASIC shall be allowed to substitute Peter Evans, Executive General Adjuster at Evans Adjusters, in place of now-deceased Anthony Clark and to designate Mr. Evans as ASIC's expert with respect to Plaintiffs' bad faith claim and in rebuttal to the anticipated testimony of Plaintiffs' expert and fact witnesses regarding alleged bad faith conduct.

2. Mr. Evans shall be permitted to submit an expert report and such

Freeman Mathis & Gary, LLP
Attorneys at Law

-2-
DEFENDANT'S UNOPPOSED MOTION FOR LEAVE TO AMEND COURT'S SCHEDULING ORDER TO ALLOW SUBSTITUTION OF EXPERT WITNESS ON ACCOUNT OF DEATH OF ANTHONY CLARK
16294966.1   11775-83955

      report shall be provided to Plaintiffs' counsel as soon as possible.

  3. Mr. Evans may be deposed on a date mutually agreeable to counsel.

  4. Plaintiffs shall be permitted to submit an expert report in rebuttal to Mr. Evans's report, and that report shall be provided no later than seven days after the completion of Mr. Evans' deposition.

No other changes to the Court's Scheduling Order are proposed in this motion.

ASIC is of course mindful of the Court's order. However, when an expert witness dies after discovery has closed, in the interests of justice and fairness the designating party may designate another expert to replace the deceased expert.

The following facts and law are presented as good cause for the changes presented by this motion.

## I.  FACTUAL BACKGROUND

The deadline to complete discovery in this matter was June 2, 2017. *See* Dkt. No. 42. That same day, the Court granted ASIC's Motion for Summary Judgment and vacated all remaining dates. *See* Dkt. No. 124. Plaintiffs appealed the ruling. *See* Dkt. No. 133. The Ninth Circuit reversed and remanded. *See* Dkt. No. 140.

On December 4, 2019, the Parties received the Court's Order setting pre-trial deadlines and trial and began preparing for trial. *See* Dkt. No. 157.

ASIC's designated bad faith expert is Mr. Clark. *See* Dkt. 220 - 220-7 (ASIC's proffer of Mr. Clark's opinions).

ASIC's counsel learned on the afternoon of January 28, 2020, that Mr. Clark suddenly died this past weekend following an accident. Mr. Clark had over 40 years of experience as a property insurance adjuster, supervisor, claims officer, and property insurance consultant. Mr. Clark opined that Atlantic Specialty Insurance Company properly conducted a thorough and timely investigation into the circumstances surrounding Plaintiffs' Extra Expense claim and made a reasonable determination under the terms and conditions of the applicable policy of insurance

Freeman Mathis & Gary, LLP
Attorneys at Law

that the war exclusions applied. Mr. Clark also opined that Atlantic acted as a reasonable insurer would by staying in communication with its insured during the investigation stage of the claim, and by providing updates on its analysis on coverage. Mr. Clark further opined that Atlantic provided the insured with a clear and detailed explanation of the denial in an expedited manner requested by the insured, that it responded in a complete and timely manner to a request for reconsideration, that it continued to communicate in an effort to reach some negotiated resolution, and that there are no facts demonstrating a lack of good faith or failure on the part of Atlantic to act in a reasonable fashion. Mr. Clark opined in rebuttal to plaintiffs' designated expert, Ty R. Sagalow, regarding general subjects and related matters, including industry custom and standards for the insurance industry, the claim process and review of policy language, the role of the claim personnel, the relationship with the insured/broker, and more particular responses to individual points and arguments Mr. Sagalow asserts in his report. *See* Dkt. 220 - 220-7 (ASIC's proffer of Mr. Clark's opinions).

## II. ARGUMENT AND AUTHORITY

After Mr. Clark's death, ASIC has no material means to challenge Plaintiffs' bad faith claim or otherwise rebut Plaintiffs' expert's testimony. Therefore, in the interests of justice, ASIC files this motion for leave to amend the Court's scheduling order for the limited purpose of allowing for a substitute expert witness. Good cause exists to allow such relief. Mr. Clark died suddenly, long after the close of discovery, and on the eve of trial. Within hours, ASIC reported Mr. Clark's death to Plaintiffs' counsel and retained Mr. Evans as its "bad faith" expert.

