# EXHIBIT 5

CONFIDENTIAL

Page 1

1              UNITED STATES DISTRICT COURT
2              CENTRAL DISTRICT OF CALIFORNIA
3                    WESTERN DIVISION
4    _____
                                     )
5    UNIVERSAL CABLE PRODUCTIONS     )
     LLC, a Delaware limited         )
6    liability company; and          )
     NORTHERN ENTERTAINMENT          )
7    PRODUCTIONS LLC, a Delaware     )
     limited liability company,      )
8                                     )
              Plaintiffs,            )
9                                     )
         vs.                         )Case No.
10                                    )2:16-cv-04435-PA-MRW
     ATLANTIC SPECIALTY INSURANCE )
11   COMPANY, a New York insurance)
     company,                        )
12                                    )
              Defendant.             )
13   _____)
     _____
14
15             C O N F I D E N T I A L
16    VIDEOTAPED DEPOSITION OF BARBARA-ANN MARKUS-CAFFREY
17           PURSUANT TO FEDERAL RULE 30(b)(6)
18             Los Angeles, California
19             Tuesday, May 23, 2017
20                    Volume I
21   Reported by:
     LORI SCINTA, RPR
22   CSR No. 4811
23
24
25    Job No. CS2618589

CONFIDENTIAL

```
 1              UNITED STATES DISTRICT COURT
 2              CENTRAL DISTRICT OF CALIFORNIA
 3                   WESTERN DIVISION
 4    _____
                                     )
 5    UNIVERSAL CABLE PRODUCTIONS     )
      LLC, a Delaware limited         )
 6    liability company; and          )
      NORTHERN ENTERTAINMENT          )
 7    PRODUCTIONS LLC, a Delaware     )
      limited liability company,      )
 8                                     )
              Plaintiffs,             )
 9                                     )
          vs.                         )Case No.
10                                     )2:16-cv-04435-PA-MRW
      ATLANTIC SPECIALTY INSURANCE    )
11    COMPANY, a New York insurance   )
      company,                        )
12                                     )
              Defendant.              )
13    _____)

      _____
14
15                C O N F I D E N T I A L
16          Videotaped deposition of BARBARA-ANN
17    MARKUS-CAFFREY pursuant to Federal Rule 30(b)(6),
18    Volume I, taken on behalf of Defendant, at
19    11377 West Olympic Boulevard, Suite 600,
20    Los Angeles, California, beginning at 1:59 P.M. and
21    ending at 2:15 P.M. on Tuesday, May 23, 2017, before
22    LORI SCINTA, RPR, Certified Shorthand Reporter
23    No. 4811.
24
25
```

CONFIDENTIAL

Page 3

```
 1   APPEARANCES:

 2

 3   For Plaintiffs:

 4        MITCHELL SILBERBERG & KNUPP LLP

 5        BY:  DANIEL HAYES

 6        Attorney at Law

 7        11377 West Olympic Boulevard

 8        6th Floor

 9        Los Angeles, California 90064

10        310.312.3250

11        Email:  dmh@msk.com

12

13   For Defendant:

14        STRASBURGER & PRICE, LLP

15        BY:  JOHN R. RIDDLE

16        Attorney at Law

17        901 Main Street

18        Suite 6000

19        Dallas, Texas 75202-3794

20        214.651.4672

21        Email:  john.riddle@strasburger.com

22

23

24

25
```

CONFIDENTIAL

                                                          Page 4

1   APPEARANCES (Continued):

2

3   Also Present:

4        AVI BRAZ, Senior Litigation Counsel,

5        NBCUniversal Television Group

6

7   Videographer:

8        STEVEN TOGAMI

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

CONFIDENTIAL

Page 5

```
 1                        INDEX

 2    WITNESS                          EXAMINATION

 3    BARBARA-ANN MARKUS-CAFFREY

 4    Volume I

 5

 6              BY MR. RIDDLE                    7

 7

 8                      EXHIBITS

 9                      (None)

10

11              PREVIOUSLY MARKED EXHIBITS

12    NUMBER                            PAGE

13    Exhibit 38                         9

14    Exhibit 314                        9

15    Exhibit 342                       11

16

17

18              INFORMATION REQUESTED

19                   (None)

20

21              REFERENCE REQUESTED

22                   (None)

23

24           INSTRUCTION NOT TO ANSWER

25                   (None)
```

CONFIDENTIAL

Page 14

```
 1    foundation.
 2              THE WITNESS:  Yes.
 3    BY MR. RIDDLE:
 4        Q    Okay.  And looking at Page -- the -- the
 5    third page of this document --
 6              MR. HAYES:  Are we referring to UCP 5413?
 7              MR. RIDDLE:  Of course.
 8        Q    There is a line that says -- well, there is
 9    an entry for "Pilot Cost."
10              Do you see that?
11        A    Yes.
12        Q    Okay.  And then underneath that it says
13    "gross pattern budget," and then there is a total
14    for that of $17,707,490, correct?
15        A    Yes.
16        Q    What does that represent, that -- that
17    17.7 million amount?
18        A    That estimates that -- I'm sorry.  The 17
19    million is what we estimated to spend on the five
20    episodes of DIG in Israel.
21        Q    After the pilot?
22        A    After the pilot.
23        Q    Okay.  Thanks.
24              And then I believe -- I believe there's an
25    Exhibit 344.  It's actually the one that's turned
```

CONFIDENTIAL

Page 15

1    like that (indicating).

