MARC J. SHRAKE (SBN 219331)
mshrake@fmglaw.com
WAYNE H. HAMMACK (SBN 202709)
whammack@fmglaw.com
FREEMAN MATHIS & GARY, LLP
550 South Hope Street, Suite 2200
Los Angeles, California 90071
Telephone: (213) 615-7019
Facsimile: (213) 615-7000

CHRISTOPHER W. MARTIN *(Pro Hac Vice)*
martin@mdjwlaw.com
MELINDA R. BURKE *(Pro Hac Vice)*
burke@mdjwlaw.com
MARTIN, DISIERE, JEFFERSON & WISDOM LLP
9111 Cypress Waters Blvd., Suite 250
Dallas, Texas 75019
Telephone: (214) 420-5500
Facsimile: (214) 420-5501

Attorneys for Defendant
Atlantic Specialty Insurance Company

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

UNIVERSAL CABLE PRODUCTIONS LLC, a Delaware limited liability company, and NORTHERN ENTERTAINMENT PRODUCTIONS LLC, a Delaware limited liability company,

Plaintiffs,

vs.

ATLANTIC SPECIALTY INSURANCE COMPANY, a New York insurance company,

Defendant.

CASE NO. 2:16-cv-4435-PA-MRW

**DEFENDANT ATLANTIC SPECIALTY'S NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFFS' EXPERT PHILIP KLINE'S OPINION**

**MEMORANDUM OF POINTS AND AUTHORITIES**

**DECLARATION OF MARC J. SHRAKE**

Hearing Date: February 10, 2020
Hearing Time: 1:30 p.m.
File Date: 6/20/2016
Pre-Trial Conference: 1/17/2020
Trial Date: 2/18/2020

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on Monday, February 10, 2020, at 1:30 p.m., in the courtroom of the Honorable Percy Anderson, United States District Judge, at the United States Courthouse, 350 West 1st Street, Courtroom 9A, 9th Floor, Los Angeles, California 90012, Defendants will move the Court, pursuant to Rule 30 of the Federal Rules of Civil Procedure, for an order striking Plaintiffs' disclosure of Philip W. Kline, excluding Philip W. Kline from testifying at trial, and otherwise excluding his opinions.

Respectfully submitted,

DATED: February 10, 2020 By: /s/ Christopher W. Martin

MARC J. SHRAKE
FREEMAN MATHIS & GARY, LLP

-and-

CHRISTOPHER W. MARTIN *(Pro Hac Vice)*
MELINDA R. BURKE *(Pro Hac Vice)*
MARTIN, DISIERE, JEFFERSON & WISDOM LLP

Attorneys for Defendant ATLANTIC SPECIALTY INSURANCE COMPANY

# MEMORANDUM OF POINT AND AUTHORITIES

Late in the evening on Friday, February 7, 2020, Plaintiffs served an untimely expert witness disclosure for Philip W. Kline. See Declaration of Marc J. Shrake, ¶ 1 and Exhibit 1. This late disclosure violates the Federal Rules of Civil Procedure and the Court's Scheduling Order. Accordingly, ASIC moves the Court to strike the Mr. Kline as a witness and preclude him from testifying at trial.

On January 17, 2020, the Court granted ASIC's Motion for Leave to substitute a new expert on account of the death of its prior rebuttal expert, Jay Shapiro. In response, ASIC timely designated a new rebuttal expert, Shannon Rusnak. Ms. Rusnak's opinions are substantially similar to those of Mr. Shapiro, as she merely rebuts the opinions of Plaintiffs' economic damages expert, Robert Wunderlich.

ASIC's proposed order allowed Plaintiffs the opportunity to supplement Wunderlich's report. However, Plaintiffs instead retained a new expert to offer new critiques of ASIC's rebuttal. In doing so, Plaintiffs introduced new expert opinions on the eve of trial without seeking leave of court or conferring with ASIC.

The Federal Rules of Civil Procedure do not allow for such tag-team expert battles. *See* Fed. R. Civ. P. 26(a)(2)(B); Fed. R. Civ. P. 26(e). Discovery in this matter closed over ago years ago, and the parties have already filed their final pre-trial documents, including a joint witness list. *See* Dkt. No. 238. Plaintiffs did not list Kline on any disclosures or other pre-trial documents. Therefore, he may not testify at trial.

