UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-04435 PA (MRWx) | Date | February 10, 2020 |
|---|---|---|---|
| Title | Universal Cable Productions LLC, et al v. Atlantic Specialty Insurance Company | | |

Present: The Honorable    PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| T. Jackson | Anne Kielwasser |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Kalpana Srinivasan<br>Catriona Lavery<br>Amanda Bonn<br>Chelsea Victoria Samuels | Marc J. Shrake<br>Christopher W. Martin<br>William E. McMichael |

**Proceedings:**    MOTION(s) in Limine [200; 201; 202; 203; 204; 205; 206; 208; 209]
MOTION to Strike [244]
MOTION to Strike [258]

Cause called; appearance made. The Court has before it Defendant's Motion in Limine No. 1 Regarding Untimely Disclosure of Expert and Document Production (Dkt. No. 200); Defendant's Motion in Limine No. 2 Regarding Extrinsic Information (Dkt. No. 201); Defendant's Motion in Limine No. 3 Regarding Other Claims/Lawsuits and Claim Authority Levels (Dkt. No. 202); Defendant's Motion in Limine No. 4 Regarding Robert Wunderlich (Dkt. No. 203); Defendant's Motion in Limine No. 5 Regarding Sanctions Against Expert Jay Shapiro (Dkt. No. 204); Plaintiffs' Motion in Limine No. 1 to Bar Evidence and Argument about the Court's First Summary Judgment Order (Dkt. No. 205); Plaintiffs' Motion in Limine No. 2 to Preclude Defendant from Contradicting its Denial-Of-Coverage Letter (Dkt. No. 209); Plaintiffs' Motion in Limine No. 3 to Bar Evidence or Argument that Defendant's Denial was Reasonable Because of Israel's Conduct Directed Toward Gaza (Dkt. No. 208); Plaintiffs' Motion in Limine No. 4 to Bar Evidence or Argument that Plaintiff's Damages May Be Offset by Tax Credits (Dkt. No. 206); Plaintiffs' Motion to Strike or Exclude Portions of Mr. Rusnak's Damages Opinions (Dkt. No. 244); and Defendant's Motion to Strike Plaintiff's Expert Philip Kline's Opinion (Dkt. No. 258). The Court hears oral argument on each of the motions.

For the reasons stated on the record, the Court makes the following tentative rulings:

Defendant's Motion in Limine No.1, in which Defendant seeks to preclude Plaintiffs from using Lucia Coyoca as an "expert on attorneys' fees," and to preclude Plaintiffs from introducing evidence "constituting over five years of attorneys' fees and invoices" is denied.

Defendant's Motion in Limine No. 2, in which Defendant seeks to preclude Plaintiffs from introducing evidence or argument concerning the "drafting, negotiation, underwriting, pricing, and other circumstances of the placement and renewal of the Policy at issue" is denied. Defendant also seek to preclude "evidence of "[l]oss ratios of [Defendant] on Plaintiffs' account or any other of its books of business or divisions" or evidence of "[w]hether [Defendant] made or lost money on Plaintiffs' account

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-04435 PA (MRWx) | Date | February 10, 2020 |
|---|---|---|---|
| Title | Universal Cable Productions LLC, et al v. Atlantic Specialty Insurance Company | | |

or any other claims of [Defendant's] entertainment division." The Court defers its ruling. Pursuant to the parties' statements at the hearing on February 10, 2020, defendant essentially seeks to preclude Plaintiffs from introducing a power point presentation which neither party attached as an exhibit to the Motion. The parties are ordered to provide the Court with a copy of the power point presentation at issue no later than **Thursday, February 13, 2020**.

Defendant's Motion in Limine No. 3, in which Defendant seeks to preclude Plaintiffs from introducing: (1) evidence and arguments "concerning extraneous claims or lawsuits in which Atlantic is involved, the other accounts of Atlantic, and other claim decisions by Atlantic," and (2) "arguments regarding authority levels for individual witnesses or personnel at Atlantic and failure by Atlantic to call witnesses" is granted as to (1), and deferred as to (2).

Defendant's Motion in Limine No. 4, in which Defendant seeks to bar Plaintiffs' damages expert, Robert Wunderlich, from testifying at trial and bar Plaintiffs from introducing Robert Wunderlich's expert report is denied.

Defendant's Motion in Limine No. 5, in which Defendant seeks to preclude Plaintiffs from introducing evidence, testimony, or arguments, "concerning two public sanctions or disciplinary actions" taken against Defendant's now deceased expert witness Jay Shapiro is moot. Plaintiffs agreed they will not introduce this evidence.

Plaintiffs' Motion in Limine No. 1, in which Plaintiffs seek to preclude Defendant "from introducing or in any way referencing this Court's summary judgment order" is granted.

Plaintiffs' Motion in Limine No. 2, in which Plaintiffs seek to preclude Defendant from "introducing evidence or argument suggesting that it acted in 'good faith' or that there was a 'genuine issue' regarding coverage based on evidence that is contrary to Defendant's own letter denying coverage" is denied.

Plaintiffs' Motion in Limine No. 3, in which Plaintiffs seek to preclude Defendant "from arguing that its denial of coverage was reasonable because (1) Israel is a sovereign nation that retaliated against Hamas in Gaza or (2) Israel's 'invasion' of Gaza, which post-dated Plaintiffs' decision to relocate, was reasonably construed as a 'war' or warlike action by a military force" is deferred. At the February 10, 2020 hearing, Defendant argued its witnesses would discuss Defendant's denial of coverage letter, which Defendant argues mentions that Defendant denied coverage on these bases. Defendant is ordered to provide the Court with a witness proffer on (2) by no later than **Friday, February 14, 2020**.

Plaintiffs' Motion in Limine No. 4, in which Plaintiffs seek to preclude Defendant from introducing evidence or argument that Plaintiffs' damages may be offset by tax credits is granted.

Plaintiffs' Motion to Strike, in which Plaintiffs move to strike the expert report of Defendant's new damages expert Shannon Rusnak, is granted in part and denied in part. Plaintiffs' Motion is granted

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-04435 PA (MRWx) | Date | February 10, 2020 |
|---|---|---|---|
| Title | Universal Cable Productions LLC, et al v. Atlantic Specialty Insurance Company | | |

to the extent it seeks to strike Ms. Rusnak's opinion that Plaintiffs' extra expenses should be "offset because of tax credits they received in New Mexico and Croatia." The remainder of Plaintiffs' Motion to Strike is denied.

Counsel are ordered to meet and confer to resolve Defendant's Motion to Strike the opinion of Plaintiff's expert Philip Kline.

IT IS SO ORDERED.

|  | 1 | : | 17 |
|---|---|---|---|
| Initials of Preparer | | TJ | |