MARC J. SHRAKE (SBN 219331)
mshrake@fmglaw.com
WAYNE H. HAMMACK (SBN 202709)
whammack@fmglaw.com
FREEMAN MATHIS & GARY, LLP
550 South Hope Street, Suite 2200
Los Angeles, California 90071
Telephone: (213) 615-7019
Facsimile: (213) 615-7000

CHRISTOPHER W. MARTIN *(Pro Hac Vice)*
martin@mdjwlaw.com
MELINDA R. BURKE *(Pro Hac Vice)*
burke@mdjwlaw.com
MARTIN, DISIERE, JEFFERSON
& WISDOM LLP
9111 Cypress Waters Blvd., Suite 250
Dallas, Texas 75019
Telephone: (214) 420-5500
Facsimile: (214) 420-5501

Attorneys for Defendant
Atlantic Specialty Insurance Company

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| UNIVERSAL CABLE PRODUCTIONS LLC, a Delaware limited liability company, and NORTHERN ENTERTAINMENT PRODUCTIONS LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>ATLANTIC SPECIALTY INSURANCE COMPANY, a New York insurance company,<br><br>Defendant. | CASE NO. 2:16-cv-4435-PA-MRW<br><br>**DEFENDANT ATLANTIC SPECIALTY'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE PLAINTIFFS' IMPROPERLY DESIGNATED EXPERT PHILLIP W. KLINE**<br><br>Hearing Date:   TBD<br><br>File Date: 6/20/2016<br>Pre-Trial Conference: 1/17/2020<br>Trial Date:   possibly 3/3/2020 |

The Court admonished Plaintiffs that Phillip Kline will not be permitted to testify at trial. Yet rather than voluntarily withdraw the improper designation, Plaintiffs have filed a response "to clarify" that their improper designation is somehow justified. Dkt. 262 at p.1, ¶11. It is not.

Rule 37(c) is clear: absent proper designation of an expert witness pursuant to Rule 26(a) or Rule 26(e), Plaintiffs may not utilize a late-disclosed opinion at trial. *See* Fed. R. Civ. P. 26; Fed. R. Civ. P. 37. The only exceptions to this rule are (1) if the failure to properly disclose the expert is substantially justified, or (2) if the failure to properly disclose the expert is harmless. *Id.; Yeti by Molly v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

Plaintiffs' last-minute efforts cannot survive scrutiny under Rule 37. Plaintiffs failed to file a motion seeking leave to designate Mr. Kline. Plaintiffs also failed to engage in straightforward discussions with ASIC about their unilateral desire to alter the pre-trial scheduling order set in place months ago by the Court's orders, the Local Rules, and the Federal Rules of Civil Procedure, in hopes of late-designating a new expert. Instead, Plaintiffs simply served Mr. Kline's designation less than 10 days before the original 2020 trial date, and now re-assert previously disregarded arguments.

These efforts are a facially poor attempt at distraction from ASIC's trial preparation and should not be allowed. Considering the additional time and cost that ASIC would necessarily incur on a date so close to trial, Mr. Kline's late designation is harmful.

Therefore, the Court should grant ASIC's Motion to Strike Plaintiffs' Expert.

**A.     <u>Plaintiffs' Response Fails to Establish Substantial Justification.</u>**

Plaintiffs' purported "justification" for the improper designation is that Mr. Wunderlich, who was designated nearly three years ago, is not a Certified Public Accountant ("CPA") and, therefore, it would be "unfair" to require him to respond to "newly disclosed" opinions from ASIC's damages expert. See Dkt. 262 at p.1, ¶ 19, p.2, ¶¶ 23-28. This argument is baseless.

First, Mr. Shapiro, ASIC's initial damage expert in rebuttal to Mr. Wunderlich, was a CPA. After Mr. Shapiro's untimely death, and with the Court's permission following discussion with Plaintiffs' counsel, ASIC designated another CPA, Ms. Rusnak, to replace him. Yet Plaintiffs did not complain about Mr. Wunderlich's

Freeman Mathis & Gary, LLP
Attorneys at Law

1  inability to rebut critiques of Mr. Shapiro's methodology or opinions until less than 6
2  days before the original 2020 trial date. Dkt. 262. It is disingenuous for Plaintiffs to
3  argue substantial justification exists when they had over two years after ASIC
4  designated CPA Shapiro as its damages expert to seek leave to designate a new expert.

