UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-04435 PA (MRWx) | Date | February 21, 2020 |
|---|---|---|---|
| Title | Universal Cable Productions LLC, et al. v. Atlantic Specialty Insurance Co. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| T. Jackson | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is Defendant Atlantic Specialty Insurance Company's ("Defendant") Motion to Strike the opinion of Plaintiffs Universal Cable Productions LLC and Northern Entertainment Productions LLC's ("Plaintiffs") damages expert Philip Kline. (Dkt. No. 258 ("Mot.").) Plaintiffs filed an Opposition (Dkt. No. 262 ("Opp.")) and Defendant filed a Reply (Dkt. No. 268). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument.

**I.    PROCEDURAL BACKGROUND**

On December 11, 2019, Defendant learned that its former damages expert, Jay Shapiro, died on or about July 6, 2017. (Dkt. No. 160 at 5-6.) Defendant moved for leave to amend the Court's scheduling order to substitute a new damages expert. (Id.) On January 17, 2020, this Court granted Defendant's motion to substitute a new damages expert. Defendant designated Shannon Rusnak, a Certified Public Accountant ("CPA"), as its damages expert to rebut Plaintiffs' damages expert, Dr. Robert Wunderlich. Defendant's Proposed Order, and the Court's ruling, provided that Plaintiffs could provide a supplemental rebuttal report to Ms. Rusnak's expert opinion.

On February 7, 2020, without seeking leave of this Court, Plaintiffs unilaterally decided that, instead of using Plaintiffs' designated damages expert, Dr. Wunderlich, to rebut Ms. Rusnak's opinions, Plaintiff was going to designate a new rebuttal expert, Philip W. Kline.

On February 10, 2020, Atlantic filed a Motion to Strike Mr. Kline's opinion. Atlantic set a hearing on its Motion for approximately two hours after the Motion was filed. The Court ordered the parties to meet and confer to resolve Defendant's Motion. (Dkt. No. 265.) The parties now state they were unable to reach an agreement.

**II.    DISCUSSION**

Plaintiffs argue they designated Mr. Kline as a new damages expert because: (1) they need him to rebut Ms. Rusnak's newly disclosed "amortization" opinions; (2) Defendant has criticized Plaintiffs'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-04435 PA (MRWx) | Date | February 21, 2020 |
|---|---|---|---|
| Title | Universal Cable Productions LLC, et al. v. Atlantic Specialty Insurance Co. | | |

expert Dr. Wunderlich for not being a CPA; and (3) Defendant's new damages expert is a CPA. (Opp. 1.)

  First, as this Court has already stated, Ms. Rusnak's "amortization" opinions are not new. Mr. Shapiro, Defendant's original damages expert, disclosed his amortization opinion over two years ago. In his expert report, Mr. Shapiro stated:

> It is my opinion that it is improper to include as 'extra expenses' all prep and wrap expenses incurred in New Mexico and Croatia. Some of those prep expenses and wrap expenses, outlined in the PER, may have provided economic benefits to the final four episodes (#7 - #10) and are therefore not properly considered as part of this claim. Any amount incurred for prep and wrap on episodes 2 through 6 that were beneficial and saved money on episodes 7 through 10 provided a benefit to Plaintiffs that reduced their overall cost of filming episodes 7 through 10 . . . . This benefit to Plaintiffs reduces the overall loss as a result of relocation. It is therefore not appropriate to include all prep and wrap expenses for episodes 2 through 6 as 'extra expenses,' since Plaintiffs may have recouped some of these expenses in the form of reduced expenses or cost efficiencies on episodes 7 through 10.

(Dkt. No. 244-1, Ex. 2 at 7.) Mr. Shapiro's expert report then stated in a footnote that "[t]he overall cost for producing episodes 7 through 10 is approximately $570,000 (13%) per episode less than the overall cost for producing episodes 2 through 6." (Id., Ex.2, fn. 1.) Thus, the Court finds Mr. Shapiro's expert report did discuss reducing Plaintiffs' extra expenses by redistributing (i.e. "amortizing") the costs Plaintiffs incurred across episodes 2 through 10 instead of allocating all extra expenses to episodes 2 through 6. Based on Mr. Shapiro's report, Plaintiffs reasonably could have expected that Mr. Shapiro would have provided an opinion at trial as to how much the reallocation of costs should reduce Plaintiffs' damages award. The Court therefore concluded that Ms. Rusnak's amortization opinion was not a "new" opinion.

  Second, Plaintiffs' argument that they need a new rebuttal expert because Defendant, in a Motion in Limine, criticized Mr. Wunderlich for not being a CPA, is without merit. The Court has already denied Defendant's Motion in Limine seeking to bar Mr. Wunderlich from testifying as an expert at trial. (See Dkt. No. 165.) This Court rejected Defendant's argument that Mr. Wunderlich is not a qualified expert in this area because he is not a CPA. Based on Mr. Wunderlich's CV, he received an MBA, with an emphasis in finance, from UCLA Anderson School of Management in 1990. (See Dkt. No. 224, Ex. A-5.) He "specializes in economic, financial, and accounting analysis," and appears to have significant experience evaluating claimed damages related to the television industry. (Id.) Thus, the Court finds, again, that Mr. Wunderlich is qualified to testify as an expert on damages in this case.

  Finally, Plaintiffs argue that, because Ms. Rusnak is a CPA, Plaintiffs now need a CPA to rebut Ms. Rusnak's opinions. This argument is also without merit. Defendant's original damages expert, Mr.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-04435 PA (MRWx) | Date | February 21, 2020 |
|---|---|---|---|
| Title | Universal Cable Productions LLC, et al. v. Atlantic Specialty Insurance Co. | | |

Shapiro, was also a CPA.  Thus, Plaintiffs have known for several years that Dr. Wunderlich would have to contend with opinions from a CPA.  Plaintiffs cannot now, on the eve of trial, seek to provide a new expert with what they consider better credentials than their previously designated damages expert.

### Conclusion

For the reasons stated above, Defendant's Motion to Strike (Dkt. No. 258) is granted.  Plaintiffs' request for a hearing on Monday, February 24, 2020 (Dkt. No. 269) is denied as moot.