Accordingly, ASIC respectfully requests leave to designate Mr. Evans as its expert with respect to Plaintiffs' bad faith claims and in rebuttal to the anticipated testimony of Plaintiffs' expert and fact witnesses regarding alleged bad faith conduct at issue in this case.

///

**Freeman Mathis & Gary, LLP**
Attorneys at Law

-4-
DEFENDANT'S UNOPPOSED MOTION FOR LEAVE TO AMEND COURT'S SCHEDULING ORDER TO ALLOW SUBSTITUTION OF EXPERT WITNESS ON ACCOUNT OF DEATH OF ANTHONY CLARK
16294966.1   11775-83955

### A. Rule 16(b) is the Appropriate Standard of Review.

District courts in the Ninth Circuit approach motions to substitute experts after the deadline in one of two ways: either (1) the Court construes the motion as a motion to amend the court's scheduling order under Rule 16(b); or (2) the Court construes the motion as an untimely designation under Rule 26(a) and determines whether to allow the untimely disclosure under Rule 37(c). *Compare In re Northrop Grumman Corp. ERISA Lit.*, CV-06-06213-AB, 2016 WL 6826171, at *2 (C.D. Cal. Apr. 7, 2016), *Fidelity Nat'l Fin., Inc. v. National Union Fire Ins. Co.*, 208 F.R.D. 649, 652 (S.D. Cal. 2015), *Park v. CAS Enterprises, Inc.*, No. 08-CV-00385, 2009 WL 4057888, at *2-3 (S.D. Cal Nov. 18, 2009) with *Nijjar v. Gen Star Indem. Co.*, No 12-CV-08148, 2014 WL 271630, at 2 (C.D. Cal. Jan. 2014); Fed. R. Civ. P. 16(b), 26(a), and 37(c).

In this case, Rule 16(b) provides the appropriate framework. Fed. R. Civ. P. 16(b). ASIC's Motion asks the Court to modify the prior expert disclosure deadline and allow designation of a new expert. *In re Northrop Grumman Corp. ERISA Lit.*, 2016 WL 6826171, at *2. Furthermore, by offering Mr. Evans for deposition, ASIC's Motion acts as a request for a limited re-opening of expert discovery. *Id*. Rule 26(a)(2)(D) requires a party to disclose its experts "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Therefore, if the Court modifies the scheduling order, substitution will comply with the requirements of Rule 26(a) and will not trigger Rule 37, which only applies "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e)." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992).

### B. Good Cause Exists to Grant this Motion.

Under Rule 16(b), "[a] schedule may be modified only for good cause and with the judge's consent." "[T]he focus of the inquiry is upon the moving party's reasons for seeking modification." *In re Northrop Grumman Corp. ERISA Lit.*, 2016 WL 6826171 at *2; *Johnson*, 975 F.2d at 608.

Freeman Mathis & Gary, LLP
Attorneys at Law

-5-
DEFENDANT'S UNOPPOSED MOTION FOR LEAVE TO AMEND COURT'S SCHEDULING ORDER TO ALLOW SUBSTITUTION OF EXPERT WITNESS ON ACCOUNT OF DEATH OF ANTHONY CLARK
16294966.1   11775-83955

The death of an expert witness constitutes good cause to allow modification of a scheduling order. Indeed, the "[d]eath of an expert witness falls squarely within the category of circumstances that require a late disclosure." *In re Northrop Grumman Corp. ERISA Lit.*, CV-06-06213-AB, 2016 WL 6826171, at *2 (quoting *Morel v. Daimler-Chrysler Corp.*, 259 F.R.D. 17, 20 (D. P.R. 2009)); *see also Brooks v. County of San Joaquin*, No. 2:09-CV-03343, 2012 WL 5928416, at *1 (E.D. Cal. Nov. 26, 2012) ("Courts have approved supplemental disclosures where a critical expert witness has died after the deadlines have passed for expert discovery disclosure.")