2         A   Yes.

3         Q   Okay.  If you'd look at that.

4             And does this represent actual expenditures

5    on Episodes 2 through 5 -- 2 through 6 of DIG?

6             MR. HAYES:  Objection.  Vague, lacks

7    foundation.

8             THE WITNESS:  Yes, it does.

9    BY MR. RIDDLE:

10        Q   Okay.  And what is the total that was spent

11   on Episodes 2 through 6 of DIG for -- for

12   production?

13            MR. HAYES:  Objection.  Vague, lacks

14   foundation.

15            THE WITNESS:  In New Mexico, the total

16   spent for Episodes 2 through 6 was $21,464,745.

17   BY MR. RIDDLE:

18        Q   And was there additional -- was there an

19   additional expense related to the Croatia part of

20   the production?

21            MR. HAYES:  Objection.  Vague, lacks

22   foundation.

23            THE WITNESS:  The Croatia --

24   BY MR. RIDDLE:

25        Q   For -- for Episodes 2 through 6?

CONFIDENTIAL

Page 16

```
 1        A    Yes.

 2             MR. HAYES:  Same objections.

 3             (Speaking simultaneously.)

 4             THE WITNESS:  The Croatia -- the Croatia

 5    expenditures are included in that $21,464,000

 6    number.

 7    BY MR. RIDDLE:

 8        Q    Oh, okay.  So the -- the figure 21,464,745,

 9    that actually includes the production cost for

10    Episodes 2 through 6 of DIG, correct?

11             MR. HAYES:  Objection.  Vague, lacks

12    foundation, asked and answered.

13             THE WITNESS:  Yes.

14    BY MR. RIDDLE:

15        Q    Okay.  And that -- that would include the

16    costs incurred at the New Mexico locations and the

17    Croatia locations, correct?

18             MR. HAYES:  Same objections.

19             THE WITNESS:  Yes.

20    BY MR. RIDDLE:

21        Q    Okay.  And does Exhibit 344 also reflect

22    that there were some tax credits that were obtained

23    in Israel, in New Mexico and in Croatia?

24             MR. HAYES:  Objection.  Vague, lacks

25    foundation.
```

CONFIDENTIAL

Page 17

```
1              THE WITNESS:  Yes.
2      BY MR. RIDDLE:
3          Q   Okay.  And the number that's listed for the
4      pilot, that would have been the amount paid for the
5      production in Israel, correct?
6          A   Correct.
7          Q   Okay.  And then there's also an amount for
8      Croatia of 370- -- $370,202, correct?
9              MR. HAYES:  Objection.  Vague, lacks
10     foundation.
11             THE WITNESS:  Correct.
12     BY MR. RIDDLE:
13         Q   And is that the actual final number that
14     was received for that production in -- in terms of
15     the tax credit?
16         A   Yes.
17         Q   Okay.  And then there's another number for
18     New Mexico for Exhibits [sic] 2 through 6 that's
19     listed here, correct?
20             MR. HAYES:  Objection.  Vague, lacks
21     foundation.
22             THE WITNESS:  Yes.
23     BY MR. RIDDLE:
24         Q   And that number that's on -- on this
25     document, at least, which is Exhibit 344, is
```

CONFIDENTIAL

Page 18

1    $3,305,243, correct?

2          A    Correct.

3          Q    And then is it true that there was actually

4    a -- a -- a downward adjustment to that number of

5    approximately $100,000?

6               MR. HAYES:  Objection.  Vague, lacks

7    foundation.

8               THE WITNESS:  As I recall, yes, but I would

9    need to go back and look at some additional

10   documentation to verify.

11   BY MR. RIDDLE:

12         Q    Okay.  But as we sit here today, is it your

13   best recollection that it was approximately

14   $100,000?

15              MR. HAYES:  Objection.  Vague, lacks

16   foundation.

17              THE WITNESS:  Yes, that is my recollection.

18   BY MR. RIDDLE:

19         Q    Now, of these extra expenses that you

20   believe were -- that resulted from the location of

21   the production of DIG being moved out of Israel, how

22   much of that was incurred by Universal Cable

23   Productions LLC?

24              MR. HAYES:  Objection.  Vague, lacks

25   foundation.