Federal Rule of Civil Procedure 26(a)(2) governs disclosure of expert testimony, while Rule 26(e) governs the supplementation of expert disclosures. Rule 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, ***unless*** the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1) (emphasis added).

Plaintiffs have not even attempted to provide such support for the late disclosure of Mr. Kline. Therefore, Plaintiffs failed to make the showing required under Rule 37.

For this reason alone, the Court must strike Kline's late disclosure as improper.

Additionally, Plaintiffs' cannot establish Kline's late disclosure to be substantially justified. Plaintiffs have the burden of proving their damages, and designated Wunderlich as an expert witness to help prove-up those damages. ASIC then designated Shapiro, and, subsequently, Rusnak, to respond to Wunderlich's opinions. Like Shapiro, Rusnak pointed out significant issues with Wunderlich's methodology and developed an alternative damage model of potential damage.

Tellingly, Plaintiffs did not use Wunderlich to rebut the criticisms of his own work. Rather, without leave of Court, Plaintiffs foisted a report from a completely new expert, late on a Friday night. *The only explanation for this last-minute maneuver is that Wunderlich himself is not able to defend his methodology.*

This is clear in light of Wunderlich's Expert Proffer. Pursuant to this Court's requirements for disclosure of statements upon which experts rely, Wunderlich's proffer cites to conversations he had with Plaintiffs' representatives. However, there is no disclosure of what was said in those conversations. Wunderlich's deficiencies are clear; he either (1) cannot vouch for their work, or (2) there is some other undisclosed issue causing him to be unable to defend his methodology. Whatever the reason, Plaintiffs have not even attempted to show this Court substantial justification for attempting to designate a brand-new expert 11 days from trial.

Furthermore, Kline's late disclosure is facially harmful. This case is set for trial in 8 days. Introduction of a new expert witness requires ASIC to conduct discovery into the bases for these new opinions, including, but not limited to, taking Kline's deposition. In light of the circumstances surrounding this late disclosure, and its proximity to trial, ASIC must incur significant time and expense to prepare to depose Mr. Kline in lieu of preparing for trial. This precludes counsel from doing work necessary to prepare for trial, or otherwise threatens ASIC's ability to defend itself.

WHEREFORE, PREMISES CONSIDERED, ASIC prays that the Court strike the testimony and opinions of Philip W. Kline, and grant all such other relief to which

the Court finds ASIC justly entitled.

Respectfully submitted,

DATED: February 10, 2020

By: /s/ Christopher W. Martin

MARC J. SHRAKE
FREEMAN MATHIS & GARY, LLP

-and-

CHRISTOPHER W. MARTIN *(Pro Hac Vice)*
MELINDA R. BURKE *(Pro Hac Vice)*
WILLIAM E. MCMICHAEL *(Pro Hac Vice)*
MARTIN, DISIERE, JEFFERSON
& WISDOM LLP

Attorneys for Defendant ATLANTIC
SPECIALTY INSURANCE COMPANY

**DECLARATION OF MARC J. SHRAKE**

I, Marc J. Shrake, declare as follows:

1. I am an attorney authorized to practice before all California courts and before this Court and am a partner with the law firm of Freeman Mathis & Gary, LLP, attorneys for Defendant Atlantic Specialty Insurance Company.

2. I have personal knowledge of the matters set forth in this Declaration, and if called upon to testify to them, could and would do so.

3. I make this Declaration in conjunction with, and in support of, Atlantic Specialty's NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFFS' EXPERT PHILIP KLINE'S OPINION.

1. Attached to this Declaration as Exhibit 1 is a true and correct copy of "Plaintiffs' Rebuttal Expert Designation of Philip W. Kline," which I received via email on Friday, February 7, 2020, at 6:36 P.M.

I declare under penalty of perjury of the laws of the United States of America and the laws of the State of California that the foregoing is true and correct and that this declaration is executed this 10th day of February 2020 at Los Angeles, California.

DATED: February 10, 2019

MARC J. SHRAKE

By: */s/ Marc J. Shrake*
Marc J. Shrake