5  Second, the Court recognized Ms. Rusnak's opinions are substantially similar to
6  those of Mr. Shapiro. See Dkt. 252 at pp.6-13; Dkt. 265 at pp.2-3. Despite Plaintiffs'
7  repeated protestations to the contrary, Plaintiffs have no basis to argue that they must
8  now respond to issues they have had several years to remedy.

9  Third, Mr. Wunderlich's reports and deposition testimony demonstrate that he
10 both understands the concept of amortization and utilized amortization to reach his
11 conclusions regarding Plaintiffs' alleged damages. A basic word search reveals that
12 Mr. Wunderlich referenced over 70 different sets of amortized data when reaching his
13 opinions. *See, gen.*, Plaintiffs' filings at Dkt. 224-4 and 224-5, which are Expert Report
14 of Robert Wunderlich and Supplemental Expert Report of Robert Wunderlich. It is
15 unfathomable that Plaintiffs would require an expert to review materials containing
16 information that he cannot understand, or, alternatively, that Plaintiffs would offer an
17 expert who cannot discern data relevant to his opinions.

18 Therefore, as the Court recognized during the February 10, 2020 hearing, Mr.
19 Wunderlich is plainly able to defend his opinions against Ms. Rusnak's rebuttal, and
20 Plaintiffs need not respond to any new opinions. As such, there is no "substantial
21 justification" that compels Plaintiffs to introduce improperly-disclosed expert
22 testimony roughly 10 days before the original trial date. Fed. R. Civ. P. 37.
23 Accordingly, the Court should grant ASIC's Motion to Strike Plaintiffs' Expert.

24 **B.** **Plaintiffs' Response Fails to Establish "Harmlessness."**

25 The burden to establish harmlessness falls to the party seeking to introduce the
26 late-disclosed expert. *See* Fed. R. Civ. P. 37; *Yeti by Molly,* 259 F.3d at 1107. However,
27 Plaintiffs have wholly failed to offer any support or argument regarding harmlessness.
28 See Dkt. 262. As such, Plaintiff has no basis to argue that their efforts are harmless.

Furthermore, it is facially harmful to require ASIC to conduct discovery on this improperly designated, "sur-rebuttal" expert at a date so close to trial. The Court has ruled that Ms. Rusnak's opinions are proper and, therefore, substantially similar to those of Mr. Shapiro. *See* Dkt. 252 at pp.6-13; Dkt. 265 at pp.2-3. As such, there is nothing more left for ASIC to do except finalize its preparations for trial.

Yet now, on the eve of trial, Plaintiffs seek to burden ASIC by causing it to incur additional time and expense to conduct new expert witness discovery regarding an unnecessary, late-designated expert in violation of Rule 26. *See* Fed. R. Civ. P. 26. Plaintiffs' late-designation would require ASIC to conduct discovery into the bases for Mr. Kline's opinions, take his deposition, and then confer with Ms. Rusnak to issue a supplemental rebuttal report with less than two weeks before trial. This would require ASIC to spend extensive time and money without cause. Accordingly, since Plaintiffs failed to carry their burden, the Court should not permit Mr. Kline to testify on the basis of harmlessness. *Id*.

### C.  Conclusion.

For these reasons, and all other reasons the Court enumerated at the hearing on February 10, 2020, ASIC prays that the Court strike Plaintiffs' late-designated expert, Mr. Phillip Kline, and preclude him from testifying at the trial of this matter.

DATED: February 18, 2020      By: /s/ Christopher W. Martin

MARC J. SHRAKE
FREEMAN MATHIS & GARY, LLP

-and-

CHRISTOPHER W. MARTIN *(Pro Hac Vice)*
MELINDA R. BURKE *(Pro Hac Vice)*
MARTIN, DISIERE, JEFFERSON
& WISDOM LLP

Attorneys for Defendant ATLANTIC SPECIALTY INSURANCE COMPANY

**Freeman Mathis & Gary, LLP**
Attorneys at Law