For example, in *In re Northrop Grumman Corp. ERISA Lit.*, the Court allowed Plaintiffs to substitute a new expert witness despite the fact that Plaintiffs' former expert had been dead for several years. 2016 WL 6826171, at *2. In that case, litigation sat dormant for several years while the Court considered summary judgment motions. *Id.* Once the Court issued its ruling and set pre-trial dates, Plaintiffs disclosed the former expert's death and sought to substitute within 30 days of the order. *Id.*

The Court found good cause existed because the expert did not die until after expiration of the designation deadline and Plaintiffs acted diligently in disclosing the new expert. *Id.* Reopening discovery to allow for the single deposition of a replacement expert would not likely upend trial preparations, particularly where the Court could allow for a new trial date to avoid such result. *Id.* The Court granted Plaintiffs' motion and re-opened discovery for the limited purpose of allowing the designation and deposition of the substitute expert. *Id.*

In this case, Mr. Clark died suddenly following an accident on January 25, 2020. *See* Dkt. No. 42. ASIC reacted diligently, retaining a replacement expert, getting him materials to begin his work, advising opposing counsel, and bringing this motion.

This motion is not filed for the purpose of delay, but so that ASIC may

Freeman Mathis
& Gary, LLP
Attorneys at Law

-6-
DEFENDANT'S UNOPPOSED MOTION FOR LEAVE TO AMEND COURT'S SCHEDULING ORDER TO ALLOW
SUBSTITUTION OF EXPERT WITNESS ON ACCOUNT OF DEATH OF ANTHONY CLARK
16294966.1   11775-83955

properly contest and rebut Plaintiffs' damages testimony and evidence.

Accordingly, ASIC respectfully requests that the Court grant its Motion for Leave to Substitute an Expert Witness.

### C. ASIC's Designation of Peter Evans

Pursuant to Rule 16(b), ASIC moves to designate Mr. Evans as an expert witness in place of Mr. Clark on the subjects about which Mr. Clark was designated to testify. Mr. Evans will opine regarding those topics addressed in Mr. Clark's expert disclosure, report, rebuttal report, and expert proffer. Mr. Evans will also opine about Plaintiffs' alleged claims and address the analysis and methodology of Plaintiffs' expert, Mr. Sagalow. All this will be set out in Mr. Evans's expert report.

Mr. Evans requires a reasonable amount of time to review the case materials and develop his own opinions regarding Plaintiffs' claims. When courts allow for substitution of expert witnesses, the substitute expert must have sufficient opportunity to express opinions in his own language after reviewing and evaluating the evidence. *See Lincoln Nat'l Life Ins. Co. v. Transamerica Fin. Life Ins. Co.*, No. 1:04-CV-396, 2010 WL 3892860, at *3 (N.D. Ind. Sept. 30, 2010) (quoting *Morel*, 259 F.R.D. at 22).

ASIC's counsel has already begun to send Mr. Evans the voluminous case materials, the materials provided to or reviewed by Plaintiffs' expert Mr. Sagalow, and the associated fact and expert depositions.

Mr. Evans has not yet had sufficient time to study the evidence, formulate his opinions, write a report, or be deposed. While it is impossible to do so before the pre-trial conference on January 31, 2020, ASIC believes he can complete his report and be ready for deposition by February 10, 2020.

### III. CONCLUSION

Good cause exists to allow Mr. Evans to be substituted as the new expert in place of Anthony Clark. Mr. Clark suddenly passed away this last weekend, and ASIC acted promptly. Therefore, ASIC respectfully requests that the Court grant

**Freeman Mathis & Gary, LLP**
Attorneys at Law

leave for ASIC to designate Mr. Evans as its bad faith expert witness, allow him to provide his opinions, and present for deposition thereafter.

DATED: January 29, 2020    By: /s/ Christopher W. Martin

MARC J. SHRAKE
FREEMAN MATHIS & GARY, LLP

-and-

CHRISTOPHER W. MARTIN *(Pro Hac Vice)*
MELINDA R. BURKE *(Pro Hac Vice)*
WILLIAM E. McMICHAEL *(Pro Hac Vice)*
MARTIN, DISIERE, JEFFERSON
& WISDOM LLP

Attorneys for Defendant ATLANTIC SPECIALTY INSURANCE COMPANY

**Freeman Mathis & Gary, LLP**
Attorneys at Law

-8-
DEFENDANT'S UNOPPOSED MOTION FOR LEAVE TO AMEND COURT'S SCHEDULING ORDER TO ALLOW SUBSTITUTION OF EXPERT WITNESS ON ACCOUNT OF DEATH OF ANTHONY CLARK
16294966.1   11775-83955